**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 17671, 24686, 24692, 24709, 24712, 24714, 24715, 24722, 24738, 24749, 24752, 24753, 24754, and 24755** |
| | **Hearing Date: December 12, 2024, at 1:00 p.m. ET** |

**FEE EXAMINER'S SUMMARY REPORT**
**ON FEE REVIEW PROCESS AND SEVENTH INTERIM FEE APPLICATIONS**

TO:    THE HONORABLE JOHN T. DORSEY
        UNITED STATES BANKRUPTCY JUDGE:

The Fee Examiner appointed in the above-captioned chapter 11 cases (the "Fee Examiner") submits this summary report (the "Report") pursuant to the *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [D.I. 834] (the "Fee Examiner Order") to advise the Court on the status of the fee review process and to recommend the Court's approval of the fees and expenses outlined on the attached **Exhibit A** on an *interim* basis, as discussed in detail below. The Fee Examiner is continuing productive discussions with the applicant listed on **Exhibit B**, requesting adjournment of that application to a subsequent hearing date.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryon's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**Post-Confirmation Fee Procedures**

On October 8, 2024 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404] (the "Plan Confirmation Order").  Consistent with the timing set forth in the *Order (I) Appointing Independent Fee Examiner and (II) Establishing Related Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [D.I. 834] (the "Fee Examiner Order"), the "Eighth Interim Fee Period" ran from August 1, 2024 through and including October 8, 2024.  The Plan Confirmation Order states, at §3.4.2, that:

> Except as otherwise specifically provided in the Plan, from and after the Confirmation Date, the Plan Administrator, as the case may be, shall, in the ordinary course of business and without any further notice to or action, order or approval of the Bankruptcy Court, pay in Cash the reasonable and documented legal, professional or other fees and expenses related to implementation and Consummation of the Plan incurred by the Debtors, the Plan Administrator, the Official Committee or the Ad Hoc Committee, as the case may be, in each case in accordance with the Wind Down Budget. Except as otherwise specifically provided in the Plan, upon the Confirmation Date, any requirement that Professionals comply with section 327, 328, 329, 330, 331 or 1103 of the Bankruptcy Code or the Professional Fee Order in seeking retention or compensation for services rendered after such date shall terminate, and the Debtors, the Plan Administrator, or, solely with respect to the matters set forth in Section 13.9, the Official Committee, may employ and pay any Professional in the ordinary course of business, in each case subject to the Wind Down Budget.

The Plan Confirmation Order further provides that all final requests for payment of professional fees (each a "Final Fee Application") shall be filed and served no later than 60 days after the Effective Date, which has not yet occurred.

The Fee Examiner Order states, at paragraph 13, that:

> Prior to the deadline for the submission of Final Applications, counsel to the Debtors, the Committee, and the Fee Examiner shall work in good faith to memorialize in writing the Final Application submission and reporting schedule for the final fee period…

As such the Fee Examiner and the Debtors' professionals[2] have agreed on the following schedule for the remainder of the court-supervised professional fee process, subject to the Court's approval:

| | EIGHTH INTERIM FEE APPLICATION | FINAL FEE APPLICATION |
|---|---|---|
| DATES | August 1, 2024-October 8, 2024 | November 11, 2022[3]-October 8, 2024 |
| APPLICATION DEADLINE | December 16, 2024 | 60 days after Plan Effective Date |
| CONFIDENTIAL LETTER REPORT | January 31, 2025 | 90 days after Plan Effective Date or final fee application filing, whichever is earlier |
| SUMMARY REPORT FOR UNCONTESTED APPLICATIONS | February 27, 2025 or another mutually agreed date | 14 days prior to hearing, or another mutually agreed deadline |
| HEARING DATE FOR UNCONTESTED APPLICATIONS | March 13, 2025, omnibus hearing | April, 2025, omnibus hearing (or a later omnibus hearing to be agreed with respect to final fee applications that are filed after January 10, 2025) |

The Fee Examiner proposes to bifurcate the Eighth Interim and Final Fee Application processes for two reasons. First, upon Court approval of interim fee applications, professionals are paid 100 percent of fees and expenses pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 435] (the "Interim Compensation Order"). As such, professionals will not be prejudiced by a short delay between Eighth Interim and Final Fee Application approval.

Second, if interim and final applications are conflated, negotiated adjustments to fees or expenses incurred for the Eighth Interim Fee Period must also be made to the Final Fee Application amount, creating additional work for the court administrator. If Final Fee

---

[2] The Fee Examiner has sought, but not yet received, approval of the proposed schedule from counsel for the Official Committee of Unsecured Creditors.

[3] Or the effective date of the professional's retention.

Applications await entry of the order on interim fees, then the Final Fee Application process can merely confirm that the final award is equal to the sum of the interim awards.  In cases of this magnitude, it is the Fee Examiner's experience that transposition or other transcription errors often occur, requiring reconciliation and correction in the record.  Such discrepancies are much more easily identified and remedied when there are no further adjustments to interim fees required.

### Summary of Recommendations

The Fee Examiner has reached consensual agreements, subject to Court approval, with most applicants for the Seventh Interim Fee Period (May 1, 2024-July 31, 2024).  The Fee Examiner's recommended adjustments—all consensual—are outlined on the attached **Exhibit A**.

### Status of Reserved Issues

As noted in prior reports, some concerns remain "Reserved Issues" that may benefit from longer-term, retrospective analysis.  The Fee Examiner and professionals are working diligently to resolve all such issues.  The Fee Examiner hopes to include any necessary adjustments as a result of Reserved Issues in the report and recommendations regarding the Eighth Interim Fee Period.

### Kroll Security Incident

As noted in the *Fee Examiner's Summary Report on Fee Review Process and Fourth Interim Fee Applications* [D.I. 9157] (the "Fourth Report") and the *Fee Examiner's Summary Report on Fee Review Process and Fifth Interim Fee Applications* [D.I. 16172] (the "Fifth Report"), on Saturday, August 19, 2023, the Debtors' claims and noticing agent, Kroll Restructuring Administration ("Kroll"), suffered a security breach during which attackers gained access to certain files containing personal information of claimants.  *See*

https://www.kroll.com/en/about-us/news/security-incident.  Upon learning of the incident, the

Debtors immediately engaged Sullivan and Cromwell LLP ("S&C") and Alvarez & Marsal

North America, LLC ("A&M") to assist in responding to the incident, which included assessing

the scope and extent of the incident and notifying and addressing inquiries from interested parties

and regulators.   The Fee Examiner concluded that the Debtors' estates should not bear ultimate

responsibility for the fees and expenses associated with remediating the data breach, and the

impacted professionals agreed to a 20 percent holdback of the fees incurred for their work

responding to this incident during the Fourth and Fifth Interim Fee Periods.  Additional

holdbacks related to the issue are included in the recommended adjustments discussed below and

enumerated on **Exhibit A**.

As detailed in the *Motion of the Debtors for Entry of an Order (A) Authorizing the

Debtors' Entry Into, and Performance Under, the Settlement Agreement with Kroll Restructuring

Administration LLC (B) Approving the Settlement Agreement, and (C) Granting Related Relief*

[D.I. 24016] (the "9019 Motion"), the Debtors and Kroll have reached an agreement whereby

Kroll will reimburse the estates for "the full amount of losses, costs, and damages incurred by the

Debtors as a direct result of the Security Incident, without any discount or other reduction."

9019 Motion at ¶ 2.  The Court approved the 9019 Motion by order dated September 16, 2024,

so the Fee Examiner's recommendations for this fee period include the release of all holdbacks

related to the Kroll security incident.

## UNCONTESTED APPLICATIONS RECOMMENDED FOR INTERIM COURT APPROVAL WITH ADJUSTMENTS AND RESERVATIONS OF RIGHTS

### DEBTOR PROFESSIONALS

***Sullivan & Cromwell LLP***

1.      On September 13, 2024, S&C filed the *Seventh Interim Fee Application of Sullivan & Cromwell LLP* for the period from May 1, 2024 through July 31, 2024 [D.I. 24752] (the "S&C Seventh Fee Application"), seeking $19,773,003.70 in fees and $26,681.88 in expenses.

2.      During the Seventh Interim Fee Period, S&C advised the Debtors on a wide variety of matters, including revising the Plan and Disclosure Statement and conducting the Disclosure Statement hearing.

3.      The Fee Examiner identified a number of areas of concern, including possible overstaffing; apparently excessive meeting, hearing, and mediation attendance; time spent communicating and negotiating with the Fee Examiner; and work related to the FTX multidistrict litigation pending in the Southern District of Florida.  After an extensive exchange of information and discussion, the stipulated adjustments to fees and expenses outlined on **Exhibit A** are sufficient to address the Fee Examiner's concerns, with two continuing Reserved Issues: (1) fees incurred to prepare interim reports and (2) fees devoted to the investigation and prosecution of avoidance actions that may not have been described with sufficient detail to allow for a determination of which avoidance matters they relate to.  With those express reservations, the Fee Examiner now recommends Court approval of the S&C Seventh Fee Application, subject to the Reserved Issues and as adjusted and outlined on **Exhibit A**.

***Alvarez & Marsal North America, LLC***

4.      On September 13, 2024, A&M filed the *Seventh Interim Fee Application of Alvarez & Marsal North America, LLC* [D.I. 24686] for the period from May 1, 2024, through July 31, 2024 (the "A&M Seventh Fee Application"), seeking $40,797,431.00 in fees and $905,873.04 in expenses.

5.      During the Seventh Interim Fee Period, A&M continued performing services related to the Debtors' business operations, claims reconciliation, asset sales, and avoidance actions.  A&M professionals expended significant time supporting the preparation and negotiation of the amended plan and disclosure statement, as well as participating in the disclosure statement hearing.

6.      The Fee Examiner identified potentially top-heavy staffing, apparently excessive meeting attendance, improperly documented expenses, and various technical and procedural deficiencies with respect to some time entries (including double-billed and lumped entries). After an extensive exchange of information and discussion, the stipulated adjustments to fees and expenses are sufficient to address the Fee Examiner's concerns, with no Reserved Issues.  The Fee Examiner recommends the approval of the A&M Seventh Fee Application as adjusted and outlined on **Exhibit A**.

***AlixPartners, LLP***

7.      On September 13, 2024, AlixPartners, LLP ("AlixPartners") filed the *Seventh Interim Application of AlixPartners, LLP, Forensic Investigation Consultant to the Chapter 11 Debtors and Debtors-In-Possession, for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from May 1, 2024, through July 31, 2024* [D.I. 24755] (the "AlixPartners Seventh Fee Application"), seeking $5,834,648.00 in fees and $40,408.20 in expenses.

8.      As the Debtors' forensic investigation consultant, AlixPartners continued its forensic analysis of financial and accounting data, trading records, and other associated data, the review and analysis of Debtors' historical organizational documents, policies and procedures, and constructing retrospective financial statements and other documents.

9.      The Fee Examiner identified a number of areas of concern, including time devoted to fee applications and potentially routine timekeeping tasks, possible over-attendance at meetings, and inadequately documented expenses.  After an extensive exchange of information and discussion, the stipulated adjustments to fees and expenses are sufficient to address the Fee Examiner's concerns, with no Reserved Issues.  The Fee Examiner is satisfied that the agreed adjustments adequately address all identified issues and now recommends Court approval of the AlixPartners Seventh Fee Application, as adjusted and outlined on **Exhibit A**.

***Quinn Emanuel Urquhart & Sullivan, LLP***

10.      On September 13, 2024, Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") filed the *Seventh Interim Fee Application of Quinn Emanuel Urquhart & Sullivan, LLP* [D.I. 24754] for the period from May 1, 2024, through July 31, 2024 (the "Quinn Emanuel Seventh Fee Application"), seeking $3,291,385.05 in fees and $8,011.67 in expenses.

11.      As special counsel to the Debtors, Quinn Emanuel continued its work conducting investigations into business operations, asset analysis and recovery, avoidance action analysis, and bankruptcy litigation during the Seventh Interim Fee Period.

12.      The Fee Examiner identified a number of areas of concern, including time devoted to fee applications and potentially routine timekeeping tasks, possible overstaffing, apparently excessive meeting or hearing attendance, and various technical and procedural deficiencies with respect to certain time entries (including vague and lumped entries).  After an extensive exchange of information and discussion, the stipulated adjustments to fees and

expenses are sufficient to address the Fee Examiner's concerns, with two continuing Reserved Issues:  (1) fees incurred to investigate and draft complaints that may not have been described sufficiently in the time records to allow the Fee Examiner to determine which estate claims the work relates to; and (2) research and litigation work related to the same vaguely-described causes of action.  The Fee Examiner now recommends Court approval of the Quinn Emanuel Seventh Fee Application, subject to the Reserved Issues and as adjusted and outlined on **Exhibit A**.

***Landis Rath & Cobb LLP***

13.    On September 13, 2024, Landis Rath & Cobb LLP ("LRC") filed the *Seventh Interim Fee Application of Landis Rath & Cobb LLP* [D.I. 24753] for the period from May 1, 2024, through July 31, 2024 (the "LRC Seventh Fee Application"), seeking $1,865,589.50 in fees and $30,667.18 in expenses.

14.    During the Seventh Interim Fee Period, LRC continued to support the work of other Debtor professionals as Delaware counsel.

15.    The Fee Examiner identified a number of areas of concern, including potentially excessive time entry review and hearing attendance.  LRC has agreed to adjustments to fees that adequately address the Fee Examiner's concerns, with no Reserved Issues.  The Fee Examiner now recommends the LRC Seventh Fee Application for Court approval on an interim basis, with the adjustments outlined on the attached **Exhibit A**.

***Kroll Restructuring Administration LLC***

16.    On September 13, 2024, Kroll filed the *Third Interim Fee Application of Kroll Restructuring Administration LLC, Administrative Advisor to the Debtors, for the Period From May 1, 2024 Through July 31, 2024* [D.I. 24722] (the "Kroll Third Fee Application"), requesting $282,697.36 in fees and no expenses.

17.     The Fee Examiner's letter report to Kroll identified several areas of concern, including potential over-attendance at meetings and excessive time spent preparing fee applications.  Kroll has agreed to adjustments to fees that adequately address the Fee Examiner's concerns, and the Fee Examiner now recommends the Kroll Third Fee Application for Court approval on an interim basis with the adjustments outlined on **Exhibit A**.

**UCC PROFESSIONALS**

***Paul Hastings LLP***

18.     On September 13, 2023, Paul Hastings LLP ("Paul Hastings") filed the *Seventh Interim Fee Request of Paul Hastings LLP* [D.I. 24709] and the *Supplement to the Seventh Interim Fee Application of Paul Hastings* [D.I. 24712] (together the "Paul Hastings Seventh Fee Application"), seeking $2,697,554.25 in fees and $303,171.30 in expenses.

19.     The Fee Examiner identified some issues of concern, including transitory timekeepers, vague and block-billed tasks, potential over-attendance at meetings and hearings, and apparent staffing inefficiencies.

20.     After extensive information exchange and discussion, Paul Hastings has agreed to adjustments to fees that adequately address the Fee Examiner's concerns, and the Fee Examiner now recommends the Paul Hastings Seventh Fee Application for Court approval on an interim basis with the adjustments outlined on **Exhibit A**, with no remaining Reserved Issues.

***FTI Consulting, Inc.***

21.     On September 13, 2024, FTI Consulting, Inc. ("FTI") filed the *Seventh Interim Fee Request of FTI Consulting, Inc.* [D.I. 24709] and the *Supplement to the Seventh Interim Fee Application of FTI Consulting, Inc., Financial Advisor to the Official Committee of Unsecured Creditors, for Allowance of Compensation for Services Rendered and Reimbursement of*

*Expenses for the Period May 1, 2024 Through July 31, 2024* [D.I. 24715] (the "FTI Seventh Fee Application"), seeking $3,540,856.50 in fees and $4,205.00 in reimbursement for expenses.

22.     During the Seventh Interim Fee Period, FTI continued in its role as financial advisor to the UCC.

23.     The Fee Examiner identified a number of areas of concern, including apparently excessive fee application activities, task duplication, and transitory timekeepers.

24.     After an exchange of information and discussion about the FTI Seventh Fee Application, the Fee Examiner has resolved all identified issues.  As such, the Fee Examiner now recommends Court approval of the FTI Seventh Fee Application on an interim basis, as adjusted and outlined on **Exhibit A**.

### *Young Conaway Stargatt & Taylor, LLP*

25.     On September 13, 2024, Young Conaway Stargatt & Taylor, LLP ("Young Conaway") filed the *Seventh Interim Fee Request of Young Conaway Stargatt & Taylor, LLP* [D.I. 24709] and the *Supplement to Seventh Interim Fee Request of Young Conaway Stargatt & Taylor, LLP* [D.I. 24714] (together the "Young Conaway Seventh Fee Application"), seeking $165,737.00 in fees and $1,970.05 in expenses.

26.     During the Seventh Interim Fee Period, Young Conaway continued in its role as Delaware counsel to the UCC.

27.     The Fee Examiner identified a number of areas of concern, including potentially duplicative attendance calls and meetings.  After an extensive exchange of information and discussion, Young Conaway has agreed to the adjustments to fees that adequately address the Fee Examiner's concerns.  The Fee Examiner now recommends the Young Conaway Seventh Fee Application for Court approval on an interim basis, with the adjustments outlined on the attached **Exhibit A**.

**AD HOC COMMITTEE PROFESSIONALS**

*Eversheds Sutherland (US) LLP*

28.     On September 13, 2024, Eversheds Sutherland (US) LLP ("Eversheds") filed the *Fourth Interim Fee Application of Eversheds Sutherland (US) LLP, as Lead Counsel for the Ad Hoc Committee of Non-US Customers of FTX.com, for Allowance of Compensation and Reimbursement of All Actual and Necessary Expenses for the Period from May 1, 2024, Through July 31, 2024* [D.I. 24749] (the "Eversheds Fourth Fee Application"), seeking $979,210.00 in fees and no expenses.

29.     During the Seventh Interim Fee Period, Eversheds advised the *Ad Hoc* Committee (the "AHC") on a wide variety of matters, including the development of the amended plan and disclosure statement and the claim notice transfer and reconciliation process.

30.     The Fee Examiner identified several areas of concern, including but not limited to rate increases, fee application time, excessive meeting attendance, and various technical and procedural deficiencies with respect to some time entries (including vague and lumped entries).

31.     Eversheds has agreed to fee adjustments that adequately address the Fee Examiner's concerns, and the Fee Examiner now recommends the Eversheds Fourth Fee Application for Court approval on an interim basis, with the adjustments outlined on the attached **Exhibit A**.

*Morris, Nichols, Arsht & Tunnell LLP*

32.     On September 13, 2024, Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") filed the *Combined Fourth Monthly and Fourth Interim Fee Application of Morris, Nichols, Arsht & Tunnell LLP, as Co-Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com, for Allowance of Monthly Compensation and for Reimbursement of All Actual and Necessary Expenses Incurred for the Period from May 1, 2024, Through and Including July 31,*

12

*2024* [D.I. 24738] (the "<u>Morris Nichols Fourth Fee Application</u>"), seeking $439,247.50 in fees and $2,439.57 in expenses.

33.     During the Seventh Interim Fee Period, Morris Nichols—as Delaware co-counsel—continued to support the *Ad Hoc* Committee in advancing its objectives.

34.     The Fee Examiner identified several areas of concern, including but not limited to rate increases, apparently excessive hearing attendance, and improper expenses.

35.     Morris Nichols has agreed to fee and expense adjustments that adequately address the Fee Examiner's concerns, and the Fee Examiner now recommends the Morris Nichols Fourth Fee Application for Court approval on an interim basis, with the adjustments outlined on the attached **<u>Exhibit A</u>**.

**CHAPTER 11 EXAMINER PROFESSIONALS**

*Patterson Belknap Webb & Tyler LLP*

36.     On February 23, 2024, the Court entered an order directing the U.S. Trustee to appoint an examiner in these Chapter 11 Cases [D.I. 7909].  On March 20, 2024, the Court entered the *Order Approving the Appointment of Examiner* [D.I. 9882] and the *Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal* [D.I. 9883] (the "<u>Examiner Scope Order</u>").

37.     On April 19, 2024, the Court entered the *Order Authorizing (I) the Examiner's Retention and Employment of Patterson Belknap Webb & Tyler LLP as Counsel Nunc Pro Tunc to the Appointment Date and (II) the Filing Under Seal of Certain Information Regarding Potential Parties in Interest* [D.I. 12256] (the "<u>Patterson Belknap Retention Order</u>"), authorizing Patterson Belknap to represent and assist the Chapter 11 Examiner in the discharge of his duties.

38.     On September 13, 2024, Patterson Belknap filed the *Second Interim Fee Application of Patterson Belknap Webb & Tyler LLP* [D.I. 24692] (the "Patterson Belknap Second Fee Application"), seeking $2,051,424.45 in fees and $26,668.53 in expenses.

39.     After verifying that the fees and expenses requested were consistent with the Examiner Scope Order and the *Order Amending the Order (I) Granting the Examiner Authority to Conduct Additional Investigations and (II) Establishing the Scope, Cost, Degree, and Duration of the Second Phase of the Examination* [D.I. 23059], the Fee Examiner's letter report to Patterson Belknap identified minor billing errors and questioned certain administrative tasks.

40.     Patterson Belknap has agreed to modest fee adjustments that adequately address the Fee Examiner's concerns, and the Fee Examiner now recommends the Patterson Belknap Second Fee Application for Court approval on an interim basis, with the adjustments outlined on the attached **Exhibit A**.

### INTERIM FEE APPLICATION RECOMMENDED FOR DEFERRAL

41.     On June 14, 2024, Ernst & Young LLP ("EY") filed the *Second Interim Fee Application of Ernst & Young LLP* [D.I. 17671] (the "EY Second Fee Application"), requesting $4,184,211.75 in fees and $43,766.03 in expenses.

42.     The Fee Examiner identified several irregularities in the EY Second Fee Application, including very late fee submissions, undisclosed revisions to the scope of work, work performed by EY affiliates and "member firms" not explicitly authorized to provide services in the retention order, and unusual professional titles and billing rates.

43.     EY and the Fee Examiner have again agreed to defer consideration of the EY Second Fee Application to allow the Fee Examiner and counsel to review supplemental materials provided by the professional, to complete their review, and to report to the Court on the results.

44.     The Fee Examiner now requests that the EY Second Fee Application be deferred to a future hearing date, as outlined on **Exhibit B**.

## NOTICE

45.     Pursuant to ¶ 9(g) of the Fee Examiner Order, the Fee Examiner will serve this Summary Report by e-mail on counsel for the Debtors, on counsel for the Committee, and each Applicant.  The Fee Examiner will also serve this Summary Report upon the U.S. Trustee by e-mail and first-class mail.  A copy of this report is available on the website of the Debtors' notice and claims agent at https://restructuring.ra.kroll.com/FTX/.  The Fee Examiner submits that, in light of the nature of this report, no other or further notice need be given.

## CONCLUSION

**WHEREFORE**, the Fee Examiner respectfully requests the entry of an order, to be submitted by Debtors' counsel under certification, granting the relief requested and such other and further relief as the Court may deem just and proper.

Dated:  December 2, 2024.

GODFREY & KAHN, S.C.

By */s/ Mark W. Hancock*
Mark W. Hancock (*Pro Hac Vice*)
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 297-3911
E-mail: mhancock@gklaw.com

*Counsel for Fee Examiner*

Katherine Stadler
ftxfeeexaminer@gklaw.com
*Fee Examiner*

32164364.4

# EXHIBIT A

In re: FTX Trading Ltd., et al.
DEB Case No. 22-11068 (JTD)

**Exhibit A**

**Seventh Interim Fee Period Applications Approved**

| | Applicant | Compensation Period Docket Index Filed Date | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| | *Seventh Interim Fee Period (May 1, 2024 - July 31, 2024)* | | | | | | | |
| 1 | **AlixPartners, LLP** *Forensic Investigation Consultant to the Debtors* | 5/1/2024 - 7/31/2024 D.I. 24755 9/13/2024 | $5,834,648.00 | $87,212.72 | $40,408.20 | $2,963.62 | $5,747,435.28 | $37,444.58 |
| 2 | **Alvarez & Marsal North America, LLC** *Financial Advisors to the Debtors* | 5/1/2024 - 7/31/2024 D.I. 24686 9/13/2024 | $40,797,431.00 | $231,000.00 | $905,873.04 | $37,000.00 | $40,566,431.00 | $868,873.04 |
| 3 | **Eversheds Sutherland (US) LLP** *Counsel for the Ad Hoc Committee of Non-US Customers of FTX.com* | 5/1/2024 - 7/31/2024 D.I. 24749 9/13/2024 | $979,210.00 | $20,218.03 | $0.00 | $0.00 | $958,991.97 | $0.00 |
| 4 | **FTI Consulting, Inc.** *Financial Advisor to the Official Committee of Unsecured Creditors* | 5/1/2024 - 7/31/2024 D.I. 24709, 24715 9/13/2024 | $3,540,856.50 | $50,946.27 | $4,205.00 | $0.00 | $3,489,910.23 | $4,205.00 |
| 5 | **Kroll Restructuring Administration LLC** *Administrative Advisor to the Debtors* | 5/1/2024 - 7/31/2024 D.I. 24722 9/13/2024 | $282,697.36 | $6,054.05 | $0.00 | $0.00 | $276,643.31 | $0.00 |
| 6 | **Landis Rath & Cobb LLP** *Delaware Counsel to the Debtors* | 5/1/2024 - 7/31/2024 D.I. 24753 9/13/2024 | $1,865,589.50 | $27,624.75 | $30,667.18 | $0.00 | $1,837,964.75 | $30,667.18 |
| 7 | **Morris, Nichols, Arsht & Tunnell LLP** *Delaware Counsel for the Ad Hoc Committee of Non-US Customers of FTX.com* | 5/1/2024 - 7/31/2024 D.I. 24738 9/13/2024 | $439,247.50 | $2,511.41 | $2,439.57 | $27.73 | $436,736.09 | $2,411.84 |
| 8 | **Patterson Belknap Webb & Tyler LLP** *Counsel to the Examiner, Robert J. Cleary* | 5/1/2024 - 7/31/2024 D.I. 24692 9/13/2024 | $2,051,424.45 | $6,963.00 | $26,668.53 | $383.73 | $2,044,461.45 | $26,284.80 |
| 9 | **Paul Hastings LLP** *Counsel to the Official Committee of Unsecured Creditors* | 5/1/2024 - 7/31/2024 D.I. 24709, 24712 9/13/2024 | $2,697,554.25 | $72,179.74 | $303,171.30 | $0.00 | $2,625,374.51 | $303,171.30 |
| 10 | **Quinn Emanuel Urquhart & Sullivan, LLP** *Special Counsel to the Debtors* | 5/1/2024 - 7/31/2024 D.I. 24754 9/13/2024 | $3,291,385.05 | $40,000.00 | $8,011.67 | $12.84 | $3,251,385.05 | $7,998.83 |
| 11 | **Sullivan & Cromwell LLP** *Counsel to the Debtors* | 5/1/2024 - 7/31/2024 D.I. 24752 9/13/2024 | $19,773,003.70 | $250,000.00 | $26,681.88 | $0.00 | $19,523,003.70 | $26,681.88 |
| 12 | **Young Conaway Stargatt & Taylor, LLP** *Delaware Counsel to the Official Committee of Unsecured Creditors* | 5/1/2024 - 7/31/2024 D.I. 24709, 24714 9/13/2024 | $165,737.00 | $3,260.90 | $1,970.05 | $0.00 | $162,476.10 | $1,970.05 |

# EXHIBIT B

In re: FTX Trading Ltd., et al.
DEB Case No. 22-11068 (JTD)

**Exhibit B**

**Second Interim Fee Period Application Deferred**

| | Applicant | Compensation Period Docket Index Filed Date | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| | *Second Interim Fee Period (February 1, 2023 - April 30, 2023)* | | | | | | | |
| 1 | **Ernst & Young LLP** *Tax Services Provider to the Debtors* | 2/1/2023 - 4/30/2023 D.I. 17671 6/14/2024 | $4,184,211.75 | | $43,766.03 | | | |