**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------- x
                                     :   Chapter 11

In re:                          :

                               :   Case No. 22-11068 (JTD)

FTX TRADING LTD., *et al.*,[1]      :

                               :   (Jointly Administered)

          Debtors.        :

                               :  **Hearing Date: January 23, 2025 at 10:00 a.m. ET**
                               :  **Objection Date: December 19, 2024 at 4:00 p.m. ET**
------------------------------------------------------- x

**THE JOINT LIQUIDATORS OF THREE ARROWS CAPITAL, LTD.'S**
**MOTION FOR LEAVE TO DEPOSE THE INCARCERATED INDIVIDUALS**
**PURSUANT TO FED. R. CIV. P. 30(A)(2)**

      Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized

joint liquidators (the "Joint Liquidators") appointed in the British Virgin Islands' ("BVI")

liquidation of Three Arrows Capital, Ltd. (in liquidation) (the "3AC Debtor") and foreign

representatives of the 3AC Debtor, as recognized pursuant to chapter 15 of the Bankruptcy Code

in the case captioned *In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y.

2022), respectfully file this motion (the "Motion"), pursuant to Federal Rules of Civil Procedure

30(a)(2)(B), as incorporated by Federal Rule of Bankruptcy Procedure 7026, requesting leave to

depose Sam Bankman-Fried, Caroline Ellison, and Ryan Salame (the "Incarcerated Individuals"),

all of whom are currently incarcerated in federal prison.  In support of this Motion, the Joint

Liquidators respectfully submit as follows:

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## JURISDICTION AND VENUE

1.    The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory bases for the relief requested herein include Fed. R. Civ. P. 30 and Fed. R. Bankr. P. 7030.

## BACKGROUND

4.    The 3AC Debtor was incorporated in the BVI and operated a hedge fund with a focus on trading and investing in cryptocurrency and other digital assets.

5.    The 3AC Debtor's business collapsed in May and June 2022 in the wake of extreme fluctuations in the cryptocurrency markets.  On June 27, 2022, it commenced a liquidation proceeding (the "BVI Proceeding") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division), and that court issued an order appointing Russell Crumpler and Christopher Farmer as the Joint Liquidators of the 3AC Debtor.

6.    On July 1, 2022, the Joint Liquidators, acting as the foreign representatives of the 3AC Debtor, commenced Chapter 15 proceedings before the United States Bankruptcy Court for the Southern District of New York (*In re Three Arrows Capital Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y.)).  On July 28, 2022, that court granted recognition of the 3AC Debtor's foreign main proceeding pending in the BVI.

7.    On June 30, 2023, the 3AC Debtor filed proofs of claim in the FTX Debtors' Chapter 11 cases, asserting, inter alia, claims for preference, conversion, and other avoidance actions under BVI, New York, Delaware, and other applicable law, as well as other claims, whether known or unknown, based on acts, omissions, and transactions between the 3AC Debtor, FTX,

and FTX's affiliated Debtors ("3AC Original Proofs of Claim").  These included claims relating to a purported $120 million loan owed by the 3AC Debtor to FTX that was apparently satisfied approximately two weeks before the 3AC Debtor's liquidation proceedings began.

8.      At the time of the filing of the Original Proofs of Claim, the Joint Liquidators had access to extremely limited information concerning the relationship between the 3AC Debtor and FTX.  Indeed, the Joint Liquidators faced extensive challenges obtaining documents and information necessary to conduct a comprehensive evaluation of the 3AC Debtor's claims against FTX and other entities.  These challenges were due to the destruction or other loss of the 3AC Debtor's books and records, and the complete failure of the 3AC Debtor's founders (the "Founders")—who maintained day-to-day control over the 3AC Debtor prior to its collapse—to meaningfully cooperate with the Joint Liquidators.  As just one example, when the Joint Liquidators gained access to the 3AC Debtor's offices in Singapore, they found that hard drives had been removed from desktop computers, and that the offices contained no laptops and very few other records.  The Joint Liquidators essentially had no books and records, emails, or employees (former or current) to consult.  As a result, the Joint Liquidators could only tediously recreate the 3AC Debtor's books and records from whole cloth, including through the pursuit of discovery from numerous parties in multiple jurisdictions.

9.      To remedy their information deficit, the Joint Liquidators embarked on a lengthy discovery process and ultimately obtained various documents after the filing of the Original Proofs of Claim that were until then in FTX's possession.  That discovery, which was previously unknown to the 3AC Debtor, revealed in the summer of 2024 that the preference, conversion, and other avoidance actions cited in the Original Proofs of Claim are not limited to the apparent satisfaction of a $120 million loan owed to FTX.  Rather, they are based on the liquidation, between June 12

and June 15, 2022 (*i.e.*, approximately **two weeks** before the 3AC Debtor's liquidation proceedings began), by or for the benefit of FTX, of approximately $1.53 billion in the 3AC Debtor's assets in satisfaction of approximately $1.3 billion in alleged liabilities to FTX.  The discovery also revealed facts showing that the 3AC Debtor has viable breach of contract, breach of trust, proprietary restitution, turnover, and unjust enrichment claims against FTX based on the same transaction.

10.    On July 8, 2024, the FTX Debtors filed the *Debtors' Objection to Proof of Claim Filed by the Joint Liquidators of Three Arrows Capital Ltd.* [D.I. 19797], seeking an order that the claims asserted in the 3AC Original Proofs of Claim should be disallowed and expunged.

11.    On November 6, 2024, the 3AC Debtor filed the *Motion of the Joint Liquidators of Three Arrows Capital, Ltd. (In Liquidation) for Leave to Amend Proof of Claim* [D.I. 27755], requesting authorization to amend the 3AC Debtor's proof of claim to assert liquidated and non-contingent claims of approximately $1.53 billion based on information obtained after the Non-Customer Bar Date following diligent discovery and investigation.

12.    Despite the diligent discovery efforts, the Joint Liquidators' investigation into those financial relationships and any claims resulting thereof has been limited by the 3AC Debtors' incomplete books and records and the failure of the 3AC Debtor's Founders and employees to cooperate with the Joint Liquidators.

13.    Indeed, counsel to the FTX Debtors identified the three Incarcerated Persons as personnel "likely to have personal knowledge relating to the business relationship between 3AC and the [FTX] Debtors" in their interrogatory responses.[2]  Despite that, the FTX Debtors chose not to contact any of them to prepare for their deposition (and indeed did not contact anyone with

---

[2]    *See Debtors' Responses and Objections to The Joint Liquidators of Three Arrows Capital, Ltd.'s (i) Third Set of Interrogatories and (ii) Third Set of Requests for The Production of Documents*, a true and correct copy of which is attached hereto as **Exhibit A**.

personal knowledge of the 3AC relationship).  Therefore, the Joint Liquidators are entitled to depose the Incarcerated Individuals in connection with the 3AC Debtor's claims.

- **Sam Bankman-Fried**: Metropolitan Detention Center, 80 29th Street, Brooklyn, NY 11232;

- **Caroline Ellison**:  Federal Correctional Institution Danbury, 33 1/2 Pembroke Rd, Danbury, CT 06811; and

- **Ryan Salame**:  Federal Correctional Institution Cumberland, 14601 Burbridge Rd SE Cumberland, MD 215022.

14.     Each of the Incarcerated Individuals played a key role in the management and operations of the FTX Debtors and has personal knowledge of information relating to the FTX Debtors' business relationship with the 3AC Debtor.

## ARGUMENT

15.     Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery."  *Pacitti v. Macy's*, 193 F.3d 766, 777–78 (3d Cir.1999) (citing *In re Madden*, 151 F.3d 125, 128 (3d Cir.1998)).  Fed. R. Civ. P. 30 allows for the deposition of "any party" with relevant knowledge.  Fed. R. Civ. P. 30(a)(1).

16.     "[I]f the deponent is confined in prison," then "[a] party must obtain leave of court [to take a deposition], and the court must grant leave to the extent consistent with the principles stated in Rule 26(b)(2) . . . if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2).  Courts have granted motions for leave to depose an incarcerated person who has relevant knowledge. *See*

*e.g., Davis v. Williams*, 495 F. Supp. 2d 453, 457 (D. Del. 2007) (granting motion for leave to depose an incarcerated person due to the looming discovery deadline); *Burgos v. City of Philadelphia*, 270 F. Supp. 3d 788, 798 (E. D. Pa. 2017) (granting motion for leave to depose an incarcerated person "[b]ecause the discovery period is drawing to a close and [the incarcerated person]'s testimony will doubtless be necessary for dispositive motion briefing").

17.    Fed. R. Civ. P. 26(b)(2), made applicable by Fed. R. Bankr. P. 7026 in adversary proceeding, explains the limitations on frequency and extent of discovery.  Specifically, Rule 26(b)(2)(C) states that the Court is to limit discovery if it decides that: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.  None of these issues is implicated here.

18.    First, the request is not cumulative or duplicative.  Each of the Incarcerated Individuals has unique information relevant to both the 3AC Debtor's claims and the FTX Debtors' objection that the FTX Debtors do not readily possess.  The Incarcerated Individuals, as the former co-founders and/or executives of the FTX Debtors, had first-hand knowledge of FTX's relationship with the 3AC Debtor, and some maintained direct communications with the 3AC Debtors' Founders.  A key issue that must be resolved in connection with 3AC Claims concerns this relationship.  Indeed, the FTX Debtors said in their interrogatory responses that they believe

the Incarcerated Individuals possess personal knowledge of business relationship between the 3AC Debtor and the FTX Debtors.

19.     Second, the Joint Liquidators have had no opportunity by discovery to obtain information from any of the Incarcerated Individuals.  The Joint Liquidators have exhausted their available sources for discovery.  In fact, all personnel, except one, that the FTX Debtors identified in their interrogatory responses as individuals with personal knowledge of relevant issues, are either in prison or are traveling outside of the country with unspecified return date.[3]  To date, the Joint Liquidators have only been able to obtain discovery from the FTX Debtors, who did not even attempt to contact any of the Incarcerated Individuals before their deposition to obtain information from them.  Therefore, the Incarcerated Individuals possess relevant discoverable information that cannot otherwise be obtained.

20.     Finally, the likely benefit of deposing Incarcerated Individuals, who are all represented by competent counsel, outweighs the burden or expense of the discovery.  One critical issue is whether a 3AC person or a FTX person ordered the dissipation of over $1.5 billion dollars of 3AC's assets in the days before 3AC's bankruptcy filing, and why.  The Incarcerated Individuals' knowledge is important to determining this issue relevant to the 3AC Debtor's $1.5 billion claim.

21.     Accordingly, the Joint Liquidators seek leave to depose the Incarcerated Individuals pursuant to the subpoenas attached hereto as **Exhibits B-D** (the "Subpoenas").  The Joint Liquidators also seek to serve the Subpoenas on the Incarcerated Individuals via certified mail addressed to them at each correction facility and/or to serve their respective counsel via email and/or certified mail.

---

[3]     The 3AC Debtor is concurrently seeking leave to effectuate service of a subpoena on the person traveling outside of the country by substituted service in the U.S. District Court of Colorado.

22.     Pursuant to Local Rule 7026-1, Counsel to the Joint Liquidators contacted last known counsel to the Incarcerated Individuals, based on information provided by the FTX Debtors, and counsel to the FTX Debtors regarding this Motion.  As of the time of the filing of the Motion, no counsel have responded to confirm that they (i) represent any Incarcerated Individual with respect to this Motion; or (ii) do not oppose the requested relief.

## RELIEF REQUESTED

**WHEREFORE**, the Joint Liquidators respectfully request that the Court enter an Order substantially in the form attached hereto as **Exhibit E:** (i) granting this Motion, (ii) granting the Joint Liquidators leave to depose the Incarcerated Individuals pursuant to Fed. R. Civ. P. 30(a)(2), (iii) permitting the Joint Liquidators to serve the Subpoenas on the Incarcerated Individuals via certified mail addressed to them at each correction facility and/or to serve their respective counsel via email and/or certified mail, and (iv) granting any and all further relief this Court deems just and proper.

*[intentionally left blank]*

Dated: December 5, 2024
      Wilmington, Delaware

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ Alexis R. Gambale*
John W. Weiss (No. 4160)
Joseph C. Barsalona II (No. 6102)
Alexis R. Gambale (No. 7150)
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Facsimile: (732) 852-2482
Email:  jweiss@pashmanstein.com
       jbarsalona@pashmanstein.com
       agambale@pashmanstein.com

– and –

Christopher Harris (admitted *pro hac vice*)
Adam J. Goldberg (admitted *pro hac vice*)
Nacif Taousse (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  christopher.harris@lw.com
       adam.goldberg@lw.com
       nacif.taousse@lw.com

Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  tiffany.ikeda@lw.com

*Counsel to the Joint Liquidators*
*of Three Arrows Capital, Ltd.*