IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. Nos. 28102 & 28582 |

**DEBTORS' REPLY IN SUPPORT OF THE MOTION OF DEBTORS
FOR ENTRY OF AN ORDER ESTABLISHING THE
AMOUNT OF THE DISPUTED CLAIMS RESERVE**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this reply (this "Reply"), in support of the *Motion of Debtors for Entry of an Order Establishing the Amount of the Disputed Claims Reserve* [D.I. 28102] (the "Motion") and in response to the *Celsius Litigation Administrator's Limited Objection to the Motion of Debtors for Entry of an Order Establishing the Amount of the Disputed Claims Reserve* [D.I. 28582] (the "Objection") filed by Mohsin Meghji, as Litigation Administrator (the "Celsius Litigation Administrator") for Celsius Network LLC and its affiliated debtors (collectively, "Celsius") on December 4, 2024. The Debtors respectfully request this Court to overrule the Objection and grant the Motion.

**Reply**

1. To pave the way for an initial distribution pursuant to the Plan, the Motion seeks to establish an intentionally conservative $6.533 billion Disputed Claims Reserve that

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

includes approximately $3.4 billion of Disputed Claims in excess to the amounts the Debtors' project will ultimately become Allowed Claims.[2] (Coverick Decl. Ex. 1.) The reaction to the motion speaks volumes. Although the Motion seeks to estimate 501,419 different Disputed Claims for the purposes of setting the Reserve Amount, only one single party has objected: Celsius, the holder of late-filed claims that the Debtors have sought to expunge.

2. Celsius asserts that "the Motion cannot be granted absent an assurance that the Disputed Claims Reserve adequately accounts for the Celsius Litigation Administrator's claims." (Obj. ¶ 6.) Celsius sought no discovery from the Debtors and submits no evidence in support of its Objection. Instead, Celsius asserts—without citation to any legal authority—that the Motion is somehow deficient because it "provides no detail as to the amounts reserved for any specific creditor or its claim." (*Id*. ¶ 5.) This is wrong. The Motion is supported by detailed evidence that is more than sufficient to support the estimation of claims for the purposes of establishing an aggregate Disputed Claims Reserve. Regardless, the Reserve Amount includes amounts that are more than sufficient to cover the purported claims that Celsius seeks to pursue in the event they are permitted to be filed and ultimately allowed. Accordingly, the Objection should be overruled.

**Background**

3. On June 29, 2023, Celsius filed 103 duplicative proofs of claim asserting contingent, unliquidated, general unsecured claims of no less than $2 billion against each Debtor based on unidentified, alleged disparaging statements made by FTX's officers, directors, employees, or agents regarding Celsius's balance sheet and financial condition (the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

"Disparagement Claims").[3] As an afterthought, these proofs of claim also stated that Celsius was investigating "causes of action against the FTX debtors under chapter 5 of the Bankruptcy Code, including preference and fraudulent transfer actions." (Glueckstein Decl. Ex. A.)

4. On June 5, 2024, Celsius filed *The Celsius Litigation Administrator's Motion for Relief from the Automatic Stay* [D.I. 16815] (the "Lift Stay Motion") seeking relief from the automatic stay in the Debtors' Chapter 11 Cases to commence an action against the Debtors in the U.S. Bankruptcy Court for the Southern District of New York regarding two sets of newfound claims: (i) an approximately $67 million claim against Debtor Quoine Pte Ltd. ("Quoine") as an initial transferee for its alleged withdrawals from the Celsius platform (the "Quione Preference Claim"), and (ii) claims for approximately $377 million from each of the Debtors as subsequent transferees based on assets customers allegedly withdrew from the Celsius platform and deposited with the Debtors (the "Customer Preference Claims," and together with the Quoine Preference Claim, the "Purported Preference Claims"). As to the Customer Preference Claims, the Lift Stay Motion stressed that the claims asserted against the Debtors as subsequent transferees were seeking amounts that would otherwise be paid to customers with Allowed Claims. (*See, e.g.*, Lift Stay Motion ¶ 4.)

5. On July 7 and 8, 2024, the Celsius Litigation Administrator purported to amend, without leave of the Court, its original proofs of claim by abandoning the Disparagement Claims and asserting the Purported Preference Claims.

6. On July 8, 2024, the Debtors filed the *Debtors' Objection to Proofs of Claim Filed by Celsius Network LLC and Its Affiliated Debtors* [D.I. 19795] (the "Claim

---

[3] *See, e.g.*, Exhibit A to the Declaration of Brian D. Glueckstein in Support of Debtors' Objection to the Celsius Litigation Administrator's Motion for Relief from the Automatic Stay [D.I. 19793] (the "Glueckstein Decl.").

Objection"). In the Claim Objection, the Debtors argued that the Purported Preference Claims were not preserved in Celsius's original proofs of claim and are therefore barred pursuant to the Court's Non-Customer Claims Bar Date Order, which established a deadline of June 30, 2023 to file proofs of claim and proofs of interest on account of non-Customer Entitlement Claims [D.I. 1519].

7. On September 12, 2024, the Court held a hearing with respect to the Claim Objection, which remains *sub judice* before the Court.

## Argument

8. Celsius's Objection should be overruled because the evidence submitted in support of the Motion satisfies the requirements of 11 U.S.C. § 502(c), and Celsius offers nothing to the contrary. A court estimating a claim can "use[] whatever method is best suited to the particular contingencies at issue." *See CMB Export, LLC* v. *Tonopah Solar Energy, LLC (In re Tonopah Solar)*, 657 B.R. 393, 415 (D. Del. 2022) (quoting *Bittner* v. *Borne Chem. Co.*, 691 F.2d 134, 135 (3rd Cir. 1982)). Accordingly, "where there is sufficient evidence on which to base a reasonable estimate of the claim, the bankruptcy judge should determine [its] value." *Bittner*, 691 F.2d at 135.

9. Celsius asserts that the "Debtors provide no evidentiary support to substantiate the size of the Disputed Claims Reserve" because the Motion "provides no detail as to the amounts reserved for any specific creditor or its claim." (Obj. ¶ 5.) First, this assertion is demonstrably false because the Motion and the Coverick Declaration explain in detail how the Reserve Amount includes reserves for the full amount of many liquidated Disputed Customer Entitlement Claims and how reserves were determined for other categories of claims in which individual claims are readily identifiable. (*See, e.g.*, Motion ¶¶ 14-18.) Second, there is nothing

about the estimation requested by the Motion that requires a claim-by-claim accounting of the nature Celsius suggests.

10.  The Disputed Claims Reserve is an aggregate reserve.  (Motion ¶¶ 1-2.)  No Disputed Claim is being individually estimated because and Disputed Claims will have recourse to the entirety of the Disputed Claims Reserve.  (*Id*.)  The "**Motion does not seek to resolve or estimate any Disputed Claim for purposes of allowance or distribution**." (*Id.* ¶ 1 (emphasis in original).)  Accordingly, the categorial description of how the Reserve Amount was calculated in the Coverick Declaration provides sufficient evidence to support an estimation of Disputed Claims for the purposes of establishing the Disputed Claims Reserve.  Indeed, the Debtors have sought to ensure there is more than enough reserve by including a cushion of approximately $3.4 billion beyond their financial projections previously disclosed and relied upon in connection with Plan confirmation.  (Coverick Decl. ¶ 11.)

11.  In addition, as Celsius has been informed, their untimely Purported Preference Claims are known to the Debtors and were accounted for in determining the Reserve Amount.  Celsius itself has repeatedly asserted that its Customer Preference Claims are largely duplicative of underlying Customer Entitlement Claims.  (Lift Stay Motion ¶ 33.)  To that extent, any such Claims are either included as Allowed Claims that will be satisfied in accordance with the Plan, or Disputed Claims that have been included in the Reserve Amount on account of the underlying Customer Entitlement Claims.  (*See* Coverick Decl. ¶¶ 14-16).  In addition, the build up to the Disputed Claims Reserve includes approximately $67 million on account of the Quoine Preference Claim.

12.  Thus, the Reserve Amount, including the projected cushion of approximately $3.4 billion, is more than sufficient to satisfy any portion of Celsius's time-barred

Purported Preference Claims even if they were to ultimately become Allowed Claims *and* have to be satisfied separately from any associated Customer Entitlement Claims.  *See, e.g.*, *Tonopah Solar*, 657 B.R. at 415 (affirming the Bankruptcy Court's finding that disputed issues related to a claim meant that the claim was properly estimated at less than its face value and that a "Plan's cushion" was sufficient to account for it).

## Conclusion

For the reasons stated above, the Court should overrule the Objection and grant the Motion as requested by the Debtors.

| | |
|---|---|
| Dated: December 9, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Benjamin S. Beller (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>         bromleyj@sullcrom.com<br>         gluecksteinb@sullcrom.com<br>         bellerb@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |