## EXHIBIT A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. __** |

## ORDER SUSTAINING DEBTORS' OBJECTION TO
## PROOFS OF CLAIM FILED BY SETH MELAMED

Upon the objection (the "Objection") of FTX Trading Ltd., FTX Japan Holdings

K.K., Quoine Pte Ltd., and its affiliated debtors and debtors-in-possession (collectively, the

"Debtors"), for an entry of an order (this "Order"), disallowing and expunging in their entirety

proofs of claim numbers 3244, 3353, 3385, and 4578 and the administrative claim filed on

November 7, 2024 [D.I. 27798] (collectively, the "Claims" and each a "Claim") filed by Seth

Melamed, pursuant to sections 502 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101

*et seq.* (the "Bankruptcy Code") and rules 3001 and 3007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"); and this Court having jurisdiction to consider the Objection

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

United States District Court for the District of Delaware, dated February 29, 2012; and this Court

being able to issue a final order consistent with Article III of the United States Constitution; and

venue of these Chapter 11 Cases and the Objection in this district being proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and upon consideration of the Objection; and this matter being a core

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Objection and the relief requested therein has been provided in accordance with the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and that, except as otherwise ordered herein, no other or further notice is necessary; and any replies (if any) to the Objection having been withdrawn, resolved or overruled on the merits; and upon the record of any hearing held to consider the relief requested in the Objection; and this Court having found and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Objection is GRANTED as set forth herein.

2.      Claims 3244, 3353, and 4578, and the administrative claim [D.I. 27798] are disallowed and expunged in their entirety.

3.      As it relates to shares of FTX Trading Ltd. provided to Melamed as consideration for FTX's purchase of Liquid Group, Inc., Claim 3385 is subordinated to the same priority as FTX Trading Ltd. common stock pursuant to 11 U.S.C. § 510(b).

4.      As it relates to cryptocurrency FTX Trading Ltd. agreed to provide Melamed as consideration for FTX Trading Ltd.'s purchase of Liquid Group, Inc., Claim 3385 is reduced to the value of the cryptocurrency as determined by this Court's *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090].

5.      Kroll Restructuring Administration LLC, as the Debtors' claims and administrative agent, is authorized and directed to update the claims register maintained in these Chapter 11 Cases to reflect the relief granted in this Order.

6.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (v) an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

7.      Should one or more of the grounds of objection stated in the Objection be dismissed, the Debtors' right to object on any other grounds that the Debtors discover is preserved.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.


Dated: _____, 2024      _____
        Wilmington, Delaware           THE HONORABLE JOHN T. DORSEY
                                       CHIEF UNITED STATES BANKRUPTCY JUDGE