# **Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. No. __** |

## ORDER ESTABLISHING THE AMOUNT OF THE DISPUTED CLAIMS RESERVE

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 105(a), 502(c) and 1142(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and rule 3021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), determining the estimated amount of Disputed Claims for purposes of establishing a Disputed Claims Reserve under the Debtors' *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan"); and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings held before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors, and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Disputed Claims Reserve to be established pursuant to section 8.5 of the Plan shall, as of the Effective Date, be determined based on an aggregate amount of Disputed Claims in an amount of $6.533 billion (the "Reserve Amount").

3. The Disputed Claims are estimated pursuant to sections 502(c) and 105(a) of the Bankruptcy Code in the aggregate Reserve Amount solely for purposes of determining the Disputed Claims Reserve to be established pursuant to section 8.5 of the Plan and not for allowance or any other purposes.

4. The Disputed Claims have recourse to the entirety of the Disputed Claims Reserve. For the avoidance of doubt, in no event shall Disputed Claims have any other recourse to the Wind Down Entities, the Plan Administrator, or the Debtors.

5. The Debtors and the Plan Administrator, as applicable, are authorized to take any and all actions that are necessary or appropriate to establish and administer the Disputed Claims Reserve consistent with the terms of the Plan and the Confirmation Order and to implement the terms of this Order.

6. The Plan Administrator is authorized to proceed as follows with respect to any adjustments (for the avoidance of doubt, whether downward or upward) to the Reserve Amount:

- The Plan Administrator will file on the docket a "Notice of Adjustment of Disputed Claims Reserve Amount" that will provide the proposed adjustment to the Reserve Amount (the "Adjusted Reserve Amount") with an explanation for the adjustment, including an updated version of the Disputed Claims Reserve schedule attached as Exhibit 1 to the Coverick Declaration.

- Any objection to the Adjusted Reserve Amount must be filed and served on the Plan Administrator within 14 days.

- In the absence of any timely objections being filed, the Debtors shall submit a "Certificate of No Objection" requesting entry of an order authorizing the Adjusted Reserve Amount.

- If any timely objections are filed and served and resolved on a consensual basis, the Debtors shall submit a "Certification of Counsel" advising of the resolution(s) and requesting entry of an order authorizing the Adjusted Reserve Amount.

- If any timely objections are filed and served and unable to be resolved on a consensual basis, the Debtors shall notice the matter for hearing before the Court and will only proceed to make the requested adjustment upon entry of an order by the Court approving the Adjusted Reserve Amount.

7. Nothing herein or in the Motion, nor any action by the Debtors to implement this Order, shall constitute an admission of the validity, nature, amount or priority of any Disputed Claim, and the rights of the Debtors to object to, and defend against, the Disputed Claims are fully preserved. For the avoidance of doubt, the establishment of the Disputed Claims Reserve is without prejudice to the rights, defenses, and objections of the Debtors, and the rights and

arguments of the Holders of Disputed Claims, as to the merits of the Disputed Claims and/or entitlements to Distributions pursuant to the Plan.

8. The Debtors and this Court are not making a determination through the Disputed Claims Reserve or this Order that the Debtors are liable on account of any Disputed Claim in any amount.

9. The establishment of the Disputed Claims Reserve is without prejudice to the ability of the Debtors to seek relief from the Court to disallow any Disputed Claims or to estimate or otherwise fix the allowed amount of any Disputed Claims in accordance with the Plan, the Bankruptcy Code, or the prior orders of this Court.

10. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

11. Notwithstanding the applicability of any Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry of this Order.

12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____        _____
       Wilmington, Delaware                  The Honorable John T. Dorsey
                                        Chief United States Bankruptcy Judge