**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered) |

**THIRD INTERIM FEE APPLICATION OF
<u>PATTERSON BELKNAP WEBB & TYLER LLP</u>**

| Name of Applicant | Patterson Belknap Webb & Tyler LLP |
|---|---|
| Authorized to Provide Professional Services to | Robert J. Cleary, in his capacity as Examiner appointed in these Chapter 11 Cases |
| Date of Retention | April 19, 2024, *nunc pro tunc* to March 20, 2024 |
| Period for which compensation and reimbursement is sought | August 1, 2024, through October 8, 2024 |
| Amount of interim fees sought as reasonable and necessary: | $1,774,812.38 |
| Amount of interim expenses sought as actual, reasonable and necessary | $10,032.37 |
| Total compensation received to date for interim period: | $1,402,702.74 |
| Total expenses received to date for interim period: | $558.35 |
| Blended rate in this Application for all attorneys | $1,368.36[2] |

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of Debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Calculated after application of the 10% discount discussed below.

| | |
|---|---|
| Blended rate in this Application for all timekeepers | $1,260.25[3] |
| Number of professionals included in this Application | 20 |
| Number of professionals not included in staffing plan | 0 |
| If applicable, difference between fees budgeted and compensation sought for this period | $912.00 |
| Number of professionals billing fewer than 15 hours in this Application during this period | 9 |
| Any rates higher than those approved or disclosed at retention? | No |

This is a(n) \_\_\_\_ monthly X interim \_\_\_\_\_ final application.  No prior application has been filed with respect to this Application Period.

---

[3] Calculated after application of the 10% discount discussed below.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered) |

## THIRD INTERIM FEE APPLICATION OF
## PATTERSON BELKNAP WEBB & TYLER LLP

Patterson Belknap Webb & Tyler LLP ("Patterson Belknap"), as counsel to Robert J. Cleary, as the examiner ("Examiner") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliates (collectively, the "Debtors"), hereby submits this *Third Interim Fee Application of Patterson Belknap Webb & Tyler LLP* (the "Application"), for allowance of compensation for professional services rendered and reimbursement of expenses incurred during the period from August 1, 2024, through and including October 8, 2024 (the "Application Period").[2] In support of the Application, Patterson Belknap respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of Debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] This Application seeks compensation for professional services rendered to Robert J. Cleary in his capacity as Examiner as well as professional services rendered by Mr. Cleary in his capacity as Examiner. Mr. Cleary spent 191.8 hours performing services as Examiner during the Application Period. In total, this Application seeks $426,102.75 for professional services rendered by the Examiner.

## BACKGROUND

1. On November 11 and 14, 2022, the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended or modified from time to time, the "Bankruptcy Code"). The Debtors continue to operate and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022, ECF No. 128. On December 15, 2022, the United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Chapter 11 Cases (the "Creditors' Committee"). *See* ECF No. 231.

2. On January 9, 2023, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, ECF No. 435 (the "Interim Compensation Order").

3. On March 8, 2023, the Court entered the *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses*, ECF No. 834, appointing Katherine Stadler (the "Fee Examiner") to serve as the fee examiner in these Chapter 11 Cases and establishing certain procedures in connection therewith.

4. On February 23, 2024, the Court entered an order directing the U.S. Trustee to appoint an examiner in these Chapter 11 Cases, ECF No. 7909. On March 20, 2024 (the "Appointment Date"), the Court entered (i) the *Order Approving the Appointment of Examiner*, ECF No. 9882 (the "Appointment Order") and (ii) the *Order (I) (A) Establishing the*

*Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 9883 (the "First Scope Order"). Pursuant to the First Scope Order, the Examiner was authorized to conduct certain initial investigations (the "Phase I Examination").

5. The First Scope Order also provides that the Examiner and any professional retained by the Examiner will be compensated pursuant to and in accordance with the Interim Compensation Order, sections 330 and 331 of the Bankruptcy Code, and any other applicable provisions of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

6. On April 1, 2024, the Examiner filed the *Examiner's (I) Application for an Order Authorizing the Retention and Employment of Patterson Belknap Webb & Tyler LLP as Counsel to the Examiner,* Nunc Pro Tunc *to the Appointment Date and (II) Motion to File Under Seal Certain Information Regarding Potential Parties in Interest*, ECF No.10870 (the "Retention Application") seeking authorization to retain and employ Patterson Belknap as counsel to the Examiner, *nunc pro tunc* to the Appointment Date. The Retention Application was approved on April 19, 2024. *See* ECF No. 12256.

7. On June 26, 2024, the Court entered the *Order (I) Granting the Examiner Authority to Conduct Additional Investigations and (II) Establishing the Scope, Cost, Degree, and Duration of the Second Phase of the Examination and Granting Related Relief*, ECF No. 19061 (the "Second Scope Order"). Pursuant to the Second Scope Order, the Examiner was

3

authorized to conduct certain further investigations (the "Phase II Examination"). The costs of the Phase II Examination shall not exceed $3,000,000.

## JURISDICTION

8. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the amended standing order of reference issued by the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. §157(b).

9. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

10. Pursuant to Local Rule 9013-1(f), Patterson Belknap consents to this Court's entry of a final order in connection with this Application to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## RELIEF REQUESTED

11. Pursuant to the Interim Compensation Order, Patterson Belknap seeks interim approval and allowance of its compensation for professional services rendered to the Examiner and reimbursement of expenses incurred for the Application Period ("Period Compensation"), including authorization for the Debtors to pay the respective 20% holdbacks of fees (the "Holdbacks") as provided under the Interim Compensation Order. Patterson Belknap has filed and served three monthly fee statements covering the Application Period, ECF Nos. 26038, 27489 & 28581 (the "Monthly Fee Applications"). The Monthly Fee Applications are incorporated by reference as if fully set forth herein. For the avoidance of doubt, this Application only seeks allowance of Period Compensation previously set forth in the Monthly

Fee Applications and payment of the corresponding Holdbacks. Other than the Holdbacks, Patterson Belknap is not requesting payment of additional fees or expenses.

12. In accordance with the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases (the "U.S. Trustee Guidelines"), this Application is supported by the following exhibits:

- Exhibit A: Summary of Billing by Professional for the Application Period;

- Exhibit B: Summary of Compensation by Project Category for the Application Period;

- Exhibit C: Expense Summary for the Application Period;

- Exhibit D: Customary and Comparable Compensation Disclosures;

- Exhibit E: Budget and Staffing Plan for the Application Period; and

- Exhibit F: Certification of Daniel A. Lowenthal in Support of the Application.

## COMPENSATION REQUESTED

13. Patterson Belknap, as lead counsel to the Examiner, seeks interim allowance of $1,774,812.38 in fees for services rendered during the Application Period and reimbursement of $10,032.37 in expenses incurred during the Application Period. Patterson Belknap requests that the Debtors be authorized to pay the $354,962.48 Holdbacks.[3]

---

[3] The deadline to object to Patterson Belknap's Monthly Fee Application covering the period from October 1, 2024 through and including October 8, 2024 is December 26, 2024. *See* ECF No. 285581. As such, at the time of this filing, Patterson Belknap has not been paid the 80% fees ($17,147.16) or the 100% of expenses ($9,474,02) requested in the October Monthly Fee Application. Absent an objection filed and served on or before December 26, 2024, Patterson Belknap should receive payment of those amounts prior to entry of any order granting this Application.

14. During the Application Period, Patterson Belknap represented and assisted the Examiner with the discharge of his duties and responsibilities as Examiner pursuant to the First Scope Order, Second Scope Order, other orders of this Court, and applicable law. This work included, among other necessary legal services, the following tasks:

   a. Drafting and revising the report contemplated by the Second Scope Order (the "<u>Phase II Report</u>");

   b. finalizing and filing the Phase II Report;

   c. researching legal and factual issues related to the Phase II Report;

   d. assisting with the review of documents and other materials in connection with the Examiner's investigations;

   e. preparing motions, applications, notices, orders and other documents necessary for the Examiner to discharge his duties as Examiner;

   f. analyzing legal issues in connection with the Examiner's discharge of his duties, including legal issues involving anonymization; and

   g. communicating with various third-parties and parties-in-interest, including participating in meetings, coordinating and conducting witness interviews, and requesting voluntary document productions.

15. Patterson Belknap's professionals have expended 1,408.3 hours in connection with the Chapter 11 Cases during the Application Period.

16. Patterson Belknap's hourly rates for this matter are the customary and comparable hourly rates in effect as of January 1, 2024. Given the public-interest nature of this assignment, Patterson Belknap has provided a 10% discount on its fees. The reasonable value of the services rendered by Patterson Belknap as counsel to the Examiner is $1,774,812.38.

**NOTICE**

17. Notice of this Application has been given to (a) the U.S. Trustee; (b) the Debtors; (c) the Creditors' Committee; (d) the Fee Examiner; and (e) all parties that are required to be given notice pursuant to the Interim Compensation Order. In light of the nature of the relief requested and the provisions of the Interim Compensation Order, Patterson Belknap submits that no other or further notice need be provided.

WHEREFORE Patterson Belknap respectfully requests that the Bankruptcy Court (i) approve the Application, (ii) approve prompt payment of the Holdbacks, and (iii) grant such other and further relief as deemed just and proper.

Dated: December 16, 2024

Respectfully submitted,

**PATTERSON BELKNAP WEBB & TYLER LLP**

By:  */s/ Daniel A. Lowenthal*

Daniel A. Lowenthal (admitted *pro hac vice*)
Kimberly A. Black (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
Email: dalowenthal@pbwt.com
Email: kblack@pbwt.com

*Lead Counsel to Robert J. Cleary in his capacity as Examiner appointed in the Chapter 11 Cases*