**EXHIBIT F**

**Lowenthal Certification**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered) |

### CERTIFICATION OF DANIEL A. LOWENTHAL

I, DANIEL A. LOWENTHAL, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, hereby certify that:

1.　　I am a partner at Patterson Belknap Webb & Tyler LLP ("Patterson Belknap" or the "Firm"), and I am fully authorized to make this certification on behalf of Patterson Belknap. Patterson Belknap was retained by Robert J. Cleary, in his capacity as the examiner appointed in the above-captioned cases (the "Examiner").

2.　　This certification is made in support of the *Third Interim Fee Application of Patterson Belknap Webb & Tyler LLP* (the "Application") and in compliance with rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware ("Local Rule 2016-2") and with the Guidelines for Reviewing

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of Debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "U.S. Trustee Guidelines"), Effective as of November 1, 2013.

3. To that end, the following is provided in response to the request for additional information set forth in ¶ C.5 of the U.S. Trustee Guidelines:

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

Response: Patterson Belknap's hourly rates for this matter are the customary and comparable hourly rates in effect as of January 1, 2024. However, given the public-interest nature of this assignment, Patterson Belknap has provided a 10% discount on its fees.

**Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response: Not Applicable.

**Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response: No.

**Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

Response: This Application includes approximately 43.8 hours for time, amounting to approximately $27,642 in fees, related to reviewing or revising time records or preparing, reviewing, or revising invoices. The vast majority of this time was spent redacting privileged and confidential information.

**Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

2

<u>Response</u>: Yes, this Application includes approximately 40.3 hours for time, amounting to approximately $25,577 in fees, related to reviewing time records to redact any privileged or other confidential information.

**Question**: If the fee application includes any rate increases since retention: (i) Did the client review and approve those rate increases in advance? (ii) Did the client agree when retaining the Firm to accept all future rate increases? If not, did the Firm inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consisted with ABA Formal Ethics Opinion 11- 458?

<u>Response</u>: Not Applicable.

4. I have read the Application and I certify that the Application substantially complies with Local Rule 2016-2 and the U.S. Trustee Guidelines.

Dated: December 16, 2024

*/s/ Daniel A. Lowenthal*

Daniel A. Lowenthal
