IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
:
In re: : Chapter 11
:
FTX TRADING LTD., *et al.*,[1] : Case No. 22-11068 (JTD)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------ x

### NOTICE OF INTENT TO SERVE SUBPOENA ON NISHAD SINGH

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable through Rule 9016 of the Federal Rules of Bankruptcy Procedure, Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized joint liquidators (the "Joint Liquidators") of Three Arrows Capital, Ltd. ("3AC"), by and through their attorneys, intend to serve the subpoena annexed hereto as Exhibit A on non-party Nishad Singh.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the subpoena, the deposition shall commence on **January 21, 2025 starting at 10:00 a.m. Pacific Time**, at Latham & Watkins LLP, 505 Montgomery St #2000, San Francisco, CA 94111, or at a location extent mutually agreeable to the parties.

The deposition will be taken upon oral examination by a person authorized to administer oaths and will be recorded by video and stenographic means. In accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, this deposition will be taken

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

for the purpose of discovery and/or used as evidence in connection with the above-captioned proceeding.

| | |
|---|---|
| Dated: December 17, 2024<br>New York, New York | */s/ Christopher Harris* |

Christopher Harris (admitted *pro hac vice*)
Adam J. Goldberg (admitted *pro hac vice*)
Nacif Taousse (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  christopher.harris@lw.com
　　　　adam.goldberg@lw.com
　　　　nacif.taousse@lw.com

Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  tiffany.ikeda@lw.com

– and –

John W. Weiss (No. 4160)
Joseph C. Barsalona II (No. 6102)
Alexis R. Gambale (No. 7150)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Facsimile: (732) 852-2482
Email:  jweiss@pashmanstein.com
　　　　jbarsalona@pashmanstein.com
　　　　agambale@pashmanstein.com

*Counsel to the Joint Liquidators*
*of Three Arrows Capital, Ltd.*

# Exhibit A

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __FTX TRADING LTD., et al.__
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. __22-11068 (JTD)__

Chapter __11__

Adv. Proc. No. _____

**SUBPOENA TO TESTIFY AT A DEPOSITION
IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __Nishad Singh__

*(Name of person to whom the subpoena is directed)*

▪ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Latham & Watkins LLP, 505 Montgomery St #2000, San Francisco, CA 94111 or at a location mutually agreeable to the parties | 01/21/25    10:00 am PT |

The deposition will be recorded by this method: stenographically and videotape

▪ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Exhibit A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __12/17/2024__

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

*Christopher R. Harris*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Joint Liquidators__, who issues or requests this subpoena, are:
Christopher Harris, 1271 Avenue of the Americas, NY 10020, christopher.harris@lw.com, (212) 906-1200

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**<u>Exhibit A</u>**

**I.     DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

1.     "3AC" refers to Three Arrows Capital, Ltd., incorporated as a business company under the laws of the British Virgin Islands on May 3, 2012, and without limitation any affiliates, agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting on its behalf, including without limitation Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, Three AC Ltd., Kyle Davies, and Su Zhu.

2.     "Communication" shall mean transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.     "Document" shall have the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any tangible thing and any correspondence, memorandum, writing, Communication, electronically stored information, drawing, graph, chart, record, tape, message, note, calendar, diary, log, envelope, email, and facsimile transmission, whether printed or recorded or reproduced by any mechanical, photographic, xerographic, or electronic process, or written or produced by hand, and including, but not limited to, any information contained in any computer or reasonably accessible computer memory or memory media, although not yet printed.  A draft or non-identical copy is a separate Document within the meaning of this term.

4.      "Debtors" or "FTX" shall mean and refer to FTX Trading Ltd. and its debtor affiliates, and shall include any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other Person acting on its behalf.

5.      "Person" includes both the plural and the singular, and means any natural person(s) or legal entities, including, without limitation, any business or governmental entities, or associations, partnerships, firms, corporations, units, joint ventures, any other form of business organization or arrangement, or any other form of public, private, or legal entity.

6.      The term "relating to" shall mean evidencing, constituting, reflecting, concerning, regarding, supporting, negating, contradicting, bearing upon, touching upon, incorporating, affecting, including, pertaining to, summarizing or in any way logically or factually connected with the subject matter of the inquiry or requests (whether directly, indirectly, or in any other way).

7.      "You" or "Your" shall refer to Nishad Singh, and shall include any agents, representatives, attorneys, and any other Person acting on Your behalf.

**II.    INSTRUCTIONS**

1.      These requests are continuing in nature, and to the extent that Your responses may be enlarged, diminished, corrected, or otherwise modified by information that You obtain, discover, or become aware of, subsequent to the production of Your initial responses hereto, You are required to promptly produce supplemental responses.

2.      Each of these requests shall be construed independently and shall not be limited by any other request, except that Documents responsive to more than one request need be produced only once.

3.      If, in answering these requests, You claim that any request, or a definition or instruction applicable thereto, is ambiguous, You may not use such a claim as a basis for refusing

3

to respond, but rather, must set forth as part of the response the language You claim is ambiguous and the interpretation You have used to respond to the individual request.

4. In answering and responding to these requests, You shall furnish information and Documents in Your possession, custody, or control, including, but not limited to, information that is in the possession, custody, or control of Your employees, agents, investigators, consultants, representatives, attorneys (subject to any otherwise applicable privileges), assignors, or any other person within Your control. Possession, custody, or control includes constructive possession such that the Person need not have actual physical possession. As long as the Person has a superior right or practical ability to compel production from a third party (including any agency, authority or representative), the Person has possession, custody or control over the information. For any requested Document no longer in Your possession, custody, or control, state what disposition was made of the Document and the date of such disposition and identify all Persons having knowledge of the Document's contents. For any requested Document that has been destroyed, identify the Document that has been destroyed, and state when the Document was destroyed, why it was destroyed, by whom it was destroyed, and all Persons who participated in or were involved in making the decision to destroy it.

5. Each Document requested herein is to be produced in its entirety, without deletion or redactions (except for privileged matter, as set forth in the Instructions below), regardless of whether You consider the entire Document to be relevant or responsive to these requests.

6. In producing Documents, all Documents that are physically attached to each other (including attachments to emails or embedded Documents) are requested to be produced in that form regardless of whether the attached Documents are otherwise requested herein. Documents that are segregated or separated from other Documents, whether by inclusion in folders, binders,

files, sub-files or by use of dividers, tabs, or any other method, are requested to be produced in that form.

7. All Documents that are in paper form or that constitute other physical objects from which information may be visually read or viewed, as well as audio or video tapes and similar recordings, shall be produced in their original form or in copies that are exact duplicates of the originals.

8. If any Document is subject to a claim of privilege, protection, immunity, or otherwise, but such Document also contains non-privileged or protected material that is responsive to the Request, the Document shall be produced with all privileged or protected content redacted, and the Document shall also be identified on a privilege log (i) expressly claiming the applicable privilege, protection or immunity, (ii) identifying the specific privilege, protection or immunity being claimed, and (ii) describing the nature of the Documents, Communications, or tangible things not produced or disclosed in a manner that, without revealing information that is itself privileged or protected, will enable other parties to assess the claim to privilege, protection and/or immunity.

9. For purposes of interpreting or construing the scope of these requests, all terms shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

(a) Construing "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the Request more inclusive and bring within the scope of the request any information that might otherwise be construed to be outside the scope of the request;

(b) Construing the singular form of the word to include the plural, and the plural form to include the singular;

(c) Construing the masculine to include the feminine, and vice versa;

(d) Construing the term "including" to mean "including but not limited to" and construing the term "all" to mean "any and all," and vice versa;

(e) Construing the term "each" to include "every," and construing "every" to include "each";

(f) Construing the use of a verb in any tense as the use of the verb in all other tenses; and

(g) Construing and interpreting all spelling, syntax, grammar, abbreviations, idioms, and proper nouns to give proper meaning and consistency to their context.

10. Unless otherwise indicated, the time period covered by these requests is March 5, 2019 to the present and shall encompass all Documents, Communications, and information relating to in whole or in part such period, or relating to events or circumstances during such period, even though dated, prepared, generated, or received prior to or subsequent to that period.

11. Questions or concerns may be directed to Adam J. Goldberg (adam.goldberg@lw.com) and Christopher Harris (christopher.harris@lw.com).

### III.  DOCUMENT REQUESTS

1. All Documents and Communications (including but not limited to Telegram messages) relating to 3AC, including, without limitation, all Documents and Communications between You and/or FTX, on the one hand, and 3AC and/or its Kyle Davies or Su Zhu, on the other hand, and all Documents and Communications relating to 3AC's accounts or transactions with FTX.

2. All Documents and Communications relating to agreements (whether formal or informal, written or oral, or otherwise) between 3AC and FTX, including, without limitation, any

loan agreements, security agreements, collateral pledges, loan assignment agreements, borrowing requests, margin call communications, trade confirmations, or other similar Documents.

| | |
|---|---|
| Dated: December 17, 2024<br>New York, New York | */s/ Christopher Harris*<br><br>Christopher Harris (admitted *pro hac vice*)<br>Adam J. Goldberg (admitted *pro hac vice*)<br>Nacif Taousse (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>Email:  christopher.harris@lw.com<br>         adam.goldberg@lw.com<br>         nacif.taousse@lw.com<br><br>Tiffany M. Ikeda (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br>Email:  tiffany.ikeda@lw.com<br><br>– and –<br><br>John W. Weiss (No. 4160)<br>Joseph C. Barsalona II (No. 6102)<br>Alexis R. Gambale (No. 7150)<br>**PASHMAN STEIN WALDER HAYDEN, P.C.**<br>824 North Market Street, Suite 800<br>Wilmington, DE 19801<br>Telephone: (302) 592-6496<br>Facsimile: (732) 852-2482<br>Email:  jweiss@pashmanstein.com<br>         jbarsalona@pashmanstein.com<br>         agambale@pashmanstein.com<br><br>*Counsel to the Joint Liquidators*<br>*of Three Arrows Capital, Ltd.* |