1  OXANA KOZLOV, SBN 209210
   649 Dunholme Way
2  Sunnyvale, CA 94087
   Telephone:    408-431-4543
3  Email: okozlov@gmail.com

4  Attorney for the Creditor (Unique ID Code# 0409059)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| In re FTX Trading Ltd., et al., | Bankruptcy Case No.: No. 22-11068 (JTD) |
|---|---|
| Debtors. | |
| | Chapter 11 |
| | (Jointly Administered) |
| | **Related Docket No. 28225** |
| | |
| | **CREDITOR'S (UNIQUE ID CODE # 0409059) AMENDED OPPOSITION TO DEBTORS' ONE HUNDRED THIRTIETH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO UNVERIFIED CUSTOMER ENTITLEMENT CLAIMS** |
| | |
| | **Date: 1/23/2025** |
| | **Time: 10:00 a.m. ET** |

Claimant with the Unique ID No. **# 0409059** (the "Creditor") filed its last-minute response in opposition to the **DEBTORS' ONE HUNDRED THIRTIETH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO UNVERIFIED CUSTOMER ENTITLEMENT CLAIMS** (the "Objection") to comply with the deadline of December 18, 2024 (the "Opposition").

Even though the Creditor provided a concise summary of his arguments in the Opposition, the Creditor now respectfully seeks this Court's permission to supplement that rushed filing by submitting the following amended opposition to support the arguments presented in the Opposition.

## FACTUAL BACKGROUND

(1) The Creditor was a customer of the Debtors as of the Petition Date and timely filed a valid proof of claim on September 16, 2024 ("Claim"). The Claim was not scheduled by the Debtors as unliquidated, contingent, or disputed, was not subject to a substantive objection or avoidance action and was treated as stipulated claim for purposes of reorganization plan voting. There is no substantive dispute that the Claim represents a valid claim against the Debtors.

(2) The Creditor promptly and properly responded to all requests related to the KYC through the KYC portal and through the provided email communication address at kyc-support@ftx.com. The KYC process was initiated on the automated portal and further by generalized and not clearly formulated requests received from kyc-support@ftx.com, which started on or around July 9, 2024.

(3) The Creditor provided numerous requested documents, including a letter from his oversees counsel regarding sources of his income and required identification documents, with the most recent documents submitted on October 22, 2024.

(4) No responses from the KYC support were received after that date despite follow up emails by the Creditor. Moreover, his portal account was frozen and would not allow to submit any other requested documents such as IRS W-9 forms. Thus, the Creditor

was only able to move as far as Step 7 in the verification process with no further contact or explanation from KYC team and no alternatives available.

**ARGUMENT**

The KYC process appears to be completely out of creditors' control. The Creditor's counsel found similar complaints in other creditors' responses to the Objection, so this appears to be a widespread issue with the automated KYC system used by the Debtors, which is clearly lacking in many respects. To make things worse, the Debtors provided no reasonable alternatives to the creditors, including the Creditor, that would allow them to complete the KYC process.

The Objection should be overruled as to the Creditor's Claim. The Debtors seek to treat the Claim as unverified and potentially subject to expungement based on the KYC process, which is burdensome and plagued by numerous access and response issues and delays and with requirements that are not clearly defined and are ever-changing. The KYC process is being handled by the Debtors and their chosen vendors in an extremely "creditor-unfriendly" manner and does not allow creditors a fair and reasonable opportunity to verify their identities and resolve other issues.

To make things worse, the Debtors provided no alternate path to complete KYC outside of the automated portal and automated email communication system, which is clearly not being monitored by the Debtors. Even if the Creditor submits his KYC information by the proposed in the Objection deadlines, the Claim still could be expunged under the terms proposed in the Objection if the automated system fails to confirm KYC status in a timely manner, which is more than a theoretical possibility considering how long it took the Creditor so far and to no avail (at least since the beginning of July 2024) and considering that the timing of the process is completely outside of the control of the Creditor. Such an outcome is unfair and inequitable and runs contrary to the core principles of the Bankruptcy Code.

No Claim should be treated as unverified or expunged due to the Debtors' own failure to timely confirm KYC status by June 1, 2025, or by any other date for that matter. The Debtors must provide an alternative method of completing KYC verification to account for the continued delays with the Debtors' designed and mandated system before the Objection can be reconsidered by the Court.

In essence, the Debtors are unfairly seeking to use the faulty automated system for their benefit and to harm the creditors by expunging valid claims like the Claim that cannot be timely verified solely because of the deficient design and mechanics of the portal system the Debtors chosen to use and the lack of any alternative method of confirming KYC status.

Furthermore, the Debtors own failure to collect sufficient information and verify legitimacy of the customers' deposits at the time when they were enriching themselves through accepting such funds prior to the Petition Date should not be used as an excuse to the continued harassment of honest creditors who stand to lose their life savings.

The Creditor has all required KYC information and is confident he will satisfy all requirements for KYC clearance. However, his access to the KYC portal has been unreasonably blocked and his document were not processed in a timely manner. That should not give rise to the treatment of his Claim as unverified or expungement of his Claim.

**CONCLUSION**

WHEREFORE, The Objection should be overruled as to the Claim and the Debtors should take all necessary steps to ensure that the Creditor's Claim is promptly verified, and he receives his funds back without unreasonable delay along with other verified claims.

Respectfully submitted,

Dated: December 19, 2024

/s/ Oxana Kozlov

_____

Oxana Kozlov, attorney for the Creditor

# CERTIFICATE OF SERVICE

I, Oxana Kozlov, hereby certify that on December 19, 2024, I did cause the foregoing **CREDITOR'S (UNIQUE ID CODE # 0409059) AMENDED OPPOSITION TO DEBTORS' ONE HUNDRED THIRTIETH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO UNVERIFIED CUSTOMER ENTITLEMENT CLAIMS** to be filed using the Court's CM/ECF system, which will automatically send email notification to all parties and counsel of record, and via electronic mail on the following parties:

Adam G. Landis, Esquire
Kimberly A. Brown, Esquire
Matthew R. Pierce, Esquire
Landis Rath & Cobb LLP
919 N. Market Street, Suite 1800
Wilmington, DE 19801
landis@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

Andrew G. Dietderich, Esquire
James L. Bromley, Esquire
Brian D. Glueckstein, Esquire
Christopher J. Dunne, Esquire
Jacob M. Croke, Esquire
Alexa J. Kranzley, Esquire
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
dunnec@sullcrom.com
crokej@sullcrom.com
kranzleya@sullcrom.com

Dated: December 19, 2024

/s/ Oxana Kozlov

_____

Oxana Kozlov, attorney for the Credito

-4-