# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>                Debtors. | ) Chapter 11<br>)<br>) Case No. 22-11068 (JTD)<br>)<br>) (Lead Case)<br>)<br>) (Jointly Administered)<br>) |

## EMERGENT DEBTOR'S MOTION TO DISMISS

Emergent Fidelity Technologies Ltd ("Emergent"), as debtor and debtor-in-possession in Case No. 23-10149-JTD, hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), dismissing its chapter 11 case (the "Emergent Chapter 11 Case"), pursuant to Bankruptcy Code sections 105(a), 305(a), and 1112(b), Bankruptcy Rule 1017, and Local Bankruptcy Rule 1017-2. In support of the Motion, Emergent respectfully states as follows:

## Preliminary Statement

1. Emergent, under the control of its court-appointed liquidators, filed its chapter 11 case to protect its title to approximately 55 million Robinhood Markets, Inc. shares and associated cash, which were claimed by Samuel Bankman-Fried, BlockFi, and FTX. These assets were ultimately seized and liquidated by the U.S. Department of Justice, yielding more than $600 million total in cash.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

2.     Following their investigation into Emergent's assets and operations, the liquidators engaged in negotiations with FTX and reached a settlement of their outstanding disputes regarding the Robinhood Assets. The Court approved the settlement in October 2024, finding it to be in the best interests of Emergent and its estate.[2]

3.     The settlement clears the way for FTX to recover substantially all the value of the Robinhood Assets for distribution to its creditors. It also creates a pathway for Emergent's orderly and efficient winding up, given the absence of material assets or disputes in the wake of the settlement.

4.     In that regard, the settlement provides for: (i) the dismissal of the Emergent Chapter 11 Case; (ii) a lump-sum payment to Emergent's liquidators to cover administrative and professional costs; and (iii) the termination of Emergent's Antiguan liquidation proceedings. By this Motion, Emergent seeks to implement the first step of this agreement, as there is no longer a need to administer assets or claims via the chapter 11 process.

**Jurisdiction and Venue**

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7.     The statutory bases for the relief requested herein are sections 105, 305, and 1112(b) of the Bankruptcy Code.

---

[2] The Antiguan Court also approved the settlement on October 29, 2024.

**Background**

8. Emergent is an Antiguan limited company, originally formed and controlled by Mr. Bankman-Fried, for the purpose of acquiring approximately 55 million shares of the Robinhood Shares using funds purportedly borrowed from Alameda. At the time of its bankruptcy filing, Emergent held title to the Robinhood Shares and approximately $20.7 million in cash proceeds from the sale of other shares (collectively, the "Assets").

9. On November 18, 2022, the Eastern Caribbean Supreme Court, High Court of Justice, Antigua and Barbuda (the "Antiguan Court"), placed Emergent into receivership and appointed Angela Barkhouse and Toni Shukla as receivers. Shortly thereafter, Ms. Barkhouse and Ms. Shukla were appointed joint provisional liquidators. On March 23, 2023, the Antiguan Court issued an order (the "Winding Up Order") converting Emergent's case from provisional liquidation to full liquidation (together with the receivership action, the "Antiguan Proceedings"), formally appointing Ms. Barkhouse and Ms. Shukla as Joint Liquidators (the "JLs").

10. On February 3, 2023 (the "Petition Date"), under the direction of the JLs, Emergent filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Emergent Chapter 11 Case is being jointly administered in certain limited respects with the chapter 11 cases of FTX Trading Ltd. and its affiliated debtors (collectively, "FTX"), *In re FTX Trading, Ltd., et al.*, Case No. 22-11068 (JTD).[3] The Emergent Chapter 11 Case resulted in the stay of an adversary proceeding brought by BlockFi seeking turnover of the Assets, among other relief, and conferred on Emergent the ability to assert bankruptcy law avoidance claims against BlockFi in connection with its purported claims to and security interests in the Assets.

---

[3] D.I. 91, Case No. 23-10149; D.I. 1469, Case No. 22-11068.

11. As detailed in the FTX-Emergent Settlement and the Barkhouse Declaration (each as defined herein), FTX, BlockFi, and Mr. Bankman-Fried have each, at different times, asserted ownership, security interests, or other rights in the Assets.

12. On January 4, 2023, the DOJ seized the Assets and, with the JL's consent and the approval of the U.S. District Court for the Southern District of New York, liquidated the Robinhood Shares on September 1, 2023, resulting in proceeds of more than $600 million, which it currently holds.[4] Following Mr. Bankman-Fried's conviction, the DOJ commenced a proceeding seeking forfeiture of the Assets (among other property) (the "Forfeiture Action"), with Emergent, the JLs, and FTX each filing petitions to assert their interests in the Assets.[5]

13. On or around February 27, 2024, FTX reached a settlement with BlockFi, resolving all of BlockFi's claims to the Assets, including the claims BlockFi had asserted against Emergent. On March 25, 2024, this Court approved the settlement, which provides for the assignment of BlockFi's potential rights in Emergent's Assets to FTX.[6] Thereafter, on September 9, 2024, the BlockFi court entered an order closing the turnover action.[7]

14. On September 6, 2024, Emergent and FTX jointly filed a motion to approve their own settlement (the "Emergent Settlement") [D.I. 24320], resolving all of their competing claims to the Assets. The Emergent Settlement assigns Emergent's interests in the Assets to FTX, clearing the path for FTX to recover the assets from the DOJ for the benefit of its creditors. In exchange, FTX will provide $14 million to Emergent, which Emergent will use to pay its reasonable professional fees, in accordance with Antiguan law, and to retire its liquidation funding facility at

---

[4] *United States v. Bankman-Fried*, Case No. 22-673, D.I. 49, 242 and 423 (S.D.N.Y.).

[5] *United States v. Bankman-Fried*, Case No. 22-673, D.I. 446, 447, 450 (S.D.N.Y.).

[6] D.I. 10331, Ex. 1 ¶ 1(d)(i).

[7] *BlockFi Inc. v. Emergent Fidelity Technologies Ltd*, Case No. 22-01382 (MBK), D.I. 75 (Bankr. D.N.J. Sept. 9, 2024).

a substantial discount, as agreed by Emergent's lender in compromise of its claims. In connection with this, the Emergent Settlement contemplates the dismissal sought herein and the prompt wind-down and dismissal of the Antiguan Proceedings to eliminate further costs.

15. John J. Ray III, CEO of FTX, certified that the settlement is in the "best interests of the FTX Debtors and their estates" [D.I. 24321]. Ms. Barkhouse, in her capacity as JL, likewise certified that the only remaining potential creditors of Emergent are FTX creditors, whose claims against Emergent are derivative of their claims against FTX and who will ultimately benefit from the Emergent Settlement (the "Barkhouse Declaration") [D.I. 24322].

16. On October 8, 2024, this Court approved the Emergent Settlement upon a certificate of no objection [D.I. 26483]. Emergent now seeks the dismissal contemplated in the Emergent Settlement.

## Relief Requested

17. By this Motion, Emergent requests entry of the Order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 305(a), and 1112(b) of the Bankruptcy Code, Bankruptcy Rule 1017, and Local Rule 1017-2.

## Basis for Relief

18. Under section 1112(b)(1) of the Bankruptcy Code, a court "shall" dismiss a chapter 11 case or convert it to a case under chapter 7, "whichever is in the best interests of creditors and the estate, for cause." *See* 11 U.S.C. § 1112(b)(1). While section 1112(b)(4) enumerates examples of sufficient "cause," the list is not exhaustive, and courts may consider the "totality of the circumstances" to determine if sufficient cause exists. *See In re Northshore Mainland Servs.*, 537 B.R. 192, 203 (Bankr. D. Del. 2015). Similarly, section 305(a)(1) of the Bankruptcy Code allows

the court to abstain from or dismiss a chapter 11 case if "the interests of the creditors and the debtor would be better served by such dismissal or suspension."

19. In determining whether dismissal is in the best interests of the debtor and its creditors under section 305(a)(1), courts consider factors such as: (i) the availability of another forum to protect both parties' interests or the existence of a pending proceeding; (ii) the economy and efficiency of administration; and (iii) the existence of alternative means for achieving an equitable distribution of assets. *See In re Northshore*, 537 B.R. at 203–04. Since both section 1112(b)(1) and section 305(a)(1) involve a "best interests of the debtor and its creditors" analysis, the grounds supporting dismissal under section 305(a)(1) also support dismissal under section 1112(b)(1). *See In re Yukos Oil Co.*, 321 B.R. 396, 407 (Bankr. S.D. Tex. 2005) (noting that both section 305 and section 1112 provided the "procedural mechanisms" for dismissal).

20. The Emergent Settlement facilitates the prompt and efficient resolution of the Emergent Chapter 11 Case as part of an agreement that assigns Emergent's interest in the Assets to FTX. The Settlement requires joint efforts by Emergent and the FTX Debtors in the Forfeiture Action to engage with the DOJ to reach a compromise for the delivery of these Assets to FTX's creditors, to be distributed through the FTX plan process. The liquidators, on behalf of Emergent, will fully support the DOJ in facilitating the transfer of these Assets for proper distribution.

21. Emergent is a special-purpose entity with no other assets, no employees, no income, and no business operations. As detailed in the Barkhouse Declaration, Emergent's chapter 11 objectives have been achieved, there is no business left to reorganize, and no justification remains for continuing the case. *See In re Am. Cap. Equip., LLC*, 688 F.3d at 163 (finding that the "best interest of creditors and the estate" warranted relief under section 1112(b) where "it is clear that . . . no future plan would be able to be effectuated under Chapter 11").

22.     The dismissal of the Emergent Chapter 11 Case is a necessary step toward terminating the Antiguan Proceedings and eliminating the associated costs.  Following dismissal, the Antiguan Court will facilitate the implementation of the Emergent Settlement and address any remaining administrative matters under the Antiguan Proceedings until their anticipated conclusion in March 2025.  *See In re Northshore Mainland Servs.*, 537 B.R. at 207 (courts have "frequently underscored the importance of judicial deference to foreign bankruptcy proceedings") (quoting *In re Compania de Alimentos Fargo, S.A.*, 376 B.R. 427, 434 (Bankr. S.D.N.Y. 2007)); *Maxwell Comm'n. Corp. v. Societe Generale* (*In re Maxwell Comm'n. Corp.*), 93 F.3d 1036, 1048 (2d Cir. 1996) ("deference to foreign insolvency proceedings will, in many cases, facilitate 'equitable, orderly and systematic' distribution of the debtor's assets"); *Cunard S.S. Co. v. Salen Reefer Servs. AB*, 773 F.2d 452, 457 (2d Cir. 1985) ("American courts have consistently recognized the interest of foreign courts in liquidating or winding up the affairs of their own domestic business entities.").

23.     Cause exists to dismiss the Emergent Chapter 11 Case.  This Court found that the Emergent Settlement is in the best interests of both the FTX and Emergent estates, and, with that settlement effective, Emergent has no remaining assets to administer or business to reorganize. Since there is no further purpose in continuing this case, Emergent respectfully requests that the Court dismiss the Emergent Chapter 11 Case in accordance with sections 105(a), 305(a), and 1112(b) of the Bankruptcy Code.

## Notice

24.     Notice of this Motion has been or will be provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) the parties

identified on Emergent's list of 20 largest unsecured creditors; (g) all parties known to hold or assert liens against the Debtor's assets; and (h) to the extent not listed herein, those parties requesting notice in the Emergent Chapter 11 Case pursuant to Bankruptcy Rule 2002. Emergent submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, Emergent respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: January 2, 2025  
Wilmington, DE

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Jody C. Barillare*  
Jody C. Barillare (Bar No. 5107)  
1201 N. Market Street, Suite 2201  
Wilmington, DE 19801  
Telephone: (302) 574-3000  
Email: jody.barillare@morganlewis.com

- and -

John C. Goodchild, III (admitted *pro hac vice*)  
Matthew C. Ziegler (admitted *pro hac vice*)  
David K. Shim (admitted *pro hac vice*)  
2222 Market Street  
Philadelphia, PA 19103  
Telephone: (215) 963-5000  
Email:   john.goodchild@morganlewis.com  
            matthew.ziegler@morganlewis.com  
            david.shim@morganlewis.com

*Counsel for Emergent Fidelity Technologies Ltd as Debtor and Debtor-in-Possession*