IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: January 23, 2025 at 10:00 a.m. (ET)<br>Obj. Deadline: January 16, 2025 at 4:00 p.m. (ET) |

**OMNIBUS MOTION OF DEBTORS FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE DEBTORS TO
ASSUME CERTAIN EXECUTORY CONTRACTS,
(II) FIXING CURE AMOUNTS WITH RESPECT THERETO
AND (III) GRANTING RELATED RELIEF**

> **THIS MOTION SEEKS TO ASSUME CERTAIN EXECUTORY CONTRACTS. COUNTERPARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR RESPECTIVE NAMES, CONTRACTS AND CURE AMOUNTS LISTED ON SCHEDULE 1 TO THE PROPOSED ORDER, WHICH IS ATTACHED HERETO AS EXHIBIT A, TO DETERMINE IF THIS MOTION AFFECTS THEIR RIGHTS.**

FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing the Debtors to assume the executory contracts identified on Schedule 1 to the Order (including, without limitation, any and all amendments, modifications, memoranda of

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

understanding, documents incorporated by reference, and attachments and exhibits thereto, each a "Contract" and collectively, the "Contracts"), (b) fixing the amounts required to be paid by the Debtors to satisfy any monetary defaults arising under the Contracts, pursuant to section 365(b)(1) of the Bankruptcy Code, as the amounts identified for each Contract on Schedule 1 to the Order (each, a "Cure Amount," and collectively, the "Cure Amounts") and (c) granting related relief. In support of the Motion, the Debtors respectfully state as follows:

## Background

1. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].

2. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

3. On October 7, 2024, the Court confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan"), and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order").

4. Additional factual background relating to the Debtors' businesses and these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of*

*Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

### Facts Specific to the Relief Requested

5. Since the commencement of these Chapter 11 Cases, the Debtors have been collecting, reviewing and analyzing thousands of contracts to which the Debtors are a party. During this process, the Debtors have determined, in their sound business judgment, to assume certain contracts necessary for the Debtors' operations and to assume certain contracts the Debtors believe have potential monetizable value.

6. In connection with the Plan, on August 2, 2024, the Debtors filed with the Court the *Notice of Filing of Plan Supplement* [D.I. 22163 (Redacted) and D.I. 22164 (Sealed)] (the "Initial Plan Supplement"). On September 23, 2024, the Debtors filed with the Court the *Notice of Filing First Amended Plan Supplement* [D.I. 25649] (the "First Amended Plan Supplement"), and on October 3, 2024, the Debtors filed with the Court the *Notice of Filing of Second Amended Plan Supplement* [D.I. 26226] (the "Second Amended Plan Supplement" and, collectively with the Initial Plan Supplement and the First Amended Plan Supplement, the "Plan Supplement"). Each iteration of the Plan Supplement contained a list of contracts that the Debtors determined in their business judgment to assume as of the effective date of the Plan, with the Second Amended Plan Supplement listing a total of 999 contracts. Plan Supplement, Ex. 5.

7. Following the filing of the Plan Supplement and the confirmation of the Plan, the Debtors made the determination to assume the additional Contracts listed in this Motion. The Contracts primarily relate to various prepetition investments the Debtors made in early stage digital asset projects and ventures. After reviewing each Contract, the Debtors have determined in their business judgment that the assumption and potential monetization of these contracts will

- 3 -

provide value to the FTX Recovery Trust (as defined in the Plan Supplement) as successor to the Debtors, and will benefit all creditors. To avoid the automatic rejection of the Contracts under the terms of the Plan, the Debtors file this Motion to assume the Contracts.

## Jurisdiction

8. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 365 of the Bankruptcy Code and rule 6006 of the Bankruptcy Rules. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

9. By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) authorizing the Debtors to assume the Contracts identified on <u>Schedule 1</u> to the Order, (b) fixing the Cure Amounts and (c) granting related relief.

## Basis for Relief

**I.    The Debtors' Assumption of the Contracts Is a Reasonable Exercise of the Debtors' Business Judgment.**

10. Pursuant to section 365(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease

of the debtor." 11 U.S.C. § 365(a). Section 365 "enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000).

11. Courts in the Third Circuit apply the business judgment standard to determine whether to approve a debtor's decision to assume an executory contract or unexpired lease. *See, e.g.*, *NLRB* v. *Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd* 465 U.S. 513 (1984) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."). Under the business judgment standard, a court should approve a debtor's business decision unless the decision is the product of "bad faith, whim, or caprice." *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (citations omitted). Courts generally do not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. *See, e.g.*, *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (finding that a debtor's decision to assume or reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim or caprice); *Summit Land Co.* v. *Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

12. The Debtors have determined in their reasonable business judgment that the Contracts are potentially monetizable, and/or that the benefits that would accrue to the FTX Recovery Trust (as successor to the Debtors) and its creditors outweigh any risks related to the assumption of the Contracts. The Debtors submit that there is a valid business purpose and it is in the best interests of the Debtors, their estates and creditors to assume the Contracts.

**II.     The Debtors Have Satisfied Any Applicable Requirements of Section 365(b) of the Bankruptcy Code.**

13.     Pursuant to sections 365(b)(1)(A) and (B) of the Bankruptcy Code, if there has been a default under an executory contract, a debtor may not assume such contract unless, at the time of assumption of such contract, the debtor (i) cures or provides adequate assurance that it will promptly cure the default and (ii) compensates or provides adequate assurance of prompt future compensation for actual pecuniary losses resulting from such default.  11 U.S.C. § 365(b)(1)(A)-(B).  The Debtors have reviewed their books and records and have determined that the Cure Amounts listed on Schedule 1 to the Order remain outstanding to the applicable counterparties.  The Debtors seek to pay such cure amounts in cash, as applicable.  Where $0.00 is listed as the cure amount, the Debtors have determined, upon review of their books and records, that no amounts are owed in order to fulfill their obligations to cure under section 365(b) of the Bankruptcy Code.  The Debtors submit that the requirements of sections 365(b)(1)(A) and (B) have been satisfied for the assumption of the Contracts.

14.     In addition to the requirements of sections 365(b)(1)(A) and (B), if there has been a default under an executory contract, a debtor must, at the time of assumption, provide adequate assurance of future performance under such contract.  11 U.S.C. § 365(b)(1)(C).  The Debtors have made timely payments and have performed under each of their postpetition contractual obligations.  Moreover, upon the effective date of the Plan, the FTX Recovery Trust will have more than sufficient cash and other resources to perform any future obligations that may arise under the Contracts (if any).  In light of the foregoing, the Debtors submit that, to the extent necessary, sufficient evidence exists to demonstrate that the counterparties are adequately assured of future performance under the Contracts.

**Compliance with Bankruptcy Rule 6006(f)**

15. Bankruptcy Rule 6006(f) establishes requirements for a motion to assume and/or assign multiple executory contracts or unexpired leases that are not between the same parties. Rule 6006(f) states, in part, that such motion shall:

    (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    (2) list parties alphabetically and identify the corresponding contract or lease;

    (3) specify the terms, including the curing of defaults, for each requested assumption or assignment;

    (4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    (5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    (6) be limited to no more than 100 executory contracts or unexpired leases.

16. The Debtors respectfully submit that the relief requested in this Motion complies with the requirements of Bankruptcy Rule 6006(f).

**Waiver of Bankruptcy Rule 6006(e) is Appropriate Under the Circumstances**

17. Bankruptcy Rule 6006(e) provides that a debtor cannot assume multiple executory contracts in one motion unless "all executory contracts . . . to be assumed or assigned are between the same parties . . . [or] the court otherwise authorizes the motion to be filed." Fed. R. Bankr. P. 6006(e). The Debtors seek a waiver of Bankruptcy Rule 6006(e) to permit the Debtors

to file and serve this omnibus Motion, which seeks authority to assume the Contracts in a single motion.

18. Without the relief requested in this Motion, the Debtors would be required to draft and file separate assumption motions, which would result in unnecessary costs to the Debtors' estates. Further, assumption of each Contract is premised on the same rationale.

19. As noted above, the Debtors have listed the Contracts alphabetically by counterparty in an organized and clear chart attached as Schedule 1 to the Order and have otherwise complied with the requirements of Bankruptcy Rule 6006(f), ensuring that each counterparty has proper notice of the proposed assumption. Accordingly, there is no harm to the respective counterparties by assumption of the Contracts through an omnibus motion. For the reasons set forth above, the Debtors submit that a waiver of Bankruptcy Rule 6006(e) is appropriate and in the best interests of their estates and should be granted.

## Notice

20. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel to the Ad Hoc Committee; (h) the counterparties to the Contracts; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: January 2, 2025<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, New York 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>         bromleyj@sullcrom.com<br>         gluecksteinb@sullcrom.com<br>         kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |