| IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE |
|---|
| Date: 10/03/2024 <br> Chapter 11 <br><br> Case: 22-11068  JTD <br> Debtors: FTX TRADING LTD., *et al.* <br><br> *RECEIVED 2025 JAN -2 AM 10: 54* |
| **Response and Limited Objection to Debtor's 130th Omnibus Objection to Unverified Customer Entitlement Claim** (D.I. 28225) <br> Claim # 96788 *(following previous claim(s))* <br> ████████████████████████████████████████ |

## Attn: Office of the Clerk

As advised on email, I understand you are not in a position to accept documents filed electronically. I however wanted to notify you that delivery would fail the deadline. I have had to resend these by post. Please note, the Debtor's counsel have been duly served on 18 December 2024.

Both redacted and unredacted versions are attached.

I understand <u>only the redacted copy will be filed on public dockets</u>.

I hope you enjoy the holiday season and this finds you at a time where the delay is acceptable.

Kind regards

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
<u>Date</u>: 12/18/2024
Chapter 11

<u>Case</u>: 22-11068
<u>Debtors</u>: FTX TRADING LTD., *et al.*

### Response and Limited Objection to Debtor's 130th Omnibus Objection to Unverified Customer Entitlement Claim (D.I. 28225)
Claim # 96788 *(following previous claim(s))*



*Served to:*
(a) Via post (and sent via email by default):
**Office of the Clerk of the United States Bankruptcy Court for the District of Delaware**
824 Market Street, 3rd Floor,
Wilmington, Delaware 19801

(b) via email:
**Sullivan & Cromwell LLP**
Attn: Alexa J. Kranzley  (kranzleya@sullcrom.com)

**Landis Rath & Cobb LLP**
Attn: Adam G. Landis  (landis@lrclaw.com) & Kimberly A. Brown  (brown@lrclaw.com)

1. **<u>Unverified Claims background</u>**

    I understand the Debtor is requesting that upon expiration of the KYC Commencing Deadline and the KYC Submission Deadline (respectively March 1, 2025 and June 1, 2025), claims related to the Schedule on exhibit are disallowed and expunged

    This Schedule (Schedule 1) covers over 481 000 claims with incomplete or no KYC data processed. This is considering the total of "*1.9 million Customer Entitlement Claims (including 1.2 million scheduled De Minimis Claims) which have net positive balances as of the Petition Date*" (Kumanan Declaration, D.I. 28227) whilst to date the KYC process has been completed for approx. 160 000 claims and the Total Claim and Reserve count amounts to 672 375 claims (D.I. 28103 Exhibit 1)
    The Schedule refers to claimants by Customer IDs matched to Claim and/or Schedule Numbers. It contains:
    - <u>Customer IDs included in the Initial and Amended Customer Schedules</u> (Filed in in March, amended June 2023 and supplemented in January 2024)
        - Cross-referenced to *Claim number(s)*, <u>or</u>
        - Cross-referenced to a *Schedule number* (suggesting potentially unclaimed funds or a scheduled claim unmatched to a claim filed by creditor(s))
    - <u>Customer IDs not included in the Initial or Amended Customer Schedules</u>
        - Cross-referenced to *Claim number(s)* that can be traced back to what appears to be a *Schedule number*, or

- o Cross-referenced to *Claim number(s)* but cannot be traced back to a *Schedule number*, the large majority of those are already subject to « No Liability » Objections (with an order already issued or still pending), or
- o Cross-referenced to what appears to be a *Schedule number* and no *Claim number(s)* is mentioned (possibly unclaimed entitlements not referenced in the Filed and Amended Customer Schedules)

The Objection seeks to impose a deadline to secure a timely and orderly implementation of the Plan, and to protect the Estate from violating OFAC and AML obligations.

2. **Argument**
   a. As a claimant I cannot identify and confirm with certainty that my claims/entitlements are covered in this Objection. This is due to the granularity of the data cross-referenced only by either Claim or Schedule number.
   The inclusion of Customer IDs/Schedule numbers that are absent from the Initial and Amended Customer Schedules and not referenced against Claim number(s) renders the exercise cumbersome if not impossible in my situation.

   b. The imposed deadline appears to be challenging if not unrealistic for certain types of customers. In volume, 480 000 entitlement claims represent 3 times as many claims as the 160 000 for which KYC has been completed to date. As the population of creditors is likely to include cases that are not straightforward, including international customers and a more complex claim reconciliation exercise, it appears that a more granular approach may be warranted.
   For example, distinguishing Claims where a "No Liability" Objection has already been expunged by Order of this Court (as there are number) from valid claims from individual customers that require further reconciliation.

   c. It would also be unfair treatment to individual creditors to be held to the same standards as potential OFAC sanctioned parties (for which funds will have to be frozen rather than simply expunged) or AML offenders.
   Again, a more granular approach seems required so that the approach and potential deadlines are fair to each population of creditors. As some patterns can be identified and the process expedited for some types of claims/claimants, fair consideration is required for creditors with valid claims which entitlement may be more complex to complete for reasons outside of their remit and reach.

   d. Last, as this objection covers a large amount of entitlement and it was filed prior to 12 December 2024, it is unclear to what extent valid entitlements herein are covered in the Reserve calculation and projected Allowed Claims.

3. **Request**
   As I intend to further engage with the Debtor and their professionals, I expect to be able to agree a timeline for appropriate KYC and entitlement reconciliation. I have not received a number of the customer communications for reasons previously mentioned. In particular, to **get confirmation of the current status of my claim** (in particular whether or not it is included in this Motion's Schedule) and **convene a timeline and approach for KYC submissions and completion of the reconciliation exercise**.

   In respect of the approach suggested by the Motion, a **more granular segmentation** seems warranted in order to ensure fairer treatment **with an understanding the implementation of the Plan requires an expedited timeline for certain segments of claimants, appropriate timeline for other customers** and **revised Reserves if required.**

816051X1X1XPRI
CLICK2MAIL
PO BOX 100729
ARLINGTON, VA 22210-3729

1*************************SNGLP 480

Office of the Clerk US Bankruptcy Court
for the District of Delaware
824 N Market St FL 3
Wilmington, DE 19801