IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## CERTIFICATION OF KIMBERLY A. BROWN

I, Kimberly A. Brown, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, hereby certify that:

1. I am a partner with Landis Rath & Cobb LLP ("LRC"), and I am duly authorized to make this certification on behalf of LRC. LRC was retained by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"). This certification is made in support of the *Final Fee Statement of Landis Rath & Cobb LLP as Bankruptcy Co-Counsel to the Debtors and Debtors-In-Possession for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From November 11, 2022 Through and Including October 8, 2024* (the "Final Fee Statement") and in compliance with rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

{1368.003-W0079285.}

*Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "U.S. Trustee Guidelines").

2. To that end, the following is provided in response to the request for additional information set forth in ¶ C.5 of the U.S Trustee Guidelines:

> **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.
>
> Response:    No.
>
> **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?
>
> Response:    N/A.
>
> **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?
>
> Response:    No.
>
> **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.
>
> Response:    No.
>
> **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.
>
> Response:    In connection with preparing its Monthly Fee Applications, LRC reviews for privileged or other confidential information. The amount of time spent and description of these services are detailed in Exhibit A to each of the Monthly Fee Applications and the amount of hours and fees associated therewith are quantified on Exhibit F to each of the Interim Fee Applications.
>
> **Question**: If the fee application includes any rate increases since retention: (i) Did the client review and approve those rate increases in advance? (ii) Did the client agree when retaining LRC to accept all future rate increases? If not, did LRC inform

the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

<u>Response</u>:    The client was notified at the outset of the engagement that LRC's hourly rates are reviewed and revised from time to time.

3. I have read the Final Fee Statement and I certify that the Final Fee Statement substantially complies with Local Rule 2016-2 and the U.S. Trustee Guidelines.

Dated: January 10, 2025                                         <u>/s/ *Kimberly A. Brown*</u>
                                                                                     Kimberly A. Brown