IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |

### CERTIFICATION OF SASCHA N. RAND

I, Sascha N. Rand, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, hereby certify that:

1.    I am a Partner in the firm of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), and I am duly authorized to make this certification on behalf of Quinn Emanuel. Quinn Emanuel was retained by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively the "Debtors"). This certification is made in support of the *Final Fee Application of Quinn Emanuel Urquhart & Sullivan, LLP for Services Rendered and Reimbursement of Expenses for the Period from November 13, 2022 Through and Including October 8, 2024* (the "Application") and in compliance with Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rule 2016-2"), and with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in*

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), 28 C.F.R. pt. 58, app. A (1996).

2. To that end, the following is provided in response to the request for additional information set forth in ¶ C.5 of the U.S. Trustee Guidelines:

> **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.
>
> Response: Yes. Quinn Emanuel agreed to provide a 10% discount to its standard billing rates for this engagement, which standard rates are not different from (a) the rates that Quinn Emanuel charges for most other non-bankruptcy representations or (b) the rates of other comparably skilled professionals.
>
> **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?
>
> Response: N/A
>
> **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?
>
> Response: No. The hourly rates used by Quinn Emanuel are consistent with the rates that Quinn Emanuel charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.
>
> **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.
>
> Response: In connection with preparing its Monthly Fee Applications, Quinn Emanuel reviews and revises time records and/or prepares, reviews, and revises invoices. The amount of time spent and description of these services are detailed in **Exhibit A** to each of the Monthly Fee Applications and the amount of hours and fees associated therewith are quantified in **Exhibit F** to each of the Interim Fee Applications.
>
> **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

<blockquote>

<u>Response</u>:  In connection with preparing its Monthly Fee Applications, Quinn Emanuel reviews for privileged or other confidential information.  The amount of time spent and description of these services are detailed in **Exhibit A** to each of the Monthly Fee Applications and the amount of hours and fees associated therewith are quantified in **Exhibit F** to each of the Interim Fee Applications.

**Question**:  If the fee application includes any rate increases since retention: (i) Did the client review and approve those rate increases in advance? (ii) Did the client agree when retaining Quinn Emanuel to accept all future rate increases?  If not, did Quinn Emanuel inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

<u>Response</u>:  The Application includes increases since retention, specifically as of September 1, 2023 and as of September 1, 2024.  The Debtors reviewed and approved those rate increases in advance of being billed for them.  With respect to question (ii), the Debtors were informed when they retained Quinn Emanuel that the firm may increase its rates from time to time, including on each September 1.

</blockquote>

3. I have read the Final Fee Application and I certify that the Final Fee Application substantially complies with Local Rule 2016-2 and the U.S. Trustee Guidelines.

Dated: New York, New York
       January 10, 2025

*/s/ Sascha N. Rand*
Sascha N. Rand
Partner, Quinn Emanuel Urquhart & Sullivan, LLP
