# **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref No. ~~__~~ **28225** |

**ORDER SUSTAINING DEBTORS' ONE HUNDRED THIRTIETH
(NON-SUBSTANTIVE) OMNIBUS OBJECTION TO
UNVERIFIED CUSTOMER ENTITLEMENT CLAIMS**

Upon the one hundred thirtieth omnibus objection (the "Objection")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") sustaining the Objection and disallowing and expunging in their entirety the Unverified Claims set forth in Schedule 1 attached hereto, and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Objection in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

notice of the Objection and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and responses (if any) to the Objection having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Objection and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Objection is SUSTAINED as set forth herein.

2. In the event that the Original Holder of an Unverified Claim listed on Schedule 1 attached hereto does not commence[3] the KYC submission process with respect to such Unverified Claim on or prior to March 1, 2025 at 4:00 p.m. (ET) (the "KYC Commencing Deadline"), such Unverified Claim shall be disallowed and expunged in its entirety.

3. In the event that the Original Holder of an Unverified Claim listed on Schedule 1 attached hereto does not submit all KYC information requested by the Debtors or their KYC vendors on or prior to June 1, 2025 at 4:00 p.m. (ET) (the "KYC Submission Deadline"), such Unverified Claim shall be disallowed and expunged in its entirety.

4. If the Original Holder of an Unverified Claim listed on Schedule 1 both (a) commences the KYC submission process with respect to such Unverified Claim on or prior

---

[3] "Commencing" the KYC submission process means logging into the Customer Claims Portal and beginning "Step 3 – Provide Know Your Customer (KYC) Information" for the Original Holder.

to the KYC Commencing Deadline and (b) submits all requested KYC information requested by the Debtors or their KYC vendors on or prior to the KYC Submission Deadline, the Debtor shall deem such Unverified Claim to be removed from Schedule 1 and shall consider the Objection resolved with respect to such Unverified Claim.

5. Upon expiration of the KYC Commencing Deadline and the KYC Submission Deadline, as applicable, the Debtors shall file a notice of expungement with the Court attaching a schedule of all Unverified Claims that are disallowed and expunged in their entirety pursuant to paragraphs 2 and 3 of this Order.

6. To the extent that an Unverified Claim in Schedule 1 had been transferred to a different Holder of record on or before July 13, 2023 when the customer claims portal went online, then the Debtors shall permit such secondary Holder of such Unverified Claim a reasonable opportunity to submit original source KYC information under penalty of perjury on the Original Holder's behalf for the Debtors' consideration, subject to the Debtors conducting sanctions screening on the Original Holder, prior to disallowing and expunging such Unverified Claim pursuant to paragraphs 2 or 3 of this Order.

7. ~~6.~~ For the avoidance of doubt, this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to, any Unverified Claim referenced or identified in the Objection that is not listed on Schedule 1 or that is subsequently deemed removed from Schedule 1.

8. ~~7.~~ The rights of the Debtors and all holders of Claims are reserved in the event KYC information is completed by the KYC Submissions Deadline but cannot be validated or is otherwise rejected by the Debtors.

-3-

9. ~~8.~~ Should one or more of the grounds of objection stated in the Objection be dismissed, the Debtors' right to object on any other grounds that the Debtors discover are preserved.

10. ~~9.~~ To the extent a response is filed regarding any Unverified Claim, each such Unverified Claim, and the Objection as it pertains to such Unverified Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed a separate order with respect to each Unverified Claim. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

11. ~~10.~~ The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

12. ~~11.~~ Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Debtors may have to enforce rights of setoff against the claimants.

13. ~~12.~~ Nothing in the Objection or this Order, nor any actions made by the Debtors pursuant to this Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest

in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (g) an admission as to the "Allowance" (as such term is defined in the Plan) of any claim against the Debtors; or (h) amending, superseding, or otherwise modifying any of the requirements or deadlines with respect to any aspect of section 7.14 of the Plan, including the Pre-Distribution Requirements defined therein.

14. ~~13.~~ This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

15. ~~14.~~ This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Objection or the implementation of this Order.

Dated: _____
      Wilmington, Delaware

The Honorable John T. Dorsey
Chief United States Bankruptcy Judge