**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: February 27, 2025 at 10:00 a.m. (ET)**<br>**Obj. Deadline: February 4, 2025 at 4:00 p.m. (ET)** |
| | **Ref. Nos. 29351 & 29352** |

**MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER
AUTHORIZING THE FTX RECOVERY TRUST TO FILE CERTAIN
INFORMATION CONTAINED IN THE INVESTMENT SERVICES
TRANSACTION REPORT UNDER SEAL**

The FTX Recovery Trust[2] hereby submits this motion (this "Motion") for entry of

an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section

107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"),

rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9018-

1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

for the District of Delaware (the "Local Rules"), authorizing the FTX Recovery Trust to file under

seal certain Confidential Information (as defined below) contained in the Transaction Report (as

defined below).   Certain facts supporting this Motion are set forth in the *Declaration of Kumanan*

*Ramanathan* (the "Ramanathan Declaration") attached hereto as Exhibit B.  In further support of

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and
4063, respectively.  Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list
of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is
Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the
effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX
Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1].

this Motion, the FTX Recovery Trust respectfully states as follows:

## Background

1.      On November 11 and November 14, 2022, FTX Trading Ltd. ("FTX") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

2.      On October 7, 2024, the Court confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan"), and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404].

3.      On January 3, 2025, the Effective Date (as defined in the Plan) occurred, which, among other things, established the FTX Recovery Trust and transferred, assigned, and vested all of the Debtors' assets in the FTX Recovery Trust. *See Notice of Effective Date of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 29127].

## Facts Specific to the Relief Requested

4.      On September 13, 2023, the Court entered the *Order Authorizing FTX Trading Ltd. to Enter Into, and Perform its Obligations Under, the Investment Services Agreement* [D.I. 2504] (the "ISA Order") and the *Order Authorizing and Approving (i) Guidelines for the Sale or Transfer of Certain Digital Assets, (ii) the Sale or Transfer of such Digital Assets in Accordance with such Guidelines Free and Clear of Any Liens, Claims, Interests and Encumbrances, (iii) the Debtors' Entry Into, and Performance Under, Postpetition Hedging Arrangements, Including*

*Granting Liens and Superpriority Administrative Expense Claims in Connection Therewith and* *(iv) the Debtors to Stake Certain Digital Assets* [D.I. 2505] (the "<u>Digital Asset Sales Order</u>" and together with the ISA Order, the "<u>Sales Orders</u>").

5.      The Sales Orders authorized the Debtors to engage in the monetization, staking and hedging of the Debtors' digital assets with the assistance of the Debtors' investment manager, Galaxy Capital Management LP ("<u>Galaxy</u>"), pursuant to the terms of that certain Investment Services Agreement, dated August 23, 2024, between FTX and Galaxy (as amended, amended and restated, modified or supplemented from time to time, the "<u>ISA</u>").

6.      Pursuant to the Sales Orders, the Debtors have monetized their digital assets in a highly competitive private auction process.  The FTX Recovery Trust intends to engage in future monetization activities with respect to its remaining digital assets, including where appropriate through a competitive private auction process.  (Ramanathan Decl. ¶ 6.)

7.      Pursuant to the ISA Order, within 15 calendar days of the earlier of (i) termination of the Investment Services Agreement and (ii) the Effective Date of the Debtors' Plan, for each sale of digital assets completed by Galaxy pursuant to the ISA Order, the Debtors are required to file a transaction report (the "<u>Transaction Report</u>") containing the following information: (1) transaction date; (2) seller; (3) buyer; (4) number of tokens sold; (5) type of tokens sold; and (6) sale price.  ISA Order ¶ 8.  The ISA Order explicitly preserved the Debtors' right to seek to file the Transaction Report under seal.  *Id*.

8.      In accordance with the ISA Order, on January 21, 2025, the FTX Recovery Trust filed the Transaction Report [D.I. 29352].  The Transaction Report contained certain commercially sensitive information (the "<u>Confidential Information</u>") and was accordingly filed in a redacted format.

9.       Each of the specific categories of information contained in the Transaction Report—with the exception of the identity of the Debtor-Seller category—constitutes Confidential Information.  If the Transaction Report is publicly disclosed, bidders in future auctions likely would use the transaction information—including, in particular, the pricing information—contained therein to structure their bids in a manner that could result in a lower return to the FTX Recovery Trust than would be expected if the Transaction Report was not publicly disclosed. (Ramanathan Decl. ¶ 7.)  Additionally, public disclosure of buyers' identities in the Transaction Report may encourage information sharing among bidders in future private auctions held by the FTX Recovery Trust, potentially affecting the value of bids received in those auctions.  Such disclosure could ultimately result in a reduced amount of proceeds being made available for distribution to the FTX Recovery Trust's creditors.  (Ramanathan Decl. ¶ 8.)

## Jurisdiction

10.       The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code, rule 9018 of the Bankruptcy Rules and rule 9018-1 of the Local Rules.  Pursuant to rule 9013-1(f) of the Local Rules, the FTX Recovery Trust consents to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

11.       By this Motion, the FTX Recovery Trust requests entry of the Order,

substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the FTX Recovery Trust to file the Transaction Report under seal.

## Basis for Relief

12.     Bankruptcy Code section 107 authorizes the issuance of orders that protect parties from the potential harm resulting from the disclosure of confidential information. Specifically, section 107(b)(1) states that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or other confidential research, development, or **commercial information** . . . ." (emphasis added).    "Commercial information" has been defined as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Video Software Dealers Ass'n* v. *Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). *See also In re Global Crossing*, 295 B.R. at 725 (noting that the purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

13.     Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature).    Unlike its counterpart in rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *In re Orion Pictures Corp.*, 21 F.3d at 28.

14.     Bankruptcy Rule 9018 and Local Rule 9018-1 also authorize the filing under seal of documents containing confidential information.  If an interested party is requesting to seal information covered by section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application."   *Id.* at 27.

15.     The FTX Recovery Trust intends to monetize certain of its remaining digital asset holdings utilizing, where appropriate, a competitive private auction process.  If the Confidential Information is publicly disclosed, bidders in future auctions likely would use the Confidential Information including, in particular, the pricing information achieved through competitive sales processes contained therein to structure their bids in a manner that could result in a lower return to the FTX Recovery Trust than would be expected if the Confidential Information was not publicly disclosed.  Such disclosure would ultimately result in a reduced amount of proceeds being made available for distribution to the FTX Recovery Trust's creditors.

16.     For example, bidders could use the spreads on past sales of certain digital assets displayed in the Transaction Report to anchor their bids for those same assets in future auctions.  Without access to the Confidential Information in the Transaction Report, bidders would be forced to place bids based on what they believe to be competitive in the broader market for that particular digital asset, and would not be able to utilize the public disclosure of the past sales transactions in the Transaction Report to price their bids.

17.     Additionally, public disclosure of buyers' identities in the Transaction Report may encourage information sharing between bidders in future private auctions held by the FTX Recovery Trust, potentially reducing the value of bids received in those auctions and ultimately resulting in a lower return to the FTX Recovery Trust.

18.     Furthermore, no party-in-interest is prejudiced by the Confidential

Information in the Transaction Report being sealed, and the FTX Recovery Trust shall disclose an unredacted Transaction Report to the Court and the U.S. Trustee.  Accordingly, to maximize the value of the FTX Recovery Trust's remaining digital assets, the FTX Recovery Trust requests that the Confidential Information contained in the Transaction Report be sealed on the docket of these Chapter 11 Cases pursuant to section 107 of the Bankruptcy Code and Bankruptcy Rule 9018.

**Certification Pursuant to Local Rule 9018-1(d)(iv)**

19.    The undersigned counsel hereby certifies that the proposed redacted Transaction Report reflects the redactions the FTX Recovery Trusts believes are necessary to preserve the Confidential Information.

**Notice**

20.    Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) to the extent not listed herein, those parties requesting notice pursuant to rule 2002 of the Federal Rules of Bankruptcy Procedure; and (g) Galaxy.  The FTX Recovery Trust submits that, in light of the nature of the relief requested, no other or further notice need be provided.

**Conclusion**

For the foregoing reasons, the Court should enter the Order, substantially in the form attached hereto as Exhibit A, authorizing the FTX Recovery Trust to file the Confidential Information in the Transaction Report under seal.

Dated: January 21, 2025
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*

Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:  landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Christian P. Jensen (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        jensenc@sullcrom.com

*Counsel for the FTX Recovery Trust*