IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> FTX TRADING LTD., *et al.*, [1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-11068 (JTD) <br><br> (Jointly Administered) <br><br> **Ref. No. 29111** |

**ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME CERTAIN EXECUTORY CONTRACTS, (II) FIXING CURE AMOUNTS WITH RESPECT THERETO AND (III) GRATING RELATED RELIEF**

Upon the motion (the "Motion") of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing the Debtors to assume the executory contracts identified on Schedule 1 to this Order (including, without limitation, any and all amendments, modifications, memoranda of understanding, documents incorporated by reference, and attachments and exhibits thereto, each an "Contract" and collectively, the "Contracts"), (b) fixing the amounts required to be paid by the Debtors to satisfy any monetary defaults arising under the Contracts, pursuant to section 365(b)(1) of the Bankruptcy Code, as the amounts identified for each Contract on Schedule 1 to the Order (each, a "Cure Amount," and collectively, the "Cure Amounts") and (c) granting

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings held before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors, and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Debtors are authorized to, and hereby do, assume the Contracts identified on <u>Schedule 1</u> attached hereto.

3. The Cure Amounts shall be fixed at the amounts set forth in <u>Schedule 1</u> attached hereto. The Debtors shall pay to the applicable counterparty the Cure Amounts for Contracts set forth on <u>Schedule 1</u> as soon as practicable after entry of this Order. Upon payment

of the Cure Amounts, the counterparties to such Contracts shall be forever barred from asserting any additional Cure Amount or other claims arising prior to the date hereof with respect to such Contract, and the payment of such Cure Amount shall effect a cure of all defaults existing as of the date of assumption and shall compensate for any actual pecuniary loss to such counterparty from such default.

4. The Debtors have demonstrated adequate assurance of future performance and have satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code.

5. The Debtors' rights to later assign any of the Contracts, in each case subject to, and in accordance with, the requirements of section 365 of the Bankruptcy Code, are hereby preserved and shall not be impaired by the entry of this Order.

6. In accordance with sections 2.5 and 6.1 of the Plan, any Contract assumed by a Consolidated Debtor (as defined in the Plan) pursuant to this Order shall automatically transfer to the FTX Recovery Trust as if such Contract had been assumed prior to the effective date of the Plan.

7. Nothing herein or in the Motion, nor any action by the Debtors to implement this Order, shall constitute an admission of the validity, nature, amount or priority of any claim against the Debtors or a waiver of the right of the Debtors or any claims or causes of actions which may exist against any counterparty of the Contracts, or shall impair the ability of the Debtors to contest or seek relief under any section of the Bankruptcy Code in respect of the validity and amount of any payment made pursuant to this Order.

8. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

9. This Order shall be deemed to constitute a separate order with respect to each Contract governed hereby.

10. Notwithstanding the applicability of any Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry of this Order.

11. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: January 27th, 2025
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

- 4 -