# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

In re: FTX TRADING LTD., et al.,

                Debtors.

**Chapter 11**
Case No. 22-11068 (JTD)
Jointly Administered

**Ref. No. 29209 and 29233**

# RESPONSE TO FTX DEBTORS' OBJECTION TO MOVANT'S MOTION TO INTERVENE, FOR ABSTENTION, AND RELATED RELIEF

**Movant:** Seyed Ali Mazlouman, Pro Se

## TO THE HONORABLE JOHN T. DORSEY, UNITED STATES BANKRUPTCY JUDGE:

Seyed Ali Mazlouman ("**Movant**"), appearing pro se, respectfully submits this Response to the FTX Debtors' Objection to Movant's Motion to Intervene, For Abstention, and Related Relief. The FTX Debtors ("Trust") challenge Movant's standing based on inapplicable case laws and misinterpret the nature and basis of Movant's claims. Movant has a direct, legally cognizable interest in preventing the fraudulent distribution of assets within the FTX bankruptcy estate and meets the requirements for intervention under the Bankruptcy Code.

# I. INTRODUCTION

The Trust's objection attempts to dismiss Movant's claims by citing inapplicable legal precedent and ignoring the Bankruptcy Court's inherent duty to investigate fraudulent claims and asset transfers to argue that Movant lacks standing to participate in these proceedings. The objection relies heavily on *In re Logan* and *In re Brickell Investment Corp.*, cases that are neither binding on this Court nor relevant to the specific facts and legal posture of this matter.

Movant seeks to prevent the improper distribution of fraudulently transferred assets BlockForce Capital Vesper DeFi Growth Fund ("**BlockForce**"), Blooming Triumph International Limited ("**Blooming**") and Bequant Prime Limited and Bequant Pro Limited (together, the "**Bequant**"). These claims are grounded in allegations of fraudulent transfers, fabricated documents, and violations of federal law, all of which fall squarely within the Court's jurisdiction. As a result Movant has a direct, legally cognizable interest in the assets of the bankruptcy estate due to fraudulent conveyances and the involvement of entities acting as alter egos of each other in a racketeering scheme.

Movant's requests for intervention, abstention, and other relief are proper and should be granted.

# II. ARGUMENTS

### A. The Trust's Reliance on *In re Logan* and *In re Brickell Investment Corp.* Is Misplaced

#### 1. *In re Logan* Is Factually and Legally Distinct

*In re Logan* dealt with Missouri state law exemptions in a Chapter 7 bankruptcy context, focusing on whether a workers' compensation claim could be exempted under state law.

**Distinction:** Movant's claims arise under federal bankruptcy law (11 U.S.C. §§ 544, 548) and directly involve fraudulent transfers affecting the estate, not state-law exemptions. Unlike the debtors in Logan, Movant has alleged that specific assets—misappropriated and fraudulently conveyed—are improperly claimed by **Bequant, Blooming** and **BlockForce**. This establishes a direct connection between Movant's claims and the assets within the bankruptcy estate.

**Legal Support:** Bankruptcy courts have an independent duty to address fraudulent claims and transfers under the Bankruptcy Code.

## 2. *In re Brickell Investment Corp.* Does Not Apply

*Brickell* focused on whether a bankruptcy court could award attorney's fees under the Internal Revenue Code, concluding it lacked jurisdiction to do so under the Internal Revenue Code due to the court not being an Article III court. The issue was purely procedural and jurisdictional concerning statutory fee awards.

**Distinction:** Movant is not seeking attorney's fees but is exercising his right to intervene as a "party in interest" under 11 U.S.C. § 1109(b) and applicable bankruptcy rules, which explicitly allow interested parties to participate in the proceedings. The Trust incorrectly applied Brickell to Movant's intervention request. Unlike Brickell, where the issue involved third-party tax disputes, Movant's interest directly relates to the administration of the bankruptcy estate and the adjudication of fraudulent conveyance claims.

**Legal Support:** Under 11 U.S.C. § 1109(b), "party in interest" is broadly construed to include any party with a legally protected interest that could be affected by the outcome of the bankruptcy case. The Third Circuit in In re Amatex Corp., 755 F.2d 1034 (3d Cir. 1985), recognized that "parties in interest" include individuals directly affected by estate administration. Movant's claims are not speculative but arise from fraudulent transfers of digital assets now intertwined with the FTX estate. Movant's assets were fraudulently

conveyed to entities now participating in the FTX estate claims process. This gives Movant a direct and pecuniary interest in ensuring that the estate's assets are properly administered.

The cases the Trust cited—In re Logan and In re Brickell Investment Corp.—originate from jurisdictions outside the Third Circuit, where the Delaware Bankruptcy Court resides. These decisions are non-binding; the Delaware Bankruptcy Court is bound by Third Circuit and Supreme Court precedent and no binding authority supports the Trust's interpretation that Movant lacks standing. For the reasons stated above, the cases cited by the Trust—In re Logan and In re Brickell Investment Corp.—are factually and legally inapplicable to Movant's Motion to Intervene.

### B. Movant Has Standing as a Party in Interest

Movant's digital assets were fraudulently transferred through HitBTC, Bequant, and ultimately to Blooming, Bequant and BlockForce, creating a direct interest in the proper administration of the estate. Bankruptcy courts have an independent duty to address fraudulent claims and transfers under the Bankruptcy Code. Allowing intervention ensures that fraudulent transfers and misappropriated assets are properly addressed while barring intervention in cases of fraud undermines the integrity of bankruptcy proceedings.

**Legal Support:** 11 U.S.C. § 1109(b) grants broad participation rights to any "party in interest," including creditors and individuals affected by estate administration. 11 U.S.C. §§ 544, 548 authorize this Court to scrutinize and avoid fraudulent transfers, irrespective of the creditor's procedural status. In re American Int'l Refinery, Inc., 402 B.R. 728 (Bankr. W.D. La. 2008), demonstrates that bankruptcy courts may adjudicate RICO claims tied to fraudulent conveyances.

### C. The Bankruptcy Court Has Inherent Authority to Investigate Fraudulent Conduct

Under 11 U.S.C. § 105(a), bankruptcy courts have broad equitable authority to prevent abuse of process and address fraud. Movant has presented evidence of fraudulent documents (e.g., the voided DocuSign envelope in Exhibit J) and suspicious asset transfers that warrant investigation. Given that The Bankruptcy Court has inherent authority and statutory obligations to address fraudulent activities, fraudulent conveyances, and misappropriations of assets within the estate and this responsibility extends beyond the interests of scheduled creditors the Court has an independent duty to investigate fraudulent documents, fraudulent proofs of claim, and questionable sources of funds.

### D. Movant's Request for Abstention Is Procedurally Sound

Under 28 U.S.C. § 1334(c)(1) Abstention allows a competent court to adjudicate claims more appropriately handled outside bankruptcy (e.g., fraud, RICO, and sanctions violations) in favor of state or other competent courts when it serves judicial economy and fairness. Mandatory Abstention applies Under 28 U.S.C. § 1334(c)(2) If the matter can be timely adjudicated in state court and Bankruptcy Court determines it lacks jurisdiction over certain claims, abstention ensures the matter is resolved in the proper venue.

Movant seeks abstention in good faith, to allow proper adjudication of non-bankruptcy claims in a competent court.not to delay proceedings and abstention promotes judicial efficiency and avoids duplicative litigation.

### E. Adjournment Status Does Not Resolve Claims

The proofs of Claim Remain Pending thus the Trust's assertion that adjourned hearings nullify the need for intervention is incorrect. The mere adjournment of hearings related to Blooming Triumph International Limited's claims does not eliminate the need for proper adjudication of those claims. Filed claims remain active on the docket and must be

adjudicated under Bankruptcy Rule 3007 whether or not hearings are presently scheduled. Movant's intervention is necessary to prevent fraudulent claims from being silently allowed or settled.

### F. Proof of Funds and Misappropriated Assets

Movant's request for verification of Blooming's funding sources aligns with the Court's duty to prevent the fraudulent depletion of the estate. Failure to investigate risks enabling the distribution of misappropriated or criminally obtained assets. in this regard and in execution of the Court Bar Date Order, the Blooming is required to provide "... source of wealth/source of funds, annual revenue/profit, authorized signer, identity of ultimate beneficial owners ("UBO"), identity of directors and or members of management, source of funds documents for any UBOs, directors or members of management, similar identification information and records as are collected for individual customers who are natural persons. (Debtors submit the Declaration of Kumanan Ramanathan in Support of Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims.   8.)[1]

Blooming Triumph International Limited's failure to provide sufficient documentation substantiating its funding sources raises red flags about its compliance with AML and KYC obligations. The Court must prevent potential violations of the Bank Secrecy Act (31 U.S.C. §§ 5311-5332), which mandates that entities involved in financial transactions disclose accurate, verified information. This noncompliance not only undermines the integrity of the bankruptcy process but also exposes the estate to potential regulatory and reputational risks.

---

[1] Case 22-11068-JTD Doc 28225, Page 6 of 18,   12.

### G. Unverified claims and KYC / AML issues

Federal bankruptcy law requires strict adherence to regulatory and compliance frameworks, particularly when estate assets originate from entities engaged in financial transactions. The Court ensures compliance with applicable anti-money laundering (AML) and know-your-customer (KYC) standards as part of its obligation to preserve the integrity of the estate. See In re Bittrex, Inc., Case No. 23-10597 (Bankr. D. Del. 2023), where this Court emphasized that estate administration must align with both regulatory compliance and public policy considerations.

The Trust in his Objection has named a few of the Blooming's claims I want to intervene whilst two of them the claims numbers **80491**[2] **and 81880**[3] turned to be Univerfied Claims[4] by definition of the Customer Bar Date Order[5] Thus their ownership status is not certain and I wish in this intervention to prove to the Court that the Blooming is not the real and legitimate owner of those funds.

Allowing unverified claims to proceed without rigorous scrutiny contradicts the Bankruptcy Court's role in upholding public trust and ensuring that estate assets are distributed lawfully. Courts have consistently held that ensuring regulatory compliance is a fundamental aspect of estate administration. See In re Pearlman, 478 B.R. 448 (Bankr. M.D. Fla. 2012) (requiring heightened scrutiny of claims associated with financial irregularities. Failure to address Blooming noncompliance risks the distribution of estate assets derived from potentially criminal transactions, including those involving sanctions violations under OFAC. This Court must ensure that such assets are not inadvertently legitimized through the bankruptcy process.

---

[2] Case 22-11068-JTD Doc 28225-2 Page 93 of 2928 (beside Customer Code 00260269)
[3] Case 22-11068-JTD Doc 28225-2 Page 2893 of 2928 (beside Customer Code 10216006, this customer also has the claims number 81880, 78499, 2910)
[4] Case 22-11068-JTD Doc 28225 Page 6 of 18,   10.
[5] Case 22-11068-JTD Doc 1793,   18.

I is worth restating the statement of the Trust that "In particular, prepetition management failed to consistently collect adequate"know-your-customer" ("KYC") information, failed to perform basic due diligence on customers who opened and held accounts on the FTX exchanges, and often failed to collect information about the source of funds sent to FTX and the FTX exchanges."[6] "The inadequate prepetition practices and recordkeeping increase the risk that the Debtors might allow claims of, and ultimately make distributions to, customers in violation of contractual protections and applicable law, including without limitation U.S. sanctions and money laundering laws and regulations. The Debtors also believe that the continuing magnitude of unverified customer claims adds complexity and uncertainty to the claims trading market."[7]

"In addition, the Money Laundering Control Act of 1986 (the "AML Act") prohibits certain financial transactions connected to unlawful activity. Among other provisions, the money laundering laws make it a crime to knowingly conduct a financial transaction that involves the proceeds of "specified unlawful activity" with one of four specific intents or to knowingly engage in a monetary transaction in property derived from specified unlawful activity with a value greater than $10,000"[8]

### I. Notifying US Agents including OFAC

As the Trust noted "the Office of Foreign Assets Control ("OFAC") administers and enforces economic sanctions against targeted foreign countries and regimes, terrorists, international narcotics traffickers and those engaged in threats to U.S. national security. Assets subject to OFAC sanctions are "blocked" and U.S. persons are generally prohibited from dealing with them. U.S. sanctions laws apply to both U.S. and non-U.S. persons when there is a U.S.

---

[6] Case 22-11068-JTD Doc 28225 Page 2 of 18,  1.
[7] Case 22-11068-JTD Doc 28225 Page 2 of 18,  2.
[8] Case 22-11068-JTD Doc 28225 Page 12 of 18,  29.

connection and include "anyone engaging in virtual currency activities in the United States, or that involve U.S. individuals or entities." Enforcement of OFAC sanctions is based on a strict liability legal standard, with substantial penalties for violations. Accordingly, the Debtors cannot make distributions on account of Unverified Claims (even if such claims are sold to a non-sanctioned person) given the risk of violating OFAC sanctions."

[9]"As with claims subject to OFAC sanctions, the Debtors cannot make distributions on account of Unverified Claims given the risk of violating the AML Act. Courts in this district have recognized the unique nature of anti-sanctions and money laundering risks associated with digital asset exchanges, and have prohibited distributions holders of claims who reside in sanctioned or restricted nations. See, e.g., In re Bittrex, Inc., Case No. 23-10598 (BLS) (Bankr. D. Del. Oct. 31, 2023) [D.I. 517] (confirming plan, where, among other things, the debtors were prohibited from disbursing cryptocurrency or fiat currency to any foreign national of a blocked, restricted or sanctioned nation)."[10]

---

[9] Case 22-11068-JTD Doc 28225 Page 12 of 18,  89.
[10] Case 22-11068-JTD Doc 28225 Page 12 of 18,  29.

## III. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court:

1. Overrule the FTX Debtors' objection.

2. Grant Movant's Motion to Intervene.

3. Grant abstention to allow adjudication of certain claims in a competent forum.

4. Order an investigation into Blooming's fraudulent documents and funding sources.

5. Grant such other relief as the Court deems just and proper.

**Respectfully submitted,**

*Seyed Ali Mazlouman*           Jan 21 2025

**Seyed Ali Mazlouman**

Pro Se Movant

No. 17/1, Malak Abad Street 19

Kamal ol Molk Alley 2

Mashhad, Khorasan Razavi

Iran, Postal Code: 9186764867

# CERTIFICATE OF SERVICE

I hereby certify that on Jan 21, 2025, I caused a true and correct copy of the foregoing Motion to be served via electronic mail on the following parties:

The Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor, Wilmington, Delaware 19801

And:

Counsel to the Debtors[11], Counsel to Blooming[12], U.S. Trustee[13], Counsel to the Committee[14], Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com ("Ad Hoc Committee")[15], Bequant[16], Counsel to Debtors, The contact Person in the Proofs of Claim[17] Also because the primary account belongs to Alacris, I notified it as well.[18]

Respectfully submitted,

/s/ **Seyed Ali Mazlouman**

Pro Se Movant

*Seyed Ali Mazlouman*

Jan 21 2025

---

[11] Sullivan & Cromwell LLP: Alexa J. Kranzley (kranzleya@sullcrom.com) and Landis Rath & Cobb LLP: 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com ).
[12] KASEN & KASEN, P.C: Jenny R. Kasen,(jkasen@kasenlaw.com) BOSTON LAW GROUP, PC: Valentin D. Gurvits (vgurvits@bostonlawgroup.com) Frank Scardino (frank@bostonlawgroup.com)
[13] david.gerardi@usdoj.gov;david.gerardi@usdoj.gov;benjamin.a.hackman@usdoj.gov; benjamin.a.hackman@usdoj.gov;jon.lipshie@usdoj.gov; jon.lipshie@usdoj.gov; linda.richenderfer@usdoj.gov; linda.richenderfer@usdoj.gov
[14]
[15] MORRIS, NICHOLS, ARSHT & TUNNELL LLP: Matthew B. Harvey (mharvey@morrisnichols.com) Jonathan M. Weyand (jweyand@morrisnichols.com) & EVERSHEDS SUTHERLAND (US) LLP: Erin E. Broderick(erinbroderick@eversheds-sutherland.com)MichaelA.Rogers(michaelrogers@eversheds-sutherland.com)NathanielT.DeLoatch(nathanieldeloatch@eversheds-sutherland.com)SarahE.Paul(sarahpaul@eversheds-sutherland.com)
[16] leqal@bequant.io, qeorge.zarya@bequant.io and sergiu.frasineanu@bequant.io
[17] jake.cormack@chiron.xyz
[18] operations@alacriscapital.com

Yahoo Mail - Re: Motion to Intervene, for Abstention, Proof of Funds, Invalidation of Termination Deed, and Notification to U.S. Agencies

Case 22-11068-JTD    Doc 29441    Filed 01/29/25    Page 12 of 14

1/21/25, 18:14

# Re: Motion to Intervene, for Abstention, Proof of Funds, Invalidation of Termination Deed, and Notification to U.S. Agencies

From: ali maz (gapee1357@yahoo.com)

To: landis@lrclaw.com; mcguire@lrclaw.com; brown@lrclaw.com; pierce@lrclaw.com; dietdericha@sullcrom.com; bromleyj@sullcrom.com; gluecksteinb@sullcrom.com; kranzleya@sullcrom.com; vgurvits@bostonlawgroup.com; frank@bostonlawgroup.com; jkasen@kasenlaw.com; gapee1357@yahoo.com

Cc: david.gerardi@usdoj.gov; benjamin.a.hackman@usdoj.gov; jon.lipshie@usdoj.gov; linda.richenderfer@usdoj.gov; andreagordon@eversheds-sutherland.com; erinbroderick@eversheds-sutherland.com; marksherrill@eversheds-sutherland.com; peterivanick@eversheds-sutherland.com; sarahpaul@eversheds-sutherland.com; philipehrlich@eversheds-sutherland.com; lynnholbert@eversheds-sutherland.com; mharvey@morrisnichols.com; octopus_ftx@teamb.cn; gabesasson@paulhastings.com; krishansen@paulhastings.com; kenpasquale@paulhastings.com; erezgilad@paulhastings.com; lucdespins@paulhastings.com; samanthamartin@paulhastings.com; michele.wan@pulsar.com; jacky.yip@pulsar.com; mtoberman@alacriscapital.com; vs.chernyy@chiron.management; jake.cormack@chiron.xyz; support@hitbtc.com; george.zarya@bequant.io; compliance@hitbtc.com; legal@hitbtc.com; relations@hitbtc.com; support@pro.changelly.com; support@changelly.com

Date: Tuesday, January 21, 2025 at 06:13 PM GMT+1

**Dear Counsel,**

**Attached, please find our response to your objection. We will also be submitting this document to the Honorable Court. If possible, kindly forward this document to the Honorable Court as well.**

**Thank you.**

**Sincerely,**

**Seyed Ali Mazlouman**

On Friday, January 3, 2025 at 09:21:30 PM GMT+1, ali maz <gapee1357@yahoo.com> wrote:

**Dear Counsel,**

**I would like to bring to your attention a minor typo in the Certificate of Service. By this email, I confirm that the motion and exhibits were delivered on January 3, and this is the accurate date.**

**Thank you for your understanding.**

**Best regards,**

Yahoo Mail - Re: Motion to Intervene, for Abstention, Proof of Funds, Invalidation of Termination Deed, and Notification to U.S. Agencies

Case 22-11068-JTD    Doc 29441    Filed 01/29/25    Page 13 of 14

1/21/25, 18:14

On Friday, January 3, 2025 at 09:04:14 PM GMT+1, ali maz <gapee1357@yahoo.com> wrote:

Dear Counsel,

Attached, please find: *"Motion to Intervene, for Abstention, Proof of Funds, Invalidation of Termination Deed, and Notification to U.S. Agencies"* concerning **Blooming Triumph International Limited**.

- **Objection Deadline:** January 17, 2025, at 4:00 p.m. (ET)
- **Hearing Date:** To Be Determined

Should you have any questions or require additional information, please feel free to contact me directly.

Sincerely,
**Seyed Ali Mazlouman**

Pro Se Movant


Motions Ali Mazlouman.pdf
331.7kB

