**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: February 27, 2025 at 10:00 a.m. (ET) |
| | Obj. Deadline:  February 20, 2025 at 4:00 p.m. (ET) |

**MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER FURTHER EXTENDING THE TIME PERIOD WITHIN WHICH THE FTX RECOVERY TRUST MAY FILE NOTICES TO REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULES 9027 AND 9006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The FTX Recovery Trust[2] hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to 28 U.S.C. § 1452 and rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending the time period within which the FTX Recovery Trust may file notices to remove actions for a period of 120 days through and including May 30, 2025.  In support of the Motion, the FTX Recovery Trust respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1].

**Background**

1. On November 11 and November 14, 2022 (as applicable, the "Petition Date"),³ FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed with the Court voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].

2. On March 1, 2022, the Court entered the *Order Granting the Debtors' Motion to Extend the Time Period Within Which the Debtors May File Notices to Remove Actions Pursuant to 28 U.S.C. § 1452 and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure* [D.I. 788] (the "First Removal Extension Order"), extending the Removal Deadline (as defined below) to June 9, 2023.

3. On June 23, 2023, the Court entered the *Order Granting Motion of Debtors Further Extending the Time Period Within Which the Debtors May File Notices to Remove Actions Pursuant to 28 U.S.C. § 1452 and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure* [D.I. 1692] (the "Second Removal Extension Order"), extending the Removal Deadline through and including October 7, 2023.

4. On October 25, 2023, the Court entered the *Order Granting Motion of Debtors Further Extending the Time Period Within Which the Debtors May File Notices to Remove Actions Pursuant to 28 U.S.C. § 1452 and Rules 9027 and 9006 of the Federal Rules of Bankruptcy*

---

³ November 11, 2022 is the petition date for all Debtors referenced in this Motion, except for Debtor West Realm Shires Inc.

*Procedure* [D.I. 3368] (the "Third Removal Extension Order"), extending the Removal Deadline through and including February 5, 2024.

5. On February 20, 2024, the Court entered the *Order Granting Motion of Debtors Further Extending the Time Period Within Which the Debtors May File Notices to Remove Actions Pursuant to 28 U.S.C. § 1452 and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure* [D.I. 7599] (the "Fourth Removal Extension Order"), extending the Removal Deadline through and including June 4, 2024.

6. On June 20, 2024, the Court entered the *Order Granting Motion of Debtors Further Extending the Time Period Within Which the Debtors May File Notices to Remove Actions Pursuant to 28 U.S.C. § 1452 and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure* [D.I. 18038] (the "Fifth Removal Extension Order"), extending the Removal Deadline through and including October 2, 2024.

7. On October 18, 2024, the Court entered the *Order Granting Motion of Debtors Further Extending the Time Period Within Which the Debtors May File Notices to Remove Actions Pursuant to 28 U.S.C. § 1452 and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure* [D.I. 26977] (the "Sixth Removal Extension Order" and together with the First Removal Extension Order, the Second Removal Extension Order, the Third Removal Extension Order, the Fourth Removal Extension Order, and the Fifth Removal Extension Order, the "Removal Extension Orders"), extending the Removal Deadline through and including January 30, 2025.

8. On October 8, 2024, the Court entered an order (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Plan"), which became effective on January 3, 2025

[D.I. 29127] (the "Effective Date").[4] The Plan and Confirmation Order provide, among other things, that on the Effective Date, all of the Debtors' tangible and intangible assets of every kind and nature were transferred to the FTX Recovery Trust.

## Jurisdiction

9. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended *Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9027 and 9006. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the FTX Recovery Trust consents to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

10. Pursuant to Bankruptcy Rule 9027(a)(2) and the Removal Extension Orders, the current time period by which the FTX Recovery Trust may file notices of removal with respect to civil actions pending as of the Petition Date will expire on January 30, 2025 (the "Removal Deadline").[5] By this Motion, the FTX Recovery Trust requests entry of the Order, substantially in the form attached hereto as Exhibit A, (a) further extending the Removal Deadline

---

[4] Capitalized terms not defined herein shall have the meaning attributed to them in the Plan.
[5] Pursuant to Local Rule 9006-2, this deadline shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.


for a period of 120 days through and including May 30, 2025 with respect to civil actions pending as of the Petition Date and (b) granting certain related relief.

11.    The FTX Recovery Trust requests that the proposed May 30, 2025 deadline to file notices of removal apply to all matters pending as of the Petition Date as specified in Bankruptcy Rule 9027(a)(2)(A), (B) and (C) (the "Prepetition Actions") in addition to any and all matters initiated after the Petition Date as specified in Bankruptcy Rule 9027(a)(3) (the "Postpetition Actions," and together with the Prepetition Actions, the "Actions").

12.    The FTX Recovery Trust further requests that any extension of the Removal Deadline be without prejudice to (a) any position the FTX Recovery Trust may take regarding whether Bankruptcy Code section 362 applies to stay any given Action and (b) the right of the FTX Recovery Trust to seek further extensions of the Removal Deadline.

## Basis for Relief

13.    Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

14.    Bankruptcy Rule 9027(a)(2) sets forth the time period for filing notices to remove claims or causes of actions and provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed

> under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

15. Bankruptcy Rule 9006(b)(1) further provides that the Court may extend unexpired time periods, such as the Removal Deadline, without notice:

> [W]hen these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period . . . the court may-at any time and for cause-extend the time to act if: (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires; or (B) on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

16. The Court is authorized to grant the relief requested and extend the Removal Deadline. *See, e.g.*, *Pacor, Inc.* v. *Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating that under Bankruptcy Rule 9006(b), "it is clear that the court may grant such an extension [of time to remove]"), *overruled in part on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995); *Anchev* v. *335 West 38th St. Coop. Corp. (In re Anchev)*, 2009 Bankr. LEXIS 906, at *7-8 (Bankr. S.D.N.Y. April 15, 2009); (noting that removal period may be enlarged under Bankruptcy Rule 9006(b)); *Caperton* v. *A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (Bankruptcy Rule 9006 authorizes the enlargement of time periods for removing actions under Bankruptcy Rule 9027); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (Bankruptcy Rule 9006 authorizes the court to grant extensions of time to file a notice of removal). Moreover, such relief routinely is granted in this district without need for a hearing. *See*, *e.g.*, *In re Cred Inc., et al.*, Case No. 20-12836 (JTD) (Bankr. D. Del. February 19, 2021), D.I. 528 (extending the debtors' removal deadline by 90 days); *In re Mallinckrodt PLC, et al.*, Case No. 20-12522 (JTD) (Bankr.

D. Del. January 26, 2021), D.I. 1214 (extending the debtors' removal deadline by 120 days); *In re Boy Scouts of America and Delaware BSA, LLC*, Case No. 20-10343 (LSS) (Bankr. D. Del. June 3, 2020), D.I. 769 (same).

17. The FTX Recovery Trust submits that ample cause exists to extend the Removal Deadline. Since the Petition Date, as well documented in the record of these proceedings, the Debtors have been and the FTX Recovery Trust continues to be, among other things, focused on identifying and securing assets around the world, coordinating with constituencies in this and other chapter 11 and foreign insolvency proceedings, and conducting a multi-faceted investigation in furtherance of the core objectives outlined by Mr. John Ray, the Plan Administrator, including asset protection and recovery and claims assessment. The Debtors were able to successfully solicit approval of the Plan, worked with their diverse set of stakeholder constituencies to resolve objections to the Plan and, on October 8, 2024, the Court entered the Confirmation Order confirming the Plan. The Plan became effective on January 3, 2025 [D.I. 29127].

18. At present, the complexities of these Chapter 11 Cases make it premature for the FTX Recovery Trust to make a final determination as to the benefits and burdens relating to the removal of any Actions. Accordingly, the FTX Recovery Trust believes it is prudent to seek an extension of the Removal Deadline to protect its rights to remove any Actions. An extension of the Removal Deadline will provide the FTX Recovery Trust with time to make fully-informed decisions regarding the removal of any or all of the Actions and will ensure that the FTX Recovery Trust does not forfeit valuable rights under 28 U.S.C. § 1452. Accordingly, the FTX Recovery Trust submits that the relief requested herein is in the best interests of the FTX Recovery Trust and its beneficiaries.

19. Moreover, granting the extension of the Removal Deadline will not unduly prejudice the rights of the counterparties to the Actions. The Actions against the Debtors are stayed by operation of the automatic stay under Bankruptcy Code section 362(a). Further, any counterparty to an Action that is removed retain their rights under 28 U.S.C. § 1452(b) to seek remand. Accordingly, no counterparties to the Actions will be harmed by the FTX Recovery Trust's requested extension, and the requested extension of the Removal Deadline should be granted.

### Notice

20. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware and (f) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The FTX Recovery Trust submits that, in light of the nature of the relief requested, no other or further notice need be provided.

### Conclusion

WHEREFORE, for the reasons set forth herein, the FTX Recovery Trust respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  January 30, 2025<br>          Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: landis@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Christian P. Jensen (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>          bromleyj@sullcrom.com<br>          gluecksteinb@sullcrom.com<br>          jensenc@sullcrom.com<br><br>*Counsel for the FTX Recovery Trust* |