# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. No. 18036 |

**STIPULATION REGARDING DEADLINE FOR DEPARTMENT OF
THE TREASURY – INTERNAL REVENUE SERVCE TO COMPLETE
EXAMINATION OF DEBTORS' TAX RETURNS UNDER 11 U.S.C. § 505(b)(2)**

The FTX Recovery Trust[2], on behalf of itself and the Wind Down Entities, including FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "Debtors"), and the United States Department of the Treasury – Internal Revenue Service (the "IRS," and, together with the FTX Recovery Trust, the "Parties"), by and through their undersigned counsel, hereby stipulate as follows:

**RECITALS**

WHEREAS, on June 20, 2024, the Court entered the *Order (A) Authorizing Debtors' Entry Into, and Performance Under, the Settlement with the United States of America Regarding Federal Taxes; (B) Approving the Settlement; and (C) Granting Related Relief* [D.I. 18036] (the "Settlement Approval Order"); and

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1] (the "Plan"). Capitalized terms not defined herein shall have the meanings attributed to them in the Plan.

WHEREAS, pursuant to the Settlement Approval Order, the Court authorized the Debtors'

entry into, and performance under, the settlement (the "Settlement"), embodied in certain letters

dated April 11, 2024, May 14, 2024, and May 20, 2024 (the "Acknowledgement Letters"), attached

as Exhibit 1 to the Settlement Approval Order, between and among the Debtors and the IRS; and

WHEREAS, the Settlement, as embodied in the Acknowledgement Letters, provided for,

among other things:[3]

- Postpetition Tax Years. The parties agree that the first year for the Debtors' post-petition income tax and employment tax obligations shall be for the period beginning November 1, 2022, and continuing through to future tax years through the Effective Date of a plan confirmed by the Bankruptcy Court ("Postpetition Tax Years")

* * *

- Administrative Tax Expense. The Debtors represented they intend to use section 505(b)(2) of the Bankruptcy Code to request a determination of any unpaid liability of the estates under those procedures. The IRS agrees to subordinate to claims of customers and other creditors with interest paid at the Consensus Rate set forth in the Conforming Plan, pursuant to the Conforming Plan, all Claims of the IRS arising out of any Postpetition Tax Year, including without limitation any related penalties, statutory addition, or interest ("Senior Subordinated IRS Claims"), in accordance with the Acknowledgment Letters and the distribution waterfall of the Conforming Plan. To the extent there is a dispute regarding any audit of the Postpetition Tax Years that are not resolved between the Debtors, or its successors, and the IRS prior to the issuance of a statutory notice of deficiency, that matter shall be resolved after the issuance of a statutory notice of deficiency through a proceeding in the United States Bankruptcy Court.

* * *

- Obligation to Pay and File Federal Tax Returns Between the Petition Date and Effective Date. The Debtors shall file all federal tax returns for the Postpetition Tax Years, including federal income tax returns and federal employment tax returns. Nothing in this settlement shall prevent the IRS from auditing or examining the Postpetition Tax Years. In addition, nothing in this settlement shall relieve any

---

[3] Any summary of the Settlement and Acknowledgement Letters contained herein is qualified in its entirety by the actual terms and conditions of the Settlement, as embodied in the Acknowledgement Letters. To the extent that there is any conflict between any summary contained herein and the actual terms and conditions of the Acknowledgement Letters, the actual terms and conditions of the Acknowledgement Letters shall control.

entities created to effectuate the Plan from their federal tax filing and payment obligations.

WHEREAS, on August 15, 2024, the Debtors submitted federal tax returns for the Postpetition Tax Year ending October 31, 2023 (the "2023 Tax Returns"); and

WHEREAS, on August 26, 2024, the Debtors requested a determination from the IRS of any unpaid liability of the Debtors' estate on the 2023 Tax Returns pursuant to Section 505(b)(2) of the Bankruptcy Code; and

WHEREAS, the IRS is currently engaged in an examination of the 2023 Tax Returns; and

WHEREAS, pursuant to Section 505(b)(2) of the Bankruptcy Code, the IRS is required to complete its examination of the 2023 Tax Returns on or before February 22, 2025, or else the Debtors and their successors shall be discharged from any further federal income tax or employment tax liability upon payment of the tax shown on the 2023 Tax Returns; and

WHEREAS, the FTX Recovery Trust is engaged in discussions with the IRS in connection with its examination of the 2023 Tax Returns; and

WHEREAS, the Parties have met and conferred and have agreed, subject to the Court's approval, to extend the IRS's deadline to complete its examination by 90 days (to May 23, 2025) in order to accommodate their ongoing discussions; and

WHEREAS, the Parties respectfully request that the Court adopt the proposed extension as set forth below;

NOW, THEREFORE, IT IS ACCORDINGLY STIPULATED AND AGREED, by and between the Parties, through their respective counsel, subject to approval by the Court, as follows:

## **STIPULATION**

1.    The Parties agree that the deadline for the IRS to complete its examination of the 2023 Tax Returns shall be extended by 90 days, from February 22, 2025 to May 23, 2025.

2.      This Stipulation constitutes the entire agreement and understanding between the Parties with respect to the subject matter hereof.  The terms of this Stipulation may not be changed, amended, modified, or altered except by written agreement signed by each of the Parties or confirming emails exchanged by counsel to the Parties.

3.      The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

4.      The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

5.      This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws principles thereof.

6.      This Stipulation may be executed in any number of counterparts, and each such counterpart is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement.  Further, electronic signatures or transmissions of an originally signed document by facsimile or electronic mail shall be as fully binding on the Parties as an original document.

7.      The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to implementation of this Stipulation.

Dated:  January 31, 2025
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Marc De Leeuw (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Christian P. Jensen (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       deleeuwm@sullcrom.com
       gluecksteinb@sullcrom.com
       jensenc@sullcrom.com

*Counsel for FTX Recovery Trust*

Dated:  January 31, 2025

**DAVID A. HUBBERT**
Deputy Assistant Attorney General


*/s/ Elisabeth M. Bruce*
Ari D. Kunofsky
Elisabeth M. Bruce
Stephanie A. Sasarak
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-598-0969 (t)
202-514-6866 (f)
ari.d.kunofsky@usdoj.gov
elisabeth.m.bruce@usdoj.gov
stephanie.s.sasarak@usdoj.gov

*Counsel for the United States of America*