**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re FTX Trading Ltd., et al.,[1] | Chapter 11 |
| Debtors. | Case No. 22-11068 (JTD) |
| | (Jointly Administered) |
| | **Hearing Date: February 27, 2025 at 10:00 a.m. (ET)** |
| | **Re: D.I. 29345** |

**SVALBARD HOLDING LIMITED'S OBJECTION TO MOTION OF
HYUNG CHEOL LIM, AIMED, INC., BLOCORE PTE., LTD., JI WOONG CHOI, AND
MOSAIC CO. LTD. FOR AN ORDER, PURSUANT TO RULES 3001 AND 3020(d) OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND 11 U.S.C. §§ 105(a)
AND 1142(b), FOR LEAVE TO AMEND PROOF OF CLAIM NO. 87144 TO
<u>CORRECT CLAIMANT'S NAME AND ADDRESS</u>**

Svalbard Holdings Limited ("**Svalbard**"), by and through its undersigned counsel, hereby objects to the Motion to Amend Proof of Claim No. 87144 (the "**Motion**") [Docket No. 29345] filed by Hyung Cheol Lim, Aimed, Inc., Blocore Pte., Ltd., Ji Woong Choi, and Mosaic Co. Ltd. (collectively, "**Movants**"), and in support of this objection, states as follows.[2]

<u>**PRELIMINARY STATEMENT**</u>

1.      The Motion is an attempt to seize an $80 million asset (the Proof of Claim) from its owner behind his back, badly disguised as a "ministerial" request to correct his supposed "mistake."  The owner of the Proof of Claim has not authorized Movants to speak for him in this Court on this or any subject.  The Proof of Claim was duly filed and thus is prima facie valid.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not defined herein shall have the meaning given to them in the Motion.

Movants offer zero precedent for one person having standing to amend <u>another</u> person's proof of claim, for <u>any</u> reason. Movants' attempt to usurp the Proof of Claim should be denied. If the attempt can be made in this Court at all, it must be made by adversary proceeding, since Movants seek "to determine the validity, priority, or extent of [Bang's and their] interest in property," pursuant to Bankruptcy Rule 7001(b).

2.      This Court is not, however, the most appropriate forum for this determination – which involves not only Movants and Bang and Lemma and Svalbard but also potentially Bang's many other investors, and which is already pending in several proceedings in Korea (where Bang is insolvent and incarcerated) as well as an action in New York. Every aspect of the Motion is intertwined with litigation pending elsewhere. For example, on information and belief, in addition to Bang's criminal case, in Korea there are pending civil proceedings against Bang and Lemma, criminal proceedings against managers of crypto platforms that invested with Bang, as well as involuntary insolvency proceedings against Bang, Lemma, and the same crypto platforms – issues in the exclusive jurisdiction of the Korean courts. Also, the June 23, 2023 and September 26, 2023 "Confirmations of Fact" that Movants cite to support the idea that Bang intended to assign the Proof of Claim to them <u>postdate</u> the duly executed assignment of the Proof of Claim from Bang to Lemma (January 18, 2023) and the duly executed trade confirmation between Lemma and Svalbard (June 16, 2023), which prohibits Lemma from assigning the Proof of Claim to any other person – and is subject to the exclusive jurisdiction of a New York court. The Motion should be denied as procedurally improper, but in any event, this Court should abstain from hearing the dispute underlying the Motion.

3.      Svalbard agrees with Movants, however, that this Court should stay any KYC deadlines with respect to the Proof of Claim until the underlying disputes have been resolved.

**BACKGROUND**

4.     As of the Petition Date, Bang held two accounts with FTX.com (the "**Accounts**"), through which he had deposited, withdrew, and otherwise transacted in cryptocurrencies and fiat currencies.  Each of the Accounts gave rise to a claim in favor of Bang against FTX Trading Ltd., the values of which are believed to be $59,391,855 and $106,269,300 (the "**Account Claims**"). On information and belief, the Debtors consider the Account Claims to be liquidated, non-contingent, and undisputed (with the potential exception of KYC/AML qualifications).

5.     Bang timely filed a proof of claim for each Account Claims.  On information and belief, neither the Debtors nor any other person have objected to either of the Account Claims.

6.     Pursuant to an Assignment Agreement dated as of January 18, 2023 and duly executed by Bang and Lemma, a Panamanian corporation, of which Bang is majority owner and President, Bang assigned to Lemma the Account Claims and all related claims against the Debtors or any other person, and all proceeds thereof (the "**Assigned Claims**").

7.     On or about June 16, 2023, after an open auction in which Svalbard was the winning bidder, Lemma agreed to assign the Assigned Claims to Svalbard pursuant to two "binding agreement[s]" in the form of trade confirmations.  These trade confirmations, which remain effective today, prohibit Lemma from assigning either Assigned Claim to any other person pending consummation of the transaction.  In January 2024, after Lemma failed to fulfill its obligations under these trade confirmations, Svalbard sued Lemma for specific performance or, alternatively, money damages for breach of contract in New York state court, as required by an exclusive forum selection clause in the trade confirmations.  That suit remains pending.

8.      Svalbard has been involved in negotiations concerning the Account Claims in Korea for over a year and thus has first-hand knowledge of the numerous parties in interest, proceedings, and complications of Korean law that are involved.

9.      During 2023, in Korea, Bang also engaged in negotiations with Movants and eventually purportedly agreed that he intended to transfer to them the entirety of one of the Account Claims (i.e., the "Proof of Claim" as defined in the Motion) and a portion of the other – although this was after Lemma had executed the binding trade confirmations with Svalbard.  Bang also was convicted of defrauding his investors and in August 2024, he was sentenced to ten years in prison. Related pending proceedings include civil actions against Bang and Lemma, criminal proceedings against managers of crypto platforms that invested with Bang, as well as involuntary insolvency proceedings against Bang, Lemma, and the same crypto platforms.  All of these proceedings involve questions of Korean law and are based on the same underlying facts as the Motion.

## ARGUMENT

### I.      The Motion is an Improper Attempt to Circumvent Pending Proceedings in Other Forums Over Ownership of the Proof of Claim.

10.      As a matter of bankruptcy law and procedure, the owner of the Proof of Claim is the person who filed it, Bang; Movants might have the right to object to the Proof of Claim (although they don't dispute it on the merits), but they do not have the right to appropriate it.[3]

11.      To appropriate the Proof of Claim from Bang, Movants rely on numerous Korean contracts, "confirmations," and legal principles.  On information and belief, Bang's other investors are making similar arguments in criminal, civil, and insolvency proceedings in Korea.

---

[3] Movants also could have filed a proof of claim themselves, if they actually believed that their assets had been trapped in accounts at FTX Trading Ltd., but they didn't.

12.     As noted above, Bang's purported assignment of rights in the Proof of Claim to Movants under Korean law postdates Bang's assignment of rights in the Proof of Claim to Lemma under New York law and Lemma's assignment of rights in the Proof of Claim to Svalbard under New York law.  Svalbard is litigating its rights with Lemma in a New York court.

13.     Movants could have attempted to intervene in those pending proceedings.  Instead, they filed the supposedly "ministerial" Motion in this Court based on the supposed "fact" that the Proof of Claim is the Movants' and on Bang's supposed "mistake" in not calling himself their agent.  Movants are attempting to seize ownership of the claim without having to prevail on the merits of the applicable laws in the courts best positioned to decide them.

14.     The Motion is not merely a request to amend a proof of claim.  Movants cite no precedent for a proof of claim being amended <u>as to its claimant</u>, except where the amendment is sought by the original claimant, acknowledging a mistake in the original proof of claim.  *See In re Unioil, Inc.*, 962 F.2d 988, 991 (10th Cir. 1992).  In fact, Movants cite no precedent for one person having the right or the standing to amend <u>another person's</u> claim without its consent, for any reason.  And Movants have not provided any evidence that Bang has consented to the Motion, despite any other concessions he might have purportedly made to them last year.

15.     Even if the Motion merely sought to amend a proof of claim, it should be denied as a matter of this Court's sound discretion.  *See, e.g., In re Trans World Airlines, Inc.*, 145 F.3d 124, 141 (3d Cir. 1998) (leave to amend governed by Bankruptcy Rule 7015 and Rule 15 of the Federal Rules of Civil Procedure, "which commits the decision to grant or deny leave to amend to the trial court's sound discretion").  The Third Circuit has stated that "among the grounds justifying denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice and futility."  *Id.* (internal citation omitted).  Leaving aside whether the Motion should be denied as being filed in bad faith,

granting the Motion would certainly prejudice Bang, Lemma, and Svalbard, as it would nullify the ownership interests in the Proof of Claim that they have been litigating in other forums.  *See id.*

16.     Movants cite *Unioil* for the principle that a proof of claim changing hands does not prejudice "the estate."  But the Third Circuit has never limited the prejudice to be considered in this context to prejudice to the estate.  *See, e.g., TWA*, 145 F.3d at 141.

17.     In short, the Motion is inappropriate for three procedural reasons.  It is an attempted end run around the substantive disputes over ownership of the Proof of Claim being litigated in other jurisdictions.  It disguises substantive relief as a mere ministerial matter.  It is grossly prejudicial to Svalbard and potentially other interested parties.  The Motion should be denied.

## II.     This Court Should Abstain from Deciding the Ownership Dispute.

18.     Even if this Court were to forgive all of the Motion's procedural flaws, this Court should permissively abstain from deciding the question of ownership of the Proof of Claim.  A bankruptcy court may abstain from proceedings arising under or related to title 11 "in the interest of justice, or in the interest of comity with State Courts of respect for State law."  28 U.S.C. § 1334(c)(1).  Although by its plain language, Section 1334(c)(1) typically applies to state law, not foreign law, at least one bankruptcy court has held that "the doctrines of comity and *forum non conveniens* may apply, under 28 U.S.C. § 1334(c)(1), with respect to foreign proceedings."  *See, e.g., In re Viking Offshore (USA) Inc.*, 405 B.R. 434, 440 (Bankr. S.D. Tex. 2008); *see also In re AstroPower Liquidating Trust*, 335 B.R. 309 (Bankr. D. Del. 2005) (considering whether permissive abstention was appropriate where litigation involved issues of Canadian law).  Additionally, this Court has dismissed disputes on the basis of *forum non conveniens* without expressly invoking Section 1334(c)(1).  *See, e.g., In re SpA*, 645 B.R. 48 (Bankr. D. Del. 2022); *In re GCX Ltd.*, 634 B.R. 441 (Bankr. D. Del. 2021).

19.     The Third Circuit has established a three-step process for a trial court considering a motion to dismiss or abstain on the basis of *forum non conveniens*: (1) whether an adequate alternative forum can entertain the case; (2) the appropriate amount of deference to be given the plaintiff's choice of forum; and (3) whether relevant public and private interest factors weigh in favor of dismissal. *See SpA*, 645 B.R. at 54.  In this case, all three factors overwhelmingly weigh in favor of this Court abstaining from determining ownership of the Proof of Claim.

### a.   Adequate Alternative Forums are Already Hearing this Dispute.

20.     The first step plainly favors abstention.  There should be no dispute that the Korean courts are adequate for determining Bang's criminal conduct, Bang's obligations to his investors, entitlement to the proceeds of the Proof of Claim, and the equitable division of Bang's assets among his creditors.  Nor should there be any dispute that the New York court is adequate to determine Svalbard's rights against Lemma under contracts governed by New York law.  Those proceedings have all been pending for over a year, and there is no basis to question those courts' jurisdiction, expertise, or fairness.

### b.   Movants' Choice of this Court Should Not be Given Preference.

21.     "Ordinarily, a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum"; this presumption "applies with less force" where, as here, the plaintiff is foreign.  *SpA*, 645 B.R. at 55.  Here, Movants have actually forsaken their home jurisdiction, where they and Bang and most of the relevant documents and witnesses and parties in interest are located, not to mention that Movants' purported rights to the Proof of Claim are governed by Korean law.  Except as forum shopping, their choice makes no sense.  *See, e.g., id.* at 55–56 (Bankruptcy Court offered no convenience, where the parties were located in Chile and the claims

rested upon conduct and harm that occurred in Chile, arose under Chilean law, and relied upon evidence and witnesses located in Chile).

### c.  **Public and Private Interests Favor Abstention.**

22.     Public interest factors bearing on the *forum non conveniens* inquiry include (a) administrative difficulties flowing from court congestion; (b) the local interest in having localized controversies decided at home; (c) the interest in having the trial of a diversity case in a forum that is at home with the state law that must govern the case; and (d) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *SpA*, 645 B.R. at 56.  This dispute is the opposite of a localized controversy that should be decided at home – although FTX's bankruptcy is localized in this Court, there is no bankruptcy law in dispute here; the disputes are between Bang, his investors, and his counterparties, all of which had nothing to do with FTX.  This dispute also raises complications of applying foreign law, not to mention the possibility of rulings here that are inconsistent with rulings elsewhere.

23.     The private interest factors include (a) the relative ease of access to sources of proof (b) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (c) possibility of view of premises, if view would be appropriate to the action; (d) and all other practical problems that make trial of a case easy, expeditious and inexpensive. *SpA*, 645 B.R. at 56.  Here, most of the parties in interest are located in Korea and most of the governing documents and applicable laws are written in Korean.  Bang himself is incarcerated and presumably hampered in his ability to participate in proceedings in Korea, let alone in Delaware.  Bang's investors other than Movants may not have the resources to litigate in this Court.  While the Debtors would be inconvenienced to litigate in Korea, they don't have to do

so:  the Debtors are presumably indifferent to which litigant ultimately prevails as the owner of the Proof of Claim.

24.     Both the public and private factors weigh heavily in favor of abstention in this case. *See SpA*, 645 B.R. at 54–56.

## III.    <u>Ownership of the Proof of Claim Would Have to be Determined by Adversary Proceeding.</u>

25.     If this Court were inclined to decide the dispute underlying the Motion, the proper posture would be an adversary proceeding.

26.     Adversary proceedings include "a proceeding to determine the validity, priority, or extent or a lien or other interest in property" as well as a "proceeding to obtain a declaratory judgment related to any proceeding described in (a)–(h)."  Bankruptcy Rule 7001(b).  The Motion plainly asks this Court to decide the validity or invalidity of competing ownership interests in the Proof of Claim, in which Bang, Lemma, Svalbard, and the Movants all claim rights.  In fact, the Motion concludes with a request for a declaration that Movants "are collectively the 'creditors' under the Proof of Claim."   Accordingly, this dispute "requires the initiation of an adversary proceeding."  *See, e.g., In re Nw. 15th St. Assocs.*, 435 B.R. 288, 303 (Bankr. E.D. Pa. 2010) (dispute between debtor and creditor over ownership of architectural plans).

27.     As a practical matter as well as a legal matter, the Motion raises a mountain of disputed factual and legal issues, which in combination with the significant value of the disputed asset readily justifies full-fledged litigation that will afford all interested parties due process and factual and expert discovery.

28.     Accordingly, if this Court should see fit to adjudicate the disputes inherent in the Motion, the Motion should be denied with leave for the Movants to commence an adversary proceeding in accordance with Bankruptcy Rule 7001(b).

**IV.**   **Svalbard Agrees that KYC Should be Stayed.**

29.   If this Court denies the Motion, as it should – on grounds of abstention or in favor of an adversary proceeding or otherwise – Svalbard agrees with Movants that the KYC process should be stayed, to the extent necessary, with respect to the Proof of Claim until the issues of ownership of the Claim have been resolved.

<b><u>CONCLUSION</u></b>

WHEREFORE, for the reasons set forth herein, Svalbard respectfully requests that this Court (a) deny the Motion and abstain from making any determination as to the ownership of the Proof of Claim; (b) in the alternative, if this Court is inclined to adjudicate ownership of the Proof of Claim, deny the Motion with leave to the Movants to commence an adversary proceeding on the same subject; (c) in any event, stay the KYC process, to the extent necessary, with respect to the Proof of Claim until such time as ownership thereof has been determined; and (d) grant such other and further relief as is just and proper.

[signatures on following page]

Dated: February 7, 2025
Wilmington, DE

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Jody C. Barillare*
Jody C. Barillare (Bar No. 5107)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
Facsimile: (302) 574-3001
jody.barillare@morganlewis.com

- and -

Joshua Dorchak (admitted *pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
joshua.dorchak@morganlewis.com

John C. Goodchild, III (admitted *pro hac vice*)
2222 Market Street
Philadelphia, PA 19103-3007
Telephone: (215) 840-6883
john.goodchild@morganlewis.om

*Attorneys for Svalbard Holdings Limited*

**CERTIFICATE OF SERVICE**

I, Jody C. Barillare, hereby certify that on February 7 2025, I caused to be served copies of this document via e-mail to all parties consenting to service through the Court's CM/ECF system, with a physical copy to the following address:

Clerk of the United States Bankruptcy Court for the District of Delaware
824 Market Street, 3rd Floor
Wilmington, Delaware 19801

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Jody C. Barillare*
Jody C. Barillare (Bar No. 5107)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
Facsimile: (302) 574-3001
jody.barillare@morganlewis.com

*Attorneys for Svalbard Holdings Limited*