# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 22-11068 (JTD) |
| **FTX TRADING LTD, et al.** | (Jointly Administered) |
| Debtor**.** | Objection Deadline: **April 3, 2025** |
| | Hearing Date: **April 17, 2025 at 10:00 AM** |

## REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF LUKAS BARTUSEK

Lukas Bartusek ("Lukas") ('Mr. Bartusek") ("Depositor"), by and through his undersigned counsel, hereby requests (the "Administrative Expense Request") entry of an order substantially in the form attached hereto as Exhibit "A" ("the Administrative Expense Order") (a) allowing an administrative expense in an amount not less than **2000 SOLANA ("SOL")** incurred in connection with the inadvertent deposit of the above-mentioned amount of cryptocurrency to an account associated with FTX Trading LTD ("FTX") (FTX and the other above-captioned debtors and debtors-in possession, collectively, hereinafter referred to as the "Debtors"), and the acceptance and use of the 2000 SOL, (b) directing the Administrative Expense Claim be paid in full within seven (7) business days after entry of the Administrative Expense Order, or at such time as the Court otherwise orders, (c) approving the *Reservation of Rights* asserted hereinafter, and (d) granting such other and further relief as may be deemed just and proper under the circumstances of this case.

This Administrative Expense Request is brought pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2), and is based on the matters set forth herein, the *Declaration of Lukas Bartusek in Support of The Request for Allowance and Payment of Administrative Expense of Salesforce, Inc.*

1

(the "Bartusek Declaration") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

Lukas Bartusek requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. FTX Trading LTD is a bankrupt Delaware corporation that once provided cryptocurrency trading and exchange services to its business customers.

## FTX TRANSACTION

4. On October 22, 2023, Mr. Bartusek made a withdrawal request of 2000.01 SOL through a BTSE crypto wallet account. He was notified that his request would be fulfilled within 12-24 hours. A transaction fee of 0.01 SOL was needed for the withdrawal of a net 2000 SOL. *See* Exhibit "B".

5. On October 23, 2023, Mr. Bartusek inadvertently deposited the 2000 SOL to an older personal FTX account. On the date of his request, this deposit was worth approximately **US $63,700.00.**

6. Upon realizing the mistaken deposit, Mr. Bartusek made a request to transfer the 2000 SOL out of his FTX account, but was informed that he would need to seek a Court order

from this Court to allow the withdrawal to take place.  The Debtors are obligated to pay in full the amounts due to Mr. Bartusek.

## BANKRUPTCY CASE

7. On November 11, 2022, (the "Petition Date"): (A) FTX Trading LTD. and the other Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court") and, thereby, commenced their individual cases under Chapter 11 (collectively, the "Bankruptcy Cases"); and (B) on November 22, 2022, the Court entered its order directing the joint administration of the Bankruptcy Cases (but not substantively consolidating these cases).

8. On June 28, 2023, the Court entered its *Order (I) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* (the "Claim Bar Date Order") providing the procedures for filing such claims, and a deadline of September 29, 2023 4:00 pm for all customers.

## The Administrative Claim

9. From and after the Petition Date, the Debtor knowingly accepted the deposit of 2,000 SOL from the depositor in the ordinary course of business.

10. Mr. Bartusek's later request for payment was denied, and Depositor was instructed to file this motion.

## LEGAL AUTHORITY

### Administrative Expenses are Allowed for Actual, Necessary Costs And Expenses of Preserving the Estate

11. The Bankruptcy Code provides administrative status to claims for "the actual, necessary costs and expenses of preserving the estate," including wages, salaries, or commissions

for services rendered after the commencement of the case. *In re Goody's Family Clothing Inc.,* 610 F.3d 812, 817 (3d Cir. 2010), *cert. denied,* 562 U.S. 1064, 131 S. Ct. 662, 178 L.Ed. 2d 483 (2010); *accord, In re Pinnacle Brands, Inc.,* 259 B.R. 46, 50 (Bankr. D. Del. 2001) *citing* 11 U.S.C. § 503(b). In the Third Circuit, the phrase "actual, necessary costs and expenses of preserving the estate . . . *should include costs ordinarily incident to operation of a business*, and not be limited to costs without which rehabilitation would be impossible." *Pennsylvania Dept. of Environmental Resources v. Tri-State Clinical Laboratories, Inc.,* 178 F.3d 685, 689-90 (3d Cir. 1999) (emphasis added) (*citing Reading Co. v. Brown*, 391 U.S. 471, 483, 88 S. Ct. 1759, 20 L. Ed. 2d 751 (1968)). It is well established that "if a debtor in possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume a contract, the debtor in possession is obligated to pay for the reasonable value of those services." *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531, 104 S.Ct. 1188, 70 L.Ed.2d 482 (1984).

12. "To establish administrative expense priority the burden is on the claimant to demonstrate that the obligation claimed as administrative expenses (1) arose out a post-petition transaction with the debtor in possession and (2) directly and substantially benefitted the estate. *Calpine Corp v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.),* 181 F.3d 527, 532-33 (3d Cir. 1999). The principal purpose of 11 U.S.C. § 503 is to induce entities to do business with a debtor after bankruptcy by ensuring that those entities receive payment for services rendered. Section 503(b) contemplates some *quid-pro-quo* wherein the estate accrues debt in exchange for some consideration necessary to the operation of the estate. *Pennsylvania Dept. of Environmental Resources v. Tri-State Clinical Laboratories, Inc.,* 178 F.3d at 689-90.

13. Thus, if a non-debtor party confers a benefit on a bankruptcy estate after the petition date pursuant to an executory contract, the non-debtor counterparty to that contract holds an

administrative expense claim to the extent of the post-petition benefit conferred on the estate. *Sharon Steel Corp. v. National Fuel Gas Distribution Corp.,* 872 F.2d 36 (3d Cir. 1989); *In re Waste Systems International, Inc.,* 280 B.R. 824, 826 (Bankr. D. Del. 2002) citing *NLRB v. Bildisco*, 465 U.S. 513, 531, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984). Any other result would improperly confer a benefit on the bankruptcy estate while permitting the estate to escape the contract's burdens.

14. Mr. Bartusek submits that his right to allowance and payment of the Administrative Expense claim is clear: (A) Lukas deposited the Solana into an account controlled by the Debtor in the ordinary course of business; (B) FTX (in its capacity as debtor-in-possession) knowingly and willingly accepted the SOL deposit; (C) the cryptocurrency that was deposited by Mr. Bartusek was beneficial to the debtor in possession in the operation of its business; and, (D) regardless whether, ultimately, the estate is liquidated or its business operations are sold as a going concern, utilization of the funds deposited by Lukas by FTX and/or the other Debtors preserves the Debtors' estates. Mr. Bartusek further submits that access to the SOL, and the usage of such funds, directly and substantially benefitted the Debtors' estates permitting the Debtors' continued operations without interruption.

15. Based on all these facts and circumstances, Lukas Bartusek submits that the deposit of the Solana unquestionably constitutes "actual, necessary costs and expenses of preserving the estate" that should be allowed as administrative expenses, 11 U.S.C. § 503(b)(1)(A), and should receive the highest priority in payment in this payment in this bankruptcy proceeding pursuant to 11 U.S.C. §507(a)(1).

**RESERVATION OF RIGHTS**

16. Notwithstanding the foregoing, Lukas Bartusek expressly reserves (and hereby expressly does not waive) (a) all rights, claims, counterclaims, defense, interests, actions and/or other remedies (collectively, its "Rights") including, but not limited to, the right to amend, modify and/or supplement (A) any proof of claim already filed by Lukas Bartusek and/or any other claim or proof of claim that it may be filed in the future (collectively, the "Claims"), (B) the Administrative Expenses, (C) a judicial determination of the amount(s) due and owing with regard to the Claims and/or the Administrative Expenses, (D) this Administrative Expense Request in response to any submission by any party-in-interest including, but not limited to, any objection to this Administrative Expense Request or an amendment to it, and (E) the right to adopt any other pleadings filed by any other party related to the claims, this Administrative Expense Claim, any other Administrative Expenses or the Administrative Expense Requests as may be filed hereinafter (collectively, the "Reservation of Rights").

**WHEREFORE**, Lukas Bartusek respectfully requests the Court enter its Administrative Expense Order –

(A)     Allowing an administrative expense claim, in the amount not less that of 2000 SOL pursuant to the Solana deposit made by depositor on October 22, 2023.

(B)     Directing the Debtors to pay the Administrative Expense Claim, in full, within seven (7) business days after entry of the Administrative Expense Order, or at such time as the Court otherwise orders; and

(C)     Approving the Reservation of Rights; and granting such other and further relief as may be deemed just and proper under the circumstances of this case.

Dated: January 31, 2025

                                            Respectfully Submitted,
                                            **JACK SHRUM, P.A.**

                                            */s/ Jack Shrum*
                                            "J" Jackson Shrum (DE #4757)
                                            919 N. Market Street, Suite 1410
                                            Wilmington, DE 19801
                                            Phone: (302) 543-7551
                                            Fax: (302) 543-6386
                                            Email: Jshrum@jshrumlaw.com
                                            *Attorney for Lukas Bartusek*