# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
|   | **Objection Deadline:** March 3, 2025 at 4:00 p.m. (ET)[2] |
|   | **Hearing Date:** April 17, 2025 at 10:00 a.m.(ET) |

**COVER SHEET OF FINAL APPLICATION OF JEFFERIES LLC
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT BANKER
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE
PERIOD FROM DECEMBER 23, 2022 TO AND INCLUDING JANUARY 3, 2025**

| | |
|---|---|
| Name of Applicant: | Jefferies LLC |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | February 15, 2023 (effective as of December 23, 2022) |
| Period for Which Compensation and Reimbursement Are Sought: | December 23, 2022 – January 3, 2025 |
| Amount of Compensation Requested: | $14,162,500.00 |
| Amount of Expense Reimbursement Requested: | $237,996.84 |

This is a(n):  ___ monthly  ___ interim  _x_ final fee application

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The objection deadline set forth herein is for all parties other than the Fee Examiner and the U.S. Trustee (each as defined in the Fee Examiner Order), whose objection deadline shall be governed by that certain *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [Docket No. 834] (as supplemented [Docket No. 28868]) (the "Fee Examiner Order").

32852834.2

# FINAL FEE APPLICATION OF JEFFERIES LLC AS INVESTMENT BANKER FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

## SUMMARY OF FEES AND EXPENSES
## DECEMBER 23, 2022 – JANUARY 3, 2025

| APPLICATION | REQUESTED | | PAID | | OUTSTANDING | |
|---|---|---|---|---|---|---|
| | FEES | EXPENSES | FEES | EXPENSES | FEES | EXPENSES |
| First Interim Fee Application [Docket Nos. 1106 and 1111] December 23, 2022 – January 31, 2023 | $450,000.00 | $29,665.40 | $450,000.00 | $29,665.40 | $0.00 | $0.00 |
| Second Interim Fee Application [Docket Nos. 1649 and 1652] February 1, 2023 – April 30, 2023 | $675,000.00 | $41,196.39 | $675,000.00 | $41,196.39 | $0.00 | $0.00 |
| Third Interim Fee Application [Docket Nos. 2524 and 2528] May 1, 2023 – July 31, 2023 | $675,000.00 | $10,785.85 | $675,000.00 | $10,785.85 | $0.00 | $0.00 |
| Fourth Interim Fee Application [Docket Nos. 4814 and 4822] August 1, 2023 – October 31, 2023 | $675,000.00 | $65,405.80 | $675,000.00 | $65,405.80 | $0.00 | $0.00 |
| Fifth Interim Fee Application [Docket Nos. 9463 and 9475] November 1, 2023 – January 31, 2024 | $675,000.00 | $12,133.37 | $675,000.00 | $12,133.37 | $0.00 | $0.00 |
| Sixth Interim Fee Application [Docket Nos. 17623 and 17627] February 1, 2024 – April 30, 2024 | $675,000.00 | $7,946.10 | $675,000.00 | $7,946.10 | $0.00 | $0.00 |
| Seventh Interim Fee Application [Docket Nos. 24709 and 24716] May 1, 2024 – July 31, 2024 | $675,000.00 | $21,112.93 | $675,000.00 | $21,112.93 | $0.00 | $0.00 |
| Eighth Interim Fee Application [Docket Nos. 28830 and 28835] August 1, 2024 – October 8, 2024 | $450,000.00 | $10,128.00 | $360,000.00 | $10,128.00 | $90,000.00 | $0.00 |
| Monthly Fees October 9, 2024 – January 3, 2025 | $675,000.00 | $39,623.00 | $450,000.00 | $23,877.00 | $225,000.00 | $15,746.00 |
| Net Transaction Fee | $8,537,500.00 | $0.00 | $0.00 | $0.00 | $8,537,500.00 | $0.00 |
| **Total** | **$14,162,500.00** | **$237,996.84** | **$5,310,000.00** | **$222,250.84** | **$8,852,500.00** | **$15,746.00** |

32852834.2

# FINAL FEE APPLICATION OF JEFFERIES LLC AS INVESTMENT BANKER FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

## SUMMARY OF HOURS EXPENDED
## DECEMBER 23, 2022 – JANUARY 3, 2025

**Jefferies LLC**
**Summary of Hours by Category**
December 23, 2022 - December 31, 2024

| Category Code # | | Hours |
|---|---|---|
| 1 | Case Administration / General | 491.5 |
| 2 | Sale Process | 225.0 |
| 3 | Creditor Communication | 1,080.5 |
| 4 | Debtor Communication | 1,165.5 |
| 5 | DIP Financing | - |
| 6 | Testimony Preparation | - |
| 7 | Plan of Reorganization | 22.5 |
| 8 | Travel | - |
| 9 | Due Diligence / Analysis | 2,570.5 |
| 10 | Business Plan | 37.0 |
| 11 | Process Update and Case Strategy | 1,740.5 |
| **Total** | | **7,333.0** |

**Jefferies LLC**
**Summary of Hours by Professional**
December 23, 2022 - December 31, 2024

| Name | Position | Hours |
|---|---|---|
| Leon Szlezinger | Managing Director, Global Joint Head of Debt Advisory & Restructuring | 110.5 |
| Jeffrey Finger | Managing Director, Co-Head of US Debt Advisory and Restructuring | 21.5 |
| Michael O'Hara | Managing Director, Co-Head of US Debt Advisory and Restructuring | 695.0 |
| Alexander Yavorsky | Managing Director, Global Joint Head of Financial Institutions Group | 46.0 |
| Gaurav Kittur | Managing Director, Co-Head of Global Internet Investment Banking | 43.5 |
| Scott Beckelman | Managing Director, Global Co-Head of Private Capital Advisory | 7.0 |
| Gregory Miesner | Managing Director, Financial Sponsors | 43.5 |
| Ryan Hamilton | Senior Vice President, Debt Advisory and Restructuring | 1,033.5 |
| Timothy Shea | Senior Vice President, Financial Institutions Group | 370.5 |
| Alexander Gavin | Vice President, Financial Institutions Group | 171.5 |
| Daniel Homrich | Vice President, Debt Advisory and Restructuring | 1,267.5 |
| Nick Laszlo | Vice President, Private Capital Advisory | 21.0 |
| Harry Reibman | Vice President, Technology | 32.0 |
| Jarett Bienenstock | Associate, Debt Advisory and Restructuring | 124.5 |
| Lee Eller | Associate, Financial Institutions Group | 159.5 |
| Jack Harris | Associate, Financial Institutions Group | 62.5 |
| Daniel Morefield | Associate, Debt Advisory and Restructuring | 67.0 |
| Jared Robinson | Associate, Debt Advisory and Restructuring | 288.0 |
| Mehmet Karakilinc | Associate, Technology | 73.0 |
| Jordan Bloom | Anlayst, Financial Institutions Group | 63.5 |
| Kelan Curran-Cross | Anlayst, Financial Institutions Group | 161.5 |
| Abhilash Parath | Anlayst, Financial Institutions Group | 67.5 |
| Rachel Friedman | Anlayst, Private Capital Advisory | 16.5 |
| Richard Gevshenian | Analyst, Technology | 51.0 |
| Lars Hultgren | Analyst, Debt Advisory and Restructuring | 1,468.5 |
| Rachel Liu | Analyst, Technology | 11.0 |
| Sebastian Carri | Analyst, Debt Advisory and Restructuring | 726.0 |
| Gabriela Hull | Summer Analyst, Debt Advisory and Restructuring | 94.5 |
| Chaz Jackson | Summer Analyst, Debt Advisory and Restructuring | 35.5 |
| **Total** | | **7,333.0** |

32852834.2

**FINAL FEE APPLICATION OF JEFFERIES LLC AS INVESTMENT BANKER FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**SUMMARY OF EXPENSES INCURRED**
**DECEMBER 23, 2022 – JANUARY 3, 2025**

**Jefferies LLC**
Summary of Expenses by Category
December 23, 2022 - January 3, 2025

| Category | Expenses |
|---|---|
| Meals | $2,036.88 |
| Transportation | 2,630.15 |
| Presentation Services | 525.00 |
| Printing Services | 282.44 |
| Meeting Expenses | 499.94 |
| Internet Access Fees | 36.00 |
| Dataroom Invoices | 65,682.93 |
| Legal | 166,303.50 |
| **Total** | **$237,996.84** |

32852834.2

iv

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Objection Deadline:** March 3, 2025 at 4:00 p.m. (ET)[2]<br>**Hearing Date:** April 17, 2025 at 10:00 a.m.(ET) |

**FINAL APPLICATION OF JEFFERIES LLC**
**FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT BANKER**
**FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE**
**PERIOD FROM DECEMBER 23, 2022 TO AND INCLUDING JANUARY 3, 2025**

Jefferies LLC ("Jefferies"), the investment banker for the official committee of unsecured creditors (the "Committee") in the chapter 11 cases of the above captioned Debtors and Debtors in possession (the "Debtors"), hereby submits its final application (this "Final Fee Application") requesting entry of an order granting final approval and allowance of (a) compensation for Jefferies' professional services to the Committee during the period from December 23, 2022 to and including January 3, 2025 (the "Final Compensation Period") in the amount of $14,162,500.00, and (b) reimbursement of actual and necessary expenses incurred by Jefferies during the Final Compensation Period in connection with such services in the amount of $237,996.84. In support of this Final Fee Application, Jefferies respectfully represents as follows:

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The objection deadline set forth herein is for all parties other than the Fee Examiner and the U.S. Trustee (each as defined in the Fee Examiner Order), whose objection deadline shall be governed by that certain *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [Docket No. 834] (as supplemented [Docket No. 28868]) (the "Fee Examiner Order").

32852834.2

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory and other bases for the relief requested herein are §§ 328(a), 330, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-2 of the Local Bankruptcy Rules for the District of Delaware (the "Local Bankruptcy Rules").

**BACKGROUND**

5.  On November 11, 2022 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6.  On December 15, 2022, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee pursuant to § 1102 of the Bankruptcy Code. [*See* Docket Nos. 231 and 261].

7.  On January 18, 2023, the Committee filed an application to retain and employ Jefferies as its investment banker [Docket No. 520] (the "Retention Application"), effective as of December 23, 2022, pursuant to the terms of that certain engagement letter between Jefferies and the Committee, dated as of December 23, 2022 (the "Engagement Letter").[3]  A copy of the

---

[3] Unless otherwise stated, all capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Engagement Letter.

32852834.2

2

Engagement Letter was appended to the Retention Order (as defined below) as Exhibit 1.

8.  On February 15, 2023, the Court entered the order approving the Retention Application [Docket No. 729] (the "Retention Order").

9.  On October 8, 2024, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [Docket No. 26404] (the "Confirmation Order"), pursuant to which the Court approved and confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates*, dated September 30, 2024 [Docket No. 26029] (the "Plan"). The Plan became effective on January 3, 2025. [Docket No. 29127].

## TERMS OF JEFFERIES' RETENTION

10.  The Retention Order approved the payment of certain fees to Jefferies, as set forth in detail in the Retention Application, the Engagement Letter and the Retention Order. Specifically, Jefferies' fees are as follows:

(a) **Monthly Fee**. A monthly fee (the "Monthly Fee") equal to $225,000 per month until the termination of the engagement. The first Monthly Fee shall be payable as of the date of the Engagement Letter, and each subsequent Monthly Fee shall be payable in advance on each monthly anniversary of such date. Additionally, commencing with the thirteenth full Monthly Fee actually paid to Jefferies under the Engagement Letter, an amount equal to fifty percent (50%) of all full Monthly Fees actually and subsequently paid to Jefferies shall be credited once, without duplication, against any Transaction Fee (as defined below) subsequently payable to Jefferies; *provided, however*, that in no event shall any Transaction Fee be reduced by more than $1,500,000 on account of such crediting.

(b) **Transaction Fee**. Upon the consummation of any chapter 11 plan or a sale of all or substantially all of the Debtors' equity or assets, a transaction fee (the "Transaction Fee") in an amount equal to $10,000,000. For the avoidance of doubt, only one Transaction Fee may be payable to Jefferies under the Engagement Letter.

(c) **Expenses**. In addition to any fees that may be paid to Jefferies under the Engagement Letter, whether or not any Transaction occurs, the Debtors will reimburse Jefferies, promptly upon receipt of an invoice therefor, for all

out-of-pocket expenses (including fees and expenses of its counsel, ancillary expenses and the fees and expenses of any other independent experts retained by Jefferies) incurred by Jefferies and its designated affiliates in connection with the engagement contemplated thereunder.

**SUMMARY OF SERVICES RENDERED**

11. All services for which Jefferies requests compensation were performed on behalf of the Committee. A detailed description of services Jefferies performed on behalf of the Committee is set forth below:

(a) **Due Diligence**. In order to understand and evaluate the business, strategy, prospects, and assets of the Debtors, Jefferies performed significant due diligence. As part of its due diligence, Jefferies held numerous telephonic meetings with the Debtors' management, advisors to the Debtors, and other key stakeholders. In connection with its due diligence, Jefferies requested, reviewed, and analyzed materials provided by the Debtors and its professionals regarding its operations, assets, financial performance, and employees. In addition to conducting due diligence on the assets, operations, and liabilities, Jefferies conducted thorough research and analyses on the industries and competitors of the Debtors. Jefferies continually updated the Committee with various presentations regarding matters related to the Debtors' restructuring and developments in the relevant industries. Jefferies also reviewed and analyzed the various motions filed by the Debtors and other parties-in-interest. Jefferies' due diligence, the findings of which were communicated to the Committee, were essential to developing the Committee's understanding of the operations, assets, and financial performance of the Debtors.

(b) **Committee Meetings and Court Hearings**. Jefferies participated in numerous in-person and telephonic meetings with the Committee and its other advisors regarding issues relating to the Debtors' cases. Jefferies' professionals participated in such Committee meetings, as well as email correspondence, providing recommendations and advice with respect to a number of business and financial issues, as well as updates on ongoing discussions, activities, and negotiations with the Debtors and other parties-in-interest. Such meetings provided a forum for the Committee members to exchange ideas and raise questions to Jefferies regarding matters of concern to unsecured creditors. The meetings also provided a forum for Jefferies to update the Committee on case developments and communicate the findings of its various due diligence activities and analyses including regular reviews of the Debtors' financial performance and outlook and restructuring alternatives. Jefferies' professionals also attended various Court hearings relating to these chapter 11 cases.

(c) **Sale Processes**. Jefferies assessed and benchmarked the terms of the bidding procedures to ensure the potential for fair and value maximizing transactions

for the estate. Jefferies, along with the Committee's other advisors, monitored sale processes for the Debtors' subsidiaries and venture investments. In coordination with other Committee advisors, Jefferies analyzed the economics of proposed transactions to form opinions on potential asset sales. Jefferies conducted due diligence on the potential purchasers of the Debtors' assets, reviewed the supporting documents the potential purchasers provided, and also participated in the sale processes as a consultation party.

(d) **Business Plan**. Jefferies reviewed and analyzed versions of the business plan and financial projections prepared by the Debtors' management and professionals to evaluate the potential restart of certain operations of the business. Jefferies conducted due diligence and financial analyses of the underlying assumptions of the business plans and financial projections. Along with other Committee advisors, Jefferies evaluated potential investors' proposals for a potential restart. Jefferies responded to questions by the Committee regarding the Debtors' operations, potential restructuring strategy, and general corporate finance matters.

(e) **Plan Analysis**. Jefferies, along with the Committee's other advisors, prepared analyses and materials that were presented to the Committee regarding potential recoveries.

(f) **Plan and Settlement Negotiation**. Jefferies, along with the Committee's other advisors, conducted negotiations with the Debtors and other parties-in-interest on a settlement on behalf of the Committee. Jefferies' professionals participated in negotiations, analyzed the economics of potential settlements, and provided input to drafts of the Plan and related documents. Jefferies also prepared analyses and materials that were presented to the Committee regarding potential recoveries.

(g) **General Chapter 11 Administration**. Jefferies attended to various general and administrative tasks such as billing and related communications, as well as other day-to-day engagement requirements that do not fall into other project categories.

## RELIEF REQUESTED

12. By this Final Fee Application, Jefferies requests entry of an order (a) granting final approval and allowance of (i) compensation for Jefferies' professional services to the Committee during the Final Compensation Period in the amount of $14,162,500.00, and (ii) reimbursement of actual and necessary expenses incurred by Jefferies during the Final Compensation Period in connection with such services in the amount of $237,996.84; and (b) authorizing and directing the

Debtors to pay all such amounts to Jefferies, less all amounts previously paid to Jefferies on account of such fees and expenses.

13. Jefferies is entitled to certain Monthly Fees and a Transaction Fee, as set forth in the Retention Application, the Engagement Letter, and the Retention Order.

14. With respect to the Monthly Fees, during the Final Compensation Period, $5,625,000.00 became due and payable to Jefferies on account of twenty-five (25) Monthly Fees, each in the amount of $225,000.00 (for the December 23, 2022 through December 23, 2024 Monthly Fees).

15. With respect to the Transaction Fee, upon the effective date of the Plan and pursuant to the terms of the Engagement Letter, Jefferies is entitled to a Transaction Fee in the amount of $10,000,000.00, less applicable crediting of $1,462,500.00, which consists of 50% of all Monthly Fees paid after the twelfth (12) Monthly Fee was paid in full (*i.e.*, beginning with the December 23, 2023 Monthly Fee ($225,000.00*13 Monthly Fees = $2,925,000.00*50% = $1,462,500.00)).

16. A summary of the compensation earned by Jefferies during the Final Compensation Period is set forth below.

| Monthly Fees | $5,625,000.00 |
| Transaction Fee | $10,000,000.00 |
| Crediting of Monthly Fees | ($1,462,500.00) |
| **TOTAL FEES** | **$14,162,500.00** |

17. Although Jefferies, in line with market convention, does not bill by the hour, Jefferies kept track of its post-petition time in half-hour increments in accordance with the Retention Order. Jefferies' time records are attached as Exhibit A to the interim fee application supplements previously filed [Docket Nos. 1111, 1652, 2528, 4822, 9475, 17627, 24716, and 28835], as well as to this Final Fee Application as **Exhibit A**. During the Final Compensation

32852834.2

6

Period, Jefferies professionals spent approximately 7,333.0 hours providing investment banking services to the Committee.

18. The fees charged by Jefferies have been billed in accordance with the Engagement Letter and the Retention Order and are comparable to those fees charged by Jefferies for professional services rendered in connection with similar chapter 11 cases and non-bankruptcy matters. Jefferies submits that such fees are reasonable based upon the customary compensation charged by similarly skilled practitioners in comparable bankruptcy cases and non-bankruptcy matters in the competitive national investment banking market.

19. There is no agreement or understanding between Jefferies and any other person for the sharing of compensation to be received for services rendered in these chapter 11 cases.

## ACTUAL AND NECESSARY EXPENSES

20. Jefferies also incurred certain necessary expenses during the Final Compensation Period for which it is entitled to reimbursement under the Engagement Letter. Jefferies incurred $237,996.84 of expenses during the Final Compensation Period in connection with its services to the Committee. Detailed records of such expenses are attached as Exhibit B to the interim fee application supplements previously filed [Docket Nos. 1111, 1652, 2528, 4822, 9475, 17627, 24716, and 28835], a detailed summary of which is attached hereto as **Exhibit B**.

## BASIS FOR RELIEF

21. Section 328(a) of the Bankruptcy Code allows a professional to obtain prior court approval of the terms of its retention. *See* 11 U.S.C. § 328(a). Under section 328(a) of the Bankruptcy Code, a professional may avoid uncertainty by obtaining (i) advance court approval of compensation terms agreed to with the estate, and (ii) a court's finding that such terms are "reasonable" in advance of the professional's providing related services. *See In re Nat'l Gypsum Co.*, 123 F.3d 861, 862–63 (5th Cir. 1997). Section 328(a) of the Bankruptcy Code explicitly

32852834.2

contemplates court approval of contingent fees. *See* 11 U.S.C. § 328(a) ("The trustee . . . with the court's approval, may employ or authorize the employment of a professional person . . . on any reasonable terms and conditions of employment, including . . . on a fixed or percentage fee basis, or on a contingent fee basis.").

22. If a court has entered an order authorizing a professional's employment that "expressly and unambiguously states specific terms and conditions (*e.g.*, specific hourly rates or contingency fee arrangements) that are being approved pursuant to the first sentence of Section 328(a)," the court is constrained to apply only the "improvident" standard of § 328(a) of the Bankruptcy Code in any later review of such professional's requested compensation. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3d Cir. 1995).

23. Under the § 328(a) standard, a bankruptcy court wishing to render a previously approved fee arrangement "improvident" must find that there have been "developments not capable of being anticipated at the time of the fixing of the terms and conditions" of the engagement. 11 U.S.C. § 328(a). It is not enough that developments in a case are simply unforeseen. *Daniels v. Barron* (*In re Barron*), 225 F.3d 583, 585 (5th Cir. 2000).

24. Section 330 of the Bankruptcy Code, moreover, provides that a court may award a professional employed under § 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the following non-exclusive criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> A. the time spent on such services;
>
> B. the rates charged for such services;

C. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

E. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

F. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). *See also In re XO Commc'ns, Inc.*, 398 B.R. 106, 113 (Bankr. S.D.N.Y. 2008) (stating that, "in considering a transaction fee, courts recognize that certain of these factors do not apply, such as 'time spent' or the 'rates charged'") (quoting *In re Intelogic Trace, Inc.*, 188 B.R. 557, 559 (Bankr. W.D. Tex. 1995) ("When we examine 'success fees,' some of these considerations drop away, such as the 'time spent' or the 'rates charged.'")).

25. Here, the Retention Order approved Jefferies' compensation under § 328(a) of the Bankruptcy Code as to all parties except the U.S. Trustee, which retained the right to review Jefferies' compensation based on the reasonableness standard of § 330.

26. Each component of Jefferies' compensation earned during the Final Compensation Period was earned under the terms of the Court-approved Engagement Letter, as modified by the Retention Order. Jefferies submits that the services it performed on behalf of the Committee, as summarized above and as more fully described in Jefferies' time records, were necessary for and beneficial to the Debtors' estates. Moreover, Jefferies' services were consistently performed in a timely, expert, and considered manner commensurate with the complexity and importance of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

## **CERTIFICATION**

27.     The undersigned professional has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information and belief, this Final Fee Application complies with that rule.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, Jefferies requests entry of an order (a) granting final approval and allowance of (i) compensation for Jefferies' professional services to the Committee during the Final Compensation Period in the amount of $14,162,500.00, and (ii) reimbursement of actual and necessary expenses incurred by Jefferies during the Final Compensation Period in connection with such services in the amount of $237,996.84; and (b) authorizing and directing the Reorganized Debtors to pay all such amounts to Jefferies, less all amounts previously paid to Jefferies on account of such fees and expenses.

Dated: February 10, 2025　　　　　　　　JEFFERIES LLC
New York, New York

　　　　　　　　　　　　　　　　　　　　 */s/ Leon Szlezinger*
　　　　　　　　　　　　　　　　　　　　Leon Szlezinger
　　　　　　　　　　　　　　　　　　　　Managing Director and Joint Global Head of
　　　　　　　　　　　　　　　　　　　　Debt Advisory & Restructuring
　　　　　　　　　　　　　　　　　　　　JEFFERIES LLC

32852834.2