## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## <u>SUPPLEMENTAL AFFIDAVIT OF SERVICE</u>

I, Paul Pullo, depose and say that:

1.     I am a Senior Consultant at Kroll Restructuring Administration LLC ("***Kroll***"), the claims, noticing and solicitation agent for the Debtors in the above-captioned chapter 11 cases. At my direction and under my supervision, employees of Kroll caused the following materials to be served:

    a.   the Notice of Hearing to Consider Confirmation of Debtors' Joint Chapter 11 Plan of Reorganization [Docket No. 19150] (the "***Confirmation Hearing Notice***");

    b.   the Cover Letter to All Holders of Claims and Interests Entitled to Vote on the Plan, a copy of which is attached hereto as **<u>Exhibit A</u>** (the "***Cover Letter***");

    c.   the Official Committee of Unsecured Creditors of FTX Trading Ltd., et al. Letter to Holders of Classes 5A Dotcom Customer Entitlement Claims, 5B U.S. Customer Entitlement Claims, 5C NFT Customer Entitlement Claims, 6A General Unsecured Claims, 6B Digital Asset Loan Claims, 7A Dotcom Convenience Claims, 7B U.S. Convenience Claims, and 7C General Convenience Claims, a copy of which is attached hereto as **<u>Exhibit B</u>** (the "***Committee Letter***");

    d.   the Class 7B U.S. Convenience Claims Ballot for Voting to Accept or Reject the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates, a form of which is attached hereto as **<u>Exhibit C</u>** (the "***Class 7B Ballot***");

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

e.  the Notice of (A) Non-Voting Status to Holders of Impaired Classes Deemed to Reject the Plan and (B) Election to Opt-In to Third Party Releases, a form of which is attached hereto as **Exhibit D** (the "***Impaired Non-Voting Notice***");

f.  a pre-addressed, postage paid return envelope, a sample of which is not attached hereto (the "***Return Envelope***").

2.      In addition to the services detailed above, commencing on December 18, 2024, at my direction and under my supervision, employees of Kroll caused electronic links to the above materials to be served as follows:

a.  links to the materials contained on the Disclosure Statement Flash Drive, Confirmation Hearing Notice, Cover Letter, Committee Letter, Class 7B Ballot and Return Envelope were served via First Class Mail on the parties identified on the service list attached hereto as **Exhibit E**

3.      Unless otherwise stated, on December 18, 2024, at my direction and under my supervision, employees of Kroll caused true and correct copies of the above materials to be served as follows:

a.  the Confirmation Hearing Notice, Impaired Non-Voting Notice and Return Envelope were served via First Class Mail on the parties identified on the service list attached hereto as **Exhibit F**

On December 26, 2024, at my direction and under my supervision, employees of Kroll caused the following documents to be served via First Class Mail on the Supplemental Contract Counterparties Service List attached hereto as **Exhibit G**:

- Notice of Filing of First Amended Plan Supplement [Docket No. 25649]

- Notice of (I) Executory Contracts and Unexpired Leases Proposed to Be Assumed by the Debtors Pursuant to the First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith [Docket No. 25650]

On January 2, 2025, at my direction and under my supervision, employees of Kroll caused the following document to be served via First Class Mail on Aranha, Paul Francis, (ADRID : 18965731), C/ O Jane Kim, Keller Benvenutti Kim LLP, 425 Market St, Ste 2500, San Francisco, CA 94105-2478:

- Notice of Filing of Second Amended Plan Supplement [Docket No. 26226]

On January 2, 2025, at my direction and under my supervision, employees of Kroll caused the following documents to be served via First Class Mail on Aranha, Paul Francis, (ADRID : 18965731), C/ O Jane Kim, Keller Benvenutti Kim LLP, 425 Market St, Ste 2500, San Francisco, CA 94105-2478:

- Notice of Filing of Revised Proposed Confirmation Order [Docket No. 26309]

- Notice of Filing of (Further) Revised Proposed Confirmation Order [Docket No. 26313]

On January 3, 2025, at my direction and under my supervision, employees of Kroll caused the following document to be served via First Class Mail on an individual, (ADRID : 10551478), whose name and address have been redacted in the interest of privacy:

- Notice of Filing of Plan Supplement [Docket No. 22163]

Dated: January 17, 2025

/s/ Paul Pullo
Paul Pullo

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on January 17, 2025, by Paul Pullo, proved to me on the bases of satisfactory evidence to be the person who executed this affidavit.

/s/ HERBERT BAER
Notary Public, State of New York
No BA6205563
Qualified in Westchester County
Commission Expires May 11, 2025

**<u>Exhibit A</u>**

80214-02-84126

June 27, 2024

<u>Via Electronic Mail</u>

**RE:**    **<u>In re FTX Trading Ltd., *et al.*, Chapter 11 Case No. 22-11068 (JTD)</u>**

TO ALL HOLDERS OF CLAIMS AND INTERESTS ENTITLED TO VOTE ON THE PLAN:

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") are pleased to present the enclosed materials for your consideration.

You are receiving this letter and the enclosed materials because you are entitled to vote on the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (as may be modified, amended, or supplemented from time to time, the "<u>Plan</u>").[1]

On November 11 and November 14, 2022, the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") voluntary petitions for relief under the Bankruptcy Code.

On June 26, 2024, the Court entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* (the "<u>Solicitation Procedures Order</u>"). Among other things, the Solicitation Procedures Order approved the adequacy of the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "<u>Disclosure Statement</u>").

> **YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE PLAN. YOU SHOULD READ THIS LETTER CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

The enclosed materials set forth below comprise your Solicitation Package, and were approved by the Court for distribution in connection with the solicitation of votes to accept the Plan:

    a.    this letter;

    b.    the Official Committee Letter;

    c.    to the extent the Ad Hoc Committee prepares one, the Ad Hoc Committee Letter;

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings as set forth in the Plan or the Disclosure Statement, as applicable.

80214-02

d.     the Solicitation and Voting Procedures;

e.     the applicable Ballot;

f.     the Disclosure Statement (and exhibits thereto, including the Plan);

g.     the Solicitation Procedures Order (excluding exhibits);

h.     the letter from the Debtors and JOLs explaining the Bahamas Opt-In Election process; and

i.     the Confirmation Hearing Notice.

The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims and Interests, and all other parties-in-interest. Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, likely would result in smaller distributions in the Chapter 11 Cases.

> **THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN IN ACCORDANCE WITH THE INSTRUCTIONS INDICATED ON YOUR BALLOT.**
>
> **THE VOTING DEADLINE IS 4:00 P.M. PREVAILING EASTERN TIME ON AUGUST 16, 2024.**

If you have any questions regarding the Plan or the Solicitation Package, please contact Kroll Restructuring Administration LLC, the solicitation agent retained by the Debtors in the Chapter 11 Cases (the "Solicitation Agent"), by: (a) calling the Solicitation Agent at (888) 482-0049 (toll-free) or +1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed in the Chapter 11 Cases free of charge on the Solicitation Agent's case website at: https://restructuring.ra.kroll.com/FTX. Please be advised that Kroll is authorized to answer questions about, and provide additional copies of, solicitation materials, but may ***not*** advise you as to whether you should vote to accept or reject the Plan or provide legal advice.

Dated: June 27, 2024          Sincerely,

*FTX TRADING LTD.*
on behalf of itself and all other Debtors

**Exhibit B**

80214-03-84126

*Solicitation Version*

June 27, 2024

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
FTX TRADING LTD.,** *ET AL.*

**c/o Paul Hastings LLP, 200 Park Avenue, New York, New York 10166**

**TO:**    Holders of Classes 5A Dotcom Customer Entitlement Claims, 5B U.S. Customer Entitlement Claims, 5C NFT Customer Entitlement Claims, 6A General Unsecured Claims, 6B Digital Asset Loan Claims, 7A Dotcom Convenience Claims, 7B U.S. Convenience Claims, and 7C General Convenience Claims

**I.    <u>Introduction</u>**

The Official Committee of Unsecured Creditors (the "<u>Official Committee</u>") appointed in the Chapter 11 Cases of FTX Trading Ltd. and its affiliate debtors (collectively, the "<u>Debtors</u>"), in its capacity as court-appointed fiduciary for all Customers and other general unsecured creditors in the Debtors' Chapter 11 Cases[1] write in connection with the Debtors' solicitation of your vote with respect to the enclosed *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates*, dated June 27, 2024 (the "<u>Plan</u>") [Docket No. 19139], and *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Affiliated Debtors and Debtors-in-Possession*, dated June 27, 2024 (the "<u>Disclosure Statement</u>") [Docket No. 19143]. You should carefully read all the materials that accompany this letter.

<div style="border:2px solid black; padding:10px; text-align:center;">

**THE OFFICIAL COMMITTEE RECOMMENDS THAT YOU
<u>VOTE IN FAVOR</u> OF THE PLAN.**

</div>

You are receiving this letter because you are entitled to vote on the Plan. You will receive a Ballot that will contain detailed instructions on how to complete and submit your vote. ***The deadline to vote on the Plan is August 16, 2024, at 4:00 p.m. Eastern Time.*** The hearing to confirm the Plan is currently scheduled to begin on October 7, 2024, at 10:00 a.m. Eastern Time. If the Plan is confirmed on the currently proposed schedule, the Official Committee anticipates that Distributions to creditors will commence promptly thereafter.

**A.    The Official Committee**

The Official Committee was appointed on December 15, 2022, by the Office of the United States Trustee, to represent the interests of *all* Holders of General Unsecured Claims in the Debtors' chapter 11 bankruptcy cases (the "<u>Chapter 11 Cases</u>"). The Official Committee is currently comprised of five members, each of whom was an FTX.com Customer that suffered losses as a result of the Debtors' prepetition fraud. Since its formation, the Official Committee

---

[1]    Capitalized terms used but not defined in this Official Committee Letter shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

1

has acted as a necessary check on the Debtors, with the overarching goal of maximizing creditors' recoveries and expediting the course of the Chapter 11 Cases.

The Official Committee is advised by Paul Hastings LLP, as legal counsel, Young Conaway Stargatt & Taylor, LLP, as local counsel, FTI Consulting, Inc., as financial advisor, and Jefferies LLC, as investment banker.

## B.   The Plan of Reorganization

On July 31, 2023, the Debtors filed the *Draft Plan of Reorganization* and accompanying term sheet [Docket No. 2100] as a template for negotiations.  At that time, the Official Committee urged the Debtors to promptly engage in good faith negotiations concerning the plan.  Over the course of four days of in-person meetings in September and October 2023, the Debtors, the Official Committee, and other stakeholders agreed to broad contours of a plan, which was announced on October 16, 2023, and set forth in a plan support agreement.  *See Notice of Proposed Settlement of Customer Property Disputes* [Docket No. 3291], Ex. A (the "Plan Support Agreement").  The Debtors filed a revised plan of reorganization and disclosure statement on December 16, 2023. Although the December 2023 iteration of the plan mostly conformed to the Plan Support Agreement, certain aspects of that plan were inconsistent with the agreement reached in the Plan Support Agreement and were thus not acceptable to the Official Committee and remained subject to negotiation.

As the Chapter 11 Cases advanced, cryptocurrency market conditions greatly improved and the value of the Debtors' assets significantly increased.  With the Court's authorization, and with significant input from the Official Committee – which routinely encouraged the Debtors to actively manage their vast cryptocurrency and venture investment portfolio to maximize returns – the Debtors monetized a significant portion of their digital and venture investment assets in order to capture the increase for the benefit of their stakeholders.

Upon the foundation of these greatly enhanced asset values, the Debtors filed a revised plan of reorganization and disclosure statement in May 2024 that contemplated, among other things, payment to Customers and other general unsecured creditors in full on account of the Petition Date value of their Claims, on a dollarized basis, *plus* postpetition interest at the "Consensus Rate" of nine percent (9.0%), as well as proposed increased Distributions from a Supplemental Remission Fund to be funded by certain governmental Remission Fund Sponsors from their respective recoveries.  While encouraged by the significant increases to creditor recoveries reflected in the plan, the Official Committee continued to negotiate with the Debtors regarding other key terms, including that creditor representatives continue to provide oversight in respect of post-Effective Date governance of the Debtors' Estates and the means of Distribution to creditors, to best protect creditors' recoveries and interests.

On June 23, 2024, the Debtors filed the further revised Plan, which is the result of extensive negotiations between the Official Committee, the Debtors and other stakeholders, and reflects agreement as to a number of issues significant to the Official Committee and unsecured creditors. As in any negotiation that results in agreement, all parties must make concessions.  Although the Plan is not perfect from the standpoint of the Official Committee, it provides significant recoveries to creditors and includes provisions intended to compensate Customers for the lost investment

opportunities caused by the bankruptcy cases. The alternative to the Plan of a drawn-out process in which the Plan is voted down, and multiple competing plans are filed and prosecuted, would unquestionably result in a waste of Estate resources, delay Distributions to creditors, and generally leave all Customers and creditors far worse off than under the Plan. Thus, for the reasons described below, the Official Committee believes that the Plan provides the best available recoveries for Customers and other general unsecured creditors and recommends that all general unsecured creditors vote in favor of the Plan.

## II.   Why You Should Vote to Accept the Plan

### A.  Plan Settlements

The Plan provides for settlements of several key legal issues, including Customers' alleged property interests in and entitlements to Digital Assets and fiat currency in the Debtors' possession. Additionally, the Plan provides for substantive consolidation of the Debtors' Estates, which greatly simplifies the administration of the Chapter 11 Cases in light of the difficulty in unraveling the Debtors' prepetition books and records. Settlement of these issues through the Plan avoids costly litigation that would risk creditor recoveries and significantly delay Distributions to creditors.

### 1.   The Customer Priority Settlement

The Official Committee understands many Customers' frustration that Distributions under the Plan cannot be made "in kind," especially considering the significant increases in Digital Asset values since November 2022. The Official Committee independently conducted a thorough analysis of the legal and factual issues underlying Customers' claims of ownership of Customer deposits, including the terms of service for FTX.com and FTX.US and the legal principles to be applied to such issues. Ultimately, the Official Committee determined that significant legal defenses existed to such Customers' property claims and that litigation over Customer property issues would greatly delay resolution of the Chapter 11 Cases and require "rough justice" where only certain creditors would receive increased recoveries at the expense of others. Equally as important, the Official Committee believes that even if Customer deposits were determined to be Customer property rather than property of the Debtors' Estates, Distributions to creditors would not be measurably improved (if at all) from those provided under the Plan. As a factual matter, because of the fraudulent actions of the Debtors' prepetition management, the Debtors did not hold on the Petition Date sufficient quantities of Digital Assets to return to all creditors "in kind" the Digital Assets underlying their Claims. An "in kind" Distribution, while not impossible, was inherently impracticable and inequitable because it would require a mechanism for determining which Customers could receive which Digital Assets, in what quantities, and at which other Customers' expense. After much deliberation, the Official Committee determined and ultimately agreed with the Debtors that monetization of the Digital Assets (and the Debtors' venture assets, most of which were funded with Customers' deposits), would result in the more fair and equitable treatment of all creditors' Claims.

Accordingly, the "global settlement" in the Plan, in sum, treats Digital Assets held by the Debtors as property of the Debtors' Estates, but, in turn, affords priority treatment to Customers' claims against the General Pool of assets available for distribution. *See* Disclosure Statement at § 4.B.5. The Official Committee believes that the Plan, compared to all other alternatives,

provides the highest and best value for creditors who were Customers of FTX.com and FTX.US, while also providing meaningful and fair recoveries to creditors who were not Customers of the exchanges.

2.     The Supplemental Remission Fund

A key feature of the Plan is the voluntary subordination by the CFTC of its $8.7 billion Claim against the Debtors' Estates, and the establishment of the Supplement Remission Fund with proceeds that would otherwise satisfy the CFTC's and other Claims held by Governmental Units. *See* Disclosure Statement at § 4.B.7.  Notably, although agreements concerning the Supplemental Remission Fund with the CFTC and other Governmental Units have yet to be finalized, negotiations are continuing and estimated creditor recoveries under the Plan assume that such agreements will be reached, and the Official Committee assumes the same in recommending that creditors vote in favor of the Plan.[2]  The Official Committee views the Supplemental Remission Fund as a material component of the Plan, which will serve, in part, as a source of Distributions to compensate Customers of the Debtors' exchanges and certain other creditors for the greatly increased values in Digital Assets since the Petition Date.

Distributions from the Supplemental Remission Fund may not be available outside the context of this Plan.

3.     The IRS Settlement

The Plan settles all Claims asserted by the IRS, which, after adjustment, exceed $24 billion. Pursuant to the settlement with the IRS, which has been approved by the Bankruptcy Court subject to confirmation of the Plan, the IRS will receive an Allowed priority tax Claim in the amount of $200 million payable within 60 days of the Effective Date, and a Senior Subordinated IRS Claim, in an amount to be determined, for Claims arising out of any postpetition tax year, including without limitation any related penalties, statutory addition, or interest.  The Senior Subordinated IRS Claim shall be subordinated to Claims of Customers and other creditors with interest paid at the Consensus Rate of nine percent (9.0%).  The IRS also is granted under the Plan the Junior Subordinated IRS Claim, in the amount of $685 million, which is payable on a fully subordinated basis to Customers and all other creditors (including all other Governmental Units).  Notably, no recovery is estimated to the IRS on the Junior Subordinated IRS Claim.

The benefits to creditors from the IRS settlement are significant.  In sum, the settlement with the IRS (i) avoids costly and protracted litigation, (ii) settles all prepetition Claims against the Debtors arising from activities, transactions, liabilities, or events prior to October 31, 2022, at a value far below the amounts claimed by the IRS, and (iii) results in the subordination of any and all Claims by the IRS against the Debtors arising from activities, transactions, liabilities, or events after October 31, 2022 – thereby ensuring material recoveries to unsecured creditors that could

---

[2]     The Official Committee expects that the CFTC and other Holders of governmental claims will agree to the Supplemental Remission Fund prior to the voting deadline on the Plan, and the Debtors have agreed to consult with the Official Committee and other Supporting Parties should there be any changes to the proposed terms of the Supplemental Remission Fund.  In the unlikely event that the CFTC and other Holders of governmental claims do not agree to the Supplemental Remission Fund, the Official Committee reserves all rights with respect to the Plan.

otherwise have been due to the IRS.  Moreover, recovery on account of the IRS's priority Claim will not have any material effect on creditors' recoveries.

## B.  Other Important Features of the Plan

### 1.    Postpetition Interest to Customer Creditors

The Official Committee strenuously advocated for and negotiated with the Debtors for sources of recovery under a Plan to compensate Customers and other creditors for the increased values of Digital Assets since the Petition Date.  The Official Committee's goal has been and continues to be to ensure that all (or as close to all as feasible) of the Debtors' Estates' distributable assets be distributed to Customers and other creditors.  In that regard, in addition to encouraging the Debtors to establish a mechanism such as the Supplemental Remission Fund, the Plan (at the Official Committee's urging) also provides for payment of post-petition interest at the Consensus Rate of nine percent (9.0%).  Although post-petition interest is typically available in bankruptcy cases only when a debtor is solvent, here, although the Debtors are not solvent, the Plan provides for post-petition interest to be paid by agreement to all Holders of Allowed General Unsecured Claims from the Petition Date until Distribution date, before any Distributions are made to holders of subordinated Claims.  *See* Disclosure Statement at § 4.B.6.  Because such interest is being paid by agreement between the Debtors and stakeholders, payment of post-petition interest as provided under the Plan may not be available to creditors if the Plan is not confirmed.

### 2.    Post-Effective Date Governance of the Debtors' Estates

A material issue for the Official Committee is the post-Effective Date governance of the Debtors' Estates.  Although the Debtors, Official Committee and Ad Hoc Committee had agreed to a governance structure in October 2023 (as set forth in the Plan Support Agreement), the Debtors advised early in 2024 that, as a result of the positive developments in the Chapter 11 Cases and increases in estimated creditor recoveries, such agreement was no longer applicable and that they would not be honoring the October 2023 agreement.  The Official Committee believes that creditors, the true stakeholders in these cases, must have post-Effective Date representatives able to protect creditors' economic interests, as is typical in liquidating bankruptcy cases.  Over the past few months, the Official Committee vigorously advocated for and negotiated with the Debtors and other stakeholders certain modifications to the Plan to ensure such post-Effective Date representation for creditors.

Accordingly, as set forth in the modified Plan filed June 23, 2024, the Plan now provides that, while after the Effective Date, the Plan Administrator will report to the independent Wind Down Board, one board member will be jointly selected by the Official Committee and Ad Hoc Group.  *See* Plan at § 5.11.  In addition, to further serve as oversight of the Plan Administrator and the Wind Down Board, on the Effective Date, the Debtors will establish an advisory committee, also jointly selected by the Official Committee and Ad Hoc Group, which will owe fiduciary duties to all creditors and have material consent rights in respect of decisions concerning the Wind Down Entities, including with respect to (i) reserves and the timing and amount of Distributions, (ii) resolution or settlement of disputed unsecured Claims, (iii) commencement, prosecution and settlement of litigation, (iv) disallowance of Claims, (v) monetization of Digital Assets and venture investments, (vi) implementation of the Supplemental Remission Fund, (vii) modification of the

Wind Down Budget, and (viii) modification of the terms of employment or scope of authority of the Plan Administrator and any other officers of the Wind Down Entities. *See* Plan at § 5.20. The Advisory Committee will have standing to contest before the Bankruptcy Court decisions made by the Wind Down Board.

### 3.    Waiver of Customer Preference Actions

The Official Committee understands that some Customers are concerned about facing preference litigation with respect to their prepetition withdrawals of assets from the Debtors' exchanges. Pursuant to the Plan, on the Effective Date, the Debtors and the Wind Down Entities are expected to waive and therefore not prosecute any preference actions against Customers that vote to accept the Plan and consent and stipulate to the amount of their Customer Entitlement Claims as set forth on their Ballots for voting, allowance, and Distribution purposes. *See* Plan at § 5.5. Thus, if the Plan is confirmed, the vast majority of retail Customers who support the Plan will not face preference liability.[3]

### 4.    Form of Distributions

The Official Committee understands that many creditors would prefer to receive Distributions under the Plan in stablecoin, rather than cash. Although discussions and negotiations are continuing with potential entities to serve as Distribution Agent under the Plan, the Official Committee urged the Debtors to provide an option to Customers to receive stablecoin rather than cash, and has been assured by the Debtors that a stablecoin option will be made available to as many creditors as possible, in jurisdictions where that option is feasible. *See* Disclosure Statement at § 4.G.5.

## III.    Conclusion

The Official Committee believes that the Plan maximizes recoveries to all Customers and other general unsecured creditors. If the Plan is confirmed on the currently proposed schedule, the Initial Distribution Date could be prior to year-end. If the Plan is not confirmed, creditors' estimated recoveries will likely be less than those under the Plan, both because the many settlements and resolutions of claims and issues under the Plan may not be available under some other construct, and because of the necessary delay attendant with a new plan process. The Plan distributes significant value from the Debtors' Estates, with priority to Customers, at the earliest possible time given the current circumstances of the Chapter 11 Cases.

***The foregoing description of the Plan is not intended as a substitute for the Disclosure Statement.*** Before casting your vote, the Official Committee recommends that you read the

---

[3]    The waiver of Customer Preference Actions does not apply to certain customers who were Insiders of the Debtors, had actual or constructive knowledge of the commingling and misuse of Customer deposits and corporate funds, or changed their know your customer information in order to facilitate withdrawals that would otherwise have been halted, defined in the Plan as an "Excluded Customer Preference Action." For the avoidance of doubt, any pending preference actions filed by the Debtors against any party shall be an Excluded Customer Preference Action, and the defendant of such action shall not be released from such action even if such holder properly agrees to the stipulated amount for voting, allowance and Distribution and votes in favor of the Plan. *See* Disclosure Statement at § 6.F.

80214-03

*Solicitation Version*

enclosed Disclosure Statement for more detailed information regarding the facts and assumptions underlying the Plan and for information relating to the Chapter 11 Cases and estimated Distributions to creditors.  The Disclosure Statement also contains answers to commonly asked questions that may be helpful to understand the Plan.

## RECOMMENDATION

It is the Official Committee's firm belief that confirmation of the Plan will maximize recoveries to Customers and other general unsecured creditors and minimize further costs associated with the Chapter 11 Cases.  **Accordingly, the Official Committee supports confirmation of the Plan and encourages you to <u>VOTE TO ACCEPT</u> the Plan pursuant to the instructions on your Ballot.**

Please read the directions on the Ballot carefully and complete your Ballot in its entirety through the Debtors' online balloting portal.  Your Ballot must be submitted on or before ***August 16, 2024, at 4:00 p.m. Eastern Time*** to be counted.

**THIS COMMUNICATION DOES NOT CONSTITUTE, AND SHALL NOT BE CONSTRUED AS, A SOLICITATION BY ANY INDIVIDUAL MEMBER OF THE OFFICIAL COMMITTEE.**

Very truly yours,

The Official Committee of Unsecured Creditors of FTX Trading Ltd., *et al.*

Dated: June 27, 2024

**Exhibit C**

80214-14

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES**

### Class 7B U.S. Convenience Claims

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **PLEASE BE SURE TO LEAVE SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THIS BALLOT.**
>
> **THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "<u>VOTING DEADLINE</u>").**

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

---

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY <u>AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME</u>**

- You are receiving this ballot (this "<u>Ballot</u>") because you are a Holder of a Class 7B U.S. Convenience Claim of FTX Trading Ltd. ("<u>FTX Trading</u>") and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and each, a "<u>Debtor</u>"), who filed voluntary petitions of relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "<u>Bankruptcy Code</u>").

- The Debtors are seeking Bankruptcy Court approval for a chapter 11 plan filed as part of their bankruptcy proceedings.

- Under the Plan, unless you <u>affirmatively opt out</u> in accordance with the instructions set forth in this Ballot, you will be deemed to grant the releases contained in Section 10.5 of the Plan (the "<u>Third-Party Release</u>"). You have the right to opt out of the Third-Party Release. To do so, you must check the opt-out box on page 8 of this Ballot and return this Ballot to the Solicitation Agent by the Voting Deadline. You do not need to make any election or vote on the Plan to opt out of the Third-Party Release. The definitions of Released Parties and Releasing Parties are also included in this Ballot. These defined terms control the scope of the Third-Party Release.

- You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in <u>Item 5</u> of this Ballot.

---

The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "<u>Plan</u>"), attached as <u>Exhibit A</u> to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the "<u>Disclosure Statement</u>").[2] The Disclosure Statement provides you with information to make an informed decision on the Plan. Votes are being solicited from Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 6A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B Priority DM Claims, Class 8C PropCo General Unsecured Claims, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (each, a "<u>Voting Class</u>" and collectively, the "<u>Voting Classes</u>").

You are receiving this ballot (this "<u>Ballot</u>") because you are the Holder of a Class 7B U.S. Convenience Claim as of <u>June 25</u>, 2024 (the "<u>Voting Record Date</u>"). **For a detailed discussion of**

---

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

2

the treatment of Class 7B U.S. Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.

## BALLOT

**Please review the instructions attached as <u>Annex A</u> (the "<u>Ballot Instructions</u>") regarding how to complete and submit this Ballot.** Once completed and returned in accordance with the Ballot Instructions, your vote on the Plan will be counted in **Class 7B U.S. Convenience Claims**. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests that submit votes in that Voting Class by the Voting Deadline vote to accept the Plan. Even if a Voting Class votes to reject the Plan, the Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. After the Bankruptcy Court confirms the Plan, the Plan will be binding on all Holders of Claims and Interests irrespective of whether the Holder or the Class voted to accept or to reject the Plan.

**TO HAVE YOUR VOTE COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN, YOU MUST COMPLETE AND RETURN THIS BALLOT VIA THE ONLINE VOTING PORTAL OR BY MAIL SO THAT THE SOLICITATION AGENT ACTUALLY RECEIVES IT ON OR BEFORE THE VOTING DEADLINE OF AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in **Item 5** of this Ballot; (c) sign, date, and return this Ballot via EITHER (i) the Solicitation Agent's online voting portal or (ii) regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, as described below; and (d) submit your Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

1.  To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

    **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

    **Unique E-Ballot ID#: _____**

2.  To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

    FTX Trading Ltd. Ballot Processing Center
    c/o Kroll Restructuring Administration LLC

80214-14

850 Third Avenue, Suite 412
Brooklyn, NY 11232

Please note that if you submit your Ballot via mail, your Ballot must be actually received by the Solicitation Agent on or before the Voting Deadline.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

The Solicitation Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal you SHOULD NOT submit the paper original of your Ballot.

You should review the Disclosure Statement, the Plan, and the Ballot Instructions before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Class 7B U.S. Convenience Claim. Your Claim has been classified in Class 7B under the Plan. If you hold Claims or Interests in Voting Classes other than with respect to the Class 7B U.S. Convenience Claim as set forth in **Item 1** or multiple Claims or Interests within the same Voting Class, you will receive multiple ballots. Each ballot must be completed and returned by the Voting Deadline for the votes on the respective ballots to be counted.

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you would like paper copies of the Solicitation Package materials, or if you would like additional copies of the Solicitation Packages, you may obtain them, free of charge, by: (a) calling the Solicitation Agent at (888) 482-0049 (U.S./Canada, Toll-Free) or +1 (646) 440-4176 (International); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/FTX/Home-Index, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, opting out of the Third-Party Release, and making certifications with respect to the Ballot. If you believe you have received this Ballot in error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

If the Bankruptcy Court confirms the Plan, the terms of the Plan will bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan.

To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Solicitation Agent **_actually receives_** it on or before the Voting Deadline.

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**<u>Item 1</u>.    Voting Amount of Class 7B U.S. Convenience Claim.**

For purposes of voting to accept or reject the Plan, your U.S. Convenience Claim will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations set forth either in the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] (together with any further order of the Court estimating claims based on digital assets, the "<u>Digital Assets Estimation Order</u>") or as shall be set forth in any other order by the Court, as applicable (the "<u>Scheduled Amount</u>"). Your Scheduled Amount is as listed in this **<u>Item 1</u>**.

If you did not file a Proof of Claim, the amount of your Class 7B U.S. Convenience Claim for purposes of voting to accept or reject the Plan (the "<u>Voting Amount</u>") will be the Scheduled Amount. Conversely, if you filed a timely Proof of Claim (or filed an untimely Proof of Claim that has been allowed as timely on or before the Voting Record Date), the Voting Amount will be the amount asserted in your Proof of Claim, unless your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and the Scheduled Amount is not scheduled as contingent, unliquidated or disputed, the Voting Amount shall be your Scheduled Amount. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and (i) the Scheduled Amount is scheduled as contingent, unliquidated or disputed or (ii) if your Proof of Claim is in respect of a Claim that does not appear in the Schedules, the Voting Amount shall be $1.00. For additional details regarding the Voting Amount, please refer to Section 4(ii) of the Solicitation and Voting Procedures.

When signing your Ballot, you will be certifying that, as of the Voting Record Date, you are the Holder of a Class 7B U.S. Convenience Claim as set forth below and understand that you are eligible to make the stipulation in **<u>Item 2</u>**.

| **Relevant Ballot Amounts** |
|---|
| **Scheduled Amount: $**_____ |
| **Voting Amount: $**_____ |

**Item 2**.    **Stipulated Amount for Voting, Allowance and Distribution.**

Effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 7B U.S. Convenience Claim if you (i) vote to accept the Plan in **Item 5** of this Ballot and (ii) consent and stipulate in this **Item 2** to the Stipulated Amount below *for voting, allowance and Distribution purposes*. For more details, please refer to Section 5.5 of the Plan.

**Stipulated Amount of your Class 7B U.S. Convenience Claim for Voting, Allowance and Distribution: $_____**

**If you would like to agree to your Stipulated Amount identified above *for voting, allowance and Distribution* in respect of your Class 7B U.S. Convenience Claim, you should check the box below. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 7B U.S. Convenience Claim, you must both (i) agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 7B U.S. Convenience Claim as set forth in this *Item 2* and (ii) vote to accept the Plan in *Item 5* of this Ballot. If you agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 7B U.S. Convenience Claim, but do not vote to accept the Plan in *Item 5* of this Ballot, or if you vote to accept the Plan in *Item 5* of this Ballot, but do not agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7B U.S. Convenience Claim, the Debtors and the Wind Down Entities may still prosecute Customer Preference Action with respect to your Class 7B U.S. Convenience Claim. Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7B U.S. Convenience Claim as set forth in this *Item 2* or vote to accept the Plan in *Item 5* of this Ballot. For the avoidance of doubt, any pending preference actions filed by the Debtors against any party shall be an Excluded Customer Preference Action, and the defendant of such action shall not be released from such action even if such holder properly agrees to the stipulated amount for voting, allowance and Distribution and votes in favor of the Plan. PLEASE BE ADVISED THAT IF YOU PROPERLY CONSENT AND STIPULATE TO THE STIPULATED AMOUNT, THE STIPULATED AMOUNT WILL SUPERSEDE ANY FILED OR SCHEDULED CLAIM AND SUCH STIPULATED AMOUNT SHALL CONTROL FOR VOTING, ALLOWANCE AND DISTRIBUTION IN RESPECT OF YOUR CLASS 7B U.S. CONVENIENCE CLAIM. FOR MORE DETAILS, PLEASE REFER TO SECTION 5.5 OF THE PLAN AND SECTION 6(E) OF THE DISCLOSURE STATEMENT.**

The undersigned, a Holder of a Class 7B U.S. Convenience Claim against the Debtors as set forth in the chart above, elects as follows:

☐ The undersigned consents and stipulates to the Stipulated Amount as set forth in **Item 2** of this Ballot *for voting, allowance and Distribution purposes*.

6

**Item 3.**   **Guide for Filling Out this Ballot.**

All Holders of Class 7B U.S. Convenience Claims should review the Ballot Instructions in **Annex A** attached to this Ballot.

**Item 4.**   **Treatment of Class 7B U.S. Convenience Claims.**

A "<u>Class 7B U.S. Convenience Claim</u>" is (a) any U.S. Customer Entitlement Claim that is Allowed in an amount equal to or less than $50,000 or (b) any U.S. Customer Entitlement Claim that is Allowed in an amount greater than $50,000 but that is reduced to an amount equal to or less than $50,000 by an irrevocable written election of the Holder of such Customer Entitlement Claim made on a properly executed and delivered Ballot; *provided* that where any portion of a U.S. Customer Entitlement Claim has been transferred or subdivided, any transferred or subdivided portion shall continue to be treated together with the entire initial U.S. Customer Entitlement Claim for purposes of determining whether any portion of such U.S. Customer Entitlement Claim qualifies as a U.S. Convenience Claim.

| Voting Class | Description | Treatment |
|---|---|---|
| Class 7B | U.S. Convenience Claims | In full and final satisfaction, settlement, release, and discharge of and in exchange for its Allowed U.S. Convenience Claim, each Holder of an Allowed U.S. Convenience Claim shall receive payment in Cash in an amount equal to 100% of such Allowed U.S. Convenience Claim *plus* postpetition interest at the Consensus Rate from the Petition Date through the Initial Distribution Date in accordance with the waterfall priority set forth in <u>Section 4.2.2</u> of the Plan, payable in Cash on or as reasonably practical after the latest of (i) a date determined by the Plan Administrator that shall be no later than 60 days after the Effective Date; (ii) the date of which such U.S. Convenience Claim becomes Allowed; and (iii) such other date as may be ordered by the Bankruptcy Court. |

**For additional details regarding the treatment and rights for Class 7B U.S. Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

**Item 5.**   **Vote on Plan.**

Effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 7B U.S. Convenience Claim if you (i) vote to accept the Plan in this **Item 5**, and (ii) consent and stipulate in **Item 2** to the Stipulated Amount for voting, allowance and Distribution purposes.  For more details, please refer to **Item 2** of this Ballot and Section 5.5 of the Plan.

To vote in this **Item 5**, you must check the applicable box below to "accept" or "reject" the Plan.

Please note that you are required to vote all of your Class 7B U.S. Convenience Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, either to accept or reject the Plan. You **may not** split your vote.

If you **do not** indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted in Class 7B U.S. Convenience Claims.

***If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.***

The undersigned, a Holder of a Class 7B U.S. Convenience Claim against the Debtors as set forth in the chart in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, votes to (please check **one box**):



| Voting to Accept or Reject the Plan |
|:---:|
| ☐  ACCEPT (VOTE FOR) THE PLAN |
| ☐  REJECT (VOTE AGAINST) THE PLAN |

**Item 6.    Third-Party Release.**

THE PLAN CONTAINS A THIRD-PARTY RELEASE. IF YOU DO NOT WISH TO GRANT THE THIRD-PARTY RELEASE, YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, THIS WILL BE CONSTRUED BY THE DEBTORS AS CONSENT TO THE THIRD-PARTY RELEASE. THE DEBTORS WILL REQUEST THE BANKRUPTCY COURT TO DEEM YOUR FAILURE TO OPT OUT AS CONSENT TO THE THIRD-PARTY RELEASE, INCLUDING CONSENT TO THE BANKRUPTCY COURT'S AUTHORITY TO GRANT THE THIRD-PARTY RELEASE.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE RELEASES CONTAINED IN <u>SECTION 10.5</u> OF THE PLAN. AS A HOLDER OF A CLASS 7B U.S. CONVENIENCE CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN <u>UNLESS</u> YOU OPT OUT OF THE THIRD-PARTY RELEASE. YOU MAY CHECK THE BOX BELOW TO DECLINE TO GRANT THE THIRD-PARTY RELEASE.

YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE AND (II) YOU DO NOT CHECK THE BOX BELOW TO OPT OUT OF GRANTING THE RELEASES. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU VOTE TO ACCEPT THE PLAN IN **Item 5** OF THIS BALLOT, YOU MAY STILL VOTE TO OPT OUT OF THE THIRD-PARTY RELEASE.

☐ **By checking this box, you elect to <u>OPT OUT OF</u> the Third-Party Release.**

**<u>Section 10.5</u> of the Plan contains the following *Third-Party Release*:**

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act.  Nothing in this <u>Section 10.5</u> shall cause the release of (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "***Released Parties***" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or

80214-14

barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

(2)     Under the Plan, "***Releasing Parties***" means (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote to reject the Plan but do not opt out of granting the releases set forth therein; (g) the Holders of all Claims or Interests who are deemed to reject the Plan and opt in to the releases set forth therein; and (h) all other Holders of Claims or Interests to the maximum extent permitted by law. Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (h) above are not Releasing Parties.

(3)     Under the Plan, "***Excluded Party***" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

(4)     Under the Plan, "***Exculpated Parties***" means (a) the Debtors; (b) the Official Committee and its current and former members, solely in their capacities as members of the Committee; (c) the Fee Examiner; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

(5)     Under the Plan, "***Control Persons***" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

## <u>Item 7</u>.   Certifications.

1.   The undersigned, as of the Voting Record Date, is (a) the Holder of the Class 7B U.S. Convenience Claim being voted or (b) the authorized signatory for an entity that is a Holder

of such Class 7B U.S. Convenience Claim entitled to agree to the Stipulated Amount for voting, allowance and Distribution, and vote to accept or reject the Plan on behalf of the Holder of such Class 7B U.S. Convenience Claim;

2. the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein; and

3. either (a) no other ballot with respect to the same Class 7B U.S. Convenience Claim identified in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, has been cast or (b) if any other ballot has been cast with respect to such Class 7B U.S. Convenience Claim, then any such prior ballots are hereby revoked and deemed to be null and void.

**Item 8.   Ballot Completion Information.**

Name of
Holder:         _____

                _____

Signature:      _____

Signatory
Name (if
other than
the
Holder):        _____

Title (if
other than
the
Holder):        _____

Address:        _____

                _____

Email
Address:        _____

Telephone
Number:         _____

Date
Completed:      _____

80214-14

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT: HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO FTX TRADING LTD. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINSITRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232.**

---

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

<table>
<tr><td><strong><u>Annex A</u><br>Class 7B U.S. Convenience Claim</strong></td></tr>
</table>

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

1. The Debtors are soliciting the votes of Holders of Class 7B U.S. Convenience Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan or Disclosure Statement, as applicable, a copy of which also accompanies the Ballot.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. BEFORE COMPLETING ANY ITEMS ON THE BALLOT, PLEASE REVIEW THE DESCRIPTION OF YOUR CLAIMS, THE TREATMENT OF THOSE CLAIMS, AS WELL AS THESE BALLOT INSTRUCTIONS.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

### <u>Optional Stipulated Amount for Voting, Allowance and Distribution</u>

If you would like to elect to have the Debtors and Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect your Class 7B U.S. Convenience Claim, you should agree to the Stipulated Amount Stipulation for voting, allowance and Distribution by checking the box in **Item 2** to irrevocably consent and stipulate to the Stipulated Amount. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect your Class 7B U.S. Convenience Claim, you must both (i) consent and stipulate to the Stipulated Amount for voting, allowance and Distribution purposes as set forth in **Item 2** of this Ballot and (ii) vote to accept the Plan in **Item 5** of this Ballot. If you consent and stipulate to the Stipulated Amount for voting, allowance and Distribution purposes as set forth in **Item 2** of this Ballot, but do not vote to accept the Plan in **Item 5** of this Ballot, or if you vote to accept the Plan in **Item 5** of this Ballot, but do not consent and stipulate to the Stipulated Amount for voting, allowance and Distribution purposes as set forth in **Item 2** of this Ballot, the Debtors and the Wind Down Entities may still prosecute your Class 7B U.S. Convenience Claim. Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7B U.S. Convenience Claim as set forth in this **Item 2** or vote to accept the Plan in **Item 5** of this Ballot.

2. This Ballot contains voting options with respect to the Plan.

3. To vote, you MUST: (a) fully complete the Ballot; (b) clearly indicate your decision to accept or reject the Plan in **Item 5** of the Ballot; (c) sign, date, and return the Ballot via the Solicitation

Agent's online voting portal or by mail as described below and (d) submit the Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

IMPORTANT NOTE: To retrieve and submit your customized electronic Ballot, you will need your Unique E-Ballot ID# as provided at page 3, above.

To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

> FTX Trading Ltd. Ballot Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 Third Avenue, Suite 412
> Brooklyn, NY 11232

The Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal, you SHOULD NOT submit the paper original of your Ballot.

4.  You may still vote to opt out of the Third-Party Release in the event you vote to accept the Plan in **Item 5** of this Ballot.

5.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

6.  Any Ballot submitted that is incomplete, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned via the Solicitation Agent's online voting platform will ***not*** be counted unless the Debtors otherwise determine to accept such Ballot.

7.  To vote, you **MUST** submit your completed Ballot via the online voting portal or by mail so that it is **ACTUALLY RECEIVED** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is **August 16, 2024, at 4:00 p.m.**, prevailing Eastern Time.

8. Any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the Ballot. In all cases, you should allow sufficient time to assure timely completion and submission of the Ballot via the online voting platform or by mail.

10. If you deliver multiple Ballots for your Class 7B U.S. Convenience Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, to the Solicitation Agent, **only** the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s) for such Class 7B U.S. Convenience Claim.

11. You must vote all of your Class 7B U.S. Convenience Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, either to accept or reject the Plan and may not split your vote.

12. The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. *You must SIGN AND DATE* your Ballot.[1] A Ballot properly submitted via the Solicitation Agent's online voting portal shall be deemed to contain an original signature of the Holder submitting such Ballot. Please provide your name and mailing address in the space provided on this Ballot.

15. Except with respect to your Class 7B U.S. Convenience Claim as set forth in **Item 1**, if you have other Claims or Interests, you may receive more than one ballot coded for each such Claim or Interest. Each ballot votes only your Claim indicated on that ballot. Accordingly, complete and return each ballot you receive. To the extent that you receive multiple Ballots on account of different Claims, you are not required to vote to accept or reject the Plan in the same manner or make the same elections in such Ballots.

---

[1] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: (888) 482-0049 (U.S./CANADA, TOLL-FREE) OR +1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

**<u>Exhibit D</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | x | |
| In re | : | Chapter 11 |
| | : | |
| FTX TRADING LTD., *et al.*,[1] | : | Case No. 22-11068 (JTD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
| | x | |

### NOTICE OF (A) NON-VOTING STATUS TO HOLDERS OF
### IMPAIRED CLASSES DEEMED TO REJECT THE PLAN AND
### (B) ELECTION TO OPT-IN TO THIRD PARTY RELEASES

**PLEASE TAKE NOTICE** that on June 26, 2024 the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. 19068] (the "Solicitation Procedures Order").   Among other things, the Solicitation Procedures Order approved the adequacy of the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement"), voting and solicitation procedures and established the timeline to confirm the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Plan").[2]

**UNDER THE TERMS OF THE PLAN, CLASS 13 SECTION 510(B) PREFERRED EQUITY CLAIMS, CLASS 14 SECTION 510(B) OTHER EQUITY CLAIMS, CLASS 15 EQUITABLY SUBORDINATED CLAIMS, CLASS 16 OTHER EQUITY INTERESTS, CLASS 17 FTT CLAIMS AND INTERESTS AND CLASS 18 *DE MINIMIS* CLAIMS WILL NOT RECEIVE ANY DISTRIBUTIONS.  THEREFORE, IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, YOUR CLAIMS AND**

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX.   The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan or the Disclosure Statement, as applicable.

**INTERESTS IN THESE CLASSES ARE CONSIDERED IMPAIRED AND <u>YOU WILL NOT RECEIVE ANY DISTRIBUTIONS UNDER THE PLAN</u>. IN ACCORDANCE WITH SECTION 1126(g) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY PRESUMED TO HAVE REJECTED THE PLAN AND ARE NOT ENTITLED TO VOTE ON THE PLAN. YOU ARE BEING SENT THIS NOTICE FOR INFORMATIONAL PURPOSES AND TO ALLOW YOU TO OPT IN TO THE THIRD PARTY RELEASE (DEFINED BELOW) AS EXPLAINED HEREIN AND IN THE ATTACHED ELECTION FORM.**

**SPECIFICALLY, YOU MAY <u>OPT IN</u> TO THE VOLUNTARY RELEASE CONTAINED IN SECTION 10.5 OF THE PLAN (THE "<u>THIRD-PARTY RELEASE</u>"). ATTACHED AS <u>ANNEX A</u> TO THIS NOTICE IS AN ELECTION FORM TO OPT IN TO THE THIRD-PARTY RELEASE. YOU MUST CHECK THE "OPT-IN" BOX ON THE ELECTION FORM AND RETURN THE FORM IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH IN THE FORM IN ORDER TO OPT IN TO THE THIRD-PARTY RELEASE.**

**HOLDERS OF CLASS 18 *DE MINIMIS* CLAIMS MAY BE ELIGIBLE TO HAVE THEIR CLAIMS ADMINISTERED, RECONCILED, VALUED, SETTLED, ADJUDICATED, RESOLVED AND SATISFIED IN FTX DIGITAL MARKETS LTD.'S LIQUIDATION PROCEEDING IN THE BAHAMAS AND MAY FILE A PROOF OF DEBT ON OR BEFORE THE VOTING DEADLINE OF AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME, VIA THE FTX DM PORTAL AT** https://digitalmarketsclaim.pwc.com **OR BY SCANNING THIS QR CODE:**



       If you hold a separate, additional Claim or Interest for which you are entitled to vote, then you will also receive a Ballot and other solicitation materials under separate cover.

<u>**Relevant Deadlines**</u>

       The hearing at which the Court will consider the Confirmation of the Plan (the "<u>Confirmation Hearing</u>") will commence on **October 7, 2024 at 10:00 a.m. prevailing Eastern Time**, or such other time as the Court determines. The Confirmation Hearing will take place before the Honorable John T. Dorsey, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment

being announced in open court or by a notice of adjournment filed with the Court and served on such parties as the Court may order.  Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and other applicable law, prior to, during or as a result of the Confirmation Hearing, without further notice to parties in interest.

Any objection to the confirmation of the Plan must:  (1) be in writing; (2) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (3) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors; (4) state the basis and the specific grounds therefor; and (5) be filed with the Court, together with proof of service thereof, and served upon and received by each of the following parties (collectively, the "Notice Parties") no later than **August 16, at 4:00 p.m. prevailing Eastern Time (the "Confirmation Objection Deadline").  UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

### Notice Parties

(a)   Counsel to the Debtors: (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (dietdericha@sullcrom.com), Brian D. Glueckstein (gluecksteinb@sullcrom.com) and Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com);

(b)   The Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, Esq. (linda.richenderfer@usdoj.gov);

(c)   Counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (krishansen@paulhastings.com) and Ken Pasquale (kenpasquale@paulhastings.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn (mlunn@ycst.com) and Robert F. Poppiti, Jr. (rpoppiti@ycst.com);

(d)   Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com: (i) Eversheds Sutherland (US) LLP, 227 West Monroe Street, Suite 6000, Chicago, Illinois 60606, Attn: Erin E. Broderick (erinbroderick@eversheds-sutherland.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Matthew B. Harvey (mharvey@morrisnichols.com);

(e)     Counsel to the Joint Official Liquidators and Foreign Representatives of FTX Digital Markets Ltd.: (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brett Bakemeyer (brett.bakemeyer@whitecase.com) and Brian D. Pfeiffer (brain.pfeiffer@whitecase.com) and (ii) Richard, Layton, and Finger P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Brendan Schlauch (schlauch@rlf.com) and Paul N. Heath (heath@rlf.com);  and

(f)     To the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

The Debtors may file supplements to the Plan (the "Plan Supplement") with the Court no later than **August 9, 2024**.

### Obtaining Copies of Relevant Documents

Copies of the Plan, the Plan Supplement, the Disclosure Statement and the Solicitation Procedures Order, as well as other documents filed in these Chapter 11 Cases, may be obtained (i) for a nominal fee from the Court's electronic docket for the Debtors' Chapter 11 Cases at https://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or (ii) free of charge by accessing the website of Kroll Restructuring Administration LLC (the "Solicitation Agent"), https://restructuring.ra.kroll.com/FTX.  In addition, the Debtors will, at their expense, provide paper copies of the Plan, the Plan Supplement, the Disclosure Statement or the Solicitation Procedures Order to any party submitting a request for such paper copies by (a) calling the Solicitation Agent at (888) 482-0049 (toll-free) or +1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, materials filed in these Chapter 11 Cases, but may not advise you on matters relating to the Disclosure Statement or the Plan.

80214-22

Dated: June 27, 2024
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/* Matthew R. Pierce
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:  landis@lrclaw.com
       mcguire@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

80214-22

## <u>ANNEX A</u>

## Election Form

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ———————————————————— | x | |
| In re | : | Chapter 11 |
| | : | |
| FTX TRADING LTD., *et al.*,[1] | : | Case No. 22-11068 (JTD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ———————————————————— | x | |

## ELECTION FORM FOR HOLDERS OF IMPAIRED INTERESTS AND CLAIMS

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS ELECTION FORM BEFORE COMPLETING THIS ELECTION FORM**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") are soliciting elections with respect to the release contained in Section 10.5 of the proposed *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Plan") as described in the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement").

**Please be advised, if you are a Holder of Class 18 *De Minimis* Claims, you may be eligible to have your claim(s) administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s liquidation proceeding in The Bahamas. To proceed accordingly, you must file a proof of debt in the FTX DM Liquidation Proceeding on or before the Voting Deadline of August 16, 2024, at 4:00 p.m., prevailing Eastern Time, via the FTX DM Portal at https://digitalmarketsclaim.pwc.com or by scanning this QR Code and following all instructions therein:**

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX.   The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

80214-22



You are receiving this Election Form because, despite your non-voting status on the Plan, any Holder of a Claim or Interest in **CLASS 13 SECTION 510(B) PREFERRED EQUITY CLAIMS, CLASS 14 SECTION 510(B) OTHER EQUITY CLAIMS, CLASS 15 EQUITABLY SUBORDINATED CLAIMS, CLASS 16 OTHER EQUITY INTERESTS, CLASS 17 FTT CLAIMS AND INTERESTS or CLASS 18 *DE MINIMIS* CLAIMS** has the option  to opt in to the release contained in Section 10.5 of the Plan, copied below (the "Third-Party Release").  Please note that any election to opt in is voluntary and at your option.

**To opt in to the Third-Party Release, you must complete, sign and return this Election Form to Kroll Restructuring Administration LLC (the "Solicitation Agent") so that it is received no later than the August 16, 2024 at 4:00 p.m. prevailing Eastern Time (the "Voting Deadline").  Election Forms must be delivered to the Solicitation Agent either (a) via the Solicitation Agent's online voting portal at https://restructuring.ra.kroll.com/FTX or (b) by mail to FTX Trading Ltd. Ballot Processing Center, C/O Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.  If you choose to submit your Election Form via the Solicitation Agent's online voting portal, you SHOULD NOT mail your hard copy Election Form as well.  Please choose only one form of return of your Election Form.**

**PLEASE BE ADVISED THAT YOU MUST AFFIRMATIVELY OPT IN TO THE THIRD-PARTY RELEASE AND SUBMIT THE ELECTION FORM WITH YOUR ELECTION TO THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE IF YOU WISH TO OPT IN TO THE THIRD-PARTY RELEASE.**

This Election Form may not be used for any purpose other than for electing to opt in to the Third-Party Release.  **If you believe you have received this Election Form in error, please contact the Solicitation Agent immediately at:**

80214-22

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**Telephone**:

(888) 482-0049 (toll-free)
+1 (646) 440-4176 (international)

**Email**: ftxinfo@ra.kroll.com

---

**IMPORTANT**

You should carefully review the Disclosure Statement and the Plan before you submit the Election Form.

If your Election Form is not received by the Solicitation Agent on or before the Voting Deadline and such deadline is not extended, you will not be deemed to grant the Third-Party Release.

**VOTING DEADLINE:  AUGUST 16, 2024, AT 4:00 P.M. PREVAILING EASTERN TIME.**

Election Forms will not be accepted by facsimile transmission, electronic mail or other electronic means of transmission (except via the Solicitation Agent's online voting portal).

You do not need to submit this Election Form if you do not wish to opt in to the Third-Party Release.

---

**PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:**

**Section 10.5 of the Plan contains the following Voluntary Release by Holders of Claims and Interests.**

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations**

A-3

**of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this** <u>**Section 10.5**</u> **shall cause the release of (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

Under the Plan, "<u>Released Parties</u>" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

Under the Plan, "<u>Releasing Parties</u>" means (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote to reject the Plan but do not opt out of granting the releases set forth therein; (g) the Holders of all Claims or Interests who are deemed to reject the Plan and opt in to the releases set forth therein; and (h) all other Holders of Claims or Interests to the maximum extent permitted by law. Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (h) above are not Releasing Parties.

Under the Plan, "Excluded Party" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

Under the Plan, "Exculpated Parties" means (a) the Debtors; (b) the Official Committee and its current and former members, solely in their capacities as members of the Committee; (c) the Fee Examiner; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

Under the Plan, "Control Persons" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.


**THE PLAN CONTAINS FURTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, WHICH WILL BECOME EFFECTIVE IF THE PLAN IS CONFIRMED, INCLUDING:**

**Section 10.4  Debtors' Release**

**Except as otherwise specifically provided in the Plan with respect to the Preserved Potential Claims, for good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases and the implementation of the orderly liquidation contemplated by the Plan, on and after the Effective Date, to the fullest extent permitted by applicable law, the Released Parties are hereby conclusively, absolutely, unconditionally, irrevocably and forever released, waived and discharged by the Debtors, the Plan Administrator and the Estates, including any successor to, or assignee of the Debtors or any Estate representative, from all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator or the Estates would have been legally entitled to assert in their own right**

(whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the businesses of the Debtors, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the release of any mortgage, lien or security interest, the distribution of proceeds, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act; *provided* that the release under this <u>Section 10.4</u> shall not apply to (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims to the extent such Preserved Potential Claims are brought by and for the benefit of the Wind Down Entities with the approval of the Plan Administrator.  Nothing in the Plan or Confirmation Order shall affect any releases previously granted or approved by the Court.

<u>Section 10.8  Exculpation</u>

Notwithstanding anything herein to the contrary, as of the Effective Date, the Debtors and their directors, officers, employees, attorneys, investment bankers, financial advisors, restructuring advisors and other professional advisors, representatives and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with the solicitation.

As of the Effective Date, to the fullest extent permitted by applicable law, and without affecting or limiting the releases set forth in <u>Section 10.4</u> or <u>Section 10.5</u> of the Plan, the Exculpated Parties shall neither have nor incur any liability to any Entity for any act or omission in connection with, related to, or arising out of these Chapter 11 Cases, including (a) the operation of the Debtors' businesses during the pendency of these Chapter 11 Cases; (b) the administration and adjudication of Claims and Interests during these Chapter 11 Cases;  (c) formulating,  negotiating,  preparing,  disseminating,  implementing, administering, confirming and/or effecting the Plan, the Disclosure Statement, the Plan Supplement or any related contract, instrument, release or other agreement or document created or entered into in connection with the Chapter 11 Cases (including the solicitation of votes for the Plan and other actions taken in furtherance of Confirmation and Consummation of the Plan, the trading or sale of cryptocurrencies and tokens in connection with the Chapter 11 Cases, the offer and issuance of any securities under or in connection with the Plan and the distribution of property, Digital Assets, or tokens under

the Plan); or (d) any other transaction, agreement, event, or other occurrence related to these Chapter 11 Cases taking place on or before the Effective Date, other than liability resulting from any act or omission that is determined by Final Order to have constituted gross negligence, willful misconduct, fraud or a criminal act. Notwithstanding anything contained herein to the contrary, the foregoing exculpation does not exculpate any Excluded Party. Nothing in the Plan or Confirmation shall affect any exculpation orders previously granted or approved by the Court.

## Section 10.9  Injunction

Except as otherwise expressly provided in the Plan or Confirmation Order with respect to Preserved Potential Claims, the satisfaction and release pursuant to this Article 10 shall also act as a permanent injunction against any Person who has held, holds or may hold Claims, Interests or Causes of Action from (a) commencing or continuing any action to collect, enforce, offset, recoup or recover with respect to any Claim, liability, obligation, debt, right, Interest or Cause of Action released, settled or exculpated under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code, including to the extent provided for or authorized by sections 524 or 1141 thereof, (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order on account of or in connection with or with respect to any such Claim or Interest; (c) creating, perfecting or enforcing any encumbrance of any kind on account of or in connection with or with respect to any such Claims or Interests; and (d) asserting any right of setoff, subrogation or recoupment of any kind on account of or in connection with or with respect to any such Claim or Interest, notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has or intends to preserve any right of setoff pursuant to applicable law or otherwise, against any Plan Asset, the Wind Down Entities, any Holder of a Claim or Interest or any initial or subsequent transferee. Notwithstanding anything to the contrary in the Plan, all Holders of Claims, Interests or Causes of Action are enjoined from interfering with the Distributions contemplated by the Plan and from asserting any Claim or Cause of Action expressly preserved and vested exclusively in the Wind Down Entities as of the Effective Date.

PLEASE NOTE THAT SECTIONS 10.4, 10.8 AND 10.9 OF THE PLAN ARE EACH SEPARATE FROM AND INDEPENDENT OF THE THIRD-PARTY RELEASE. IF YOU OBJECT TO ANY SUCH SECTION, YOU MUST FILE A SEPARATE OBJECTION WITH THE COURT IN ACCORDANCE WITH THE PROCEDURES SET FORTH IN YOUR NOTICE OF NON-VOTING STATUS.

80214-22

**Item 1**.  **Amount of Claims or Interests.**

The undersigned hereby certifies that, as of June 25, 2024 (the "Voting Record Date"), the undersigned was the Holder of one or more of Class 13 Section 510(b) Preferred Equity Claims, Class 14 Section 510(b) Other Equity Claims, Class 15 Equitably Subordinated Claims, Class 16 Other Equity Interests, Class 17 FTT Claims and Interests and Class 18 *De Minimis* Claims in the following aggregate amount (insert amount in box below):

Class 13 Section 510(b) Preferred Equity Claims _____

Class 14 Section 510(b) Other Equity Claims _____

Class 15 Equitably Subordinated Claims _____

Class 16 Other Equity Interests _____

Class 17 FTT Claims and Interests _____

Class 18 *De Minimis* Claims _____

**Item 2**.  **Optional Opt-In Election.**

**Item 2** is to be completed **only** if you are **opting in** to the Third Party Release contained in Section 10.5 of the Plan, which is set forth above in this form.

☐ **OPT-IN ELECTION**: You, the undersigned, elect to opt in to the release contained in Section 10.5 of the Plan (the Third-Party Release).

**Item 3**.  **Certifications.**

By signing this Election Form, you certify to the Court and the Debtors that:

(a)     as of the Voting Record Date, you are either: (i) the Holder of Claims or Interests set forth in **Item 1**; or (ii) an authorized signatory for the Holder of Claims or Interests set forth in **Item 1**;

(b)     you (or in the case of an authorized signatory, the Holder) have received a copy of the *Notice of (a) Non-Voting Status to Holders of Impaired  Classes Deemed to Reject the Plan and (B) Election to Opt-In to Third Party Releases*, and this Election Form is submitted pursuant to the terms and conditions set forth therein;

(c)     you have submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class set forth in **Item 1**; and

(d)     no other Election Form with respect to the amount(s) of Claims or Interests identified in **Item 1** have been submitted or, if any other Election Forms have

been submitted with respect to such Claims or Interests, then any such earlier Election Forms are hereby revoked.

[SIGNATURE PAGE FOLLOWS]

80214-22

Name of Holder: _____

(Print or type)

Signature: _____

Signatory Name: _____

(If other than the Holder)

Title: _____

(If other than the Holder)

Address: _____

_____

Email Address: _____

Telephone Number: _____

Date Completed: _____

**YOUR RECEIPT OF THIS ELECTION FORM DOES NOT SIGNIFY THAT YOUR CLAIM OR EQUITY INTEREST HAS BEEN OR WILL BE ALLOWED.**

**IF YOU WISH TO MAKE THE OPT-IN ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS ELECTION FORM AND SUBMIT IT <u>PROMPTLY</u>:**

If in the envelope provided, or by first-class mail, overnight courier, or hand delivery, to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Election Form, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Election Form Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery

80214-22

If by electronic, online submission:

Please visit the Solicitation Agent's online voting platform at https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Election Form.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Election Form:**

**Unique Opt-In ID#:** _____

If you choose to submit your Election Form via the Solicitation Agent's online voting platform, you should not also return a hard copy of your Election Form.

The Solicitation Agent's online voting platform is the sole manner in which Opt-In Elections will be accepted via electronic or online transmission. Election Forms submitted by facsimile, email or other means of electronic transmission will not be counted.

80214-22

## INSTRUCTIONS FOR COMPLETING THIS ELECTION FORM

1.  Capitalized terms used in this Election Form or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan or the Disclosure Statement, as applicable.

2.  **To ensure that your Election Form is acknowledged, you must:**  (a) complete this Election Form; (b) clearly indicate your decision to opt in to the release contained in Section 10.5 of the Plan by checking the box in **Item 2** of this Election Form; (c) make sure that the information required by **Items 1 and 3** have been correctly inserted; and (d) sign and return this Election Form to the address printed on the enclosed pre-addressed, postage pre-paid return envelope or submit the Election Form via the Solicitation Agent's online voting platform so that it is **actually received** by the Solicitation Agent on or before the Voting Deadline, which is **August 16, 2024 at 4:00 P.M. prevailing Eastern Time**.

3.  If an Election Form is received after the Voting Deadline and if the Voting Deadline is not extended, it will **NOT** be acknowledged.  Additionally, the following Election Forms will **NOT** be acknowledged:

    - any Election Form sent to the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors;

    - any Election Form sent by facsimile, email or any other electronic means (other than the Solicitation Agent's online voting platform);

    - any Election Form that is illegible or contains insufficient information to identify the Holder of the Claim or Interest;

    - any Election Form cast by or on behalf of an Entity that is not entitled to opt in to the Third-Party Release;

    - any unsigned Election Form; and/or

    - any Election Form not completed in accordance with the procedures approved in the Solicitation Procedures Order.

4.  The method of delivery of Election Forms to the Solicitation Agent is at the election and risk of each Holder.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the original executed Election Form.

5.  If multiple Election Forms are received from the same Holder with respect to the same Claim or Interest prior to the Voting Deadline, the last Election Form timely received will supersede and revoke any earlier received Election Forms.

6.   This Election Form does <u>not</u> constitute, and shall not be deemed to be, (a) a proof of Claim or proof of Interest (b) an assertion or admission of a Claim or Interest.

7.   <u>Please be sure to sign and date your Election Form</u>.  If you are signing in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Election Form.

8.   **If you are a Holder of Class 18 *De Minimis* Claims, and wish to have your claim(s) administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s liquidation proceeding in The Bahamas, you must:** file a proof of debt in the FTX DM Liquidation Proceeding **on or before the Voting Deadline of August 16, 2024, at 4:00 p.m., prevailing Eastern Time,** via the following link at https://digitalmarketsclaim.pwc.com or by scanning this QR Code and following all instructions therein:



**IF YOU HAVE ANY QUESTIONS REGARDING THIS ELECTION FORM, PLEASE CALL THE SOLICITATION AGENT AT: (888) 482-0049 (TOLL-FREE) OR +1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS ELECTION FORM ON OR BEFORE AUGUST 16, 2024 AT 4:00 P.M. PREVAILING EASTERN TIME, YOUR OPT-IN ELECTION TRANSMITTED HEREBY WILL <u>NOT</u> BE EFFECTIVE.**

**Exhibit E**

Exhibit E

Supplemental Class 7B Service List
served via First Class Mail

| AddressID | Name | Address1 |
|---|---|---|
| 14215770 | Name on file | Address on file |
| 13240496 | Name on file | Address on file |
| 14505839 | Name on file | Address on file |
| 13858629 | Name on file | Address on file |
| 14111201 | Name on file | Address on file |
| 14417419 | Name on file | Address on file |

**Exhibit F**

## Exhibit F

Supplemental Impaired Supplemental Service List
Served via First Class Mail

| AddressID | Name | Address1 |
|-----------|------|----------|
| 14476779 | Name on file | Address on file |
| 14538916 | Name on file | Address on file |
| 14075051 | Name on file | Address on file |
| 14388906 | Name on file | Address on file |
| 13482226 | Name on file | Address on file |
| 13565702 | Name on file | Address on file |
| 13700108 | Name on file | Address on file |
| 14136645 | Name on file | Address on file |
| 13191564 | Name on file | Address on file |
| 14341135 | Name on file | Address on file |
| 14097846 | Name on file | Address on file |
| 14478161 | Name on file | Address on file |
| 14124743 | Name on file | Address on file |
| 14324147 | Name on file | Address on file |
| 14210351 | Name on file | Address on file |
| 13911154 | Name on file | Address on file |
| 14190363 | Name on file | Address on file |
| 13634553 | Name on file | Address on file |
| 14227097 | Name on file | Address on file |
| 14523686 | Name on file | Address on file |
| 13458973 | Name on file | Address on file |
| 14435717 | Name on file | Address on file |
| 14454054 | Name on file | Address on file |

**<u>Exhibit G</u>**

## Exhibit G

Supplemental Contract Counterparties Service List
Served via First Class Mail

| ADRID | NAME | ADDRESS1 | ADDRESS2 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|
| 26802600 | COGNI INC. | 175 VARICK ST | | NEW YORK | NY | 10014 | |
| 26802926 | IMMUTABLE PTY LTD | 77 KING STREET | LEVEL 18 | SYDNEY, NSW | | 2000 | AUSTRALIA |