# <u>Exhibit 1</u>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

### STIPULATION WITH RESPECT TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING ASSUMPTION OF CERTAIN AGREEMENTS WITH TAI MO SHAN LIMITED

This Stipulation (the "Stipulation") is made and entered into by and among: (i) the FTX Recovery Trust (the "FTX Recovery Trust"); and (ii) Tai Mo Shan Limited ("Tai Mo Shan"). The FTX Recovery Trust and Tai Mo Shan (each a "Party" and together, the "Parties") hereby stipulate and agree as follows:

### RECITALS

A.     On or about August 12, 2020, Alameda Research Ltd. ("Alameda") and Tai Mo Shan entered into a Master Loan Agreement and an Initial Loan Confirmation-2 thereunder (together, the "Agreement"),[2] pursuant to which Alameda agreed to loan Tai Mo Shan a total of 800,000,000 Serum tokens ("SRM") on a specified schedule, with tokens "deliverable at a constant portion per day of approximately 547,945 tokens," starting on August 1, 2023 and running until August 1, 2027;

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   The Parties also entered into that certain Initial Loan Confirmation. *See* Master Loan Agreement Ex. A. The Initial Loan Confirmation and the Parties' respective rights and obligations, if any, with respect thereto are not subject to or otherwise affected by this Stipulation.

B.      On November 11 and November 14, 2022, FTX Trading Ltd. and its affiliated debtors filed petitions for voluntary relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases" and each a "Chapter 11 Case") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are being jointly administered in the case captioned *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.) along with the other debtors and debtors in possession (collectively, the "Debtors") (the "Bankruptcy Proceeding");

C.      On June 28, 2023, Tai Mo Shan filed a proof of claim against Alameda (Claim No. 5475), which Tai Mo Shan amended on May 15, 2024 (Claim No. 94967), and further amended on July 3, 2024 (Claim No. 95768) (as amended, the "Claim"), asserting that Tai Mo Shan had "suffered damages as a result of Alameda's failure to deliver the SRM as required under the [Agreement]";

D.      On July 10, 2024, the Debtors filed an objection to the Claim [D.I. 20030] (the "Objection");

E.      On December 23, 2024, the Debtors filed a motion for an order authorizing the Debtors to assume the Agreement in accordance with 11 U.S.C. § 365(a) [D.I. 29058] (the "Motion");

F.      On October 8, 2024, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order"). The Confirmation Order, among other things, confirmed the *Debtors' Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [D.I. 26404-1] (including the

Plan Supplement and all other exhibits and schedules thereto, as may be amended, modified or supplemented from time to time in accordance with its terms, the "<u>Plan</u>")[3];

G.    The Plan became effective on January 3, 2025 [D.I. 29127] (the "<u>Plan Effective Date</u>");

H.    Upon the Plan Effective Date, all assets of the Debtors, including all claims and causes of action, were transferred to and vested in the FTX Recovery Trust; and

I.    The FTX Recovery Trust and Tai Mo Shan have engaged in arm's length negotiations concerning the Motion, the Claim, and the Objection and any performance and/or amounts owed to Tai Mo Shan pursuant to 11 U.S.C. § 365(b)(1) in connection with the FTX Recovery Trust's assumption of the Agreement.

**NOW, THEREFORE**, the Parties, by and through their respective representatives, hereby agree, subject to Court approval, as follows:

1.    The Parties stipulate to entry of the attached proposed order (the "<u>Order</u>") granting the Motion and providing that the Agreement is assumed effective as of the date of the entry of the Order.  The Parties will comply with their respective obligations as provided in the Agreement.

2.    To assume the Agreement, cure any monetary defaults, and satisfy its obligations under the Agreement, the FTX Recovery Trust will (a) pay $10,000,000 to Tai Mo Shan (the "<u>Cure Amount</u>") and (b) deliver to Tai Mo Shan all 800,000,000 SRM due to be loaned pursuant to the Agreement (the "<u>SRM Delivery</u>").[4]  The FTX Recovery Trust will remit the Cure Amount and the SRM Delivery to Tai Mo Shan within five business days of the later of (i) entry of the Order and

---

[3]    Capitalized terms not defined herein shall have the meaning attributed to them in the Plan.

[4]    The SRM delivered as part of the SRM Delivery will be freely transferable upon delivery and will not be subject to any smart contract.

(ii) the FTX Recovery Trust's receipt from Tai Mo Shan of satisfactory instructions for payment of the Cure Amount and for the SRM Delivery.

3.      Upon entry of the Order, payment of the Cure Amount, and Tai Mo Shan's receipt of the SRM Delivery, each of the Parties shall be deemed to have unconditionally and irrevocably released, acquitted and forever discharged the other Parties and their respective officers, members, directors, employees, agents, affiliates, and attorneys from any and all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, to the extent arising out of the Agreement; provided, however, that nothing herein shall modify, impair, waive or otherwise affect the Parties' respective rights, arguments, or defenses with respect to any claims that may arise out of the Agreement for any non-performance of the Agreement after entry of the Order, or the Parties' respective rights, arguments, or defenses with respect to any claims not arising out of the Agreement (including for the avoidance of doubt the FTX Recovery Trust's right to object to any other claims asserted by Tai Mo Shan or its affiliates).

4.      The Parties agree that upon entry of the Order, payment of the Cure Amount, and Tai Mo Shan's receipt of the SRM Delivery, Claim Nos. 5475, 94967, and 95768 shall be disallowed and expunged. Notwithstanding any other language in this Stipulation, this Stipulation shall not disallow, expunge, modify, impair, waive or otherwise affect any other claim or interest held by Tai Mo Shan and/or any of its affiliates, related persons, and/or related parties.

5.      This Stipulation is the result of compromise between the Parties, and the terms of this Stipulation shall not be offered or received in evidence in any action or proceeding for any purpose, except in an action to enforce the terms of this Stipulation.

6.      This Stipulation represents the entire agreement between the Parties and supersedes all prior agreements and understandings, whether written or oral, with respect to the subject matter

hereof and, except as expressly provided herein, is not intended to confer upon any person any rights or remedies hereunder.

7.      The Parties and undersigned persons represent and warrant that they have full authority to execute, deliver and perform their respective obligations under this Stipulation and that the respective Parties have full knowledge of, and consented to, this Stipulation.

8.      This Stipulation shall be binding upon the Parties hereto and each of their affiliates, assigns and successors.

9.      Each Party shall cooperate and take such actions as are reasonably necessary to consummate the actions contemplated by this Stipulation and obtain approval of the Stipulation and entry of the proposed Order.  The Parties stipulate to the entry of the proposed Order.

10.     This Stipulation was the product of negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

11.     The Bankruptcy Court shall retain, and each of the Parties irrevocably consents to, exclusive jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation.  This Stipulation shall be governed by the domestic laws of the State of Delaware, without giving effect to any choice of law or conflict of law provision or rule (whether of the State of Delaware or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Delaware.

Dated: February 13, 2025

| **SAUL EWING LLP** | **LANDIS RATH & COBB LLP** |
|---|---|
| */s/ Mark Minuti* | */s/ Matthew R. Pierce* |
| Mark Minuti (DE Bar No. 2659) | Adam G. Landis (No. 3407) |
| 1201 N. Market Street, Suite 2300 | Matthew B. McGuire (No. 4366) |
| P.O. Box 1266 | Kimberly A. Brown (No. 5138) |
| Wilmington, DE 19899 | Matthew R. Pierce (No. 5946) |
| Telephone: (302) 421-6800 | 919 Market Street, Suite 1800 |
| Facsimile: (302) 421-6813 | Wilmington, Delaware 19899 |
| Email: mark.minuti@saul.com | Telephone: (302) 476-4400 |
| | Facsimile: (302) 467-445- |
| | Email: landis@lrclaw.com |
| | mcguire@lrclaw.com |
| | brown@lrclaw.com |
| | pierce@lrclaw.com |

-and-                                              -and-

| **KATTEN MUCHIN ROSENMAN LLP** | **SULLIVAN & CROMWELL LLP** |
|---|---|
| Peter A. Siddiqui (admitted *pro hac vice*) | Brian D. Glueckstein (admitted *pro hac vice*) |
| Elliott Bacon (admitted *pro hac vice*) | Christopher J. Dunne (admitted *pro hac vice*) |
| Ethan D. Trotz (admitted *pro hac vice*) | Jacob M. Croke (admitted *pro hac vice*) |
| 525 W. Monroe Street | 125 Broad Street |
| Chicago, IL 60661 | New York, NY 10004 |
| Telephone: (312) 902-5200 | Telephone: (212) 558-4000 |
| peter.siddiqui@katten.com | Facsimile: (212) 558-3588 |
| elliott.bacon@katten.com | Email: gluecksteinb@sullcrom.com |
| ethan.trotz@katten.com | dunnec@sullcrom.com |
| | crokej@sullcrom.com |

*Counsel for Tai Mo Shan Limited*          *Counsel for the FTX Recovery Trust*