IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD.,[1]<br><br>              Debtor. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>Hearing Date: February 27, 2025 at 10:00 a.m. (ET)<br><br>Re: Dkt. Nos. 29345, 29518, 29582 |

**REPLY OF HYUNG CHEOL LIM, AIMED, INC., BLOCORE PTE., LTD.,
JI WOONG CHOI, AND MOSAIC CO. LTD. TO OBJECTIONS OF SVALBARD
HOLDING, LIMITED AND FTX RECOVERY TRUST
TO MOTION FOR LEAVE TO AMEND CLAIM**

      Hyung Cheol Lim ("**Lim**"), his wholly owned entities, Aimed, Inc. ("**Aimed**") and Blocore Pte., Ltd. ("**Blocore**"), Ji Woong Choi ("**Choi**"), and Mosaic Co. Ltd. ("**Mosiac**" and together with Lim, Aimed, Blocore, and Choi, collectively, the "**Principals**"), by and through their attorneys, Venable LLP, respectfully submit this *Reply to Objections of Svalbard Holding, Limited and FTX Recovery Trust to Motion for Leave to Amend Claim* (this "**Reply**"),[2] responding to the allegations made by Svalbard Holding Limited ("**Svalbard**") in its Objection to the Motion filed at ECF No. 29518 (the "**Svalbard Objection**") and by the FTX Recovery Trust (the "**FTX Trust**") in its Objection to the Motion filed at ECF No. 29582 (the "**FTX Trust Objection**"). The Principals respectfully state as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as are ascribed to such terms in the *Motion of Hyung Cheol Lim, Aimed, Inc., Blocore Pte., Ltd., Ji Woong Choi, and Mosaic Co. Ltd. for an Order, Pursuant to Rules 3001 and 3020(d) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 105(a) and 1142(b), for Leave to Amend Proof of Claim No. 87144 to Correct Claimant's Name and Address* [Dkt. No. 29345] (the "**Motion**")

1

**PRELIMINARY STATEMENT**

1. On February 13, 2025, Bang, on behalf of himself and as President of his wholly-owned company, Lemma, consented to the relief requested in the Motion. *Response of Junho Bang* [Dkt. No. 29592] (the "**Consent to Amend**"). Given that both claim filers have consented to having the Proofs of Claim (i.e., Proof of Claim 87144 and Proof of Claim 96401) amended to reflect that the Principals are the owners of the Claim as of the Petition Date, there is sufficient cause to grant the Principals leave to amend the Proofs of Claim (or, if Proof of Claim 87144 has been superseded and expunged, then Proof of Claim 96401 (the "**Proof of Claim Amendment**") alone) to reflect the proper owners of the Claim.[3]

2. Notwithstanding the impact of the Consent to Amend on the allegations made in the Svalbard Objection and the FTX Trust Objection, to assist the parties in resolving their disputes and to avoid unnecessary costs to all parties in interest, the Principals respectfully request the Court to adjourn the February 27, 2025 hearing on the Motion for sixty (60) days until the April omnibus hearing date in these cases,[4] during which time the Principals understand and expect that Bang (or creditors of Bang) likely will pursue bankruptcy relief in Korea, an independent bankruptcy receiver or trustee will be appointed to manage Bang's estate, and a stay will be issued related to the Motion and other matters, including the March 1, 2024 provisional seizure order apparently obtained by Haru United Pte. Ltd.  ("**Haru United**").

---

[3] Copies of Proof of Claim 87144 and Proof of Claim 96401 are attached to the *Declaration of Brian D. Glueckstein in Support of the FTX Recovery Trust's Objection to the Motion of Hyung Cheol Lim, Aimed, Inc., Blocore Pte., Ltd., Ji Woong Choi, and Mosaic Co. Ltd. for an Order, Pursuant to Rules 3001 and 3020(d) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 105(a) and 1142(b), for Leave to Amend Proof of Claim No. 87144 to Correct Claimant's Name and Address* [Dkt. No. 29583] (the "**Glueckstein Declaration**") as Exhibits A and C, respectively.

[4] The Principals will request the consent of the FTX Trust and Svalbard prior to the hearing date and, if the Motion is adjourned on consent, the Principals understand and expect that the agenda for the hearing will reflect the same.

3. If an adjournment of the hearing on the Motion is not granted (whether on consent or by this Court), the Principals submit that Svalbard and the FTX Trust's objections to the Motion are without merit and should be dismissed. First, Svalbard and the FTX Trust argue that the Motion should have been filed as an adversary proceeding, but there is nothing in the Bankruptcy Code or applicable case law that requires proof of claim matters to be adjudicated in an adversary proceeding. Indeed, this Court has found that objections to a proof of claim are contested matters, not adversary proceedings.[5] The Debtors' applicable schedules list the Claim as an undisputed, non-contingent, liquidated Customer Entitlement Claim (as that phrase is defined in the Plan). The Debtors are not and have not disputed the validity or enforceability of the Claim, have characterized the Claim on their schedules as being undisputed, and the only issue with the Claim is that it is currently "unverified" from a KYC perspective.[6] As such, the relief requested in the Motion does not fall under any of the categories of actions that require an adversary proceeding under Bankruptcy Rule 7001.[7]

4. Second, on information and belief, all potential parties in interest in the Claim were served with adequate notice of the Motion by USPS first class mail, USPS International Mail, and/or through the Court's ECF system, and, according to the USPS's records, only Lemma has not yet received its USPS Motion package. Lemma's counsel nonetheless reached

---

[5] *Scott v. Aegis Mortgage Corp. (In re Aegis Mortgage Corp.)*, 2008 Bankr. LEXIS 1519 (Bankr. D. Del. May 22, 2008).

[6] Upon the filing of the Motion, at the request of the Principals, the FTX Trust removed the Claim (and the Larger Claim) from the scope of the KYC Objection so that the parties would have time to resolve disputes related to the Claim.

[7] Svalbard and the FTX Trust argue that Bankruptcy Rule 7001(2) requires an adversary proceeding to determine an interest in property such as the Proof of Claim, but the Proof of Claim is not property of the Debtors' estate, and it would be incongruous for Bankruptcy Rule 7001(2) to apply to third-party disputes over a non-debtor's interest in non-debtor property. It is more likely that Bankruptcy Rule 7001(2) applies to the determination of "the validity, priority, or extent of a lien or other interest" in the debtor's property and that proof of claim matters are governed by the claims allowance process.

out to Venable on January 29, 2025 and was given an extension of time to February 14, 2025 to file a response to the Motion. None of the potential parties in interest, including Lemma, chose to file a response to the Motion other than Svalbard and the FTX Trust, and Lemma ultimately consented to the relief requested in the Motion.

5. Svalbard, however, does not have an actual interest in the Claim, either as of the Petition Date or thereafter, nor can it assert one, as the Svalbard Trade Confirmation was never consummated. At best, Svalbard has a breach of contract claim against Lemma[8] and nothing more. While Svalbard would like to convince this Court that its third-party, non-debtor contract dispute with Lemma should stall allowance and verification of the Claim, Svalbard fails to explain how the 12-factor test for permissive abstention under 28 U.S.C. § 1134 (c)(1) has been satisfied here.[9] Indeed, most of the factors weigh in favor of denying abstention, the most important of which is that amendment of a proof of claim is a core proceeding that can only be determined by the Bankruptcy Court. Accordingly, Svalbard fails to meet its burden and abstention should be denied.

6. The FTX Trust's Objection relies largely on technical objections and conjecture that the Principals are in a contest with Haru Management Ltd. ("**Haru**") (an entity in liquidation proceedings in Korea since November 20, 2024) to "scramble" for Bang's assets. Given the Consent to Amend, most of the points made by the FTX Trust are moot. Nonetheless, to correct the FTX Trust's misconceptions, the Principals submit that they have no connection with Haru (or its affiliates) other than to have served notice of the Motion on Haru's bankruptcy trustee.

---

[8] Svalbard filed a summons and complaint in the New York State Supreme Court on January 29, 2024 seeking specific performance or damages for the breach of its Trade Confirmation, but has been unable to commence the action, because, over a year later, it still has been unsuccessful in serving its summons and complaint on Lemma.

[9] *See AstroPower Liquidating Trust v. Xantrex Tech., Inc. (In re AstroPower Liquidating Trust)*, 335 B.R.. 309 (Bankr. D. Del. 2005)

4

The Principals understand, based on their extensive investigation of Bang's FTX account records using the .csv files provided by Bang from the FTX Claims Portal, which, consistent with their analysis of public blockchain records and Bang's internal books and records, that the only digital assets invested by Haru (or any of its affiliates) with Bang were deposited in the FTX account that gave rise to the Large Claim and that the smaller FTX account that gave rise to the Claim only received deposits of digital assets from the Principals, Ryu Sang-Taek (Investor A) (who Bang allegedly repaid in full), DooMin Kim (Investor B) (who may not have had an interest in the Claim as of the Petition Date), and Bang, who has consented to the relief requested in the Motion. Neither Ryu Sang-Taek nor DooMin Kim have chosen to object to the Motion. [10]

    7.    To address the FTX Trust's technical objections:

        a.    As the Principals made clear in the Motion, prior to filing the Motion, they were unable to obtain a copy of any proof of claim other than Proof of Claim 87144. The Principals were unaware of Proof of Claim 96401 or its contents. If Proof of Claim 87144 has been superseded by the Proof of Claim Amendment, then the Principals submit that the Motion should be deemed to request leave to amend the Proof of Claim Amendment to substitute their names for Lemma's as the true creditor. As Lemma has also consented to the Principals being deemed the owners of the Claim, the updated relief should have no detrimental effect on the Motion,

        b.    Contemporaneously herewith, Professor OH is filing his Amended Declaration in support of the Motion, attaching both the original versions

---

[10] If, in a Bang bankruptcy case or during any adjournment of the hearing on the Motion, DooMin Kim asserts and substantiates an interest in the Claim, the Principals are willing to amend the Motion to include DooMin Kim as a Principal to be substituted, like the Principals, as an original holder to the extent of his interest in the Claim.

of the Investment Agreements and the certified translated version, and Lim and Choi are each filing an Amended Declaration attaching the original versions and certified translated versions of the Investment Agreements, the Statement of Fact, the Confirmation of Fact, and the Telegram messages.

8. Finally, the FTX Trust reserves its right to object to the Claim as being late-filed.[11] The Principals submit that, since the Debtors' applicable schedules, filed January 23, 2024, listed the Claim as undisputed, non-contingent, and liquidated, the Claim is a valid and allowable Customer Entitlement Claim, regardless of the timeliness of the Proof of Claim Amendment or the superseded Proof of Claim 87144.  Indeed, it is easy to see how the bar date notice to customers in these cases and amendment of the Debtors' schedules in January of 2024 was misleading and perhaps disingenuous.  The bar date notice advised customers that they could file an amended proof of claim if the Debtors amended their schedules after the bar date and if such amendment adversely affected a customer's claim.  The Debtors amended the Claim in January 2024, changing it from contingent to non-contingent.  As such, the amended schedules confirmed that the Claim was an "allowable" claim, did not identify it as disputed (for having been filed late) nor contingent, leading one to assume that the Claim was acceptable, and that, contrary to the FTX Trust's current assertions, no further action needed to be taken (other than, perhaps, with respect to KYC as provided pursuant to the Plan).[12]

---

[11] The Principals reserve all rights with respect to any objection filed by the FTX Trust or any other third party regarding the Claim, including the timeliness of the Proof of Claim and/or the Proof of Claim Amendment, the timeliness of notice of the June 27, 2023 amended schedules to Bang and/or Lemma with respect to both the Claim and the Larger Claim (which was filed on September 11, 2023), and notices required by the Bar Date Order [Dkt. No 1793].

[12] The FTX Trust intentionally misquotes the Principals' statement in paragraph 43 of the Motion, which did not state that the Claim was an Allowed claim but that it had been scheduled, never disputed by the Debtors, and "would be Allowed and entitled to distribution upon verification." Motion ¶¶ 42 and 43.

9. Accordingly, the Principals submit that the Svalbard Objection and the FTX Trust Objection are without merit and should be overruled. The Principals believe, however, that an adjournment of the hearing on the Motion until the April omnibus hearing in these cases would be in the best interests of all parties concerned in this matter.

## SUPPLEMENTAL BACKGROUND

**The Consent to Amend**

10. On January 21, 2025, the Principals filed and commenced service of the Motion and all supporting declarations. According to the USPS tracking system, all Motion packages were delivered to the recipients thereof on or before February 4, 2025, except for Lemma[13]  The objection deadline was February 7, 2025. Bang requested an extension of time to respond to the Motion and, on January 29th, counsel to Lemma contacted Venable to discuss the Motion and, also, requested an extension of time to respond to the Motion. Venable agreed to give both Bang and Lemma until February 14th to respond, and neither Bang nor Lemma chose to object to the Motion.

11. Instead, on February 13, 2025, Bang, acting on behalf of himself and Lemma (as President and sole shareholder thereof), executed a written consent to the relief requested in the Motion, which Consent to Amend was delivered to this Court on February 14, 2024 and docketed on February 18, 2024 at ECF No. 29592.

12. Also subsequent to the filing of the Motion, counsel to the FTX Trust contacted Venable to discuss the Motion, at which time Venable gave the FTX Trust until February 14th to respond to the Motion and counsel to the FTX Trust agreed to withdraw all of Bang's Proofs of

---

[13] In the Republic of Korea, a notice to a detainee must be sent to the attention of both the head of the detention center and the detainee. One of the Motion packages was delivered to the detention center on February 4, 2025 and the duplicate was delivered on February 6, 2025.

7

Claim from the list of claims subject to the KYC Objection so that the parties would have sufficient time to resolve their disputes.

13. On February 7, 2025, Svalbard filed the Svalbard Objection, and on February 14, 2025, the FTX Trust filed the FTX Trust Objection. No other objections to the Motion have been filed with the Court.

14. According to the FTX Trust Objection, unbeknownst to the Principals, on June 7, 2024, the Debtors were sent a copy of a purported seizure order (the "**Haru Order**") issued by the Seoul Central District Court directing a "provisional seizure" of the "receivable held by the Debtor [Bang] against the Third Party Debtor [FTX]" and discovery from the Debtors/FTX Trust regarding Bang's accounts and claims, allegedly to compensate Haru United for claims it allegedly has against Bang. The Haru Order does not prohibit amendment of the Proof of Claim Amendment, as it directs the Debtors to seize Bang's claims against the Debtors and withhold payment to Bang but does not address amendments to the Claim itself nor seizure of property of the Principals or any other third party. The Haru Order simply is inapplicable to the relief requested in the Motion.

15. It is unclear whether the Haru Order is valid given that it was delivered to the Debtors after the Petition Date and both the seizure and the related discovery requests are violations of the automatic stay (FTX Trust Objection ¶ 21). Moreover, on November 20, 2024, Haru, the Haru affiliated entity where most customers deposited their digital assets, was adjudicated bankrupt in the Republic of Korea, and a bankruptcy trustee for the Haru case (the "**Haru Trustee**") was appointed. The Haru Trustee represents more than 16,000 creditors of Haru, presumably is aware of the Haru Order, was served with the Motion, and chose not to file an objection.

16. To date, upon information and belief, Svalbard has been unable to serve its summons and complaint on Lemma and, under its second 180-day extension of time to serve letters rogatory, has until approximately May 8th to complete service. Until served, the Svalbard New York State action remains in limbo.

## THE OBJECTIONS

**Svalbard Objection**

17. The Svalbard Objection rests on three points: (i) the "owner" of the Proof of Claim (or, presumably, the Proof of Claim Amendment), have not authorized the Principals to speak for him/them, (ii) the Motion should have been brought as an adversary proceeding under Bankruptcy Rule 7001(2), and (iii) this Court should abstain from hearing the Motion because it should be heard either as part of Bang' Korean proceedings or Svalbard's New York State action.

18. Svalbard's points are easily controverted:

    a. The Consent to Amend evidences both Bang and Lemma's consent to the relief requested in the Motion, mooting Svalbard's authorization objection.

    b. Proof of claim matters must be dealt with through the claims allowance process, not through the adversary proceeding process. An assertion of damages against a debtor can only be asserted by filing a proof of claim (unless the claim is scheduled), to which parties-in-interest may object, but "an objection to a claim under 11 U.S.C. § 502(b) is not an adversary proceeding as defined in Bankruptcy Rule 7001. . .". *Scott v. Aegis Mortgage Corp. (In re Aegis Mortgage Corp.*), 2008 Bankr. LEXIS 1519, *18 (Bankr. D. Del. May 22, 2008), citing *In re Neptune World Wide Moving, Inc.* 111 B.R. 457, 463 (Bankr. S.D.N.Y. 1990). Bankruptcy Rule 7001(2) relates to the determination of "the validity, priority, or extent of a lien or other interest

in property," meaning the *debtor's* property. It would be incongruous for Bankruptcy Rule 7001(2) to apply to third-party disputes over a non-debtor's interest in non-debtor property (which is typically outside of this Court's jurisdiction). The Proof of Claim and Proof of Claim Amendment are not the Debtors' property, and the Principals' request to amend the Proof of Claim Amendment is not a determination of an interest in the debtor's property.

     c. Svalbard's abstention argument improperly conflates Bang's criminal proceedings in Korea (which has nothing to do with the "entitlement to the proceeds of the Proof of Claim" or the "equitable division of Bang's assets among his creditors") (Svalbard Objection ¶ 20), Svalbard's New York State action (which is a breach of contract dispute between Svalbard and Lemma for an unconsummated Trade Confirmation), and the Motion in order to assert that there are adequate alternative forums in which the relief requested in the Motion can be adjudicated.[14] Given that the New York State action has not even commenced since first being filed over a year ago and the Korean criminal courts have no jurisdiction over this Court's determination of whether to amend the Proof of Claim or the Proof of Claim Amendment, Svalbard's argument is disingenuous. Moreover, claim allowance and matters related to proofs of claim are core matters under 28 U.S.C. § 157(b)(2), and there is no other forum but the Bankruptcy Court where such matters can or should be adjudicated. *AstroPower*, 335 B.R. at 330 (Abstention is not favored where core matters are at issue). Finally, Svalbard cannot assert that it has an interest in the Proof of Claim or the Proof of Claim Amendment, as it admits that

---

[14] Svalbard's legal analysis of abstention and the factors to be considered in granting abstention confuses *dismissal* of adversary proceedings based on *forum non conveniens* arguments (citing *In re SpA*, 645 B.R. 48 (Bankr. D. Del. 2008), which is a dismissal case) and permissive abstention under 28 U.S.C. § 1134 (c)(1) (which requires the consideration of twelve factors never addressed by the Svalbard Objection). *See AstroPower Liquidating Trust v. Xantrex Tech., Inc. (In re AstroPower Liquidating Trust)*, 335 B.R. 309 (Bankr. D. Del. 2005).

its Trade Confirmation was not consummated as of the Petition Date.  None of Svalbard's contentions are a basis for this Court to abstain from hearing the Motion.

           d.    Finally, Svalbard fails to meet its burden of proof that permissive abstention under 28 U.S.C. § 1134 (c)(1) is warranted.  Permissive abstention requires application of a 12-factor test to show that the facts of a case weigh in favor of abstention.  *See AstroPower Liquidating Trust v. Xantrex Tech., Inc. (In re AstroPower Liquidating Trust)*, 335 B.R.. 309 (Bankr. D. Del. 2005).  Svalbard never references these factors in the Svalbard Objection, nor could it show that application of the factors weighs in favor of abstention, as most of the factors weigh in favor of denying abstention.  For example, amendment of a proof of claim is a core proceeding that can only be determined by the Bankruptcy Court, there is no proceeding outside of the this Court that seeks to determine whether the Principals are the true creditors under the Proof of Claim, and the Svalbard state court action has still not been formally commenced.  Accordingly, Svalbard fails to meet its burden and abstention should be denied.

    19.    Accordingly, Svalbard's Objection should be dismissed.

**The FTX Trust Objection**

    20.    The FTX Trust goes into great lengths to describe a host of unrelated factual issues in order to make it seem that the limited relief requested in the Motion is too complicated to grant.  Other than the possible validity of the Haru Order, the issues the FTX Trust raises are red herrings – spaghetti thrown at the wall in the hopes of making a legal mess that seems too convoluted to solve, including making much of its right to investigate and object to proofs of claim and reserving its right to object to the Proof of Claim and the Proof of Claim Amendment as late-filed claims.  Yet the Debtors have never challenged the validity of the Claim and, indeed, scheduled the Claim in the same amount as was asserted in the Proof of Claim.  Moreover, the

FTX Trust treated the Claim in its KYC Objection as an unverified, but otherwise valid, Customer Entitlement Claim.[15] So, while it is true that the FTX Trust has the power to investigate and object to claims, it appears that it is using intimidation tactics to create an opportunity to reduce a valid claim against the estate.

21. The FTX Trust's other red herrings can be addressed as follows:

   a. *First and foremost*, the claim filers have both consented to the relief requested in the Motion, making it clear that their pre-petition intentions were that the Principals be deemed the owners of the Claim.

   b. *Second*, the Principals focused on Proof of Claim 87144 in the Motion, as they were unaware that a second proof of claim had been filed by attorney Ricardo Cambra in July 2024. Regardless, if Proof of Claim 87144 has been superseded by the Proof of Claim Amendment, then the Principals submit that the Motion should be deemed to request leave to amend the Proof of Claim Amendment to substitute the Principals for Lemma as the proper creditor. Since Lemma has consented to such relief, the updated request should have no detrimental effect on the relief requested in the Motion,

   c. *Third*, the FTX Trust objects to all evidence supplied by the Principals and Professor OH, because original versions of the evidence were not filed. Contemporaneously herewith, Professor OH is filing his Amended Declaration in support of the Motion, attaching both the original versions of the Investment Agreements and the certified translated version, and Lim and Choi are each filing an Amended Declaration attaching the original versions and certified translated versions of the Investment Agreements, the Statement of Fact, the Confirmation of Fact, and the Telegram messages.

---

[15] Upon the filing of the Motion, at the request of the Principals, the FTX Trust removed the Claim from the scope of the KYC Objection to allow the parties time to resolve this dispute.

    d. *Fourth*, the FTX Trust alleges that there is no connection between Joon Song, who executed some of the Investment Agreements, and Bang.  Upon information and belief, Bang' and Song are both shareholders, officer and directors of B&S Holdings, the entity that Haru is claiming defrauded it.  As the Principals stated in the Motion, Joon Song is Bang's authorized representative.

    e. *Finally*, the FTX Trust claims that that the Principals' notice of the Motion was somehow deficient, because potentially interested parties were served with English language documents and with only 14 days to reply (reiterating the claim that the Motion should have been served under the adversary proceeding rules).  Local Bankruptcy Rules 9013-1 and Rule 9006-1 establish the requirements for service of notice of motions in bankruptcy cases, and neither rule requires a moving party to translate its motion into the language of the parties it serves.  Under Local Bankruptcy Rule 9006-1, to the extent a motion is filed and served more than 21 days before the hearing date, the objection deadline may be any date that is no earlier than 14 days after the date of service and no less than 7 days before the hearing.  Here, the Principals served notice of the Motion on January 21 2025, more than 21 days prior to the hearing on the Motion by first class United States Postal mail or United States International mail, as applicable, and also delivered notice of the Motion by email to the parties listed on the Certificate of Service attached to the Motion.  The deadline to file a response was February 7 2025, and an extension of time to respond to the Motion was given to any party that requested one.  The FTX Trust's objection to service of the Motion is without merit.

**<u>Adjournment of the February 27, 2025 Hearing</u>**

  22. Notwithstanding the foregoing replies to the Svalbard Objection and the FTX Trust's Objection, to assist the parties in resolving their disputes and avoid unnecessary costs, the Principals respectfully request that this Court adjourn the February 27, 2025 hearing on the

Motion for sixty (60) days until the April omnibus hearing date in the FTX chapter 11 cases. During that time, it is anticipated that Bang (or creditors of Bang) likely will file for bankruptcy relief in Korea, an independent receiver or trustee will be appointed by the Korean bankruptcy court charged with representing the interests of all of Bang's creditors and assessing whether to consent to the relief requested in the Motion, and a stay will be issued related to the Motion and other matters, including the Haru Order.

## **CONCLUSION**

For all the reasons set forth herein, this Court should (i) adjourn the February 27, 2025 hearing on the Motion until the April 2025 omnibus hearing in the Debtors' Chapter 11 Cases or, in the alternative, (ii) overrule and dismiss the Svalbard Objection and the FTX Trust Objection and grant the relief requested in the Motion with respect to Proof of Claim 96401, and (iii) grant such other and further relief as is just and proper.

Dated: February 24, 2025
       Wilmington, Delaware

                                                         **VENABLE LLP**

                                                         */s/ Daniel A. O'Brien*
                                                         Daniel A. O'Brien (No. 4897)
                                                         1201 North Market Street, Suite 1400
                                                         Wilmington, DE 19801
                                                         Tel: 302.298.3535
                                                         Fax: 302.298.3550
                                                         daobrien@venable.com

and

Jeffrey S. Sabin
Carol A. Weiner
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Tel: (212) 307-5500
Fax: (212) 307-5598
jssabin@venable.com
cweinerlevy@venable.com

*Counsel to Hyung Cheol Lim, Aimed, Inc., Blocore Pte., Ltd., Ji Woong Choi, and Mosaic Co., Ltd.*