## <u>EXHIBIT B</u>

**Esposito Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF ROB ESPOSITO IN SUPPORT OF**
**FTX RECOVERY TRUST'S ONE HUNDRED FIFTY-FIRST (SUBSTANTIVE)**
<u>**OMNIBUS OBJECTION TO CERTAIN DUPLICATE CLAIMS (CUSTOMER CLAIMS)**</u>

I, Rob Esposito, hereby declare under penalty of perjury:

1.      I am a Senior Director at Alvarez & Marsal North America, LLC

("<u>A&M</u>"), a restructuring advisory services firm specializing in interim management, crisis

management, turnaround consulting, operational due diligence, creditor advisory services and

financial and operation restructuring.

2.      I have more than 15 years of restructuring experience across various

industries, including broadcasting, oil & gas, manufacturing, pharma, transportation, automotive,

retail, telecommunications, and healthcare.

3.      Since joining A&M, I have been involved in numerous Chapter 11

restructurings, including Alpha Natural Resources, Sandridge Energy, Westmoreland Coal, Endo

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number
are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases,
a complete list of the Debtors and the last four digits of their federal tax identification numbers is not
provided herein.  A complete list of such information may be obtained on the website of the Debtors'
claims and noticing agent at https://cases.ra.kroll.com/FTX.

International, Cumulus Media, Coach America, Cooper-Standard Automotive, Ascena Retail and Exide Technologies.

4.     I submit this declaration (the "Declaration") in support of the *FTX Recovery Trust's One Hundred Fifty-First (Substantive) Omnibus Objection to Certain Duplicate Claims (Customer Claims)* (the "Objection").[2]  I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by the FTX Recovery Trust.[3]

5.     Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by the FTX Recovery Trust's management, the FTX Recovery Trust and other Debtor professionals, including the A&M team, involved in advising the Debtors and the FTX Recovery Trust in the above-captioned case (the "Chapter 11 Case").  If called upon to testify, I could and would testify to the facts set forth herein on that basis.  I am authorized to submit this Declaration on behalf of the FTX Recovery Trust.

6.     The Duplicate Claims subject to the Objection were reviewed and analyzed in good faith using due diligence by appropriate personnel of the FTX Recovery Trust, A&M, and the Claims Agent.  Indeed, the FTX Recovery Trust and its advisors have spent months reviewing and analyzing proofs of claim and any supporting documentation filed against

---

[2]     Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

[3]     The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' (as defined below) confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1].

the FTX Recovery Trust.  These efforts resulted in, among other things, identifying the Duplicate

Claims set forth in <u>Schedule 1</u> and <u>Schedule 2</u> to <u>Exhibit A</u> of the Objection.

   7. Based on the FTX Recovery Trust's and its advisors' ongoing analysis and

review, the FTX Recovery Trust and its advisors have determined that certain claimants

submitted two distinct, but substantively duplicative, claims.  Certain Duplicate Claims involve

circumstances where the earlier proof of claim was modified or pending to be modified but the

claimant filed another subsequent proof of claim.  Certain other Duplicate Claims were filed well

after the claims bar date and are substantively duplicative of the Surviving Claims.

   8. Based on this review, each of the Duplicate Claims listed in <u>Schedule 1</u>

and <u>Schedule 2</u> includes details indicating that it is based on the same underlying claim as its

corresponding Surviving Claim.  Therefore, I believe that the Duplicate Claims should be

disallowed and expunged in their entirety, and only the Surviving Claims should survive.

   9. If the Duplicate Claims are not disallowed, the corresponding claimants

may receive double recovery from the FTX Recovery Trust on account of both the Duplicate

Claims and the Surviving Claims.  Further, I believe the administration of these claims would be

more efficient and fair to all parties if the FTX Recovery Trust hasf the ability to expunge and

disallow the Duplicate Claims in their entirety.

   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.

Dated: February 25, 2025     */s/ Rob Esposito*
              Rob Esposito
              Alvarez & Marsal North America, LLC
              Senior Director