**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                                                  :
In re                                                             :          **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,          :          **08-13555 (JMP)**
                                                                  :
        **Debtors.**                                          :          **(Jointly Administered)**
                                                                  :
                                                                  :
---------------------------------------------------------------------x

## FINAL ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE SEEKING AUTHORIZATION TO (A) RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, AND (B) TO APPOINT THE CHIEF RESTRUCTURING OFFICER, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the motion dated October 7, 2008 (the "Motion"), of Lehman Brothers Holdings

Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (the "Chapter

11 Cases"), as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to

sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") for

authorization to employ and retain Bryan P. Marsal as Chief Restructuring Officer (the "CRO")

along with such additional personnel of Alvarez & Marsal North America, LLC ("A&M") and

its wholly owned subsidiaries, agents, affiliates (all of which are owned by Alvarez & Marsal

North America, LLC's parent company and employees), and independent contractors as are

necessary to assist the CRO in the performance of his duties, pursuant to that agreement dated

September 15, 2008 among the Debtors and A&M, including that certain indemnification

agreement between Debtors and A&M and incorporated by reference therein (together, the

"Engagement Letter"), all as more fully described in the Motion; and the Official Committee of

Unsecured Creditors and the Office of the United States Trustee having raised informally certain

objections; and the Debtors having addressed such objections; and hearings having been held to

consider the relief requested in the Motion on an interim and final basis; and the Court having

entered an interim order on October 20, 2008, granting the relief requested in the Motion on an

interim basis [Docket No. 1138]; and upon consideration of (i) the Declaration of Bryan P.

Marsal, filed October 8, 2008, and annexed as Exhibit B to the Motion [Docket No. 760], (ii) the

Supplemental Declaration of Bryan P. Marsal, filed November 4, 2008 (the "Supplemental

Declaration") [Docket No. 1366], and (iii) the Second Supplemental Declaration of Bryan P.

Marsal, filed November 17, 2008 (the "Second Supplemental Declaration") [Docket No. 1559];

and the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the order entered

September 22, 2008, governing case management and administrative procedures [Docket No.

285]; and it appearing that no other or further notice need be provided; and it appearing that

A&M neither holds nor represents any interest adverse to the Debtors' estates; and it appearing

that A&M is "disinterested," as that term is defined in section 101(14) of the Bankruptcy Code;

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates and creditors, and all parties in interest and that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, in accordance with section 363 of the Bankruptcy Code, the Debtors are authorized to enter into the Engagement Letter, *nunc pro tunc* to September 15, 2008; and it is further

ORDERED that the terms of the Engagement Letter, including without limitation, the fee provisions and the indemnification provisions, are reasonable terms and conditions of employment and are approved; *provided that*, the Debtors' indemnification obligations shall be limited as set forth in the Supplemental Declaration; and it is further

ORDERED that, except with respect to the Incentive Fee (as defined below), payment of which shall be made as provided below, the Debtors are authorized to pay A&M in such amounts and at such times as is provided in the Engagement Letter without further order of this Court; and it is further

ORDERED that, except with respect to the Incentive Fee (as defined below), A&M will not be required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code; rather (i) A&M shall file with the Court and serve upon all parties entitled to receive notice in these cases, quarterly reports of compensation earned and expenses incurred (the "Quarterly Compensation Reports"), and parties in interest shall have the right to object to fees and/or expenses paid within ten (10) days of the filing of the Quarterly Compensation Reports, and (ii) if a timely objection is filed to any fees and/or expenses listed in a Quarterly Compensation Report, the Debtors or A&M shall schedule a hearing with the Court with respect to such fees and/or expenses; and it is further

ORDERED that the Debtors, and any successors thereof, shall pay and distribute to A&M certain incentive compensation (the "Incentive Fee") that: (i) shall be comprised of an "Asset Management Incentive Fee" and a "Claims Management Incentive Fee," as those terms

are described in the Second Supplemental Declaration; (ii) the amount and manner of payment of which shall be determined in accordance with the terms set forth in the Second Supplemental Declaration; and (iii) the allowance of which shall be based up an application for allowance (a) served in accordance with the Case Management Order on not less than fourteen (14) days' notice and (b) subject to objection by any party in interest; and (iv) shall be subject, (a) in the case of the "Claims Management Incentive Fee" to a determination to be made by the Court at the conclusion of the Chapter 11 Cases that A&M has made a substantial contribution to the management and mitigation of the claims against the estates; and (b) in the case of both the "Asset Management Incentive Fee" and the "Claims Management Incentive Fee," to a reasonableness standard consistent with section 330 of the Bankruptcy Code; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED that this Court will retain jurisdiction to construe and enforce the terms of the Motion, the Engagement Letter, and this Order.

Dated: New York, New York
December 17, 2008

      *s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE