# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FTX TRADING, LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>April 17, 2025, at 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>March 25, 2025, at 4:00 p.m. (ET) |

**COVER SHEET TO THE FINAL
APPLICATION OF EVERSHEDS SUTHERLAND (US) LLP,
AS LEAD COUNSEL FOR THE AD HOC COMMITTEE OF NON-US
CUSTOMERS OF FTX.COM, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES FOR
THE PERIOD FROM MAY 1, 2023, THROUGH AND INCLUDING OCTOBER 8, 2024**

| | |
|---|---|
| Name of applicant: | Eversheds Sutherland (US) LLP ("Eversheds Sutherland") |
| Authorized to provide professional services to: | Ad Hoc Committee of Non-US Customers of FTX.com (the "Ad Hoc Committee") |
| Effective date of retention: | May 1, 2023 |
| Date of order approving retention: | November 15, 2023, *nunc pro tunc* to May 1, 2023 |
| Period for which compensation and reimbursement is sought: | May 1, 2023, through and including October 8, 2024 |
| Amount of final compensation sought as actual, reasonable, and necessary: | $6,298,804.83 |
| Amount of final expense reimbursement sought as actual, reasonable, and necessary: | $36,726.67 |
| Blended rate in this Application for all attorneys: | $932.00 |
| Blended rate in this Application for all professionals: | $889.00 |
| Number of professionals included in this Application: | 33 |

This is a:      __ monthly _ interim X final application.
The total time expended for fee application preparation for the Final Fee Period is approximately 83 hours and the corresponding compensation requested is approximately $74,595.00.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the debtors' claims and noticing agent's website at https://cases.ra.kroll.com/FTX.

| Summary of Prior Interim Fee Applications: | | | | | |
|---|---|---|---|---|---|
| | | Summary of Fees and Expenses: | | Date and Docket No. of Fee Order: | |
| Date [Docket No.] | Interim Fee Period Covered | Requested Fees and Expenses | Approved Fees and Expenses[2] | Date | Docket No. |
| - | - | - | - | - | - |
| - | - | - | - | - | - |
| - | - | - | - | - | - |
| 12/15/23 [D.I. 4856] | Fourth Interim Fee Period 5/1/23 – 10/31/23 | $2,075,294.50 and $11,755.19 | $2,018,961.85 and $10,455.01 | 3/19/24 | D.I. 9706 |
| 3/15/24 [D.I. 9555] | Fifth Interim Fee Period 11/1/23 – 1/31/24 | $1,276,656.50 and $0.00 | $1,217,836.38 and $0.00 | 6/17/24 | D.I. 17787 |
| 6/14/24 [D.I. 17696] | Sixth Interim Fee Period 2/1/24 – 4/30/24 | $1,370,631.50 and $29,013.39 | $1,328,880.43 and $24,194.73 | 9/11/24 | D.I. 24510 |
| 9/13/24 [D.I. 24749] | Seventh Interim Fee Period 5/1/24 – 7/31/24 | $979,210.00 and $0.00 | $958,991.97 and $0.00 | 12/12/24 | D.I. 28742 |
| 12/13/24 [D.I. 28776] | Eighth Interim Fee Period 8/1/24 – 10/8/24 | $783,612.50 and $2,076.93 | $774,134.20[3] and $2,076.93 | N/A | N/A |
| Total Fees and Expenses requested: | | $6,485,405.00 and $42,845.51 | | | |
| Total Fees and Expenses approved by Interim Orders to date:[4] | | | $6,298,804.83 and $36,726.67 | | |

---

[2] Approved Fees and Expenses reflect voluntary reductions agreed upon by Eversheds Sutherland, the U.S. Trustee and the Fee Examiner, and approved by the Court.

[3] Approved Fees and Expenses for the Eighth Interim Fee Period reflect voluntary reductions agreed upon by Eversheds Sutherland, the U.S. Trustee, and the Fee Examiner, but have not yet been approved by the Court.

[4] Total Fees and Expenses approved include Fees and Expenses for the Eighth Interim Fee Period, which have not yet been approved by the Court.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>FTX TRADING, LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>April 17, 2025, at 10:00 a.m. (ET)<br><br>**Objection Deadline:**<br>March 25, 2025, at 4:00 p.m. (ET) |

**FINAL FEE APPLICATION OF
EVERSHEDS SUTHERLAND (US) LLP, AS
LEAD COUNSEL FOR THE AD HOC COMMITTEE OF NON-US
CUSTOMERS OF FTX.COM, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES FOR
THE PERIOD FROM MAY 1, 2023, THROUGH AND INCLUDING OCTOBER 8, 2024**

Eversheds Sutherland (US) LLP ("Eversheds Sutherland"), as Lead Counsel for the Ad Hoc Committee of Non-US Customers of FTX.com (the "Ad Hoc Committee") hereby submits this *Final Fee Application of Eversheds Sutherland (US) LLP, as Lead Counsel for the Ad Hoc Committee of Non-US Customers of FTX.com, for Allowance of Compensation and Reimbursement of All Actual and Necessary Expenses for the Period from May 1, 2023, Through and Including October 8, 2024* (this "Final Fee Application") for entry of an order pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§101 *et seq*, (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the debtors' claims and noticing agent's website at https://cases.ra.kroll.com/FTX.

of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 435] (the "Interim Compensation Order"), and the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order"). By this Final Fee Application, Eversheds Sutherland seeks final allowance of compensation in the amount of $6,298,804.83 for professional services rendered and reimbursement of actual and necessary out-of-pocket expenses in the amount of $36,726.67 incurred for the period from May 1, 2023, through and including October 8, 2024 (the "Application Period"). In support of the Final Fee Application, Eversheds Sutherland states as follows:

**Background**

1. On November 11 and November 14, 2022, the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. The Ad Hoc Committee was formed on December 2, 2022, by a group of non-US customers who held accounts on the FTX.com platform. Prior to the dissolution of the Ad Hoc Committee on February 14, 2025, it was comprised of nearly seventy members (collectively, the "Members") holding approximately $6.0 billion in aggregate claims against the Debtors.

3. On December 2, 2022 and December 4, 2022, respectively, the Ad Hoc Committee engaged Eversheds Sutherland and Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols," and together with Eversheds Sutherland, "Counsel") in connection with these Chapter 11 Cases.

4

4. On January 9, 2023, the Court entered the Interim Compensation Order.

5. On March 8, 2023, the Court entered the *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [D.I. 834] appointing Katherine Stadler (the "Fee Examiner") to serve as the fee examiner in these Chapter 11 Cases and establishing certain procedures in connection therewith.

6. Given the indispensable role of the Ad Hoc Committee in advancing joint efforts towards a consensual plan, on October 24, 2023, the Debtors entered into an amended and restated reimbursement agreement (the "Counsel Reimbursement Agreement") with Eversheds Sutherland and Morris Nichols, which amends and restates the reimbursement agreement dated as of August 23, 2023. The Counsel Reimbursement Agreement recognizes the "critical roles" that the Ad Hoc Committee "has played, and will continue to play" in these Chapter 11 Cases. Decl. of John Ray ¶ 9 [D.I. 3700]. As the Debtors articulated during the November 15, 2023 hearing on the *Amended Motion of Debtors to Enter Into, and Perform Their Obligations Under, the Reimbursement Agreements* [D.I. 3373], the Debtors believe the Ad Hoc Committee "is well situated to negotiate settlements of the customer related issues with the debtors on behalf of a critical mass of customers who can support the relief that results." Tr. of Nov. 15, 2023 Hr'g at 14. Further, the Debtors "have received substantial benefits from the Ad Hoc Committee's support and cooperation to date and that cooperation and constructive participation in these cases is important as the plan process moves forward," particularly because of the possibility of "divergence of interest between the FTX.com customers and general unsecured creditors whose collective interests are represented by the UCC." *Id.* at 16. In granting this relief, the Court

5

concluded that having the Ad Hoc Committee "act through counsel to help steer this process to a plan of reorganization" is "beneficial to the estate as a whole." *Id.* at 58.

7.     Pursuant to the Counsel Reimbursement Agreement, the Debtors agreed to pay Counsel in the aggregate per month, the reasonable and documented fees of no more than (i) $250,000 from May 1, 2023, through July 31, 2023, (ii) $500,000 from August 1, 2023, through August 31, 2023, (iii) $750,000 from September 1, 2023, through October 31, 2023, and (iv) $650,000 from November 1, 2023, through the effective date of the Plan. The Counsel Reimbursement Agreement further provides that any unused portion of any monthly fee cap ("Monthly Fee Cap") for any month shall be carried over on a rolling monthly basis, and any amounts incurred over the Monthly Fee Cap in a given month may be applied to later periods for reimbursement. In addition, the Counsel Reimbursement Agreement provides that the Debtors shall reimburse Counsel for all reasonable out-of-pocket expenses (at cost) from May 1, 2023 through the termination of the Counsel Reimbursement Agreement.

8.     The scope of the fees and expenses covered by the Counsel Reimbursement Agreement (the "Scope") includes reasonable fees and expenses incurred by Counsel in connection with the following:

   a. The representation of the Ad Hoc Committee in furtherance of the diligence, negotiation, prosecution, documentation, and implementation of a chapter 11 plan of the Debtors;
   b. Review and analysis of items of interest in the Chapter 11 Cases that impact the construction and outcomes under the Plan;
   c. Acting as a consultation party where requested by the Debtors or ordered by the Court;
   d. The general administration of the Ad Hoc Committee; and
   e. Providing information and guidance to FTX.com customers who contact Counsel in connection with the Chapter 11 Cases.

9. On November 15, 2023, the Court entered the *Order Authorizing the Debtors to Enter into, and Perform their Obligations Under, the Reimbursement Agreements* [D.I. 3928] (the "Reimbursement Order"). Such obligations include paying Counsel for all their outstanding and future reasonable documented fees and expenses in furtherance of the diligence, negotiation, prosecution, documentation and implementation of a comprehensive restructuring of the Debtors in accordance with the terms and conditions of the Counsel Reimbursement Agreement and the Reimbursement Order.

10. On October 8, 2024, the Court entered the Confirmation Order approving the *Debtors' Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [D.I. 26404-1] (including the Plan Supplement and all other exhibits and schedules thereto, as may be amended, modified or supplemented from time to time in accordance with its terms, the "Plan"). On January 3, 2025, the Plan became effective. *See Notice of Effective Date of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 29127].

### Interim Fee Applications and Monthly Fee Statements

11. On December 15, 2023, Eversheds Sutherland filed its First Interim Fee Application for Allowance of Compensation and Reimbursement of All Actual and Necessary Expenses for the Period from May 1, 2023 through October 31, 2023 [D.I. 4856] (the "First Interim Application"). By the First Interim Application, Eversheds Sutherland received approval of compensation in the amount of $2,018,961.85 for legal services provided, and reimbursement of actual expenses in the amount of $10,455.01. On November 22, 2023 and December 15, 2023, respectively, Eversheds Sutherland filed its First and Second Monthly Fee Statements [D.I. 4102, 4855], which included the time entries for the actual and necessary legal services performed by Eversheds Sutherland and the actual out-of-pocket expenses incurred by

7

Eversheds Sutherland for the period from May 1, 2023 through October 31, 2023. On March 15, 2024, the Debtors filed a Certification of Counsel for the First Interim Application [D.I. 9426]. On March 19, 2024, the Court entered the *Fourth Omnibus Order Approving Interim Fee Applications* [D.I. 9706], which approved the First Interim Application.

12. On March 15, 2024, Eversheds Sutherland filed its Second Interim Fee Application for Allowance of Compensation and Reimbursement of All Actual and Necessary Expenses for the Period from November 1, 2023 through January 31, 2024 [D.I. 9555] (the "Second Interim Application"). By the Second Interim Application, Eversheds Sutherland received approval of compensation in the amount of $1,217,836.38 for legal services provided. Contemporaneously therewith, Eversheds Sutherland filed its Third Monthly Fee Statement [D.I. 9554], which included the time entries for the actual and necessary legal services performed by Eversheds Sutherland for the period from November 1, 2023 through January 31, 2024. On June 10, 2024, the Debtors filed a Certification of Counsel for the Second Interim Application [D.I. 17177]. On June 17, 2024, the Court entered the *Fifth Omnibus Order Approving Interim Fee Applications* [D.I. 17787], which approved the Second Interim Application.

13. On June 14, 2024, Eversheds Sutherland filed its Third Interim Fee Application for Allowance of Compensation and Reimbursement of All Actual and Necessary Expenses for the Period from February 1, 2024 through April 30, 2024 [D.I. 17696] (the "Third Interim Application"). By the Third Interim Application, Eversheds Sutherland received approval of compensation in the amount of $1,328,880.43 for legal services provided, and reimbursement of actual expenses in the amount of $24,194.73. Contemporaneously therewith, Eversheds Sutherland filed its Fourth Monthly Fee Statement [D.I. 17695], which included the time entries for the actual and necessary legal services performed by Eversheds

Sutherland and the actual out-of-pocket expenses incurred by Eversheds Sutherland for the period from February 1, 2024 through April 30, 2024.  On September 10, 2024, the Debtors filed a Certification of Counsel for the Third Interim Application [D.I. 24503].  On September 11, 2024, the Court entered the *Sixth Omnibus Order Approving Interim Fee Applications* [D.I. 24510], which approved the Third Interim Application.

        14.    On September 13, 2024, Eversheds Sutherland filed its Fourth Interim Fee Application for Allowance of Compensation and Reimbursement of All Actual and Necessary Expenses for the Period from May 1, 2024 through July 31, 2024 [D.I. 24749] (the "Fourth Interim Application").  By the Fourth Interim Application, Eversheds Sutherland received approval of compensation in the amount of $958,991.97 for legal services provided.  Contemporaneously therewith, Eversheds Sutherland filed its Fifth Monthly Fee Statement [D.I. 24750], which includes the time entries for the actual and necessary legal services performed by Eversheds Sutherland for the period from May 1, 2024 through July 31, 2024.  On December 10, 2024, the Debtors filed a Certification of Counsel for the Fourth Interim Application [D.I. 28662].  On December 12, 2024, the Court entered the *Seventh Omnibus Order Approving Interim Fee Applications* [D.I. 28742], which approved the Fourth Interim Application.

15. And on December 13, 2024, Eversheds Sutherland filed its Fifth Interim Fee Application for Allowance of Compensation and Reimbursement of All Actual and Necessary Expenses for the Period from August 1, 2024, through and including October 8, 2024 [D.I. 28776] (the "Fifth Interim Application"). By the Fifth Interim Application, Eversheds Sutherland sought approval of compensation in the amount of $774,134.20 and reimbursement of actual expenses in the amount of $2,076.93. Contemporaneously therewith, Eversheds Sutherland filed its Fifth Monthly Fee Statement [D.I. 28775], which includes the time entries for the actual and necessary legal services performed by Eversheds Sutherland and the actual out-of-pocket expenses incurred by Eversheds Sutherland for the period from August 1, 2024 through and including October 8, 2024.

**Jurisdiction**

16. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

17. Pursuant to Local Rule 9013-1(f), the Ad Hoc Committee consents to the entry of a final order or judgment by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

18. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-2.

**Compliance with Bankruptcy Code, Local Rules,
Interim Compensation Order, Confirmation Order, and the U.S. Trustee Guidelines**

19. To the best of Eversheds Sutherland's knowledge, this Final Fee Application complies with sections 330 and 331 of the Bankruptcy Code, Local Bankruptcy Rule 2016-2, the Interim Compensation Order, the Confirmation Order, the Fee Examiner's review process, and the U.S. Trustee Guidelines (as defined herein). To the extent that the Final Fee Application does not comply in all respects, Eversheds Sutherland believes that such deviations are not material and respectfully requests that any such requirements be waived.

20. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Eversheds Sutherland submits that the services provided to the Ad Hoc Committee by Eversheds Sutherland during these Chapter 11 Cases were necessary and appropriate given (a) the size; nature, and complexity of these Chapter 11 Cases; (b) the time expended; (c) the issues involved; (d) the nature and extent of services provided; (e) the value of such services; (f) the cost of comparable services outside of bankruptcy; and (g) the fact that such fees and expenses were not duplicative of the services performed by other professionals retained by the Ad Hoc Committee.

21. In accordance with the United States Trustee's *Guidelines For Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), this Application is supported by the following exhibits:

- **Exhibit A**: A summary of compensation by each professional of Eversheds Sutherland that worked on the Chapter 11 Cases;

- **Exhibit B**: A summary of compensation by project category;

- **Exhibit C**: An expense summary;

- **Exhibit D**: Eversheds Sutherland's customary and comparable compensation disclosures; and

- **Exhibit E**: The Certification of Erin E. Broderick in support of the Application.

### Additional Disclosures and Representations

22. Eversheds Sutherland has worked diligently in these complex Chapter 11 Cases to advance the Ad Hoc Committee's purpose, which is:

> [T]o, in a cost-efficient and timely manner, maximize recoveries on the claims of members against FTX Trading Ltd. and its affiliated Debtors (collectively, the "Customer Claims") on account of the assets members deposited, held, received, or acquired on the FTX.com platform (collectively, the "Customer Assets"), leveraging, where beneficial, the position that the Debtors have no equitable interest in the Customer Assets and/or that constructive trust theories require priority of distribution on the Customer Claims. Membership is open to all creditors with Customer Claims that are aligned with the Ad Hoc Committee's purpose.

23. Specifically, Eversheds Sutherland's work during the Application Period included, without limitation, the following:

- Negotiating the Ad Hoc Committee's positions on the customer property rights of the FTX.com customers;

- Successfully negotiating and executing a Settlement and Plan Support Agreement [D.I. 3291] with the Debtors, the Official Committee, and a group of putative class action plaintiffs;

- Playing a significant role in working with the Debtors and the Official Committee of Unsecured Creditors (the "Official Committee") to shape the Plan to accommodate the

12

concept of FTX.com customers receiving postpetition interest at the Consensus Rate of 9.0%, surplus value through distributions from the Supplemental Remission Fund funded by recoveries otherwise payable to holders of subordinated governmental claims, waiver of preference liability, and a priority distribution from the consolidated, general pool of assets;

- Playing a significant role in working with the Debtors and the Official Committee to negotiate and refine the Plan, and liquidating trust agreement, garner key support for the Plan, amend the solicitation procedures, coordinate with the Joint Official Liquidators, address confirmation objections and consult with the Debtors and the Official Committee on key plan settlements, including settlements with the FTX MDL Plaintiffs and the preferred equity shareholders, and ultimately secure confirmation of the Plan;

- Serving in a consultation capacity to the Debtors on monetization of tokens and other key venture assets, including the sale of the Debtors' Anthropic shares and the Debtors' interest in FTX Japan;

- Serving in a consultation capacity to the Debtors on ongoing litigation and settlement of certain contested matters and adversary proceedings that have or may return substantial value to the estates, including the Global Settlement Agreement with FTX Digital Markets Ltd. and the Joint Official Liquidators, the CFTC and IRS settlements that paved the way for access to the supplemental remission fund for customers and the consensual subordination of the CFTC and IRS's respective claims, a settlement with the Emergent Debtors that removed their claim to the DOJ seized assets, and settlements with various FTX insiders;

- Providing a forum open to diverse FTX.com customers for their voices to be heard and their questions and concerns to be addressed by chapter 11 professionals whom many customers would not otherwise have access to; and

- Educating FTX.com customers and taking their informed perspectives into account in formulating and advancing positions in these Chapter 11 Cases.

24. During the Application Period, Eversheds did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement.

25. All of Eversheds Sutherland's work during the Application Period, including the work described above, falls within the Scope covered by the Counsel Reimbursement Agreement.

26. None of the professionals included in this Final Fee Application varied their hourly rate based on the geographical location of these Chapter 11 Cases.

27. In accordance with section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(a), no agreement or understanding exists between Eversheds Sutherland and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these Chapter 11 Cases. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Eversheds Sutherland.

**Compensation Requested**

28. Eversheds Sutherland seeks final allowance of fees in the amount of $6,298,804.83 for services rendered during the Application Period and reimbursement of actual, reasonable, and necessary expenses in the amount of $36,726.67, which were incurred by Eversheds Sutherland in representing the Ad Hoc Committee during the Application Period.

29. Eversheds Sutherland further represents that the total amount of fees it is requesting for services rendered during the Application Period did not exceed the Monthly Fee Cap for Eversheds Sutherland and Morris Nichols in the aggregate, taking into account the ability to carry over unused portions of the Monthly Fee Cap on a rolling basis, as per the terms of the Counsel Reimbursement Agreement.

## Reservation of Rights

30. To the extent that time or disbursement charges for services rendered or disbursements incurred on behalf of the Ad Hoc Committee during the Application Period were not inputted, processed, or posted before the preparation of, or included in, this Application, or Eversheds Sutherland has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Application Period on behalf of the Ad Hoc Committee, Eversheds Sutherland reserves the right to request compensation for such services and reimbursement of such expenses in the future.

31. In addition, Eversheds Sutherland does not waive, and expressly reserves, its right to respond to any objections regarding this Final Fee Application and the amounts sought for Eversheds Sutherland's work performed by or on behalf of the Ad Hoc Committee in connection with these Chapter 11 Cases.

## Notice

32. Notice of this Application has been given to the following parties or, in lieu of, to their counsel, if known: (a) the U.S. Trustee, (b) the Debtors, (c) the Plan Administrator, (d) the FTX Recovery Trust, (e) the Fee Examiner, and (f) all parties required to be given notice under the Interim Compensation Order. Eversheds Sutherland submits that no other or further notice is necessary.

**WHEREFORE,** Eversheds Sutherland respectfully requests that the Court approve the Application, providing that a final allowance be made to Eversheds Sutherland for the period from May 1, 2023 through and including October 8, 2024 in the sum of $6,298,804.83 as compensation for necessary legal services rendered, and actual and necessary expenses in the amount of $36,726.67, and providing that the Debtors be authorized and directed to pay Eversheds Sutherland the outstanding amount of such sums, and grant Eversheds Sutherland such other and further relief as the Court deems just and proper.

Dated: March 4, 2025
Chicago, Illinois

*/s/ Erin E. Broderick*
**EVERSHEDS SUTHERLAND (US) LLP**
Erin E. Broderick
Andrew J. Polansky
Michael A. Rogers
227 West Monroe Street, Suite 6000
Chicago, Illinois 60606
Telephone: (312) 724-9006
Facsimile: (312) 724-9322
erinbroderick@eversheds-sutherland.com
andrewpolansky@eversheds-sutherland.com
michaelrogers@eversheds-sutherland.com

-and-

Sarah E. Paul
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
sarahpaul@eversheds-sutherland.com

*Counsel for Ad Hoc Committee of Non-US Customers of FTX.com*