**RESPONSE TO OBJECTION TO LATE-FILED CLAIM OF**
Dr.-Ing. Markus Reinhold (Claim No. 98226)

**1. Caption (a):**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

In re: FTX Trading Ltd., et al., Debtors.

**Case No. 22-11068 (JTD)** RESPONSE TO OBJECTION TO LATE-FILED CLAIM of Dr.-Ing. Markus Reinhold (Claim No. 98226)

**2. Claimant Information and Claim Basis (b):**

- **Name of Claimant:** Dr.-Ing. Markus Reinhold
- **Claim Number:** 98226 (referring to Appendix 1, Doc 29174, filed 01/08/25, page 34)
- **Basis for the Amount of the Claim:** I have been a customer of Liquid since January 6, 2018, primarily holding Bitcoin (BTC) and Ripple (XRP) as a long-term investment for retirement, along with smaller amounts of other cryptocurrencies and foreign currencies.

To substantiate my claim, I have attached the following supporting documentation as direct evidence of my holdings in Appendix A:

1. **Kroll** Creditor Information, **Schedule # 6997573**

2. **FTX Claim Portal Portfolio Balance**, January 18th, 2025

3. **FTX omnibus objection** Case 22-11068-JTD, Doc 29174 Filed 010825: Appendix 1: Omnibus Objection Balance **Claim Number 98226**

4. **Liquid Account Statement**, **June 2022** showing my last purchase of BTC and confirming holdings

5. **Liquid Account Statement**, **October 2022** documenting the addition of ETHW due to the Ethereum split and confirming pre-bankruptcy holdings

6. **Liquid Account Statement**, **November 2022**, covering the entire month of November 2022 (From: 11/01/2022 To: 11/30/2022), providing definitive and irrefutable proof of my holdings during the month of the FTX bankruptcy filing, including November 10, 2022, the day before the filing. It clearly shows my balances of 0.28126389 BTC, 400 XRP, 0.00758816 ETH, 0.00758816 ETHW, 0.00001386 NEO, $22.78656 USD, €0.87909 EUR, and ¥0.76001 JPY.

7. **Liquid Account Statement**, **December 2024** showing the current state of my account and confirming that my holdings have remained unchanged since October/November 2022.

### 3. Factual and Legal Basis for Opposing the Objection (c):

I object to the disallowance of my late-filed claim based on the following:

- **Lack of Adequate Notice:** I received no notification from Liquid regarding its acquisition by FTX in 2022, the subsequent bankruptcy proceedings, or the requirement to file a proof of claim with FTX. This absence of notice persisted across all communication channels, including direct communication (email, postal mail), the Liquid customer portal, and customer service interactions (Specifically, after my Liquid account access was restricted, I contacted customer support on November 23, 2023, regarding passport renewal to resolve this issue. During this interaction, despite successfully regaining access to my account, no mention was made of Liquid's acquisition by FTX or the ongoing bankruptcy proceedings).
The Liquid login portal continues to lack any mention of FTX or the Chapter 11 proceedings. (See attached documentation in Appendix C.)

- **Lack of Notice within the Liquid Platform:** While information regarding Liquid's insolvency may have been present on the general Liquid website, no such information was displayed within the critical access points for customers: the login page and the individual customer portal. My typical usage pattern involved accessing my account approximately once per year directly through the login page, as my intention was to hold the cryptocurrency as a long-term investment. This page, as documented in the attached screenshots in Appendix B, contained no indication of Liquid's acquisition by FTX or the subsequent bankruptcy proceedings. Similarly, once logged in, my customer portal provided no such information. This lack of notice within the direct customer interface further reinforces the argument that I was not provided with adequate notice of the bankruptcy proceedings.

- **Delayed Discovery of Bankruptcy:** I only became aware of the FTX bankruptcy in November 2024, when my Liquid account was restricted, and upon contacting Liquid customer support (Mr. Jason Gunn, Head of Customer Support), I was informed that Liquid was part of the FTX Group and that the deadline to file claims with FTX (September 29, 2023) had already passed.

**Critically, the method of communication employed by Liquid (presumably email) was insufficient to ensure adequate notice, particularly given the following considerations:**

- **Email Filtering and Security:** The prevalence of spam and phishing emails, especially those impersonating financial institutions, necessitates the use of strict spam filters by email providers. These filters could have inadvertently diverted legitimate notices from FTX or Liquid to my spam folder. This is of particular relevance given that I am a non-U.S. resident and non-native English speaker, further compounding the difficulty of obtaining and understanding the necessary information.

- **Lack of Confirmation Mechanisms:** Best practices for important notifications, such as bankruptcy proceedings, dictate the use of confirmation or acknowledgment mechanisms (e.g., read receipts, return mail) to verify receipt by the intended recipient. Liquid failed to employ such mechanisms.

- **Failure to Utilize Alternative Communication Methods:** Given the potential for email delivery failures, Liquid and FTX should have employed alternative communication

- methods to ensure adequate notice, such as personalized postal mail, phone calls, or prominent notices within my Liquid customer portal.
- **Lack of Proof of Delivery:** FTX bears the burden of demonstrating adequate notice. This requires providing verifiable proof of delivery of any purported notice, including evidence that such notice was not diverted by spam filters (e.g., through read receipts or other acknowledgment mechanisms) and that the notice contained all necessary information regarding the bankruptcy proceedings and the claims filing process.

**Anticipating Potential Counterarguments and Rebuttals:**

The Debtors may argue that information regarding the bankruptcy was available on Liquid's general website, thus imputing notice to me. However, this argument is insufficient for the following reasons:

- **Fundamental Obligation for Direct Notification:** It is not merely an unreasonable burden, but a *fundamental obligation* of a financial institution to provide direct and conspicuous notice to its customers, particularly regarding events that directly impact their accounts and legal rights, such as acquisitions and bankruptcy proceedings.
- **Priority of Direct Communication Channels:** The login page and customer portal constitute the primary and expected channels of communication between Liquid and its customers. The absence of any notice within these direct interfaces (the login page and customer portal) constitutes a significant failure in communication and cannot be excused by the presence of information on the general company homepage from Liquid, which I never visited.
- **Burden of Proof of Adequate Notice and Content:** The burden of proof rests with the Debtors to demonstrate that adequate notice was provided to creditors. Merely pointing to information on a general website or emails *purportedly* from FTX does not satisfy this burden, especially when, as in my case, the customer was never informed of Liquid's acquisition by FTX. The Debtors must demonstrate that this information was reasonably accessible and likely to be seen by customers in the ordinary course of their account usage. They must provide verifiable proof of delivery, such as read receipts or other acknowledgment mechanisms, especially given the potential for emails to be filtered as spam. They also need to demonstrate that the content of the message was sufficient to provide adequate notice of the bankruptcy proceedings and the necessary steps to file a claim.

**Legal Arguments:**

Due to the lack of adequate notice, I assert the following legal principles:

- **Due Process Violation:** The failure to provide adequate notice of the bankruptcy proceedings deprived me of my due process rights under the Fifth Amendment of the U.S. Constitution. Due process requires reasonable notice and an opportunity to be heard before a party's rights are affected.
- **Equitable Tolling:** Given the lack of notice and my *reasonable reliance on Liquid's established practice of communicating important account information directly to customers, including the regular verification of my contact details*, the doctrine of

equitable tolling should apply to excuse the late filing of my claim. This is especially pertinent given my status as a non-U.S. resident and non-native English speaker. The complexities of U.S. bankruptcy law, coupled with the absence of any communication in a language I readily understand, created circumstances beyond my control that prevented me from timely filing a claim.

- **Breach of Duty of Good Faith and Fair Dealing/Fiduciary Duty:** Furthermore, by holding my cryptocurrency assets, Liquid assumed a de facto custodial role, which imposed a heightened *fiduciary duty* and a duty of good faith and fair dealing to provide timely and accurate information regarding any events that could affect those assets, including the acquisition by FTX and the subsequent bankruptcy proceedings. Failing to notify customers of the acquisition by FTX and the subsequent bankruptcy constituted a breach of this duty.

- **No Unfair Prejudice to Other Creditors/Unjust Enrichment:** Allowing my claim, given the unique circumstances of the lack of notice, will not unfairly prejudice other creditors. The purpose of the bar date is to ensure the orderly administration of the estate, not to create a windfall for some creditors at the expense of others who were legitimately unaware of the proceedings. Furthermore, excluding my claim would unjustly enrich the other creditors who filed on time, as they would receive a larger share of the distributable assets simply because I was not properly notified. This would be an inequitable outcome. Significantly, FTX's own estimates, as reported in a DL News article dated May 10, 2024 [https://www.dlnews.com/articles/regulation/the-wildest-details-from-the-ftx-bankruptcy-plan/] (link to the DL News article), reveal that only 21% of its customers were based in the US, holding a comparatively small portion (approximately 2% or $168 million) of the total owed. The vast majority of FTX's liabilities, estimated at $7.9 billion, are owed to international customers. This statistic strongly suggests that many other similarly situated creditors residing outside the US likely faced similar challenges in receiving and understanding the bankruptcy notices due to language barriers, differing legal systems, and less direct media coverage in their respective countries. Therefore, allowing my claim, and potentially other similarly situated claims, would promote fairness and equity by ensuring that all creditors, regardless of their location, have a fair opportunity to recover their assets.

- **Excusable Neglect:** Even if the Court were to find that notice was technically provided, my late filing should be excused under the doctrine of excusable neglect. Applying the *Pioneer Investment Services* factors, the following is evident: (1) While the delay is not minimal, the reason for the delay was the complete lack of notice from Liquid, a factor entirely outside of my control; (2) Allowing my claim *under these specific circumstances of demonstrable lack of notice* will not unfairly prejudice other creditors or unduly delay the bankruptcy proceedings. In fact, excluding my claim would result in a windfall for other creditors at my expense, which would be inequitable; (3) I have acted in good faith throughout this process; and (4) My intention was to hold the cryptocurrency as a long-term investment; therefore, my infrequent logins (approximately once per year) were consistent with my investment strategy, and I reasonably relied on Liquid to provide direct notification of any significant changes affecting my account. Therefore, excusable neglect warrants the acceptance of my late-filed claim.

**Consequences of Lack of Notice:** As a direct result of this lack of notice, I was unable to timely file a proof of claim and protect my financial interests.

**Summary:** In summary, the complete absence of notice regarding the FTX acquisition and subsequent bankruptcy proceedings within the direct interfaces of the Liquid platform, coupled with my reasonable reliance on Liquid for direct communication (especially given their practice of regularly verifying my contact information), the failure to employ standard notification practices, my long-term investment strategy resulting in infrequent logins, constitutes a clear violation of my rights as a customer and justifies the acceptance of my late-filed claim.

**4. Supporting Documentation and Evidence (d):**

The following documents are attached:
- Account statements of my holdings – Appendix A
- Screenshots of the Liquid login and customer portal – Appendix B
- Email correspondence with Liquid support (specifically from November 2023 and 2024) – Appendix C

**5. Contact Information (e):**
- **Name:** Dr.-Ing. Markus Gerhard Reinhold
- **Address:** Daniel-Flach-Str. 5, 38678 Clausthal-Zellerfeld, Germany
- **Telephone Number:** +49 1511 150 1505
- **Email Address:** markus_reinhold@gmx.de or tintti@gmx.de

**Date:** Clausthal-Zellerfeld, February 20th, 2025

**Signature:**

Appendix A



# Creditor Information - Schedule # 6997573

**Creditor**
Name on File
Address on File

**Debtor Name**
Quoine Pte Ltd
**Date Filed**
n/a

**Claim Number**
n/a
**Schedule Number**
6997573
**Confirmation ID**
n/a

## Claim Amounts

| Claim Nature | Schedule Amount | C*U*D* | Asserted Claim Amount | C*U*F* | Current Claim Value | Claim Status |
|---|---|---|---|---|---|---|
| General Unsecured | | | | | | |
| Priority | | | | | | |
| Secured | | | | | | |
| 503(b)(9) Admin Priority | | | | | | |
| Admin Priority | | | | | | |
| Total | | | | | | |

*C=Contingent, U=Unliquidated, D=Disputed, F=Foreign

## Claim Additional Info

| Type | Name | Group | Original Quantity | Current Quantity |
|---|---|---|---|---|
| CRYPTO | BTC | ASSERTED | 0.28126389 | 0.28126389 |
| CRYPTO | ETH | ASSERTED | 0.00758816 | 0.00758816 |
| CRYPTO | ETHW | ASSERTED | 0.00758816 | 0.00758816 |
| CRYPTO | NEO | ASSERTED | 0.00001386 | 0.00001386 |
| CRYPTO | XRP | ASSERTED | 400.0 | 400.0 |
| FIAT | EUR | ASSERTED | 0.87909 | 0.87909 |
| FIAT | JPY | ASSERTED | 0.76001 | 0.76001 |
| FIAT | USD | ASSERTED | 22.78656 | 22.78656 |

Kroll Restructuring Administration (formerly known as Prime Clerk) maintains this website for the public's convenience and for general informational purposes only. Anyone using this website is cautioned NOT to rely on any information contained on this Website, and any user of this website should not take or refrain from taking any action based upon anything included or not included on this website. We are not a law firm or a substitute for an attorney or law firm. Users of this website may want to seek legal counsel on the particular facts and circumstances at issue. All search results provided through this website are qualified in their entirety by the official register of claims and the

Open in new window

*Appendix A -Page 1*



**FTX omnibus objection Case 22-11068-JTD Doc 29174 Filed 010825:**

**Appendix 1:**
**Omnibus Objection Balance Claim Number 98226**

FTX Trading Ltd. 22-11068 (JTD)
One Hundred Forty-Ninth Omnibus Claims Objection
Schedule 1 - Late Filed Claims

| Claim Number | Name | Debtor | Asserted Claims Date Filed | Tickers | Ticker Quantity |
|---|---|---|---|---|---|
| 98225 | Reinhold, Markus Gerhard | FTX EU Ltd. | 11/25/2024 | BTC | 0.2812639000000000 |
| | | | 11/25/2024 | ETH | 0.0075881600000000 |
| | | | 11/25/2024 | EUR | 0.8800000000000000 |
| | | | 11/25/2024 | USD | 22.7800000000000000 |
| | | | 11/25/2024 | XRP | 400.0000000000000000 |

Reason: The Claimant has filed this claim after the applicable FTX customer claim bar date. Utilizing the information provided within the claim form and following a robust review of the books and records, the Debtors have not identified any liability owing to, or customer entitlement of, the claimant.

Undetermined*. Indicates claim contains unliquidated and/or undetermined amounts

**Service Provider**

Name: Quoine PTE Ltd
Address: 8 Orange Grove Rd, Singapore
Phone: +81 3-0281-9598
E-mail: support@liquid.com

**Customer details**

Name: Markus Gerhard Reinhold
Address: Am Krausen Baum 3, 40489 Düsseldorf
E-mail: tintti@gmx.de

**Statement period**

From: 06/01/2022 To: 06/30/2022

**Balance Infomation**

| Asset | Asset type | Opening balance | | | Closing balance | | |
|---|---|---|---|---|---|---|---|
| | | Amount | SGDe | Fx Rate | Amount | SGDe | Fx Rate |
| XRP | Crypto | 400.0 | 231.16400 | 0.57791 | 400.0 | 184.91600 | 0.46229 |
| NEO | Crypto | 0.00001386 | 0.00022 | 15.81169 | 0.00001386 | 0.00016 | 11.75153 |
| ETH | Crypto | 0.00758816 | 20.19264 | 2661.07164 | 0.00758816 | 11.29502 | 1488.50638 |
| BTC | Crypto | 0.19521276 | 8505.29697 | 43569.37000 | 0.28126389 | 7807.33853 | 27758.05500 |
| JPY | Fiat | 0.76001 | 0.00809 | 0.01065 | 0.76001 | 0.00778 | 0.01024 |
| USD | Fiat | 2238.65899 | 3066.95162 | 1.37000 | 22.78656 | 31.67526 | 1.39009 |
| EUR | Fiat | 0.87909 | 1.29305 | 1.47090 | 0.87909 | 1.28053 | 1.45665 |

**Transaction Infomation**

| Date & Time | Transaction type | Transaction ID | Asset | Asset type | Amount | SGDe | FX rate |
|---|---|---|---|---|---|---|---|
| 06/13/2022 01:17:59 | trade | 696836267 | BTC | Crypto | 0.04305113 | 1347.10882 | 31290.90500 |
| 06/13/2022 02:22:33 | trade | 696868980 | BTC | Crypto | 0.043 | 1345.50892 | 31290.90500 |
| 06/13/2022 02:22:33 | trade | 803715857 | USD | Crypto | (1096.5) | 1528.51004 | 1.39399 |
| 06/13/2022 01:17:59 | trade | 803685079 | USD | Crypto | (1119.37243) | 1560.39397 | 1.39399 |

**Service Provider**

Name: Quoine PTE Ltd
Address: 8 Orange Grove Rd, Singapore
Phone: +81 3-0281-9598
E-mail: support@liquid.com

**Customer details**

Name: Markus Gerhard Reinhold
Address: Am Krausen Baum 3, 40489 Düsseldorf
E-mail: tintti@gmx.de

**Statement period**

From: 10/01/2022 To: 10/31/2022

**Balance Infomation**

| Asset | Asset type | Opening balance | | | Closing balance | | |
|---|---|---|---|---|---|---|---|
| | | Amount | SGDe | Fx Rate | Amount | SGDe | Fx Rate |
| ETHW | Crypto | 0.0 | 0.00000 | 17.10577 | 0.00758816 | 0.07105 | 9.36390 |
| XRP | Crypto | 400.0 | 275.62200 | 0.68906 | 400.0 | 258.01600 | 0.64504 |
| NEO | Crypto | 0.00001386 | 0.00018 | 12.68784 | 0.00001386 | 0.00017 | 12.08265 |
| ETH | Crypto | 0.00758816 | 14.47651 | 1907.77588 | 0.00758816 | 15.69347 | 2068.15271 |
| BTC | Crypto | 0.28126389 | 7856.67643 | 27933.47000 | 0.28126389 | 8156.33779 | 28998.88000 |
| JPY | Fiat | 0.76001 | 0.00754 | 0.00992 | 0.76001 | 0.00723 | 0.00951 |
| USD | Fiat | 22.78656 | 32.71626 | 1.43577 | 22.78656 | 32.24982 | 1.41530 |
| EUR | Fiat | 0.87909 | 1.23718 | 1.40734 | 0.87909 | 1.22995 | 1.39912 |

**Transaction Infomation**

| Date & Time | Transaction type | Transaction ID | Asset | Asset type | Amount | SGDe | FX rate |
|---|---|---|---|---|---|---|---|
| 10/05/2022 07:33:42 | system_transfer | 717806996 | ETHW | Crypto | 0.00758816 | 0.09893 | 13.03692 |

**Service Provider**

Name: Quoine PTE Ltd
Address: 8 Orange Grove Rd, Singapore
Phone: +81 3-0281-9598
E-mail: support@liquid.com

**Customer details**

Name: Markus Gerhard Reinhold
Address: Am Krausen Baum 3, 40489 Düsseldorf
E-mail: tintti@gmx.de

**Statement period**

From: 12/01/2024 To: 12/31/2024

**Balance Infomation**

| Asset | Asset type | Opening balance | | | Closing balance | | |
|---|---|---|---|---|---|---|---|
| | | Amount | SGDe | Fx Rate | Amount | SGDe | Fx Rate |
| ETHW | Crypto | 0.00758816 | 0.04565 | 6.01650 | 0.00758816 | 0.03409 | 4.49204 |
| XRP | Crypto | 400.0 | 1041.49666 | 2.60374 | 400.0 | 1137.29608 | 2.84324 |
| NEO | Crypto | 0.00001386 | 0.00030 | 21.43714 | 0.00001386 | 0.00026 | 18.49515 |
| ETH | Crypto | 0.00758816 | 37.66972 | 4964.27588 | 0.00758816 | 34.56364 | 4554.94303 |
| BTC | Crypto | 0.28126389 | 36335.77435 | 129187.48422 | 0.28126389 | 35917.20619 | 127699.31538 |
| JPY | Fiat | 0.76001 | 0.00680 | 0.00894 | 0.76001 | 0.00660 | 0.00869 |
| USD | Fiat | 22.78656 | 30.51804 | 1.33930 | 22.78656 | 31.14611 | 1.36686 |
| EUR | Fiat | 0.87909 | 1.24542 | 1.41671 | 0.87909 | 1.24365 | 1.41470 |

**Transaction Infomation**

| Date & Time | Transaction type | Transaction ID | Asset | Asset type | Amount | SGDe | FX rate |
|---|---|---|---|---|---|---|---|

**Service Provider**

Name: Quoine PTE Ltd
Address: 8 Orange Grove Rd, Singapore
Phone: +81 3-0281-9598
E-mail: support@liquid.com

**Customer details**

Name: Markus Gerhard Reinhold
Address: Am Krausen Baum 3, 40489 Düsseldorf
E-mail: tintti@gmx.de

**Statement period**

From: 11/01/2022 To: 11/30/2022

**Balance Infomation**

| Asset | Asset type | Opening balance | | | Closing balance | | |
|---|---|---|---|---|---|---|---|
| | | Amount | SGDe | Fx Rate | Amount | SGDe | Fx Rate |
| ETHW | Crypto | 0.00758816 | 0.07105 | 9.36390 | 0.00758816 | 0.03448 | 4.54392 |
| XRP | Crypto | 400.0 | 258.01600 | 0.64504 | 400.0 | 219.99800 | 0.55000 |
| NEO | Crypto | 0.00001386 | 0.00017 | 12.08265 | 0.00001386 | 0.00013 | 9.50761 |
| ETH | Crypto | 0.00758816 | 15.69347 | 2068.15271 | 0.00758816 | 11.30977 | 1490.45000 |
| BTC | Crypto | 0.28126389 | 8156.33779 | 28998.88000 | 0.28126389 | 7000.34321 | 24888.88000 |
| JPY | Fiat | 0.76001 | 0.00723 | 0.00951 | 0.76001 | 0.00752 | 0.00990 |
| USD | Fiat | 22.78656 | 32.24982 | 1.41530 | 22.78656 | 30.97548 | 1.35938 |
| EUR | Fiat | 0.87909 | 1.22995 | 1.39912 | 0.87909 | 1.24558 | 1.41690 |

**Transaction Infomation**

| Date & Time | Transaction type | Transaction ID | Asset | Asset type | Amount | SGDe | FX rate |
|---|---|---|---|---|---|---|---|

**Appendix B**



*Appendix B -Page 6*

**Appendix C**

