**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: TBD<br><br>Ref. No. 25107 |

**RESPONSE OF FTX RECOVERY TRUST TO**
**MOTION TO LIFT STAY OF NORTH FIELD TECHNOLOGY LTD.**

The Consolidated Wind Down Trust (the "FTX Recovery Trust"), as defined in the confirmed and effective *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (the "Plan")[2] entered in the above-captioned proceeding, hereby submits this response in opposition to North Field Technology Ltd.'s ("North Field") *Motion for Entry of an Order (I) Granting Relief from the Automatic Stay; (II) Waiving Bankruptcy Rule 4001; and (III) Granting Related Relief* (the "Motion" [D.I. 25107, filed 9/18/24]). In connection with this response, the Debtors submit the concurrently filed *Declaration of Kumanan Ramanathan* (the "Ramanathan Decl."). This response references *Debtors' Objection to Proofs of Claim Filed by North Field Technology Ltd.* (the "Objection" [D.I. 20017, filed 7/10/24]), and the *Response of North Field Technology Ltd. to Debtors' Objection to Proofs of Claim Filed by North Field Technology Ltd.* (the "Response" [D.I. 25076, filed 09/18/24]).

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of post-effective date debtor entities in these chapter 11 cases, a complete list of the post-effective date debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Recovery Trust's claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Plan.

**PRELIMINARY STATEMENT**

1. North Field has filed two sets of claims against the FTX Recovery Trust: one set of claims regarding the purported transfer to Debtor FTX Trading Ltd. of approximately 35 BTC as to which North Field purports to have some sort of interest (the "FTX Claims"), and another set of claims regarding the purported transfer through a protocol operated by certain non-debtor entities (the "Ren Entities") of approximately 685 BTC as to which North Field purports to have some sort of interest (the "Ren Claims"). All of North Field's claims are meritless and should be disallowed and expunged in their entirety for the reasons set forth in Debtors' Objection to North Field's claims, including because the Ren Claims do not constitute a claim against any Debtor.

2. Recognizing this fatal flaw to the Ren Claims, North Field also filed the Motion, seeking an order granting North Field relief from the automatic stay. If North Field's Motion sought only confirmation that North Field could pursue its (meritless) claims against the non-debtor Ren Entities in the appropriate forum, the FTX Recovery Trust would have no objection. But the Motion also included a footnote making clear that North Field is seeking something far broader: North Field is asking this Court for permission to shortcut that litigation process by attempting to seize assets from the FTX Recovery Trust itself. For the reasons set forth below, North Field's request is meritless and in any event moot.

**BACKGROUND**

3. Background facts are recited more fully in the Objection and are not repeated here. (Objection ¶¶ 6-18.) For the purposes of its response to this Motion, the FTX Recovery Trust states as follows:

4. The Ren Project ("Ren") is a protocol developed by three foreign non-Debtor entities comprising the Ren Entities: Dappbase Pty Ltd., MPC Technologies Pte. Ltd.,

and Dappbase Ventures Ltd. ("Dappbase Ventures").  All three of the Ren Entities were acquired by Debtor Maclaurin Investments (f/k/a Alameda Ventures Ltd.) in January 2021, but remain distinct legal entities and are not Debtors in these Chapter 11 Cases.

5.   In April 2023, Ren transferred its digital assets, which included approximately 438 BTC, to the Debtors for safekeeping in cold storage wallets.  (Ramanathan Decl. ¶ 5.)  The 438 BTC that Ren transferred to the Debtors (the "Dappbase BTC") did not ever belong to the Debtors, and was held in distinct segregated cold storage wallets on behalf of the Ren Entities.  (Objection ¶¶ 9, 31, 34-36.)

6.   On June 26, 2023, North Field filed the FTX Claims and the Ren Claims against several Debtors.  As set forth in more detail in the Objection, the FTX Claims and the Ren Claims essentially assert that (1) North Field has certain litigation claims as to BTC that were stolen from an unrelated third party in 2014; (2) North Field purports to have traced portions of that stolen BTC through various mixing services and intermediaries over the course of several years, including approximately 35 BTC that North Field asserts were transferred at various points to FTX Trading and approximately 685 BTC that North Field asserts were transferred at various points through a protocol operated by the Ren Entities; and (3) as a result, North Field believes it has claims against the FTX Recovery Trust.  As detailed in the Objection, North Field's claims are fundamentally flawed for several reasons, including because North Field's tracing analysis is facially unreliable, because North Field has failed to allege facts sufficient to support a legal liability, and because the Ren Claims do not state a claim against any Debtor.

7.   Pursuant to a resolution adopted on October 15, 2024, Dappbase Ventures is being liquidated under the BVI Business Companies Act, 2004, with Grant Thornton (British Virgin Islands) Limited and Grant Thornton UK LLP acting as Joint Liquidators (the "Joint

Liquidators"). (Ramanathan Decl. ¶ 5.) The Joint Liquidators issued public notices of the Dappbase Ventures liquidation on October 24, 2024, and will issue at least one additional public notice of the Dappbase Ventures Liquidation. (*Id.*) Substantially all of the cryptocurrency assets that the Ren Entities had transferred to the Debtors for safeguarding (including all of the Dappbase BTC) have been returned to the Joint Liquidators of Dappbase Ventures. (*Id.* ¶ 6.)

## ARGUMENT

I. **North Field's Claims Against Non-Debtors Do Not Give Rise to Claims Against the FTX Recovery Trust**

8. To the extent that North Field has any claims against any of the non-Debtor Ren Entities, such claims do not give rise to any claim against the FTX Recovery Trust. As North Field itself has acknowledged, the Debtors do not have "any ownership interest in" the Dappbase BTC, and the Dappbase BTC "is not the property of the Debtors" and is not "part of the bankruptcy estate." (Response ¶¶ 2, 35-37.) North Field also has acknowledged that any proceeding against the non-Debtor Ren Entities with respect to the Dappbase BTC "does not belong in this Court, as Ren is not a Debtor." (*Id.* ¶ 2.)

9. To the extent that North Field wishes to assert any claims against Dappbase Ventures with respect to the Dappbase BTC, the proper forum for those claims is Dappbase Ventures' BVI liquidation proceedings. To the extent that North Field seeks confirmation from the Court that North Field's pursuit of any such claims against Dappbase Ventures in those BVI liquidation proceedings would not constitute a violation of the automatic stay, the FTX Recovery Trust does not oppose such a request.

10. However, North Field's Motion also seeks this Court's approval to take action *against the FTX Recovery Trust*, threatening to seek "enforcement remedies against the Debtors to the extent that the Debtors possess, or otherwise control the [Dappbase BTC] and any

other assets of Ren and/or the Ren Entities." (Mot. ¶ 26.) This attempt to shortcut North Field's potential claims against Dappbase Ventures by seeking to pursue claims against the FTX Recovery Trust is entirely improper, and in any event North Field's request is moot.

11. The Dappbase BTC belongs to Dappbase Ventures, and any claims with respect to the Dappbase BTC (or any other Dappbase Ventures assets) must be administered in Dappbase Ventures' ongoing liquidation proceedings. North Field's attempt to effectively "jump the line" by seeking to seize the Dappbase BTC is improper and would prejudice Dappbase Ventures' other creditors and stakeholders (which includes the FTX Recovery Trust).

12. Moreover, North Field's request is moot because the FTX Recovery Trust does not possess the Dappbase BTC. The Dappbase BTC already has been returned to the Joint Liquidators appointed to administer Dappbase Ventures' BVI liquidation proceeding. A court should deny a motion as moot "when a court is unable to fashion any form of meaningful relief." *In re Scarborough-St. James Corp.*, 554 B.R. 714, 720 (D. Del. 2016); *see also In re Iezzi*, 504 B.R. 777, 794-85 (Bankr. E.D. Pa. 2014) (denying a motion for relief from the automatic stay where relief would merely allow movant to "litigate an abstract legal issue that will not affect him.") Here, even if the Court were to grant North Field relief from the automatic stay, any attempt by North Field to take action against the FTX Recovery Trust with respect to the Dappbase BTC would be futile because the FTX Recovery Trust does not possess the Dappbase BTC.

## Conclusion

For the foregoing reasons, the Court should deny North Field's Motion for relief from the automatic stay.

| | |
|---|---|
| Dated: March 10, 2025<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Christopher J. Dunne (admitted *pro hac vice*)<br>Jacob M. Croke (admitted *pro hac vice*)<br>Christian P. Jensen (admitted *pro hac vice*)<br>125 Broad Street<br>New York, New York 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>         bromleyj@sullcrom.com<br>         gluecksteinb@sullcrom.com<br>         dunnec@sullcrom.com<br>         crokej@sullcrom.com<br>         jensenc@sullcrom.com<br><br>*Counsel for the FTX Recovery Trust* |