IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

March 3, 2025

824 N. Market St., 5th Floor Wilmington, DE 19801
February 26, 2025, 1:57 p.m.

In Re: FTX Trading Ltd. et al., Chapter 11, Case No. 22-11068 (JTD)

Dear Chief Judge John T. Dorsey,

Hello, I am Jung-yup Lee, the representative attorney of law firm Lawjibsa, a South Korean law firm. This letter was written for the purpose of conveying Haru Invest victims' positions on **Hyung Cheol Lim, Aimed, Inc., Blocore Pte., Ltd., Ji Woong Choi, and Mosaic Co. Ltd.** in motion. This letter pertains to their *Motion for Leave to Amend Proof of Claim No. 87144* (the "**Motion**"), as well as the *Objection to the Motion filed by Svalbard Holding Limited (ECF No. 29518)*.

## 1. Introduction
Our firm, **Lawjibsa**, specializes in representing victims of financial fraud and bankruptcy proceedings, particularly involving digital assets. We have been extensively involved in related proceedings in South Korea, including:

1. Filing bankruptcy petitions against **Haru Management Limited** and **Haru United PTE. LTD. in the Seoul Bankruptcy Court**.
2. Initiating bankruptcy proceedings against **Junho Bang** and **Lemma Technologies** on behalf of creditors.
3. Representing victims in criminal proceedings against the operators of **Haru Invest (Suyong Park, Hoon Song, and Hyungsu(Hugo) Lee)** and **Delio Services (Sangho Jung)** in South Korea.

The progress of cases in Korea is as follows.
Ⓐ Bankruptcy case of Haru Management Limited
Ⓑ Bankruptcy case of Delio Co., Ltd.
Ⓒ Bankruptcy case of Haru United PTE. LTD.
Ⓓ Bankruptcy case against Junho Bang
Ⓔ Bankruptcy case against Lemma technologies
Ⓕ Criminal case against Suyong Park, Hoon Song, and Hyungsu(Hugo) Lee, the operators of Haru Invest.
Ⓖ Criminal case against Sangho Jung, the operator of Delio Service
Ⓗ Case for damages due to Haru United's inability to deliver digital assets against Junho Bang.

1

## 2. Key Arguments

**1) Bankruptcy Proceedings of Junho Bang and Lemma Technologies**

The Seoul Bankruptcy Court is expected to imminently issue rulings in the bankruptcy cases of **Junho Bang** and **Lemma Technologies**. South Korean insolvency law identifies the transfer of FTX bankruptcy claims by Junho Bang to Lemma Technologies, and the subsequent sale to Svalbard Holding Limited, as **fraudulent transactions**, and these will be subject to **avoidance actions**. Since no consideration was paid for these transfers, they are legally unenforceable.

**2) Haru Invest and Delio Clients' Asset Transfers**
Digital assets entrusted to **Haru Invest** and **Delio Services** were primarily funneled to Junho Bang for investment purposes, with many of these assets deposited into **Bang's FTX account**. These assets rightfully belong to our clients, including **Haru Invest, Traum InfoTech, Lim, Choi, Aimed, Inc.**, and **Mosaic Co. Ltd.**, and therefore, the FTX claims associated with these assets must be restored to their rightful owners.

**3) Dispute Over the FTX Bankruptcy Claim**
Junho Bang misled investors regarding the status of his FTX holdings and transferred his FTX bankruptcy claims to **Lemma Technologies** in **January 2023**, without creditor consent. **In June 2023**, these same claims were fraudulently sold to **Svalbard Holding Limited**, despite the invalidity of the initial transfer. Neither **Lemma Technologies** nor **Svalbard Holding Limited** made payments for these claims, rendering these transfers void under South Korean and U.S. bankruptcy laws. Accordingly, the claim transfer to Svalbard should be subject to **disallowance and avoidance actions**.

## 3. Legal Considerations

South Korean insolvency law dictates that assets improperly transferred by a bankrupt individual or company may be **reclaimed by a court-appointed bankruptcy trustee**. If the Seoul Bankruptcy Court confirms the insolvency of **Junho Bang** and **Lemma Technologies**, all transactions involving the FTX claims will be rendered null and void. **Svalbard Holding Limited's Objection** is thus predicated on fraudulent and invalid transactions.

Moreover, **Svalbard Holding Limited** has initiated litigation against **Lemma Technologies** in the **New York Supreme Court**, but formal service remains incomplete. South Korean bankruptcy law should govern these transfers, and the FTX claims in question should revert to the original investors and rightful claimants. Claimants *Lim, Choi, Aimed, and Mosaic* have requested to **amend Proof of Claim No. 87144** to correctly reflect their ownership of the claim and allow them to complete the KYC verification required by the FTX bankruptcy process.

## 4. Request for Relief

In light of these facts, we respectfully request that the Court:

1. **Approve the** *Motion for Leave to Amend Proof of Claim No. 87144* to substitute **Hyung Cheol Lim, Aimed, Inc., Blocore Pte. Ltd., Ji Woong Choi, and Mosaic Co. Ltd.** as the rightful claimants.
2. **Suspend any distributions relating to** *Proof of Claim No. 87144* until the ownership dispute is fully resolved.
3. **Reject Svalbard Holding Limited's Objection**, as its claim to the FTX bankruptcy estate was acquired through fraudulent and unenforceable transfers.
4. **Recognize the pending bankruptcy proceedings in South Korea** and allow for the resolution of these issues under the applicable *provisions of Chapter 15 of the U.S. Bankruptcy Code.*
5. **Permit the claimants to complete the KYC verification process** necessary for participating in the FTX bankruptcy claims process, ensuring their legitimate claims are recognized.

## 5. Conclusion

This case involves significant concerns regarding **fraudulent transfers** and the potential loss of digital assets entrusted by victims. Without immediate intervention, our clients, who have already suffered financial harm, will face further irreparable damage. We urge the Court to ensure that the FTX claims are properly adjudicated, providing fair and just relief to the rightful claimants.

We appreciate the Court's time and consideration. Should Your Honor require further documentation or argument, we remain available at your convenience.

Respectfully submitted,

**Representative Attorney Jungyup Lee**
**Lawjibsa**

6th floor, Doowon Building, 20 Banpo-daero 28-gil,
Seocho-gu, Seoul, Republic of Korea


**\* Attached Documents**

1. Korean and English translation of the bankruptcy declaration decision on Haru Management Limited
2. Korean and English translation of the first trial criminal judgment on Junho Bang
3. Korean and English translation of Law Firm Lawjibsa's bankruptcy application for Junho Bang and Lemma technologies
4. Progress of cases in Korea regarding Haru Invest and Junho Bang