# 1. Korean and English translation of the bankruptcy declaration decision on Haru Management Limited

# 서 울 회 생 법 원

정본입니다.
2024. 11. 20.
법원주사 배상연



## 제 1 4 부

## 결 정

| | |
|---|---|
| 사 건 | 2024하합100259 파산선고 |
| 신 청 인 겸 | 별지 기재와 같음 |
| 채 권 자 | 신청인들 대리인 법무법인 로집사<br>담당변호사 이정엽, 최재윤, 양희진, 박광훈 |
| 채 무 자 | 하루 매니지먼트 리미티드(Haru Management Limited)<br>Unit 8 3F, Qwomar Trading Complex. Blackbume Road, Port Purcell Road Town British Virgin Islands VC1110<br>대표자 이사 이형수, 송훈<br>대리인 법무법인 에이프로<br>담당변호사 장세영, 김은지 |
| 선 고 일 시 | 2024. 11. 20. 11:00 |

## 주 문

1. 채무자에 대하여 파산을 선고한다.
2. 변호사 이왕민[1969. 7. 20.생, 서울 강남구 테헤란로 317, 16층(역삼동, 동훈타워)]을 파산관재인으로 선임한다.
3. 파산관재인의 임기를 2026. 12. 31.까지로 한다.
4. 채권신고기간을 2025. 1. 31.까지로 한다.
5. 제1회 채권자집회와 채권조사의 기일 및 장소를 2025. 2. 11. 16:00 서울법원종합청사 3별관 제1호 법정으로 한다.

개인정보유출주의 제출자:송한도, 송달물 등재일시:2024.11.20 15:06, 출력자:최재윤, 다운로드일시:2024.11.20 15:24

6. 채무자 회생 및 파산에 관한 법률 제492조 단서의 금액을 300만 원으로 한다.

## 이 유

1. 인정 사실

이 사건 기록, 신청인 및 채무자 대표자에 대한 심문 결과에 의하면, 아래와 같은 사실이 인정된다.

가. 채무자는 2021. 2.경 영국령인 버진아일랜드에서 디지털 전문 자산 뱅킹업 등을 목적으로 설립되었다.

나. 채무자는 하루 유나이티드, 피티이엘티디, 하루인베스트코리아 주식회사, 주식회사 블록크래프터스 등 관계회사들(이하 채무자 및 관계회사들을 더하여 '하루인베스트먼트 관계회사'라 한다)과 함께 하루인베스트 플랫폼을 통해 가상자산 예치 및 운용업을 영위하였다.

다. 신청인들은 채무자와 가상자산 예치, 운용계약을 체결하고 비트코인, 이더리움 등의 가상자산을 예치한 채권자들이다.

라. 채무자의 대표자 이형수, 송훈을 포함한 하루인베스트먼트 관계회사 경영진들은 2023. 6. 13. 하루인베스트 플랫폼을 통해 고객들이 예치한 가상자산에 대한 출금을 정지시키고, 서울 서초구 서초동에 위치한 하루인베스트코리아 주식회사와 주식회사 블록크래프터스의 사무실을 폐쇄하였으며, 그 무렵부터 하루인베스트 플랫폼의 운영이 중단된 상태이다.

마. 채무자의 대표자인 이형수, 송훈은 2024. 2.경 '하루인베스트 고객들을 기망하여 주식회사 블록크래프터스 등으로 하여금 가상자산을 전송받게 하여 약 1조 3,944억 원 상당의 재산상 이득을 취득하게 하였다'는 등의 범죄사실로 기소되어 현재 서울남부지방법원에서 재판 중이다.

2. 판단

가. 국제재판관할에 대한 판단

1) 채무자의 주장

개인정보유출주의 제출자:송한도, 송달물 등재일시:2024.11.20 15:06, 출력자:최재윤, 다운로드일시:2024.11.20 15:24

채무자는 영국령 버진아일랜드의 법률에 의하여 설립되어 주된 사무소 역시 위 국가 내에 위치하고 있고, 대한민국에는 별다른 사무소나 영업소를 두고 있지 않다. 하루인베스트 서비스에 가입한 회원들에게 적용되는 약관에는 당사자 간에 발생하는 모든 분쟁은 싱가포르 국제중재센터 중재를 통해 최종적으로 해결하도록 규정하고 있다. 이러한 사정을 종합하면, 이 사건 신청은 국제재판관할권이 없는 대한민국 법원에 제기된 것으로써 부적법하다.

2) 관련법리

가) 국제사법 제2조 제1항은 "대한민국 법원은 당사자 또는 분쟁이 된 사안이 대한민국과 실질적 관련이 있는 경우에 국제재판관할권을 가진다. 이 경우 법원은 실질적 관련의 유무를 판단할 때에 당사자 간의 공평, 재판의 적정, 신속 및 경제를 꾀한다는 국제재판관할 배분의 이념에 부합하는 합리적인 원칙에 따라야 한다."라고 정하고 있다. 여기서의 '실질적 관련'은 대한민국 법원이 재판관할권을 행사하는 것을 정당화할 정도로 당사자 또는 분쟁이 된 사안과 관련성이 있는 것을 의미하고, 구체적으로는 당사자의 공평, 편의, 예측가능성과 같은 개인적인 이익뿐만 아니라, 재판의 적정, 신속, 효율, 판결의 실효성과 같은 법원이나 국가의 이익도 함께 고려하여야 한다. 이처럼 다양한 국재재판관할의 이익 중 어떠한 이익을 보호할 필요가 있는지는 개별 사건에서 실질적 관련성 유무를 합리적으로 판단하여 결정하여야 한다(대법원 2005. 1. 27. 선고 2002다59788 판결, 대법원 2021. 2. 4. 선고 2017므12552 판결 등 참조).

나) 국제사법 제2조 제2항은 "이 법이나 그 밖의 대한민국 법령 또는 조약에 국제재판관할에 관한 규정이 없는 경우 법원은 국내법의 관할 규정을 참작하여 국제재판관할권의 유무를 판단하되, 제1항의 취지에 비추어 국제재판관할의 특수성을 충분히 고려하여야 한다."라고 정하여 제1항에서 정한 실질적 관련성을 판단하는 구체적 기준 또는 방법으로 국내법의 관할 규정을 제시한다. 따라서 국내법 관할 규정은 국제재판관할권을 판단하는 데 가장 중요한 판단 기준으로 작용한다. 다만 이러한 관할 규정은 국내적 관점에서 마련된 재판적에 관한 규정이므로 국제재판관할권을 판단할 때에는 국제재판관할의 특수성을 고려하여 국제재판관할 배분의 이념에 부합하도록 수정하여

개인정보유출주의 제출자:송한도, 송달물 등재일시:2024.11.20 15:06, 출력자:최재윤, 다운로드일시:2024.11.20 15:24

적용해야 하는 경우도 있다(대법원 2019. 6. 13. 선고 2016다33752 판결 참조).

다) 파산사건은 채무자의 보통 재판적이 있는 곳 또는 채무자의 주된 사무소나 영업소가 있는 곳을 관할하는 회생법원의 관할에 전속하며, 위 장소에 해당하는 곳이 없는 경우에는 채무자의 재산이 있는 곳을 관할하는 회생법원의 관할에 전속한다(채무자 회생 및 파산에 관한 법률 제3조 제1항).

3) 구체적인 판단

앞서 본 법리에 비추어 위 인정사실 및 심문 전체의 취지에 의하여 알 수 있는 다음과 같은 사정들에 비추어 보면, 대한민국 법원은 이 사건에 대하여 국제재판관할권을 가진다고 봄이 타당하다.

가) 먼저 국제재판관할권을 판단하는 가장 중요한 판단 기준인 국내법 관할 규정에 관하여 본다. 채무자의 관계회사인 하루인베스트코리아 주식회사와 주식회사 블록크래프터스는 서울 서초구 서초동에서 사무실을 운영하여 왔다. 채무자 역시 위 관계회사들과 밀접한 관계를 가지면서 하루인베스트 플랫폼을 이용하여 운영되어 왔으므로, 대한민국 내에 주된 사무소 또는 영업소가 있다고 볼 여지가 충분하다. 채무자의 주된 사무소 또는 영업소가 국내에 없다고 보더라도, 하루인베스트먼트 관계회사의 자산인 콜드월렛이 현재 압수되어 국내에 보관되어 있으므로, 채무자의 재산이 국내에 있는 경우에 해당한다. 따라서 채무자에 대하여는 채무자 회생 및 파산에 관한 법률 제3조 제1항에 따라 국내법 관할이 인정된다고 봄이 타당하다.

나) 이 사건 신청과 대한민국 사이의 실질적 관련성에 관하여 본다. 채무자의 대표자들은 국내에 거주하며 대한민국에서 형사재판을 받고 있으므로, 대한민국이 아닌 해외에서 도산절차를 진행하기는 어려울 것으로 보인다. 또한 국내에서 압수되어 보관중인 콜드월렛 역시 신속·적정하게 환가하기 위해서는 국내에서 그 절차를 진행하여야 할 것으로 판단된다. 나아가 채무자의 대표자들 이외에 엔지니어 등 직원들도 국내에 거주하고 있고, 가장 많은 채권자들이 국내에 거주하고 있는 점 등을 종합하여 보면, 이 사건 신청은 대한민국과 실질적 관련이 있다고 봄이 타당하다.

다) 파산절차는 채무자의 총재산을 채권자들에게 평등하고 공정하게 변제하기 위한

개인정보유출주의 제출자:송한도, 송달물 등재일시:2024.11.20 15:06, 출력자:최재윤, 다운로드일시:2024.11.20 15:24

집단적·포괄적 채무처리절차로, 다수의 채권자와 채무자 사이에 획일적으로 확정되어야 하는 것이어서 중재가능성이 없으므로, 하루인베스트 서비스 약관에 전속적 중재합의가 있다는 사정만으로는 이 사건 신청과 대한민국 법원의 실질적 관련성을 부정할 수 없다.

나. 채무자에게 파산원인이 있는지 여부에 대한 판단

앞서 본 바와 같이 신청인들의 채무자에 대한 채권액, 채무자의 지급정지 경위, 지급정지 기간 등에 비추어 보면, 채무자에게는 지급불능의 파산원인 사실이 존재한다고 인정된다.

3. 결론

그렇다면 채무자에게는 파산원인 사실이 존재하므로, 채무자 회생 및 파산에 관한 법률 제305조를 적용하여 채무자에 대하여 파산을 선고한다. 파산관재인의 선임에 관하여는 같은 법 제355조를, 채권신고기간·제1회 채권자집회 기일 및 채권조사의 기일에 관하여는 같은 법 제312조를, 법원의 허가대상행위의 기준금액에 대하여는 같은 법 제492조 단서를 각 적용하여 주문과 같이 결정한다.

2024. 11. 20.

재판장 판사 이여진

판사 오범석

판사 송한도

*English translation of the bankruptcy declaration decision on Haru Management Limited*

**Decision**

**Case No. 2024 하합 100259 (Bankruptcy Declaration)**

**Applicant & Creditors**

- **Applicants:** As stated in the attached list
- **Legal Representative for Creditors:** Law Firm Lawjibsa
  - Attorneys: **Lee Jung-Yup, Choi Jae-Yoon, Yang Hee-Jin, Park Kwang-Hoon**

**Debtor**

- **Haru Management Limited**
- **Address:** Unit 8 BF, Qwomar Trading Complex, Blackburne Road, Port Purcell Road Town, British Virgin Islands VC1110
- **Representative Director: Lee Hyung-Soo, Song Hoon**
- **Legal Representative for Debtor:** Law Firm **Apro**
  - Attorneys: **Jang Se-Young, Kim Eun-Ji**

**Court Decision**

1. The **debtor is declared bankrupt**.
2. Attorney **Lee Wang-Min** (born **July 20, 1969**; **Teheran-ro 317, Gangnam-gu, Seoul**) is **appointed as the bankruptcy trustee**.
3. The **trustee's term** is set until **December 31, 2026**.
4. The **creditor claim reporting period** is set until **January 31, 2025**.
5. The **first creditors' meeting and claim review hearing** will be held on **February 11, 2025, at 16:00** at **Seoul Court Complex, Annex 3, Room 1**.
6. The **minimum amount required for bankruptcy exemption** under Article 492 of the Debtor Rehabilitation and Bankruptcy Act is set at **3 billion KRW**.

**Findings of Fact** Based on **court records, hearings with the applicants, and interrogations of the debtor's representatives**, the following facts are established:

1. **Background of the Debtor**
   - **Haru Management Limited** was established in **February 2021** in the **British Virgin Islands (BVI)** for **digital asset banking** and related financial activities.
   - The debtor operated alongside **Haru United PTE. Ltd., Haru Invest Korea Co., Ltd., and BlockCrafters Co., Ltd.** (collectively referred to as **"Haru Investment Group"**).
   - The debtor **managed digital asset deposits and operated lending services** through the **Haru Invest Platform**.
2. **Applicants' Relationship with the Debtor**

- The **creditors (applicants)** entered into **digital asset deposit and operation agreements** with the debtor, entrusting **Bitcoin (BTC), Ethereum (ETH), and other cryptocurrencies**.

3. **Cessation of Business and Asset Freeze**
   - On **June 13, 2023**, **Haru Investment** suspended all withdrawals on the **Haru Invest Platform**, restricting customers from accessing their deposited assets.
   - Subsequently, the offices of **Haru Invest Korea Co., Ltd.** and **BlockCrafters Co., Ltd.**, located in **Seocho-dong, Seoul**, were **shut down**.
   - Since then, the **Haru Invest Platform has remained inoperable**.

4. **Criminal Proceedings Against the Debtor's Representatives**
   - The **debtor's representatives, Lee Hyung-Soo and Song Hoon**, allegedly **misled customers** and **illegally transferred cryptocurrency** to **affiliated entities, including BlockCrafters**.
   - The total amount of **fraudulent transfers** is estimated at **KRW 1.3944 trillion (approximately USD 1 billion)**.
   - They were **indicted** on these charges and are **currently on trial** at the **Seoul Southern District Court**.

---

**Legal Analysis**

**1. International Jurisdiction**

**Debtor's Claim**

- The **debtor argues** that:
  - **Haru Management Limited** was **incorporated in the British Virgin Islands (BVI)**.
  - Its **primary office is outside South Korea**.
  - The **Haru Invest Platform's terms of service specify that disputes** should be **resolved through arbitration at the Singapore International Arbitration Centre (SIAC)**.
  - Therefore, the **Seoul Bankruptcy Court lacks international jurisdiction**.

**Court's Determination**

- According to **Article 2(1) of the Private International Law of Korea, South Korean courts** have **jurisdiction if there is a substantial connection to Korea**.
- The **Haru Investment Group's** major subsidiaries (**Haru Invest Korea and BlockCrafters**) operated in **Seocho-dong, Seoul**.

- A **cold wallet containing customer funds** was **seized and is currently stored in Korea**.
- **Many of the debtor's creditors reside in Korea**, and **the debtor's executives, engineers, and staff are based in Korea**.
- The **bankruptcy process must be handled collectively** and **cannot be resolved through individual arbitration**.

Thus, **the Seoul Bankruptcy Court has jurisdiction over this case**.

---

**2. Grounds for Bankruptcy**

- Given the **debtor's unpaid liabilities, extended payment suspension, and financial incapacity**, the court finds that **the debtor is unable to meet its financial obligations**, justifying **a declaration of bankruptcy** under **Article 305 of the Debtor Rehabilitation and Bankruptcy Act**.

---

**Conclusion**

- The court **declares Haru Management Limited bankrupt**.
- A **bankruptcy trustee is appointed**.
- The **creditor claim reporting period, creditor meetings, and other bankruptcy procedures** are set in accordance with the relevant legal provisions.

**Seoul Bankruptcy Court**

- **Presiding Judge: Lee Yeo-Jin**
- **Judge: Oh Beom-Seok**
- **Judge: Song Han-Do**