# 2. Korean and English translation of the first trial criminal judgment on Junho Bang

개인정보유출주의 제출처이외의 사용금지, 개설일자:2024.08.13, 발급자:박민혁, 인증문서확인일시:2024.09.30 01:44





# 서 울 남 부 지 방 법 원

## 제 1 3 형 사 부

등본입니다.

2024. 8. 13.

법원주사보 이 아

## 판     결

| | | |
|---|---|---|
| 사　　　건 | 2024고합54 특정경제범죄가중처벌등에관한법률위반(사기) | |
| 피 고 인 | 방준호 (940626-0000000), IT 개발자 | |
| | 주거　서울 강남구 삼성로 651, 106동 2404호(삼성동, 래미안라클 | |
| | 래시) | |
| | 등록기준지　서울 영등포구 신길동 80 | |
| 검　　　사 | 신의호(기소), 조정연(공판) | |
| 변 호 인 | 법무법인(유한) 광장 담당변호사 박장우, 김영식, 김승환 | |
| | 법무법인 제이엘씨케이 담당변호사 정재훈, 채민성 | |
| | 법무법인 온강 담당변호사 하나 | |
| 판 결 선 고 | 2024. 8. 13. | |

## 주     문

피고인을 징역 10년에 처한다.

## 이     유

### 범 죄 사 실[1]

---

[1] 피고인의 방어권 행사에 실질적인 불이익을 줄 염려가 없는 범위 내에서 공소사실을 일부 수정하여 기재하였다.

2024-0272492615-1RBHF

위변조 방지용 바코드 입니다.




[기초사실]

피고인은 2019년경부터 가상자산을 위탁받아 운용하는 것을 업으로 하여 온 사람으로 가상자산 운용을 목적으로 송준과 함께 비씨디테크 주식회사를 인수하여 2021. 12. 21. 어벤투스 주식회사2)로 상호를 변경한 다음 송준은 투자금을 유치하는 역할을, 피고인은 투자금을 운용하는 역할을 각각 담당하며 공동으로 위 회사를 운영하였다.

피고인은 2019. 5.경 가상자산 예치 및 운용 서비스를 제공하는 플랫폼인 '하루인베스트'의 운영업체 중 하나인 주식회사 블록크래프터스로부터 가상자산을 위탁받아 이를 운용하는 계약을 체결한 이후 2022. 11.경까지 하루인베스트를 운영하는 하루유나이티드(Haru United Ptd., Ltd.) 등과 가상자산 투자운용계약을 수회 연장하거나 변경하여 체결하는 방식으로 하루유나이티드 등으로부터 수탁한 가상자산을 운용하였다.

또한 피고인은 2022. 2.경 송준을 통해 주식회사 트라움인포테크를 소개받아 트라움인포테크가 수탁한 가상자산을 대리 운용하는 서비스를 제공하는 내용의 투자운용계약을 체결하여 2022. 5.경까지 트라움인포테크가 관리하는 가상자산을 대리 운용하였다.

한편, 피고인은 자기 소유의 가상자산과 투자자들로부터 수탁한 가상자산 대부분을 FTX 거래소에 입금하여 운용하였는데, FTX 거래소는 2022. 11. 2.경 가상자산 전문매체가 'FTX 거래소가 자체 발행 코인인 FTT를 담보로 거액을 대출받아 몸집을 키우고 있다.'는 의혹을 제기한 이후 거래소의 재무건전성에 대한 의구심이 증폭되면서 출금요청이 급증하여 2022. 11. 6.경 이미 출금 지연 사태가 발생하고 있었고, 2022. 11. 7.경에는 바이넨스 거래소가 자신이 보유한 FTT 코인의 전량매도를 선언하면서 소위 '뱅

---

이하 판결문 이유 부분에 설시하는 일시는 달리 특정하지 않는 한 한국 표준 시간(KST)을 의미한다.
2) 어벤투스 주식회사는 2018. 9. 3. '비씨디테크 주식회사'라는 상호로 설립되어, 2021. 12. 21. '어벤투스 주식회사'로 상호가 변경되었고, 2022. 7. 22. '주식회사 비엔드에스홀딩스'로 상호가 변경되었다(증거기록 제1권 제16쪽). 이하 주식회사의 상호가 최초로 언급되는 경우를 제외하고는 그 상호에서 '주식회사' 기재를 생략한다.





www.scourt.go.kr
유심확인바코드

크런' 현상이 나타났으며, 2022. 11. 9.경에는 FTX 거래소도 예치된 가상자산을 동결한

다는 내용을 공식 발표하였다.

[구체적 범죄사실]

1. 피해자 하루유나이티드에 대한 범행

피고인은 2022. 11. 7.경 불상의 장소에서 피해자 하루유나이티드의 대표자 이형수에

게 연락하여 '리플(XRP) 코인을 추가로 맡겨주면 시장중립적 운용 방식을 통해 25%의

운용수익률을 달성하겠다. FTX 사태에 대해서도 대비를 하고 있다.'라는 취지로 말하

였다. 피고인은 같은 날 이형수에게 "유선상으로 전달드린대로, FTX FUD[3]에 대비하

기 위해 FTX에 있는 총 자산의 70%를 바이낸스로 옮겼습니다. 이로써 총 자산의 10%

정도가 FTX에서 운용되고 있으며, 만일 FTX에서 지급불능 상황이 벌어지면 제 개인

내부자금으로 해당 부분에 대한 손실을 책임지도록 하겠습니다."라는 내용을 기재한

주간보고서(Weekly report)를 이형수에게 전송하였다. 피고인은 이때부터 2023. 5.경까

지 마치 피해자 하루유나이티드로부터 받은 가상자산을 시장중립적으로 정상 운용하고

있는 것처럼 허위의 운용액과 수익률을 기재한 주간보고서를 정기적으로 이형수에게

작성하여 송부하였다.

그러나 사실 위와 같이 2022. 11. 6.경 이미 FTX 거래소에서 가상자산 출금 지연 사

태가 발생하였고, 피고인이 2022. 11. 7.경 FTX 거래소에 입금하여 둔 가상자산의

70%를 바이낸스 거래소로 옮겨 둔 사실도 없었으며, 이로 인해 피고인이 FTX 거래소

에 입금하여 둔 대량의 가상자산이 동결되어 피고인이 피해자 하루유나이티드로부터

가상자산을 전송받더라도 이를 투자자들의 출금 요청, 수익 지급요청에 대응하는 데

---

3) Fear(공포), Uncertainty(불확실), Doubt(의심)

개인정보유출주의 제출용




사용할 수밖에 없어 투자손실 위험이 적고, 안정적인 수익을 내는 시장중립적 운용 방식으로 운용할 수도 없었다.

그럼에도 피고인은 위와 같이 이형수를 기망하여 2022. 11. 8. 피해자 하루유나이티드로부터 리플(XRP) 5,000,000개를 전송받은 것을 비롯하여 별지 범죄일람표 [1] 기재와 같이 그때부터 2023. 4. 27.까지 원화가치 합계 35,238,820,300원 상당의 가상자산을 전송받았다.

## 2. 피해자 트라움인포테크에 대한 범행

피고인은 기초사실 기재와 같이 FTX 거래소에 예치하여 둔 대부분의 가상자산에 대한 출금이 불가능해지자 피해자 트라움인포테크로부터 대여받은 가상자산을 투자자들의 출금 요청에 대응하는 데 사용하기로 마음먹었다.

피고인은 2022. 11. 8. 피해자 트라움인포테크와 가상자산 대여계약을 체결하였는데, 위 대여계약 체결 이전 피해자 트라움인포테크의 대표자 이상훈에게 '피고인이 소유한 가상자산의 규모가 5,000억 원에 달하며 수천억 원의 투자금을 운용하고 있다. 재정거래를 통해 대여받은 가상자산을 안정적으로 운용하여 월 1.7%의 고정이율로 이자를 지급할 것이고, 운용으로 인한 손실이 나더라도 개인 자산으로 원금을 상환할 것이다.'라는 취지로 말하고, 2022. 11. 9. 이상훈에게 'FTX 거래소 사건 이후 FTX 거래소에 있던 자산 대부분을 타 거래소에 이체하여 큰 타격이 없어 원금을 상환하는 데 문제가 없는 상황이다.'라는 취지로 말하였다.

그러나 사실 피고인 소유의 가상자산과 투자자들로부터 운용을 위탁받은 가상자산 대부분이 FTX 거래소에 묶여 있어 출금이 불가능한 상태였고, 이로 인해 피고인이 피해자 트라움인포테크로부터 대여받은 가상자산을 운용하는 과정에서 손실이 발생하더




라도 피고인 개인 자산으로 피해자 트라움인포테크에 대여 원금을 상환해줄 능력이 없었으며, 피해자 트라움인포테크로부터 가상자산을 전송받더라도 다른 투자자들의 출금요청, 수익 지급요청에 대응하는 데 사용할 수밖에 없어 투자손실 위험이 적고, 안정적인 수익을 내는 시장중립적 운용 방식으로 운용할 수도 없었다.

그럼에도 피고인은 위와 같이 이상훈을 기망하여 이에 속은 피해자 트라움인포테크로부터 2022. 11. 9. 0.01002256개의 비트코인(BTC)을 피고인이 관리하는 송준의 전자지갑 주소로 전송받은 것을 비롯하여 별지 범죄일람표 [2] 기재와 같이 그때부터 2022. 11. 10.까지 원화가치 합계 24,229,351,202원 상당의 가상자산을 전송받았다.

## 증거의 요지

1. 피고인의 일부 법정진술

1. 증인 이형수, 이상훈의 각 법정진술

1. 증인 유상택, 손석우, 민경만, 박정대가 한 각 일부 법정진술

1. 최지웅, 임형철, 김창성에 대한 각 경찰 작성 진술조서

1. -카카오톡 대화내용(어벤투스 지분 관련), -피의자와의 카카오톡 대화내용(시장중립적운용, 알고리즘 트레이딩 논의), -피의자가 보낸 이메일(2023. 1. 19. CSVS 투자금가치), -피의자와의 카카오톡(CSVS 리포트 오전송 해명 부분), -카카오톡 자료(XPR, USDC 추가운용 경위), -이형수와 피고인 간 카카오톡 메시지 일체

1. -2022. 11. 9. 방준호와의 텔레그램 대화, -2022. 12. 30. 방준호와의 텔레그램 내용, -방준호 메신저 내역(시그널 채팅)

1. -문지훈, 유상택, 송준 대화내용, -유상택, 송준, 방준호 대화내용

1. -2023. 6. 7.자 녹취록(이형수, 방준호), -2023. 6. 8.자 녹취록(이형수, 방준호),

개인정보보유출주의 제출자료

-USB(증거목록 순번 56)

1. -녹취록(이상훈-방준호), CD(방준호 통화녹음파일)

1. -방준호 자필 진술서

1. -가상자산 투자운용 계약서(하루-어벤투스), -2022. 11. 10. 가상자산 대여 계약서

1. -투자일임계약서(최지웅-방준호), -투자일임계약서(모자익-방준호), -(압수자료)2021.
   11. 11.자 계약서(임형철-방준호, 10,000,000USDC), -투자일임계약서(임형철-방준호,
   50,000,000USDC), -투자일임계약서(에임드-방준호, 13,465,124SAND), -투자일임계
   약서(게임베리-방준호, 13,465,124SAND), -코인대여계약서(코너스톤-방준호), -투자
   일임계약서(286,198USDT), -투자일임계약서(스푸너스-방준호), -가상자산대여계약서
   (알파논스-송준, 130ETH), -가상자산대여계약서(알파논스-송준, 850,000USDT), -투자
   일임계약서(유상택-방준호, 50BTC), -투자일임계약서(유상택-송준, 280BTC), -계약
   서 현황정리

1. -피의자 방준호가 고소인 하루에게 전송한 리포트(2022. 11. 3.~2023. 5. 29.)

1. 첨부 : 압수자료(FTX 입출금기록(진행 중, xlsx) 출력물 1부, -2022. 11. 이후 바이
   낸스 거래내역(USB)

1. -피의자의 FTX 채권 관련 이메일

1. -어벤투스 주식회사에 대한 가상자산 위탁 및 회수내역, -범죄일람표 및 트렌젝션
   (전송내역), -피의자가 보낸 이메일 캡처자료(지갑주소 관련), -거래내역 조회화면
   및 인출요청 이메일 캡처, -2022. 2. 하루인베스트 반환원금 및 수익금, -2022. 11.
   이후 고소인 하루에 대한 출금 내역

1. -멜리오 API 운용 성과보수 메일, -멜리오 API 운용 수익 정리, -2월 운영 실적 자



개인정보유출주의 제출처:서울남부지방법원 작성일자:2024.08.00.다운로드일자:박○○ 출력일자:2024.08.30 01:44




료, -22년 2월부터 송준과의 이메일, -본 건 거래내역, -비트코인 트랜잭션

1. 등기사항전부증명서(주식회사 비앤드에스홀딩스), -법인등기사항증명서(주식회사 트라움인포테크)

1. -업무협약서(블록크래프터스-마이스터테크놀로지스), -각 가상화폐투자계약서(블록크래프터스-마이스터테크놀로지스)(증거목록 순번 10 내지 16), -증 제11호증(방준호 2022. 2. 28.자 이메일), -증 제12호증(2019. 6. 7. 방준호에 대한 위탁운용 계약서), -증 제13호증(마이스터 트레이딩 실사자료), -증 제14호증(방준호 2020. 8. 3.자 이메일), -증 제15호증(방준호 2021. 6. 8.자 이메일), -증 제16호증(방준호 2021. 12. 13.자 이메일 모음), -증 제17호증(2022. 3. 28.자 이형수-방준호 카카오톡 대화 내용)

1. -관련 정리 한 쇼 출력물, -관련 기사 출력물

1. -증거자료제출서, -증거자료제출서(2), -증거자료제출서(3), -증거자료제출서(4), -증거자료제출서(5), -각 USB(증거목록 순번 166, 168), -USB 1개(증거목록 순번 192), -USB 2개(증거목록 순번 232), -USB(대여자금확인 영상 포함)

1. -엑셀자료 출력물, -송준-방준호 정산 엑셀파일 출력물

1. -FTX 사태 관련 네이버 지식백과 출력물, 첨부: 네이버블로그 글, 첨부: FTX 출금 중단 발표 관련 기사, -FTX 파산에 전세계 가상자산 시장 충격파, 디지털투데이 기사, -FTX 파산설에 암호화폐 시장 들썩, 디지털투데이 기사, -코인판 리먼브라더스 사태된 FTX 파산, 인베스트 조선 기사, -뉴시스 2023. 6. 16.자 인터넷 기사

1. -범죄일람표 환율 수정표, 첨부: 피의자 방준호의 바이낸스 계정(melon1919@naver.com) 거래내역(2022. 3. 1. 이후 통합본), 고소인들 일람표 각 1






부, 캡처파일이 저장된 CD

1. 사진

[증거능력에 관한 판단]

1. 피고인 및 변호인의 주장 요지

피고인이 자필로 작성하여 이상훈에게 준 진술서(증거목록 순번 41, 291, 이하 '이 사건 진술서'라 한다)는 형사소송법 제313조 제1항 단서에서 정한 특신상태가 인정될 수 없으므로 증거능력이 없다.

2. 판단

가. 이 사건 진술서는 2023. 6. 4. 피고인의 자필로 작성된 것으로 서류의 작성자가 동시에 진술자이므로 진정하게 성립된 것으로 인정되어 형사소송법 제313조 제1항 단서에 의하여 그 진술이 특히 신빙할 수 있는 상태 하에서 행하여진 때에는 증거능력이 있고, 이러한 특신상태는 증거능력의 요건에 해당하므로 검사가 그 존재에 대하여 구체적으로 주장·입증하여야 한다(대법원 2001. 9. 4. 선고 2000도1743 판결 참조). 한편 '진술 또는 작성이 특히 신빙할 수 있는 상태 하에서 행하여진 때'라 함은 그 진술내용이나 조서 또는 서류의 작성에 허위개입의 여지가 거의 없고 그 진술내용의 신용성이나 임의성을 담보할 구체적이고 외부적인 정황이 있는 경우를 가리킨다(대법원 2004. 10. 8. 선고 2004도3987 판결 등 참조).

나. 기록에 의하여 인정되는 다음과 같은 사정들, 즉 ① 피고인은 이 사건 진술서 작성 당시 이상훈에게 자신이 발급받은 인감증명서까지 교부한 점, ② 피고인은 이 법정에서 이 사건 진술서는 대체로 사실에 부합하고, 이상훈의 강압·회유·협박 없이 자신의 자유로운 의사에 따라 작성되었다고 진술한 점(피고인신문녹취서 제17, 53쪽) 등에 비

개인정보유출주의 제출자정보산, 제출일자:2024.08.29 08:41, 접수자:박민교, 다운로드일시:2024.08.30 19:24




추어보면, 이 사건 진술서는 특히 신빙할 수 있는 상태 하에서 작성된 것으로 판단된다. 따라서 피고인 및 변호인의 주장은 받아들이지 아니한다.

**법령의 적용**

1. 범죄사실에 대한 해당법조 및 형의 선택

   각 특정경제범죄 가중처벌 등에 관한 법률 제3조 제1항 제1호, 형법 제347조 제1항 (피해자별로 포괄하여, 유기징역형 선택)

1. 경합범 가중

   형법 제37조 전단, 제38조 제1항 제2호, 제50조[죄질이 더 무거운 판시 제1항 특정경제범죄가중처벌등에관한법률위반(사기)죄에 대하여 정한 형에 경합범 가중]

**피고인 및 변호인의 주장에 관한 판단**

**1. 주장의 요지**

가. 피해자 하루유나이티드[4]에 대한 범행 관련

피고인이 이 부분 범행기간 동안 FTX 거래소에 예치된 가상자산 중 70%를 바이낸스로 옮기지 않았음에도 이형수에게 그 가상자산의 운용관계를 허위로 기재한 주간보고서를 송부한 사실은 인정한다. 그러나 피고인은 FTX 거래소를 통한 가상자산의 거래가 금방 재개될 것이라고 믿었는바, 피고인에게 불법이득의사 및 사기의 고의가 있었다고 볼 수 없다. 나아가 피고인은 2022. 11.경부터 2023. 5.경까지 피해자 하루유나이티드의 출금요청에 대응하여 이 사건 피해금액을 초과하는 약 952억 원 상당의 가상자산을 출금해주었으므로, 피해자 하루유나이티드에 재산상 손해가 발생하였다고 볼 수 없다.

---

[4] 하루유나이티드(Haru United Pte., Ltd.)는 2020. 10.경 싱가포르에 설립된 법인으로 하루인베스트 플랫폼에서 다수의 투자자들에게 가상자산 예치 및 운용 서비스(이하 '이 사건 서비스'라 한다)를 제공하였다.

개인정보유출주의 제출연월일, 제출용역지:2024.08.29 08:4위, 출력자: 박근태, 다운로드일시:2024.08.30 17:47




나. 피해자 트라움인포테크에 대한 범행 관련

피고인은 대여금 채권 및 기타 비동결자산이 있었으므로 피해자 트라움인포테크에서 차용한 가상자산을 변제할 능력이 충분하였다. 나아가 피고인이 피해자 트라움인포테크에서 차용한 가상자산을 시장중립적 방식으로 운용하지 않은 채 다른 투자자들에 대한 투자금 반환에 사용한 사실은 있으나, 가상자산을 어떻게 운용하는지는 피고인의 재량에 해당하고, 이 부분 범행 당시 FTX 거래소의 파산이 공식적으로 결정된 것이 아니었으므로 범행 당시를 기준으로 피고인에게 이른바 '돌려막기'를 할 의도가 있었다고 볼 수 없다. 따라서 피고인에게 사기의 고의가 있었다고 볼 수 없다.

## 2. 관련 법리

사기죄의 주관적 구성요건인 편취의 범의는 피고인이 자백하지 아니하는 이상 범행 전후 피고인의 재력, 환경, 범행의 내용, 거래의 이행과정 등과 같은 객관적 사정 등을 종합하여 판단할 수밖에 없다(대법원 1998. 1. 20. 선고 97도2630 판결 등 참조). 한편 범의는 확정적인 고의가 아닌 미필적인 고의로도 충분한바(대법원 1983. 5. 10. 선고 83도340 판결 등 참조), 범죄구성요건의 주관적 요소로서의 미필적 고의는 범죄사실의 발생 가능성에 대한 인식이 있고 나아가 범죄사실이 발생할 위험을 용인하는 내심의 의사가 있어야 하며, 그 행위자가 범죄사실이 발생할 가능성을 용인하고 있었는지의 여부는 행위자의 진술에 의존하지 아니하고 외부에 나타난 행위의 형태와 행위의 상황 등 구체적인 사정을 기초로 하여 일반인이라면 당해 범죄사실이 발생할 가능성을 어떻게 평가할 것인가를 고려하면서 행위자의 입장에서 그 심리상태를 추인하여야 한다(대법원 2009. 9. 10. 선고 2009도5075 판결 등 참조).

## 3. 판단

개인정보유출주의 제출용 법원 제출용 2024.08.00 발급 검증주소: blaw.scourt.go.kr 검증번호: 2024.08.12 야4




## 가. 인정사실

이 법원이 적법하게 채택하여 조사한 증거들에 의하면 다음과 같은 사실이 인정된다.

1) 이 사건 발생 이전 피고인의 가상자산 운용

가) 피고인의 가상자산 운용경력 및 운용방식

(1) 피고인은 2019. 4.경 주식회사 마이스터테크놀로지스를 설립하여 수학적 알고리즘과 통계 기법을 활용한 거래 방식으로 가상자산 운용을 시작하였다. 피고인은 2021. 12.경부터 2022. 3.경까지 이 사건 서비스를 운영하는 국내 법인인 블록크래프터스의 트레이딩 2팀장으로 근무하였고, 2022. 3.경부터는 송준과 함께 운영하던 어벤투스를 통해 가상자산을 투자 또는 대여받아 운용하면서 수익 일부를 수수료 등으로 수취하였다.

(2) 피고인은 마이스터테크놀로지스에서 가상자산의 운용을 시작한 때부터 이 사건 발생 무렵까지 주로 재정거래[5] 방식으로 투자자들의 가상자산을 운용하였다. 피고인은 블록크래프터스에서 퇴사한 이후에는 송준과 함께 투자자들에게 재정거래 방식을 통해 안정적인 수익을 제공한다고 말하여 가상자산 투자를 유치하였다.

나) 피해자 하루유나이티드가 위탁한 가상자산의 운용

(1) 피해자 하루유나이티드는 2019. 5.경부터 2021. 11.경까지 블록크래프터스를 통하여 피고인이 운영하는 마이스터테크놀로지스에 가상자산 운용을 위탁하였고, 2021. 12.경에는 피고인을 블랙크래프터스의 직원으로 채용한 뒤 2022. 2.경까지 피고인에게 가상자산 운용을 위탁하였다.

(2) 피고인은 2022. 3. 초경 피해자 하루유나이티드로부터 위탁받아 운용하던 가상

---

5) 재정거래(Arbitrage Transaction)는 어떤 상품의 가격이 시장 간에 상이할 경우 가격이 싼 시장에서 매수하여 비싼 시장에서 매도함으로써 시세차익을 얻는 거래행위를 말하며, '차익거래' 내지 소위 '아비트리지'라고도 한다.







자산 및 그에 대한 수익을 위 피해자에게 모두 반환한 뒤 2022. 3. 말경 블록크래프터스에서 퇴사하였다.

다) 피해자 트라움인포테크가 위탁한 가상자산의 운용

(1) 피해자 트라움인포테크는 2022. 2.경부터 2022. 5.경까지 주식회사 멜리오로부터 건네받은 API 키[6]를 전달하는 방식으로 피고인에게 약 200억 원 규모의 가상자산 운용을 위탁하였다. 당시 피고인은 재정거래 방식으로 가상자산을 운용하여 약 40억 원의 수익을 올렸다.

(2) 피고인은 2022. 5.경 피해자 트라움인포테크가 위탁한 가상자산의 운용을 중단한 다음 위 피해자로부터 위탁받은 가상자산(원금 및 수익금 포함)을 모두 반환하였다.

2) FTX[7] 사태의 발생

가) 가상자산 전문매체인 코인데스크는 2022. 11. 2. FTX 거래소에 대하여 'FTX가 자체 발행 가상화폐인 FTT[8]를 담보로 거액을 대출받아 몸집을 키웠다.'라는 취지의 재무건전성 의혹을 제기하였다. 그러자 FTX 거래소에 가상자산을 예치한 고객들의 출금 요청이 급증하였고, 2022. 11. 6.경에는 FTX 거래소에서 출금 지연 사태가 발생하였다.[9]

나) 바이낸스 거래소의 창립자인 자오창펑은 2022. 11. 7. 트위터를 통하여 바이낸

---

6) API(Application Programming Interface)는 응용 프로그램 개발자들이 어플리케이션을 만들 때 운영체제에서 동작하는 프로그램을 쉽게 만들 수 있도록 화면 구성이나 프로그램 동작 등에 필요한 각종 함수를 모아 놓은 것을 의미한다. 가상자산 거래에 있어서 투자자가 운용자에게 특정 거래소의 API 키를 발급하여 주면, 운용자는 투자자가 그 거래소에 보유하고 있는 가상자산에 대해 자산조회, 주문조회, 주문접수 등 투자자가 사용을 허용한 기능을 사용할 수 있게 된다.
7) 미국의 샘 뱅크먼 프리드가 2019년 창업한 가상자산 거래소이다.
8) FTT 토큰은 FTX 거래소가 자체 발행한 가상자산이다.
9) 변호인은 2022. 11. 6.경에는 출금 지연 사태가 발생하지 않았다는 취지로 주장하고 있는 것으로 보이나, 증거목록 순번 217 기재에 의하면 2022. 11. 6.경에는 이미 FTX 거래소에서 출금 지연 사태가 발생한 것으로 보이므로, 위 주장은 받아들이지 않는다.

개인정보보유출류의 제출자 이름:자산, 제출일자:2024.06.29 05:47, 출력자:박고텔, 다운로드일시:2024.06.30 11:47




스 거래소가 보유한 FTT 토큰의 전량매도를 선언하였고, 이로 인해 본격적인 '뱅크런'
(대규모 인출 사태)이 시작되었다.[10] 한편, 피고인은 같은 날 15:41경 투자자인 유상
택[11]에게 아래와 같은 내용의 메시지를 전송하였다(증거기록 제5권 제2206, 2207쪽).

---

- 다만 현재 여론은, 굳이 FTX를 이용할 이유가 없다는 식으로 포장되어 FTX에서 급하게 자
산을 출금하는 사람들이 많아지고 있습니다. (중략) 혹시 몰라 사태가 일단락되기 전까지
는 자산을 다른 거래소에 옮겨두는 것이 좋을 수 있다는 말에도 일견 동의합니다. 그리하
여 현재 FTX에 있는 자산의 70%가량을 바이낸스로 이동시키고, 30%는 남겨두어 운용을 하
는 것으로 하고, 만약 FTX에 남겨둔 금액이 FTX 거래소 자체의 구조적 결함으로 장기간
출금이 안 되거나, 반환이 안 되는 최악의 상황이 된다면, 해당 부분은 저희 내부자금으로
처리하여 투자자분들의 자산에는 손실이 없도록 진행하고자 합니다. 이에 대해 투자자분
들의 의견이 궁금합니다. 현재 기준 FTX에는 전체 자금의 35%가량이 분배되어 있는 상황
이기 때문에 30%를 남겨둔다면 FTX에 남겨지는 자산은 전체의 약 10%가량이 됩니다. 내
부자금이 전체 운용자금의 60% 정도인 상황이기 때문에, 최악의 경우에 내부자금으로 충
분히 처리가 가능합니다.

---

다) FTX 거래소는 2022. 11. 9. 자신의 거래소에 입금된 모든 가상자산의 출금을

중단한다는 내용을 공식적으로 발표하였다. 한편, 바이낸스 거래소는 2022. 11. 9. FTX

거래소에 대한 인수 의향을 밝혔으나, 2022. 11. 10. 그 인수 의사를 철회하였다.

라) FTX 거래소는 2022. 11. 12. 미국 델라웨어주 법원에 미국 연방파산법 제11조

에 따른 파산(챕터 11[12])을 신청하였다.

마) FTX 거래소에 동결된 피고인의 가상자산(피고인이 개인적으로 보유한 가상자

산 및 위탁받은 가상자산 포함)은 2023. 6.경을 기준으로 약 1억 6,500만 달러에 달한

---

10) 변호인은 바이낸스 거래소가 자신들이 보유하고 있는 FTT 토큰의 전량매도를 선언한 시점은 2022. 11. 8.
04:05경이라고 주장하나, 기록에 의하면 자오창펑이 2022. 11. 7. 06:49경 FTT 토큰의 전량 매도를 선언한 사
실이 인정되므로(증거기록 제9권 제3385쪽, 제10권 제3871쪽), 변호인의 위 주장은 받아들이지 아니한다.

11) 유상택은 2022. 2. 14. 및 2022. 3. 3. 피고인에게 합계 250개의 비트코인을 투자하였다가, 2022. 6. 6.경 274개
의 비트코인을 원금 및 수익금 명목으로 반환받았고, 2022. 6. 23. 피고인에게 280개의 비트코인을 투자한 뒤
2023. 1. 30.까지 수회에 걸쳐 약 290개의 비트코인을 원금 및 수익금 명목으로 반환받았다.

12) 챕터 11 파산신청은 파산법원의 감독 아래 구조조정을 실시해 회생을 시도하는 절차이다.

개인정보유출주의 제출자:이광선, 제출일시:2024.08.23 08:44, 출력자:박소미, 다운로드일시:2024.09.30 17:47

www.scourt.go.kr
문서확인번호

다(증거기록 제10권 제4041, 4046쪽).

3) 피해자 하루유나이티드와의 가상자산 투자운용계약의 체결 등

가) 이형수는 2022. 3. 21. 피고인에게 자금 운용 관련 이야기를 나누자고 요청한 후 2022. 3. 25. "지난번에 이야기 드린 정도의 운용을 부탁드려도 괜찮을런지요?"라는 카카오톡 메시지를 보내는 등 피고인과 가상자산 운용 위탁에 대해 논의를 하였다. 그 결과 피해자 하루유나이티드는 2022. 3. 29. 피고인이 송준과 공동으로 운영하는 어벤투스에 비트코인(BTC) 5,000개, 이더리움(ETH) 30,000개, 테더(USDT) 10,000,000개 등 약 4,000억 원 상당의 가상자산 운용을 위탁하기로 하는 내용의 계약(이하 '이 사건 투자운용계약'이라 한다)을 체결하였고, 이후 위 투자운용계약을 연장하는 방식으로 피고인에게 가상자산의 운용을 계속하여 위탁하였다.

나) 이 사건 투자운용계약의 주요 내용은 다음과 같다.

**가상자산 투자운용계약서**

(증거목록 순번 17)

가상자산투자자 Haru United Pte., Ltd(이하 "갑"이라 칭한다)와 가상자산유치자 어벤투스 주식회사(이하 "을"이라 칭한다)는 상호간에 자금의 투자와 운용, 이익의 분배에 관련한 계약을 다음과 같이 체결한다.

**제1조 [목적]**

본 계약은 "을"이 운용하는 기금에 대한 투자참여 목적으로서 "갑"이 가상자산을 투자하고, 투자한 가상자산의 운용 및 회수와 관련한 내용을 규율함을 목적으로 한다.

**제2조 [투자금, 투자기간]**

1. 본 계약상 "갑"이 "을"에게 투자하는 가상자산의 종류와 수량은 비트코인(BTC) 오천

개인정보유출주의 제출자아닐지, 제출일자:2024.08.29 08:44, 출력자:박근민, 다운로드일시:2024.08.30 17:47
www.scourt.go.kr




(5,000)개, 이더리움(ETH) 삼만(30,000)개, 테더(USDT) 일천만(10,000,000)개(이하 "투자금"이라 한다)로 한다.

2. "갑"은 "을"에게 2022년 3월 29일(이하 "투자시점"이라 한다), "을"이 별도로 지정한 계좌를 통해 투자금을 송금하기로 한다.

3. "을"은 투자금의 원금에 대해 상환을 보장하지 아니한다.

4. 본 투자의 투자기간은 2022년 3월 29일부터 2022년 4월 30일 오전(한국시간 기준)까지로 한다.

5. 단, "갑"은 "을"에게 투자기간 연장을 요청할 수 있고, 이를 "을"이 수락하면 투자기간은 연장된다.


**제6조 [보고 및 감사 사항]**

1. "을"은 매주 "갑"의 투자금에 대하여, 매주 월요일 중 보고시점 기준의 평가금액을 "갑"에게 보고하여야 하며, 허위보고, 누락, 과대(과소)보고 등의 신의칙에 반하는 행위를 하여서는 아니 된다.

2. "갑"은 필요한 경우 "을"에게 조사 및 자료제출을 요구할 수 있다. 단 이러한 경우 가능한 한 "을"의 영업에 지장을 주지 아니하도록 배려하여야 한다.

3. "을"은 기금운용 및 사업운영 상에 중요한 결정이 있을 때 "갑"에게 보고한다.

4. 개인, 법인 또는 기관이 "을"의 운용기금에 가상자산을 투자하여 유동성공급자(Liquidity Provider)로 참여할 경우 "을"은 이를 "갑"에게 사전 고지하고 "갑"의 동의를 거쳐야 한다. 단, 개인의 경우 투자액이 10억 이상의 경우에만 본 4조의 고지 및 동의 절차를 적용하기로 한다.

5. "갑"은 월 1회 "을"을 방문하여 "을"의 투자금 운용 상황을 모니터링하고 투자금의 운용과 관련한 세부사항에 대한 확인을 요청할 수 있으며 "을"은 이러한 요청이 있을 경우 "갑"에게 협력해야 한다. (후략)

6. "을"은 제2조에 명시된 투자기간 동안 "갑"의 누적 투자금 총액 이상의 가상자산을 지속적으로 운용하고 있음을 증빙해야 하며 이는 "을"의 명의로 사용 중인 거래소의 거래 현황이 스크린 캡처된 파일 또는 거래 내역 파일을 "갑"이 지정한 이메일에 월 1회 제출하는 것으로 해당 증빙을 이행한다.



개인정보유출주의 제출자:이상훈, 채출일자:2023.08.29 08:44, 출력자:박근탁, 다운로드일시:2023.08.30 이지





---

**제7조 [입출금]**

1. "갑"은 시기에 상관없이 "을"에게 투자금의 입금과 출금을 요청할 수 있다.

2. "갑"이 당일 21:00 이전에 요청한 출금에 대해 "을"은 익일 10:00까지 출금에 응해야 하며, 당일 21:00 이후에 요청한 출금에 대해서는 익익일 10:00까지 출금에 응해야 한다.

(후략)

---

다) 피해자 하루유나이티드는 이 사건 투자운용계약에 따라 2022. 11. 8. 02:41경부터 2023. 4. 27. 10:22경까지 피고인에게 별지 범죄일람표 [1] 기재와 같이 가상자산을 전송하였다.

4) 피해자 트라움인포테크와의 가상자산 대여계약의 체결 등

가) 이상훈은 2022. 5.~6.경부터 피고인 및 송준과 함께 가상자산 대여 여부에 대해 논의하였다. 피고인은 그 논의 과정에서 이상훈에게 "재정거래를 통해 대여받은 가상자산을 안정적으로 운용하고, 월 1.7%의 고정이율로 이자를 지급할 것이며, 손실이 나더라도 개인 자산으로 원금을 상환하겠다."라고 말하였다. 이후 피해자 트라움인포테크는 2022. 11. 8. 델리오부터 차용한 가상자산을 가상자산별 이율 월 1.75%로 정하여 송준에게 대여하는 내용의 계약(이하 '이 사건 대여계약'이라 한다)을 체결하였고, 2022. 11. 9. 23:09경부터 같은 해 11. 10. 14:20경까지 피고인에게 별지 범죄일람표 [2] 기재와 같이 가상자산을 전송하였다.

나) 한편, 피고인은 2022. 11. 9. 04:07경 이상훈에게 "저희 본 계정 운영 같은 경우에는 FTX 사건 발생 이후 대부분의 FTX에 있던 자산을 타 거래소로 이체하여 큰 타격이 없는 상황입니다."라는 내용의 텔레그램 메시지를 보냈다(증거기록 제12권 제34쪽).[13]

개인정보보유출주의 제출자:이철준, 체출일시:2024.08.29 08:44, 출력자:박건욱, 다운로드일시:2024.08.30 17:47





다) 이 사건 대여계약의 주요 내용은 다음과 같다.

---

**가상자산 대여계약서**

(증거목록 순번 293)

주식회사 트라움인포테크(이하 "대여인")와 송준(이하 "차용인")은 아래와 같이 가상자산 대여계약을 체결한다.

**제1조 대여계약의 조건**

① 대여원금("대여원금"이란, 가상자산별 대여된 수량을 말한다.)

| 가상자산 | 비트코인(BTC) | 이더리움(ETH) | 리플(XRP) |
|---|---|---|---|
| 대여원금(수량) | 450 | 2,800 | 16,000,000 |

② 대여 시작일 : 2022. 11. 9.(수)

③ 대여원금 납입일 : 2022. 11. 9.(수)

④ 대여 변제기일 : 2023. 11. 8.(수)

**제3조 이자 및 이자의 지급**

(전략)

② 가상자산별 월 이율

| 구분 | 비트코인(BTC) | 이더리움(ETH) | 리플(XRP) |
|---|---|---|---|
| 월 이율 | 1.75% | 1.75% | 1.75% |

(후략)

**제4조 대여인의 요청에 의한 중도상환**

① 대여인은 대여 시작일 이후 가상자산별 전부 혹은 일부에 대한 중도상환을 각각 청구할 수 있다. (후략)

② 차용인은 중도상환의 청구가 있을 때 요청한 중도상환수량을 해당 차수 이자지급일에 이자와 함께 지급한다.

---

13) 피고인이 피해자 트라움인포테크로부터 이 사건 대여계약에 따라 처음으로 가상자산을 전송받은 2022. 11. 9. 23:09 이전의 텔레그램 메시지이다.



위변조 방지용 바코드 입니다.

개인정보유출주의 제출자:이상훈, 제출일시:2024.08.29 08:44, 출력자:박소연, 다운로드일시:2024.08.30 17:47




---

(후략)

**제6조 변제기일, 변제방법, 송금수수료**

① 차용인은 2023. 11. 8.(수)까지 위 대여원금 전액 및 이에 대한 이자를 대여인에게 반환하여 변제 의무를 이행한다. (후략)

**제8조 연대보증인**

① 차용인은 채무의 변제를 연대보증하기 위하여 차용인의 동업인 '방준호'가 상기 계약의 연대보증인으로 입보한다.

② 연대보증인은 제4조 해당 시 차용인과 동일한 연대책임자로 대여원금과 미납이자를 즉시 대여인에게 전액상환 해야 하는 연대책임을 진다.

---

라) 이상훈은 2023. 4. 28.경 피해 사실을 인지하고 난 다음 피고인에게 이 사건 대여계약상 원금 및 수익금 변제의무에 대해 연대보증을 해줄 것을 요구하였다. 이에 이 사건 대여계약서 제8조에 피고인이 송준의 대여금 반환 채무에 대해 연대보증인으로 입보한다는 내용이 추가되었고, 피고인은 위 대여계약서에 연대보증인으로서 날인하였다.

5) 이 사건 투자운용계약 및 대여계약 체결 이후 피고인의 가상자산 운용

가) 피고인은 2022. 11. 7.부터 2023. 5. 29.까지 이형수에게 운용현황, 가상자산별 수익률과 수수료, 펀드매니저 코멘트 등을 허위로 기재한 주간보고서를 송부하였다. 위와 같은 주간보고서의 운용현황 란에는 'Absolute Return Fund'라고 기재되어 있고, 펀드매니저 코멘트 란에는 아래와 같은 내용이 기재되어 있다(증거목록 순번 202).

---

▶ **2021. 11. 7.자 주간보고서** (증거기록 제7권 제2997쪽)
- 유선상으로 전달드린대로, FTX FUD에 대비하기 위해 FTX에 있는 총 자산의 70%를 바이낸스로 옮겼습니다. 이로써 총 자산의 10% 정도가 FTX에서 운용되고 있으며, 만일 FTX에서 지급불능 상황이 벌어지면 제 개인 내부자금으로 해당 부분에 대한 손실을 책임지도

---

개인정보보호를 위하여 제출자 이름란, 제출일자, 결재자, 다운로드일시 관련 정보 마스킹





록 하겠습니다.

▶ **2022. 11. 11.자 주간보고서** (증거기록 제7권 제2979쪽)

- FTX에 잔여된 예치자산에 대한 손실처리를 진행하였으며, 총 운용자금 중 운용자의 내부 개인자금에서 손실처리를 하였습니다. 다만 거래소간 차익거래를 진행함에 있어서 NET으로는 이득이었지만, 수익이 FTX에 쌓이는 거래기회가 많았기 때문에, FTX 잔여자산을 손실처리 함에 따라, 타 거래소에서 소폭 손실이 발생하였습니다. 혼란스러운 시장상황에서 리스크 관리를 제1순위로 두고 운용하도록 하겠습니다.

▶ **2022. 12. 5.자 주간보고서** (증거기록 제7권 제2993쪽)

- 다행히 변동성 및 펀딩피 등으로 인해 수익이 낮지 않은 상황입니다.

▶ **2023. 1. 16.자 주간보고서** (증거기록 제7권 제2996쪽)

- 변동성이 높아서 비교적 수익이 높습니다.

▶ **2023. 2. 13.자 주간보고서** (증거기록 제7권 제3004쪽)

- 약간의 조정이 있었던 분기였습니다. 특히 알트코인과 이더리움에서의 조정이 컸고, 아직까지 변동은 나오지 않은 상황입니다. 개인적으로는 큰 변동을 통해 아비트라지 기회가 많았으면 좋겠다는 바람이지만, 수익을 낼 수 있도록 노력하겠습니다.

▶ **2023. 4. 10.자 주간보고서** (증거기록 제7권 제3021쪽)

- Basis Trading 전략에서 이익이 났고, 변동성이 좋아져서 수익이 개선되었습니다.

나) 피해자 트라움인포테크가 별지 범죄일람표 [2] 기재와 같이 가상자산을 전송한 이후, 이상훈은 매달 피고인에게 그 가상자산의 변동사항에 대하여 확인시켜줄 것을 요청하였다. 피고인은 2022. 12.경부터 이상훈과 실시간 영상통화 및 줌(ZOOM) 미팅을 통해 거래소 가상자산의 내역이 조작된 화면을 보여주면서 '원금에 문제가 없다.'고 말하였다.

다) 피고인은 피해자들로부터 별지 범죄일람표 [1], [2] 기재와 같은 가상자산(이하 이를 통틀어 '이 사건 가상자산'이라 한다)을 전송받은 다음, 그 가상자산 중 일부를 다른 투자자들에게 원금 및 수익금을 반환하는 데 사용하거나, 개인적인 채무를 변제하는 데 사용하는 등 이른바 '돌려막기' 방식으로 가상자산을 운용하였다.

위변조 방지용 바코드 입니다.

개인정보유출주의 제출자:이정근, 제출일자:2024.08.23 09:47, 출력자:박소민, 다운로드일시:2024.08.30 17:47





6) 피해자들의 피해인지 경위

가) 이형수는 2023. 4. 25.경 피고인에게 비트코인 120개의 출금을 요청하였는데, 그 무렵부터 피고인의 출금이 지연되었다. 이후 피고인은 2023. 6. 5. 자신의 사무실에서 이형수에게 그동안 주간보고서의 내용을 허위로 기재하여 송부하였고, FTX 사태로 인해 대부분의 가상자산이 FTX 거래소에 동결되었으며, 피해자 하루유나이티드로부터 위탁받은 가상자산을 다른 투자자들에 대한 원금과 수익금을 지급하는 데 사용한 사실을 알렸다.

나) 이상훈은 2023. 4. 28. 송준으로부터 잔고 내역이 이상한 것 같다는 연락을 받은 뒤 피고인 및 송준과 만나기로 하였다. 피고인은 이상훈을 만나기 전 송준에게 "일단 문제없다고 말씀드렸습니다. 좀 이따가 확인 같이 하실 거 같아요. 바이낸스 빼고 오이비 거래소 확인하시게 될 것 같습니다. 프로그램 쓸게요. 어쩔 수 없네요."라는 내용의 메시지를 보냈다. 이후 피고인은 자신의 집에서 이상훈에게 조작된 가상자산 잔액이 표시된 거래소 화면을 보여주었다. 그런데 이상훈은 피고인이 보여준 출금가능금액과 잔액 내역이 상이하자 피고인을 추궁하였고, 이에 피고인은 대부분의 가상자산이 FTX 거래소에 동결되었음에도 FTX 사태로 인한 손실이 없었다고 말한 사실, 재정거래가 아닌 돌려막기 방식으로 가상자산을 운용한 사실, 조작한 가상자산 내역을 보여준 사실 등을 인정하였다.

**나. 구체적 판단**

위 인정사실에다가 위 증거들에 의하여 인정되는 다음과 같은 사실 내지 사정들을 보태어 앞서 든 법리에 비추어보면, 피고인은 피해자들로부터 이 사건 가상자산을 전송받을 당시 FTX 거래소에 대부분의 가상자산이 사실상 동결된 관계로 이 사건 가상

개인정보보유출주의 제출여일시:2024.08.09.09.01:45, 체출여일시:2024.08.29.06:44, 접수자:박고객, 다운로드일시:2024.09.06 17:47



www.scourt.go.kr


자산을 시장중립적 방식으로 운용할 수 없다는 점 및 자신이 개인적으로 보유하던 가
상자산의 대부분이 FTX 거래소에 동결되거나 FTX 사태 이전에 일부 손실이 발생함으
로써 개인자산으로는 피해자들에게 약속한 원금 및 수익금을 지급할 수 없다는 점을
알았던 것으로 보인다. 그럼에도 불구하고 피고인은 피해자들에게 FTX 거래소에 입금
하여 둔 대부분의 가상자산을 다른 거래소로 옮겨두었고, 시장중립적 방식으로 안정적
인 수익을 낼 수 있다거나 자신의 개인자산으로 FTX 거래소에서 발생한 손실을 보전
해주거나 원금을 상환해줄 수 있을 것처럼 적극적으로 허위의 사실을 고지하여 이 사
건 가상자산을 전송받았다. 따라서 피고인 및 변호인의 주장은 모두 받아들이지 않는
다.

　1) 이 사건 범행 당시 피고인의 적극적인 허위사실 고지

　가) FTX 거래소에 예치된 가상자산의 이전 여부

　　피고인은 이 사건 가상자산을 전송받을 무렵 FTX 거래소에 예치된 가상자산을 사
실상 출금할 수 없는 상태였다(피해자 트라움인포테크로부터 가상자산을 전송받은
2022. 11. 9. 및 11. 10.에는 이미 FTX 거래소가 자신의 거래소에 입금된 가상자산을
동결한다는 내용을 공식적으로 발표한 후였고, 피해자 하루유나이티드로부터 가상자산
을 전송받은 2022. 11. 8.부터 2023. 4. 27.까지는 FTX 거래소에서 출금 지연 사태가
발생하기 시작한 뒤 FTX 거래소가 미국 델라웨어주 법원에 파산신청을 하여 파산절차
가 진행 중인 상태였다). 그럼에도 피고인은 이 사건 가상자산을 전송받을 당시 피해자
들에게 마치 FTX 거래소에 예치된 가상자산의 대부분을 다른 거래소로 옮긴 것처럼
적극적으로 허위의 사실을 고지하였다. 이처럼 피고인이 피해자들에게 허위 고지한 내
용은 피해자들 입장에서 피고인에게 가상자산을 대여하거나 운용을 맡길 것인지를 결

개인정보보호를 위하여 제출자 이름은, 채증날짜:2024.08.29 00:44, 출력자:박근영, 다운로드날짜:2024.08.29 17:47





정하게 하는 중요한 요소에 해당하므로, 그로 인해 착오에 빠진 피해자들로부터 가상
자산을 전송받는다면, 이러한 행위는 피해자들을 기망하여 대여나 위탁 운용 명목으로
가상자산을 편취하는 것으로서 사기죄를 구성함은 분명하다.

① 피고인은 피해자들로부터 이 사건 가상자산을 전송받은 시점을 전후로 하여 ㉮
여러 거래소 사이 또는 동일 거래소 내에서의 현물 내지 선물 가격에 차이가 있는 경
우 이를 이용하여 수익을 올리는 전략, ㉯ 가상자산 선물 거래 과정에서 펀딩피14)를
이용하여 수익을 올리는 전략, ㉰ 가상자산 선물 시장에서 캘린더 스프레드15) 구조를
이용하여 만기와 가격 차이를 활용해서 수익을 올리거나, 기한이 존재하는 선물과 현
물의 가격 차이를 이용하여 수익을 올리는 소위 베이시스 전략16), ㉱ 국내 거래소의
가상자산이 해외 거래소에 비해 비싼 점을 이용하여 양 거래소 간의 가격 차이를 통해
수익을 올리는 전략17) 등을 수립하고(이러한 전략은 시장중립적 운용 방식에 해당한
다), 그 전략을 실행할 수 있는 알고리즘을 개발하였다. 피고인은 베이시스 전략은 빗
썸, 비트멕스, FTX에서, 펀딩피 전략의 경우 비트멕스와 FTX에서, 한국 프리미엄 차익
거래는 빗썸, 업비트, 바이낸스, 비트멕스에서 각 사용하는 등 거래소별로 운용 전략을
달리 사용하였다(증거기록 제6권 제2312쪽). 따라서 피고인에게 가상자산 운용을 위탁

---

14) 가상시장 선물 거래에서는 만기일이 정해지지 않은 무기한 선물이 존재하고, 이러한 경우 선물과 현물 가격 사이
의 불균형이 발생하게 될 가능성이 높은데, 거래소에서는 현물과 선물 가격의 차이를 좁히기 위해 펀딩피
(Funding Fee)를 사용한다. 펀딩피 전략은 펀딩피가 높은 거래소에서 특정 가상자산에 대한 숏 포지션을 구축
하고, 펀딩피가 낮은 거래소에서 같은 수량의 가상자산에 대한 롱 포지션을 구축하여 특정 가상자산의 변동성
과 관계없이 각 거래소간의 펀딩피 차이에 상응하는 수익을 올리는 전략이다(증거기록 제6권 제2631쪽).

15) 캘린더 스프레드는 동일 행사가격의 만기가 다른 2가지의 옵션을 이용한 전략으로 시장이 예측한 범위 내에서
움직일 경우 이익이 발생하는 구조를 갖는다(증인 이형주에 대한 증인신문녹취서 제9쪽).

16) 베이시스란 선물과 현물의 가격 차이를 의미하는 것으로, 베이시스 전략에서 기한이 존재하는 선물의 경우 만
기 시에 선물과 현물의 가격이 같아져 베이시스가 0으로 수렴하는 것을 이용한다. 베이시스 전략이란 베이시
스(선물가격-현물가격)가 높아지거나 낮아짐에 따라 선물에 대해 숏 포지션 또는 롱 포지션을 취하여 시장의
변동성과 관계없이 수익을 올리는 구조이다(증거기록 제6권 제2628, 2629쪽).

17) 일반적으로 동일한 가상자산에 대하여 해외 거래소보다 국내 거래소에서 유통되는 가격이 더 높고, 이러한 가
격 차이를 이른바 '한국 프리미엄' 또는 '김치 프리미엄'이라고 한다(증거기록 제6권 제2629, 2630쪽).

위변조 방지장치 되어 있습니다.

개인정보유출출주의 제출용출로, 채출일자:2024.08.29 08:44, 출력자:박고대, 다운로드일시:2024.08.30 17:47





한 피해자들 입장에서, 피고인이 위탁받은 자산을 어느 거래소에서 얼마만큼의 수량으로 거래하고 있는지는 매우 중요한 요소로 고려될 수밖에 없었다.

② 이상훈은 이 법정에서 'FTX 거래소에 가상자산의 대부분이 동결되어 있는 것을 알았다면 피고인에게 가상자산을 절대 대여하지 않았을 것이다.'라는 취지로 진술하였다(증인 이상훈에 대한 2024. 4. 26.자 증인신문녹취서 제36, 37쪽).

③ 이형수는 검찰 조사에서 '진술인은 피고인이 운용하던 FTX 거래소 내의 가상자산이 타 거래소로 옮겨지지 않았다는 사실을 알았더라도 본 건 리플 코인(별지 범죄일람표 [1] 순번 1 기재 가상자산을 의미한다)을 피고인에게 추가 투자하였겠는가요.'라는 질문을 받자 "절대 아닙니다. 가상자산이 옮겨지지 않은 상태라면 추가로 투자하는 투자금에도 문제가 생길 것이 뻔하고, 시장중립적 운용도 불가능하기 때문입니다."라고 진술하였다(증거기록 제11권 제4418쪽).

④ 피고인은 2022. 11. 7.경 전체 가상자산(개인적으로 보유한 가상자산 및 위탁받은 가상자산 포함) 중 90~95%를 FTX 거래소에서 운용하고 있었다. 그럼에도 피고인은 같은 날 피해자 하루유나이티드를 비롯한 투자자들에게 전체 가상자산 중 약 35%만 FTX 거래소에서 운용하고 있었던 것처럼 거짓말을 하였다.

⑤ 피고인이 운용하던 가상자산의 대부분은 2022. 11. 초경부터 FTX 거래소에 동결된 상태였다. 게다가 피고인은 피해자 하루유나이티드를 비롯한 투자자들의 출금 요청에 따라 기존에 투자받은 가상자산을 수시로 인출해주었어야 했다(피고인은 이 사건 투자운용계약 제7조 제1항에 따라 피해자 하루유나이티드가 투자금의 출금을 요청할 시 이에 응하였어야 했고, 다수의 투자자들과의 사이에 투자자들의 상시 출금 요청이 있을 시 피고인이 반드시 출금해주는 것을 조건으로 투자일임계약을 체결하였다). FTX