개인정보유출주의 제출용 서류입니다. 제출일자: 2025.08.XX, 열람자: 박XX, 다운로드일자: 2025.08.XX 07:XX





거래소는 피고인이 시장중립적 방식을 사용하여 수익을 발생시키는 주요 거래소 중 하나였고, 피고인은 FTX 사태가 발생한 이후 투자자들에게 "FTX가 거래소의 기능을 상실함에 따라서 이전보다는 수익률이 낮아질 것으로 예상된다."는 내용을 공지하기도 했다(증거기록 제5권 제2210쪽). 이러한 점을 종합하면, 피고인은 FTX 거래소에 동결된 가상자산을 제외한 나머지 자산[18]만으로는 피해자들을 비롯한 투자자들에게 약속한 대로 원금 및 수익금을 지급하기 어려웠을 것으로 보인다(실제로 피고인은 피해자들로부터 전송받은 이 사건 가상자산 중 일부를 다른 투자자들에 대한 투자원금 및 수익금을 지급하는 데 사용하였다).

⑥ 피고인은 2019년경부터 다수의 투자자들로부터 가상자산을 위탁받아 운용하여 온 경력이 있었고, 이 사건 가상자산을 전송받기 전에 개인적으로 보유한 가상자산 규모가 수천억 원에 이르렀다. 피고인은 투자자들에게 FTX 사태로 인해 수익률이 낮아질 것이 예상된다는 내용의 글을 전송하였으므로, FTX 사태가 자신의 가상자산 운용에 미칠 파급력을 충분히 인지하고 있었던 것으로 보인다. 여기에 피고인이 이형수에게 송부한 주간보고서의 내용을 더하여 보면, 피고인은 이 사건 가상자산을 전송받을 당시 FTX 거래소에 동결된 가상자산을 제외한 나머지 가상자산을 시장중립적 방식으로 운용하는 것만으로는 피해자들을 비롯한 투자자들에게 약속한 원금 및 수익금을 지급하기 어렵다는 점을 충분히 예상하였다고 봄이 타당하다[피고인은 이 법정에서 '1~2달 정도 버티면 FTX 거래소에서의 거래가 재개되어 기존의 방식대로 투자자들에게 원금 및 수익금을 지급할 수 있게 될 것으로 생각했다.'는 취지로 진술하였는데(피고인신문녹취서 제55쪽), 이는 달리 말하면 FTX 사태 발생 시점으로부터 1~2달 뒤에 FTX

---

[18] 피고인이 운용하던 전체 가상자산 중 약 5-10%에 불과하였다.



개인정보보호를주의 제출자여성인, 제출일자:2024.08.23 08:47, 출력자:박포인, 다운로드일자:2024.09.30 07:47





거래소에서의 거래가 재개되지 않는 이상 기존의 투자자들에게 원금 및 수익금을 지급할 수 없게 된다는 점을 피고인이 인식하였다는 것이 된다].

나) 피고인이 보유한 가상자산 규모

이형수와 이상훈은 피고인에게 이 사건 가상자산을 전송하기 전 피고인의 컴퓨터에서 수천억 원 상당의 가상자산이 표시된 거래소 화면을 확인하였다. 피고인에게 가상자산을 대여한 이유에 대해 이 법정에서, 이상훈은 "피고인이 가지고 있던 가상자산이 대여해준 가상자산의 10~20배가 넘었던 점을 감안해서 이 사건 대여계약서에 날인이 되지 않은 상태에서 피고인에게 가상자산을 전송하였다."라고 진술하였고(증인 이상훈에 대한 2024. 4. 26.자 증인신문녹취서 제20쪽), 이형수는 "피고인은 특별한 문제가 생겨도 개인 자산이 4,000억 원이면 충분히 메울 수 있다고 이야기했다. 그렇기 때문에 피고인의 자산이 의미가 있었다."라고 진술하였다(증인 이형수에 대한 증인신문녹취서 제35쪽). 즉 피고인이 개인적으로 보유한 가상자산의 규모는 피해자들 입장에서 이 사건 투자운용계약 및 이 사건 대여계약을 체결하게 된 중요한 동기가 된 것으로 보인다.

그런데 피고인은 FTX 사태가 발생하기 전에 개인적으로 보유하고 있던 가상자산을 투기적 방식[19]으로 운용함으로써 일부 손실이 발생하였던 것으로 보이고,[20] 2022년 초경과 비교하면 FTX 사태 발생 무렵에는 가상자산 시장에서 대부분의 가상자산 가격이 하락하여 피고인이 보유하던 가상자산의 가치가 낮아졌으며, FTX 사태가 발생함으

---

[19] 시장중립적 방식과 대비되는 개념으로, 일반적인 방법으로 가상자산을 매수, 매도하는 방식('Principal trading', '방향성 거래'라고도 한다)을 의미한다.

[20] 이형수와 피고인 사이의 2023. 6. 7.자 녹취록(증거목록 순번 54)에 의하면, 이형수가 FTX 사태가 발생하기 전 피고인의 개인자산이 4,000억 원이 있었다는 점을 언급하면서 그 개인자금은 어떻게 되었냐는 취지로 질문하자, 피고인은 "그때 없었고요.", "저 혼자 그 자금 날렸었지요"라고 대답하는 모습 및 이에 이형수가 "대표님 자산 어쩌다가 4,000억을 다 날렸어요? 그럴 수가 있나요?"라고 묻자, 피고인은 "잘못된 트레이딩을 했었지요."라고 대답하는 모습이 확인된다.

개인정보보유흘주의 제출자허형단, 제출일자:2024.08.29 06:49, 필적자:박도나, 다운로드일자:2024.05.30 07:47





로써 당시 개인적으로 보유하던 가상자산 중 약 90~95%가량이 FTX 거래소에 동결되

었다. 따라서 피고인은 위와 같이 FTX 거래소에 동결된 가상자산 외에 개인적으로 보

유한 나머지 가상자산만으로는 피해자들의 손실을 보전해주거나 원금을 상환해주기 어

려웠고, 자신이 개인적으로 보유한 가상자산의 현황에 대해 누구보다 잘 알고 있던 피

고인으로서는 위와 같은 결과를 충분히 예상하였을 것으로 보인다. 그럼에도 피고인은

이형수에게 'FTX에서 지급불능 상황이 벌어지면 개인 자산으로 손실을 책임지겠다.'고

말하고, 이상훈에게는 '손실이 나더라도 개인 자산으로 원금을 상환하겠다.'고 말하였

다.

　이에 대하여 피고인은 이 사건 가상자산을 전송받을 당시 송준에 대하여 대여금

채권 등을 보유하고 있었고, 기타 비동결자산이 있었으므로 변제능력이 충분하였다고

주장한다. 그러나 ① 피고인은 2023. 6. 7. 이형수와의 대화 과정에서 'FTX 사태가 발

생하기 전에 무리한 투자로 인해 개인자산 4,000억 원에 전액 손실이 발생하였다.'는

취지로 말한 점, ② 피고인은 이 사건 가상자산을 전송받은 뒤 이를 다른 투자자들에

대한 원금 및 수익금을 지급하는 데 사용한 점, ③ 피고인이 송준에 대하여 대여금 채

권을 보유하였는지 여부 및 그 채권의 규모를 알 수 있는 아무런 자료가 제출되지 않

은 점, ④ 피고인은 2023. 4. 말경부터 이상훈과 함께 원금 상환 방법에 대해 논의한

후 피해자 트라움인포테크에 5억 원의 임대차보증금반환채권을 양도하고, 자신이 보유

한 주식에 대하여 담보를 설정[21]해주었으나, 이러한 노력에도 불구하고 피해자 트라움

인포테크에 원금을 상환하지 못한 점, ⑤ 피고인은 이 사건 공판과정에서 FTX 거래소

---

[21] 피고인은 기존에 주식담보대출, 신용대출 등을 통하여 매입한 주식을 이상훈에게 담보로 제공하였는데, 주가
　　하락으로 인해 반대매매를 당하여 실질적으로 피해자 트라움인포테크에 위 주식을 통한 피해변제가 이루어지
　　지 못하였다.

개인정보보유출주의 제출자어링인; 제출일자:2024.08.23 08:49, 출력자:박도연, 다운로드일자:2024.09.30 17:47





에 대해 보유하고 있는 파산채권으로 피해자들에게 변제하겠다는 의사를 밝히고 있을 뿐, 달리 피고인이 보유한 다른 자산으로 변제하겠다는 의사를 밝히지는 않고 있는 점[22] 등을 종합하면, 피고인이 이 사건 가상자산을 전송받을 당시 충분한 변제능력이 있었다고 보기 어렵다.

  2) 피고인의 시장중립적 운용의무 및 돌려막기

  가) 이 사건 투자운용계약서 및 대여계약서에는 피고인이 가상자산을 어떤 방식으로 운용해야 하는지에 대하여 아무런 규정이 존재하지 않는다. 그러나 다음과 같은 사정들에 비추어보면, 피고인은 이 사건 가상자산을 시장중립적 방식으로 운용할 의무가 있었다고 봄이 타당하다.

  (1) 피해자 하루유나이티드의 경우

  ① 피고인은 마이스터테크놀로지스를 통하여 피해자 하루유나이티드의 가상자산을 위탁받아 운용하던 2019년경부터 이 사건 투자운용계약이 체결되기 전인 2022. 2. 경까지 시장중립적 방식으로 피해자 하루유나이티드의 가상자산을 운용하였다. 따라서 피해자 하루유나이티드 입장에서는 피고인이 이 사건 투자운용계약 체결 이후에도 시장중립적 방식으로 위탁받은 가상자산을 운용할 것이라고 믿었을 것으로 보인다.

  ② 피고인은 2019년부터 2023년경까지 수십 회에 걸쳐서 이형수에게 펀딩피 전략, 가상자산별 베이시스 전략, 김치 프리미엄 전략, 아비트리지 전략 등을 언급하면서 해당 전략으로 리스크 관리를 하고 있다는 취지의 카카오톡 메시지를 보냈다(증거목록 순번 21).

---

22) 피고인은 이 법정에서 'FTX에 대한 파산채권 외에 비상장주식 및 펀드 등의 재산이 있으나, 그 가치를 정확히 산정하기는 어렵다.'는 취지로 진술하였을 뿐(피고인신문녹취서 제59쪽), 달리 그 비상장주식 등을 통한 구체적인 변제계획에 대해 밝히지는 않았다.



개인정보보유출주의 제출자이행인, 제출일시:2024.08.23 08:49, 출력자:박도연, 다운로드일시:2024.05.30 17:47





③ 피고인은 별지 범죄일람표 [1] 기재와 같이 가상자산을 전송받을 당시 피해자 하루유나이티드와 목표수익률을 연 25%로 합의하였고(증거목록 순번 84), 이형수에게 매주 위 목표수익률에 상응하는 수익률이 기재된 주간보고서를 송부하였다. 이에 대해 이형수는 "피고인이 보낸 보고서의 수익률은 시장중립적 운용 방식을 사용했을 때 나올 만한 수익률이다."라고 진술하였다(증인 이형수에 대한 증인신문녹취서 제45쪽).

④ 피고인은 피해자 하루유나이티드에 매주 주간보고서를 작성하여 송부하였는데, 그 주간보고서의 운용현황 란에는 'Absolute return fund'(절대수익펀드), 펀드매니저 코멘트 란에는 운용전략, 거래량, 시장의 변동 폭, 수익 등에 대한 피고인의 의견이 각 기재되어 있다. 이에 대해 이형수는 이 법정에서 "투기적 전략을 사용하면 이런 말을 쓸 필요가 없다. 시장중립전략이기 때문에 거래량이 많고, 그때 가격의 차이가 벌어지면서 기회가 발생하는 것이기 때문에 그 얘기를 계속하는 것이다."라고 진술하였는데(증인 이형수에 대한 증인신문녹취서 제32쪽), 투기적 방식의 경우 시장중립적 방식에 비하여 큰 손실이 발생할 가능성이 상존한다는 점에서 피고인이 주간보고서에 기재한 내용은 시장중립적 방식에 따른 운용을 전제로 삼았다고 봄이 타당하다. 피고인 역시 이형수에게 가상자산의 거래량에 따라 수익의 기회가 달라진다는 취지의 언급을 하였는데, 이는 위와 같은 이형수의 진술을 뒷받침한다.[23]

⑤ 이 사건 투자운용계약 제6조 제6항은 '어벤투스는 제2조에 명시된 투자기간 동안 피해자 하루유나이티드의 누적 투자금 총액 이상의 가상자산을 지속적으로 운용

---

[23] 피고인은 2023. 3. 9. 이형수에게 "2023. 3. 6. 가치는 암호화폐 시장의 변동성이 컸기 때문에 수익이 비교적 높았지만, 2023. 3. 9. 오늘자 가치는 암호화폐 시장의 거래량이 급감하여 수익이 비교적 낮습니다."라는 내용의 카카오톡 메시지를 전송하였고(증거기록 제1권 제272쪽). 또한 피고인이 2023. 3. 23. 이형수에게 "업비트에 거래량이 집중되어 있구요"라고 하자, 이형수가 "이것 아비트리지 기회가 발생하고 있겠군요!?"라고 질문하였고, 이에 피고인이 "넵 맞습니다!ㅎㅎ"라고 답하는 내용의 카카오톡 메시지를 주고받은 사실이 확인된다(증거기록 제1권 제276쪽).

개인정보유출주의 제출자아이디, 제출일자:2024.08.23 08:44, 열람자:박도현, 다운로드일자:2024.09.30 17:47





하고 있음을 증빙해야 한다.'라고 정하고 있다. 이는 피고인의 가상자산 운용으로 인해 총 투자금 대비 손실이 발생하지 않을 것을 전제로 한 규정이다. 일반적으로 시장중립적 방식으로 가상자산을 운용하는 경우에는 손실이 발생할 위험이 적다는 점에서 위규정의 내용은 피고인이 피해자 하루유나이티드로부터 위탁받은 가상자산을 시장중립적 방식으로 운용하기로 약정한 사실이 있음을 뒷받침한다.

⑥ 앞서 살펴본 바와 같이 피고인은 각 거래소별로 다른 시장중립적 운용 방식을 사용하였다. 이는 피고인이 가상자산 거래에서의 손실 위험을 최소화하기 위한 행위로서, 시장중립적 운용 방식과 일맥상통한다.

(2) 피해자 트라움인포테크의 경우

① 이상훈은 이 법정에서 "피고인은 2022. 6.경 저와 봉은사 근처에 있는 사무실에서 만나 '피고인이 소유한 가상자산의 규모가 수천억 원에 달하며 수천억 원의 투자금을 운용하고 있다. 재정거래를 통해 대여받은 가상자산을 안정적으로 운용하여 월 1.7%의 고정이율로 이자를 지급해주겠다. 운용으로 인한 손실이 나더라도 개인 자산으로 원금을 상환할 것이다.'라고 말하였다.", "위험이 발생하는 방식이었다면 피고인에게 가상자산을 대여할 이유가 없었기 때문에 처음에 송준과 가상자산 대여에 관한 이야기를 할 때부터 재정거래 방식으로 운용해야 한다고 못 박고 시작하였다."라고 진술하였다(증인 이상훈에 대한 2024. 4. 26.자 증인신문녹취서 제5, 24쪽).

② 피고인은 2022. 12. 30. 이상훈에게 가상자산 운용 수익률을 보고하면서, "제가 마켓 뉴트럴[24]이다보니 폭발적인 수익률은 힘들어서... 잘 좀 말씀 부탁드립니다. 대신 안정성에는 자신이 있습니다."라는 텔레그램 메시지를 보냈다(증거기록 제12권 제40

---

24) 마켓 뉴트럴(Market-neutral)이란 가상자산 시장의 방향과 관계없이 일정한 수익을 낼 수 있는 시장중립적 운용을 의미한다.

개인정보보호를위한 제출자이름, 제출일자: 2024.08.29 08:49, 접수자:박도란, 다운로드일자: 2024.09.30 07:43




쪽). 이는 피고인이 피해자 트라움인포테크가 대여한 자산을 시장중립적 방식으로 운용하기로 약정한 사실이 있음을 뒷받침한다.

③ 피고인은 2023. 6. 4. 이상훈에게 "대여계약 당시 대여받은 암호화폐는 리스크가 적은 재정거래 방식으로만 운용하기로 하였습니다."라는 내용이 기재된 이 사건 진술서를 교부하였다.

나) 이처럼 피고인은 피해자들로부터 위탁받거나 대여받은 가상자산을 시장중립적 방식으로 운용할 의무가 있었고, 이를 충분히 인지하고 있었던 것으로 보인다. 그럼에도 피고인은 피해자들로부터 위탁받거나 대여받은 가상자산 중 일부를 다른 투자자들에 대한 원금 및 수익금을 지급하는 데 사용하였고, 투자자들에 대한 원금과 수익금을 지급하기 위해 이 사건 가상자산을 투기적 방식으로 운용하기도 하였다[피고인은 적어도 2023. 3.~4.경부터 시장중립적 운용 전략이 아닌 다른 방법으로 가상자산을 운용한 사실은 자인하고 있다].[25]

다) 이에 대해 피고인은 처음부터 돌려막기를 할 의도로 피해자 트라움인포테크로부터 가상자산을 대여받은 것은 아니라고 주장한다. 그러나 사기죄의 기망행위는 널리 거래관계에서 지켜야 할 신의칙에 반하는 행위로서 사람으로 하여금 착오를 일으키게 하는 것을 말한다(대법원 2017. 2. 16. 선고 2016도13362 전원합의체 판결 참조). 비록 피고인이 FTX의 자산동결 이전인 2022. 5.~6.경부터 이상훈과 가상자산 대여에 관한 논의를 진행하였더라도 아직 피해자 트라움인포테크의 처분행위가 이루어지기 전에 논의의 전제가 된 사정에 중대한 변경이 있었던 이상 이를 위 피해자의 대표자인 이상훈

---

[25] 다만, 피고인은 투기적 방식으로 투자자들의 가상자산을 운용한 시점에 대해 2023. 6. 6. 이상훈에게는 '2023년 초부터였다.'는 취지로 말하였으나(증거기록 제1권 제415쪽), 변호인이 수사기관에 제출한 의견서에는 '2023. 3.경부터였다.'라고 기재되어 있고(증거기록 제10권 3787쪽), 이 법정에서는 '2023. 4.중순 이후쯤이다.'라고 진술하였는바(피고인신문녹취서 제19쪽), 피고인 스스로도 투기적 방식으로 가상자산을 운용한 시점에 대해 정확히 알지 못하고 있는 것으로 보인다.

개인정보보호를위주의 제출자이정민, 제출일시:2024.08.23 08:43, 열람자:박도빈, 다운로드일시:2024.09.30 07:47




에게 알려야 할 의무가 있었다고 봄이 타당하다. 그런데도 피고인은 FTX 거래소에 예 치된 대부분의 가상자산이 동결되었다는 사실 등을 이상훈에게 알리지 않았다. 여기에 ① 피고인이 피해자 트라움인포테크로부터 가상자산을 전송받을 무렵 피고인이 운용하 던 전체 가상자산 중 90~95%가 FTX 거래소에 동결된 상태였으므로, 피고인은 나머지 가상자산만으로는 피해자 하루유나이티드를 비롯한 투자자들의 상시 출금 요청에 대응 하기 어려웠을 것으로 보이는 점, ② 피고인은 이상훈에게 피해자 트라움인포테크로부 터 가상자산을 대여받은 이유에 대해 "당시 저는 FTX 거래소 파산으로 인해 일어난 손실을 복구하기 위해 자금의 유입이 필요했기 때문입니다."라는 내용이 기재된 이 사 건 진술서를 교부한 점,[26] ③ 피고인과 이상훈 사이의 2023. 6. 6.자 대화 내용에 의하 면, 이상훈이 "제가 안 들어갔었으면 바로 터졌겠네요? 환불 요청하는 거를 못했을 테니까."라고 말하자, 피고인이 "그럴 수 있을 것 같습니다."라고 대답하는 모습이 확 인되는 점(증거기록 제1권 제414쪽), ④ 실제로 피고인은 피해자 트라움인포테크로부터 대여받은 가상자산을 다른 투자자들에게 원금 및 수익금을 지급하는 데 사용한 점 등 을 보태어 보면, 피고인은 피해자 트라움인포테크로부터 가상자산을 전송받을 당시 그 가상자산을 다른 투자자들에 대한 원금 및 수익금을 지급하는 데 사용할 의도가 있었 던 것으로 보인다. 따라서 피고인의 위 주장은 받아들일 수 없다.

3) 투자금의 혼용 관리

가) 피해자 하루유나이티드와의 배타조건부 운용 약정

다음과 같은 사정들에 비추어보면, 피고인은 이 사건 투자운용계약 체결 이후에는

---

[26] 피고인은 이 법정에서 '이 사건 진술서의 기재 내용 중 처음부터 돌려막기를 할 의도로 가상자산을 대여받았다 는 부분은 사실과 다르다.'는 취지로 진술하였으나(피고인신문녹취서 제17쪽), 이 사건 진술서가 피고인의 자유 로운 의사에 따라 작성되었음은 앞서 살펴본 바와 같고, 피고인은 위 진술서 작성 시점으로부터 이틀 뒤에 이 상훈과 전화통화를 하면서 위 진술서의 내용과 같은 취지의 발언을 하였으므로, 피고인의 위 법정진술은 선뜻 납득하기 어렵다.

개인정보보유출소의 제출자아행신, 제출일시:2024.08.29 08:49, 출력자:박도현, 다운로드일시:2024.09.30 07:43




피해자 하루유나이티드가 위탁한 가상자산을 다른 투자자들이 위탁한 가상자산과 분리하여 운용하기로 하는 약정을 한 사실이 인정된다.

① 이 사건 투자운용계약서 제6조 제4항은 '개인, 법인 또는 기관이 어벤투스의 운용기금에 가상자산을 투자하여 유동성공급자로 참여할 경우 어벤투스는 피해자 하루유나이티드에 사전 고지하고 피해자 하루유나이티드의 동의를 거쳐야 한다. 단, 개인의 경우 투자액이 10억 이상의 경우에만 본 4조의 고지 및 동의 절차를 적용하기로 한다.' 고 정하고 있다. 이는 그 문언상 피고인이 피해자 하루유나이티드의 사전 동의가 없는 이상 '투자액 10억 원 이상의 개인 투자자' 또는 '법인 및 기관'으로부터 가상자산을 투자받을 수 없다는 의미임이 명백하다[변호인은 위 규정에 대해 단순한 절차적인 의무에 불과하다고 주장하나(증거기록 제11권 제4271쪽), 피고인이 '투자액 10억 원 이상의 개인 투자자' 또는 '법인 및 기관'으로부터 가상자산을 투자받기 위해서는 피해자 하루유나이티드의 사전 동의가 있어야 한다는 점에 비추어보면, 위 규정을 단순히 절차적인 의무만을 규정한 것으로 보기 어렵다].

② 이형수는 2022. 3. 28. 피고인에게 투자계약서 수정본과 함께 "수정한 내용은 다음과 같아요. 월 1회 방문 모니터링 가능 관련 내용 삽입, 월 1회 운용 자산의 스크린샷 송부 내용 삽입, 10억 이상의 개인 또는 법인이 LP 참여 시 고지 및 동의 문구 삽입"이라는 내용의 카카오톡 메시지를 보냈다. 그러자 피고인은 이형수에게 "계약 체결 이전의 소급 고지는 없는 것으로 알고 있으면 될까요?"라고 물었고, 이형수가 "'6조 4항의 개인, 법인 또는 기관의 고지 및 동의 부분 말씀하시는거죠? 현재 10억 이상의 개인이나 법인 또는 기관이 있을까요?"라고 되묻자, 피고인은 "넵 있습니다. 송준 대표의 라인이며, 시작한지는 오래 안 되었고, 부담 없이 운용 중이었습니다."라고 답하였

개인정보유출주의 제출용입니다. 제출일자:2024.08.29 06:47; 등록자:박근희, 다운로드일시:2024.08.30 07:47




다(증거기록 제6권 제2699쪽).

피고인은 2023. 1. 19. 이형수에게 다른 투자자인 코너스톤벤처스에 대한 수익률 공지가 담긴 이메일을 잘못 전송하였다(증거기록 제1권 제240쪽). 이에 이형수가 2023. 1. 20. 피고인에게 이 사건 투자운용계약서 제6조 제4항을 언급하면서 다른 투자자로부터 가상자산 운용을 위탁받은 이유에 관해 묻자, 피고인은 '피해자 하루유나이티드에 대한 사전고지 및 동의가 필요한 금액이 10억 원이 아닌 미화 100만 달러로 이해하고 있었고, 코너스톤벤처스는 기업이 아니라 개인투자자로 인식하여 투자를 받은 것이다.' 라는 취지로 답하였다(증거기록 제1권 제241쪽).

이러한 점들에 비추어보면, 피고인은 이 사건 투자운용계약서 제6조 제4항의 의미를 충분히 인지하고 있었던 것으로 보인다.

③ 이형수는 수사기관 및 이 법정에서 "다른 투자자들의 가상자산을 혼용하여 관리할 경우 이해충돌의 문제가 발생하여 운용 중단이나 출금에 영향을 끼칠 수 있고, 가상자산 운용에 대한 관리, 감독의 필요가 있었기 때문에 배타조건부 약정을 체결하였다."라고 진술하였다(증거기록 제7권 제2878쪽, 증인 이형수에 대한 증인신문녹취서 제6쪽). 즉 피고인이 피해자 하루유나이티드의 가상자산을 다른 투자자들의 가상자산과 분리하여 운용하고 있는지 여부는 피해자 하루유나이티드가 가상자산 위탁으로 인한 위험을 최소화하기 위해 중요하게 여겼던 사항으로 보인다.

④ 이 사건 투자운용계약서 제6조 제1항, 제5항, 제6항은 피해자 하루유나이티드의 피고인에 대한 관리·감독에 관해 규정하고 있다. 그런데 피고인이 피해자 하루유나이티드의 가상자산을 별도로 분리하여 관리하지 않는 이상, 피해자 하루유나이티드 입장에서는 자신이 위탁한 가상자산이 제대로 운용되고 있는지 확인하는 것이 어려워진

개인정보보유출자의 제출자료입니다, 제출일자:2024.08.29 00:44, 출력자: 박00민, 다운로드일시: 2024.08.30 17:43





다. 따라서 피해자 하루유나이티드가 위탁한 가상자산을 분리·운용하는 것은 위와 같은 관리·감독 규정을 이행하기 위한 전제조건으로 평가할 수 있다.

⑤ 한편, 이 사건 투자운용계약서 제1조에는 '본 계약은 어벤투스가 운용하는 기금에 대한 투자참여 목적'이라고 기재되어 있다. 그런데 ㉮ 이 사건 투자운용계약서에는 피고인이 여러 투자자들로부터 위탁받은 가상자산을 혼용하여 관리하는 것을 명시적으로 허용하는 규정이 존재하지 않는 점, ㉯ 이 사건 투자운용계약서 제6조 제4항에 의하면 피고인은 피해자 하루유나이티드의 사전 동의 없이 투자액 10억 원 이상의 개인투자자 또는 법인 및 기관으로부터 가상자산을 투자받을 수 없는데, 피해자 하루유나이티드가 피고인의 투자금 혼용을 허용할 의사였다면 위와 같은 규정을 둘 이유가 없었을 것으로 보이는 점, ㉰ 피해자 하루유나이티드는 이 사건 투자운용계약 전에 피고인이 설립한 마이스터테크놀로지스와 가상화폐 투자계약을 체결하였는데, 그 가상화폐 투자계약서에도 이 사건 투자운용계약서 제1조 기재와 같은 내용은 들어가 있었던 반면, 이 사건 투자운용계약서 제6조 제4항의 기재 내용은 이 사건 투자운용계약 체결 당시 새롭게 규정된 점 등을 종합하면, 이 사건 투자운용계약서 제1조를 피고인이 피해자 하루유나이티드로부터 위탁받은 가상자산을 다른 투자자들의 가상자산과 혼용하여 운용하는 것을 허용하는 취지의 규정으로 보기 어렵다.

나) 피고인의 투자금 혼용 관리

피고인은 이 사건 투자운용계약 체결 이후 이 사건 투자운용계약서 제6조 제4항을 위반하여 피해자 하루유나이티드의 사전 동의 없이 다른 투자자들로부터 가상자산의 운용을 위탁받았고, 피해자 하루유나이티드의 가상자산과 다른 투자자들의 가상자산을 혼용하여 운용하였다. 여러 투자자들의 가상자산을 혼용하여 운용할 경우 투자자는 자

개인정보보호를 위해 제제목명, 채권자 등: 2024.08.29 06:47분 출력자: 다른로그 출력시: 2024.08.29 06:47분 www.scourt.go.kr





유롭게 가상자산을 출금하는 것이 용이하지 않을 수 있다. 또한 피고인이 특정 계좌에서 출금한 가상자산이 어느 투자자의 것인지 구별하기 어려워져 투자자들 사이에 이해 충돌의 가능성이 상존하게 되고, 투자자의 관리·감독도 어려워진다.[27] 그럼에도 피고인은 피해자 하루유나이티드가 위탁한 가상자산을 다른 투자자들의 가상자산과 혼용하여 운용하면서 이러한 사실을 위 피해자에게 전혀 알리지 않았고, 이를 토대로 피해자 하루유나이티드로부터 전송받은 가상자산을 다른 투자자에 대한 원금 및 수익금을 반환하는 데 사용하기도 하였다.

위와 같은 피고인의 약정 위반 사실 및 그로 인해 초래되는 결과에다가, ① 피해자 하루유나이티드가 위탁한 가상자산을 직접 운용한 주체는 피고인인 점, ② 피고인이 피해자 하루유나이티드로부터 가상자산을 전송받을 당시 FTX 거래소에 전체 가상자산의 대부분이 동결된 점, ③ 유상택은 이 법정에서 '피고인은 2022년 봄 또는 가을경 저에게 제가 투자한 자산을 FTX 거래소 서브어카운트로 별도 운용하고 있는 것을 보여주기도 했다.'라고 진술하였는바, 피고인은 이 사건 가상자산을 받기 전 투자자의 가상자산을 별도로 관리·운용한 적이 있었던 것으로 보이는 점(증인 유상택에 대한 증인신문녹취서 제3, 4쪽) 등을 보태어 보면, 피고인은 피해자 하루유나이티드의 가상자산을 다른 투자자들로부터 위탁받은 가상자산과 혼용하여 운용함으로써 피해자 하루유나이티드에 약속한 시장중립적 방식으로 가상자산을 운용하기 어려워지고, 돌려막기 방식으로 원금 및 수익금을 지급하는 상황이 발생할 수 있음을 충분히 예상하였을 것으로 보인다.

---

27) 피고인 역시 2023. 6. 8. 이형수와의 대화 과정에서 개인자산으로 무리한 트레이딩을 하던 중 손실이 발생하였는데, 그때 위탁받은 가상자산이 개인자산과 섞여 관리가 잘 안되었다는 취지로 말한 사실이 있다(증거기록 제2권 제621, 622쪽).

개인정보유출주의 제출자아이디, 제출일시:2024.08.29 08:47, 출력자:박고원, 다운로드일시:2024.08.30 17:47





www.scourt.go.kr

4) 이 사건 범행 이후 피고인의 언행

가) 피고인은 FTX 사태가 발생한 이후 시장중립적 방식으로 가상자산을 운용하는 것만으로는 원금 및 수익금을 상환하기 어려웠고, 피해자 트라이움포테크로부터 전송받은 가상자산을 다른 투자자들에게 원금 및 수익금을 지급하는 데 사용하고 있었던 상황이었다. 그럼에도 피고인은 대여 원금의 확인을 요청하는 이상훈에게 '원금에 문제가 없다.'고 말하면서 조작된 거래소 화면을 보여주었다. 또한 피고인은 2023. 4. 28. 이상훈에게 가상자산 잔액 내역을 조작한 거래소 화면을 보여준 뒤 이상훈의 추궁 끝에 FTX 거래소에 대부분의 가상자산이 동결된 사실 및 돌려막기 방식으로 가상자산을 운용한 사실 등을 인정하기도 하였다.

나) 피고인은 2023. 4.경부터 돌려막기 방식으로도 피해자 하루유나이티드의 출금 요청에 대응하여 가상자산을 출금해주는 것이 어려워지자 이형수에게 마치 거래소의 출금 지연 문제 때문에 출금이 늦어지는 것처럼 계속하여 거짓말을 하였다. 결국 피고인은 2023. 6. 5. 이형수에게 그동안 주간보고서를 허위로 보낸 사실 및 시장중립적 방식이 아닌 투기적 방식으로 가상자산을 운용하거나 돌려막기 방식으로 가상자산을 운용한 사실 등을 알렸다.

다) 이는 비록 이 사건 각 범행이 기수에 이른 후의 사정에 해당하나, 이 사건 범죄사실의 핵심이 되는 기망행위(FTX 거래소에 동결된 가상자산의 규모 및 운용현황, 변제능력 등에 대한 기망행위)를 더욱 공고히 하는 것으로서 피고인의 사기의 고의 및 불법이득의사를 추단케 하는 사정에 해당한다.

5) 그 외 사정

가) FTX 거래소에서의 가상자산 거래가 곧 재개될 것으로 믿었다는 피고인의 변소

개인정보유출주의 제출자:아이클릭, 제출일시:2024.08.29 08:44, 출력자:박코트, 다운로드일시:2024.08.30 17:47




에 관하여

피고인은 이 사건 가상자산을 전송받을 당시 FTX 거래소를 통한 가상자산 거래가 곧 재개될 것이라고 믿었으므로 사기의 고의 및 불법이득의사가 없다고 주장한다. 그러나 다음과 같은 사정들에 비추어보면, 설령 피고인이 FTX 거래소를 통한 가상자산 거래가 재개될 것이라고 믿었더라도 이러한 사정만으로는 앞선 결론을 뒤집기에 부족하다(변호인이 의견서에 기재한 대법원 2001. 3. 27. 선고 2001도202 판결은 이 사건과 사안을 달리하는 것으로, 원용하기에 적절하지 아니하다).

① 피고인은 2022. 11. 2.부터 2022. 11. 6.까지 FTX 거래소에 대한 출금 요청이 급증하였음에도 위 기간 동안 FTX 거래소에 예치된 대부분의 가상자산을 다른 거래소로 이체하는 등의 조치를 취하지 않았다.

② FTX 사태가 발생하였을 무렵 FTX 거래소에서의 가상자산 거래가 곧 재개될 것이라는 취지의 긍정적인 의견을 제시하는 전문가 또는 일반 투자자가 있었던 것으로 보이기는 한다. 그러나 피고인이 피해자들에게 FTX 거래소에서의 출금 지연 사실 등을 단순히 묵비한 것을 넘어서 다른 거래소에 대부분의 가상자산을 이체한 것처럼 적극적으로 허위의 사실을 고지한 이상, 위와 같은 사정만으로는 앞서 설시한 결론을 뒤집기에 부족하다['2022. 11. 7.경 바이낸스 거래소로의 이체신청을 하였으나 펜딩(Pending) 현상[28] 때문에 이체가 되지 않았다'는 취지의 피고인의 주장 역시 마찬가지 이유로 받아들일 수 없다].

③ 이상훈이 2022. 11. 9. 04:15 피고인에게 "바낸이 FTX 인수하는 것 같던데요."라는 텔레그램 메시지를 보내자, 피고인은 "그것도 불확실한 것 같습니다."라는 내용의

---

[28] 특정 가상자산 거래소에서 다른 거래소로 가상자산 전송신청을 하였으나, 그 전송이 지연되는 현상을 의미한다.

2024-0272492615-1RBHF



개인정보보호를위한 제출자 이형수, 제출일자:2024.08.29 08:44, 출력자:박진영, 다운로드일시:2024.08.30 17:47





텔레그램 메시지를 보냈다(증거기록 제12권 제34쪽). 즉 피고인 역시 2022. 11. 9. 당시 FTX 거래소의 거래 재개 가능성에 대해 확신하지 못하고 있었던 것으로 보인다.

④ 피고인은 FTX 거래소가 미국 델라웨어주 법원에 공식적으로 파산신청을 한 이후인 2022. 11. 17.부터 2023. 4. 27.까지 피해자 하루유나이티드로부터 추가로 가상자산을 전송받았다. FTX 거래소의 공식적인 파산신청 이후에도 거래가 곧 재개될 것이라고 믿었다는 피고인의 변소는 피고인의 가상자산 운용 경력 및 경험칙에 비추어보면 선뜻 납득하기 어렵다.

나) 피해자 하루유나이티드에 재산상 손해가 발생하지 않았다는 피고인의 변소에 관하여

(1) 피고인은 2022. 11. 7.부터 2023. 5. 5.까지 피해자 하루유나이티드에 별지 범죄일람표 [1] 기재 가상자산의 가치를 초과하는 가상자산을 상환하였다. 그러나 이는 피해자 하루유나이티드가 2022. 3.경부터 2022. 11. 7. 이전까지 피고인에게 운용을 위탁한 가상자산(즉 범죄사실 제1항 기재 범행기간 이전에 위탁받은 가상자산)에 대하여 피해자 하루유나이티드가 일부 출금을 요청함에 따라 상환해준 내역이 상당 부분 포함되었기 때문으로 보인다. 따라서 별지 범죄일람표 [1] 기재 피해 가상자산이 모두 상환된 것이라고 보기 어렵다(피해자 하루유나이티드가 2023. 6. 7. 피해사실을 인지한 다음 2023. 6. 13. 이 사건 서비스를 중단한다는 발표를 한 점, 그 무렵 이형수가 피고인에게 손실 규모가 막대하다고 언급하며 피해자 하루유나이티드의 존속을 걱정한 점에 비추어보더라도 그러하다).

(2) 나아가 사기죄의 본질은 기망에 의한 재물이나 재산상 이익의 취득에 있고 이로써 상대방의 재산이 침해되는 것이므로, 상대방에게 현실적으로 재산상 손해가 발생

위변조 방지용 바코드 입니다.

개인정보보호를위주의 제출용자성분, 제출일시:2024.08.29 08:44, 출력자:박○○민, 다운로드일시:2024.08.30 17:47




함을 요하지 않는다(대법원 2016. 4. 28. 선고 2012도14516 판결 등 참조). 따라서 피고인이 피해자 하루유나이티드에 별지 범죄일람표 [1] 기재 피해 가상자산 중 일부를 상환하였더라도, 이는 사기죄의 성립을 인정하는 데 아무런 방해가 되지 않는다.

**양형의 이유**

1. 법률상 처단형의 범위: 징역 5년~45년

2. 양형기준에 따른 권고형의 범위[29]

　[유형의 결정] 사기범죄 > 01. 일반사기 > [제5유형] 300억 원 이상

　[특별양형인자] 가중요소: 피해자에게 심각한 피해를 야기한 경우

　[권고영역 및 권고형의 범위] 가중영역, 징역 8년~13년

3. 선고형의 결정: 징역 10년

　피고인은 피해자들로부터 가상자산을 위탁 또는 대여받아 운용한 자로서 FTX 거래소에 동결된 가상자산의 규모, 가상자산 운용방법 및 운용현황, 변제능력 등에 관하여 피해자들을 기망하여 약 594억 원의 가상자산을 편취하였다. 피고인은 FTX 거래소에서의 가상자산 거래가 곧 재개될 것이라고 믿고 기망행위에 나아갔다는 등 납득하기 어려운 변소를 하고 있어 자신의 잘못을 반성하고 있다고 보기 어렵다. 이 사건 범행으로 피해자 하루유나이티드는 투자자들에 대한 입출금 서비스를 중단하였고, 피해자 트라움인포테크는 델리오로부터 차용한 가상자산을 변제하지 못하여 사업이 중단되는 등 회복하기 어려운 심각한 경제적인 피해를 입었다. 나아가 피해자 하루유나이티드 및 델리오의 가상자산 예치 및 운용 서비스가 중단되어 수만 명의 이용자들이 재산상 손해를 입은 점을 고려하면, 이 사건 범행으로 인한 실질적인 피해액은 범죄사실에 기

---

29) 사기 범행에 관하여 다수범죄 처리기준 중 동종경합범 처리방법을 적용하여 이득액을 합산한 금액을 기준으로 해당 유형을 결정한다.




재된 편취액보다 훨씬 큰 것으로 보인다. 피고인은 FTX 거래소에 대한 파산채권으로 피해자들의 피해를 변제하겠다는 계획을 밝히면서도 그 계획을 구체적으로 실현할 만한 방안에 대해서는 밝히지 않고 있다.[30] 피해자 하루유나이티드 및 멜리오에 가상자산을 예치한 다수의 이용자들은 피고인에 대한 엄벌을 탄원하고 있다. 이러한 점을 고려하면 피고인에게는 그 죄책에 상응하는 엄중한 처벌을 하는 것이 불가피하다.

다만, 피고인은 이 사건 투자운용계약 제2조 제3항에 따라 피해자 하루유나이티드에 원금 상환을 보장할 의무가 없었음에도, FTX 사태로 인해 동결된 가상자산의 규모에 대해 허위의 사실을 고지하였는데, 여기에는 FTX 거래소에 동결된 가상자산을 제외한 나머지 가상자산을 운용하여 손실을 만회하고자 한 피고인의 책임감이 어느 정도 영향을 미친 것으로 보인다. 피고인은 이 사건 범행 이후 연대보증인으로서 이 사건 대여계약서에 날인하고, 피해자 트라움인포테크에 5억 원의 임대차보증금반환채권을 양도하였으며, 자신이 보유한 주식에 대하여 위 피해자에게 담보를 설정해주는 등 피해자 트라움인포테크에 대한 원금 상환을 위하여 일부 노력을 한 것으로 보인다. 피고인은

---

[30] 피고인은 FTX 거래소에 대하여 가지고 있던 파산채권을 자신이 설립한 파나마 소재 렘마 테크놀로지스(Lemma Technologies Inc.)에 이전한 뒤 2023. 6.경 아테스터(Attestor Limited)가 궁극적으로 관리하는 스발바르 홀딩스(Svalbard Hodings Limited)에 합계 165,661,155 달러의 파산채권을 35%의 가격(합계 58,071,404 달러)에 양도하는 내용의 계약을 체결하였다(증거목록 순번 263). 그런데 피고인은 FTX 거래소에 대한 파산채권의 가격이 오르자 아테스터와 파산채권의 가격에 대한 재협상을 시작하였고, 아테스터는 미국 뉴욕주 법원에 렘마 테크놀로지스를 상대로 위 계약의 이행을 구하는 내용의 소송을 제기하여 현재 소송 계속 중이다. 피고인은 아테스터에 파산채권에 대한 가격을 재협상하거나, 아테스터와의 계약을 무효화한 뒤 파산채권을 현재 시세대로 판매하여 피해자들에 대한 피해를 회복하겠다는 의사를 밝히고 있다. 그러나 ① 피고인은 위와 같이 아테스터와 소송 계속 중인 점, ② 피해자 하루유나이티드는 2022. 11. 7. 이전부터 피고인에게 가상자산의 운용을 위탁하였으므로 자신이 실제로 반환받아야 할 가상자산은 범죄사실에 기재된 피해금액을 초과하는 약 3,000억 원에 해당한다고 주장하고, 피고인 등을 상대로 손해배상청구소송을 제기하여 현재 소송 계속 중인 점(서울중앙지방법원 2023가합74398), ③ 피고인은 피해자들 외에 다른 투자자들에게 반환해야 할 가상자산도 존재하는 점, ④ 설령 피고인이 파산채권을 현재 시세대로 매각하더라도 피고인에게 가상자산 운용을 위탁한 다수의 투자자들 사이의 이해관계를 조정하는 과정은 여전히 남아있는 점, ⑤ 무엇보다 피해자들은 피고인의 변제계획이 구체성·현실성이 없고 피고인이 파산채권을 매각한 뒤 그 매각대금을 은닉할 가능성이 있음을 들어 피고인의 변제계획에 대해 부정적인 의견을 밝히고 있는 점 등을 고려하면, 피고인이 현재 상태에서 피해자들에 대한 피해를 보상하는 것은 어려워 보인다.

웹판스 원사료 바크 입니다.



이 사건 범행 이전에 한국꿈재단을 설립하고, 상당한 돈을 기부하는 등 가상자산 운용을 통해 축적한 자산의 일부를 사회에 환원하기 위한 노력을 해왔다. 피고인의 가족과 지인들은 피고인에 대한 선처를 탄원하고 있다. 피고인은 형사처벌을 받은 전력이 없는 초범이다.

그 밖에 피고인의 나이, 성행, 환경, 범행의 동기, 수단과 결과, 범행 후의 정황 등 이 사건 변론에 나타난 여러 양형 조건들을 종합적으로 고려하여 주문과 같이 형을 정한다.


재판장      판사      김상연      _____

판사      한광수      _____

판사      안재호      _____

개인정보유출주의 제출연월일: 2024.06.29 06:49, 발송자: 법원, 다운로드일시: 2024.06.30 09:43





# 범죄일람표 (1)

| 순번 | 일자[31] (UTC) | 피해 가상자산 수량 | 원화가치(원) | 전자 지갑 |
|---|---|---|---|---|
| 1 | 2022. 11. 7. | 5,000,000 XRP | 3,245,850,000 | rwScta28TT77TnEcFmw6SBKxvgnmHmUJgZ |
| 2 | 2022. 11. 17. | 10,000,010 XRP | 5,138,000,000 | rwScta28TT77TnEcFmw6SBKxvgnmHmUJgZ |
| 3 | 2023. 1. 2. | 1,000,000 USDC | 2,155,490,000 | 0xFc1d61F4612EC6625201bD7828B3674CB4F87211 |
| | | 2,000,000 XRP | | rwScta28TT77TnEcFmw6SBKxvgnmHmUJgZ |
| 4 | 2023. 1. 6. | 1,000,000 USDC | 1,253,900,000 | 0xFc1d61F4612EC6625201bD7828B3674CB4F87211 |
| 5 | 2023. 1. 25. | 500,000 USDC | 2,242,810,000 | 0xFc1d61F4612EC6625201bD7828B3674CB4F87211 |
| | | 2,000,000 XRP | | rwScta28TT77TnEcFmw6SBKxvgnmHmUJgZ |
| 6 | 2023. 2. 7. | 3,500,000 XRP | 1,756,580,000 | rwScta28TT77TnEcFmw6SBKxvgnmHmUJgZ |
| 7 | 2023. 2. 16. | 200,000 USDC | 259,612,000 | 0xFc1d61F4612EC6625201bD7828B3674CB4F87211 |
| 8 | 2023. 3. 18. | 3,000,000 XRP | 1,493,490,000 | rwScta28TT77TnEcFmw6SBKxvgnmHmUJgZ |
| 9 | 2023. 3. 29. | 200 BTC | 7,075,152,800 | bc1qs4ksx7lu6kh6yv5mt3r0xl8vgntcvd2qwr8xdz |
| | | 2,500 ETH | 5,749,720,000 | 0xFc1d61F4612EC6625201bD7828B3674CB4F87211 |
| 10 | 2023. 4. 22. | 3,000,000 XRP | 1,793,610,000 | rwScta28TT77TnEcFmw6SBKxvgnmHmUJgZ |
| 11 | 2023. 4. 27. | 1,000 ETH | 2,497,845,500 | 0xFc1d61F4612EC6625201bD7828B3674CB4F87211 |
| 12 | 2023. 4. 27. | 500,000 XRP | 576,760,000 | rwScta28TT77TnEcFmw6SBKxvgnmHmUJgZ |
| | | 200,000 USDC | | 0xFc1d61F4612EC6625201bD7828B3674CB4F87211 |
| 합계 | | | 35,238,820,300 | |

---

[31] 한국 시간을 기준으로 2022. 11. 8. 02:41부터 2023. 4. 27. 10:22까지의 가상자산 전송내역이다(증거목록 순번 208).

개인정보유출주의 제출자(작성자) : 제출일(작성일) : 2024.08.29 06:44, 출력자 : , 다운로드일시 : 2024.08.30 17:42




www.scourt.go.kr

# 범죄일람표 (2)

| 순번 | 전송일시[32] (UTC) | 피해 가상자산 수량 | 원화가치(원) | 전자 지갑 |
|---|---|---|---|---|
| 1 | 2022. 11. 9. 14:11 | 0.01002256 BTC | 229,707 | bc1qtp097pelkqzddtpmfcnnmwtnzd08k3gzpe5ujs |
| 2 | 2022. 11. 10. 03:24 | 0.10003243 BTC | 2,478,704 | bc1qtp097pelkqzddtpmfcnnmwtnzd08k3gzpe5ujs |
| 3 | 2022. 11. 10. 03:45 | 390.944945 BTC | 9,687,224,792 | bc1qtp097pelkqzddtpmfcnnmwtnzd08k3gzpe5ujs |
| 4 | 2022. 11. 10. 05:20 | 49.9 BTC | 1,236,472,100 | bc1qtp097pelkqzddtpmfcnnmwtnzd08k3gzpe5ujs |
| 5 | 2022. 11. 9. 14:09 | 0.010476772 ETH | 16,642 | 0x30249B66B30d870b9431604247099B0D6f9BCA58 |
| 6 | 2022. 11. 9. 14:59 | 2,799.98952323 ETH | 4,447,783,358 | 0x30249B66B30d870b9431604247099B0D6f9BCA58 |
| 7 | 2022. 11. 9. 14:10 | 30 XRP | 14,430 | rs728aH5mYVX9SPo1DKna8qcknKHrYXCxo |
| 8 | 2022. 11. 10. 02:57 | 30 XRP | 16,680 | rs728aH5mYVX9SPo1DKna8qcknKHrYXCxo |
| 9 | 2022. 11. 10. 03:05 | 15,926,465.45 XRP | 8,855,114,789 | rs728aH5mYVX9SPo1DKna8qcknKHrYXCxo |
| 합계 | | | 24,229,351,202 | |

---

[32] 한국 시간을 기준으로 2022. 11. 9. 23:09부터 2022. 11. 10. 14:20까지의 가상자산 전송내역이다(KST(한국 표준 시간)는 UTC(협정 세계시)에 9시간을 더한 시간이다].



*English summary translation of the first trial criminal judgment on Junho Bang*

**Seoul Southern District Court**

**13th Criminal Division**

**Judgment**

**Case Number:** 2024고합54 Violation of the Act on the Aggravated Punishment of Specific Economic Crimes (Fraud)

**Defendant:** Junho Bang(940626-0000000), IT Developer

- **Address:** 651, Samseong-ro, Gangnam-gu, Seoul, Apt 106-2404 (Raemian La Class, Samseong-dong)
- **Registered Domicile:** 80, Singil-dong, Yeongdeungpo-gu, Seoul

**Prosecutors:** Ui-ho Shin (Indictment), Jung-yeon Cho (Trial)

**Defense Attorneys:**

- Law Firm Gwangjang(Lee&Ko): Attorneys Jang-woo Park, Young-sik Kim, Seung-hwan Kim
- Law Firm JLCK: Attorneys Jae-hoon Jeong, Min-sung Chae
- Law Firm Ongang: Attorney na Ha

**Judgment Pronounced:** August 13, 2024

**Order**

- The defendant is sentenced to **10 years in prison**.

**[Facts of the Case]**

The defendant, since 2019, has been engaged in the operation of virtual assets under custody. Together with Song Jun, he acquired BCDTech Co., Ltd., which was later renamed Aventus Co., Ltd. on December 21, 2021. The defendant was responsible for managing investments, while Song Jun handled investor recruitment.

The defendant entered into an agreement with BlockCrafters Co., Ltd. in May 2019 to manage virtual assets for **Haru Invest**, a crypto deposit and management platform. This agreement was renewed and modified multiple times until November 2022, during which he managed assets from Haru United Pte. Ltd. and other related companies.

Additionally, in February 2022, the defendant entered into an investment management agreement with Traum Infotech to manage its virtual assets. Until May 2022, he managed assets on behalf of Traum Infotech.

However, the defendant deposited most of his own and investors' assets in **FTX Exchange**, which later collapsed in November 2022. By November 6, FTX was experiencing withdrawal delays, and on November 9, FTX officially announced that all deposits were frozen.

## [Specific Criminal Acts]

### 1. Fraud Against Haru United

On November 7, 2022, the defendant contacted CEO Lee Hyung-soo of Haru United, falsely claiming that an additional deposit of XRP would yield a 25% return through market-neutral strategies and that he was prepared for the FTX collapse. He further assured them that he had transferred 70% of FTX assets to Binance, promising to personally cover any losses.

Based on this fraudulent claim, Haru United transferred **5,000,000 XRP** on November 8, 2022. From that date until April 27, 2023, the defendant received a total of **₩35,238,820,300** worth of virtual assets from Haru United.

### 2. Fraud Against Traum Infotech

As FTX withdrawals became impossible, the defendant decided to use borrowed virtual assets from Traum Infotech to fulfill other investors' withdrawal requests. He assured CEO Lee Sang-hoon that he had **₩500 billion in assets** and that he would repay any losses with personal funds. He also claimed that he had transferred most assets from FTX to other exchanges.

However, in reality, most assets were locked in FTX. Between November 9 and November 10, 2022, the defendant fraudulently obtained virtual assets worth **₩24,229,351,202** from Traum Infotech.

## [Evidence]

- Testimonies of victims Lee Hyung-soo and Lee Sang-hoon
- Telegram and KakaoTalk messages between the defendant and investors
- Investment management agreements and loan agreements
- Blockchain transaction records
- Recordings of conversations between the defendant and investors
- Indictments and supporting evidence

**[Judgment and Sentencing]**

The court finds that the defendant actively deceived investors by providing **false financial reports**, **falsifying trading balances**, and **using new investor funds to pay previous investors** (a Ponzi-like scheme). The fraudulent amount reached approximately ~~₩594 billion~~.

- **Sentence: 10 years imprisonment**

- **Legal Basis:** Violation of the Act on the Aggravated Punishment of Specific Economic Crimes (Fraud)

- **Key Factors:**
    - Severe financial damage to thousands of investors
    - Lack of remorse or concrete repayment plan
    - Attempt to hide assets through complex financial transactions

The court emphasizes the **severe economic damage** suffered by the victims, including the closure of Haru United and financial distress of Traum Infotech. The defendant's actions have severely undermined trust in cryptocurrency investments, warranting strict punishment.

**Presiding Judge:** Sang-yeon Kim
**Judge:** Kwang-soo Han
**Judge:** Jae-ho Ahn

3