# 3. Korean and English translation of Law Firm Lawjibsa's bankruptcy application for Junho Bang and Lemma technologies

# 파산신청서

**신 청 인(채권자)**

성 명 : 김철환 （주민등록번호 :            ）

주 소 : 서울 서초구 반포대로28길 20, 6층(서초동, 두원빌딩) （우편번호 : 06648 ）

송달장소 : 서울 서초구 반포대로28길 20, 6층(서초동, 두원빌딩) （우편번호 : 06648 ）

송달영수인 :

연락처 : 휴대전화(            ) , 집전화(              ) , e-mail(             )


# 채 무 자

성 명 : 방준호 （주민등록번호 :            ）

주 소 : 서울 구로구 금오로 865, 서울구치소(천왕동) （우편번호 : 08367 ）

등록기준지 :


**대 리 인 법무법인 로집사**

**담당변호사 : 이정엽, 최재윤, 양희진, 박광훈**

사무실주소 : 서울 서초구 반포대로28길 20, 6층(서초동, 두원빌딩) （우편번호 : 06648 ）

연락처 : 사무실전화번호( 02-523-1910 ) , e-mail( jy.im@lawjibsa.com ) , FAX번호( 02-6442-6928 )


## 신청취지

1. 채무자에 대하여 파산을 선고한다. 라는 결정을 구합니다.

## 신청이유

1. 신청인은 채무자에 대해 별첨 소명자료와 같은 채권이 있습니다.

2. 이하 채무자의 지급불능 상태에 대한 자세한 내용은 첨부파일과 같습니다.

## 첨부서류

1. 신청인 목록(신청인별 채권액)

2. 신청이유

3. 소갑 제1호증 채무자에 대한 형사사건 공소장

4. 소갑 제2호증 박수용, 송훈, 이형수, 강준호에 대한 형사사건 공소장

5. 소갑 제2호증 박수용, 송훈, 이형수, 강준호에 대한 형사사건 공소장

6. 소갑 제2호증 박수용, 송훈, 이형수, 강준호에 대한 형사사건 공소장

7. 소갑 제3호증 스발바르 홀딩스 리미티드와 렘마테크놀로지간 소장

8. 소갑 제4호증 블록크래프터스에 대한 회생절차개시신청서

9. 소갑 제4호증 블록크래프터스에 대한 회생절차개시신청서

10. 소갑 제5호증 하루인베스트코리아에 대한 회생절차개시신청서

11. 소갑 제6호증 델리오에 대한 회생절차개시신청서

12. 소갑 제7호증 블룸버그 기사

13. 소갑 제8호증 코인데스크 기사

14. 소송위임장

2024. 4. 11.

신청인 소송대리인

법무법인 로집사

담당변호사 이정엽

최재윤

양희진

박광훈

**서울회생법원 귀중**

*English translation of Law Firm Lawjibsa's bankruptcy application for Junho Bang.*

**Bankruptcy Petition**

**Petitioner (Creditor)**

- **Name:** Kim Cheol-hwan
- **Address:** 6th Floor, 20 Banpo-daero 28-gil, Seocho-gu, Seoul, Korea (Postal Code: 06648)
- **Service Address:** 6th Floor, 20 Banpo-daero 28-gil, Seocho-gu, Seoul, Korea (Postal Code: 06648)
- **Service Recipient:** [Not specified]
- **Contact Information:** Mobile ( ), Home ( ), Email ( )

**Debtor**

- **Name:** Junho Bang
- **Address:** 865 Geumoro, Guro-gu, Seoul Detention Center (Cheonwang-dong), Korea (Postal Code: 08367)
- **Registered Domicile:** [Not specified]

**Legal Representative**

- **Law Firm:** Law Firm **Lawjibsa**
- **Attorneys:** Jung-yup Lee, Jae-yoon Choi, Kwang-hoon Park, Hee-jin Yang
- **Office Address:** 6th Floor, 20 Banpo-daero 28-gil, Seocho-gu, Seoul, Korea (Postal Code: 06648)
- **Contact Information:** Office Phone ( ), Email ( ), Fax ( ) 02-523-1910, jy.im@lawjibsa.com, 02-6442-6928

**Request**

1. The **debtor is declared bankrupt**.

**Reasons for the Petition**

1. The petitioner holds a **credit claim against the debtor**, as specified in the attached supporting documents.

2. Further details regarding the **debtor's inability to make payments** are provided in the

1

attached files.

**Attachments**

1. List of petitioners (including individual claim amounts).

2. Statement of reasons for the petition.

3. **Exhibit 1:** Indictment against the debtor.

4. **Exhibit 2:** Indictment against **Soo-yong Park, Hoon Song, Hyungsu(Hugo) Lee, and Jun-ho Kang**.

5. **Exhibit 3:** Complaint between **Svalbard Holdings Limited and Lemma Technologies**.

6. **Exhibit 4:** Petition for rehabilitation proceedings for **BlockCrafters**.

7. **Exhibit 5:** Petition for rehabilitation proceedings for **Haru Invest Korea**.

8. **Exhibit 6:** Petition for rehabilitation proceedings for **Delio**.

9. **Exhibit 7:** Bloomberg news article.

10. **Exhibit 8:** CoinDesk news article.

11. Power of Attorney.

**Date: April 11, 2024**

To: **Seoul Bankruptcy Court**

**Petitioner's Legal Representative**
Law Firm **Lawjibsa**
Attorneys: **Jung-yup Lee, Jae-yoon Choi, Kwang-hoon Park, Hee-jin Yang**

# 파산신청서

**신 청 인(채권자)**

성 명 : 김철환 (주민등록번호 : )

주 소 : 서울 서초구 반포대로28길 20, 6층(서초동, 두원빌딩) (우편번호 : 06648)

송달장소 : 서울 서초구 반포대로28길 20, 6층(서초동, 두원빌딩) (우편번호 : 06648)

송달영수인 :

연락처 : 휴대전화( ), 집전화( ), e-mail( )

# 채 무 자

성 명 : 렘마 테크놀로지(LEMMA TECHNOLOGIES INC.) (사업자등록번호 : )

주 소 : 파나마공화국 파나마시티 에스파나대로, 6층 604호 (델타뱅크 빌딩)(Via Espana, Delta Bank Building, 6th Floor, Suite 604D, Panama City PA-8 Panama)

(우편번호 : 00000)

대표이사 방준호

# 대 리 인

성 명 : 법무법인 로집사

담당변호사 : 박광훈, 양희진, 이정엽, 최재윤

사무실주소 : 서울 서초구 반포대로28길 20, (우편번호 : 06648)

연락처 : 사무실전화번호(02-523-1910), e-mail(jy.im@lawjibsa.com), FAX번호(02-523-1916)

# 신청취지

「채무자에 대하여 파산을 선고한다.」라는 결정을 구합니다.

# 신 청 이 유

## 1. 당사자들 관계

**가.** 신청인들은 하루인베스트서비스, 델리오 서비스의 경영진의 기망행위에 속아 하루
인베스트서비스와 델리오서비스에 가상자산을 예치하여 피해를 당한 피해자들입니다.

### 1) 하루인베스트 서비스

**가)** 신청인들은 주식회사 블록크래프터스, 하루인베스트코리아 임직원인 박수용, 송
훈, 이형수, 강준호 등이 개발 운영한 하루인베스트서비스에 인터넷을 통해 가상자산을
예치한 예치자들입니다. 하루인베스트서비스 운영자들은 안전하게 원금을 보장한다고 신
청인들을 기망하였고, 신청인들은 이에 속아 하루인베스트서비스에 자신들이 가지고 있
는 비트코인 등 가상자산을 예치하였습니다.

**나)** 하루인베스트서비스의 운영진들은 신청인들을 포함한 예치자들에게 어떠한 정
보제공도 없이 2019년부터 가상자산 수탁운용을 업으로 하는 방준호에게 2019. 5.경 가
상자산 운용을 위탁하였습니다. 주식회사 블록크래프터스의 운영진인 박수용, 송훈, 이형
수, 강준호 등은 2019. 5.경 위 방준호에게 신청인들을 포함한 예치자들로부터 받은 가상
자산의 운용을 위탁하였습니다.

**다)** 그 후 박수용, 송훈, 이형수, 강준호 등 주식회사 블록크래프터스의 운영진은
하루인베스트서비스가 한국의 금융규제에 저촉될 것을 우려하여 해외에 하루유나이티드
(Haru United Ptd. Ltd), BC하루, 하루매니지먼트 등 다양한 페이퍼컴퍼니를 설립하고,
하루인베스트의 개발, 영업은 주식회사 블록크래프터스의 임직원들이 진행하였으며 특히

하루인베스트서비스에 집중하는 직원들은 하루인베스트코리아라는 법인소속으로 하였습니다. 외관상으로 하루인베스트서비스의 국내 영업 회사의 지위만을 가지고 있는 것처럼 포장되어 있었으나 실질적으로는 인터넷서비스 개발, 고객관리 등 모든 서비스 운영이 서울의 블록크래프터스 사무실에서 해당 직원들에 의해 이루어졌습니다.

박수용, 송훈, 이형수, 강준호와 방준호, 송준(방준호의 동업자)은 2022. 11.경까지 하루유나이티드(Haru United Ptd. Ltd) 등 앞서 본 박수용, 송훈, 이형수, 강준호 등이 대한민국 금융규제를 피하기 위해 만든 해외 페이퍼컴퍼니 이름으로 가상자산 투자운용계약을 수회 연장하거나 변경계약을 체결하여 방준호로 하여금 하루인베스트서비스에 예치한 고객들의 가상자산을 운용하도록 하였습니다.

### 2) 델리오 서비스

**가)** 신청인들은 원금을 보장하고 안전하게 가상자산으로 수익을 올려주겠다는 주식회사 델리오(이하 '델리오'라고 합니다) 정상호 대표 등의 말에 속아 델리오의 가상자산 예치서비스에 가상자산을 예치한 피해자들입니다.

**나)** 방준호는 2022. 2.경 동업자인 송준으로부터 주식회사 트라움인포테크(이하 '트라움인포테크'라고 한다)를 소개받아 트라움인포테크와 트라움인포테크가 델리오로부터 수탁받은 가상자산을 대리운용하기로 하는 투자운용계약을 체결하였고, 2022. 5.경까지 트라움인포테크가 관리하는 가상자산을 대리운용하였습니다.

**다)** 한편 트라움인포테크가 수탁받은 가상자산의 대부분은 델리오가 신청인들을 포함한 델리오의 채권자들이 델리오에 예치한 자산이었습니다.

## 2. 신청인들의 채권

**가. FTX[1])의 파산신청과 하루인베스트 서비스, 델리오 서비스의 출금정지**

　1) 방준호는 앞서 본 바와 같이 자기 소유의 가상자산과 하루인베스트, 델리오로부터 수탁받은 가상자산 대부분을 FTX 거래소에 입금하여 운용하였습니다.

　2) FTX 거래소의 경우 창업자 샘 뱅크먼 프리드의 방만한 운영으로 인해 고객들의 출금요청을 이행하지 못한 상황이 되어 2022. 11. 11. 파산이 결정되었고, 그에 따라 하루인베스트, 델리오가 방준호에게 직접 위탁하거나, 트라움인포테크를 통해 방준호에게 위탁한 자산은 손실이 불가피하게 되었습니다.

　3) 방준호는 2022. 11.경 이미 FTX 거래소에서 가상자산출금지연 사태가 발생하고 있었고, 방준호의 자산이 대부분 동결되어 있었음에도 대부분의 자산을 바이낸스로 옮겨 큰 위험이 없다고 하루인베스트의 이행수를 기망하여 하루인베스트 측으로부터 2022. 11. 7.부터 2023. 4. 27.까지 원화가치 35,571,945,020원 상당의 가상자산을 추가로 이전 받았습니다. 또한 방준호는 FTX에 예치한 가상자산이 동결되어 출금이 불가능하게 되자 송준을 통해 트라움인포테크로 가상자산을 대여받아 투자자들의 출금요청에 대응하기로 하고 2022. 11. 8. 내지 9경 트라움인포테크의 대표이사 이상훈을 앞서 본 바처럼 원금

---

1) FTX는 바하마 앤티가 바부다(Antigua and Barbuda)에 본사를 두고 있는 암호화폐 거래소이다. MIT(매사추세츠 공과대학교) 출신의 샘 뱅크먼 프라이드(Sam Bankman-Fried)와 개리 왕(Gary Wang)이 2019년 5월에 설립하였으며, 바이낸스, 코인베이스에 이어 세계 3위권 암호화폐거래소로 성장하였다. 파산개시전까지 샘 뱅크먼 프라이드가 FTX의 CEO를 맡고 있었다. FTX에서는 암호화폐 현물, 선물, 옵션, 레버리지 토큰 등 다양한 파생상품을 제공하고 있었다. FTX는 자체발행코인을 담보로 거액을 대출받았는데 해당 자체발행코인 FTT의 가치가 하락하자 부채를 이기지 못하여 2022. 11. 6. 뱅크런 상황이 발생하였고, 2022. 11. 9. 예치한 가상자산을 동결하였으며 2022. 11. 11. 델라웨어주에 파산신청을 하여 파산에 돌입하였다. 그 과정에서 10만 명이 넘는 많은 피해자들이 양산되었다.

상환 가능성이 없음에도 투자위험이 없다고 기망하여 트라움인포테크로부터 2022. 11. 9 및 10. 원화 가치 합계 24,229,351,202원의 가상자산을 이전받았습니다.

4) 한편, 방준호가 고객으로부터 수탁받은 가상자산이 대부분 FTX에 동결되어 결국 하루인베스트, 델리오, 트라움인포테크 등 주요 경영진에게 수탁한 자산을 돌려줄 수 없게 되었고 그에 따라 하루인베스트서비스에 대해 박수용, 송훈, 이형수 등은 2023. 6. 13. 가상자산출금을 중단하고 사무실을 폐쇄하였습니다. 또한 델리오 역시 그 다음날인 2023. 6. 14. 델리오 서비스의 출금을 중단하였습니다.

**나. 하루인베스트서비스, 델리오서비스의 출금중단과 신청인들의 하루인베스트 관계사들(방준호에 대한 채권을 가지고 있는 회사) 및 델리오에 대한 채권**

1) 하루인베스트 서비스, 델리오 서비스의 출금중단은 신청인들을 포함한 채권자들이 예치한 자산을 안전하게 보관하고 있지 않으며 손실이 크게 발생되었다는 것이어서 신청인들을 포함한 채권자들은 즉시 자산손실 정도와 피해구제 방법을 회사에 요청하였습니다.

2) 그러나 하루인베스트와 델리오의 경영진은 남은 자산과 손상자산에 대해 아무런 정보도 제공하지 않고 묵묵부답으로 일관하여 채권자들은 하루인베스트의 경영진인 박수용, 송훈, 이형수, 강준호와 델리오의 경영진인 정상호 등을 특정경제가중처벌법상의 사기로 고소[2]하는 한편 서울회생법원에 청산형 회생을 전제로 한 회생신청[3]을 하였습니다

---

[2] 하루인베스트서비스 경영진에 대해서는 구속기소되어 서울남부지방법원 2024고합68호로 형사소송이 진행중이고 방준호 역시 구속기소되어 서울남부지방법원 2024고합54호로 형사재판이 진행중입니다. 델리오의 정상호 대표에 대해서도 구속영장이 신청되었다가 기각된 바 있고 조만간 기소될 예정으로 알고 있습니다.

[3] 서울회생법원 2023회합100085호(주식회사 블록크래프터스), 서울회생법원 2023회합100087(하루인베스트코리아 주식회사), 서울회생법원 2023회합100148호(하루 매니지먼트 주식회사)

(피해자들의 경우 모두 가상자산으로 회수를 바라고 있어 하루인베스트와 델리오의 가상자산을 비트코인 등 하나의 가상자산으로 바꾸어 최대한 빠르게 변제받기 위해 부득이하게 파산절차가 아닌 회생절차를 선택하게 되었습니다).

　　3) 하루인베스트의 피해자들인 채권자들은 수사기관에서 기망에 의한 피해액이 인정되었습니다(하루인베스트 경영진인 박수용, 송훈, 이형수, 강준호에 대한 공소장을 첨부하였습니다). 델리오의 경영자인 정상호에 대한 공소장은 곧 입수하여 추가로 제출할 예정입니다.

　　4) 신청인들이 하루인베스트와 델리오에 대해 가지는 채권에 대해서는 별지와 같습니다. 공소장 기재와 별지 채권액과 다른 이유는 공소장 기재 가상자산은 피해자들이 기망당하여 하루인베스트와 델리오가 예치한 금액이고, 별지 기재 채권은 하루인베스트와 델리오가 약정에 따라 신청인들에게 지급하여야 하는 금액이기 때문입니다. 불법행위에 기한 손해배상채권액과 약정금채권액은 다를 수 있습니다.

　　5) 신청인들 중 하루인베스트서비스에 가상자산을 예치한 사람들은 하루인베스트서비스를 운용한 박수용, 송훈, 이형수, 강준호 등에게 불법행위에 기한 손해배상채권이 있고, 하루인베스트서비스를 실제로 운용한 블록크래프터스, 하루인베스트코리아에 대해 약정금 및 손해배상채권이 있습니다. 위 박수용, 송훈, 이형수, 강준호 등이 금융규제를 피하기 위해 서울 강남에서 실질적으로 서비스를 운영하면서 형식적으로 싱가폴, 버진아일랜드 등 해외에 설립한 회사들이 신청인들에 대해 약정금채무를 부담한다는 주장은 실질적인 피해회복을 불가능하게 하기 위해 법인격을 남용하는 주장으로 받아들이기 어려운 주장입니다. 만일 이와 달리 해석하신다면 보정을 통해 해당 회사에 대한 법률적 주장을 별도로 하겠습니다.

신청인들 중 델리오서비스에 가상자산을 예치한 사람들이 델리오 및 대표이사인 정상호에 대해 손해배상채권 및 약정금 채권을 가진다는 점 역시 앞서 본 사실에 비추어 분명합니다.

**다. 하루인베스트 서비스 운영회사 및 델리오, 트라움인포테크의 각 무자력과 채권자대위**

1) 앞서 본 바에 의하면 하루인베스트 서비스와 델리오 서비스에 예치된 고객의 자산에 대해 심각한 손실이 발생되었고, 결국 신청인들을 포함한 고객들의 출금요청에 대해 응할 수 없는 상황이 명백해졌습니다.

2) 하루인베스트와 델리오의 자산 중 가상자산 전자지갑에 남아있는 것은 검찰에 모두 압수되었고, 현재 하루인베스트 운영회사와 델리오의 자산은 고객들의 자산을 제3의 위탁기간에 운용을 위탁한 계약에 근거한 위탁 가상자산 반환청구권 외에 특별한 것이 없습니다.

하루인베스트와 델리오로부터 고객의 가상자산을 위탁받은 방준호(델리오의 경우 트라움인포테크를 통해 방준호에게 델리오의 가상자산을 위탁하였습니다)는 해당 자산을 대부분 FTX에 예치하여 운용하였고, FTX의 파산으로 인하여 현재 고객 자산의 상당 부분을 회수할 수 없게 되었습니다.

3) 트라움인포테크는 특별한 자산이 없는 회사로 델리오로부터 위탁받은 가상자산을 그대로 방준호에게 재위탁하였고, 방준호로부터 위탁자산을 돌려받기 어렵게 되자 위탁자인 델리오에 수탁한 가상자산을 반환할 수 없게 되어 부채가 자산을 초과하는 무자력이 되었습니다.

4) 결국 신청인들이 하루인베스트 서비스와 델리오 서비스에 예치한 자산 중 상당부분은 돌려받을 수 없게 되었고, 하루인베스트 운영회사와 델리오는 부채가 자산을 초과함이 분명해진 상황입니다.

## 3. 방준호는 부채가 자산을 초과하고 있고 하루인베스트와 델리오에 대한 채무를 변제할 수 없어 현재 파산상태입니다.

### 가. 방준호의 부채와 잔존 자산 현황

1) 첨부한 방준호에 대한 공소장에 기하면 방준호에 대하여 위탁자산 반환청구권을 가지고 있는 블록크래프터스와 하루인베스트코리아(하루인베스트서비스 운용회사)가 방준호에 대하여 35,571,945,020원 상당의 가상자산 인도청구권을 가지고 있습니다. 또한 델리오서비스 운용회사인 델리오가 트라움인포테크에 대하여 24,229,351,202원의 가상자산 인도청구권을, 트라움인포테크가 방준호에 대하여 24,229,351,202원의 가상자산 인도청구권을 가지고 있습니다.

2) 형사적인 책임은 별론으로 하고, 블록크래프터스, 하루인베스트코리아는 방준호에게 거액의 가상자산을 위탁하였고, 방준호는 FTX 파산으로 인하여 해당 위탁자산을 하루인베스트 운영사와 델리오에 돌려줄 수 없게 되어 방준호가 파산상태에 이른 것은 분명합니다.

3) 방준호에 대한 구체적인 잔존자산에 대해서는 채권자 신청의 파산신청인 이유로 방준호의 회계자료를 알 수 없어 자세히 알 수 없지만 방준호가 가진 자산 중 가장 큰 자산은 FTX에 예치한 가상자산에 대한 파산채권입니다.

　　그 외에 다른 자산이 존재하고 있다고 하더라도 신청인들을 포함한 채권자들의 채권을 모두 변제하기에는 턱없이 작은 금액이라고 생각되고 이는 파산관재인의 조사로 파악할 수 있는 자산입니다.

### 나. 신청인들의 방준호에 대한 채권자대위

　　앞서 본 바와 같이 신청인들은 별지 목록 기재와 같은 가상자산 인도불능으로 인한 파산채권을 블록크래프터스, 하루인베스트코리아, 델리오에 대하여 가지고 있습니다. 또한 블록크래프터스, 하루인베스트코리아, 델리오, 트라움인포테크는 방준호에게 앞서 본 바와 같은 가상자산인도청구권 및 인도불능에 따른 전보배상청구권을 가지고 있습니다. 신청인들은 위와 같은 파산채권을 보전하기 위하여 블록크래프터스, 하루인베스트코리아, 델리오, 방준호를 순차 대위하여 채무자를 상대로 파산신청을 할 수 있습니다.

## 4. 방준호의 채무자에 대한 채권과 방준호 및 채무자에 대한 급박한 파산신청의 필요성

### 가. 방준호가 가지고 있는 FTX 파산채권의 처분 정황

　　1) 하루인베스트서비스의 운영자들인 박수용, 송훈, 이형수, 강준호는 자신들이 스스로 정한 외부운용사 선정기준을 충족하지 못하는 방준호를 2020. 8. 7.경 외부운용사로 선정한 것을 시작으로 신청인들을 포함한 고객들로부터 예치한 가상자산 94%(비트코인 5,000개, 이더리움 3만 개, USDT 1,000만 개)의 운용을 위탁하였습니다. 델리오 역시 고객들이 예치한 자산을 트라움인포테크에 위탁운용을 맡겼고, 트라움인포테크는 다시 방준호에게 델리오로부터 받은 가상자산을 위탁하였습니다. 해당 위탁가상자산의 상세명세는 공소장 등을 입수하여 추가로 소명하겠습니다.

2) 방준호는 신청인들이 하루인베스트서비스, 델리오서비스에 예치한 가상자산을 FTX 의 자신의 두 개의 계정에 전송하여 운용하였습니다.

3) 방준호는 FTX가 2022. 11. 11. 파산한 이후 각 59,391,855달러 및 106,269,300달 러의 파산채권(계정 청구권)을 가지고 있었습니다. 방준호는 자신의 계정에 있는 가상자 산이 하루인베스트서비스, 델리오서비스에 예치한 고객들의 자산임을 잘 알고 있으면서 도 파나마 공화국 법률에 따라 설립된 렘마 테크놀로지4)(Lemma Technologies Inc, 대주 주는 방준호이고 대표이사 역시 방준호 방준호입니다)자와 사이에 2023. 1. 18. 방준호가 FTX의 파산절차에 대해 가지는 채권을 렘마 테크놀로지에 대해 양도하여 자신의 자산을 처분하였습니다. 이 해당 처분행위는 형사적으로 횡령 및 배임행위에 해당하고, 향후 방 준호에 대한 파산절차에서 부인되어 효력이 상실되어야 할 것입니다.

방준호의 FTX 계정에 담긴 가상자산은 그 실질이 하루인베스트와 델리오 피해자들이 해당 서비스에 예치한 것으로 FTX 파산절차에서 방준호가 돌려받은 자산은 하루인베스 트와 델리오를 통하여 피해자들에게 분배되어야 합니다.

채무자가 가진 자산은 FTX에 예치한 가상자산에 대한 파산채권이 전부로서 방준호는 거액의 자산을 운용하기 위해 페이퍼 컴퍼니로 채무자를 설립하였을 뿐이고 방준호는 채 무자의 대주주 겸 대표이사로서 채무자의 FTX에 대한 완전한 계정 지배권을 가지고 있 었습니다. 방준호가 자신이 위탁받은 자산을 채무자의 계정에 옮겼다고 하더라도 이는 방준호의 자산과 동일하고 채무자가 방준호와 별개의 법인으로서 위 파산채권에 대한 소 유권을 가진다고 해석하는 것은 위법한 자산 처분에 대한 면죄부를 주는 것으로 받아들 이기 어렵습니다.

---

4) Via Espana, Delta Bank Building, 6th Floor, Suite 604D, Panama City PA-8 Panama

4) 방준호가 대표로 있는 채무자는 하루인베스트 서비스가 출금정지를 한 2023. 6. 13., 델리오가 출금정지를 한 2023. 6. 14. 이후인 2023. 6. 16. 스발바르 홀딩스 리미티드(SVALBARD HOLDINGS LIMITED)에 채무자가 향후 FTX 파산절차에서 지급받을 배당 채권을 매각하는 계약을 체결한 것으로 보입니다.

위 스발바르 홀딩스 리미티드(이하 '스발바르 홀딩스라고 합니다. 모 회사는 런던 소재 아테스토 ATTESTOR, 7 Seymour street, London w1h 7jw)에서 위 채권매각 계약에 기하여 채무자를 상대로 위 채권 매각 계약에 따른 이행을 하라는 취지의 소송을 뉴욕 주 법원(SUPREME COURT OF THE STATE OF NEWYORK COUNTY OF NEWYORK)에 제기하였습니다. 그러나 위 채권양도계약은 채무자가 채무초과상태에서 채권자들의 이해에 반해 방준호가 자산은닉목적으로 행한 것으로 그 효력을 인정할 수 없습니다.

5) 채무자는 앞서 본 바와 같이 그 실체가 분명하지 않고 방준호가 FTX에서 법인계정을 만들어서 자신이 위탁받은 가상자산을 운용하기 위해 형식적으로 만든 페이퍼 컴퍼니입니다. 채무자의 대주주는 방준호이고, 대표이사도 방준호이며 채무자의 자산은 FTX에 채무자 계정으로 예치한 가상자산이 전부입니다.

채무자는 별도로 영업을 하거나 조직이 있는 것이 아니라 방준호가 하루인베스트나 트라움인포테크로부터 위탁받은 가상자산을 채무자 이름으로 운영하기 위해 실체 없이 서류상 만든 법인이고, 따라서 채무자와 방준호 사이에서는 채무자 계정에 있는 가상자산은 방준호의 요청에 의해 언제든지 인출됩니다. 채무자의 가상자산을 이전하거나 매각하는 경우 채무자의 이사회의 결의가 있거나 회계적인 처리가 있었다고 보이지도 않습니다. 채무자의 계정은 방준호가 임의로 사용한 것으로 보이고, 아래에서 보는 채무자의 파산채권 매각 역시 어떠한 이사회결의나 가상자산에 대한 실질적 권리를 가지고 있는 하루인베스트나 트라움인포테크, 델리오 등의 허락을 받은 바도 없습니다.

6) 방준호는 FTX가 파산절차에 들어간 이후에도 하루인베스트 운영자인 이형수, 트라움인포테크의 대표자를 기망하여 거액의 가상자산을 위탁받았음은 앞서 본 바와 같습니다. 위와 같이 위탁받은 가상자산은 다시 자신이 운용하는 채무자의 FTX 계정으로 전송되었습니다. 하루인베스트나 델리오가 방준호로부터 가상자산을 회수하지 못하여 결국 출금정지를 한 2023. 6. 15.경 채무자는 자신이 가지고 있는 FTX 파산채권을 매각하기 위하여 경매사이트에 해당 채권을 매각의사를 올렸습니다. 그러나 이러한 매각에 대한 의뢰 역시 채무자가 법인으로서 이사회의 결의에 의해 자신의 자산을 처분한 것이 아니라 방준호가 FTX에 대해 자신이 관리하던 계정에 대한 파산채권을 매각한다는 의사로 올린 것입니다. 굳이 법률적으로 포섭한다면 채무자의 법인격은 부인되거나 인정된다고 한다면 방준호는 자신이 위탁받은 가상자산을 자신이 관리하는 채무자에게 재위탁하여 언제든지 인출이 가능한 권리를 가지고 있었으므로 이사회의 결의나 주주총회의 결의 없이 채무자의 대표이사의 지위에서 채무자의 자산 일체를 매각한 것입니다.

7) 채무자가 자신이 가진 유일한 자산인 FTX 파산채권에 대해 경매사이트에 매각을 의뢰하여 낙찰되도록 한 행위는 실질적인 소유자라고 할 수 있는 방준호의 행위와 동일합니다. 이 경우 방준호에 대한 파산사건에서도 위 방준호의 행위에 따른 채무자의 FTX 파산채권 매각행위를 부인할 수 있다고 할 것입니다(법인파산실무 5판 511면, 박영사).

채무자의 위 파산채권 염가매각행위는 사실 방준호의 행위로서 방준호의 채권자들인 하루인베스트, 트라움인포테크, 델리오 등을 해하는 행위입니다. 자산을 소비하기 쉬운 금전으로 환가하는 것은 재산의 일반담보력을 저하시키는 것으로 원칙적으로 채권자를 해하는 것으로 보고 있습니다(위 책 515면)

또한 위 파산채권은 매각 당시인 2023. 6.경 5,800만 달러로 매각사이트에서 입찰이

되었으나 현재 1억 7,000만 달러의 가치를 지는 것으로 평가받고 있습니다. 이것을 보더라도 방준호가 채무자 명의로 된 파산채권을 5,800만 달러로 매각한 행위는 인정될 수 없고 부인되어야 합니다.

채무자의 파산채권 매각은 방준호가 파산채권자를 해하는 것을 알고 한 행위로서 고의부인대상이 되고 파산관재인은 이를 부인하여야 할 것입니다.

또한 방준호는 자신이 위탁받은 가상자산이 모두 FTX의 파산으로 동결되어 자신 역시 파산상태에 이른 것을 알고 있으면서도 채무자의 가상자산을 법적인 절차를 거치지 않고 임의로 염가로 매각한 것이고, 위 매각의 효력을 인정할 수는 없다고 하겠습니다.

**나. 채무자의 FTX 자산매각은 아직 그 양도대금을 수령하지 않은 상태로 미이행쌍무계약에 해당하고, 파산관재인은 파산채권자들을 위해 위 양도계약의 해제를 선택해야 합니다.**

앞서 본 바와 같이 채무자의 FTX 파산채권의 경우 매각 당시인 2023. 6.경 5,800만 달러로 매각사이트에서 입찰이 되었으나 현재 1억 7,000만 달러의 가치를 가지고 있습니다. 그러나 채무자는 아직 채권양도계약을 체결하였다고 주장하고 있는 스발바르 홀딩스로부터 양도대금을 수령하지 않았고, FTX 계정에 대한 이전 등 채권양도절차를 일애하지 않은 상태이고 따라서 위 채권양도계약은 미이행 쌍무계약에 해당합니다.

따라서 파산관재인은 채무자회생법 제335조에 의해 파산선고당시 이행을 완료하지 않은 위 양도계약에 대해 해제를 선택할 수 있습니다. 채권양도계약 당시의 파산채권의 평가액과 현재의 파산채권의 평가액이 3배 이상 차이나는 이상 당연한 일이고 우연한 기회로 아직 양도대금을 지불하지도 않은 스발바르 홀딩스가 파산채권 가치의 대부분을 가

저갈 수는 없습니다. FTX 가상자산 예치에 따른 파산채권은 실제로는 방준호나 채무자의 것이 아니라 방준호에게 위탁한 하루인베스트나 델리오 예치자의 것이라고 할 수 있기 때문입니다.

**다. 방준호와 채무자에 대한 급박한 파산선고의 필요성**

1) 하루인베스트와 델리오 예치자는 하루인베스트와 델리오로부터 해당 회사들이 가지고 있는 가상자산으로 피해를 구제받아야 합니다. 현재 해당 회사들이 고객들로부터 예치한 가상자산 중 내부에서 운용한 가상자산에 대해서는 수사기관에 압수되어 있고, 수사기관의 수사결과 하루인베스트나 델리오는 고객으로부터 예치받은 자산의 대부분을 방준호에게 예치한 것으로 파악되고 있습니다.

2) 그런데 방준호는 하루인베스트, 델리오로부터 위탁받은 가상자산을 페이퍼 컴퍼니인 채무자 명의로 이전하고, 나아가 2023. 6.경 이를 채권매각사이트에 올려 매각하였습니다. 이러한 채권매각으로 인하여 스발바르 홀딩스가 채무자를 상대로 채권양도계약을 이행하라는 소를 뉴욕주법원에 이행한 상태입니다. 이와 같이 채권양도계약이 유효로 인정되어 이행이 완료되면 하루인베스트, 델리오의 예치자들에게 피해구제를 위해 사용되어야 할 FTX 파산채권 가치의 대부분이 위 예치자들이 아니라 방준호의 위법한 자산매각행위에 동조한 부실채권투자회사인 스발바르 홀딩스에게 이전됩니다.

3) 이에 하루인베스트와 델리오의 예치자들인 신청인들은 위 채권양도계약의 이행을 저지하고, FTX 파산채권을 온전하게 이전받기 위해 방준호와 채무자에 대해 파산신청을 하는 것입니다.

4) 채무자는 실질이 존재하지 않는 페이퍼컴퍼니로서 방준호가 모든 자산 처분과 관

련한 행위를 하였다고 하더라도 이미 형식적으로 스발바르 홀딩스에서 채무자를 상대로 채권양도절차이행을 구하는 소를 제기한 이상 채무자에 대한 파산선고를 통해 위 스발바르 홀딩스와 채무자의 채권양도계약을 부인하거나 미이행쌍무계약으로 해제를 선택하는 것이 가장 간명한 해결이라고 할 것이어서 방준호에 대한 파산신청과 더불어 채무자에 대해서도 파산신청을 하는 것입니다.

**라. 채권자대위를 통한 방준호와 채무자에 대한 파산신청에 대하여**

1) 형식적인 관점에서 볼 때에는 ① 채무자에 대해서는 유일한 채권자겸 대표이사, 대주주인 방준호가 파산신청을 하고, ② 방준호에 대해서는 방준호 스스로 또는 방준호에게 위탁운용을 맡긴 하루인베스트 운영회사(블록크래프터스, 하루인베스트코리아), 델리오가 채권자로서 파산신청을 하고, ③ 블록크래프터스, 하루인베스트코리아, 델리오의 경우에는 블록크래프터스, 하루인베스트코리아, 델리오의 채권자들이 파산신청을 순차적으로 하는 것이 바람직하다고 볼 수 있습니다.

2) 그러나 현재 신청인들의 피해회복에 사용되어야 할 FTX 파산채권이 타에 처분되어 소실될 위험이 발생한 급박한 상황이고, 방준호, 블록크래프터스, 하루인베스트코리아, 델리오, 트라움인포테크가 채무 초과상태임은 공소장 기재에 비추어 분명하므로 블록크래프터스, 하루인베스트코리아 등 하루인베스트서비스 운영회사와 델리오의 채권자들인 신청인들은 블록크래프터스, 하루인베스트코리아, 델리오, 트라움인포테크, 방준호를 순차 대위하여 방준호와 채무자를 상대로 파산신청을 할 수 있다고 할 것입니다.

대법원 2017. 12. 5. 선고 2017마5687 결정은 채무자가 파산을 신청하지 않아 파산절차에 따른 채권자의 잠재적 이익이 상실될 수 있다는 점에서 채권자가 파산신청을 할 수 있도록 하였다고 판시하고 있습니다. 위 결정에 취지에 비추어 보더라도 채권자대위

에 의한 파산신청이 불가능하다고 볼 수 없을 뿐 아니라 이 사건의 경우 채권자 대위에 의한 파산신청을 받아들여 파산선고를 하여야 피해자구제가 실질적으로 가능하게 됩니다.

　　3) 외국법인인 채무자에 대해 파산신청을 할 수 있음은 채무자회생법 제2조에 의해 분명합니다.


## 5. 보전처분의 필요성

파산신청 후 파산선고 전에도 채무자는 FTX 파산채권에 대한 처분을 할 수 있습니다. 채무자의 거의 유일한 재산이라고 할 수 있는 FTX 파산채권에 대하여 파산선고가 있을 때까지 채무자 소유의 위 FTX 파산채권에 대하여 어떠한 처분행위나 스발바르 홀딩스에 대한 채권양도의 이행행위를 하여서는 아니된다는 보전처분이 필요합니다.

방준호의 파산절차에 있어서도 파산관재인이 채무자와 스발바르 홀딩스 사이의 채권양도계약의 효력을 다투거나 부인권을 행사할 수도 있을 것으로 생각됩니다.


## 6. 파산관재인 선임 및 예납비용과 관련한 의견

**가.** 이 사건의 파산관재인은 FTX 파산사건을 다루는 미국 델라웨어주 파산법원에 한국에서 채무자에 대한 파산선고가 있었고, 파산관재인이 채무자와 스발바르 홀딩스 사이의 채권양도를 부인하였으며 그에 따라 법원이 부인청구를 인용하였다는 점을 알려야 하므로 영어가 가능하고, 미국 법률절차에 잘 알고 있으면 좋겠습니다. 신청인들 대리인으

로서는 파산관재인과 소통하여 위와 같은 절차를 원활하게 하도록 노력할 예정입니다.

　**나.** 이 사건의 경우 채권자 신청의 파산신청이므로 원칙적으로 채무자의 자산에서 파산비용을 충당하는 것이어야 할 것입니다. 채무자가 FTX로부터 받을 파산채권이 1억 7,000만 달러에 이르고 이를 이 사건 파산에서 파산관재인이 회수할 것으로 예상되고 있으므로 굳이 채권자들에게 거액의 파산비용을 예납하도록 할 필요는 없다고 보입니다. 현재 채무자에 대해 드러난 채권자로서는 방준호와 스발바르 홀딩스만이 있을 뿐이고, 채무자의 법인격이 부인되더라도 방준호에 대해서는 하루인베스트, 트라움인포테크, 델리오 등이 채권자로 파악될 뿐이어서 송달비용 등이 크게 들지는 않는다고 할 것입니다.

　다만 채권자들은 현재 파산비용으로 충분한 돈은 예납할 상황이 아니어서 최소한의 파산관재인 비용 예납을 명해 주시고, 향후 파산절차에서 피신청인의 재산에서 파산관재인의 비용을 충당하는 것이 쉽지 않고, 재산 추적 비용 등으로 파산관재인 비용을 추가로 예납할 필요성이 있는 경우 추가로 예납을 명해 주시면 채권자들은 이를 이행하도록 하겠습니다. 이 사건에서 채권자들에게 파산관재인 비용 예납을 명함에 있어서는 이를 감안하여 최소한으로 해주시길 부탁드립니다.


## 7. 결론

　이상과 같이 채무자는 방준호 또는 방준호의 채권자들에게 예치한 가상자산을 인도할 의무가 있다고 할 것인데 이를 이행하지 못하여 파산상태에 있음은 분명하므로 채무자에 대해 파산선고를 내려주시기 바랍니다.

### ◈ 채무자회사의 현황

| 채무자현황 - ( )부분은 작성요령 | 내용 또는 금액 | 기준일 |
|---|---|---|
| 주업종(법인등기부상 업종 중 주업종기재) | | |
| 발행주식수(법인등기부상, 신청당시기준) | | |
| 자본액(법인등기부상, 신청당시기준) | | |
| 자산금액(신청당시 또는 마지막회계기준) | | |
| 부채금액(신청당시 또는 마지막회계기준) | | |
| 매출액(전년도 매출총액) | | |
| 상장법인여부 | | |
| 주거래은행(1곳만 기재) | | |

## 첨부서류

1. 별지 신청인별 채권액
2. 소갑 제1호증 채무자에 대한 스발바르홀딩스 소장 및 번역
3. 소갑 제2호증 서울남부지방법원 2024고합54 방준호에 대한 공소장
4. 소갑 제3호증 서울남부지방법원 2024고합68 박수용, 송훈, 이형수, 강준호에 대한 공소장
5. 소갑 제3호증 서울남부지방법원 2024고합68 박수용, 송훈, 이형수, 강준호에 대한 공소장
6. 소갑 제3호증 서울남부지방법원 2024고합68 박수용, 송훈, 이형수, 강준호에 대한 공소장
7. 소갑 제4호증 블룸버그 기사
8. 소갑 제5호증 디지털애셋기사
9. 소송위임장

2024. 4. 11.

신청인 소송대리인
법무법인 로집사
담당변호사 박광훈
양희진
이정엽
최재윤

**서울회생법원 귀중**

*English translation of Law Firm Lawjibsa's bankruptcy application for LEMMA TECHNOLOGIES INC.*

**Bankruptcy Petition**

**Debtor**

**Petitioner's Request**

**Petitioner (Creditor)**

- **Name:** Kim Cheol-hwan
- **Address:** 6th Floor, 20 Banpo-daero 28-gil, Seocho-gu, Seoul, Korea (Postal Code: 06648)
- **Service Address:** Same as above

**Debtor Information**

- **Name:** LEMMA TECHNOLOGIES INC.
- **Business Registration No.:** [TBD]
- **Address:** Suite 604D, 6th Floor, Delta Bank Building, Via Espana, Panama City, Republic of Panama (Postal Code: 00000)
- **CEO:** Bang Jun-ho

**Legal Representative**

- **Law Firm:** Law Firm **Lawjibsa**
- **Attorneys:** Jung-yup Lee, Jae-yoon Choi, Kwang-hoon Park, Hee-jin Yang
- **Office Address:** 20 Banpo-daero 28-gil, Seocho-gu, Seoul, Korea (Postal Code: 06648)
- **Contact Information:** Office Phone ( ), Email ( ), Fax ( ) 02-523-1910, jy.im@lawjibsa.com, 02-523-1916

The petitioner seeks a court ruling declaring the **debtor bankrupt**.

---

**Reason for Petition**

**1. Relationship Between the Parties**

(a) The petitioners are victims who were deceived by the executives of **Haru Invest Service** and **Delio Service**, who fraudulently induced them to deposit virtual assets.

**1) Haru Invest Service**

1

- The petitioners entrusted virtual assets through the **Haru Invest Service**, developed and operated by executives of **BlockCrafters, Haru Invest Korea**, including **Park Soo-yong, Song Hoon, Lee Hyung-soo, and Kang Joon-ho**.
- The operators of **Haru Invest Service** falsely guaranteed the safety of principal deposits, deceiving petitioners into depositing **Bitcoin and other virtual assets**.
- The service operators **entrusted asset management to Bang Jun-ho in May 2019**, without informing depositors.
- To avoid Korean financial regulations, executives created offshore shell companies such as **Haru United Ptd. Ltd., BC Haru, and Haru Management**, while operations were conducted from **BlockCrafters' office in Seoul**.

**2) Delio Service**

- The petitioners were misled into entrusting their assets with **Delio**, whose CEO, **Jeong Sang-ho**, falsely claimed that **returns and principal were guaranteed**.
- **Bang Jun-ho** was introduced to **Traum InfoTech** by his associate **Song Jun**, leading to an investment management contract for the operation of **Delio's virtual assets**.
- Most virtual assets managed by **Traum InfoTech** were **originally entrusted by Delio's creditors**.

**2. Petitioners' Claims**

**(a) FTX Bankruptcy and Withdrawal Suspension of Haru Invest & Delio Services**

1. **Bang Jun-ho deposited entrusted assets into FTX** before it collapsed.
2. **FTX declared bankruptcy on November 11, 2022**, leading to inevitable losses for Haru Invest and Delio depositors.
3. **Despite FTX's withdrawal issues**, Bang **misled Haru Invest executives** into transferring an additional **KRW 35.57 billion worth of virtual assets** between **November 7, 2022, and April 27, 2023**.
4. The **withdrawal suspensions** were announced on **June 13, 2023 (Haru Invest)** and **June 14, 2023 (Delio)**.

**(b) Insolvency of Haru Invest, Delio, and Related Entities**

- The **remaining assets of Haru Invest and Delio have been seized by the prosecution**.
- The **only significant remaining assets are claims against Bang Jun-ho** and **Traum InfoTech**, both of which are **insolvent**.

**3. Insolvency of Bang Jun-ho**

- **Bang Jun-ho owes**:
  - KRW 35.57 billion to BlockCrafters & Haru Invest Korea
  - KRW 24.22 billion to Delio & Traum InfoTech
- **Most of his assets were tied up in FTX**, making him **financially insolvent**.

## 4. Urgent Need for Bankruptcy Declaration

- **Bang transferred his FTX bankruptcy claims to Lemma Technologies** (his own company) on **January 18, 2023**, an act of **embezzlement and fraudulent asset disposal**.
- On **June 16, 2023**, **Lemma Technologies** signed a contract to sell FTX bankruptcy claims to **Svalbard Holdings Limited**.
- **Svalbard Holdings filed a lawsuit in New York Supreme Court to enforce the claim transfer**, but this must be annulled as fraudulent.

## 5. Need for Preservation Measures

- To prevent further asset disposal, the **court should prohibit Lemma Technologies from executing any claim transfers until bankruptcy is declared**.

## 6. Appointment of Bankruptcy Trustee & Deposit for Fees

- The **trustee should be experienced in U.S. bankruptcy law**, as **FTX proceedings are ongoing in Delaware Bankruptcy Court**.
- **Petitioners request minimal deposit requirements**, as Lemma Technologies holds **$170 million in FTX claims** that could be recovered by the bankruptcy trustee.

## 7. Conclusion

- **Lemma Technologies is insolvent** and **should be declared bankrupt**.
- The **bankruptcy trustee must recover and distribute the FTX claims** to victims.

---

## Attachments

1. List of petitioners' claims
2. Complaint filed by **Svalbard Holdings in New York Supreme Court**
3. Indictment against **Bang Jun-ho** (Seoul Southern District Court, Case No. 2024 고합 54)
4. Indictment against **Haru Invest executives** (Seoul Southern District Court, Case No. 2024 고합 68)
5. Bloomberg and Digital Asset news articles
6. Power of Attorney

Date: **April 11, 2024**
To: **Seoul Bankruptcy Court**

**Petitioners' Legal Representative**
Law Firm **Lawjibsa**
Attorneys: Jung-yup Lee, Jae-yoon Choi, Kwang-hoon Park, Hee-jin Yang

3