## １２．Conclusion of Additional Materials

The problem stems from the fact that while FTX Trading had completed the legal process of transferring customer contracts and their rights and obligations to FTX Japan, FTX Trading had not turned over all of its assets, and some of FTX Japan's customers' assets were kept by FTX Trading. FTX Japan had placed some of FTX Japan's clients' assets in trust for safekeeping with FTX Trading.

**It is assumed that FTX Japan and FTX Trading make this claim because the assets under FTX Trading's control came under the influence of Chapter 11.** We can only assume that the debtor attempted to resolve the situation by placing the burden on its customers because of an unforeseen event that occurred when some of FTX Japan's customers' assets were held in trust by FTX Trading for FTX Japan to preserve their assets.

As the claimant in this case inferred from the circumstances, the debtor was not prepared in time to properly manage its customers' assets before FTX Japan officially launched its services. Therefore, it is believed that only the transfer of legal rights and obligations was given priority, and the handling of asset management on the system was put on the back burner. **This can be inferred from the fact that FTX Japan submitted a "Statement of Reasons for Delay in Submission" to the Kanto Local Finance Bureau on May 28, 2022.**

Originally, all customers located in Japan who received a notice of transfer were subject to the asset transfer agreement, but after November 2022, when the FTX Trading fraud case was uncovered, the debtor side began to make arbitrary claims that were completely different from the original subject of the asset transfer, which is the essence of the case in question. Moreover, the content of the claim was one-sidedly favorable to the debtor. The debtor is demanding that we accept that claim, but the claimant in this case does not intend to accept it because it is not based on facts and is unreasonable and malicious.

As of April 4, 2022, a time prior to Chapter 11, all Japanese residents were notified that their accounts were with FTX Japan, and FTX Trading's terms of service and other guidance had been changed accordingly. Nevertheless, it is not acceptable for the claimant in this case to be told now, after filing Chapter 11, that he is a customer of FTX Trading.

In addition, the merging accounts process on the FTX Japan mobile application, as claimed by FTX Japan, was neither notified nor made known to the claimant. The failure of the claimant to perform the merging accounts process and identification confirmation was within the scope of his/her conduct in accordance with the notice of transfer, and was not an omission or fault of the claimant.

On the other hand, it can only be said that the failure of FTX Japan and FTX Trading to provide this claimant with a method to prevent this problem from occurring was a fatal omission on the part of FTX Japan and FTX Trading. A much heavier responsibility should be demanded of the debtor as a business than the responsibility to be pursued by the claimant in this case, an individual customer.

FTX Japan claims that it does not take responsibility because the app was registered under the name Blockfolio.Inc. However, FTX Japan is responsible for the FTX Japan mobile app as long as it introduced and provided the service on its official website.

The person alleged to have committed the most serious criminal acts in this Chapter 11 case, Samuel Bankman Fried, was the representative director of both FTX Trading and FTX Japan. Furthermore, the asset transfer agreement provided that FTX Trading and FTX Japan would share customer information, and the notice of transfer was a jointly prepared notice by FTX Trading and FTX Japan. The Debtor could not escape saying that it did not know about it.

Even though FTX Trading was the custodian of the claimant's assets, it is FTX Japan that is obligated to return the assets to the claimant. This is because this was established by the asset transfer agreement dated November 19, 2021, which was notified to the client in the transfer notice.

The claimant in this case has been able to base its own claims on an asset transfer agreement that was in place prior to Chapter 11 and the transfer notice sent pursuant to that agreement. On the other hand, the Debtor has repeatedly based its claims on details that did not exist in the record anywhere in the past. Therefore, it must be said that the Debtor's claim should be denied.

Surprisingly, the debtor has concealed the obligations established by this Asset Transfer Agreement, instead making claims convenient to the debtor on grounds that did not exist in the past. The Debtor is still not performing its obligations pursuant to the Asset Transfer Agreement. The Debtor must perform its obligations as specified in the Notice of Transfer and the Asset Transfer Agreement.

The problem is that FTX Japan repeatedly creates new falsehoods whenever contradictions are pointed out, and FTX Trading agrees with them. At least until now, no legitimate evidence and proof has ever been presented by FTX Trading and FTX Japan. <u>Therefore, we do not expect any legitimate evidence and arguments to be presented by FTX Japan or FTX Trading in the future.</u>

<u>One can only assume that the debtor's goal is to buy time and force its victimized customers to cry themselves to sleep.</u> Unfortunately, the customer's ability to fight the debtor in court would be extremely burdensome, and indeed the scheme has succeeded to a large extent. And some asset restitution has begun for customers residing in Japan who have cried themselves to sleep.

If the U.S. court accepts the debtor's claim in Chapter 11, the claimant in this case will have no choice but to go to trial in Japan. If the claimant in this case sues in the Tokyo District Court in Japan, there is a good chance that FTX Japan will lose because FTX Japan lacks evidence to support its claim to justify FTX Japan.

However, it will take a long period of time and reasonable costs for the claimant to reach a conclusion. In the first place, this case arose from the debtor's past fraudulent cases and continues to this day due to the false claims made by FTX Japan and FTX Trading. It is too unreasonable for the claimant in this case to be forced to bear further burdens.

<u>In order to avoid double payment under Chapter 11, the U.S. court must grant the claimant's motion.</u>

The debtor should be held accountable for the false claims it has made in its favor, and it is consistent with Chapter 11 to determine that the party obligated to return the assets is FTX Japan.

As described above, with respect to the account that the claimant initially opened through the FTX.com web browser and the FTX.com account opened through the FTX App (now known as the FTX Japan Mobile App), the current asset return obligation holder is FTX Japan, not FTX Trading.

Therefore, FTX Japan is obligated to return all crypto assets, etc. to the claimant in this case.

I hope that the court will make a just and appropriate decision with reference to this additional material.

Dated: March 22, 2025

/s/ *NAGASAKA, TAKUYA*

NAGASAKA, TAKUYA（長坂 拓哉）
50-15 TSUTSUMINE
KAWASAKI SHI KAWASAKI KU
KANAGAWA

Postal code : 210-0026
Name of Country : JAPAN
Phone : +81-90-5777-1202
E-mail: : nag.t1202@gmail.com



# EMS Dispatch Note (送り状)

**JP JAPAN POST — EMS 国際スピード郵便**
書類用 (Business Papers)

**From (Sender) Name & Address:**
Takuya Nagasaka
50-15 TSUTSUMINE
KAWASAKI SHI KAWASAKI KU
Kanagawa
Postal Code: 210-0026
TEL +81-90-5777-1202

**受付年月日 Date mailed:** 年(Year) 2025 / 月(Month) 03 / 日(Date) 22
**受付時刻 Time mailed:** 時(hour) 15 / 分(Minute) 13
**総重量 Total gross weight:** 260 g

**To (Addressee) Name & Address:**
The United States Bankruptcy Court for the District of Delaware
824 North Market Street
3rd Floor
Wilmington
Postal Code: 19801
County: DELAWARE
Country: UNITED STATES OF AMERICA

**お問い合わせ番号 (item number):** EN 371 942 898 JP
**郵便料金 / 合計金額:** 3900 / 3900 円 (yen)

(To Post and Customs Officer)
This is EMS Dispatch Note.

※書類のため内容品欄はありません

Postal stamp: 日本郵便 NIPPON 3900 東京中央 TOKYO 22.03.25

日本郵便 NIPPON ★3900 東京中央 TOKYO ★07★ 2.03.25 通用当日限り

U.S.M.S. X-RAY

**JP POST JAPAN POST**

**EMS 国際スピード郵便**
送り状 (Dispatch Note)
書類用 (Business Papers)

JAPAN

From (Sender) Name & Address
権限により開くことがあります
May be opened officially

Takuya Nagasaka
50-15 TSUTSUMINE
KAWASAKI SHI KAWASAKI KU
Kanagawa

Postal Code 210-0026
TEL +81-90-5777-1202
FAX

受付年月日 Date mailed
年 (Year) 2025
月 (Month) 03
日 (Date) 22

受付時刻 Time mailed
時 (hour) 13
分 (Minute) 03

総重量 Total gross weight
260 g

To (Addressee) Name & Address
The United States Bankruptcy Court for the District of Delaware
824 North Market Street
3rd Floor
Wilmington

Country UNITED STATES OF AMERICA
DELAWARE

Postal Code 19801
TEL
FAX

お問い合わせ番号 (item number)
EN 371 942 898 JP

郵便料金 3900
合計金額 3900
円 (yen)
Postage Paid

※書類用のため内容品欄はありません

郵便局へのお願い。ラベル等脱落防止のため、封入口が開じられていることを必ず確認してください。

この用紙は送り状です。
専用パウチに入れてください。
(To Post and Customs Officer)
This is EMS Dispatch Note.

社員確認用
確認済