IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　　Debtors. | ) Chapter 11<br>)<br>) Case No. 22-11068 (KBO)<br>)<br>) (Jointly Administered)<br>) **Hearing Date: April 17, 2025 at 2:00 p.m. (ET)**<br>) **Objection Deadline: April 10, 2025 at 4:00 p.m. (ET)** |

**MOTION FOR ENTRY OF ORDER
AUTHORIZING THE PYTH DATA ASSOCIATION TO FILE UNDER SEAL
CERTAIN EXHIBITS TO OBJECTION OF THE PYTH DATA ASSOCIATION
TO MOTION TO ENFORCE ORDER GRANTING MOTION OF PYTH
DATA ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY (ECF 1693)**

The Pyth Data Association ("PDA"), by and through its undersigned counsel, hereby files this motion (the "Motion to Seal") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9018-1(d) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the PDA to file under seal certain exhibits to the *Objection of the Pyth Data Association to Motion to Enforce Order Granting Motion of Pyth Data Association for Relief from the Automatic Stay (ECF 1693)* (the "Objection")[2] filed contemporaneously herewith. In support of this Motion to Seal, the PDA states respectfully as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

302972040v4

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Pursuant to Local Rule 9013-1(f), the PDA consents to the entry of a final order by the Court in connection with the Motion to Seal to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(d).

**BACKGROUND**

6. On November 11, 2022 and November 14, 2022 (collectively, the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

7. On June 23, 2023, the Court entered the *Order Granting Motion of Pyth Data Association for Relief from the Automatic Stay* [Docket No. 1693] (the "Stay Relief Order"), which modified the automatic stay imposed in these Chapter 11 Cases by section 362(a) of the Bankruptcy Code to allow PDA to remint Original PYTH into New PYTH pursuant to the Reminting Plan.

8. On February 27, 2025, Do Kwon filed the *Motion to Enforce Order Granting Motion of Pyth Data Association for Relief from the Automatic Stay (ECF 1693)* [Docket No. 29773] (the "Motion to Enforce"), requesting that the Court enforce the Stay Relief Order by,

among other things, directing the PDA to exempt Do Kwon from the liveness test, a standard requirement of the KYC/AML process imposed by the Reminting Plan, so that he could verify his identity to obtain New PYTH.

9. In response to the Motion to Enforce, PDA has prepared the Objection, attached to which are various exhibits that include: (a) confidential agreements, including those involving third parties; (b) proprietary interfaces; (c) confidential information within corporate resolutions; and (d) documents containing personally identifiable information, such as copies of passports, submitted by participants in the KYC/AML process imposed by the Reminting Plan. PDA files this Motion to Seal to abide by applicable contractual confidentiality terms, protect the privacy of contract counterparties and KYC/AML participants and avoid any harm that may result from the public disclosure of their sensitive personal information.

10. As such, by this Motion to Seal, PDA seeks the entry of the Proposed Order, authorizing PDA to file under seal any and all exhibits attached to the Objection that are subject to terms of confidentiality and/or include personally identifiable information of nonparties to this contested matter (the "Confidential Information").

## LEGAL AUTHORITY AND ARGUMENT

11. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Specifically, section 107(b) provides in part that:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b)(1).

12.     In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

13.     Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect any entity against scandalous or defamatory matter." Fed. R. Bankr. P. 9018.  Local Rule 9018-1(d)(i) additionally provides, in relevant part, that "[a]ny filer seeking to file a document . . . under seal must file a motion requesting such relief…" Del. Bankr. L.R. 9018-1(d)(i).

14.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal* (*In re Phar-Mor, Inc.*), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27.

15.     Here, sufficient cause exists for the Court to grant the relief sought by this Motion to Seal because doing so will preclude public disclosure of the Confidential Information and protect nonparties from undue prejudice. Indeed, the release of any Confidential Information could expose the terms of confidential agreements, disclose proprietary interfaces, reveal confidential information within corporate resolutions, and risk substantial harm to nonparties through public exposure of their sensitive personal information.

4

302972040v4

16. Moreover, no party will be prejudiced by permitting PDA to file the limited Confidential Information under seal because disclosure of the Confidential Information is not necessary for any party-in-interest to understand, support, or oppose the arguments set forth in PDA's Objection.

17. In light of the foregoing, PDA respectfully requests that the Court authorize PDA to (i) file under seal any exhibits attached to the Objection that contain Confidential Information, (ii) file redacted versions of the Objection and its exhibits on the docket in these Chapter 11 Cases, and (iii) provide unredacted versions of the Objection and its exhibits to: (a) the Court; (b) counsel for the Debtors; (c) the U.S. Trustee; (d) counsel for Do Kwon; (e) counsel for Todd R. Snyder, as the plan administrator (the "Terraform Plan Administrator") of the jointly-administered estates of Terraform Labs Pte. Ltd.; and (f) counsel for the Official Committee of Unsecured Creditors.

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9018-1(d)(ii)**

18. Pursuant to Local Rule 9018-1(d)(ii), the undersigned counsel hereby certifies that PDA conferred in good faith with counsel for the Debtors, counsel for Do Kwon, and counsel for the Terraform Plan Administrator, and none objected to the request to be seal the Confidential Information by this Motion to Seal.

**NOTICE**

19. Notice of this Motion to Seal will be given to the following parties, or in lieu thereof, to their counsel: (i) the Debtors; (ii) the Official Committee of Unsecured Creditors; (iii) the U.S. Trustee; (iv) the SEC; (v) the IRS; (vi) the DOJ; (vii) the U.S. Attorney for the District of Delaware; (viii) Do Kwon; (ix) the Terraform Plan Administrator; and (x) any party

302972040v4

that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the PDA submits that no other or further notice is necessary.

## NO PRIOR MOTION

20. The PDA has not made any prior motion for the relief sought in this Motion to Seal to this Court or any other court.

**WHEREFORE**, for the foregoing reasons, the PDA respectfully requests that the Court enter an order (a) authorizing the PDA to file the Confidential Information under seal; and (b) granting such other and further relief as the Court deems necessary and appropriate.

Dated: April 3, 2025	**SAUL EWING LLP**

By:	*/s/ Mark Minuti*
Mark Minuti (DE Bar No. 2659)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Fax: (302) 421-6813
mark.minuti@saul.com

-and-

**KATTEN MUCHIN ROSENMAN LLP**
Peter A. Siddiqui (admitted *pro hac vice*)
Elliott M. Bacon (admitted *pro hac vice*)
Ethan D. Trotz (admitted *pro hac vice*)
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
peter.siddiqui@katten.com
elliott.bacon@katten.com
ethan.trotz@katten.com

*Attorneys for the Pyth Data Association*