**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>Hearing Date: April 17, 2025 at 2:00 p.m. (ET)<br>Obj. Deadline: April 3, 2025 at 4:00 p.m. (ET)<br><br>Ref. No. 29773 |

**LIMITED OBJECTION OF THE FTX RECOVERY TRUST TO THE MOTION OF
DO KWON TO ENFORCE ORDER GRANTING MOTION OF PYTH DATA
ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY (ECF 1693)**

The FTX Recovery Trust[2] hereby submits this limited objection (this "Limited Objection") to *The Motion of Do Kwon to Enforce Order Granting Motion of Pyth Data Association for Relief from the Automatic Stay (ECF 1693)* [D.I. 29773] (the "Motion"). In support of the Limited Objection, the FTX Recovery Trust respectfully states as follows:

**LIMITED OBJECTION**

1. Through the Motion, Do Kwon, an individual found liable for orchestrating a years-long fraud that led to billions of dollars of investor losses, requests an order from this Court that will allow him to retroactively circumvent know-your-customer ("KYC") requirements and belatedly obtain control of tens of millions of dollars' worth of New PYTH tokens. (Mot. ¶¶ 29-

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of post-effective date debtor entities in these chapter 11 cases, a complete list of the post-effective date debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Recovery Trust's claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established through the FTX Debtors' (the "Debtors") confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404] (the "Plan"), which became effective on January 3, 2025 [D.I. 29127] (the "Effective Date").

30.)  While the Motion is directed to the Pyth Data Association (the "PDA"), the FTX Recovery Trust is compelled to respond to certain statements made in the Motion and the joinder filed by the Terraform Plan Administrator [D.I. 29808] (the "Terraform Joinder").

2. Both the Motion and the Terraform Joinder wrongly assert that the PDA obtained an order from this Court lifting the automatic stay so that it could execute on a reminting plan (the "Stay Relief Order") based on misleading assertions and its failure to disclose necessary information to the Debtors or the Court.  This is false.

3. The Debtors supported entry of the Stay Relief Order and the PDA's reminting plan.  The Debtors held a significant amount of Original PYTH tokens, and as a result, the Debtors and their creditors have received significant value from the PDA's successful implementation of the reminting plan in accordance with this Court's Stay Relief Order.  The Debtors were aware, supported, and expected that the PDA would implement a robust KYC process with reasonable and customary requirements.  In fact, the Stay Relief Order, the form of which was reviewed by the Debtors, expressly *requires* that the reminting plan "include reasonable and customary customer identification procedures that holders of Original PYTH will be required to satisfy in order to receive New PYTH."  [D.I. 1693 ¶ 3.]

4. The Debtors participated in and completed the KYC process established by the PDA in connection with their receipt of New PYTH tokens.  Mr. Kwon, who already has been found liable by a jury in the United States for securities fraud for his actions while at Terraform, and recently was extradited to the United States from Montenegro to face criminal charges for his actions, apparently was unable to pass the KYC process established by the PDA.  This is not surprising given these facts, nor is it unexpected that in such circumstances, a holder of Original PYTH tokens who was unable to complete and pass the KYC process would not receive New

PYTH tokens. The suggestion in the Motion (Mot. ¶ 44) that the Debtors were unable to make an informed choice with respect to the reminting plan or to support entry of the Stay Relief Order is unfounded, wrong, and should not be given any credence.

5.      As the Debtors have maintained, a stringent KYC process is essential to the FTX Recovery Trust's efforts to make distributions to holders of Allowed Claims under the Plan. A rigorous KYC process ensures that the FTX Recovery Trust does not violate the law, including economic sanctions enforced by the Office of Foreign Assets Control and the Money Laundering Control Act of 1986, when making distributions. [*See, e.g.*, D.I. 28225 ¶¶ 28-29.] It also ensures that these chapter 11 proceedings do not become a forum for scammers, fraudsters and other opportunists seeking to pick the pockets of the many beneficiaries of the FTX Recovery Trust. [*Id.* ¶¶ 26-27.] Thus, regardless of how the Court resolves the pending Motion, it should be without prejudice to the FTX Recovery Trust and the KYC procedures that have been established in these chapter 11 cases.

## **RESERVATION OF RIGHTS**

6.      This Limited Objection is limited to the grounds stated herein. The FTX Recovery Trust expressly reserves all further substantive or procedural objections to the Motion.

| | |
|---|---|
| Dated: April 3, 2025<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile:  (302) 467-4450<br>E-mail:  landis@lrclaw.com<br>            mcguire@lrclaw.com<br>            brown@lrclaw.com<br>            pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Christian P. Jensen (admitted *pro hac vice*)<br>125 Broad Street<br>New York, New York 10004<br>Telephone: (212) 558-4000<br>Facsimile:  (212) 558-3588<br>E-mail:  dietdericha@sullcrom.com<br>            bromleyj@sullcrom.com<br>            gluecksteinb@sullcrom.com<br>            jensenc@sullcrom.com<br><br>*Counsel for the FTX Recovery Trust* |