**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 28846, 29193, 29194, 29195, 29196, 29197, 29544, 29545, 29546, 29550, 29578, 29579, 29749, 29856, 29861** |
| | **Hearing Date: April 17, 2025, at 2:00 p.m. ET** |

**FEE EXAMINER'S SUMMARY REPORT**
**ON FINAL FEE APPLICATIONS**

TO:    THE HONORABLE KAREN B. OWENS
       CHIEF UNITED STATES BANKRUPTCY JUDGE:

The Fee Examiner appointed in the above-captioned chapter 11 cases (the "Fee Examiner") submits this summary report (the "Report") pursuant to the *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [D.I. 834] (the "Fee Examiner Order") to advise the Court on the status of the fee review process and to recommend the Court's approval of the interim and final fees and expenses outlined on the attached **Exhibit A**, as discussed in detail below.  The Fee Examiner's review of the interim and final applications listed on **Exhibit B** is ongoing, and the Fee Examiner requests adjournment of those applications to a subsequent omnibus hearing date.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryon's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Background and Summary of Fee Review Process*

The Court entered the Fee Examiner Order on March 8, 2023 "to assist the Court in its determination of whether the Applications submitted by the Retained Professionals subject to this Order are compliant with the Bankruptcy Code, all applicable Federal Rules of Bankruptcy Procedure …, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware …, and the Interim Compensation Order, and to provide transparency in the administration of the Chapter 11 cases."  Fee Examiner Order at ¶ 2.

Through eight interim fee periods, the Fee Examiner has issued comprehensive summary reports recommending virtually all of the professionals' interim fee applications on an uncontested basis, and the Court has entered a series of stipulated orders incorporating the Fee Examiner's recommendations.  For the Court's reference, the interim fee periods, corresponding reports, and interim fee orders are summarized here:

| Interim Fee Period (Dates) | Fee Examiner Summary Report Docket Entry No(s). | Court Order(s) Awarding Interim Fees[2] |
|---|---|---|
| **First** (November 11, 2022-January 31, 2023) | 1663 | 1794 |
| **Second** (February 1, 2023-April 30, 2023) | 2427 | 2506, 3672 |
| **Third** (May 1, 2023-July 31, 2023) | 4492 | 4622 |
| **Fourth** (August 1, 2023-October 31, 2023) | 9157 | 9706 |
| **Fifth** (November 1, 2023-January 31, 2024) | 16172, 22511 | 17787, 24013 |
| **Sixth** (February 1, 2024-April 30, 2024) | 24274 | 24510 |
| **Seventh** (May 1, 2024-July 31, 2024) | 28501 | 28742 |
| **Eighth** (August 1, 2024-October 8, 2024) | 29857 | 29916 |

The Fee Examiner incorporates the findings, conclusions and recommendations of each of the

---

[2] Flat-fee financial professionals (investment bankers) were exempted from the Fee Examiner process. *See* Fee Examiner Order at ¶ 3(iv).  Notwithstanding the exemption, at the December omnibus hearing, Judge Dorsey identified several irregularities with investment banker expenses, tr. December 12, 2024 at 7:10-10:2, and ultimately ordered the Fee Examiner to review those expenses. *See Supplemental Order Expanding the Scope of the Fee Examiner's Duties With Respect to Certain Professionals* [D.I. 28868].  This report includes recommended adjustments to the final expenses of one of the investment bankers, *see* **Exhibit A**, with the others still under review and recommended for deferral to a subsequent omnibus hearing date, *see* **Exhibit B**.

eight interim reports by reference, and now restates those findings in support of converting the interim fee awards to final fee awards pursuant to 11 U.S.C. §330.

Beginning with the *Fee Examiner's Summary Report on Fee Review Process and Second Interim Fee Applications Scheduled for Uncontested Hearing on September 13, 2023* [D.I. 2427] (the "Second Report"), the Fee Examiner determined that some identified fee and expense issues lend themselves easily to resolution on a three-month interim basis, *see* Second Report at p. 5, with others requiring a longer, retrospective review. Rather than interrupt the progress of the case with contested interim fee proceedings, the Fee Examiner elected to identify "Reserved Issues"—that is, issues that represented significant concerns for the Fee Examiner but that were not, in the Fee Examiner's estimation, appropriate for contested proceedings or judicial resolution on an interim basis. *Id.* at pp. 6–9.

Subsequent interim reports identified and, in some cases, quantified the Reserved Issues. Only one small subset of interim fee applications were ever subject to a contemplated objection. *See Fee Examiner's Summary Report on Fee Review Process and Fourth Interim Fee Applications* [D.I. 9157] (the "Fourth Report") at ¶¶ 34–36. Happily, the parties ultimately resolved those issues without contested proceedings. *See Fee Examiner's Notice Regarding the Second, Third, and Fourth Interim Fee Applications of Paul Hastings LLP as Counsel to the Official Committee of Unsecured Creditors* [D.I. 13179].

Most Reserved Issues have been resolved consensually, with any necessary reductions in fees and expenses incorporated into prior interim fee awards. Only two Reserved Issues remain—both relating to a single professional. Those issues, too, have now been resolved on a consensual basis, as detailed below and in the attached exhibits.

***Summary of Final Fee Reconciliation Process and Recommendations***

Most professionals filed Eighth Interim Fee Period applications on or around December 16, 2024 and started filing Final Fee Applications on or around January 10, 2025. Because of this timing, the Fee Examiner's recommended reductions to Eighth Interim Fee Period fees or expenses were not reflected in most professionals' Final Fee Applications.  After the Court entered the *Eighth Omnibus Order Approving Interim Fee Applications* [D.I. 29916], the Fee Examiner and counsel began the process of reconciling amounts requested in the professionals' final fee applications.  In some cases, described in the footnotes to **Exhibit A**, this reconciliation required adjustments to the final requested fees and expenses, to account for minor calculation errors or to incorporate previously negotiated interim fee and expense reductions.

The Fee Examiner has reached agreements with the Retained Professionals, subject to Court approval, on the proper amount of the final fee awards.  The Fee Examiner's recommended final fee adjustments—all consensual—are detailed on the attached **Exhibit A**.

## UNCONTESTED INTERIM AND FINAL APPLICATIONS RECOMMENDED FOR COURT APPROVAL

### DEBTORS' PROFESSIONALS

***Sullivan & Cromwell LLP***

1.      On December 16, 2024, Sullivan & Cromwell LLP ("S&C") filed the *Eighth Interim Fee Application of Sullivan & Cromwell LLP for the period from August 1, 2024 through October 8, 2024* [D.I. 28846] (the "S&C Eighth Fee Application"), seeking $15,375,078.30 in fees and $35,222.53 in expenses.

2.      During the Eighth Interim Fee Period, S&C advised the Debtors on a wide variety of matters, including preparing for and conducting the plan confirmation hearing.

3.      The Fee Examiner identified a number of areas of concern, including possible overstaffing; apparently excessive meeting, hearing, and mediation attendance; time spent communicating and negotiating with the Fee Examiner; and work related to the FTX multidistrict litigation pending in the Southern District of Florida.

4.      The Fee Examiner also quantified two Reserved Issues: (1) fees devoted to the investigation and prosecution of avoidance actions that may not have been described with sufficient detail to allow for a determination of which avoidance matters they relate to and (2) the fees devoted to work on the interim reports of John Ray.

5.      On January 10, 2025, S&C filed the *Final Fee Application of Sullivan & Cromwell LLP* [D.I. 29197] (the "S&C Final Fee Application"), requesting $236,969,698.00 in fees and $799,355.63 in expenses.

6.      After an extensive exchange of information and discussion, the stipulated adjustments to the S&C Eighth Fee Application are sufficient to address the Fee Examiner's concerns.

7.      On January 28, 2025, Lidia Favario filed the *Objection to the Final Fee Application of Sullivan & Cromwell LLP* [D.I. 29430], raising concerns about a panoply of issues, including pre-petition legal services, "shielding key individuals," and "exorbitant fees without proportional results."  Many of Ms. Favario's concerns raise issues not within the scope of the Fee Examiner's role.[3]

---

[3] Ms. Favario also sent a letter to the Court regarding "Concerns Regarding Excessive Expenses in FTX Bankruptcy Case" [D.I. 29430].  The Fee Examiner reviewed all of the expenses incurred by Retained Professionals and by the investment banker professionals and recommended reductions for expenses on an interim basis where appropriate. Some of the expenses included in Ms. Favario's letter were incurred by professionals beyond the scope of the Fee Examiner's role, and the Fee Examiner therefore takes no position on those expenses.

8.     To the extent that Ms. Favario's objection implicates the reasonableness and necessity of the fees incurred by S&C, the Fee Examiner notes Ms. Favario's request that the Court "[r]equire a detailed accounting of how the billed hours and fees have directly benefited creditors."

9.     As outlined in eight prior interim reports, the Fee Examiner process does include analysis of "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C).  With the adjustments the Fee Examiner has previously recommended, and with the additional adjustments recommended in this Report, to which S&C already has stipulated, the Fee Examiner is satisfied that the fees recommended for Court approval on a final basis satisfy all applicable reasonableness standards outlined in the Fee Examiner Order.

10.    The Fee Examiner and S&C have engaged in extensive discussion of the Reserved Issues, exchanging additional information and analysis of both issues.  Subject to Court approval, the parties have now reached a global resolution of the Fee Examiner's concerns, which is incorporated into the recommended adjustments to the S&C Eighth Fee application. The Fee Examiner now recommends Court approval of the S&C Eighth Fee Application and the S&C Final Fee Application, with consensual adjustments, as outlined on **Exhibit A**.

***Alvarez & Marsal North America, LLC***

11.    On January 10, 2025, Alvarez & Marsal North America, LLC ("A&M") filed the *Final Fee Statement of Alvarez & Marsal North America, LLC, as Financial Advisors to the Debtors and Debtors-in-Possession for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From November 11, 2022 Through and Including October 8, 2024* [D.I. 29194] (the "A&M Final Fee Application"), seeking $279,587,945.10 in fees and $7,307,166.92 in expenses.

6

12.     The A&M Final Fee Application did not incorporate previously ordered consensual reductions to fees and expenses for the eight interim fee periods, and the Fee Examiner now recommends that the Court order those adjustments and correct for a minor computational error in A&M's final fee request as outlined on **Exhibit A**.

**AlixPartners, LLP**

13.     On January 10, 2025, AlixPartners, LLP ("AlixPartners") filed the *Final Application of AlixPartners, LLP, Forensic Investigation Consultant to the Chapter 11 Debtors and Debtors-In-Possession, for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from November 28, 2022 through October 8, 2024* [D.I. 29193] (the "AlixPartners Final Fee Application"), seeking $67,614,162.98 in fees and $693,956.47 in expenses.

14.     With the exception of the agreed reductions to AlixPartners' requested Eighth Interim Fee Period Fees and correcting for a minor computational error, the Fee Examiner has concluded that no further adjustments are necessary.  The Fee Examiner now recommends that the Court order those adjustments to be incorporated into AlixPartners's final fee award as outlined on **Exhibit A**.

**Quinn Emanuel Urquhart & Sullivan, LLP**

15.     On January 10, 2025, Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") filed the *Final Fee Application of Quinn Emanuel Urquhart & Sullivan, LLP for the Period From November 13, 2022, Through and Including October 8, 2024* [D.I. 29196] (the "Quinn Emanuel Final Fee Application"), seeking $49,586,712.29 in fees and $84,385.32 in expenses.

16.     On January 23, 2025, Lidia Favario filed the *Objection to the Final Fee Application of Quinn Emanuel Urquhart & Sullivan, LLP for the Period From November 13,*

*2022, Through and Including October 8, 2024* [D.I. 29398], raising concerns about a panoply of issues, including disclosure deficiencies, conflicts of interest, breach of fiduciary duty, and "exorbitant fees without meaningful recoveries." Many of Ms. Favario's concerns raise issues not within the scope of the Fee Examiner's role.

17.     To the extent that Ms. Favario's objection implicates the reasonableness and necessity of the fees incurred by Quinn Emmanuel, the Fee Examiner notes Ms. Favario's request that the Court "[r]equire a detailed accounting of how the billed hours and fees have directly benefited the creditors," and "[e]xamine the firm's decision-making process in determining which adversary actions to pursue and whether conflicts of interest influenced these decisions."

18.     As outlined in eight prior interim reports, the Fee Examiner process does include analysis of "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C). The Fee Examiner also analyzed in detail the fees incurred to pursue various adversary proceedings on behalf of the Debtors. The Fee Examiner does not have a role, of course, in evaluating conflict of interest issues. With the adjustments the Fee Examiner has previously recommended, and to which Quinn Emmanuel already has stipulated, the Fee Examiner is satisfied that the fees recommended for Court approval on a final basis satisfy all applicable reasonableness standards outlined in the Fee Examiner Order.

19.     The Quinn Emanuel Final Fee Application did not, however, incorporate previously ordered consensual reductions to fees and expenses for the eight interim fee periods, and the Fee Examiner now recommends that the Court order those adjustments to be incorporated into Quinn Emanuel's final fee award as outlined on **Exhibit A**.

***Landis Rath & Cobb LLP***

20.     On January 10, 2025, Landis Rath & Cobb LLP ("LRC") filed the *Final Fee Statement of Landis Rath & Cobb LLP as Bankruptcy Co-Counsel to the Debtors and Debtors-in-Possession for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from November 11, 2022 Through and Including October 8, 2024* [D.I. 29195] (the "LRC Final Fee Application"), seeking $12,234,226.75 in fees and $232,294.85 in expenses.

21.     The LRC Final Fee Application did not incorporate previously ordered consensual reductions to fees and expenses for the eight interim fee periods, and the Fee Examiner now recommends that the Court order those adjustments to be incorporated into LRC's final fee award as outlined on **Exhibit A**.

***Kroll Restructuring Administration LLC***

22.     On February 26, 2025, Kroll Restructuring Administration LLC ("Kroll") filed the *Final Fee Application of Kroll Restructuring Administration LLC, Administrative Advisor to the Debtors, for Compensation for Services and Reimbursement of Expenses for the Final Period from November 11, 2022 Through October 8, 2024* [D.I. 29749] (the "Kroll Final Fee Application"), requesting $647,621.63 in fees and $931.40 in expenses.

23.     The Kroll Final Fee Application appropriately incorporates all previously agreed and ordered adjustments to its fees and expenses, and the Fee Examiner recommends Court approval of the application as filed and outlined on **Exhibit A**.

### UCC PROFESSIONALS

***Paul Hastings LLP***

24.     On February 10, 2025, Paul Hastings LLP ("Paul Hastings") filed the *Final Fee Application of Paul Hastings LLP, as Lead Counsel for the Official Committee of Unsecured*

*Creditors, for Allowance of Compensation and Reimbursement of Expenses for the Period from December 20, 2022 Through October 8, 2024* [D.I. 29544] (the "Paul Hastings Final Fee Application"), seeking $46,561,850.00 in fees and $1,757,739.38 in expenses.

25.    The Paul Hastings Final Fee Application did not incorporate previously ordered consensual reductions to fees and expenses for the eight interim fee periods, and the Fee Examiner now recommends that the Court order those adjustments to be incorporated into Paul Hastings' final fee award as outlined on **Exhibit A**.

***FTI Consulting, Inc.***

26.    On February 10, 2025, FTI Consulting, Inc. ("FTI") filed the *Final Fee Application of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors for Services Rendered and Reimbursement of Expenses for the Period From December 22, 2022 Through and Including October 8, 2024* [D.I. 29546] (the "FTI Final Fee Application"), seeking $40,428,439.52 in fees and $354,030.93 in reimbursement for expenses.

27.    With the exception of the agreed reductions to FTI's requested Eighth Interim Fee Period Fees, the Fee Examiner has concluded that no further adjustments are necessary.  The Fee Examiner now recommends that the Court order those adjustments to be incorporated into FTI's final fee award as outlined on **Exhibit A**.

***Young Conaway Stargatt & Taylor, LLP***

28.    On February 10, 2025, Young Conaway Stargatt & Taylor, LLP ("Young Conaway") filed the *Final Fee Application of Young Conaway Stargatt & Taylor, LLP, as Co-Counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses for the Final Period From December 22, 2022 Through October 8, 2024* [D.I. 29545] (the "Young Conaway Final Fee Application"), seeking $2,461,118.49 in fees and $17,815.13 in expenses.

29.     With the exception of the agreed reductions to Young Conaway's requested Eighth Interim Fee Period Fees, the Fee Examiner has concluded that no further adjustments are necessary.  The Fee Examiner now recommends that the Court order those adjustments to be incorporated into Young Conaway's final fee award as outlined on **Exhibit A**.

**AD HOC COMMITTEE PROFESSIONALS**

*Eversheds Sutherland (US) LLP*

30.     On March 4, 2025, Eversheds Sutherland (US) LLP ("Eversheds") filed the *Final Application of Eversheds Sutherland (US) LLP, as Lead Counsel for the Ad Hoc Committee of Non-US Customers of FTX.com, for Allowance of Compensation and Reimbursement of All Actual and Necessary Expenses for the Period from May 1, 2023, Through and Including October 8, 2024* [D.I. 29861] (the "Eversheds Final Fee Application"), seeking $6,298,804.83 in fees and $36,726.67 in expenses.

31.     On March 25, 2025, Lidia Favario filed the *Objection to Eversheds Sutherland's Fee Application* [D.I. 29994], arguing, among other things, that Eversheds failed to make a substantial contribution to the cases pursuant to 11 U.S.C. §503(b)(3)(D).  As an initial matter, Eversheds has not applied for a substantial contribution fee award pursuant to §503(b)(3)(D); rather, it has requested professional compensation under 11 U.S.C. §§ 503(b)(2) and 330(a).

32.     Nonetheless, to the extent that Ms. Favario's objection implicates the reasonableness and necessity of the fees incurred by Eversheds, the Fee Examiner process does include analysis of "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C). With the adjustments the Fee Examiner has previously recommended, and to which Eversheds already has stipulated, the Fee Examiner is satisfied that the fees

recommended for Court approval on a final basis satisfy all applicable reasonableness standards outlined in the Fee Examiner Order.

33.    The Eversheds Final Fee Application appropriately incorporates all previously agreed and ordered adjustments to its fees and expenses, and the Fee Examiner recommends Court approval of the application as filed and outlined on **Exhibit A**.

*Morris, Nichols, Arsht & Tunnell LLP*

34.    On March 4, 2025, Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") filed the *Final Fee Application of Morris, Nichols, Arsht & Tunnell LLP, as Co-Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com, for Allowance of Monthly Compensation and for Reimbursement of All Actual and Necessary Expenses Incurred for the Period from May 1, 2023, Through and Including October 8, 2024* [D.I. 29856] (the "Morris Nichols Final Fee Application"), seeking $2,251,603.54 in fees and $29,437.36 in expenses.

35.    With the exception of the agreed reductions to Morris Nichols' requested Eighth Interim Fee Period Fees, the Fee Examiner has concluded that no further adjustments are necessary.  The Fee Examiner now recommends that the Court order those adjustments to be incorporated into Morris Nichols' final fee award as outlined on **Exhibit A**.

CHAPTER 11 EXAMINER PROFESSIONALS

*Patterson Belknap Webb & Tyler LLP*

36.    On February 14, 2025, Patterson Belknap Webb & Tyler LLP ("Patterson Belknap") filed the *Final Fee Application of Patterson Belknap Webb & Tyler LLP as Counsel to the Examiner for Services Rendered and Reimbursement of Expenses for the Period From March 20, 2024 Through and Including October 8, 2024* [D.I. 29578] (the "Patterson Belknap Final Fee Application"), seeking $5,526,823.13 in fees and $37,143.22 in expenses.

37.    The Patterson Belknap Final Fee Application appropriately incorporates all previously agreed and ordered adjustments to its fees and expenses, and the Fee Examiner recommends Court approval of the application as filed and outlined on **Exhibit A**.

***Ashby & Geddes, P.A.***

38.    On February 14, 2025, Ashby & Geddes, P.A. ("Ashby") filed the *Final Fee Application of Ashby & Geddes, P.A., as Delaware Counsel to the Examiner for Services Rendered and Reimbursement of Expenses Incurred for the Final Period from March 20, 2024 Through and Including October 8, 2024* [D.I. 29579] (the "Ashby & Geddes Final Fee Application") requesting $110,300.00 in fees and $1,219.26 in expense reimbursements.

39.    The Patterson Belknap Final Fee Application appropriately incorporates all previously agreed and ordered adjustments to its fees and expenses, and the Fee Examiner recommends Court approval of the application as filed and outlined on **Exhibit A**.

**FINAL INVESTMENT BANKER EXPENSES RECOMMENDED FOR COURT APPROVAL**

***Jefferies LLC***

40.    On February 15, 2023, the Court entered the *Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker [to the Official Committee of Unsecured Creditors] Pursuant to 11 U.S.C. §§ 328(a) and 1103(a), Effective as of December 23, 2022 and (II) Waiving Certain Time-keeping Requirements* [D.I. 729] regarding Jefferies LLC ("Jefferies").

41.    On February 10, 2025, Jefferies filed the *Final Application of Jefferies LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Investment Banker for the Official Committee of Unsecured Creditors for the Period From December 23, 2022 to and Including January 3, 2025* [D.I. 29550], requesting $237,996.84 in

expenses, most of which consisted of fees and expenses of Jefferies' outside counsel at Sidley Austin LLP and Dentons US LLP.

42.     The Fee Examiner subjected the outside counsel fees and other expenses to the same analysis applicable to Retained Professionals in these cases, identifying some areas of concern, including improper charges for local travel, administrative overhead expenses, and excessive retention and fee application time.

43.     The Fee Examiner and Jefferies engaged in discussions and an exchange of information that resolved some of the Fee Examiner's concerns.  In other instances, Jefferies has agreed to adjustments to requested expenses sufficient to resolve the Fee Examiner's concerns. The Fee Examiner now recommends approval of Jefferies' expenses, as adjusted, on a final basis as outlined on **Exhibit A**.

**INTERIM AND FINAL FEE AND EXPENSE APPLICATIONS RECOMMENDED FOR DEFERRAL**

*Ernst & Young LLP*

44.     On June 14, 2024, Ernst & Young LLP ("EY") filed the *Second Interim Fee Application of Ernst & Young LLP* [D.I. 17671] (the "EY Second Fee Application"), requesting $4,184,211.75 in fees and $43,766.03 in expenses.

45.     The Fee Examiner identified several irregularities in the EY Second Fee Application, including very late fee submissions, undisclosed revisions to the scope of work, work performed by EY affiliates and "member firms" not explicitly authorized to provide services in the retention order, and unusual professional titles and billing rates.

46.     EY and the Fee Examiner have again agreed to defer consideration of the EY Second Fee Application to allow the Fee Examiner and counsel to review supplemental materials provided by the professional, to complete their review, and to report to the Court on the results.

47.     The Fee Examiner now requests that the EY Second Fee Application be deferred to a future hearing date, as outlined on **Exhibit B**.

48.     On February 20, 2025, EY filed the *Third Interim Fee Application of Ernst & Young LLP* [D.I. 29610] (the "EY Third Fee Application"), requesting $4,193,071.55 in fees and $34,052.78 in expenses.  The Fee Examiner's review of this application is ongoing.

49.     On February 20, 2025, EY filed the *Fourth Interim Fee Application of Ernst & Young LLP* [D.I. 29611] (the "EY Fourth Fee Application"), requesting $4,774,698.20 in fees and $53,701.57 in expenses.  The Fee Examiner's review of this application is ongoing.

50.     On February 20, 2025, filed the *Fifth Interim Fee Application* of Ernst & Young LLP [D.I. 29612] (the "EY Fifth Fee Application"), requesting $3,851,093.00 in fees and $235,774.62 in expenses.  The Fee Examiner's review of this application is ongoing.

51.     On February 20, 2025, EY filed the *Sixth Interim Fee Application of Ernst & Young LLP* [D.I. 29613] (the "EY Sixth Fee Application"), requesting $3,737,782.80 in fees and $200,775.21 in expenses.  The Fee Examiner's review of this application is ongoing.

52.     On February 28, 2025, EY filed the *Seventh Interim Fee Application of Ernst & Young LLP* [D.I. 29801] (the "EY Seventh Fee Application"), requesting $5,057,095.45 in fees and $269,815.69 in expenses.  The Fee Examiner's review of this application is ongoing.

53.     On February 28, 2025, EY filed the *Eighth Interim Fee Application of Ernst & Young LLP* [D.I. 29807] (the "EY Eighth Fee Application"), requesting $3,285,407.50 in fees and $126,371.30 in expenses.  The Fee Examiner's review of this application is ongoing.

54.     On March 3, 2025, EY filed the *Final Fee Application of Ernst & Young LLP* [D.I. 29847] (the "EY Final Fee Application"), requesting $31,477,651.25 in fees and $1,009,481.42 in expenses.  The Fee Examiner's review of this application is ongoing.

55.     The Fee Examiner now requests that the EY Third through Eighth and Final Fee

Applications be deferred to a future hearing date, as outlined on **Exhibit B**.

***Perella Weinberg Partners LP***

56.     On February 3, 2023, the Court entered the *Order Authorizing the Retention and*

*Employment of Perella Weinberg Partners LP as Investment Banker to the Debtors Nunc Pro*

*Tunc to November 16, 2022 and (II) Waiving Certain Reporting Requirements Pursuant to Local*

*Rule 2016-2(H)* [D.I. 615].

57.     On November 15, 2024, Perella Weinberg Partners LP ("Perella") filed the *Final*

*Fee Application of Perella Weinberg Partners LP* [D.I. 27980] (the "Perella Final Fee

Application"), requesting $1,482,278.18 in expenses.  The Fee Examiner's review of these

expenses is ongoing, and the Fee Examiner recommends deferral of the Court's consideration of

the Perella Final Fee Application to a later omnibus hearing date, as outlined on **Exhibit B**.

***Rothschild & Co. U.S., Inc.***

58.     Rothschild & Co. US, Inc. ("Rothschild") served as the investment banker to the

Executive Committee of the Ad Hoc Committee of Non-U.S. Customers of FTX.com pursuant to

the *Order Authorizing the Debtors to Enter Into, and Perform their Obligations Under, the*

*Reimbursement Agreements* [D.I. 3928].

59.     Rothschild filed the *Combined Eleventh Monthly and Fifth Interim Fee*

*Application (For the Period From August 1, 2024, Through October 8, 2024) and Final Fee*

*Application of Rothschild & Co US Inc., as Investment Banker to the Executive Committee of the*

*Ad Hoc Committee of Non-U.S. Customers of FTX.com, for Allowance of Compensation and*

*Reimbursement of Expenses for the Period from July 1, 2023, Through October 8, 2024* [D.I.

27969] (the "<u>Rothschild Final Fee Application</u>") on November 15, 2024, requesting $79,871.23 in expenses.

60.     In a confidential letter report to Rothschild, the Fee Examiner identified non-compensable meal and transportation charges and questioned vaguely described and/or potentially excessive outside counsel service as areas of concern.  Rothschild and the Fee Examiner are engaged in productive discussions in an effort to resolve these areas of concern, and the Fee Examiner therefore requests adjournment of the Rothschild Final Fee Application to a subsequent omnibus hearing date, as itemized on **<u>Exhibit B</u>**.

## NOTICE

61.     Pursuant to ¶ 9(g) of the Fee Examiner Order, the Fee Examiner will serve this Summary Report by e-mail on counsel for the Debtors, on counsel for the Committee, and each Applicant.  The Fee Examiner will also serve this Summary Report upon the U.S. Trustee by e-mail and first-class mail.  A copy of this report is available on the website of the Debtors' notice and claims agent at https://restructuring.ra.kroll.com/FTX/.  The Fee Examiner submits that, in light of the nature of this report, no other or further notice need be given.

## CONCLUSION

**WHEREFORE**, the Fee Examiner respectfully requests the entry of an order, to be submitted by Debtors' counsel under certification, granting the relief requested and such other and further relief as the Court may deem just and proper.

Dated:  April 3, 2025.

**GODFREY & KAHN, S.C.**

By  */s/ Mark W. Hancock*
      Mark W. Hancock (*Pro Hac Vice*)
      One East Main Street, Suite 500
      Madison, WI 53703
      Telephone: (608) 297-3911
      E-mail: mhancock@gklaw.com

      *Counsel for Fee Examiner*

      Katherine Stadler
      ftxfeeexaminer@gklaw.com
      *Fee Examiner*

32814142.5

# EXHIBIT A

In re: FTX Trading Ltd., et al.
DEB Case No. 22-11068 (JTD)

**Exhibit A**

**Eighth Interim Fee Period Application Recommended for Approval:**

| | Applicant | Compensation Period / Docket Index / Filed Date | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|---|---|
| | **Eighth Interim Fee Period (August 1, 2024 - October 8, 2024)** | | | | | | | | | |
| 1 | **Sullivan & Cromwell LLP** *Counsel to the Debtors* | 8/1/2024 - 10/8/2024 D.I. 28846 12/16/2024 | $15,375,078.30 | $1,750,000.00 | FN1 | $35,222.53 | $450.00 | FN1 | $13,625,078.30 | $34,772.53 |

**Final Fee Applications Recommended for Approval:**

| | Applicant | Compensation Period / Docket Index / Filed Date | Total Fees Requested | Fee Examiner's Recommended Fee Adjustments | | Total Expenses Requested | Fee Examiner's Recommended Expense Adjustments | | Fees Approved on a Final Basis | Expenses Approved on a Final Basis |
|---|---|---|---|---|---|---|---|---|---|---|
| | **Final Fee Period (November 2022 - October 8, 2024)** | | | | | | | | | |
| 1 | **AlixPartners, LLP** *Forensic Investigation Consultant to the Debtors* | 11/28/2022 -10/8/2024 D.I. 29193 1/10/2025 | $67,614,162.98 | $69,604.66 | FN2 | $693,956.47 | $6,960.57 | FN2 | $67,544,558.32 | $686,995.90 |
| 2 | **Alvarez & Marsal North America, LLC** *Financial Advisors to the Debtors* | 11/11/2022 - 10/8/2024 D.I. 29194 1/10/2025 | $279,587,945.10 | $2,479,637.23 | FN3 | $7,307,166.92 | $220,810.24 | FN3 | $277,108,307.87 | $7,086,356.68 |
| 3 | **Ashby & Geddes, P.A.** *Attorneys for Examiner Robert J. Cleary* | 3/20/2024 - 10/8/2024 D.I. 29579 2/14/2025 | $110,300.50 | $0.00 | | $1,219.26 | $0.00 | | $110,300.50 | $1,219.26 |
| 4 | **Eversheds Sutherland (US) LLP** *Counsel for the Ad Hoc Committee of Non-US Customers of FTX.com -* *Pending Objection D.I. 29994* | 5/1/2023 - 10/8/2024 D.I. 29861 3/4/2025 | $6,298,804.83 | $0.00 | | $36,726.67 | $0.00 | | $6,298,804.83 | $36,726.67 |
| 5 | **FTI Consulting, Inc.** *Financial Advisor to the Official Committee of Unsecured Creditors* | 12/22/2022 - 10/8/2024 D.I. 29546 2/10/2025 | $40,428,439.52 | $22,527.82 | FN4 | $354,030.93 | $0.00 | | $40,405,911.70 | $354,030.93 |
| 6 | **Kroll Restructuring Administration LLC** *Administrative Advisor to the Debtors* | 11/11/2022 - 10/8/2024 D.I. 29749 2/26/2025 | $647,621.63 | $0.00 | | $931.40 | $0.00 | | $647,621.63 | $931.40 |
| 7 | **Landis Rath & Cobb LLP** *Delaware Counsel to the Debtors* | 11/11/2022 - 10/8/2024 D.I. 29195 1/10/2025 | $12,234,226.75 | $246,028.90 | FN5 | $232,294.85 | $10.97 | FN5 | $11,988,197.85 | $232,283.88 |
| 8 | **Morris, Nichols, Arsht & Tunnell LLP** *Delaware Counsel for the Ad Hoc Committee of Non-US Customers of FTX.com* | 5/1/2023 - 10/8/2024 D.I. 29856 3/4/2025 | $2,251,603.54 | $1,429.00 | FN4 | $29,437.36 | $0.00 | | $2,250,174.54 | $29,437.36 |
| 9 | **Patterson Belknap Webb & Tyler LLP** *Counsel to the Examiner, Robert J. Cleary* | 3/20/2024 - 10/8/2024 D.I. 29578 2/14/2025 | $5,526,823.13 | $0.00 | | $37,143.22 | $0.00 | | $5,526,823.13 | $37,143.22 |
| 10 | **Paul Hastings LLP** *Counsel to the Official Committee of Unsecured Creditors* | 12/20/2022 - 10/8/2024 D.I. 29544 2/10/2025 | $46,561,850.00 | $1,511,316.66 | FN5 | $1,757,739.38 | $2,314.91 | FN5 | $45,050,533.34 | $1,755,424.47 |
| 11 | **Quinn Emanuel Urquhart & Sullivan, LLP** *Special Counsel to the Debtors - Pending Objection D.I. 29387* | 11/13/2022 - 10/8/2024 D.I. 29196 1/10/2025 | $49,586,712.29 | $1,004,569.87 | FN5 | $84,385.32 | $9,326.06 | FN5 | $48,582,142.42 | $75,059.26 |
| 12 | **Sullivan & Cromwell LLP** *Counsel to the Debtors - Pending objection D.I. 29430* | 11/11/2022 - 10/8/2024 D.I. 29197 1/10/2025 | $236,969,698.00 | $5,159,188.50 | FN5 | $799,355.63 | $64,088.80 | FN5 | $231,810,509.50 | $735,266.83 |
| 13 | **Young Conaway Stargatt & Taylor, LLP** *Delaware Counsel to the Official Committee of Unsecured Creditors* | 12/22/2022 - 10/8/2024 D.I. 29545 2/10/2025 | $2,461,118.49 | $1,750.00 | FN4 | $17,815.13 | $0.00 | | $2,459,368.49 | $17,815.13 |

Case 22-11068-KBO    Doc 30064    Filed 04/03/25    Page 21 of 23

In re: FTX Trading Ltd., et al.
DEB Case No. 22-11068 (JTD)

**Exhibit A**

**Final Investment Banker Fee Application Recommended for Approval:**

| | Applicant | Compensation Period Docket Index Filed Date | | | | | Total Expenses Requested | Fee Examiner's Recommended Expense | Total Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|---|
| | *Final Expenses only per Supplemental Order Expanding the Scope of the Fee Examiner's Duties D.I. 28868* | | | | | | | | |
| 1 | **Jefferies LLC** *Investment Banker to the Official Committee of Unsecured Creditors* | 12/23/2022 - 1/3/2025 D.I. 29550 2/10/2025 | | | | | $237,996.84 | $22,532.81 | $215,464.03 |

**FN1 -** The fee reduction resolves all outstanding Reserved Issues.

**FN2 -** The recommended adjustments reflect the previously agreed-to reductions for the 8th interim fee application and minor expense reconciliation errors ($.04 total) in the final fee application.

**FN3 -** The recommended adjustments reflect the previously agreed-to reductions for all interim fee applications and minor expense reconciliation errors ($6.47 total) in the final fee application.

**FN4 -** The recommended adjustments reflect the previously agreed-to reductions for the 8th interim fee application.

**FN5 -** The recommended adjustments reflect the previously agreed to reductions for all interim fee applications.

# EXHIBIT B

In re: FTX Trading Ltd., et al.

DEB Case No. 22-11068 (JTD)

**Exhibit B**

**Second - Eighth Interim Fee Period Applications Deferred:**

| | Applicant | Compensation Period Docket Index Filed Date | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| **Second Interim Fee Period (February 1, 2023 - April 30, 2023)** | | | | | | | | |
| 1 | **Ernst & Young LLP** *Tax Services Provider to the Debtors* | 2/1/2023 - 4/30/2023 D.I. 17671 6/14/2024 | $4,184,211.75 | | $43,766.03 | | | |
| **Third Interim Fee Period (May 1, 2023 - July 31, 2023)** | | | | | | | | |
| 2 | **Ernst & Young LLP** *Tax Services Provider to the Debtors* | 5/1/2023 -7/31/2023 D.I. 29610 2/20/2025 | $4,193,071.55 | | $34,052.78 | | | |
| **Fourth Interim Fee Period (August 1, 2023 - October 31, 2023)** | | | | | | | | |
| 3 | **Ernst & Young LLP** *Tax Services Provider to the Debtors* | 8/1/2023 -10/31/2023 D.I. 29611 2/20/2025 | $4,774,698.20 | | $53,701.57 | | | |
| **Fifth Interim Fee Period (November 1, 2023 - January 31, 2024)** | | | | | | | | |
| 4 | **Ernst & Young LLP** *Tax Services Provider to the Debtors* | 11/1/2023 -1/31/2024 D.I. 29612 2/20/2025 | $3,851,093.00 | | $235,774.62 | | | |
| **Sixth Interim Fee Period (February 1, 2024 - April 30, 2024)** | | | | | | | | |
| 5 | **Ernst & Young LLP** *Tax Services Provider to the Debtors* | 2/1/2024 -4/30/2024 D.I. 29613 2/20/2025 | $3,737,782.80 | | $200,775.21 | | | |
| **Seventh Interim Fee Period (May 1, 2024 - July 31, 2024)** | | | | | | | | |
| 6 | **Ernst & Young LLP** *Tax Services Provider to the Debtors* | 5/1/2024 - 7/31/2024 D.I. 29801 2/28/2025 | $5,057,095.45 | | $269,815.69 | | | |
| **Eighth Interim Fee Period (August 1, 2024 - October 8, 2024)** | | | | | | | | |
| 7 | **Ernst & Young LLP** *Tax Services Provider to the Debtors* | 8/1/2024 - 10/8/2024 D.I. 29807 2/28/2025 | $3,285,407.50 | | $126,371.30 | | | |

**Final Fee Application Deferred:**

| | Applicant | Compensation Period Docket Index Filed Date | Total Fees Requested | Fee Examiner's Recommended Fee Adjustments | Total Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Fees Approved on a Final Basis | Expenses Approved on a Final Basis |
|---|---|---|---|---|---|---|---|---|
| **Final Fee Period (November 2022 - October 8, 2024)** | | | | | | | | |
| 1 | **Ernst & Young LLP** *Tax Services Provider to the Debtors* | 11/28/2022 - 10/8/2024 D.I. 29847 3/3/2025 | $31,477,651.25 | | $1,009,481.42 | | | |

**Final Investment Banker Fee Applications Deferred:**

| | Applicant | Compensation Period Docket Index Filed Date | | | Total Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Total Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|
| **Final Expenses only per Supplemental Order Expanding the Scope of the Fee Examiner's Duties D.I. 28868** | | | | | | | |
| 1 | **Perella Weinberg Partners LP** *Investment Banker to the Debtors* | 11/16/2022 - 10/8/2024 D.I. 27980, 28869 11/15/2024 | | | $1,482,278.18 | | |
| 2 | **Rothschild & Co US Inc.** *Investment Banker for the Ad Hoc Committee of Non-US Customers of FTX.com* | 7/1/2023 - 10/8/2024 D.I. 27969, 28869 11/15/2024 | | | $79,871.23 | | |