# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 22-11068 (JTD) |
| FTX TRADING, LTD., *et al.*,[1] | (Jointly Administered) |
| Debtors. | |

## DECLARATION OF RYO KAWABATA

**Ryo Kawabata**, being duly sworn, hereby states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases (collectively, the "Debtors"), a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX

1

1. I am a licensed attorney in Tokyo, Japan. I am a partner at Mori Hamada & Matsumoto, a Japanese law firm, which has its offices at Marunouchi Park Building, 2-6-1 Marunouchi, Chiyoda-ku, Tokyo, 100-8222, Japan.

2. I have been practicing law in Japan for more than 12 years, specializing in litigation, arbitration, and other alternative dispute resolution procedures.

3. I speak, read, and write English and Japanese.

4. I reviewed and analyzed (i) the Agreement for the Sale and Purchase of Shares, Stock Options and Warrants in Liquid Group Inc. (Major Shareholders) dated November 19, 2021 (the "SPA"), by and among FTX Trading Ltd. ("FTX" or "Purchaser"), Seth Melamed ("Melamed") and other Sellers as defined in the preamble therein, and Liquid Group Inc. ("Liquid" or the "Company"), (ii) the Side Letter Agreement dated November 19, 2021 by and between Melamed and FTX (the "First Side Letter"), and (iii) the Side Letter Agreement dated March 31, 2022 by and between Melamed and FTX (the "Second Side Letter", and collectively with the First Side Letter, the "Side Letters").

5. My analysis of the SPA and the Side Letters is from the perspective of Japanese law only. My analysis does not take into account the laws of any jurisdiction other than those of Japan.

6. Capitalized terms used but not defined in this Declaration have the meanings set forth in the SPA.

7. Attached hereto as Exhibit 1 are true and correct copies of excerpts, unofficially translated into English as provided by the Ministry of Justice, of the Arbitration Act of Japan ("Arbitration Act").

## Overview

8. Based upon my review of the SPA and the Side Letters, these documents indicate:

    a. The substantive law applicable to the merits of the parties' disputes arising out of or in connection with the SPA and the Side Letters is Japanese law; and
    b. The seat and venue of arbitration for any such disputes is the Singapore International Arbitration Centre (SIAC), where any dispute under the SPA and the Side Letters shall be referred to and finally resolved by binding arbitration administered by the SIAC in accordance with SIAC rules.

9. Based on my experience and my reading of the SPA and the Side letters, it is my professional opinion that a Japanese court would honor the binding arbitration

agreement contained in the SPA, paragraph 19.2, the First Side Letter, paragraph 8.2, and the Third Side Letter, paragraph 13.2.

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 under the laws of the United States that the foregoing is true and correct.
Executed on February 5th, 2025 in Tokyo, Japan.

                    Respectfully submitted,

                    _____

                    Ryo Kawabata
                    Partner, Mori Hamada & Matsumoto
                    Tokyo, Japan


[*Remainder of Page Intentionally Blank*]

# EXHIBIT 1

Article 2: Definitions

(1) The term "Arbitration Agreement" as used in this Act means an agreement to refer the resolution of all or certain civil disputes which have already arisen or which may arise in the future in respect of a certain legal relationship (irrespective of whether contractual or not) to one or more arbitrators, and to accept the award made therefor (hereinafter referred to as an "Arbitral Award").

(2) The term "Arbitral Tribunal" as used in this Act means a single arbitrator or a panel of two or more arbitrators that, based on an Arbitration Agreement, carries out proceedings and makes an Arbitral Award in regard to the civil disputes which are the subject thereof.

(3) The term "Written Allegation" as used in this Act means documents which the parties prepare and submit to the Arbitral Tribunal in an arbitration procedure, and in which the allegations of the parties are set forth.

Article 3: Scope of Application

(1) The provisions of the following Chapter to Chapter VII, and Chapters IX and X, except for the matters provided for in the following paragraph and Article 8, shall apply to the case where the place of arbitration is in Japan.

(2) The provisions of Article 14, paragraph (1) and Article 15 shall apply to the case where the place of arbitration is in Japan, the case where the place of arbitration is outside Japan, and the case where the place of arbitration has yet to be determined.

(3) The provisions of Chapter VIII shall apply to the case where the place of arbitration is in Japan and the case where the place of arbitration is outside Japan.

Article 4: Participation of the Court

With respect to an arbitration procedure, the court may exercise its authority only in the case provided for in this Act.

Article 13: Validity of Arbitration Agreement

(1) Except as otherwise provided for in laws and regulations, an Arbitration Agreement shall be effective only when the subject thereof is a civil dispute (excluding disputes of divorce or dissolution of adoptive relation) which can be settled between the parties.

(2) An Arbitration Agreement shall be in writing, such as in the form of a document signed by all the parties, letters or telegrams exchanged between the parties (including those sent by facsimile device or

other communication measures for parties at a distance which provides the recipient with a written record of the communicated content), or other documents.

(3) If a document containing a clause of an Arbitration Agreement is quoted in a contract concluded in writing as constituting part of said contract, such Arbitration Agreement shall be in writing.

(4) If an Arbitration Agreement is made in an electromagnetic record (meaning a record used computerized information processing which is created in electronic form, magnetic form, or any other form that cannot be perceived by the human senses) recording the contents thereof, such Arbitration Agreement shall be in writing.

(5) In an arbitration procedure, if a Written Allegation submitted by either party contains the contents of an Arbitration Agreement, and a Written Allegation submitted in response by the other party does not contain anything to dispute it, such Arbitration Agreement shall be deemed to be made in writing.

(6) In regard to a single contract containing an Arbitration Agreement, even if the clauses of the contract other than that of the Arbitration Agreement are not valid due to nullity, rescission or for any other reasons, the validity of the Arbitration Agreement shall not be impaired automatically.

Article 14: Arbitration Agreement and Suit on the Merits

(1) If an action is filed for a civil dispute which is subject to an Arbitration Agreement, the court in charge of the case must dismiss the action without prejudice, upon the petition of the defendant; provided, however, that this shall not apply to the following cases:

> (i) if the Arbitration Agreement is not valid due to nullity, rescission or for any other reasons;
>
> (ii) if it is impossible to carry out an arbitration procedure based on an Arbitration Agreement; and
>
> (iii) if said petition was filed after the defendant presented oral arguments on the merits or made statements on the merits in preparatory proceedings.

(2) Even while a suit pertaining to the action set forth in the preceding paragraph is pending in the court, an Arbitral Tribunal may commence or continue the arbitration procedure, and make an Arbitral Award.

Source:
https://www.japaneselawtranslation.go.jp/ja/laws/view/2784.