## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 22-11068 (JTD)<br>(Jointly Administered) |
| FTX TRADING, LTD., *et al.*,[1] | RE: Doc. No. 28643 |
| Debtors. | |

## DECLARATION OF TAKANE HORI IN SUPPORT OF PAYMENT OF POST PETITION DIRECTOR'S FEES

**Takane Hori**, being duly sworn, hereby states as follows:

1.      I am a licensed attorney in Tokyo, Japan. I am a partner at Mori Hamada & Matsumoto, a Japanese law firm, which has its offices at Marunouchi Park Building, 2-6-1 Marunouchi, Chiyoda-ku, Tokyo, 100-8222, Japan.

### Introduction and Scope of Opinion

2.      I make this declaration at the request of Seth Melamed ("**Melamed**") in connection with the Amended Claim Objection filed on December 9, 2024 (D.I.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases (collectively, the "Debtors"), a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX

28643) ("**Amended Objection**") filed in the Chapter 11 cases of FTX Trading Ltd. ("**FTX**"; together with Melamed, the "**Parties**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

3.      In preparing this Declaration, I have reviewed (i) the Amended and Restated Management Agreement dated October 19, 2022 (the "**MA**"), between Melamed and FTX Japan Holdings K.K. ("**Holdings**"), (ii) the Letter RE: Termination of Employment dated July 30, 2024 from Kurt S. Knipp to Melamed ("**Termination Letter**"), (iii) the Letter RE: Notice of Breach and Termination for Cause, dated August 20, 2024 from Kurt S. Knipp to Melamed ("**Cause Letter**"), (iv) the Notice and Proposal of FTX Japan Holdings K.K. Shareholder Resolution dated March 31, 2024 and Consent by FTX Trading Ltd. dated March 31, 2024 ("**Holdings Shareholder Resolution**"), (v) the English translation of the Articles of Incorporation of FTX Japan Holdings K.K. established on January 7, 2019, as amended through August 3, 2022, (vi) the English translation of the Articles of Incorporation of FTX Japan K.K. established on November 7, 2014, as amended through August 3, 2022, and (vii) the commercial registry of Holdings as of January 28, 2025. Capitalized terms used but not defined in this Declaration shall have the meanings ascribed to them in the MA.

4.      For reference, attached hereto as Exhibit 1 are unofficial English translations of Article 339 and Article 361 of the Japanese Companies Act ("**JCA**").

5.      I make this declaration to provide my opinions ("**Opinions**") regarding Japanese law on the following issues: (i) a Japanese court would conclude that under the JCA, Melamed is entitled to statutory damages consisting of his remuneration to be paid as representative director through the end of his term, and (ii) separately, the Cause Letter and related actions were a breach of the MA and Melamed is entitled to damages pursuant to the MA.

6.      My Opinions consider Japanese law only and do not take into account the laws of any jurisdiction other than those of Japan.

## Qualifications

7.      I have been practicing law in Japan for approximately 22 years.  As a partner at Mori Hamada & Matsumoto, I specialize in corporate and commercial litigation, mergers and acquisitions and other general corporate matters.

8.      I speak, read, and write English and Japanese.

9.      I have no prior relationship with FTX, Mr. Melamed, or legal counsel representing either party in this proceeding.

**Background**

10.     The MA is governed by Japanese law and the Tokyo District Court

has exclusive jurisdiction over any disputes that may arise out of or in relation to

the MA. (MA cl. 16.)

11.     *First*, based on my review of the documents and the facts as I

understand them, Melamed was appropriately re-appointed for a two-year term as a

director of Holdings. Pursuant to Article 30 of the Articles of Incorporation of FTX

Japan Holdings K.K., a director is appointed for two year terms.  In accordance

with the Holdings Shareholder Resolution dated March 31, 2024, the proposals

therein, including a proposal to appoint Melamed as a director, was approved and

signed by John J. Ray III in his capacity as CEO of FTX Trading Ltd. At that time,

FTX Trading Ltd. had been in bankruptcy proceedings for almost seventeen

months, and it was the parent corporation and 100% shareholder of FTX Japan

Holdings K.K. The resolution to approve such proposals was deemed have been

passed at a shareholders meeting pursuant to Article 319(1) of the JCA. Pursuant to

such resolution, Melamed was re-appointed as director to serve a two-year term

commencing March 31, 2024 and ending at the conclusion of the ordinary general

meeting of shareholders to be held in respect of the fiscal year ending December

31, 2025 (the "**Term**").

12.     *Second*, the MA provides separate requirements and obligations the parties must meet for both terminations with Cause and terminations without Cause, including specific requirements regarding the substance and timing of any notice of termination.

13.     Under Clause 11.1 of the MA, a party is required to provide three months' prior written notice to the other party to terminate the MA. As an exception, however, the Company (Holdings) may terminate the MA immediately upon written notice for "Cause" (as defined in the MA), among other things. (MA cl. 11.2.)

14.     In the event of termination without Cause, Melamed is entitled (i) to continue receiving compensation and benefits (including unpaid Bonuses, unreimbursed business expenses, and other benefits) until the effective date of termination (MA cl. 11.6), and (ii) to have the effective period for certain restrictive covenants set forth in Clause 10.2 of the MA shortened to four months following the date of termination, during which the Company must compensate Melamed at a rate equal to the monthly Services Fee ($37,500/month per Clause 4.1(a) of the MA) effective as of immediately before the date of termination, payable in arrears. (MA cl. 10.3 and 10.4.). Therefore, as a contractual matter, in such a case he would be entitled to remuneration for a total period of at least seven months from the date the termination notice is delivered.

15.     *Third*, Melamed received two termination notices under the MA within a three week period, with varying justifications. Melamed received the Termination Letter dated July 30, 2024 terminating his employment and all positions he held in all FTX entities (as officer, director, or employee), pursuant to Clause 11.1 of the MA, with the effective termination date to be the three-month anniversary of the date of the letter (such three-month anniversary of the date of the Termination Letter, the "**Termination Date**" and such three-month period from the date of the Termination Letter until the Termination Date, the "**Garden Leave Period**"). The commercial registry of Holdings as of January 28, 2025 reflects that Melamed was removed from his position as Director as of July 30, 2024.

16.     The Termination Letter provided that during the Garden Leave Period, "[Melamed] will continue receive [his] compensation and benefits…as set forth in the FTX Japan Management Agreement...." (Termination Letter § 1.)

17.     On August 16, 2024, I understand Melamed filed the *Joinder of Seth Melamed to the Objections to the Plan Raised by the Retail Customers and Reservations of Rights* (D.I. 23167)  ("**Joinder**") in the United States Bankruptcy Court for the District of Delaware in his capacity as an individual to the proposed plan of FTX filed with the Bankruptcy Court.

18.    Melamed thereafter received the Cause Letter dated August 20, 2024 which indicated his termination "with Cause" due to an alleged material breach by Melamed of Clause 3.1(e) of the MA.

19.    Clause 11.7 of the MA requires that "[a]ny termination of [the MA] shall be communicated by a written notice of termination specifying: (i) the termination provision of [the MA] relied upon; [and] (ii) to the extent applicable, the facts and circumstances claimed to provide the basis for termination…." The Cause Letter, however, does not articulate a violation of Clause 3.1(e) of the MA or specify which of its subparts were supposedly breached. Instead, it specifies the grounds for Melamed's termination was simply his filing of the Joinder. (Cause Letter § 1.)

### Overview of the JCA

20.    Under Article 349(4) of the JCA, a representative director has the highest authority in a company, and may represent and bind the company in all affairs. Every company with a board of directors in Japan must have at least one representative director, and representative directors are registered publicly in corporate registries. The authority of a representative director extends to all judicial and extrajudicial acts concerning the company's business. Given this public, comprehensive, and maximal authority to represent a company, a company cannot assert as a defense that there are any limitations imposed on a representative

director's authority in connection with claims against the company by a third party

acting in good faith (JCA Art. 349(5)).  Due to the significance of the position held

by the representative director, disputes arising from the removal of such directors

by shareholders are frequently brought before Japanese courts. There are

innumerable judicial precedents and academic articles addressing these issues,

including the cases referenced in Paragraph 27, reflecting the importance and

complexity of the issues involved under Japanese law.

21.     Under to Article 362(3) of the JCA, a company with a board of

directors must appoint a representative director from among its directors, and

Article 31(1) of the Articles of Incorporation of Holdings stipulates to the same

effect. According to the commercial registry of Holdings as of January 28, 2025,

Melamed was re-appointed as the Representative Director of Holdings as of April

4, 2024, which is in line with my review and analysis set forth in Paragraph 11

above.

22.     Under Article 361(1) of the JCA, remuneration and bonuses for

directors shall be determined by resolution at a shareholders meeting if they are not

stipulated in the articles of incorporation of the company. Based on Article 36 of

the Articles of Incorporation of Holdings, "[r]emuneration and retirement bonuses

payable to the Directors shall be determined by resolution adopted at a General

Meeting of Shareholders." I have been advised and assume that such authorization

was provided by resolution at a general shareholders' meeting of Holdings.

23.     Article 339 of the JCA provides that:

> (1) Officers and financial auditors may be dismissed at any time by a resolution at a shareholders meeting.

> (2) A person dismissed pursuant to the provisions of the preceding paragraph is entitled to demand damages arising from the dismissal from the Stock Company, except in cases where there are justifiable grounds for such dismissal.

## Legal Basis for Director's Fees Claims

24.     Article 339(2) of the JCA is the basis for Melamed to claim

remuneration for the remainder of the unfulfilled term of his directorship,

including any bonuses or other benefits he would have been able to receive at the

end of the term under the MA, despite any limitations or shorter period for

compensation agreed to in the MA.

25.     Under Japanese law, Melamed can assert claims under both the MA

and Article 339(2) of the JCA. Therefore, even if Melamed is successful in his

claims under the MA, if the damages awarded are less than the compensation due

to him for the remainder of his term as Representative Director under Article

339(2) of the JCA, Melamed can recover the remaining difference in damages

under a separate claim pursuant to Article 339(2), plus interest of 3% accruing

daily from the day after the date the claim is made (whether such claim is made

formally or informally) pursuant to Article 404(2) of the Japanese Civil Code.

### Opinion 1 – Melamed is Entitled to Statutory Damages Consisting of His Remuneration to be Paid as a Representative Director Through the End of His Term

26.     Under the JCA, a director dismissed without "justifiable grounds" is

entitled to remuneration for the remainder of his or her term. In the case of FTX

Japan Holdings K.K., the term of service for a director as set forth in its Articles

of Incorporation is two years. (*See* Paragraph 11, above.)  Therefore, unless

dismissed for "justifiable grounds" as set forth in Article 339(2) of the JCA prior

to the end of his Term, Melamed as a director is entitled to remuneration from the

date of his termination for the remainder of his Term under the Articles of

Incorporation of Holdings. This is a statutory remedy provided by the JCA

regardless of and separate from any remedies under any private contract.

27.     This interpretation of Article 339 of the JCA is essentially settled law.

In numerous precedent cases, Japanese courts have held that damages arising from

the dismissal of a director include remuneration for the remainder of such

dismissed director's term and any benefits such person should have been able to

receive at the end of their term.[2] This is, again, regardless of and separate from

---

[2] *See*, *e.g.*, Osaka High Court Judgment, January 30, 1981, Hanrei Times 444 p140, Tokyo District Court Judgment, February 26, 1988, Hanrei Jiho, 1291 p140, etc.

any shorter period of compensation or remedies agreed to between the director and the company, which includes, in the instant case, the terms and conditions under the MA.

28.    Moreover, the "justifiable grounds" required to dismiss a director is a high threshold. Courts have variously interpreted this to mean "there are objective and reasonable circumstances that make it unavoidable to judge that the company cannot entrust the execution of duties to the director as a director," or "there are objective circumstances that make it difficult for the company to expect the director to fulfill his or her duties as a director."[3] "Justifiable grounds" also includes a director's violation of the law or the articles of incorporation of the company, or the inability to work due to significant incapacity or unfitness for duty. By contrast, the mere loss of a subjective relationship of trust, such as the shareholders' preference or belief that there is a more suitable person to fulfill the duties of the director, does not constitute "justifiable grounds."[4]

29.    In my opinion, there were no such "justifiable grounds" as required under the JCA articulated in the Cause Letter. Furthermore, Melamed's exercise of his legal rights under the laws of the United States in filing the Joinder would

---

[3] Tokyo District Court Judgment on July 27, 2016, Hanrei Secretary; Tokyo District Court Judgment on February 4, 2020, Hanrei Secretary; Tokyo District Court Judgment on March 2, 2020, Hanrei Secretary.
[4] *See*, *e.g.*, Osaka High Court Judgment, January 30, 1981, Hanrei Times 444 p. 140, Tokyo District Court Judgment, December 23, 1982, etc.

not, in my opinion, be "justifiable grounds" for dismissal under Article 339 of the JCA.

30.    Therefore, in my opinion, under the JCA Melamed is entitled to remuneration for the remainder of his Term as director, including any bonuses or other benefits he would have been able to receive at the end of the Term.

## **Opinion 2 – The Cause Letter and Related Actions Were a Breach of the MA and Melamed is Entitled to Damages Pursuant to the MA**

31.    Separate from the statutory requirements and remedies under the JCA, in my opinion, the termination carried out under the Cause Letter was itself a breach of the MA.

32.    The Cause Letter references Clause 3.1(e) of the MA, which provides Melamed is to:

(i)    maintain the confidentiality of all Confidential Information he acquires by virtue of his appointment;

(ii)    carry out his responsibilities with care, skill and diligence which the Company or the applicable member of the Group is reasonably entitled to expect from someone of his experience and expertise;

(iii)    to act in good faith and diligently serve the Company and each member of the Group, as applicable, and use his best endeavours to promote the business and interests thereof; [and]

(iv)    to act at all times for the proper purposes of the Company and each member of the Group, as applicable.

33.    No specific provision of Clause 3.1(e) of the MA was specified in the Cause Letter, as required by Clause 11.7 of the MA, and no reasoning or basis was

provided to explain the purported violation of Clause 3.1(e) of the MA by virtue

of the Joinder filed by Melamed.

34.    As a matter of Japanese law, there is no established precedent that the

filing of an objection to a parent company's bankruptcy plan by the representative

director of a subsidiary acting outside of his or her capacity as such could

constitute a breach of the duties set forth in Clause 3.1(e) of the MA.

35.    Furthermore, I can find nothing in any of the other documents I

reviewed, including the Articles of Incorporation for both FTX Japan Holdings

K.K. and FTX Japan K.K., which would indicate Melamed's filing of the Joinder

specifically violates any duty owed by Melamed to FTX Japan Holdings K.K.

rising to the level of breach of Clause 3.1(e) of the MA.

36.    In my opinion, based on the documents I reviewed and the facts as

they are known to me, the Cause Letter does not describe a termination "with

Cause", in either form or substance, under the terms of the MA.

*[Signature Page Follows]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the

laws of the United States of America that the foregoing is true and correct.

Dated: <u>February 21</u>, 2025

/s/ Takane Hori
Takane Hori
Partner, Mori Hamada & Matsumoto
Tokyo, Japan

EXHIBIT 1

Article 339 of the Japanese Companies Act:

(Dismissal)

(1) Officers and financial auditors may be dismissed at any time by a resolution at a shareholders meeting.

(2) A person dismissed pursuant to the provisions of the preceding paragraph is entitled to demand damages arising from the dismissal from the Stock Company, except in cases where there are justifiable grounds for such dismissal.

https://www.japaneselawtranslation.go.jp/en/laws/view/3206/en#je_pt2ch4sc3sb2at1

Article 361 of the Japanese Companies Act:

(Remuneration for Directors)

(1) The following matters with respect to the financial benefits received from a Stock Company as a consideration for the execution of the duties, such as remunerations and bonuses, (hereinafter in this Chapter referred to as "Remunerations") of directors are fixed by a resolution at a shareholders meeting if such matters are not prescribed in the articles of incorporation:
    (i)    for Remunerations in a fixed amount, that amount;
    (ii)   for Remunerations the amount of which is not fixed, the specific method for calculating that amount;
    (iii)  for Remunerations that are not monetary, the specific contents thereof.

[…]

https://www.japaneselawtranslation.go.jp/en/laws/view/3206/en#je_pt2ch4sc4at14