**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING, LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF SETH MELAMED IN SUPPORT OF
OPPOSITION TO DEBTORS' AMENDED OBJECTION TO
PROOFS OF CLAIM AND MOTION FOR SUBORDINATION
PURSUANT TO 11 U.S.C. §§ 510(B) AND 510(C)(1)
AND CROSS-MOTION TO COMPEL ARBITRATION**

Seth Melamed, being duly sworn, hereby states as follows:

1.      I submit this declaration (the "**Declaration**") in opposition to the Debtors'
Amended Objection to my Proofs of Claim (the "**Objection**"). On August 16, 2024, I submitted
the *Corrected Declaration of Seth Melamed*. (D.I. 23173) (the "**August 16th Declaration**")
which statements are incorporated herein by reference.

2.      Except as otherwise indicated herein, all of the facts set forth in this Declaration
are based upon my personal knowledge and my review of relevant documents. If called upon to
testify, I could and would testify to the facts set forth herein on that basis.  Capitalized terms not
defined herein are as defined in the August 16th Declaration, the Objection, and/or the
documents referenced therein.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases (collectively, the "Debtors"), a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX

3.      Liquid Group, Inc. ("**Liquid**") was a holding company that owned two successful cryptocurrency exchange operating entities with difficult-to-obtain licenses in Japan (FTX Japan) and in Singapore (Quoine) (collectively, the "**Liquid Entities**").

4.      On November 19, 2021, I signed the Agreement for the Sale and Purchase of Shares, Stock Options, and Warrants in Liquid Group Inc. (Major Shareholders) ("**SPA**"), as modified by that certain Side Letter Agreement of the same date (the "**First Side Letter**").

5.      Section 2.1(d) of the First Side Letter provides in relevant part:

> The total amount of consideration to be paid by the Purchaser to Mr. Melamed (the "Consideration") shall be paid ratably on the Completion Date, the Second Completion Date and the Last Completion Date, provided, that the total amount of Crypto Consideration of Mr. Melamed, which shall be withheld in its entirety by the Purchaser as Retained Consideration in accordance with clause 4 of the Major Shareholders SPA, shall be paid on the Completion Date.

*Id*.

6.      The SPA and First Side Letter are governed by the laws of Japan. SPA §19.1.

7.      Section 19.2 of the SPA provides that any disputes are to be resolved by binding arbitration:

> *[a]ny dispute*, controversy or claim arising *in any way* out of or in connection with *this Agreement* (including, without limitation: (i) any issue regarding contractual, pre-contractual or non-contractual rights, obligations or Liabilities; and (ii) any issue as to the existence, validity, breach or termination of this Agreement) shall be referred to and finally resolved by binding arbitration administered by the Singapore International Arbitration Centre ("SIAC") in accordance with the SIAC Rules in force when the Notice of Arbitration is submitted in accordance with such Rules (the "Rules"), which Rules are deemed to be incorporated by reference into this Clause and as may be amended by the rest of this Clause.

8.      As a condition to the Completion Date, I was required to sign a Management Agreement which was thereafter amended on June 30, 2022 and on October 19, 2022 (as amended, the "**Management Agreement**").  Under the Management Agreement, among other

things, I was appointed as a representative director of Holdings ("**Representative Director**") and I was to receive a monthly stipend of $47,000 (the "**Monthly Director Fee**").

9.      Closing conditions under the SPA were completed on April 4, 2022 (the "**Completion Date**").  On the Completion Date, FTX did not pay me the Retained Consideration as required by Section 2.1(d) of the First Side Letter.

10.      The Liquid Entities did not file for bankruptcy in Japan or in Singapore, and no board resolution authorizing the filing for bankruptcy protection was ever sought or obtained for these entities.  After the Petition Date, the Liquid Entities continued to operate their businesses in the ordinary course, and I continued in my role as COO of FTX Japan and as Representative Director and interacted with the Debtors' professionals continuously.

11.      In addition, I was in constant interaction with the Japan Financial Services Agency ("**JFSA**"), which was the regulatory body that had issued the license to FTX Japan.  The JFSA suspended FTX Japan's license on or about November 9, 2022 as the fraud at the FTX entities (other than Liquid) had become known.  My meetings with the JFSA centered around the suspension of the license, the bankruptcy of the other FTX Entities and the JFSA's repeated concern that the segregated assets held for customers would be absorbed by the FTX Estate. This concern was heightened by the fact that FTX Japan had never made or authorized a bankruptcy filing. Prior to the withdrawals being reenabled for FTX Japan customers on February 21, 2023, I had to convince the JFSA that under no circumstances would the FTX Estate seize the segregated assets of FTX Japan's customers. After withdrawals resumed, the discussions with the JFSA centered around the resumption of full exchange operations at FTX Japan and a potential sale of the company to a third party.

12.     On February 21, 2023, FTX Japan resumed withdrawal service for customers. On March 8, 2023, the JFSA lifted the Business Suspension order that had been imposed when the parent company FTX Trading Ltd had stopped processing withdrawals in November 2022. All customers of FTX Japan received their cryptocurrency returned in kind and any fiat returned in full.

13.     On March 31, 2024, I was reappointed to be Representative Director for a two year term by John J. Ray, III.   A copy of the shareholder notice and resolution is attached hereto as **Exhibit "A"**.

14.     On July 26, 2024, the Court entered its Order pursuant to which the Debtors were authorized to convey the capital stock of FTX Japan to BitFlyer.  Following this sale, the Court entered an *Order dismissing the chapter 11 case of FTX Japan* [D.I. 20560].  Based on the FTX Japan Sale price of 4.5 billion JPY to BitFlyer, I am entitled to an award under the Key Employee Incentive Plan approved by order of this Court in the amount of approximately USD $112,116.

15.     On July 26, 2024, the day of the sale of FTX Japan to BitFlyer Holdings, I resigned as representative director of FTX Japan but not from my position as Representative Director of Holdings.

16.     On July 30, 2024, I was terminated, without cause, by the Debtor as Representative Director of FTX Japan Holdings.

17.     On August 16, 2024, my attorneys filed on my behalf *Objection to the Plan/Joinder in Objection of Retail Creditors and Reservation of Rights* [D.I. 23167] (the "**Plan Objection**").

18.     Four days later, on August 20, 2024, I received a letter from the Debtors (the

"**August 20th Letter"**) which stated, among other things, that as a result of filing the Plan

Objection, my termination from Holdings was for "cause".   A copy of the August 20th Letter is

attached hereto as **Exhibit "B"**.

19.     Based on the FTX Japan Sale price of 4.5 billion JPY to BitFlyer, the KEIP award

payable to me is approximately USD $112,116 (the "**KEIP Award**").

20.     Twenty months remained on my term as Representative Director when I was

terminated on July 30, 2024.  The Debtors have not paid any Monthly Director Fees since that

date.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Dated: March 14,  2025

_Seth Melamed_
_____
Seth Melamed

**EXHIBIT A**

2024 年 3 月 31 日

March 31, 2024

FTX Trading Ltd.　御中

To FTX Trading Ltd.

東京都千代田区神田錦町三丁目１７番地

FTX Japan Holdings 株式会社

代表取締役　セス・メラメド

FTX Japan Holdings K.K.

3-17 Kandanishiki-cho, Chiyoda-ku, Tokyo, Japan

Representative Director Seth Melamed

### 通知書 兼 提案書
### **Notice and Proposal**

　弊社は、会社法第 319 条第 1 項に基づき、当社の第 5 回定時株主総会の目的である報告事項及び決議事項について、以下のとおりご通知及びご提案します。つきましては、通知内容及び提案内容にご異論ない場合は、添付の同意書に署名又は押印の上でご返送いただくか、本メールに「同意します」と記載のうえ、ご返信くださいますようお願い申し上げます。

　なお、貴社から同意をいただいたときは、当該通知事項を報告しかつ当該提案を可決する株主総会があったものと取り扱わせていただきます。

　Pursuant to Paragraph 1 of Article 319 of the Companies Act, I hereby notify and propose the matters set out below to be reported and resolved at the fifth ordinary general meeting of the shareholder of the Company. Please kindly sign or affix your seal to the attached consent form and return it to the Company, or please kindly reply to the Company by email with the message, "I consent", if you agree with such notices and proposals.

　If and when you have returned your consent to me, the reporting matters shall be deemed to have been reported in a general meeting of shareholders and the resolutions of a general meeting of shareholders to pass such proposals shall be deemed to have been adopted.

【定時株主総会の目的である報告事項】

【Items to be Reported at an Ordinary General Meeting】

　　　1.　事業報告及び計算書類の概要の報告

　　　1. Report on the Business Report and Financial Statements

　　　　作成作業中である第 5 期（2023 年 1 月 1 日から 2023 年 12 月 31 日まで）の事業報告及び計算書類の現時点における概要について。

Regarding the current summary of the business report and the financial statements for the fifth fiscal year (from January 1, 2023 to December 31, 2023), which are in the process of being prepared.

【定時株主総会の目的である決議事項】
【Items to be Resolved at an Ordinary General Meeting】

第 1 号議案　事業報告の内容報告及び計算書類承認の延期の件

Proposal 1:　Postponement of the Report on the Contents of the Business Report and the Approval of the Financial Statements

当社の第 5 回定時株主総会で予定されていた第 5 期（2023 年 1 月 1 日から 2023 年 12 月 31 日まで）事業報告の内容報告及び第 5 期計算書類の承認について、本株主総会の時点において実施することができないことから、事業報告の内容報告及び計算書類の承認取得の時期を延期すること。

To postpone the time for reporting on the business report for the fifth fiscal year (from January 1, 2023 to December 31, 2023) and for obtaining approval of the financial statements for the fifth fiscal year, which was scheduled for the fifth ordinary general meeting of shareholders of the Company, due to the fact that it is not possible to implement such business report and financial statements as of the time of this meeting of shareholders.

第 2 号議案　取締役 1 名選任（再任）の件

Proposal 2:　Appointment (Reappointment) of one Director

取締役 1 名が本総会終結の時をもって任期満了となることから、セス・メラメド氏を取締役に選任（再任）すること。

To elect (reappoint) Mr. Seth Melamed as a Director, as the term of office of one director will expire at the conclusion of this general meeting of shareholders.

第 3 号議案　監査役 1 名選任（再任）の件

Proposal 3:　Appointment (Reappointment) of one Corporate Auditor

監査役 1 名が本総会終結の時をもって任期満了となることから、大蘿淳司氏を監査役に選任（再任）すること。

To elect (reappoint) Mr. Atsushi Taira as a corporate auditor, as the term of office of one Corporate Auditor will expire at the conclusion of this general meeting of shareholders.

以上

End

------------------------------------------------------------------------------------------

FTX Japan Holding 株式会社　御中
To FTX Japan Holding K.K.

**同　意　書**

**<u>Consent</u>**

　私は、会社法第 319 条第 1 項に基づき、FTX Japan Holdings 株式会社の唯一の株主として、FTX Trading Ltd.を代表して上記の各通知及び提案に同意します。

Pursuant to Paragraph 1 of Article 319 of the Companies Act, I do hereby consent on behalf of FTX Trading Ltd. to each notice and proposal above as the sole shareholder of FTX Japan Holdings K.K.

2024 年 3 月 31 日
March 31, 2024

ローワー・ファクトリー・ロード、セント・
ジョーンズ、アンティグア・バーブーダ
FTX Trading Ltd
Chief Executive Officer John J. Ray III
Lower Factory Road, St. John's, Antigua and Barbuda
FTX Trading Ltd
Chief Executive Officer John J. Ray III

_____

**EXHIBIT B**

August 20, 2024

and

JL Bumbak
Gang p. Saubi Villa Palms
Kabupaten Badung Kuta Utara
Bali 80361
Indonesia

Email: seth@liquid.com; check_raize@yahoo.com; and sethm19@mac.com

Re: Notice of Breach and Termination for Cause

Mr. Melamed:

Reference is made to (i) that certain Management Agreement, by and between FTX Japan Holdings K.K. (formerly known as Liquid Group Inc.) ("FTX Japan") and you, dated March 31, 2022, as amended on June 30, 2022, and as further amended and restated by that certain Amended and Restated Management Agreement, by and between you and FTX Japan, dated October 19, 2022 (collectively, the "FTX Japan Management Agreement"), and (b) that certain termination letter, dated July 30, 2024 (the "Termination Letter").

1.  Notice of Breach. It has come to our attention that the *Joinder of Seth Melamed to the Objections to the Plan Raised by the Retail Customers and Reservation of Rights* (D.I. 23167) was filed by you in the United States Bankruptcy Court for the District of Delaware on August 16, 2024.  Accordingly, this letter (this "Letter") is to provide you with notice of a material breach by you of Section 3.1(e) of the FTX Japan Management Agreement.

2.  Withholding of Payments. As a result of the breach described in Section 1 above, you will not be entitled to any other compensation or benefits pursuant to the FTX Japan Management Agreement or otherwise.

3.  Termination for Cause. In accordance with the terms of the FTX Management Agreement, such material breach must be cured within 30 days of receipt of this Letter, failing which you will be deemed to have been terminated with Cause (as defined in the FTX Japan Management Agreement) pursuant to Section 11.2(a) of the FTX Japan Management Agreement effective as of the date of this Letter.

FTX Japan, on behalf of itself and its affiliates, expressly reserves all rights and remedies to be asserted against you in relation to the foregoing matters or any other matters under the FTX Japan Management Agreement, the Termination Letter, applicable law (including corporate law and bankruptcy law) and otherwise.

*[Signature Page Follows]*

Very truly yours.

FTX JAPAN HOLDINGS K.K.

By: _Kurt S. Knipp_____

Name: Kurt Knipp
Title: Director