**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF YUTA HATTORI TO THE FTX RECOVERY TRUST'S 160TH OMNIBUS OBJECTION TO PROOFS OF CLAIM**

Comes now, Yuta Hattori, ("Mr. Hattori") with this, his response to the FTX Recovery Trust's 160th Omnibus Objection to Proofs of Claim and respectfully states as follows:

1. Pursuant to Fed. R. Bankr. P. 3001(f), a claimant must allege facts sufficient to support his claim.

2. At the outset, a properly filed proof of claim is prima facie evidence of the validity and the amount of the claim. Under Section 502 of the Bankruptcy Code, the burden then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. See *In re Allegheny Int'l, Inc.* 954 F.2d 167, 173(3d Cir. 1992).

3. To successfully object, an objector must produce evidence "which if believed would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id*. at 174.

4. Once an objector produces sufficient evidence to negate the validity of one or more of the sworn facts in the proof of claim, the burden shifts back to the claimant. *Id.*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

5. The claimant then bears the ultimate burden of establishing a valid claim by a preponderance of the evidence. *Id.*

6. In the reason for the objection, it says "the FTX Recovery Trust has conducted a review of the filed proof of claim and any related accompanying materials and their books and records. Based on this review, the FTX Recovery Trust submits that the customer asserted cryptocurrency quantities and fiat which does not match the quantities and holdings in such customer's accounts. No liability exists on account of the other activity asserted. Accordingly, the FTX Recovery Trust seeks to modify the asserted claim to match their books and records."

7. The FTX Recovery Trust has failed to produce evidence sufficient to negate the prima facie validity of the filed claim.

8. Attached as Exhibit A are November, 2022 screenshots of Mr. Hattori's FTX accounts, which shows 5.9880 in Bitcoin, 5.0267 in Bitcoin, 20.1168 BNB in Blockfolio, and 1500 MATIC. Even if the FTX Recovery Trust's assertion that the books and records do not match the quantities and holdings in Mr. Hattori's account negate the validity of Mr. Hattori's claim, Exhibit A serves as evidence to refute that assertion. As such, the objection of the FTX Recovery Trust should be overruled.

Dated:  April 10, 2025              GELLERT SEITZ BUSENKELL & BROWN, LLC

*/s/ Amy D. Brown*
Amy D. Brown (4077)
1201 N. Orange St., Ste. 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
abrown@gsbblaw.com