**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) (Jointly Administered) |
| Debtors. | **Hearing Date: April 17, 2025 at 10:00 a.m. (ET)** **Reply Deadline: April 10, 2025 at 4:00 p.m. (ET)** |

**CLAIMANT'S OPPOSITION IN RESPONSE TO FTX RECOVERY**
**TRUST'S ONE HUNDRED SIXTIETH (SUBSTANTIVE) OMNIBUS OBJECTION**
**TO CERTAIN OVERSTATED PROOFS OF CLAIM (CUSTOMER CLAIMS)**

Customer with the unique ID customer code of 00331099 ("**Claimant**") that filed claim number 97315, by and through its undersigned counsel, submits this opposition in response (this "**Opposition**") to *FTX Recovery Trust's One Hundred Sixtieth (Substantive) Omnibus Objection to Certain Overstated Proofs of Claim (Customer Claims)* (D.I. 29733) ("**Objection**").[2] Claimant respectfully opposes the Objection and responds as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The Opposition only addresses that portion of the Objection with respect to the Damages Claim (defined below) as further explained herein and in Claim (defined below). Claimant reserves and preserves all rights with regard to any part of the Claim not specifically objected to in the Objection. Further, because the Objection is omnibus in nature, Claimant joins in any part of oppositions to the Objection addressing a similar set of facts.

## PRELIMINARY STATEMENT[3]

1.      The Debtors have submitted this "books and records" Objection with a "twist" as an end-around to providing the necessary evidence required to establish various tort claims, such as the Damages Claim, are invalid.

2.      The Debtors' "books and records" Objection fails for two reasons. *First*, the Debtors fail to meet their burden to prove that the Damages Claim is not *prima facie* valid by only offering boiler plate and conclusory statements regarding the Debtors' "books and records," the Plan, or the Confirmation Order in the Objection. *Second*, to the extent applicable given the Debtors' failure to meet its evidentiary burden, the Debtors do not establish how Claimant, a party that ***opted out of the Plan releases***, is or would be bound by the releases in the Plan (*i.e.*, the Global Settlement claims).

3.      The simple is answer is that the Debtors cannot prove either, which is why, rather than submit a separate substantive objection to the various tort claims asserted in the Damages Claim, the Debtors tried to evade the required burden of proof, and the explanations that come with proving such burden, by submitting the improper Objection.

## BACKGROUND

### I.      General Case Background

4.      On November 11, 2022 and November 14, 2022 (collectively, "**Petition Date**"), FTX Trading Ltd. and 101 affiliated debtors (collectively, "**Debtors**") each commenced, in the United States Bankruptcy Court for the District of Delaware (this "**Court**"), a voluntary case under chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**").

---

[3]    Capitalized terms used but not defined in this Preliminary Statement shall have meanings ascribed to them below in this Opposition.

17276742/1

5.     The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures ("**Bankruptcy Rules**") and an order (D.I. 128) of this Court, the Debtors' cases ("**Chapter 11 Cases**") have been consolidated for procedural purposes only and are being jointly administered.

7.     The Debtors, on September 30, 2024, filed their *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (D.I. 26029) (as may be amended, supplemented, or otherwise modified from time to time, "**Plan**").

8.     On August 15, 2024, Claimant submitted its ballot to the Debtors' claims agent rejecting the Plan and opting-out of the Plan releases.[4]

9.     The Court entered, on October 8, 2024, an order confirming the Plan (D.I. 26404) ("**Confirmation Order**"). On January 3, 2025, the effective date occurred, and the Plan was consummated (D.I. 29127).

## II.    **The Claims Process and the Claim**

10.     By order (D.I. 1519), dated June 28, 2023, of the Court, the last day by which customers could file claims[5] against the Debtors was September 29, 2023 at 4 p.m. Eastern Time ("**Customer Bar Date**").

---

[4]    A true and correct copy of Claimant's ballot ("**Ballot**") is in the Debtors' possession, custody, and control. The Claimant, if directed by this Court will submit the Ballot *in camera* or file a redacted version on the docket.

[5]    "Customer Claims" means a claim (defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, or federal or state law, rule or regulation, common law or otherwise) held by any person (defined in section 101(41) of the Bankruptcy Code) or entity (defined in section 101(15) of the Bankruptcy Code) against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX exchange as of the Petition Date or (b) any other investment or trading activities on any FTX exchange.

11.    On September 28, 2023, Claimant timely filed its original proof of claim against debtor FTX in Case No. 22-11068, designated as claim number 85350 ("**Original Claim**"). Subsequently, on October 7, 2024, Claimant timely amended its Original Claim by filing an amended proof of claim against debtor FTX, designated as claim number 97315 ("**Amended Claim**," and collectively with the Original Claim, "**Claim**").[6]

12.    The Claim asserts: (a) cryptocurrency and fiat quantities as well as any other holdings in Claimant's accounts as of the Petition Date;[7] and (b) damages of no less than $89,189,678.70 ("**Damages Claim**") relating to FTX's action (or inaction) before the Petition Date.

12.    It is undisputed that prior to the Petition Date, and pursuant to FTX's Terms of Service (defined and further described in the Claim), the digital assets deposited for trading and/or as collateral in Claimant's FTX accounts remained Claimant's property. But for FTX's improper auto-liquidation of Claimant's trading accounts on or around November 10, 2022, Claimant would have retained the ability to trade or otherwise dispose of the digital assets in Claimant's trading accounts, and FTX would have had no basis to auto-liquidate the value of Claimant's digital assets.

13.    As further described in the Claim, the Damages Claim asserts that because of FTX's (a) fraud in representing that it maintained best-in-class software to protect user assets from improper auto-liquidation, and that any such auto-liquidation would be implemented in a gradual, measured manner as to prevent unnecessary account losses; and (b) omission that the prices on its

---

[6]    True and correct copies of the Original Claim and the Amended Claim are in the Debtors' possession, custody, and control. The Claimant, if directed by this Court will submit the Claim *in camera* or file a redacted version on the docket.

[7]    As set forth in the Objection, the only portion of the Claim apparently being objected to and eliminated is the Damages Claim. The remainder of the Claim (various cryptocurrency or fiat quantities or any other holdings) is being modified slightly from the Claim filed by Claimant; Claimant accepts the slight modifications to various cryptocurrency or fiat quantities or any other holdings as set forth in the table attached to the Objection.

perpetual futures contracts were susceptible to significant divergence from accurate market pricing and dislocation from their respective underlying indices, and that such dislocation would foreseeably subject Claimant's trading accounts to improper auto-liquidation, Claimant suffered direct damages in an amount no less than $89,189,678.70 (*i.e.*, the Damages Claim).

III.   **The Objection**

14.    On February 25, 2025, the Debtors' filed the Objection. In addition to other claims seeking to be modified or reduced, the Objection seeks to eliminate the Damages Claim and reducing the amount from $89,189,678.70 to $0. *See* Objection, Schedule 1 to the Proposed Order (defined in the Objection) at 44-46.

15.    To purportedly support the complete elimination of the Damages Claim, the Debtors merely make the broad statement that:

> The FTX Recovery Trust has conducted a review of the filed proof of claim and any related accompanying materials and their books and records. Based on this review, the FTX Recovery Trust submits that the customer asserted cryptocurrency quantities and fiat which does not match the quantities and holdings in such customer's accounts. Accordingly, the FTX Recovery Trust seeks to modify the asserted claim to match their books and records. In addition and pursuant to Paragraphs 41 and 93 of the Confirmation Order and Section 5.2 of the Plan, the Global Settlement resolves, among other things, "(a) the actual or purported fraud, unjust enrichment, misappropriation, conversion and misconduct of former Insiders;", "(c) the purported commingling and misuse of customer deposits and corporate funds;", and "(g) the effects and consequences of the Debtors' Terms of Service and whether the assets held by the FTX.com Exchange and the FTX.US Exchange are property of the Debtors' Estates;". Therefore, the FTX Recovery Trust's liability is limited to Allowed Customer Entitlement Claims under the Plan and all components of the Overstated Claims asserting generalized Claims and causes of action should be reduced to zero.

*Id.* at 46.

## LEGAL STANDARD

16.    A timely filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. 501(a), 502(a). "A proof of claim executed and filed in accordance with these

rules shall constitute *prima faci*e evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f). An objecting party in interest may rebut the *prima facie* validity of a proof of claim by submitting "sufficient evidence to negate the *prima facie* validity of the filed claim." *In re Lampe*, 665 F.3d 506, 514 (3d Cir. 2011).

17.     Moreover, *pro forma* objections by a debtor without any evidentiary support, ***will not*** shift the burden to the claimant. *See e.g.*, *Garner v. Shier* (*In re Garner*), 246 B.R. 617, 623 (B.A.P. 9th Cir. 2000). The *prima facie* validity of proof of claim is strong "enough to carry over a mere formal objection without more." *In re Schleher*, 20 B.R. 387, 395 (Bankr. D. Mont. 2003). "[B]oiler-plate" objections without evidence or analysis are insufficient for such a rebuttal. *See In re Coppedge*, 555 B.R. 456, 458, 460 (Bankr. M.D. Pa. 2016) (overruling "boiler-plate" objections even where no Opposition to claim objection was filed); *see also In re Lyon & Lyon, LLP*, No. BAP CC-04-1239-MABK, 2005 WL 6960226, at *9 (B.A.P. 9th Cir. June 30, 2005) (finding the bankruptcy court abused its discretion by relying on a declaration that, although based on personal knowledge, relied upon records not produced with the declaration, so the trustee did not overcome *prima facie* evidence of a properly filed proof of claim). Indeed, "the objector must produce evidence equal in force to the *prima facie* case." *In re F-Squared Inv. Mgmt., LLC*, 546 B.R. 538, 543 (Bankr. D. Del. 2016) (citing *In re Allegheny Intern., Inc.*, 954 F.2d 167 (3d Cir.1992)). Unless a debtor "introduces evidence as to the invalidity of the claim or the excessiveness of the amount," the claimant need not offer "further proof of the merits of the claims." *In re Brown*, 82 F.3d 801 (8th Cir. 1996) (internal citations omitted).

## **ARGUMENT**

18.     The Debtors fail to meet their burden to prove that the Damages Claim is not *prima facie* valid or that the Damages Claim is barred under the Plan.

**I.    The Debtors Fail to Meet Their Burden**
**to Disallow the Damages Claim**

19.    The Debtors themselves admit their "books and record" basis for the Objection is insufficient. Objection, ¶ 21 ("Unless the Modified Claim was previously allowed, the FTX Recovery Trust retains its rights to later object on any basis to any Modified Claim and to any Overstated Claim as to which the Court does not grant the relief requested herein."); *id.* at Exhibit A, ¶ 2 ("The claims listed in the column titled "Modified Claims" identified in Schedule 1 attached hereto shall remain on the claims register, subject to the FTX Recovery Trust's further objections on any substantive or non-substantive grounds.").

20.    In an attempt to circumvent the required burden of proof, the Debtors submitted this "books and records" Objection with a "twist" as an end-around to providing the necessary evidence needed to establish that various tort claims, such as the Damages Claim, is purportedly invalid. Paragraph 7 of the Objection states:

> The FTX Recovery Trust has determined, based on its books and records, that each proof of claim listed on Schedule 1 to Exhibit A under the heading "Asserted Claims" (the "Overstated Claims") asserts valid grounds for such claim but seeks recovery for amounts greater than what the applicable claimants are actually owed by the FTX Recovery Trust. Certain Overstated Claims assert cryptocurrencies or claim amounts in excess of, and inconsistent with those, as set forth in the FTX Recovery Trust's books and records.

*See id.*, ¶ 7.

21.    Nowhere in the Objection do the Debtors provide sufficient evidence to support the complete elimination of the Damages Claim, reducing it to zero. The only reasons provided in the Objection to purportedly eliminate the Damages Claim are (a) the boiler plate statement that the filed proof of claim and any related accompanying materials do not match the Debtors' books and records; and (b) blanket statements that pursuant to the Plan and Confirmation Order, components of claims asserting fraud, misrepresentation, misappropriation, breach of fiduciary duty, and other

similar assertions relating to customer accounts should be eliminated without providing any evidence that Claimant is bound by the Plan releases.

22.    The only evidence offered in support of the Objection to the Damages Claim (and other claims, collectively defined as the "Overstated Claims" in the Objection) is the following cursory language in the declaration attached to the Objection:

> Based on the FTX Recovery Trust's and its advisors' ongoing analysis and review, the FTX Recovery Trust and its advisors have determined that certain Overstated Claims allege incorrect quantities of cryptocurrencies and fiat held by such customer. Based on this review, each of the Overstated Claims listed in Schedule 1 includes details indicating that the claims are filed for amounts that differ from, and/or are greater than, the amounts reflected in the FTX Recovery Trust's books and records. I believe that certain Overstated Claims assert cryptocurrencies or claim amounts in excess of, and inconsistent with those, as set forth in the FTX Recovery Trust's books and records. Therefore, I believe that the Overstated Claims should be modified and reduced to the amount set forth under the heading labeled "Modified Claims" consistent with the FTX Recovery Trust's books and records.

> Additionally, the FTX Recovery Trust and its advisors have determined that certain of the Overstated Claims allege Claims on the basis of fraud, misrepresentation, misappropriation, breach of fiduciary duty and other similar assertions. I believe that these Overstated Claims have already been settled pursuant to the Global Settlement. Therefore, I believe that these Overstated Claims should be modified and reduced to the amount set forth under the heading labeled "Modified Claims" consistent with the resolution of these Claims pursuant to the Plan and Confirmation Order.

*See id.* at Exhibit B, ¶¶ 7–8.

23.    The Debtors' statement that its "books and records" do not account for Claimant's claims of gross negligence, fraud, and fraudulent inducement against FTX is not an appropriate basis for objecting to the Damages Claim. FTX has not provided any viable evidence to negate the Damages Claim (*i.e.*, evidence showing how or why Claimant's account value and digital assets as of the Petition Date are valued at less than $89,189,678.70 on account of the Debtors' gross negligence, fraud, and fraudulent inducement, plus all other amounts set out more fully in the Claim). Moreover, most potential litigants do not make it a practice to book possible lawsuit

8

damages on the company's records ahead of time (even though FTX was on notice of Claimant's position on this possible claim through the Original Claim, *see* Original Claim ¶ 13, and other public statements from FTX's principals, *see* Amended Claim ¶¶ 48-50).

24.     Because the Objection does not put forth any evidence "as to the invalidity of the claim or the excessiveness of the amount[,]" Claimant "need offer no further proof of the merits of the claim." *In re Residential Cap.*, 518 B.R. 720, 731 (Bankr. S.D.N.Y. 2014) (*quoting* 4 Collier on Bankruptcy ¶ 502.02 (16th rev. ed. 2013)). Therefore, the Objection should be overruled.

## II.   The Damages Claim is Not Barred by the Plan or Confirmation Order

25.     Additionally, the Debtors' assertion that the Damages Claim against FTX is barred by the Confirmation Order and the Plan is incorrect. The Debtors rely on sections 5.2 and 10.4 of the Plan, but both sections are inapplicable to Claimant. *See* Objection ¶ 14 *Cf.* Plan §§ 5.2 (defining the "Global Settlement"), 10.4 (describing the voluntary holder releases under the Plan).

26.     Pursuant to paragraph 45 of the Confirmation Order and section 2.1.172 of the Plan, the voluntary releases under the Plan only apply to:  "(e) Holders whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) Holders who vote to reject the Plan but do not opt out of granting the releases set forth therein; and (g) Holders who are deemed to reject the Plan and opt in to the releases set forth therein. Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (h) above are not Releasing Parties." ("**Releasing Parties**," each a "**Releasing Party**"). Plan §2.1.172; Confirmation Order ¶ 45.

27.     Claimant received a ballot to vote and submitted that Ballot on August 15, 2024 (before the August 16, 2024 deadline) voting to reject the Plan and opting out of the Plan releases. Accordingly, Claimant is not a Releasing Party under the Plan or the Confirmation Order and is

not barred from bringing claims against FTX. *In re Smallhold, Inc*., 665 B.R. 704 (Bankr. D. Del. 2024).

28.     Although not specifically listed in section 10.4 of the Plan, the releases are inclusive of all claims described and listed in section 5.2 of the Plan addressing and defining the global settlement ("**Global Settlemen**t"). *See* Plan § 5.2. Section 5.2 specifically states that the Global Settlement is "*[i]n consideration of the* classification, treatment, Distributions, *releases* and other benefits provided by the Debtors to their stakeholders *under the Plan*[.]" *Id.* (emphasis added). In light of the fact that Claimant neither gave nor got a release as a result of the Global Settlement, and in fact opted out of the releases, this section of the Plan does not impact or govern Claimant or the Damages Claim.

29.     Additionally, even if Claimant were bound by the Plan releases (it is not), the Damages Claim is still not barred. As described in the Claim, the Damages Claim is a result of gross negligence, fraud, and fraudulent inducement arising from pre-petition conduct of the Debtors. Claims regarding gross negligence, willful misconduct, fraud, or a criminal act are expressly excluded from the Plan releases. *See* Plan § 10.4 (carving out "claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act."); *see also* Confirmation Order ¶ 46 ("[The Voluntary Release by Holders of Claims and Interests] expressly excludes Claims or Causes of Action arising from gross negligence, willful misconduct, fraud or a criminal act[.]"). Accordingly, the Damages Claim would be allowed.

30.     Finally, even if the Plan releases were not inclusive of the claims in the Global Settlement (they are) and Claimant were to be barred from bringing the claims described under the

Global Settlement section alone (it is not), the Damages Claim would still survive. Since there is no express language carving out gross negligence, willful misconduct, fraud, or a criminal act against the Debtors in the Global Settlement section, such claims are not barred under the Global Settlement section (if such section was deemed separate from the Plan releases, which it is not). *See generally*, *United Artists Theatre Co. v. Walton*, 315 F.3d 217 (3d Cir. 2003); *New Enter. Assoc*s. *14, L.P. v. Rich*, 295 A.3d 520 (Del. Ch. 2023).

31.     Accordingly, the Debtors have not provided sufficient evidence that discredits at least one of the allegations essential to the Damages Claim's legal sufficiency (not under their books and records, the Plan, Confirmation Order, or otherwise) and the Damages Claim should be allowed in its entirety. To the extent that the Damages Claim is not allowed, as a result of the Objection and this Opposition, this is now a contested matter that will be governed by Bankruptcy Rule 9014 and the Bankruptcy Rules incorporated thereby. *See In re Allegheny Int'l, Inc.*, 954 F.2d at 173.

## NOTICE

32.     Notice of this Opposition has been filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon counsel to the FTX Recovery Trust, (a) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Christian P. Jensen (jensenc@sullcrom.com) and David M. Rosenthal (rosenthald@sullcrom.com); (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Kimberly A. Brown (brown@lrclaw.com) and Matthew R. Pierce (pierce@lrclaw.com); and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002. Claimant submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## **<u>RESERVATION OF RIGHTS</u>**

33.     Claimant expressly reserves and preserves all claims, causes of action, defenses, rights, and remedies at law, in equity, or otherwise, including without limitation, to amend, modify, or supplement this Opposition, to raise any and all additional or further oppositions, and to introduce evidence, including but not limited to documents or other relevant information in support of the positions set forth in this Opposition, prior to any time up to and including at the hearing regarding the Objection if it is not resolved prior to or at such hearing or if the Debtors file additional pleadings in connection the Objection, whether or not raised herein.

[*Text Continued On Following Page*]

17276742/1

## CONCLUSION

**WHEREFORE**, Claimant respectfully submits that this Court should overrule the Objection with respect to the Damages Claim, remove the Damages Claim from Schedule 1 of the Objection, and allow the Damages Claim in its entirety, and grant such other and further relief the Court deems just and proper under the circumstance.

Dated: April 10, 2025
      Wilmington, Delaware

Respectfully Submitted,

**MORRIS JAMES LLP**

*/s/ Tara C. Pakrouh*
Tara C. Pakrouh (DE Bar No. 6192)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: tpakrouh@morrisjames.com

-and-

**MORRISON COHEN LLP**
Jason P. Gottlieb (*pro hac vice*)
Heath D. Rosenblat (*pro hac vice*)
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708
E-mail: jgottlieb@morrisoncohen.com
       hrosenblat@morrisoncohen.com

*Counsel for Claimant*

17276742/1