**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 22-11068 (KBO)<br>) (Jointly Administered)<br>)<br>) Related to Docket Nos. 1632, 1683, 1693, 2235, 29773<br>) and 30125<br>)<br>) **Hearing Date: April 17, 2025 at 2:00 pm (ET)**<br>) **Objection Deadline: At the Hearing** |

**MOTION FOR ENTRY OF ORDER AUTHORIZING NONPARTY DO KWON TO FILE UNDER SEAL CERTAIN PORTIONS OF HIS REPLY IN FURTHER SUPPORT OF HIS MOTION TO ENFORCE ORDER GRANTING MOTION OF PYTH DATA ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY (ECF 1693)**

Movant Do Kwon, by and through his undersigned counsel, hereby files this motion (the "Motion to Seal") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9018-1(d) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing Mr. Kwon to file under seal certain portions of his *Reply in further Support of his Motion to Enforce Order Granting Motion of Pyth Data Association for Relief from the Automatic Stay (ECF 1693)* (the "Reply") [D.I. 30125]. In support of this Motion to Seal, Mr. Kwon respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## BACKGROUND

1.       On November 11, 2022 and November 14, 2022 (collectively, the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

2.       On June 23, 2023, the Court entered the *Order Granting Motion of Pyth Data Association for Relief from the Automatic Stay* [Docket No. 1693] (the "Stay Relief Order").

3.       On February 27, 2025, Mr. Kwon filed the *Motion to Enforce Order Granting Motion of Pyth Data Association for Relief from the Automatic Stay (ECF 1693)* [Docket No. 29773] (the "Motion to Enforce").

4.       On April 3, 2025, PDA filed the *Objection of the Pyth Data Association to Motion to Enforce Order Granting Motion of Pyth Data Association for Relief from the Automatic Stay (ECF 1693)* (the "Objection"), as well as the *Motion for Entry of Order Authorizing the Pyth Data Association to File under Seal* [Docket Nos. 30053, 30051] ("PDA Sealing Motion").

5.       In further support of his Motion to Enforce, Mr. Kwon has prepared the Reply, which describes the contents of and quotes from certain exhibits to the Objection that PDA deemed confidential and filed under seal.

6.       Mr. Kwon thus files this Motion to Seal and seeks the entry of the Proposed Order, authorizing Mr. Kwon to file under seal portions of the Reply that are subject to terms of confidentiality and/or include personally identifiable information of nonparties to (the "Confidential Information").

## LEGAL AUTHORITY AND ARGUMENT

7.       11 U.S.C. § 107(b)(1) provides bankruptcy courts with the authority to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1); *see also* 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code

provides that "the court may make any order which justice requires . . . to protect any entity against scandalous or defamatory matter." Fed. R. Bankr. P. 9018. And Local Rule 9018-1(d)(i) provides, that "[a]ny filer seeking to file a document . . . under seal must file a motion requesting such relief…" Del. Bankr. L.R. 9018-1(d)(i).

8.      Mr. Kwon's Reply references and quotes from certain exhibits that PDA, in the PDA Sealing Motion, sought leave to file under seal, in order to "preclude public disclosure of the Confidential Information and protect nonparties from undue prejudice." PDA Sealing Motion ¶ 15. PDA's Sealing Motion goes on to explain that the release of any Confidential Information could expose the terms of confidential agreements, disclose proprietary interfaces, reveal confidential information within corporate resolutions, and risk substantial harm to nonparties through public exposure of their sensitive personal information. *Id.*

9.      Mr. Kwon takes no position on the validity of those statements as to the sealed portions of Exhibits B, C, and D. Specifically as to Exhibits H and I, Mr. Kwon represents that portions of those documents include sensitive personal information of nonparties that could cause harm if made public.

10.      Mr. Kwon's Reply references or quotes from sealed portions of Exhibits C, H, and I.

11.      In light of the foregoing, Mr. Kwon respectfully requests that the Court authorize PDA to (i) file under seal portions of its Reply that reference Confidential Information, (ii) file redacted versions of the Reply on the docket in these Chapter 11 Cases, and (iii) provide unredacted versions of the Reply to: (a) the Court; (b) counsel for the Debtors; (c) the U.S. Trustee; (d) counsel PDA; (e) counsel for Todd R. Snyder, as the plan administrator (the "Terraform Plan Administrator") of the jointly-administered estates of Terraform Labs Pte. Ltd.; and (f) counsel for the Official Committee of Unsecured Creditors.

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9018-1(d)(ii)**

12.     Pursuant to Local Rule 9018-1(d)(ii), the undersigned counsel hereby certifies that Mr. Kwon conferred in good faith with counsel for the Debtors, counsel for PDA, and counsel for the Terraform Plan Administrator, and none objected to the request to seal.

**NOTICE**

13.     Notice of this Motion to Seal will be given to the following parties, or in lieu thereof, to their counsel: (i) the Debtors; (ii) the Official Committee of Unsecured Creditors; (iii) the U.S. Trustee; (iv) the SEC; (v) the IRS; (vi) the DOJ; (vii) the U.S. Attorney for the District of Delaware; (viii) PDA; (ix) the Terraform Plan Administrator; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, Kwon submits that no other or further notice is necessary.

**NO PRIOR MOTION**

14.     Mr. Kwon has not made any prior motion for the relief sought in this Motion to Seal to this Court or any other court.

**WHEREFORE,** for the foregoing reasons, Mr. Kwon respectfully requests that the Court enter an order (a) authorizing Mr. Kwon to file the Confidential Information under seal; and (b) granting such other and further relief as the Court deems necessary and appropriate.

Dated: April 14, 2025

Respectfully submitted,

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
GELLERT SEITZ BUSENKELL & BROWN, LLC
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
(302) 425-5812
mbusenkell@gsbblaw.com

Sean Hecker*
David Patton*
Michael Ferrara*
John C. Quinn*
Matthew J. Craig*
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York, 10118
(212) 763-0883
shecker@heckerfink.com
dpatton@heckerfink.com
mferrara@heckerfink.com
jquinn@heckerfink.com
mcraig@heckerfink.com

Katherine Epstein*
HECKER FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
(212) 763-0883
kepstein@heckerfink.com

*Counsel for Movant Do Kwon*

* *admitted pro hac vice*