THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>FTX TRADING LTD., et al.,[1]<br>Debtors. | Chapter 11<br>Case No. 22-11068 (JTD)<br>(Jointly Administered) **Ref Nos. 28225 & 29350** |

RECEIVED
2025 APR 28 AM 11: 08
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**Motion to Consider Equal Treatment of ETC creditors of Quoine Pte Ltd.**

Claimant Jonas Paasch respectfully submits this motion to the honorable Court, pursuant to 11 U.S.C. §1123(a)(4) ("the plan shall provide the same treatment for each claim or interest of a particular class."), since his class appears to not have been considered yet (by the FTX claims form, nor the Omnibus objection ECF No. 25698)
**1.** Quoine concealed and withheld ETC balances owned by customers holding Ethereum at the time of the ETC hard fork ( *Jonas Paasch's simultaneously submitted* response to ECF No. 25698 Ex. A, Ex. B). While this class is a small part of the whole FTX bankruptcy, the number of Quoine's customers deprived of ETC split assets is significant, considering Ethereum has constantly been a top 2 crypto currency and the movants account number is 18176[2].      **1.1.** Alternative discovery: Analyzing full transaction records also was too unreliable (*Id. at 2*) (or impossible)
**2.** Many long-term Ethereum investors may never have noticed the existence of ETC let alone the fork date in absence of notification (*Id. at 2c*) and participation was materially impaired (*Id. at 3*) . And Quoine's customers have not been notified equally through the notice titled 'NOTICE TO ALL FTX CUSTOMERS' (July 14, 2023) if the name FTX was foreign or unknown to them or filtered (*Id. at 3a*). Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950) held: "An elementary and fundamental requirement of due process . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."      **2.1.** The facts above rendered the chances to assert rights minuscule overall. (As detailed in *Jonas Paasch's simultaneously submitted* response to ECF No. 25698 at 3; "Next to Quoine's concealment, the following procedural issues materially impaired the claimant's ability to assert his rights, rendering his chances of participation minuscule.")

**3. Relief sought:** Claimant respectfully requests that the Court
  (A) compel notification of Quoine's customers about the concealed ETC split balances.
     (And rectify notification through including the relevant brand names in the subject)
  (B) compel full discovery as necessary / Rule 2004  ("Mutual knowledge of all the
     relevant facts... is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495,
     507 (1947)), or grant eligible Quoine customers shares in the rest of Quoine.

**4. Systemic relevance:** Due to the transparent but autonomous nature of crypto networks, Courts can efficiently access public blockchain records—such as Quoine's ETH wallet addresses at the time—to redress unjust enrichment ( and the so-called Wild West of

---

[1] TIN ending on 3288 (4063 for Almeda Research LLC). List of entities: cases.ra.kroll.com/FTX
[2] Movant's account number "18176" (Ex. A) hints at the number of customers at the time.

1

crypto[3].) Claimant's exceptional early engagement[4] positioned him to submit this motion for this likely overlooked class of equally situated victims, whose participation is rare due to unawareness of ETC's existence, unawareness of the relevant hard fork split entitlement date and unawareness of Quoine's withholding and due to the procedural impairments.) The claimant remains available to assist the honorable Court promptly and thanks the honorable Court for its time and consideration.
Respectfully executed April 25th, 2025,

*[signature]*

Pro Se Quoine Victims
Jonas Paasch
jonas-paasch@proton.me
700 Dovercourt Dr Unit 31 #163
Winnipeg, MB R3Y 1X5 Canada

**Ex. A** (Number of Quoine accounts prior to Quoine's withholding ETC.)

*[Screenshot of Liquid platform showing Profile tab with User ID: 18176]*

---

[3] ("They are creating a new Wild West. [ 4 ] Gensler, G. (2021), *Remarks Before the Aspen Security Forum, U.S. Securities and Exchange Commission, August.* To quote Littlefinger from Game of Thrones, "chaos is a ladder". The story does not end well for this character. However, it only takes a few to climb high on the ladder – even if their gains are only temporary – to convince many others that they are missing out." - ecb.europa.eu/press/key/date/2022/html/ecb.sp220425~6436006db0.en.html )

[4] The claimant always prioritized volunteer work and studied crypto since 2011 so that he eventually took the responsibility to be a top 5 crypto derivatives trader on the leading platform "Bitmex" in 2016, to prioritize stabilizing the markets in spite of market manipulation, under the goal to start an emergency relief charity once the exponential growth of crypto would slow down. But he eventually became a victim to multiple heists and unjust enrichments (including Quoine's withholding of ETC), each of which had perpetually compounding impact. He resigned the important mission and suffered from chronic pain and underweight since.

2

## CERTIFICATE OF SERVICE

I, Jonas Paasch, hereby certify that on this 25th day of April, 2025, a true and correct copy of the foregoing document was served upon the following individuals by the methods indicated.

RECEIVED
2025 APR 28   AM 11: 08
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

(1) By registered mail upon:

Clerk of the Court
United States Bankruptcy Court
District of Delaware
824 Market Street, 3rd Floor
Wilmington, DE 19801

(2) By email upon the following parties:

- Debtors' Counsel
  Adam G. Landis, Kimberly A. Brown, Matthew R. Pierce
  *landis@lrclaw.com, brown@lrclaw.com, pierce@lrclaw.com*

- Debtors' Co-Counsel (Sullivan & Cromwell LLP)
  Andrew Dietderich, James Bromley, Brian Glueckstein, Alexa Kranzley
  *dietdericha@sullcrom.com, bromleyj@sullcrom.com, gluecksteinb@sullcrom.com, kranzleya@sullcrom.com*

- Counsel to the Official Committee of Unsecured Creditors (Paul Hastings LLP)
  Kristopher M. Hansen, Luc A. Despins, G. Alexander Bongartz
  *kristopherhansen@paulhastings.com, lucdespins@paulhastings.com, alexbongartz@paulhastings.com*

- U.S. Trustee for the District of Delaware
  Juliet Sarkessian
  *juliet.m.sarkessian@usdoj.gov*

- Kroll Restructuring Administration LLC (claims agent)
  *ftxinfo@ra.kroll.com*

*[signature]*

Pro Se
Jonas Paasch
jonas-paasch@proton.me
700 Dovercourt Dr Unit 31 #163
Winnipeg, MB R3Y 1X5 Canada

3

## Exhibit E: Claimant sent about 25 information requests.



## Exhibit F: Instead of receiving a claim ID or confirmation, Kroll's claimant list leaked to hackers.

**Exhibit G: The initial price of ETC**



**"Poloniex"** First week's volume weighted average: $1.91365
(The vast majority of trading happened at this U.S. exchange at the time. *Ex. H*)



**"Kraken"** started trading ETC another 3 days later



11

**Exhibit H: More than half of all crypto trading volume was ETC pairs**

**Crypto Volume:**



**ETC Volume:**



(web.archive.org/web/20160727000434/http://coinmarketcap.com/currencies/ethereum-classic#markets)

**The first week's volume weighted average also was as much as 0.165 ETH:**



12