## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| | (Jointly Administered) |
| Debtors. | Hearing Date: June 25, 2025 at 9:30 A.M. ET<br>Objection Deadline: June 11, 2025 at 4:00 P.M. ET |

### FTX RECOVERY TRUST'S ONE HUNDRED SEVENTY-SECOND (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN NO LIABILITY PROOFS OF CLAIM (CUSTOMER CLAIMS)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> OF <u>EXHIBIT A</u> ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN.**

The FTX Recovery Trust[2] hereby submits this one hundred seventy-second omnibus claims objection (this "Objection") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "Order"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' (as defined below) confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1].

disallowing and expunging in its entirety each claim set forth in Schedule 1 attached to the

Order.  In support of this Objection, the FTX Recovery Trust submits the *Declaration of Rob*

*Esposito in support of FTX Recovery Trust's One Hundred Seventy-Second (Substantive)*

*Omnibus Objection to Certain No Liability Claims (Customer Claims)* (the "Esposito

Declaration"), attached hereto as Exhibit B.  In further support of this Objection, the FTX

Recovery Trust respectfully states as follows:

## Background

1.      On November 11 and November 14, 2022 (as applicable, the

"Petition Date"), the FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") filed with the Court voluntary petitions for relief under the

Bankruptcy Code (the "Chapter 11 Cases").  On December 15, 2022, the Office of the United

States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee

of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code

[D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the

commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in*

*Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W.*

*Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the

*Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3.    On October 7, 2024, the Court confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan"), and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404].

4.    On January 3, 2025, the effective date of the Plan occurred, which, among other things, established the FTX Recovery Trust and transferred, assigned, and vested all of the Debtors' assets in the FTX Recovery Trust.  *See Notice of Effective Date of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 29127].

## Facts Specific to the Relief Requested

5.    On June 28, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1793] (the "Customer Bar Date Order").  The Customer Bar Date Order established, among other things, the deadline of September 29, 2023 to file Customer Claims[3] against the Debtors.

---

[3]    "Customer Claims" means a claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, or federal or state

6.      To date, approximately 97,400 customer proofs of claim have been filed against the Debtors and the FTX Recovery Trust, asserting more than $54,350,000,000.[4]

## No Liability Claims

7.      The FTX Recovery Trust and its advisors are reviewing and reconciling all proofs of claim and any related supporting documentation filed against the FTX Recovery Trust.  The FTX Recovery Trust has determined, based on its books and records, that the FTX Recovery Trust does not have any liability with respect to each proof of claim listed on Schedule 1 to Exhibit A (the "No Liability Claims").  Accordingly, the FTX Recovery Trust submits that the No Liability Claims should be disallowed and expunged in their entirety.

## Jurisdiction and Venue

8.      The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.  Pursuant to Local Rule 9013-1(f), the FTX Recovery Trust consents to the entry of a final order or judgment

---

law, rule or regulation, common law or otherwise) held by any person (as defined in section 101(41) of the Bankruptcy Code) or entity (as defined in section 101(15) of the Bankruptcy Code) against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX exchange as of the Petition Date or (b) any other investment or trading activities on any FTX exchange.

[4]    Excludes 499 frivolous customer claims filed in aggregate for more than $1.187 sextillion.

by the Court in connection with this Objection to the extent it is later determined that the Court,

absent the consent of the parties, cannot enter final orders or judgments consistent with Article

III of the United States Constitution.

## Basis for Relief

9.      Section 502(a) of the Bankruptcy Code provides, in pertinent part, as

follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy

Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an

objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed

amount of the claim. 11 U.S.C. § 502(b). Section 502(b)(1) of the Bankruptcy Code provides,

in relevant part, that a claim may not be allowed to the extent that it "is unenforceable against the

debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b).

10.     Further, Local Rule 3007-1(d) provides that a debtor may object on a

Substantive basis to a "claim that does not have a basis in the debtor's books and records and

does not include or attach sufficient information or documentation to constitute *prima facie*

evidence of the validity and amount of the claim, as contemplated by [Bankruptcy Rule]

3001(f) . . . ." Local Rule 3007-1(d)(vi); *see also In re Exide Technologies*, 2014 WL 6081302,

at *1 (Bankr. D. Del. Oct. 14, 2014) (expunging and disallowing insufficient documentation

claims); *In re FBI Wind Down, Inc.*, 2015 WL 1181890, at *1 (Bankr. D. Del. Mar. 3, 2015)

(same).

11.     While a properly filed proof of claim is *prima facie* evidence of the

claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima*

*facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) ("Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). The burden of persuasion with respect to the claim is always on the claimant, *id.* at 174, and the failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity. *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

12.     As set forth in the Esposito Declaration, based upon a review of the No Liability Claims, the FTX Recovery Trust's books and records, and the claims register, the FTX Recovery Trust has identified that the No Liability Claims lack the requisite supporting documentation to verify the existence of any claim against the FTX Recovery Trust. While certain No Liability Claims include documentation, the attached documentation bears no discernable relationship to, or support for, the liability asserted in the underlying claim. Other No Liability Claims attach no supporting documentation at all. In addition, it appears that certain claimants had an FTX account, those accounts had no fiat, cryptocurrency or non-fungible tokens. Thus, the FTX Recovery Trust has determined that the No Liability Claims, with the current attached documentation and FTX account balances, which reflect no fiat, cryptocurrency or non-fungible tokens, are insufficient to verify the existence or amount of the underlying claims as they relate to the FTX Recovery Trust. As such, the No Liability Claims are not *prima facie* valid.

13.     Pursuant to Bankruptcy Rule 3001(c), a claimant that files a proof of claim based on a writing must file an original or duplicate of the writing with the proof of claim or otherwise explain that the writing has been lost or destroyed.  Only a proof of claim filed in accordance with Bankruptcy Rule 3001(c) constitutes *prima facie* evidence of its validity or amount.  *See In re Olympus Healthcare Grp., Inc.*, 2004 WL 144240, at *3 (Bankr. D. Del. Jan. 23, 2004) (finding that the claimant failed to prove its claim by not attaching the guaranty to the proof of claim and did not produce it (or a copy of it) at the hearing on the objection to that claim).

14.     Accordingly, the FTX Recovery Trust submits that the No Liability Claims should be disallowed and expunged in their entirety from the claims register.

### **Responses to This Objection**

15.     To contest the FTX Recovery Trust's determinations of the No Liability Claims included in this Objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than June 11, 2025 at 4:00 p.m. (ET) (the "Response Deadline").  Each Response to this Objection must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon counsel to the FTX Recovery Trust, (a) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Christian P. Jensen (jensenc@sullcrom.com) and Robert H. Mandel (mandelr@sullcrom.com) and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G.

Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com), so as to be actually

received by no later than the Response Deadline.

      16.    Each Response to this Objection must, at a minimum, contain the

following information:

    (a)    a caption setting forth the name of the Court, the name of the Debtors, the
lead case number, and the title of the Objection to which the Response is
directed;

    (b)    the name of the claimant, the claim number, and a description of the basis
for the amount of the claim;

    (c)    the specific factual basis and supporting legal argument upon which the
party will rely in opposing this Objection;

    (d)    all documentation and other evidence, to the extent it was not included
with the proof of claim previously filed, upon which the claimant will rely
to support the basis for and amounts asserted in the proof of claim and in
opposing this Objection; and

    (e)    the name, address, telephone number, fax number or email address of the
person(s) (which may be the claimant or the claimant's legal
representative) with whom counsel for the FTX Recovery Trust should
communicate with respect to the claim or the Objection and who possesses
authority to reconcile, settle, or otherwise resolve the objection to the No
Liability Claim on behalf of the claimant.

      17.    If a claimant fails to timely file and serve a Response by the

Response Deadline, the FTX Recovery Trust will present to the Court the Order disallowing and

expunging in their entirety the No Liability Claims without further notice to the claimant or a

hearing.

      18.    The FTX Recovery Trust may file and serve a reply to any Response in

accordance with the Local Rules.  The FTX Recovery Trust reserves the right to seek an

adjournment of the hearing on any Response to this Objection, which adjournment will be noted

on the notice of agenda for the hearing.

## **Reservation of Rights**

19.     Nothing in this Objection:  (a) is intended or shall be deemed to constitute

an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission

as to the validity of any claim against the Debtors or the FTX Recovery Trust; (b) shall impair,

prejudice, waive, or otherwise affect the rights of the FTX Recovery Trust to contest the validity,

priority, or amount of any claim against the Debtors or the FTX Recovery Trust; (c) shall impair,

prejudice, waive, or otherwise affect the rights of the FTX Recovery Trust with respect to any

and all claims or causes of action against any third party; or (d) shall be construed as a promise

to pay a claim or continue any applicable program post-petition, which decision shall be in the

discretion of the FTX Recovery Trust.  Any payment made pursuant to an order of the Court

granting the relief requested herein is not intended to be nor should it be construed as an

admission as to the validity of any claim or a waiver of the FTX Recovery Trust's rights to

subsequently dispute such claim.

20.     The FTX Recovery Trust retains their rights to later object on any basis to

any No Liability Claim as to which the Court does not grant the relief requested herein.

## **Separate Contested Matters**

21.     To the extent a Response is filed regarding any claim listed in this

Objection and the FTX Recovery Trust is unable to resolve the Response, the objection by the

FTX Recovery Trust to such claim shall constitute a separate contested matter as contemplated

by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## **Compliance with Local Rule 3007-1**

22.     To the best of the FTX Recovery Trust's knowledge and belief, this Objection and the related exhibits comply with Local Rule 3007-1.  To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## **Notice**

23.     Notice of this Objection has been provided to:  (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) counsel for the Ad Hoc Committee; (g) each claimant whose claim is subject to this Objection; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.   The FTX Recovery Trust submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## **No Prior Request**

24.     No prior request for the relief sought herein has been made by the FTX Recovery Trust to this or any other court.

## **Conclusion**

WHEREFORE, for the reasons set forth herein, the FTX Recovery Trust

-10-

respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto

as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: April 28, 2025
   Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_/s/ Matthew R. Pierce_
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
   brown@lrclaw.com
   pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted _pro hac vice_)
James L. Bromley (admitted _pro hac vice_)
Brian D. Glueckstein (admitted _pro hac vice_)
Christian P. Jensen (admitted _pro hac vice_)
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
   bromleyj@sullcrom.com
   gluecksteinb@sullcrom.com
   jensenc@sullcrom.com

_Counsel for the FTX Recovery Trust_

-11-