## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: June 25, 2025 at 9:30 A.M. (ET)** |
| | **Objection Deadline: June 11, 2025 at 4:00 P.M. (ET)** |

### FTX RECOVERY TRUST'S ONE HUNDRED SEVENTY-FIFTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN MISCLASSIFIED CLAIMS (CUSTOMER CLAIMS)

> **THIS OBJECTION SEEKS TO RECLASSIFY CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> OF <u>EXHIBIT A</u> ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN.**

The FTX Recovery Trust[2] hereby submits this one hundred seventy-fifth omnibus claims objection (this "Objection") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), reclassifying each Misclassified Claim (as defined below) set forth in Schedule 1 attached to the Order from a

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' (as defined below) confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1].

priority, administrative, 503(b)(9) or secured claim to a general unsecured customer entitlement claim. In support of this Objection, the FTX Recovery Trust submits the *Declaration of Rob Esposito in Support of FTX Recovery Trust's One Hundred Seventy-Fifth (Substantive) Omnibus Objection to Certain Misclassified Claims (Customer Claims)* (the "Esposito Declaration"), attached hereto as Exhibit B. In further support of this Objection, the FTX Recovery Trust respectfully states as follows:

## Background

1. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed with the Court voluntary petitions for relief under the Bankruptcy Code (the "Chapter 11 Cases"). On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3. On October 7, 2024, the Court confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan"), and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and*

*Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404].

4.        On January 3, 2025, the effective date of the Plan occurred, which, among other things, established the FTX Recovery Trust and transferred, assigned, and vested all of the Debtors' assets in the FTX Recovery Trust.  *See Notice of Effective Date of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 29127].

### Facts Specific to the Relief Requested

5.        On June 28, 2023, the Court entered the Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief [D.I. 1793] (the "Customer Bar Date Order").  The Customer Bar Date Order established, among other things, the deadline of September 29, 2023 to file Customer Claims[3] against the Debtors.

6.        To date, approximately 97,400 customer proofs of claim have been filed against the Debtors and the FTX Recovery Trust, asserting more than $54,350,000,000.[4]

### Misclassified Claims

7.        The FTX Recovery Trust and its advisors are reviewing and reconciling all proofs of claim and any supporting documentation filed against the FTX Recovery Trust.

---

[3]    "Customer Claims" means a claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, or federal or state law, rule or regulation, common law or otherwise) held by any person (as defined in section 101(41) of the Bankruptcy Code) or entity (as defined in section 101(15) of the Bankruptcy Code) against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX exchange as of the Petition Date or (b) any other investment or trading activities on any FTX exchange.

[4]    Excludes 515 frivolous customer claims filed in aggregate for more than $1.245 sextillion.

8.      The FTX Recovery Trust has determined based on its books and records that each proof of claim listed on <u>Schedule 1</u> to <u>Exhibit A</u> under the heading "Asserted" (the "<u>Misclassified Claims</u>") have alleged their claims have a priority, administrative, 503(b)(9) or secured status, but are not secured by any property of the FTX Recovery Trust, proper 503(b)(9) or administrative claims or other priority claims, as applicable.   As such, each of the Misclassified Claims is a general unsecured customer entitlement claim rather than a priority, administrative, 503(b)(9) or secured claim.   Accordingly, the FTX Recovery Trust submits that the Misclassified Claims should be reclassified as general unsecured customer entitlement claims.

## <u>Jurisdiction and Venue</u>

9.      The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.   This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).   Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.   The statutory predicates for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.   Pursuant to Local Rule 9013-1(f), the FTX Recovery Trust consents to the entry of a final order or judgment by the Court in connection with this Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## <u>Basis for Relief</u>

10.      Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).   Once an objection to a claim is filed,

the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b).

11.     While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) ("Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is *'prima facie'* valid."). The burden of persuasion with respect to the claim is always on the claimant, *see id.* at 174, and the failure to allege facts and to provide adequate support for a claim eliminates the claim's prima facie validity. *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

12.     As set forth in the Esposito Declaration, based upon a review of the Misclassified Claims, the FTX Recovery Trust has determined that each of the Misclassified Claims listed on Schedule 1 to Exhibit A has been improperly asserted as a priority, administrative, 503(b)(9) or secured claim and instead should be classified as a general unsecured customer entitlement claim.

13.     Certain of the Misclassified Claims allege secured claim status, but are not secured by any of the FTX Recovery Trust's property. Since these Misclassified Claims are not properly secured claims against the FTX Recovery Trust's and its property, they fall squarely within the definition of general unsecured customer entitlement claims and should be reclassified

as such.  Certain other Misclassified Claims allege 503(b)(9) status, but are not related to goods sold to the FTX Recovery Trust, and accordingly should be reclassified as customer entitlement claims.  Failure to do so would result in the Misclassified Claims receiving disparate treatment with other general unsecured customer entitlement claims.  In connection with proceeding towards distributions under the Plan, the FTX Recovery Trust needs to accurately characterize all filed proofs of claims, so that all Claimants receive the correct distributions.  Accordingly, the FTX Recovery Trust requests that the improper classifications of each Misclassified Claim be corrected and reclassified as general unsecured customer entitlement claims.

### **Responses to This Objection**

14.    To contest the FTX Recovery Trust's determinations of the Misclassified Claims included in this Objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than June 11, 2025 at 4:00 p.m. (ET) (the "Response Deadline").  Each Response to this Objection must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon counsel to the FTX Recovery Trust, (a) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Christian P. Jensen (jensenc@sullcrom.com) and David M. Rosenthal (rosenthald@sullcrom.com) and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Kimberly A. Brown (brown@lrclaw.com) and Matthew R. Pierce (pierce@lrclaw.com), so as to be actually received by no later than the Response Deadline:

15.    Each Response to this Objection must, at a minimum, contain the following information:

a. a caption setting forth the name of the Court, the name of the Debtors, the lead case number and the title of the Objection to which the Response is directed;

b. the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

c. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

d. all documentation and other evidence, to the extent it was not included with the proof of claim previously filed, upon which the claimant will rely to support the basis for and amounts asserted in the proof of claim and in opposing this Objection; and

e. the name, address, telephone number, fax number or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the FTX Recovery Trust should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Misclassified Claim on behalf of the claimant.

16.    If a claimant fails to timely file and serve a Response by the Response Deadline, the FTX Recovery Trust will present to the Court the Order reclassifying the Misclassified Claims from priority, administrative, 503(b)(9) or secured claims to general unsecured customer entitlement claims without further notice to the claimant or a hearing.

17.    The FTX Recovery Trust may file and serve a reply to any Response in accordance with the Local Rules.  The FTX Recovery Trust reserves the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

**<u>Reservation of Rights</u>**

18.    Nothing in this Objection: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or the FTX Recovery Trust; (b) shall impair, prejudice, waive, or otherwise affect the rights of the FTX Recovery Trust to contest the validity,

priority, or amount of any claim against the Debtors or the FTX Recovery Trust; (c) shall impair, prejudice, waive, or otherwise affect the rights of the FTX Recovery Trust with respect to any and all claims or causes of action against any third party; or (d) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the FTX Recovery Trust.  Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the FTX Recovery Trust's rights to subsequently dispute such claim.

19.    This Objection does not allow any of the Misclassified Claims and does not constitute an admission or acknowledgement by the FTX Recovery Trust that any such claims should be allowed.  Unless the Misclassified Claim was previously allowed, the FTX Recovery Trust retains its rights to later object on any basis to any Misclassified Claim and to any Fully Unliquidated Claim as to which the Court does not grant the relief requested herein.

## Separate Contested Matters

20.    To the extent a Response is filed regarding any claim listed in this Objection and the FTX Recovery Trust is unable to resolve the Response, the objection by the FTX Recovery Trust to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## Compliance with Local Rule 3007-1

21.    To the best of the FTX Recovery Trust's knowledge and belief, this Objection and related exhibits comply with Local Rule 3007-1.  To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be

waived.

## Notice

22.     Notice of this Objection has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) counsel for the Ad Hoc Committee; (g) each claimant whose claim is subject to this Objection; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The FTX Recovery Trust submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## No Prior Request

23.     No prior request for the relief sought herein has been made by the FTX Recovery Trust to this or any other court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the FTX Recovery Trust respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: April 28, 2025
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

*Counsel for the FTX Recovery Trust*