# EXHIBIT B

**Esposito Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF ROB ESPOSITO IN SUPPORT OF FTX RECOVERY TRUST'S ONE HUNDRED SEVENTY-FIFTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN MISCLASSIFIED CLAIMS (CUSTOMER CLAIMS)**

I, Rob Esposito, hereby declare under penalty of perjury:

1. I am a Senior Director at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operation restructuring.

2. I have more than 15 years of restructuring experience across various industries, including broadcasting, oil & gas, manufacturing, pharma, transportation, automotive, retail, telecommunications, and healthcare.

3. Since joining A&M, I have been involved in numerous Chapter 11 restructurings, including Alpha Natural Resources, Sandridge Energy, Westmoreland Coal, Endo International, Cumulus Media, Coach America, Cooper-Standard Automotive, Ascena Retail and Exide Technologies.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

4. I submit this declaration (the "Declaration") in support of the *FTX Recovery Trust's One Hundred Seventy-Fifth (Substantive) Omnibus Objection to Certain Misclassified Claims (Customer Claims)* (the "Objection").[2] I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by the FTX Recovery Trust.[3]

5. Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by the FTX Recovery Trust's management, the FTX Recovery Trust and other Debtor professionals, including the A&M team, involved in advising the Debtors and the FTX Recovery Trust in the above-captioned case (the "Chapter 11 Case"). If called upon to testify, I could and would testify to the facts set forth herein on that basis. I am authorized to submit this Declaration on behalf of the FTX Recovery Trust.

6. The Misclassified Claims subject to the Objection were reviewed and analyzed in good faith using due diligence by appropriate personnel of the FTX Recovery Trust and A&M. Indeed, the FTX Recovery Trust and its advisors have spent months reviewing and analyzing proofs of claim and any supporting documentation filed against the FTX Recovery Trust. These efforts resulted in, among other things, identifying the Misclassified Claims set forth in Schedule 1 to Exhibit A of the Objection.

7. Based on the FTX Recovery Trust's and its advisors' ongoing analysis and review, the FTX Recovery Trust and its advisors have determined that the Misclassified Claims are general unsecured customer entitlement claims rather than priority, administrative, 503(b)(9)

---

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

[3] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' (as defined below) confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1].

or secured claims. Based on this review, each of the Misclassified Claims listed in Schedule 1 includes details indicating that it is a general unsecured customer entitlement claim. It is my belief that each of the claims listed in Schedule 1 improperly alleges priority, administrative, 503(b)(9) or secured status and is not secured by any of the FTX Recovery Trust's property, a correct 503(b)(9) claim or administrative claim nor any other reason that would justify classification as a priority claim. Therefore, I believe that the Misclassified Claims should be reclassified from priority, administrative, 503(b)(9) or secured claims to general unsecured customer entitlement claims.

8. I believe the administration of these claims would be more efficient and fair to all parties if the FTX Recovery Trust is able to reclassify the Misclassified Claims from priority claims to customer entitlement claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 28, 2025                               */s/ Rob Esposito*
                                                    Rob Esposito
                                                    Alvarez & Marsal North America, LLC
                                                    Senior Director