# EXHIBIT 1

## ASSIGNMENT SEPARATE FROM CERTIFICATE

      For value received, SETH MELAMED ("Seller"), hereby sells, assigns and transfers unto PAPER BIRD, INC., One Million Nineteen Thousand Seventy (1,019,070) Common Shares of FTX Trading Ltd., a company established under the laws of Antigua and Barbuda, standing in Seller's name on the books of such company, which shares are represented by Certificate No. 132, and does hereby irrevocably constitute and appoint Sullivan & Cromwell LLP as attorneys-in-fact to transfer such shares on the books of the within named company with full power of substitution in the premises.

Dated: December 28, 2022

                                                SETH MELAMED

_[DocuSigned by: Seth Melamed, 90EE468DAED2475...]_

ocuSign Envelope ID: D5775888-2980-48A6-8C75-D40020B2A8A1

ase 22-11068-KBO    Doc 30366-1    Filed 05/07/25    Page 3 of 14

EXECUTION VERSION

This **SHARE PURCHASE AGREEMENT** (this "Agreement"), made effective as of December 28, 2022 (the "Effective Date"), is entered into by and between Paper Bird Inc., a Delaware corporation ("Purchaser"), and Seth Melamed ("Seller").

RECITALS

**WHEREAS**, Seller owns and desires to sell to Purchaser, and Purchaser desires to purchase from Seller, 1,019,070 outstanding common shares (the "Shares") of FTX Trading Ltd., a company established under the laws of Antigua and Barbuda (the "Company"), subject to the terms and conditions set forth herein;

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements contained in this Agreement, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereby agree as follows:

1. Share Purchase and Sale.  Effective as of the Effective Date, Seller hereby agrees to, and hereby does, sell, transfer, convey, assign and deliver the Shares and all right, title and interest therein and thereto to Purchaser, and in consideration therefor, Purchaser agrees to pay to Seller the Purchase Price (as defined below) pursuant to Section 2.

2. Purchase Price.  The aggregate purchase price for the Shares shall be $1.00 (the "Purchase Price").  The Purchase Price shall not be subject to any adjustments.  Purchaser shall pay the Purchase Price to Seller no later than six (6) months following the Closing Date (as defined below) in cash by check made payable to Seller and delivered to Seller or by any other payment method that Purchaser may elect in its discretion.

3. Closing.  The closing (the "Closing") of the transaction contemplated by this Agreement (the "Transaction") shall take place simultaneously with the execution of this Agreement (the "Closing Date") remotely by exchange of documents and signatures (or their electronic counterparts).  Notwithstanding the Closing Date, the parties hereto intend that the transaction contemplated hereby be deemed effective and complete, and title to the Shares shall be transferred from Purchaser to Seller, as of the Effective Date.  As soon as practicable after Closing, Seller shall deliver, or cause to be delivered, one or more stock certificates evidencing the Shares to Purchaser, accompanied by an executed Assignment Separate from Certificate.

4. Representations and Warranties of Seller.  Seller represents and warrants to Purchaser that:

(a) The execution, delivery and performance of this Agreement has been duly authorized by all necessary action on the part of Seller, and this Agreement is a valid and binding obligation of Seller;

(b) Seller is the legal and beneficial owner of record of the Shares and has good and valid title to the Shares, free and clear of all liens, encumbrances, equities or claims that Seller may have caused, except for such restrictions and encumbrances on the Shares pursuant to

4871-8599-5589 v.5

the terms of that certain Side Letter Agreement dated March 31, 2022 and the documents referenced therein, including but not limited to a proxy agreement (collectively, the "Side Letter Restrictions"), and upon delivery of the Shares in consideration of the Purchase Price pursuant hereto, good and valid title to the Shares, free and clear of all liens, encumbrances, equities or claims that Seller may have cause, except for the Side Letter Restrictions, will pass to Purchaser.

       5.      <u>Securities Law Exemption</u>.  Seller and Purchaser agree that the purchase and sale contemplated hereby is intended to be exempt from registration under applicable U.S. federal and state securities laws and agree to take any reasonable action as may be appropriate or necessary to evidence any such exemption.

       6.      <u>Non-Public Information</u>.  Seller agrees that none of Purchaser or its directors, officers, employees and affiliates shall have any liability to Seller or its directors, officers, affiliates, principals, stockholders, partners, employees and agents whatsoever due to or in connection with the Purchaser's non-disclosure of any material non-public information that it or its directors, officers, employees and affiliates may be in possession of, and Seller hereby irrevocably waives any claim that it and, to the extent permitted by applicable law, contract or otherwise, its directors, officers, affiliates, principals, stockholders, partners, employees and agents might have based on the failure of Purchaser to disclose any such information in connection with the purchase and sale transaction contemplated hereby.

       7.      <u>Survival</u>.  The representations and warranties contained herein shall survive Closing.

       8.      <u>Notices</u>.  Any notice, request, instruction or other document to be given hereunder by any party to the others shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, by facsimile, email or overnight courier:

      (a)  if to Purchaser, to:

> John J. Ray III
> Chief Executive Officer
> FTX Trading Ltd. and its affiliated debtors-in-possession
> c/o Sullivan & Cromwell LLP
> 125 Broad Street
> New York, NY 10004
> Attention:  FTX Mail Room;
>              Andrew G. Dietderich
> Email:    dietdericha@sullcrom.com

(b) if to Seller, to:

Seth Melamed
2-3-7 Shimomeguro #510
Meguro-ku, Tokyo, Japan 153-0064
Email:      sethm19@mac.com

with a copy (which copy shall not constitute notice) to:

Fox Rothschild LLP
345 California St #2200
San Francisco, CA 94104
Attention:  Michael Sweet, Esq.
MSweet@foxrothschild.com

or to such other persons or addresses as may be designated in writing by the party to receive such notice as provided above.  Any notice, request, instruction or other document given as provided above shall be deemed given to the receiving party upon actual receipt, if delivered personally; three (3) business days after deposit in the mail, if sent by registered or certified mail; upon confirmation of successful transmission if sent by facsimile or email (**provided** that if given by facsimile or email such notice, request, instruction or other document shall be followed up within one business day by dispatch pursuant to one of the other methods described herein); or on the next business day after deposit with an overnight courier, if sent by an overnight courier.

9. <u>Further Assurances</u>.  Each party hereto shall do and perform and execute and deliver, or cause to be done and performed or executed and delivered all further acts and all other agreements, certificates, book entries, instruments, instructions and documents as may be necessary in order to consummate the Transaction or requested by the other party to further evidence the Transaction.

10. <u>Amendments and Waivers</u>.  Any provision of this Agreement may be amended if, but only if, such amendment is in writing and is duly executed and delivered by Purchaser and Seller.  Any provision of this Agreement may be waived by the party entitled to the benefit thereof, but only by a writing signed by such party.  No failure or delay by any party in exercising any right, power or privilege hereunder shall operate as a waiver thereof nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege.  The rights and remedies herein provided shall be cumulative and not exclusive of any rights or remedies provided by law.

11. <u>Fees and Expenses</u>.  Each party hereto shall pay all of its own fees and expenses (including attorneys' fees) incurred in connection with this Agreement and the Transaction.

12. <u>Successors and Assigns</u>.  The provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns, <u>provided</u> that neither party may assign, delegate or otherwise transfer any of its rights or obligations under this Agreement without the consent of the other party hereto.

13. <u>Governing Law and Venue; Waiver of Jury Trial</u>.  This Agreement shall be deemed to be made in and in all respects shall be interpreted, construed and governed by and in accordance with the law of the State of New York without regard to the conflicts of law principles thereof to the extent that such principles would direct a matter to another jurisdiction.  Each party to this Agreement agrees that it shall bring any action or proceeding in respect of any claim arising out of or related to this Agreement exclusively in the United States Bankruptcy Court for the District of Delaware (or if such court does not have subject matter jurisdiction, the federal courts of the United States of America located in the State of Delaware or the courts of the State of Delaware) (the "<u>Chosen Courts</u>"), and solely in connection with claims arising under this Agreement (i) irrevocably submits to the exclusive jurisdiction of the Chosen Courts, (ii) waives any objection to laying venue in any such action or proceeding in the Chosen Courts, (iii) waives any objection that the Chosen Courts are an inconvenient forum or do not have jurisdiction over any party to this Agreement and (iv) agrees that service of process upon such party in any such action or proceeding shall be effective if notice is given in accordance with <u>Section 8</u>.  Each party to this Agreement irrevocably waives any and all right to trial by jury in any legal proceeding arising out of or relating to this Agreement.

14. <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes all prior agreements and understandings, both oral and written, between the parties and/or their affiliates with respect to the subject matter of this Agreement.

15. <u>Counterparts; Third Party Beneficiaries</u>.  This Agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if all signatures were upon the same instrument.  No provision of this Agreement shall confer upon any person other than the parties hereto any rights or remedies hereunder.

[*Signature page follows*]

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be duly executed as of the Effective Date.

**PURCHASER**

Paper Bird Inc.

By: _____
    Name:  John J. Ray III
    Title:  Chief Executive Officer

**SELLER**

Seth Melamed

By: _____
    Name:

THE UNDERSIGNED AGREES AND ACKNOWLEDGES THAT IT RELEASES AND WAIVES THE RIGHTS AND RESTRICTIONS GRANTED TO IT UNDER THAT CERTAIN SIDE LETTER AGREEMENT BETWEEN IT AND SELLER DATED MARCH 31, 2022 ON THE SHARES BEING SOLD BY SELLER TO PURCHASER:

FTX Trading Ltd.

By: _____
Name:  John J. Ray III
Title:  Chief Executive Officer

DocuSign

## Certificate Of Completion

Envelope Id: D5775888298048A68C75D40029B2A8A1  Status: Completed
Subject: Complete with DocuSign: Melamed to Paper Bird share transfer
Source Envelope:
Document Pages: 6                  Signatures: 4                Envelope Originator:
Certificate Pages: 5               Initials: 0                  Laurie Sanders
AutoNav: Enabled                                                2000 Market Street
EnvelopeId Stamping: Enabled                                    Philadelphia, PA  19103
Time Zone: (UTC-05:00) Eastern Time (US & Canada)               LSanders@foxrothschild.com
                                                                IP Address: 163.116.140.55

## Record Tracking

Status: Original                   Holder: Laurie Sanders       Location: DocuSign
         12/24/2022 12:57:33 AM             LSanders@foxrothschild.com

| Signer Events | Signature | Timestamp |
|---|---|---|

Seth Melamed

*[DocuSigned signature: Seth Melm, 90EE468DAFD2475...]*

Sent: 12/24/2022 1:07:26 AM
sethm19@mac.com                                                 Viewed: 12/24/2022 1:50:08 AM
Security Level: Email, Account Authentication                   Signed: 12/24/2022 1:50:30 AM
(None)

Signature Adoption: Drawn on Device
Using IP Address: 126.205.245.116
Signed using mobile

**Electronic Record and Signature Disclosure:**
  Accepted: 12/24/2022 1:50:08 AM
  ID: 183130b5-b10f-4252-8b7e-46cff0806f02
  Company Name: Fox Rothschild LLP

John J. Ray III

*[DocuSigned signature: B7AAE0B9FDA0470...]*

Sent: 12/24/2022 1:50:32 AM
jray@greylockpartnersllc.com                                    Viewed: 12/24/2022 8:35:55 AM
Security Level: Email, Account Authentication                   Signed: 12/24/2022 8:36:35 AM
(None)

Signature Adoption: Drawn on Device
Using IP Address: 107.77.232.128
Signed using mobile

**Electronic Record and Signature Disclosure:**
  Accepted: 12/24/2022 8:35:55 AM
  ID: 94643e07-a78f-41ae-9618-4d06b6bdb45d
  Company Name: Fox Rothschild LLP

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

Andrew G. Dietderich                COPIED                      Sent: 12/24/2022 8:36:37 AM
dietdericha@sullcrom.com
Security Level: Email, Account Authentication
(None)

**Electronic Record and Signature Disclosure:**
  Not Offered via DocuSign

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| M. Devin Hisarli<br>Hisarlimd@sullcrom.com<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 12/24/2022 8:36:38 AM<br>Viewed: 12/24/2022 12:34:53 PM |
| **Electronic Record and Signature Disclosure:**<br>      Not Offered via DocuSign | | |
| Michael A. Sweet<br>msweet@foxrothschild.com<br>Equity Partner<br>Fox Rothschild LLP<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 12/24/2022 8:36:39 AM |
| **Electronic Record and Signature Disclosure:**<br>      Not Offered via DocuSign | | |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 12/24/2022 1:07:26 AM |
| Certified Delivered | Security Checked | 12/24/2022 8:35:55 AM |
| Signing Complete | Security Checked | 12/24/2022 8:36:35 AM |
| Completed | Security Checked | 12/24/2022 8:36:40 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

Electronic Record and Signature Disclosure created on: 7/12/2018 5:40:59 PM
Parties agreed to: Seth Melamed, John J. Ray III

Case 22-11068-KBO    Doc 30366-1    Filed 05/07/25    Page 10 of 14

**ELECTRONIC RECORD AND SIGNATURE DISCLOSURE**

From time to time, Fox Rothschild LLP ("we," "us," or the "Firm") may need to provide to you certain written notices, disclosures, authorizations, acknowledgments, agreements, or other transactional documents (collectively, "Documents"). Described below in this Electronic Record and Signature Disclosure ("Disclosure") are the terms and conditions for providing to you such Documents electronically through the DocuSign, Inc. ("DocuSign") electronic signing system, and for using your electronic signature in connection with those Documents rather than obtaining your handwritten signature. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to these terms and conditions, please confirm your agreement by clicking the 'I agree' button at the bottom of this document.

**Documents will be sent to you electronically:**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all Documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any Documents, we prefer to provide these Documents to you by the same method and to the same address that you have given us. Thus, you can receive the Documents electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below.

**To advise the Firm of your new e-mail address:**

It is your responsibility to provide us with a current, valid email address and to promptly update any changes to this information. To let us know of a change in your e-mail address where we should send Documents electronically to you, you must send an email message to us at helpdesk@foxrothschild.com and in the body of such request you must state: (1) your previous e-mail address, and (2) your new e-mail address. We do not require any other information from you to change your email address. In addition, you must notify DocuSign to arrange for your new email address to be reflected in your DocuSign account by following the process for changing e-mail in the DocuSign system.

**To request paper copies from the Firm:**

At any time, you may request from us a paper copy of any Document or record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after signing session and, if you elect to create a DocuSign signer account, you may access them for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. To request delivery from us of paper copies of the Documents previously provided by us to you electronically, you must send us an e-mail to helpdesk@foxrothschild.com and in the body of such request you must state your e-mail address, full name, US Postal address and telephone number.

**To decline your consent with the Firm:**

If you do not want to receive Documents from us electronically, you have a right to decline consent and receive Documents only in paper format. If you elect to receive required Documents only in paper format, it may slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required Documents to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper Documents.

To decline consent you may either:
i. Decline to sign a document from within your DocuSign session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;
ii. Send us an e-mail to helpdesk@foxrothschild.com and in the body of such request you must state your e-mail, full name, US Postal Address, and telephone number. We do not need any other information from you to withdraw consent.
This will indicate to us that you have withdrawn your consent to receive required Documents electronically from us and you will no longer be able to use the DocuSign system to receive required Documents electronically from us or to sign electronically documents from us.

**To withdraw your consent with the Firm:**
If you decide to receive Documents from us electronically, you may at any time change your mind and tell us that thereafter you want to receive Documents only in paper format. To indicate to us that you are changing your mind, send us an e-mail to helpdesk@foxrothschild.com and in the body of such request you must state your e-mail, full name, US Postal Address, and telephone number.

**How to contact Fox Rothschild LLP:**
You may contact the Firm with any questions or concerns about DocuSign or this Disclosure by sending an email message to: helpdesk@foxrothschild.com.

**Required hardware, software, and operating systems:**
You are responsible for installation, maintenance, and operation of your computer, browser, and software. The Firm is not responsible for errors or failures from any malfunction of your computer, browser, or software. The Firm is also not responsible for computer viruses or related problem associated with the use of an online system, or any delay or failure in connection with your receipt of email notices or other notices, disclosures, or information from the Firm. The following are minimum hardware, software, and operations requirements necessary to receive electronic Documents through DocuSign.

| Operating Systems: | Windows® 2000, Windows® XP, Windows Vista®; Mac OS® X |
|---|---|
| Browsers: | Final release versions of Internet Explorer® 6.0 or above (Windows only); Mozilla Firefox 2.0 or above (Windows and Mac); Safari™ 3.0 or above (Mac only) |
| PDF Reader: | Acrobat® or similar software may be required to view and print PDF files |
| Screen Resolution: | 800 x 600 minimum |
| Enabled Security Settings: | Allow per session cookies |

** These minimum requirements are subject to change. If these requirements change, you will be asked to re-accept the disclosure. Pre-release (e.g. beta) versions of operating systems and browsers are not supported.

**Acknowledging your access and consent to receive materials electronically**
To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please verify that you were able to read this electronic disclosure and that you also were able to print on paper or electronically save this page for your future reference and access or that you were able to e-mail this disclosure and consent to an address where you will be able to print on paper or save it for

your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format on the terms and conditions described above, please let us know by clicking the 'I agree' button below.
By checking the 'I agree' box, I confirm that:

- I can access and read this Electronic ELECTRONIC RECORD AND SIGNATURE DISCLOSURE document; and
- I can print on paper the Disclosure or save or send the Disclosure to a place where I can print it, for future reference and access; and
- Until or unless I notify Fox Rothschild LLP as described above, I consent to receive through electronic means all notices, disclosures, authorizations, acknowledgements, and and other transactional documents that are to be provided or made available to me by Fox Rothschild LLP during the course of my relationship with the Firm.

# FTX TRADING LTD.

NUMBER 132

SHARES 1,019,070

This Certifies that **Seth Melamed** is the registered holder of One Million and Nineteen Thousand and Seventy (1,019,070) Common Shares of the Capital Stock of **FTX TRADING LTD.**

**In Witness Whereof**, the said Corporation has caused this to be signed by its duly Authorized officers and its Corporate Seal to be hereunto affixed this **5th** day of **April** A.D. **2022**

Director

Director

### Legend

THE SECURITIES REPRESENTED HEREBY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT"), OR UNDER THE SECURITIES LAWS OF CERTAIN STATES. THESE SECURITIES ARE SUBJECT TO RESTRICTIONS ON TRANSFERABILITY AND RESALE AND MAY NOT BE TRANSFERRED OR RESOLD EXCEPT AS PERMITTED UNDER THE SECURITIES ACT AND APPLICABLE STATE SECURITIES LAWS, PURSUANT TO REGISTRATION OR EXEMPTION THEREFROM. INVESTORS SHOULD BE AWARE THAT THEY MAY BE REQUIRED TO BEAR THE FINANCIAL RISKS OF THIS INVESTMENT FOR AN INDEFINITE PERIOD OF TIME. THE ISSUER OF THESE SECURITIES MAY REQUIRE AN OPINION OF COUNSEL IN FORM AND SUBSTANCE SATISFACTORY TO THE ISSUER TO THE EFFECT THAT ANY PROPOSED TRANSFER OR RESALE IS IN COMPLIANCE WITH THE SECURITIES ACT AND ANY APPLICABLE STATE SECURITIES LAWS.

THE SHARES REPRESENTED BY THIS CERTIFICATE ARE SUBJECT TO CERTAIN RESTRICTIONS ON RESALE AND TRANSFER, INCLUDING THE RIGHT OF FIRST REFUSAL HELD BY THE ISSUER AND/OR ITS ASSIGNEE(S) AS SET FORTH IN A SIDE LETTER AGREEMENT BETWEEN THE ISSUER AND THE ORIGINAL HOLDER OF THESE SHARES, A COPY OF WHICH MAY BE OBTAINED AT THE PRINCIPAL OFFICE OF THE ISSUER. SUCH SALE AND TRANSFER RESTRICTIONS, INCLUDING THE RIGHT OF FIRST REFUSAL, ARE BINDING ON TRANSFEREES OF THESE SHARES.

THE SHARES REPRESENTED BY THIS CERTIFICATE ARE SUBJECT TO A MARKET STANDOFF RESTRICTION AS SET FORTH IN A CERTAIN SIDE LETTER AGREEMENT BETWEEN THE ISSUER AND THE ORIGINAL HOLDER OF THESE SHARES, A COPY OF WHICH MAY BE OBTAINED AT THE PRINCIPAL OFFICE OF THE ISSUER. AS A RESULT OF SUCH AGREEMENT, THESE SHARES MAY NOT BE TRADED PRIOR TO 180 DAYS AFTER THE EFFECTIVE DATE OF CERTAIN PUBLIC OFFERINGS OF THE COMMON STOCK OF THE ISSUER HEREOF. SUCH RESTRICTION IS BINDING ON TRANSFEREES OF THESE SHARES.

THE SHARES REPRESENTED BY THIS CERTIFICATE ARE SUBJECT TO A PROXY AGREEMENT BETWEEN THE ISSUER AND THE ORIGINAL HOLDER OF THESE SHARES, A COPY OF WHICH MAY BE OBTAINED AT THE PRINCIPAL OFFICE OF THE ISSUER. AS A RESULT OF SUCH AGREEMENT, THESE SHARES MAY NOT BE VOTED BY THE HOLDER OF THESE SHARES AND SHALL INSTEAD BY VOTED IN ACCORDANCE WITH THE PROXY AGREEMENT. SUCH PROXY AGREEMENT AND THE VOTING RESTRICTIONS CONTAINED THEREIN ARE BINDING ON TRANSFEREES OF THESE SHARES.