# EXHIBIT 1

**Saiko Saibansho [Sup. Ct.] Sep. 4, 1997, 51-8 Saiko Saibansho Minji Hanreisyu, p. 3659 (English Translation)**

Arbitration is a dispute resolution procedure without the involvement of a national court. It is based on an agreement by the parties that a dispute is submitted to arbitrators who are third parties to the dispute, and that the parties are to be bound by an arbitral award.

Considering the essential nature of arbitration, which is based on an agreement between parties, it is appropriate that with regard to formation and validity of an arbitration agreement in so-called international arbitration, the governing law shall be primarily determined by the parties' intentions pursuant to Article 7.1 Conflict of Law *[Note: equivalent to Article 7 of the current Act on General Rules for Application of Laws]*.

Even where there is no express agreement regarding the governing law or the arbitral seat, a valid arbitration agreement may still be found based on the parties' implied intent, as inferred from the contractual terms and surrounding circumstances. In such cases, the arbitration agreement may be upheld as valid, provided that there is a reasonable basis to conclude that the parties shared a common intention to resolve disputes through arbitration.

○損害賠償請求事件（平成六年(オ)第一八四八号　同九年九月四日第一小法廷判決　棄却）

【上告人】　控訴人　原告　株式会社　日本教育社　代理人　河合弘之　外二名

【被上告人】　被控訴人　被告　ケネス・J・フェルド　代理人　本林徹　外八名

【第一審】　東京地方裁判所　平成五年三月二五日判決
【第二審】　東京高等裁判所　平成六年五月三〇日判決

○判示事項

国際仲裁契約の成立及び効力の準拠法

○判決要旨

国際仲裁契約の成立及び効力の準拠法は、第一次的には当事者の意思に従って定められるものと解すべきである。

【参照】　民訴法七八六条　一名又ハ数名ノ仲裁人ヲシテ争ノ判断ヲ為サシムル合意ハ当事者カ係争物ニ付キ和解ヲ為ス権利アル場合ニ限リ其効力ヲ有ス

法例七条　法律行為ノ成立及ヒ効力ニ付テハ当事者ノ意思ニ従ヒ其何レノ国ノ法律ニ依ルヘキカヲ定ム　当事者ノ意思カ分明ナラサルトキハ行為地法ニ依ル

○主　文

本件上告を棄却する。

国際仲裁契約の成立及び効力の準拠法

上告費用は上告人の負担とする。

## ○理　由

上告代理人河合弘之、同青木秀茂、同吉野正三郎、同千原曜、同久保田理子、同清水三七雄、同原口健、同河野弘香、同野間自子の上告理由について

一　記録によって認められる事実関係の概要は、次のとおりである。

1　上告人は、教育関係の催事のプロデュース、外国アーティストの招へい及び一般興行等を目的とする日本法人（株式会社）であり、被上告人は、アメリカ合衆国においてサーカス興行を行う同国法人リングリング・ブラザーズ・アンド・バーナム・アンド・ベイリー・コンバインドショウズ・インク（以下「リングリング社」という。）の代表者である。

2　上告人とリングリング社は、昭和六二年一〇月二日、上告人が、昭和六三年度及び平成元年度の二年間、リングリング社のサーカス団を日本に招へいして興行する権利を取得し、同社に対してその対価を支払うとともに、リングリング社が、右二年間、日本において、同社のサーカス団が昭和六二年八月一五日にアメリカ合衆国カリフォルニア州サンディエゴのスポーツアリーナにおいて行った公演と規模、質共に同等のサーカスを構成して興行する義務を負う旨の契約（以下「本件興行契約」という。）を締結した。

3　上告人とリングリング社は、本件興行契約締結の際、「本件興行契約の条項の解釈又は適用を含む紛争が解決できない場合は、その紛争は、当事者の書面による請求に基づき、商事紛争の仲裁に関する国際商業会議所の規則及び手続に従って仲裁に付される。リングリング社の申し立てるすべての仲裁手続は東京で行わ

れ、上告人の申し立てるすべての仲裁手続はニューヨーク市で行われる。各当事者は、仲裁に関する自己の費用を負担する。ただし、両当事者は仲裁人の報酬と経費は等分に負担する。」旨の合意（以下「本件仲裁契約」という。）をした。

4　本件訴訟は、上告人が、本件興行契約締結に際し、リングリング社の代表者である被上告人がキャラクター商品等の販売利益の分配及び動物テント設営費用等の負担義務の履行について上告人を欺罔して上告人に損害を被らせたと主張して、被上告人に対して不法行為に基づく損害賠償を求めるものである。これに対し、被上告人は、上告人とリングリング社との間の本件仲裁契約の効力が上告人と被上告人との間の本件訴訟にも及ぶと主張して、本件訴えの却下を求めた。

【要旨】

二　仲裁は、当事者がその間の紛争の解決を第三者である仲裁人の仲裁判断にゆだねることを合意し、右合意に基づいて、仲裁判断に当事者が拘束されることにより、訴訟によることなく紛争を解決する手段であるところ、このような当事者間の合意を基礎とする紛争解決手段としての仲裁の本質にかんがみれば、いわゆる国際仲裁における仲裁契約の成立及び効力については、法例七条一項により、第一次的には当事者の意思に従ってその準拠法が定められるべきものと解するのが相当である。そして、仲裁契約中で右準拠法について明示の合意がされていない場合であっても、仲裁地に関する合意の有無やその内容、主たる契約の内容その他諸般の事情に照らし、当事者による黙示の準拠法の合意があると認められるときには、これによるべきである。

これを本件についてみるに、前記事実関係によれば、本件仲裁契約においては、仲裁契約の準拠法についての明示の合意はないけれども、「リングリング社の申し立てるすべての仲裁手続は東京で行われ、上告人の申

し立てるすべての仲裁手続はニューヨーク市で行われる。」旨の仲裁地についての合意がされていることなどからすれば、上告人が申し立てる仲裁に関しては、その仲裁地であるニューヨーク市において適用される法律をもって仲裁契約の準拠法とする旨の黙示の合意がされたものと認めるのが相当である。

三　本件仲裁契約に基づき上告人が申し立てる仲裁について適用される法律は、アメリカ合衆国の連邦仲裁法と解されるところ、同法及びこれに関する合衆国連邦裁判所の判例の示す仲裁契約の効力の物的及び人的範囲についての解釈等に照らせば、上告人の被上告人に対する本件損害賠償請求についても本件仲裁契約の効力が及ぶものと解するのが相当である。そして、当事者の申立てにより仲裁に付されるべき紛争の範囲と当事者の一方が訴訟を提起した場合に相手方が仲裁契約の存在を理由として妨訴抗弁を提出することができる紛争の範囲とは表裏一体の関係にあるから、本件仲裁契約に基づく被上告人の本案前の抗弁は理由があり、本件訴えは、訴えの利益を欠く不適法なものであるから、これを却下を免れない。

四　以上と同旨の見解に立って、本件訴えを却下すべきものとした原審の判断は、正当として是認することができ、その過程に所論の違法はない。論旨は、違憲をいう点を含め、右と異なる見解に立って原判決の法令違背をいうものであって、採用することができない。

よって、民訴法四〇一条、九五条、八九条に従い、裁判官全員一致の意見で、主文のとおり判決する。

（裁判長裁判官　高橋久子　裁判官　小野幹雄　裁判官　遠藤光男　裁判官　井嶋一友　裁判官　藤井正雄）

三六六〇　（四）

上告代理人河合弘之、同青木秀茂、同吉野正三郎、同千原曜、同久保田理子、同清水三七雄、同原口健、同河野弘香、同野間自子の上告理由

○　上告理由書（その一）記載の上告理由

東京高等裁判所が平成六年五月三〇日に言い渡した判決（以下「控訴審判決」という）は、法令の解釈を誤り、かつ憲法第三二条で保障された「裁判を受ける権利」を侵害するものであり、破棄されるべきものである。

以下詳述する。

第一　本件事件での法律上の争点について

一、　被上告人は、本件事件での法律上の争点を、「仲裁契約の人的・物的範囲」の問題であるとした上、仲裁契約の準拠法についてその主張を展開している。そして、平成五年三月二五日に

東京地方裁判所で言い渡された第一審判決（以下「原審判決」

という）もまた控訴審判決も右の被上告人の問題提起に沿って

その理由を述べ判断を下している。

しかしながら本件事件で判断されなければならない問題は、

「仲裁契約の人的・物的範囲」なのではなく、仲裁契約が妨訴

抗弁となる人的・物的範囲、つまり「妨訴抗弁の人的・物的範

囲」である。仲裁契約が有効に成立していることを前提として

どの範囲で妨訴抗弁となるかの問題である。

二1.　本件事件に即していえば、上告人であるＡが、日本国（東

京）において被上告人であるＣに対して、不法行為に基づく

損害賠償請求訴訟を提起し、そのＡ・Ｃ間の訴訟が係属して

いる東京の法廷において、別途Ａが訴外リングリング社（Ｂ）

と仲裁契約を締結していることが、妨訴抗弁となるか否かの

問題なのである。

ＡＢ間においての仲裁契約が、その準拠法上有効に成立して

いなければそもそも妨訴抗弁の問題は起こり得ないのである

から、以下の議論では仲裁契約がその準拠法上有効に成立し

ていることを前提とする。

2. ところで、右の場合、その条項の内容の当否は別として、日本国の民事訴訟法に「日本国内の仲裁裁判所で仲裁を行うとの内容の仲裁契約が成立していれば、妨訴抗弁となるが、外国に存在する仲裁裁判所で仲裁を行うとの内容の仲裁契約の場合には妨訴抗弁とはならない」旨の条項が存在したとすれば、本件の場合Ａ・Ｃ間の法廷において妨訴抗弁は成立するであろうか。答は否である。Ａ・Ｃ間の訴訟は日本国の裁判所に係属しており、日本国の民事訴訟法が適用されるのである。つまり法廷地法が適用されるのである。

上告人は右の問題も妨訴抗弁の成立範囲の問題であると考えるが、被上告人は、右の点について、それは妨訴抗弁になるか否かの問題、つまり妨訴抗弁の成立の問題であるから、法廷地法が適用されるのは当然であると主張するのかも知れない。何故なら被上告人は、「有効な仲裁契約が存在している場合に、妨訴抗弁になるか、却下事由か」という限度で法廷地法が

適用されるに留まる」としばしば主張しているからである。

3. そうであるならば、仮に日本国の民事訴訟法に「契約の債務不履行責任に関して仲裁裁判所で仲裁を行うという内容の仲裁契約であれば妨訴抗弁となるが、不法行為責任について仲裁裁判所で仲裁を行うという内容の仲裁契約であれば妨訴抗弁とはならない」旨の規定が存在した場合はどうであろうか。右の場合A・C間の法廷において、A・B間の仲裁契約の存在は妨訴抗弁にはならないと言わざるを得ない。右の問題は明らかに「妨訴抗弁の物的範囲」の問題であるが、A・C間の法廷において問題とされる限りやはりA・C間の法廷地法が適用されなければならないからである。

右の問題は仲裁契約がその準拠法上成立を認められる人的・物的範囲の問題ではない。仲裁契約が、その準拠法上、ど

の範囲で成立しているようが、それとは全く別の問題であり、現に訴訟が係属している法廷においてどの範囲で妨訴抗弁の成立が認められるかと言う「妨訴抗弁の人的・物的範囲の問題」なのである。そしてこれは法廷地法によって決定されるべき問題なのである。

4. 妨訴抗弁の人的範囲の例を考えても同様である。仮に、日本国の民事訴訟法に、「法人間において、仲裁裁判所の仲裁に付する旨を定めた仲裁契約は、法人間においてのみ妨訴抗弁となる」旨の規定が存在したとすれば、本件事件で妨訴抗弁は成立するであろうか。答は否である。

被上告人は、右に述べた例はいずれも仮定であって現に存在する規定ではないし、その内容において存在し得ない規定であると主張するのかも知れない。確かに右に掲げた例は、その内容を見ると、妥当でないものがあるのかも知れない。

しかしながら法廷地において「妨訴抗弁の人的・物的範囲」を定めた規定が存する場合には、「妨訴抗弁の人的・物的範囲」については間違いなく、法廷地法が適用されるし、また適用されなければならないのである。

「妨訴抗弁の人的・物的範囲」について法廷地法を適用せずに、あえて仲裁契約の準拠法に従って「妨訴抗弁の人的・物的範囲」を解釈するなどと言う解釈論を展開すればそれが如何に不当であるかは一目瞭然であると言わなければならない。

5. しかも右3．4に述べた趣旨と同一の結果をもたらす規定は、現に日本国民事訴訟法第七八六条に存在するのである。

原審判決は、同条項を掲げ、「民訴法第七八六条によると、仲裁契約は、対象となっている係争物について当事者が和解する権利を有しない場合には、有効に成立しないと規定されているところ、我国では法人の代表者と法人とは別個の法人格とされており、法人は法人の

代表者に関する紛争について和解する権利を有しないから、法人が締結した仲裁契約が、法人の代表者に関する紛争についても当然に適用されると言うような解釈が一般的に妥当であるとは解されない。また、我国においては、一般に法律的な根拠ごとに個々の請求を区別し、不法行為に基づく請求と契約関係に基づく請求は別個の請求と考えられていることに照らすと、契約関係から生じる紛争を仲裁に付する旨の合意が契約締結段階の詐欺をも当然に対象に含むと解釈することが一般的に妥当するということもできない。」と我国の民事訴訟法に基づく解釈を正当に指摘しているのであり、我国の民事訴訟法の解釈について、これと別途に解する見解（乙第六号証・澤本意見書、乙第一九号証・小島意見書）は、間違いなく少数説にすぎない。

6. 以上、妨訴抗弁の成立及びその人的・物的範囲について、明文の規定がある場合を仮定して述べたとおり、妨訴抗弁が

三六六七　（究）

存在するか否か、またどの範囲で存在するのかは、現にその妨訴抗弁が提出された法廷における訴訟法上の問題であって、「手続は法廷地法による」の原則に従わなければ、適切且つ円滑な裁判権の行使は行えないのである。そしてこの「妨訴抗弁の人的・物的範囲」と「仲裁契約の人的・物的範囲」とはまったく次元の異なる問題であって、これを混同する被上告人の主張は失当である。また右の点を看過した原審判決及び控訴審判決は、憲法第三二条に保障された「裁判を受ける権利」を侵害するものと言わざるを得ない。

三1.　被上告人は、右の主張に対し、仲裁裁判における「妨訴抗弁の人的・物的範囲」と訴訟手続における「妨訴抗弁の人的・物的範囲」について、異なる準拠法にのっとるとすれば「当事者の合理的意思に反する」だけでなく、「仲裁の手続において仲裁の申立が受け入れられないにもかかわらず、妨訴抗弁が認められて訴えが却下され、原告が何等の救済も受

け入れられない場合や、逆に、仲裁の申立が受け入れられるにもかかわらず、妨訴抗弁が認められず、被告が仲裁契約がありながら応訴を余儀なくされる場合が生じ」その結果深刻な問題を引き起こすことになると主張する。

2. まず「当事者の合理的意思に反する」との主張であるが、当事者の意思を離れて、世界連邦を想定するような「合理性を追究した理想論」ということであれば、当事者の意思ではない。そうではなくまさに「当事者の意思」ということであれば、本件の場合「ケネス・J・フェルド個人に対する」、しかも「不法行為にもとづく請求」が、「リング・リング社に対する」「債務不履行の処理について定めた契約」に含まれるなどということを、当事者の誰が了解し意図したというのであろうか。少なくとも上告人会社代表者は、全く想定していない（従って当事者の一方の意思とはほど遠い）解釈である。むしろ上告人会社代表者は、個人と法人はほど遠い、不

法行為と債務不履行とは別物であると考えていたのである。

従って、仮に、仲裁契約の準拠法について、被上告人の主張を前提とするならば、逆に、「仲裁契約の人的・物的範囲」についての準拠法と「妨訴抗弁の人的・物的範囲」についての準拠法とを異なる準拠法と解することこそ、当事者意思に合致するものであると言わざるを得ない。

3.　被上告人は①「仲裁の手続において仲裁の申立が受け入れられずかつ、妨訴抗弁が認められて訴が却下される場合」②「仲裁の申立が受け入れられるにもかかわらず、妨訴抗弁が認められずに訴訟手続で応訴を余儀なくされる場合」を、深刻な問題であると主張する。

しかし、この問題は「仲裁契約の人的・物的範囲」と「妨訴抗弁の人的・物的範囲」がイコールであるという被上告人の誤った解釈を前提として初めて提起される問題にすぎない。

「仲裁契約の人的・物的範囲」と「妨訴抗弁の人的・物的範

囲」はそれぞれ、別個のものとして捉えれば何等問題となるものではない。

①の場合は、仲裁契約は締結したものの、仲裁契約に瑕疵があるか、仲裁地の法律により仲裁の申立が出来ない等の場合である。それならば仲裁地において訴訟を提起することができる。また申立人の国において独自に訴訟を提起することも可能である。なぜなら仲裁地の準拠法に基づき有効に仲裁契約が成立していない場合だからである（仲裁契約の不存在）。つまり①の場合として被上告人が述べるような事例はそもそもどの国の裁判所へ訴え、申立を行っても要件が欠如していて認められない事例以外には考え難く、逆に言えば救済すべき権利が適法に存しない場合である。

②の場合は本件のような場合である。訴外リング・リング社を相手に米国で仲裁裁判を提起し、かつ日本でケネス・J・フェルドを相手に不法行為の責任を追究する訴訟を提起し、

これが両方とも受け入れられ、二件の訴訟が係属する場合である。これが認められて一体何が深刻な問題なのであろうか。会社に対する訴訟と、取締個人に対する訴訟とが併存する場合や、手形訴訟と原因関係訴訟が併存する場合等を想起する場合や、当事者（法人格）が異なりまた訴訟物が異なればでもなく、当事者（法人格）が異なりまた訴訟物が異なれば訴訟が併存する事態などごく一般的である。また米国と日本において同時に同一訴訟物について裁判が併存する場合なとどいくらも実例は存在する。管轄について、また妨訴抗弁の成否について各々の国がそれぞれ独自に規定をもうけているのであるからむしろ当然のことだと言える。むしろ両訴訟が併存することが認められないとすれば、それは、裁判を受ける権利が侵害されている場合であると考えられるのではなかろうか。

4. 本件のように米国法を準拠法として解釈する場合と日本国法を準拠法として解釈する場合とで仲裁契約の人的・物的範

囲が異なる場合を想定すると、被上告人の主張するように「仲裁契約の人的・物的範囲」に関する準拠法と「妨訴抗弁の人的・物的範囲」に関する準拠法を一致させたのではかえって不平等で是認し難い事態が生ずる。

つまり原審判決及び控訴審判決が述べるとおり「日本教育社が仲裁の申立を行うとすればニューヨーク市で行うことになり、その場合、合衆国連邦裁判所の判例によれば、ケネス・J・フェルド個人に対する不法行為に基づく請求も仲裁契約の範囲に含まれる。従って日本でケネス・J・フェルド個人に対し、不法行為に基づく訴訟を提起しても妨訴抗弁が認められ訴訟は却下される」ということになる。

しかしリングリング社が、日本教育社の代表者（森岡）に対し、米国で訴訟を提起する場合には、債務不履行を理由としようが、不法行為を理由としようが、これは認められることになる。何故ならばリングリング社が仲裁の申立を行うとすれば東京で行うことになり、その場合日本国の民事訴訟及

び判例では、法人と個人は法人格を異にするから、そもそも森岡個人に対する請求は理由の如何を問わず仲裁契約の範囲に含まれないことになり妨訴抗弁は認められないからである。被上告人の主張を前提とすると、右に述べたような、当事者が全く予想だにしていない不平等な結果を招来することになるのである。

＊なお、右の結果は、被上告人自身が「受け入れ難い深刻な問題」と指摘している②（前記三・3・②）の事態である。つまりリングリング社は、東京で仲裁裁判を求めることができ、かつ森岡個人に対して米国で訴訟を提起できるのであり、上告人及び森岡は「一応訴を余儀なくされる」のである。

5. 以上、述べたとおり、被上告人の「仲裁契約の人的・物的範囲」に関する主張は誤りであると言わざるを得ない。「仲裁契約の人的・物的範囲」と「妨訴抗弁の人的・物的範囲」

と「妨訴抗弁の人的・物的範囲」はその準拠法を異にし、か
つ実体法上の問題と訴訟法上の問題という次元を異にする問
題である。これを無理遣り、同一準拠法によって、同じ平面
上で理解しようとするのは、前記のような明らかな矛盾を露
呈させるだけでなく、その必要性も何等存在しない。

仲裁契約が有効に成立しているか否か、どの範囲で成立し
ているか（「仲裁契約の人的・物的範囲」）は、仲裁契約の
準拠法に従って解釈されれば良いのである。また有効に成立
した仲裁契約のうちどの範囲のものが妨訴抗弁となるか
（「妨訴抗弁の人的・物的範囲」）は、妨訴抗弁が提起され
た法廷において、法廷地法に基づいて解釈されるべきもので
ある。

6.　「手続は法廷地法による」の原則に従い、妨訴抗弁につい
ては法廷地法によって決定されるとの確立された通説（小島
武司＝高桑昭編『注解仲裁法』（青林書院・昭六三）二三二

頁以下「澤木敬郎」、川上太郎「仲裁」国際私法講座第三巻（有斐閣・昭三九）八五七頁、小山昇・仲裁法「新版」（有斐閣・昭五八）八三頁、小林秀之「国際仲裁に関する序説的考察」上智法学論集二三巻二号五八頁「昭五五」）はすべて、前述の内容を主張しているのであり、被上告人による右の点に対する解釈は全く誤解であると言わざるを得ない。この点については判例も同様である。（東京地裁昭和二八年四月一〇日判決下民集四巻四号五〇二頁、東京地裁昭和四八年一二月二五日判例時報七四七号八〇頁・判例タイムズ三〇八号二三〇頁）。また小林教授も以上のことを述べられているのであり、被上告人の同教授の見解に対する批判は的外れである。

第二　ニューヨーク州連邦裁判所における仲裁付託判決について

一、原審判決及び控訴審判決は、訴外リングリング社と被上告人が、上告人と訴外森岡に対してニューヨークで提起した仲裁付

託及び差止命令申立事件において、ニューヨーク州の連邦地方裁判所が、平成二年一一月二一日に、

「①控訴人及び森岡和彦に、本件仲裁契約の条項に基づき国際商業会議所の規則に従い仲裁申立を行うことを命ずる、②控訴人の本訴請求が本件仲裁契約の条項に含まれていることを確認する、③控訴人及び森岡和彦は、本件仲裁契約の仲裁条項により要求される仲裁手続がなされている間、本件訴訟を進行させてはならない」旨の判決を下したことをもって、あたかも被上告人の主張に沿った判決がなされたかのように解釈していると も考えられる表現をしている。

しかし右判決は欠席判決であるのでその当否を述べることは妥当ではないと思われるが、少なくとも被上告人の主張に沿った判決ではない。

二、本件仲裁契約における仲裁条項は、乙第一号証・Ⅲ・0・2に記載されている通り次のような文言である。

「本契約の条項の解釈または適用を含む紛争が解決できない場合には、その紛争は、当事者の書面による請求に基づき、商事紛争の仲裁に関する国際商業会議所の規則および手続に従って仲裁に付される。リングリングの申し立てるすべての仲裁手続は東京で行われ、ＪＥＣの申し立てる仲裁手続はニューヨーク市で行われる。各当事者は仲裁に関する自己の費用を負担する。ただし、両当事者は仲裁人の報酬と経費は等分に負担する。被上告人の主張に従えば、本件に関する紛争は、相手国において仲裁の申立を行わなければならない（右条項）のであり、且つその際の仲裁契約の準拠法は、仲裁地の法律であると言うことになる。そして「仲裁契約の人的・物的範囲」も「妨訴抗弁の人的・物的範囲」も仲裁地の法律で定められることになる。そうであるとすれば、右訴訟における「仲裁契約の人的・物的範囲」も「妨訴抗弁の人的・物的範囲」も日本国法に従って解釈されるのであるから、森岡やケネス・Ｊ・フェルド個人が、本件仲裁契約の当事者として認められることは一切有り得ない

第一　仲裁契約の準拠法について

と言わざるを得ない。その結果ニューヨーク州連邦裁判所は、森岡個人に対しては判決をなし得ないし、ケネス・J・フェルドを原告となし得ないのである（欠席したと言う事情を除けば）。

しかしながらニューヨーク州連邦裁判所は、被上告人の申立を認めているのであり、これは小林教授が指摘するように法廷地法である合衆国連邦仲裁法及びこれに関する判例を適用したとしか理解できないのである。つまりニューヨーク州連邦裁判所は上告人の主張に沿った解釈を行っているのであり、被上告人の主張を排斥したものであると言わざるを得ないのである。

右判決は、欠席判決であるとの事情を除けば、右に述べたように解釈されなければならないのである。

（青木秀茂）

一　本件訴訟の中心的争点は、日本の裁判所に係属している民事訴訟につき、被告がアメリカ合衆国で締結された仲裁契約を妨訴抗弁として提出した場合に、この仲裁契約の人的範囲及び物的範囲の解釈につき、日本法が準拠法となるかアメリカ法が準拠法になるかというものである。上告人は、国際民事訴訟法の最重要基本原則である「手続は法廷地法による」（Lex Fori）原則に従い、日本法つまり日本の仲裁法たる民事訴訟法第七八六条の解釈が準拠法として本件訴訟の解釈の基準になるべきであると主張している。

二　これに対して、第一審判決は、法例第七条を適用して、本件仲裁契約の準拠法はアメリカのニューヨーク州で適用される仲裁法であると判示し、原審もこの見解を踏襲した。しかし第一審及び原審のかかる見解は、次の二点において大きな解釈上の誤りを犯している。

まず第一点は、日本で係属している訴訟の当事者とニューヨークで本件仲裁契約を締結した当事者とが、同一当事者である場合

には、第一審及び原審の見解は正しいといえるが、本件訴訟の被告（被控訴人、被上告人）は、仲裁契約の当事者であったリング社の代表取締役個人であり、従って仲裁契約の当事者と本件訴訟の当事者は一致していない。それゆえ妨訴抗弁として主張されている仲裁契約の準拠法の決定につき、法例第七条一項を持ち出して当事者の意思を基準とすることは基本的に間違っていると言わざるを得ない。しかも、日本法の法例解釈において法人である株式会社と自然人であるその代表取締役とを同一視できるという見解は許されていないのである。

これに対して、第一審及び原審の判決は、ニューヨークの仲裁法の解釈では、当事者が違っても、株式会社とその代表取締役とが同一視できる場合があり、また仲裁契約の対象たる権利関係と民事訴訟の訴訟物たる権利関係が違っても仲裁契約の効力が及ぶと解されるから、本件訴訟の場合にニューヨークの仲裁法が準拠法とされれば、妨訴抗弁が認められて、本件訴訟は却下されるべきであるという結論になる。

しかしかかる見解は、仲裁契約と民事訴訟の当事者が一致せず、また対象たる権利関係が同一でない本件訴訟においては妥当しないものである。仲裁契約の本質的効果の一つは言うまでもなく、国家裁判所の管轄権を排除することである。その場合に、有効な仲裁契約が存在するにもかかわらず、訴えが提起された場合、それを妨訴抗弁として認めて、訴えを却下し、あるいは訴えを停止し、さらに仲裁を強制する命令を出すなど、国家裁判所の管轄権を否定するという消極的側面と、仲裁人の権限、とくに仲裁契約の有効性について判断する権限を認め、そのような紛争について、国家裁判所が介入せず、仲裁裁判所の管轄権を肯定するという積極的側面がある。第一の消極的側面の問題については、妨訴抗弁が訴えにどのような影響を及ぼすかは、訴訟法上の問題であって、「手続は法廷地法による」原則に従って、法廷地法によるとするのがわが国の確立した通説であり、判例である（注解仲裁法〔青林書院〕二二二頁）。したがって仲裁契約が存在するにもかかわらず、訴えの提起をなすことは仲裁契約の債務不履行の問

題として仲裁契約の準拠法によってその効果を判断すべきではなく、不法行為と性質決定して、訴えの提起された地の法によることになる。

以上の日本で通説・判例として流布している見解に従えば、本件の場合にも、たとえニューヨークで締結された仲裁契約が有効に存在しようと、日本の東京で提起された民事訴訟においてその仲裁契約が妨訴抗弁として主張された場合には、この抗弁が係属中の訴訟にどのような影響を及ぼすかは、当然に日本の仲裁法つまり民事訴訟法第七八六条の解釈によって決まることになる。同条の解釈は、第一審判決が的確に引用しているように、仲裁契約の人的範囲及び物的範囲については、アメリカ仲裁法のような拡張解釈は採用しておらず、当事者又は訴訟物ないし権利関係が異なれば仲裁契約は当然に及ばず、従って本件の場合には、妨訴抗弁が不適法として却下されることになるのである。

第一審及び第二審の解釈の誤りの第二点は、本件仲裁契約の特殊性を看過している点である。本件仲裁契約においては、仲裁契

約を申し立てる場合には、それぞれ相手方当事者の所在地の仲裁機関に申し立てるという取り決めになっており、もし上告人が仲裁申立てをする場合には、相手方であるリングリング社の所在地のニューヨーク市において適用される法が準拠法となり、リングリング社が仲裁申立てをする場合には、東京の仲裁機関に申し立て、その場合の準拠法は日本の仲裁法ということになる。このクロス式の仲裁地の指定は、相互主義に基づいており、それ自体はきわめて意義のある規定の仕方である。もしリングリング社が、ニューヨークの地方裁判所に、上告人の会社の代表取締役である森岡和彦個人を相手どって、不法行為に基づく損害賠償請求訴訟を提起した場合に、被告とされた森岡和彦がニューヨークの地方裁判所は本件仲裁契約を妨訴抗弁として主張したら、ニューヨークの地方裁判所はどのように判断するであろうか。この場合には、被告森岡和彦の仲裁契約の抗弁を、ニューヨークの仲裁機関への仲裁申立てと擬制して、ニューヨークの仲裁法を準拠法とするであろうか。あるいは「手続は法廷地法による」原則を適用してニューヨークの仲裁法を適用する

であろうか。これらの想定されるケースを勘案した場合、ニューヨークの地方裁判所はまちがいなく「手続は法廷地法による」原則に従うであろう。なぜなら、アメリカ合衆国においても、「手続は法廷地法による」原則が判例上確たる訴訟原則として確立されているからである。そうだとすると、相互主義を渉外民事訴訟の基本原則として承認するならば、本件の場合にも、当然に、東京地方裁判所は本件の妨訴抗弁を日本法を準拠法として処理すべきであったといえるであろう。

第二 「裁判所は法を知る」原則について

一 国内事件であれ渉外事件であれ、事件を扱う裁判所はそこで適用すべき「法」については裁判所自らが探求しなければならないことは当然のことである。これを「裁判所は法を知る」（jura novit curia）原則という。国際民事訴訟の場合にもこの原則が適用されることは当然のことであるが、この当然の事理を原審は尽く

国際仲裁契約の成立及び効力の準拠法

三六八五 （六七）

さなかった。第一審は、本件仲裁契約の準拠法をアメリカ法とし、連邦仲裁法及びこれに基づくアメリカ合衆国連邦裁判所の判例としていた。これに対して上告人は、原審において、ニューヨーク市で適用される仲裁法は、ニューヨーク州の仲裁法及びこれに関する判例である旨主張し、連邦仲裁法及びこれに関するニューヨーク州の仲裁法及びこれに関する判例とは必ずしも同一でないことを指摘した。しかし原審は、自らの職権調査を尽くすことなく、ただ安易に被上告人の提出資料に基づいて、連邦法優先の原則と連邦仲裁法とニューヨークの仲裁法の同一性を認定している。かかる解釈は、法適用についての裁判所の職責を尽くしていないと断定せざるを得ない。

第三　結語

本件訴訟は、わが国の海外取引業務に従事する人々の間に大いなる関心をよんでいる事件である。第一審や原審が示したような見解

は、日本の主権を放棄した、あまりにアメリカ法に隷属した解釈といわざるを得ない。現在、日本とアメリカ合衆国との間には、種々の司法摩擦が生じているが、わが国の最高裁判所が過剰な国際主義に走ることなく、毅然とした解釈態度を貫かれることを切に希望する次第である。

（吉野正三郎）

○参照

第一審判決の主文、事実及び理由

主　文

一　本件訴えを却下する。

二　訴訟費用は原告の負担とする。

事　実

第一　当事者の求めた裁判

一　請求の趣旨

1　被告は原告に対し、金二三億六八一六万〇一九三円及びこれに対する平成元年九月六日から支払済みまで年五分の割合による金員を支払え。

2　訴訟費用は、被告の負担とする。

3　仮執行宣言

国際仲裁契約の成立及び効力の準拠法

二 本案前の答弁

本件訴えを却下する。

第二 当事者の主張

一 請求原因

1 原告は、教育関係の調査、開発、企画、催事等のプロデュース及びマネージメント業務並びに外国アーチストの招聘及び一般興行業務等を目的とする株式会社である。

2 リングリング・ブラザーズ・アンド・バーナム・アンド・ベイリー・コンバインドショウズ・インク（以下「リングリング社」という。）は、サーカス団を形成し、興行を行う会社であり、米国において、レッドユニットとブルーユニットという二つのサーカス団を持って、それぞれ全米を一周して興行している。

被告は、リングリング社の代表者であり、同社の発行済株式総数の過半数を有する支配的株主であり、かつ、同社が公演するサーカスの構成・出演者等すべてを決定するプロデューサーである。リングリング社の実体は、被告が興業を行うに際して道具として使用される被告個人所有の会社である。

3 原告とリングリング社は、昭和六二年一〇月二日、原告は同六三年度及び平成元年度の二年間、リングリング社のサーカス団を日本に招聘し、興行する権利を取得し、リングリング社に対してその対価を支払うとともに、同社は、右二年間、日本において、レッドユニットが昭和六二年八月一五日に米国カリフォルニア州サンディエゴのスポーツアリーナにおいて行った公演（以下「サンディエゴ公演」という。）と、規模、質共に同等のサーカスを構成して興行する義務を負うという興業契約（以下「本件契約」という。）を締結した。

4 原告の代表者代表取締役である森岡和彦（以下「森岡」という。）と、被告は、昭和六二年ころ、たびたびリングリング社のサーカスの日本公演について交渉したが、被告は、右交渉の段階から、原告に二年間契約を締結させ、一年

日は極端な手抜きは控えて興行し、安心した原告から二年目の出演報酬を受け取った後、二年目の公演について極端な手抜きを行うことを計画していた。

しかし、被告は、森岡に対して、右計画を秘し、リングリング社に所属している動物、調教師、芸人を派遣して、サンディエゴ公演と規模及び質を同じくするサーカスを提供する、間違いなく世界最高水準のものを提供する、等と言葉巧みに言い繕い、さらに、一年契約では興行によって十分な利益をあげることはできないから、複数年契約にする必要があると強調し、森岡を誤信させ、本件契約を締結させた。

そして、被告は、当初の計画通り、一年目では極端な手抜きをせず、原告がリングリング社に対して一五億七五〇〇万円（平成元年度報酬一一二五万ドル）を支払うと、平成元年度の公演については、他のサーカス団に所属していた動物、調教師、芸人を臨時募集してサーカス団を構成して、別紙手抜き事項一覧表のとおり、目も当てられないような手抜きをした。右のような著しい手抜き行為をみれば、被告が、本件契約締結段階から、合意された内容のサーカスを提供する意思がなかったことは明らかである。

5 右被告の欺罔行為によって、原告は、以下のような損害を被った。

昭和六三年度の公演における収容可能座席数に対する有料入場者数の比率は四五パーセントだった（昭和六三年度も被告の若干の手抜きによって約七億円の赤字となっている。）のに対し、平成元年度は、右比率がわずか一四パーセントであった。通常二年公演の場合、一年目の公演自体が二年目の公演についての広告媒体となることにより、一年目の入場者数よりも二年目の数の方が上昇する。ところが、本件の場合、昭和六三年度よりも平成元年度の入場者数の比率が、極端に落ちているが、これは被告の欺罔行為の結果であり、欺罔行為がなければ、少なくとも昭和六三年度と同率の入場があったはずである。平成元年度の公演回数は全部で二五〇回、収容可能座席数は延べ一四七万九〇二三座席、有料入場者総数は二一万四一〇七人であり、昭和六三年度と同率の入場がある場合と比較すると、四五万一四五三人減

国際仲裁契約の成立及び効力の準拠法

少している。入場者一人当たりの平均入場料は四四八六・五円であるから、原告は、二〇億二五四四万三八八四円の損害を被った。

6　また、原告は、本件契約締結の際、キャラクター商品、土産品、綿菓子、スノーコーン、ポップコーンの販売については、その純利益を原告とリングリング社との間で折半するという契約を締結した（以下「利益分配契約」という）。被告は、当初から売上数ないし売上額をごまかして販売利益を騙取するつもりであったにもかかわらず、原告に対して、右計画を秘し、リングリング社が原告に対し、毎週書面で売上数及び売上額を正確に報告すると申し向け、原告を誤信させ、右契約締結したものである。

そして、被告は、原告に対し、真実は公演期間中合計一億七七五八万三八五〇円の売上げがあったにもかかわらず、一億一七六万一二三二円と虚偽の申告をし、原告の取り分三〇四一万一三〇九円を騙取した。

7　さらに、被告は、本件契約締結の際、原告に対し、「公演を行う会場及び固定施設がない場合に会場となるテントの設営費用は、原告が負担し、サーカスの証明・音響器材・その他動物を収容するテントの費用は、リングリング社で負担する。これらの費用の精算は、公演が終わった段階で行う。」と申し向けたが、当初から全く費用を負担する意思がなかった。にもかかわらず、被告が、右のように申し向け、あたかもリングリング社が費用を負担する意思があるかのように装い、原告を誤信させたので、原告は、昭和六三年度及び平成元年度の動物テントの費用合計三億一二三〇万五〇〇〇円を支出した。

平成元年九月六日、原告とリングリング社との間で諸経費の精算を行った際、被告及びリングリング社は、右費用の分担義務を否定し、支払をしなかった。

8　よって、原告は、リングリング社の代表者で、その実質的所有者である被告個人に対し、その不法行為に基づく損害賠償請求として、5ないし7項の各損害の合計二三億六八一六万〇一九三円及びこれに対する平成元年九月六日から

支払済みまで民法所定の年五分の割合による遅延損害金の支払を求める。

二　本案前の抗弁

1　仲裁契約による妨訴抗弁

(一)　本件契約締結の際、原告とリングリング社は、本件契約の「解釈又は適用を含む一切の紛争」を、それぞれ相手国側（原告申立てのときはニューヨーク市、リングリング社申立てのときは東京都）の仲裁機関が行う仲裁で解決することを合意した（以下「本件仲裁契約」という。）。

そして、以下のとおり、本件は本件仲裁契約により、ニューヨーク市の仲裁機関に解決を委ねるべき紛争に含まれる。

(二)　米国判例法による解釈

(1)　準拠法の決定

①　準拠法の根拠

本件仲裁契約の準拠法は、「外国仲裁判断の承認及び執行に関する条約（ニューヨーク条約）」五条(1)(a)（以下「条約規定」という。）に従うか、あるいは、仲裁契約は私法契約であるから法例七条の規定に従うべきである。そうすると、いずれにしても、本件仲裁契約の準拠法は、第一に当事者の意思によって、右が明らかでない場合は、行為地法によって決められることとなる。

②　当事者の意思

仲裁契約の準拠法は、一般に、当事者により仲裁地として指定された地の法によることが明示又は黙示に合意されているとみるのが自然である。

さらに、本件契約締結の経緯をみると、原告のリングリング社に対する積極的な売込みに端を発し、その主な内容は、森岡が米国に赴いてリングリング社の社員と会合して交渉され、本件契約書は、リングリング社の法務部長で、かつ、

国際仲裁契約の成立及び効力の準拠法

三六九一　（三）

米国弁護士であるジェローム・ソワロスキー（以下「ソワロスキー」という。）が、米国において、米国法の法概念を用いて、英文で草案を作成し、原告が右草案を受け入れたものである。このことからも原告とリングリング社との間で本件仲裁契約の準拠法を米国法とする合意があったと解釈されるべきである。

なお、原告は、日本において、リングリング社日本出張所の鈴木文雄（以下「鈴木」という。）と、本件契約内容について交渉し、本件契約を締結したと主張しているが、鈴木は、本件契約に署名しておらず、被告が署名した契約書を原告に届けたに過ぎない。また、鈴木は、株式会社鈴木国際事務所の代表取締役であって、リングリング社を代理して契約交渉を行ったり契約を締結する権限を有しない。

③　行為地

仮に、当事者の意思が認定できないとしても、本件仲裁契約は、本件契約とともに、被告がリングリング社の代表者として米国で署名した契約書を日本に送付し、これに森岡が原告代表者として署名して、米国に送付することによって成立した。したがって、本件仲裁契約の申込みの発信地は米国であり、法例七条二項及び九条により、準拠法は米国である。

④　仮に、仲裁契約を私法契約ではなく訴訟契約であるとする見解によっても、仲裁契約は仲裁手続の行われる地の法を準拠法とすることになる。

以上のとおり、いずれにしても、本件仲裁契約の準拠法は、米国法である。

(2)　米国法による解釈

米国の連邦裁判所においては、国際的な契約における仲裁契約は、できる限り幅広く解釈すべきである、という判断基準が確立している。そして、本件仲裁契約のように、契約の「解釈又は適用を含む一切の紛争」を仲裁に付する合意がされている場合には、契約締結段階の詐欺に基づく損害賠償請求も仲裁によって解決すべきことは、米国判

三六九二　（七四）

例が明確に認めているところである。

また、仲裁合意の主観的範囲に関しても、米国においては、当事者の代理人ないしは被用者による行為であっても、それが当該契約の範囲内の行為であれば、当事者の行為と同じく仲裁に付すべきであるというのが判例法として確立している。

（三） 日本法に基づく解釈

右米国法の判断基準に従って判断すると、本件は、本件仲裁契約の適用を受けるべきものである。

仮に、本件が本件仲裁契約の適用を受ける紛争か否かを日本法に従って判断するとしても、本件契約に関連するあらゆる紛争を一回的に解決し、かつ、その解決の場を仲裁に求めようとした本件仲裁契約の趣旨に照らせば、被告個人の行為であっても、リングリング社の業務執行行為あるいはそれと密接な関連を有する行為は、本件仲裁契約の適用を受けると解釈すべきである。また、民訴法七八六条の解釈としても、仲裁契約の当事者との関係で組織上一部ないし一体となり又は完全な依存関係に立つ第三者は、仲裁契約の効力を受けると解すべきである。

（四） 仲裁契約の効果

以上のとおり、本件は、本件仲裁契約の適用を受けることとなるところ、我国の民訴法の解釈によれば、仲裁契約の存在は妨訴抗弁となるから、本件訴えは却下されるべきである。

2　国際裁判管轄権の不存在

本件訴訟について日本の裁判所に管轄を認めることは、一個人であり、かつ、外国人である被告に極めて重大な応訴の負担を負わせること、原告は、本件契約の債務不履行責任を被告個人に対する本件請求に作為的に仕立て上げ、本件仲裁契約を潜脱しようとしたものであること、すでに米国で本件に関し仲裁付託命令が発令されていること、被告は日本に財産を有しないが、日本で原告の請求を認容する判決が出されても、米国で右判決が承認・執行されないことは確実

国際仲裁契約の成立及び効力の準拠法

であること等に照らすと、本件について日本の裁判所に国際裁判管轄を認めることは、条理に反し許されない。

3　訴訟上の信義則・訴権の濫用

原告は、実質はリングリング社に対する契約不履行責任の請求を被告個人に対する請求に仕立て上げ、本件仲裁契約の潜脱を図り、日本の裁判所に本件訴訟を提起した。そして、本件訴訟提起直後に記者会見を行い、本件訴訟提起に対して故意的に発表、宣伝した。右原告の行動の目的は、正当な権利の救済を求めるものではなく、リングリング社に対して故意に不当な圧力をかけることにより、紛争を有利に解決しようと図ったものである。原告は、仲裁によって正当な権利の救済を受けられるのに、右不当な目的で本件訴訟を提起し、被告及びリングリング社に対し、予期しない応訴の負担その他の甚大な不利益を与えた。

右事情を考慮すると、本件訴訟が訴訟上の信義則に反し、訴権の濫用に該当することは明らかである。

三　本案前の抗弁に対する認否

1　妨訴抗弁について

(一)　本案前の抗弁1(一)のうち、本件仲裁契約の締結は認める。本件が本件仲裁契約の適用範囲に含まれるとの主張は争う。

(二)　同項(二)の(1)①は争う。仲裁契約の準拠法は、主たる契約の準拠法か法廷地法のいずれかによるのが妥当であり、したがって、準拠法は日本法によるべきである。

(三)　同項(二)の(1)②は否認ないし争う。本件契約の目的であるサーカスの興業地は日本である。また、本件契約の交渉は、リングリング社から原告に対する猛烈な売込みによって始まり、森岡がリングリング社の日本出張所で被告と面会した際に大筋の内容を決め、その後、リ

ングリング社の東京支店の駐在代表で支店長である鈴木と森岡とで何度も交渉を重ねて契約内容を決めた。

以上に照らすと、原告とリングリング社間で、本件仲裁契約締結の際、その準拠法を日本法とすることが合意されたものと解すべきである。

（四）　同項（二）の（1）（3）は否認ないし争う。

本件契約書は、リングリング社で作成されて原告に送付された後、日本で最終的な修正をした後、森岡が二通の契約書に署名を行ってリングリング社に送付し、被告がサインして一通を日本に送付した。

したがって、本件仲裁契約の申込みは日本で発信されたので、本件仲裁契約の準拠法を法例七条二項、九条二項によって決する場合でも、日本法が準拠法とされるべきである。

（五）　同項（二）の（1）（4）は争う。

（六）　同項（二）の（2）は否認ないし争う。

本件仲裁契約が対象とする紛争についての文言は、相当限定的であり、このような限定的な仲裁契約に、本件のような契約締結における詐欺に基づく請求も含まれるという解釈は、米国でも取られていない。

また、仲裁制度は司法にたいする代替・補完手段であり、権利保証・手続の適正の保障等において劣る手続であることを考慮すると、米国法においても本件のような詐欺事件については、仲裁は不適当とされる。

仮に、米国法では、本件訴訟が本件仲裁契約の適用範囲に含まれると解釈されるとしても、右解釈は、仲裁の合意をいたずらに拡大解釈し、当事者が合意したおぼえのない紛争について、しかも合意した相手方以外の第三者に対して、裁判所に訴えを提起することを制限するものであって、憲法三二条が保障する裁判を受ける権利を侵害するものであり、我国においては到底許されるべき解釈ではない。

（七）　同項（三）は争う。

　　　　国際仲裁契約の成立及び効力の準拠法

日本法によれば、債務不履行と不法行為とでは成立要件が異なり、かつ、本件では、当事者が異なるのであるから、本件仲裁契約によって本件訴訟の提起が妨げられるものではない。

(八) 同項四は争う。

2　国際裁判管轄権の不存在について

否認ないし争う。

3　訴訟上の信義則・訴権の濫用について

本件は、被告が始めから仕組んだ詐欺行為であって、単純なリングリング社の契約不履行とは異なる。本件は、被告個人の詐欺に対して原告が正当な権利の救済を求めたものである。被告が右詐欺行為を行った以上、これについて日本の裁判所に訴えを提起されても、被告に不当な応訴の負担を強いるとはいえない。

第三　証拠（省略）

## 理　　由　（一部省略）

民訴法七八六条によると、仲裁契約は、対象となっている係争物について当事者が和解する権利を有しない場合には、有効に成立しないと規定されているところ、我国では法人の代表者と法人とは別個の法人格とされており、法人は法人の代表者に関する紛争について和解する権利を有しないから、法人が締結した仲裁契約が、法人の代表者に関する紛争についても当然に適用されるというような解釈が一般的に妥当であるとは解されない。また、我国においては、一般に、法律的な根拠ごとに個々の請求を区別し、不法行為に基づく請求と契約関係に基づく請求は別個の請求と考えられているということに照らすと、契約関係から生じる紛争を仲裁に付する旨の合意が契約締結段階の詐欺をも当然に対象に含むと解釈することが一般的に妥当するということもできない。

しかし、米国法を適用した結果と日本法を適用した結果が異なることから、直ちに公序に反するということはできず、

国際仲裁契約の成立及び効力の準拠法

米国法を適用した結果が、右日本法による解釈に照らし著しく仲裁契約の適用を拡大し、我国において是認される限度を超え、社会通念に著しく反する結果をきたし、公序良俗に反すると認められる場合に限り、排斥されるものと解される。

これを本件についてみると、前掲乙第一号証、成立に争いのない乙第七号証、証人ジェローム・ソワロスキーの証言、原告代表者尋問の結果及び弁論の全趣旨によれば、原告が不法行為であると主張する被告の具体的な行為は、すべて被告がリングリング社の代表者として行った本件契約締結に関する行為であり、本件訴訟は、本件契約締結段階で合意されたリングリング社の債務と実際の履行行為との齟齬等リングリング社の債務不履行責任を追求する場合と実質的な争点のほとんどを同じくしており、結局、原告の主張する事実は、リングリング社の債務不履行行為に加えて、契約段階から手抜き公演を意図していた等の被告の主観的要件（それに、リングリング社の実体は、被告個人にほかならないということ）を加えたものにすぎないと認められること、さらに、原告の本訴請求には履行利益に当たると認められる損害の賠償も含まれ、被告の詐欺に基づく請求として一貫していない部分があること、原告自身も、右のとおり、リングリング社と被告は実質を同じくしており法人格として区別しないと主張していることなどに照らすと、本件仲裁契約を適用し、これを締結した際の原告の期待を著しく裏切る結果になるとは到底いえず、少なくとも、本件について適用する限り、前記米国法の解釈が我国の公序に反するとはいえない。

したがって、原告の主張は採用することができない。

（東京地方裁判所民事第三二部）

（別紙）

| 手抜き事項一覧表 | |
|---|---|
| ガンサー・ゲヴェル・ウィリアムズとその家族について | ガンサー・ゲヴェル・ウィリアムズは世界最高水準の動物調教師として米国におけるスーパースターであり同人とその家族のすばらしい動物演技は、リングリングサーカスレッドユニットの超目玉商品である。全体のショーの三分の二の比重を占めると言っても過言ではない。<br><br>サンディエゴのショーでは拍手喝采をあびていたのに一九八九年度公演には一回も出演していない。<br><br>出演させないこと自体、被告フェルドが本気でプロデュースする意思のないことをあらわす象徴的な事例である。 |

キングタスクについて

キングタスクは、巨大な牙をもった巨象である。その大きさが観客の感動を呼ぶだけではなく、リングリングサーカスレッドユニットの通常のショーではこれをショーアップしている。この象にきらびやかな衣装をつけさせ、象の頭にショーのメインキャストが乗っては会場を練り歩く。背中にはインド寺院の形をした飾り物を乗せて象の行列の中で一層大きく見えるようにし、最後に中央の舞台に上ると、寺院の飾り物が上にあがり、布製の垂れ幕が八方に広がりキングタスクの乗った舞台が回るというものである。これがサンディエゴでのショーであった。

リングリングサーカスレッドユニットのもう一方の目玉商品である。

ところが、一九八九年度公演では当初は出演させないという連絡を受け、強行な抗議の結果、来日はしたが

国際仲裁契約の成立及び効力の準拠法

三六九九　（八一）

| | ハイエナの演技について |
|---|---|
| | 専属の調教師は連れて来ず、あわてて新人調教師をつけたため大阪公演では休演することもあり、一ヶ月もたたないうちに調教師を首にしなければならなくなった。<br><br>あとは飼育係を調教師にするという状態で、舞台には上げたものの、名物の衣装も着けず、芸もせず、ただボーッと立っているだけで観客に何のインパクトも与えないものとなった。そもそもキングタスクの衣装さえ日本に持ってきていなかったのである。<br><br>被告フェルドが意図的にショーの構成自体を放棄していたことの典型的な事件である。 |
| 原告会社もパンフレット・マスコミへの広告活動にこ | 被告フェルドからの事前の連絡では、世界でたった二頭しかいない演技をするハイエナということであり、 |

国際仲裁契約の成立及び効力の準拠法

| ピーターハリソンのアシカの芸について | |
|---|---|
| これも事前連絡により宣伝活動で原告がうたいあげたものである。<br>しかし一九八九年度公演ではピーターハリソンは出演せず、代わりに彼の息子と調教師歴一ヶ月というリサ | ことの典型例である。<br>公演をする」との宣伝文句が全く虚偽のものであったていた人間で、「リングリングサーカスが初めて海外獣ショーの調教師自体、日本の関根サーカスに出演し猛獣ショーの中で行なわれる予定であったが、この猛このハイエナの演技はオープニング直後に行なわれるていただけで、一度も芸をしなかった。エナは、全く調教不足で、ただ輪の中にボサッと座っしかしながら一九八九年度公演で実際に出演したハイの点をうたいあげた。 |

三七〇一（三）

スウェイボールについて

・デュフレーンがアシカを扱った。二人ともいわば素人であるため、当然のごとくアシカは指示に従わず、結局休演したり、二頭のうち一頭だけの出演となったり、出演しても演技の最中に暴れ出したりしたため、檻に無理矢理入れて終わりとする等、全く見せ物になっていなかった。

動物に演技をさせられない素人調教師を送り込む事自体、そもそもショーを行なう意志のない証拠である。

空中でボールからボールに移る演技で被告フェルドからの事前連絡により「人類が知る限り最も危険な芸」として、宣伝でうたいあげていた。

しかしながら一九八九年度の公演では、低い高さで演技をし、全く危険に見えないばかりか、ボールからボールへの移動は一度だけで、しかも訓練されていない

|  | ラクダとラマの<br>演技について |  |
|---|---|---|
|  | 論外のことである。 | ため、命綱を締める動作に時間がかかり、日本の「出 |
|  | いまだ訓練もできていない動物を出演させることなど | 初式」の方が一〇倍スリリングに見えるという退屈極 |
|  | た。 | まりないものであった。 |
|  | は、いまだ訓練中のもので、一度も演技はできなかっ | 被告フェルドが本気でプロデュースしていない典型例 |
|  | しかし一九八九年度公演で送られてきたラクダとラマ | の一つである。 |
|  | る。 |  |
|  | で、これもやはり事前連絡に基づき宣伝したものであ |  |
|  | これはラクダとラマが馬と共に演技をするということ |  |

オートバイの

綱渡りについて

事前連絡によれば、この芸は一人がオートバイに乗り下に二人をぶら下げたまま、綱の上を進み、下の二人はぶら下がったまま観客の真上で空中ブランコの離れ技を行なうというものであった。

被告フェルドからの連絡により「命知らずの芸だ」と宣伝したものである。

そしてさらに、美女が首を綱で吊ってグルグル回りながら綱を渡るということになっていた。

しかしながら美女のぐるぐる回る演技は一度もなく、オートバイも車輪の下に絶対落ちない安全装置（オートバイが綱に固定されていて絶対落ちない）を、観客に目だつようにつけており、観客の誰も手に汗を握ったものはいなかった。宣伝のため呼んだテレビレポーターを乗せてあげたくらい安全であった。

しかもこの芸は既にアメリカにおいて公演しており、

国際仲裁契約の成立及び効力の準拠法

| 空中ブランコについて | | オープニングパレード |
|---|---|---|
| 事前連絡では世界で二人しか成功したことのない空中四回転を行ない、更に目隠しをして空中三回転を行なうとの事であった。 しかしながら一九八九年度公演では、八九回の大阪公演のうち空中四回転に成功したのは一回だけで、一六一回の東京公演でも一一回だけであった。 目隠ししたままの空中三回転は一度の公演すらなく、目隠しをしていないのに空中三回転でボロボロと落ちる状態で、全く興醒めしたものであった。 リングマスターが誇らし気に四回転のアナウンスをしても、落ちてばかりいてはショーにならない。 | マスコミ周知のものであった。 | 一九八八年度と比較すると、一九八九年度は非常に見 |

三七〇五　（七）

| 象のブレイクダンス について | モトクロス自転車 について | について |
|---|---|---|
| リングリングサーカスは「世界で最も良く調教された象」をうたい文句としていた。しかしながら一九八九年度公演で出演した象一五頭のうちリングリングサーカス所有の象は三頭のみで、残りは後楽園で公演して | 事前の連絡では自転車で五頭の象を飛び越すスリリングなショーということであり、そのセットに多額の費用をかけたにもかかわらず、全体がショーアップされておらず、全くスリルのないもので、エキサイティングなショーとは無縁のものであった。 | 劣りするもので、竹馬のピエロも五人から一人だけになり、国旗によるセレモニーもなく、音楽は「イッツ・ア・スモール・ワールド」のようなよく知られ、観客がとけ込めるような曲がなかった。 |

三七〇六　（八八）

国際仲裁契約の成立及び効力の準拠法

| | | シマウマの演技について | ミュージシャンについて | ピエロについて |
|---|---|---|---|---|

いたのと同じ象、同じ調教師であった。

事前連絡ではシマウマの演技が入ることになっていたが、シマウマは日本についてから訓練を始めるという状態で、パレードに出演しただけで終わった。芸のできない動物を送り込んだ典型例である。

一九八九年度のバンドのミュージシャンは、一二人のうち八人が新人で、大学生で休暇をとって来た者が数名いた。一九八八年度よりもその質において非常に落ち、サーカスのバンド経験者は四人だけで、彼らの作り出す音はインパクトに欠け、そもそも人を感動させる水準に達していなかった。

出演した二五人のピエロのうち、一二人は一九八九年

に初めてピエロをやることになった新人で、過去にきちんとした経験を積んでいるといえるのは四人だけであった。

オープニングでの竹馬に乗るピエロはリングリングサーカスの名物であり、高い竹馬に乗り、続々と登場するピエロはリングリングサーカスの呼び物であった。

しかし一九八九年度は竹馬に乗れるピエロは一人しかいなかった。

ショーとショーの間をつなぐピエロの演技はサーカスでは重要な地位をしめる。しかしながらピエロの力量不足・表現力のなさは、目を覆うばかりであり、途中二度入った寸劇（全く言葉は使わない）の構成もなっておらず何をやっているか理解できた観客は全くいなかった。寸劇については、事前にサンディエゴで行なったトランポリンを使用したものをやると約束してお

第二審判決の主文、事実及び理由

主　　文

本件控訴を棄却する。

控訴費用は控訴人の負担とする。

事　　実

第一　当事者の求めた裁判

一　控訴人

1　原判決を取り消す。

2　本件を東京地方裁判所に差し戻す。

（なお、控訴人は、当審において、本訴請求を「被控訴人は、控訴人に対し、金三億四二七一万六三〇九円及びこれに対する平成元年九月六日から支払済みまで年五分の割合による金員を支払え。」と減縮した。）

国際仲裁契約の成立及び効力の準拠法

きながら、これに違反しており、抗議をすると、「今変えると衣装代に金がかかり、コンピューターセットした照明を直すのにも金がかかる」と言って、これを拒否するという状態であった。芸のできない出演者を送り込んだ典型例である。

二　被控訴人

本件控訴を棄却する。

第二　当事者の主張

当事者双方の事実上及び法律上の主張は、次のとおり原判決を補正し、当審における主張を付加するほかは、原判決事実摘示のとおりであるから、これを引用する。

一　原判決の補正

原判決三枚目表六行目及び同裏三行目の各「興業」をいずれも「興行」と改め、同四枚目裏一行目から同五枚目表二行目までを削り、同三行目の「6　また、」を「㈠」と、同一一行目の「一億一七六万一二三二円」を「一億一一六七万一二三二円」と、同二行目から三行目にかけての「5ないし7項の各損害の合計二三億六八一六万〇一九三円」を「前項の損害の合計三億四二七一万六三〇九円」とそれぞれ改め、同一一枚目裏一行目の末尾に「したがって、右米国法の判断基準の適用の結果は、わが国の公の秩序に反するから、法例三三条により右米国法の適用は排除されるべきである。」を、同一二枚目表三行目の「異なるのであるから、」の次に「控訴人とリングリング社を当事者とする本件契約上の紛争に関する」をそれぞれ加える。

二　控訴人の主張

1　本件仲裁契約の仲裁条項は、「その紛争は、当事者の書面による請求に基づき、商事紛争の仲裁に関する国際商業会議所の規則及び手続によって仲裁に付される。リングリング社の申し立てるすべての仲裁手続は東京で行われ、JECの申し立てるすべての仲裁手続はニューヨーク市で行われる。」という文言であるが、この文言だけでは、日本側の仲裁機関の特定が不十分であり、この条項に基づいて仲裁契約が有効に成立しているとはいえない。

2　仲裁契約を訴訟契約と解すれば、準拠法は「手続は法廷地法による」との原則から導かれるので、当然日本法となる。また、仲裁契約を実体契約と解しても、その仲裁契約が妨訴抗弁として訴訟に提出され、その効力を控訴人が争っている場合には、仲裁契約が控訴人の提起した訴えにどのような影響を及ぼすかについての判断は、訴訟法上の問題であって、その準拠法は、「手続は法廷地法による」との原則に従い、法定地法である日本法ということになる。

3　本件仲裁契約で仲裁地の選択は、仲裁を申し立てる相手方の国が仲裁地とされている。つまり控訴人が仲裁を申し立てる場合にはニューヨーク市が仲裁地であり、リングリング社が仲裁を申し立てる場合には東京が仲裁地である。この選択基準を、一方の当事者が自国の裁判所に提起した訴訟において相手方が仲裁契約による本案前の抗弁を申し立てた場合について適用すると、リングリング社ないし被控訴人が東京地方裁判所において本案前の抗弁を申し立てた場合には仲裁地は東京とすべきであるから、その抗弁の当否を判断するにあたっては、日本の仲裁法、すなわち日本の民訴法七八六条が適用されなければならない。

4　仲裁地がニューヨーク市であるとすれば、連邦仲裁法及びこれに基づくアメリカ合衆国連邦裁判所の判例を適用する前に、まず、ニューヨーク州の仲裁法及びこれに関する判例を検討すべきである。この場合、連邦仲裁法を適用したときと逆の結論になる可能性がある。

三　被控訴人の主張

1　国際商業会議所の標準仲裁条項は、「本契約に関して生じるすべての紛争は、国際商業会議所の調停及び仲裁規則に従い、この規則に基づいて選定される一又は二以上の仲裁人により、最終的に解決されるものとする。」というものであって、国際商業会議所の仲裁規則に従って仲裁する旨さえ合意されていれば、国際商業会議所の仲裁裁判所で仲裁するのは当然であり、仲裁機関を特定する必要はない。

2　㈠　仲裁契約の準拠法は、仲裁契約が訴訟契約か実体契約であるかによって決まる事柄ではなく、仲裁契約が自主的

国際仲裁契約の準拠法

国際仲裁契約の成立及び効力の準拠法

な紛争解決方式を選択する合意であることに鑑みると、その準拠法についても、当事者の合意による選択を認めるべきである。当事者による明示の準拠法指定がない場合、当事者の黙示の意思を探求すべきであり、その場合、仲裁地法、すなわち当事者の意思により仲裁地として指定された地の法を準拠法とすることが当事者の意思に合致する。仲裁契約の準拠法を判断するために当事者の黙示の意思を探求ないし推定する場合、仲裁契約の人的・物的範囲についての準拠法も仲裁地法と解すべきである。

㈢　仲裁契約が妨訴抗弁になるか否かという問題は訴訟法上の問題であり、法廷地法が適用される。しかし、それは有効な仲裁契約が存在している場合に妨訴抗弁になるか、なるとしてどういう妨訴抗弁になるかという限度で法廷地法が適用されるに留まる。仲裁契約の人的・物的範囲は、仲裁契約の効力の問題であるから、その判断においてよるべき準拠法は法例七条によって定まると解されるのであり、このようにして定まった人的・物的範囲について、妨訴抗弁になるか、なるとしたらどういう妨訴抗弁になるか（停止事由か却下事由か）が法廷地法によって決定されるにすぎない。

3㈠　仲裁契約の準拠法が仲裁地法であると判断される場合、仲裁機関で審理される場合に限らず、訴訟手続において妨訴抗弁として主張される場合にも、仲裁契約の準拠法は仲裁地法とされるべきである。けだし、仲裁機関で審理される場合と訴訟手続において妨訴抗弁として主張される場合とで仲裁契約の準拠法を異にするというのは、当事者の合理的意思に反するのみならず、仲裁契約の準拠法をそれぞれ別異に解するならば、仲裁手続において仲裁の申立てが受け入れられるか否かの基準となる「仲裁契約の人的・物的範囲」と訴訟手続において妨訴抗弁となる「仲裁契約の人的・物的範囲」とが異なることになって、その結果、仲裁の手続において仲裁の申立てが受け入れられない場合や、反対に、仲裁の申立てが受け入れられるにもかかわらず、妨訴抗弁が認められないにもかかわらず、妨訴抗弁が認められて訴えが却下されて、原告が何らの救済も受けられない場合や、被告が仲裁契約がありながら応訴を余儀なくされる場合が生じ得るという深刻な問題を引き起こすことになる。

（二）　被控訴人は仲裁契約を理由とする妨訴抗弁を申し立て、本件訴えの却下を求めているにすぎず、自ら仲裁を申し立てているわけではないから、妨訴抗弁の申立てを仲裁申立てと同視してその準拠法を論ずることはできない。

4　本件仲裁契約のような国際的な通商に関する仲裁契約には、ニューヨーク条約を含む連邦仲裁法が適用され、連邦仲裁法が適用される場合には、連邦法は、連邦憲法第六項二項の最高法規条項により、州法に優先して適用される。し

たがって、本件仲裁契約におけるニューヨーク市で適用される法とは連邦仲裁法及びこれに関する判例である。

第三　証拠関係　（省略）

　　　　　　　理　　　由

一　本件訴えの適否について

本件訴えは、控訴人とリングリング社とがサーカス興行を目的とする本件契約を締結するに際し、リングリング社の代表者である被控訴人がキャラクター商品等の販売利益の分配及び動物テント設営費用等の負担義務の履行について控訴人を欺罔して損害を与えたとして、控訴人が被控訴人個人に対して、不法行為に基づく損害賠償を請求した事案である。

被控訴人は、控訴人とリングリング社との間で締結された本件仲裁契約が本件訴訟にも適用されるから、仲裁契約の存在は妨訴抗弁となるというわが国の民訴法の解釈によれば、本件訴えは却下されるべきであると主張するので、まず、右主張について判断する。

1　（一）　控訴人とリングリング社との間で本件仲裁契約が締結された事実は、当事者間に争いがない。

（二）　控訴人は、本件仲裁契約の仲裁条項は、日本側の仲裁機関の特定が不十分なため無効であると主張する。しかしながら、本件仲裁契約においては「紛争は、（中略）商事紛争の仲裁に関する国際商業会議所の規則及び手続に従って仲裁に付される」旨が定められているところ（成立に争いのない乙第一号証）、国際商業会議所の標準規則によれば、仲裁人の選定は当事裁の申立ては各国の国内委員会を通じてパリの仲裁裁判所事務局にこれを行うことができること、仲裁人の選定は当事

国際仲裁契約の成立及び効力の準拠法

者に委ねられているが、当事者間で仲裁人の選定に必要な合意が成立しない場合には一定の手続により仲裁人が選定されることが定められており（原本の存在・成立に争いのない乙第六〇号証）、日本には国際商業会議所日本国内委員会が東京都にあることは当裁判所に顕著な事実である。したがって、当事者が国際商業会議所の仲裁規則及び手続に従って仲裁する旨を合意していさえすれば、当事者間で具体的な仲裁機関を特定する合意が成立していなくても、日本で仲裁の申立てをし、仲裁判断を受けるのに支障はないことになるのであり、控訴人の主張は採用できない。

2　仲裁契約は、訴訟によらず、一定の者に一定範囲の紛争につき、その対象である具体的な権利義務あるいは法律関係の存否の最終的な判断を委ねることを内容とする契約であり、契約においては、仲裁手続を実施するために必要な諸事項が定められ、その一つとして、どの範囲の紛争を仲裁判断に委ねるかも定められる。これらの点についての契約の準拠法は、紛争の解決方法という特殊な事項についてであるとはいえ、私的自治の領域での契約の効力に関する問題であるから、当事者の意思によって定まり（法例七条一項）、それが明確を欠く場合は、特定の場所で一定の法的手続を行うことを定める契約の性質からして、仲裁手続を行う地の法律によるのが当事者の意思であると推定すべきである。本件においてこの推定を覆すに足りる事情は認められない。

ところで、仲裁契約は、仲裁の対象とされる紛争に関する訴訟について一定の訴訟法上の効果（通常は訴訟を排除する効果）を有し、このような訴訟法上の効果のいかんは、一般的には法廷地法によって定まるべき事柄である。しかし、仲裁契約が訴訟排除効をもつのは、それが一定範囲の紛争を訴訟によらずに解決することを定めていることの反射的効果としてであるから、排除効の及ぶ紛争の範囲は、原則として仲裁契約の準拠法によって定まるものと解すべきである。もっとも、そのように解すると、仲裁契約上、仲裁の行われる国として複数の国が予定されている場合（本件はまさにそのような場合である。）には、いずれの国の法律に基づいて訴訟排除効の範囲を決すべきかが問題となるが、仲裁と訴訟との相互補完的関係並びに当事者が特に仲裁という特別の紛争解決手段によることを合意している以上、この

合意の効力をなるべく尊重すべきものと考えられることからすると、このような場合には、原告が当該請求について仲裁を求めた場合に仲裁契約の効力に関して適用される法律が特定している限り、この法律に準拠すべきものと考えられる。そして、本件仲裁契約においては、仲裁の申立てをする当事者はそれぞれ相手方の国の特定の地の仲裁機関に申立てをすべきものと定められているのであるから、訴えを提起した当事者は、相手方の国で仲裁を申し立てた場合に仲裁契約の準拠法上その申立てが仲裁の対象に該当するものと認められない場合、すなわち、仲裁契約の準拠法について前述したところからすると、原則的には相手方の国の法律上当該請求につき仲裁を求めることができない場合に限って、仲裁契約の排除効を免れ得るものと解すべきである。

本件仲裁契約は、控訴人とリングリング社との間で成立した、本件契約（興行契約）の解釈又は適用を含む一切の紛争をそれぞれ相手国側の仲裁機関（東京都又はニューヨーク市の仲裁機関）に対する仲裁申立てによって解決するとの合意を内容とするものであるから、本件訴えの適否は、アメリカ合衆国ニューヨーク市において適用される法律に基づく仲裁契約の解釈上、本件訴えに係る請求が仲裁の対象に含まれるとされるかどうかによって決せられることになる。

3　そこで、検討するに、前記のとおり本件仲裁契約においてはリングリング社の代表者である被控訴人は合意の当事者となっておらず、また、本件訴訟のような控訴人とリングリング社の代表者との間の紛争をも仲裁の対象とする明文の定めもない。

しかしながら、原本の存在及び成立につき争いのない甲第二五号証、乙第六六号証、弁論の全趣旨によって真正に成立したものと認められる乙第九号証、第一三ないし第一七号証、第一九号証、第二二、二三号証、第五七号証及び第六七号証、証人ジェローム・ソワロスキーの証言によって真正に成立したものと認められる乙第一〇号証の一ないし三、第一一、一二号証、第一八号証、第二〇、二一号証、第二四号証並びに弁論の全趣旨によれば、ニューヨーク市において適用される仲裁法及びこれに基づく合衆国連邦裁判所の判例が、ニューヨーク市において

所の判例は、仲裁契約の効力及び適用範囲についてはこれを拡大する方向で解釈すべきであるとの一般的な基準の下適用される仲裁法及びこれに基づく合衆国連邦裁判

国際仲裁契約の成立及び効力の準拠法

三七一五　（七七）

に、ある取引から生じたすべての紛争を仲裁に付するという趣旨の仲裁契約が締結されている場合、一方当事者の被用者として当該取引に関して行った個人の行為を問題にする紛争と、契約締結段階で一方当事者が詐欺を行ったとする紛争について、それぞれ、当該仲裁契約の適用範囲に含まれ、仲裁によって解決すべきであるとしていること、また、ニューヨーク州の連邦地方裁判所は、リングリング社及び被控訴人及びその代表者森岡和彦を相手に仲裁を進めることなどを命ずることを求める仲裁付託及び差止命令申立事件において、平成二年一一月二一日、①控訴人及び森岡和彦に、本件仲裁契約の条項に基づき国際商業会議所の規則に従い仲裁申立てを行うことを命ずる、②控訴人の本訴請求が本件仲裁契約の条項に含まれていることを確認する、③控訴人及び森岡和彦は、本件仲裁契約の仲裁条項により要求される仲裁手続がなされている間、本件訴訟を進行させてはならないとの判決を下し、これが確定している（但し、控訴人は右裁判につき呼出しを受けたが欠席している。）ことが認められる。

控訴人は、仲裁地がニューヨーク市であるとすれば、連邦仲裁法及びこれに基づく合衆国連邦裁判所の判例を適用する前に、まず、ニューヨーク州の仲裁法及びこれに関する判例の適用を検討すべきであり、この場合、連邦仲裁法や合衆国連邦裁判所の判例を適用したときとは違った結論になる可能性があると主張する。しかし、前掲各証拠、殊に乙第二二号証によると、州法に優先して適用される連邦仲裁法が、外国との通商を含む契約で「当該契約、取引又は全部もしくは一部の履行拒否から生ずる紛争を仲裁によって解決すべき旨の書面による定め」がある場合に適用されるものときれている（同法二条）ことに照らせば、右主張の理由のないことは明らかである。また、控訴人は、本件契約、本件仲裁契約の表現に比べて限定的であり、本件いては、その対象とする紛争を示す文言が、右判例において問題となった仲裁契約の表現に比べて限定的であり、本件仲裁契約については右判例と異なる解釈が妥当する可能性があると主張し、甲第二五号証及び第三〇号証には右主張に沿うかのごとき意見の記載がある。しかし、右各意見はいずれもその内容に曖昧な点が目立つ上、甲第三〇号証は、その作成者はカリフォルニア州の弁護士でニューヨーク州に適用される法及び判例について公的に言及する権限を有しな

いばかりか、調査は完全もしくは網羅的でないことを自認する内容であり、いずれもにわかに採用することができない。

4　公序規定による米国法適用の排除について

控訴人は、右米国法の適用の結果は、わが国の憲法が保障する裁判を受ける権利を侵害することになるから、外国法の適用がわが国の公の秩序に反する場合に当たり、法例三三条によりその適用は排除されるべきである旨主張する。

しかしながら、控訴人の右主張は採用することができない。その理由は、原判決一七枚目表九行目の「詐欺をも」から同一〇行目の末尾までを「詐欺による紛争をもその対象に含むか否かは、見解の分かれるところであろう。」と改め、同一八枚目表三行目の「認められること」の次に「当審における請求減縮前の」を加え、同九行目の「原告の期待を著しく裏切る」を「同契約の適用範囲に関する控訴人の予想に著しく反する」と改めるほかは、原判決一七枚目表一行目から同一八枚目表一一行目までの理由説示と同一であるから、これを引用する。

5　以上によれば、控訴人は、リングリング社との間において、本件訴えに係る紛争をニューヨーク市での仲裁に付すべきことを合意したもので、この合意は被控訴人との関係においても効力を有するところ、このような仲裁の合意が存する場合、それが外国法に準拠する仲裁の合意であっても、訴訟手続による解決を要しない場合に当たるというべきであり、本件訴えは訴えの利益を欠くものといわざるを得ない。被控訴人の抗弁は理由がある。

二　よって、本件訴えを却下した原判決は相当であるから、本件控訴を棄却することとし、訴訟費用の負担について民訴法九五条、八九条を適用して、主文のとおり判決する。

（東京高等裁判所第一五民事部）

国際仲裁契約の成立及び効力の準拠法

右認定の連邦仲裁法及びこれに基づく判例の示す仲裁契約の物的及び人的範囲の解釈並びに控訴人に対する仲裁付託命令の確定の事実等によれば、控訴人は、本件請求にかかる損害賠償請求について、合衆国で被控訴人を相手方として仲裁判断を求めることができるものと解される。

EXHIBIT 2

**Tokyo District Court Judgement, June 19, 2020, L07530758, p. 6 (English Translation)**

(1) Governing Law of the Arbitration Agreement in This Case

With respect to the formation and validity of arbitration agreements in so-called international arbitration, Article 7 of the Act on General Rules for Application of Laws provides that the governing law shall, in principle, be determined according to the intention of the parties (see Supreme Court, First Petty Bench, Judgment of September 4, 1997, Minji Hanreishu Vol. 51, No. 8, p. 3657).

Although there is no express agreement on the governing law of the arbitration clause in this case, the dealer agreement provides that any disputes or claims arising out of or in connection with the agreement (including non-contractual disputes or claims) shall be governed by and construed in accordance with the laws of England and Wales. In addition, the seat of arbitration is specified as London, United Kingdom (see Agreed Fact (2)(i)).

In light of these facts, it is reasonable to conclude that there was an implied agreement between the plaintiff and Party A—the parties to the arbitration agreement—that the arbitration clause would be governed by English law.

LLI/DB 判例秘書

【判例番号】　　Ｌ０７５３０７５８

　　　　　　　損害賠償請求事件

【事件番号】　東京地方裁判所判決／平成３０年（ワ）第１０８８３号
【判決日付】　令和２年６月１９日
【判示事項】　英国会社との間の自動車販売に関するディーラー契約を終了させ
　　　　　　　る旨の通知を同社から受けた原告が，同社と被告らの言動により
　　　　　　　事業投資をしたのに新契約は締結されなかった，又は被告らが同
　　　　　　　社に新契約の意思があり，自己に新契約の決定権限があるかのよ
　　　　　　　うに装って費用負担をさせたとして，被告らに対し，共同不法行
　　　　　　　為に基づく損害賠償金の連帯支払を求めた事案。裁判所は，本案
　　　　　　　前の争点につき，原告と英国会社間で本件仲裁合意の準拠法を英
　　　　　　　国法とする旨の黙示の合意がされたものと認め，各請求に係る紛
　　　　　　　争が当該合意の効力の客観的範囲に含まれ，当該合意の効力が被
　　　　　　　告らにも及ぶとし，本件訴えは，当該合意の対象となる民事上の
　　　　　　　紛争について提起されたものと認められるとして，仲裁法１４条
　　　　　　　１項に基づき却下した事例
【参照条文】　民法７０９
　　　　　　　民法７１９
　　　　　　　会社法４２９－１
　　　　　　　民事訴訟法３の９
　　　　　　　法適用通則法７
　　　　　　　仲裁法１４－１
【掲載誌】　　判例時報２４９３号１０頁
　　　　　　　ＬＬＩ／ＤＢ　判例秘書登載

　　　　　　　　主　　　　文

　１　本件訴えを却下する。
　２　訴訟費用は原告の負担とする。

　　　　　　　事実及び理由

第１　請求
　１　主位的請求
　　　　被告らは，原告に対し，連帯して１億７１８５万２１３４円及びこれに対
　する平成２８年１２月６日から支払済みまで年５分の割合による金員を支払え。
　２　予備的請求
　　　　被告らは，原告に対し，連帯して１億１０５２万５８０９円及びこれに対
　する平成２８年１２月６日から支払済みまで年５分の割合による金員を支払え。
第２　事案の概要
　１　本件は，Ａ（以下「Ａ」という。）から同社との間で締結していた自動車
　の販売に関するディーラー契約（以下「本件ディーラー契約」という。）を終了
　させる旨の通知を受けた原告が，①主位的請求として，Ａと被告らは，共同
　して，原告が事業投資をすればＡと新たなディーラー契約を締結できるかのような
　言動をとって原告に事業投資をさせたにもかかわらず，結局新たな契約を締結せ

ず，原告に損害を与えた旨主張して，被告らに対し，共同不法行為（被告Ｙ１及び被告Ｙ２については予備的に会社法４２９条１項の責任）に基づく損害賠償金１億７１８５万２１３４円及びこれに対する平成２８年１２月６日から支払済みまで民法（平成２９年法律第４４号による改正前のもの。以下同じ。）所定の年５分の割合による遅延損害金の連帯支払を求め，②予備的請求として，被告らは，Ａが原告との間で新たなディーラー契約を締結する意思を有していないことを知りながら，Ａにその意思があり，かつ，自己に新たなディーラー契約の決定権限があるかのように装って，新たなディーラー契約が締結されないのであれば支出しない費用を原告に負担させて損害を与えた旨主張して，被告らに対し，共同不法行為に基づく損害賠償金１億１０５２万５８０９円及びこれに対する平成２８年１２月６日から支払済みまで民法所定の年５分の割合による遅延損害金の連帯支払を求める事案である。

　　　被告らは，本案前の抗弁として，①仲裁合意の存在（妨訴抗弁）による訴えの却下，②民訴法３条の９に基づく特別の事情による訴えの却下を主張したため，本案前の争点について判断することとして，弁論を終結した。

２　前提事実（後掲の証拠等により容易に認められる事実）

（１）当事者等

　ア　原告は，外国製自動車の売買や外国製自動車の輸入販売等を目的とする株式会社である。（甲１）

　イ　Ａは，イングランド法に基づき設立された会社である。（甲４，５，１７，１８）

　ウ　被告Ｙ２は，平成２７年１月５日から，Ａの従業員として雇用され，Ａのアジア・パシフィック地域ディレクターとして，同地域においてＡを代表して行為する権限を有している者である。（乙３）

　エ　被告Ｙ３は，平成２７年１月５日にＡが１００％出資して設立された合同会社であり，Ａが製造する自動車，自動車部品，スペアパーツの輸入，輸出及び販売並びに自動車技術に関するコンサルティング，自動車の型式認定，販売促進，マーケティング及びアフターサービスの提供等を目的としており，その業務執行社員兼代表社員は，Ａである。（甲２，弁論の全趣旨）

　オ　被告Ｙ１は，被告Ｙ３の設立時から，被告Ｙ３の業務執行社員兼代表社員であるＡの職務執行者を務めている。（甲２）

（２）本件ディーラー契約の締結と仲裁合意

　ア　原告とＡは，平成１５年１０月１日，Ａが製造する自動車の販売に関するディーラー契約を締結し，その後も同契約は更新されてきた。そして，原告とＡは，平成２５年１２月３１日，Ａが製造する自動車の販売やサービスを東京において行うディーラーを原告とする旨の本件ディーラー契約を締結した。（甲４，５，１７，１８，乙１，弁論の全趣旨）

　イ　本件ディーラー契約には，準拠法及び紛争解決方法について，以下のとおりの条項（合意）が定められていた（以下，下記（イ）ないし（エ）を併せて「本件仲裁合意」という。）。（甲５，１８，乙１）

　　（ア）本件ディーラー契約並びに同契約から生じ又は同契約に関連するいかなる紛争及び請求（契約に基づかない紛争及び請求を含む。）は，イングランド及びウェールズ法（以下「英国法」という。）に準拠し，これに従って解釈されるものとする。

　　（イ）本件ディーラー契約及び同契約から生じ又は関連する，いかなる紛争，見解の不一致又は請求（同契約の存在，有効性，不履行及び終了，又は同契約の無効から生ずる結果に関する紛争を含む。）は，当事者間の信義誠実に基づいた交渉を通じて解決されるものとする。当該交渉は，一方当事者が書面により相手方に交渉を要請後直ちに開始するものとする。

（ウ）交渉が要請された日から９０日以内に交渉によって紛争を解決することができず，いずれかの当事者が書面により相手方当事者に通知した場合は，当該紛争は英国ロンドンに所在のロンドン国際仲裁裁判所（ＬＣＩＡ）の仲裁に付託され，当該仲裁が開始された日の時点で有効なＬＣＩＡ規則に従い当該仲裁によって最終的に解決されるものとする。

（エ）選任される仲裁人は１名とし，英語及び日本語を流ちょうに使用できる者とする。仲裁手続における使用言語は英語とする。仲裁人による仲裁判断は全て，当該判断の対象とされた当事者について管轄権を有するいかなる裁判所によっても執行可能である。

（３）本件ディーラー契約を終了させる旨の通知及び同契約の終了

Ａは，原告に対し，平成２７年１２月２３日付けで，本件ディーラー契約の条項に基づき同契約を平成２８年１２月３１日が経過した時点で終了させる旨の通知（以下「本件終了通知」という。）をした。（甲６，３６）

本件ディーラー契約は，最終的に，平成２９年６月３０日に終了した。（甲４６，弁論の全趣旨）

３　原告の本案の主張（要旨）

（１）主位的請求に係る主張（要旨）

原告とＡは，Ａが本件終了通知をした後も，新たなディーラー契約の締結に向けた交渉を重ねてきた。その過程で，Ａとその１００％子会社である被告Ｙ３とは実質的には一体として行動しており，Ａ，被告Ｙ３，被告Ｙ３の業務執行社員であるＡの職務執行者である被告Ｙ１並びにＡのアジア・パシフィック地域ディレクター及びＢ（以下「Ｂ」という。）の代表取締役であり，被告Ｙ３の実質的代表者であった被告Ｙ２は，共同して，原告に対し，販売促進イベントに参加させたり，その従業員にサービス向けの研修を受けるように要請して原告の費用負担で従業員を海外の研修に派遣させたり，Ａの新型車の受注を受けさせたりするなどして，原告がこれらの事業投資をすれば，Ａとの新たなディーラー契約の締結が確実であるかのような言動をして，原告に事業投資をさせたにもかかわらず，一方的に不当な交渉破棄を行い，結局，新たな契約を締結せずに原告に損害を与えたから，Ａと被告らは共同不法行為責任を負う。また，被告Ｙ２は，Ａ及びＢの取締役並びに被告Ｙ３の事実上の取締役として，被告Ｙ１は被告Ｙ３の業務執行社員であるＡの職務執行者として，第三者である原告に対して会社法４２９条１項の責任も負う。

被告らが連帯して原告に賠償すべき損害は，１億７１８５万２１３４円である。

（２）予備的請求に係る主張（要旨）

被告らは，Ａが本件終了通知をした後，共同して，Ａが原告との間で新たなディーラー契約を締結する意思を有していないことを知りながら，Ａにその意思があり，かつ，自己に新たなディーラー契約の決定権限があるかのように装って，原告に，販売促進イベントに参加させたり，その従業員にサービス向けの研修を受けるように要請して原告の費用負担で従業員を海外の研修に派遣させたり，Ａの新型車の受注を受けさせたりするなどして，新たなディーラー契約が締結されないのであれば支出しない費用を原告に負担させて損害を与えたから，共同不法行為責任を負う。

被告らが連帯して原告に賠償すべき損害は，１億１０５２万５８０９円である。

４　被告の本案前の抗弁

（１）本件訴えは本件仲裁合意の対象となる民事上の紛争について提起されたものであり却下されるべきであること

原告の請求は，いずれも本件ディーラー契約に関連するものであるとこ

ろ，本件ディーラー契約には，本件ディーラー契約及びそれに起因し又は関連する紛争（契約に基づかない紛争を含む。）は，全て英国法に従い解釈し，英国ロンドンに所在のロンドン国際仲裁裁判所による仲裁によって解決する旨の本件仲裁合意が定められている。

　　　　したがって，原告と被告らとの間の紛争は，全てロンドン国際仲裁裁判所の仲裁により解決されるべきものであり，本件訴えは，却下されるべきである。

　　　　具体的には，次のとおりである。

　　ア　本件仲裁合意の客観的範囲

　　　　本件仲裁合意の範囲は英国法により解釈されるべきところ，いかなる事項（紛争）に関し仲裁合意が適用されるかにつき，英国の終審裁判所であった貴族院（当時）の判例によれば，「仲裁合意の解釈は，当該仲裁合意の当事者が，合理的なビジネスマンとして，当該当事者間に生じ又は生じようとしている関係から生じる一切の紛争を同一の裁判所により解決することを意図したとの推定を前提として行うべきである。当該仲裁条項は，特定の問題を仲裁人の管轄事項から除外することを目的とする明確な文言が存在しない限り，当該推定に基づいて解釈されるべきである」とされている。

　　　　本件仲裁合意には，特定の紛争を本件仲裁合意の範囲から除外する旨の文言は何ら存在しないから，原告とＡは，本件ディーラー契約に関連する紛争は全て，ロンドン国際仲裁裁判所による仲裁で解決することを合意していたといえる。そして，原告が本件各請求の理由として主張する紛争は，原告とＡとの間の本件ディーラー契約の更新に係る交渉に起因したものであるし，また，その交渉時期は本件ディーラー契約が延長されて終了した平成２８年６月末日までに生じた紛争であるから，本件ディーラー契約自体から生じた紛争ともいえ，その全てについて本件仲裁合意が適用される。

　　イ　本件仲裁合意の主観的範囲

　　（ア）原告とＡは，本件ディーラー契約の締結に際し，原告が，Ａの役員や完全子会社に対し，本件ディーラー契約に関連する紛争の解決を求める場合にも，本件仲裁合意の適用がある旨合意したとみるのが，本件仲裁合意の趣旨に合致する。被告Ｙ２は，アジア・パシフィック地域におけるＡの代表者であり，被告Ｙ３はＡの完全子会社であり，被告Ｙ１は被告Ｙ３の業務執行社員であるＡの職務執行者であるから，被告らには，本件仲裁合意が適用される。

　　（イ）仲裁合意に法的に拘束される当事者本人以外の第三者にも仲裁合意が適用されるか否かが争点となっていた事例について，「英国法において，仲裁合意の署名当事者でなかった者が仲裁の当事者となる権利を有し又は仲裁の当事者として法的に拘束される場合は数多い」と判示して，エージェンシー（代理）の場合を例示した英国高等法院の判例がある。すなわち，英国法上は，エージェンシー法理により，エージェント（代理人又は代表者）にも，本人が拘束される仲裁合意が適用されると解される。

　　　　被告Ｙ２は，Ａのアジア・パシフィック地域の代表者（ディレクター）であり，被告Ｙ３は，Ａの指示に従い，Ａの本件ディーラー契約の履行を補助し，Ａの使者又は代理人として業務を遂行してきたから，いずれもＡのエージェントである。被告Ｙ１は，被告Ｙ３のマネージング・ディレクター兼代表者であるから，被告Ｙ３を介して，Ａとエージェンシー関係に立つ。したがって，被告らも，Ａに適用される本件仲裁合意の適用を受ける。

　　（ウ）英国法には，仲裁合意の当事者と第三者との間に完全な支配関係が認められる場合において，かかる両者に対する請求について統一的判断が必要な程度に相互に密接な関連性がある場合は，かかる第三者は仲裁合意を主張できるという法理がある。

　　　　被告らは，本件仲裁合意の当事者であるＡに完全に支配される関係にあり，かつ，原告と被告らとの間の紛争は，本件仲裁合意を含む本件ディーラー契約に関連するものであり，被告らはＡの実質的エージェントとして本件ディーラー契約に関連する行為を遂行してきたのであるから，被告らに対する請求の当否は，Ａに対する請求の存否と同一の結論である必要がある。そうすると，被告らは，本件仲裁合意の適用を受けるというべきである。

　　（２）本件訴えには特別の事情（民訴法３条の９）があり却下されるべきこと

　　　　本件各請求は全て本件ディーラー契約に関連するものであるところ，原告とＡとの間では，同契約に関連する紛争は全てロンドン国際仲裁裁判所の仲裁で解決することとされており，仮にロンドン国際仲裁裁判所の判断と日本の裁判所の原告と被告らとの紛争に関する判断が相違する場合には，紛争の統一的解決の観点から不合理な結果となる。原告は，Ａと本件仲裁合意をしていたのであるから，原告と被告らとの本件ディーラー契約に関連する紛争が仲裁で解決されてもその予想を裏切るものではない。

　　　　したがって，原告の本件訴えには，日本の裁判所が審理及び判断することが当事者間の衡平を害し，又は適切かつ迅速な審理の実現を妨げることとなる特別の事情があるため，全て却下されるべきである（民訴法３条の９）。

　５　本案前の抗弁に対する原告の反論

　　（１）本件訴えに本件仲裁合意の効力が及ばないこと

　　　　本件訴えに係る紛争及び請求は，本件ディーラー契約に起因したものではないし，本件仲裁合意は，原告とＡの間で締結されたもので，原告と被告らとの間で締結されたものではないから，その効力が被告らに及ばないことは明らかである。

　　　ア　本件仲裁合意の客観的範囲

　　　　原告は，本件終了通知に関して損害賠償請求を行っているのではなく，本件終了通知がされた後に新たなディーラー契約を締結するために行った交渉に関して損害賠償請求をしているのであり，本件訴えに係る紛争が本件ディーラー契約に起因する紛争でないことは明らかである。本件ディーラー契約終了後の新たなプロジェクトや交渉についてまで本件仲裁合意の効力が及ぶはずはない。

　　　イ　本件仲裁合意の主観的範囲

　　　（ア）被告らは，本件仲裁合意の当事者ではないから，本件仲裁合意の効力が被告らに及ぶことはない。

　　　（イ）英国法では，仲裁合意の当事者でない個人又は法人に対して仲裁合意の効力が及ぶとは解されていない。

　　　　　例外的に仲裁合意の効力が署名当事者以外にも及ぶ場合を想定したとしても，被告らは，Ａの履行補助者若しくは使者又は代理人若しくは代表者には当たらない。すなわち，被告Ｙ３及び被告Ｙ１がＡの代理人でないことは明らかであるし，被告Ｙ２も，Ｂの代表者として原告と関わっており，Ａの代理人ではない。したがって，被告らには，被告が主張するエージェンシー法理は適用されない。

　　　（ウ）被告らは，被告らがＡに完全に支配される関係にあり，被告らに対する請求は，Ａに対する請求と統一的判断の必要があると主張する。しかし，被告Ｙ３はＡとは独立した法人であり独自の決定権を有する。また，本件訴訟においてＡは被告となっておらず，Ａについての仲裁手続は開始されていないから，本件仲裁合意により解決されるべきＡに対する請求と本件訴訟における被告らに対する請求に関する判断が異なることとなる状況にはなく，統一的判断の必要性に乏しい。

（２）本件訴えには特別の事情（民訴法３条の９）がないこと

　　　本件訴えについては，民訴法３条の９が定めるような特別な事情は存在しない。むしろ，世界中でビジネスを行っているＡと比べ，東京地域でしかビジネスを行っていない原告に対し，英国で英語に基づく紛争解決を強いることの方が当事者間の衡平を害するし，適切でないことは明らかである。

　６　本案前の争点

　　　以上によれば，本件の本案前の争点は次のとおりである。

　（１）本件訴えが本件仲裁合意の対象となる民事上の紛争について提起されたものと認められるか（争点（１））

　（２）本件訴えにつき民訴法３条の９にいう「特別の事情」があると認められるか（争点（２））

第３　当裁判所の判断

　１　争点（１）（本件訴えが本件仲裁合意の対象となる民事上の紛争について提起されたものと認められるか）について

　　（１）本件仲裁合意の準拠法について

　　　いわゆる国際仲裁における仲裁合意の成立及び効力については，法の適用に関する通則法７条により，第一次的には当事者の意思に従ってその準拠法が定められるべきものである（最高裁平成９年９月４日第一小法廷判決・民集５１巻８号３６５７頁参照）。本件仲裁合意には，その準拠法についての明示の合意はないが，本件ディーラー契約において，同契約並びに同契約から生じ又は同契約に関連するいかなる紛争及び請求（契約に基づかない紛争及び請求を含む。）は，英国法（イングランド及びウェールズ法）に準拠しこれに従って解釈されるものと定められていること及び仲裁地が英国ロンドンと定められていること（前提事実（２）イ）に照らせば，本件仲裁合意の当事者である原告とＡとの間では，本件仲裁合意の準拠法を英国法とする旨の黙示の合意がされたものと認めるのが相当である。

　　（２）本件仲裁合意の効力の客観的範囲について

　　　ア　被告らは，原告が本件各請求の理由として主張する紛争は，原告とＡとの間の本件ディーラー契約の更新に係る交渉に起因したものであり，本件ディーラー契約自体から生じた紛争といえるから，その全てについて本件仲裁合意が適用される旨主張する。

　　　イ　本件仲裁合意では，仲裁の対象となる紛争について，本件ディーラー契約及び同契約から生じ又は関連する，いかなる紛争，見解の不一致又は請求（同契約の存在，有効性，不履行及び終了，又は同契約の無効から生ずる結果に関する紛争を含む。）旨定められている（前提事実（２）イ）。

　　　　上記（１）のとおり本件仲裁合意の準拠法は英国法であるから，本件仲裁合意の効力の及ぶ範囲についても英国法に従って判断されるべきものであるところ，証拠（乙２）によれば，英国の終審裁判所であった貴族院（当時）の判例では，仲裁合意の解釈は，特定の問題を仲裁人の管轄事項から除外することを目的とする明確な文言が存在しない限り，当該仲裁合意の当事者が，合理的なビジネスマンとして，当該当事者間に生じ又は生じようとしている関係から生じる一切の紛争を同一の裁判所により解決することを意図したとの推定を前提として行うべきである旨の解釈が示されていることが認められる。

　　　ウ　本件各請求のうち，主位的請求に係る主張の要旨は，Ａが原告との本件ディーラー契約を終了させる旨の本件終了通知をした後，Ａと被告らが共同して，原告が事業投資をすればＡとの新たなディーラー契約の締結が確実であるかのような言動をして，原告に事業投資をさせたにもかかわらず，一方的に不当な交渉破棄を行い，新たな契約を締結せずに原告に損害を与えたというものであり，予備的請求に係る主張の要旨は，本件終了通知の後，被告らが共同して，Ａ

が原告との間で新たなディーラー契約を締結する意思を有していないことを知りながら，ＡにＡの意思があるなどと装って，新たな契約が締結されないのであれば支出しない費用を原告に負担させて損害を与えたというものであって，いずれも，その主張する紛争は，本件ディーラー契約の終了に伴い，原告がＡとの新たなディーラー契約を締結することを求めて交渉した過程で生じたとするものである。

　　　　そうすると，かかる原告主張の紛争は，本件ディーラー契約に関連する紛争，あるいは同契約の終了に関する紛争というべきであり，本件仲裁合意が仲裁の対象として定める，本件ディーラー契約から生じ又は関連する，いかなる紛争，見解の不一致又は請求（同契約の存在，有効性，不履行及び終了，又は同契約の無効から生ずる結果に関する紛争を含む。）に含まれることは文言上からも明らかというべきである。

　　　　また上記の英国貴族院の判例が示した解釈に照らしても，本件ディーラー契約の終了に伴う新たな契約の交渉過程で生じる紛争という特定の問題を，仲裁人の管轄事項から除外することを目的とする明確な文言は，本件仲裁合意には存在しないから，本件仲裁合意の当事者である原告とＡは，当該紛争も同一の裁判所（ロンドン国際仲裁裁判所）により解決することを意図していたと推定されるというべきである。

　　エ　したがって，本件各請求に係る紛争は，本件仲裁合意の効力の客観的範囲に含まれるものと認められる。

　（３）本件仲裁合意の効力の主観的範囲について

　　ア　被告らは，本件仲裁合意をした当事者は原告とＡであるが，被告らにも本件仲裁合意が適用される旨主張し，その根拠として，英国法には，仲裁合意の当事者と第三者との間に完全な支配関係が認められる場合において，かかる両者に対する請求について統一的判断が必要な程度に相互に密接な関連性がある場合は，かかる第三者は仲裁合意を主張できる旨の法理がある旨主張する。

　　イ　証拠（乙１９ないし２１）によれば，英国高等法院の判例に，親会社の支配を受けている完全子会社に対する請求が，親会社に対する請求と密接に関連している場合，その完全子会社は，親会社が締結した仲裁合意の準当事者として仲裁合意を主張することができるとしたものがあること，英国控訴院の判例に，親会社に対する請求と争点が重複する完全子会社に対する請求については，完全子会社は親会社が締結した仲裁合意を主張することができるとしたものがあること，上記英国控訴院の判例の事案は，英国で訴えられた親会社と完全子会社が，親会社と相手方の間の仲裁合意に基づき日本で仲裁を申し立てていた事案であったが，同控訴院は，同一の争点に関して同時に進行している訴訟がそれぞれ別の国で追行されている場合に生じる可能性のある，相矛盾する判断等の望ましくない帰結は，訴訟と仲裁との間でも同様に生じるとして，本件の争点は仲裁により解決されるべきであると判断したことが認められる。そして，Ｃ教授は，その意見書（乙１９）において，上記の両判例からは，親会社による完全子会社に対する完全な支配関係が認められる場合において，相手方の親会社に対する請求とその完全子会社に対する請求とがそれぞれ，重複手続，判断相違の可能性の回避による統一的判断が必要なほどに相互に密接に関連するときは，その完全子会社は，相手方の請求について，相手方の親会社に対する請求を対象とする相手方と親会社との仲裁合意を主張することができるという法理を導くことができ，かかる法理は妥当であり，英国裁判所は英国法に基づき，かかる法理に従った判断をする蓋然性が高いとする旨の意見を示しているが，その専門的知見に基づく上記意見に疑問を差し挟むべき事情は見当たらない。

　　ウ　被告Ｙ３は，Ａの完全子会社（合同会社）であり，唯一の社員であるＡが業務執行社員兼代表社員であるから（前提事実（１）エ），Ａは完全に被告

Ｙ３を支配しているといえる。また，被告Ｙ２は，Ａのアジア・パシフィック地域ディレクターとして，同地域においてＡを代表する者であり（同ウ），被告Ｙ１は，被告Ｙ３の業務執行社員兼代表社員であるＡの職務執行者であるから（同オ），いずれも，Ａの完全な支配下にある者ということができる。

　　　そして，上記（２）ウのとおり，原告の主位的請求に係る主張の要旨は，Ａが本件ディーラー契約を終了させる旨の本件終了通知をした後，Ａと被告らが共同して，原告が事業投資をすればＡとの新たなディーラー契約の締結が確実であるかのような言動をして，原告に事業投資をさせたにもかかわらず，一方的に不当な交渉破棄を行い，新たな契約を締結せずに原告に損害を与えたというものであり，予備的請求に係る主張の要旨は，本件終了通知の後，被告らが共同して，Ａが原告との間で新たなディーラー契約を締結する意思を有していないことを知りながら，Ａにその意思があるなどと装って，新たな契約が締結されないのであれば支出しない費用を原告に負担させて損害を与えたというものであるから，原告主張の被告らの責任の有無を判断するには，本件終了通知後にＡがどのような意図の下に原告との間でどのような新たな契約に関する交渉を行ったのか，当該交渉においてＡと被告らとはどのような関係にあり被告らはどのような行為をしたのか，被告らの行為はＡの意図に基づくものであったのかといった争点の判断が必要となると解される。そして，これらの争点は，本件仲裁合意の対象となる原告とＡとの間の本件ディーラー契約の終了に伴う新たな契約の交渉過程で生じた紛争においてＡの責任の有無を判断する場合の争点とほぼ同一であって，被告らの責任の有無の判断とＡの責任の有無の判断は，重複手続，判断相違の可能性の回避による統一的判断が必要なほどに相互に密接に関連するというべきである。

　　　　したがって，上記イの法理に基づき，被告らは，原告に対し，原告とＡとの間の本件仲裁合意の効力が，原告と被告らのとの間の本件各請求に係る紛争に及ぶことを主張することができると解すべきである。

　　　エ　なお，被告らは，英国法上は，エージェンシー法理により，エージェント（代理人又は代表者）にも，本人が拘束される仲裁合意が適用されるとして，被告らに本件仲裁合意が適用される旨主張するが，仲裁合意に関して被告らが主張するエージェンシー法理を明確に示した英国の裁判所の判例の存在は，証拠上これを認めることができない（被告らが指摘する英国高等法院の判例も，上記の法理を適用して事案を解決したものではない）。ただし，Ｄ教授は，その意見書（乙１８）において，被告らがＡ（Ａ）から本件ディーラー契約上の権利義務をＡに代わって遂行する権限を授与された代理人であるとすれば，被告らがＡに認められる範囲内でＡと同様の主張をすることができるのは，イングランドの代理法理の本質からして当然とされる旨の意見を示しているところ，被告らがいずれもＡの完全な支配下にあることに照らすと，上記意見も，英国法の解釈として，原告とＡとの間の本件仲裁合意の効力が被告らに及ぶと解することを相当とするものということができる。

　　　オ　これに対し，原告は，本件訴訟においてＡは被告となっておらず，Ａについての仲裁手続は開始されていないから，本件仲裁合意により解決されるべきＡに対する請求と本件訴訟における被告らに対する請求に関する判断が異なることとなる状況にはなく，統一的判断の必要性に乏しい旨主張する。しかし，現状では原告主張のとおりＡについてロンドン国際仲裁裁判所における仲裁手続が開始していないものの，今後，Ａについて上記仲裁手続が開始される余地は残されている以上，被告らの責任の有無の判断がＡの責任の有無の判断と矛盾する事態が生じ得る可能性を否定することはできず，かかる事態が生ずることは，あらかじめ回避するのが相当である。

　　　また，本件ディーラー契約に関連する紛争，あるいは同契約の終了に

関する紛争というべき原告主張の紛争（上記（２）ウ）を，Ａを被告としないことで，本件仲裁合意の拘束力を回避して，日本の裁判所に持ち込むことが可能であるという解釈をすることは，本件ディーラー契約及び同契約から生じ又は関連する，いかなる紛争，見解の不一致又は請求（同契約の存在，有効性，不履行及び終了，又は同契約の無効から生ずる結果に関する紛争を含む。）は，全て英国法に準拠しこれに従って解釈し，英国ロンドンに所在するロンドン国際仲裁裁判所による仲裁によって解決する旨の本件ディーラー契約や本件仲裁合意の趣旨に明らかに反するというべきであるし，仲裁合意の解釈は，特定の問題を仲裁人の管轄事項から除外することを目的とする明確な文言が存在しない限り，当該仲裁合意の当事者が，合理的なビジネスマンとして，当該当事者間に生じ又は生じようとしている関係から生じる一切の紛争を同一の裁判所により解決することを意図したとの推定を前提として行うべきであるとした上記（２）イの英国貴族院の判例の趣旨にも沿わないといわなければならない。

　　　（４）小括
　　　　　　以上によれば，本件訴えは，本件仲裁合意の対象となる民事上の紛争について提起されたものと認められるから，仲裁法１４条１項に基づき，却下すべきものである。
　　２　結論
　　　　　よって，その余の争点を判断するまでもなく，本件訴えは不適法であるからこれを却下することとして，主文のとおり判決する。
　　　　　　東京地方裁判所民事第１０部
　　　　　　　　　裁判長裁判官　　　徳岡　治
　　　　　　　　　　　裁判官　　　　安陪遵哉
　　　裁判官中西正治は，退官につき，署名押印することができない。
　　　　　　　　　裁判長裁判官　　　徳岡　治

# EXHIBIT 3

**Takeshi Kojima and Takashi Inomata, *Arbitration Act*, page 611, Nihon Hyoronsha, 2014 (English Translation)**

Therefore, the validity of an arbitration agreement shall be determined specifically based on the law governing the arbitration agreement itself, rather than on the validity of the underlying contract.

(イ)　書面によってする通知

書面によってする通知についての規定（12条）は、仲裁地が日本国内にある場合だけでなく、仲裁地が未定である場合にも、適用される[53]。仲裁地が未定である場合にも、当事者の便宜のために、一定の方式にしたがった通知がされたときには、その効力を認め、仲裁手続を開始させることとし、また、円滑な仲裁手続の進行を確保することの必要にかわりはないからである[54]。

問題となるのは、仲裁地が日本国外にあるが、仲裁実施地が日本国内にある場合は、わが国の裁判所に対して、書面によってする通知につき送達することを求める申立て（12条2項）をすることができないか、である。仲裁地が日本国内にある場合には、わが国の裁判所が援助する必要はないとの見解もないではない[55]。しかし、仲裁手続そのものが日本で実施されている以上、裁判所による送達が求められることはありうるところであり、また、実務的にもかなりの要請があろうとの指摘があることも踏まえると[56]、あえて適用を否定しなければならない合理的な理由は見当らないであろう[57]。

(ウ)　裁判所により実施する証拠調べ

裁判所により実施する証拠調べについての規定（35条）は[58]、仲裁地が日本国内にある場合に適用されることから（35条1項）、仲裁地が日本国外にある場合は適用されないが、それでよいか。裁判所により実施する証拠調べの必要は、仲裁地が日本国外にある場合でも変わりがないとも考えられることから、問題となる。

仲裁地が日本国外にある場合でも、たとえば日本に所在する証人につき証人尋問をする必要があるときは、まず仲裁地国の裁判所に証拠調べの援助を求め、仲裁地国の裁判所からわが国の裁判所に対し、民訴条約ないし二国間司法共助取決めにしたがい、国際司法共助のルートにより、証人尋問の共助を嘱託することは可能であろう[59]。これは、結局のところ、法35条により、外国の裁判所

---

[53]　仲裁コンメ11頁・38頁、理論と実務38頁・42頁〔近藤発言〕・92-93頁〔三木発言〕、小島＝高桑・注釈39頁〔酒井一〕。

[54]　仲裁コンメ11頁。

[55]　理論と実務93-94頁〔近藤発言〕。理論と実務94頁〔近藤発言〕は、仲裁地が日本国外にある場合は、法1条との関係でも、かなり疑義があるという。

[56]　理論と実務94頁〔中村発言〕。

[57]　理論と実務93-94頁〔三木発言・中村発言〕参照。また、小島＝高桑・注釈39頁〔酒井一〕参照。

[58]　これについて、第5章〔仲裁手続〕第6節〔審理／裁判所により実施する証拠調べ〕参照。

---

による援助を求めるときと同じルートであることとなり[60]、そうだとすると、必ずしも仲裁地が日本国外にある場合を排除する必要はなかったといえないではない。

裁判所により実施する証拠調べが、実務においてどれだけ利用されているか、どれだけの必要があるか、についての理解にかかわり、この規定（35条）の適用につき法が明確に定めなかったことの評価は分かれよう[61]。裁判所により実施する証拠調べについては、書面によってする通知とは、いささか性格を異にし、権力的な介入の面もあることからすると[62]、必要があるときには、国際司法共助によるという手段を利用することで足りると思われる。

## 2　仲裁合意の準拠法

### (1)　意義

仲裁の基盤は仲裁合意にあることから、国際仲裁における仲裁合意の準拠法は、仲裁の全体を通じて、さまざまな局面で問題となりうる。

たとえば、仲裁に付託された紛争について訴訟が提起され、被告が仲裁合意の存在を主張して妨訴抗弁（14条1項）を提出したところ、原告が仲裁合意の無効ないし取消しを主張した場合、仲裁手続において仲裁廷は仲裁権限を有しない旨の主張がされ（23条）、仲裁合意の解釈ないし有効性が争われた場合、仲裁人の選任（17条）・解任（20条）、証拠調べの実施（35条）など、仲裁手続において裁判所による援助が求められた場合、さらには、仲裁判断について執行決定を求める申立て（46条）または仲裁判断取消しの申立て（44条）がされ、仲裁合意の有効な存在が争われた場合である。こうした場合、有効な仲裁合意の存在についての判断が求められるが、国際仲裁において、いかなる国家法によって有効な仲裁合意の存在を判断すべきであるか。これが、仲裁合意の準拠法の問題である。

---

[59]　理論と実務94頁〔山本発言〕・290頁〔中村発言〕参照。

[60]　小島＝高桑・注釈290-291頁〔小林秀之〕参照。

[61]　理論と実務95頁〔出井発言〕は、実務上は支障はないという。理論と実務95頁〔中村発言〕は、これに同調しつつ、外国仲裁を範囲外にするほどの理由はなかったように思うという。これに対し、理論と実務290-291頁〔近藤発言〕は、民訴条約との関係では相互主義の考え方があるので、そのことから仲裁地が日本国外にある場合に援助しないことになるという。なお、相互主義との関連については、理論と実務290頁〔小島発言〕参照。

[62]　理論と実務94頁〔三木発言〕参照。

### (2) 仲裁合意の準拠法の決定

ア 新法は、旧法と同じく、仲裁合意の準拠法決定について一般規定をおいていない。ただ、仲裁判断の取消事由および承認・執行拒絶事由との関連においてのみ、準拠法の決定にかかわる規定（44条1項2号・45条2項2号）がみられるにすぎない。すなわち、仲裁合意の有効な存在については、まず当事者が合意により指定した法により、この指定がないときは、仲裁地が属する国の法により判断する、というのである。[63]

そこで、妨訴抗弁の成否を判断する関係で準拠法が問題となる場合など、仲裁判断の取消や承認・執行にかかわる場合以外の場合に、どのように準拠法を決定すべきかは、解釈に委ねられることとなる。

なお、わが国の新仲裁法は、仲裁地が日本国内にある場合に適用される（3条1項）から、仲裁合意について定める法13条の規定は、日本国内に仲裁地がある場合は常に適用され、準拠法を定める趣旨であると理解することはできないではない。しかしながら、取消事由や承認・執行拒絶事由との関係において、法44条1項2号・45条2項2号カッコ書が当事者による指定を認めていることにかんがみれば、仲裁地が日本国内にある場合にも、仲裁合意の成立や効力にかかわる問題については、法13条の規定が属地的に適用されるのではないと考えるべきであろう。[64]

イ ところで、国際売買契約などの主たる契約において、その一つの条項として仲裁条項〔仲裁合意〕がおかれる場合が多くみられる。このような場合、仲裁合意〔仲裁合意〕の準拠法は、主たる契約の準拠法にしたがうのか、それとも、主たる契約の準拠法とは別に定めることができるのか、抵触法上、問題となる。

いわゆる仲裁合意の分離独立性（13条6項）が認められていることもあり、抵触法上は、主たる契約と仲裁合意〔仲裁条項〕とは、その性質を異にし、互いに独立した単位法律関係となるというべきであるから、主たる契約とは別に

---

63) 取消事由については、当事者による指定がないときは、日本の法令による（44条1項2号カッコ書）との規定であるが、仲裁判断の取消しは、日本国内に仲裁地がある場合にかぎられるから、ここにいう日本法とは、承認・執行の場合と整合的に理解すれば、仲裁地法たる日本法であることになる。

64) 理論と実務119頁〔三木発言〕は、法13条が明示的に規定する、仲裁可能性（13条1項）、仲裁合意の方式（同条2項から5項）、仲裁合意の独立性（同条6項）以外の問題については、法3条1項の属地的適用の射程外であるという。小島=高桑・注釈58-59頁〔中野俊一郎〕も同旨。

---

仲裁合意〔仲裁条項〕について準拠法を指定することが妨げられるものではない。したがって、仲裁合意の有効性については、主たる契約の有効性とは別に、仲裁合意の準拠法により独自に判断されることになる。[66]

ウ では、仲裁合意の準拠法をどのように決定すべきか。これについては、大きく、【A】当事者自治を認めず、仲裁地法によるとする見解と、【B】当事者自治を認める見解とに分かれる。

まず、【A】説は、仲裁合意で明示の準拠法指定がされるのは稀であることを前提にすると、仲裁合意の準拠法について当事者自治を認めるべき積極的かつ実質的理由は乏しいのではないかと指摘して、客観的連結として、もっとも密接な関連をもつ仲裁地法を準拠法とすべきである、とする。[68] そして、【A】説は、仲裁合意の準拠法について当事者自治を認めるとすれば、外国法を準拠法に指定することで日本法の適用を免れることの不合理を指摘し、また、仲裁合意の内容からして、それはまさしく仲裁地における手続法の問題であることを理由に挙げる。[69] たしかに、仲裁合意において準拠法の指定が明示的にされ

---

65) 高桑・前掲（新たな仲裁法）9-10頁、本間=酒井・国際民事手続240頁〔中野俊一郎〕、小林=村上・国際民訴205頁。もっとも、高橋宏司・判例・判批・リマークス45号124頁は、仲裁合意の分離独立性が特別の意義を有するのは、主たる契約の効力をめぐる紛争における仲裁権限につき仲裁廷自らが判断する文脈においてであるから、限定されるべきであるとし、主たる契約の決定にあたっては、仲裁合意の分離独立性を所与のものとする十分な根拠はなく、主たる契約の準拠法が選択されていればよいが、それが当然に仲裁合意にも及ぶとする。高橋宏司「渉外的な個別労働関係紛争の仲裁適格（仲裁可能性）および仲裁合意の有効性」JCA 59巻12号12頁も同旨。

66) なお、1959年の国際法学会決議において、「仲裁合意および仲裁条項の有効要件は、必ずしも、紛争関係に適用される法と同一の法に服するものではない」ことが確認されている。

67) この問題は、伝統的には、まず仲裁合意の法的性質を決定し、それが実体契約であるか訴訟契約であるかによって、仲裁合意の準拠法は決定されるべきであるとの思考方法がとられていたとされる。小林=村上・国際民訴201頁参照。すなわち、まず、仲裁合意を訴訟契約であると性質決定したうえで、「手続は法廷地法による」との原則にしたがい、仲裁の属地的性格を強調して、国際仲裁合意には法廷地法、すなわち仲裁地法が適用されるべきであるとする見解があり、かつては、有力説であったとされる。道垣内・前掲「国際商事仲裁」95頁参照。なお、大判大7・4・15民録24輯865頁は、仲裁契約〔仲裁合意〕は民事訴訟法上の契約であって、その内容も自由であることを原則とするものでなく、当事者が仲裁手続はイギリス法によるとの合意をしても、それは仲裁手続についての準拠法の合意でなく、実質法的指定であるとした。これに対して、仲裁合意を和解契約類似の実体契約であると性質決定して、当事者自治の原則が適用されるとする見解もあった。川上太郎「国際商事仲裁に関する国際私法理論」神戸法学雑誌1号577頁以下、森脇・研究3頁以下。しかしながら、仲裁合意の法的性質いかんによって、そこから論理必然的に当事者自治を認めるかどうかの結論が導かれるとも考えられず、より実質的な考慮により決せられるとするのが妥当であろう。

68) 高桑・研究102-103頁。

69) 高桑・前掲（新たな仲裁法）10-11頁。

668

東京地判平 17・2・9 判時 1927 号 75 頁
………………………………186, 187
名古屋地判平 17・9・28 判タ 1205 号 273 頁
………………………………………104
東京地判平 17・10・21 判時 1926 号 127 頁
………………………………81, 148
東京地決平 19・8・28 判時 1991 号 89 頁
………………………82, 122, 605, 614
東京地決平 21・3・25 判タ 1309 号 220 頁 …105
東京地決平 21・7・28 判タ 1304 号 292 頁
………………497, 506, 516, 518, 527

東京地判平 22・12・8 判時 2116 号 68 頁 …95
東京地判平 23・2・15 判タ 1350 号 189 頁
………………………………621, 629
東京地判平 23・3・10 判タ 1358 号 236 頁
………………………138, 614, 621
大阪地決平 23・3・25 判時 2122 号 106 頁
………………………………648, 649
東京地判平 23・6・13 判時 2128 号 58 頁
………………487, 497, 521, 527
東京地判平 23・10・28 判時 2157 号 60 頁 …534

**小島武司**（こじま・たけし）
中央大学名誉教授、桐蔭横浜大学学長

　1936 年生まれ。中央大学法学部卒業。1960 年中央大学法学部助手。同助教授・教授。この間、エクス・マルセイユ大学、コロンビア大学ロースクール、フランクフルト大学、オーストラリア国立大学、ミシガン大学ロースクールでも教鞭を執る。2006 年桐蔭横浜大学教授、2008 年から同大学学長。
　日本民事訴訟法学会元理事長、仲裁 ADR 法学会元理事長、司法アクセス学会会長。
　主要著書として、『民事訴訟法 100 講』（学陽書房、1984 年）、『仲裁法』（現代法律学全集、青林書院、2000 年）、『法曹倫理』（有斐閣、2004 年初版／2006 年第 2 版）、『民事訴訟法』（有斐閣、2013 年）。

**猪股孝史**（いのまた・たかし）
中央大学法学部教授

　1959 年生まれ。中央大学法学部卒業、同大学大学院法学研究科博士後期課程満期退学。1990 年放送大学専任講師。同助教授、桐蔭横浜大学法学部助教授・教授、同大学法科大学院教授を経て、2010 年から中央大学法学部教授。
　主要著作として、小島武司＝高桑昭編『注釈と論点　仲裁法』（青林書院、2007 年）〔分担執筆〕、「訴訟と仲裁合意」小島武司先生古稀祝賀『民事司法の法理と政策[下]』（商事法務、2008 年）、「和解的仲裁判断──仲裁判断との同等性と異別性」桐蔭法科大学院紀要 3 号（2009 年）、「執行判決・執行決定と請求異議事由」法学新報 119 巻 9・10 号（2013 年）。

ちゅう さい ほう
**仲裁法**

2014 年 9 月 25 日　第 1 版第 1 刷発行

著　者──小島武司・猪股孝史
発行者──串崎　浩
発行所──株式会社日本評論社
　　　　　〒170-8474　東京都豊島区南大塚 3-12-4
　　　　　電話　03-3987-8621（販売）
　　　　　FAX　03-3987-8590
　　　　　振替　00100-3-16
印　刷──株式会社平文社
製　本──株式会社松岳社

Printed in Japan　©KOJIMA Takeshi, INOMATA Takashi　2014
装幀／レフ・デザイン工房
ISBN 978-4-535-52026-4

JCOPY 〈(社)出版者著作権管理機構 委託出版物〉
本書の無断複写は著作権法上での例外を除き禁じられています。複写される場合は、そのつど事前に、(社)出版者著作権管理機構（電話 03-3513-6969、FAX 03-3513-6979、e-mail: info@jcopy.or.jp）の許諾を得てください。また、本書を代行業者等の第三者に依頼してスキャニング等の行為によりデジタル化することは、個人の家庭内の利用であっても、一切認められておりません。

# EXHIBIT 4

**Tokyo High Court Judgement, Nov. 26, 1979, Tokyo High Court, Judgment Jiho Minji, Vol. 30, No. 11, p. 301.**

As a general rule, the validity of an arbitration agreement must be determined with great care. This is because an arbitration agreement includes the nature of a non-litigation agreement that bars the right to bring a claim in court, and because, with respect to jurisdiction agreements—which are generally regarded as substantially restricting the right to bring an action—it is required that the parties' intent be made clear in writing (see Article 25(2) of the Code of Civil Procedure). Therefore, even though an arbitration agreement may be formed either in writing or orally, and whether expressly or implicitly, it is naturally required that there be a clear and mutual intention between the parties (in the present case, the order issuer and the contractor (or supervising engineer)) to submit the dispute to arbitration. This interpretation applies equally in construction contract cases, and it should not be readily concluded that an arbitration agreement exists merely because an arbitration clause is included in the standard terms and conditions (the Shikai Rengō Terms) attached to the construction contract.

民三〇〇

た利益と評価することができないのみならず、事実上の占有使用における適正賃料額のごとき評価の客観的基準もない。このように見てくると、他人の不動産を物上保証として利用していることは、不当利得の要件としての「他人ノ財産……ニ因リ利益ヲ受ケ」ていることに該当しないものというほかはない。

不当利得のいま一つの要件である「損失」についても、事情は全く同じであり、所有者の不動産が物上保証として他人の債務の担保に供せられているという法的状態それ自体によっては、あたかも不法占拠されている場合における適正賃料相当額と同様の客観的な損失を被っていることにはなり得ない。不当利得における「損失」の要件は、現実に被った損失であることを要しないとして、損失概念を拡大する見解が有力であるが、かかる見解は、当該事実なかりせば財産の増加することが通常なりと認められる場合には、なお損失ありとすべきであるというのであって、いわば、損失を抽象的・客観的にとらえようとするのである。ところが、所有者の財産が物上保証に供せられている場合においては、そのことがなければ自らこれを担保として融資を受け、又は適時に売却して利益を挙げ得たはずであるといってみても、果たしてそのとおりであるか、またその額いかんは、やはり当の所有者の商才・商運という個人的特殊事情に左右されざるを得ない。そうすると、右に掲げた損失概念を拡大する見解に従うとしても、右の場合においては、不当利得の要件たる「損失」としての得べかり利益の喪失を見出すことができない。（岡松・賀集・並木）

一〇七　建設工事請負契約に付されたいわゆる四会連合協定工事請負契約約款に仲裁条項が
あっても右請負契約につき仲裁契約の存在が否定された事例

請負代金請求控訴　（五三㈹第二九一〇号、五四・一一・二六　第一民事部判決）　取消・差戻

原審　東京地裁

控　訴　人〈原告〉　馬淵建設株式会社

被控訴人〈被告〉　中　村　乙　彦

参　照　　民訴法七八六条、建設業法二五条の九

《証拠》によれば、被控訴人を注文者、控訴人を請負者とする本件請負契約について作成された契約書には、昭和五〇年三月に改正された四会連合協定工事請負契約款（以下、現行四会連合約款という。）が添付されていることを認めることができるし、右約款三〇条の規定の内容は、原判決理由の説示と同一であるから、ここにこれを引用する。すなわち、本件請負契約の一部をなす右約款三〇条においては、契約款に定める建設工事紛争審査会の仲裁に付する旨規定されているのみで右の審査会が定められておらず、同約款三一条の規定により当事者の審査会を定める協議も成立していないことは弁論の全趣旨により明らかであるから、建設業法二五条の九第二項二号の規定により仲裁をすべき審査会が契約上定められていないとしても、形式上右約款三〇条の規定を目して空文に等しいものと解することはできないけれども、一般的に仲裁契約の成否に関しては、実質的に訴権の制約と考えられる管轄の合意について、書面によって（民訴法二五条二項）当事者の意思を明確にすることが要求されていることに照らしても、仲裁契約が訴の利益を阻却する不起訴の合意の趣旨を含むものであることからも慎重に決せられるべきであって、仲裁契約が成立するには、書面によるか口頭によると、また、明示であると黙示であるとを問わないにしても、当事者（本件にあっては注文者と請負者（ないし監理技師））間に明確な仲裁付託の意思が存することを要するものと解すべきは当然であり、建設工事請負契約においても、それに付された四会連合約款に仲裁条項が存在するということだけで仲裁契約の成立をただちに肯認することはできないものと解すべきである。しかして、《証拠》によれば、控訴人と被控訴人間の本件請負契約について作成された契約書には、仲裁に付すべき建設工事紛争審査会が記載されておらず、同約款三一条の規定により右の審査会を当事者の協議により定め得ることも保障されな

いこと、控訴人は、四会のうちの社団法人日本建築学会に加入している建設業者であり、従って報酬額が一〇〇万円を超える民間との建設工事請負契約において作成される契約書には、ほとんどの場合、四会連合約款を添付していること、控訴人は、昭和五〇年三月に四会連合約款の仲裁条項が改正されたことを知悉していること、しかしながら、控訴人は、請負契約締結時に注文者から紛争が生じたときは建設工事紛争審査会による解決を望む旨の申出がない限り、契約書に紛争の解決のあっせん又は調停若しくは仲裁に付すべき建設工事紛争審査会を定めることがなく、契約書に右審査会を定めないときは、現行四会連合約款三〇条は死文であると考えていること、控訴人が現行四会連合約款三〇条を活用しない理由は、自らの経験及び建設業界における風評から建設工事紛争審査会の実態が紛争解決機関として十分な能力を有していないと考えているからであること、控訴人は、請負契約書が作成されると、注文者に対し、添付の四会連合約款も含めてこれを読み聞かせ、注文者に疑義のあるときは説明をして、その内容の明確化をはかっており、被控訴人との間の本件請負契約の場合も、控訴人営業副本部長鈴木やすしが契約書の調印の際現行四会連合約款の添付されている契約書を読み上げ、とくに右約款三〇条についてはもし問題があれば裁判所でやりたいと思う旨を話して被控訴人の納得を得ていること、被控訴人は、電機とか建築関係の会社の部長をしていたことがあることを認めることができ、右事実によれば、控訴人と被控訴人に、明確に、本件請負契約について生じた紛争の解決を仲裁に付託する意志があったということはできない。　（岡松・香川・並木）

一〇八　一、冷蔵倉庫業者に寄託中の冷凍食肉の売主が倉庫業者に対し食肉を買主に引渡すことを依頼する旨の荷渡指図書を発行交付しこれに基づき倉庫業者が寄託者台帳上の寄託者名義を買主に変更する取扱いによって食肉の買主への指図による占有

EXHIBIT 5

**Tokyo High Court Judgement, October 9, 1990, Kinyū Shōji Hanrei, No. 863, p. 45 (English Translation)**

Furthermore, the appellant argues that, in this case, the supplemental construction contract exists as a separate agreement and does not contain a clause equivalent to the dispute resolution clause in question, and therefore, that the dispute resolution clause should not apply to the supplemental contract. However, even assuming that the supplemental construction contract does not contain an arbitration agreement like the one in question, the language of the contract indicates that it is not an independent and separate agreement from the base contract, but rather an integrated addition to it. Therefore, absent special circumstances—such as an express agreement to nullify the terms of the base contract—it is appropriate to consider that the provisions of the base contract remain effective, and that the dispute resolution clause in the base contract also naturally applies to the supplemental construction contract. Accordingly, the appellant's argument cannot be accepted.

建築工事請負約款による家屋の改修工事契約につき仲裁契約が成立したとされた事例

（平成2・10・9東京高裁第一〇民事部判決、平成元年㈱第二一九号工事代金請求控訴事件、控訴棄却【確定】）

（原審・東京地裁昭和六三年㈦第一二五九五号）

## 判決要旨

建築工事請負約款により家屋の改修工事につき、最終的には同審査会の仲裁にその解決を委ねる趣旨の下に、同条項を含む右約款を工事請負約款書に添付し、この契約について紛争を生じたときは、建設業法に定める建設工事紛争審査会に対し当事者双方は一方から右約款を工事請負約款書に添付し、この契約について紛争を生じたときは、建設業法に定める建設工事紛争審査会に対し当事者双方は一方から

これを契約内容に含めたときは、当事者間に、契約について紛争解決のあっせん、調停または仲裁を申請するとの条項があり、請負人が注文主との間で契約について紛争が生じた場合である。

建設工事紛争審査会の仲裁に委ねた仲裁契約が成立したものとみるのが相当である。

## 参照条文

民事訴訟法七八六条

民事訴訟法七八六条　一名又ハ数名ノ仲裁人ヲシテ争ノ判断ヲ為サシムル合意ハ当事者力係争物ニ付キ和解ヲ為ス権利アル場合ニ限リ其効力ヲ有ス

## コメント

A会社はYとの間で、家屋の改修工事の請負契約を締結した。右契約は、建築工事請負約款によって締結されたが、同約款には、「この契約

について紛争を生じたときは、建設業法に定める建設工事紛争審査会に対し当事者双方または一方からあっせん、調停または仲裁を申請する。

この場合、紛争解決のために要する

---

ことが相当というべきであり、提供された保証額の不足にかかる瑕疵が軽微といえるかどうか等につき執行官の裁量、判断に委ねて手続を執行させることは、他に入札者がなく客観的にみて手続の公正を害するおそれがないと認められるような特別の場合を除けば、相当とはなし難いといわなければならない。

しかし、本件においては、上記のとおり、相手方の他にも抗告人外一名の入札者があり、これらの者は、開札期日において、相手方の入札が適法な入札から除外されて手続が進められたならば、法一八八条、七一条二号ないし四号等の事由が認められない限り、それぞれ最高価買受申出人と定められ、次順位買受の申出をすることのできた者と窺われるところであるから、相手方が提供した保証の不足額四〇〇円が僅少であって瑕疵が軽微といえるかどうかについて検討するまでもなく、執行官の裁量、判断において、相手方に加え、手続を進めることが許されると解すべき余地はないというほかはない。

三、よって、本件抗告は理由があり、相手方に対する原決定別紙物件目録記載の不動産の売却を許可した原決定は不当であるから、これを取り消し、同売却を許可しないこととして、主文のとおり決定する。

---

ことが相当というべきであり、提供された保証額の不足にかかる瑕疵が軽微といえるかどうか等につき執行官の裁量、判断に委ねて手続を執行させることは、他に入札者がなく客観的にみて手続の公正を害するおそれがないと認められるような特別の場合を除けば、相当とはなし難い。

## 抗告の趣旨

原決定を取り消し、有限会社ダイセンに対する売却を不許可とする裁判を求める。

## 抗告の理由

執行裁判所が本件土地建物について定めた買受申出保証金額は、一三八万四〇〇〇円であるところ最高価買受申出人の提供した上記保証金は一三八万円であったのに同裁判所は売却許可決定をした。

よって、原決定は違法がある。

裁判長裁判官　後藤文彦
裁判官　古川正孝　川勝隆之

費用は、「当事者平等に負担する」等と規定されていた。A会社を合併したX会社は、Yに対し、右工事代金の支払を求める訴訟を提起したところ、Yは本案前の抗弁として、本件請負契約約款により本件請負契約に関する紛争は建設工事紛争審査会の仲裁によって解決されるべきであるとの仲裁契約が成立したと主張した。原審はXの訴えを不適法として却下した。その控訴審における本判決も、右約款の条項は請負契約について生じた紛争の解決を最終的に建設業法による建設工事紛争審査会の仲裁に委ねた仲裁契約であるとして、控訴を棄却した。

仲裁契約が有効に成立するためには、当事者が処分できる一定の権利関係について第三者に判断を委ね、その判断に服することが必要である。そして、当該契約の成立が争いとなった場合、当該契約が右の仲裁契約に該当するか否かの点と、当事者間で意思の合致があったかどうかの点を検討すべきものとされている。（小島・仲裁法〔新版〕二六頁、小島＝豊田・注解仲裁法三二頁、仲裁契約該当性の基準としては、第三者の判断により紛争を解決すること、当事者がこれを最終のものとして服すること、以上の趣旨が明確であること、

とがあげられる（小島・判タ六七七号二二七頁）。

建設工事請負契約が契約書による場合、実務上、四会連合協定の工事請負契約約款、民間建設工事標準請負契約約款（甲）、（乙）あるいは建設省の定めた工事請負契約約款が契約書に添付され又はこれらに依拠して締結されることが多い。右の各モデルには、契約について生じた紛争審査会の仲裁に付する旨建設工事紛争審査会の仲裁に付する旨本件と同様の文言が記載されている旨本件と同様の文言が記載されている（滝井・逐条解説「工事請負契約約款」二六五頁。なお、建設工事請負契約約款については、青山「裁判外紛争処理機関の現状と展望(1)」自由と正義三二巻九号三九頁、中村「中央建設工事紛争審査会」判タ七二八号一〇七頁など参照）。そして、この約款によって建設工事請負契約が締結された場合、仲裁契約の成否がしばしば争いとなる。

右約款に関する裁判例を見ると、約款に「仲裁契約の現状と展望(1)」自由と正義三二巻九号三九頁、中村「中央建設工事紛争審査会」判タ七二八号一〇七号とするもの（東京地判昭和五〇・五・一五判時七九九号六二頁）、契約書に審査会を特定しておらず、問題があれば裁判所でやりたいと話していた場合、仲裁契約の成立を否定したもの（東京簡判昭和五四・二・二六本誌五八八号二三頁がある。もっとも、裁判例では、約款における紛争解決条項が仲裁契約に該当することについては、余り問題とされず、むしろ仲裁に付託するについて意思の合致があったかどうかが争いとなる場合が多いとの指摘もある（小島＝

五・七・一五判時六一四号七三頁、東京地判昭和四八・一〇・二九判時七三六号六五頁、大阪高判昭和四九・二・二〇判時七四六号四二頁、東京地判昭和五三・六・三〇判タ三七五号一〇二頁、仙台高判昭和五三・八・二八判タ三八〇号一〇七頁、最一判昭和五五・六・二六本誌六〇四号四八頁、東京地判昭和五七・一・一九判時一一二〇号一一六頁、名古屋地判昭和五七・一一・一一判時一〇七三号一二七頁、大阪高判昭和六二・六・二六本誌七九五号二四頁など。これに対し、「建設工事紛争審査会の仲裁に付することができる」との文言の約款は、訴訟手続とは別個に独自の解決方法を合意したに過ぎず、仲裁契約に当たらないとするもの（東京地判昭和五〇・五・一五判時七九九号六二頁）、契約書に審査会を特定しておらず、問題があれば裁判所でやりたいと話していた場合、仲裁契約の成立を否定したもの（東京簡判昭和五四・二・二六

猪股「仲裁契約の成否(3)」判タ六八九号三三頁）。

本件では、約款の紛争解決条項が最終的に建設工事紛争審査会の仲裁に委ねたものかどうかが争いになった事例であるが、本判決は仲裁契約該当性と仲裁付託の意思を肯定して仲裁契約の成立を認めたものである。

なお、本件では、主体工事に関する仲裁契約と追加工事との関係についても問題となっている。仲裁契約の効力は主体工事に及ばないとした裁判例（東京地判昭和五七・一〇・二〇判タ四八九号八四頁）があるが、本判決は基本契約における仲裁契約条項は追加工事にも適用されるとしている。

判決

【主文】

〈当事者〉

控訴人　住友不動産システムコンストラクション株式会社
右代表者代表取締役　永野　晶男
右訴訟代理人弁護士　山分　榮壹
被控訴人
右訴訟代理人弁護士　加藤　義泰
　中村　源造
右訴訟代理人弁護士　桧山　玲子

金融・商事判例　　　　　　　　　　　　　　　　　　　　　　（863号）44

本件控訴を棄却する。

控訴費用は控訴人の負担とする。

【事実】

第一　当事者の求めた裁判

一　控訴の趣旨

1. 原判決を取り消す。

2. 本件を東京地方裁判所に差し戻す。

3. 控訴人は、被控訴人に対し、本件請負工事残代金合計七七八万円及びこれに対する弁済期の翌日である昭和六二年一〇月一日から完済に至るまで約定の日歩八銭の割合による遅延損害金の支払を求める。

二　控訴の趣旨に対する答弁

本件控訴を棄却する。

控訴費用は控訴人の負担とする。

第二　当事者双方の主張

一　当事者双方の請求原因

1. 住友不動産リフォーム株式会社（以下「住友不動産リフォーム」という。）は、昭和六二年六月三〇日、被控訴人（原審相被告）との間で、住友不動産リフォームを注文者、被控訴人を請負人、被控訴人所有の東京都北区上十条四丁目一八番九号所在の木造家屋の改修工事一式を、代金一三三〇万円、内金六〇〇万円は契約時、残金七三〇万円はそれぞれ支払う、工事完成引渡時は昭和六二年九月一日とし、代金支払を期日に怠つた場合の遅延損害金は日歩八銭とするとの約定で請け負う旨の契約（以下「本件契約」という。）を締結し、次いで、昭和六二年八月一日、両当事者間で、右改修工事中、台所キッチンをナショナル製品に変更すること、外溝工事をすることと、これらの変更に伴い請負工事代金を四八万円増額し、右増額部分は残代金支払時に支払う旨を約した。

2. 住友不動産リフォームは、昭和六二年九月一日約定通りの工事を完了し、請負代金合計一三七八万円のうち六〇〇万円は、契約時にその支払を受けた。

3. 控訴人は、昭和六三年一月一九日、住友不動産リフォームを合併し、同社の債権債務を承継した。

よって、控訴人は、被控訴人に対し、本件請負工事残代金合計七七八万円及びこれに対する弁済期の翌日である昭和六二年一〇月一日から完済に至るまで約定の日歩八銭の割合による遅延損害金の支払を求める。

二　被控訴人の本案前の主張

本件契約第二〇条には、「この契約について紛争を生じたときは、建設業法に定める建設工事紛争審査会に対し当事者双方または一方からあつせん、調停または仲裁を申請する。この場合、当事者双方のために要する費用は、当事者平等に負担する。ただし、当事者間の合意によらないで、その一方からあつせんまたは調停を申請した場合は、申請をした者がこれを負担する。」（以下の条項を「本件紛争解決条項」という。）と規定しており、本件契約について紛争を生じたときは当事者の一方からあつせん、これを申請しなければならないとは定めていないから、裁判所の判断を排除するものではないとはいえ、仲裁契約とはいえない。

三　被控訴人の本案前の主張に対する控訴人の答弁

1. 本件契約が建築工事請負契約款によるものであり、本件紛争解決条項が右約款第二〇条に設けられていることは認める。

2. 本件紛争解決条項は、本件契約について、裁判所へは仲裁を最終的な紛争解決の手段としては考えていないものというべきであり、裁判所への提訴をも排斥する厳密な意味での仲裁契約ということはできない。また、本件においては、追加請負契約が別個に存在し、これには本件紛争解決条項のごとき条項は存在しない。したがつて、この追加請負契約にまで本件紛争解決条項が適用されるものではない。

第三　証拠関係〈略〉

【理由】

第一　本案前の抗弁についての判断

1. 本件契約に際し建築工事請負契約書に建築工事請負契約款（以下「本件約款」という。）が添付されていること（以下「本件約款」という。）が添付されていること並びにこれに本件約款第二〇条に被控訴人主張のごとき紛争解決条項が設けられていることは友不動産リフォームを合併し、同社の債権債務を

最終的に決せられるべきである。したがつて、本件控訴は訴訟要件を欠かないから、裁判所の判断を排除するものとはいえず、裁判所の判断は免れない。

（三）また、本件紛争解決条項は、単に、あつせん、調停または仲裁を申請することができるとされているのみで、不調になつたときにどうするかについては定めていない。したがつて、調停または仲裁を最終的な紛争解決の手段としては考えていないものというべきであつて、裁判所への提訴をも排斥する厳密な意味での仲裁契約ということはできない。また、本件においては、追加請負契約が別個に存在し、これには本件紛争解決条項のごとき条項は存在しない。したがつて、この追加請負契約にまで本件紛争解決条項が適用されるものではない。

承継したことは成立に争いのない甲第四号証及び弁論の全趣旨から明らかである。

2　そこで、本件紛争解決条項の内容を検討するに、前掲甲第一号証及び弁論の全趣旨によれば、本件紛争を生じたときは、契約当事者双方またはその一方から、建設業法に定める建設工事紛争審査会に定める旨、あっせん、調停または仲裁の申立及びその場合の手続費用は原則として当事者の平等負担とする旨定めているところ、住友不動産リフォームは上記の工事請負契約の締結に当たり、契約に本件約款を何ら手を加えることなしに添付し、その内容を契約内容に含めているが、本件約款の第二〇条に「紛争の解決」なる標題の下に規定されているが、本件約款には、他に紛争解決規定が置かれておらず、裁判管轄に関する規定も置かれていないこと、住友不動産リフォームは増改築工事の請負等を業とする会社であり、かねてより本件約款を使用して請負契約を締結していたことがそれぞれ認められる。これらの事実に照らせば、住友不動産リフォームは、その業種及び専門の知識経験から、建設業法による建設工事紛争審査会の機能、役割を十分に認識したうえで、これを活用し、注文主との間で契約について紛争が生じた場合には、最終的

討するに、前掲甲第一号証及び弁論の全趣旨によれば、本件紛争解決条項は、契約について生じた紛争の解決を、最終的に建設業法による建設工事紛争審査会の仲裁に委ねた仲裁契約であるとみるのが相当である。

3　　控訴人は、本件紛争解決条項があって『仲裁を申請する』とあって『仲裁を申請しなければならない』とは定めていないから、裁判所への提訴を禁じたものとはいえず、仲裁契約を定めたものとはいえない旨主張する。しかし、約款全体の趣旨等に照らして、前示のとおり、約款の趣旨を「仲裁を申請しなければならない」と判断されるのであるから、「仲裁を申請していないとの一事をもって、これが仲裁契約にあたらないとする主張は当を得ない。

により解決を図るという趣旨がその中に含まれているものといわなければならない。したがって、控訴人のこの点に関する主張も理由がない。

さらに、控訴人は、本件において追加請負契約が別個に存在し、これには本件紛争解決条項のごとき条項は存在しないから、追加請負契約に本件紛争解決条項が適用されるものではなく、この追加請負契約は基本契約たる本件約款とは別個独立の契約ではなく、これに追加して一体となるものであるから、基本契約たる本件約款を解消する趣旨でない以上、本件約款の定めが存在しないとき仲裁契約の効力に変更はなく、追加請負契約にも、その文言からしても、追加請負契約が基本契約たる本件約款を解消する等特段の事情が存在しない以上、本件紛争解決条項も当然に追加請負契約に適用されるものと考えるのが相当である。したがって、控訴人の右主張は採用できない。

また、控訴人は、本件紛争解決条項は、あっせん、調停を申請し、不調に終った場合にのみについては定めていないから、仲裁契約を定めたものとはいえない旨主張する。しかし、前示のとおり、本件紛争解決条項は、建設工事紛争審査会という専門的行政機関に紛争の解決を委ねることにその主張を用いて、不調になった場合は、当然に仲裁を申請し、不調になった場合には、当然に仲裁を

4　そうすると、被控訴人の本案前の抗弁は理由があり、控訴人の本件訴えは不適法として却下を免れない二、よって、これと同旨に出た原判決は相当であって、本件控訴は理由がないからこれを棄却することとし、控訴費用の負担につき民訴法九五条、八九条を適用して、主文のとおり判決する。

裁判長裁判官　千種秀夫
裁判官　伊藤瑩子
裁判官　近藤壽邦

● 銀行取引法に関する本格的体系書の決定版!!

新版 **銀行取引法** 四全訂版

田　中　誠　二著（一橋大学名誉教授・法学博士）A5判　580頁　定価4200円（税込）

━━━━ 経済法令研究会 ━━━━

# EXHIBIT 6

**Wataru Nishiyama *et al.*, "Issues Surrounding Lawsuits for Damages Arising from Unjust Dismissal of Directors," Hanrei Times No. 1496, p. 7 (English Translation)**

In cases where there are "justifiable grounds" for dismissal under Article 339.2 of the Companies Act, the provision should be interpreted by taking into account the balance between (i) the shareholder's freedom to dismiss directors and (ii) the protection of the director's expectation interest in continued service and compensation. It is therefore considered that justifiable grounds exist "where there are objective and reasonable circumstances under which it cannot be helped but to determine that the individual cannot be entrusted with the execution of duties as a director of the company" or "where it is objectively difficult to expect the individual to continue performing their duties as a director or officer of the company".

Generally, such grounds include:
(i) unlawful acts or violations of laws and regulations,
(ii) mental or physical incapacity,
(iii) significant unsuitability for duties (such as lack of managerial capability).

There is little dispute that such circumstances fall within the scope of justifiable grounds. On the other hand, there is debate as to whether (iv) failure in business judgment constitutes justifiable grounds.

(v) Loss of trust based on subjective views, such as dissatisfaction of major shareholders or doubts regarding suitability, is generally not regarded as falling under justifiable grounds.

**Wataru Nishiyama *et al.*, "Issues Surrounding Lawsuits for Damages Arising from Unjust Dismissal of Directors," Hanrei Times No. 1496, p. 9 (English Translation)**

Regardless of whether Article 339.2 of the Companies Act should be interpreted as mandatory law, it is natural that the contents and extent of the economic benefits associated with a director's term of office and resignation will vary depending on the agreement between the parties and the factual circumstances preceding the dismissal. Accordingly, the appropriateness of considering the director appointment agreement when determining whether justifiable grounds exist may be viewed as part of the broader issue of whether such contractual terms can supplement or modify the statutory framework regarding the status of directors under the Companies Act.

The view that such agreements may be taken into account when determining the existence of justifiable grounds or assessing damages under Article 339.2 is a reasonable one, as it aligns with the underlying purpose of the provision—namely, to strike a balance between the shareholders' freedom to dismiss directors and the protection of directors' legitimate expectations concerning their term.

**Wataru Nishiyama *et al.*, "Issues Surrounding Lawsuits for Damages Arising from Unjust Dismissal of Directors," Hanrei Times No. 1496, p. 14 (English Translation)**

According to the interpretation discussed in item 3 above—under which the content of the agreement between the parties (such as provisions in the director appointment agreement) is considered as one factor in determining damages under Article 339.2 of the Companies Act—there may be room to consider, for example, that if the parties have specifically agreed on how to handle matters at the time of dismissal (particularly with regard to monetary compensation), such matters should be resolved based on that agreement, without applying Article 339.2.

**Wataru Nishiyama *et al.*, "Issues Surrounding Lawsuits for Damages Arising from Unjust Dismissal of Directors," Hanrei Times No. 1496, p. 12 (English Translation)**

As noted above in section 1, there is no objection to treating unpaid remuneration for the remainder of the term as "damages" under Article 339.2 of the Companies Act. This is because, where the amount of remuneration has been specifically determined by a resolution of the shareholders' meeting—as noted above, including cases where the total amount of directors' remuneration is fixed by a shareholder resolution and subsequently allocated among directors by the directors (or the board of directors)—the likelihood that a dismissed director would be entitled to receive remuneration for the remainder of their term is considered high.

By contrast, bonuses for the remainder of the term—where both the decision to grant them and the amount are determined by a shareholders' resolution based on annual performance—are not considered to carry a high degree of certainty with respect to receiving a fixed amount. As such, unpaid bonuses are generally not treated as damages under Article 339.2 of the Companies Act. However, if there is a shareholders' resolution clearly stipulating that a fixed bonus is to be paid annually, such bonuses may be argued to fall within the scope of damages under Article 339.2.

新・類型別会社訴訟1

# 取締役の不当解任を理由とする損害賠償請求の訴えをめぐる諸問題

**西山　　渉** 東京地方裁判所民事第8部判事

**足立 拓人** 東京地方裁判所民事第8部判事

**本村 理絵** 最高裁事務総局行政局付[1]

[目次]
第1　法的性格
第2　正当な理由（1）
第3　正当な理由（2）
第4　正当な理由（3）
第5　損害（1）
第6　損害（2）
第7　代表取締役の解職と会社法339条2項の類推適用
第8　特例有限会社における任期の定めがない取締役の解任
第9　取締役の任期短縮の定款変更と会社法339条2項の類推適用

## 第1　法的性格

> 会社法339条2項の損害賠償責任の法的性格

（回答）

1　会社法339条は、①役員及び会計監査人（以下「役員等」という。）は、いつでも、株主総会の決議によって解任することができる（1項）とした上で、②前項の規定により解任された者は、その解任について正当な理由がある場合を除き、株式会社に対し、解任によって生じた損害の賠償を請求することができる（2項）と規定している。

会社と役員等の関係については、委任に関する規定に従うとされ（会社法330条）、委任は各当事者がいつでもその解除をすることができる旨の民法651条1項が適用されることを踏まえると、会社法339条1項は、会社が株主総会の決議によって役員等を解任するために正当な理由等は不要であること、すなわち、株主総会が役員等を自由に解任することができる趣旨を定めたものと解されている[2]。

2　会社法339条2項の損害賠償責任の法的性格については、学説上争いがあるが、株主総会による解任の自由の保障と役員等の任期に対する期待の保護との調和を図る趣旨で定められた法定責任と解する立場が通説[3]・裁判例[4]である。この立場によれば、会社の故意・過失は、会社法339条2項の損害賠償責任の成立要件とはされていな

---

1）前東京地方裁判所民事第8部判事補

2）酒巻俊雄ほか編『逐条解説会社法(4)機関(1)』（以下「逐条解説(4)」という。）（中央経済社，2008）326頁〔奥島孝康〕，岩原紳作編『会社法コンメンタール(7)機関(1)』（以下「会社法コンメ(7)」という。）（商事法務，2013）518頁〔加藤貴仁〕，奥島孝康ほか編『新基本法コンメンタール会社法(2)』（以下「新基本法コンメ(2)」という。）（日本評論社，2016）109頁〔潘阿憲〕，江頭憲治郎＝中村直人編『論点体系会社法(3)株式会社(3)〔第2版〕』（以下「論点体系(3)」という。）（第一法規，2021）45頁〔德本穰〕，江頭憲治郎『株式会社法〔第8版〕』（以下「江頭8版」という。）（有斐閣，2021）412頁参照。

3）逐条解説(4)328頁〔奥島孝康〕，会社法コンメ(7)528頁以下〔加藤貴仁〕，新基本法コンメ(2)114頁〔潘阿憲〕，論点体系(3)48頁以下〔德本穰〕，江頭8版412頁，東京地方裁判所商事研究会編『類型別会社訴訟Ⅰ〔第3版〕』（以下「類型別Ⅰ」という。）（判例タイムズ社，2011）21頁以下等参照。

い[5]。

## 第2　正当な理由（1）

会社法339条2項の「解任について正当な理由がある場合」は，どのような場合に該当するか。

〔回答〕

1　会社法339条2項の「解任について正当な理由がある場合」は，株主総会による解任の自由の保障と役員等の任期に対する期待の保護との調和を図るという同項の趣旨を踏まえて解釈すべきものとされ，「会社において取締役として職務の執行を委ねることができないと判断することもやむを得ない，客観的，合理的な事情が存在する場合」，「株式会社が役員等に対し取締役としての責務の遂行を期待することが客観的に難しい状況がある場合」等をいうものとされている[6]。

一般に，①法令・定款違反行為[7]，②心身の故障[8]，③職務への著しい不適任（経営能力の著しい欠如）[9]は，これに該当する事情であることにほぼ争いがなく，④経営上の判断の失敗は，これに該当する事情であるか否かに争いがあり，⑤大株主の好みや，より適任な者がいるというような単なる主観的な信頼関係の喪失[10]は，これに該当しない事情と整理されている[11]。

経営上の判断の失敗については，①これをもって正当理由該当性を肯定すると，報酬請求権の喪失というリスクによって取締役の経営判断を不当に制約することになるとして，正当理由該当性を否定する見解が多いとされる[12]が，②取締役が経営判断に失敗して会社に損害をもたらした場合に経営判断原則の適用により会社に対する損害賠償責任が否定されることが多く，株主から解任というサンクションを奪うのは正当ではないとして，正当理由該当性を肯定する見解[13]も有力であるとされる。

2　会社法339条2項にいう「解任について正当な理由がある場合」は，規範的な要件であると解

---

4）　大阪高判昭和56年1月30日判タ444号140頁（原審神戸地判昭和54年7月27日判時1013号125頁），東京地判昭和63年2月26日判時1291号140頁，広島地判平成6年11月29日判タ884号230頁等参照。

5）　少数説としては，①会社法339条2項の損害賠償責任は，解任について不法行為の成立が認められる場合に限られるとする説（不法行為責任説。大森忠夫ほか編『注釈会社法(4)株式会社の機関』〔有斐閣，1968〕304頁〔浜田一男〕），②同項の損害賠償責任は，任期中はみだりに解任しないという不解任特約に違反したことを理由とする債務不履行責任と解する説（債務不履行責任説。上柳克郎ほか編『新版注釈会社法(6)株式会社の機関(2)』〔有斐閣，1987〕70頁〔今井潔〕等）がある。

6）　東京地判平成8年8月1日商事1435号37頁，東京地判平成28年7月27日判例秘書，東京地判令和2年2月4日判例秘書，東京地判令和2年3月2日判例秘書。類型別Ⅰ24頁等参照。

7）　取締役の法令・定款違反行為を理由に正当理由該当性を肯定した事例として，前掲東京地判平成8年8月1日，東京地判平成26年12月18日判時2253号64頁等参照。

8）　心身の故障を理由に正当理由該当性を肯定した事例として，最一小判昭和57年1月21日集民135号77頁，判タ467号92頁等。

9）　職務への著しい不適任（経営能力の著しい欠如）を理由に正当理由該当性を肯定した事例として，東京高判昭和58年4月28日判時1081号130頁，秋田地判平成21年9月8日金判1356号59頁，横浜地判平成24年7月20日判時2165号141頁，東京地判平成30年3月29日判タ1475号214頁等参照。

10）　類型別Ⅰ26頁及びその引用文献のほか，会社法コンメ(7)537頁以下〔加藤貴仁〕を参照。
　主観的な信頼関係の喪失を理由とする正当理由該当性を否定した裁判例として，前掲大阪高判昭和56年1月30日（原審前掲神戸地判昭和54年7月27日），東京地判昭和57年12月23日金判683号43頁，名古屋地判昭和63年9月30日判時1297号136頁等参照。
　なお，主観的な信頼関係の喪失だけでなく，解任された取締役の行為の悪質性等も考慮して正当理由該当性を肯定した事例として，大阪地判平成10年1月28日労判732号27頁，東京地判平成18年8月30日労判925号80頁がある（会社法コンメ(7)537頁〔加藤貴仁〕も参照）。

11）　類型別Ⅰ25頁のほか，逐条解説(4)326頁以下〔奥島孝康〕，会社法コンメ(7)535頁以下〔加藤貴仁〕，新基本法コンメ(2)115頁〔潘阿憲〕，論点体系(3)49頁以下〔德本穰〕，田中亘『会社法〔第3版〕』（東京大学出版会，2021）222頁等参照。

12）　この点につき，新基本法コンメ(2)115頁〔潘阿憲〕及びその引用文献を参照。そのほか，逐条解説(4)327頁〔奥島孝康〕，会社法コンメ(7)538頁以下〔加藤貴仁〕，論点体系(3)50頁以下〔德本穰〕等参照。

13）　前掲広島地判平成6年11月29日は，会社法339条2項にいう「正当な理由」には，経営判断の誤りによって会社に損害を与えた場合も含まれるとし，このような事情も考慮して，正当理由該当性を肯定した。

され，その成立を根拠づける具体的事実（評価根拠事実）及びその成立を妨げる具体的事実（評価障害事実）が主張立証の対象となる。

この「解任について正当な理由がある場合」の成立を根拠づける具体的事実（評価根拠事実）については，解任時点で客観的に存在していれば足り，株主が認識していることまでは要しないとの見解があり[14]，この見解と同旨の判示をした裁判例として，前掲東京地判平成30年3月29日がある。

## 第3　正当な理由（2）

> 次のような取締役任用契約における合意内容は，会社法339条2項の「正当な理由」の該当性に影響を及ぼすか。
>
> （1）会社が，高い経営能力を期待し，高額の取締役報酬の支払を予定している取締役候補者との間でした，6か月の試用期間中であれば会社及び取締役のいずれからも取締役任用契約を解約することができる旨の合意（試用期間中の取締役任用契約の解約を理由として解任されたものとする。）
>
> （2）会社が，高い経営能力を期待し，高額の取締役報酬の支払を予定している取締役候補者との間でした，売上・利益等の目標数値が具体的に設定され，その不達成が取締役の解任事由になる旨の合意（当該目標数値の大幅な不達成を理由として解任されたものとする。）
>
> （3）譲渡制限会社の発行済株式の全部を保有する夫（代表取締役）が，その妻を取締役に就任させるに当たり，当該妻との間でした，同社の業務に関与しなくてよいが，夫妻の生活費に充てる目的で取締役報酬を支払う旨の合意（夫妻の離婚を契機として，「妻が会社の業務に係る職務執行の要請を受けたのにこれを拒否したこと」を理由として解任されたものとする。）

〔回答〕

## 1　問題の所在と検討の観点

現在の会社法は，多様な機関設計を許容しており，会社実務では，企業のグローバル化に伴い，ヘッドハンティング等による役員等の地位の流動性が高まる一方，公開会社でない株式会社では，頻繁に株主の信任を問う必要がないことを踏まえて取締役の任期が10年間に伸長されるなどしており，取締役の役割は多様化している。

そのため，裁判実務においては，正当理由該当性が争われる事案につき，①法令・定款違反行為，②心身の故障，③職務への著しい不適任（経営能力の著しい欠如），④経営上の判断の失敗といった類型に必ずしも該当しない事案も見られ，その中には，取締役任用時における当事者間の合意内容（取締役任用契約の定め）等が問題とされるものがある。

公刊された裁判例では，例えば，前掲横浜地判平成24年7月20日は，設立時にプロボウラーを取締役に選任してボウリング事業を委ねた会社が，同取締役が同事業で売上を上げられず，事業を展開する能力がないとして，同事業から撤退するとの経営判断をした事案[15]で，同取締役の解任に正当理由があると認めており，「経営能力の欠如」とともに，それによる「選任目的の不達成」という観点も踏まえて正当理由を判断したものとも解される。また，名古屋地判令和元年10月31日金判1558号36頁は，農業協同組合の役員を慣例より早期に退任することになったため，生活保障のための方策として同組合の子会社の取締役に就任したとの経緯に照らし，当該取締役が生活保障として十分な金銭を得たことなどに鑑み，正当理由を肯定しており[16]，同事案については，「選任目的の達成」が正当理由を構成するとの指摘がされている[17]。ここでの「選任目的」は，取締役任用時に当事者間で明示的に合意され，あるいは，黙示的に前提とされるものであるところ，このような「選任目的の達成又は不達成」は，従来あまり論じられていないが，正当理由の一つの類型とな

---

14）会社法コンメ（7）529頁〔加藤貴仁〕及びその引用文献，論点体系(3)50頁以下〔德本穰〕参照。

15）なお，同事案では，取締役の任期が定款により10年に伸長されていた。

16）なお，同事案は，取締役在任中に任期を10年から1年に変更する旨の定款変更がされたことにより任期が終了することとなった取締役について，会社法339条2項の類推適用の余地があるとしつつ，同取締役が再任されなかったことについて「正当な理由」があると判断したものである。

17）中村信男「任期を短縮する定款変更による取締役の退任に対する会社法339条2項の類推適用」金判1615号(2021)18頁参照。

り得る可能性がある[18]。

会社法339条2項を強行法規と解すべきか否か[19]にかかわらず，取締役任用時の合意内容や前提とされた事実関係によって，当該取締役の任期やこれに伴う経済的利益に対する期待の内容・程度が異なってくることはあり得ることから，正当理由該当性は，取締役の地位に関する会社法の規律を契約等によって補完又は修正できる範囲に関する問題の一類型といえる。上記合意内容等を会社法339条2項における正当理由該当性の判断や損害の認定において考慮するとの立場は，株主総会による解任の自由の保障と役員等の任期に対する期待の保護との調和を図るとの同項の趣旨を踏まえれば，合理的であると考えられる[20]。このような観点から各小問を検討する。

## 2　小問(1)について

小問(1)の合意は，会社は株主総会の決議によりいつでも取締役を解任できること（会社法339条1項）及び取締役もいつでも自己の意思で辞任できること（民法651条1項）を踏まえ，試用期間に限定した解約権をあえて定めていることからすると，単に一般的な解約権を確認したものでは

なく，試用期間中における自由解約権を当事者双方に留保したものであり，同解約権の行使について理由の有無や内容のいかんを問題にしないとする趣旨[21]を含むものと解することが考えられる[22]。

このように解する場合において，正当理由該当性の判断に当たり，取締役任用契約の内容等を考慮することができるとの立場に立てば，小問(1)の合意に基づいて取締役任用契約が解約されたことをもって，正当理由該当性を根拠づける事実として考慮することになろう。

これに対し，取締役任用契約において小問(1)の合意のように試用期間中はいずれの当事者からもその解約が可能である旨を合意したとしても，当該合意は会社法339条1項及び民法651条1項と同じ趣旨のことを確認したにすぎないと解する余地もあり，このように解する場合には，当該合意は，正当理由該当性の判断に特段の影響を与えないものと考えられる[23]。

## 3　小問(2)について

取締役の解任において目標数値の不達成が問題とされる場合，その結果を取締役の「経営能力の

---

18）弥永真生「正当な理由のない解任と損害賠償」ジュリ1497号(2016) 112頁は，M＆A実現のために選任された取締役がその目的を果たせない又は果たそうとしないことが解任の正当理由に当たり得るとする。

19）会社法339条1項については，例えば，会社と役員との間の不解任特約によっても株主総会決議による解任を制限することはできないと解するのが通説とされており（会社法コンメ(7)527頁〔加藤貴仁〕），強行法規性を認める立場が強い。一方，同条2項の強行法規性についてはあまり議論がされていないが，東京地判平成29年1月26日金判1514号43頁は，同条項による損害についての判断部分で，取締役任用契約において会社の無条件の解除権や解除された場合の処理が具体的に規定されたとしても，そのことをもって取締役の任期に対する期待が生じないと解することはできないと判示し，損害賠償を認めているところ，これについて，弥永真生「委任契約に退職一時金規定がある場合の会社法339条2項の適用」ジュリ1514号(2018) 3頁は，かかる解釈は会社法339条2項に実質的に同条2項の強行法規の性質を認めるものになると指摘する（原弘明「取締役解任の正当な理由と損害賠償請求権の範囲」金判1560号〔2019〕6頁は，同判決は会社法339条2項の強行法規性を認定したものと即断すべきではないとする。）。

20）加藤貴仁「取締役任用契約による利益調整の意義と限界──会社法339条2項に関する最近の下級審裁判例を題材として」曹時72巻5号(2020) 20頁以下は，あらかじめ会社が取締役を解任する際の取扱いに関する定めを設けておくことは会社の権限や取締役の権利を直接的に制限するものではないとし，会社法339条2項の適用に際して取締役任用契約の内容を考慮すべきとの考え方が理論的に成り立ち得ることを前提に，取締役任用契約の内容を正当理由の解釈に際し考慮することは同条項の制度趣旨に合致していると評価すべきと指摘するが，取締役任用契約の内容を会社法339条2項の解釈に際しどの程度考慮すべきについては，学説上十分な研究が蓄積されていないと指摘する。

21）この点を換言すれば，試用期間をあえて設けたことや予定されている報酬の総額に照らせば，会社においては，会社法339条2項に基づく損害賠償金の支払を回避する意図でこのような合意をしたとみるのが自然であり，他方，取締役においても，試用期間中に取締役の地位を失うことやそれ以降の報酬を得られなくなることを当然に想定すべきであり，取締役としての任期やこれに伴う経済的利益に対する取締役の期待を保護すべき必要はないといい得る。

22）このように解することは，取締役にとって不意打ちになる可能性があるため，小問(1)の合意を締結するに当たって当事者間で行われた具体的なやりとりなどを踏まえて，取締役に就任した者の正当な期待を奪うことにならないかを含めて慎重に検討すべきであるとの考え方もあり得るだろう。

「著しい欠如」の表れと位置づけることや，数値の不達成自体をもって「選任目的の不達成」と位置づけることが考えられる。いずれにせよ，小問(2)の合意のように，取締役任用契約において，売上・利益等の目標数値が具体的に設定され，その目標の不達成が解任事由になる旨が明確にされている場合には，当事者の合意内容が明確であり，取締役においても，自己の職務執行を通じて，目標の不達成，ひいては取締役任用契約上の解任事由の発生を客観的に認識することができる。そうであれば，目標数値が不達成になったときは，取締役の任用継続への期待は否定されることになり，その期待を保護する必要はなく，正当理由該当性を肯定することができるだろう[24]。

### 4　小問(3)について

小問(3)のように，取締役の地位や報酬が名目的に用いられている事案は，裁判実務においても少なからず見受けられるが，このような場合における正当理由該当性については，前記のような類型論にそのまま当てはめるのは難しい。

この点，前記1の前掲名古屋地判令和元年10月31日の判断は，退任時期に関する黙示の合意を踏まえたものとして[25]，又は「選任目的の達成」との観点から[26]，妥当なものと評価されている。このほか，東京地判平成20年7月11日判例秘書は，株式会社の代表取締役の長女が同社の名目的な監査役を務め，報酬（同社の主張によれば，生活の補助，小遣のため）を得ていたところ，家族間の諍いを契機として，長女が監査役から解任された事案において，長女が監査役の職務を行っておらず，同職務を執行するための知識等もなかったことから，正当理由該当性を肯定した。役員等の職務の不執行は，一般的には，役員等の任務懈怠（法令違反）に該当し，正当理由該当性が認められるものであり，しかも，監査役の職務及び責任を含む会社関係法規に照らせば，監査役の職務を行わずに報酬を得られるとの期待は保護に値するものとはいい難く，長女の監査役の地位及び報酬は家族間の情義を前提として，もっぱら生活の補助を目的とするものであったと解されることからすれば，そのような前提が失われれば，上記期待はより一層保護に値しないといえ，上記判断は妥当というべきであろう[27][28]。

そうすると，小問(3)の合意は，妻が会社の業務に関与しないことが合意されていたから，職務執行の要請を受けた妻がこれを拒否することは，当該合意に反するものではない。しかし，前記のとおり，職務の不執行は，一般に，正当理由該当性を基礎づける事情であり，会社関係法規に照らして，取締役の職務執行をせずにその報酬を受けるとの期待は，保護に値するものとはいい難く，また，小問(3)の合意に基づく妻の取締役の地位及び報酬は，一人株主である夫との夫婦関係を前提とするものであり，両者がこのことを当然に認識していたことに照らすと，小問(3)の合意を前提として夫妻の離婚を契機として取締役（妻）の職務の不執行を理由とする解任は，正当理由該当性を肯定するのが相当であると考えられる。

---

23）労働契約における試用期間中の解雇や本採用拒否について，最大判昭和48年12月12日民集27巻11号1536頁，判タ302号112頁が，試用期間中の留保解約権に基づく解雇について，雇入れ段階と雇入れ後の段階で労働基準法上区別が設けられている趣旨や企業が労働者に対して優越した地位にあることなどに鑑み，解約権留保の趣旨，目的に照らして，客観的に合理的な理由が存し社会通念上相当として是認され得る場合にのみ許されるとしている。この判例の趣旨を取締役の解任の際にも考慮すると，小問(1)のような場合についても，客観的に合理的な理由がない限り，正当理由該当性を否定することも考えられる（ただし，同判例は，新卒採用者の試用期間についての事例であり，転職や中途採用者については試用期間の法的扱いが異なり得るとの指摘もあるため〔阿部未央「試用期間──三菱樹脂事件」村中孝史＝荒木尚志編『労働判例百選〔第9版〕』(有斐閣，2016）22頁］，同判例の判断を，取締役のヘッドハンティング事案にどの程度参照できるかは慎重に検討する必要があろう。）。

24）この点，「経営能力の著しい欠如」が正当理由該当性を基礎づける事実であり，目標数値の不達成はその徴表にとどまると解すると，正当理由該当性を判断するためには，目標設定自体の妥当性や不達成の原因等を審理すべきとの考え方もあり得る。

しかし，正当理由該当性の判断において当事者間の合意内容を考慮することができるとの立場からは，本文記載のとおり合意内容が明確にされている以上，むしろ当事者の予測可能性を重視すべきであり，目標数値の不達成自体を「選任目的の不達成」と捉えて，特段の事情のない限り，正当理由該当性を肯定するのが相当ではないかと思われる。

25）木村真生子「取締役解任の『正当な理由』における黙示の合意の存在」ジュリ1556号(2021）106頁参照。

26）中村・前掲注17）22頁参照。

## 第4 正当な理由（3）

> 会社法339条2項にいう「解任に正当な理由がある場合」の成立を根拠づける事実の主張立証責任は，原告と被告のいずれにあるか。

〔回答〕

解任の正当理由を基礎づける事実の主張立証責任については，旧商法下においては争いがあった[29]。

しかし，会社法339条2項にいう「解任に正当な理由がある場合」の成立を根拠づける事実の主張立証責任については，同項の文言等に照らし，被告（会社側）にあると解する立場が通説[30]である。

なお，会社法339条2項にいう「解任について正当な理由がある場合」は，規範的要件であると解されるから，被告（会社側）は，その成立を根拠づける具体的事実（評価根拠事実）を主張立証し，原告（解任された役員等）は，その成立を妨げる具体的事実（評価障害事実）を主張立証することになる。

## 第5 損害（1）

> 取締役が会社に対して会社法339条2項に基づき賠償を請求することができる「損害」は何か。例えば，①報酬・賞与，②退職慰労金，③慰謝料，④弁護士費用は，これに当たるか。

〔回答〕

1 一般論

会社法339条2項に基づき賠償されるべき損害の範囲については，一般に，解任の対象とされる役員等が解任されなければ，その残存任期中に得られたであろう利益（報酬・賞与等）と任期満了時に得られたであろう利益（退職慰労金等）の喪失による損害と解されている[31] [32]。

2 ①報酬・賞与について

会社法は，取締役の報酬，賞与その他の職務執

---

27）このような事例において，長女が会社の一定数の株式を保有する場合でも同様の結論でよいかは別途検討を要する。この場合，長女の役員の地位及び報酬は，単に生活補助目的や家族の情義を基礎とするものでなく，実質的な株主への配当の趣旨を含むことが考えられるためである。加藤・前掲注20）45頁では，会社法339条2項が，取締役を解任された株主にとって，株主として収益の分配を受ける地位の喪失に対する補償として機能していた可能性があると指摘する。もっとも，同頁は，このような補償は同条項によって行うことが望ましいとは限らず，むしろ少数派株式の買取手続の整備等によって対応するのが正しいのではないかとも述べている。

なお，前掲東京地判平成20年7月11日でも，「会社自らが名目的な監査役であることを承知の上でその地位に就きながら，名目的な監査役であることを理由に解任することができるとすることにはやや躊躇も感じる」と付言されている。得津晶「株主総会決議による任期10年の取締役解任の『正当な理由』」ジュリ1477号（2015）101頁は，前掲横浜地判平成24年7月20日の事案について，会社の一人株主が，ある種のpatronage契約に基づき，収益を上げないであろうとの認識の上で取締役を選任したと以上は，事後的に，収益を上げる事業をする能力がないことをもって解任の正当理由とすることはできないと指摘する。

28）ここで取り上げた裁判例の事例のほかに，役員の地位及び報酬が名目的なものとして利用されるケースとしては，Ｍ＆Ａ事案などで，従前の株主兼経営者を買収後も役員に留めて，役員報酬名目で，株式売買代金（の一部）を支払う事例などがある。この場合は，役員報酬が対価性を有することから，株主側の態度の変遷により一方的に役員の期待を奪うのが相当であるかが問題になろう。

29）類型別Ⅰ26頁以下参照。旧法下で，解任の正当理由を基礎づける事実の主張立証責任が被告（会社側）にあるとの立場を採ったとみられる裁判例として，前掲最一小判昭57年1月21日，前掲東京地判昭和57年12月23日等参照。

30）会社法コンメ（7）529頁〔加藤貴仁〕，新基本法コンメ（2）116頁〔潘阿憲〕，論点体系（3）51頁〔德本穰〕，類型別Ⅰ26頁以下等参照。

31）逐条解説（4）327頁〔奥島孝康〕，会社法コンメ（7）531頁〔加藤貴仁〕，新基本法コンメ（2）114頁〔潘阿憲〕，論点体系（3）49頁〔德本穰〕，類型別Ⅰ27頁以下等参照。

旧商法下の裁判例として，前掲大阪高判昭56年1月30日（原審前掲神戸地判昭54年7月27日），前掲東京地判昭63年2月26日等参照。

32）これは，その残存任期中に得られたであろう利益（報酬・賞与等）と任期満了時に得られたであろう利益（退職慰労金等）の喪失による損害が，会社による役員等の解任との間に相当因果関係がある限り，会社法339条2項の「損害」に当たるという趣旨であると考えられる。

行の対価として株式会社から受ける財産上の利益（報酬等）につき，定款に会社法361条1項各号所定の事項（「報酬等のうち額が確定しているものについては，その額」，「報酬等のうち額が確定していないものについては，その具体的な算定方法」等）を定めていないときは，株主総会の決議によって定めることとしている（同法361条1項[33]）。実務上は，株主総会の決議をもって報酬等の上限を定め，各取締役に対する配分の決定は取締役（取締役会）に一任することが多いとされる[34]。そして，取締役の報酬については，定款又は株主総会の決議によって取締役の報酬額が具体的に定められた場合には，その報酬額は，会社と取締役間の契約内容となり，契約当事者である会社と取締役の双方を拘束するから，その後株主総会が当該取締役の報酬につきこれを無報酬とする旨の決議をしたとしても，当該取締役は，これに同意しない限り，当該報酬の請求権を失うものではないと解されている[35]。

　前記1のとおり，残存任期中の報酬相当額が会社法339条2項の「損害」に当たることに異論が見られないのは，定款又は株主総会の決議（上記のように，株主総会において取締役の報酬等の総額を定め，取締役〔取締役会〕において各取締役に対する配分を決定した場合を含む。）によってその報酬額が具体的に定められた場合，解任された取締役は残存任期中も当該報酬額を得られる蓋然性が高いことによると考えられのだ。

　これに対し，残存任期中の賞与については，毎年の業績に応じて株主総会決議で支給の有無や額

が決定される場合には，報酬（基本給）と同様に決まった額を得られる蓋然性が高いとはいえず，会社法339条2項の損害に当たらないが，毎年定額の賞与を支給する旨の株主総会決議がされているような場合には，会社法339条2項の損害に当たる可能性があるとされている[36][37]。

### 3　②退職慰労金について

　退職慰労金についても，会社法361条1項所定の「報酬等」に当たるから，前記のとおり定款又は株主総会の決議によって定めることが必要であるが，株主総会の決議において，明示的又は黙示的に，その支給に関する基準を示し，具体的な金額，支払日時，支払方法等は上記基準によって定めるべきものとして，取締役会に一任することは許されると解されている[38]。

　そこで，退職慰労金が会社法339条2項の「損害」に当たるか否かについては，その支給を受けられる蓋然性が高い場合に限り，これに当たると解されている[39]。裁判例でも，退職慰労金に関する定款の定め，株主総会決議，慣行が存在しない場合には，退職慰労金はこれに当たらないとしたものがあり[40]，他方，会社の一人株主の了承を得て，取締役任用契約（委任契約）において，株主総会における承認等を条件として，退職一時金を支払う旨，その額は，契約締結日より5年未満で取締役の都合により退任する場合でない限り，1億5000万円とする旨が決定されていたとの事案で，退職一時金相当額の賠償を認めたものがある[41]。

　33）ただし，監査等委員会設置会社の場合につき，会社法361条2項〜6項。なお，指名委員会等設置会社の場合につき，同法404条3項を参照。
　34）更に，取締役会が，その決議によって，代表取締役その他の特定の取締役等に一任することも可能であると解されている（最二小判平成31年10月5日集民23号409頁，東京地判平成30年4月12日金判1556号47頁等）。
　35）最二小判平成4年12月18日民集46巻9号3006頁，判タ818号94頁参照。
　36）類型別Ⅰ28頁参照。
　なお，最近の裁判例として，前掲東京地判平成29年1月26日は，任用契約に賞与の具体的な規定がなく，支給実績もないことから，賞与支給の蓋然性がないとして，賞与相当額の損害を認めなかった。
　37）このほか，賞与を含めた報酬の年間総額が定められており，その一部が賞与として特定月に割り振られているにすぎない場合も，賞与支給の蓋然性が高いと評価できるのではないかと考えられる。
　38）最二小判昭和39年12月11日民集18巻10号2143頁，判タ173号131頁，最三小判昭和44年10月28日集民97号95頁，最二小判昭和48年11月26日判時722号94頁，最三小判昭和58年2月22日集民138号201頁，判タ495号84頁参照。
　39）弥永真生『リーガルマインド会社法〔第15版〕』（有斐閣，2021）167頁。なお，逐条解説(4)327頁〔奥島孝康〕，会社法コンメ(7)531頁〔加藤貴仁〕，新基本法コンメ(2)114頁〔濵田浩〕を参照。
　40）弥永・前掲注39）167頁，前掲大阪高判昭和56年11月30日参照。なお，最近の裁判例では，東京地判平成27年6月22日判例秘書は，株主総会決議を要すること等を理由に，退職慰労金相当額を損害に含めていない。
　41）前掲東京地判平成29年1月26日参照。

4　③慰謝料について

慰謝料については，会社法339条2項の「損害」に当たらないとするのが多数説・裁判例の立場である[42]。

5　④弁護士費用について

弁護士費用についても，会社法339条2項の「損害」に当たらないとするのが多数説・裁判例の立場である[43]。

## 第6　損害（2）

> 次のような事情は，会社法339条2項の「損害」の額の算定に当たり，どのような影響を及ぼすか。
> （1）取締役報酬（年俸）が，1年ごとに，前事業年度における取締役の業績を踏まえて，株主総会の決議によって定められていた。
> （2）定款又は株主総会の決議によって定められた取締役報酬（年俸）が，①基本給と②業績連動部分（所定の基準に基づき会社の業績に応じて0〜100％の5段階で定まるもの）とされていた。
> （3）公開会社でない株式会社（監査等委員会設置会社及び指名委員会等設置会社を除く。）において定款によって取締役の任期が10年に伸長されていた場合において，取締役が任期2年目の途中で解任された。
> （4）上記（3）の事情に加え，取締役任用契約において，解任時における金銭給付の取扱いが具体的に合意されていた（例えば，残存任期中の報酬相当額の損害賠償請求をしないとか，所定の金額を損害賠償として支払うなど）。

〔回答〕

1　小問（1）について

小問（1）の場合，解任された取締役は，残存任期中も一定の報酬額を得られる蓋然性は高いと考えられるが，会社を取り巻く環境は日々変動するものであり，会社の業績自体が毎年変わり得る

上，取締役報酬の具体的金額は取締役の業績に対する会社の評価によって裁量的に決定されていることからすれば，当該取締役が残存任期満了まで解任時と同額の取締役報酬の支給を受けられると推認することは通常困難と思われる。

したがって，小問（1）のような形式で定める取締役報酬については，実質的には賞与と同様の位置づけとなると考えられ，過去の支給実績，想定される将来の業績についての当事者双方の立証状況等を踏まえ，残存任期中に支給を受けられる蓋然性が認められる金額を損害として認定することが考えられる。

2　小問（2）について

小問（2）の場合，取締役報酬（年俸）中，①基本給部分は，当該金額の支給を受けられる蓋然性が高いと考えられるが，②業績連動部分は，その算定基準が定められており，会社の業績によって変動することになるため，解任後の残存任期中の報酬額のうち業績連動部分に係る損害額をどのように算定するかが問題となる。

前記1で述べたところに照らすと，取締役が解任された年における会社の業績がその後も変動せずに維持されることは通常考え難いから，当該取締役が残存任期満了まで解任時と同額の業績連動部分の支給を受けられると推認することは通常困難と思われる。

また，業績連動部分の算定基準及び会社の業績の見込み等によっては，業績連動部分をその下限である0円（無報酬）とすべき場合もあろうし，他方，業績連動部分につき残存任期中一定額が支給された蓋然性を肯定することができる場合もあろう。

こうしたことから，業績連動部分の算定基準の内容，想定される将来の業績についての当事者双方の立証状況，過去の業績連動部分の支給実績等を踏まえ，残存任期中に支給を受けられる見込みが相当に高いと認められる業績連動部分の金額を損害として認定することが考えられる。

3　小問（3）について

定款によって役員の任期を伸長している会社においては，取締役が解任によって喪失することと

---

42）会社法コンメ（7）531頁〔加藤貴仁〕，新基本法コンメ（2）114頁〔潘阿憲〕，前掲神戸地判昭和54年7月27日，前掲東京地判昭和57年12月23日参照。
43）注42）記載の文献及び前掲神戸地判昭和54年7月27日，前掲東京地判平成29年1月26日参照。

なる残存任期中の報酬相当額と取締役が解任によって実際に被る損害の間に不均衡が生ずる場合が考えられ，近時，損害の範囲を限定する試みが見受けられる。例えば，裁判例[44]においては，残存任期中の報酬相当額から限定した形で損害額を算定したものが見られるとの指摘がされており[45]，学説上も，①損害の範囲を任期2年の範囲を超えない部分に限定すべきとの見解[46]，②会社法339条2項が損害賠償を認めるのは，損害額を擬制する趣旨ではなく賠償額の合意を擬制する趣旨であると解すべきであるとして，擬制されるべき合意を合理的な範囲に解釈によって限定すること等が認められるべきであるとの指摘[47]，③取締役任用契約によって解任等の取扱いを定めておき，これを「解任によって生じた損害」として解釈することで，残存任期中の報酬相当額の喪失と取締役が解任によって実際に被る損害の間の不均衡を解決することを提案する見解[48]がある。

これらの指摘や見解に対しては，会社法339条2項が強行法規であると理解する立場から，当事者間の合意内容により同項の潜脱となる事態が生じるとの批判も考えられるが，同項の損害を認定するに当たり当事者間の合意内容（取締役任用契約の定め）等を一要素として考慮することは，同項の趣旨に反しないと考えられるとの見解が示されている[49]。このような見解によれば，例えば，定款によって役員の任期が伸長されている場合に，その伸長の理由（取締役の地位の強化，あるいは，登記等の費用の節約）によって残存任期中の報酬に係る損害の範囲に差異を設けることも考えら

れ[50]，その理由がもっぱら登記等の費用の節約にあるような場合[51]には，伸長された任期に対する取締役の期待を強く保護すべきことにはならないから，残存任期が8年以上と相当長期に及ぶことのほか，取締役任用契約における合意の内容・趣旨，取締役報酬の額の決定の具体的態様等を踏まえて，損害の範囲を一定程度に限定していくことも考えられよう。

## 4　小問(4)について

<div style="border:1px solid red">

（1）前記3で述べたような，会社法339条2項の損害を認定するに当たり当事者間の合意内容（取締役任用契約の定め）等を一要素として考慮する見解によれば，例えば，当事者間で解任時の取扱い（特に金銭給付）が具体的に合意されている場合には，当該合意によって処理し，同項を適用しないこと[52]等も検討の余地がある。

</div>

（2）例えば，取締役任用契約において取締役が残存任期中の報酬相当額の損害賠償を請求しないとの合意がある場合，会社法339条2項について強行法規性を認める見解に立つと，同項に基づく損害賠償を一切認めない内容の合意の効力を否定することになると考えられる一方，同項について強行法規性を認めない立場からは，取締役が同項の損害賠償請求権を積極的に放棄している以上，基本的に，同項に基づく損害賠償請求はできないことになると考えられる。

また，前者の見解を採ったとしても，会社法339条2項の損害の認定に当たり，上記のような合意内容に鑑み，取締役において解任されたとき

44）具体的には，残存任期分のうち2年分の報酬相当額に限って損害と認めた裁判例として，東京地判平成27年6月29日判時2274号113頁，東京地判令和2年3月4日判例秘書（ただし，東京高判令和3年1月27日公刊物未登載により原判決変更）がある。

45）神田秀樹「会社法・金融法随想――立法事実からみる，近況・課題(5)中小会社に関する諸問題」判タ2453号（2020）142頁参照。

46）得津・前掲注27）102頁。これに対しては反対説も強い（会社法コンメ(7)533頁〔加藤貴仁〕，高橋均「定款変更により退任となった取締役の損害賠償」ジュリ1496号〔2016〕94頁等参照）。

47）神田秀樹『会社法〔第23版〕』(弘文堂，2021）224頁。

48）加藤・前掲注20）37頁以下参照。

49）加藤・前掲注20）34頁も同旨。もっとも，加藤・前掲注20）42頁以下は，任用契約で解任時に会社法339条2項の損害を大きく上回る額の給付をすることが定められているような場合は，株主総会の決議による解任が事実上制約される結果となり，実質的に不解任特約と同等の効果を持つことになるため，同条1項に違反するものとして合意の効力が否定される余地があるとする。

50）加藤・前掲注20）18頁以下参照。

51）株主数が少ない会社で，定款で長い任期を定めることは，経営者同士が株主間契約により相互の地位を保証し合い，契約に違反した場合の賠償額の予定まで取り決めたに等しいと指摘する見解がある（江頭8版406頁）。

52）エドアルド・メスキタ「取締役の解任における正当な理由と解任による損害の範囲」ジュリ1515号(2018)119頁，加藤・前掲注20）39頁参照。

に残存任期中の報酬相当額を得られるとの期待が生じていなかったとみれば、そのような損害が生じたとは認められないとの認定も考えられる。このような認定をしたときも、同様に、同項に基づく損害賠償請求は認められないことになると考えられる。

（3）取締役任用契約において解任時には所定の金額を損害賠償として支払う旨の合意がある場合には、前記(1)の見解によれば、当該合意に係る損害賠償額をもって、会社法339条2項の「損害」と認定することも考えられよう。

## 第7　代表取締役の解職と会社法339条2項の類推適用

　正当な理由なく取締役会で代表取締役を解職された代表取締役は、会社に対し、会社法339条2項に基づく損害賠償請求をすることができるか。

〔回答〕

1　代表取締役の解職につき、会社法339条2項の類推適用があるか否かは、学説上争いがある。この点、①代表取締役の任期の定めがある場合、会社法339条2項の類推適用により、損害賠償責任を認めるべきであるという見解[53]と、②代表取締役の解職は、業務執行についての決定の一環であり経営判断であり、明文規定がない以上、会社法339条2項の類推適用も準用も認められないという見解[54]がある。

2　代表取締役の解職と損害賠償の論点に関して、委任の解除に関する民法651条2項は、同条1項の規定により委任の解除をした者は、「相手方に不利な時期に委任を解除したとき」（同条2項1号）又は「委任者が受任者の利益（専ら報酬を得ることによるものを除く。）をも目的とする委任を解除したとき」（同項2号）は、相手方の損害を賠償しなければならない旨を規定している

ところ、会社と代表取締役との間に「代表取締役任用契約」が存在すると解する見解[55]によれば、民法651条2項の適用又は類推適用があり得るが、上記「代表取締役任用契約」を観念しない見解[56]によれば、同項を適用又は類推適用する基礎を欠くと考えられる[57]。もっとも、同項1号の損害は、解除の時期が不利であることに起因する損害であり、同項2号の損害は、委任契約が解除されなければ受任者が得たであろう利益から受任者が債務を免れることによって得た利益を控除したものとされ、いずれも原則として受任者の将来の得べかりし報酬は含まれないものと解されている[58]。

富山地高岡支判平成31年4月17日資料商事423号175頁は、代表取締役の解職と民法651条2項に基づく損害賠償請求（代表取締役と平取締役との報酬の差額）の可否が争われた事案につき、仮に民法651条2項の適用があるとしても、得べかりし代表取締役報酬の喪失は同項の損害に当たらないとして、原告の請求を棄却した。

## 第8　特例有限会社における任期の定めがない取締役の解任

　特例有限会社において解任された任期の定めのない取締役は、会社に対し、会社法339条2項に基づく損害賠償請求をすることができるか。

〔回答〕

　特例有限会社の取締役については、任期の制限に関する規定（会社法332条）の適用が除外されており（会社法整備法18条）、任期の定めがない取締役も許容されている[59]。

　これに対し、会社法は、特例有限会社以外の株式会社の取締役については、具体的な任期を法定したため（332条）、同法339条2項も「任期の定め」の存在が要件にならないこととしている。

　53）岩井伸晃「取締役の解任」門口正人編『新・裁判実務大系(11)会社訴訟・商事仮処分・商事非訟』（青林書院、2001）61頁、上柳ほか・前掲注5）149頁〔山口幸五郎〕、落合誠一編『会社法コンメンタール(8)機関(2)』（商事法務、2009）221頁〔落合誠一〕等参照。
　54）近藤光男「会社経営者の解任」鴻常夫先生還暦記念『八十年代商事法の諸相』（有斐閣、1985）410頁等参照。
　55）上柳ほか・前掲注5）144頁等参照。
　56）江頭8版445頁等参照。
　57）小林俊明「代表取締役の解職と民法651条2項」令和元年度重判解(2020) 102頁参照。
　58）中田裕康『契約法新版』（有斐閣、2021）541頁以下、山本豊編『新注釈民法(14)債権(7)』（有斐閣、2018）330頁以下〔一木孝之〕等参照。

そこで，特例有限会社において解任された任期の定めのない取締役に会社法339条2項の適用があるか否かが問題となる。

多数説・裁判例は，特例有限会社において解任された任期の定めのない取締役は，正当な理由の有無にかかわらず，会社法339条2項に基づく損害賠償請求をすることができないとの立場を採っている[60][61]。

# 第9　取締役の任期短縮の定款変更と会社法339条2項の類推適用

> その任期途中で任期を短縮する定款の変更が行われ，退任することとなった取締役は，会社に対し，会社法339条2項に基づく損害賠償請求をすることができるか。

〔回答〕

1　取締役の任期は，原則として，選任後2年以内に終了する事業年度のうち最終のものに関する定時株主総会の終結の時までとされ，定款又は株主総会の決議により，その任期を短縮することが許容されている（会社法332条1項）。また，公開会社でない株式会社（監査等委員会設置会社及び指名委員会等設置会社を除く。）においては，定款によって，同項の任期を選任後10年以内に終了する事業年度のうち最終のものに関する定時株主総会の終結の時まで伸長することができるとされている（同条2項）。

取締役の任期途中でその任期を短縮する定款の変更が行われた場合，その効力が当該取締役に及ぶか否かについては，多数説及び登記実務は，こ

の場合には現任の取締役の任期も短縮され，定款の変更時において既に変更後の任期が満了しているときは，当該取締役は退任することになると解している[62]。裁判例も同様の立場を採る[63]。

2　では，その任期途中で任期短縮の定款変更により退任することとなった取締役は，会社に対し，会社法339条2項の類推適用により，損害賠償を請求することができるか。

この点，会社法339条2項の損害賠償責任は，株主総会による解任の自由の保障と役員等の任期に対する期待の保護との調和を図る趣旨で定められた法定責任と解されている。このような同項の趣旨に鑑みると，会社が任期短縮の定款変更と取締役の不再任を組み合わせることにより，同項の損害賠償責任を免れられるとすることは相当ではない[64]。

そうすると，その任期途中で任期短縮の定款変更により直ちに退任することとなった取締役については，会社法339条2項の類推適用がされ，当該取締役が，会社に対し，同項の類推適用に基づく損害賠償請求をすることができる場合があると解するのが相当である[65]。

また，上記の場合における「正当な理由」の有無については，学説上，①任期短縮の定款変更について判断すべきとする立場[66]と，②当該定款変更及び取締役の不再任について判断すべきとする立場[67]，③取締役の不再任について判断すべきとする立場[68]がある。裁判例[69]は，会社が取締役を再任しなかったことについての正当な理由を検討しており，①の立場を採っていないことは明らかであるが，②の立場と③の立場のいずれを

---

59）旧有限会社法32条は，旧商法257条1項ただし書（現：会社法339条2項）を準用していたが，同項ただし書は，任期の定めがある場合のみを対象としていた。そこで，有限会社において正当な理由なく解任された取締役は，任期の定めがある場合に限り，旧商法257条1項ただし書（現：会社法339条2項）に基づく損害賠償請求をすることができると解されていた（上柳克郎ほか編『新版注釈会社法(14)』〔有斐閣，1990〕259頁〔山口幸五郎〕）。

60）学説につき，会社法コンメ(7)530頁，江頭8版407頁等参照。
裁判例として，前掲秋田地判平成21年9月8日，東京地判平成28年6月29日判時2325号124頁参照。

61）会社法339条2項が解任された取締役に損害賠償請求権を認めた趣旨が取締役の任期への期待の保護にあることからすると，任期の定めのない取締役の同意に基づく損害賠償請求を認めることは，その趣旨に沿わないこととなろう。また，任期の定めのない取締役のケースでは，同項に基づく損害賠償請求をしないという黙示の合意が認定できる場合も少なくないのではないかと思われる。

62）学説につき，上柳ほか・前掲注5）41頁〔今井潔〕，相澤哲ほか編『論点解説　新・会社法──千問の道標』（商事法務，2006）282頁，会社法コンメ(7)460頁以下〔榊素寛〕等参照。
登記実務につき，平18・3・31法務省民商第782号民事局長通達「会社法の施行に伴う商業登記事務の取扱いについて」45頁参照。

63）前掲東京地判平成27年6月29日参照。

64）髙橋・前掲注46）91頁，加藤貴仁「取締役の任期変更による取締役の退任と会社法339条2項の類推適用」リマークス54号（2017）82頁等参照。

採用したかは明らかでないというべきであろう。

　　（にしやま・わたる／あだち・たくひと／
　　　　　　　　　　もとむら・りえ）

---

　65）中村信男「非公開会社の取締役の任期短縮の定款変更による事実上の解任と退任取締役の救済」岸田雅雄先生古稀記念『現代商事法の諸問題』（成文堂，2016）839頁等は，任期短縮の定款変更による取締役の退任及び不再任を解任と同視することができる場合に会社法339条2項を類推適用すべきであるとする。これに対し，仲卓真「任期短縮の定款変更による取締役の退任および不再任と会社法339条2項」リマークス62号(2021) 86頁は，解任の実質は不要であり，会社の決定の結果として取締役が選任時に予定されていた任期の途中でその地位を失ったという客観的事実で足りるとする。

　裁判例として，前掲東京地判平成27年6月29日，前掲名古屋地判令和元年10月31日参照。

　66）中村信男「取締役の任期を短縮する定款変更による取締役の退任と会社法339条2項の類推適用」ひろば69巻3号(2016) 64頁等参照。

　67）髙橋・前掲注46) 94頁，内藤裕貴「任期短縮の定款変更により退任した取締役の不再任にかかる『正当な理由』」速報判例解説（法セ増刊）28号(2021) 147頁等参照。

　68）加藤・前掲注64) 85頁等参照。

　69）前掲東京地判平成27年6月29日，前掲名古屋地判令和元年10月31日参照。