**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>**Re: Docket No. _____** |

**ORDER (I) AUTHORIZING REPURCHASE OF EQUITY INTEREST IN FOLKVANG LTD. HELD BY DEBTOR ALAMEDA RESEARCH LTD., (II) AUTHORIZING FOLKVANG LTD.'S REPAYMENT OF LOAN MADE BY DEBTOR MACLAURIN INVESTMENTS LTD., (III) ALLOWING SETOFF OF REPURCHASE AND REPAYMENT AMOUNTS, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Folkvang Ltd. ("Folkvang") for entry of an order (i) authorizing the repurchase of an equity interest in Folkvang held by Debtor Alameda Research Ltd. ("Alameda"), (ii) authorizing Folkvang's repayment of a loan made by Debtor Maclaurin Investments Ltd. ("Maclaurin"), (iii) allowing the setoff of the repurchase and repayment amounts described in the Motion against amounts owed by the Consolidated Wind Down Trust to Folkvang, and (iv) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] All capitalized terms not otherwise defined herein shall have the same definition set forth in the Motion.

1

proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that Folkvang provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any opposition to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Folkvang is authorized to repurchase the equity interest in Folkvang held by Debtor Alameda in accordance with the Motion and Folkvang's Articles of Association (the "Repurchase").

3. Folkvang is authorized to repay the Maclaurin Loan.

4. Pursuant to 11 U.S.C. § 553, Folkvang and the Consolidated Wind Down Trust are authorized to effect the Repurchase and repayment of the Maclaurin Loan through a setoff against amounts owed to Folkvang on account of its proof of claim in these cases.

5. Folkvang and the Consolidated Wind Down Trust are authorized to take any and all actions necessary to effectuate the relief granted by this Order.

6.     The Debtors and/or the Consolidated Wind Down Trust, as applicable, shall enter into any releases customary under Hong Kong law relating to the LSA and any other Loan Documents (as defined in the LSA) necessary to reflect the repayment by Folkvang of the Maclaurin Loan following the setoff described in this Order.

7.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2025
      Wilmington, Delaware

 

_____
The Honorable Karen B. Owens