# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |

### DECLARATION OF MICHAEL LAURENS VAN ROSSUM IN SUPPORT OF MOTION OF FOLKVANG LTD. FOR ENTRY OF AN ORDER (I) AUTHORIZING REPURCHASE OF EQUITY INTEREST IN FOLKVANG LTD. HELD BY DEBTOR ALAMEDA RESEARCH LTD., (II) AUTHORIZING FOLKVANG LTD.'S REPAYMENT OF LOAN MADE BY DEBTOR MACLAURIN INVESTMENTS LTD., (III) ALLOWING SETOFF OF REPURCHASE AND REPAYMENT AMOUNTS, AND (IV) GRANTING RELATED RELIEF

I, Michael Laurens van Rossum, hereby declare under penalty of perjury as follows:

1.  I am the majority shareholder of Folkvang Ltd. ("Folkvang") and one of Folkvang's directors. The statements herein are based on my personal knowledge and/or the business records of Folkvang. I give this declaration in support of Folkvang's *Motion for Entry of an Order (I) Authorizing Repurchase of Equity Interest in Folkvang Ltd. Held by Debtor Alameda Research Ltd., (II) Authorizing Folkvang Ltd.'s Repayment of Loan Made by Debtor Maclaurin Investments Ltd., (III) Allowing Setoff of Repurchase and Repayment Amounts, and (IV) Granting Related Relief* (the "Motion"), which was filed contemporaneously herewith. Capitalized terms not defined in this Declaration shall have the meanings ascribed to them in the Motion.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

1

**Background of Folkvang and Its Relationships with the Debtors**

2. Folkvang is a cryptocurrency trading firm validly existing as an exempted limited company under the laws of the Cayman Islands.

3. Prior to the Petition Date, Folkvang had numerous business relationships with the Debtors. Three of those business relationships are relevant to the Motion, as follows:

- Folkvang has a substantial unwithdrawable USD balance on the FTX Exchange, which is the subject of a timely-filed proof of claim with the Debtors that has not been objected to[2] and has been classified by the Debtors under the Plan as a Class 5A – Dotcom Customer Entitlement Claim entitled to be paid in full in Cash plus applicable interest as set forth in the Plan;

- Debtor Maclaurin Investments Ltd. (f/k/a Alameda Ventures Ltd.) ("Maclaurin") has extended a ▓▓▓▓▓ fixed interest loan to Folkvang on the FTX Exchange (the "Maclaurin Loan"), which remains fully drawn and accrued ▓▓▓▓▓ in interest prior to the Petition Date; and

- Debtor Alameda Research Ltd. ("Alameda") holds a 15% equity interest (1,500 shares) in Folkvang.

4. The precise amount of Folkvang's Class 5A – Dotcom Customer Entitlement Claim is confidential and hence not detailed in the Motion or this Declaration. The amount of Folkvang's claim, however, is substantially in excess of the combined amount of the Repurchase and repayment of the Maclaurin Loan sought to be effected by the Motion. It is my understanding that the Debtors have access to the amount of Folkvang's claim and can accordingly verify this representation with their records.

**Details Respecting the Repurchase and Repayment of the Maclaurin Loan**

*A. Folkvang's Articles of Association*

---

[2] The Debtors appear to have recently designated Folkvang's proof of claim as "Disputed" in FTX's claims portal. Folkvang is not aware of any basis for this designation by the Debtors, nor have the Debtors articulated any objections to Folkvang's claim, let alone filed an objection to the allowance of such claim.

5. On April 7, 2025, Folkvang adopted its Second Amended and Restated Articles of Association (the "Articles of Association"). A true and correct copy of the Articles of Association is attached to the Motion as Exhibit B.

6. As a shareholder in Folkvang, Alameda was provided with e-mail and hard copy notices of the general meeting of Folkvang's shareholders at which the Articles of Association were adopted. Alameda did not respond to those notices, nor did it complete a proxy form despite being given the option to do so and/or otherwise participate in the general meeting.

7. The Articles of Association, at regulation 24, provide for a compulsory redemption or purchase of the shares of any Defaulting Member, which is defined as any member:

- Who commits a breach of the Articles of Association;

- Who commits an act or fails to act in a manner that may result in Folkvang incurring or suffering any pecuniary, legal, regulatory, administrative, operational or reputational disadvantage or liability or loss or negative publicity which Folkvang might not otherwise have incurred or suffered; or

- Whose shareholdings adversely affect Folkvang.

The determination of whether these circumstances are present is made in each case in the reasonable opinion of Folkvang's directors.

### B. Basis for the Repurchase

8. Alameda's continued interest in Folkvang has presented numerous impediments to the operation of Folkvang's business. Those impediments, in turn, have led Folkvang's directors to form the opinion that Alameda is a Defaulting Member under the Articles of Association.

9. First, for reasons detailed in the Motion and well known to the Court, Alameda's reputation, and that of FTX and its affiliates more generally, presents a clear drag on Folkvang's reputation and its ability to operate. In light of the Debtors' pre-bankruptcy conduct of their affairs, including significant criminal conduct by members of the Debtors' senior management, the

3

Debtors' brand is self-evidently a permanent liability in the cryptocurrency space. Folkvang's continued association with Alameda saddles Folkvang with an element of that liability.

10. Folkvang's association with Alameda causes other, specific harms as well. For example, in circumstances where Folkvang is required to provide anti-money laundering or "know your customer" information about its shareholders to third parties, it is essentially unable to provide more information about Alameda than what is publicly available, and it is unable to obtain information from Alameda about its stakeholders (*e.g.*, "know your customer" documentation such as photo identification from Alameda's directors/officers). In prior discussions, the Debtors have expressly rejected Folkvang's requests for such documentation. This has effectively prevented Folkvang from being able to open bank or brokerage accounts that are necessary to its business.

11. Moreover, Folkvang has been unable to engage certain important counterparties (such as cryptocurrency exchanges, lenders, and prime brokers) because Alameda has an ultimate beneficial owner based in the United States. This has limited Folkvang's efforts to explore new business lines or use leverage in its business.

12. For all of these reasons, Folkvang's directors, including myself, have formed the opinion in good faith and with advice of counsel that Alameda is a Defaulting Member, as defined in the Articles of Association, with respect to its minority stake in Folkvang. As a result, Folkvang's directors are of the view that it is in the best interests of Folkvang as whole to repurchase Alameda's minority stake, in accordance with the procedure laid out in the Articles of Association.

**Repayment of the Maclaurin Loan**

13. Debtor Maclaurin advanced ███████ to Folkvang on the FTX Exchange under that certain Loan and Security Agreement dated as of June 5, 2020 (the "<u>LSA</u>"). A copy of the LSA is attached as <u>Exhibit C</u> to the Motion.

14. Interest on that advance accrued prior to the Petition Date in the aggregate amount of ███████ pursuant to clause 2 of the LSA. That interest has been credited by Folkvang to the "Pool" under that certain Master Loan Agreement dated October 18, 2022 between Folkvang and Maclaurin (the "<u>MLA</u>"), and Maclaurin's claim to such interest under the LSA has therefore been extinguished. As a result, Folkvang owes a total of ███████ to Maclaurin under the LSA.

**Prior Discussions with the Debtors and the Plan Administrator**

15. Folkvang has reached out to the Debtors and representatives of the Plan Administrator on multiple occasions during the pendency of these cases in an attempt to resolve the matters addressed in the Motion. While the Debtors and Folkvang are continuing discussions, and Folkvang hopes that they will lead to a consensual resolution of all outstanding matters between the Debtors and Folkvang, those efforts have not to date been successful.

[SIGNATURE ON FOLLOWING PAGE]

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 2, 2025

                                                   Michael Laurens van Rossum
                                                   Director