## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 30579**<br><br>**Hearing Date: June 25, 2025 at 9:30 a.m. (ET)**<br>**Objection Deadline: June 16, 2025 at 4:00 p.m. (ET)** |

**FOLKVANG LTD.'S MOTION TO FILE UNDER SEAL PORTIONS OF (A) MOTION OF FOLKVANG LTD. FOR ENTRY OF AN ORDER (I) AUTHORIZING REPURCHASE OF EQUITY INTEREST IN FOLKVANG LTD. HELD BY DEBTOR ALAMEDA RESEARCH LTD., (II) AUTHORIZING FOLKVANG LTD.'S REPAYMENT OF LOAN MADE BY DEBTOR MACLAURIN INVESTMENTS LTD., (III) ALLOWING SETOFF OF REPURCHASE AND REPAYMENT AMOUNTS, AND (IV) GRANTING RELATED RELIEF, AND**
**(B) DECLARATION OF MICHAEL LAURENS VAN ROSSUM**
<u>**IN SUPPORT THEREOF**</u>

Folkvang Ltd. ("<u>Folkvang</u>"), by and through its undersigned counsel, respectfully moves as follows:

## <u>RELIEF REQUESTED</u>

1.    Folkvang seeks an entry of an order, substantially in the form submitted herewith (the "<u>Proposed Order</u>"), authorizing the filing under seal of portions of the (A) *Motion by Folkvang Ltd. for Entry of An Order (I) Authorizing Repurchase of Equity Interest in Folkvang Ltd. held by Debtor Alameda Research Ltd., (II) Authorizing Folkvang Ltd.'s Repayment of Loan made by Debtor Maclaurin Investments Ltd., (III) Allowing Setoff of Repurchase and Repayment Amounts*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

(Doc. No. 30579) (the "Repurchase/Setoff Motion") and (B) *Declaration of Michael Laurens Van Rossum* in support of the Motion (the "van Rossum Declaration").

2.      Capitalized terms not defined herein shall have the meanings ascribed to them in the Repurchase/Setoff Motion.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Folkvang confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), as supplemented by rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

## RELEVANT BACKGROUND

6.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code.

7.      Folkvang is a cryptocurrency trading firm validly existing as an exempted limited company under the laws of the Cayman Islands.  Folkvang had numerous business relationships with the Debtors and seeks to maintain the confidentiality of its commercially sensitive information and to comply with a pending confidentiality agreement being executed by and between Folkvang and the Debtors.

8.      Folkvang files this Motion to maintain the confidentiality of its commercially sensitive information.  In particular, Folkvang seeks to redact from the publicly-filed version of the Motion and the Declaration (i) the amount outstanding under the Maclaurin Loan (which is sought to be setoff pursuant to the Motion), (ii) the amount of interest on the Maclaurin Loan that has been credited to the Pool under the MLA, and (iii) the LSA itself, which is Exhibit C to the Motion.

## BASIS FOR RELIEF

9.      The Court may authorize Folkvang to file under seal the relevant portions of the Motion for Setoff and the Van Rossum Declaration under section 107(b) of the Bankruptcy Code. Section 107(b)(1) provides that "[o]n request of a party in interest, the bankruptcy court shall . . .protect an entity with respect to a trade secret or confidential research, development, or commercial information . . ." 11 U.S.C. § 107(b).  Local Rule 9018-1(d) additionally provides, in relevant part, that "[a]ny party seeking to file a document […] under seal must file a motion requesting such relief …" Del. Bankr. L.R. 9018-1(d)(i).  In addition, section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10.     Section 107(b) of the Bankruptcy Code represents a departure from the common law rule regarding sealing; in contrast to that rule, section 107(b) does not require the entity seeking protection to demonstrate "good cause." *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, a court is required to protect the requesting party and does not have discretion to deny the request. *Id*. at 27 (holding that, once the court determines that a party is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application").

11.     Thus, under section 107(b) of the Bankruptcy Code, a party need only show, for instance, that the information it wishes to protect is "confidential" and "commercial in nature." *Id.* In granting motions to seal with respect to "commercial information," courts have defined this term as information that would, "if subject to disclosure, [would] 'unfairly benefit' that entity's competitors." *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015). Courts have held that disclosure of information that provides insight into an entity's "strategic decision making" could unfairly benefit its competitors and should be sealed. *See In re Dreier LLP*, 485 B.R. 821, 823 (Bankr. S.D.N.Y. 2013).

12.     Further, the Court has defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them with information as to the commercial operations of the debtor." *In re Alterra Healthcare Corp.*, 355 B.R. 66, 75 (Bankr. D. Del. 2006). Commercial information does not need to rise to the level of a trade secret to be

protected under section 107(b) of the Bankruptcy Code. *Orion Pictures*, 21 F.3d at 28. It need only be confidential and commercial in nature. *See id.*

13.    The Confidential Information that Folkvang seeks to seal is confidential, commercial information. The Confidential Information is comprised of sensitive information that is material to Folkvang's financials and critical to its business and affairs. Such information is not publicly available and would, if disclosed, provide Folkvang's competitors and other third parties with significant insight into Folkvang's financial affairs and operations.

14.    The relief requested in the Motion does not materially prejudice the Debtors. Folkvang has narrowly tailored its redactions to prevent only disclosure of specific, sensitive information, while providing all other key information relating to the relief requested. Furthermore, the information sought to be redacted from the public version of the Motion will be made available to the Debtors, as the only other party plausibly implicated by such relief. Indeed, the Debtors, as a party to the LSA, already have a copy of that document, and are also already aware of the amount of the Maclaurin Loan and the amount of interest relating thereto that has been credited to the Pool.

15.    Folkvang will provide an unredacted version of the Repurchase/Setoff Motion and van Rossum Declaration to the Court pursuant to Local Rule 9018-1 and will provide an unredacted version of the Motion for Setoff and van Rossum Declaration, on a confidential, professionals' eyes only basis, to counsel for the Debtors. In addition, consistent with Local Rule 9018-1(d), a redacted version of the Repurchase/Setoff Motion and van Rossum Declaration will be separately filed on the Court's docket.

## NOTICE

16.     Notice of this Motion is being provided through the Court's CM/ECF electronic noticing system to all parties that have requested notice in these cases, including any party that requested service pursuant to Fed. R. Bankr. P. 2002.

## CONCLUSION

WHEREFORE, Folkvang respectfully requests that this Court enter an order, substantially in the form submitted herewith, (i) granting the relief requested in this Motion and, (ii) granting such further relief as the Court may deem necessary or proper.

Dated:  June 2, 2025
        Wilmington, Delaware

BARNES & THORNBURG LLP

 /s/ Amy E. Tryon
Mark R. Owens (DE No. 4364)
Amy E. Tryon (DE No. 6945)
222 Delaware Ave., Suite 1200
Wilmington, DE 19801
(302) 300-3434
mark.owens@btlaw.com
amy.tryon@btlaw.com

and

Kenneth P. Kansa (*pro hac vice pending*)
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Telephone: (312) 214-4583
Email:  kkansa@btlaw.com

and

Leah Anne O'Farrell (*pro hac vice* pending)
Barnes & Thornburg LLP
One Marina Park Drive, Suite 1530
Boston, MA 02210
Telephone: (781) 888-1516
Email:  LOFarrell@btlaw.com