## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>Hearing Date: June 25, 2025 at 9:30 A.M. ET<br>Objection Deadline: June 18, 2025 at 4:00 P.M. ET |

**MOTION OF THE FTX RECOVERY TRUST AND THE SEPARATE SUBSIDIARIES FOR ENTRY OF A FINAL DECREE (I) CLOSING THE CHAPTER 11 CASES OF THE CONSOLIDATED DEBTORS AND (II) CLOSING THE CHAPTER 11 CASES OF THE SEPARATE SUBSIDIARIES ON THE APPLICABLE CLOSING DATE**

The FTX Recovery Trust[2] and each of the Separate Subsidiaries (as defined below, and together with the FTX Recovery Trust, the "Movants") hereby submit this motion (this "Motion") for entry of a final decree, substantially in the form attached hereto as **Exhibit A** (the "Final Decree"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), closing the Chapter 11 Cases of (i) each entity listed on Schedule 1 attached to the Final Decree (the "Consolidated Debtors") on the date of the Final Decree, and (ii) each entity listed on Schedule 2 attached to the Final Decree (the "Separate Subsidiaries", and together with the Consolidated Debtors, the "Closing

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1] (the "Plan").

Debtors") on the applicable Closing Date (as defined below). In support of this Motion, the Movants respectfully state as follows:

### Preliminary Statement

1. The Chapter 11 Plan[3] in these Chapter 11 Cases has been confirmed and become effective. Among other things, pursuant to the Plan, the assets and liabilities of the Consolidated Debtors—which consist of the vast majority of the Debtor entities—were vested into the FTX Recovery Trust on the effective date of the Plan. As a result, the Consolidated Debtors no longer retain any assets or liabilities or perform any ongoing business function; they continue to exist only as empty corporate shells pending orderly wind down under applicable local law. There are no other matters to be resolved in the Consolidated Debtors' Chapter 11 Cases that will not be resolved by the FTX Recovery Trust or handled outside of the Plan in accordance with applicable local law insolvency or wind down proceedings. Accordingly, the Movants have determined that leaving open the Chapter 11 Cases of the Consolidated Debtors serves no further purpose and provides no benefit to the Consolidated Debtors' stakeholders.

2. Apart from the Consolidated Debtors, five Debtor entities were classified as Separate Subsidiaries and were not subject to the terms of the Plan. The Separate Subsidiaries' asset recovery efforts, claims reconciliation and distribution processes are undergoing separate reconciliation and wind down processes overseen by the Plan Administrator. The Plan Administrator requests that the Chapter 11 case of each Separate Subsidiary be closed as of the date (the "Closing Date") of filing on the docket a notice (a "Closing Notice"), substantially in the form attached hereto as **Exhibit B**, stating that the full administration of such Separate Subsidiary is complete. Leaving open the Chapter 11 Cases of the Separate

---

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Subsidiaries upon the full administration of such Debtor serves no further purpose and provides no benefit to the stakeholders of such Debtors' estates.

3.    The Chapter 11 Case of FTX Trading Ltd., Case No. 22-11068 (the "Lead Case") will remain open for post-confirmation administration, and closing the Chapter 11 Cases of the Closing Debtors will result in significant administrative cost savings and will reduce the burden associated with continuing such cases. Accordingly, the Motion should be approved.

## Background

4.    On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

5.    On October 7, 2024, the Court confirmed the Plan, and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404].

6.    On January 3, 2025, the effective date of the Plan occurred, which, among other things, established the FTX Recovery Trust and transferred, assigned, and vested all of the Debtors' assets in the FTX Recovery Trust. *See Notice of Effective Date of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 29127].

## Facts Specific to the Relief Requested

**I.    Substantive Consolidation and the FTX Recovery Trust**

7.    On the effective date of the Plan, all of the Consolidated Debtors were substantively consolidated, and as a result, among other things, (i) all property of the

Consolidated Debtors was transferred and assigned to, and vested in, the FTX Recovery Trust and (ii) all claims filed or scheduled against any of the Consolidated Debtors were deemed obligations of the FTX Recovery Trust to be addressed in accordance with the terms of the Plan. Plan § 5.7.  As a result, the Consolidated Debtors no longer have any assets or liabilities and are corporate shells pending the necessary wind downs under applicable local law.

8. Pursuant to the Plan and the Liquidating Trust Agreement, the FTX Recovery Trust is tasked with, among other things, claims reconciliation, asset monetization, prosecution and settlement of litigation, and distributions of proceeds to stakeholders.  Plan § 8; Liquidating Trust Agreement § 2.2.

## II. Excluded Entities and Separate Subsidiaries

9. Apart from the Consolidated Debtors, the Plan treated a small number of Debtor entities as Excluded Entities (as defined in the Plan) or Separate Subsidiaries.  Plan §§ 1.2; 4.2.5.  Excluded Entities are entities that have been previously dismissed from these Chapter 11 Cases or are otherwise excluded from the Plan for all purposes.  Plan § 1.2.  The Movants are not seeking to close the Chapter 11 Cases of the remaining Excluded Entities at this time.

10. Separate Subsidiaries are Debtors that, pursuant to the Plan, will make distributions to stakeholders from their own assets before winding down in accordance with applicable local law.  Although these entities were not substantively consolidated pursuant to the Plan, the Plan Administrator is tasked with resolving outstanding claims against Separate Subsidiaries and making distributions to their respective stakeholders.

11. Since the claims administration process with respect to Separate Subsidiaries is ongoing, to save the expense and burden associated with the filing of a new

motion to close each time a Separate Subsidiary is fully administered, the Plan Administrator will file a Closing Notice on the docket upon the full administration of such Separate Subsidiary.

12. The Movants believe that there are no other substantive motions, contested matters or adversary proceedings to be resolved in the Closing Debtors' and Separate Subsidiaries' Chapter 11 Cases that will not be resolved or administered by the FTX Recovery Trust or the Plan Administrator, as applicable, in the Lead Case or otherwise resolved outside of the Plan in accordance with local law insolvency proceedings.

### Jurisdiction

13. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 502(c) and 1142(b) of the Bankruptcy Code. Pursuant to Local Rule 9013-1(f), the Movants consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

14. By this Motion, the Movants request entry of the Final Decree, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1, closing the Consolidated Debtors' Chapter 11 Cases as of the date of the Final Decree and closing each of the Separate Subsidiaries' Chapter 11 Cases on the applicable Closing Date.

**Basis for Relief**

I.  **Closing the Chapter 11 Cases of the Consolidated Debtors and the Separate Subsidiaries Is Appropriate Under Section 350(a) of the Bankruptcy Code.**

15. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the [C]ourt has discharged the trustee, the [C]ourt shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 implements section 350 of the Bankruptcy Code and provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the [C]ourt, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

16. Although the term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules, the Advisory Committee Note to Bankruptcy Rule 3022 delineates the following nonexclusive factors to be considered in determining whether an estate has been fully administered:

> (1) whether the order confirming the plan has become final;
>
> (2) whether deposits required by the plan have been distributed;
>
> (3) whether the property proposed by the plan to be transferred has been transferred;
>
> (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
>
> (5) whether payments under the plan have commenced; and
>
> (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 Advisory Committee's Note.

17. Courts generally examine the six factors set forth in the Advisory Committee Note in determining whether an estate has been fully administered. *See, e.g.*, *In re SS Body Armor I, Inc. et al., Debtors*, 2021 WL 2315177, at *9 (Bankr. D. Del. June 7, 2021)

6

(noting that courts use these factors when determining whether a case has been fully administered); *In re SLI Inc.*, 2005 WL 1668396 at *2 (Bankr. D. Del. June 24, 2005) (same).

18. Courts in this district have stated that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before a case is closed." *In re SLI Inc.*, 2005 WL 1668396 at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (noting that these factors to be considered are to be used as an aid or checklist in determining whether a case has been fully administered). Moreover, courts recognize that the "nature of [the] considerations" set forth in the Advisory Committee Note "calls for a flexible, case-by-case evaluation of a number of procedural and practical factors." *In re Johnson*, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009).

19. Here, the Chapter 11 Cases of the Consolidated Debtors have been "fully administered" within the meaning of section 350 of the Bankruptcy Code because:

   a. None of the Consolidated Debtors have any prospects of commencing any business activities in the future and all of the Consolidated Debtors have no remaining assets and liabilities;

   b. the FTX Recovery Trust and the Plan Administrator have assumed the management of the property, including distributions under the Plan, of all Consolidated Debtors;

   c. the FTX Recovery Trust has assumed reconciling all claims associated with the Consolidated Debtors;

   d. distributions pursuant to the Plan have commenced and are continuing;

   e. the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code with respect to those Consolidated Debtors; and

   f. all contested matters, adversary proceedings and motions concerning the Consolidated Debtors have either been resolved, will be resolved, or have

transferred to the FTX Recovery Trust, resulting in no substantive change to any litigation nor any prejudice to any interested party.

20. Additionally, as of the applicable Closing Date, each of the Chapter 11 Cases of the Separate Subsidiaries will be "fully administered" within the meaning of section 350 of the Bankruptcy Code because:

   a. None of the Separate Subsidiaries have any prospects of commencing any business activities in the future and the Separate Subsidiaries will have no remaining assets and liabilities;

   b. the Plan Administrator has assumed the management of the property;

   c. the Plan Administrator has assumed and will reconcile all claims associated with the Separate Subsidiaries; and

   d. all contested matters, adversary proceedings and motions concerning the Separate Subsidiaries have either been resolved, will be resolved, or have transferred to the Plan Administrator, resulting in no substantive change to any litigation nor any prejudice to any interested party.

21. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g.*, *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs. v. Saidel,* 164 B.R. 487, 493 (E.D. Pa. 1994) (same).[4]

22. The Lead Case will remain open for post-confirmation administration, including administration of claims filed against the Closing Debtors in accordance with the Plan, and closing the Chapter 11 Cases of the Closing Debtors will have no substantive impact on stakeholders in these Chapter 11 Cases, while saving the FTX Recovery Trust significant United States Trustee fees associated with each remaining Chapter 11 Case. Courts have noted that

---

[4] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the (a) transfer of all or substantially all of the property proposed by the plan to be transferred, (b) assumption by the debtors or by the successor to the debtors under the plan of the business or of the management of all or substantially all of the property dealt with by the plan, and (c) commencement of distribution under the plan. 11 U.S.C.§ 1101(2).

8

entry of a final decree is appropriate to stop the accrual of fees debtors are obliged to pay pursuant to 28 U.S.C. § 1930(a)(6). *In re Junior Food Mart of Arkansas, Inc.*, 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case "in order that no further [Section 1930] [F]ees accrue"); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of trustee fees).

23. It is not sensible for the Consolidated Debtors' Chapter 11 Cases to remain open and thereby incur additional administrative expenses and burden without any corresponding benefit to the FTX Recovery Trust or its stakeholders. It is also not sensible to incur additional expense filing a separate motion to close for each Chapter 11 Case of the Separate Subsidiaries upon the full administration of each applicable Separate Subsidiary.

24. Furthermore, the entry of a final decree closing the Chapter 11 Cases of the Closing Debtors is without prejudice to creditors' rights or the right of the FTX Recovery Trust to petition the Court to reopen any chapter 11 case pursuant to section 350(b) of the Bankruptcy Code.

25. Any miscellaneous contested matters, motions, pleadings, or other matters that may arise from time to time in respect to the Chapter 11 Cases of the Closing Debtors and the implementation of the Plan and the Confirmation Order can be resolved efficiently by the FTX Recovery Trust under the Lead Case, rather than keeping all of the Closing Debtors' cases open for these limited purposes. *See In re Stock Building Supply Holdings, LLC,* No. 09-11554 (MFW) (Bankr. D. Del. Feb. 19, 2010) [D.I. 552] (granting motion for final decree for some, but not all, reorganized debtors, when motion provided that "[a]ll motions, contested matters, and adversary proceedings that remain open will be administered under the [r]emaining [c]ases.").

26. Courts in this district have routinely granted relief similar to the relief requested herein. *See, e.g.*, *In re Taronis Fuels, Inc. et al.*, Case No. 22-11121 (BLS) (Bankr. D. Del. October 18, 2024), [D.I. 969] (entering final decree closing fully administered cases); *In re Cano Health, Inc., et al.,* Case No. 24-10164 (KBO) (Bankr. D. Del. August 13, 2024), [D.I. 1328] (same); *Casa Systems Inc, et al.,* Case No. 24-10695 (KBO) (Bankr. D. Del. June 28, 2024), [D.I. 452] (same); *In re Bittrex, Inc., et al.*, Case No. 23-10597 (BLS) (Bankr. D. Del. February 27, 2024), [D.I. 1068] (same).

27. Finally, as required by Local Rule 3022-1(a)(ii), upon the closing of the remaining cases, the FTX Recovery Trust will file a final consolidated closing report, which will contain the information required under Local Rule 3022-1(a) as to each Closing Debtor.

28. For the foregoing reasons, the Movants submit that the Court should enter the Final Decree closing the Chapter 11 Cases of the Consolidated Debtors and providing for the closure of the Chapter 11 Cases of the Separate Subsidiaries on the applicable Closing Date upon the filing of the applicable Closing Notice.

**Notice**

29. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; and (f) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Movants submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**No Prior Request**

30. No prior motion for the relief requested herein has been made to this or any other court.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Movants respectfully request that the Court (a) enter the Final Decree, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: June 4, 2025
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
　　　　brown@lrclaw.com
　　　　pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
　　　　bromleyj@sullcrom.com
　　　　gluecksteinb@sullcrom.com
　　　　kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust and the Separate Subsidiaries*