# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>                       Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>Ref. Nos. 3409, 3737, 29572 & \_\_\_\_ |

## ORDER SUSTAINING THE FTX RECOVERY TRUST'S OBJECTION TO ROSS RHEINGANS-YOO'S FDU CLAIM

Upon the objection (the "Objection") of the FTX Recovery Trust[2] (the "Trust"), for an entry of an order (this "Order") disallowing and expunging the remainder of proofs of claim number 5166 and 89710 (together the "FDU Claim"), filed by Ross Rheingans-Yoo ("Rheingans-Yoo") from the Trust's claim register, pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of the Motion; and this matter

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases (the "Debtors"), a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The objection to Rheingans-Yoo's claim was originally submitted by the Debtors. The FTX Recovery Trust was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1].

being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Objection and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and that, except as otherwise ordered herein, no other or further notice is necessary; and any replies to the Objection having been withdrawn, resolved or overruled on the merits; and upon the record of any hearing held to consider the relief requested in the Motion; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Objection is GRANTED as set forth herein.

2. The FDU Claim is disallowed and expunged in its entirety.

3. Kroll Restructuring Administration LLC, as the Trust's claims and administrative agent, is authorized and directed to update the claims register maintained in these Chapter 11 Cases to reflect the relief granted in this Order.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity of any claim against the Trust; (ii) a waiver of the Trust's rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (v) an approval or assumption of any agreement, contract or lease under

section 365 of the Bankruptcy Code; or (vi) a waiver of the Trust's rights under the Bankruptcy Code or any other applicable law.

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Trust is authorized to take all actions necessary to effectuate the relief granted in this Order.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2025
       Wilmington, Delaware

THE HONORABLE KAREN B. OWENS
CHIEF UNITED STATES BANKRUPTCY JUDGE