# Response to Omnibus Objection – Claim #99873

RECEIVED

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

To the Honorable John T. Dorsey,
United States Bankruptcy Judge
U.S. Bankruptcy Court for the District of Delaware
824 Market Street North, 3rd Floor
Wilmington, Delaware 19801


RE: In re FTX Trading Ltd., et al., Case No. 22-11068 (JTD), United States Bankruptcy Court
for the District of Delaware – Response to One Hundred Seventy-Third (Non-Substantive)
Omnibus Objection to Certain Late Filed Customer Claims


Dear Judge Dorsey,


I, Leonardo Caramia, respectfully submit this response to object to the proposed
disallowance of my customer claim (#99873) as identified in Docket No. 30313.


My claim should not be disallowed as "Late Filed." I acted in good faith and with diligence,
and I was not properly notified of the original September 2023 bar date. The only
notification I received was by postal mail in September 2024. Upon receiving this
communication, I immediately responded by completing and sending the required Election
Form via registered mail on December 12, 2024. My actions demonstrate a consistent intent
to comply.


Further, I attempted to submit the KYC documents on the FTX Customer Claims Portal
multiple times between late 2024 and early 2025. However, the system locked me out and
refused access to the verification steps. I contacted support and received confirmation that
access had been closed on March 3, 2025.

I am enclosing the following documents in support of my response:
- Copy of the Election Form submitted
- Proof of mail submission
- Screenshots showing KYC portal block
- All official communications received

I respectfully ask the Court to allow my claim to stand, given that I acted promptly and in good faith upon receiving the first effective notice of the claims process.

Respectfully submitted,

Date: 31-05-2025
Signature: *Leonardo Caramia*
Leonardo Caramia
Email: leoncara89@icloud.com

# Response to Omnibus Objection – Claim #99873

To the Honorable John T. Dorsey,
U.S. Bankruptcy Court for the District of Delaware
824 Market Street North, 3rd Floor
Wilmington, Delaware 19801

RE: In re FTX Trading Ltd., et al., Case No. 22-11068 (JTD) – Response to Objection to Late Filed Claims

Dear Judge Dorsey,
I, Leonardo Caramia, object to the proposed disallowance of my claim (#99873). I received proper notification only in September 2024 via postal mail and acted immediately by submitting my election form on December 12, 2024. I also attempted multiple times to complete the KYC process but was blocked. I respectfully request the Court to allow my claim based on good faith participation and evidence of timely action upon receiving notification.

Respectfully submitted,
Date: 31-05-2025
Signature: *Leonardo Caramia*
Leonardo Caramia

# Affidavit of Leonardo Caramia

I, Leonardo Caramia, residing in Switzerland and holder of FTX account registered under the email address leoncara89@icloud.com, hereby declare the following facts in support of my claim in the Chapter 11 proceedings of FTX Trading Ltd. (Case No. 22-11068, U.S. Bankruptcy Court for the District of Delaware).

1. I was not made aware of the original customer bar date in 2023 due to the relevant notification email being mistakenly filtered as spam and thus never reaching my attention.

2. I received a physical notice from Kroll Restructuring Administration in September 2024, which represented the first clear and official communication I received regarding the claims process.

3. On December 12, 2024, I submitted my completed claim form via registered mail in response to the instructions outlined in the letter received. The form was dated and signed on September 13, 2024.

4. I attempted to access the FTX Customer Claims Portal multiple times starting from September 2024, including submitting KYC documentation, but was prevented from completing the process due to a system lockout. I later received a response indicating that the portal was closed for users who had not commenced the KYC process by March 3, 2025.

5. My FTX portfolio as of November 2022 included various crypto assets with an estimated total value exceeding $1,000,000 USD. The loss has had a significant emotional and financial impact.

6. I acted in good faith and with diligence as soon as I received proper notice. I respectfully request that the Court allow my claim to proceed despite the procedural limitations that prevented earlier compliance.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Date: 31-05-2025

Signature: _Leonardo Caramia_

Leonardo Caramia

**PEARL Ballot Processing Center**
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

Priority A
PostNord AB
International M
Dep.     503
PO Box 5001
SE-202 26
Malmo
Sweden
PP
Sweden

THE FILE ARRIVED IN
SWITZERLAND, IN GENEVA,
ON SEPTEMBER 2024,
AFTER THE DEADLINE

PEARL 3265 SRF 80888 Soli ID: 2377692 Pack ID: 1-5495
Caramia Leonardo
Chemin des Mesanges 2 Geneve Genf 1212 CHE

PLEASE DO NOT ENCLOSE DIRECT TO THIS ADDRESS OR THE SIDE OF
GENERAL COUNSEL.

80214-01

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION

**PLEASE TAKE NOTICE** that on June 26, 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. 19068] (the "Solicitation Procedures Order"). Among other things, the Solicitation Procedures Order approved the adequacy of the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* [D.I. 19143] (as may be amended, modified or supplemented from time to time, the "Disclosure Statement"), voting and solicitation procedures and established the timeline to confirm the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 19139] (as may be amended, modified or supplemented from time to time, the "Plan").[2] You are being provided this notice with respect to the Plan. The hearing to consider Confirmation of the Plan is scheduled for **October 7, 2024 at 10:00 a.m. prevailing Eastern Time**, and objections to the Confirmation of the Plan must be filed and served no later than **August 16, 2024 at 4:00 p.m. prevailing Eastern Time**.

### Plan Summary

The following is an overview of the treatment to be afforded to each Class of Claims or Interests under the Plan. This summary is being provided for convenience only and is qualified by the Plan itself.

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]  Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan or the Disclosure Statement, as applicable.

80214-01

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| 1 | Priority Tax Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 3A | Secured Loan Claims | Impaired | Entitled to Vote |
| 3B | Other Secured Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 4 | Separate Subsidiary Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 5A | Dotcom Customer Entitlement Claims | Impaired | Entitled to Vote |
| 5B | U.S. Customer Entitlement Claims | Impaired | Entitled to Vote |
| 5C | NFT Customer Entitlement Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 6A | General Unsecured Claims | Impaired | Entitled to Vote |
| 6B | Digital Asset Loan Claims | Impaired | Entitled to Vote |
| 7A | Dotcom Convenience Claims | Impaired | Entitled to Vote |
| 7B | U.S. Convenience Claims | Impaired | Entitled to Vote |
| 7C | General Convenience Claims | Impaired | Entitled to Vote |
| 8A | PropCo Operating Expense Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 8B | Priority DM Claim | Impaired | Entitled to Vote |
| 8C | PropCo General Unsecured Claims | Impaired | Entitled to Vote |
| 9 | Cancelled Intercompany Claims | Impaired | Not Entitled to Vote, Deemed to Reject |
| 10A | Senior Subordinated IRS Claims | Impaired | Entitled to Vote |
| 10B | Senior Subordinated Governmental Claims | Impaired | Entitled to Vote |
| 10C | Junior Subordinated IRS Claims | Impaired | Entitled to Vote |
| 11 | Intercompany Interests | Impaired | Not Entitled to Vote, Deemed to Reject |
| 12 | Preferred Equity Interests | Impaired | Entitled to Vote |
| 13 | Section 510(b) Preferred Equity Claims | Impaired | Not Entitled to Vote, Deemed to Reject |
| 14 | Section 510(b) Other Equity Claims | Impaired | Not Entitled to Vote, Deemed to Reject |
| 15 | Equitably Subordinated Claims | Impaired | Not Entitled to Vote, Deemed to Reject |
| 16 | Other Equity Interests | Impaired | Not Entitled to Vote, Deemed to Reject |
| 17 | FTT Claims and Interests | Impaired | Not Entitled to Vote, Deemed to Reject |
| 18 | *De Minimis* Claims | Impaired | Not Entitled to Vote, Deemed to Reject |

## Relevant Deadlines

The record date for purposes of determining the Holders of Claims and Interests entitled to vote on the Plan is **June 25, 2024** (the "Voting Record Date"). The deadline is **August 16, 2024** at **4:00 p.m. prevailing Eastern Time** (the "Voting Deadline") for Holders of Claims and Interests entitled to vote on the Plan, and for Holders of Class 5A Dotcom Customer Entitlement Claims and Class 7A Dotcom Convenience Claims, to make an irrevocable election

80214-01

to have their Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s liquidation proceeding in The Bahamas exchange for forever, fully and finally releasing and discharging the Debtors with respect to such Claims and forever, fully and finally withdrawing with prejudice such Claims from these Chapter 11 Cases.

The Court has set **October 7, 2024 at 10:00 a.m. prevailing Eastern Time** as the date and time for the hearing on the Confirmation of the Plan (the "Confirmation Hearing") and to consider any objections to confirmation of the Plan and shall continue to the extent necessary on such additional dates as the Court may designate. The Confirmation Hearing will be held before the Honorable Judge John T. Dorsey, United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801. The Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice other than as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with the Court. Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and other applicable law, prior to, during or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

Any objection to the confirmation of the Plan must: (1) be in writing; (2) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (3) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors; (4) state the basis and the specific grounds therefor and (5) be filed with the Court, together with proof of service thereof, and served upon and received by each of the following parties (collectively, the "Notice Parties") no later than **August 16, 2024 at 4:00 p.m. prevailing Eastern Time**. **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

### Notice Parties

(a) Counsel to the Debtors: (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (dietdericha@sullcrom.com), Brian D. Glueckstein (gluecksteinb@sullcrom.com) and Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com);

(b) The Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, Esq. (linda.richenderfer@usdoj.gov);

(c) Counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (krishansen@paulhastings.com) and Ken Pasquale (kenpasquale@paulhastings.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington,

80214-01

Delaware 19801, Attn: Matthew B. Lunn (mlunn@ycst.com) and Robert F. Poppiti, Jr. (rpoppiti@ycst.com);

(d) Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com: (i) Eversheds Sutherland (US) LLP, 227 West Monroe Street, Suite 6000, Chicago, Illinois 60606, Attn: Erin E. Broderick (erinbroderick@eversheds-sutherland.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Matthew B. Harvey (mharvey@morrisnichols.com);

(e) Counsel to the Joint Official Liquidators and Foreign Representatives of FTX Digital Markets Ltd.: (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brett Bakemeyer (brett.bakemeyer@whitecase.com) and Brian D. Pfeiffer (brain.pfeiffer@whitecase.com) and (ii) Richard, Layton, and Finger P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Brendan Schlauch (schlauch@rlf.com) and Paul N. Heath (heath@rlf.com); and

(f) To the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

The Debtors may file supplements to the Plan (the "Plan Supplement") with the Court no later than **August 9, 2024**.

## BINDING NATURE OF THE PLAN

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR PROOF OF INTEREST IN THE CHAPTER 11 CASES, FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN, OR VOTED TO REJECT THE PLAN.**

### Obtaining Copies of Relevant Documents

Copies of the Plan, the Plan Supplement, the Disclosure Statement and the Solicitation Procedures Order, as well as other documents filed in these Chapter 11 Cases, may be obtained (i) for a nominal fee from the Court's electronic docket for the Debtors' Chapter 11 Cases at https://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or (ii) free of charge by accessing the website of Kroll Restructuring Administration, LLC (the "Solicitation Agent"), https://restructuring.ra.kroll.com/FTX. In addition, the Debtors will, at their expense, provide paper copies of the Plan, Disclosure Statement or Solicitation Procedures Order to any party submitting a request for such paper copies by (a) calling the Solicitation Agent at (888)

-4-

80214-01

482-0049 (toll-free) or +1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, materials filed in these Chapter 11 Cases, but may not advise you as to whether you should object to the confirmation of the Plan or on matters relating to the Plan.

## NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN

**THE PLAN CONTAINS FURTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:**

### Section 10.5 Voluntary Release by Holders of Claims and Interests

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this Section 10.5 shall cause the release of (a) any Excluded Party, (b) Causes of Action to the extent arising**

-5-

80214-01

out of conduct that occurred prior to the Petition Date, or (c) any **Preserved Potential Claims** that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.

Definitions Related to the Debtor Release and the Third-Party Release:

Under the Plan, "Released Parties" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

Under the Plan, "Releasing Parties" means (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote to reject the Plan but do not opt out of granting the releases set forth therein; (g) the Holders of all Claims or Interests who are deemed to reject the Plan and opt in to the releases set forth therein; and (h) all other Holders of Claims or Interests to the maximum extent permitted by law. Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (h) above are not Releasing Parties.

Under the Plan, "Excluded Party" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

Under the Plan, "Exculpated Parties" means (a) the Debtors; (b) the Official Committee and its current and former members, solely in their capacities as members of the Committee; (c) the Fee Examiner; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

80214-01

Under the Plan, "Control Persons" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

## Section 10.4  Debtors' Release

Except as otherwise specifically provided in the Plan with respect to the Preserved Potential Claims, for good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases and the implementation of the orderly liquidation contemplated by the Plan, on and after the Effective Date, to the fullest extent permitted by applicable law, the Released Parties are hereby conclusively, absolutely, unconditionally, irrevocably and forever released, waived and discharged by the Debtors, the Plan Administrator and the Estates, including any successor to, or assignee of the Debtors or any Estate representative, from all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the businesses of the Debtors, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the release of any mortgage, lien or security interest, the distribution of proceeds, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act; *provided* that the release under this Section 10.4 shall not apply to (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims to the extent such Preserved Potential Claims are brought by and for the benefit of the Wind Down Entities with the approval of the Plan Administrator.  Nothing in the Plan or Confirmation Order shall affect any releases previously granted or approved by the Court.

80214-01

### Section 10.8  Exculpation

Notwithstanding anything herein to the contrary, as of the Effective Date, the Debtors and their directors, officers, employees, attorneys, investment bankers, financial advisors, restructuring advisors and other professional advisors, representatives and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with the solicitation.

As of the Effective Date, to the fullest extent permitted by applicable law, and without affecting or limiting the releases set forth in Section 10.4 or Section 10.5 of the Plan, the Exculpated Parties shall neither have nor incur any liability to any Entity for any act or omission in connection with, related to, or arising out of these Chapter 11 Cases, including (a) the operation of the Debtors' businesses during the pendency of these Chapter 11 Cases; (b) the administration and adjudication of Claims and Interests during these Chapter 11 Cases;    (c) formulating,    negotiating,    preparing,    disseminating,    implementing, administering, confirming and/or effecting the Plan, the Disclosure Statement, the Plan Supplement or any related contract, instrument, release or other agreement or document created or entered into in connection with the Chapter 11 Cases (including the solicitation of votes for the Plan and other actions taken in furtherance of Confirmation and Consummation of the Plan, the trading or sale of cryptocurrencies and tokens in connection with the Chapter 11 Cases, the offer and issuance of any securities under or in connection with the Plan and the distribution of property, Digital Assets, or tokens under the Plan); or (d) any other transaction, agreement, event, or other occurrence related to these Chapter 11 Cases taking place on or before the Effective Date, other than liability resulting from any act or omission that is determined by Final Order to have constituted gross negligence, willful misconduct, fraud or a criminal act.  Notwithstanding anything contained herein to the contrary, the foregoing exculpation does not exculpate any Excluded Party.  Nothing in the Plan or Confirmation shall affect any exculpation orders previously granted or approved by the Court.

### Section 10.9  Injunction

Except as otherwise expressly provided in the Plan or Confirmation Order with respect to Preserved Potential Claims, the satisfaction and release pursuant to this Article 10 shall also act as a permanent injunction against any Person who has held, holds or may hold Claims, Interests or Causes of Action from (a) commencing or continuing any action to collect, enforce, offset, recoup or recover with respect to any Claim, liability, obligation, debt, right, Interest or Cause of Action released, settled or exculpated under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code, including to the extent provided for or authorized by sections 524 or 1141 thereof, (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order on account of or in connection with or with respect to any such Claim or Interest; (c) creating, perfecting or enforcing any encumbrance of any kind on account of or in connection with or with respect to any such Claims or Interests; and (d) asserting any right of setoff, subrogation or recoupment of any kind on account of or in

connection with or with respect to any such Claim or Interest, notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has or intends to preserve any right of setoff pursuant to applicable law or otherwise, against any Plan Asset, the Wind Down Entities, any Holder of a Claim or Interest or any initial or subsequent transferee. Notwithstanding anything to the contrary in the Plan, all Holders of Claims, Interests or Causes of Action are enjoined from interfering with the Distributions contemplated by the Plan and from asserting any Claim or Cause of Action expressly preserved and vested exclusively in the Wind Down Entities as of the Effective Date.

Dated: June 27, 2024
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       mcguire@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

80214-22

## Item 1.  Amount of Claims or Interests.

The undersigned hereby certifies that, as of June 25, 2024 (the "<u>Voting Record Date</u>"), the undersigned was the Holder of one or more of Class 13 Section 510(b) Preferred Equity Claims, Class 14 Section 510(b) Other Equity Claims, Class 15 Equitably Subordinated Claims, Class 16 Other Equity Interests, Class 17 FTT Claims and Interests and Class 18 *De Minimis* Claims in the following aggregate amount (insert amount in box below):

---

Class 13 Section 510(b) Preferred Equity Claims _____

Class 14 Section 510(b) Other Equity Claims _____

Class 15 Equitably Subordinated Claims _____

Class 16 Other Equity Interests _____

Class 17 FTT Claims and Interests _____

Class 18 *De Minimis* Claims  2036 UOS, 3063 RSR, 55 OCEAN, 120000000000 SHIB, 401 XLH,

---

## Item 2.  Optional Opt-In Election.

**Item 2** is to be completed **only** if you are **opting in** to the Third Party Release contained in Section 10.5 of the Plan, which is set forth above in this form.

---

☐ **OPT-IN ELECTION**: You, the undersigned, elect to opt in to the release contained in Section 10.5 of the Plan (the Third-Party Release).

---

## Item 3.  Certifications.

By signing this Election Form, you certify to the Court and the Debtors that:

(a)     as of the Voting Record Date, you are either: (i) the Holder of Claims or Interests set forth in **Item 1**; or (ii) an authorized signatory for the Holder of Claims or Interests set forth in **Item 1**;

(b)     you (or in the case of an authorized signatory, the Holder) have received a copy of the *Notice of (a) Non-Voting Status to Holders of Impaired Classes Deemed to Reject the Plan and (B) Election to Opt-In to Third Party Releases*, and this Election Form is submitted pursuant to the terms and conditions set forth therein;

(c)     you have submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class set forth in **Item 1**; and

(d)     no other Election Form with respect to the amount(s) of Claims or Interests identified in **Item 1** have been submitted or, if any other Election Forms have

A-8



80214-22

been submitted with respect to such Claims or Interests, then any such earlier Election Forms are hereby revoked.

[SIGNATURE PAGE FOLLOWS]





80214-22

| | |
|---|---|
| Name of Holder: | Caramia Leonardo |
| | (Print or type) |
| Signature: | *Leonardo Caramia* |
| Signatory Name: | |
| | (If other than the Holder) |
| Title: | |
| | (If other than the Holder) |
| Address: | CHEMIN DES MESANGES 2, 1212 LANCY (GENEVA) |
| Email Address: | LEONCARA89@iCLOUD.COM |
| Telephone Number: | +41788421714 |
| Date Completed: | 13-09-2024 |

## YOUR RECEIPT OF THIS ELECTION FORM DOES NOT SIGNIFY THAT YOUR CLAIM OR EQUITY INTEREST HAS BEEN OR WILL BE ALLOWED.

## IF YOU WISH TO MAKE THE OPT-IN ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS ELECTION FORM AND SUBMIT IT PROMPTLY:

If in the envelope provided, or by first-class mail, overnight courier, or hand delivery, to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Election Form, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Election Form Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery



80214-22

---

If by electronic, online submission:

Please visit the Solicitation Agent's online voting platform at https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Election Form.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Election Form:**

**Unique Opt-In ID#:**  102A-82A9-4C51-999F

If you choose to submit your Election Form via the Solicitation Agent's online voting platform, you should not also return a hard copy of your Election Form.

The Solicitation Agent's online voting platform is the sole manner in which Opt-In Elections will be accepted via electronic or online transmission.  Election Forms submitted by facsimile, email or other means of electronic transmission will not be counted.

---

A-11





Fichier    Édition    Présentation    Historique    Signets    Fenêtre    Aide

Ven. 9 mai 14:24

claims.ftx.com

Login utente di ripristino | FTX

## Blockfolio – FTX.com Autenticazione e convalida dell'account

This will require the same username and password from your prior FTX account.

Email
leoncara89@icloud.com

### Alert

In accordance with the Order Sustaining Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims [D.I. 29464], the deadline to commence the KYC submission process was March 1, 2025 at 4:00 p.m. (ET). FTX Customer Portal access has been disabled for customers that did not log into the Customer Claims Portal and begin Step 3 by March 3, 2025 at 4:00 p.m. (ET).

CONTATTA IL SUPPORTO    CHIUDERE

Apple

PASSO 1
Avviare l'autenticazione del
proprietario dell'account    >

Per accedere al vostro conto FTX,
dovrete effettuare il login con le vostre
credenziali FTX utilizzando lo stesso 2FA
che utilizzavate prima della chiusura
degli scambi FTX.

PASSO 2
Verifica dell'i
del conto FTX

PASSO 3
KYC

PASSO 4
Visualizza i sa

PASSO 5
Visualizza lo s
richiesta di an
passivo

PASSO 6
Votazioni

PASSO 7
Distribuzioni – Requisiti fiscali

FTX Trading Ltd. 22-11068 (KBO)
One Hundred Seventy-Third Omnibus Claims Objection
Schedule 1 - Late Filed Claims

| Claim Number | Name | Debtor | Asserted Claims | | |
|---|---|---|---|---|---|
| | | | Date Filed | Tickers | Ticker Quantity |
| 99873 | Caramia, Leonardo | FTX Trading Ltd. | 02/21/2025 | POC Other Crypto Assertions: | 55.00000000000000000 |
| | | | | OCEAN | |
| | | | | RSR | 3,063.00000000000000000 |
| | | | | SHIB | 120,000,000,000.00000000000000000 |
| | | | | | 2,036.00000000000000000 |
| | | | | POC Other Crypto Assertions: | |
| | | | | UOS | |
| | | | | XLM | 401.00000000000000000 |

Reason: The Claimant has filed this claim after the applicable FTX customer claim bar date. Utilizing the information provided within the claim form and following a robust review of the books and records, the FTX Recovery Trust has not identified any liability owing to, or customer entitlement of, the claimant.

Undetermined*: Indicates claim contains unliquidated and/or undetermined amounts



190183024 0012

06.06.25 15:54

CH - 1212
Grand-Lancy 1
P.P. Postage Paid

1061

pro clima

CHF    5.50
PRIORITY

Stand 2
0.080 kg

HON. JOHN T. DORSEY

U.S. BANKRUPTCY COURT FOR
THE DISTRICT OF DELAWARE

824 MARKET STREET NORTH, 3rd FLOOR

WILMINGTON, DELAWARE 1980.



LEONARDO CALAMA
CHEMIN DES NEGANGES 2
1212 GRAND-LANCY