**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
|  | **Ref. No. 30432** |

**OBJECTION OF THE FTX RECOVERY TRUST TO MOTION TO EXTEND TIME TO
COMPLETE KYC REQUIREMENTS**

The FTX Recovery Trust[2] hereby submits this objection (this "Objection") to the

*Motion to Extend Time to Complete KYC Requirements* [D.I. 30432] (the "Motion"), filed by

Morgan & Morgan, P.A. ("Morgan & Morgan").  The FTX Recovery Trust respectfully requests

that the Motion be denied and in support of this Objection, the FTX Recovery Trust respectfully

states as follows:

**PRELIMINARY STATEMENT**

1.      Morgan & Morgan—a law firm that purports to represent customers but is

not itself an actual creditor of the estates—seeks an extension of the June 1, 2025 deadline to

complete the Know Your Customer ("KYC") procedures required for claim allowance to August

31, 2025 for an unspecified number of customers.  The Motion is the latest example of bad-faith

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of post-effective date debtor entities in these chapter 11 cases, a complete list of the post-effective date debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the FTX Recovery Trust's claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established through the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404] (the "Plan"), which became effective on January 3, 2025 [D.I. 29127].  Capitalized terms not defined herein shall have the same meaning set forth in the Plan.

opportunism by Morgan & Morgan.  Throughout these Chapter 11 Cases, Morgan & Morgan has sought special treatment on behalf of its purported clients, acted on behalf of customers who object to such representation, and maneuvered to coopt creditor claims without holder consent.

2.      The Motion is procedurally deficient for at least two reasons:  (i) Morgan & Morgan lacks standing, and (ii) the Motion is an improper pleading.[3]  First, Morgan & Morgan is not a creditor of the Debtors or their estates, and lacks standing as the movant to seek the relief sought in the Motion.  Second, even if it had such standing, the requested relief is improperly pled as a "motion to extend."  What Morgan & Morgan is actually requesting is for the Court to reconsider its *Order Sustaining Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims* [D.I. 29464] (the "KYC Objection Order"). The June 1, 2025 deadline was Court-ordered long ago in the context of sustaining a duly-noticed claims objection, and thus not a date that can simply be extended by motion.  Morgan & Morgan does not—and cannot—satisfy the requirements under rule 9023 or rule 9024 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") to amend or reconsider, respectively, the KYC Objection Order.

3.      Even if Morgan & Morgan could somehow overcome these procedural deficiencies, the Motion provides no valid substantive reason as to why additional time to complete the long-established customer KYC process is warranted.  The KYC collection process was ordered by the Court nearly two years ago and remains ongoing.  The Plan has been confirmed and is effective, and multiple distributions have been made in accordance with the terms of the Plan.  There must be resolution of the KYC collection process with respect to customer claims.

---

[3]   The Motion also did not attach a notice or proposed form of order as required by Local Rule 9013-1(f).  In addition, the Motion is signed by a Florida attorney and it is not clear that Morgan & Morgan has associated with Delaware counsel in accordance with Local Rule 9010-1(c).

The June 1, 2025 deadline to submit all necessary KYC information was established by the Court in the context of a claims objection to facilitate the resolution of all legitimate claims and the prompt distribution of value on account of Allowed Claims.

4.      To the extent Morgan & Morgan actually has any clients holding valid Claims, such clients have already had ample time to submit the required KYC information—an issue conclusively resolved by the Court upon entry of the KYC Objection Order.  The KYC Objection Order was precisely intended to address absentee and non-responsive claimants, such that the FTX Recovery Trust can progress with claims reconciliation and returning value to Holders of Allowed Claims.  Accordingly, the FTX Recovery Trust respectfully requests that the Court deny the Motion.

**RELEVANT BACKGROUND**

5.      On June 28, 2023, this Court entered the *Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1793] (the "Customer Bar Date Order").  The Customer Bar Date Order established September 29, 2023 as the deadline to file proofs of claim on account of Customer Claims and ordered, among other things, that as part of the proof of claim submission process, the original holder of the Customer Claim shall submit KYC information.

6.      On November 11, 2024, the Debtors filed the *Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims* [D.I. 28225] (the "Omnibus Claims Objection") seeking to establish deadlines for customers to commence the KYC process and to submit all requested KYC information.

7.    The Court granted the Omnibus Claims Objection and, on February 3, 2025, established (i) a March 1, 2025 deadline to commence[4] the KYC submission process and (ii) a June 1, 2025 deadline to "submit all KYC information requested by the Debtors or their KYC vendors."  (KYC Objection Order ¶¶ 2-3.)

8.    On April 2, 2025, the FTX Recovery Trust filed the *Notice of Expungement of Unverified Customer Entitlement Claims* [D.I. 30042] confirming over 390,000 claims that were expunged pursuant to the KYC Objection Order for failure to commence KYC by March 1, 2025. To the extent a customer has experienced technical difficulties logging on to the customer portal or submitting the required KYC documents, the FTX Recovery Trust has reasonably worked with such customers to resolve these issues.

9.    On May 16, 2025, on the eve of the expiration of the June 1, 2025 deadline, Morgan & Morgan filed the Motion requesting an extension of the June 1, 2025 deadline for an unspecified group of customers.

## OBJECTION

### I.    Morgan & Morgan Lacks Standing.

10.    Morgan & Morgan is not a claimant in these Chapter 11 Cases.  Morgan & Morgan does not hold any claims against or interests in the FTX Recovery Trust, thus lacking standing to pursue the Motion on its own behalf.  To the extent that it purports to represent customers, Morgan & Morgan has failed to file a verified statement in accordance with Bankruptcy Rule 2019 disclosing the representation of any such clients.

---

[4]    The KYC Objection Order defined "commencing" the KYC submission process as logging into the Customer Claims Portal and beginning "Step 3 – Provide Know Your Customer (KYC) Information."

11.     Alarmingly, several of its supposed clients have filed objections with the Court contesting documentation that appears to have been prepared by Morgan & Morgan to transfer those clients' claims directly to Morgan & Morgan. *See Objection to Transfer of Claim – Claim No. 6319* [D.I. 29947] and *Objection to Transfer of Claim No. 6304 & 80161* [D.I. 29870]. Such objections, together with the failure to file a verified Rule 2019 statement, make it impossible to establish if Morgan & Morgan actually represents any creditors and, if so, the identities of Morgan & Morgan's actual clients (if any).

12.     As a result, Morgan & Morgan should not be heard on the Motion and the Motion should be denied.

## II.     The Motion Improperly Seeks Reconsideration of an Entered Order and Does Not Satisfy the Reconsideration Standard.

13.     This Court entered the KYC Objection Order on February 3, 2025 sustaining the Omnibus Claims Objection.  Over three months after entry of the KYC Objection Order, under the guise of a "motion to extend," Morgan & Morgan now seeks to subvert the long-passed objection deadline of the Omnibus Claims Objection and substantively asks the Court to reconsider its KYC Objection Order—specifically the approved June 1, 2025 deadline to submit all KYC information.  Morgan & Morgan does not address, never mind attempt to satisfy, the applicable legal standards to obtain relief from a final non-appealable order of this Court under rule 59 or rule 60 of the Federal Rules of Civil Procedure.  Instead, Morgan & Morgan improperly asks the Court to extend its previously ordered deadline granted in the context of a final and non-appealable order sustaining claims objections.  That is not permissible.

14.     Rule 59(e) of the Federal Rules of Civil Procedure, incorporated into chapter 11 proceedings by Bankruptcy Rule 9023, provides that a motion to reconsider may only be brought within 28 days after the entry of a judgment.  Pursuant to rule 59(e), a judgment may

be altered or amended only when the party seeking reconsideration shows: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in manifest injustice. *In re W.R. Grace & Co.*, 384 B.R. 670, 674–75 (Bankr. D. Del. 2008) (citing *Max's Seafood Cafe ex rel. Lou–Ann, Inc.* v. *Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Morgan & Morgan's request is therefore late because the time to seek reconsideration passed long ago, and it cannot in any event satisfy any of the applicable bases for reconsideration if the Court were to deem the Motion as making such a request.

15.     Furthermore, rule 60(b) of the Federal Rules of Civil Procedure, incorporated into chapter 11 proceedings by Bankruptcy Rule 9024, provides limited bases to seek relief from an final order of this Court, none of which are applicable:  (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (iii) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (iv) the judgment is void; (v) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (vi) any other reason that justifies relief. Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024. As this Court has noted, relief from a final order under rule 60(b) is extraordinary relief, to be granted only upon exceptional circumstances. *In re Vision Metals, Inc.*, 311 B.R. 692, 698 (Bankr. D. Del. 2004) ("[r]elief is appropriate under Rule 60(b) only upon a showing of exceptional circumstances and where, absent such relief, an extreme and unexpected hardship will result.").

16.     Morgan & Morgan has not attempted to, and cannot possibly demonstrate, mistake, newly discovered evidence or any other reason that would justify reconsideration of the

KYC Objection Order under rule 60, let alone establish the "exceptional circumstances" required for its application. Morgan & Morgan completely ignores the applicable legal standards for relief from a final and non-appealable order, and instead simply requests the Court extend the June 1, 2025 deadline under the KYC Objection Order. The Motion therefore must be denied.

**III.    Morgan & Morgan Fails to Provide Any Valid Reason for an Extension.**

17.    Even if the Court were inclined to further consider Morgan & Morgan's fatally defective Motion (and it should not), Morgan & Morgan has not provided *any* reason as to why additional time for any of its purported clients is warranted. There have been numerous reminders, notices and requests over the last two years to complete the Court-approved KYC verification procedures before the entry of the KYC Objection Order (Omnibus Claims Obj. ¶¶ 14-20), as well as several additional notices since entry of the KYC Objection Order detailing the KYC process, the Omnibus Claims Objection, and the effect of the KYC Objection Order on June 1, 2025 if the requested information was not provided. Throughout this two year period, the FTX Debtors, and since the Effective Date, the FTX Recovery Trust, have worked to accommodate customers who have attempted to complete the KYC procedures and reached out with technical or other issues.

18.    While the FTX Recovery Trust is unable to ascertain the identities of many of Morgan & Morgan's unverified and unnamed "clients," all creditors in these Chapter 11 Cases have had ample time and notice to complete the KYC procedures. The KYC Objection Order is expressly intended to expunge the claims of those who have been chronically absent and unresponsive, and it is exactly for these claimants whom Morgan & Morgan now improperly seeks to extend the deadline, thus interfering with the KYC Objection Order's very purpose.

19.    Consistent with the specious nature of the Motion, Morgan & Morgan does not limit its extension request to its own purported clients but instead requests an extension of time

for *all customers*—none of whom have engaged Morgan & Morgan to make such a request. Such overly broad requested relief is facially unavailable and unwarranted.

20. Notwithstanding the abundance of notice and opportunity to object to these deadlines, Morgan & Morgan did not appear at any proceeding, did not file an objection to the Omnibus Claims Objection or entry of the KYC Objection Order, and did not raise any concerns with this Court until the eve of the June 1, 2025 deadline. The threadbare Motion does not set forth any justification for the extension of the KYC deadline for *any* of Morgan & Morgan's so-called clients, let alone anyone else.

21. Finally, Morgan & Morgan conflates the KYC process, which is one component of the claim allowance process, with determination and allowance of specific claim amounts. (Mot. at ¶ 2.) Section 8 of the Plan provides that unless "Allowed," all Claims are "Disputed" and that the Plan Administrator currently has until January 3, 2026 (*i.e.*, one year after the Effective Date) to reconcile, resolve and, if needed, object to and prosecute, Disputed Claims (each such capitalized term, as defined in the Plan). Given that there is significant time remaining and the January 3, 2026 deadline is subject to extension by the Court, there is no basis for Morgan & Morgan to demand reconciliation of its purported clients' claims. The Plan Administrator and its advisors are in the process of reviewing and reconciling hundreds of thousands of Claims, and there is no basis for any of Morgan & Morgan's purported clients to jump the line.

22. For the foregoing reasons, the FTX Recovery Trust respectfully submits that the Motion should be denied.

Dated:  June 18, 2025
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:  landis@lrclaw.com
         mcguire@lrclaw.com
         brown@lrclaw.com
         pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:  dietdericha@sullcrom.com
         bromleyj@sullcrom.com
         gluecksteinb@sullcrom.com
         kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*