# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 30433** |

## OBJECTION OF THE FTX RECOVERY TRUST TO MOTION TO APPEAR REMOTELY VIA VIDEO CONFERENCE

The FTX Recovery Trust[2] hereby submits this objection (this "Objection") to the *Motion to Appear Remotely Via Video Conference* [D.I. 30433] (the "Motion"), filed by Morgan & Morgan, P.A. ("Morgan & Morgan"). The FTX Recovery Trust respectfully requests that the Motion be denied and in support of this Objection, the FTX Recovery Trust respectfully states as follows:

### PRELIMINARY STATEMENT

1.    Morgan & Morgan seeks permission from this Court to appear via videoconference at the June 25, 2025 hearing on its *Motion to Extend Time to Complete KYC Requirements* [D.I. 30432] (the "Extension Motion").[3] The Extension Motion is procedurally

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of post-effective date debtor entities in these Chapter 11 Cases, a complete list of the post-effective date debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Recovery Trust's claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established through the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404] (the "Plan"), which became effective on January 3, 2025 [D.I. 29127].

[3]    Neither the Motion nor the Extension Motion were filed with any hearing or return date, in contravention of Local Rule 9013-1(e)(ii) and (iii), but the Motion makes clear Morgan & Morgan intends for the Extension Motion to be heard at the June 25, 2025 omnibus hearing.

deficient, seeks improper relief, was filed in bad faith, and should be denied.[4]  Morgan & Morgan should not be permitted to lob a frivolous and procedurally deficient filing like the Extension Motion before the Court and then be excused from having to appear before the Court to prosecute it.

2.      Morgan & Morgan filed the Motion and the Extension Motion as the named movant, not on behalf of any of its purported clients.  Morgan & Morgan does not itself hold any claims against or interests in the FTX Recovery Trust and therefore lacks standing to bring the Extension Motion as movant.  Moreover, if Morgan & Morgan intended to prosecute the Extension Motion on behalf of purported clients, it did so improperly.  Based on objections filed by some of Morgan & Morgan's alleged clients, it is apparent Morgan & Morgan is attempting to act for the benefit of a group of creditors without their knowledge or approval of many of them.  Even if Morgan & Morgan had legitimate creditor clients, Morgan & Morgan has failed to comply with rule 2019(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") disclosing its representation.

3.      In the event this Court finds that Morgan & Morgan does have standing to prosecute the Extension Motion, Morgan & Morgan has cited no valid extenuating circumstances to appear remotely.  Pursuant to this Court's Chambers Procedures (the "Chambers Procedures"), parties must demonstrate extenuating circumstances to appear remotely.  Morgan & Morgan cites "scheduling conflicts" as justification to appear remotely.  However, the Know Your Customer ("KYC") verification process that the Extension Motion is seeking to extend has been ongoing for two years and the June 1, 2025 deadline that the Extension Motion seeks to extend was ordered by

---

[4]     Concurrent with the filing of this Objection, the FTX Recovery Trust is also filing an objection to the Extension Motion.

this Court on February 3, 2025. Morgan & Morgan has had ample time to seek relief from the Court before the June 25, 2025 hearing to avoid these "scheduling conflicts." After all, Morgan & Morgan is the movant and is seeking to have the Extension Motion heard at the June 25 hearing.[5]

4.       The Extension Motion is nothing more than a last minute and bad faith effort by Morgan & Morgan to interfere with the Court-approved KYC verification process, and no accommodation should be provided to make those efforts easier on the movant.

## RELEVANT BACKGROUND

### I.    Morgan & Morgan's "Representation" of Creditors

5.       Morgan & Morgan purports to represent creditors who hold small Customer Entitlement Claims.[6] Morgan & Morgan has provided counsel to FTX Recovery Trust with an unverified internal list of these supposed clients. However, Morgan & Morgan has never filed a verified statement disclosing its representation of these holders in accordance with Bankruptcy Rule 2019.

6.       Based on filings on the docket, it is unclear if Morgan & Morgan's purported clients have consented to Morgan & Morgan's representation. Multiple of Morgan & Morgan's purported "clients" have filed objections to notices of claim transfers sent to them by Morgan & Morgan, claiming that such attempted transfers were unauthorized. *See Objection to Transfer of Claim – Claim No. 6319* [D.I. 29947] ("I recently received a Notice of Transfer of Claim Other than for Security, dated February 2025, stating that my claim has allegedly been

---

[5]    While Morgan & Morgan states in the Motion that the Extension Motion is scheduled for the hearing on June 25, 2025, neither the Motion nor the Extension Motion attach a notice in accordance with Local Rule 9013-1(f).

[6]    "Customer Entitlement Claims" as defined in the Plan, means any claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law or otherwise) held by any person or entity against any of the Debtors that compensates the holder of such claim for the value as of the Petition Date of cash or digital assets held by such person or entity in an account on any FTX exchange.

transferred to Morgan & Morgan, P.A. . . . I am the rightful owner of Claim No. 6319, and I request that the court deny and reject this unauthorized transfer") and *Objection to Transfer of Claim No. 6304 & 80161* [D.I. 29870] ("This claim transfer was attempted without my knowledge or approval. . . .  Approving this transfer would strip me of my rightful ownership of my claim").

7.    On May 16, 2025, Morgan & Morgan filed the Extension Motion seeking to extend the deadline for their clients to complete KYC requirements, claiming that a "substantial majority" of their clients have unresolved technical issues (Extension Mot. ¶ 2), despite having two years and receiving multiple reminders to complete the process and to reach out to FTX Customer Support about any technical issues.

8.    On May 16, 2025, Morgan & Morgan filed the Motion, requesting to appear at the June 25th hearing via videoconference due to "scheduling conflicts," without further explanation or justification.  Motion ¶¶ 2-3.

## OBJECTION

### I.    Morgan & Morgan Lacks Standing.

9.    Morgan & Morgan lacks standing to pursue the Extension Motion, and therefore Morgan & Morgan also lacks standing to request to appear remotely on the Extension Motion.  Morgan & Morgan filed the Extension Motion as the movant, not on behalf of any of its purported clients.  Morgan & Morgan does not itself hold a Customer Entitlement Claim or any other claim against or interest in the FTX Recovery Trust.  While Morgan & Morgan may have attempted to transfer some of its purported clients' claims to itself—potentially without their consent—no valid claim transfers have been filed or processed.  Therefore, Morgan & Morgan lacks standing to be heard by this Court on the subject matter of the Extension Motion on its own behalf.

10.     Even if Morgan & Morgan had properly filed the Extension Motion on behalf of its purported clients, Morgan & Morgan has failed to properly disclose its representation. Pursuant to Bankruptcy Rule 2019, an entity, including a law firm, "that represents[] multiple creditors . . . that are . . . acting in concert to advance their common interests" by "tak[ing] a position before the court" is required to file a verified statement with information about such creditors, including names and holdings. *See, e.g., In re Imerys Talc Am., Inc.*, Case No. 19-10289 (LSS) (Bankr. D. Del. Mar. 12, 2021) [D.I. 3088] (ordering law firms representing creditors to file statements under Bankruptcy Rule 2019 within five days). The rule provides that the Court has discretion to address a failure to comply by refusing to permit the entity or group to be heard. Fed. R. Bank. P. 2019(e); *see In re Gawker Media LLC*, Case No. 16-11700 (SMB) (Bankr. S.D.N.Y. Feb. 8, 2017) [D.I. 743] (enjoining group from being heard or intervening in chapter 11 case due to non-compliance with Bankruptcy Rule 2019).

11.     If Morgan & Morgan does in fact represent any of their alleged client creditors with respect to claims in these Chapter 11 Cases, Morgan & Morgan has failed to file a compliant verified statement in accordance with Bankruptcy Rule 2019(b)(1). *See In re Wash. Mut., Inc.*, 419 B.R. 271, 274 (Bankr. D. Del. 2009) (holding that Bankruptcy Rule 2019 requires disclosure from members of a group representing more than one creditor). Morgan & Morgan purportedly attached a client list to its pro hac vice application, but this application was filed under seal and the as-filed client list has not been provided to the FTX Recovery Trust. *See Motion to Appear Pro Hac Vice* [D.I. 5543]. In any event, attaching a sealed client list to a pro hac vice application does not comply with Bankruptcy Rule 2019.

12.     This Court addressed a similar situation during these Chapter 11 Cases' disclosure statement hearing. A law firm which had not complied with Bankruptcy Rule 2019 and

did not hold claims of its own filed an objection to the Debtors' proposed disclosure statement. The Debtors objected arguing, among other things, that the law firm lacked standing, and this Court ruled in favor of the Debtors finding that the law firm did not have standing to object. June 25, 2024 Hr'g Tr. at 36:12-14 (". . . if you are going to appear here on behalf of creditors you have to have a creditor. You don't have a creditor. You have a law firm who is not a creditor of this estate and, therefore, they do not have standing to press any objections…"). The same is true for Morgan & Morgan. Unless and until it complies with Bankruptcy Rule 2019 and properly demonstrates its representation of its purported clients, Morgan & Morgan should not be heard by this Court on the Extension Motion, remotely or otherwise.

## II.    Morgan & Morgan's Scheduling Conflicts Do Not Constitute Extenuating Circumstances.

13.    Under Section A.4.a. of the Chambers Procedures, case participants, which include attorneys and creditors, may only appear remotely for in-person court proceedings under the following circumstances: "(i) [c]ounsel for a party or a pro se litigant files a response or objection and intends to make only a limited argument; (ii) [a] party or a representative of a party is interested in observing the hearing; (iii) [a] party is proceeding in a claims allowance dispute on a pro se basis; (iv) [a] witness has submitted a declaration and no live testimony will occur; or (v) [o]ther extenuating circumstances that warrant remote participation as may be determined by the Court."

14.    Morgan & Morgan has not demonstrated that it satisfies the Chambers Procedures to appear remotely. Morgan & Morgan asserts merely "scheduling conflicts" as its bases without any details or justification. That general and conclusory statement cannot possibly satisfy the Court's requirement that "extenuating circumstances" be demonstrated. Further, the Motion and Extension Motion are signed by a Florida attorney and no Delaware counsel appears

on the signature block.  In accordance with Local Rule 9010-1(c), Morgan & Morgan is required to associate with Delaware counsel and, to the extent it has done so, has provided no explanation in the Motion why Delaware counsel cannot argue the Extension Motion if out-of-state counsel is unavailable to attend the hearing in-person on June 25, 2025.  The KYC verification process has been Court-approved and ongoing for nearly *two years*.  This Court's order granting the Debtors' claims objection and establishing the June 1, 2025 deadline was entered on February 3, 2025.

15.     Morgan & Morgan's purported clients have had years to comply with the KYC verification requirements, but, if Morgan & Morgan believed that additional time was warranted for certain of its alleged clients, Morgan & Morgan had ample opportunity to seek relief from the Court well before now.  Regardless, Morgan & Morgan, as the movant, chose to pursue its Extension Motion at the June 25, 2025 omnibus hearing.  Having done so, the Court should not permit Morgan & Morgan to avoid appearing in person to pursue its specious Extension Motion. There are no extenuating circumstances to warrant a remote appearance by counsel, and the Motion to appear remotely should be denied.

Dated:  June 18, 2025
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:  landis@lrclaw.com
       mcguire@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:  dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*