IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

IN RE:                                                    Chapter 11

FTX TRADING LTD., et al.,                                 Case No.: 22-11068 (KBO)

Debtors                                                   (Jointly Administered)

Hearing Date: June 25, 2025 at 9:30 A.M. (ET)

Objection Deadline: June 11, 2025 at 4:00 P.M. (ET)

Ref. No.: 30300

**OBJECTION TO CLAIM DISALLOWANCE**

Claimant: Richard B. Rattey

Address: 121 Westmoreland Ave, Apt 601, White Plains, NY 10606

Claimant: TRYK 86 LLC

Address: 30 N. Gould St. Ste R, Sheridan, WY, 82801

Contact: 929-277-8795

Email: RB.TRYK@GMAIL.COM

Claim Numbers:

RATTEY/TRYK 86 LLC v. FTX TRADING LTD. (Claim #94653)

RATTEY/TRYK 86 LLC v. ALAMEDA RESEARCH BAHAMAS LTD. (Claim #98399)

STATEMENT OF OBJECTION:

I, Richard B. Rattey, formally object to the FTX Recovery Trust's One Hundred Sixty-Second (Non-Substantive) Omnibus Objection to Certain Superseded Claims (Customer Claims) filed on April 28, 2025.

1

My objection is based on the following grounds:

- My claim is NOT duplicative. The FTX Recovery Trust has misclassified my claim as superseded, when in fact, my claims represent separate entitlements under distinct circumstances. The claim is split in two for equity in cash $12,500 USD deposited as collateral and $12,500 USD in Solana (SOL) as the leveraged position which appreciated to $29,400.33 at time of FTX/Alameda default.

- Misclassification of my claim. My claim should have been properly categorized under 7A dot com convenience rather than its current erroneous classification. Although I submitted the Class 7A Ballot (Case 22-11068-JTD Doc 4863-8 Filed 12/16/23) I was never notified by FTX/Kroll of the reclassification of my claim to disputed Class 7B. As stated:

"FTX's Class 7A refers to Dotcom Convenience Claims, which are part of the broader bankruptcy restructuring plan. These claims are designed for creditors with smaller balances, typically under $50,000, allowing for quicker payouts compared to larger claims. The bankruptcy plan outlines that non-governmental creditors have priority, and certain customers—especially those from FTX.com and FTX.US—are set to receive compensation faster. Additionally, creditors in Class 7A may be eligible for 9% yearly interest payments on their claims."

- Omission from the first distribution. My claim was eligible for payment in the January first distribution, with priority, yet was unjustifiably excluded, without notice.

- Submission of complete supporting evidence. I have provided all necessary evidence substantiating both of my claims, including transaction records, account verification, and correspondence with debtor representatives. To date, I have received no reply or acknowledgement from FTX/Debtors counsel.

2

- Full compliance with KYC verification. I complied with the Know Your Customer (KYC) process via the FTX Claims Portal, verifying my identity and claim legitimacy with BitGo on or about December 12, 2024.

- Election for the up to $50,000 claim allowance. I formally elected for the $50,000 Class 7A claim allowance, which has not been appropriately recognized by FTX/Kroll or Debtor's counsel to date.

- Historical evidence dating back to 2020 prior to the FTX collapse has been provided to debtor's counsel with extensive blockchain transaction records verifying these claims and the exact amounts. Debtor's counsel has repeatedly neglected and/or failed to explain or respond to inquiries as to justification of their dispute of these claims.

- Failure of debtor's counsel to address discrepancies. Despite numerous communications with debtor's attorneys seeking resolution of discrepancies, I have received no response, constituting procedural negligence in claims management.

- Right to additional compensation. Due to the appreciation of the underlying cryptocurrency assets, I am entitled to compensation reflecting the fair market value at the time of recovery, not merely their original valuation.

LEGAL SUPPORT:

1. Bankruptcy § 502. Allowance of claims or interests.

A claim may not be disallowed unless it is "unenforceable against the debtor and the debtor's property under any agreement or applicable law." Since my claims are distinct and enforceable, they should not be expunged merely based on administrative classification errors.

2. Bankruptcy Rule 3007(d)(1) – Duplicative Claims.

3

Courts have determined that even claims with different dollar amounts may still be separate and valid.

(d) Omnibus Objection. Subject to subdivision (e), objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:

(1) they duplicate other claims;

SUPPORTING CASE LAW:

1. In re. CPESAZ Liquidating, Inc., 2023 WL 3773642 (B.A.P. 9th Cir. June 2, 2023) – Found that even if claims list different amounts, they are not necessarily duplicative.

2. In re. Handy Andy Home Improvement Ctrs. Inc., 222 B.R. 571 (Bankr. N.D. Ill. 1998) – Claimants cannot recover multiple times for the same injury, which does not apply here as my claims represent distinct entitlements.

3. Bankruptcy Rule 3007(d)(3) – Amended Claims.

Claims amended by later filings may be expunged, but courts clarify that proper amendments require valid justification.

3. In re. Vertis Holdings, Inc., No. 12-12821 (Bankr. D. Del. Feb. 14, 2013) – Clarified criteria for valid claim amendments, which do not apply to my claims since they were distinct.

4. In re. Sportsman's Warehouse, Inc., No. 09-10990 (Bankr. D. Del. Jul. 28, 2011) – Ruled that amendments must preserve claimant rights,

4

meaning improper categorization should not result in expungement.

4. Burden Of Proof On Debtors - Prima Facie Validity of Claims.

   5. Under In re Allegheny Int'l, Inc., 954 F.2d 167 (3d Cir. 1992), when a debtor objects to a claim, the burden shifts back to the claimant to prove validity.

I have submitted full supporting documentation, my claims retain prima facie validity, requiring the debtor to present clear evidence to rebut them, which has not occurred.

REQUEST FOR RELIEF:

I respectfully request that the Court:
- Recognize my claims as valid and distinct.
- Reclassify my claim appropriately under 5A dot com convenience.
- Include my claim in the next approved distribution.
- Ensure fair compensation reflecting asset appreciation.
- Compel debtor's attorneys to provide a formal response to claim discrepancies.

CONCLUSION:
I appreciate the Court's consideration of this objection and respectfully request a formal resolution ensuring the fair treatment and immediate payment of my claims in the amount of $33,811.57 USD (Principal of $26,489.70, plus 9% interest compounded accrued of $7,321.87).

Respectfully Submitted,

Richard B. Ramey
TRYK 86 LLC
121 Westmoreland Ave, Apt 601
White Plains, NY 10606

5

929-277-8795

RB.TRYK@GMAIL.COM

Dated: JUNE 11, 2025

SERVICE OF OBJECTION

SERVED AS MAILED USPS FIRST CLASS:

This objection will be served upon Debtor's Counsel:
Counsel for the FTX Recovery Trust:

LANDIS RATH & COBB LLP
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800, Wilmington, DE 19801
Emails: landis@lrclaw.com, brown@lrclaw.com, pierce@lrclaw.com

SULLIVAN & CROMWELL LLP
Andrew G. Dietderich
James L. Bromley
Brian D. Glueckstein
Christian P. Jensen
125 Broad Street, New York, NY 10004
Emails: dietdericha@sullcrom.com, bromleyj@sullcrom.com, gluecksteinb@sullcrom.com, jensenc@sullcrom.com

FILED AS MAILED:
United States Bankruptcy Court
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

6

B. Patel
121. Westgate Rd. #69
White Plains, NY
10601



United States. Bankruptcy Court
824 North Market St.
3rd Floor.
Wilmington. DE
1980 1

19801-3024991

NEW YORK NY 100
3 JUN 2025 PM 9 L



FOREVER / USA