**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: TBD**<br>**Objection Deadline: July 7, 2025 at 4:00 p.m. (ET)**<br>**Re: Docket No. 30911** |

**MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING FILING OF RESPONSE UNDER SEAL**

By this motion (the "Motion to Seal"), Customer with the unique ID code of 911658 ("Claimant"), by and through its undersigned counsel, hereby requests this Court, pursuant to section 107 of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to enter an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Claimant to file under seal the *Response of Claimant to the FTX Recovery Trust's One Hundred Sixtieth (Substantive) Omnibus Objection to Claims* [Docket No. 30911] (the "Response"). In support of its Motion to Seal, the Claimant respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    The statutory predicates for the relief requested herein are section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3.    Further, pursuant to Local Rule 9013-1(f), Claimant hereby consents to the entry of a final judgment or order in connection with the Motion to Seal if it is determined that this Court cannot, absent the consent of the parties, enter such final judgment or order consistent with Article III of the United States Constitution.

## BACKGROUND

4.    On and after November 11, 2022, and November 14, 2022, (the "Petition Date"), the above captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

5.    On March 8, 2023, the Court entered the *Order Approving Confidentiality Agreement and Stipulated Protective Order* [Docket No. 832] approving the *Confidentiality Agreement and Stipulated Protective Order* [D.I. 832-1] (the "Confidentially Order") applicable to these chapter 11 cases.

6.    On February 25, 2025, the FTX Recovery Trust filed the *FTX Recovery Trust's One Hundred Sixtieth (Substantive) Omnibus Objection to Certain Overstated Proofs of Claim*

2

*(Customer Claims)* [Docket No. 29733] (the "Claims Objection"), which seeks to disallow Claimant's Proof of Claim #96754 (the "Claim").

7.        On June 18, 2025, Claimant filed the Response to the Claims Objection in further support of Claimant's Claim.  The Response contains confidential information that can be used to personally identify Claimant and describes the circumstances under which Claimant was induced to provide funds to the Debtors.  Claimant files this Motion to Seal to protect Claimant's information and to avoid any harm that may result from the public disclosure of Claimant's sensitive personal information.

8.        Further, the FTX Recovery Trust provided Discovery Materials to Claimant pursuant to the Confidentiality Order that is referenced in the Response.  Claimant seeks entry of the Proposed Order to avoid disclosure of confidential information provided under the Confidentiality Order.

## REQUESTED RELIEF AND BASIS THEREFOR

9.        By this Motion to Seal, Claimant respectfully requests that the Court enter the Proposed Order authorizing Claimant to file the Response under seal.  The Response contains confidential personal information and discussion based on the Discovery Materials provided under the Confidentiality Order that would be harmful to Claimant and the Debtors if publicly disclosed. Therefore, Claimant is seeking authority to file the Response under seal.  Claimant also seeks, pursuant to the Proposed Order, a ruling that the Response not be made available to anyone except the Court, the FTX Recovery Trust, the U.S. Trustee, and others solely upon agreement of Claimant or further Court order.

10.     Accordingly, Claimant submits that the filing of the Response under seal is appropriate under section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

11.     Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect claimants from potential harm that may result from the disclosure of certain information.  This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

12.     In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

13.     Section 107(b) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public.  *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures)*, 21 F.3d 24, 27 (2d Cir. 1994).  Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate "good cause."  *See, e.g.*, *In re Orion Pictures Corp.*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Instead, the moving party simply must demonstrate that the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code.  Once a court determines that a

party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

14.    Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b), and provides, in relevant part, that the Court may, "with or without notice, issue any order that justice requires to (1) protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information; [or] (2) protect an entity from scandalous or defamatory matter in any document filed in a bankruptcy case" Fed. R. Bankr. P. 9018.  Local Rule 9018-1(d) requires that a party seeking to file documents under seal file a motion requesting such relief.  Del. Bankr. L.R. 9018-1(d).

15.    Here, sufficient cause exists for the Court to grant the relief sought by this Motion to Seal because doing so will preclude public disclosure of Claimant's confidential personal information and protect Claimant from undue prejudice.  Public disclosure of the Response would risk substantial harm to Claimant through public exposure of its sensitive personal information. Sealing of the Response is necessary to protect Claimant's personal information and the confidential material discussed therein.

16.    Claimant has filed a sealed version of the Response on the docket as a restricted document, in accordance with CM/ECF procedures and the Local Rules.  Claimant requests that copies of the Response not be made available to anyone except for this Court, the FTX Recovery Trust, the U.S. Trustee, and others solely upon agreement of the Claimant or further Court order.

## LOCAL RULE 9018-1(d) CERTIFICATION

17.    To the best of the knowledge, information, and belief of the undersigned counsel to the Claimant, the Response contains information that is confidential, as contemplated by Local

Rule 9018-1(d).  Prior to the filing of this Motion to Seal, Claimant attempted to confer in good faith with counsel to the FTX Recovery Trust on the filing of this Motion to Seal.  Counsel to the FTX Recovery Trust did not respond to the Claimant regarding this Motion to Seal.

## **NOTICE**

18.    Notice of this Motion to Seal has been provided to all parties that were served with the Response and the Office of the United States Trustee for the District of Delaware.

## **NO PRIOR REQUEST**

19.    No previous request for the relief requested herein has been made to this or any other court.

*[Remainder of page left intentionally blank]*

**WHEREFORE**, for the reasons set forth above, Claimant respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and awarding such other and further relief as the Court deems just and proper.

Dated: June 23, 2025
        Wilmington, Delaware

Respectfully submitted,

*/s/ Shannon A. Forshay*
R. Stephen McNeill (No. 5210)
Shannon A. Forshay (No. 7293)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: rmcneill@potteranderson.com
            sforshay@potteranderson.com

*Counsel for Claimant*