## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. __** |

**ORDER SUSTAINING FTX RECOVERY TRUST'S ONE HUNDRED EIGHTY-
SECOND (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN
SUPERSEDED CLAIMS (CUSTOMER CLAIMS)**

Upon the one hundred eighty-second omnibus objection (the "Objection")[2] of the

FTX Recovery Trust[3], for entry of an order (this "Order") sustaining the Objection and

disallowing and expunging in their entirety the Superseded Claims set forth in Schedule 1

attached hereto; and this Court having jurisdiction to consider the Objection pursuant to

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United

States District Court for the District of Delaware, dated February 29, 2012; and this Court being

able to issue a final order consistent with Article III of the United States Constitution; and venue

of these Chapter 11 Cases and the Objection in this district being proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

[3]    The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' (as defined below) confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1].

this Court having found that proper and adequate notice of the Objection and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and responses (if any) to the Objection having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Objection and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the FTX Recovery Trust; and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Objection is SUSTAINED as set forth herein.

2.      Each Superseded Claim set forth in Schedule 1 attached hereto is disallowed and expunged in its entirety.  The claims listed in the column titled "Surviving Claims" identified on Schedule 1 attached hereto shall remain on the claims register, subject to (a) the FTX Recovery Trust's further objections on any substantive or non-substantive grounds and (b) any order with respect to any prior or subsequent objection to the "Surviving Claims" identified on Schedule 1 attached hereto.

3.      Should one or more of the grounds of objection stated in the Objection be dismissed, the FTX Recovery Trust's right to object on any other grounds that the FTX Recovery Trust discovers is preserved.

4.      This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly

reserved with respect to any Superseded Claims referenced or identified in the Objection that is not listed on Schedule 1 attached hereto.

5.      To the extent a response is filed regarding any Superseded Claim, each such Superseded Claim, and the Objection as it pertains to such Superseded Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order will be deemed a separate order with respect to each Superseded Claim.  Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

6.      The FTX Recovery Trust is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

7.      Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the FTX Recovery Trust may have to enforce rights of setoff against the claimants.

8.      Nothing in the Objection or this Order, nor any actions or payments made by the FTX Recovery Trust pursuant to this Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors or the FTX Recovery Trust under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the FTX Recovery Trust's or any other party-in-interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority,

enforceability, or perfection of any lien on, security interest in, or other encumbrance on property

of the FTX Recovery Trust; or (f) a waiver of any claims or causes of action which may exist

against any entity under the Bankruptcy Code or any other applicable law.

9.     This Order is immediately effective and enforceable, notwithstanding the

possible applicability of Bankruptcy Rule 6004(h) or otherwise.

10.     This Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to the Objection or the implementation of this Order.

Dated: _____

       Wilmington, Delaware                   The Honorable Karen B. Owens
                                          Chief United States Bankruptcy Judge

# SCHEDULE 1

**Superseded Claims**

**FTX Trading Ltd. 22-11068 (KBO)**
**One Hundred Eighty-Second Omnibus Claims Objection**
**Schedule 1 - Superseded Claims**

| Claim Number | Name | Debtor | Tickers | Ticker Quantity | Claim Number | Name | Debtor | Tickers | Ticker Quantity |
|---|---|---|---|---|---|---|---|---|---|
| | | Claims to be Disallowed | | | | | Surviving Claims | | |
| 82919 | Name on file | FTX Trading Ltd. | USD | 1,726.55000000000000 | 82955 | Name on file | West Realm Shires Services Inc. | USD | 1,726.55000000000000 |
| 97087 | Name on file | West Realm Shires Services Inc. | USD | Undetermined* | 97382* | Name on file | West Realm Shires Services Inc. | CUSDT | 1.00000000000000 |
| | | | | | | | | SOL | 0.00000000245593 |
| | | | | | | | | USD | 21,326.15421835000000 |

97382*: Claim was ordered modified on the FTX Recovery Trust's One Hundred Fifty-Fourth (Substantive) Omnibus Objection to Certain Fully or Partially Unliquidated Proofs of Claim (Customer Claims)
Undetermined*: Indicates claim contains unliquidated and/or undetermined amounts