# EXHIBIT B

**Esposito Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF ROB ESPOSITO IN SUPPORT OF FTX RECOVERY TRUST'S ONE HUNDRED EIGHTY-FIFTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN NO LIABILITY CLAIMS (CUSTOMER CLAIMS)**

I, Rob Esposito, hereby declare under penalty of perjury:

1.      I am a Senior Director at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operation restructuring.

2.      I have more than 15 years of restructuring experience across various industries, including broadcasting, oil & gas, manufacturing, pharma, transportation, automotive, retail, telecommunications, and healthcare.

3.      Since joining A&M, I have been involved in numerous Chapter 11 restructurings, including Alpha Natural Resources, Sandridge Energy, Westmoreland Coal, Endo International, Cumulus Media, Coach America, Cooper-Standard Automotive, Ascena Retail and Exide Technologies.

4.      I submit this declaration (the "Declaration") in support of the *FTX Recovery Trust's One Hundred Eighty-Fifth (Substantive) Omnibus Objection to Certain No Liability Claims*

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

*(Customer Claims)* (the "Objection").[2]  I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by the FTX Recovery Trust.[3]

5.      Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by the FTX Recovery Trust's management, the FTX Recovery Trust and other Debtor professionals, including the A&M team, involved in advising the Debtors and the FTX Recovery Trust in the above-captioned cases (the "Chapter 11 Cases").  If called upon to testify, I could and would testify to the facts set forth herein on that basis.  I am authorized to submit this Declaration on behalf of the FTX Recovery Trust.

6.      The No Liability Claims subject to the Objection were carefully reviewed and analyzed in good faith using due diligence by appropriate personnel of the FTX Recovery Trust, A&M, and the Claims Agent.  Indeed, the FTX Recovery Trust and its advisors have spent months reviewing and analyzing proofs of claim and any supporting documentation filed against the FTX Recovery Trust.  These efforts resulted in, among other things, identifying the No Liability Claims set forth in Schedule 1 to Exhibit A of the Objection.

7.      Based on the FTX Recovery Trust's and its advisors' ongoing analysis and review, the FTX Recovery Trust and its advisors have determined that the No Liability Claims are not reflected in the FTX Recovery Trust's books and records.  There are no details on the face of the No Liability Claims that explain the conduct or activity giving rise to a claim against the FTX Recovery Trust, nor that substantiate the amount of the claims asserted.  In addition, it appears that certain claimants had an FTX account, however the accounts had no fiat, cryptocurrency or non-fungible

---

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

[3]    The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' (as defined below) confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1].

tokens.  Moreover, certain claimants filed claims against either Debtor FTX Trading Ltd. or Debtor West Realm Shires Inc. in connection with their FTX EU Ltd. account.  The FTX EU Ltd. chapter 11 case has been dismissed from these Chapter 11 Cases.  *See Order Authorizing and Approving (I) Entry Into, and Performance Under, the Share and Asset Purchase Agreement; (II) the Sale of the Shares of the Transferred Subsidiaries, Shares of the Minority Entities and Transferred Assets Free and Clear of All Liens, Claims, Interests and Encumbrances; and (III) Dismissing the Chapter 11 Cases of the FTX Europe Subsidiaries* [D.I. 9585]; *see also Notice Regarding Dismissal of the FTX Europe Subsidiaries' Chapter 11 Cases* [D.I. 30868].  The FTX EU Ltd. assets were not Debtor assets that vested in the Wind Down Entities pursuant to the Plan, and claims filed in connection with an FTX EU Ltd. account are not being reconciled and administered in these Chapter 11 Cases.

8.     Additionally, certain of these claimants with an FTX EU Ltd. account had pending cryptocurrency transfers on the Petition Date.  Claims relating to these Petition Date pending transfers were scheduled as liabilities of Debtor FTX Trading Ltd. and not liabilities of FTX EU Ltd.  These Petition Date pending transfer Claims have either been satisfied by Distributions made pursuant to the Plan or the claimant holding such Petition Date transfer Claims elected to have such Claims resolved in the Bahamas process.  Therefore, I believe that the No Liability Claims should be disallowed and expunged in their entirety.

9.     If the No Liability Claims are not disallowed, the affected Claimants may receive an unwarranted recovery from the estate.  Further, I believe the administration of these claims would be more efficient and fair to all parties if the FTX Recovery Trust has the ability to expunge and disallow the No Liability Claims in their entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 26, 2025

/s/ Rob Esposito
Rob Esposito
Alvarez & Marsal North America, LLC
Senior Director