## **EXHIBIT B**

**Esposito Declaration**

Case 22-11068-KBO    Doc 31060-3    Filed 06/26/25    Page 1 of 4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF ROB ESPOSITO IN SUPPORT OF FTX RECOVERY TRUST'S ONE HUNDRED EIGHTY-SIXTH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN LATE FILED CLAIMS (CUSTOMER CLAIMS)**

I, Rob Esposito, hereby declare under penalty of perjury:

1. I am a Senior Director at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operation restructuring.

2. I have more than 15 years of restructuring experience across various industries, including broadcasting, oil & gas, manufacturing, pharma, transportation, automotive, retail, telecommunications, and healthcare.

3. Since joining A&M, I have been involved in numerous Chapter 11 restructurings, including Alpha Natural Resources, Sandridge Energy, Westmoreland Coal, Endo International, Cumulus Media, Coach America, Cooper-Standard Automotive, Ascena Retail and Exide Technologies.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1.      I submit this declaration (the "Declaration") in support of the *FTX Recovery Trust's One Hundred Eighty-Sixth (Non-Substantive) Omnibus Objection to Certain Late Filed Claims (Customer Claims)* (the "Objection").[2]  I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by the FTX Recovery Trust.[3]

2.      Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by the FTX Recovery Trust's management, the FTX Recovery Trust and other Debtor professionals, including the A&M team, involved in advising the Debtors and the FTX Recovery Trust in the above-captioned case (the "Chapter 11 Case").  If called upon to testify, I could and would testify to the facts set forth herein on that basis.  I am authorized to submit this Declaration on behalf of the FTX Recovery Trust.

4.      The Late Filed Claims subject to the Objection were reviewed and analyzed in good faith using due diligence by appropriate personnel of the FTX Recovery Trust, A&M, and the Claims Agent.  Indeed, the FTX Recovery Trust and its advisors have spent months reviewing and analyzing proofs of claim and any supporting documentation filed against the FTX Recovery Trust.  These efforts resulted in, among other things, identifying the Late Filed Claims set forth in Schedule 1 to Exhibit A of the Objection.

5.      Based on the FTX Recovery Trust's and their advisors' ongoing analysis and review, the FTX Recovery Trust and its advisors have determined that the Late Filed Claims

---

[2]  Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

[3]  The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' (as defined below) confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1].

were not timely filed on or before the applicable Customer Bar Date established pursuant to the Customer Bar Date Order. Because the Late Filed Claims were not filed in compliance with their applicable Customer Bar Date, I believe the Court should disallow and expunge the Late Filed Claims in their entirety. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Objection and the exhibits and schedules attached thereto is true and accurate. Failure to expunge and disallow the Late Filed Claims will result in claims that have been improperly asserted against the Debtors and the FTX Recovery Trust remaining on the claims register. Therefore, I believe that the Late Filed Claims should be disallowed and expunged in their entirety.

6. If the Late Filed Claims are not disallowed, the Claims would prejudice the holders of claims who complied with the Customer Bar Date Order and timely filed their claims by potentially reducing the ultimate distribution to the holders of such claims.

7. Accordingly, to ensure the accuracy of the claims register, the FTX Recovery Trust requests that the Court disallow in full and expunge the Late Filed Claims listed on Schedule 1 to Exhibit A to the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 26, 2025
/s/ *Rob Esposito*
Rob Esposito
Alvarez & Marsal North America, LLC
Senior Director