## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 26404, 28102, 28103 and 28689** |

### NOTICE OF PROPOSED REDUCTION OF
### DISPUTED CLAIMS RESERVE AMOUNT

**PLEASE TAKE NOTICE** that on October 8, 2024, this Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan").[2]

**PLEASE TAKE FURTHER NOTICE** that on November 20, 2024, the Debtors filed the *Motion of Debtors for Entry of an Order Establishing the Amount of the Disputed Claims Reserve* [D.I. 28102] (the "Motion") and the *Declaration of Steven P. Coverick in Support of the Motion of Debtors for Entry of an Order Establishing the Amount of the Disputed Claims Reserve* [D.I. 28103] (the "Coverick Declaration").

**PLEASE TAKE FURTHER NOTICE** that on December 11, 2024, this Court granted the Motion and entered the *Order Establishing the Amount of the Disputed Claims Reserve* [D.I. 28689] (the "Order"). The Order, among other things, established a Disputed

---

1    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

2    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Claims Reserve based on an aggregate amount of Disputed Claims in an amount of $6.533 billion (the "Original Reserve Amount").

**PLEASE TAKE FURTHER NOTICE** that this notice (this "Notice") is submitted in accordance with paragraph 6 of the Order to adjust the Original Reserve Amount. The FTX Recovery Trust hereby intends to reduce the Original Reserve Amount by $1.93 billion to $4.599 billion (the "Revised Reserve Amount"). In support of the Notice, the FTX Recovery Trust is filing an updated Declaration of Stephen P. Coverick (the "Second Coverick Declaration"), which attaches an updated version of the Disputed Claims Reserve schedule attached as Exhibit 1 to the Coverick Declaration.

**PLEASE TAKE FURTHER NOTICE** that as of the filing of the Second Coverick Declaration, the FTX Recovery Trust has reconciled approximately $8.3 billion of Claims. (Second Coverick Decl. ¶ 6.) To reconcile Claims, the FTX Recovery Trust and its advisors (including counsel) have, among other things, been reviewing each Claim against the Debtors' books and records to determine the validity and appropriate amount of each Claim, seeking and analyzing supporting documentation associated with such Claim, evaluating applicable law implicated by such Claim, and, where appropriate, objecting to such Claim and/or engaging in negotiations with the Holder of such Claim. (*Id.*)

**PLEASE TAKE FURTHER NOTICE** that to date, the Debtors and the FTX Recovery Trust have filed 186 omnibus claims objections seeking to disallow and expunge, reclassify, or reduce over 36,400 asserted Claims in excess of $27 quintillion. The FTX Recovery Trust's reconciliation process is significant and remains ongoing. (*Id.* ¶ 7.)

**PLEASE TAKE FURTHER NOTICE** that since the establishment of the Disputed Claims Reserve, these reconciliation and expungement efforts have led to a net reduction of

-2-

approximately $1.79 billion of Disputed Claims, excluding reductions to the contingency. (*Id.* ¶ 8.) Approximately $1.85 billion of Disputed Claims have become Allowed due to reconciliation, settlement and KYC verification, and approximately $1.41 billion of Disputed Claims have been expunged or modified. Of the $1.41 billion expunged Disputed Claims, approximately $950 million were expunged or modified pursuant to settlements, omnibus claims objection orders and reserve reductions consistent with the methodology used to establish the Original Reserve Amount; approximately $100 million were reduced from claim negotiations and approximately $360 million related to expungements pursuant to the March 1, 2025 and June 1, 2025 KYC commencement deadlines set forth in the *Order Sustaining Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims* [D.I. 29464]. (*Id.*)

**PLEASE TAKE FURTHER NOTICE** that these reductions are offset by approximately $1.47 billion of additional Claims that have become Disputed since the establishment of the Disputed Claims Reserve. (Second Coverick Decl. ¶ 9.) Approximately $470 million relate to Claims where the Holder may be subject to sanctions and/or reside in jurisdictions with laws and regulations that restrict cryptocurrency transactions;[3] approximately $290 million were previously considered to be Allowed but became Disputed Claims primarily for failure to complete KYC in The Bahamas; the FTX Recovery Trust has flagged an additional $660 million for potential litigation and others have become Disputed as a result of ongoing reconciliation and analysis. (*Id.*)

**PLEASE TAKE FURTHER NOTICE** that in light of the reconciliation and expungement efforts since the establishment of the Disputed Claims Reserve and based on

---

[3]    The FTX Recovery Trust anticipates filing a motion seeking Court authorization to implement procedures relating to payment of Claims to Holders subject to potential sanctions and/or reside in restricted jurisdictions.

all of the information currently available to the FTX Recovery Trust, the Recovery Trust submits that the Original Reserve Amount should be reduced by $1.93 billion to the Revised Reverse Amount of $4.599 billion.  (*Id.* ¶ 10.)

PLEASE TAKE FURTHER NOTICE that as with the determination of the Original Reserve Amount, the FTX Recovery Trust used a rigorous process to determine the appropriate Revised Reserve Amount.  (*Id.* ¶ 11.)  The FTX Recovery Trust did not start with any "target" in mind.  Rather, the FTX Recovery Trust and their advisors (including counsel) determined the appropriate Revised Reserve Amount based on (i) an analysis of the Debtors' books, records and accounting system; (ii) scheduled Claims; (iii) filed proofs of claim and their supporting documentation; (iv) communications and agreements, if any, with claimants; (v) legal considerations associated with the Claims; (vi) expungements, objections, settlements and other reconciliations of Claims to date; and (vii) other relevant factors. (*Id.*)

PLEASE TAKE FURTHER NOTICE that informed by this work, the FTX Recovery Trust in its business judgment determined that reducing the Original Reserve Amount by $1.93 billion to $4.599 billion is reasonable.  (Second Coverick Decl. ¶ 12.)  The Revised Reserve Amount is based on intentionally conservative assumptions, and includes approximately $1.9 billion of remaining Disputed Claims over and above the amounts that the FTX Recovery Trust project will ultimately become Allowed Claims.  (*Id.*)  The FTX Recovery Trust believes that the Revised Reserve Amount strikes a careful and reasonable balance between enabling the FTX Recovery Trust to continue making distributions to the Holders of all Allowed Claims while not jeopardizing the potential recoveries to claimants holding Disputed Claims in the event such claims subsequently become Allowed Claims.

4897-2278-3043 v.3

(*Id.*)

**PLEASE TAKE FURTHER NOTICE** that all Disputed Claims will continue to have recourse to the Disputed Claims Reserve and the entirety of the Revised Reserve Amount, subject to the terms and provisions of the Plan. (*Id.* ¶ 13.)

**PLEASE TAKE FURTHER NOTICE** that notwithstanding the conservative assumptions made with respect to the Disputed Claims, the FTX Recovery Trust is maintaining approximately $350 million of contingency to further protect those claims that are unliquidated or included at less than the full asserted Claim amount. (*Id.* ¶ 14.)

**PLEASE TAKE FURTHER NOTICE** that, in accordance with paragraph 6 of the Order, any objection to the Revised Reserve Amount must be filed and served on the FTX Recovery Trust within 14 days of the date hereof. In the absence of any timely objections being filed, the FTX Recovery Trust shall submit a "Certificate of No Objection" requesting entry of an order authorizing the Revised Reserve Amount.

Dated:  June 27, 2025
           Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:  landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:  dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*

4897-2278-3043 v.3