## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: July 22, 2025 at 9:30 a.m. (ET)**<br>**Objection Deadline: July 15, 2025 at 4:00 p.m. (ET)** |

### MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER IN SUPPORT OF THE CONFIRMED PLAN AUTHORIZING THE FTX RECOVERY TRUST TO IMPLEMENT THE RESTRICTED JURISDICTION PROCEDURES IN POTENTIALLY RESTRICTED FOREIGN JURISDICTIONS

The FTX Recovery Trust[2] hereby submits this motion (this "<u>Motion</u>") for entry of

an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Order</u>"), pursuant to sections

105(a) and 1142(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy</u>

<u>Code</u>") and rule 3020(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"),

authorizing the FTX Recovery Trust to implement the Restricted Jurisdiction Procedures (as

defined below) in Restricted Foreign Jurisdictions (as defined below).   In support of this Motion,

the FTX Recovery Trust respectfully states as follows:

### Preliminary Statement

1.        FTX's infamous prepetition business activities violated cryptocurrency-

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1] (the "<u>Plan</u>").  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

related laws and regulations in various countries around the world, often flagrantly.  Today, certain creditors of the FTX Recovery Trust reside in jurisdictions that continue to have laws and regulations that restrict cryptocurrency transactions.  The collection of potentially applicable non-U.S. laws and regulations is daunting.  Some of the cryptocurrency restrictions are issued as formal regulations, while others appear as "warning statements,"[3] notices issued by central banks,[4] and rules promulgated by financial or other governmental agencies.  Distributions made by or on behalf of the FTX Recovery Trust into jurisdictions in violation of these legal restrictions may trigger fines and penalties, including personal liability for directors and officers, and/or criminal penalties up to and including imprisonment.[5]  Such adverse actions could put the Plan Administrator, officers and directors of the FTX Recovery Trust at risk, and also could entangle the FTX Recovery Trust in litigation or foreign legal proceedings at significant expense to stakeholders.

2.    The FTX Recovery Trust has surveyed applicable laws and regulations around the world and is prepared to make distributions in compliance with law to residents in countries where the vast majority of FTX creditors reside.  However, the FTX Recovery Trust has identified a list of countries with respect to which the FTX Recovery Trust has not yet been able to confirm whether the FTX Recovery Trust, or its retained distribution service providers ("DSPs"), may legally make distributions to residents.  There are currently 49 jurisdictions on this list, representing approximately 5% of the projected total value of potentially Allowed Claims.  The FTX Recovery Trust continues to make efforts to reduce the number of countries on this list of jurisdictions and may remove jurisdictions if the legal situation is clarified.  The current list of

---

[3]    *A Warning Statement*, CENTRAL BANK OF EGYPT, https://perma.cc/3X6D-WFEG.

[4]    NEPAL RASTRA BANK, https://perma.cc/2US7-KMCE.

[5]    Basic Law, 2015-26 (2015) (Tunis.).  *See also,* La Rédac', *#sayeb_digital : En 2021, les autorités tunisiennes confondent cryptomonnaie et blanchiment d'argent !*, TUNISIE.FR (May 10, 2021) (describing a 17-year-old boy's arrest in Tunisia in 2021 for using cryptocurrency in an online activity), https://perma.cc/XGR8-T3BH.

these jurisdictions is identified on <u>Exhibit B</u> (as the list may be amended or supplemented, the "<u>Potentially Restricted Foreign Jurisdictions</u>").

        3.     While the FTX Recovery Trust generally uses DSPs to make distributions to creditors, the distributions made by the DSPs on its behalf create two primary concerns:  (i) that the FTX Recovery Trust could be held civilly or criminally liable for violating local laws by paying resident creditors from the proceeds of what is deemed to be illegal activity in jurisdictions where trading in cryptocurrency is or was not permitted; and (ii) that the FTX Recovery Trust could be held civilly or criminally liable for violating (or aiding and abetting a violation of) local laws through the actions of the DSPs as its agents.

        4.     To address these issues, the FTX Recovery Trust proposes to implement the procedures described herein (the "<u>Restricted Jurisdiction Procedures</u>"), which the FTX Recovery Trust submits strike an appropriate balance between ensuring that, wherever possible, creditors receive their distributions under the Plan while minimizing the risk that the FTX Recovery Trust violates applicable law.  Specifically, if at any time there exist unresolved concerns about a Potentially Restricted Foreign Jurisdiction, the FTX Recovery Trust will retain a qualified attorney in the relevant Potentially Restricted Foreign Jurisdiction to deliver a formal legal opinion (each, an "<u>Opinion</u>") addressing whether distributions pursuant to the Plan on account of Allowed Claims are permitted to be made to residents or depositories in such Potentially Restricted Foreign Jurisdiction in compliance with applicable law.  If the FTX Recovery Trust receives an Acceptable Opinion (as defined below) stating that distributions in such Potentially Restricted Foreign Jurisdictions are permitted, the FTX Recovery Trust will proceed to make distributions to creditors who reside in such jurisdictions in accordance with the Plan.

        5.     If the FTX Recovery Trust does not receive an Acceptable Opinion, the

FTX Recovery Trust shall notify each creditor in the applicable Potentially Restricted Foreign Jurisdiction that it did not receive an Acceptable Opinion and that the FTX Recovery Trust will request this Court to issue an order determining that the affected jurisdiction shall be deemed a "Restricted Foreign Jurisdiction."  Affected creditors will have the opportunity to challenge the designation of a jurisdiction as a Restricted Foreign Jurisdiction.

6.    If no affected creditor contests the designation or the Court overrules creditor objections, the designation of a jurisdiction as a Restricted Foreign Jurisdiction as of the record date for any Distribution will preclude the FTX Recovery Trust from making such Distribution to a Holder of a Claim in such Restricted Foreign Jurisdiction.  Distributions that cannot be made due to the illegality of doing so under the laws of a Restricted Foreign Jurisdiction will not be made and any interest in such Distribution shall revest in the FTX Recovery Trust. More specifically, if upon completion of the Pre-Distribution Requirements set forth in Section 7.14 of the Plan and establishment of an account with any applicable DSP, a Holder of a Claim (whether Disputed or Allowed) is determined by the FTX Recovery Trust to be a resident of a Restricted Foreign Jurisdiction, then the applicable Distribution and associated interest shall be forfeited.[6]

7.    The FTX Recovery Trust submits that proceeding in this manner is necessary and appropriate, in the best interests of creditors legally permitted to receive Distributions, and consistent with the confirmed and effective Plan.

---

[6]    The FTX Recovery Trust's determination of residency for this purpose will be based on the information submitted by the Holder of the Claim which is to receive a Distribution, whether an original or secondary Holder.

**Background**

8.      On November 11 and November 14, 2022, FTX Trading Ltd. ("FTX") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

9.      On October 7, 2024, the Court confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1], and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order").

10.      On January 3, 2025, the Effective Date occurred, which, among other things, established the FTX Recovery Trust and transferred, assigned, and vested all of the Debtors' assets in the FTX Recovery Trust.  *See Notice of Effective Date of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 29127].

**Facts Specific to the Relief Requested**

11.      The FTX Recovery Trust has identified creditors holding approximately 5% by value of potentially Allowed Claims that reside in the Potentially Restricted Foreign Jurisdictions.  Of the total number of Potentially Restricted Foreign Jurisdictions, 82% of the value of affected asserted claims are in China.  The FTX Recovery Trust assembled the list of Potentially Restricted Foreign Jurisdictions based on the risk that distributions into those jurisdictions could violate applicable law and thus require further evaluation and local law advice.  As a result, the FTX Recovery Trust is holding Distributions to residents in those Potentially Restricted Foreign

Jurisdictions as Disputed Claims pending resolution of this issue.  The FTX Recovery Trust may clear some but not all of the Potentially Restricted Foreign Jurisdictions as the process progresses.

12.    The regulations of concern in the Potentially Restricted Foreign Jurisdictions vary, but generally prohibit a person or entity from engaging in any activity related to digital assets, including trading in cryptocurrency or paying the proceeds of cryptocurrency to residents in the jurisdiction.  For example, in Macau, "financial institutions and non-bank payment institutions are prohibited explicitly by Mainland authorities from providing services for these tokens and virtual currencies."[7]  In Moldova, it is a criminal offense to engage in "the activity of providing services regarding virtual assets … on the territory of the Republic of Moldova, including in cases where this activity is auxiliary/supplementary to the main activity."[8]  Similar restrictions exist in the other Potentially Restricted Foreign Jurisdictions, all of which create uncertainty for the FTX Recovery Trust.

13.    To protect the FTX Recovery Trust and prevent Plan Distributions from being made to residents of, or into accounts located in, Potentially Restricted Foreign Jurisdictions in violation of applicable law, the FTX Recovery Trust has developed the following supplemental Restricted Jurisdiction Procedures to address any jurisdiction where the FTX Recovery Trust's concerns, in its reasonable business judgment, remain unresolved:

    (a)    The FTX Recovery Trust shall retain a qualified attorney in the relevant Potentially Restricted Foreign Jurisdiction to opine on whether distributions pursuant to the Plan on account of Allowed Claims violate applicable local law.

    (b)    In the event a qualified attorney retained by the FTX Recovery Trust delivers

---

[7]    *Alert to Risks of Virtual Commodities and Tokens*, MONETARY AUTHORITY OF MACAO (Sep. 27, 2017, 3:20 PM), https://www.gov.mo/en/news/74177/.

[8]    *Law No. 66 of 30-03-2023*, REPUBLIC OF MOLDOVA, https://www.legis.md/cautare/getResults?doc_id=136851&lang=ro.  *See also,* Contravention Code no. 218/2008 art. 263 para. 9 (Mold.); Criminal Code no. 985/2002 art. 241 para. 1 (Mold.).

written advice in form and substance reasonably acceptable to the FTX Recovery Trust stating that distributions to residents of the Potentially Restricted Foreign Jurisdiction as contemplated by the Plan and the DSP arrangements are permitted without exception or qualification and fully comply with applicable laws related to the payment by the FTX Recovery Trust or the DSAs, and receipt by the creditor or its agents (such opinion, an "Acceptable Opinion"), the FTX Recovery Trust shall proceed to make Distributions to Holders of Allowed Claims (or Disputed Claims that later become Allowed) resident in such jurisdiction in accordance with the Plan, provided, however, that if at any time a regulator or policing authority in a jurisdiction notifies the FTX Recovery Trust of a potential violation of applicable law (a "Violation Notice"), such notification shall be conclusive evidence that a jurisdiction is a Restricted Foreign Jurisdiction.

(c)  In the event a qualified attorney retained by the FTX Recovery Trust delivers written advice concerning Distributions to residents in the Potentially Restricted Foreign Jurisdiction other than an Acceptable Opinion (an "Unacceptable Opinion"), the following procedures shall apply:

   i.  The FTX Recovery Trust shall be authorized and will consider Claims in Potentially Restricted Foreign Jurisdictions as Disputed Claims and treat those Claims as Disputed Claims until such time as the status of the Potentially Restricted Foreign Jurisdiction is resolved and the Claim is otherwise Allowed or disallowed.

   ii.  The FTX Recovery Trust shall file on the docket of the Chapter 11 Cases and use commercially reasonable efforts to send a notice to the Holders of Claims who reside in the applicable Potentially Restricted Foreign Jurisdiction (the "Restricted Jurisdiction Notice") containing, at a minimum: (i) the applicable Potentially Restricted Foreign Jurisdiction; (ii) the Unacceptable Opinion or a summary thereof; and (iii) the deadline (the "Objection Deadline") by which creditors may object to the FTX Recovery Trust's determination reflected in the Restricted Jurisdiction Notice, which Objection Deadline shall be not less than 45 days following the FTX Recovery Trust serving the Restricted Jurisdiction Notice. Any objection must include a sworn statement waiving service of process related to any related discovery and subjecting the creditor and its qualified legal representatives (if any) to the jurisdiction of the Court for purposes of the objection and related matters. For the avoidance of doubt, the FTX Recovery Trust shall be deemed to have satisfied their use of commercially reasonable efforts by mailing the Restricted Jurisdiction Notice to the last known address of record known to the FTX Recovery Trust's claims agent, Kroll Restructuring Administration LLC (the "Claims Agent"), and/or emailing such notice to the last known email address of record known to the Claims Agent.

iii.    If a creditor residing in a Potentially Restricted Foreign Jurisdiction properly and timely objects in writing to the FTX Recovery Trust's determination as reflected in the Restricted Jurisdiction Notice by the Objection Deadline, the FTX Recovery Trust shall hold and not forfeit all distributions to the applicable Potentially Restricted Foreign Jurisdiction until (a) such objection is resolved or (b) further order of the Court following a hearing as to the reasonableness of the FTX Recovery Trust's determination.

iv.    Following receipt of a Violation Notice, expiration of the Objection Deadline with no objections received, or upon resolution of any timely filed objection to the Restricted Jurisdiction Notice with respect to a Potentially Restricted Foreign Jurisdiction, the FTX Recovery Trust will present to the Court an order designating the jurisdiction a Restricted Foreign Jurisdiction.

v.    If a jurisdiction is designated and continues to be a Restricted Foreign Jurisdiction on any Distribution Record Date, such designation shall alter Distributions with respect to Disputed or Allowed Claims if a Holder of a Claim is determined by the FTX Recovery Trust to be a resident of a Restricted Foreign Jurisdiction upon completion of the Pre-Distribution Requirements set forth in Section 7.14 of the Plan and establishment of an account with any applicable DSP, then that Distribution and associated interest shall be immediately forfeited and revert to the FTX Recovery Trust.

(d)    All time periods set forth in these Restricted Jurisdiction Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

14.    The FTX Recovery Trust submits that the Restricted Jurisdiction Procedures are reasonable and designed to prevent the FTX Recovery Trust from making distributions to residents of Restricted Foreign Jurisdictions in violation of applicable law, while ensuring that creditors in such jurisdictions have ample notice regarding the designation of a Restricted Foreign Jurisdiction and an opportunity to object to that designation. The Restricted Jurisdiction Procedures are consistent with the Plan, will protect the Plan Administrator and the directors and officers of the FTX Recovery Trust, will avoid potential liability, and will maximize value for the benefit of all of the FTX Recovery Trust's stakeholders.

## Jurisdiction

15.      The Court has jurisdiction to consider this Motion pursuant to section 12.1 of the Plan, paragraphs 88 and 132 of the Confirmation Order, 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 1142(b) of the Bankruptcy Code and rule 3020(d) of the Bankruptcy Rules.  Pursuant to rule 9013-1(f) of the Local Rules, the FTX Recovery Trust consents to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

16.      By this Motion, the FTX Recovery Trust requests entry of the Order, substantially in the form attached hereto as Exhibit A, authorizing the FTX Recovery Trust to implement the Restricted Jurisdiction Procedures, as necessary, in Potentially Restricted Foreign Jurisdictions.

## Basis for Relief

### A.   The Restricted Jurisdiction Procedures Are Necessary to Fully Implement the Plan.

17.      Currently, the FTX Recovery Trust and those acting on its behalf, including the Plan Administrator, trustees and officers, are in the untenable situation where they cannot authorize Distributions commence in the Potentially Restricted Foreign Jurisdictions without risk of civil and criminal penalties that would harm all stakeholders, but also cannot withhold indefinitely those Distributions without resolution of their status for purposes of the Plan.

18.     To provide clarity to the FTX Recovery Trust and its stakeholders alike, the FTX Recovery Trust has developed the Restricted Jurisdiction Procedures to provide notice and a process for resolving the question of whether Distributions will be made pursuant to the Plan in a Potentially Restricted Foreign Jurisdiction.   The Court's consideration and approval of the Restricted Jurisdiction Procedures is consistent with, and in furtherance of, implementation of the Plan.

19.     This Court's Confirmation Order provides that "[p]ursuant to section 1142(b) of the Bankruptcy Code, the Debtors and the Wind Down Entities hereby are authorized and empowered to take all actions to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan."  (Confirmation Order ¶ 135.)

20.     Furthermore, the Restricted Jurisdiction Procedures fall squarely within the general authority granted to the FTX Recovery Trust to facilitate distributions and implement the most important provisions of the Plan.  Distributions to residents of Potentially Restricted Foreign Jurisdictions may trigger fines and other penalties that may be ultimately borne by the FTX Recovery Trust, resulting in decreased payouts to all creditors.  The FTX Recovery Trust might also find itself enmeshed in various foreign legal proceedings that do not recognize this Court's orders, wasting the FTX Recovery Trust's resources and further depleting its funds.  The Restricted Jurisdiction Procedures are narrowly tailored to prevent the FTX Recovery Trust from running afoul of applicable law and help streamline the FTX Recovery Trust's efforts to ensure timely, lawful distributions to creditors entitled to receive them, while also providing holds of claims in those jurisdictions an opportunity to object or provide an alternative method for receiving distributions in permitted jurisdictions.

21.     Authorizing the implementation of the Restricted Jurisdiction Procedures is consistent with the Court's broad authority, pursuant to section 1142(b) of the Bankruptcy Code, to issue orders necessary to implement the provisions of the Plan.  *See* 11 U.S.C.  § 1142(b) ("[t]he court may direct the debtor and any other necessary party . . . to perform any other act . . . that is necessary for the consummation of the plan."); *see also In re Chateaugay Corp.* v. *Back*, 201 B.R. 48, 66 (Bankr. S.D.N.Y. 1996) (noting that "[t]he clear intent of Section 1142(b) of the Bankruptcy Code is to assure that the terms and provisions of a confirmed chapter 11 plan are carried out until the plan is completed and the final decree is entered closing the case."); *Binder* v. *Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 165 (3d Cir. 2004) (noting that section 1142(b) "assumes that post-confirmation jurisdiction exists for disputes concerning the consummation of a confirmed plan" and that 28 U.S.C. § 1334 "remains the source of this jurisdiction").  *Collier on Bankruptcy* notes that section 1142(b) allows courts to compel parties to take actions "considerably broader than merely ministerial acts" and that the court may issue any order "necessary for the implementation of the plan."  16 *Collier on Bankruptcy* ¶ 1142.03[1] (16th ed. 2019).

22.     Bankruptcy Rule 3020(d), which provides that, "[n]otwithstanding the entry of an order of confirmation, the court may issue any other order necessary to administer the estate," provides further authority for the Court to authorize the implementation of the Restricted Jurisdiction Procedures.  *See, e.g.*, *In re TE Holdcorp, LLC*, 2021 Bankr. LEXIS 1301, *13-14 (Bankr. D. Del. May 14, 2021) ("[t]he power the Court retains under Bankruptcy Rule 3020(d) is parallel to the Court's power under Bankruptcy Code Section 1142(b)."); *see also In re Resorts Int'l, Inc.*, 372 F.3d 154, 165 (3d Cir. 2004) ("[p]ost-confirmation jurisdiction is assumed by statute and rule: 11 U.S.C. § 1142(b) . . . and Fed. R. Bankr. P. 3020 . . ."); *In re Schwinn Bicycle*

*Co.*, 210 B.R. 747, 762 (Bankr. N.D. Ill.), *aff'd sub nom. Schwinn Cycling & Fitness Inc.* v. *Benonis*, 217 B.R. 790 (N.D. Ill. 1997) (noting that Bankruptcy Rule 3020(d) "can also be read in conjunction with 11 U.S.C. § 105(a), and the foregoing discussion of authority thereunder to protect the bankruptcy estate, to include authority to protect execution of the Plan or distribution of the estate.").

23.     Moreover, Section 105(a) of the Bankruptcy Code provides the Court with supplemental authority to effectuate the overall policy objectives of the Bankruptcy Code, which include making distributions lawfully pursuant to a plan of reorganization. *See* 11 U.S.C. § 105(a) ("[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); s*ee also In re Morristown & Erie R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989) ("[s]ection 105(a) gives the court general equitable powers, but only insofar as those powers are applied in a manner consistent with the Code."); *In re Jorgensen*, 66 B.R. 104, 108 (9th Cir. BAP 1986) ("[t]he court under §§ 105(a) and 1142(b) can make necessary orders to carry out the provisions of the plan.").

24.     Courts have used the powers granted to them under sections 105(a) and 1142(b) of the Bankruptcy Code and Bankruptcy Rule 3020(d) to, among other things, enforce plan provisions and to cure omissions in a confirmed plan. *See, e.g., In re Intermet Corp.*, 2009 Bankr. LEXIS 2613, *10 (Bankr. D. Del. Sept. 2, 2009) (because sections 105 and 1142(b) provide the court with "broad authority to order parties to comply with reorganization plans," the court directed parties to implement confirmed contingency plan provisions); *see also In re NorthWestern Corp.*, 372 B.R. 684, 687 (D. Del. 2007) (holding that the Bankruptcy Court's order curing an omission in the confirmed plan was consistent with its authority under Section 105 of the Bankruptcy Code and Bankruptcy Rule 3020(d).)

25.     For the avoidance of doubt, the Court explicitly retained post-confirmation jurisdiction pursuant to sections 105(a) and 1142 of the Bankruptcy Code in the Confirmation Order.  (*See* Confirmation Order ¶¶ 88, 132 ("[n]otwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, the Court shall retain its existing jurisdiction over all matters arising out of, or related to, these Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code."); *see also* Plan § 12.1.)

**B.      The Restricted Jurisdiction Procedures Are Consistent with the Pre-Distribution Requirements Provisions in the Plan.**

26.     Section 7.14 of the Plan provides that in order to receive a Distribution, Holders of Claims must complete by the applicable Distribution Record Date certain Pre-Distribution Requirements, including the delivery of know-your-customer information.  (Plan § 7.14.)  That provision provides that if the Holder of a Claim entitled to receive any Distribution fails to provide the necessary information at the end of the aggregate 90-day period, such "Holder shall be deemed to have forfeited its right to receive Distributions" made prior to the Plan Administrator's receipt of the information and such forfeited Distributions revest in the FTX Recovery Trust.  (*Id.*)  The Plan also provides that "all Holders of Claims or Interests receiving Distributions pursuant to the Plan and all other parties-in-interest shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the Confirmation Order."  (Plan § 13.2.).

27.     Consistent with this architecture, the Restricted Jurisdiction Procedures as applied to those Holders of Disputed or Allowed Claims who are determined by the FTX Recovery Trust to be residents of a Restricted Foreign Jurisdiction upon completion of the Pre-Distribution Requirements and establishment of an account with any applicable DSP likewise results in the

forfeiture of any Distributions.  Creditors are further protected by having an opportunity to challenge the designation of a jurisdiction as a Restricted Foreign Jurisdiction prior to the Court doing so.

28.    The FTX Recovery Trust must not violate applicable law by distributing to residents of jurisdictions that do not permit it, or into accounts located in prohibited jurisdictions. Thus, as a practical matter, providing a process by which jurisdictions can be designated a Restricted Foreign Jurisdiction and Distributions earmarked for residents of such jurisdictions revest in the FTX Recovery Trust for distribution through the Plan waterfall is warranted and a valid exercise of authority granted to the FTX Recovery Trust.

## Notice

29.    Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; and (f) those parties requesting notice pursuant to rule 2002 of the Federal Rules of Bankruptcy Procedure.  The FTX Recovery Trust submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

For the foregoing reasons, the Court should enter the Order, substantially in the form attached hereto as Exhibit A, authorizing the FTX Recovery Trust to implement the Restricted Jurisdiction Procedures in Restricted Foreign Jurisdictions.

Dated: July 2, 2025
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Matthew R. Pierce
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:  landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*