## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | Ref. No. __ |

**ORDER AUTHORIZING THE FTX RECOVERY TRUST TO
IMPLEMENT THE RESTRICTED JURISDICTON PROCEDURES
IN POTENTIALLY RESTRICTED FOREIGN JURISDICTIONS**

Upon the motion (the "Motion")[2] of the FTX Recovery Trust[3] for entry of an order (this "Order") authorizing the FTX Recovery Trust to implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

[3] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404].

Local Rules, and that no other or further notice is necessary; and objections (if any) to relief on the Motion having been withdrawn, resolved or overruled on the merits; and upon the record of the Motion; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The FTX Recovery Trust is authorized to implement the following supplemental distribution procedures in support of the Plan (the "Restricted Jurisdiction Procedures"):

   a. The FTX Recovery Trust shall retain a qualified attorney in the relevant Potentially Restricted Foreign Jurisdiction to opine on whether distributions pursuant to the Plan on account of Allowed Claims violate applicable local law.

   b. In the event a qualified attorney retained by the FTX Recovery Trust delivers written advice in form and substance reasonably acceptable to the FTX Recovery Trust stating that distributions to residents of the Potentially Restricted Foreign Jurisdiction as contemplated by the Plan and the DSP arrangements are permitted without exception or qualification and fully comply with applicable laws related to the payment by the FTX Recovery Trust or the DSAs, and receipt by the creditor or its agents (such opinion, an "Acceptable Opinion"), the FTX Recovery Trust shall proceed to make a Distributions to Holders of Allowed Claims (or Disputed Claims that later become Allowed) resident in such jurisdiction in accordance with the Plan, provided, however, that if at any time a regulator or policing authority in a jurisdiction notifies the FTX Recovery Trust of a potential violation of applicable law (a "Violation Notice"), such notification shall be conclusive evidence that a jurisdiction is a Restricted Foreign Jurisdiction.

   c. In the event a qualified attorney retained by the FTX Recovery Trust delivers written advice concerning Distributions to residents in the Potentially Restricted Foreign Jurisdiction other than an Acceptable Opinion (an "Unacceptable Opinion"), the following procedures shall apply:

    i. The FTX Recovery Trust shall be authorized and will consider Claims in Potentially Restricted Foreign Jurisdictions as Disputed Claims and treat those Claims as Disputed Claims until such time as the status of the Potentially Restricted Foreign Jurisdiction is resolved and the Claim is otherwise Allowed or disallowed.

    ii. The FTX Recovery Trust shall file on the docket of the Chapter 11 Cases and use commercially reasonable efforts to send a notice to the Holders of Claims who reside in the applicable Potentially Restricted Foreign Jurisdiction (the "<u>Restricted Jurisdiction Notice</u>") containing, at a minimum: (i) the applicable Potentially Restricted Foreign Jurisdiction; (ii) the Unacceptable Opinion or a summary thereof; and (iii) the deadline (the "<u>Objection Deadline</u>") by which creditors may object to the FTX Recovery Trust's determination reflected in the Restricted Jurisdiction Notice, which Objection Deadline shall be not less than 45 days following the FTX Recovery Trust serving the Restricted Jurisdiction Notice. Any objection must include a sworn statement waiving service of process related to any related discovery and subjecting the creditor and its qualified legal representatives (if any) to the jurisdiction of the Court for purposes of the objection and related matters. For the avoidance of doubt, the FTX Recovery Trust shall be deemed to have satisfied their use of commercially reasonable efforts by mailing the Restricted Jurisdiction Notice to the last known address of record known to the FTX Recovery Trust's claims agent, Kroll Restructuring Administration LLC (the "<u>Claims Agent</u>"), and/or emailing such notice to the last known email address of record known to the Claims Agent.

    iii. If a creditor residing in a Potentially Restricted Foreign Jurisdiction properly and timely objects in writing to the FTX Recovery Trust's determination as reflected in the Restricted Jurisdiction Notice by the Objection Deadline, the FTX Recovery Trust shall hold and not forfeit all distributions to the applicable Potentially Restricted Foreign Jurisdiction until (a) such objection is resolved or (b) further order of the Court following a hearing as to the reasonableness of the FTX Recovery Trust's determination.

    iv. Following receipt of a Violation Notice, expiration of the Objection Deadline with no objections received, or upon resolution of any timely filed objection to the Restricted Jurisdiction Notice with respect to a Potentially Restricted Foreign Jurisdiction, the FTX Recovery Trust will present to the Court an order designating the jurisdiction a Restricted Foreign Jurisdiction.

    v. If a jurisdiction is designated and continues to be a Restricted

      Foreign Jurisdiction on any Distribution Record Date, such designation shall alter Distributions with respect to Disputed or Allowed Claims if a Holder of a Claim is determined by the FTX Recovery Trust to be a resident of a Restricted Foreign Jurisdiction upon completion of the Pre-Distribution Requirements set forth in Section 7.14 of the Plan and establishment of an account with any applicable DSP, then that Distribution and associated interest shall be immediately forfeited and revert to the FTX Recovery Trust.

    d. All time periods set forth in these Restricted Jurisdiction Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

  3. The FTX Recovery Trust shall retain the right to object in the future to any Claim on any grounds.

  4. The FTX Recovery Trust shall retain and shall have the right to seek to amend, modify, and/or supplement this Order or the Restricted Jurisdiction Procedures as may be necessary to implement the Plan.

  5. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

  6. The FTX Recovery Trust is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

  7. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the interpretation or implementation of this Order.

Dated: _____, 2025
   Wilmington, Delaware

                _____
                The Honorable Karen B. Owens
                Chief United States Bankruptcy Judge