# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>                          Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. Nos. 3409, 3737, 29572 & 30712 |

### ORDER ALLOWING ROSS RHEINGANS-YOO'S FDU CLAIM AND OVERRULING THE FTX RECOVERY TRUST'S OBJECTION TO ROSS RHEINGANS-YOO'S FDU CLAIM

Upon consideration of the objection [D.I. 3409] (the "Objection") of the FTX Recovery Trust (the "Trust"),[2] for an entry of an order disallowing and expunging the remainder of proofs of claim number 5166 and 89710 (together, the "FDU Claim"), filed by Ross Rheingans-Yoo ("Rheingans-Yoo") from the Trust's claim register, pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); the *Stipulation of Undisputed Facts Relating to Ross Rheingans-Yoo's FDU Claim* [D.I. 29218], Rheingans-Yoo's supplemental response to the Objection [D.I. 29572], and the Trust's reply in further support of the Objection [D.I. 30712]; and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The objection to Rheingans-Yoo's claim was originally submitted by the Debtors. The FTX Recovery Trust was established on January 3, 2025, the effective date of the Debtors' confirmed Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates [D.I. 26404-1] the "Plan").

District of Delaware dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Objection in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and upon the record of the hearing held on June 25, 2025 to consider the relief requested in the Objection (the "Hearing"); and the Court having issued its ruling on the Objection at the Hearing:

IT IS HEREBY ORDERED THAT:

1. The Objection is OVERRULED for the reasons set forth on the record by the Court at the Hearing.

2. A single FDU Claim is allowed in the amount of $650,000 as a Class 6A General Unsecured Claim (the "Allowed FDU Claim"), which shall be treated in accordance with and subject to the terms of the Plan. All rights and claims of the Trust with respect to the Allowed FDU Claim are otherwise reserved.

3. The Trust is authorized and directed to make distributions in accordance with the terms of the Plan on account of the Allowed FDU Claim to the Effective Altruism-driven charity identified by counsel for Rheingans-Yoo in writing to counsel for the Trust (the "Designated Beneficiary"). The rights of the Trust to evaluate and object to the Designated Beneficiary are reserved.

4. Kroll Restructuring Administration LLC, the Trust's claims and administrative agent, is authorized and directed to update the claims register maintained in these Chapter 11 Cases to reflect the relief granted in this Order.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an allowance of any claim other than

Rheingans-Yoo's Allowed FDU Claim against the Trust; (ii) an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; or (iii) a waiver of the Trust's rights under the Bankruptcy Code or any other applicable law.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. The Trust is authorized and directed to take all actions necessary to effectuate the relief granted in this Order.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**Dated: July 9th, 2025**
**Wilmington, Delaware**

*/s/ Karen B. Owens*
**KAREN B. OWENS**
**CHIEF JUDGE**