UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:
FTX Trading Ltd., et al.,
Debtors.
Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)
Re: D.I. 31148

Dear Judge Owens:

## OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: Yong Li , FTX.com Creditor residing in China and Pro Se Claimant

### 1. Preliminary Statement

I, Yong Li, a verified creditor of FTX.com with a claim classified in Class 7A under the confirmed Plan of Reorganization, hereby respectfully but strenuously object to the Debtors' Motion seeking to designate the People's Republic of China ("China") and 48 other jurisdictions as "Restricted Foreign Jurisdictions" (the"Motion"). Granting this Motion would unlawfully deprive me, and numerous other similarly situated creditors residing in these jurisdictions, of the distributions we are legally entitled to under the confirmed Plan. This deprivation would occur unless we overcome arbitrary and potentially insurmountable legal hurdles, or are forced to forfeit our claims entirely.

The Debtors' proposal is fundamentally flawed and must be rejected because it is:
-Legally Unfounded: It violates the core bankruptcy principle of equal treatment for creditors within the same class.
-Factually Unsupported: It lacks concrete evidence of actual legal impediments to distribution in China and fails to demonstrate adequate exploration of alternatives.
-Morally Indefensible: It arbitrarily punishes creditors based solely on their geographical location.
-Potentially Unconstitutional and in Violation of International Norms:It raises serious concerns regarding the deprivation of property without due process and contravenes fundamental human rights principles.

**2. Violation of Mandatory Equal Treatment Under the Bankruptcy Code**
Section 1123(a)(4) of the Bankruptcy Code (11 U.S.C.§1123(a)(4)) unequivocally mandates that a Chapter 11 plan"provide the same treatment for each claim or interest of a particular class."The Debtors' Motion seeks to impose radically different treatment, burdens, and outcomes upon creditors within the same Class 7A based solely on their nationality or country of residence. Creditors in non-restricted jurisdictions will receive distributions directly and unimpeded, while creditors like myself in China face the prospect of having our claims blocked or extinguished due to circumstances entirely beyond our control. This constitutes unlawful discrimination.

Precedent confirms distributions to creditors in China are feasible. The Celsius Network LLC bankruptcy (Case No. 22-10964) successfully distributed funds, including via wire transfer, to claimants globally, including those in China. Similarly, the Mt. Gox rehabilitation process involved distributions to claimants in numerous jurisdictions. The Debtors have provided no compelling, evidence-based justification as to why FTX cannot similarly fulfill its obligations to creditors in China, especially when distributions are contemplated in USD via standard banking channels.

**3. Failure to Pursue Lawful, Safe, and Practical Alternatives**
The Debtors' reliance on potential, unsubstantiated legal risks associated with crypto distributions is a red herring. Critically:

-Plan Provides for USD Distributions: The confirmed Plan establishes claims in USD and contemplates distributions via wire transfer. Distributing USD via established banking intermediaries (including through Hong Kong, a common conduit for lawful financial transactions involving mainland China) presents a fundamentally different and lower-risk scenario than distributing crypto assets directly.
-Celsius Precedent: The Celsius case demonstrably involved USD distributions via wire transfer to international creditors without reported legal challenges related to jurisdictional restrictions of this nature.
-Lack of Evidence on Legal Risk: The Debtors have submitted no credible evidence demonstrating that Chinese authorities would prosecute individuals receiving lawful bankruptcy distributions via USD wire transfer, or penalize the Debtors or Distribution Agent for facilitating such routine, good-faith transfers. Speculation is insufficient.
-Failure to Explore Alternatives: Despite operating under court supervision for nearly three years, the Debtors have demonstrably failed to engage in meaningful efforts to resolve this issue.

Section 1129(a)(3) of the Bankruptcy Code requires that a plan be proposed in good faith and that its implementation be feasible. The Debtors' Motion, proposing blanket exclusion instead of diligent problem-solving, fails this requirement.

**4. Fundamental Rights to Property and Due Process Are Implicated**

The Debtors' Motion threatens fundamental rights:

- Universal Declaration of Human Rights (Article 17): "Everyone has the right to own property... No one shall be arbitrarily deprived of his property." Depriving creditors of their rightful distributions based solely on geography is the definition of arbitrary deprivation.
- U.S. Constitution (Fifth Amendment):  Guarantees that "No person shall be… deprived of life, liberty, or property, without due process of law." This Motion, if granted, would authorize the taking of my vested property right (the distribution under the confirmed Plan) without any finding of wrongdoing on my part, without meaningful judicial process specific to my claim, and without a viable opportunity to be heard or appeal the deprivation. It imposes a severe penalty – forfeiture of claim value – solely because I reside in China.

**5. Requested Relief**
For the reasons stated above, I respectfully request that this Honorable Court:

1.Deny the Debtors' Motion in its entirety in its current form.
2.Order the Debtors to immediately and diligently explore, develop, and propose specific, lawful, and practical alternative distribution methods for creditors in China and other jurisdictions targeted by the Motion. This *must* include robust fiat-only (USD wire) distribution options utilizing established intermediaries and obtaining necessary legal opinions.
3.Direct the Appointment of a special master or an independent foreign legal consultant, acceptable to creditors' committees and funded by the estate, to conduct a thorough, case-by-case evaluation of the actual legal and regulatory risks associated with distributions in each of the 49 jurisdictions. This evaluation must focus on USD wire transfers and propose concrete mitigation strategies.
4.Require the Debtors to ensure that the principles of equal treatment under the Plan (§1123(a)(4)), good faith and feasibility in plan implementation (§1129(a)(3)), and fundamental due process are scrupulously upheld for all Class 7A creditors, irrespective of their nationality or place of residence.

**Conclusion**
The catastrophic collapse of FTX impacted a global customer base. Its restructuring must not devolve into a process that systematically excludes the very international creditors who constituted the vast majority of its users, based on procedural hurdles and unsubstantiated jurisdictional fears.

Rubber-stamping this Motion would endorse a deeply troubling precedent within this bankruptcy: that a global customer base is being systematically excluded from distributions through procedural and jurisdictional maneuvering—all within a U.S. legal forum where they have little to no voice.

This Court has the authority and the duty to uphold the integrity of the U.S. Bankruptcy Code and ensure that global financial justice is served. I urge the Court to deny the Motion and require the Debtors to fulfill their obligations to all creditors fairly and lawfully.

Respectfully submitted,

Yong Li        *Yong Li 李永*

liyongxty@163.com
Shenzhen,518000,China
FTX.com Unique Customer Code: 153181
Dated: July 07, 2025

CERTIFICATE OF SERVICE

I, Yong Li, hereby certify that on July 7, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 7, 2025

Shenzhen, China

Yong Li 李永

