# Re: Objection to FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures — Case No. 22-11068 (KBO)

Dear U.S. Regulatory Authority、FTX Debtors and Recovery Trust Counsel,

I am an individual creditor in the FTX bankruptcy case. I write to formally and strongly oppose the recently filed motion that seeks to exclude creditors from China (and certain other jurisdictions) from receiving distributions, citing so-called "regulatory risks."

This motion is deeply flawed in both procedure and substance, and if approved, would unjustly deprive thousands of creditors of their lawful entitlements. It contradicts the foundational principles of equal treatment under U.S. bankruptcy law.

**I. Procedural Impropriety: The Motion Deprives Creditors of Fundamental Rights**

The motion grants virtually unchecked discretion to FTX Recovery Trust and its appointed counsel to unilaterally determine whether creditors from certain jurisdictions are eligible to receive distributions — while excluding creditors themselves from any participation or appeal process. In effect, our right to receive compensation is outsourced to a legal opinion rendered behind closed doors, with no transparency, accountability, or recourse. This arrangement violates core principles of procedural fairness.

Even more troubling is the inclusion of an extremely punitive "forfeiture clause": if the Trust is unable to obtain a "satisfactory legal opinion," all distribution rights of affected creditors will be immediately forfeited and reabsorbed into the estate. This clause constitutes a severe and disproportionate penalty that directly contradicts the purpose of bankruptcy proceedings—to ensure equitable and lawful distribution of assets.

It must be emphasized that a creditor's claim in bankruptcy is a form of legally protected property right. Such rights cannot be arbitrarily denied or extinguished without due legal process, let alone through an opaque and unilateral internal determination.

## II. The Cited "Regulatory Risk" Is Factually and Legally Unfounded

According to current Chinese laws and judicial practice:

There is no prohibition against individuals holding USD or cryptocurrencies. Chinese civil courts have repeatedly recognized Bitcoin and Ethereum as legally protected private property.

Chinese creditors are fully capable of receiving USD payouts. Many reside abroad (e.g., in Canada, Singapore, the UK) and hold international bank accounts suitable for receiving court-approved distributions.

There is no law or regulation in China that would render such distributions illegal or expose the distributing entity to enforcement risk.

If the cited risk is truly based on legal compliance, FTX should then return the originally deposited cryptocurrencies such as BTC. It is plainly unreasonable to withhold both the original crypto and the USD compensation, a practice that violates the principles of commercial fairness and severely harms creditor interests.

## III. Precedent from Other Bankruptcies Supports Inclusion

In the Celsius Network bankruptcy, Chinese creditors received USD distributions via wire transfer.

In the Mt. Gox rehabilitation case, Chinese creditors received BTC and BCH via Kraken.

Neither case imposed blanket restrictions on Chinese creditors, proving that effective and compliant payment mechanisms are both available and precedented.

Furthermore, exchanges such as Binance, OKX, and HTX—all currently accessible to Chinese users—could serve as distribution partners. This renders the claim of "no feasible channels" untenable.

## IV. Blanket Exclusion Violates Bankruptcy Principles

The motion's attempt to exclude all Chinese creditors based solely on nationality or jurisdiction is:

Discriminatory, as it treats similarly situated creditors unequally;

Procedurally unfair, as it strips rights after creditors have fully complied with the claim and voting process;

Potentially unlawful, as it introduces unequal treatment under a confirmed reorganization plan.

**V. Chinese Creditors Participated in Good Faith and Deserve Equal Protection**

Chinese creditors—myself included—have engaged in the claims process in good faith, supported the reorganization plan, and fulfilled all requirements. Now, to be excluded at the final stage due to speculative risk assessments would be morally indefensible and legally unjustified.

We urge the Court and the Recovery Trust to reject the motion in its current form and ensure that all eligible creditors, regardless of nationality, are treated equally and fairly in accordance with U.S. bankruptcy principles.

Sincerely,
Xuzhou Yin
FTX Creditor ID: 00154182
Email: 13126585051@163.com
Location: Beijing, China
Date: July 6, 2025




