July 9, 2025

Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

RECEIVED

2025 JUL 10  A 10: 27

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

RE: Objection to the Motion of the FTX Recovery Trust for Entry of an Order in Support of the Confirmed Plan Authorizing the FTX Recovery Trust to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions — Case No. 22-11068 (KBO)


Dear Judge Owens:


I am writing as an individual creditor of FTX and as a representative of a rapidly growing group of more than 560 Chinese creditors with verified claims in the bankruptcy case of FTX Trading Ltd.

We are deeply concerned that the recent motion filed by the FTX Recovery Trust to designate China as a "Restricted Foreign Jurisdiction" is discriminatory and procedurally unfair. This motion, if granted, would disproportionately and arbitrarily deprive Chinese creditors of their right to distributions under the confirmed plan.

We urge the Office of the United States Trustee to closely review the implications of this motion and consider the severe adverse impact it would have on the due process rights of Chinese creditors.

Attached is a formal written objection I have submitted to the Court, which outlines our legal and factual arguments in opposition to the motion.

We respectfully ask the U.S. Trustee to ensure that the bankruptcy process remains equitable and transparent for all creditors, regardless of jurisdiction.

Sincerely,

[WENSONG LIN]  WenSong Lin
Email: adamlin1208@gmail.com

[WENSONG LIN]

[180 Foxtail Ridge Newmarket, Ontario, CA L3X 1Z2]
[adamlin1208@gmail.com]

July 09, 2025

Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

Re: Objection to the Designation of China as a "Restricted Foreign Jurisdiction"

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

Dear Judge Owens:

## OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: [WENSONG LIN], Permanent Resident of Canada, and Representative of Chinese FTX Creditor

---

Preliminary Statement

I respectfully submit this objection not only in my individual capacity, but also as the founder and representative of a rapidly growing group of over 560 Chinese FTX creditors. Many members of this group have reached out to each other seeking coordination, and I have compiled and advocated for their shared concerns throughout these proceedings.

I holds the KYC-verified FTX accounts with claims exceeding 47605.66 USD. My Claim Numbers is: 8350 and Schedule Number:6251196. We have fully complied with every procedural requirement under the Plan. The proposed motion now jeopardizes our right to distribution in an arbitrary and inequitable manner.

This motion to designate China as a "Restricted Jurisdiction" is unsupported by either fact or law. As outlined below, there is no credible legal basis to conclude that distributions to Chinese creditors would subject the Trust, or any distribution agent, to regulatory or criminal risk.

---

I. FTX Claims Are USD-Denominated and Payable via Lawful Channels

1. FTX claims are denominated and settled in U.S. Dollars. While these claims originate from crypto investments, the Debtors' Plan explicitly adopts a USD-denominated valuation and distribution framework. The proposed distributions are fiat-based and do not require engagement with virtual assets, rendering them functionally indistinguishable from traditional monetary claims.[1]

2. USD wire transfers are lawful and standard payment mechanisms. FTX Recovery Trust has announced partnerships with global payment platforms (e.g., Payoneer, BitGo) and distribution agents (e.g., Kraken) to facilitate fiat disbursements. Chinese residents can lawfully receive USD wires via Hong Kong-based accounts, which is outside the scope of capital control violations.[2][3]

3. USD settlement mechanisms exist for Chinese creditors. Even if crypto-based payouts are avoided, there are sufficient and lawful channels for distributing USD. In the Celsius Network LLC case, the bankruptcy court successfully disbursed USD to Chinese creditors via standard international wire transfers, confirming the existence of practical and compliant financial infrastructure.[4]

4. Conclusion to Section I. Given that the FTX bankruptcy estate values and settles creditor claims in U.S. Dollars, this case is fundamentally no different from other bankruptcy proceedings when it comes to distribution. The U.S. Dollar is a global reserve currency and can be lawfully transmitted to Chinese creditors through established channels. Equal access to USD compensation is essential to preserving fairness and equity in the bankruptcy process. The FTX Recovery Trust's attempt to withhold distributions from Chinese creditors based on jurisdictional interpretations of crypto regulation is both unreasonable and legally unfounded. Chinese creditors are entitled to equal treatment in USD distributions just like creditors in other jurisdictions. Any attempt to block such distributions based on speculative regulatory interpretations is not only unjust but lacks legal basis.

---

II. Even Crypto-Based Distributions Are Legally Permissible in China

1. China Recognizes Virtual Assets as Legal Property.

Chinese courts have consistently held that cryptocurrencies such as Bitcoin and Ethereum constitute personal property under the Civil Code. These rulings confirm that individual ownership is lawful.[5][6][7][8]

2. Hong Kong Supports Crypto Regulation and Retail Participation.

As a Special Administrative Region (SAR) of the People's Republic of China, Hong Kong operates under the 'one country, two systems' framework, which allows it to establish its own financial and regulatory policies. However, it remains an integral part of China. Not only does Hong Kong allow individuals and institutions to hold and trade virtual assets, but it has also proactively embraced digital assets with a comprehensive licensing regime. Its progressive and well-defined regulatory framework aims to attract global digital asset firms and provide robust investor protection mechanisms.[9][10][11][12]

3. Mischaracterization of Macau Policy.

The Trust references Macau's 2017 ICO-related warning, but this merely restricts financial institutions from participating in token issuances. It does not prohibit personal ownership or receipt of crypto assets.[13][14]

4. International Precedents Support Distributions to Chinese Creditors.

In Celsius Network LLC (Case No. 22-10964, S.D.N.Y.), the court approved USD distributions to Chinese claimants via wire. In the Mt. Gox rehabilitation, Chinese creditors lawfully received crypto (BTC, BCH) through Kraken. No jurisdictional restrictions were imposed in either case.[15][16]

---

Conclusion

In conclusion, distributing claims to Chinese creditors poses no legal risk to the Trustee or its agents and constitutes a required step under the bankruptcy process. The motion to classify China as a "Restricted Jurisdiction" lacks factual foundation and misapplies legal principles. I respectfully urge the Court to reject any designation that would exclude Chinese creditors from distributions under the Plan.

Respectfully submitted,

[WENSONG LIN]

[Wen song Lin

Dated: July 09, 2025

---

Appendix A: Reference Links

[1] https://www.coindesk.com/markets/2025/05/16/ftx-to-pay-over-usd5b-to-creditors-as-bankrupt-exchange-gears-up-for-distribution

[2] https://www.prnewswire.com/news-releases/ftx-recovery-trust-to-distribute-more-than-5-billion-to-creditors-in-second-distribution-on-may-30-2025-302456976.html

[3] https://www.coinspeaker.com/ftx-adds-payoneer-as-payment-method-for-creditors

[4] https://www.nysb.uscourts.gov/content/re-22-10964-mg-celsius-network-llc-21

[5] https://watcher.guru/news/bitcoin-is-now-recognized-as-a-legal-virtual-property-by-shanghai-high-court#google_vignette

[6] https://www.mondaq.com/fin-tech/1577154/shanghai-court-recognises-the-legality-of-crypto-ownership-for-individuals

[7] https://www.coindesk.com/markets/2018/10/26/chinese-court-rules-bitcoin-should-be-protected-as-property

[8] https://news.bitcoin.com/chinese-court-ethereum-legal

[9] https://www.info.gov.hk/gia/general/202210/31/P2022103000454.htm

[10] https://www.reuters.com/technology/crypto-exchange-hashkey-bags-licence-update-serve-retail-users-2023-08-03

[11] https://cointelegraph.com/news/hong-kong-welcomes-first-licensed-retail-crypto-exchange-hashkey

[12] https://www.engage.hoganlovells.com/knowledgeservices/news/hong-kong-government-policy-announcement-on-virtual-asset-exchanges-hong-kong-fintech-week-2022

[13] https://www.gov.mo/en/news/74177

[14] https://www.amcm.gov.mo/zh-hant/news-notice/statement/detail/alert-to-risks-of-virtual-commodities-and-tokens/642

[15] https://www.theblock.co/post/303624/mt-gox-creditors-may-have-to-wait-for-up-to-three-months-to-receive-their-bitcoin

[16] https://cointelegraph.com/news/mt-gox-confirm-bitcoin-addresses-repayment

CERTIFICATE OF SERVICE

I, [WENSONG LIN], hereby certify that on July 9, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com


Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com


U.S. Trustee Office

-Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov
-Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
-David Gerardi – david.gerardi@usdoj.gov


I certify under penalty of perjury that the foregoing is true and correct.

[WENSONG LIN]
[ Wensong Lin

Dated: July 9, 2025
Canada

**Extremely Urgent**
**Extrêmement urgent**

UPS Express®
UPS Express Saver®
UPS Expedited®

Call **1-800-PICK-UPS®** or visit **UPS.com®**

• The UPS EXPRESS ENVELOPE is to be use

• Do not send cash or cash equivalent.

Do not use this envelope for:

**UPS Standard®**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**

XUYUAN LIN
4168258552
180 FOXTAIL RIDGE
NEWMARKET ON  L3X1Z2
CANADA

0.5 LBS LTR
SHP#: 24RW 42KP V9S
SHP WT: LTR
DATE: 08 JUL 2025

SHIP CLERK OF THE COURT CASE # 22-11068
TO: (302) 252-2900
U.S. BANKRUPTCY COURT
3RD FLOOR
824 N MARKET ST,
WILMINGTON  DE 19801
UNITED STATES



DE 197 9-25

**UPS EXPRESS**
TRACKING #: 1Z 24R W42 66 5779 2476        1



**Place UPS shipping documentation her**

BILLING: P/P
DESC: CLAIM DOCUMENT

EDI-DOC

MA4RMHUPUOBZG ISH 13.00S BIXOLON S 25.5U 08/2025

Contains recycled paper
Contient du papier recyclé

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to In
Avis sur l'expédition d'envois internationaux — Le transport effectué en vertu des présentes peut être sujet aux règles relatives à la responsabilité et aux autres modalités ou conditions fixées par la Convention pour l'unification de cert

United Parcel Service Canada Ltd.    United Parcel Service du Canada Ltée