**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

**In re:**
FTX TRADING LTD., et al.,
Debtors.

Chapter 11
Case No. 22-11068 (KBO)

RECEIVED
2025 JUL 10 P 2: 56
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**Re: Objection to the Implementation of the Restricted Jurisdiction Procedures and to the Inclusion of China as a "Potentially Restricted Foreign Jurisdiction"**

To the Honorable Judge Karen B. Owens:

My name is Zhu Ming. For the sake of clarity, my first name is Ming and my last name is Zhu. I am a creditor of FTX Trading Ltd., holding a scheduled claim of $15,155.95 (Schedule No. 6721901; Customer ID 01411994), which I have duly filed pursuant to the established claims process. The email address associated with my FTX customer account is zming345@163.com.

I respectfully submit this letter to formally object to the "Motion of the FTX Recovery Trust for Entry of an Order in Support of the Confirmed Plan Authorizing the FTX Recovery Trust to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions" (the "Motion"). I oppose both (1) the implementation of the Restricted Jurisdiction Procedures in their entirety, and (2) the inclusion of China as a "Potentially Restricted Foreign Jurisdiction."

**I. Objection to the Restricted Jurisdiction Procedures**

1. The proposed Procedures effectively create a discriminatory gatekeeping mechanism based on jurisdiction, which is not authorized by the Confirmed Plan. Section 7.14 of the Plan conditions distributions on individual-level compliance through identity verification and disclosure of relevant personal or institutional information. It does not authorize categorical exclusions based on geography or jurisdiction. By introducing a framework not outlined in the Plan and not subjected to creditor voting, the Motion circumvents the Plan's distribution terms, infringes upon due process, and exceeds the authority granted by the Plan and this Court.

2. The Procedures impose disproportionate burdens on claimants from certain jurisdictions, including China, by requiring them to overcome presumptive exclusion. This structure contravenes principles of fairness and equality, especially given that affected creditors are often individuals with limited access to legal resources or non-native English speakers. It

creates an uneven playing field that may deprive compliant claimants of timely and rightful distributions.

3. The Procedures rely initially on legal opinions from attorneys retained by the FTX Recovery Trust. Although the Court retains ultimate authority to designate jurisdictions, the initial trigger for designation is based on a legal opinion prepared by counsel with a direct relationship to the Trust. This structure effectively grants preliminary decisional authority to an interested party, undermining transparency and judicial neutrality.

## II. Objection to the Designation of China as a Potentially Restricted Foreign Jurisdiction

4. The Plan denominates claims in U.S. Dollars, and distributions can lawfully and practically be made via fiat-based mechanisms such as international wire transfers. The Trust has entered into partnerships with global payment platforms (e.g., Payoneer, BitGo) and distribution agents (e.g., Kraken) to support secure fiat payments. Moreover, Chinese residents may lawfully receive USD transfers through accounts in Hong Kong, which is not prohibited under China's foreign exchange regime. As the payment process does not necessarily involve virtual assets, treating China as a jurisdiction that inherently obstructs distribution lacks basis. In **Celsius Network LLC** (Case No. 22-10964, S.D.N.Y.), the bankruptcy court approved USD distributions to international creditors, including those in China, via wire transfer, confirming the existence of a practical and compliant precedent.

5. Even where crypto-based distributions are used, they remain legally permissible in China. Chinese courts have consistently recognized cryptocurrencies such as Bitcoin and Ethereum as personal property protected under civil law.[1][2][3][4] Furthermore, Hong Kong—under the "one country, two systems" framework—has established a comprehensive licensing system to support the trading and holding of digital assets by both institutions and retail investors.[5][6][7][8] Importantly, in the **Mt. Gox** rehabilitation proceeding, Chinese creditors lawfully received BTC and BCH through Kraken, with no jurisdictional exclusion.

6. The Trust's Motion reflects questionable treatment of Chinese creditors. Despite the existence of well-established and legally compliant distribution mechanisms—including both fiat and crypto-based channels—and clear precedents for such distributions to Chinese claimants, the Trust has nonetheless included China as a Potentially Restricted Foreign Jurisdiction without providing any reasonable justification. This unexplained deviation from industry practice and creditor equality may reflect undue delay or the imposition of elevated barriers on Chinese creditors. These inconsistencies warrant close judicial scrutiny to ensure fairness and prevent discriminatory outcomes.

**Requested Relief**

For the foregoing reasons, I respectfully request that the Court deny the Motion in full. Regardless of whether the Court allows any part of the Restricted Jurisdiction Procedures to proceed, I respectfully request that China be excluded from designation as a Restricted Foreign Jurisdiction and that distributions to Chinese claimants commence immediately, on the same terms and timeline applicable to jurisdictions where distributions have already commenced.

Respectfully submitted,
Zhu Ming
Email: zming345@163.com
Date: July 8 , 2025

*Zhu Ming*

**CERTIFICATE OF SERVICE**

I, Zhu Ming, hereby certify that on July 8, 2025, I caused a true and correct copy of the foregoing Objection to be served via **email** upon the following parties:

**Landis Rath & Cobb LLP:**
Attn: Adam G. Landis, Kimberly A. Brown, Matthew R. Pierce
Email: landis@lrclaw.com, brown@lrclaw.com, pierce@lrclaw.com

**Sullivan & Cromwell LLP:**
Attn: Andrew G. Dietderich, James L. Bromley, Brian D. Glueckstein, Alexa J. Kranzley
Email: dietdericha@sullcrom.com, bromleyj@sullcrom.com, gluecksteinb@sullcrom.com, kranzleya@sullcrom.com

**Office of the United States Trustee:**
Attn: Juliet M. Sarkessian, Benjamin A. Hackman, David Gerardi
Email: juliet.m.sarkessian@usdoj.gov, benjamin.a.hackman@usdoj.gov, david.gerardi@usdoj.gov

Respectfully submitted,
Zhu Ming

*Zhu Ming*

**Appendix: References**

[1] https://watcher.guru/news/bitcoin-is-now-recognized-as-a-legal-virtual-property-by-shanghai-high-court#google_vignette

[2] https://www.mondaq.com/fin-tech/1577154/shanghai-court-recognises-the-legality-of-crypto-ownership-for-individuals

[3] https://www.coindesk.com/markets/2018/10/26/chinese-court-rules-bitcoin-should-be-protected-as-property

[4] https://news.bitcoin.com/chinese-court-ethereum-legal

[5] https://www.info.gov.hk/gia/general/202210/31/P2022103000454.htm

[6] https://www.reuters.com/technology/crypto-exchange-hashkey-bags-licence-update-serve-retail-users-2023-08-03

[7] https://cointelegraph.com/news/hong-kong-welcomes-first-licensed-retail-crypto-exchange-hashkey

[8] https://www.engage.hoganlovells.com/knowledgeservices/news/hong-kong-government-policy-announcement-on-virtual-asset-exchanges-hong-kong-fintech-week-2022

**To:**

**Clerk of the Court**

United States Bankruptcy Court

District of Delaware

824 Market Street, 3rd Floor

Wilmington, DE 19801

UNITED STATES

**Re: Objection to the Implementation of the Restricted Jurisdiction Procedures and to the Inclusion of China as a "Potentially Restricted Foreign Jurisdiction"**

**Case No. 22-11068 (KBO)**

**From:**

**Zhu Ming**

Room 202, Building 4, Shangdi Technology Tower

Haidian District, Beijing, 100085

CHINA




