IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE In re: FTX TRADING LTD., et al., Debtors. Chapter 11 Case No. 22-11068 (KBO) (Jointly Administered) Re: D.I. 31148

## OBJECTION TO THE DEBTORS' MOTION TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: Han Liu, FTX.com Creditor and Pro Se Claimant

**Preliminary Statement**

I, Han Liu, a verified FTX.com creditor, respectfully object to the Debtors' Motion seeking a procedure which could classify China and 48 other jurisdictions as "Restricted Foreign Jurisdictions." If granted, the motion would deprive me and countless others of distributions lawfully owed under the confirmed Plan of Reorganization, unless we satisfy arbitrary legal hurdles or forfeit our claims altogether. This proposal is:

- Legally unfounded
- Factually unsupported
- Morally indefensible
- And potentially in violation of basic constitutional and international human rights norms.

**Equal Distribution Rights Apply Under U.S. Bankruptcy Law**

Under 11 U.S.C. §1123(a)(4), a Chapter 11 plan must "provide the same treatment for each claim or interest of a particular class." The motion, if approved, would create unlawful discrimination between creditors in the same class—based solely on nationality or residence—by imposing different requirements and outcomes. The Celsius and Mt. Gox cases confirm that bankruptcy courts can and have distributed fiat or crypto to claimants in China and similarly situated countries. The Debtors offer no convincing reason why they cannot do so here.

**There Are Lawful, Safe, and Practical Alternatives**

The Debtors argue that crypto-related distributions may expose the Trust to legal risk. But this is a strawman:

- The Plan uses USD-denominated claims, payable via standard wire transfers—including to Chinese residents via Hong Kong intermediaries.
- Crypto is not the only option. In Celsius, USD was sent via wire without legal challenge.
- No evidence has been submitted that Chinese authorities would prosecute or penalize any party for a lawful claim distribution.
- The Debtors have not engaged with Chinese counsel, foreign regulators, or offered alternatives (like escrow, conversion to fiat, or trustee-administered reissuance), despite having nearly three years.

Crucially, I have been in **direct communication** with the Debtors regarding my claim and **my current residency**. As recently as **June 12, 2025**, they informed me that they were actively reviewing my case and were **looking for solutions to pay out claims**. At no point during these communications did they indicate that my claim would be subject to **asset forfeiture**, nor did they inform me of any such impending policy. This contradicts their assertion of having exhausted all alternatives.

Furthermore, while the Debtors' motion focuses on current residency, I have **resided outside of China for the past three years** and am willing to provide evidence to substantiate this. The Debtors have **failed to take this crucial fact into consideration**, despite being aware of my situation, demonstrating a lack of diligence in their assessment of individual creditor circumstances and further highlighting the arbitrary nature of this proposed blanket restriction. **(See attachment #2, showing communication regarding my residency.)** The U.S. Bankruptcy Code requires feasible, good-faith implementation of a plan under §1129(a)(3). This motion is neither.

**Property Rights Are Human Rights**

Article 17 of the Universal Declaration of Human Rights states: "Everyone has the right to own property... No one shall be arbitrarily deprived of his property." The Fifth Amendment of the U.S. Constitution guarantees: "No person shall be… deprived of life, liberty, or property, without due process of law." This motion authorizes arbitrary forfeiture of lawful claims based only on geography—with no finding of wrongdoing, no judicial process, and no opportunity to appeal. It would strip foreign creditors of vested economic rights, effectively punishing them for where they live.

**Additional Concerns on Timing and Retroactive Impact**

FTX's bankruptcy team has already completed claim verification and allocation of claim amounts, a process that took a substantial amount of time. It is unreasonable to now introduce new and arbitrary legal obstacles that could retroactively void claims by Chinese creditors. FTX lawfully accepted deposits from Chinese users during normal operations. Yet now, it seeks to deny payments to those same users, without offering interest or compensation for delayed distributions. Such treatment is unjust and contrary to both commercial expectations and legal equity. Moreover, BitGo—the designated distribution platform—has confirmed that Chinese creditors are eligible to receive distributions. In February 2024, BitGo sent email correspondence explicitly stating that while Chinese users are not eligible for trading, they are eligible for distribution. This acknowledgment from the platform itself further undercuts the Debtors' rationale for excluding China under the guise of legal uncertainty. Here is a screenshot of the email exchange with BitGo (See attachment #1).

**Potential for Precedent**

Approving this motion would not only legitimize discriminatory practices in this case but could also set a troubling precedent for future international bankruptcy proceedings in U.S. courts. Such a decision might undermine global confidence in the fairness and universality of American justice, potentially deterring foreign participation in U.S.-regulated financial systems and increasing legal uncertainty for cross-border transactions.

**Relief Requested**

I respectfully urge this Court to:

- Deny the motion in its current form;
- Direct the Debtors to explore alternative distribution methods for affected countries, including fiat-only channels or jurisdiction-specific guidance;
- Appoint a special master or independent foreign legal consultant to evaluate the actual risks on a case-by-case basis;
- Ensure that equal protection, good faith, and due process are honored in the treatment of all Class 5 creditors, regardless of nationality or current residency, especially considering individual circumstances like mine.

## Conclusion

FTX's collapse was global. Its restructuring must not become an instrument of selective exclusion, legal opportunism, or economic disenfranchisement. According to CEO John J. Ray III's testimony to the U.S. House Financial Services Committee on December 13, 2022, out of more than 9 million customer accounts, only "a couple hundred" were associated with U.S.-based individuals.

In other words, over 98% of FTX.com users were foreign, yet it is those same users now most at risk of being denied compensation.

To rubber-stamp this motion would be to legitimize one of the most troubling aspects of this bankruptcy: that a global customer base is being systematically excluded from distributions through procedural and jurisdictional maneuvering—all within a U.S. legal forum where they have little to no voice.

This Court must act to preserve the integrity of U.S. bankruptcy law and uphold the principles of global financial justice.

The unpaid funds in FTX are extremely important to me and my family — they represent the hard-earned savings I accumulated over many years of work. I respectfully ask the Court to consider the difficult circumstances faced by Chinese creditors, and individuals like myself who have been actively communicating with the Debtors and can prove residency outside of the specified "restricted" jurisdictions.

Han Liu
E-mail: iamh4n@gmail.com
Unit 602, 10/2 Sukhumvit Soi 27, Khlong Toei Nuea, Watthana, Bangkok 10110, Thailand

*[signature]*

Dated: July 8 2025
FTX.com Unique Customer Code: 00157352

Attachment #1

**BitGo Support** <support@bitgo.com>
发送至 我

翻译成中文

Hi Team

Apologies for the confusion. To clarify, you are eligible for the distribution, but you are not eligible for trading.

...

Attachment #2



**Shandie** (Please use support.ftx.com)
Jun 11, 2025, 23:11 PDT

Hi,

FTX Customer Support cannot access specific claim details. FTX Recovery Trust is reviewing all claims, and some "Disputed" claims may be eligible for future distribution. If you become eligible for distribution and all pre-distribution requirements are met, your claim status will change to "Allowed", and a Distribution date will appear on Step 9.

More information related to Disputed Claims can be found here: https://support.ftx.com/hc/en-us/articles/34522100742804-Distributions-Dashboard-FAQs

Thank you,

FTX Customer Support



**Han**
Jun 11, 2025, 08:18 PDT

Thank you for your response

I appreciate your effort in providing information regarding my claim status.

To clarify, my proof of claim has been marked as "passed," but I remain uncertain about why my jurisdiction might not be eligible for distributions. For additional context, I created my FTX account using my Hong Kong ID while I was a resident there. However, I have been a resident of Thailand for the past three years. I understand that both Hong Kong and Thailand are supported jurisdictions under Kraken .
Could you please provide more specific details on why my jurisdiction might not be eligible for distributions? Any further information would be greatly appreciated.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
In re: FTX TRADING LTD., et al., Debtors.
Chapter 11 Case No. 22-11068 (KBO) (Jointly Administered)
Re: D.I. 31148

# CERTIFICATE OF SERVICE

I, **Han Liu**, hereby certify that on **July 8, 2025**, I caused a copy of the foregoing Objection to the Debtors' Motion to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

**Sullivan & Cromwell LLP**
- James L. Bromley – bromleyj@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com
- Andrew G. Dietderich – dietdericha@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com

**Landis Rath & Cobb LLP**
- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

**Han Liu**
iamh4n@gmail.com
Unit 602, 10/2 Sukhumvit Soi 27, Khlong Toei Nuea, Watthana, Bangkok 10110, Thailand

Dated: July 8, 2025
FTX.com Unique Customer Code: 00157352

**EXPRESS WORLDWIDE DOX** — DHL

2025-07-07 MYDHL+ 1.0 / *30-0821*

From: BAAN SUKHUMVIT 27 CONDO
MR.HAN LIU
10/2 SUKHUMVIT 27
KHLONG TOEY NUEA, WATTHANA
10110 BANGKOK
Thailand

GOGREEN PLUS

Origin: BKK

To: U.S. Bankruptcy Court
Clerk of the Court
842N Market Street 3RD Floor
Wilmington
Delaware 19801

Contact: Clerk of the Court

19801 WILMINGTON Delaware
United States of America

**US-PHL-NJS** DENJ

ADI

Ref:

Pce/Shpt Weight: 0.5 kg    Piece: 1/1

Contents: Letter, correspondence



WAYBILL 29 9094 2360



(2L)US19801+42000000



(J) JD01 4600 0121 5718 2151

---

DHL label (handwritten):
STATION: BKK
FOR DHL (PRINT NAME): TSIW
FOR DHL (SIGNATURE): CHAMC.R
FOR CLIENT (PRINT NAME): Han Liu
FOR CLIENT (SIGNATURE): [signature]

THE CONTENTS OF THIS PACKAGE HAVE BEEN CHECKED FOR SECURITY PURPOSES, BY THE PERSON(S) NAMED:
FOR DHL / FOR CLIENT

APTG 20240714316