Weiwei Ji

916 SIMS AVE #07-78

Singapore, 408974

weiweiji@hotmail.com

July 06, 2025

Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

Re: Objection to the Designation of China as a "Restricted Foreign Jurisdiction"

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

Dear Judge Owens:

**OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES**

Submitted by: Weiwei Ji, Tax Resident of Singapore, and Representative of Chinese FTX Creditors

---

**Preliminary Statement**

I hold a Chinese passport, but I am currently a tax resident of Singapore, lawfully residing and conducting all personal and family affairs there. Nevertheless, under the proposed "Restricted Jurisdiction" framework, I have been categorized as a "Chinese creditor."

1

I respectfully submit this objection not only in my individual capacity, but also as the founder and representative of a rapidly growing group of over 400 Chinese FTX creditors. Many members of this group have reached out to me seeking coordination, and I have compiled and advocated for their shared concerns throughout these proceedings.

I have closely followed the proceedings from the outset and previously applied for a position on the Official Committee of Unsecured Creditors (UCC), though I was not selected.

My family holds four KYC-verified FTX accounts with aggregate claims exceeding $15 million USD. One of our claim numbers is 37373. We have fully complied with every procedural requirement under the Plan. The proposed motion now jeopardizes our right to distribution in an arbitrary and inequitable manner.

This motion to designate China as a "Restricted Jurisdiction" is unsupported by either fact or law. As outlined below, there is no credible legal basis to conclude that distributions to Chinese creditors would subject the Trust, or any distribution agent, to regulatory or criminal risk.

---

## I. FTX Claims Are USD-Denominated and Payable via Lawful Channels

1. FTX claims are denominated and settled in U.S. Dollars. While these claims originate from crypto investments, the Debtors' Plan explicitly adopts a USD-denominated valuation and distribution framework. The proposed distributions are fiat-based and do not require engagement with virtual assets, rendering them functionally indistinguishable from traditional monetary claims.

Although the Court has approved the use of stablecoins in certain distributions under the FTX bankruptcy proceedings, stablecoins in this context are merely a means of payment, not the legal basis of the claim itself. If the use of stablecoins as a payment channel results in creditors from certain jurisdictions being unable to receive their distributions, then such a method becomes inherently unfair to those creditors. Imposing de facto restrictions on creditors based solely on nationality or place of residence—due to limitations in receiving stablecoins—amounts to discriminatory treatment. This violates the principle of equal treatment under Section 1123(a)(4) of the U.S. Bankruptcy Code,

2

which requires that "a plan must provide the same treatment for each claim or interest of a particular class." All creditors holding the same class of claims must be entitled to equivalent compensation, regardless of geographical or political boundaries.[1]

2. Chinese nationals may lawfully hold USD, and USD-based distributions present no legal risk. FTX Recovery Trust has announced partnerships with global payment platforms (e.g., Payoneer, BitGo) and distribution agents (e.g., Kraken) to facilitate fiat disbursements. Chinese residents can lawfully receive USD wires via Hong Kong-based accounts, which is outside the scope of capital control violations. In fact, Kraken hosts a substantial number of users who hold Chinese passports and allows them to convert stablecoins into U.S. dollars and withdraw those funds to USD-supported bank accounts. It is entirely legal for Chinese nationals to hold and receive U.S. dollars. Even if the three service providers selected by FTX Recovery Trust are unwilling to offer stablecoin or USD wire services to Chinese users, there are countless traditional banks and payment companies around the world that can facilitate such transfers.[2][3]

3. USD settlement mechanisms exist for Chinese creditors. Even if crypto-based payouts are avoided, there are sufficient and lawful channels for distributing USD. In the Celsius Network LLC case, the bankruptcy court successfully disbursed USD to Chinese creditors via standard international wire transfers, confirming the existence of practical and compliant financial infrastructure.[4]

Conclusion to Section I. Given that the FTX bankruptcy estate values and settles creditor claims in U.S. Dollars, this case is fundamentally no different from other bankruptcy proceedings when it comes to distribution. The U.S. Dollar is a global reserve currency and can be lawfully transmitted to Chinese creditors through established channels. Equal access to USD compensation is essential to preserving fairness and equity in the bankruptcy process. The FTX Recovery Trust's attempt to withhold distributions from Chinese creditors based on jurisdictional interpretations of crypto regulation is both unreasonable and legally unfounded. Chinese creditors are entitled to equal treatment in USD distributions just like creditors in other jurisdictions. Any attempt to block such distributions based on speculative regulatory interpretations is not only unjust but lacks legal basis.

---

## II. Even Crypto-Based Distributions Are Legally Permissible in China

1. China Recognizes Virtual Assets as Legal Property.

Chinese courts have consistently held that cryptocurrencies such as Bitcoin and Ethereum constitute personal property under the Civil Code. These rulings confirm that individual ownership is lawful.[5][6][7][8]

2. Hong Kong Supports Crypto Regulation and Retail Participation.

As a Special Administrative Region (SAR) of the People's Republic of China, Hong Kong operates under the 'one country, two systems' framework, which allows it to establish its own financial and regulatory policies. However, it remains an integral part of China. Not only does Hong Kong allow individuals and institutions to hold and trade virtual assets, but it has also proactively embraced digital assets with a comprehensive licensing regime. Its progressive and well-defined regulatory framework aims to attract global digital asset firms and provide robust investor protection mechanisms.[9][10][11][12]

3. Mischaracterization of Macau Policy.

The Trust references Macau's 2017 ICO-related warning, but this merely restricts financial institutions from participating in token issuances. It does not prohibit personal ownership or receipt of crypto assets. The motion submitted by the FTX Recovery Trust cites a posting on the Macau government website that republishes a joint statement from multiple Chinese regulatory agencies. The original title of that notice is: "Alert to Risks of Virtual Commodities and Tokens." This is not a legal statute or court ruling, and therefore cannot serve as valid legal grounds for the present motion. Including China in the list of 49 jurisdictions under this motion lacks any legal foundation. As discussed in Section II above, multiple court decisions across different Chinese jurisdictions have affirmed that Chinese citizens' ownership of digital assets is protected under Chinese civil law and considered lawful personal property. Thus, there is no legal justification for categorizing China as a "Restricted Jurisdiction" under this motion.[13][14]

4. International Precedents Support Distributions to Chinese Creditors.

In Celsius Network LLC (Case No. 22-10964, S.D.N.Y.), the court approved USD distributions to Chinese claimants via wire. In the Mt. Gox rehabilitation, Chinese creditors lawfully received crypto (BTC, BCH) through Kraken. No jurisdictional restrictions were imposed in either case.[15][16]

---

### III. Concerns Regarding Market Coercion and the Underlying Motive of the Motion

We respectfully submit that the proposed designation of China as a "Restricted Jurisdiction" has already triggered serious and harmful market repercussions. Multiple distressed asset funds and claim purchasers are actively using this Motion to pressure Chinese creditors into selling their claims at significant discounts. These entities frequently assert that unless Chinese creditors sell their claims, they will receive no recovery at all.

On June 23, 2025, a user on the social media platform X (formerly Twitter) published a video in which a representative of one such fund openly stated:

"We're telling all Chinese creditors—they should sell now, because any delay likely means zero payout."

The same representative further stated:

"This motion will definitely pass, because if 5% of Chinese claims are excluded and flow back to the FTX trust, the other 95% of creditors will receive more. Ninety-five percent of creditors will support the motion because they benefit from that exclusion."

These public statements not only reveal that the market is being actively manipulated but also confirm that the Motion has become a tool of economic coercion. In our view, such behavior fundamentally undermines the fairness of the claim market and directly violates the principles enshrined in Section 1123(a)(4) of the Bankruptcy Code, which requires equal treatment for all creditors within the same class. Excluding creditors solely based on their nationality or jurisdiction through procedural mechanisms amounts to a denial of their right to fair and equal recovery.

Of particular concern to this Court should be the legal paradox created by this structure: original claim holders may be excluded from recovery, while distressed asset funds that purchase the same claims at a discount can receive full distributions from the trust. This is not a neutral market consequence but rather a structural distortion created by the Motion itself. When valid claims receive entirely different treatment based solely on who holds them, the bankruptcy process ceases to be a fair mechanism for distribution and

5

instead becomes an instrument for unjust wealth transfer—directly contravening the principles of procedural fairness and equal treatment under the Bankruptcy Code.

For these reasons, we respectfully urge the Court to give serious consideration to the real-world consequences of this Motion, including economic coercion, structural unfairness, and procedural abuse. Approving this Motion would legitimize opportunistic behavior and undermine public confidence in the integrity of the bankruptcy process. We ask the Court to reject the Motion and uphold the rule of law by ensuring that all creditors—regardless of nationality—are treated equally under U.S. bankruptcy law.

**Conclusion**

In conclusion, distributing claims to Chinese creditors poses no legal risk to the Trustee or its agents and constitutes a required step under the bankruptcy process. The motion to classify China as a "Restricted Jurisdiction" lacks factual foundation and misapplies legal principles. I respectfully urge the Court to reject any designation that would exclude Chinese creditors from distributions under the Plan.

Respectfully submitted,

Weiwei Ji

Dated: July 06, 2025

---

**Appendix A: Reference Links**

[1] https://www.coindesk.com/markets/2025/05/16/ftx-to-pay-over-usd5b-to-creditors-as-bankrupt-exchange-gears-up-for-distribution

[2] https://www.prnewswire.com/news-releases/ftx-recovery-trust-to-distribute-more-than-5-billion-to-creditors-in-second-distribution-on-may-30-2025-302456976.html

[3] https://www.coinspeaker.com/ftx-adds-payoneer-as-payment-method-for-creditors

6

[4] https://www.nysb.uscourts.gov/content/re-22-10964-mg-celsius-network-llc-21

[5] https://watcher.guru/news/bitcoin-is-now-recognized-as-a-legal-virtual-property-by-shanghai-high-court#google_vignette

[6] https://www.mondaq.com/fin-tech/1577154/shanghai-court-recognises-the-legality-of-crypto-ownership-for-individuals

[7] https://www.coindesk.com/markets/2018/10/26/chinese-court-rules-bitcoin-should-be-protected-as-property

[8] https://news.bitcoin.com/chinese-court-ethereum-legal

[9] https://www.info.gov.hk/gia/general/202210/31/P2022103000454.htm

[10] https://www.reuters.com/technology/crypto-exchange-hashkey-bags-licence-update-serve-retail-users-2023-08-03

[11] https://cointelegraph.com/news/hong-kong-welcomes-first-licensed-retail-crypto-exchange-hashkey

[12] https://www.engage.hoganlovells.com/knowledgeservices/news/hong-kong-government-policy-announcement-on-virtual-asset-exchanges-hong-kong-fintech-week-2022

[13] https://www.gov.mo/en/news/74177

[14] https://www.amcm.gov.mo/zh-hant/news-notice/statement/detail/alert-to-risks-of-virtual-commodities-and-tokens/642

[15] https://www.theblock.co/post/303624/mt-gox-creditors-may-have-to-wait-for-up-to-three-months-to-receive-their-bitcoin

[16] https://cointelegraph.com/news/mt-gox-confirm-bitcoin-addresses-repayment

[17] https://x.com/TiffanyFong_/status/1940894258736840918

## CERTIFICATE OF SERVICE

I, Weiwei Ji, hereby certify that on July 5, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via both electronic mail and physical mail upon the following parties listed below. In addition, I sent a cover letter and copy of this objection to the Office of the United States Trustee.

Sullivan & Cromwell LLP
- James L. Bromley – bromleyj@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com
- Andrew G. Dietderich – dietdericha@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP
- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com

Office of the United States Trustee
- Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov
- Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
- David Gerardi – david.gerardi@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 6, 2025
Singapore

_____
Weiwei Ji

2025 JUL -9 PM 3:35
CLERK US BANKRUPTCY COURT DISTRICT OF DELAWARE
RECEIVED

FROM:
Weiwei Ji
916 SIMS AVE #07-78
Singapore 408974
Email: weiweiji@hotmail.com

TO: United States Bankruptcy Court, District of Delaware
Attn: Clerk of the Co
824 N. Market Street, 3rd Fl
Wilmington, DE 19

Re: Objection to FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures — Case No. 22-11068 (K

NJ/A EDD: COMM
16
32647518(3
PCS:2

EXPRESS WORLDWIDE DOX DHL

2026-07-07 DCVS 4.0 / *12-1403*

From: WEIWEI JI
916 SIMS AVENUE
#07-78 SINGAPORE
408974 SINGAPORE
SINGAPORE

Origin: SIN

To: THE UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE
WILMINGTON, DE
824 NORTH MARKET STREET, 3RD FLOOR DE DELAWAR

Contact: CLERK, US BANKRUPTCY COURT

19801 WILMINGTON
UNITED STATES OF AMERICA

US - PHL - NJS DENJ

ADI

Day  Time

Ref Code Objection to Case No.22-11068

Pos/Shpt Weight: ./0.6 KG
Piece: 1/1

Content Description
LETTER OR CORRESPONDENCE


WAYBILL 32 6475 1803


(2L)US19801+42000000

Reference


(J) JD01 4600 0121 6034 9110

