# Re:Objection to FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures — Case No. 22-11068 (KBO)

Dear Judge:

I am a registered creditor in the FTX bankruptcy proceedings, having duly filed my claim under the Second Amended Joint Chapter 11 Plan. I respectfully submit this letter to object to the recent motion filed by the FTX Debtors/Recovery Trust (the "Trustee"), which seeks to exclude creditors from "potentially restricted jurisdictions" from receiving distributions.

## I. Creditor Information

- Name: Lin Lin
- Unique Customer Code: 729248
- Residence: People's Republic of China
- Email: 185066447@qq.com

## II. Grounds for Objection

### 1. Violation of Due Process and Procedural Fairness

Property rights are fundamental human rights and must not be deprived without due process. Excluding international creditors solely based on nationality or place of residence—without clear legal prohibition or judicial review—risks violating the Fifth Amendment's due process clause and Article 17 of the Universal Declaration of Human Rights. The Trustee's attempt to disqualify creditors due to its own compliance difficulties seriously undermines procedural fairness and the statutory rights of creditors, and would erode international confidence in the integrity of U.S. bankruptcy proceedings.

### 2. Breach of Fiduciary Duty

U.S. dollar payments are a legal and standard method of distribution. The FTX Recovery Trust has not sufficiently explored feasible payment options before citing national restrictions as a

1

reason to deny compensation, thus failing to fulfill its fiduciary duty to creditors.

### 3. Violation of the Equal Treatment Principle (Bankruptcy Code §1123(a)(4))

Under Chapter 11, all creditors within the same class (such as general unsecured creditors) must receive the same treatment unless a creditor voluntarily accepts less favorable terms. Excluding creditors solely based on jurisdiction, without valid legal grounds, is inconsistent with the principle of equal treatment. Good faith creditors should not lose their rights simply because of their place of residence.

### 4. The Motion Violates Fundamental Principles of Bankruptcy Law

The act of excluding all Chinese creditors:
- Constitutes discrimination based on nationality;
- Violates procedural fairness by depriving creditors who have fully complied with all requirements of their legitimate rights;
- Presents legal risks and potential abuse of power, which may call into question the legitimacy of the bankruptcy process.

### 5. Unfair Discrimination (Bankruptcy Code §1129(b)(1))

If the Court is to approve a plan over the objection of certain creditors (cramdown), it must ensure that the plan does not result in "unfair discrimination" against any class of creditors. The Trustee's motion, if granted, would constitute unfair discrimination against creditors from certain jurisdictions.

No Need to Invoke Cryptocurrency Law
This case is being administered as a U.S. dollar-denominated bankruptcy. There is no need to introduce cryptocurrency-specific legal issues as a pretext for denying payment. Standard bankruptcy procedures should apply.

### 6. Misinterpretation of Chinese Law

The FTX Recovery Trust appears to misunderstand Chinese law. China does not prohibit its citizens from holding cryptocurrencies or U.S. dollars. According to the Chinese Civil Code, virtual assets are recognized as legal property, and several court decisions are supporting this position. There are precedents for ditributing bankruptcy recoveries to Chinese creditors, such as in the Celsius and Mt. Gox cases, where no insurmountable legal barriers were encountered.

2

## Conclusion

I hereby formally request that your honorable court investigate the actions of the FTX Recovery Trust to determine whether they constitute:
- Illegal discriminatory conduct;
- Abuse of bankruptcy rights;
- Violations of the core principles of U.S. bankruptcy proceedings.

Chinese creditors—regardless of their place of residence—are entitled to participate equally in U.S. dollar compensation according to law. Any attempt to refuse payment on the grounds of so-called "jurisdictional risk" is unjust, without legal basis, and must be corrected and stopped.

Respectfully submitted,

*LinLin 林琳*

Lin Lin (林琳)

Unique Customer Code: 729248

Residence: People's Republic of China

Tianxin Jiayuan, Huilongguan East Street,

Changping District, Beijing, China 102208 (zip code)

Email: 185066447@qq.com

Dated: July 7, 2025

3

CERTIFICATE OF SERVICE

I, LIN LIN, hereby certify that on July 7, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com


Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com


I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 7, 2025

Lin Lin 林琳

Case 22-11068-KBO    Doc 31346    Filed 07/11/25    Page 8 of 12



LIN LIN

Tianxin Jiayuan, Huilongguan East Street,

Changping District, Beijing, China, 102208 (zip code)

185066447@qq.com

July 7, 2025

TO: United States Bankruptcy Court, District of Delaware

Attn: Clerk of the Court

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

Re: Objection to FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures — Case No. 22-11068 (KBO)