# Re: Objection to FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures — Case No. 22-11068 (KBO)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

**In re:**

FTX TRADING LTD., et al.,

Debtors.

Case No. 22–11068 (JTD)

Jointly Administered



**OBJECTION OF QIN YI (秦翼), TO FTX RECOVERY TRUST'S MOTION TO DESIGNATE RESTRICTED FOREIGN JURISDICTIONS AND TO DENY DISTRIBUTIONS TO CREDITORS FROM SUCH JURISDICTIONS**

**Honorable Judge:**

## CREDITOR INFORMATION

- Name: QIN YI
- Unique Customer Code: 721930
- Residence: People's Republic of China
- Email: 17641365@qq.com
- Platform: FTX_COM

Qin Yi (秦翼), as a lawful creditor in the FTX bankruptcy case, respectfully submits this objection to the Motion filed by FTX Recovery Trust on July 2, 2025, seeking to designate 49 countries

and regions—including China—as "restricted foreign jurisdictions" and to deny distributions to creditors from those jurisdictions. This Motion, if granted, would disproportionately and unfairly harm Chinese creditors, who account for approximately 82% of the affected claims, and would violate fundamental principles of U.S. bankruptcy law, due process, and fiduciary duty.

# I. INTRODUCTION

The proposed exclusion of creditors based solely on nationality or residence, without clear legal prohibition or individualized judicial review, is unprecedented and contrary to the core tenets of bankruptcy law: procedural fairness, equal treatment of creditors, and the fiduciary obligations owed to all stakeholders.

# II. FACTUAL BACKGROUND

1. FTX's bankruptcy affects millions of global creditors, with Chinese creditors representing a significant and disproportionate share of the claims targeted by this Motion.
2. The Motion seeks to deny distributions to creditors from 49 jurisdictions, including China, and to reallocate those funds to the Trust itself.
3. The Trust has not demonstrated that payments to Chinese creditors are legally prohibited or practically impossible.

# III. LEGAL ARGUMENTS

### A. Violation of Due Process and Procedural Fairness

Property rights are fundamental human rights. Depriving international creditors of compensation solely based on their nationality or place of residence—without clear evidence of legal prohibition or individualized judicial review—risks violating the Fifth Amendment's due process clause, as well as Article 17 of the Universal Declaration of Human Rights.
*"No person shall be... deprived of life, liberty, or property, without due process of law."* (U.S. Const. amend. V)

Procedural justice must be prioritized. The Trust cannot cancel creditor eligibility simply because of its own compliance difficulties or administrative convenience.

*See also: Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950) (notice and opportunity to be heard are fundamental to due process).*

## B. Breach of Fiduciary Duty

The Recovery Trust has an affirmative duty to implement reasonable methods that allow lawful distributions to all creditors. It cannot simply choose inaction or forfeiture when feasible, compliant channels—such as international USD transfers to Hong Kong—are readily available.

- **Case Law:**
  *"The primary purpose of bankruptcy is to maximize the value of the estate for distribution to creditors."*
  — Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343 (1985)

If the Trust:

- Fails to explore legal alternatives (e.g., Hong Kong payouts),
- Treats a large class of creditors as disposable,
- Or engineers forfeiture through procedural roadblocks,

Then it is violating the duty of loyalty, prudence, and non–discrimination expected of any bankruptcy estate fiduciary.

## C. Violation of Equal Treatment (11 U.S.C. § 1123(a)(4))

Chapter 11 requires that all claims or interests of a particular class receive the same treatment, unless a creditor voluntarily accepts less favorable terms.
The Trust's proposal to exclude Chinese creditors from distributions, based solely on their jurisdiction, is discriminatory and violates Section 1123(a)(4).

Good–faith creditors should not be presumed to lose their rights due to their region of residence. The Trust should provide alternative solutions, not simply strip rights.

## D. Unfair Discrimination (11 U.S.C. § 1129(b)(1))

If the Court is asked to confirm a plan over creditor objections (cramdown), it must ensure the plan does not "unfairly discriminate" against any class of creditors.
The Trust's proposal constitutes unfair discrimination against Chinese creditors and cannot be justified under Section 1129(b)(1).

### E. No Legal Basis for Exclusion; No Need for Crypto–Specific Law

The claims in this case are denominated in U.S. dollars. There is no legal requirement to invoke cryptocurrency–specific law as a precondition for payment. Standard bankruptcy procedures suffice.

### F. Misinterpretation of Chinese Law

China does not prohibit its citizens from holding cryptocurrency or U.S. dollars. Under the Chinese Civil Code, virtual assets are recognized as legal property, and there are multiple judicial precedents supporting this.
There is no evidence that paying Chinese creditors would violate Chinese law.

### G. Precedent for Lawful Distributions to Chinese Creditors

Other major bankruptcy cases, such as Celsius and Mt. Gox, have successfully made distributions to Chinese creditors without legal or practical impediment. There is no precedent for the exclusion proposed by the Trust.

### H. Damage to International Trust and U.S. Judicial Reputation

Granting the Motion would undermine international confidence in the U.S. bankruptcy system and damage the reputation of U.S. courts as fair arbiters for global financial disputes.

## IV. RELIEF REQUESTED

For the foregoing reasons, the Objector respectfully requests that the Court:

1. **Deny** the Motion to designate restricted foreign jurisdictions and to deny distributions to creditors from those jurisdictions;
2. **Order** the Trust to treat all similarly situated creditors equally, in accordance with the Bankruptcy Code and fiduciary standards;
3. **Require** the Trust to implement reasonable, lawful alternatives for distribution to all creditors, including those in China;
4. **Preserve** the rights of all affected creditors to participate in the distribution process.

## V. RESERVATION OF RIGHTS

The Objector reserves the right to supplement this objection, present additional evidence, and participate in oral argument at the hearing scheduled for July 22, 2025.

Respectfully submitted,

QIN YI 秦翼

Qin Yi (秦翼)

Unique Customer Code: 721930

Residence: People's Republic of China

Tianxin Jiayuan, Huilongguan East Street,

Changping District, Beijing, 102208

China

Email: steven.qinyi@gmail.com

Dated: July 7, 2025

CERTIFICATE OF SERVICE

I, QIN YI, hereby certify that on July 7, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 7, 2025

_____

QIN YI  春罡



CLERK OF THE COURT
824 N MARKET ST
WILMINGTON DE 19801

8: LEFT — FDL

P: BLUE    7245
0325—

SF EXPRESS 顺丰速运

EDI-DOC

1P

DE 197 9-25

U.S.M.S.
V-R.S.

1 KG

1 OF 1

SHIP#: 4W26 DEAL BFY
SHIP WT: 0.5 KG
DATE: 08 JUL 2025

UPS SAVER
TRACKING #: 1Z 4W2 60E 04 0687 7245

BILLING: P/P
DESC: DOC

SHIP TO:
CLERK OF THE COURT
302252900
CLERK OF THE COURT
U.S.BANKRUPTCY COURT 824 N MARKET
ST 3RD FLOOR,WILMINGTON,DELAWARE
WILMINGTON DE 19801
UNITED STATES

QINYUNG 22, B3107, TIANXIN CO
BUILDING CITY BEIJI
200108 BEIJING CITY BEIJI
CHINA MAINLAND

SF EXPRESS 顺丰速运

021ZB-USA

To  Clerk of the
302252522900

U.S.Bankruptcy Court,824
N Market St 3rd Floor, Wi
lmington, Delaware, Wil
ngton Delaware(19801)

WU

标快+ GE+
Uplift

单一材质

0%

特快

QIN YI

Tianxin Jiayuan, Huilongguan East Street,

Changping District, Beijing, China, 102208 (zip code)

steven.qinyi@gmail.com

July 7, 2025

TO: United States Bankruptcy Court, District of Delaware

Attn: Clerk of the Court

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

Re: Objection to FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures — Case No. 22-11068 (KBO)