TO: The Honorable Karen B. Owens, United States Bankruptcy Court
FROM: HENG LU, FTX Creditor
DATE: July 7, 2025
RE: FTX Trading Ltd., et al., Case No. 22-11068 (KBO) - Objection to Motion for Restricted Jurisdiction Procedures

# OBJECTION TO MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER IN SUPPORT OF THE CONFIRMED PLAN AUTHORIZING THE FTX RECOVERY TRUST TO IMPLEMENT THE RESTRICTED JURISDICTION PROCEDURES IN POTENTIALLY RESTRICTED FOREIGN JURISDICTIONS

## I. PRELIMINARY STATEMENT AND OBJECTION

The undersigned creditor respectfully submits this objection to the Motion of the FTX Recovery Trust for Entry of an Order Authorizing the FTX Recovery Trust to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions (the "Motion").

**I CATEGORICALLY OBJECT to the proposed Motion on multiple fundamental grounds** that strike at the heart of due process, equal treatment under law, and the basic principles of bankruptcy jurisprudence. The Motion seeks to strip creditors of their legally established rights based solely on their geographic location, creating an impermissible two-tiered system of justice that violates core constitutional and statutory protections.

The proposed "Restricted Jurisdiction Procedures" represent a dangerous precedent that would allow a debtor's estate to unilaterally forfeit creditor distributions based on speculative legal concerns, without providing meaningful alternatives or adequate due process protections. This Court should reject this Motion in its entirety.

## II. DETAILED OBJECTIONS

### A. THE MOTION VIOLATES FUNDAMENTAL DUE PROCESS RIGHTS

The proposed procedures constitute a flagrant violation of procedural due process that must be rejected by this Court. Due process is not a mere technicality—it is the cornerstone of American jurisprudence that protects all parties, regardless of nationality or residence.

**1. Arbitrary and Capricious Decision-Making**

The Motion grants the FTX Recovery Trust unfettered discretion to determine what constitutes an "Acceptable Opinion" versus an "Unacceptable Opinion." This standardless delegation of authority violates due process by creating an arbitrary system where creditors' rights depend entirely on the Trust's subjective interpretation of foreign legal opinions.

**2. Burden of Proof Improperly Shifted**

The Motion requires creditors to prove a negative—that distributions to their jurisdiction are legally permissible—rather than requiring the Trust to prove actual legal impediments. This reversal of the burden of proof is fundamentally unfair and violates established principles of American jurisprudence.

**3. Inadequate Notice and Opportunity to be Heard**

The Motion proposes a truncated 45-day objection period following an "Unacceptable Opinion" determination. This compressed timeline, combined with the requirement for creditors to waive service of process and submit to this Court's jurisdiction, creates insurmountable barriers for foreign creditors who may lack familiarity with U.S. legal procedures and English language requirements.

### B. THE MOTION VIOLATES EQUAL TREATMENT PRINCIPLES AND CONSTITUTES IMPERMISSIBLE DISCRIMINATION

The Bankruptcy Code mandates equal treatment of similarly situated creditors. The proposed procedures create an invidious classification system based solely on geographic location, which is impermissible under both bankruptcy law and constitutional principles.

### 1. Disparate Impact on International Creditors

FTX's customer base was predominantly international, with 98% of users being non-U.S. residents. The proposed procedures would disproportionately impact these international creditors, creating a system where American creditors receive preferential treatment solely based on their geographic location.

### 2. Violation of National Origin Discrimination Principles

While the Motion attempts to frame the issue as one of jurisdictional compliance, its practical effect is to discriminate against creditors based on their national origin and residence. This violates fundamental principles of equal protection and non-discrimination that apply even in bankruptcy proceedings.

### 3. Creation of an Impermissible Two-Tiered System

The proposed procedures would create a system where some creditors receive full distributions while others—holding identical claims—receive nothing, based solely on their residence. This arbitrary classification violates the Bankruptcy Code's mandate for equal treatment of creditors within the same class.

## C. THE MOTION VIOLATES SECTION 1123 OF THE BANKRUPTCY CODE

Section 1123 of the Bankruptcy Code requires that reorganization plans be in the best interests of creditors and provide for fair and equitable treatment. The proposed procedures violate these fundamental requirements.

### 1. Failure to Maximize Creditor Recovery

The Motion would forfeit approximately 5% of total claim value (with 82% of affected claims being Chinese creditors) without any showing that such forfeiture is necessary or that alternative solutions have been exhausted. This directly contravenes the Bankruptcy Code's directive to maximize creditor recovery.

### 2. Lack of Meaningful Alternatives

The Trust has failed to propose any meaningful alternatives to outright forfeiture, such as:

- Delayed distributions pending legal clarification
- Escrow arrangements for affected distributions
- Appointment of neutral third-party trustees
- Individual case-by-case analysis rather than blanket exclusions
- Coordination with foreign legal authorities to establish compliant distribution mechanisms

### 3. Inadequate Factual Basis

The Motion relies on vague references to "warning statements" and regulatory guidance without providing concrete evidence of actual legal prohibitions or enforcement actions that would prevent distributions.

## D. THE MOTION MISCHARACTERIZES APPLICABLE FOREIGN LAW

The Motion's characterization of foreign legal restrictions, particularly regarding Chinese law, is fundamentally flawed and overstated.

### 1. USD-Denominated Claims Are Legally Permissible

This Court has already determined that FTX claims are USD-denominated, making this case functionally identical to any other corporate bankruptcy liquidation. Chinese residents can legally receive and hold US dollars, and the Trust's distribution service providers (BitGo, Kraken, Payoneer) already permit Chinese users to receive USD distributions through compliant channels.

### 2. Cryptocurrency Assets Are Legally Recognized

Chinese law recognizes cryptocurrencies as lawful assets that Chinese citizens may own and hold. Multiple Chinese court cases have adjudicated cryptocurrency-related disputes, demonstrating that such assets are legally cognizable property rights under Chinese law.

### 3. Established International Precedents

International precedents support distributions to Chinese creditors:

- In Celsius Network LLC (Case No. 22-10964, S.D.N.Y.), the court approved USD distributions to Chinese claimants via wire transfer
- In the Mt. Gox rehabilitation proceeding, Chinese creditors lawfully received cryptocurrency distributions (BTC, BCH) through Kraken
- No jurisdictional restrictions were imposed in either case, despite similar regulatory concerns

## E. THE MOTION LACKS ADEQUATE LEGAL FOUNDATION

### 1. Speculative Legal Theories

The Motion is based on speculative concerns about potential legal violations rather than concrete evidence of actual legal impediments. The Trust has not demonstrated that any distribution service provider has refused to serve creditors in the listed jurisdictions or that any regulatory authority has prohibited such distributions.

### 2. Failure to Exhaust Alternative Solutions

The Trust has not demonstrated that it has exhausted reasonable alternatives to outright forfeiture. International bankruptcy law provides numerous mechanisms for cross-border distributions that the Trust has apparently not explored.

### 3. Insufficient Nexus to Bankruptcy Policy

The proposed procedures serve no legitimate bankruptcy policy objective and instead appear designed to reduce the Trust's administrative burden at the expense of creditor rights.

## F. THE MOTION CREATES DANGEROUS PRECEDENT

### 1. Erosion of Creditor Rights

Approval of this Motion would establish a dangerous precedent allowing debtors' estates to unilaterally strip creditor rights based on speculative compliance concerns, effectively eviscerating the protections provided by the Bankruptcy Code.

### 2. Undermining International Bankruptcy Cooperation

The Motion would undermine international bankruptcy cooperation and comity by suggesting that U.S. bankruptcy courts cannot effectively coordinate with foreign legal systems to ensure compliant distributions.

### 3. Chilling Effect on International Commerce

Approval would create a chilling effect on international commerce by suggesting that foreign creditors have inferior rights in U.S. bankruptcy proceedings, potentially discouraging international investment and trade.

## III. CONCLUSION AND PRAYER FOR RELIEF

The FTX Recovery Trust's Motion represents a fundamental departure from established principles of due process, equal treatment, and creditor protection that have long been the foundation of American bankruptcy law. The proposed "Restricted Jurisdiction Procedures" would create an impermissible system of geographic discrimination that violates both constitutional principles and the Bankruptcy Code's mandate for equal treatment of creditors.

The Motion's reliance on speculative legal concerns, its failure to propose meaningful alternatives, and its discriminatory impact on international creditors render it fundamentally incompatible with American legal principles. The Trust's administrative convenience cannot justify the wholesale forfeiture of creditor rights, particularly when viable alternatives exist that would protect both creditor interests and ensure legal compliance.

**WHEREFORE, the undersigned respectfully requests that this Court:**

1. **DENY the Motion in its entirety;**
2. **REJECT the proposed Restricted Jurisdiction Procedures** as violative of due process, equal protection, and the Bankruptcy Code;
3. **ORDER the FTX Recovery Trust to develop and implement alternative procedures** that protect creditor rights while addressing legitimate compliance concerns, including but not limited to:
   1. Delayed distributions pending legal clarification
   2. Escrow arrangements for affected distributions
   3. Appointment of neutral distribution trustees
   4. Individual case-by-case analysis for affected creditors
4. **ENSURE that all creditors receive equal treatment** regardless of their geographic location or national origin;
5. **GRANT such other and further relief** as this Court deems just and proper.

The integrity of the American bankruptcy system depends on the equal treatment of all creditors under law. This Court should not permit the creation of a two-tiered system of justice based on geographic discrimination.

Respectfully submitted,

HENG LU
Email: lv.gobbin@gmail.com
Address: No.157, Minzuyuan West Road, Chaoyang District, Beijing, China

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Objection was served upon the following parties via email and U.S. mail on July 7, 2025:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com


Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com


I certify under penalty of perjury that the foregoing is true and correct.


HENG LU
Date: July 7, 2025
Email: lv.gobbin@gmail.com

*HENG LU* (signature)

