Xufei Bai

Room 601, Building 19, Tongfang Jincheng C block,

555 North Zhangyang Road, Pudong New District, Shanghai P.R.China

weiqingh@gmail.com

Unique Customer Code 4315194

July 08, 2025

Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

Re: Objection to the Designation of China as a "Restricted Foreign Jurisdiction"

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

Dear Judge Owens:

OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: Xufei Bai

---

Preliminary Statement

The claim I hold is denominated in U.S. dollars, and there is no law in Mainland China that prohibits its citizens from receiving U.S. dollar repayments from a foreign bankruptcy proceeding. The use of stable coins is merely one of several distribution options selected by the FTX Recovery Trust—not a legal necessity. If the FTX Recovery Trust harbors legal concerns about using stable coins in certain jurisdictions, it can and

should propose alternative channels, such as international wire transfers, rather than seek to forfeit the claims of an entire category of creditors based solely on geography.

Notably, other major bankruptcy cases such as Mt. Gox and Celsius did not deny repayment to Chinese or international creditors out of concern for payout methods. Despite similar concerns about global crypto regulation, those estates fulfilled their repayment obligations without resorting to blanket disqualification or forfeiture mechanisms. The current proposal by the FTX Recovery Trust departs from this standard of fair and lawful treatment.

The Motion also suggests that the FTX Recovery Trust or its agents could face criminal liability in China if they distribute funds to claimants residing there. However, this concern lacks any concrete legal basis. The distributions will originate from U.S.-based entities and be made in U.S. dollars, through methods such as bank transfers or stablecoins. There is no known precedent or regulation in China that imposes liability—civil or criminal—on a foreign trust or payment processor for lawfully repaying debt. No such risk materialized in comparable bankruptcy cases, including Mt. Gox, Celsius, or BlockFi, all of which made fiat payments to creditors in China and elsewhere.

More fundamentally, the proposed blanket exclusion of Chinese creditors amounts to discriminatory treatment. Creditors from Mainland China lawfully participated in FTX.com, the global platform, under the same contractual framework as users from the U.S., Europe, or Japan. To retroactively exclude one group based solely on their country of origin—without any individualized review or opt-out mechanism—violates basic principles of contractual equity and the Plan's stated goal of maximizing fair recoveries for all creditors.

---

I. FTX Claims Are USD-Denominated and Payable via Lawful Channels

1. FTX claims are denominated and settled in U.S. Dollars. While these claims originate from crypto investments, the Debtors' Plan explicitly adopts a USD-denominated valuation and distribution framework. The proposed distributions are fiat-based and do not require engagement with virtual assets, rendering them functionally indistinguishable from traditional monetary claims.[1]

2. USD wire transfers are lawful and standard payment mechanisms. FTX Recovery Trust has announced partnerships with global payment platforms (e.g., Payoneer, BitGo) and distribution agents (e.g., Kraken) to facilitate fiat disbursements. Chinese residents can lawfully receive USD wires via Hong Kong-based accounts, which is outside the scope of capital control violations.[2][3]

3. USD settlement mechanisms exist for Chinese creditors. Even if crypto-based payouts are avoided, there are sufficient and lawful channels for distributing USD. In the Celsius Network LLC case, the bankruptcy court successfully disbursed USD to Chinese creditors via standard international wire transfers, confirming the existence of practical and compliant financial infrastructure.[4]

4. Conclusion to Section I. Given that the FTX bankruptcy estate values and settles creditor claims in U.S. Dollars, this case is fundamentally no different from other bankruptcy proceedings when it comes to distribution. The U.S. Dollar is a global reserve currency and can be lawfully transmitted to Chinese creditors through established channels. Equal access to USD compensation is essential to preserving fairness and equity in the bankruptcy process. The FTX Recovery Trust's attempt to withhold distributions from Chinese creditors based on jurisdictional interpretations of crypto regulation is both unreasonable and legally unfounded. Chinese creditors are entitled to equal treatment in USD distributions just like creditors in other jurisdictions. Any attempt to block such distributions based on speculative regulatory interpretations is not only unjust but lacks legal basis.

---

II. Even Crypto-Based Distributions Are Legally Permissible in China

1. China Recognizes Virtual Assets as Legal Property.

Chinese courts have consistently held that cryptocurrencies such as Bitcoin and Ethereum constitute personal property under the Civil Code. These rulings confirm that individual ownership is lawful.[5][6][7][8]

2. Hong Kong Supports Crypto Regulation and Retail Participation.

As a Special Administrative Region (SAR) of the People's Republic of China, Hong Kong operates under the 'one country, two systems' framework, which allows it to establish its own financial and regulatory policies. However, it remains an integral part of China. Not only does Hong Kong allow individuals and institutions to hold and trade virtual assets, but it has also proactively embraced digital assets with a comprehensive licensing regime. Its progressive and well-defined regulatory framework aims to attract global digital asset firms and provide robust investor protection mechanisms.[9][10][11][12]

3. Mischaracterization of Macau Policy.

The Trust references Macau's 2017 ICO-related warning, but this merely restricts financial institutions from participating in token issuances. It does not prohibit personal ownership or receipt of crypto assets.[13][14]

4. International Precedents Support Distributions to Chinese Creditors.

In Celsius Network LLC (Case No. 22-10964, S.D.N.Y.), the court approved USD distributions to Chinese claimants via wire. In the Mt. Gox rehabilitation, Chinese creditors lawfully received crypto (BTC, BCH) through Kraken. No jurisdictional restrictions were imposed in either case.[15][16]

---

Conclusion

In conclusion, distributing claims to Chinese creditors poses no legal risk to the Trustee or its agents and constitutes a required step under the bankruptcy process. The motion to classify China as a "Restricted Jurisdiction" lacks factual foundation and misapplies legal principles. I respectfully urge the Court to reject any designation that would exclude Chinese creditors from distributions under the Plan.

Respectfully submitted,

Xufei Bai

*[signature]*

Dated: July 08, 2025

---

Appendix A: Reference Links

[1] https://www.coindesk.com/markets/2025/05/16/ftx-to-pay-over-usd5b-to-creditors-as-bankrupt-exchange-gears-up-for-distribution

[2] https://www.prnewswire.com/news-releases/ftx-recovery-trust-to-distribute-more-than-5-billion-to-creditors-in-second-distribution-on-may-30-2025-302456976.html

[3] https://www.coinspeaker.com/ftx-adds-payoneer-as-payment-method-for-creditors

[4] https://www.nysb.uscourts.gov/content/re-22-10964-mg-celsius-network-llc-21

[5] https://watcher.guru/news/bitcoin-is-now-recognized-as-a-legal-virtual-property-by-shanghai-high-court#google_vignette

[6] https://www.mondaq.com/fin-tech/1577154/shanghai-court-recognises-the-legality-of-crypto-ownership-for-individuals

[7] https://www.coindesk.com/markets/2018/10/26/chinese-court-rules-bitcoin-should-be-protected-as-property

[8] https://news.bitcoin.com/chinese-court-ethereum-legal

[9] https://www.info.gov.hk/gia/general/202210/31/P2022103000454.htm

[10] https://www.reuters.com/technology/crypto-exchange-hashkey-bags-licence-update-serve-retail-users-2023-08-03

[11] https://cointelegraph.com/news/hong-kong-welcomes-first-licensed-retail-crypto-exchange-hashkey

[12] https://www.engage.hoganlovells.com/knowledgeservices/news/hong-kong-government-policy-announcement-on-virtual-asset-exchanges-hong-kong-fintech-week-2022

[13] https://www.gov.mo/en/news/74177

[14] https://www.amcm.gov.mo/zh-hant/news-notice/statement/detail/alert-to-risks-of-virtual-commodities-and-tokens/642

[15] https://www.theblock.co/post/303624/mt-gox-creditors-may-have-to-wait-for-up-to-three-months-to-receive-their-bitcoin

[16] https://cointelegraph.com/news/mt-gox-confirm-bitcoin-addresses-repayment

CERTIFICATE OF SERVICE

I, Xufei Bai, hereby certify that on July 5, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 5, 2025

_____
Xufei Bai

Xufei Boi.
Rm. 601. Building 19.
555 North Zhangleng Rd.
Shanghai, China

Re: Objection of FTX Recovery Trust Motion to Implement Restricted Jurisdiction Procedures No. 22-11068

Clerk of the Court
824 N. Market Street, 3rd Floor
Wilmington, DE 19801