Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

RECEIVED

2025 JUL 10 P 12: 29

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Re: Objection to the Designation of China as a "Restricted Foreign Jurisdiction"

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

Dear Judge Owens:

OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT
RESTRICTED JURISDICTION PROCEDURES

Submitted by: Lingjian Kong, Tax Resident of China, and Representative of Chinese
FTX Creditors

PRELIMINARY STATEMENT:

I have a KYC-verified FTX account with a total debt of over 300,000 US dollars. The
account unique customer code is 02339534. I have fully met all the requirements of
the previous bankruptcy procedures. FTX has made two distributions, but did not
distribute to users in the Chinese region, and there was no any explanation. But now,
suddenly, a dictatorial and unfair motion has been proposed that may deprive the right
to distribution. I believe this involves serious discriminatory deprivation behavior.

GROUNDS FOR OBJECTION:

1. The trust's approach is unfair and arbitrary

In the worst-case scenario, the motion would deprive creditors of our right to receive
distributions. This motion attempts to impose an overly broad and unreasonable
system based on speculative and unsubstantiated legal risks. Moreover, this process is
arbitrary and there is no participation of the creditors. Why didn't the trustee propose
to conduct a compliance investigation with local lawyers before the initial distribution,

but instead raised this issue after two distributions, does this mean discriminatory treatment? The proposed restricted jurisdiction procedure has procedural flaws, exceeds the defined scope of the plan, and violates the fundamental principles of fair and equal treatment in bankruptcy.

2. The compliance risk assessment was insufficient, and trust can seek more alternative approaches.

The reason why the trust filed this motion was that some of the creditors' jurisdictions still had laws and regulations restricting cryptocurrency transactions. Allocating to these regions might involve legal risks. However, the FTX debts were denominated and settled in US dollars, and the nature of the debts was US dollars, which could be fully distributed using legal currency. Although China has foreign exchange controls, holding US dollars is compliant, and there are many channels for Chinese residents to receive them. In the Celsius Network LLC case, the bankruptcy court successfully distributed US dollars to Chinese creditors through international wire transfer. [1] The trust did not provide any case to prove that the recipients of the bankruptcy distribution had been punished. Moreover, even for cryptocurrencies, China fully recognizes that they belong to personal legal property, and there are many relevant cases to prove this. [2][3] There are many precedents that can be found on the China Judgments Online website. For example, (2019) Zhejiang 0192 Civil No. 1626. At the same time, creditors could sign a disclaimer to avoid risks, but the trust did not propose seeking other possibilities in the motion, instead proposed to deprive the distribution rights as the solution.

3. Insufficient notification procedure

As far as I know, no creditor from any Chinese region received the notice of this motion. The motion involves the deprivation of creditors' rights, but it did not notify the affected creditors, only a public announcement was made. In the worst-case scenario, I believe many creditors will have their property deprived without even knowing about it.


CONCLUSION:

The creditor's claim is considered as personal property. Depriving personal property on the grounds of compliance is unreasonable and illegal. The Chinese judicial jurisdiction mainly restricts the operation of cryptocurrency exchanges, rather than the repayment of individual creditor claims. The trust should seek alternative solutions instead of depriving the creditors of our property. I request the court to reject the

motion and require the trust to modify its restrictive measures and evaluate more alternative solutions.

Respectfully submitted,

Name:

Lingjian Kong

Customer code:

02339534

Adress:

Room 2302, Building 5

1111 Huimin Road

Lucheng District

Wenzhou, Zhejiang 325000

China

Email:

Mrseasonk@gmail.com

July 06, 2025

Signature:

*Ling Jian Kong*

Dated: July 06, 2025

---

Appendix A: Reference Links

[1] https://www.nysb.uscourts.gov/content/re-22-10964-mg-celsius-network-llc-21

[2] https://www.coindesk.com/markets/2018/10/26/chinese-court-rules-bitcoin-should-be-protected-as-property

[3] https://news.bitcoin.com/chinese-court-ethereum-legal

CERTIFICATE OF SERVICE

I, Lingjian Kong, hereby certify that on July 5, 2025, I caused a copy of the foregoing
Objection to the Motion of the FTX Recovery Trust to Implement Restricted
Jurisdiction Procedures to be served via electronic mail upon the following parties:


Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com


Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com


I certify under penalty of perjury that the foregoing is true and correct.


Dated: July 6, 2025

China

孔令健  Ling Jian Kong

From: LingJian Kong
No.23, Building S, 1111 Huimin Road
Lucheng District, Wen Zhou City
Zhejiang Province, China
325000

Mrseasonk @gmail.com
July 7, 2025

To: United States Bankruptcy Court
Attn: Clerk of the Court
824 North Market Street, 3rd Floor

Re: Objection to FTX Recovery Trust's
Motion to Implement Restricted Jurisdiction
Procedures — Case No.22-11068(KBD)

邮政编码：

贴
邮
票
处

阳明文化

来诗画　浙江　品何以中国

和旅游厅　乐府公司　联合出品



现藏于余姚博物馆
王阳明寓赣州上海日翁手札卷

件

# 阳明文化

来诗画浙江 品何以中国

现藏于余姚博物馆

浙江省文化广电和旅游厅
浙江顺丰速运有限公司 **联合出品**






