**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

In re: FTX TRADING LTD., et al., Debtors.

Chapter 11 Case No. 22-11068 (KBO)
Jointly Administered

Hearing Date: July 22, 2025 at 9:30 a.m. (ET)
Objection Deadline: July 15, 2025 at 4:00 p.m. (ET)

RECEIVED
2025 JUL 11 A 9: 39
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**OBJECTION TO THE MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER IN SUPPORT OF THE CONFIRMED PLAN AUTHORIZING THE FTX RECOVERY TRUST TO IMPLEMENT THE RESTRICTED JURISDICTION PROCEDURES IN POTENTIALLY RESTRICTED FOREIGN JURISDICTIONS**

### I. CREDITOR INFORMATION
- Full Name: QiaoQin Liang
- Claim Number: 32994
- Country of Residence: China
- Email: timsensor@hotmail.com

I, the undersigned, am a creditor duly registered under the Second Amended Joint Chapter 11 Plan (the "Plan") and entitled to participate in the distributions thereunder. I hereby submit this objection to the Motion filed by the FTX Recovery Trust (the "Trust"), opposing the request for authority to deny distributions to creditors located in so-called "Potentially Restricted Jurisdictions."

### II. BASIS FOR OBJECTION

**1. The Trust Cannot Circumvent Due Process by Unilaterally Denying Creditor Rights Based on Its Own Compliance Challenges**

The Trust claims that legal uncertainties in certain jurisdictions may hinder lawful distributions and therefore seeks authority to deny claims solely based on the creditor's location. This amounts to shifting the Trust's compliance burdens onto innocent creditors, which violates the principles of creditor equality and due process enshrined in the U.S. Bankruptcy Code and international norms.

Unilateral exclusion of creditors without a hearing, a clear legal determination, or individualized review constitutes a fundamental deprivation of rights. The Plan confirmed by this Court requires equal treatment for similarly situated creditors pursuant to 11 U.S.C. § 1123(a)(4), and cannot be overridden by administrative inconvenience.

**2. Location Alone Does Not Justify Stripping a Creditor of Legal Rights**

As a bona fide, registered creditor, I have participated in this process in good faith. The mere fact that I reside in a particular jurisdiction with alleged legal ambiguity does not constitute valid grounds to deny my claim. My rights stem from a legitimate debtor–creditor relationship, not from the geographic location of my residence.

**3. The Trust Must Propose Viable Alternatives Before Resorting to Exclusion**

Case 22-11068-KBO    Doc 31354    Filed 07/11/25    Page 2 of 5

Printed July,7 2025                                                                                                    Page 2 of 3

If actual legal or regulatory obstacles exist, the Trust must pursue alternative solutions, such as:

- Deferring payments until legal pathways are clarified;
- Holding distributions in escrow or segregated accounts;
- Engaging a neutral third-party agent to facilitate distributions;
- Conducting individualized legal review instead of blanket disqualification.

The current Motion fails to explore any of these options, contradicting the Plan's obligation to act in the best interests of creditors and undermining trust in the equitable administration of cross-border bankruptcy proceedings.

### 4. The Bankruptcy Code's Priority on Distribution Over Administrative Convenience

Section 105 of the Bankruptcy Code empowers the court to ensure fair proceedings. Administrative convenience does not justify violating creditor equality or vested rights. The Trust must bear its compliance burdens without shifting costs to innocent creditors.

### III. RELIEF REQUESTED

I respectfully request that the Court:

1. Deny the Motion to the extent it seeks to authorize exclusion of creditors solely based on jurisdictional concerns;

2. Direct the Trust to implement non-discriminatory alternative measures, such as deferrals or escrow, to ensure eventual distribution;

3. Clarify that uncertainty regarding foreign legal regimes does not constitute sufficient cause to eliminate vested property rights;

4. Require the Trust to notify affected creditors in writing and provide a meaningful opportunity to be heard before taking any adverse action regarding claim status or distribution eligibility;

5. Alternatively, require the Trust to produce:

    1. Specific evidence of legal or regulatory obstacles for creditors in the identified jurisdictions;
    2. A detailed plan for alternative distribution methods consistent with creditor rights and the Plan's terms;
    3. An individualized process for evaluating claims from affected jurisdictions rather than blanket exclusion.

### IV. NOTICE OF FILING AND SERVICE

This Objection shall be filed with the Clerk of the Court at:

**United States Bankruptcy Court for the District of Delaware**
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

and served upon the following counsel for the Debtors:

**LANDIS RATH & COBB LLP**
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
Address: 919 Market Street, Suite 1800
Wilmington, Delaware 19801
Email: landis@lrclaw.com, brown@lrclaw.com, pierce@lrclaw.com

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted pro hac vice)
James L. Bromley (admitted pro hac vice)
Brian D. Glueckstein (admitted pro hac vice)
Alexa J. Kranzley (admitted pro hac vice)
Address: 125 Broad Street
New York, NY 10004
Email: dietdericha@sullcrom.com, bromleyj@sullcrom.com, gluecksteinb@sullcrom.com, kranzleya@sullcrom.com

Respectfully submitted,

梁桥钦

QiaoQin Liang
Foreign Creditor, Pro Se
timsensor@hotmail.com
Contact information and mailing arrangements provided in the attached Certificate of Service and Statement Regarding Mailing
Dated: July 6, 2025 (UTC+8)

## Certificate of Service and Statement Regarding Mailing

Re: Case No. 22-11068 (KBO), Objection to Motion to Authorize Implementation of Restricted Jurisdiction Procedures

To the Clerk of the Court:

I, QiaoQin Liang, a foreign creditor in the above-captioned case, residing in China, hereby certify and state as follows:

### 1. Certificate of Service

I certify that on July 7, 2025 (UTC+8), I served a copy of the attached Objection to the Motion upon the following parties via email, as permitted by the Motion:

LANDIS RATH & COBB LLP
Adam G. Landis, Kimberly A. Brown, Matthew R. Pierce
Email: landis@lrclaw.com, brown@lrclaw.com, pierce@lrclaw.com

SULLIVAN & CROMWELL LLP
Andrew G. Dietderich, James L. Bromley, Brian D. Glueckstein, Alexa J. Kranzley
Email: dietdericha@sullcrom.com, bromleyj@sullcrom.com, gluecksteinb@sullcrom.com, kranzleya@sullcrom.com

### 2. Statement Regarding Mailing

Due to my residence in China, the original of the Objection and this Certificate of Service and Statement Regarding Mailing are being mailed to the United States Bankruptcy Court for the District of Delaware by an individual in the United States, who is solely assisting with the physical mailing of these documents. This individual has no legal or representative role in this case, and all correspondence should be directed to me at the contact information provided below.
For all correspondence, please contact me directly at:

Address: Room 201, 1 Ti, 3 Jie 3 Zuo, BeiQu, FuTingYaYuan, Shiqi, Panyu, GuangZhou
Guangdong, 511450, China
Phone: +86 13724819732

Email: timsensor@hotmail.com
I respectfully request that my address be kept confidential due to privacy concerns, and that all correspondence be directed to my email.

Respectfully submitted,

*[signature: 梁桥钦]*

QiaoQin Liang
Foreign Creditor, Pro Se
Dated: July 7, 2025 (UTC+8)



UNITED STATES POSTAL SERVICE®

PRIORITY MAIL®

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED



UNITED STATES POSTAL SERVICE® Click-N-Ship®



usps.com
$12.10
US POSTAGE

9410 8301 0935 5004 9281 95 0084 0000 0201 9801

U.S. POSTAGE PAID
Click-N-Ship®



07/06/2025     Mailed from 11220   839067193842329

**PRIORITY MAIL®**

XIANYANG LI
APT 4F
342 53RD ST
BROOKLYN NY 11220-3277

07/09/2025
Flat Rate Envelope
RDC 03

C012

SIGNATURE REQUIRED



US BANKRUPTCY COURT DISTRICT OF DELA
824 N MARKET ST # 3FL
WILMINGTON DE 19801-3024

USPS SIGNATURE TRACKING #



9410 8301 0935 5004 9281 95



PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

FROM:

EP14F October 2023