FROM

Xin Huang

3351 Monroe St Apt 5

Santa Clara, CA 95051


TO

    Clerk of the Court

    United States Bankruptcy Court

    District of Delaware

    824 N. Market Street

    Wilmington, DE 19801

RECEIVED
2025 JUL 11 A 10:07
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Re: In re FTX Trading Ltd., et al. — Case No. 22-11068 (KBO)

Objection to Debtors' Motion re: Restricted Foreign Jurisdictions

Dear Clerk,

Please find enclosed for filing the original of the Objection submitted by Mr. Xin Huang, a creditor and pro se claimant, in the above-captioned case. This Objection responds to the Motion of the FTX Recovery Trust requesting authorization to implement restricted jurisdiction procedures, which would affect creditors residing in China.

We respectfully request that this Objection be docketed and made part of the record in the case.

Sincerely,

Mr. Xin Huang

Signature *Xin Huang*

Email: huangxin201@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

In re: FTX TRADING LTD., et al., Debtors.

Chapter 11 Case No. 22-11068 (KBO) (Jointly Administered) Re: D.I. 31148

**OBJECTION TO THE DEBTORS' MOTION TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES**

Submitted by: Mr. Xin Huang, FTX.com Creditor and Pro Se Claimant

### 1. Preliminary Statement

I, Mr. Xin Huang, a verified FTX.com creditor, respectfully object to the Debtors' Motion seeking to implement a procedure which could classify China and 48 other jurisdictions as "Restricted Foreign Jurisdictions." If granted, the Motion would deprive me—and countless other innocent creditors—of distributions lawfully owed under the confirmed Plan of Reorganization unless we satisfy opaque legal hurdles or forfeit our claims entirely.

This proposal is:

- **Legally unfounded**
- **Factually unsupported**
- **Morally indefensible**
- **And potentially in violation of constitutional and international human rights standards**

### 2. U.S. Bankruptcy Law Requires Equal Treatment of Creditors

Section 1123(a)(4) of the Bankruptcy Code mandates that a Chapter 11 plan must "provide the same treatment for each claim or interest of a particular class." This Motion, if approved, would create impermissible discrimination among similarly situated creditors—based solely on residency or nationality.

Comparable cases—such as *Celsius* and *Mt. Gox*—distributed funds to creditors in China and similar jurisdictions without incident. The Debtors here offer no compelling reason for deviation.

### 3. There Are Lawful, Practical, and Less Discriminatory Alternatives

The Debtors argue that crypto-related distributions might expose the Trust to legal liability, but this is unfounded. In reality:

- **Judicial Recognition in China:** Chinese courts have adjudicated digital asset disputes and, under regulated circumstances, upheld creditor rights. In a landmark ruling, the **Shanghai High People's Court** affirmed that **Bitcoin qualifies as protected virtual property** under Chinese law.[^1]

- **Distribution Channels Exist:** USD-denominated claims can be distributed via standard international wire transfers, including to accounts opened by Chinese residents in Hong Kong, the U.S., or other jurisdictions.

- **No Evidence of Legal Risk:** - No evidence has been submitted that Chinese authorities would prosecute or penalize any party for crypto-related claim distribution. Besides, there are prior cases of crypto-related claim distribution to Chinese claimants such as *Celsius* and *Mt. Gox*.

Under §1129(a)(3), a Chapter 11 plan must be proposed and implemented in good faith. This Motion fails that test.

[^1]: See *Cointelegraph*, "Bitcoin is now legally recognized by a Chinese court," https://cointelegraph.com/news/bitcoin-legally-recognised-digital-currency-shanghai-china

### 4. Property Right are Human Rights - The Motion Potentially Violate Property Rights

I quote verbatim from Doc 31148-2 "ORDER AUTHORIZING THE FTX RECOVERY TRUST TO IMPLEMENT THE RESTRICTED JURISDICTON PROCEDURES IN POTENTIALLY RESTRICTED FOREIGN JURISDICTIONS" On Page 5, 2.c.v

"… then that Distribution and associated interest shall be immediately forfeited and revert to the FTX Recovery Trust."

The procedure outlined in the motion (Doc 31148-2, Page 3 of 5, 2.c) allows FTX Recovery Trust to deprive the distributions and associated interests of creditors residing in foreign countries based on opinion of an "attorney retained by FTX Recovery Trust".

This deprives the property rights of creditors and allows FTX recovery trust to avoid the responsibility of making the distribution.

**Article 17** of the Universal Declaration of Human Rights states:

"Everyone has the right to own property… No one shall be arbitrarily deprived of his property."

The **Fifth Amendment** of the U.S. Constitution similarly provides:

"No person shall be… deprived of life, liberty, or property, without due process of law."

The proposed procedure in this Motion could forfeit lawfully recognized claims based solely on geography. This is not due process. It is discrimination and a potential violation of Human Rights.

5. The procedure outlined in **(Doc 31148-2, Page 3, 2.c)** presents a conflict of interest. The procedure allows depriving some creditors of their distribution and at the same time financially benefits FTX Recovery Trust based solely on the opinion of an attorney retained by FTX Recovery Trust – who has a vested interest to benefit FTX Recovery Trust.

## 6. Relief Requested

I respectfully ask the Court to:

1. **Deny** the Motion in its current form;
2. **Direct** the Debtors to pursue alternative, non-discriminatory distribution methods for impacted regions—such as fiat-only payment systems or escrow structures;
3. **Appoint** an independent legal expert or special master to assess legal risk based on real jurisdictional guidance, not internal assumptions;
4. **Ensure** equal protection, fair implementation, and due process for all creditors—regardless of citizenship or residence.

## Conclusion

FTX was a global enterprise. Its failure affected the world. More than 98% of its customers were non-U.S. residents, according to sworn testimony from CEO **John J. Ray III**. And yet, this Motion proposes to lock those same creditors out of recovery.

To approve this request would legitimize one of the most regressive elements of this reorganization: using bureaucratic technicalities to silence the claims of an entire region—one whose people played no part in the fraud but bear its cost.

This Court has the power—and the responsibility—to uphold the equal treatment provisions of the Bankruptcy Code and preserve the rule of law in this unprecedented case.

**WHEREFORE**, Mr. Xin Huang respectfully requests that this Court: **(a)** Deny the Motion to implement the proposed *Restricted Jurisdiction Procedures*, which would improperly delegate authority to Debtors' retained counsel to determine creditor eligibility; and **(b)** Direct the FTX Recovery Trust to adopt equitable, nondiscriminatory payment protocols—such as international fiat distribution—to ensure fair treatment consistent with §1123(a)(4) of the Bankruptcy Code.

**Respectfully submitted,**

Mr. Xin Huang

Signature: *Xin Huang*

Email Address:   huangxin201@gmail.com

Mailing address: 3351 Monroe St. Apt 5, Santa Clara 95051, USA

FTX.com Unique Customer Code: 00246768

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF DELAWARE**

In re:

FTX TRADING LTD., et al.,

Debtors.

Chapter 11

Case No. 22-11068 (KBO)

# CERTIFICATE OF SERVICE

I, Xin Huang, hereby certify that on July 8, 2025, I caused a true and correct copy of the **Objection to Motion of the FTX Recovery Trust Regarding Potentially Restricted Foreign Jurisdictions** to be served via **email** upon the following parties:

**Debtors' Counsel** Sullivan & Cromwell LLP Attn: Andrew G. Dietderich, James L. Bromley, Brian D. Glueckstein, Alexa J. Kranzley Email: dietdericha@sullcrom.com, bromleyj@sullcrom.com, gluecksteinb@sullcrom.com, kranzleya@sullcrom.com

Landis Rath & Cobb LLP Attn: Adam G. Landis, Kimberly A. Brown, Matthew R. Pierce Email: landis@lrclaw.com, brown@lrclaw.com, pierce@lrclaw.com

**Office of the United States Trustee – Region 3** Attn: Juliet M. Sarkessian, Benjamin A. Hackman, David Gerardi Email: juliet.m.sarkessian@usdoj.gov, benjamin.a.hackman@usdoj.gov, david.gerardi@usdoj.gov

**FTX Recovery Trust (Claims Agent)** Email: ftxinfo@ra.kroll.com

Dated: July 8, 2025

Xin Huang

Signature: *[signature: Xin Huang]*

USPS Priority Mail shipping label:

**FROM:**
Xin Huang
3351 Monroe St Apt 5
Santa Clara, CA 95051

**TO:**
Clerk of the Court
United States Bankruptcy Court
District of Delaware
824 N. Market Street
Wilmington, DE 19801

Postage: $10.10
Origin: 95051, 07/07/25
Expected Delivery Day: 07/10/25
RDC 03, C012
USPS Tracking #: 9505 5105 1512 5188 9889 27
Ship To: 824 N MARKET ST, WILMINGTON DE 19801-3024