IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE



In re:
FTX TRADING LTD., et al.,
Debtors.

Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)

Re: D.I. 31148

## OBJECTION TO THE DEBTORS' MOTION TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: Xiaodong Wang, FTX.com Creditor and Pro Se Claimant

**1. Preliminary Statement**
I, Xiaodong Wang, a verified FTX.com creditor, respectfully object to the Debtors' Motion seeking a procedure which could classify China and 48 other jurisdictions as "Restricted Foreign Jurisdictions." If granted, the motion would deprive me and countless others of distributions lawfully owed under the confirmed Plan of Reorganization, unless we satisfy arbitrary legal hurdles or forfeit our claims altogether.

This proposal is:
- Legally unfounded
- Factually unsupported
- Morally indefensible
- And potentially in violation of basic constitutional and international human rights norms.

**2. Equal Distribution Rights Apply Under U.S. Bankruptcy Law**
Under 11 U.S.C. §1123(a)(4), a Chapter 11 plan must "provide the same treatment for each claim or interest of a particular class." The motion, if approved, would create unlawful discrimination between creditors in the same class—based solely on nationality or residence—by imposing different requirements and outcomes.

The Celsius and Mt. Gox cases confirm that bankruptcy courts can and have distributed fiat or crypto to claimants in China and similarly situated countries. The Debtors offer no convincing reason why they cannot do so here.

**3. There Are Lawful, Safe, and Practical Alternatives**
The Debtors argue that crypto-related distributions may expose the Trust to legal risk. But this is a strawman:

- The Plan uses USD-denominated claims, payable via standard wire transfers—including to Chinese residents via Hong Kong intermediaries.
- Crypto is not the only option. In Celsius, USD was sent via wire without legal challenge.
- No evidence has been submitted that Chinese authorities would prosecute or penalize any party for a lawful claim distribution.
- The Debtors have not engaged with Chinese counsel, foreign regulators, or offered alternatives (like escrow, conversion to fiat, or trustee-administered reissuance), despite having nearly three years.

The U.S. Bankruptcy Code requires feasible, good-faith implementation of a plan under §1129(a)(3). This motion is neither.

### 4. Property Rights Are Human Rights

Article 17 of the Universal Declaration of Human Rights states:
"Everyone has the right to own property... No one shall be arbitrarily deprived of his property."

The Fifth Amendment of the U.S. Constitution guarantees:
"No person shall be... deprived of life, liberty, or property, without due process of law."

This motion authorizes arbitrary forfeiture of lawful claims based only on geography—with no finding of wrongdoing, no judicial process, and no opportunity to appeal. It would strip foreign creditors of vested economic rights, effectively punishing them for where they live.

### 5. Additional Concerns on Timing and Retroactive Impact

FTX's bankruptcy team has already completed claim verification and allocation of claim amounts, a process that took a substantial amount of time. It is unreasonable to now introduce new and arbitrary legal obstacles that could retroactively void claims by Chinese creditors. FTX lawfully accepted deposits from Chinese users during normal operations. Yet now, it seeks to deny payments to those same users, without offering interest or compensation for delayed distributions. Such treatment is unjust and contrary to both commercial expectations and legal equity.

Moreover, BitGo—the designated distribution platform—has confirmed that Chinese creditors are eligible to receive distributions. In February 2024, BitGo sent email correspondence explicitly stating that while Chinese users are not eligible for trading, they are eligible for distribution. This acknowledgment from the platform itself further undercuts the Debtors' rationale for excluding China under the guise of legal uncertainty.

Here is a screenshot of the email exchange with BitGo.



**6. Relief Requested**
I respectfully urge this Court to:
1. Deny the motion in its current form;
2. Direct the Debtors to explore alternative distribution methods for affected countries, including fiat-only channels or jurisdiction-specific guidance;
3. Appoint a special master or independent foreign legal consultant to evaluate the actual risks on a case-by-case basis;
4. Ensure that equal protection, good faith, and due process are honored in the treatment of all Class 5 creditors, regardless of nationality.

**Conclusion**
FTX's collapse was global. Its restructuring must not become an instrument of selective exclusion, legal opportunism, or economic disenfranchisement. According to CEO John J. Ray III's testimony to the U.S. House Financial Services Committee on December 13, 2022, out of more than 9 million customer accounts, only "a couple hundred" were associated with U.S.-based individuals.

In other words, over 98% of FTX.com users were foreign, yet it is those same users now most at risk of being denied compensation.

To rubber-stamp this motion would be to legitimize one of the most troubling aspects of this bankruptcy: that a global customer base is being systematically excluded from distributions through procedural and jurisdictional maneuvering—all within a U.S. legal forum where they have little to no voice.

This Court must act to preserve the integrity of U.S. bankruptcy law and uphold the principles of global financial justice.

The unpaid funds in FTX are extremely important to me and my family — they represent the hard-earned savings I accumulated over many years of work. I respectfully ask the Court to consider the difficult circumstances faced by Chinese creditors.

Xiaodong Wang

go4ld4@gmail.com

Room 18A-0141, Building 2, Yard 6, Jiuxianqiao Road, Chaoyang District, Beijing, China, 100000

*Xiaodong Wang 王晓东*

Dated: July 7, 2025

FTX.com Unique Customer Code: 00366223

CERTIFICATE OF SERVICE

I, Xiaodong Wang, hereby certify that on July 5, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Xiaodong Wang

go4ld4@gmail.com

Room 18A-0141, Building 2, Yard 6, Jiuxianqiao Road, Chaoyang District, Beijing, China, 100000

*Xiaodong Wang 王晓冬* (signature)

Dated: July 7, 2025

FTX.com Unique Customer Code: 00366223








网购退货 8 元起 立即扫码优惠退 扫码了解

注意/Note:
1. 此文件封仅限于包装厚度在10mm以内、重量在1kg以内的文件资料。
   The envelope is only applicable to documents with a thickness of no more than 10mm and a weight of no more than 1kg.
2. 文件封内请勿夹寄现金、危险品及其他任何禁寄物品。
   Cash, hazardous articles or other prohibited items are forbidden.

运单区

制造单位:廊坊市中通数码印刷有限公司
数　　量:1500万个
生产日期:2025年05月



95338　www.sf-express.com
深圳市宝安区航城街道鹤圆社区深圳机场四跑道四路1111号顺丰南转运中心综合楼三层、四层




Xiaodong Wang

Room 18A-0141, Building 2, Yard 6, Jiuxianqiao Road, Chaoyang District, Beijing, China, 100000

go4ld4@gmail.com

July 7, 2025

To: United States Bankruptcy Court

Attn: Clerk of the Court

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

Re: Objection to FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures — Case No. 22-11068 (KBO)