# OBJECTION TO THE FTX RECOVERY TRUST'S MOTION TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: Weipeng Zhao, FTX.com Creditor and Pro Se Claimant

## I. INTRODUCTION AND STANDING

I, Weipeng Zhao, am a verified FTX.com creditor with Claim Number 250707, hereby submit this objection to the FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures ("Motion"). As a creditor directly impacted by this Motion, I have standing to object to these proceedings.

Creditor Information:

FTX Unique Customer Code: 250707

Nationality: PR China

Current Residence: PR China

## II. SUMMARY OF OBJECTION

The Motion seeks to classify China and 48 other jurisdictions as "Restricted Foreign Jurisdictions," which would effectively deny lawful distributions to creditors based solely on their nationality or residence. This proposal must be rejected as it:

- Violates fundamental bankruptcy principles of equal treatment
- Contradicts established legal precedents in similar cases
- Ignores viable, lawful distribution alternatives
- Infringes on constitutionally protected property rights
- Lacks substantive evidence of actual legal barriers
- Constitutes discriminatory treatment without legal justification

## III. LEGAL ARGUMENTS

A. The Motion Violates Equal Treatment Principles of Bankruptcy Law

Section 1123(a)(4) of the Bankruptcy Code mandates that a Chapter 11 plan "provide the same treatment for each claim or interest of a particular class." The Motion directly contravenes this requirement by treating creditors differently based solely on geography rather than the nature of

their claims.

Section 1129(b)(1) further prohibits plans that "unfairly discriminate" against creditors. The proposed Motion would create an arbitrary two-tiered system within the same creditor class, forcing affected creditors to either:

- Relocate to "approved" jurisdictions
- Engage in costly legal attestations
- Forfeit their rightful claims entirely

This disparate treatment has no legitimate legal basis and violates the Code's fundamental principles of fairness and equality.

B. Legal Precedents Support Distribution to Chinese Creditors

The Trust's concerns about alleged distribution barriers are contradicted by successful precedents:

- In re Celsius Network LLC - Distributed both USD and cryptocurrency to Chinese creditors without legal complications
- Mt. Gox bankruptcy proceedings - Developed viable distribution methods for global creditors, including those in China

The Debtors have not demonstrated why this case is uniquely unable to follow these established precedents, nor have they provided evidence of attempting to replicate these successful approaches.

C. The Motion Violates Fiduciary Duties and Good Faith Requirements

The FTX Recovery Trust owes fiduciary duties to ALL creditors, not just those in convenient jurisdictions. According to Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343 (1985), "the primary purpose of bankruptcy is to maximize the value of the estate for distribution to creditors."

Section 1129(a)(3) requires good faith implementation of bankruptcy plans. The Motion fails this standard by:

- Not consulting with Chinese legal experts
- Ignoring viable distribution alternatives

- Making unsupported assertions about foreign legal barriers
- Failing to engage with affected creditors on potential solutions

D. The Motion Infringes on Constitutionally Protected Property Rights

The Fifth Amendment to the U.S. Constitution prohibits deprivation of property without due process. Article 17 of the Universal Declaration of Human Rights similarly protects against arbitrary property deprivation.

The Motion would strip creditors of their vested economic rights based solely on geography—with no individual assessment, no finding of wrongdoing, and no meaningful appeals process. This violates fundamental principles of due process.

IV. FACTUAL COUNTERARGUMENTS

A. Chinese Law Does Not Prohibit USD Distribution

The Motion erroneously assumes Chinese law prevents distribution to Chinese creditors:

- I, myself, being a Chinese individuals can legally receive USD through standard international wire transfers via Hong Kong or international banking channels
- Chinese courts have repeatedly affirmed that virtual assets constitute legally protected property under the Civil Code
- The Plan itself uses USD-denominated claims, avoiding any cryptocurrency regulatory issues
- Many Chinese creditors reside outside China with international bank accounts

B. The Trust Has Not Explored Viable Alternatives

The Motion presents a false binary choice between cryptocurrency distribution or complete exclusion. Viable alternatives include:

- Standard USD wire transfers through international banking channels
- Distribution through licensed payment processors with existing China operations
- Escrow arrangements with third-party trustees
- Individualized jurisdiction assessments rather than blanket exclusion
- Engagement of specialized compliance counsel for jurisdiction-specific guidance

C. Statistical Impact Reveals Disproportionate Harm

According to the Motion's own data:

- Chinese creditors represent 82% of affected claims, totaling approximately $1.4 billion
- CEO John Ray testified that over 98% of FTX.com users were non-US based

The Motion thus disproportionately impacts the vast majority of FTX's global customer base, raising serious concerns about equitable treatment.

## V. RELIEF REQUESTED

Based on the foregoing, I respectfully request that this Court:

- **DENY** the FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures
- **ORDER** the Trust to develop jurisdiction-specific distribution protocols with appropriate legal guidance
- **APPOINT** a special master or independent consultant to evaluate actual jurisdictional risks on an individualized basis
- **ENSURE** equal treatment of all creditors regardless of nationality or residence
- **REQUIRE** the Trust to demonstrate good-faith efforts to distribute to all creditors before any exemptions are considered

## VI. CONCLUSION

To approve this Motion would fundamentally undermine the integrity of the bankruptcy process and the global nature of FTX's operations. It would validate discrimination against creditors based solely on nationality, without substantive legal justification or evidence. The Court should reject this Motion and uphold the principles of equal treatment, due process, and global financial justice that form the foundation of U.S. bankruptcy law.

Respectfully submitted,

*[signature]*

Weipeng Zhao

FTX.com Claim Number: 250707

Email: roczhao@outlook.com

Address: 1-302,, niujingyuan, longyuechangan,mentougouqu,Beijing,China

Date: 2025/7/8

CERTIFICATE OF SERVICE

I, Weipeng Zhao, hereby certify that on July 8, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP
- James L. Bromley – bromleyj@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com
- Andrew G. Dietderich – dietdericha@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP
- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 8, 2025
Beijing, China

Weipeng Zhao

Weipeng Zhao
1-302 longyuechangan niujinyuan,mentougou,Beijing,China,102300
roczhao@outlook.com
July 8,2025

To: United States Bankruptcy Court

Attn: Clerk of the Court

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

Re: Objection to FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures — Case No. 22-11068 (KBO)



