Dear Judge Owens:

OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: Delong Yang, Tax Resident of China

RECEIVED
2025 JUL 10 P 12: 52
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

Preliminary Statement

I respectfully submit this objection as a member and representative of a rapidly growing group of over 300 Chinese FTX creditors. I personally hold one KYC-verified FTX accounts with aggregate claims exceeding 30,000 USD. My claim numbers is 10645. I have fully complied with every procedural requirement under the Plan. The proposed motion now jeopardizes our right to distribution in an arbitrary and inequitable manner.

This motion to designate China as a "Restricted Jurisdiction" is unsupported by either fact or law. As outlined below, there is no credible legal basis to conclude that distributions to Chinese creditors would subject the Trust, or any distribution agent, to regulatory or criminal risk.

---

I. FTX Claims Are USD-Denominated and Payable via Lawful Channels

1. FTX claims are denominated and settled in U.S. Dollars. While these claims originate from crypto investments, the Debtors' Plan explicitly adopts a USD-denominated valuation and distribution framework. The proposed distributions are fiat-based and do not require engagement with virtual assets, rendering them functionally indistinguishable from traditional monetary claims.[1]

2. USD wire transfers are lawful and standard payment mechanisms. FTX Recovery Trust has announced partnerships with global payment platforms (e.g., Payoneer, BitGo) and distribution agents (e.g., Kraken) to facilitate fiat disbursements. Chinese residents can lawfully receive USD wires via Hong Kong-based accounts, which is outside the scope of capital control violations.[2][3]

3. USD settlement mechanisms exist for Chinese creditors. Even if crypto-based payouts are avoided, there are sufficient and lawful channels for distributing USD. In the Celsius Network LLC case, the bankruptcy court successfully disbursed USD to Chinese creditors via standard international wire transfers, confirming the existence of practical and compliant financial infrastructure.[4]

4. Conclusion to Section I. Given that the FTX bankruptcy estate values and settles creditor claims in U.S. Dollars, this case is fundamentally no different from other bankruptcy proceedings when it comes to distribution. The U.S. Dollar is a global reserve currency and can be lawfully transmitted to Chinese creditors through established channels. Equal access to USD compensation is essential to preserving fairness and equity in the bankruptcy process. The FTX Recovery Trust's attempt to withhold distributions from Chinese creditors based on jurisdictional interpretations of crypto regulation is both unreasonable and legally unfounded. Chinese creditors are entitled to equal treatment in USD distributions just like creditors in other jurisdictions. Any attempt to block such distributions based on speculative regulatory interpretations is not only unjust but lacks legal basis.

---

II. Even Crypto-Based Distributions Are Legally Permissible in China

1. China Recognizes Virtual Assets as Legal Property.

Chinese courts have consistently held that cryptocurrencies such as Bitcoin and Ethereum constitute personal property under the Civil Code. These rulings confirm that individual ownership is lawful.[5][6][7][8]

2. Hong Kong Supports Crypto Regulation and Retail Participation.

As a Special Administrative Region (SAR) of the People's Republic of China, Hong Kong operates under the 'one country, two systems' framework, which allows it to establish its own financial and regulatory policies. However, it remains an integral part of China. Not only does Hong Kong allow individuals and institutions to hold and trade virtual assets, but it has also proactively embraced digital assets with a comprehensive licensing regime. Its progressive and well-defined regulatory framework aims to attract global digital asset firms and provide robust investor protection mechanisms.[9][10][11][12]

3. Mischaracterization of Macau Policy.

The Trust references Macau's 2017 ICO-related warning, but this merely restricts financial institutions from participating in token issuances. It does not prohibit personal ownership or receipt of crypto assets.[13][14]

4. International Precedents Support Distributions to Chinese Creditors.

In Celsius Network LLC (Case No. 22-10964, S.D.N.Y.), the court approved USD distributions to Chinese claimants via wire. In the Mt. Gox rehabilitation, Chinese creditors lawfully received crypto (BTC, BCH) through Kraken. No jurisdictional restrictions were imposed in either case.[15][16]

---

Conclusion

In conclusion, distributing claims to Chinese creditors poses no legal risk to the Trustee or its agents and constitutes a required step under the bankruptcy process. The motion to classify China as a "Restricted Jurisdiction" lacks factual foundation and misapplies legal principles. I respectfully urge the Court to reject any designation that would exclude Chinese creditors from distributions under the Plan.

Respectfully submitted,

Delong Yang
Baoding, Hebei, China

*Delong Yang*

July 8, 2025

---

Appendix A: Reference Links

[1] https://www.coindesk.com/markets/2025/05/16/ftx-to-pay-over-usd5b-to-creditors-as-bankrupt-exchange-gears-up-for-distribution

[2] https://www.prnewswire.com/news-releases/ftx-recovery-trust-to-distribute-more-than-5-billion-to-creditors-in-second-distribution-on-may-30-2025-302456976.html

[3] https://www.coinspeaker.com/ftx-adds-payoneer-as-payment-method-for-creditors

[4] https://www.nysb.uscourts.gov/content/re-22-10964-mg-celsius-network-llc-21

[5] https://watcher.guru/news/bitcoin-is-now-recognized-as-a-legal-virtual-property-by-shanghai-high-court#google_vignette

[6] https://www.mondaq.com/fin-tech/1577154/shanghai-court-recognises-the-legality-of-crypto-ownership-for-individuals

[7] https://www.coindesk.com/markets/2018/10/26/chinese-court-rules-bitcoin-should-be-protected-as-property

[8] https://news.bitcoin.com/chinese-court-ethereum-legal

[9] https://www.info.gov.hk/gia/general/202210/31/P2022103000454.htm

[10] https://www.reuters.com/technology/crypto-exchange-hashkey-bags-licence-update-serve-retail-users-2023-08-03

[11] https://cointelegraph.com/news/hong-kong-welcomes-first-licensed-retail-crypto-exchange-hashkey

[12] https://www.engage.hoganlovells.com/knowledgeservices/news/hong-kong-government-policy-announcement-on-virtual-asset-exchanges-hong-kong-fintech-week-2022

[13] https://www.gov.mo/en/news/74177

[14] https://www.amcm.gov.mo/zh-hant/news-notice/statement/detail/alert-to-risks-of-virtual-commodities-and-tokens/642

[15] https://www.theblock.co/post/303624/mt-gox-creditors-may-have-to-wait-for-up-to-three-months-to-receive-their-bitcoin

[16] https://cointelegraph.com/news/mt-gox-confirm-bitcoin-addresses-repayment

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
FTX TRADING LTD., et al.,
Debtors.

Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)

Re: D.I. 31148

## OBJECTION TO THE DEBTORS' MOTION TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: Delong Yang, FTX.com Creditor and Pro Se Claimant

### 1. Preliminary Statement

I, Delong Yang, a verified FTX.com creditor, respectfully object to the Debtors' Motion seeking to classify China and 48 other jurisdictions as "Restricted Foreign Jurisdictions." If granted, the motion would deprive me and countless others of distributions lawfully owed under the confirmed Plan of Reorganization, unless we satisfy arbitrary legal hurdles or forfeit our claims altogether.

This proposal is:
- Legally unfounded
- Factually unsupported
- Morally indefensible
- And potentially in violation of basic constitutional and international human rights norms.

### 2. Equal Distribution Rights Apply Under U.S. Bankruptcy Law

Under 11 U.S.C. §1123(a)(4), a Chapter 11 plan must "provide the same treatment for each claim or interest of a particular class." The motion, if approved, would create unlawful discrimination between creditors in the same class—based solely on nationality or residence—by imposing different requirements and outcomes.

The Celsius and Mt. Gox cases confirm that bankruptcy courts can and have distributed fiat or crypto to claimants in China and similarly situated countries. The Debtors offer no convincing reason why they cannot do so here.

### 3. There Are Lawful, Safe, and Practical Alternatives

The Debtors argue that crypto-related distributions may expose the Trust to legal risk. But this is a strawman:

- The Plan uses USD-denominated claims, payable via standard wire transfers—including to Chinese residents via Hong Kong intermediaries.
- Crypto is not the only option. In Celsius, USD was sent via wire without legal challenge.
- No evidence has been submitted that Chinese authorities would prosecute or penalize any party for a lawful claim distribution.
- The Debtors have not engaged with Chinese counsel, foreign regulators, or offered alternatives (like escrow, conversion to fiat, or trustee-administered reissuance), despite having nearly three years.

The U.S. Bankruptcy Code requires feasible, good-faith implementation of a plan under §1129(a)(3). This motion is neither.

### 4. Property Rights Are Human Rights
Article 17 of the Universal Declaration of Human Rights states:
"Everyone has the right to own property... No one shall be arbitrarily deprived of his property."

The Fifth Amendment of the U.S. Constitution guarantees:
"No person shall be… deprived of life, liberty, or property, without due process of law."

This motion authorizes arbitrary forfeiture of lawful claims based only on geography—with no finding of wrongdoing, no judicial process, and no opportunity to appeal. It would strip foreign creditors of vested economic rights, effectively punishing them for where they live.

### 5. Relief Requested
I respectfully urge this Court to:
1. Deny the motion in its current form;
2. Direct the Debtors to explore alternative distribution methods for affected countries, including fiat-only channels or jurisdiction-specific guidance;
3. Appoint a special master or independent foreign legal consultant to evaluate the actual risks on a case-by-case basis;
4. Ensure that equal protection, good faith, and due process are honored in the treatment of all Class 5 creditors, regardless of nationality.

### Conclusion
FTX's collapse was global. Its restructuring must not become an instrument of selective exclusion, legal opportunism, or economic disenfranchisement. According to CEO John J. Ray III's testimony to the U.S. House Financial Services Committee on December 13, 2022, out of more than 9 million customer accounts, only "a couple hundred" were associated with U.S.-based individuals.

In other words, over 98% of FTX.com users were foreign, yet it is those same users now most at risk of being denied compensation.

To rubber-stamp this motion would be to legitimize one of the most troubling aspects of this bankruptcy: that a global customer base is being systematically excluded from distributions through procedural and jurisdictional maneuvering—all within a U.S. legal forum where they have little to no voice.

This Court must act to preserve the integrity of U.S. bankruptcy law and uphold the principles of global financial justice.

Respectfully submitted,

Delong Yang

*Delong Yang*

Email: delongya@gmail.com

FTX Claim Number: 10645

Xiongan New Area, Baoding,

Hebei, China, 070001

July 8, 2025

# CERTIFICATE OF SERVICE

I, Delong Yang, hereby certify that on July 8, 2025, I caused a true and correct copy of the Objection to Motion of the FTX Recovery Trust Regarding Potentially Restricted Foreign Jurisdictions to be served via email upon the following parties:

Sullivan & Cromwell LLP
　Attn:
　　Andrew G. Dietderich, James L. Bromley, Brian D. Glueckstein, Alexa J. Kranzley
　Email:
　　dietdericha@sullcrom.com,
　　bromleyj@sullcrom.com,
　　gluecksteinb@sullcrom.com,
　　kranzleya@sullcrom.com

Landis Rath & Cobb LLP
　Attn:
　　Adam G. Landis, Kimberly A. Brown, Matthew R. Pierce
　Email:
　　landis@lrclaw.com,
　　brown@lrclaw.com,
　　pierce@lrclaw.com

Office of the United States Trustee - Region 3
　Attn:
　　Juliet M. Sarkessian, Benjamin A. Hackman, David Gerardi
　Email:
　　juliet.m.sarkessian@usdoj.gov,
　　benjamin.a.hackman@usdoj.gov,
　　david.gerardi@usdoj.gov

FTX Recovery Trust (Claims Agent)
　Email:
　　ftxinfo@ra.kroll.com

Delong Yang<br>
Baoding, Hebei, China<br>
July 8, 2025
