**Submitted to:** United States Bankruptcy Court for the District of Delaware

**Re:** Case No. 22-11068 (KBO)

**Date:** July 06 2025

**From:** Lingchi Yang, Individual FTX Creditor

RECEIVED
2025 JUL 10 P 12: 56
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

Dear Judge Owens:

OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: Lingchi Yang, Tax Resident of China, and Representative of Chinese FTX Creditors

---

Preliminary Statement

I respectfully submit this objection as an individual FTX creditor and a member of a broader group of Chinese creditors who share deep concerns about the Trust's recent motion. The implications of this motion affect not just my rights, but those of countless claimants in Chinese and other areas who have fully complied with all requirements under the Plan.

The motion to implement restricted jurisdiction procedure threatens to arbitrarily exclude many creditors from rightful distributions without any sound legal or factual justification. As detailed below, there is no credible basis to conclude that disbursing funds to so called "potential restricted foreign jurisdictions" creditors—particularly in USD through lawful, established channels—would expose the Trust or its agents to any legal or regulatory risk.

---

### I. Property Rights and Due Process Must Be Protected

Property rights are human rights. Under the U.S. Constitution, the Fifth Amendment prohibits the deprivation of property without due process of law. International law, including Article 17 of the Universal Declaration of Human Rights, also affirms that "no one shall be arbitrarily deprived of their property."

The FTX Recovery Trust's motion to designate China and 48 other countries as "Restricted Foreign Jurisdictions" risks violating these principles. The motion threatens to **strip thousands of international creditors of their claims solely based on nationality or residence**, without meaningful judicial review or individualized assessment.

This blanket treatment is **presumptive, bureaucratic, and incompatible with the due process protections that both U.S. and international law demand.**

### II. Breach of Fiduciary Duty

As a fiduciary, the FTX Recovery Trust is obligated to act in the best interests of **all** creditors. U.S. bankruptcy law, including 11 U.S.C. § 704(a)(1), requires that the estate be administered in a way that maximizes distributions.

> *"The primary purpose of bankruptcy is to maximize the value of the estate for distribution to creditors."*
> — *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985)

The Trust **has not fulfilled this duty**. Rather than exploring feasible, lawful, and widely available alternatives—such as distributing USD via Hong Kong-based bank accounts—it is seeking court authorization to **forfeit claims outright**. This inaction and procedural engineering of asset forfeiture constitute a serious breach of its duty of prudence and neutrality.

### III. Violation of Equal Treatment Principles under Bankruptcy Code § 1123(a)(4)

The Bankruptcy Code requires that **all creditors within the same class be treated equally**, unless a creditor voluntarily agrees to different treatment.

> *"A plan shall provide the same treatment for each claim or interest of a particular class."*
> — 11 U.S.C. § 1123(a)(4)

Chinese creditors—like others—are general unsecured creditors. To exclude them **categorically** based on perceived regulatory risk is to create unlawful discrimination **within the same creditor class**, with no opt-out or procedural fairness. This is neither equitable nor legal.

### IV. Risk of Unfair Discrimination under § 1129(b)(1)

If the Court were to approve a plan or motion that creates such distinctions, it would trigger the protections under § 1129(b)(1), which prohibits **unfair discrimination**.

> *"The plan does not discriminate unfairly, and is fair and equitable …"*

The proposed treatment of Chinese creditors and those in other so-called "restricted jurisdictions" is, by its design, **unfairly discriminatory** and lacks reasonable justification.

### V. The Motion Misapplies Chinese Law

The Trust justifies its motion by asserting that crypto-related activity may violate local law. This is a **misunderstanding of the legal landscape** in China:

- Chinese courts recognize cryptocurrency as personal property protected under civil law.
- Individuals are not prohibited from **holding** virtual assets or receiving USD via international wire.
- Hong Kong and Macau offer compliant channels for financial transactions.
- There is **no public evidence** of legal risk to a U.S. trust distributing USD to Chinese individuals.

### VI. Precedents Prove Distribution Is Feasible

Other bankruptcy cases confirm that distributions to Chinese creditors are not only possible, but routine:

- In Celsius Network LLC, the court approved USD wire distributions to Chinese claimants.
- In Mt. Gox, creditors in China lawfully received crypto distributions through Kraken.

These precedents demonstrate that practical, lawful mechanisms **do exist**, and that the Trust's attempt to bypass them is unjustified.

---

Conclusion

The motion as proposed:

- Violates core principles of due process;
- Breaches the Trust's fiduciary obligations;
- Creates unfair discrimination within creditor classes;
- And rests on a mischaracterization of foreign law.

In conclusion, this motion violates various fundamental law principles. The distributing claims to Chinese and other creditors poses no legal risk to the Trustee or its agents and constitutes a required step under the bankruptcy process. I respectfully urge the Court to reject the motion in its current form and direct the FTX Recovery Trust to exhaust all reasonable means of lawfully compensating affected creditors.

Respectfully submitted,

Lingchi Yang

FTX.com Unique Customer Code: 154226

superylc1@protonmail.com

Room 2106, Building 4, Lane 1560, Changdao Road, Pudong New Area,

Shanghai, China, 200129

Signature: _Lingchi Yang_

Dated: _July 6, 2025_

CERTIFICATE OF SERVICE

I, Lingchi Yang, hereby certify that on July 6, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 5, 2025

China

*Lingchi Yang*

Lingchi Yang

Shipping labels - UPS Saver tracking 1Z 4W2 60E 04 1211 2568, SF Express tracking SF028 492 254 8304, shipped from Yanglingchi, Shanghai, China to Clerk of the Court, United States Bankruptcy Court, 824 N Market St, 3rd Floor, Wilmington, DE 19801.

Lingchi Yang
Room 2106, Building 4, Lane 1560, Changdao Road, Pudong New Area,
Shanghai, China, 200129
superylc1@protonmaill.com
July 6, 2025

To: United States Bankruptcy Court
Attn: Clerk of the Court
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

Re: Objection to FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures — Case No. 22-11068 (KBO)