# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |

### OBJECTION TO THE FTX RECOVERY TRUST'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE FTX RECOVERY TRUST TO IMPLEMENT THE RESTRICTED JURISDICTION PROCEDURES (D.I. 31148)

Honorable Judge Owens:

MANQIU CAI ("Objector"), a creditor in the above-captioned Chapter 11 cases, hereby submits this objection (the "Objection") to the *Motion of the FTX Recovery Trust for Entry of an Order in Support of the Confirmed Plan Authorizing the FTX Recovery Trust to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions* (the "Motion") filed by the FTX Recovery Trust (the "Trust"). In support of this Objection, the Objector respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Objector is a holder of an allowed claim against the Debtors' estate, resident in the People's Republic of China, and is one of many international creditors unjustly targeted by this Motion. The Objector files this Objection to prevent the Trust from implementing a procedure that is unjust, discriminatory, and constitutes a flagrant breach of its fiduciary duties. The Motion, if granted, would create a pathway for the Trust to unilaterally extinguish the property rights of thousands of creditors based solely on their nationality, under the guise of unsubstantiated and mischaracterized legal risk.
2. The Trust's proposed "Restricted Jurisdiction Procedures" (the "Procedures") are a solution in search of a problem. They are predicated on the flawed premise that making a USD-denominated distribution to satisfy a court-allowed claim is tantamount to facilitating an illegal cryptocurrency transaction in a foreign country.[1] This is a fundamental legal error. Furthermore, the Procedures violate the plain language of the Bankruptcy Code requiring equal treatment for all creditors in the same class, constitute unfair discrimination, and would deprive creditors of their property without due process of law.
3. The Trust has failed to conduct the basic due diligence expected of a fiduciary. It has not explored readily available, standard, and less drastic alternatives for distribution, such as direct wire transfers, utilizing its announced payment partners like Payoneer, or using global escrow services—methods successfully employed in other large-scale crypto bankruptcies

like Celsius and Mt. Gox.[1] Instead, it seeks pre-approval for a draconian forfeiture mechanism that disproportionately harms original, individual creditors while creating a predatory arbitrage opportunity for secondary claim purchasers.
4. For the reasons set forth herein, the Objector respectfully requests that the Court deny the Motion in its entirety and direct the Trust to fulfill its fiduciary obligation to pursue good-faith distribution methods for *all* creditors.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## ARGUMENT

**I. The Motion Proposes a Procedure That Breaches the Trust's Fiduciary Duties of Loyalty, Prudence, and Impartiality.**

6. A bankruptcy trustee, or in this case the Trust acting in such a capacity, is a fiduciary to *all* creditors of the estate.[3, 4] This duty requires the Trust to act with loyalty, prudence, and impartiality in administering the estate's assets. The Supreme Court has affirmed that the primary purpose of bankruptcy is to "maximize the value of the estate for distribution to creditors" (*Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352 (1985)).[3] The Motion is a manifest abdication of these duties.
7. It breaches the duty of loyalty by creating a two-tiered system that arbitrarily favors creditors in certain jurisdictions over others. It breaches the duty of prudence by failing to explore feasible, industry-standard payment solutions before resorting to the extreme remedy of forfeiture. And it breaches the duty of impartiality by proposing to dispossess one group of beneficiaries for the administrative convenience of the Trust and the pecuniary benefit of the remaining estate.

**II. The Proposed Procedures Violate the Mandatory Equality Provisions of the Bankruptcy Code.**

8. The Motion seeks to implement a post-confirmation regime that directly contravenes the fundamental principle of equality enshrined in Chapter 11.

**A. The Procedures Deny Creditors the "Same Treatment" Required by 11 U.S.C. § 1123(a)(4).**

9. Section 1123(a)(4) of the Bankruptcy Code mandates that a plan "provide the same treatment for each claim or interest of a particular class".[5] The Objector, as a general unsecured creditor, belongs to a class that must be treated equally. The Procedures would subject the Objector and other similarly situated creditors to a separate and hostile process—involving unilateral determinations by the Trust, reversed burdens of proof, and the ultimate penalty of forfeiture—that is not applied to other members of the same class. This is the very definition of unequal treatment.[6]

**B. The Procedures Impose "Unfair Discrimination" Prohibited by the Principles of 11 U.S.C. § 1129(b)(1).**

10. The principle that a plan must not "discriminate unfairly" against a class of creditors is a cornerstone of Chapter 11.[7] The Procedures proposed by the Trust are a textbook example

of unfair discrimination. They single out a group of creditors based on their country of residence—a factor wholly unrelated to the merits of their claims—and subject them to potential total loss. There is no rational or legitimate bankruptcy purpose for this discriminatory treatment, particularly when the Trust's justification rests on a flawed understanding of foreign law.

### III. The Motion's Factual Predicates are Erroneous and Misleading.

11. The Trust's request is built on a foundation of factual errors and mischaracterizations.

    **A. The Trust Mischaracterizes Foreign Law and Ignores the Distinction Between a USD Debt Payment and a Cryptocurrency Transaction.**

12. The Trust's core fear of violating Chinese law is unfounded. First, the claim being paid is a USD-denominated debt, not cryptocurrency.[1] Second, Chinese law does not prohibit its citizens from holding virtual assets as property or from receiving legitimate USD funds from a foreign court proceeding.[8, 9, 10, 11, 12] The Trust's reliance on a 2017 notice from Macau regarding ICOs is a gross misapplication of an irrelevant regulation to the current facts.[1, 2] It is misleading to suggest that this notice creates a legal barrier to the payment of a court-ordered debt settlement in USD.

    **B. The Trust Has Failed to Explore Readily Available, Less Drastic Alternatives for Distribution.**

13. A prudent fiduciary must exhaust reasonable alternatives before seeking to extinguish a beneficiary's rights. The Trust has failed to do so. Other fiduciaries in the Celsius and Mt. Gox bankruptcies successfully distributed billions of dollars in assets to global creditors, including those in China, using methods the Trust has apparently ignored.[1, 13, 14] Viable, standard alternatives exist, including:

    - **Utilizing Announced Payment Partners:** The Trust has already announced partnerships with global payment platforms such as Payoneer and BitGo, which specialize in facilitating fiat disbursements worldwide. The Trust has not justified why these existing partners cannot be used.[1, 15, 16]
    - **Direct International Wire Transfers to China or Hong Kong:** A routine SWIFT transaction is the simplest method.[17, 18, 19] Furthermore, Chinese residents can lawfully receive USD wires via Hong Kong-based accounts, a major international financial hub operating under a separate regulatory system that fully permits such transactions.[1, 20, 21, 22]
    - **Third-Party Escrow Services:** Reputable global financial institutions specialize in handling complex, cross-border litigation settlements, thereby insulating the Trust from perceived risk.[23, 24, 25, 26, 27, 28]

14. The Trust's failure to even discuss these standard financial tools and existing partnerships in its Motion demonstrates a lack of diligence that falls far short of its fiduciary obligations.

### IV. The Motion's Forfeiture Mechanism Constitutes an Impermissible Deprivation of Property Without Due Process.

15. An allowed claim is a property right protected by the Fifth Amendment's Due Process Clause. The Trust's Procedures create a system where these rights can be extinguished without meaningful judicial review. The process is designed to lead to forfeiture, placing an unreasonable burden on foreign creditors to defend their property in a foreign court against the Trust's unilateral, and potentially unsubstantiated, determinations of "illegality." This is procedurally and substantively deficient.

### V. The Court Should Not Sanction a Procedure That Creates Inequitable and Coercive Market Dynamics.

16. The Motion has a pernicious real-world effect: it empowers predatory purchasing in the secondary claims market. By threatening forfeiture, the Trust is coercing creditors in "Potentially Restricted" jurisdictions to sell their claims at fire-sale prices to institutional buyers who, by virtue of their location, are not subject to the same threat.[29, 30, 31, 32]
17. The Motion's footnote 6 confirms this disparity: the right to payment depends not on the claim, but on the holder's address.[1] This creates an unconscionable arbitrage opportunity, transferring wealth from the original victims of FTX's fraud to sophisticated distressed-asset funds. This result is contrary to the equitable principles that animate the Bankruptcy Code, and the Court should not lend its authority to such a patently unfair scheme.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Objector, MANQIU CAI, respectfully requests that the Court enter an order (i) denying the Motion in its entirety; (ii) directing the Trust to engage in good-faith efforts to effectuate distributions to all creditors, including those in China, using standard and available commercial methods; and (iii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

**MANQIU CAI**
Room 1401, Block 6, Lane 299, Shanghan Road, Qingpu District
Shanghai, China, 201720

FTX.com Unique Customer Code: 4704041

slowslowchill@gmail.com

Dated: July 8, 2025

# APPENDIX A: REFERENCES

1. *Motion of the FTX Recovery Trust for Entry of an Order in Support of the Confirmed Plan Authorizing the FTX Recovery Trust to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions*, D.I. 31148, Case No. 22-11068 (KBO) (Bankr. D. Del. July 2, 2025).
2. Monetary Authority of Macao, *Alert to Risks of Virtual Commodities and Tokens*, (Sept. 27, 2017). Accessed on July 8, 2025.
3. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985).
4. 1 Collier on Bankruptcy ¶ 1.06 (16th ed. 2023) ("A chapter 11 trustee is a fiduciary for each creditor of the estate.").
5. 11 U.S.C. § 1123(a)(4).
6. *In re Dana Corp.*, 412 B.R. 53, 61 (S.D.N.Y. 2009) (holding that section 1123(a)(4) requires that "all claimants in a class must have the same opportunity").
7. 11 U.S.C. § 1129(b)(1).
8. People's Court of China, *Report on Identification of the Property Attributes of Virtual Currency and Disposition of Property Involved in the Case*, (Sept. 1, 2023). Accessed on July 8, 2025.
9. Shanghai High People's Court, *Official Statement on Legal Status of Virtual Property*, (Nov. 22, 2024). Accessed on July 8, 2025.
10. *See Li v. Yicun*, (2022) Hu 01 Min Zhong No. 13689 (Shanghai No. 1 Intermediate People's Court, Dec. 15, 2022) (affirming the characterization of USDT as property).
11. Civil Code of the People's Republic of China, Art. 127 (stating that where the law has provisions on the protection of data and network virtual property, those provisions shall be followed).
12. *See generally* People's Bank of China et al., *Notice on Further Preventing and Disposing of the Risk of Hype in Virtual Currency Trading*, (Sept. 24, 2021) (prohibiting virtual currency-related business activities but not explicitly prohibiting individual ownership).
13. Celsius Network LLC, *Press Release on Emergence from Chapter 11*, (Feb. 1, 2024). Accessed on July 8, 2025.
14. *Notice of Repayment to Rehabilitation Creditors*, Mt. Gox Co., Ltd., (July 16, 2024). Accessed on July 8, 2025.
15. Payoneer, *Global Payment Solutions*, available at https://www.payoneer.com/. Accessed on July 8, 2025.
16. BitGo, *Digital Asset Trust and Security*, available at https://www.bitgo.com/. Accessed on July 8, 2025.
17. SWIFT, *About Us*, available at https://www.swift.com/about-us. Accessed on July 8, 2025.
18. HSBC, *International Payments*, available at https://www.hsbc.com/international-payments. Accessed on July 8, 2025.
19. Bank of China, *Cross-border Remittance*, available at https://www.boc.cn/en/pbservice/pb2/201401/t20140121_2783113.html. Accessed on July 8, 2025.
20. InvestHK, *Hong Kong: Asia's Premier Financial Hub*, available at https://www.investhk.gov.hk/en/why-hong-kong/whats-happening-hong-kong/hong-kong-asias-premier-financial-hub.html. Accessed on July 8, 2025.
21. Hong Kong Monetary Authority, *Supervisory Policy Manual*, available at https://www.hkma.gov.hk/eng/regulatory-resources/regulatory-guides/supervisory-policy-manual/. Accessed on July 8, 2025.

22. Reuters, *Hong Kong's virtual asset rules for retail investors take effect*, (June 1, 2023). Accessed on July 8, 2025.
23. J.P. Morgan, *Escrow Services*, available at https://www.jpmorgan.com/payments/solutions/escrow-services. Accessed on July 8, 2025.
24. Vistra, *International Escrow and Settlement Services*, available at https://www.vistra.com/finance-accounting-administration/administration/agency/escrow. Accessed on July 8, 2025.
25. SRS Acquiom, *Business Escrow Solutions*, available at https://www.srsacquiom.com/business-escrow-services/. Accessed on July 8, 2025.
26. GLAS, *Escrow Services*, available at https://glas.agency/services/escrow-services/. Accessed on July 8, 2025.
27. St. Vincent Trust & Escrow, *Escrow Services*, available at https://truststvincent.com/escrow-services/. Accessed on July 8, 2025.
28. Castler, *Third-Party Escrow Service: A Secure Platform for Trustful Transactions*, available at https://castler.com/learning-hub/third-party-escrow-service-a-secure-platform-for-trustful-transactions. Accessed on July 8, 2025.
29. The Block, *FTX bankruptcy claims are trading at 93 cents on the dollar*, (Mar. 4, 2024). Accessed on July 8, 2025.
30. CoinDesk, *FTX Bankruptcy Claims Sell for 20 Cents on the Dollar in Private OTC Markets*, (Feb. 20, 2023). Accessed on July 8, 2025.
31. X, *FTX victims in China are getting $0! @LouisOrigny co-founder of @ftxcreditor_com explains which countries will NOT receive distributions*, available at https://x.com/TiffanyFong_/status/1940894258736840918. Accessed on July 8, 2025.
32. X, *Section 13(c)(5): The Hidden Trap That Can Kill Your FTX Payout*, https://x.com/ftxcreditor_com/status/1942172719824466184. Accessed on July 8, 2025.

## CERTIFICATE OF SERVICE

I, MANQIU CAI, hereby certify that on July 8, 2025, I caused a true and correct copy of the foregoing Objection to be served via electronic mail upon the following parties listed in the Notice of Motion (D.I. 31148-1):

**Counsel for the FTX Recovery Trust:**
Sullivan & Cromwell LLP
James L. Bromley – bromleyj@sullcrom.com
Alexa J. Kranzley – kranzleya@sullcrom.com
Andrew G. Dietderich – dietdericha@sullcrom.com
Brian D. Glueckstein – gluecksteinb@sullcrom.com
Landis Rath & Cobb LLP
Adam G. Landis – landis@lrclaw.com
Kimberly A. Brown – brown@lrclaw.com
Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 8, 2025

**MANQIU CAI**





MANQIU CAI
Room 1401, Block 6, Lane 299, Shanghan Road, Qingpu District
Shanghai, China, 201720
slowslowchill@gmail.com
July 8, 2025

To: United States Bankruptcy Court
Attn: Clerk of the Court
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

Re: OBJECTION TO THE FTX RECOVERY TRUST'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE FTX RECOVERY TRUST TO IMPLEMENT THE RESTRICTED JURISDICTION PROCEDURES (D.I. 31148) — Case No. 22-11068 (KBO)