OXANA KOZLOV, SBN 209210
649 Dunholme Way
Sunnyvale, CA 94087
Telephone:      408-431-4543
Email:  okozlov@gmail.com

Attorney for the Creditors ## 0409059, 256237l, 02717792 and 00599594

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re FTX Trading Ltd., et al.,<br><br>Debtors. | Bankruptcy Case No.: No. 22-11068 (JTD)<br><br>Chapter 11<br>(Jointly Administered)<br><br>**CREDITORS' (## 0409059[1], 256237l, 02717792 and 00599594) OPPOSITION TO MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER IN SUPPORT OF THE CONFIRMED PLAN AUTHORIZING THE FTX RECOVERY TRUST TO IMPLEMENT THE RESTRICTED JURISDICTION PROCEDURES IN POTENTIALLY RESTRICTED FOREIGN JURISDICTIONS**<br><br>**Date: 7/22/2025**<br>**Time: 9:30 a.m.** |

---

[1] This claim has been transferred and is awaiting processing.

Claimants ## **0409059,** 2562371, 02717792 and 00599594 (the "Creditors") hereby oppose **MOTION OF THE FTX RECOVERY TRUST ("FTX") FOR ENTRY OF AN ORDER IN SUPPORT OF THE CONFIRMED PLAN AUTHORIZING THE FTX RECOVERY TRUST TO IMPLEMENT THE RESTRICTED JURISDICTION PROCEDURES IN POTENTIALLY RESTRICTED FOR** (the "Motion") as it relates to their claims (the "Objection") and represent as follows:

(1) All Creditors originally transferred funds to FTX from jurisdictions that FTX now seeks to qualify as "Restricted Jurisdictions" in the Motion. None of them currently reside in those jurisdictions but, notwithstanding submission of evidence to that effect to FTX and, for some of them, fully completing all of the steps required for the distribution of funds, all of them were denied such distribution in May of 2025. This was done without any explanation or timely notice of the fact that their claims suddenly became "disputed" based solely on jurisdictional grounds.

(2) Claim verification and KYC process is being handled by FTX's third-party contractors in an extremely "creditor-unfriendly" manner, by some sort of automated process, and does not allow creditors a fair and reasonable opportunity to verify their identities or claims, including their current jurisdictional status. FTX routinely fails to give due consideration to each claim and thus fails to comply with its fiduciary duty to the creditors as discussed in more detail below.

**The Motion violates basic tenents of the bankruptcy law and FTX's confirmed reorganization plan (the "Plan") regarding equal treatments of creditors.**

(3) Section 1123(a)(4) of the Bankruptcy Code mandates that a Chapter 11 plan, and thus the Plan in particular, "provide the same treatment of each claim or interest in a particular class." The Motion is a direct violation of this tenet of the

-1-

bankruptcy law.  Some unclear generalized (and improper in case of Creditors) references to alleged jurisdictional obstacles standing on the way of distribution to Creditors is nothing but a lame excuse for the FTX's negligent failure to comply with the law and the terms of the confirmed Plan.  In fact, the Motion lacks any evidence of existing legal barriers to distribution to the Creditors.

(4) Section 1129(b)(1) prohibits plans to unfairly discriminate against creditors. The Motion, however, proposes discriminatory treatment without any legal justification.

(5) The Motion essentially attempts to creates an arbitrary two-tier system within the same class of creditors that would effectively allow it to retain some of the creditors' funds for indefinite amount of time without due process of law.

(6) In the case at hand this is especially egregious with respect to some of the Creditors who were already forced to relocate from Ukraine to a different jurisdiction due to the raging war but were still denied distribution by FTX.

**The Motion contradicts established legal precedents in similar cases.**

(7) FTX's concerns about alleged distribution barriers are misplaced and contradicted by existing legal precedent in similar cases, in particular:
- In re Celsius Network LLC which allowed distribution both USD and cryptocurrency to investors in proposed by FTX restricted jurisdictions.
- Mt. Gox bankruptcy proceeding, in which case alternative viable distribution methods were successfully developed for global investors.

(8) The Motion fails to address viable distribution alternatives available to the Creditors.

**The Motion violates FTX fiduciary duties and good faith requirements.**

(9) It is undisputed that FTX owes fiduciary duty to all creditors regardless of their jurisdiction. It is clear from the Motion that no successful attempts have been made to consult counsel in restricted jurisdiction, and it is unclear when and how FTX plans to do so. Essentially the Creditors are left at the mercy of what so far proved to be incompetent and negligent third-party contractors employed by FTX. This is a clear violation of the FTX's duty to the creditors and can hardly be interpreted as good faith attempt to pay off the debts.

**The Motion infringes on the Creditors' protected property rights.**

(10) The Motion attempts to strip creditors of their vested economic rights based solely on the geography of their residence at the time the funds were originally transferred to what proved to be a criminal enterprise that already deprived them of the right of access to their funds for more than three years. Now it makes another attempt to deprive them of the use of their funds for foreseeable future as no timely and proper consideration is given to the documents submitted to FTX to ascertain current jurisdiction and even current citizenship of the Creditors.

Based on the foregoing, the Motion shall be denied as violating bankruptcy law and the terms of the Plan.

Respectfully submitted,

Dated: July 15, 2025

/s/ Oxana Kolzov

_____

Oxana Kozlov, attorney for the Creditors