Li Luo  Unique Customer Code 6957840

U702/6 Railway Road

Cheltenham VIC 3192  Australia

amy_beichen@vip.163.com

July 08, 2025

RECEIVED

2025 JUL 11  PM 3:55

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Clerk of the Court

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

Subject: Objection to the Designation of China as a "Restricted Foreign Jurisdiction"

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

Dear Judge Owens:

I am writing as a creditor of FTX Trading Ltd. and one of the many affected users from
China. I respectfully submit this letter to express my strong opposition to the proposed
"Restricted Process" filed by the Debtors on June 25, 2025.

I believe the proposed Restricted Process is discriminatory and unfairly targets creditors
based solely on their country of residence, including China. This proposal would
potentially forfeit the claims of otherwise legitimate creditors without due process or
clear legal justification.

As a Chinese creditor, I affirm that I have not violated any local laws by participating in
the FTX platform. There is currently no law in China that prohibits individuals from
receiving bankruptcy distributions from overseas. I strongly oppose the presumption that
Chinese creditors should be excluded from recovery unless a local lawyer provides a
legal opinion — especially when such opinions are difficult or impossible to obtain under
current legal and political conditions.

All creditors, regardless of nationality, should be treated equally in the distribution of assets. The court-approved FTX claims process accepted my proof of claim, and I have complied with all procedures in good faith.

I respectfully urge the Court to reject the proposed Restricted Process and to ensure equal and fair treatment for all global creditors, including those from China.

I. FTX Claims Are USD-Denominated and Payable via Lawful Channels

1. FTX claims are denominated and settled in U.S. Dollars. While these claims originate from crypto investments, the Debtors' Plan explicitly adopts a USD-denominated valuation and distribution framework. The proposed distributions are fiat-based and do not require engagement with virtual assets, rendering them functionally indistinguishable from traditional monetary claims.[1]

2. USD wire transfers are lawful and standard payment mechanisms. FTX Recovery Trust has announced partnerships with global payment platforms (e.g., Payoneer, BitGo) and distribution agents (e.g., Kraken) to facilitate fiat disbursements. Chinese residents can lawfully receive USD wires via Hong Kong-based accounts, which is outside the scope of capital control violations.[2][3]

3. USD settlement mechanisms exist for Chinese creditors. Even if crypto-based payouts are avoided, there are sufficient and lawful channels for distributing USD. In the Celsius Network LLC case, the bankruptcy court successfully disbursed USD to Chinese creditors via standard international wire transfers, confirming the existence of practical and compliant financial infrastructure.[4]

4. Conclusion to Section I. Given that the FTX bankruptcy estate values and settles creditor claims in U.S. Dollars, this case is fundamentally no different from other bankruptcy proceedings when it comes to distribution. The U.S. Dollar is a global reserve currency and can be lawfully transmitted to Chinese creditors through established channels. Equal access to USD compensation is essential to preserving fairness and equity in the bankruptcy process. The FTX Recovery Trust's attempt to withhold distributions from Chinese creditors based on jurisdictional interpretations of crypto regulation is both unreasonable and legally unfounded. Chinese creditors are entitled to

equal treatment in USD distributions just like creditors in other jurisdictions. Any attempt to block such distributions based on speculative regulatory interpretations is not only unjust but lacks legal basis.

---

## II. Even Crypto-Based Distributions Are Legally Permissible in China

### 1. China Recognizes Virtual Assets as Legal Property.

Chinese courts have consistently held that cryptocurrencies such as Bitcoin and Ethereum constitute personal property under the Civil Code. These rulings confirm that individual ownership is lawful.[5][6][7][8]

### 2. Hong Kong Supports Crypto Regulation and Retail Participation.

As a Special Administrative Region (SAR) of the People's Republic of China, Hong Kong operates under the 'one country, two systems' framework, which allows it to establish its own financial and regulatory policies. However, it remains an integral part of China. Not only does Hong Kong allow individuals and institutions to hold and trade virtual assets, but it has also proactively embraced digital assets with a comprehensive licensing regime. Its progressive and well-defined regulatory framework aims to attract global digital asset firms and provide robust investor protection mechanisms.[9][10][11][12]

### 3. Mischaracterization of Macau Policy.

The Trust references Macau's 2017 ICO-related warning, but this merely restricts financial institutions from participating in token issuances. It does not prohibit personal ownership or receipt of crypto assets.[13][14]

### 4. International Precedents Support Distributions to Chinese Creditors.

In Celsius Network LLC (Case No. 22-10964, S.D.N.Y.), the court approved USD distributions to Chinese claimants via wire. In the Mt. Gox rehabilitation, Chinese creditors lawfully received crypto (BTC, BCH) through Kraken. No jurisdictional restrictions were imposed in either case.[15][16]

---

Conclusion

In conclusion, distributing claims to Chinese creditors poses no legal risk to the Trustee
or its agents and constitutes a required step under the bankruptcy process. The motion to
classify China as a "Restricted Jurisdiction" lacks factual foundation and misapplies legal
principles. I respectfully urge the Court to reject any designation that would exclude
Chinese creditors from distributions under the Plan.

Thank you for your time and consideration.

Li Luo

*Li Luo*

-----------------------------------------------------------------

Dated: July 08, 2025

---

Appendix A: Reference Links

[1] https://www.coindesk.com/markets/2025/05/16/ftx-to-pay-over-usd5b-to-creditors-as-
bankrupt-exchange-gears-up-for-distribution

[2] https://www.prnewswire.com/news-releases/ftx-recovery-trust-to-distribute-more-
than-5-billion-to-creditors-in-second-distribution-on-may-30-2025-302456976.html

[3] https://www.coinspeaker.com/ftx-adds-payoneer-as-payment-method-for-creditors

[4] https://www.nysb.uscourts.gov/content/re-22-10964-mg-celsius-network-llc-21

[5] https://watcher.guru/news/bitcoin-is-now-recognized-as-a-legal-virtual-property-by-
shanghai-high-court#google_vignette

[6] https://www.mondaq.com/fin-tech/1577154/shanghai-court-recognises-the-legality-
of-crypto-ownership-for-individuals

[7] https://www.coindesk.com/markets/2018/10/26/chinese-court-rules-bitcoin-should-
be-protected-as-property

[8] https://news.bitcoin.com/chinese-court-ethereum-legal

[9] https://www.info.gov.hk/gia/general/202210/31/P2022103000454.htm

[10] https://www.reuters.com/technology/crypto-exchange-hashkey-bags-licence-update-serve-retail-users-2023-08-03

[11] https://cointelegraph.com/news/hong-kong-welcomes-first-licensed-retail-crypto-exchange-hashkey

[12] https://www.engage.hoganlovells.com/knowledgeservices/news/hong-kong-government-policy-announcement-on-virtual-asset-exchanges-hong-kong-fintech-week-2022

[13] https://www.gov.mo/en/news/74177

[14] https://www.amcm.gov.mo/zh-hant/news-notice/statement/detail/alert-to-risks-of-virtual-commodities-and-tokens/642

[15] https://www.theblock.co/post/303624/mt-gox-creditors-may-have-to-wait-for-up-to-three-months-to-receive-their-bitcoin

[16] https://cointelegraph.com/news/mt-gox-confirm-bitcoin-addresses-repayment


CERTIFICATE OF SERVICE


I, [Your Name], hereby certify that on July 5, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:


Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com


Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com



I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 8, 2025

Singapore

_Li Luo_

TO:

Clerk of the Court

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

Subject: Objection to the Designation of China as a "Restricted Foreign Jurisdiction"

In re: FTX Trading Ltd., et al.,

Case No. 22-11068 (KBO)

U.S.M.S
X-RAY

**RE**



**SECURITY C**

THE CONTENTS OF THIS PACKAGE
FOR SECURITY PURPOSES, BY T

**FOR DHL (PRINT NAME)**

No Jen

**FO**

**FOR DHL (SIGNATURE)**

**STATION**

SEM

In  Ve  Co  en  Po  Pl  ar  Pl
et  ne

## EXPRESS 12:00 ⬚ T D T ⎯ _DHL_

2025-07-08 DHLE 3.0.0 / "GLS certified label"

Origin: **MEL**

From :
Amy luo
702/6 RAILWAY ROAD CHELTENHAM VIC3192
702/6 RAILWAY ROAD CHELTENHAM VIC3192
702/6 RAILWAY ROAD CHELTENHAM VIC3192
3192 CHELTENHAM VIC
AUSTRALIA

Contact:
Clerk of the Court

To :
Clerk of the Court
U.S. Bankruptcy Court 824 N Market St, 3rd Fl

### 19801 WILMINGTON Delaware
### UNITED STATES OF AMERICA

## CVG **US-PHL-NJS** DENJ

| Day | Time |
| --- | --- |
| | **X12** |

Ref: urgent

Pce/Shpt Weight | Piece
**0.03 KG** | **1/1**

DD: COMM

TDT - 1200

Contents: Annual reports



WAYBILL 58 2495 3422

(2L)US19801+38002000



(J) JD01 4600 0121 7444 3376

**SERVICE ALER**

**EXPRESS**

KED