**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>Ref. No. 31298 |

**OBJECTION OF THE FTX RECOVERY TRUST TO THE MOTION OF ELD CAPITAL LLC FOR ENTRY OF ORDER ESTABLISHING CLAIMS DETERMINATION SCHEDULE FOR ITS CLAIMS**

The FTX Recovery Trust,[2] by and through its undersigned counsel, respectfully submits this objection (the "Objection") to the *Motion of ELD Capital LLC for Entry of Order Establishing Claims Determination Schedule for Its Claims* [D.I. 31298] (the "Motion" or "Mot.") filed by ELD Capital LLC ("ELD"). For the reasons set forth below, the Motion should be denied. In support of the Objection, the FTX Recovery Trust respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Prior to and since the Plan Effective Date, the Debtors and the FTX Recovery Trust have been working through the herculean task to reconcile the more than 97,500 Claims that were filed in amounts in excess of $1.187 sextillion in these Chapter 11 Proceedings. [D.I. 28103 ¶ 6.] To date, the Debtors and the FTX Recovery Trust have filed 186 omnibus claims

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Proceedings, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established through the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (the "Plan") [D.I. 26404-1], which became effective on January 3, 2025 [D.I. 29127]. All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

objections seeking to disallow and expunge, reclassify, or reduce 36,400 asserted Claims in excess of $27 quintillion. [D.I. 31086 ¶ 7.] The Debtors and the FTX Recovery Trust have also filed a multitude of individual claim objections, with the goal of resolving Claims as soon as practicable in order to make Distributions to Holders of validated filed claims that are ultimately allowed alongside scheduled Claims. To that end, the FTX Recovery Trust has already distributed approximately $6.5 billion to holders of Allowed Claims. [D.I. 30570.]

2. In addition, the FTX Recovery Trust is litigating more than 30 adversary proceedings to recover additional value for stakeholders, managing a venture book of investments, and monetizing its remaining digital and other assets. The work of the FTX Recovery Trust is vast and complex. The claims reconciliation process is the largest component of that work, and is proceeding apace in accordance with the terms of the Plan and Confirmation Order. In recognition of the volume and breadth of asserted Claims, the Plan provides a number of processes to ensure the orderly administration of the estates, including the establishment of a Claims Objection Deadline for the FTX Recovery Trust to object to Claims by January 3, 2026 or "such later date as may be established by order of the Bankruptcy Court upon a motion by the Plan Administrator." (Plan § 2.1.32.)

3. Through its Motion, ELD seeks to toss aside the carefully constructed framework approved by this Court and force the FTX Recovery Trust to immediately turn its attention to the single ELD Claim, object to it, and litigate it to conclusion on a schedule of ELD's choosing. (Mot. ¶ 13.) Despite ELD's baseless assertions to the contrary, the relief ELD seeks is unprecedented. ELD cannot cite a single decision or court order where a court in this district has permitted a creditor to circumvent the plain language of a plan and force a debtor to establish a

litigation schedule for a claim objection that has not yet been filed. That is because there is no basis to do so.

4. Every creditor would undoubtedly prefer to usurp the process set forth in the Plan and approved in the Confirmation Order to administer claims and obtain immediate resolution of its claim in isolation. But that is not possible, and is why the Bankruptcy Code provides for a claims resolution process and—given the size and scope of these Chapter 11 Proceedings—the Plan ensures that the myriad of Claims asserted against the Debtors can be administered in an orderly manner. Granting ELD's Motion would open the floodgates to innumerable copycat motions that would quickly render these Chapter 11 Proceedings impossible to administer.

5. ELD's misleading assertions aside, nothing about the resolution of ELD's Plan objection (which only concerned the application of the Global Settlement contained in the Plan to ELD) affords the ELD Claim the special treatment now sought, as evidenced by the plain language of paragraph 167 of the Confirmation Order inserted to resolve that objection. While ELD sought certainty from the Debtors then as to the timeline for resolution of its Claim, the Debtors rejected those requests and expressly told ELD that they "make no commitment on the resolution of ELD's claims which will be addressed in due course." As with all claims, the Debtors endeavored then, as the FTX Recovery Trust does now, to make "general efforts" to resolve Claims "promptly." Anything more would allow a single creditor to end run around the claims reconciliation process. ELD's Motion should be denied, and the FTX Recovery Trust permitted to continue the orderly reconciliation of Claims for the benefit of all stakeholders.

**RELEVANT BACKGROUND**

**A.    The Debtors and Their Chapter 11 Proceedings**

6.      On November 11 and November 14, 2022, FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Proceedings").

7.      On May 19, 2023, the Court entered an order [D.I. 1519] setting a non-customer claims bar date of June 30, 2023 and establishing certain procedures.  On June 28, 2023, the Court entered an order [D.I. 1793] establishing a deadline of September 29, 2023 to file proofs of claim on account of Customer Entitlement Claims against the Debtors and certain procedures.

8.      On October 7, 2024, the Court confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1], and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order").

9.      On January 3, 2025, the Plan Effective Date occurred, which, among other things, established the FTX Recovery Trust and transferred, assigned and vested all of the Debtors' assets in the FTX Recovery Trust.  *See Notice of Effective Date of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 29127].

**B.    ELD's Claim**

10.     On October 20, 2023, Dominic Cubitt filed a claim on behalf of ELD (the "Initial ELD Claim").  [D.I. 31298-2 at 14-23.]  On July 2, 2024, ELD purported to amend the Initial ELD Claim by filing the claim it is currently pursuing (the "ELD Claim").  [D.I. 31298-2 at 1-13.]  While the Initial ELD Claim did not assert any claim based on alleged fraud, ELD contends

the ELD Claim was "amended to specifically reflect that [ELD] contests certain exchange transactions induced by the Debtors' fraud that caused the value of assets in [ELD's] customer account to be reduced as of the Petition Date." (*Id.* ¶ 3.) Specifically, the ELD Claim argues that the Debtors fraudulently induced ELD to convert certain digital assets and fiat currency associated with ELD's customer account on the FTX.com Exchange to certain "TRON-sponsored tokens" through a public statement on November 10, 2022. (*Id.* ¶¶ 5-10.) ELD alleges that this purported fraud reduced the Petition Date value of the assets associated with its customer account from $569,262.34 to $98,943.38. (*Id.* ¶ 11.) Accordingly, ELD seeks recovery of those additional amounts in excess of those reflected in its Petition Date account balance. (*Id.*)

    C.    **ELD's Objection to the Plan**

11. On August 16, 2024, ELD objected to the application of the Global Settlement contained in the Debtors' proposed plan of reorganization to ELD (the "<u>ELD Objection</u>"). [D.I. 23140.] The ELD Objection reiterated the assertions made in the ELD Claim and expressed concern that Section 5.2 of the Plan would result in the release of the fraud claim ELD asserted. (*See* ELD Objection at 7-8 ("The global settlement and release provisions may be read to settle, release, or preclude ELD's fraud claim against the Debtors").) ELD argued that, because "ELD has not consented to any settlement or release of its fraud claims against the Debtors . . . [t]he Court should not approve of the Plan insofar as it requires ELD (and potentially other similarly situated customers) to settle and/or release claims against its will under the circumstances present here." (*Id.* at 8.)

12. The Debtors agreed with ELD to include specific language in the Confirmation Order to resolve the ELD Objection. The Debtors agreed to include in the Confirmation Order language stating that:

> Notwithstanding anything to the contrary in the Confirmation Order or the Plan, proofs of claim numbers 91933 and 96369 (the 'ELD Claims') filed by ELD Capital LLC shall not be deemed settled pursuant to section 5.2 of the Plan, and shall not be deemed released under section 10.4 of the Plan and such claims shall be adjudicated through the claims objection process. The parties' rights, defenses and objections with respect to the ELD Claims are fully reserved.

(Confirmation Order ¶ 167.) This language resolved the ELD Objection. [D.I. 26412 at 15:17-22.]

13. Although ELD attempted to leverage the EDL Objection to obtain an agreement that the Debtors would object to the ELD Claim on a specific schedule, the Debtors rejected that request and refused to provide ELD with special treatment as to claim reconciliation and adjudication. Accordingly, the agreed language in the Confirmation Order contains no such special treatment.

**D.    The Claim Objection Deadline Established By the Plan**

14. The Plan establishes the Claims Objection Deadline by which the FTX Recovery Trust must object to a Claim. Section 8.1 of the Plan provides that "[a]ny objections to Claims . . . shall be filed on or before the Claims Objection Deadline." In turn, Section 2.1.32 of the Plan defines the Claim Objection Deadline as:

> (a) the date that is the later of (i) one year after the Effective Date or (ii) as to Proofs of Claim filed after the applicable Claims Bar Date, the 60th day after a Final Order is entered by the Bankruptcy Court deeming the late-filed Proof of Claim to be treated as timely filed or (b) such later date as may be established by order of the Bankruptcy Court upon a motion by the Plan Administrator, with notice only to those parties entitled to receive notice pursuant to Bankruptcy Rule 2002.

(Plan § 2.1.32.) The Plan became effective on January 3, 2025 [D.I. 29127], thus establishing that the FTX Recovery Trust has at least until January 3, 2026 to object to any Claim.

15. Under the terms of the Plan, "any Claim that has not been Allowed" is a "Disputed Claim." (*See* Plan § 2.1.57.) Thus, the ELD Claim is one of many Disputed Claims still being evaluated and reconciled by the FTX Recovery Trust. All Disputed Claims are subject to Section 8.6 of the Plan, which provides that:

> If an objection to the amount, validity, priority or classification of a Claim or a portion thereof is filed or is ***intended to be filed*** as set forth in this Article 8 . . . no payment or Distribution provided under the Plan shall be made on account of such Claim or portion thereof, as applicable, unless and until such Disputed Claim becomes an Allowed Claim or is otherwise settled or resolved.

(Plan § 8.6 (emphasis added).) Of course, Holders of Disputed Claims are protected by the Section 8.5 of the Plan, which provides for the creation of a reserve on "on account of Disputed Claims that may be subsequently Allowed after the Effective Date." (Plan § 8.5.) The Court entered an order approving the establishment of an initial Disputed Claims Reserve of $6.533 billion [D.I. 28689], which the FTX Recovery Trust has a pending request to modify as a result of the ongoing reconciliation and resolution of Disputed Claims [D.I. 31085].

### E. ELD's Motion

16. On July 8, 2025, ELD filed its Motion requesting that the Court enter an order compelling the FTX Recovery Trust to object to the ELD Claim by August 21, 2025 and set an evidentiary hearing on the Claim for September 11, 2025. (Mot. ¶ 13.) By its terms, the Motion seeks to override the Claims Objection Deadline and processes set forth in the Plan—which ELD never objected to and are now final—and require the FTX Recovery Trust to file its objection on

an accelerated schedule.[3] There is no basis to afford ELD special treatment at the expense of other creditors.

## ARGUMENT

**I.   There Is No Legal Basis for ELD's Motion.**

17.     ELD's Motion is devoid of any legal or other support and should be denied. ELD misleadingly cites two completely inapposite unpublished orders to falsely assert that "[c]ourts have routinely approved relief like that requested here." (Mot. ¶ 17.) ELD then doubles down on its misrepresentations by asserting that its claims were "carved out from the releases in the [Plan] with the expectation and promise from Debtors that the ELD Claims would be resolved promptly." (Mot. ¶ 15.) The Confirmation Order provides for no special treatment of the ELD Claim because the Debtors never made any promise to provide it.

18.     The Plan and Conformation Order establish that the FTX Recovery Trust has until at least January 3, 2026 to object to the ELD Claim and all other Claims. (Plan §§ 8.1, 2.1.32.) Until the expiration of the Claims Objection Deadline, *all* Claims that have not been Allowed are Disputed Claims under the Plan, with those claims protected by the Disputed Claims Reserve that has been established. This process was approved by the Court at the time the Plan was confirmed, and there is no basis to re-examine it now. And, there is certainly no basis to permit ELD to exempt itself from the process that continues to involve *tens of thousands* of similarly situated creditors.

19.     ELD offers no support for its argument that this Court should nonetheless override its own Confirmation Order and force the FTX Recovery Trust to address the ELD Claim

---

[3]   While the FTX Recovery Trust objects to the Motion in its entirety, the schedule ELD proposes is untenable in any event because, among other reasons, the FTX Recovery Trust will seek discovery in connection with the factual allegations contained in the ELD Claim.

-8-

on a separate track.[4] The *In re Energy Future Holdings Corp.* scheduling motion that ELD cites related to a pending dispute regarding an earlier filed motion by the debtors which sought to "right-size certain property tax liabilities" (the "EFH Motion"). Case No. 14-10979 (CSS), ¶ 1 (Bankr. D. Del. Sep. 23, 2015) [D.I. 6152]. When the debtors were unable to agree to a litigation schedule with the parties impacted by the EFH Motion, the debtors filed a motion to "establish a reasonable schedule to govern the adjudication of the [EFH] Motion." *Id.* In other words, unlike here, there was a pending dispute and a request by the debtors—the movants—to set a litigation schedule. Thus, the *Energy Future Holdings* citation provides no support for the relief ELD seeks in advance of a claim objection even being filed.

20. The other scheduling motion cited by ELD is even more off-base. The debtors in *In re Zohar III* filed a motion to set a schedule regarding confirmation of a plan of reorganization and the resolution of two different interrelated disputes. Case No. 18-10512 (KBO) ¶¶ 14-16 (Bankr. D. Del. Feb. 8, 2022) [D.I. 3059]. The debtors brought the motion to establish a coordinated litigation schedule because resolution of the disputes "on the same timeline as Plan confirmation" was "imperative" so that plan confirmation was not "jeopardized by any delays on account of that litigation." *Id.* ¶¶ 19-24. None of those circumstances remotely resemble those at issue here, which involves a single creditor seeking to elevate the resolution of its claim over the almost 100,000 other filed claims.

21. ELD goes on to assert it had some kind of "expectation" that its claim would be reconciled ahead of other creditors. This lacks any objective support. As noted, while ELD may desire such a result, the Debtors rejected any such fixed timeline when resolving the ELD

---

[4] The cases that ELD relies on to state that this Court of course has inherent power to manage its docket are irrelevant because they are not cases in which courts granted relief anything like that requested by ELD, never mind to override the express terms of a confirmed bankruptcy plan. (Mot. ¶ 16).

Objection, as evidenced by the language inserted in paragraph 167 of the Confirmation Order being silent on this issue. In fact, the Debtors expressly told ELD that they "make no commitment on the resolution of ELD's claims which will be addressed in due course." As with all Claims, the Debtors endeavored then, as the FTX Recovery Trust does now, to make "general efforts" to resolve claims "promptly"—and they intend to do so. But "promptly" in a case of this magnitude does not suggest immediacy. The FTX Recovery Trust is complying with the terms of the Plan and moving the claims reconciliation process forward as quickly as practicable.

22.     ELD never objected to the Claims Objection Deadline or any other aspect of the claims reconciliation process contained in the Plan, which was in any event approved through the Confirmation Order entered more than nine months ago. As a result, ELD is subject to the same claims reconciliation and adjudication procedures as every other creditor in these Chapter 11 Proceedings. ELD cannot tunnel back and challenge the Claims Objection Deadline through its Motion. *In re Arctic Glacier Int'l, Inc.*, 901 F.3d 162, 166 (3d Cir. 2018), *as amended* (Oct. 24, 2018) ("[A] confirmation order . . . bars all challenges to the plan that could have been raised. Challengers must instead raise any issues beforehand by objecting to confirmation."). By diligently reconciling all Claims in accordance with the procedures set forth in the Plan and Confirmation Order, the FTX Recovery Trust is carrying out its duties and obligations. Nowhere do those documents provide for the special treatment ELD now seeks. *See also In re Essar Steel Minnesota, LLC*, 652 B.R. 709, 713 (Bankr. D. Del. 2023) ("A promise made by the debtor in possession, unless set forth in a plan of reorganization, will not bind the reorganized debtor.").

II.     **Granting ELD's Motion Would Disrupt the Claims Resolution Process and Render These Chapter 11 Proceedings Impossible to Administer.**

23.     The Debtors and the FTX Recovery Trust have worked consistently and diligently to complete the reconciliation of more than 97,500 claims that were filed in amounts in

excess of $1.187 sextillion in these Chapter 11 Proceedings. [D.I. 28103 ¶ 6.] To date, the Debtors and the FTX Recovery Trust have filed 186 omnibus claims objections seeking to disallow and expunge, reclassify, or reduce 36,400 asserted Claims in excess of $27 quintillion. [D.I. 31086 ¶ 7.] Like ELD, every holder of a Disputed Claim would no doubt like immediate certainty with respect to the ultimate status of its asserted Claim. But the realities are that in any chapter 11 case, but especially one of the size and complexity as this one, time and a process is needed to orderly reconcile, resolve, and if necessary, object to filed Claims. The confirmed and effective Plan provides that all Claims are Disputed Claims unless and until they become Allowed Claims. (Plan § 2.1.57.) All Disputed Claims are protected by the Disputed Claims Reserve that has been established by order of this Court so that any Disputed Claims that may ultimately become Allowed Claims will be satisfied in accordance with the treatment provided for in the Plan. (*See* Plan § 8.5.)

24. There is no basis to treat ELD differently or provide them "priority" in the ongoing claims reconciliation process. To do so would open the floodgates to scores of other purported creditors with Disputed Claims who likewise would like to have their Claim resolved sooner than later. If other Holders of Disputed Claims see that filing a scheduling motion is all that is needed to jump the line, the FTX Recovery Trust and the Court will be inundated with similar one-off motions that will quickly render these Chapter 11 Proceedings impossible to administer. *Cf. In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616, 623 (Bankr. S.D.N.Y.), *aff'd,* 411 B.R. 142 (S.D.N.Y. 2009) (denying motion to lift automatic stay because "granting relief could open the floodgates to a multitude of similar motions causing further interference with the bankruptcy case"); *In re Nw. Airlines Corp.*, 2006 WL 687163, at *2 (Bankr. S.D.N.Y. Mar. 10, 2006) ("lifting the automatic stay with respect to cases such as the Antitrust

Action would open the floodgates for similar motions and cause the Debtors to refocus their energies").

## RESERVATION OF RIGHTS

25. In filing this Objection, the FTX Recovery Trust has not waived any rights, and the FTX Recovery Trust expressly reserves all of its rights, objections, defenses, powers, privileges and remedies under applicable law or otherwise with regards to ELD and the ELD Claim. The FTX Recovery Trust may elect to exercise any or all of its rights, at its sole option without the necessity of any further notice, demand or other action on the part of ELD. Nothing contained in this Objection or any delay by the FTX Recovery Trust in exercising any rights, objections, defenses, powers, privileges and remedies under applicable law or otherwise with regards to ELD and the ELD Claim now existing or hereafter arising shall be construed as a waiver or modification of such rights, objections, defenses, powers, privileges or remedies.

## CONCLUSION

26. For the foregoing reasons, the Motion should be denied.

Dated: July 15, 2025
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
         brown@lrclaw.com
         pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
         bromleyj@sullcrom.com
         gluecksteinb@sullcrom.com
         kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*