**XU YONGQIANG**
Room 1703, No.817 Haicang Avenue, Haicang District, Xiamen City, Fujian Province, China
xingle518@qq.com

RECEIVED
2025 JUL 14  AM 11:00
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**July 8, 2025**

**Honorable Judge Karen B. Owens**

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

**Re: Objection to the Designation of China as a "Restricted Foreign Jurisdiction"**

**In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)**

**Dear Judge Owens:**

**OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES**

Submitted by: XU YONGQIANG,  FTX Creditor from China

## I. Preliminary Statement

My family holds one KYC-verified FTX account, in which the majority of assets were in U.S. dollars. Our claim number is 3265-70-ZIQZZ-261975939. I have fully complied with all procedural requirements under the Plan, yet the proposed motion now threatens my distribution rights in an arbitrary and inequitable manner.

This motion, which seeks to designate China as a "Restricted Foreign Jurisdiction," is unsupported by fact or law. As explained below, there is no credible legal basis to conclude that distributing to Chinese creditors would expose the Trust or its agents to regulatory or criminal liability.

## II. The Motion Violates Due Process and Basic Fairness

The procedures set forth in the motion impose insurmountable burdens on foreign creditors and fail to meet the standards of basic legal fairness:

**1. Inadequate Notice:**
The motion claims that sending a notice to the last known email or mailing address on file is sufficient to meet the notice requirement (Section ii). However, for a global user base impacted by a chaotic collapse, these records are often outdated. Many creditors no longer have access to their original email accounts or have relocated. Considering that the consequence is complete forfeiture of claims, this "checkbox" approach to notice is clearly inadequate and almost guarantees that many legitimate creditors will never be aware their rights are being taken away.

**2. Improper Burden-Shifting:**
The motion allows the Trust to unilaterally designate an entire country as "potentially restricted," automatically converting an otherwise valid and allowed claim into a "Disputed Claim" (Section i). This inappropriately shifts the burden of proof onto the creditor, forcing them to demonstrate that they are not restricted. In reality, it is the Trust—seeking to deny payment—that should bear the burden of proving that distribution to a particular creditor is indeed unlawful, not merely inconvenient.

**3. Unreasonable Procedural Hurdles:**
The motion requires foreign creditors to, within only 35 days:
a) comprehend a complex legal notice that is likely written only in English;
b) obtain a legally valid declaration; and
c) voluntarily submit to the jurisdiction of the U.S. Bankruptcy Court (Section ii).
This is a severe burden, particularly for small creditors who cannot afford U.S. legal counsel. By making the

objection process excessively complex and costly, the motion effectively strips many creditors of their right to challenge.

## III. The Definition of "Restricted Jurisdiction" Is Overly Vague and Broad

The motion fails to clearly define what constitutes a "potentially restricted foreign jurisdiction," yet grants the Trust complete discretion to make such designations based on unspecified "unacceptable opinions or summaries thereof" (Section ii).

**1. Lack of Objective Standards:**
It is unclear whether the designation is based on OFAC sanctions, FATF gray lists, or the Trust's own subjective assessment of a country's banking system. This vagueness invites arbitrary and discriminatory application. A country could be designated "restricted" for administrative convenience rather than any actual legal prohibition.

**2. Collective Punishment:**
The motion penalizes claimants based solely on their nationality or geographic location, rather than their individual legal standing. Even law-abiding individuals who hold dual citizenship or have compliant bank accounts in non-restricted jurisdictions (e.g., the EU or UK) may still be barred from recovery. This blanket approach lacks the nuance necessary for fair adjudication and constitutes unjust collective punishment.

## IV. The Forfeiture Penalty Is Excessive and Punitive

The cumulative effect of these procedural defects is that creditor property would be immediately and permanently forfeited (see p.5 of the motion). This is not a temporary freeze—it is outright deprivation of ownership.

**1. Forfeiture Is an Extreme Remedy:**
Forfeiture is among the harshest legal remedies and should only apply in cases of proven wrongdoing by the property owner. In this case, creditors are being penalized solely for residing in a jurisdiction deemed "inconvenient" by the Trust. This is plainly unjust.

**2. Viable, Less Harsh Alternatives Were Ignored:**
A more equitable solution would be to place disputed funds into a third-party escrow account. This would shield the Trust from any potential liability for unlawful transfers while preserving the creditor's property rights. The funds could remain in escrow until legal clarity is achieved or until the creditor arranges a compliant payment destination. The current proposal opts for the harshest remedy solely for administrative convenience.

## V. FTX Claims Are USD-Denominated and Can Be Paid Through Legal Channels

- All FTX claims are valued and settled in U.S. Dollars under the Plan and do not involve crypto assets.
- USD wire transfers are lawful and commonly used. Chinese creditors can legally receive USD transfers via Hong Kong-based accounts, which do not violate capital controls.
- Precedent supports this: In *Celsius Network LLC*, the court allowed USD distributions to Chinese creditors with no legal barriers.

**Conclusion of Section V:** Denying Chinese creditors their USD distributions lacks legal basis and violates procedural fairness. This case is no different from other cross-border bankruptcies.

## VI. Even Crypto-Based Distributions Are Permissible Under Chinese Law

- Chinese courts have ruled that virtual assets like Bitcoin and Ethereum constitute lawful personal property.
- Hong Kong, as a Special Administrative Region, has established a comprehensive crypto regulatory framework that permits retail and institutional crypto activities.
- Macau's restrictions apply only to financial institutions and do not prohibit individuals from receiving or holding crypto assets.
- In both *Mt. Gox* and *Celsius* cases, Chinese creditors lawfully received fiat and crypto distributions without jurisdictional restrictions.

## VII. Conclusion and Requested Relief

The motion places the Trust's administrative convenience above the fundamental rights of creditors. It relies on ineffective notice, vague criteria, unfair burden-shifting, and excessively harsh penalties.

**I respectfully request the Court to:**

- Deny the Motion in its current form; and
- Direct the Trust to submit a revised procedure that:
    1. Defines "Restricted Jurisdiction" narrowly and objectively, based only on explicit legal prohibitions (e.g., OFAC sanctions);
    2. Places the burden of proof on the Trust to show a specific distribution is unlawful;
    3. Implements a stronger and more effective notice process, with a longer and more reasonable objection period; and
    4. Substitutes forfeiture with escrow arrangements through neutral third-party accounts to preserve creditors' property rights, even if immediate payment is not feasible.

Thank you for your careful consideration.

Sincerely,
XU YONGQIANG
Signature:   XU YONGQIANG
FTX.com Unique Customer Code: 328390

Dated: July 8, 2025

## Certificate of Service

I, XU YONGQIANG, hereby certify that on July 8, 2025, I caused a copy of the foregoing **Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures** to be served via electronic mail upon the following parties:

**Sullivan & Cromwell LLP**

- James L. Bromley – bromleyj@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com
- Andrew G. Dietderich – dietdericha@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com

**Landis Rath & Cobb LLP**

- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 8, 2025
China

_____

XU YONGQIANG

RECEIVED 2025 JUL 14 AM 11:00 CLERK US BANKRUPTCY COURT DISTRICT OF DELAWARE

July 8, 2025

Office of the United States Trustee
Attn: Juliet M. Sarkessian, Benjamin A. Hackman, David Gerardi
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE 19801

RE: Objection to the Motion of the FTX Recovery Trust for Entry of an Order in Support of the Confirmed Plan Authorizing the FTX Recovery Trust to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions — Case No. 22-11068 (KBO)

Dear Trustees:

I am writing as an individual creditor of FTX Trading Ltd. with a verified claim in the bankruptcy case.

I am deeply concerned that the recent motion filed by the FTX Recovery Trust to designate China as a "Restricted Foreign Jurisdiction" is both discriminatory and procedurally unfair. If granted, this motion would disproportionately and arbitrarily deprive Chinese creditors like myself of the right to receive distributions under the confirmed plan.

I urge the Office of the United States Trustee to closely examine the implications of this motion and consider the serious harm it would cause to the due process rights of Chinese creditors.

Attached is the formal objection I personally submitted to the Court, which outlines the legal and factual grounds for my opposition to the motion.

I respectfully ask the U.S. Trustee to help ensure that the bankruptcy process remains fair, equitable, and transparent for all creditors, regardless of nationality or jurisdiction.

Sincerely,

XU YONGQIANG
Email: xingle518@qq.com

YONG QIANG
n 1707, No.817 Haicang Avenue, Haicang District, Xiamen City, Fujian Province, China
gke518@qq.com

To: United States Bankruptcy Court
Attn: Clerk of the Court
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

Re: Objection to FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures – Case No. 22-11068 (KBO)

邮政编码：


