RECEIVED

2025 JUL 14 AM 11:00

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
FTX Trading Ltd., et al.,
Debtors.

Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)

OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED
JURISDICTION PROCEDURES

I am a Chinese mainland citizen and a creditor in the FTX bankruptcy case, having
previously used the FTX platform. My Unique Customer ID is 00737672. I was
drawn to FTX because it offered USD deposit interest rates exceeding 5%,
significantly higher than those available through the Hong Kong banks I had used.
FTX's operating presence in Hong Kong for an extended period further contributed
to its perceived legitimacy and accessibility.

I deposited a substantial portion of my personal savings into the platform solely to
earn interest on USD deposits. I did not purchase or trade cryptocurrencies on the
platform. My understanding at the time was that FTX, like Interactive Brokers or
other U.S.-based financial platforms, offered USD interest-bearing accounts even for
users who were not active traders.

After the platform's bankruptcy, I completed all KYC and tax form requirements.
Under the confirmed reorganization plan, I expected to receive repayment via wire
transfer or stablecoin, and based on that structure, I voted in favor of the plan.

The claim I hold is denominated in U.S. dollars, and there is no law in Mainland
China that prohibits its citizens from receiving U.S. dollar repayments from a foreign
bankruptcy proceeding. The use of stablecoins is merely one of several distribution
options selected by the FTX Recovery Trust—not a legal necessity. If the FTX
Recovery Trust harbors legal concerns about using stablecoins in certain
jurisdictions, it can and should propose alternative channels, such as international
wire transfers, rather than seek to forfeit the claims of an entire category of
creditors based solely on geography.

As described in paragraph 6 of the Motion (D.I. 31148), such designation shall
preclude any distribution and result in full forfeiture of creditor claims if

uncontested: "...any interest in such Distribution shall revest in the FTX Recovery Trust." The Motion seeks this outcome based solely on a non-binding legal opinion procured unilaterally by the FTX Recovery Trust and without any factual finding by this Court.

Notably, other major bankruptcy cases such as Mt. Gox and Celsius did not deny repayment to Chinese or international creditors out of concern for payout methods. Despite similar concerns about global crypto regulation, those estates fulfilled their repayment obligations without resorting to blanket disqualification or forfeiture mechanisms. The current proposal by the FTX Recovery Trust departs from this standard of fair and lawful treatment.

If this Motion is approved, even permitting claim transfers would not be a fair solution. It would force affected creditors to sell their claims at a discount, while claim buyers—who are not subject to court oversight—would receive full recoveries. This creates an unregulated secondary market where harmed creditors are pressured to exit, while speculators benefit. Such an outcome would compound the damage suffered by creditors and runs contrary to the principles of fairness and equitable treatment.

The Motion also suggests that the FTX Recovery Trust or its agents could face criminal liability in China if they distribute funds to claimants residing there. However, this concern lacks any concrete legal basis. The distributions will originate from U.S.-based entities and be made in U.S. dollars, through methods such as bank transfers or stablecoins. There is no known precedent or regulation in China that imposes liability—civil or criminal—on a foreign trust or payment processor for lawfully repaying debt. No such risk materialized in comparable bankruptcy cases, including Mt. Gox, Celsius, or BlockFi, all of which made fiat payments to creditors in China and elsewhere.

More fundamentally, the proposed blanket exclusion of Chinese creditors amounts to discriminatory treatment. To retroactively exclude one group based solely on their country of origin—without any individualized review or opt-out mechanism—violates basic principles of contractual equity and the Plan's stated goal of maximizing fair recoveries for all creditors.

Denying payment not because of legal prohibition but because of political or compliance ambiguity sets a dangerous precedent and undermines the legitimacy of this reorganization. It punishes those who have already suffered losses and complied fully with every requirement under the Plan.

Accordingly, I respectfully request that the Court deny the Motion.

CERTIFICATE OF SERVICE

I, [Yang Fan], hereby certify that on July 8, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:


Sullivan & Cromwell LLP
- James L. Bromley – bromleyj@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com
- Andrew G. Dietderich – dietdericha@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP
- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 8, 2025

Yang Fan
_____

杨凡

RECEIVED
2025 JUL 14  AM 11:00
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

RECEIVED

2025 JUL 14  AM 11: 00

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

[Yang Fan]

[Building 8, Fuzeyuan, Yongchuan District, Chongqing, China Building 8, Fuzeyuan, Yongchuan District, Chongqing, China]

[712651413@qq.com]

Claim id 45524

July 8, 2025


Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA


Re: Objection to the Designation of China as a "Restricted Foreign Jurisdiction"

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)


Dear Judge Owens:

Yang Fan

Building 8, Fuzeyuan, Yongchuan District, Chongqing, China Building 8, Fuzeyuan, Yongchuan District, Chongqing, China

712651413@qq.com

July 8, 2025

To: United States Bankruptcy Court

Attn: Clerk of the Court

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

Re: Objection to FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures — Case No. 22-11068 (KBO)



**发票 INVOICE**

母 Main AWB    SF 028 496 088 7581

1/1

Clerk of the Court 3022522900
824 North Market Street,3rd Floor, Wilm
ington, Delaware Wilmington Delaware

Yang fan 19122205705
Wolong Road Longhai Jinxiu Garden (100 meters east of
Wolong Road) Yongchuan District Chongqing City Chong
518128 CHONGQING
qing China
CHINA MAINLAND

on for Sending
hinese
1.Business

by certify the information on this declaration is true and co
end the contents of this shipment are as stated above.
DATE:

TURE:    Qty.    Unit price,    Value(CNY),    Origin
ion,
1 , PCS , 0.0 , undefined

Total declared Value:(CNY)
Terms of Trade    □ F.O.B    □ C&F
□ C.I.F    ☑ C&F
Business
DATE:
Value(CNY),    Origin

**SHIP TO:**
CLERK OF THE COURT
3022522900
CLERK OF THE COURT
CLERK OF THE DELAWARE
WILMINGTON,DELAWARE
824 NORTH MARKET STREET,3RD FLOOR
WILMINGTON DE 19801
**WILMINGTON DE**
**UNITED STATES**

1 KG
SHP#:144A W7D8 JSF
SHP WT:0.5 KG
DATE: 09 JUL 2025    1 OF1

**DE 197 9-25**

**UPS SAVER**
TRACKING #:1Z 144 AW7 D9 3259 4982    **1P**

Trix Ref No.: SF028496088757581
XOL 25.06.27

BILLING: P/P
SIGNATURE REQUIRED
DESC: DOC

**EDI-DOC**

NV45 28.0A 07/2025*

特快

注意/Note:
1、此文件封口限

docume
其他任何
prohibited

运单号 SF 028 496 088 7581
2025-07-08 16:55-08

755VM-USA

Clerk of the
To  3022522900
824 North Market Street,3
3rd Floor, Wilmington Delaware
Delaware (19801)

Hotline 00285901113
42130674 NEXT

Yang fan 19122205705
Wolong Road Longhai Jinxiu Garde,
Wolong Road) YongChuan District Chong
(100 meters east of Wolong Road)

标快+  快快+
GE+   Uplift

**SUS**

☎ **95338    www.sf-express.com**
深圳市宝安区航城街道草围社区深圳机场航站四路1111号顺丰华南转运中心综合楼三层,四层

♻ RECYCLABLE