IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
FTX TRADING LTD., *et al.*,[1]                               :    Case No. 22-11068 (KBO)
                                                             :
                                                             :    Jointly Administered
              Debtors.                                       :
------------------------------------------------------------ :    **Related to Docket No. 31148**
                                                             x

**DECLARATION OF WEIWEI JI IN SUPPORT OF OBJECTION TO MOTION
OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER IN SUPPORT
OF THE CONFIRMED PLAN AUTHORIZING THE FTX RECOVERY TRUST
TO IMPLEMENT THE RESTRICTED JURISDICTION PROCEDURES
IN POTENTIALLY RESTRICTED FOREIGN JURISDICTIONS**

I, WEWEI JI, pursuant to 28 U.S.C. § 1746, hereby state and declare under penalty of perjury that the following is true to the best of my knowledge, information and belief:

1.      I submit this declaration ("Declaration") in further support of *Weiwei Ji's Objection to Motion of the FTX Recovery Trust for Entry of an Order in Support of the Confirmed Plan Authorizing the FTX Recovery Trust to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions* (the "Objection").[2]

2.      I am over the age of 18 and authorized to submit this Declaration. Except as otherwise indicated, all statements set forth in this Declaration are based on (a) my direct personal knowledge, (b) information learned from my review of relevant documents, and (c) my opinion

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

based upon my experience. If called to testify, I could and would competently testify to the facts and the opinions set forth herein.

3. I hold a PhD in geophysics. In 2017, I entered the cryptocurrency space. Since that time, I have run a fund, worked at an exchange, mined Bitcoin and Ethereum, and even managed a quant trading team. Thus, I have experience in essentially every corner of the industry.

4. I have closely followed the Chapter 11 Cases from the outset. Early in the Chapter 11 Cases, I sought to serve on the official committee of unsecured creditors (the "Committee") because I and others believed Chinese representation on the Committee would be critical. Although I advanced to the second round of the selection process and participated in a phone interview, I was not selected. Thereafter during the Chapter 11 Cases, a Committee member resigned, and I was asked if I would like to be considered as an alternate. Although I readily agreed, I was not selected.

5. I am currently a tax resident of Singapore, where I also reside and conduct all personal and family affairs. Nonetheless, I hold a Chinese passport and believe that I would or could be categorized as a Chinese creditor under the Procedures.

6. I and/or my family members and/or our affiliated entities (collectively, the "Holders") hold four (4) "Know Your Customer"-verified FTX accounts with aggregate claims exceeding $15 million. The Holders timely filed the four (4) Proofs of Claim, which are not subject to a pending dispute.

7. Since July 2, 2025, when the FTX Recovery Trust filed the Motion, I have communicated with numerous Chinese creditors via social media and other platforms. In fact, I founded and have informally become the representative figure of a rapidly growing group of approximately 600 Chinese creditors of the Debtors (though, not all group members are active).

Members of this group have reached out to me seeking coordination, and I have complied and advocated for their shared concerns throughout the Chapter 11 Cases. Many such creditors are far from wealthy and are suffering or will experience extreme financial hardship in the absence of recovery in the Chapter 11 Cases. For example, I calculated that fifty-eight (58) active creditors' claims add up to approximately $9.22 million.

8. China's proposed designation as even a Potentially Restricted Foreign Jurisdiction has already triggered serious and harmful market repercussions. Indeed, multiple distressed asset funds and claim purchasers have already cited the Motion to pressure Chinese creditors into selling their claims at significant discounts, for fear of receiving no recovery otherwise. For example, on or around July 4, 2025, a user on the social media platform X (formerly Twitter) published a video in which a representative of one such fund maintained:

> We're telling all Chinese creditors – they should sell now, because any delay likely means zero payout … This motion will definitely pass, because if 5% of Chinese claims are excluded and flow back to the FTX trust, the other 95% of creditors will receive more. Ninety-five percent of creditors will support the motion because they benefit from that exclusion.

9. China's designation as a Potentially Restricted Foreign Jurisdiction has already caused substantive disparities among creditors. At present, I understand that many of the Debtors' creditors have received their first round of distributions, while Chinese creditors, like I potentially am, have received none, solely due to our nationality and/or residence. Thus, this geographic disparity has already resulted in real-world inequality – including for smaller Chinese creditors suffering extreme financial hardship as a result thereof. Many such creditors' English may not be proficient, and/or they lack the means to object to a Restricted Jurisdiction Notice.

10. Many Chinese creditors, me included, regularly use Kraken to move USD in and out.

11. Attached hereto as <u>Exhibit A</u> is a true and correct copy of an email screenshot from a Chinese creditor who received a distribution in the Celsius bankruptcy case via wire transfer. The payment was made by Celsius through an international wire, and the creditor received the funds in their Hong Kong bank account. The payment confirmation from the creditor's bank is not annexed hereto because it is in Chinese. I can provide it upon request.

[*remainder of page intentionally left blank*]

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of July 2025,
in Singapore

_____
Weiwei Ji