Peiyi Li

Room 2304, Unit 2, Building 5, Lakeside Garden Area C, Nanshan Road, Dongguan, Guangdong Province, China

523000
abc1550030776@gmail.com
July 09, 2025

RECEIVED
2025 JUL 14 AM 11:02
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

Re: Objection to the Designation of China as a “Restricted Foreign Jurisdiction”

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

Dear Judge Owens:

OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: Peiyi Li, Tax Resident of China, Chinese FTX Creditor

---

Preliminary Statement

This motion to designate China as a “Restricted Jurisdiction” is unsupported by either fact or law. As outlined below, there is no credible legal basis to conclude that distributions to Chinese creditors would subject the Trust, or any distribution agent, to regulatory or criminal risk.

---

I. FTX Claims Are USD-Denominated and Payable via Lawful Channels

1. FTX claims are denominated and settled in U.S. Dollars. While these claims originate from crypto investments, the Debtors' Plan explicitly adopts a USD-denominated valuation and distribution framework. The proposed distributions are fiat-based and do not require engagement with virtual assets, rendering them functionally indistinguishable from traditional monetary claims.[1]

2. USD wire transfers are lawful and standard payment mechanisms. FTX Recovery Trust has announced partnerships with global payment platforms (e.g., Payoneer, BitGo) and distribution agents (e.g., Kraken) to facilitate fiat disbursements. Chinese residents can lawfully receive USD wires via Hong Kong-based accounts, which is outside the scope of capital control violations.[2][3]

3. USD settlement mechanisms exist for Chinese creditors. Even if crypto-based payouts are avoided, there are sufficient and lawful channels for distributing USD. In the Celsius Network LLC case, the bankruptcy court successfully disbursed USD to Chinese creditors via standard international wire transfers, confirming the existence of practical and compliant financial infrastructure.[4]

4. Conclusion to Section I. Given that the FTX bankruptcy estate values and settles creditor claims in U.S. Dollars, this case is fundamentally no different from other bankruptcy proceedings when it comes to distribution. The U.S. Dollar is a global reserve currency and can be lawfully transmitted to Chinese creditors through established channels. Equal access to USD compensation is essential to preserving fairness and equity in the bankruptcy process. The FTX Recovery Trust's attempt to withhold distributions from Chinese creditors based on jurisdictional interpretations of crypto regulation is both unreasonable and legally unfounded. Chinese creditors are entitled to equal treatment in USD distributions just like creditors in other jurisdictions. Any attempt to block such distributions based on speculative regulatory interpretations is not only unjust but lacks legal basis.

---

II. Even Crypto-Based Distributions Are Legally Permissible in China

1. China Recognizes Virtual Assets as Legal Property.

Chinese courts have consistently held that cryptocurrencies such as Bitcoin and Ethereum constitute personal property under the Civil Code. These rulings confirm that individual ownership is lawful.[5][6][7][8]

2. Hong Kong Supports Crypto Regulation and Retail Participation.

As a Special Administrative Region (SAR) of the People's Republic of China, Hong Kong operates under the 'one country, two systems' framework, which allows it to establish its own financial and regulatory policies. However, it remains an integral part of China. Not only does Hong Kong allow individuals and institutions to hold and trade virtual assets, but it has also proactively embraced digital assets with a comprehensive licensing regime. Its progressive and well-defined regulatory framework aims to attract global digital asset firms and provide robust investor protection mechanisms.[9][10][11][12]

3. Mischaracterization of Macau Policy.

The Trust references Macau's 2017 ICO-related warning, but this merely restricts financial institutions from participating in token issuances. It does not prohibit personal ownership or receipt of crypto assets.[13][14]

4. International Precedents Support Distributions to Chinese Creditors.

In Celsius Network LLC (Case No. 22-10964, S.D.N.Y.), the court approved USD distributions to Chinese claimants via wire. In the Mt. Gox rehabilitation, Chinese creditors lawfully received crypto (BTC, BCH) through Kraken. No jurisdictional restrictions were imposed in either case.[15][16]

---

Conclusion

In conclusion, distributing claims to Chinese creditors poses no legal risk to the Trustee or its agents and constitutes a required step under the bankruptcy process. The motion to classify China as a "Restricted Jurisdiction" lacks factual foundation and misapplies legal principles. I respectfully urge the Court to reject any designation that would exclude Chinese creditors from distributions under the Plan.

Respectfully submitted,

Peiyi Li

Peiyi Li

Dated: July 04, 2025

---

Appendix A: Reference Links


[1] https://www.coindesk.com/markets/2025/05/16/ftx-to-pay-over-usd5b-to-creditors-as-bankrupt-exchange-gears-up-for-distribution

[2] https://www.prnewswire.com/news-releases/ftx-recovery-trust-to-distribute-more-than-5-billion-to-creditors-in-second-distribution-on-may-30-2025-302456976.html

[3] https://www.coinspeaker.com/ftx-adds-payoneer-as-payment-method-for-creditors

[4] https://www.nysb.uscourts.gov/content/re-22-10964-mg-celsius-network-llc-21

[5] https://watcher.guru/news/bitcoin-is-now-recognized-as-a-legal-virtual-property-by-shanghai-high-court#google_vignette

[6] https://www.mondaq.com/fin-tech/1577154/shanghai-court-recognises-the-legality-of-crypto-ownership-for-individuals

[7] https://www.coindesk.com/markets/2018/10/26/chinese-court-rules-bitcoin-should-be-protected-as-property

[8] https://news.bitcoin.com/chinese-court-ethereum-legal

[9] https://www.info.gov.hk/gia/general/202210/31/P2022103000454.htm

[10] https://www.reuters.com/technology/crypto-exchange-hashkey-bags-licence-update-serve-retail-users-2023-08-03

[11] https://cointelegraph.com/news/hong-kong-welcomes-first-licensed-retail-crypto-exchange-hashkey

[12] https://www.engage.hoganlovells.com/knowledgeservices/news/hong-kong-government-policy-announcement-on-virtual-asset-exchanges-hong-kong-fintech-week-2022

[13] https://www.gov.mo/en/news/74177

[14] https://www.amcm.gov.mo/zh-hant/news-notice/statement/detail/alert-to-risks-of-virtual-commodities-and-tokens/642

[15] https://www.theblock.co/post/303624/mt-gox-creditors-may-have-to-wait-for-up-to-three-months-to-receive-their-bitcoin

[16] https://cointelegraph.com/news/mt-gox-confirm-bitcoin-addresses-repayment

CERTIFICATE OF SERVICE

I, Peiyi Li, hereby certify that on July 5, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com
- Andrew G. Dietderich – dietdericha@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com

RECEIVED
2025 JUL 14 AM 11:02
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 10, 2025

China

Peiyi Li

_______________________

Peiyi Li


运单号 SF 028 503 660 4109
755VM-USA
To Clerk of the
3022522900
U. S. Bankruptcy Court, 8
24 N Market St, 3rd Floor
Wilmington Delaware(198
01)
WU
From LiPeiYi 15622362223 About 137 meters east of the inte
rsection of Dongshi Road and Nanshan Road in Dongguan City,
Hu'an Garden, Zone C Dongguan Songshan Lake Science And Te
US
文件 Doc
标快+ GE+
已验视 GZJH-2504-X
Hotline 0018559011133 42090413 已验视 NEXT 2 2025-07-10 19:55:57
Payment 付款
寄付现结
ActualWT 实际
ChargeWT 计费
Description
DOC:1;
SF0285036604109
LIPEIYI
15622362223
LIPEIYI
ABOUT 137 METERS EAST OF THE I
518128 DONGGUAN CITY GUANG
CHINA MAINLAND
1 KG
1 OF 1
SHP#: 144A W7DY WLP
SHP WT: 0.5 KG
DATE: 11 JUL 2025
SHIP TO:
CLERK OF THE COURT
3022522900
CLERK OF THE COURT
MARKET ST, 3RD FLOOR
U. S. BANKRUPTCY COURT, 824 N
WILMINGTON DE 19801
UNITED STATES
DE 197 9-25
UPS SAVER
1P
TRACKING #: 1Z 144 AW7 04 3635 8823
EDI-DOC
BILLING: P/P
DESC: DOC
Trx Ref No.: SF0285036604109
XOL 25.06.27
NV45 28.0A 07/2025*
发票 INVOICE
1/1
母 Main AWB SF 028 503 660 4109
3022522900
urt, 824 N Market St
gton Delaware
intersection of Dongshi
guan City, Hu'an Garden,
e Science And Technology
y Guangdong Province Chi
ed Value:(CNY)
F.O.B C&F
declaration is true and co
are as stated above.
Origin
已验视 GZJH-2504-X
文件封内请勿夹寄现金、危险品及其他任何禁寄物品。
Cash, hazardous articles or other prohibited items are forbidden.
运单区
95338 www.sf-express.com
深圳市宝安区航城街道草围社区深圳机场航站四路1111号顺丰华南转运中心综合楼三层、四层
包装编码
430300100696