ZHANG QINGQING

Xin'an Street, Bao'an District, Shenzhen, Guangdong, China

zhansenking@foxmail.com

July 10, 2025

RECEIVED
2025 JUL 15 P 3:33
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

Re: Objection to the Designation of China as a "Restricted Foreign Jurisdiction"

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

Dear Judge Owens:

I am writing to formally object to the motion filed by the FTX Recovery Trust on July 2, 2025, which seeks to restrict distributions to creditors in 49 jurisdictions, including the People's Republic of China, where I reside or hold citizenship. As a creditor of FTX Trading Ltd., I respectfully request that the Court deny this motion and ensure that all creditors, including those in China, receive fair and equal treatment under the approved reorganization plan.

Background

I am a former customer of FTX, having opened an account and deposited funds prior to the platform's collapse in November 2022. My claim, registered with Kroll Restructuring Administration, over USD 500,000 in assets held on the FTX platform. I have complied with all requirements of the claims process and supported the reorganization plan, expecting to receive distributions as promised. However, the recent motion threatens to exclude me and other Chinese creditors from receiving our rightful compensation due to alleged legal restrictions in China.

Grounds for Objection

I respectfully submit the following reasons why the Court should reject the FTX Recovery Trust's motion:

- Distributions in U.S. Dollars Do Not Violate Chinese Law
  The FTX reorganization plan provides for distributions in U.S. dollars (USD), not cryptocurrencies. According to Chinese law, while cryptocurrency trading has been restricted since 2021, holding digital assets is recognized as a legitimate property right, and Chinese residents are permitted to hold USD offshore. As the claims process involves USD wire transfers, it does not violate China's restrictions on cryptocurrency transactions. Excluding Chinese creditors based on these regulations is therefore unjustified.

- Violation of Equal Treatment of Creditors
  The principle of equal treatment of creditors under U.S. bankruptcy law (11 USC §1123) requires that all creditors in the same class be treated fairly and equitably. The FTX Recovery Trust's motion to exclude creditors from 49 jurisdictions, including China, creates discriminatory treatment based on nationality or residence. This approach contradicts the spirit of the reorganization plan, which was overwhelmingly supported by 94% of Dotcom creditors, including myself, with the expectation of equal treatment.

- FTX's Prior Commitments
  During the early stages of the bankruptcy proceedings, FTX and its restructuring agents assured creditors that all who completed the claims process would receive distributions. I relied on these representations when submitting my claim and supporting the reorganization plan. The sudden decision to exclude Chinese creditors feels like a betrayal of these commitments and undermines trust in the bankruptcy process.

- Practical Hardship
  Chinese creditors, including myself, represent 82% of the value of claims in restricted jurisdictions, totaling approximately USD 380 million. Excluding us from distributions would cause significant financial hardship, especially given the prolonged wait since FTX's collapse in November 2022. The proposed 45-day objection period, requiring complex legal filings and submission to U.S. court jurisdiction, imposes a heavy burden on individual creditors who may lack the resources to navigate this process.

Request for Relief
I respectfully request that the Court deny the FTX Recovery Trust's motion to restrict distributions to creditors in China and other jurisdictions. I further request that the Court ensure all creditors, regardless of their place of residence, receive their distributions in accordance with the approved reorganization plan. If the Court deems it necessary to review compliance with local laws, I urge that such reviews be conducted transparently and with consideration of the unique circumstances of Chinese creditors, including the legality of USD payments and the recognition of digital assets as personal property under Chinese law.

Conclusion
I trust in the Court's commitment to fairness and justice in overseeing the FTX bankruptcy proceedings. I am prepared to provide additional documentation or participate in further proceedings to support my claim. Please contact me at zhansenking@foxmail.com, for any further information.

Thank you for your time and consideration.

Respectfully submitted,
ZHANG QINGQING

FTX Customer Code 323193

*zhang Qingqing*

Dated: July 10, 2025

CERTIFICATE OF SERVICE

I, ZHANG QINGQING, hereby certify that on July 10, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 10, 2025

*Zhang Qingqing*

ZHANG QINGQING

