RECEIVED

2025 JUL 14 AM 11: 03

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------- x
                               :

In re:                              :

                              :     Chapter 11

FTX Trading LTD., *et al.*,         :

                              :

                              :     Case No. 22-11068 (KBO)

              Debtors.         :     (Jointly Administered)

                              :

------------------------------------------------- x

### OBJECTION OF CLAIMANT PING LIU TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

#### PRELIMINARY STATEMENT

I am an individual claim holder and an interested party in connection with the above-captioned bankruptcy. I submit this objection, *pro se*, in opposition to the motion of the FTX Recovery Trust (the "Trust") to Implement Restricted Jurisdiction Procedures (Dkt. No. 31148) (the "Motion").

#### ARGUMENT

#### FTX RECOVERY TRUST'S MOTION SHOULD BE DENIED

This Motion to designate China as a "Restricted Jurisdiction" is unsupported by either fact or law. As outlined below, there is no credible legal basis to conclude that distributions to Chinese creditors would subject the FTX Recovery Trust, or any distribution agent, to regulatory or criminal risk.

### I.     BACKGROUND

On July 2, 2025, the FTX Recovery Trust filed its Motion seeking authority to classify certain jurisdictions as "Restricted" based on alleged legal or regulatory constraints.

Among the countries identified is China, ostensibly due to governmental restrictions on cryptocurrency transactions.

The Motion offers no specific legal citations to Chinese statutes or regulations that would prohibit the distribution of lawful proceeds to Chinese creditors in fiat currency.

## II.    THE MOTION FAILS TO DEMONSTRATE THAT CHINESE LAW PROHIBITS RECEIPT OF DISTRIBUTIONS IN FIAT CURRENCY

The Motion incorrectly implies that China's regulatory posture prohibits any recovery by claimants with Chinese connections.

In fact, China's prohibitions relate to the operation of domestic cryptocurrency exchanges and speculative crypto transactions—not the passive receipt of court-ordered distributions.  There is no Chinese law or regulation prohibiting a Chinese national from receiving U.S. dollar distributions through a court-administered bankruptcy proceeding. The Recovery Trust has presented no admissible evidence, legal memorandum, or expert declaration supporting its position regarding Chinese law.

## III.    FTX CLAIMS ARE USD-DENOMINATED AND PAYABLE VIA LAWFUL CHANNELS

FTX claims are denominated and settled in U.S. Dollars. While these claims originate from crypto investments, the Debtors' Plan explicitly adopts a USD-denominated valuation and distribution framework. The proposed distributions are fiat-based and do not require engagement with virtual assets, rendering them functionally indistinguishable from traditional monetary claims. *See* https://www.coindesk.com/markets/2025/05/16/ftx-to-pay-over-usd5b-to-creditors-as-bankrupt-exchange-gears-up-for-distribution.

USD wire transfers are lawful and standard payment mechanisms. The FTX Recovery Trust has announced partnerships with global payment platforms (e.g., Payoneer, BitGo) and distribution agents (e.g., Kraken) to facilitate fiat disbursements. Chinese residents can lawfully receive USD wires via Hong Kong-based accounts, which is outside the scope of capital control violations. *See* https://www.coinspeaker.com/ftx-adds-payoneer-as-payment-method-for-creditors/; https://www.prnewswire.com/news-releases/ftx-recovery-trust-to-distribute-more-than-5-billion-to-creditors-in-second-distribution-on-may-30-2025-302456976.html.[1]

USD settlement mechanisms exist for Chinese creditors. Even if crypto-based payouts are avoided, there are sufficient and lawful channels for distributing USD. It is my understanding that the bankruptcy court in the *Celsius Network LLC* case successfully disbursed USD to various international creditors, including Chinese creditors, via standard international wire transfers, confirming the existence of practical and compliant financial infrastructure. *See*

https://www.nysb.uscourts.gov/sites/default/files/opinions/312902_7726_opinion.pdf.

Accordingly, given that the FTX bankruptcy estate values and settles creditor claims in U.S. Dollars, this case is fundamentally no different from other bankruptcy proceedings when it comes to distribution. The U.S. Dollar is a global reserve currency and can be lawfully transmitted to Chinese creditors through established channels. Equal

---

[1]    As a Special Administrative Region (SAR) of the People's Republic of China, Hong Kong operates under the 'one country, two systems' framework, which allows it to establish its own financial and regulatory policies. However, it remains an integral part of China. Not only does Hong Kong allow individuals and institutions to hold and trade virtual assets, but it has also proactively embraced digital assets with a comprehensive licensing regime. Its progressive and well-defined regulatory framework aims to attract global digital asset firms and provide robust investor protection mechanisms.

access to USD compensation is essential to preserving fairness and equity in the

bankruptcy process. The FTX Recovery Trust's attempt to withhold distributions from

Chinese creditors based on jurisdictional interpretations of crypto regulation is both

unreasonable and legally unfounded. Chinese creditors are entitled to equal treatment in

USD distributions just like creditors in other jurisdictions. Any attempt to block such

distributions based on speculative regulatory interpretations is not only unjust but also

lacks a legal basis.

### IV.    CRYPTO-BASED DISTRIBUTIONS ARE LEGALLY PERMISSIBLE IN CHINA

Chinese courts have consistently held that cryptocurrencies such as Bitcoin and

Ethereum constitute personal property under the People's Republic of China Civil Code.

These rulings confirm that individual ownership is lawful. *See, e.g.,*

https://www.mondaq.com/fin-tech/1577154/shanghai-court-recognises-the-legality-of-

crypto-ownership-for-individuals.

### V.    BLANKET DESIGNATION OF CHINA AS A "RESTRICTED JURISDICTION" VIOLATES DUE PROCESS AND PRINCIPLES OF EQUAL TREATMENT

Section 1123(a)(4) of the Bankruptcy Code requires that similarly situated

creditors receive equal treatment.

The Motion proposes discriminatory procedures based on national origin or

domicile, without individualized legal analysis or factual record. The procedures would

arbitrarily punish creditors based solely on their geographical location.

It also raises serious concerns regarding the deprivation of property without due

process and contravenes fundamental human rights principles. Indeed, the proposed

procedures could result in arbitrary forfeiture or dilution of valid claims.

4

The FTX Recovery Trust assumes all Chinese claimants are physically located in China; will receive funds through Chinese institutions, and will violate PRC law by accepting fiat funds. The trust's view ignores: Chinese nationals living abroad, multinational banking arrangements (e.g., Singapore-based accounts), and the possibility of legal, compliant methods of distribution. In addition, there are less restrictive alternatives, including allowing claimants to identify legal recipients (if necessary).

Allowing blanket exclusion based on perceived foreign legal barriers would undermine creditor confidence in U.S. bankruptcy courts, encourage geopolitical and discriminatory exclusions, and risk reciprocity in foreign courts that may later discriminate against U.S. creditors. It also opens the door to inefficient, prolonged litigation over which jurisdictions qualify, further complicating an already global creditor base.

Furthermore, Chinese creditors have engaged in the claims process in good faith, supported the reorganization plan, and fulfilled all requirements. Now, to be excluded at the final stage due to speculative risk assessments would be contrary to fundamental principles of justice and equity.

## CONCLUSION

For the foregoing reasons, I, Ping Liu, respectfully request that the Court deny the Motion to the extent it designates China as a "Restricted Jurisdiction"; require evidentiary support for any designation of jurisdictional restriction; protect creditor rights by

ensuring compliance with the Bankruptcy Code and Due Process; and grant such other

and further relief as the Court deems just and proper.[2]

Dated: July 11, 2025

Respectfully submitted,

Ping Liu            *Liu ping*

---

[2]        I, Ping Liu, reserve all rights in connection with this Objection. Nothing
in this Objection shall be deemed to constitute an admission of any fact or liability, or a
waiver of any rights, claims, defenses, or remedies that I may have under applicable law,
all of which are expressly reserved. This Objection is filed without prejudice to any
further objections or filings and shall not be construed as a submission to the jurisdiction
of the Court beyond what is necessary to protect my interests in this matter. I reserve the
right to supplement, amend, or modify this Objection at any time, including in response
to any subsequent filings or arguments made by the FTX Recovery Trust or other parties
in interest.

**CERTIFICATE OF SERVICE**

I, Ping Liu, hereby certify that on July 11, 2025, I caused a copy of the foregoing
Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction
Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP
-James L. Bromley- bromleyj@sullcrom.com
-Alexa J. Kranzley- kranzleya@sullcrom.com
-Andrew G. Dietderich- dietdericha@sullcrom.com
- Brian D. Glueckstein- gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP
-Adam G. Landis -landis@lrclaw.com
- Kimberly A. Brown- brown@lrclaw.com
- Matthew R. Pierce- pierce@lrclaw.com

U.S. Trustee Office
-Juliet M. Sarkessian - juliet.m.sarkessian@usdoj.gov
-Benjamin A. Hackman - benjamin.a.hackman@usdoj.gov
-David Gerardi - david.gerardi@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct.

Ping Liu          *Liuping*

Dated: July 11, 2025

7

Ping Liu
18349947610@163.com

RECEIVED

2025 JUL 14  AM 11: 03

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

July 11, 2025

Clerk of the Court
United States Bankruptcy Court
District of Delaware
824 Market Street North, 3rd Floor
Wilmington, DE 19801
United States of America

**Re: In re FTX Trading Ltd., et al., Case No. 22-11068 (KBO)**

Dear Clerk of the Court,

Please find enclosed for filing in the above-referenced case the following documents submitted by claim holder Ping Liu, appearing *pro se*:

Objection of Claimant Ping Liu to Motion of FTX Recovery Trust to Implement Restricted Jurisdiction Procedures (Dkt. No. 31148).

Kindly file these documents on the docket.

Should you have any questions or require further information, please do not hesitate to contact me at 18349947610@163.com.

.

Respectfully submitted,

Ping Liu        *Lia ping*

Ping Liu
Room 429, Building 10, District 6
Shangdi Dongli, Haidian District
Beijing, China

Clerk of the Court
United States Bankruptcy Court
District of Delaware
824 Market Street North, 3rd Floor
Wilmington, DE 19801
United States of America

Extremely Urgent

Visit UPS.com

**Apply shipping documents on this side.**

Scan QR code to
schedule a pickup



Window Envelope

Use this envelop
or inkjet printer.

**Domestic Shipments**
- To qualify for the letter rate, UPS Express
  correspondence, urgent documents, and
  8 oz. or less. UPS Express envelopes conti
  or weighing more than 8oz. will be billed

**International Shipments**
- The UPS Express envelope may be used o
  value. Certain countries consider electroni
  ups.com/import export to verify if your shi

**Note:** UPS express envelopes are not recom
electronic media containing sensitive person-
Do not send cash or cash equivalent.

- To qualify for the letter rate, the UPS Expres
  UPS express envelopes weighing more tha

This envelope is for use with the following services:

**0.5 LBS LTR**
SHP WT: LTR
DATE: 11 JUL 2025



STEPHEN ARENA
(917) 902-5996
149 RAMONA CT
NEW ROCHELLE NY 10804

SHIP    CLERK OF THE COURT
TO:     UNITED STATES BANKRUPTCY COURT
        3RD FLOOR
        824 N MARKET ST

WILMINGTON  DE 19801-3024

**DE 197 9-25**

**UPS NEXT DAY AIR**          **1**

TRACKING #: 1Z H91 770 01 1725 3769

BILLING: P/P
**UPS CARBON NEUTRAL SHIPMENT**



MM7HSQYYPDFG0 ISH 13.00C ZZD230 EP 25.5V 06/2025

SEE NOTICE ON REVERSE regarding UPS terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and
customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration
Regulations. Diversion contrary to law is prohibited.                                      SSD RF2 0625

UPS Next Day A
UPS Worldwide
UPS 2nd Day Air
UPS Worldwide

e for:

UP
UP
UF
UF

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established
by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on
the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported
from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

**Serving you for more than 110 years**
**United Parcel Service.®**

For information about UPS's privacy practices or to op
personal information, please see the UPS Privacy No
01015S103   5/21   PAC

UNITED STATES BANKRUPTCY COURT
**824 N MARKET ST**
FL 3
WILMINGTON DE 19801

P: **ORANGE** S: **LEFT**