RECEIVED
2025 JUL 14 AM 9:48
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In The United States Bankruptcy Court
District of Delaware

In re:

FTX TRADING LTD., et al.,

Debtors.

Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)

## OBJECTION TO THE MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER IN SUPPORT OF THE CONFIRMED PLAN AUTHORIZING THE FTX RECOVERY TRUST TO IMPLEMENT THE RESTRICTED JURISDICTION PROCEDURES IN POTENTIALLY RESTRICTED FOREIGN JURISDICTIONS
Case No. 22-11068 (KBO) Doc 31148

**July 5, 2025**

**Honorable Judge Owens:**

My name is YE Shenghong (FTX user ID: 111120556). As a Chinese victim of the FTX collapse, I respectfully submit this objection to the Motion seeking authorization for the FTX Recovery Trust to implement Restricted Jurisdiction Procedures, which would unjustly exclude Chinese creditors like myself from asset recovery. I urge the Court to deny this Motion for the following reasons:

## 1. Legal Recognition of Cryptocurrency Ownership in China

Contrary to the Motion's assertions, Chinese law explicitly protects individual ownership of cryptocurrencies. The Beijing No. 1 Intermediate People's Court's ruling in *Case (2018) Jing 01 Min Zhong 9579* established that "virtual commodities like Bitcoin may be legally held by any person." This precedent confirms there is no

legal barrier to returning assets to Chinese creditors. The proposed Restricted Jurisdiction Procedures would therefore create an unnecessary and discriminatory hurdle.

## 2. Humanitarian Necessity

At 45 years old, I suffer from Type 2 diabetes and support two dependent daughters. In China's highly competitive job market, age discrimination makes reemployment nearly impossible for professionals over 40. The funds frozen in FTX represent not only my life savings but also critical resources for medical expenses and my family's survival. Denying Chinese creditors equal access to recoveries would inflict disproportionate harm on vulnerable individuals like myself.

## 3. Precedents for Cross-Border Asset Returns

Recent international cryptocurrency bankruptcies demonstrate viable pathways for returning assets to Chinese creditors:

- **Mt. Gox Compensation (2024):** The trustee distributed 59,000 Bitcoins globally through platforms like Kraken, including to Chinese creditors. Kraken's multinational infrastructure successfully facilitated claims for users in restricted jurisdictions.
- **Celsius Bankruptcy (Case 22-10964, 2024):** Over $2.53 billion was returned to creditors across 165 countries, including China, via PayPal, Coinbase, and wire transfers. The Celsius administrator's reports confirm that cross-border payments were executed without legal conflict.

These cases prove that pragmatic solutions—such as cryptocurrency distributions or third-party fiat transfers—can ensure fair treatment for all creditors, regardless of jurisdiction.

## 4. Discriminatory Impact of the Proposed Motion

Approving the motion would result in unjustified discriminatory treatment toward Chinese creditors, violating the fundamental principle of equitable distribution under the U.S. Bankruptcy Code.

Specifically, 11 U.S.C. § 1123(a)(4) mandates that creditors within the same class receive similar treatment, yet the proposed motion fails to provide adequate legal justification for such disparate treatment. This undermines the fairness and integrity of the bankruptcy process.

WHEREFORE, I respectfully request that this Court grant the following relief:

(a) Deny the Motion to Implement the Proposed Restricted Jurisdiction Procedures, as such procedures improperly delegate the critical determination of debt repayment to an attorney retained by the debtors, thereby undermining the rights of creditors; and

(b) Order the FTX Recovery Trust to provide equitable payment options, including permitting international wire transfers to bank accounts designated by creditors in China, to ensure fair and nondiscriminatory treatment for all creditors.

Should the Court require further clarification, I may be reached at greatysh@gmail.com.

**Respectfully submitted,**

YE shenghong

Claim ID: [04929531]

CERTIFICATE OF SERVICE

I, Ye Shenghong, hereby certify that on July 5, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

Office of the United States Trustee – Region 3 Attn: Juliet M. Sarkessian, Benjamin A. Hackman, David Gerardi Email: juliet.m.sarkessian@usdoj.gov, benjamin.a.hackman@usdoj.gov, david.gerardi@usdoj.gov

FTX Recovery Trust (Claims Agent) Email: ftxinfo@ra.kroll.com
I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 5, 2025

China

YE Shenghong

RECEIVED 2025 JUL 14 AM 9:48 CLERK US BANKRUPTCY COURT DISTRICT OF DELAWARE



FROM:
YE SHENGHONG
3351 MONROE ST APT 5
SANTA CLARA CA 95051-1443

TO:
UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE
CLERK OF THE COURT
824 N MARKET ST
WILMINGTON DE 19801-3024

USPS TRACKING #: 9405 5301 0935 5178 1496 69