LIANFU XIE

Room 302, No. 35, Lane 1507, Longming Road, Minhang District, Shanghai

michael@favalue.com

July 08, 2025

Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

Re: Objection to the Designation of China as a "Restricted Foreign Jurisdiction"

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

Dear Judge Owens:

OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: LIANFU XIE, Tax Resident of China

---

Preliminary Statement

I hold one KYC-verified FTX accounts with aggregate claims exceeding 254801.71 USD. My claim numbers is 762495. I have fully complied with every procedural requirement under the Plan. The proposed motion now jeopardizes my right to distribution in an arbitrary and inequitable manner.

This motion to designate China as a "Restricted Jurisdiction" is unsupported by either fact or law. As outlined below, there is no credible legal basis to conclude that distributions to Chinese creditors would subject the Trust, or any distribution agent, to regulatory or criminal risk.

---

I. FTX Claims Are USD-Denominated and Payable via Lawful Channels

1. FTX claims are denominated and settled in U.S. Dollars. While these claims originate from crypto investments, the Debtors' Plan explicitly adopts a USD-denominated valuation and distribution framework. The proposed distributions are fiat-based and do not require engagement with virtual assets, rendering them functionally indistinguishable from traditional monetary claims.[1]

2. USD wire transfers are lawful and standard payment mechanisms. FTX Recovery Trust has announced partnerships with global payment platforms (e.g., Payoneer, BitGo) and distribution agents (e.g., Kraken) to facilitate fiat disbursements. Chinese residents can lawfully receive USD wires via Hong Kong-based accounts, which is outside the scope of capital control violations.[2][3]

3. USD settlement mechanisms exist for Chinese creditors. Even if crypto-based payouts are avoided, there are sufficient and lawful channels for distributing USD. In the Celsius Network LLC case, the bankruptcy court successfully disbursed USD to Chinese creditors via standard international wire transfers, confirming the existence of practical and compliant financial infrastructure.[4]

4. Conclusion to Section I. Given that the FTX bankruptcy estate values and settles creditor claims in U.S. Dollars, this case is fundamentally no different from other bankruptcy proceedings when it comes to distribution. The U.S. Dollar is a global reserve currency and can be lawfully transmitted to Chinese creditors through established channels. Equal access to USD compensation is essential to preserving fairness and equity in the bankruptcy process. The FTX Recovery Trust's attempt to withhold distributions from Chinese creditors based on jurisdictional interpretations of crypto regulation is both unreasonable and legally unfounded. Chinese creditors are entitled to equal treatment in USD distributions just like creditors in other jurisdictions. Any attempt

to block such distributions based on speculative regulatory interpretations is not only unjust but lacks legal basis.

---

II. Even Crypto-Based Distributions Are Legally Permissible in China

1. China Recognizes Virtual Assets as Legal Property.

Chinese courts have consistently held that cryptocurrencies such as Bitcoin and Ethereum constitute personal property under the Civil Code. These rulings confirm that individual ownership is lawful.[5][6][7][8]

2. Hong Kong Supports Crypto Regulation and Retail Participation.

As a Special Administrative Region (SAR) of the People's Republic of China, Hong Kong operates under the 'one country, two systems' framework, which allows it to establish its own financial and regulatory policies. However, it remains an integral part of China. Not only does Hong Kong allow individuals and institutions to hold and trade virtual assets, but it has also proactively embraced digital assets with a comprehensive licensing regime. Its progressive and well-defined regulatory framework aims to attract global digital asset firms and provide robust investor protection mechanisms.[9][10][11][12]

3. Mischaracterization of Macau Policy.

The Trust references Macau's 2017 ICO-related warning, but this merely restricts financial institutions from participating in token issuances. It does not prohibit personal ownership or receipt of crypto assets.[13][14]

4. International Precedents Support Distributions to Chinese Creditors.

In Celsius Network LLC (Case No. 22-10964, S.D.N.Y.), the court approved USD distributions to Chinese claimants via wire. In the Mt. Gox rehabilitation, Chinese creditors lawfully received crypto (BTC, BCH) through Kraken. No jurisdictional restrictions were imposed in either case.[15][16]

---

Conclusion

In conclusion, distributing claims to Chinese creditors poses no legal risk to the Trustee or its agents and constitutes a required step under the bankruptcy process. The motion to classify China as a "Restricted Jurisdiction" lacks factual foundation and misapplies legal principles. I respectfully urge the Court to reject any designation that would exclude Chinese creditors from distributions under the Plan.

Respectfully submitted,

LIANFU XIE

*Lianfu Xie*

Dated: July 08, 2025

---

Appendix A: Reference Links

[1] https://www.coindesk.com/markets/2025/05/16/ftx-to-pay-over-usd5b-to-creditors-as-bankrupt-exchange-gears-up-for-distribution

[2] https://www.prnewswire.com/news-releases/ftx-recovery-trust-to-distribute-more-than-5-billion-to-creditors-in-second-distribution-on-may-30-2025-302456976.html

[3] https://www.coinspeaker.com/ftx-adds-payoneer-as-payment-method-for-creditors

[4] https://www.nysb.uscourts.gov/content/re-22-10964-mg-celsius-network-llc-21

[5] https://watcher.guru/news/bitcoin-is-now-recognized-as-a-legal-virtual-property-by-shanghai-high-court#google_vignette

[6] https://www.mondaq.com/fin-tech/1577154/shanghai-court-recognises-the-legality-of-crypto-ownership-for-individuals

[7] https://www.coindesk.com/markets/2018/10/26/chinese-court-rules-bitcoin-should-be-protected-as-property

[8] https://news.bitcoin.com/chinese-court-ethereum-legal

[9] https://www.info.gov.hk/gia/general/202210/31/P2022103000454.htm

[10] https://www.reuters.com/technology/crypto-exchange-hashkey-bags-licence-update-serve-retail-users-2023-08-03

[11] https://cointelegraph.com/news/hong-kong-welcomes-first-licensed-retail-crypto-exchange-hashkey

[12] https://www.engage.hoganlovells.com/knowledgeservices/news/hong-kong-government-policy-announcement-on-virtual-asset-exchanges-hong-kong-fintech-week-2022

[13] https://www.gov.mo/en/news/74177

[14] https://www.amcm.gov.mo/zh-hant/news-notice/statement/detail/alert-to-risks-of-virtual-commodities-and-tokens/642

[15] https://www.theblock.co/post/303624/mt-gox-creditors-may-have-to-wait-for-up-to-three-months-to-receive-their-bitcoin

[16] https://cointelegraph.com/news/mt-gox-confirm-bitcoin-addresses-repayment

CERTIFICATE OF SERVICE

I, LIANFU XIE, hereby certify that on July 9, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 8, 2025

CHINA

_Lianfu Xie_

[LIANFU XIE]






SF EXPRESS  1 KG  1 OF 1
XIELIANFU
NO. 35, LANE 1597, LONGMING RO
201208 SHANGHAI SHANG
CHINA MAINLAND
SHP#: 4W26 0E8D MDX
SHP WT: 0.5 KG
DATE: 10 JUL 2025

SHIP TO:
CLERK OF THE COURT
3022522900
U.S. BANKRUPTCY COURT
ST 3RD FLOOR, WILMINGTON, DELAWARE
U.S. BANKRUPTCY COURT, 824 N MARKET
**WILMINGTON DE 19801**
**UNITED STATES**

DE 197 9-25

UPS SAVER  1P
TRACKING #: 1Z 4W2 60E 04 1503 6298

BILLING: P/P
DESC: commercial paper
EDI-DOC

Trx Ref No.: SF0284989213862

PE-LD