**To:** The United States Bankruptcy Court / Relevant Authorities
**From:** Honghong Liu, FTX Creditor (Residing in USA)
**Subject:** Objection to Motion Seeking to Exclude Certain Creditors Based on Local Legal Risk Assessments
**Date:** 07/12/2025

Honorable Judge Karen B. Owens,

I am a creditor of FTX, a Chinese but residing in USA, and I write to express my **strong opposition** to the recent motion filed by the FTX Recovery Trust (Case NO. 22-11068(KBO)), which seeks authority to exclude certain creditors from receiving distributions based solely on legal risk assessments conducted by FTX's appointed local counsel.

**Summary of the Motion**
According to the motion:

- If a legal opinion commissioned by FTX's local counsel indicates any potential legal risk in disbursing funds to creditors in a particular country (e.g., China), FTX may unilaterally cancel such distributions;

- The affected funds would be absorbed back into the bankruptcy estate, depriving those creditors of any recovery.

This proposal is procedurally and substantively unjust. I respectfully urge the Court to reject or substantially amend the motion for the following reasons:

**1. Unilateral Power Without Creditor Oversight**

The motion grants FTX and its privately selected legal counsel broad, unchecked discretion to exclude creditors without their involvement or consent. This outsourcing of critical decisions to self-interested parties lacks transparency and violates basic principles of due process and fairness that should govern any bankruptcy proceeding.

**2. FTX Calculated Claims in U.S. Dollars—It Must Pay in U.S. Dollars**

All creditor claims were calculated in U.S. dollars. FTX must fulfill its obligation to distribute U.S. dollars to all creditors, regardless of their country of residence. This:

- Upholds the original terms of deposit;
- Prevents unjust discrimination based on jurisdiction;

- Eliminates confusion over local conversions or compliance burdens.

Compliance with local banking or currency controls is my responsibility—not FTX's. Administrative concerns do not justify denial of rightful distributions.

### 3. My Case: I Am Chinese, a U.S. Permanent Resident, and My Funds Came from a U.S. Credit Source

I am a Chinese citizen and also a **lawful permanent resident of the United States**. The funds I deposited into FTX did **not** originate in China. They came directly from a **credit line secured by my condominium in the United States**.

These funds were:

- Fully legal and traceable;
- Originating from within the U.S. financial system;
- Not subject to any foreign currency controls or regulatory issues.

I complied fully with both U.S. and Chinese laws. To deny my recovery based on where I currently born—not where the money originated or where I hold permanent legal status—would unjustly punish lawful behavior and undermine confidence in the fairness of this process.

### 4. The "Legal Risk" Claim Is Vague and Unsubstantiated

To date, FTX has not provided any **specific legal provision** in Chinese law that prohibits USD remittances to individuals. In fact:

- Chinese law does not bar the receipt of legitimate overseas remittances;
- Any required foreign exchange filings can be handled by recipients;
- Legal risks must be concrete and evidence-based—not speculative.

FTX's vague reliance on undefined "legal risks" does not meet the standard of justification necessary to withhold creditor property.

### 5. I Deserve Interest on Delayed Distributions

FTX has held my assets for nearly two years. During this time, I have suffered:

- Loss of opportunity and capital utility;

- Erosion of value due to inflation;
- Financial and emotional stress due to prolonged uncertainty.

I request that the Court direct FTX to pay **reasonable interest** on all approved claims, from the date of bankruptcy filing to the date of distribution. This is consistent with standard equitable treatment in bankruptcy law.

### 6. Unjust and Irreversible Harm to Creditors

If the motion is approved in its current form:

- Creditors in China and other countries may be **permanently excluded** from recovery;
- Their funds would be confiscated and reabsorbed into the estate;
- This constitutes a deprivation of property **without due process or compensation.**

Such an outcome is fundamentally at odds with the core principles of U.S. bankruptcy law.

### 7. My Formal Requests to the Court

In light of the above, I respectfully urge the Court to:

- **Reject or significantly amend** the proposed motion to ensure equal treatment of international creditors;
- **Require all distributions to be made in U.S. dollars,** as originally calculated;
- **Prohibit exclusion of creditors** based on hypothetical legal risks not grounded in documented, enforceable law;
- **Ensure transparency** by allowing creditor input into any process that could affect my eligibility;
- **Mandate interest payments** for delayed access to funds.

### Conclusion

The bankruptcy process must uphold fairness, transparency, and the rule of law. I acted in good faith, complied with all relevant laws, and entrusted FTX with lawfully obtained U.S.

dollars. I should not be penalized based on speculative legal barriers or administrative concerns.

I respectfully request that the Court protect my rights and help restore confidence in the legal integrity of this process.

Sincerely,
**Honghong Liu**   *Honghong Liu*
FTX Creditor
liuhonghong82@126.com / Scheduled ID 221106806423944
07/12/2025

