UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| FTX TRADING LTD., et al., | : Case No. 22-11068 (KBO) |
| | : |
| Debtors. | : (Jointly Administered) |

_____ :

OBJECTION OF CREDITOR HUIMIN ZHONG (UNIQUE CUSTOMER CODE: 5994556) TO DEBTORS' MOTION TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

_____

Respectfully submitted for the Court's consideration.

I am a Chinese creditor in the FTX bankruptcy case. I would like to express my strongest opposition to the recent motion filed by FTX Recovery Trust...

Dear Judge Owens:

OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: Huimin Zhong, a creditor from China

Unique Customer Code: 5994556

Respectfully submitted for your consideration.

I am a Chinese creditor in the FTX bankruptcy case. I would like to express my strongest opposition to the recent motion filed by FTX Recovery Trust in the United States Bankruptcy Court to refuse to pay compensation to creditors from certain countries, including China, on the grounds of "regulatory risk".

The Motion has serious legal, factual, and procedural problems and, if adopted, will not only cause irreparable property damage to creditors such as ourselves, but also seriously violates the basic principle of "equal treatment of creditors" under the Bankruptcy Code. The Motion gives FTX Recovery Trust and its retained attorneys almost complete discretion, while the creditors themselves are excluded from the judgment process. This means that our right to payment will be outsourced to a piece of "legal advice" that lacks not only transparency, but also an appeal mechanism, which is a serious violation of procedural justice. We have fully complied with all procedural requirements set forth in the Plan. The motion now being filed undermines our right of allocation in an arbitrary and unfair manner.

This motion to Designate China as a "Restricted Jurisdiction" is unsupported by either fact or law. As outlined below, there is no credible legal basis to conclude that distributions to Chinese creditors would subject the Trust, or any distribution agent, to regulatory or criminal risk.

---

I. FTX Claims Are USD-Denominated and Payable via Lawful Channels

1. FTX claims are denominated and settled in U.S. Dollars. While these claims originate from crypto investments, the Debtors' Plan explicitly adopts a USD-denominated valuation and

distribution framework. The proposed distributions are fiat-based and do not require engagement with virtual assets, rendering them functionally indistinguishable from traditional monetary claims.[1]

According to current Chinese law:

China does not prohibit individuals from holding US dollars or virtual assets. The Civil Code and courts at all levels have repeatedly recognized cryptocurrencies such as Bitcoin and Ether as legitimate private property.

2. USD wire transfers are lawful and standard payment mechanisms. FTX Recovery Trust has announced partnerships with global payment platforms (e.g., Payoneer, BitGo) and distribution agents (e.g., Kraken) to facilitate fiat disbursements. Chinese residents can lawfully receive USD wires via Hong Kong-based accounts, which is outside the scope of capital control violations.[2][3].

Many Chinese residents have long legally held and used Hong Kong bank accounts to receive foreign exchange for investment, trading or family reasons. Chinese creditors have realistic access to receive U.S. dollar payouts, and there are no regulations in China prohibiting the receipt of U.S. dollar payouts, nor is there any evidence that such payouts pose a criminal or compliance risk to the trust or its agents.

3. USD settlement mechanisms exist for Chinese creditors. Even if crypto-based payouts are avoided, there are sufficient and lawful channels for distributing USD. In the Celsius Network LLC case, the bankruptcy court successfully disbursed USD to Chinese creditors via standard international wire transfers, confirming the existence of practical and compliant financial infrastructure.[4]

4. Conclusion to Section I. Given that the FTX bankruptcy estate values and settles creditor claims in U.S. Dollars, this case is fundamentally no different from other bankruptcy proceedings when it comes to distribution. The U.S. Dollar is a global reserve currency and can be lawfully transmitted to Chinese creditors through established channels. Equal access to USD compensation is essential to preserving fairness and equity in the bankruptcy process. The FTX Recovery Trust's attempt to withhold distributions from Chinese creditors based on jurisdictional interpretations of crypto regulation is both unreasonable and legally unfounded. Chinese creditors are entitled to equal treatment in USD distributions just like creditors in

other jurisdictions. Any attempt to block such distributions based on speculative regulatory interpretations is not only unjust but lacks legal basis.

---

II. Even Crypto-Based Distributions Are Legally Permissible in China

1. China Recognizes Virtual Assets as Legal Property.

Chinese courts have consistently held that cryptocurrencies such as Bitcoin and Ethereum constitute personal property under the Civil Code. These rulings confirm that individual ownership is lawful.[5][6][7][8]

2. Hong Kong Supports Crypto Regulation and Retail Participation.

As a Special Administrative Region (SAR) of the People's Republic of China, Hong Kong operates under the 'one country, two systems' framework, which allows it to establish its own financial and regulatory policies. However, it remains an integral part of China. Not only does Hong Kong allow individuals and institutions to hold and trade virtual assets, but it has also proactively embraced digital assets with a comprehensive licensing regime. Its progressive and well-defined regulatory framework aims to attract global digital asset firms and provide robust investor protection mechanisms.[9][10][11][12]

3. Mischaracterization of Macau Policy.

The Trust references Macau's 2017 ICO-related warning, but this merely restricts financial institutions from participating in token issuances. It does not prohibit personal ownership or receipt of crypto assets.[13][14]

4. International Precedents Support Distributions to Chinese Creditors.

In Celsius Network LLC (Case No. 22-10964, S.D.N.Y.), the court approved USD distributions to Chinese claimants via wire. In the Mt. Gox rehabilitation, Chinese creditors lawfully received crypto (BTC, BCH) through Kraken. No jurisdictional restrictions were imposed in either case.[15][16]

---

Conclusion

In conclusion, distributing claims to Chinese creditors poses no legal risk to the Trustee or its agents and constitutes a required step under the bankruptcy process. The motion to classify China as a "Restricted Jurisdiction" lacks factual foundation and misapplies legal principles. I respectfully urge the Court to reject any designation that would exclude Chinese creditors from distributions under the Plan.

Respectfully submitted,

/s/ Huimin Zhong

钟惠敏 (Huimin Zhong)



Dated: July _09_, 2025

---

Appendix A: Reference Links

[1] https://www.coindesk.com/markets/2025/05/16/ftx-to-pay-over-usd5b-to-creditors-as-bankrupt-exchange-gears-up-for-distribution

[2] https://www.prnewswire.com/news-releases/ftx-recovery-trust-to-distribute-more-than-5-billion-to-creditors-in-second-distribution-on-may-30-2025-302456976.html

[3] https://www.coinspeaker.com/ftx-adds-payoneer-as-payment-method-for-creditors

[4] https://www.nysb.uscourts.gov/content/re-22-10964-mg-celsius-network-llc-21

[5] https://watcher.guru/news/bitcoin-is-now-recognized-as-a-legal-virtual-property-by-shanghai-high-court#google_vignette

[6] https://www.mondaq.com/fin-tech/1577154/shanghai-court-recognises-the-legality-of-crypto-ownership-for-individuals

[7] https://www.coindesk.com/markets/2018/10/26/chinese-court-rules-bitcoin-should-be-protected-as-property

[8] https://news.bitcoin.com/chinese-court-ethereum-legal

[9] https://www.info.gov.hk/gia/general/202210/31/P2022103000454.htm

[10] https://www.reuters.com/technology/crypto-exchange-hashkey-bags-licence-update-serve-retail-users-2023-08-03

[11] https://cointelegraph.com/news/hong-kong-welcomes-first-licensed-retail-crypto-exchange-hashkey

[12] https://www.engage.hoganlovells.com/knowledgeservices/news/hong-kong-government-policy-announcement-on-virtual-asset-exchanges-hong-kong-fintech-week-2022

[13] https://www.gov.mo/en/news/74177

[14] https://www.amcm.gov.mo/zh-hant/news-notice/statement/detail/alert-to-risks-of-virtual-commodities-and-tokens/642

[15] https://www.theblock.co/post/303624/mt-gox-creditors-may-have-to-wait-for-up-to-three-months-to-receive-their-bitcoin

[16] https://cointelegraph.com/news/mt-gox-confirm-bitcoin-addresses-repayment

CERTIFICATE OF SERVICE

I, Huimin Zhong, hereby certify that on July _09_, 2025, I caused a true and correct copy of the foregoing OBJECTION to be served upon the following parties via the methods indicated below:

**SERVED VIA U.S. MAIL (CERTIFIED MAIL, RETURN RECEIPT REQUESTED):**

Attn:Clerk of the Court

United States Bankruptcy Court for the District of Delaware

824 N. Market Street, 3rd Floor

Wilmington, DE 19801

**SERVED VIA ELECTRONIC MAIL:**

Counsel for the Debtors (FTX):

Sullivan & Cromwell LLP

Attn: James L. Bromley / Alexa J. Kranzley / Andrew G. Dietderich / Brian D. Glueckstein

Email:

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

Attn: Adam G. Landis  / Kimberly A. Brown  /Matthew R. Pierce

Email:

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

Office of the United States Trustee:

U.S. Department of Justice

Attn: Juliet M. Sarkessian / Benjamin A. Hackman / David Gerardi

Email:

juliet.m.sarkessian@usdoj.gov

benjamin.a.hackman@usdoj.gov

david.gerardi@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July _09_, 2025

Respectfully submitted,

/s/ Huimin Zhong

钟惠敏 (Huimin Zhong)

0x8794@gmail.com

(0086) 15812434194

FROM: Huimin Zhong
2299 Piedmont Ave,
Room 767, Berkeley
CA 94720

TO:
United States Bankruptcy Court
Clerk of the Court
824 N. Market Street, 3rd floor
Wilmington, DE 19801
USA




