Yongjun Wen

1388 Northmount Drive NW Calgary, AB  T2L0G2

yongjun.wen@outlook.com

July 06, 2025

RECEIVED

2025 JUL 15 P 12:00

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

Re: Objection to the Designation of China as a "Restricted Foreign Jurisdiction"

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

Dear Judge Owens:

OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: Yongjun Wen, Tax Resident of Canada, and One of Chinese FTX Creditors

---

Preliminary Statement

I am a creditor of FTX with a verified KYC account, FTX account id is 30396634 and claim id is 64938. My approved claim exceeds USD 167,000. I have fully complied with all procedural requirements under the Confirmed Plan. However, the current motion filed by the FTX Recovery Trust seeks to arbitrarily and unfairly deny creditors like myself our rightful distributions.

I am a Chinese national and a Canadian permanent resident, currently residing in Canada and sometimes in Hongkong. My recently submitted KYC information reflects my Hong Kong address. I have full legal capacity to receive claim distributions through legitimate financial channels in Canada or Hong Kong. There are no legal barriers preventing me from receiving such funds.

If the Trust or its legal counsel intends to deny payment solely based on nationality — without considering a creditor's current residency or ability to receive funds — such a move amounts to collective punishment, nationality-based discrimination, and racial bias, which I strongly oppose.

The motion to designate China as a "restricted jurisdiction" lacks both factual basis and legal justification. My objection is supported by the following arguments:

---

I. FTX Claims Are USD-Denominated and Payable via Lawful Channels

1. FTX claims are denominated and settled in U.S. Dollars. While these claims originate from crypto investments, the Debtors' Plan explicitly adopts a USD-denominated valuation and distribution framework. The proposed distributions are fiat-based and do not require engagement with virtual assets, rendering them functionally indistinguishable from traditional monetary claims.[1]

2. USD wire transfers are lawful and standard payment mechanisms. FTX Recovery Trust has announced partnerships with global payment platforms (e.g., Payoneer, BitGo) and distribution agents (e.g., Kraken) to facilitate fiat disbursements. Chinese residents can lawfully receive USD wires via Hong Kong-based accounts, which is outside the scope of capital control violations.[2][3]

3. USD settlement mechanisms exist for Chinese creditors. Even if crypto-based payouts are avoided, there are sufficient and lawful channels for distributing USD. In the Celsius Network LLC case, the bankruptcy court successfully disbursed USD to Chinese creditors via standard international wire transfers, confirming the existence of practical and compliant financial infrastructure.[4]

4. Conclusion to Section I. Given that the FTX bankruptcy estate values and settles creditor claims in U.S. Dollars, this case is fundamentally no different from other bankruptcy proceedings when it comes to distribution. The U.S. Dollar is a global reserve currency and can be lawfully transmitted to Chinese creditors through established channels. Equal access to USD compensation is essential to preserving fairness and equity in the bankruptcy process. The FTX Recovery Trust's attempt to withhold distributions from Chinese creditors based on jurisdictional interpretations of crypto regulation is both unreasonable and legally unfounded. Chinese creditors are entitled to equal treatment in USD distributions just like creditors in other jurisdictions. Any attempt to block such distributions based on speculative regulatory interpretations is not only unjust but lacks legal basis.

---

II. Even Crypto-Based Distributions Are Legally Permissible in China

1. China Recognizes Virtual Assets as Legal Property.

Chinese courts have consistently held that cryptocurrencies such as Bitcoin and Ethereum constitute personal property under the Civil Code. These rulings confirm that individual ownership is lawful.[5][6][7][8]

2. Hong Kong Supports Crypto Regulation and Retail Participation.

As a Special Administrative Region (SAR) of the People's Republic of China, Hong Kong operates under the 'one country, two systems' framework, which allows it to establish its own financial and regulatory policies. However, it remains an integral part of China. Not only does Hong Kong allow individuals and institutions to hold and trade virtual assets, but it has also proactively embraced digital assets with a comprehensive licensing regime. Its progressive and well-defined regulatory framework aims to attract global digital asset firms and provide robust investor protection mechanisms.[9][10][11][12]

3. Mischaracterization of Macau Policy.

The Trust references Macau's 2017 ICO-related warning, but this merely restricts financial institutions from participating in token issuances. It does not prohibit personal ownership or receipt of crypto assets.[13][14]

4. International Precedents Support Distributions to Chinese Creditors.

In Celsius Network LLC (Case No. 22-10964, S.D.N.Y.), the court approved USD distributions to Chinese claimants via wire. In the Mt. Gox rehabilitation, Chinese creditors lawfully received crypto (BTC, BCH) through Kraken. No jurisdictional restrictions were imposed in either case.[15][16]

---

Conclusion

In conclusion, there is no valid legal or regulatory reason to exclude Chinese creditors from distributions. The motion's attempt to designate China as a restricted jurisdiction is unsubstantiated, discriminatory, and contrary to the principles of fair bankruptcy proceedings.

Furthermore, as a Chinese national residing legally in Canada with permanent resident status, and having completed KYC, I possess fully compliant, international banking capabilities. Creditors in similar situations should not be lumped together with residents of restricted jurisdictions, but instead be prioritized for distribution due to the clear and low-risk nature of their payment paths.

I respectfully urge the Court to reject this motion and ensure that Chinese nationals and all compliant creditors are treated equitably and remain eligible to receive their rightful distributions under the Plan. Where feasible, I further request that Chinese nationals with overseas permanent residency and lawful international banking channels be prioritized for timely distribution.

Finally, should the implementation of this motion result in discriminatory rules that prevent compliant creditors from receiving timely distributions, such actions may constitute artificial barriers and bad faith delays. I hereby reserve all legal rights to seek compensation, including interest for delayed payments and damages, against the FTX Recovery Trust or any related parties responsible for such delays.

Respectfully submitted,

_[signature]_

Dated: July 06, 2025

---

Appendix A: Reference Links

[1] https://www.coindesk.com/markets/2025/05/16/ftx-to-pay-over-usd5b-to-creditors-as-bankrupt-exchange-gears-up-for-distribution

[2] https://www.prnewswire.com/news-releases/ftx-recovery-trust-to-distribute-more-than-5-billion-to-creditors-in-second-distribution-on-may-30-2025-302456976.html

[3] https://www.coinspeaker.com/ftx-adds-payoneer-as-payment-method-for-creditors

[4] https://www.nysb.uscourts.gov/content/re-22-10964-mg-celsius-network-llc-21

[5] https://watcher.guru/news/bitcoin-is-now-recognized-as-a-legal-virtual-property-by-shanghai-high-court#google_vignette

[6] https://www.mondaq.com/fin-tech/1577154/shanghai-court-recognises-the-legality-of-crypto-ownership-for-individuals

[7] https://www.coindesk.com/markets/2018/10/26/chinese-court-rules-bitcoin-should-be-protected-as-property

[8] https://news.bitcoin.com/chinese-court-ethereum-legal

[9] https://www.info.gov.hk/gia/general/202210/31/P2022103000454.htm

[10] https://www.reuters.com/technology/crypto-exchange-hashkey-bags-licence-update-serve-retail-users-2023-08-03

[11] https://cointelegraph.com/news/hong-kong-welcomes-first-licensed-retail-crypto-exchange-hashkey

[12] https://www.engage.hoganlovells.com/knowledgeservices/news/hong-kong-government-policy-announcement-on-virtual-asset-exchanges-hong-kong-fintech-week-2022

[13] https://www.gov.mo/en/news/74177

[14] https://www.amcm.gov.mo/zh-hant/news-notice/statement/detail/alert-to-risks-of-virtual-commodities-and-tokens/642

[15] https://www.theblock.co/post/303624/mt-gox-creditors-may-have-to-wait-for-up-to-three-months-to-receive-their-bitcoin

[16] https://cointelegraph.com/news/mt-gox-confirm-bitcoin-addresses-repayment

CERTIFICATE OF SERVICE

I, Yongjun Wen, hereby certify that on July 6, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Calgary AB, Canada

温勇军

Dated: July 6, 2025

to:
à : United States Bankruptcy Court for
the District of Delaware
Attn: Clerk of the Court
824 Market Street North, 3rd floor
Wilmington, DE 19801 USA

from:
de : YONGJUN WEN
1388 Northmount Drive
NW, Calgary, AB, T2L 0G2
Canada

CANADA POST / POSTES CANADA
Xpresspost™ — EMS
SIGNATURE: WD
RPOS/PDVD V2501.0.268
Page 1 of 1
SPEC 3521 V4

From:/De :
YONG JUN WEN
1388 Northmount Dr NW
Calgary AB T2L 0G2
Canada

Tel No. N° de tél.:
13022522900

To:/À :
BANKRUPTCY COURT DISTRICT OF DELAWARE
824 MARKET STREET N. 3RD FLR
ATTN: CLERK OF THE COURT
WILMINGTON DE 19801
UNITED STATES

See Commercial Invoice CN23 Attached
Voir la facture commerciale ou le CN23 adjoint

Date: 2025 07 07
Postage paid | Port payé: 00106687
Gross Weight | Poids brut: 0.068 kg
Insured Value | Valeurs Insurée: $100.00 CAD
Postage Rate | Tarif d'affran.: $36.32 CAD
Transaction No. N° de transaction: 0100540167
Non-Delivery Instructions / Instructions de non-livraison: return at sender's expense / renvoyer aux frais de l'expéditeur

USPS SIGNATURE TRACKING™ #
EM 109 236 103 CA

Sender warrants that this item does not contain non-mailable matter.
L'expéditeur garantit que cet envoi ne contient pas d'objet inadmissible.

RPOS/PDVD V2501.0.268
Shipping Label
SPEC 3697 V3
Étiquette d'expédition

# COMMERCIAL INVOICE / CN23    FACTURE COMMERCIALE / CN23

| Sender / Expéditeur | Item ID / N° d'article | EM 109 236 103 CA |
|---|---|---|
| YONG JUN WEN | | |
| 1388 Northmount Dr NW | Date | 2025 07 07 |
| Calgary AB T2L 0G2 | | |
| Canada | Reference No. / N° de référence | |

| Addressee / Destinataire | | |
|---|---|---|
| BANKRUPTCY COURT DISTRICT OF DELAWARE | Tax ID/IRS/VAT/EIN | 1302252290 |
| 824 MARKET STREET N. 3RD FLR | Reason for Export / Raison de l'exportation | Document |
| ATTN: CLERK OF THE COURT | | |
| WILMINGTON DE 19801 | Gross Weight / Poids brut | 0.068 kg |
| UNITED STATES | | |

| Quantity / Quantité | Description of Contents / Description du contenu | HS Tariff Code / Code tarif SH | Country of Origin / Pays d'origine | Net Weight (kg) / Poids net (kg) | Total Value / Valeur totale |
|---|---|---|---|---|---|
| 1 | COURT DOCUMENTS | | CA | 0.068 | 100.00 |
| | TOTAL | | Currency & Value / Devise et valeur | CAD | 100.00 |

Je, soussigné, l'exportateur des marchandises, atteste que l'information fournie sur la présente déclaration relative à la facture est véridique et correcte et que le colis ne contient pas de marchandises dangereuses ou prohibées, conformément aux conditions générales de...



MADE IN CANADA
FABRIQUÉ AU CANADA
canadapost.ca
postescanada.ca

242681

0 63491 02278 4