Name: Haichuan Shang

Address: Chiba-ken, Kashiwa-shi, Funato 3-6-81, 277-0802, Japan

Email: cbox996@gmail.com

July 8, 2025

RECEIVED

2025 JUL 15 P 12: 03

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

RE: Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures (D.I. 31148)

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

Dear Judge Owens:

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
FTX Trading Ltd., et al.,
Debtors.

Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)

OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED
JURISDICTION PROCEDURES (D.I. 31148)

I am a Chinese mainland citizen and a creditor in the FTX bankruptcy case, having
previously used the FTX platform. My Unique Customer ID is [6979333] and my
Schedule Number is [5579425]. I was drawn to FTX because it offered USD deposit
interest rates exceeding 5%, significantly higher than those available through the
Hong Kong banks I had used. FTX's operating presence in Hong Kong for an
extended period further contributed to its perceived legitimacy and accessibility.

I deposited a substantial portion of my personal savings into the platform solely to
earn interest on USD deposits. I did not purchase or trade cryptocurrencies on the
platform. My understanding at the time was that FTX, like Interactive Brokers or
other U.S.-based financial platforms, offered USD interest-bearing accounts even for
users who were not active traders.

After the platform's bankruptcy, I completed all KYC and tax form requirements.
Under the confirmed reorganization plan, I expected to receive repayment via wire
transfer or stablecoin, and based on that structure, I voted in favor of the plan.

The claim I hold is denominated in U.S. dollars, and there is no law in Mainland
China that prohibits its citizens from receiving U.S. dollar repayments from a foreign
bankruptcy proceeding. The use of stablecoins is merely one of several distribution
options selected by the FTX Recovery Trust—not a legal necessity. If the FTX
Recovery Trust harbors legal concerns about using stablecoins in certain
jurisdictions, it can and should propose alternative channels, such as international
wire transfers, rather than seek to forfeit the claims of an entire category of
creditors based solely on geography.

As described in paragraph 6 of the Motion (D.I. 31148), such designation shall
preclude any distribution and result in full forfeiture of creditor claims if

uncontested: "...any interest in such Distribution shall revest in the FTX Recovery Trust." The Motion seeks this outcome based solely on a non-binding legal opinion procured unilaterally by the FTX Recovery Trust and without any factual finding by this Court.

Notably, other major bankruptcy cases such as Mt. Gox and Celsius did not deny repayment to Chinese or international creditors out of concern for payout methods. Despite similar concerns about global crypto regulation, those estates fulfilled their repayment obligations without resorting to blanket disqualification or forfeiture mechanisms. The current proposal by the FTX Recovery Trust departs from this standard of fair and lawful treatment.

If this Motion is approved, even permitting claim transfers would not be a fair solution. It would force affected creditors to sell their claims at a discount, while claim buyers—who are not subject to court oversight—would receive full recoveries. This creates an unregulated secondary market where harmed creditors are pressured to exit, while speculators benefit. Such an outcome would compound the damage suffered by creditors and runs contrary to the principles of fairness and equitable treatment.

The Motion also suggests that the FTX Recovery Trust or its agents could face criminal liability in China if they distribute funds to claimants residing there. However, this concern lacks any concrete legal basis. The distributions will originate from U.S.-based entities and be made in U.S. dollars, through methods such as bank transfers or stablecoins. There is no known precedent or regulation in China that imposes liability—civil or criminal—on a foreign trust or payment processor for lawfully repaying debt. No such risk materialized in comparable bankruptcy cases, including Mt. Gox, Celsius, or BlockFi, all of which made fiat payments to creditors in China and elsewhere.

More fundamentally, the proposed blanket exclusion of Chinese creditors amounts to discriminatory treatment. To retroactively exclude one group based solely on their country of origin—without any individualized review or opt-out mechanism—violates basic principles of contractual equity and the Plan's stated goal of maximizing fair recoveries for all creditors.

Denying payment not because of legal prohibition but because of political or compliance ambiguity sets a dangerous precedent and undermines the legitimacy of this reorganization. It punishes those who have already suffered losses and complied fully with every requirement under the Plan.

Accordingly, I respectfully request that the Court deny the Motion.

CERTIFICATE OF SERVICE

I, Haichuan Shang, hereby certify that on July 8, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP
- James L. Bromley – bromleyj@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com
- Andrew G. Dietderich – dietdericha@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP
- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 8, 2025

Haichuan Shang                July 8, 2025

EMS 国際スピード郵便

**JAPAN**

書類用 (Business Papers)

・職権により開くことができる。
May be opened officially.

EP 019 025 826 JP

EMSに関するお問い合わせは
インターネット https://www.post.japanpost.jp/
フリーコール 0120-5931-55

本枠内
にも
記入書
けま
す。

ご記入前に裏面の注意事項をよくお読みください。
Before completing this form you should read the instructions overleaf.

**① From (ご依頼主)**

**② Name (ご依頼主)** Haichung Shang

**③ Address** Chiba-ken Kashiwa Shi
Funao 3-6-81

**Postal code (郵便番号)** 277-0802    JAPAN

**Telephone No. / Fax No. (ご依頼主電話番号 / FAX番号)** 080-3276-9955

Item number (お問い合わせ番号)

Date mailed (受付年月日)   2025-07-08

**④ Time mailed (受付時刻)**

Total gross weight (総重量)   時 (Hour) / 分 (Minute)   109.5 g

Postage paid (合計金額)   3900 円 (Yen)

**② TO (お届け先)**

**Name (お届け先)** Clerk of the Court

**Address** 824 North Market Street
3rd Floor  Wilmington, Delaware

**Postal code (郵便番号)** 19801

**Country (国名)** USA

**TEL·FAX** +1  302-252-2900

Proof of Delivery

書類用 (Business Papers)

You are making 4 copies.
Please write in bold letters within the frames.

JP POST 郵便局

TO:

Clerk of the Court

United States Bankruptcy Court

District of Delaware

Attn: Clerk of the Court

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

RE: Objection to the Motion of the FTX Recovery Trust to Implement
Restricted Jurisdiction Procedures (D.I. 31148)

In re: FTX Trading Ltd., et al.

Case No. 22-11068 (KBO)