LIU ZHENXU

#2111 West Gaoke Road, Shanghai 200125, China

zhenxliu@outlook.com

July 07, 2025

Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

Objection to the Designation of China as a "Restricted Foreign Jurisdiction"

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

Dear Judge Owens:

OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: LIU ZHENXU and LIN YI, Tax Resident of China, and Chinese FTX Creditors

I am writing on behalf of myself, **Liu Zhenxu**, and my spouse, **Lin Yi**, both of us verified FTX account holders and general unsecured creditors in the above-captioned bankruptcy case (Case No. 22-11068, In re FTX Trading Ltd., et al., Bankr. D. Del.). We respectfully object to the **Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures**, which would reclassify creditors residing in China (and 48 other jurisdictions) as "disputed,". The Motion, if granted, threatens to arbitrarily forfeit valid, allowed claims—without any evidence of wrongdoing or legal necessity.

## Creditor Info and Background

We collectively hold **2 allowed claims**, fully verified through the Debtors' KYC procedures and denominated in U.S. Dollars. We have complied with every procedural and documentary requirement under the confirmed Plan of Reorganization and have designated lawful international wire accounts in Hong Kong for fiat (USD) distributions.

Name: Liu Zhenxu
Claim ID: 00163145
Email: zhenxliu@outlook.com

Name: Lin Yi
Claim ID: 00167477
Email: 181632738@qq.com

## Objection Statement

**1. Equal Treatment of Claims (11 U.S.C. §1123(a)(4)).** The Code and the confirmed Plan require that similarly situated claims be treated equally. Section 1123(a)(4) mandates that a plan "provide the same treatment for each claim or interest of a particular class" [7]. The motion would impose radically different treatments based solely on the claimants' residence. This geographic discrimination has no support in the Plan or the Code. The Plan itself contains no restrictions on international distributions; indeed, the general objective of Chapter 11 is to maximize recovery for all creditors without arbitrary discrimination. The FTX may be concerned about overseas regulatory issues, but it cannot rewrite the Plan or the law by singling out Chinese creditors for harsher treatment. In W.R. Grace Co. and related cases, courts have emphasized that equal treatment requires the "same opportunity" for recovery among class members [8]. Denying or forfeiting valid claims merely because a creditor resides in China violates that principle.

**2. Lack of Legal Basis to Withhold USD Distributions.** The motion's premise is that payments to China cannot be made safely. But nothing in U.S. or Chinese law prohibits the Trust from wiring USD to a Chinese customer's foreign account. By

2

contrast, the purported obstacles in "crypto-hostile" countries pertain to cryptocurrency trading and local exchanges, not to sending fiat dollars out of the U.S. Hong Kong – where Liu and Lin's bank accounts are located – is a major financial center not subject to U.S. sanctions prohibiting USD transfers 3. Indeed, Chinese courts have long treated cryptocurrency as property, not illegal contraband 1, and have even upheld the validity of holding and transferring crypto under certain contracts 2. In other words, there is no fundamental legal barrier to American debtors distributing USD or cryptocurrency to Chinese creditors abroad. If the motion is granted, we would loose our rights to get back our properties.

Moreover, it is standard in multinational bankruptcies to facilitate payments in compliance with local rules. Notably, in the Celsius Network Chapter 11 (S.D.N.Y.), the confirmed plan provided for distributions of both cryptocurrency and fiat dollars to creditors worldwide 10. After emergence, Celsius commenced distribution of over $3 billion in crypto and USD to its creditors under U.S. Court supervision, without imposing a forfeiture scheme based on nationality 10. Similarly, Mt. Gox's liquidators (in Japan) began moving large amounts of Bitcoin to U.S. and European exchanges for global creditor payouts (roughly $9 billion in value) 11. Neither case required foreign claimants to agree to U.S. jurisdiction as a condition of receiving payments. Those precedents illustrate that lawful cross-border distributions can be achieved through appropriate channels, and they confirm that nothing in bankruptcy law bars paying Chinese creditors per se. The Trust's drastic approach of depriving creditors of their claims is far outside the norm.

3. **Unfair Burden and Due Process Concerns.** Even if some notice and contest procedures were warranted for limited cases, the proposed rules are manifestly unduly burdensome and procedurally unfair. By unilateral fiat, the Trust reclassifies allowed claims as "disputed" and forces claimants to navigate a complex, English-language process. Creditors must file formal objections, procure notarized affidavits (in English), and irrevocably submit to U.S. jurisdiction – all within 45 days and often without counsel. Failure to do so (even through no fault of the claimant) results in total forfeiture of the claim 5  6. For retail claimants like Liu and Lin, who are not sophisticated U.S. residents, these hurdles are effectively insurmountable. The scheme also dangerously relies on presumed notice via mail or email to a "last address," which may not reach claimants timely 6. Such a system threatens to extinguish meritorious claims without genuine opportunity to contest – contravening fundamental principles of due process and the Plan's intent. The burden imposed far exceeds anything contemplated in the Plan's ordinary claims objection process, and it has no justification other than penalizing certain creditors by geography.

4. **Remedies Requested.** For these reasons, the Court should deny the Restricted Jurisdiction Motion, or at minimum tailor it to avoid punishing fully compliant claimants. Specifically, the Court should strike China (and any similarly situated country) from the restricted list, or carve out an exception for USD-denominated claims payable via lawful wire transfer. The Plan and Code do not contemplate forfeiture for failure to waive jurisdiction, so any such requirement should be rejected or deferred pending substantive challenge. Creditors do not seek to evade oversight – they are willing to

cooperate with reasonable compliance steps – but they should not be forced to sacrifice their claims to receive what the Plan clearly allows.

## Conclusion

Liu Zhenxu and Lin Yi respectfully request that the Court deny the Motion of FTX Recovery Trust to Implement Restricted Jurisdiction Procedures (or modify it as appropriate) for the reasons stated above. FTX has offered no valid reason to treat these USD-denominated claims as anything other than allowed claims entitled to payment under the Plan. At minimum, any restrictions should not apply to lawful USD distributions to compliant creditors. Creditors pray for such other and further relief as the Court deems just and proper. Respectfully submitted.


*/s/ Liu Zhenxu    Lin Yi*

## Reference

1  2  Navigating Chinese Legal Frameworks Governing Cryptocurrencies - Lexology
https://www.lexology.com/library/detail.aspx?g=657c4820-c915-4a0d-a1f4-0c3f7b15f259

3  4  5  9   FTX Recovery Trust Suspends Creditor Payments in 49 Jurisdictions Due to Local Laws
https://www.ainvest.com/news/ftx-recovery-trust-suspends-creditor-payments-49-jurisdictions-due-local-laws-2507/

6   FTX Recovery Trust Halts Payouts to 49 Jurisdictions Over Legal Hurdles
https://www.ainvest.com/news/ftx-recovery-trust-halts-payouts-49-jurisdictions-legal-hurdles-2507/

7   Microsoft Word - Liptak_Memo_15.docx
https://www.stjohns.edu/sites/default/files/2020-07/Liptak_Memo_15.pdf

8   skadden.com
https://www.skadden.com/-/media/files/publications/2021/01/equality_of_treatment_vs_equality_of_result.pdf

10   Celsius Emerges from Chapter 11 and Commences Distributions of Over $3 Billion of Cryptocurrency to Creditors
https://www.businesswire.com/news/home/20240131994097/en/Celsius-Emerges-from-Chapter-11-and-Commences-Distributions-of-Over-%243-Billion-of-Cryptocurrency-to-Creditors

11   $1.07 Billion in Bitcoin Transferred by Mt.Gox to New Wallet – Here's Nuance By U.Today

CERTIFICATE OF SERVICE

I, LIU ZHENXU, hereby certify that on July 7, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com
- Andrew G. Dietderich – dietdericha@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 7, 2025

Shanghai, China

*Liu Zhenxu    Lin Yi*

RECEIVED 2025 JUL 14 PM 2:52 CLERK US BANKRUPTCY COURT DISTRICT OF DELAWARE

2



TO: U.S. BANKRUPTCY COURT
ATTN: Clerk of the COURT
824 N. Market Street, 3RD FLOOR, Wilmington, DE 19801
Tele: +1 302-252-2900

Objection to FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedure
— Case No. 22-11068 (KBD)