Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

RECEIVED
2025 JUL 14 PM 2:44
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Re: Objection to the Designation of China as a "Restricted Foreign Jurisdiction"

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

OBJECTION OF AFFECTED CHINESE CREDITORS TO THE MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER AUTHORIZING THE FTX RECOVERY TRUST TO IMPLEMENT THE RESTRICTED JURISDICTION PROCEDURES IN POTENTIALLY RESTRICTED FOREIGN JURISDICTIONS

Dear Judge Owens:

The undersigned, on behalf of affected creditors of the FTX Debtors residing in the People's Republic of China ("Chinese Creditors"), hereby submit this objection (the "Objection") to the Motion of the FTX Recovery Trust for Entry of an Order in Support of the Confirmed Plan Authorizing the FTX Recovery Trust to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions [D.I. 31148] (the "Motion"), filed on July 2, 2025.

The Motion seeks to implement a discriminatory and punitive process that would unfairly strip Chinese Creditors of their rightful distributions. The Motion is based on a flawed understanding of Chinese law, violates the fundamental principles of equality under the U.S. Bankruptcy Code, and proposes a procedure that is fundamentally unjust. As the Motion itself states in Paragraph 11, creditors in China account for 82% of the value of affected claims in the so-called "Potentially Restricted Foreign Jurisdictions." Approving this Motion would therefore disproportionately and wrongfully harm a significant constituency of the Debtors' creditors.

For the reasons set forth below, we respectfully request that this Court deny the Motion in its entirety.

## ARGUMENT

1. The Motion Violates the Fundamental Principle of Equitable Treatment of Creditors.

A cornerstone of the U.S. Bankruptcy Code is the principle of pari passu, which mandates that similarly situated creditors be treated equally. The Motion seeks to shatter this principle by creating a disfavored class of foreign creditors subject to the forfeiture of their property rights based on their geographic location.

Discriminatory Treatment: The Motion proposes a separate and unequal process for creditors in certain jurisdictions. While other creditors are entitled to distributions upon satisfying standard KYC/AML requirements, Chinese Creditors would face an additional, nearly insurmountable hurdle: obtaining a legal opinion deemed "Acceptable" in "form and substance" solely by the FTX Recovery Trust (the "Trust"). This creates a discriminatory standard that is inconsistent with the equitable objectives of Chapter 11.

Unjust Forfeiture of Property Rights: The Motion's proposed remedy for failing its subjective test is draconian. Paragraph 6 states that if a

jurisdiction is designated as "Restricted," the "applicable Distribution and associated interest shall be forfeited." An allowed claim in a bankruptcy case is a property right. The extinguishment of this right based on the Trust's unilateral, risk-averse interpretation of foreign law, rather than a creditor's failure to act, constitutes an unjust taking of property that is contrary to the purposes of the Bankruptcy Code.

2. The Trust's Justification is Based on a Misinterpretation of Chinese Law.

The Trust's primary justification for the Motion is its fear of potential liability for violating local laws. This fear, as it pertains to China, is based on an incomplete and erroneous reading of the relevant legal landscape.

Distinction Between Trading and Holding: While the Chinese government has banned cryptocurrency-related business activities, such as operating exchanges and financial services, it has not made it illegal for individuals to hold cryptocurrency. Chinese courts have repeatedly recognized cryptocurrencies like Bitcoin as virtual property protected by law.

Nature of Bankruptcy Distribution: The act of receiving a distribution—in fiat currency (U.S. Dollars)—from a U.S. court-supervised bankruptcy proceeding is fundamentally different from

engaging in a prohibited cryptocurrency transaction within China. The distribution represents the liquidation of a pre-existing, legitimate legal claim against the Debtors. It is not a new "payment from the proceeds of... illegal activity" as the Trust speculates in Paragraph 3. The Trust conflates the recovery on a valid claim with the act of trading, which is a critical legal error.

Improper Burden of Proof: The Trust is attempting to shift its fiduciary duty to distribute assets onto the creditors. Instead of undertaking a thorough and nuanced legal analysis, it seeks a blanket order to disenfranchise an entire group of creditors based on speculative risk. The burden should be on the Trust to prove that a distribution would constitute a clear and direct violation of law, not merely to declare that the situation is "daunting" (Paragraph 2).

3. The Proposed "Restricted Jurisdiction Procedures" Are Unreasonable, Burdensome, and Unfair.

The procedures outlined in the Motion are designed to make it practically impossible for creditors to successfully challenge the Trust's designation.

The "Acceptable Opinion" Standard is Subjective and Unilateral: The

Motion gives the Trust sole discretion to determine whether a legal opinion is "Acceptable." This vague and subjective standard creates a moving target and gives the Trust unchecked power to reject any opinion that does not grant it absolute immunity from perceived risk, regardless of the opinion's legal merits.

Onerous Procedural Hurdles: The Motion requires objecting creditors to submit a "sworn statement waiving service of process" and subject themselves to the jurisdiction of this Court for discovery (Paragraph 7(c)(ii)). This places an unreasonable and costly burden on foreign creditors, who would have to navigate complex international legal procedures within a very short 45-day window, simply to defend their pre-existing property rights.

4. More Equitable and Less Drastic Alternatives Exist.

Even if the Trust's concerns were well-founded, forfeiture is not the only, or the most equitable, solution. The Trust has failed to consider less punitive alternatives that would protect both its fiduciaries and the rights of creditors, such as:

Distribution via Third-Party Agents: Engaging a reputable international

payment processor or agent that is equipped to handle distributions in compliance with local regulations.

Distribution in Fiat Currency: Making distributions in U.S. Dollars to a creditor's designated bank account, which mitigates many of the concerns related to direct cryptocurrency transfers.

Establishment of a Segregated Escrow Account: Placing the funds allocated to Chinese Creditors into a court-supervised segregated trust or escrow account. This would protect the funds for the benefit of the creditors while allowing any legitimate legal or regulatory issues to be resolved over time, rather than resorting to immediate and permanent forfeiture.

CONCLUSION

The Trust's Motion is a misguided attempt to prioritize its own administrative convenience and risk aversion over its fundamental fiduciary duty to treat all creditors equitably. It unfairly targets Chinese Creditors, who represent the vast majority of the claims at issue, based on a flawed legal premise. The proposed procedures are discriminatory, and the proposed remedy of forfeiture is an unjust and disproportionate penalty.

For the foregoing reasons, the Chinese Creditors respectfully request that the Court deny the Motion in its entirety and direct the Trust to work towards a fair and equitable solution for distributing assets to all of its creditors, regardless of their jurisdiction.

Respectfully submitted,

Name: WEI Nan            *Wei Nan*

Address: Hexiang Street 2, Songzhuang, Tongzhou, Beijing, China 101118

Email: weinbtc@outlook.com

Claim Number: 23132

Schedule Number: 6754777

Confirmation ID: 3265-70-MGDPJ-522878938

Dated: July 8, 2025



