## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 28689, 31085, 31086, 31286, 31313 & 31342** |

## FTX RECOVERY TRUST'S OMNIBUS REPLY TO OBJECTIONS TO THE PROPOSED REDUCTION OF DISPUTED CLAIMS RESERVE AMOUNT

The FTX Recovery Trust hereby submits this reply (the "Reply") to objections (collectively, the "Objections") to the *Notice of Proposed Reduction of Disputed Claims Reserve Amount* [D.I. 31085] (the "Notice").[2]  In response to the Objections and in further support of the Notice, the FTX Recovery Trust respectfully states as follows:

## REPLY

1.      Pursuant to the Notice, the FTX Recovery Trust seeks to reduce the Original Reserve Amount by $1.93 billion to $4.599 billion (the "Revised Reserve Amount").  As detailed in the Notice and the Coverick Declaration, this reduction is possible and the FTX Recovery Trust determined in its business judgment reasonable and appropriate because of the substantial progress that has been made reconciling Claims.  The FTX Recovery Trust has reconciled more than $8.3 billion of Claims to date, and the painstaking work to reconcile and resolve hundreds of thousands

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Notice.

of Claims is ongoing.  As of the Notice date, the reconciliation and expungement efforts since the establishment of the Disputed Claims Reserve have led to a net reduction of approximately $1.79 billion of Disputed Claims.

2.      The reduction of the Original Reserve Amount is a critical step in permitting the FTX Recovery Trust to make additional distributions to Holders of Allowed Claims as soon as practicable.  As with the determination of the Original Reserve Amount, the FTX Recovery Trust used a rigorous process to determine the appropriate Revised Reserve Amount.  That Revised Reserve Amount is based on intentionally conservative assumptions, and includes ***approximately $1.9 billion of Disputed Claims in excess*** of the amounts that the FTX Recovery Trust projects will ultimately become Allowed Claims.  In addition, the Revised Reserve Amount includes an additional $350 million of contingency that further protects all Disputed Claims.

3.      While tens of thousands of Disputed Claims remain to be reconciled, the FTX Recovery Trust did not receive *any* objections to the size of the Revised Reserve Amount or the business judgment to make the reduction at this time.  Instead, the FTX Recovery Trust did receive a total of five *pro se* Objections[3] to the Notice that, at bottom, object to the reduction of the Original Reserve Amount prior to complete resolution of that creditor's individual Claim.  Of course, the reason the Disputed Claims Reserve exists is to protect these and all other Holders of Disputed Claims in the event their Claims become Allowed at a later date.  There is no legal or other basis to require the resolution of any individual Claim prior to reducing the size of the Disputed Claims Reserve—which is expressly contemplated by the Court's prior Order.  The FTX

---

[3]    *See Objection to Notice of Proposed Reduction of Disputed Claims Reserve Amount* filed by Jonathan Perez [D.I. 31286]; *Limited Objection to Notice of Proposed Reduction of Disputed Claims Reserve Amount* filed by Tony Nguyen [D.I. 31313]; *Objection to Notice of Proposed Reduction of Disputed Claims Reserve Amount* filed by Fatih Turker Arguc [D.I. 31342].  Counsel to the FTX Recovery Trust also received an objection from Woohyun Kang, a copy of which is attached hereto as Exhibit A.  In addition, an untimely objection from Limarov Vladyslav was docketed on July 14, 2025 [D.I. 31487].

Recovery Trust has resolved one of the Objections (Jonathan Perez), leaving four Objections outstanding.

4.     Of the remaining Objections, two of the four pro se objecting parties do not have standing to object to the request to reduce the Disputed Claims Reserve because such party's underlying Claims have either been expunged pursuant to prior orders of the Court or have been fully satisfied.  The two remaining objections are fully reserved for in the Revised Reserve Amount.  Regardless, the uncontroverted evidence presented in the Coverick Declaration is that the requested Revised Reserve Amount is more than reasonable given the progress made in the claims reconciliation process since the time the Disputed Claims Reserve was established.  Accordingly, these Objections should be overruled and the Revised Reserve Amount should be approved.

## I.     Tony Nguyen Does Not Have Standing To Object to the Revised Reserve Amount.

5.     Nguyen argues that the FTX Recovery Trust should not be able to "take administrative action impacting [Nguyen's] rights before responding to [Nguyen's] motion." (Nguyen Obj. at ¶ 4.)  The referenced motion is a motion filed on June 6, 2025 seeking to reclassify Nguyen's $50,000 Customer Claim from Class 7B to Class 5B that was never properly noticed for a hearing. [D.I. 30686 at 2.]  Nonetheless, Nguyen's reclassification motion and arguments against the proposed Revised Reserve Amount are each without merit and should be overruled.

6.     With respect to the reclassification motion, Nguyen filed a Customer Claim against Debtor FTX Trading Ltd. asserting a total amount of $50,000 (the "Nguyen Claim").  The Debtors objected to the Nguyen Claim in the *Debtors' One Hundred Forty-Third (Non-Substantive) Omnibus Objection to Certain Claims Filed Against the Incorrect Debtor* seeking to reclassify the Nguyen Claim as against Debtor West Realm Shires Services Inc. ("WRSS") [D.I. 29168].  Nguyen was served with a copy of the Debtors' objection and did not respond.  The

objection was sustained, and accordingly, the Nguyen Claim was reclassified as against WRSS. [D.I. 29958.]

       7.     Pursuant to the Plan, a Customer Claim against WRSS is classified as a U.S. Customer Entitlement Claim and any U.S. Customer Entitlement Claim "that is Allowed in an amount *equal to* or less than $50,000" is a Class 7B U.S. Convenience Claim.  Plan § 2.1.98 (emphasis added).  Accordingly, the Nguyen Claim is accurately classified as a Class 7B U.S. Convenience Claim and should not be reclassified as a Class 5B U.S. Customer Entitlement Claim.

       8.     Since the Nguyen Claim was appropriately classified and Allowed, Nguyen was entitled to, and in fact did, receive a Distribution on account of such Claim on May 30, 2025. Nguyen completed all pre-distribution requirements prior to the April 11, 2025 record date and received a total of $60,245, representing payment in full of the asserted $50,000 plus postpetition interest on account of the Allowed Nguyen Claim.  Therefore, the Nguyen Claim has been fully satisfied and Nguyen has no further Disputed Claim against the FTX Recovery Trust.  Without any remaining claims against the FTX Recovery Trust, Nguyen has no standing to object to the Revised Reserve Amount.  *See In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607 (7th Cir. 1998) (to have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings); *In re Vantage Drilling Int'l*, 603 B.R. 538, 545 (D. Del. 2019) (similar).  The proposed Revised Reserve Amount poses no plausible injury to the pecuniary interests of Nguyen.  Because there is no remaining pecuniary interest, Nguyen does not have standing to object to the Revised Reserve Amount.  Accordingly, Nguyen's Objection should be overruled on that basis alone.

## II.     Woohyun Kang Does Not Have Standing To Object to the Revised Reserve Amount.

      9.     Based on the Debtors' books and records, Kang had two scheduled Customer Claims (collectively, the "Kang Claims")—in the amount of $5,178.25 and $223.78.

Kang argues that the Revised Reserve Amount should not be approved because the FTX Recovery Trust did not provide "sufficient notice or a fair opportunity to complete KYC." (Kang Obj. at ¶ 3.) Contrary to these baseless assertions, Kang had ample notice and opportunity over the past *two years* to start and complete the Debtors' requested KYC. Kang failed to commence the requested KYC by March 3, 2025 and in accordance with the Court's *Order Sustaining Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims* [D.I. 29464] (the "KYC Order"), the Kang Claims were expunged and disallowed in their entirety. The KYC Order expunging the Kang Claims extinguished Kang's pecuniary interest in these Chapter 11 proceedings. Accordingly, Kang no longer has any standing, and the Kang Objection should be overruled. *See In re Cult Awareness Network, Inc.*, 151 F.3d at 607; *In re Vantage Drilling Int'l*, 603 B.R. at 545.

10.    While not relevant to the Kang Objection or the Revised Reserve Amount, for completeness, Kang, similarly to all of the Debtors' customers, received notice of the Customer Claim bar date and related KYC requirements on July 17, 2023.[4] Kang did not file any proofs of claim by the Customer Claims bar date. After the Customer Claims bar date, FTX customer support reached out to Kang, at the same email address from which he sent his objection to counsel to the FTX Recovery Trust, on October 21, 2024 and November 21, 2024 indicating that Kang had not started the required KYC with respect to the Kang Claims and providing details on how to do so.

---

[4]    *See Notice of Deadlines Requiring Filing of Customer Proofs of Claim on or Before September 29, 2023 and Customer Proofs of Claim Affected by the Amendment of or Supplement to the Debtors' Schedules and Liabilities* [D.I. 1870]; *(Sealed) Affidavit of Service of Aqueel Ahmed Regarding Bar Date Notice, Proof of Claim Form, and Proof of Interest Form* [D.I. 2124].

11.     On November 22, 2024, the Debtors filed the *Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims* [D.I. 28225] (the "KYC Objection"), which objected to, among other Claims, the Kang Claims.  Kang received notice of the KYC Objection on November 27, 2024.[5]  FTX customer support again reached out to Kang on December 21, 2024 and January 29, 2025 regarding the failure to commence KYC with respect to the Kang Claims and providing details on how to do so.  Kang did not respond to the KYC Objection.  The Court entered the KYC Order on February 3, 2025, and Kang was served with notice of the KYC Order on the same day.[6]

12.     Despite these numerous notices, Kang took no action before the March 3, 2025 deadline set forth in the KYC Order.  Kang did not log into either of his accounts in the Customer Claims Portal nor reach out to FTX customer support prior to March 3, 2025.  As a result, the Kang Claims were expunged and disallowed in their entirety on March 3, 2025 pursuant to the KYC Order.  Kang had ample and sufficient notice of, and fair opportunity to complete, the Debtors' requested KYC but failed to do so.

### III.     The Claims Reserve Is Sufficient for All Disputed Claims.

13.     Similar to the Original Reserve Amount, the Revised Reserve Amount is based on intentionally conservative assumptions.  The proposed Revised Reserve Amount includes approximately $1.9 billion of remaining Disputed Claims over and above the amounts that the FTX Recovery Trust project will ultimately become Allowed Claims.   [D.I. 31086 at ¶ 12.] Additionally, $350 million of contingency remains in place to protect claims that are unliquidated

---

[5]     *See Affidavit of Service of Selwyn Perry Regarding Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims, Notice of Objection to Unverified Claims Customized to Include Customer Code and Claim Number of Schedule Number of the Party* [D.I. 28889].

[6]     *Affidavit of Service of Reese Campanalonga* [D.I. 29859].

or included at less than the full asserted Claim amount.  [D.I. 31086 at ¶ 14.]  Accordingly, the FTX Recovery Trust submits that the Revised Reserve Amount remains more than sufficient to accommodate any Disputed Claims that ultimately become Allowed.

14.      The remaining objecting parties' purported Claims, to the extent valid and become Allowed, are all more than sufficiently protected by the proposed Revised Reserve Amount.  The Nguyen Claim has already been fully satisfied and the Kang Claims are expunged and disallowed in their entirety, but to the extent that these Claims are entitled to any distributions, the FTX Recovery Trust submits that the $1.9 billion excess and the $350 million contingency are more than adequate to cover such distributions.

15.      Fatih Turker Arguc's objection to the proposed Revised Reserve Amount is based on the "wrongful exclusion of my valid claim in the amount of $197,550, which remains unresolved and unanswered."  (Arguc Obj. at 1.)  First, the fact that a claim remains "unresolved and unanswered" is not a valid basis to object.  As set forth in the Plan, the FTX Recovery Trust has one year after the Effective Date (*i.e.*, January 2, 2026), subject to extension by further order of the Court, to administer, reconcile and if needed, object, to all Disputed Claims.  The FTX Recovery Trust and their advisors have been administering and reconciling all Claims, including Arguc's Claim, and have reached out to Arguc regarding the proposed treatment of the Arguc Claim.  Second, contrary to Arguc's assertion, the full amount of Arguc's asserted Claim in the amount of $197,550 is included in the estimates for the Revised Reserve Amount.  And, the Revised Reserve Amount is sufficient given the inclusion of the more than $1.9 billion of Disputed Claims over and above the amounts the FTX Recovery Trust projects will ultimately become Allowed Claims, plus the additional $350 million of contingency.

16.     The untimely Objection filed by Limarov Vladslav fares no better.  As with the Arguc Claim, Vladyslav's currently Disputed Claim in the amount of $15,011.68 remains in the FTX Recovery Trust's reconciliation process and is fully reserved for in the Revised Reserve Amount.   Vladslav offers no evidence to contradict the FTX Recovery Trust's undisputed evidence, set forth in the Coverick Declaration that the Revised Reserve Amount of $4.599 billion—the entirety of which Vladyslav's Claim has recourse to—including both approximately $1.9 billion of additional Disputed Claims above the amount of projected Allowed Claims *plus* an additional $350 million contingency provides more than enough buffer to satisfy Vladyslav's Claim if it were to ultimately become an Allowed Claim.  Vladyslav's unfounded assertion that *no* reduction of the Original Reserve Amount should be permitted until all Claims are adjudicated or otherwise resolved is contrary to both the concept of a Disputed Claims Reserve and this Court's original Order establishing it.  The Vladyslav Objection does not raise any legitimate basis to deny all stakeholders the benefits of the Revised Reserve Amount.

17.     The FTX Recovery Trust therefore submits that the proposed Revised Reserve Amount is sufficient to protect all Disputed Claims, and therefore all remaining Objections should be overruled.

## CONCLUSION

For the reasons stated above, the Court should overrule the Objections and approve the Revised Reserve Amount.

Dated: July 17, 2025
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:  landis@lrclaw.com
         brown@lrclaw.com
         pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  dietdericha@sullcrom.com
         bromleyj@sullcrom.com
         gluecksteinb@sullcrom.com
         kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*