

BERGDOLT
PARTNERSCHAFT VON RECHTSANWÄLTEN mbB

RECEIVED
2025 JUL 18 A 8:38
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Bergdolt Partnerschaft von Rechtsanwälten mbB
Nibelungenstr. 84 | 80639 München

**Per Einschreiben Einwurf**

United States Bankruptcy Court
District of Delaware
824 Market Street, 3rd Floor
Washington, DE 19801
**USA**

Daniela A. Bergdolt
Ines Straubinger
Nikolaus F.X. Lutje

Nibelungenstr. 84
80639 München
T. +49 (0)89 38 66 54 30
F. +49 (0)89 38 66 54 59
E. info@ra-bergdolt.de
www.ra-bergdolt.de

Nikolaus F.X. Lutje
Fachanwalt für
Bank- & Kapitalmarktrecht
n.lutje@ra-bergdolt.de

Bonina Vitija
Paralegal

Case No.: NL-17/23-bv

Munich, 10th June 2025

**FTX Trading Ltd., et al.,**

**Debtors**

**Chapter 11**

**Case No. 22-11068 (JTD)**

**OBJECTION TO CERTAIN LATE FILED CLAIMS**

**Claimant: Ansgar Pretz**

**Claim ID: 3265-70-AHZFP-381852729 and 3265-70-AVYNB-251020933**

We hereby notify you that we represent Mr. Ansgar Pretz, who is a creditor in the insolvency proceedings concerning FTX Trading Ltd. and affiliated debtors, pending before the U.S. Bankruptcy Court for the District of Delaware (Case No. 22-11068 (JTD)).

Bergdolt Partnerschaft von Rechtsanwälten mbB, eingetragen beim AG München, PR 2253
Eine Liste der PartnerInnen kann am Sitz der Gesellschaft eingesehen werden
Weiterführende Informationen und www.ra-bergdolt.de



Our client timely submitted his proof of claim through the official FTX Customer Claims Portal. Initially he was informed that he needed to complete Step 3 of the KYC process by a deadline in March 2025. He made multiple good faith attempts to comply but was unable to proceed further due to technical restrictions within the portal.

Following this and based on public announcements from the Debtors the deadline for completing KYC verification was extended to June 1 2025. In the period between the initial May deadline and this extended deadline our client through counsel contacted Kroll Restructuring Administration LLC on several occasions to seek clarification and assistance with regaining access to the portal. Despite repeated written inquiries no meaningful support or response was received.

When our client attempted to log in again to complete the KYC process in reliance on the extended deadline he was met with a message that access had already been disabled thus making it impossible for him to comply with the updated requirement through no fault of his own.

Mr. Pretz has at all times acted in good faith and with due diligence. He relied on the Debtors' published statements and took reasonable steps to ensure compliance. The current situation is the result of a lack of communication and technical inaccessibility not any negligence or delay on the part of our client.

We therefore respectfully submit that disallowing or subordinating his claim would be unjust under the circumstances and contrary to equitable treatment of similarly situated creditors.

Accordingly we kindly request that the Court take this into consideration and allow Mr. Pretz's claim in full without prejudice based on the procedural complications described above.

Should the Court require any further documentation or sworn statements we stand ready to provide them promptly.

Respectfully submitted,

Nikolaus F.X. Lutje
Attorney

Deutsche Post
FI 23.06.25 4,95
F1 011C 5402
00 3B7C 8A2D
Recommandé
R
RR 90 230 895 5DE

