# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 30625 & 30632 |

## ORDER SUSTAINING FTX RECOVERY TRUST'S ONE HUNDRED SEVENTY-SIXTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN NO LIABILITY PROOFS OF CLAIM (CUSTOMER CLAIMS)

Upon the one hundred seventy-sixth omnibus objection (the "Objection")[2] of the FTX Recovery Trust[3], for entry of an order (this "Order") sustaining the Objection and disallowing and expunging in their entirety the No Liability Claims set forth in Schedule 1 attached hereto, and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Objection in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Objection and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and responses (if any) to

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

[3] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' (as defined below) confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1].

{1368.003-W0081845.}

the Objection having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Objection and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the FTX Recovery Trust; and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

    IT IS HEREBY ORDERED THAT:

1. The Objection is SUSTAINED as set forth herein.

2. Each No Liability Claim set forth in Schedule 1 attached hereto is disallowed and expunged in its entirety.

3. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to any No Liability Claim referenced or identified in the Objection that is not listed on Schedule 1 attached hereto.

4. Should one or more of the grounds of objection stated in the Objection be dismissed, the FTX Recovery Trust's right to object on any other grounds that the FTX Recovery Trust discovers are preserved.

5. To the extent a response is filed regarding any No Liability Claim, each such No Liability Claim, and the Objection as it pertains to such No Liability Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed a separate order with respect to each No Liability Claim. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant

and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

6. The FTX Recovery Trust is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

7. Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the FTX Recovery Trust may have to enforce rights of setoff against the claimants.

8. Nothing in the Objection or this Order, nor any actions or payments made by the FTX Recovery Trust pursuant to this Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors or the FTX Recovery Trust under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the FTX Recovery Trust's or any other party-in-interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the FTX Recovery Trust; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

9. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Objection or the implementation of this Order.

Dated: July 21st, 2025
Wilmington, Delaware

KAREN B. OWENS
CHIEF JUDGE