Name: Marwan awadh alsehli

Address: united Arab Emirates 3, Pharaohs Inn Deira Hostel

34 Ittihad street, Dubai

Date:2025/7/12

Post code: 00000

Email:

abdullah12awd@gmail.com

Date: 2025/7/12

Honorable Judge Karen B. Owens

District of Delaware

United States Bankruptcy Court 824 North Market Street, 3rd Floor Wilmington, Delaware 19801 USA

Re: Objection to the Designation of Saudi Arabia as a "Restricted Foreign Jurisdiction"

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

Dear Judge Owens:

OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES

Submitted by: Marwa awadh alsehl, FTX Creditors

Preliminary Statement

Marwan awadh alsehl, I am a creditor of FTX Trading Ltd. And its affiliated entities in the bankruptcy case titled In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO). I am submitting this formal objection to the Motion filed by the FTX Recovery Trust for the designation of certain countries, including Saudi Arabia, as "Restricted Foreign Jurisdictions," which would prohibit the distribution of assets to creditors residing in these jurisdictions

1. Crypto is legal in Saudi Arabia.

    (A) The allegations made by the FTX Recovery Trust are entirely false. There is no legal or regulatory system in Saudi Arabia that prohibits the use of cryptocurrencies. Moreover, evidence from Binance — which represents a significant part of the global cryptocurrency ecosystem — is considered credible and admissible in Saudi courts.

    (B) Cryptocurrencies are widely used and considered legal within Saudi society.

      i. According to a report published by KuCoin, a global cryptocurrency exchange platform, approximately 3 million Saudis — representing about  have traded or owned cryptocurrencies as of July 2022. This reflects a significant level of societal adoption of digital assets in the Kingdom.

Source: KuCoin, July 13, 2022

(https://www.kucoin.com/ar/blog/kucoin-into-the-cryptoverse-reveals-increase-in-number-of-saudi-arabian-crypto-investors-adopting-auto-trading-strategies-in-bearish-market)

    (C) Binance CEO is in discussions and negotiations with the Saudi Central Bank to license the Binance platform in Saudi Arabia on January 15, 2025

Source:

Al arabiya

https://ara.tv/24v1p

argaam

https://arg.am/3BC30AEE

      (D) XRP Ripple is a cryptocurrency company that has signed agreements and established cooperation with the Saudi Central Bank in the area of banking network development. This serves as clear evidence that Saudi Arabia maintains a supportive and friendly stance toward the cryptocurrency industry

Source

Forbes:

https://www.forbesmiddleeast.com/industry/other/saudi-arabias-central-bank-signs-deal-with-ripple

    2.

FTX Recovery Trust violates fundamental human rights

      (A) FTX Recovery Trust Motion

"It violates the fundamental principles of legitimate human rights as recognized under international consensus

        i.      Right to Equality and Non-Discrimination

"Everyone is entitled to all the rights and freedoms... without distinction of any kind."

        — UDHR, Article 2
        — International Covenant on Civil and Political Rights (ICCPR), Article 26

        ii.      Right to a Fair Trial and Due Process

"Everyone is entitled... to a fair and public hearing by an independent and impartial tribunal."

        — UDHR, Article 10
        — ICCPR, Article 14

        iii.      Right to Own Property

"Everyone has the right to own property... No one shall be arbitrarily deprived of his property."

        — UDHR, Article 17

3.

FTX Recovery Trust violates U.S. Chapter 11 bankruptcy laws by discriminating against creditors based on their location, which contradicts the principles of fairness and equal treatment under the law

    (A) What FTX Recovery Trust requested is a clear violation of the Bankruptcy Code requires that similarly situated claims be treated equally. This principle is codified in 11 U.S.C. § 1123(a)(4), which mandates that a plan "shall provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment."

    (B) Pursuant to 11 U.S.C. § 1129(b)(1), any confirmed plan under Chapter 11 must not discriminate unfairly and must be fair and equitable with respect to impaired creditor classes. Any distribution scheme that excludes or nullifies creditor claims based solely on geographic or jurisdictional grounds constitutes a violation of the fundamental equitable distribution principles of U.S. bankruptcy law."

© The current distribution plan under the Chapter 11 proceeding violates fundamental bankruptcy principles outlined in 11 U.S.C. §§ 1123(a)(4) and 1129(b)(1). It proposes disparate treatment among similarly situated creditors based solely on geographic or jurisdictional considerations, constituting unfair discrimination.

3. Legally impossible to file a lawsuit merely for returning funds to a rightful creditor

    (A) FTX Recovery Trust, as a foreign entity executing a U.S. court-approved Chapter 11 asset distribution, cannot be legally sued in Saudi Arabia. This conclusion is supported by:

        i.    Lack of jurisdiction under Saudi procedural law.

      ii.      Absence of prohibitive Saudi legislation covering foreign anti-bankruptcy or repayment actions.

      iii.      International legal protections for execution of foreign judicial decisions.

      iv.      Non-resident, non-commercial status of the Trust within Saudi territories.

      v.

(B) Saudi Domestic Law

      i.      Lack of Jurisdiction (Saudi Civil Procedure Law – Article 26)

Saudi courts lack jurisdiction over lawsuits filed against non-Saudis who have no residence or commercial presence in the Kingdom, except in limited cases such as property situated in Saudi Arabia or domestic bankruptcy cases—neither of which apply to the Trust.

CITATION: Article 26 – "The Kingdom's courts shall not have jurisdiction over cases filed against non-Saudis who have no general or designated place of residence in the Kingdom, except where the litigation involves property located in the Kingdom, bankruptcy declared in the Kingdom, or is joined with a defendant residing in the Kingdom".

      ii.      No Criminalization of Foreign Bankruptcy Execution

Saudi law—including the Bankruptcy Law (Royal Decree M/50, 1439H)—penalizes misconduct like fraud or asset concealment by local officers, not the lawful execution of foreign bankruptcy orders by a non-resident trust.

CITATION: Royal Decree M/50 (2018) penalizes misuse of bankruptcy assets or fraudulent behavior, but not lawful executions of foreign bankruptcies .

©. International Legal Principles

      i.      Comity and Enforcement of Foreign Judgments

Saudi Arabia may recognize foreign judgments under comity and certain treaties. However, recognizing or enforcing a foreign judgment is separate from opening venue in Saudi courts to sue a Trustee, especially when actions are not performed within the Kingdom.

CITATION: Enforcement Law (Royal Decree M/53, 1433H), Article 2 prevents enforcement of criminal or administrative orders and excludes those beyond jurisdiction .

### ii.     Immunity of Foreign Judicial Actors

Customary international law shields foreign fiduciaries like bankruptcy trustees, who act under a foreign court's authority, from liability in other jurisdictions, especially when executing legitimate court mandates.

### iii.    Regulatory & Market Context

FTX Recovery Trust has no legal entity or business license in Saudi Arabia.

Cryptocurrency is not illegal in Saudi Arabia; regulatory steps by SAMA and cooperation with firms like Ripple are underway.

No lawful basis exists to treat the Trust's distributions as illicit within the Kingdom.

## iV. Conclusion

FTX Recovery Trust is not a legal defendant in Saudi courts. It:

Lacks presence within Saudi jurisdiction.

Acts under a legitimate U.S. court order.

Faces no contradictory Saudi law.

Is shielded by comity, sovereignty, and judicial immunity principles.

Any legal claim must be brought before the U.S. Bankruptcy Court—not in Saudi Arabia.

4. The argument presented by FTX Recovery Trust is flawed and legally unsound.

The motion filed by the FTX Recovery Trust is defective, unjust, and prejudicial to a substantial class of creditors. A significant number of claimants — myself included — have claims that are primarily based on fiat currency transfers sent to FTX via traditional bank wire transactions. Had the Debtors simply reversed those bank wire transfers to return the funds to the original sending institutions or account holders, there would have been no legal or logistical basis for the proposed Motion. Instead, the Trust now seeks to circumvent the rights of these creditors by invoking jurisdictional limitations that have no foundation in bankruptcy law or international due process standards.

5.

The Celsius and Mt. Gox cases confirm that bankruptcy courts can and have distributed fiat or crypto to claimants in Saudi Arabia and similarly situated countries. The Debtors offer no convincing reason why they cannot do so here.

In closing, I respectfully urge Your Honor, the Honorable Judge Karen B. Owens, and this esteemed Court to uphold the principles of justice and equity for the creditors of FTX. For over two and a half years, we — the victims — have endured immense hardship through no fault of our own. Now, the FTX Recovery Trust seeks to deny rightful distributions to innocent creditors without any legitimate legal justification. Such an action would not only deepen the injustice already suffered but would also undermine the very foundation of fairness and due process in bankruptcy proceedings.

I respectfully request that the Court reject the Motion to implement "Restricted Jurisdiction Procedures" and ensure equal and non-discriminatory treatment for all creditors, regardless of their geographic location.

With utmost respect,

Marwan Awadh Alsehli

From: Marwan Awadh J Alsehli
United Arab Emirates 3, Pharaohs Inn Deira Hostel 34 Ittihad Street, Dubai

SCAN ME

CERTIFIED MAIL

9589 0710 5270 2091 4388 15

To: CLERK OF THE COURT 3022522900
CLERK Of THE COURT U.S.BANKRUPTCY COURT
824 N MARKET ST, 3RD FLOOR
WILMINGTON DE 19801

U.S. POSTAGE $6.37