Name: Petro Rybchak

Address: Konotopska 25, app 13, Lviv, Ukraine, 79057

Email: transmetalcorp@gmail.com

July 17, 2025

Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

RE: Objection to Motion of FTX Recovery Trust to Implement Restricted Jurisdiction Procedures (D.I. 31148)
In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

Dear Judge Owens:

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

In re:

FTX Trading Ltd., et al.,

Debtors.

Chapter 11

Case No. 22-11068 (KBO)

(Jointly Administered)

RECEIVED
2025 JUL 25 P 2:30
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES (D.I.31148)**

**TO THE HONORABLE KAREN B. OWENS, UNITED STATES BANKRUPTCY JUDGE:**

I, Petro Rybchak, a creditor of FTX Trading Ltd. and its affiliated debtors (collectively, the "Debtors"), respectfully submit this objection to motion of FTX Recovery Trust to implement restricted jurisdiction procedures. I have fully complied with all Know Your Customer (KYC) procedures required by the Debtors in a timely manner and possess supporting documentation to verify my compliance. My Account ID is [89813487] and my Unique Customer Code is [4087357]. I request that this Court deny the Debtors' motion to suspend payments to me and other Ukrainian creditors, as such suspension lacks legal and factual basis for the reasons set forth below.

INTRODUCTION

1. I am an individual creditor residing in Ukraine, with a valid claim against the Debtors' estate arising from my use of the FTX.com cryptocurrency exchange prior to its bankruptcy filing on November 11, 2022. My claim is recognized under the Debtors' Plan of Reorganization (the "Plan"), confirmed by this Court on October 7, 2024, which provides for the repayment of 98% of creditors by number at approximately 119% of their allowed claims in U.S. dollars within 60 days of the Plan's effective date, subject to compliance requirements.

2. On or about July 2, 2025, the FTX Recovery Trust filed a motion seeking to halt distributions to creditors in 49 jurisdictions, including Ukraine, citing potential legal and compliance risks due to alleged restrictive cryptocurrency policies in those regions.

3. As a Ukrainian creditor who has fully complied with all KYC procedures and holds supporting documentation, I submit that the proposed suspension of payments to me and other Ukrainian creditors is unwarranted and unjust. Cryptocurrencies and their circulation are not prohibited in Ukraine, and the Debtors' repayments are calculated and distributed in U.S. dollars—a standard and legal form of repayment universally recognized, including in Ukraine. Suspending payments would unfairly prejudice my rights and those of other Ukrainian creditors, violating the equitable principles of the Debtors' confirmed Plan.

LEGAL AND FACTUAL BASIS FOR OBJECTION

A. Successful Completion of KYC Procedures

4. I have completed all KYC procedures required by the FTX Recovery Trust in a timely manner, as stipulated by the Debtors' claims administration process. I possess supporting documentation which confirm my compliance with all applicable requirements for receiving distributions under the Plan.

5. My full compliance with KYC procedures demonstrates my eligibility to receive distributions and eliminates any compliance-related concerns the Debtors may raise regarding payments to Ukrainian creditors. The Debtors have not alleged any specific deficiencies in my KYC submission, nor have they provided evidence that my status as a Ukrainian resident poses unique compliance risks.

B. Cryptocurrencies Are Not Prohibited in Ukraine

6. The FTX Recovery Trust's motion suggests that restrictive cryptocurrency policies in Ukraine justify suspending payments. This assertion is factually incorrect. Ukraine has a progressive legal framework for cryptocurrencies. On September 8, 2021, the Verkhovna Rada of Ukraine passed the Law of Ukraine "On Virtual Assets" (No. 2074-IX), signed into law on February 17, 2022, and effective as of March 16, 2022. This law recognizes virtual assets, including cryptocurrencies, as legal intangible assets and permits their use, circulation, and exchange.

7. The Law on Virtual Assets is regulated by the National Securities and Stock Market Commission and the National Bank of Ukraine, establishing a framework for individuals and entities to hold, trade, and exchange cryptocurrencies without prohibition. Amendments to the Tax Code of Ukraine in 2022 further clarified the tax treatment of virtual assets, reinforcing their legal status.

8. Ukraine's acceptance of over $100 million in cryptocurrency donations for humanitarian and defense purposes since February 2022 underscores the government's support for cryptocurrencies. There are no legal prohibitions in Ukraine that prevent me from receiving a distribution, particularly when such distribution is in U.S. dollars.

C. Repayments Are in U.S. Dollars, a Legal and Standard Form of Repayment

9. The Debtors' Plan provides for distributions in U.S. dollars, based on the dollarized value of claims as of November 11, 2022, with additional interest. This "dollarization" approach is standard in U.S. bankruptcy proceedings and ensures equitable treatment of creditors.

10. The U.S. dollar is a legal and recognized form of payment in Ukraine. The National Bank of Ukraine permits transactions in foreign currencies, including U.S. dollars, subject to standard banking regulations and KYC requirements, which I have already satisfied. There are no restrictions under Ukrainian law preventing me from receiving U.S. dollar payments from the FTX Recovery Trust for bankruptcy distributions.

11. The Debtors' motion does not claim that U.S. dollar distributions violate Ukrainian law. Instead, it references "restrictive crypto policies" without addressing the fact that distributions are in cash, not cryptocurrencies. As such, concerns about cryptocurrency regulations are irrelevant to the repayment process.

D. Suspension of Payments Lacks Justification and Causes Undue Hardship

12. Suspending payments to Ukrainian creditors, including myself, would cause significant financial hardship, particularly given the economic challenges in Ukraine due to the ongoing conflict. I have relied on the Debtors' commitment to repay creditors promptly, as outlined in the confirmed Plan, to recover losses incurred from the FTX collapse.

13. The Debtors' motion affects only 5% of total claims by value but impacts a significant number of individual creditors like me who depend on these distributions. Denying payments to Ukrainian creditors without evidence of legal prohibitions violates the equitable principles of the U.S. Bankruptcy Code and the Plan's goal of repaying 98% of creditors at 119% of their claims.

14. The Debtors have not provided specific evidence that distributions to Ukrainian creditors violate local or international laws. Public information, including posts on X, indicates that the FTX Recovery Trust is consulting local legal experts in Ukraine. I request that the Debtors disclose these findings to the Court, as they are likely to confirm that distributions in U.S. dollars to KYC-compliant creditors pose no legal or compliance risks.

RELIEF REQUESTED

WHEREFORE, I, Petro Rybchak, respectfully request that this Honorable Court:

1. Deny the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures: Reject the Debtors' request to halt distributions to creditors in Ukraine, as there is no legal prohibition on cryptocurrencies or U.S. dollar transactions in Ukraine.

2. Order Prompt Distribution to Ukrainian Creditors: Direct the Debtors to proceed with distributions to me and other Ukrainian creditors in accordance with the confirmed Plan.

3. Require Evidence from the Debtors: Mandate that the FTX Recovery Trust submit specific evidence of any legal or compliance risks in Ukraine, including findings from local legal counsel, before any further consideration of the motion.

4. Grant Further Relief: Provide such other and further relief as the Court deems just and proper.

CERTIFICATION

I, Petro Rybchak, certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. I respectfully request a hearing on this matter at the Court's earliest convenience and reserve the right to supplement this objection.

Dated: July 17, 2025

Lviv, Ukraine

Respectfully submitted,

/_____/ Petro Rybchak

CERTIFICATE OF SERVICE

I, Petro Rybchak, hereby certify that on July 17, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com
- Andrew G. Dietderich – dietdericha@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 17, 2025
Lviv, Ukraine

/_____ / Petro Rybchak

