## EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. __** |

## ORDER SUSTAINING FTX RECOVERY TRUST'S ONE HUNDRED NINETY-THIRD (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN NO LIABILITY PROOFS OF CLAIM (NON-CUSTOMER CLAIMS)

Upon the one hundred ninety-third omnibus claim objection (the "Objection")[2] of the FTX Recovery Trust[3] for entry of an order (this "Order") sustaining the Objection and disallowing and expunging in their entirety claim numbers 95770, 95771, 95772, and 95553 (the "Claims") as set forth in Schedule 1 attached hereto, and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Objection in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Objection and

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]  Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

[3]  The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) (the "Trust") was established on January 3, 2025, the effective date of the Debtors' (as defined below) confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1].

the relief requested therein has been provided in accordance with the Bankruptcy Rules and the

Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary;

and responses (if any) to the Objection having been withdrawn, resolved, or overruled on the

merits; and a hearing having been held to consider the relief requested in the Objection and upon

the record of the hearing and all of the proceedings had before this Court; and this Court having

found and determined that the relief set forth in this Order is in the best interests of the Trust; and

that the legal and factual bases set forth in the Objection establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Objection is SUSTAINED as set forth herein.

2.      Claim numbers 95770, 95771, 95772, and 95553, as set forth in Schedule 1

attached hereto, are disallowed and expunged in their entirety.

3.      This Order has no res judicata, estoppel, or other effect on the validity,

allowance, or disallowance of, and all rights to object to or defend on any basis are expressly

reserved with respect to any claim referenced or identified in the Objection that is not listed on

Schedule 1 attached hereto.

4.      Should one or more of the grounds of objection stated in the Objection be

dismissed, the Trust's right to object on any other grounds that the Trust discovers is preserved.

5.      To the extent a response is filed regarding any Claim, each such Claim, and

the Objection as it pertains to such Claim, will constitute a separate contested matter as

contemplated by Bankruptcy Rule 9014.  This Order will be deemed a separate order with respect

to each Claim.  Any stay of this Order pending appeal by any claimants whose claims are subject

to this Order shall only apply to the contested matter which involves such claimant and shall not

act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

6.      The Trust is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

7.      Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights that the Trust may have to enforce rights of setoff against the Claimants.

8.      Nothing in the Objection or this Order, nor any actions or payments made by the Trust pursuant to this Order, shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors or the Trust under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Trust's or any other party-in-interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Trust; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

9.      This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

-3-

10.     This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Objection or the implementation of this Order.

Dated: _____

Wilmington, Delaware

_____

The Honorable Karen B. Owens
Chief United States Bankruptcy Judge

## <u>SCHEDULE 1</u>

**No Liability Claims**

**FTX Trading Ltd. 22-11068 (KBO)**
**One Hundred Ninety-Third Omnibus Claims Objection**
**Schedule 1 - No Liability Claims**

| Claim Number | Name | Debtor | Asserted Claims Filed Amount |
|---|---|---|---|
| 95770 | Chunawala, Bhavika | Alameda Research Ltd | $7,004,069.95 |

Claim 95770 should be disallowed and expunged in its entirety for the reasons set forth in the objection.

| 95772 | Rahevar, Palak | Alameda Research Ltd | $2,672,418.70 |

Claim 95772 should be disallowed and expunged in its entirety for the reasons set forth in the objection.

| 95553 | Rajput, Rikesh | Alameda Research Ltd | $2,750,161.70 |

Claim 95553 should be disallowed and expunged in its entirety for the reasons set forth in the objection.

| 95771 | Rajput, Rupesh | Alameda Research Ltd | $2,586,026.59 |

Claim 95771 should be disallowed and expunged in its entirety for the reasons set forth in the objection.