# **Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 30077, 30078, 30079, 30080, 30081, 30364, 30365, 30366, 30367 & 30900 |

**ORDER GRANTING IN PART AND DENYING IN PART
CROSS-MOTION OF SETH MELAMED SEEKING TO
COMPEL ARBITRATION OF THE CLAIMS**

Upon the Cross-Motion (the "**Cross-Motion**") of Seth Melamed ("**Melamed**") seeking the entry of an order (this "**Order**") compelling arbitration of proofs of claim numbers 3244, 3353, 3385, and 4578 and the administrative claim filed by Melamed on November 7, 2024 [D.I. 30077] (collectively, the "**Claims**" and each a "**Claim**"); and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that proper and adequate notice of the Cross-Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the Court having reviewed the opposition of the FTX Recovery Trust (the "**Trust**") [D.I. 30364] and the declarations submitted in connection therewith; and the Court having reviewed the reply of Melamed [D.I. 30900]; and the Court

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

having heard argument on the Cross-Motion on June 25, 2025; and the Court having issued an oral ruling on July 22, 2025; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Cross-Motion is resolved as set forth on the record in the Court's oral decision of July 22, 2025. Other than with respect to the issues resolved by that decision, the Trust's amended objection to the Claims [D.I.28643] (the "**Claims Objection**") shall be subject to further proceedings before the Court and the Parties' rights in that regard are reserved.

2. The Cross-Motion is GRANTED with respect to Claim No. 3385 only and DENIED with respect to Claims 3244, 3353 and 4578 and the administrative claim.

3. Melamed's request to stay the remaining Claims pending arbitration of Claim No. 3385 is DENIED.

4. The Trust and Melamed are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

5. Nothing in the Claims Objection or this Order, nor any actions by Melamed or the Trust pursuant to this Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors or the Trust under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Trust's or any other party-in-interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Trust; or (f) a waiver of any claims

or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

6. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

7. Except as stated herein, this Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Claims Objection or the implementation of this Order.

Dated:_____
       Wilmington, Delaware

_____
THE HONORABLE KAREN B. OWENS
CHIEF UNITED STATES BANKRUPTCY JUDGE