# **Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[2]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Nos. 20051, 20052, 23170, 23171, 23173, 28643, 28645, 28646, 30077, 30078, 30079, 30080, 30081, 30364, 30365, 30366, 30367** |

**ORDER SUSTAINING IN PART DEBTORS' AMENDED OBJECTION TO
PROOFS OF CLAIM FILED BY SETH MELAMED**

Upon the amended objection [D.I.28643] (the "Claims Objection") of the FTX Recovery Trust for entry of an order disallowing and expunging in their entirety proofs of claim numbers 3244, 3353, 3385, and 4578 and the administrative claim filed by Seth Melamed on November 7, 2024 [D.I. 27798] (the "Administrative Claim," and collectively, the "Claims") pursuant to section 502 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Seth Melamed's cross-motion to compel arbitration [D.I. 30077] (the "Cross-Motion");  and this Court having jurisdiction to consider the Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Claims Objection in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of the Claims Objection and Cross-Motion; and upon the Court considering on June 25, 2025 as an initial matter (i) whether all or some of the disputes in this matter should be submitted to arbitration; (ii) whether the portion of Claim 3385 that

---

[2] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1

relates to the Crypto Consideration[3] should be valued pursuant to the Court's *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] (the "Estimation Order"); and (iii) whether the remainder of Claim 3385 should be subordinated under 11 U.S.C. § 510(b) (the "Threshold Issues"); and the Court having issued an oral ruling on July 22, 2025; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Threshold Issues are resolved as set forth on the record in the Court's oral decision of July 22, 2025. Other than with respect to the resolved Threshold Issues, the Claims Objection shall be subject to further proceedings before the Court and the Parties' rights in that regard are reserved. The parties shall meet and confer on a schedule governing litigation of the remaining issues pending before the Court and will submit a proposed scheduling order to the Court with respect to those claims.

2. The Claims Objection is SUSTAINED to the extent that it seeks to subordinate pursuant to 11 U.S.C. § 510(b) any portion of Claim 3385 relating to the shares of FTX Trading Ltd. ("FTX Shares") provided to Melamed as consideration for FTX's purchase of Liquid Group, Inc., including any indemnity claim related to the FTX Shares. To the extent any claim is ultimately allowed relating to the FTX Shares, it shall be allowed only as a Class 14 Section 510(b) Other Equity Claim, as defined in the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1] (the "Plan").

3. The Claims Objection is SUSTAINED insofar as it relates to those specified cryptocurrency tokens which FTX Trading Ltd. held as retained consideration for the sale of Liquid under the SPA (the "**Crypto Consideration**"), specifically the 39 BTC, 560 ETH, 11,885 SOL, and 47,532 FTT. The claim on account of those tokens is a "Claim in Respect of [] Digital Asset[s]," as that term is defined in section 4.4 of the Plan and shall be valued in accordance with the Estimation Order."

---

[3] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Claims Objection.

The Court reserves judgment regarding the allowance, classification, treatment and subordination of any indemnification claim arising from the Crypto Consideration.

4. The Trust and Melamed are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

5. Nothing in the Claims Objection or this Order, nor any actions by Melamed or the Trust pursuant to this Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors or the Trust under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Trust's or any other party-in-interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Trust; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

6. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

7. Except as stated herein, this Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Claims Objection or the implementation of this Order.

Dated: _____
Wilmington, Delaware

                                          THE HONORABLE KAREN B. OWENS
                                          CHIEF UNITED STATES BANKRUPTCY JUDGE