**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Nos. 30898 & 31992** |
|  | **Hearing Date: August 12, 2025 at 9:30 a.m. (ET)** |
|  | **Objection Deadline: August 5, 2025 at 4:00 p.m. (ET)** |

**OBJECTION OF THE FTX RECOVERY TRUST TO AMENDED MOTION TO**
**EXTEND TIME TO COMPLETE KYC REQUIREMENTS**

The FTX Recovery Trust[2] hereby submits this objection (this "Objection") to the

*Amended Motion to Extend Time to Complete KYC Requirements* [D.I. 31992] (the "Motion"),

filed by Gellert Seitz Busenkell & Brown LLC ("GSBB") and Morgan & Morgan, P.A. ("Morgan

& Morgan"). The FTX Recovery Trust respectfully requests that the Motion be denied and in

support of this Objection, the FTX Recovery Trust respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      Morgan & Morgan—a law firm that purports to represent customers—seeks

an indefinite extension of the June 1, 2025 deadline set by order of the Court to complete the Know

Your Customer ("KYC") procedures required for claim allowance for an unspecified number of

customers. The Motion is the latest example of Morgan & Morgan wasting estate resources and

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of post-effective date debtor entities in these chapter 11 cases, a complete list of the post-effective date debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Recovery Trust's claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established through the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Plan"), which became effective on January 3, 2025 [D.I. 29127]. Capitalized terms not defined herein shall have the same meaning set forth in the Plan.

interfering with the administration of this estate.  At various points during these Chapter 11 Cases, Morgan & Morgan has sought special treatment on behalf of its purported clients, acted on behalf of customers who object to such representation, and maneuvered to coopt creditor claims for its own economic benefit without holder consent.

2.      Morgan & Morgan initially filed a substantively identical motion, the *Motion to Extend Time to Complete KYC Requirements* [D.I. 30432] (the "Original Motion"), to which the FTX Recovery Trust objected.[3]  Rather than responding to the FTX Recovery Trust's Original Objection, Morgan & Morgan simply amended the Original Motion and ignored the serious procedural deficiencies identified by the FTX Recovery Trust.  What Morgan & Morgan actually wants is for the Court to reconsider its *Order Sustaining Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims* [D.I. 29464] (the "KYC Objection Order").  The June 1, 2025 deadline was Court-ordered long ago in the context of sustaining a duly-noticed claims objection in furtherance of the KYC verification process and administration of this estate, and thus is not a date that can simply be extended by motion.  Morgan & Morgan did not—and cannot—satisfy the requirements under rule 9024 or rule 9023 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") for relief from or to reconsider, respectively, the KYC Objection Order.

3.      Even if Morgan & Morgan could somehow overcome this fatal deficiency, the Motion provides no valid substantive reason as to why additional time to complete the long-established customer KYC process necessary for claim allowance is warranted.  The KYC collection process was ordered by the Court nearly two years ago.  The Plan has been confirmed

---

[3]     *Objection of the FTX Recovery Trust to Motion to Extend Time to Complete KYC Requirements* [D.I. 30898] (the "Original Objection").

and is effective, and multiple distributions have been made in accordance with the terms of the Plan.  There must be resolution of the KYC collection process with respect to the allowance of customer claims.  The June 1, 2025 deadline to submit all necessary KYC information was established by a duly issued Court order to facilitate the resolution of all legitimate claims and the prompt distribution of value on account of Allowed Claims.

4.    Moreover, the Motion's attempt to remedy Morgan & Morgan's lack of standing is unconvincing.  The Motion is filed on behalf of Morgan & Morgan's purported clients, supported by a statement filed pursuant to Bankruptcy Rule 2019 and a supporting declaration from Mr. Benjamin Webster.  However, the FTX Recovery Trust has significant doubts regarding the validity and veracity of the information contained in the Bankruptcy Rule 2019 statement and Mr. Webster's declaration, including because at least one purported client has expressly requested to rescind its retainer agreement with Morgan & Morgan and that the Bankruptcy Rule 2019 statement, by Morgan & Morgan's own admission, contains many purported clients with whom Morgan & Morgan is no longer in contact.

5.    To the extent Morgan & Morgan actually has clients which held Claims, those clients had more than ample time to submit the required KYC information—an issue conclusively resolved by the Court upon entry of the KYC Objection Order.  The KYC Objection Order was precisely intended to bring finality to claims held by absentee and non-responsive claimants so that the FTX Recovery Trust can progress with claims reconciliation and returning value to Holders of Allowed Claims.  Accordingly, the FTX Recovery Trust respectfully requests that the Court deny the Motion.

## RELEVANT BACKGROUND

6.    On June 28, 2023, this Court entered the *Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs*

*of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1793] (the "<u>Customer Bar Date Order</u>").  The Customer Bar Date Order established September 29, 2023 as the deadline to file proofs of claim on account of Customer Claims and ordered, among other things, that as part of the proof of claim submission process, the original holder of the Customer Claim shall submit KYC information as a prerequisite to the allowance of any such Claim.

7.      On November 11, 2024, the Debtors filed the *Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims* [D.I. 28225] (the "<u>Omnibus Claims Objection</u>") seeking to establish deadlines for customers to commence the KYC process and to submit all requested KYC information.

8.      The Court granted the Omnibus Claims Objection and, on February 3, 2025, established (i) a March 1, 2025 deadline to commence[4] the KYC submission process and (ii) a June 1, 2025 deadline to "submit all KYC information requested by the Debtors or their KYC vendors."  (KYC Objection Order ¶¶ 2-3.)

9.      On April 2, 2025, the FTX Recovery Trust filed the *Notice of Expungement of Unverified Customer Entitlement Claims* [D.I. 30042] confirming over 390,000 claims that were expunged pursuant to the KYC Objection Order for failure to commence KYC by March 1, 2025. To the extent a customer experienced technical difficulties logging on to the customer portal or submitting the required KYC documents and contacted the FTX Recovery Trust prior to the deadline, the FTX Recovery Trust reasonably worked with those customers to resolve their issues.

---

[4]    The KYC Objection Order defined "commencing" the KYC submission process as logging into the Customer Claims Portal and beginning "Step 3 – Provide Know Your Customer (KYC) Information."

10.     On May 16, 2025, on the eve of the expiration of the June 1, 2025 deadline, Morgan & Morgan filed the Original Motion requesting an extension of the June 1, 2025 deadline for an unspecified group of customers.  On June 18, 2025, the FTX Recovery Trust filed the Original Objection in response to the Original Motion.  Morgan & Morgan requested, twice, to adjourn the hearing on the Original Motion—from the June 25, 2025 hearing to the July 22, 2025 hearing and again to the August 12, 2025 hearing.

11.     On July 2, 2025, the FTX Recovery Trust filed the *Notice of Expungement of Unverified Customer Entitlement Claims* [D.I. 31139] confirming over 47,600 claims that were expunged pursuant to the KYC Objection Order for failure to complete KYC by June 1, 2025.  To the extent a customer has experienced technical difficulties logging on to the customer portal or submitting the required KYC documents and contacted the FTX Recovery Trust prior to the deadline, the FTX Recovery Trust has reasonably worked with such customers to resolve those issues.

12.     On July 29, 2025, Morgan & Morgan filed the *Verified Statement of Gellert Seitz Busenkell & Brown LLC and Morgan & Morgan, P.A. Pursuant to Bankruptcy Rule 2019* [D.I. 31989] disclosing its purported representation of various clients in these Chapter 11 Cases.

13.     Additionally, on July 29, 2025, Morgan & Morgan filed the pending Motion requesting an indefinite extension for all of its purported clients, without responding to the substance of the Original Objection or providing proof that any of its purported customers had genuine technical difficulties and contacted the FTX Recovery Trust prior to the KYC completion deadlines.

**OBJECTION**

### I.    The Motion Improperly Seeks Reconsideration of an Entered Order and Does Not Satisfy the Applicable Standard.

14.    This Court entered the KYC Objection Order on February 3, 2025 sustaining the Omnibus Claims Objection.  Over three months after entry of the KYC Objection Order, under the guise of a "motion to extend," Morgan & Morgan seeks to subvert the long-passed objection deadline of the Omnibus Claims Objection and substantively asks the Court to reconsider its KYC Objection Order—specifically the approved June 1, 2025 deadline to submit all KYC information.  Morgan & Morgan does not address, never mind attempt to satisfy, the applicable legal standards to obtain relief from a final non-appealable order of this Court under rule 60 or rule 59 of the Federal Rules of Civil Procedure.  Instead, Morgan & Morgan improperly asks the Court to extend its previously ordered deadline granted in the context of a final and non-appealable order sustaining claims objections.  That is not permissible and the Motion should be denied on that basis alone.

15.    Rule 60(b) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 9024, provides limited bases to seek relief from an final order of this Court, none of which are applicable:  (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (iii) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (iv) the judgment is void; (v) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (vi) any other reason that justifies relief.  Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024.  As the Court has noted, relief from a final order under rule 60(b) is extraordinary relief, to be granted only upon exceptional circumstances.

*In re Vision Metals, Inc.*, 311 B.R. 692, 698 (Bankr. D. Del. 2004) ("[r]elief is appropriate under Rule 60(b) only upon a showing of exceptional circumstances and where, absent such relief, an extreme and unexpected hardship will result.").

16.     Morgan & Morgan has not attempted to, and cannot possibly demonstrate, mistake, newly discovered evidence or any other reason that would justify reconsideration of the KYC Objection Order under rule 60, let alone establish the "exceptional circumstances" required for its application.  Morgan & Morgan completely ignores the applicable legal standards for relief from a final and non-appealable order, and instead simply requests the Court extend indefinitely the June 1, 2025 deadline under the KYC Objection Order.

17.     Furthermore, rule 59(e) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 9023, provides that a motion to reconsider may only be brought within 28 days after the entry of a judgment.  Pursuant to rule 59(e), a judgment may be altered or amended only when the party seeking reconsideration shows: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in manifest injustice.  *In re W.R. Grace & Co.*, 384 B.R. 670, 674–75 (Bankr. D. Del. 2008) (citing *Max's Seafood Cafe ex rel. Lou–Ann, Inc.* v. *Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  Morgan & Morgan's request is therefore late because the time to seek reconsideration passed long ago, and it cannot in any event satisfy any of the applicable bases for reconsideration if the Court were to deem the Motion as making such a request.  The Motion therefore fails as a matter of law and must be denied.

## II.    Morgan & Morgan Fails to Provide Any Valid Reason for an Extension.

18.     Even if the Court were inclined to further consider Morgan & Morgan's fatally defective Motion (and it should not), Morgan & Morgan has not provided *any* reason as to

why additional time for any of its purported clients is warranted.  There have been numerous reminders, notices, and requests over the last two years sent to all customers with instructions and warnings about the need to complete the Court-approved KYC verification procedures prior to entry of the KYC Objection Order (Omnibus Claims Obj. ¶¶ 14-20), as well as several additional notices since entry of the KYC Objection Order detailing the KYC process, the Omnibus Claims Objection, and the effect of the KYC Objection Order on June 1, 2025 if the requested information was not provided.  Throughout this two-year period, the FTX Debtors, and since the Effective Date, the FTX Recovery Trust, have worked to accommodate customers who have attempted to complete the KYC procedures and reached out in good faith prior to the Court-ordered deadlines with technical or other issues.

19.     As "evidence" of its purported clients' technical issues, Morgan & Morgan offers only the declaration of Ms. Paityn Nelson, a paralegal at Morgan & Morgan, who declares that she has communicated with FTX Support regarding the technical issues of Morgan & Morgan's purported clients.  There are no specific details of these technical issues or what attempts were made by the listed customers to comply with the KYC requirements. There is, in fact, no evidence presented that any customer on Morgan & Morgan's purported client list has any unresolved technical issue.[5]

20.     All creditors in these Chapter 11 Cases have had ample time and notice to complete the KYC process.  The KYC Objection Order is expressly intended to expunge the claims of those who have been chronically absent and unresponsive, and it is exactly for certain of these

---

[5]     Morgan & Morgan has also failed to confirm that Ms. Nelson will be attending the August 12, 2025 hearing in person and available for cross-examination.  Failing to do so renders her declaration inadmissible and it should be stricken from the record and not considered in support of the Motion.

claimants whom Morgan & Morgan now improperly seeks to extend the deadline and undermine the KYC Objection Order's very purpose with no justification.

21.     Consistent with the specious nature of the Motion, Morgan & Morgan does not even limit its extension request to its own purported clients but instead requests an extension of time for *all customers*—none of whom have engaged Morgan & Morgan to make such a request and on behalf of whom no standing exists.  Such overly broad requested relief is facially unavailable and unwarranted.

22.     Notwithstanding the abundance of notice and opportunity to object to these deadlines, neither Morgan & Morgan nor any of their purported customer clients appeared at any proceeding, did not file an objection to the Omnibus Claims Objection or entry of the KYC Objection Order, and did not raise any concerns with this Court until the eve of the June 1, 2025 deadline.  The threadbare Motion does not set forth any justification for the extension of the KYC deadline for *any* of Morgan & Morgan's so-called clients, let alone anyone else.

23.     Finally, Morgan & Morgan also conflates the KYC process, which is one component of the claim allowance process, with determination and allowance of specific claim amounts.  (Mot. at ¶ 2.)  Section 8 of the Plan provides that unless "Allowed," all Claims are "Disputed" and that the Plan Administrator currently has until January 3, 2026 (*i.e.*, one year after the Effective Date) to reconcile, resolve and, if needed, object to and prosecute, Disputed Claims (each such capitalized term, as defined in the Plan).  Given that there is time remaining and the January 3, 2026 deadline is subject to extension by the Court, there is no basis for Morgan & Morgan to demand reconciliation of its purported clients' claims.  The Plan Administrator and its advisors are in the process of reviewing and reconciling hundreds of thousands of Claims, and there is no basis for any of Morgan & Morgan's purported clients to jump the line.

## III.    Morgan & Morgan Has Not Established Standing.

24.    Morgan & Morgan attempted to remedy its standing deficiency by filing the amended Motion on behalf of purported clients and filing a statement pursuant to Bankruptcy Rule 2019 disclosing its purported representation of clients.  However, several of its supposed clients have filed objections with the Court contesting documentation that appears to have been prepared by Morgan & Morgan to transfer those clients' claims directly to Morgan & Morgan.  *See Objection to Transfer of Claim – Claim No. 6319* [D.I. 29947] and *Objection to Transfer of Claim No. 6304 & 80161* [D.I. 29870].  Alarmingly, one purported client filed the *Motion to Rescind Retainer Agreement* [D.I. 29867], stating that Morgan & Morgan acted "against [his] best interests" and requesting that his retainer agreement be rescinded "to prevent further financial and legal harm caused by Morgan & Morgan's unethical and misleading actions."  The inclusion of these individuals on Morgan & Morgan's Bankruptcy Rule 2019 statement as "clients" casts significant doubt as to whether Morgan & Morgan has authorization from any of its purported clients to pursue this Motion or take any other action on their behalf.

25.    Morgan & Morgan remarkably acknowledges that some of its clients "have not been responsive since engaging [Morgan & Morgan] to represent them," casting further doubt on Morgan & Morgan's authorization to act generally or with respect to the specific relief requested.  (*See* Mot. ¶ 10.)[6]

---

[6]    Morgan & Morgan has also repeatedly requested customer information relating to their clients' distributions, including the timing, amounts and whether they have been received.  (*See* Mot. ¶ 9.)  The FTX Recovery Trust has denied these requests, as the requested information is not relevant to the relief requested in the Motion (if a purported client had issues completing or starting KYC, such client would not have an allowed claim that would be entitled to any distributions under the Plan).  Moreover, since the requested information relates to sensitive customer information, the FTX Recovery Trust will not provide this information absent specific and direct authorization from Morgan & Morgan's clients in writing.  If these in fact are Morgan & Morgan's clients, it should already have access to this information directly from them.

26. Morgan & Morgan offers the declaration of Mr. Benjamin Webster, an attorney at Morgan & Morgan, who merely asserts that to the best of his knowledge each customer listed on Exhibit A to the Motion has signed an engagement agreement. (Webster Decl. ¶ 3.) These purported agreements have not been provided, and there are no further details such as dates of engagement, the scope of any such agreements, or whether any of them have been terminated or rescinded. Furthermore, there are no responses to the purported clients who filed objections and/or attempted to publicly rescind their representations.

27. As a result, there is serious doubt as to the validity and veracity of the Bankruptcy Rule 2019 statement and whether Morgan & Morgan in fact represents and has authority to act on behalf of any of these purported clients. The FTX Recovery Trust has requested confirmation from Morgan & Morgan that Mr. Webster will attend the August 12, 2025 hearing in person and be available for cross-examination. As of the filing of this Objection, the FTX Recovery Trust has not received a response. Absent such confirmation, Mr. Webster's declaration should be stricken from the record and not considered in connection with the Motion.

28. The questions and circumstances surrounding the Bankruptcy Rule 2019 statement and Mr. Webster's declaration make it impossible to conclude that Morgan & Morgan actually represents any creditors with admissible evidence. Morgan & Morgan has not established standing and should not be heard on the Motion.

29. For the foregoing reasons, the FTX Recovery Trust respectfully submits that the Motion should be denied.

Dated: August 5, 2025                **LANDIS RATH & COBB LLP**
      Wilmington, Delaware

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:  landis@lrclaw.com
      mcguire@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:  dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*