**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Nos. 30899 & 31993** |
|  | **Hearing Date: August 12, 2025 at 9:30 a.m. (ET)**<br>**Objection Deadline: August 5, 2025 at 4:00 p.m. (ET)** |

### OBJECTION OF THE FTX RECOVERY TRUST TO AMENDED MOTION TO APPEAR REMOTELY VIA VIDEO CONFERENCE

The FTX Recovery Trust[2] hereby submits this objection (this "Objection") to the

*Amended Motion to Appear Remotely Via Video Conference* [D.I. 31993] (the "Motion"), filed by

Gellert Seitz Busenkell & Brown LLC ("GSBB") and Morgan & Morgan, P.A. ("Morgan &

Morgan").  The FTX Recovery Trust respectfully requests that the Motion be denied and in support

of this Objection, the FTX Recovery Trust respectfully states as follows:

### PRELIMINARY STATEMENT

1.     Morgan & Morgan is wasting estate resources with its continued frivolous

motion practice.  Morgan & Morgan previously filed a motion to extend the time to complete KYC

along with a motion to appear remotely to which the FTX Recovery Trust objected.[3]  Rather than

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively.  Due to the large number of post-effective date debtor entities in these Chapter 11 Cases, a complete list of the post-effective date debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the FTX Recovery Trust's claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]  The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established through the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Plan"), which became effective on January 3, 2025 [D.I. 29127].

[3]  *See Motion to Extend Time to Complete KYC Requirements* [D.I. 30432] (the "Original Motion to Extend"); *Motion to Appear Remotely Via Video Conference* [D.I. 30433] (together with the Original Motion to Extend, the

replying to the substantive objections raised by the FTX Recovery Trust, Morgan & Morgan merely attempted to fix two basic procedural deficiencies, filed amended motions and ignored the FTX Recovery Trust's substantive objections.  Nothing has changed substantively since the filing of the Original Motions to warrant any different result—both the Motion and the *Amended Motion to Extend Time to Complete KYC Requirements* [D.I. 31992] (the "Extension Motion") should be denied.

2.    In the Motion, Morgan & Morgan seeks permission from this Court to appear via videoconference at the August 12, 2025 hearing on its Extension Motion. Notwithstanding its amendment, the Extension Motion remains procedurally deficient, seeks improper relief, and should be denied.[4]  Morgan & Morgan should not be permitted to lob a baseless and procedurally deficient filing like the Extension Motion before the Court and then be excused from having to appear before the Court to prosecute it.

3.    Morgan & Morgan has cited no valid extenuating circumstances to appear remotely.  Pursuant to this Court's Chambers Procedures (the "Chambers Procedures"), parties must demonstrate extenuating circumstances to appear remotely.  Morgan & Morgan cites "scheduling conflicts" as its justification to appear remotely for the August 12, 2025 hearing and all future unscheduled hearings.  However, the Know Your Customer ("KYC") verification process that the Extension Motion is seeking to extend has been ongoing for two years.  Morgan & Morgan has had ample time to seek relief from the Court before the August 12, 2025 hearing to avoid these "scheduling conflicts."  After all, Morgan & Morgan is the movant and is seeking to

---

"Original Motions"); *Objection of the FTX Recovery Trust to Motion to Extend Time to Complete KYC Requirements* [D.I. 30898]; *Objection of the FTX Recovery Trust to Motion to Appear Remotely Via Video Conference* [D.I. 30899].

[4]    Concurrent with the filing of this Objection, the FTX Recovery Trust is also filing an objection to the Extension Motion.

have the Extension Motion heard at the August 12, 2025 hearing, after requesting and receiving the consent of the FTX Recovery Trust for two separate adjournments from the June 25, 2025 hearing on the Original Motions (for which Morgan & Morgan *also* cited "scheduling conflicts").

4.      Moreover, Morgan & Morgan is also seeking blanket authorization to appear remotely for all future hearings.  As no future hearings have been scheduled, Morgan & Morgan cannot possibly assert genuine "scheduling conflicts" or any other "extenuating circumstances" for appearing remotely for any future hearings that may be scheduled of interest to them.

5.      Morgan & Morgan stated in the Motion that GSBB, Morgan & Morgan's Delaware counsel, will attend the August 12, 2025 hearing and all future hearings in person.  (Mot. at ¶ 6.)  The FTX Recovery Trust does not object if Morgan & Morgan is appearing to listen while GSBB argues the Extension Motion on behalf of Morgan & Morgan's alleged clients.  However, if, as it appears, attorneys from Morgan & Morgan intend to appear and argue the Motion and/or the Extension Motion, they should be required to do so in person.

6.      Moreover, Morgan & Morgan filed the Motion and the Extension Motion on behalf of its alleged clients.  Based on objections filed by some of Morgan & Morgan's alleged clients, it appears that Morgan & Morgan may be attempting to act for a group of creditors without the actual knowledge or approval of many of them.  Morgan & Morgan does not itself hold any claims against or interests in the FTX Recovery Trust and therefore lacks standing to bring the Extension Motion as movant.

7.      The Extension Motion is nothing more than a last-minute specious attempt by Morgan & Morgan to interfere with the Court-approved KYC verification process, and no accommodation should be provided.

**OBJECTION**

**I.    Morgan & Morgan's Scheduling Conflicts Do Not Constitute Extenuating Circumstances.**

8.    Under Section A.4.a. of the Chambers Procedures, case participants, which include attorneys and creditors, may only appear remotely for in-person court proceedings under the following circumstances: "(i) [c]ounsel for a party or a pro se litigant files a response or objection and intends to make only a limited argument; (ii) [a] party or a representative of a party is interested in observing the hearing; (iii) [a] party is proceeding in a claims allowance dispute on a pro se basis; (iv) [a] witness has submitted a declaration and no live testimony will occur; or (v) [o]ther extenuating circumstances that warrant remote participation as may be determined by the Court."

9.    Morgan & Morgan does not satisfy this Court's requirements to appear remotely.  Morgan & Morgan asserts merely "scheduling conflicts" as its basis without any details or justification.  That general and conclusory statement cannot possibly satisfy the Court's requirement that "extenuating circumstances" be demonstrated.  The KYC verification process has been Court-approved and ongoing for nearly *two years*.  Moreover, the Original Motions were originally scheduled to be heard at the June 25, 2025 omnibus hearing and were adjourned twice at the request of Morgan & Morgan.  Morgan & Morgan set the hearing on the Motion and the Extension Motion for August 12, 2025.  Morgan & Morgan cannot now claim it is unable to attend.

10.    Further, Morgan & Morgan fails to provide any justification for its request to appear remotely at all future hearings.  There are no future hearings scheduled on matters of interest to Morgan & Morgan.  As such, no such hearing could pose "scheduling conflicts" to serve as an adequate justification for a blanket exemption from appearing in person before the Court.

11.     Morgan & Morgan's purported clients have had years to comply with the KYC verification requirements, but, if Morgan & Morgan believed that additional time was warranted for certain of its alleged clients, Morgan & Morgan had ample opportunity to seek relief from the Court long before now.  Regardless, Morgan & Morgan, as the movant, chose to pursue its Extension Motion at the August 12, 2025 omnibus hearing.  Having done so, the Court should not permit Morgan & Morgan to avoid appearing in person to pursue its specious Extension Motion.  There are no extenuating circumstances to warrant a remote appearance by counsel, and the Motion to appear remotely should be denied.

## II.     Morgan & Morgan Has Not Established Standing.

12.     Morgan & Morgan lacks standing to pursue the Extension Motion, and therefore Morgan & Morgan also lacks standing to request to appear remotely on the Extension Motion.

13.     Morgan & Morgan purports to represent creditors who hold small Customer Entitlement Claims.[5]  Since the filing of the Original Motions, Morgan & Morgan has filed a Bankruptcy Rule 2019 statement [D.I. 31989] disclosing its purported representation of these holders.

14.     The Bankruptcy Rule 2019 statement includes at least one purported client who has expressly requested to rescind its retainer agreement with Morgan & Morgan and two clients who have filed objections to Morgan & Morgan's notices of claim transfers, claiming that such transfers were unauthorized.  *See Objection to Transfer of Claim – Claim No. 6319*

---

[5]    "Customer Entitlement Claims" as defined in the Plan, means any claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law or otherwise) held by any person or entity against any of the Debtors that compensates the holder of such claim for the value as of the Petition Date of cash or digital assets held by such person or entity in an account on any FTX exchange.

[D.I. 29947] ("I recently received a Notice of Transfer of Claim Other than for Security, dated February 2025, stating that my claim has allegedly been transferred to Morgan & Morgan, P.A. . . . I am the rightful owner of Claim No. 6319, and I request that the court deny and reject this unauthorized transfer") and *Objection to Transfer of Claim No. 6304 & 80161* [D.I. 29870] ("This claim transfer was attempted without my knowledge or approval. . . . Approving this transfer would strip me of my rightful ownership of my claim"). The "client" requesting to rescind its retainer agreement filed the *Motion to Rescind Retainer Agreement* [D.I. 29867], stating that Morgan & Morgan acted "against [his] best interests" and requesting that his retainer agreement be rescinded "to prevent further financial and legal harm caused by Morgan & Morgan's unethical and misleading actions." The inclusion of these individuals on Morgan & Morgan's Bankruptcy Rule 2019 statement as "clients" casts significant doubt as to whether Morgan & Morgan has authorization from any of its purported clients to pursue the Extension Motion or take any other action on their behalf.

15.    Furthermore, Morgan & Morgan acknowledges in the Extension Motion that some of its clients "have not been responsive since engaging [Morgan & Morgan] to represent them" (Extension Mot. ¶ 10), which casts further doubt on Morgan & Morgan's authorization to act with respect to the specific relief requested.

16.    Morgan and Morgan included a declaration from Mr. Benjamin Webster in support of its Bankruptcy Rule 2019 Statement. Mr. Webster's declaration states that "[t]o the best of [his] knowledge and behalf, each of the FTX Customer Clients listed on the attached Exhibit A and on the Rule 2019 Statement, signed a written "Engagement Agreement" with Morgan & Morgan for [his] firm to represent them in connection with the FTX Bankruptcy Case." (Webster Decl. ¶ 3.) There are no further details regarding such engagements—the dates of the

written engagement agreements, the scope of any such agreements, whether any engagement agreements have been rescinded or terminated—or responses to the customers who publicly filed objections to Morgan & Morgan's representation of them. Nor has Morgan & Morgan committed to making Mr. Weber available for cross-examination at any hearing on the Extension Motion, which calls into doubt whether his testimony will be admissible in any event.[6]

17.     Furthermore, Morgan & Morgan does not itself hold a Customer Entitlement Claim or any other claim against or interest in the FTX Recovery Trust. While Morgan & Morgan may have attempted to transfer some of its purported clients' claims to itself—potentially without their consent—no valid claim transfers have been filed or processed. Therefore, Morgan & Morgan lacks standing to be heard by this Court on the subject matter of the Extension Motion on its own behalf.

18.     This Court addressed a similar situation during these Chapter 11 Cases' disclosure statement hearing. A law firm which did not hold claims of its own filed an objection to the Debtors' proposed disclosure statement. The Debtors objected arguing, among other things, that the law firm lacked standing, and this Court ruled in favor of the Debtors finding that the law firm did not have standing to object. June 25, 2024 Hr'g Tr. at 36:12-14 (". . . if you are going to appear here on behalf of creditors you have to have a creditor. You don't have a creditor. You have a law firm who is not a creditor of this estate and, therefore, they do not have standing to press any objections…"). The same is true for Morgan & Morgan. Unless and until it properly demonstrates its representation of its purported clients with admissible evidence, Morgan &

---

[6]     While the Extension Motion should be denied on the papers, no relief could be granted without further development of the evidentiary record given these facts.

Morgan should not be heard by this Court on the Extension Motion, remotely or otherwise; the

Motion to appear remotely should be denied.


Dated:  August 5, 2025
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:  landis@lrclaw.com
        mcguire@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:  dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*