IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 29733, 30911, & 32216 |

**MOTION OF CLAIMANT NO. 911658 FOR LEAVE TO FILE
AND SERVE SUR-REPLY IN SUPPORT OF CLAIMANT'S RESPONSE**

Customer with the unique ID code of 911658 ("Claimant"), by and through its undersigned counsel, hereby submits this motion (the "Motion for Leave") for entry of an order granting leave to file a sur-reply (the "Sur-reply"), attached hereto as **Exhibit B**, to address additional arguments included in the *FTX Recovery Trust's Reply to Response of [Claimant] to the One Hundred Sixtieth (Substantive) Omnibus Objection to Claims* [Docket No. 32216] (the "Reply") filed by the FTX Recovery Trust, which were not included in previous pleadings. In support of this Motion for Leave, Claimant respectfully states as follows:

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and Claimant confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of the United

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1

States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion for Leave to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELEVANT BACKGROUND

2. On February 25, 2025, the FTX Recovery Trust filed the *FTX Recovery Trust's One Hundred Sixtieth (Substantive) Omnibus Objection to Certain Overstated Proofs of Claim (Customer Claims)* [Docket No. 29733] (the "Claims Objection").

3. In response, on June 18, 2025, Claimant filed the *Response of Claimant to the FTX Recovery Trust's One Hundred Sixtieth (Substantive) Omnibus Objection to Claims* [Docket No. 30911] (the "Claimant Response").[2]

4. On August 6, 2025, the FTX Recovery Trust filed the Reply.

5. In the Reply, the FTX Recovery Trust raised, for the first time, additional objections to the Claim in violation of Claimant's due process rights, the Local Rules, and customary legal practice. *See* Reply ¶¶ 32-37. The Reply also contains unfounded personal attacks against Claimant and was improperly filed on the public docket, putting Claimant's security and reputation at risk.[3]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Claimant Response.

[3] Although the FTX Recovery Trust has now agreed to make additional revisions requested by Claimant, it is unknown what portions, if any, of this information may have been mined during the 36 hours the documents were publicly available. Claimant reserves all rights with respect to any damages caused by this public disclosure.

IMPAC 11367507v.1

**RELIEF REQUESTED**

6. By this Motion for Leave, Claimant respectfully requests the entry of the proposed order, substantially in the form attached hereto as **Exhibit A**, authorizing Claimant to file the Sur-reply, a copy of which is attached hereto as **Exhibit B**, in further support of the Claimant Response and to address issues raised in the Reply.

**BASIS FOR RELIEF REQUESTED**

7. Sur-replies are regularly and properly permitted to allow a party the opportunity to respond to issues raised for the first time in reply. Leave to file a sur-reply should be granted where the party "would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Groobert* v. *President and Dirs. Of Georgetown Coll.*, 219 F. Supp. 2d 1, 13 (D.D.C. 2002) (citing *Lewis* v. *Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)).

8. "A Court may grant leave to file a surreply if it responds to new evidence, facts, or arguments." *St. Clair Intellectual Prop. Consultants* v. *Samsung Elecs. Co. Ltd.*, 291 F.R.D. 75, 80 (D. Del. 2013) (citing *Belden Techs., Inc.* v. *LS Corp.*, 2010 WL 11205228, at *1 (D. Del. July 14, 2010); *Walsh* v. *Irvin Stern's Costumes*, 2006 WL 166509, at *12 (E.D. Pa. Jan. 19, 2006)). That is precisely the situation here.

9. For example, in *Worldcom, Inc.* v. *Graphnet, Inc.*, 343 F.3d 651 (3d Cir. 2003), the Third Circuit observed:

> [in] its reply brief in support of its motion to dismiss, Graphnet argued for the first time that Worldcom's claims were precluded by the so-called "filed rate doctrine." Worldcom objected to the issue being raised for the first time in Graphnet's reply brief and the district court properly allowed Worldcom to file a sur-reply brief to respond to Graphnet's arguments.

*Worldcom*, 343 F.3d at 653; *see also Mullen v. Port Auth. of New York and New Jersey*, 100 F. Supp. 2d 249, 256 n.5 (D.N.J. 1999) ("Although defendant raised this argument for the first time in his reply brief, plaintiff had the opportunity to address this point in his sur-reply").

10. As was the case in *Worldcom*, in the Reply, the FTX Recovery Trust has raised a series of new arguments and contested "facts" concerning the Claim and Claimant six days before this matter is set to be heard by the Court.

11. Accordingly, Claimant respectfully requests that the Court enter an order substantially in the form proposed attached hereto as **Exhibit A**, authorizing Claimant to file the Sur-reply, a copy of which is attached hereto as **Exhibit B**.

## NOTICE

12. Notice of this Motion for Leave is being provided to: (i) the Office of the United States Trustee for Region 3; and (ii) the FTX Recovery Trust. Claimant respectfully submits that no further notice of this Motion for Leave is required under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

WHEREFORE, in light of the foregoing, Claimant respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting Claimant permission to file the attached Sur-reply and such other and further relief as the Court deems just and proper.

Dated: August 8, 2025　　　　　　　　　　Respectfully submitted,
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　*/s/ Shannon A. Forshay*
　　　　　　　　　　　　　　　　　　　　R. Stephen McNeill (No. 5210)
　　　　　　　　　　　　　　　　　　　　Shannon A. Forshay (No. 7293)
　　　　　　　　　　　　　　　　　　　　**POTTER ANDERSON & CORROON LLP**
　　　　　　　　　　　　　　　　　　　　1313 N. Market Street, 6th Floor
　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　　Telephone: (302) 984-6000
　　　　　　　　　　　　　　　　　　　　Facsimile: (302) 658-1192
　　　　　　　　　　　　　　　　　　　　Email: rmcneill@potteranderson.com
　　　　　　　　　　　　　　　　　　　　　　　　sforshay@potteranderson.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Claimant*

IMPAC 11367507v.1