**<u>Exhibit B</u>**

**Surreply**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 29733, 30911, & 32216** |

**SUR-REPLY OF CLAIMANT NO. 911658 TO THE FTX RECOVERY
TRUST'S REPLY TO RESPONSE OF CLAIMANT NO. 911658 TO THE
ONE HUNDRED SIXTIETH (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS**

Customer with the unique ID code of 911658 ("Claimant"), by and through its undersigned counsel, hereby submits this sur-reply (the "Sur-reply") in support of the *Response of Claimant to the FTX Recovery Trust's One Hundred Sixtieth (Substantive) Omnibus Objection to Claims* [Docket No. 30911] (the "Claimant Response")[2] and in response to the *FTX Recovery Trust's Reply to Response of [Claimant] to the One Hundred Sixtieth (Substantive) Omnibus Objection to Claims* [Docket No. 32216] (the "Reply") filed on August 8, 2025, by the FTX Recovery Trust (collectively with Claimant, the "Parties"). In support of this Sur-reply and the Claimant Response, Claimant respectfully states as follows:

## I.      The Court Should Disregard the New Objections Improperly Asserted in the Reply.

1.      While the Reply is riddled with issues, as a procedural matter, the FTX Recovery Trust improperly attempts to raise new objections to the Claim in its Reply via it's "unclean hands"

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Claimant Response.

and timeliness arguments.  It is well-settled that it is improper to argue or raise new issues in a reply.  *See Maxus Liquidating Trust v. YPF S.A. (In re Maxus Energy Corp.)*, 641 B.R. 467, 523 (Bankr. D. Del. 2022).  Despite this well settled principle, the Reply takes aim at the validity and timeliness of the Claim, neither of which was reflected in the Claims Objection that was filed nearly six months ago.

2.      The FTX Recovery Trust's "unclean hands" argument is a thinly vailed attempt to object to the validity of the Claim under the guise of an equitable defense and also appears to be an unfounded personal attack on Claimant's reputation, as discussed below.  The FTX Recovery Trust had ample opportunity to raise additional theories in the Claims Objection.  Instead, the FTX Recovery Trust rested its substantive objection on a books and records and plan preclusion argument, which it now seeks to improperly supplement.

3.      Accordingly, the Court should disregard the arguments raised in Sections IV and V of the Reply.  The FTX Recovery Trust cannot be permitted to raise additional objections to the Claim six days before the hearing in violation of standard procedure and Local Rule 3007-1(e) at Claimant's expense.

## II.      Allowing the FTX Recovery Trust to Raise New Substantive Claim Objections Violates Claimant's Due Process Rights.

4.      Recognizing the impropriety of its new, late-filed objections, the FTX Recovery Trust reserves its rights to raise additional objections to the Claim in footnote 6 of the Reply as an extension of the *Order Granting (I) Leaving from Local Rule 3007-1(F) to Permit the Filing of Substantive Omnibus Objections and (II) Granting Related Relief* [D.I. 3429] (the "Order") entered on October 31, 2023.  But neither Claimant nor his counsel was aware of this Order prior to Reply, as Claimant did not receive notice of the Order nor the motion seeking the relief requested in the Order and the Order is buried in a docket that is now approaching 40,000 entries.  *See* Affidavit of

2

Service [Docket No. 2731 & 3720] (the "Affidavits of Service").  As demonstrated by the Affidavits of Service, not only did Claimant not receive notice of the Order, the Debtors provided service to a concerningly narrow segment of creditors, raising serious concerns regarding the validity of the Order with respect to the multitude of creditors that have been or may be subject to similar objections in the future.  Notice is an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *JELD-WEN, Inc. v. Van Brunt (In re Grossman's Inc.)*, 607 F.3d 114, 126 (3d Cir. 2010) (citing 11 U.S.C. § 342(a)). "Without notice of a bankruptcy claim, the claimant will not have a meaningful opportunity to protect his or her claim[,]" as is the case here.  *See JELD-WEN*, 607 F.3d. at 126.

5.      Enforcement of the Order against Claimant violates Claimant's due process rights and places an unreasonable burden on Claimant to vigorously defend the Claim for a second time.[3] As the United State Trustees predicted in its objection [Docket No. 2748], to deny Claimant the protection of Local Rule 3007-1(e) "would be inequitable, as it would force claimants to bear the expense of defending their claims multiple times, thereby eviscerating the intent of the Local Rules."  Accordingly, the Order is not binding on Claimant as he was deprived of his due process rights and would be unduly prejudiced should the FTX Recovery Trust have a "second bite at the apple" in contesting the Claim, and the Court should prohibit the FTX Recovery Trust from filing any future objection to Claimant's claim.

---

[3] Claimant reserves all rights with respect to any subsequently filed objection to his claim.

### III.    The FTX Recovery Trust Continues to Game the Claims Process at Claimant's Expense.

6.      As the Court may recall, Claimant, by and through his counsel, appeared at the June 25, 2025, omnibus hearing to raise the Claims Objection.  The Court instructed the Parties to meet and confer to establish a schedule for resolution of the Claims Objection.

7.      In accordance with the Court's instructions, the Parties met and conferred on July 2, 2025, during which the Parties established that they would engage in settlement discussions until July 22, 2025.  If by July 22 a resolution was not reached, the Claims Objection would go forward at the August 12, 2025, omnibus hearing.  Claimant sent the FTX Recovery Trust a settlement proposal on July 3, 2025.  The FTX Recovery Trust did not respond to Claimant's offer by the July 22 deadline.  Instead, the FTX Recovery Trust repeatedly told Claimant that the FTX Recovery Trust was preoccupied with more important matters and asked Claimant to provide additional time for them to respond.  As an extension of good will, Claimant honored the FTX Recovery Trust's request and abstained from preparing for trial on the Claims Objection until the FTX Recovery Trust provided a substantive response.  On July 28, 2025, the FTX Recovery Trust finally extended a settlement offer, which Claimant promptly rejected in a few hours.  Settlement negotiations terminated that day and Claimant issued its first set of discovery requests to the FTX Recovery Trust the next day on July 29, 2025, in preparation for the August 12 hearing. *See* Notice of Service of Discovery [Docket No. 32003].  On July 30, 2025, the FTX Recovery Trust served its first set of discovery requests on Claimant.  *See* Notice of Service of Discovery [Docket No. 32099].

8.      On August 5, 2025, the FTX Recovery Trust informed Claimant, for the first time, that "the FTX Recovery Trust did not agree to any expedited discovery and will respond to any properly served discovery requests in due course and in accordance with the applicable rules" (the

"August 5 Correspondence").  A true and correct copy of the August 5 Correspondence is attached hereto as **Exhibit 1**.  The next day, on August 6, 2025, the FTX Recovery Trust filed the Reply along with a declaration containing 51 exhibits, all of which could have been produced as part of Claimant's discovery requests the FTX Recovery Trust refused to answer the day prior.  While the FTX Recovery Trust filed the *Declaration of Michael S. Leto in Support of Debtors' Objection to Proof of Claim Filed by [Claimant]* [Docket Nos. 32217 & 32218] (the "Declaration") under seal, they proceeded to file a redacted copy of the Declaration that same night without conferring with Claimant as required by Local Rule 9018-1.

9.      The FTX Recovery Trust's behavior is nothing short of manipulative sandbagging. Claimant engaged in settlement discussions in good faith under the agreed upon expectation that the Claims Objection would be heard on August 12.  While the documents attached to the Declaration are sufficient to allow Claimant to proceed on August 12, at least with respect to the original Claims Objection,[4] the unnecessary posturing by the FTX Recovery Trust created distraction and confusion at Claimant's expense.  The gamesmanship demonstrated by the FTX Recovery Trust is disappointing and unacceptable.

### IV.    The FTX Recovery Trust Maliciously Disclosed Claimant's Identity and Personal Information on the Public Docket.

10.     To add insult to injury, the FTX Recovery Trust filed the Reply **publicly with Claimant's full legal name** despite Claimant's confidentiality concerns and the *Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals* [Docket No. 1643] (the "Redaction Order").  As the

---

[4] For the avoidance of doubt, Claimant opposes any effort by the FTX Recovery Trust to prosecute its late filed and procedurally improper objections to the Claim in sections 4 and 5 of the Reply at the August 12 hearing.

Debtors argued in the motion seeking approval of the Redaction Order [Docket No. 1324] (the

"Redaction Motion"):

> there is specific potential risk of identity theft or unlawful injury to the Debtors' customers if Individual Customers Names are disclosed. Malefactors are skilled at using publicly available sources to compile a dossier on a potential victim; disclosure of a customer's name provides a specific foundation for criminal activity by providing the starting point by which a malefactor can gather information on its targets. **For instance, a criminal actor can easily take a customer's name and correlate additional information about that customer from public databases, including telephone numbers, home addresses, e-mail addresses, places of employment, social media presence and associates, in order to create a customer "dossier."** (Sheridan Decl. ¶ 9.) Simply being able to tie a name to a certain trait—such as an individual who holds and invests in cryptocurrency—can significantly increase the likelihood that a malefactor may locate an individual's online presence and information, and thus provide the malefactor the opportunity to implement a criminal act, whether through online means or, even more disturbing, physical threats and attacks, upon an unsuspecting customer.

Redaction Motion, at 11-12 (emphasis added).

11.     Not only did the FTX Recovery Trust disclose Claimant's full legal name, it disclosed the name and location of the private mailbox service Claimant uses **for security purposes**, the bank at which Claimant holds an account **plus** the city and state where the bank account is registered,[5] and Claimant's social media handle.[6] As the FTX Recovery Trust is aware, Claimant is a public figure with a large following within the crypto community. Not only does the information publicly disseminated by the FTX Recovery Trust threaten Claimant's safety, it subjects Claimant to embarrassment and harassment from his peers and followers, which was the exact reason for the Redaction Motion in the first place. Indeed, the Claims Objection only identified Claimant by his unique ID Code, as did the Claimant Response. Fortunately, following inquiry with FTX Recovery Trust counsel, the FTX Recovery Trust has agreed to make the

---

[5] Declaration, Exhibit 49.

[6] Declaration, Exhibit 46.

additional revisions requested by Claimant and restrict further access to this confidential information.

## **NOTICE**

12.     Notice of this Sur-reply is being provided to: (i) the Office of the United States Trustee for Region 3, and (ii) the FTX Recovery Trust.  Claimant respectfully submits that no further notice of this Sur-reply is required under the circumstances.

## **CONCLUSION**

WHEREFORE, in light of the foregoing, Claimant respectfully requests that the Court deny the Claims Objection, prohibit Debtors from raising further objections to the Claim, and grant such other and further relief as may be just and proper under the circumstances.

Dated: August 8, 2025
      Wilmington, Delaware

Respectfully submitted,

*/s/ Shannon A. Forshay*
R. Stephen McNeill (No. 5210)
Shannon A. Forshay (No. 7293)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: rmcneill@potteranderson.com
      sforshay@potteranderson.com

*Counsel for Claimant*

IMPAC 11367508v.1

**EXHIBIT 1**

**Forshay, Shannon**

| | |
|---|---|
| **From:** | McNeill, R. Stephen |
| **Sent:** | Wednesday, August 6, 2025 2:15 PM |
| **To:** | Harsch, Bradley A.; Forshay, Shannon |
| **Cc:** | zzext-pierce; Elizabeth Rogers |
| **Subject:** | RE: *ELECTRONIC SERVICE* - FTX Trading Ltd. [Case No. 22-11068] - Claimant No. 911658 First Set of Discovery Requests to FTX Recovery Trust |

Bradley:

That is exactly the discussion we had over a month ago on July 3 and through subsequent email when we agreed on the August 12 trial date.  At no point did you suggest that we needed to set a discovery deadline as part of those discussions, even waiting an extra week until the response deadline to tell us you would not be responding at all.  Documents are produced on a rolling basis prior to the 30 day deadline all the time (and bankruptcy litigation is almost always expedited, as you know) and we both know you have documents already collected that you are simply refusing to turn over.  All rights are reserved.

Regards,
Steve



**R. Stephen McNeill** | Partner

Potter Anderson & Corroon LLP | 1313 N. Market Street, 6th Floor | Wilmington, DE 19801-6108
Office +1 302.984.6171
rmcneill@potteranderson.com | potteranderson.com

---

**From:** Harsch, Bradley A. <Harschb@sullcrom.com>
**Sent:** Wednesday, August 6, 2025 1:57 PM
**To:** McNeill, R. Stephen <rmcneill@potteranderson.com>; Forshay, Shannon <sforshay@potteranderson.com>
**Cc:** zzext-pierce <pierce@lrclaw.com>; Elizabeth Rogers <erogers@lrclaw.com>
**Subject:** [EXT] RE: *ELECTRONIC SERVICE* - FTX Trading Ltd. [Case No. 22-11068] - Claimant No. 911658 First Set of Discovery Requests to FTX Recovery Trust

> **\*\* This email originated from outside of Potter Anderson's network. Please exercise caution before clicking links, opening attachments, or responding to this message. \*\***

Steve,

We will be putting the claim objection on the August 12 omnibus hearing agenda as you requested.  You were free to pursue discovery at any point since the objection was filed.  That you did so on July 29 does not impose any obligation to respond to that discovery on an expedited basis— nor did the Trust agree to that.  The Trust will comply with its obligations under the applicable rules, and reserves all rights.  We likewise reserve all rights with respect to the discovery we have served to further investigate your client's claim.  Once we receive your responses we will address them as appropriate.  If you want to complete discovery prior to a hearing on this matter, the Trust is available to confer about a proper schedule to litigate this claim objection.  But you do you not get to impose one unilaterally on the Trust.

**From:** McNeill, R. Stephen <rmcneill@potteranderson.com>
**Sent:** Tuesday, August 5, 2025 9:10 PM
**To:** Harsch, Bradley A. <Harschb@sullcrom.com>; Forshay, Shannon <sforshay@potteranderson.com>
**Cc:** zzext-pierce <pierce@lrclaw.com>; Elizabeth Rogers <erogers@lrclaw.com>
**Subject:** [EXTERNAL] RE: *ELECTRONIC SERVICE* - FTX Trading Ltd. [Case No. 22-11068] - Claimant No. 911658 First Set of Discovery Requests to FTX Recovery Trust

Bradley:

Thank you for your email, but with all due respect, you filed this objection back on February 25, 2025, nearly 5.5 months ago.  If you don't want to prosecute your objection, you should just withdraw it.  We made it clear on multiple occasions since the June 25 hearing that we intended to go forward at the August 12 omnibus hearing if we did not reach a resolution of this dispute by July 22.  After not responding to our settlement offer for almost three weeks, you requested extra time to negotiate, which we granted in good faith. After finally receiving and rejecting your offer on July 28, we served our discovery requests the next day on July 29, two full weeks before the hearing at issue.  Moreover, unlike your largely frivolous, irrelevant, and harassing discovery requests, we went to great lengths to keep our discovery limited to only the most relevant information relevant to the dispute, most of which I believe you have already collected as part of your month-long investigation into this matter.  We are happy to meet and confer about these requests if there is a particular issue with them, but if you are simply going to refuse to produce any documents, including the ones you have already collected and discussed with us, sufficiently in advance of the hearing, a meet and confer would appear to be pointless.  This is the first time since our initial discussion on July 2 that you have asserted an inability to timely produce any documents; we would have shut settlement talks off much earlier had you made us aware of this position previously.  I guess no good deed goes unpunished.

Please let me know if you would like to meet and confer about these discovery requests.  Otherwise, we intend to raise this issue with Judge Owens to keep this dispute on track for the August 12 hearing that we agreed upon roughly 6 weeks ago.

Regards,
Steve



**R. Stephen McNeill**  | Partner

Potter Anderson & Corroon LLP | 1313 N. Market Street, 6th Floor | Wilmington, DE 19801-6108
Office +1 302.984.6171
rmcneill@potteranderson.com |  [us.content.exclaimer.net]potteranderson.com [us.content.exclaimer.net]

The information contained in this email message and any attachments is intended only for the addressee and is privileged, confidential, and may be protected from disclosure. Please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this email message in error, please do not read this message or any attached items. Please notify the sender immediately and delete the email and all attachments, including any copies. This email message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which they are received and opened. However, it is the responsibility of the recipient to ensure that the email and any attachments are virus-free, and no responsibility is accepted by Potter Anderson & Corroon LLP for any loss or damage arising in any way from their use.

**From:** Harsch, Bradley A. <Harschb@sullcrom.com>
**Sent:** Tuesday, August 5, 2025 5:33 PM
**To:** Forshay, Shannon <sforshay@potteranderson.com>; McNeill, R. Stephen <rmcneill@potteranderson.com>
**Cc:** zzext-pierce <pierce@lrclaw.com>; Elizabeth Rogers <erogers@lrclaw.com>

**Subject:** [EXT] RE: *ELECTRONIC SERVICE* - FTX Trading Ltd. [Case No. 22-11068] - Claimant No. 911658 First Set of Discovery Requests to FTX Recovery Trust

** This email originated from outside of Potter Anderson's network. Please exercise caution before clicking links, opening attachments, or responding to this message. **

Stephen, Shannon:

Your discovery requests served on July 29 purported to require written responses today and document production by August 7.  For the avoidance of doubt, FTX Recovery Trust did not agree to any expedited discovery and will respond to any properly served discovery requests in due course and in accordance with the applicable rules.

**From:** Forshay, Shannon <sforshay@potteranderson.com>
**Sent:** Tuesday, July 29, 2025 5:39 PM
**To:** Harsch, Bradley A. <Harschb@sullcrom.com>; zzext-pierce <pierce@lrclaw.com>; Elizabeth Rogers <erogers@lrclaw.com>
**Cc:** McNeill, R. Stephen <rmcneill@potteranderson.com>
**Subject:** [EXTERNAL] *ELECTRONIC SERVICE* - FTX Trading Ltd. [Case No. 22-11068] - Claimant No. 911658 First Set of Discovery Requests to FTX Recovery Trust

Counsel,

Please find attached *Claimant No. 911658 First Set of Discovery Requests to the FTX Recovery Trust*.

Sincerely,



**Shannon Forshay**  | Associate
She / her / hers

Potter Anderson & Corroon LLP | 1313 N. Market Street, 6th Floor | Wilmington, DE 19801-6108
Office +1 302.984.6083
sforshay@potteranderson.com | [us.content.exclaimer.net]potteranderson.com [us.content.exclaimer.net]

The information contained in this email message and any attachments is intended only for the addressee and is privileged, confidential, and may be protected from disclosure. Please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this email message in error, please do not read this message or any attached items. Please notify the sender immediately and delete the email and all attachments, including any copies. This email message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which they are received and opened. However, it is the responsibility of the recipient to ensure that the email and any attachments are virus-free, and no responsibility is accepted by Potter Anderson & Corroon LLP for any loss or damage arising in any way from their use.

**This is an external message from:** sforshay@potteranderson.com **

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.