**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

In re:

FTX TRADING LTD., et al.,

Debtors.

Chapter 11

Case No. 22-11068 (~~JTD~~) KBO

## MOTION TO REQUEST CLARIFICATION OF JURISDICTIONAL DESIGNATIONS, PROCEDURAL FAIRNESS FOR NON-U.S. CREDITORS, AND ESTABLISHMENT OF DISPUTED CLAIM RESOLUTION MECHANISM

I, [LI LUO], am a self-represented creditor in the above-captioned Chapter 11 case. I respectfully submit this Motion to request clarification and redress concerning the classification and treatment of creditors residing in or originating from jurisdictions designated as "Restricted."

As a citizen of the People's Republic of China, currently residing and lawfully paying taxes in Australia, I raise the following requests and concerns:

1. Request for Definition of "Restricted" and "Non-Restricted" Jurisdictions
The FTX Recovery Trust has implemented a restriction mechanism affecting residents of certain jurisdictions, including China. However, no clear and objective legal criteria have been disclosed regarding how these jurisdictions were selected or defined.

I request the Court to instruct FTX Recovery Trust to publicly disclose:

– The precise legal basis and criteria used to classify jurisdictions as "Restricted" or "Non-Restricted";

– The legal opinion(s), if any, that support such designations, especially in relation to China.

2. Request for Classification Clarification for Chinese Citizens Residing Abroad

As a Chinese national residing long-term in Australia, I request confirmation of whether such individuals are to be treated under the "Restricted" category due to their nationality, or "Non-Restricted" based on their actual place of residence.

I further request that the Court require FTX Recovery Trust to clarify the classification of such cases in public documentation.

3. Request for a Transparent and Time-Bound Address Change Procedure

Many creditors, including myself, have attempted to change their address in the FTX claim portal in hopes of being properly classified under a non-restricted jurisdiction. However, there is no confirmation mechanism or published timeline for processing such changes.

I request that the Court direct FTX Recovery Trust to:

– Publish a clear, step-by-step guide for updating residency and tax information;

– Acknowledge receipt of such changes and commit to processing them within a defined timeframe (e.g., 15 business days).

4. Request for Resolution of Disputed Claims

Creditors whose claims have been marked as "disputed" have not received any meaningful explanations or updates. Many have received only template replies despite repeated inquiries.

I request the Court to direct FTX Recovery Trust to:

– Provide a dedicated mechanism for querying and resolving disputed claims;

– Ensure individual and timely responses to creditors whose claims are marked as disputed or pending.

5. Request for Removal of Legally Unsupported Restrictions and Payment Delays

To date, no legal opinion has been shared indicating that distributing bankruptcy proceeds to Chinese residents is illegal. Instead, the Recovery Trust continues to delay payment indefinitely for Chinese creditors, including those who reside abroad. I respectfully request the Court to instruct FTX Recovery Trust to:

– Remove the China-specific restrictions which lack clear legal basis;

– Expedite delayed payments to eligible Chinese creditors;

– Provide fair compensation or interest to affected creditors for the delay in distribution.

These requests are made to ensure the principle of equal treatment under bankruptcy law and uphold the basic rights of global creditors. I submit this Motion in good faith and in pursuit of transparency and fairness.

Dated: August 5, 2025
Melbourne, Australia

Respectfully submitted,

_Li Luo_

[LI LUO]
Self-Represented Creditor

## CERTIFICATE OF SERVICE

I, [LI LUO], hereby certify that on August 5, 2025, I caused a copy of the above Motion to be served via email upon the following parties:

Sullivan & Cromwell LLP

– James L. Bromley — bromleyj@sullcrom.com

– Alexa J. Kranzley — kranzleya@sullcrom.com

– Andrew G. Dietderich — dietdericha@sullcrom.com

– Brian D. Glueckstein — gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

– Adam G. Landis — landis@lrclaw.com

– Kimberly A. Brown — brown@lrclaw.com

– Matthew R. Pierce — pierce@lrclaw.com

Office of the United States Trustee

– Juliet M. Sarkessian — juliet.m.sarkessian@usdoj.gov

– Benjamin A. Hackman — benjamin.a.hackman@usdoj.gov

– David Gerardi — david.gerardi@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 5, 2025

_/s/ Li Luo_

[LI LUO]

