Weiwei Ji

916 Sims Ave

Singapore, 408974

weiweiji@hotmail.com

August 5, 2025

Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

# MOTION TO COMPEL THE FTX RECOVERY TRUST AND KROLL TO PROVIDE SUBSTANTIVE RESPONSES TO CREDITOR INQUIRIES AND TO ESTABLISH CLEAR PROCEDURES FOR ADDRESS AND JURISDICTIONAL UPDATES

## I. INTRODUCTION

1. Movant, a creditor (Claim ID:37373) in the above-captioned Chapter 11 proceeding, respectfully submits this Motion to compel the FTX Recovery Trust (the "Trust") and its claims agent, Kroll Restructuring Administration ("Kroll"), to:(i) provide timely, substantive, and non-generic responses to creditor inquiries; and(ii) establish and publicly disclose clear procedures for updating notice addresses and jurisdictional

1

information, including the specific steps required and how creditors may confirm the completion of such updates.

2. Movant attended the omnibus hearing held on July 22, 2025. During the hearing, the Court posed a direct question to counsel for the Trust: whether creditors had been clearly informed of how to update their notice addresses. Counsel responded affirmatively, asserting that detailed instructions had been provided and that the Trust's support team was operating effectively.

3. Unfortunately, Movant—and numerous similarly situated creditors—have experienced a starkly different reality. In practice, creditor inquiries submitted through official channels are frequently met with generic, template replies. These responses lack issue-specific guidance and rarely provide actionable steps toward resolution.

4. More critically, procedures for fundamental actions—such as updating a creditor's residence or jurisdiction—remain vague, undocumented, and inconsistently communicated. Creditors are left without clarity as to what steps are required, what constitutes proper completion, or whether their requested updates have been accepted and processed.

5. This Motion is therefore submitted to present the Court with a clear and fact-based account of the actual difficulties faced by creditors, and to respectfully request that the Court take appropriate action to ensure that these concerns are not only acknowledged, but meaningfully addressed and resolved in practice.

## II. BACKGROUND

### A. Pattern of Generic Responses Has Obscured Claim Status and Undermined Procedural Fairness

6. In the weeks leading up to both the first and second planned distributions in 2025, numerous creditors—particularly those residing in China—contacted the FTX support email address (support@ftx.com) to inquire about why their claims were marked as "disputed." Each time, they received a boilerplate email response stating that the "disputed" status could arise for various reasons, without specifying the reason applicable to the individual creditor.

7. These responses followed a templated structure and failed to provide individualized explanation. Some creditors who asked whether the dispute was jurisdiction-based were told it was due to the lack of a designated payout service provider (DPS), with vague assurances of future eligibility.

8. For example, in a response dated May 26, 2025, Kroll stated that it could not provide specific information and referred creditors to a general FAQ (Exhibit A), which listed multiple possible reasons for a claim being marked as "disputed" but did not identify which specific reason applied to the individual creditor—leaving them to guess the basis of the dispute on their own. In another reply dated April 24, 2025, support staff explained that there is currently no suitable DPS available and that payment would be made after a compatible DPS is added in the future, but did not specify how this affects the interim status or validity of the claim (Exhibit B).

9. This pattern led many creditors to believe their claims would be paid. It was not until July 2025, when the Trust introduced the "restricted jurisdictions" concept, that creditors realized they might be excluded.

10. From the perspective of affected creditors, this lack of transparency is not only misleading but fundamentally unfair.

## B. Lack of Clear Procedures Has Left Creditors Unable to Determine Whether Their Actions Are Valid or Complete

11. In contrast to the Trust's claims of clear guidance, creditors attempting to update residence information encountered major barriers, inconsistent instructions, and contradictory responses.

12. Responses from Kroll varied: some creditors were told changes were permitted, others that they were not. Without official instructions, groups pieced together a patchwork process involving:

(i) Step 3 KYC address updates via email,

(ii) Step 7 W-8 form resubmission, and

(iii) Step 8 DPS contact for residency changes.

13. Even with those steps, issues persisted. Support agents gave inconsistent answers. DPSs varied in responsiveness: Kraken was cooperative; Bitgo often replied but failed to execute updates.

14. Corporate accounts were especially affected. FTX support redirected requests to Bitgo, who refused or ignored update requests. Early DPS connections did not disclose Bitgo's incompatibility with China. Requests to disconnect Bitgo were often denied.

15. Even after completing all steps, creditors received no confirmation. Attempts to clarify their status were met with vague responses.

16. Collectively, this amounts to a failure to provide fair procedures or reliable status. Creditors are forced to navigate a high-stakes process blindly. This is especially urgent as the Trust has announced an August 15, 2025 snapshot for the next distribution. Without immediate action, many will miss out again.

## III. RELIEF REQUESTED

Movant respectfully requests that the Court enter an order directing the FTX Recovery Trust and Kroll to:

17. Provide Individualized Explanations for "Disputed" Claims: Establish a mechanism for creditors to receive specific explanations for disputed claim status.

18. Publish Clear Procedural Guidance: Post a step-by-step public guide on how to update address and jurisdictional data.

19. Provide Written Confirmation of Completion: Issue confirmation emails or portal notices upon completion of updates.

20. Ensure Consistency Across Support Channels: Standardize support responses and require internal consistency.

21. Coordinate with DPS Providers to Resolve Operational Blockages: Work directly with DPS entities like Bitgo and Kraken to resolve technical and policy issues.

22. Permit DPS Re-selection Without Penalty: Allow switching DPS without affecting distribution eligibility.

23. Pause or Extend the August 15, 2025 Snapshot Date if Necessary: Delay snapshot if reforms cannot be timely implemented.

24. Establish an Interest Compensation Mechanism for Delayed Payments: Creditors denied timely payment due to the Trust or Kroll's failure should receive 9% annual interest from the expected payment date until actual receipt.

## IV. CONCLUSION

For the reasons stated above, Movant respectfully requests that the Court grant the relief requested herein, or such other and further relief as the Court deems just and proper.

Dated: August 5, 2025

Respectfully submitted,

Weiwei Ji
Creditor and Pro Se Party

## Exhibit A

Kroll's FAQ Response Email (May 26, 2025)

Thank you for your inquiry.

A "Disputed" designation on the customer claims portal with respect to a claim reflects a determination by the FTX Recovery Trust that such claim requires further investigation or review and is not at this time "Allowed" as defined in section 2.1.8 of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates [Docket No. 26404-1]. The FTX Recovery Trust is in the process of reconciling hundreds of thousands of claims and cannot provide specific information about individual claims. When there is an update with respect to the status of your claim, the FTX Recovery Trust will notify you or object to your claim, as applicable.

For more information, please visit: https://support.ftx.com/hc/en-us/articles/34522100742804-Distributions-Dashboard-FAQs

Information, including access to court documents, instructions on how to file a proof of claim, and important dates and deadlines will be available throughout the case at https://restructuring.ra.kroll.com/FTX/.

PLEASE NOTE: Kroll is the appointed claims and noticing agent for FTX Trading Ltd. and 101 affiliated debtors' chapter 11 cases. As such, we are not permitted to provide legal or financial advice. Further, Kroll is not permitted to accept claims via email or fax, and any such information provided via either of these methods will not constitute a claim in these proceedings.

**Exhibit B**
FTX Support Email (April 24, 2025)



Hello,

Thank you for reaching out.

If you are in a jurisdiction that is not currently supported by the available Distribution Service Providers, please continue to check the FTX Customer Portal and your email for notifications as additional Distribution Service Providers will be added to ensure you are able to receive your claim.

Thank you,

FTX Customer Support

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Weiwei Ji, hereby certify that on August 5, 2025, I caused a copy of this Motion to be served via email upon the following parties listed below.

- Counsel for the FTX Debtors – Sullivan & Cromwell LLP

  - James L. Bromley – bromleyj@sullcrom.com
  - Alexa J. Kranzley – kranzleya@sullcrom.com
  - Andrew G. Dietderich – dietdericha@sullcrom.com
  - Brian D. Glueckstein – gluecksteinb@sullcrom.com

- Local Counsel – Landis Rath & Cobb LLP

  - Adam G. Landis – landis@lrclaw.com
  - Kimberly A. Brown – brown@lrclaw.com
  - Matthew R. Pierce – pierce@lrclaw.com

- Office of the United States Trustee

  - Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov
  - Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
  - David Gerardi – david.gerardi@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 5, 2025

*/s/ Weiwei Ji*
Weiwei Ji