Weiwei Ji

916 Sims Ave

Singapore, 408974

weiweiji@hotmail.com

August 6, 2025

2025 AUG -8 P 3:28



Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

USA

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

## MOTION FOR AN ORDER DIRECTING THE DEBTORS TO DISCLOSE THE STANDARDS AND CRITERIA USED TO DISTINGUISH BETWEEN "POTENTIALLY RESTRICTED JURISDICTIONS" AND "UNRESTRICTED JURISDICTIONS"

## I. PRELIMINARY STATEMENT

1. Movant Weiwei Ji (claim ID: 37373) is a creditor in the above-captioned case who has not received any distribution to date. As someone who has actively followed and discussed the FTX bankruptcy proceedings on social media, I have developed broad communication with many other creditors from various jurisdictions—particularly those who, like me, are potentially impacted by the classification of their home countries as

1

"restricted jurisdictions." Through these discussions, it has become clear that there is widespread confusion and concern regarding the standards used by the FTX Recovery Trust (the "Trust") to designate jurisdictions as either "Potentially Restricted Jurisdictions" or "Unrestricted Jurisdictions."

2. Since the Trust filed its motion in July 2025 seeking approval to implement procedures related to "Potentially Restricted Jurisdictions," numerous creditors— including myself—have questioned the basis for these classifications. Although the Trust claimed that its designations were based on a review of international laws and regulatory frameworks, its motion cited only a limited set of examples from select jurisdictions. In some cases, the Trust even referenced non-legal materials as support. It did not disclose the full scope of its research, nor did it present a clear methodology or objective framework for its determinations. As a result, the basis for the jurisdictional classifications remains unverified and lacks transparency, leading to deep dissatisfaction—especially among creditors from China.

3. I personally attended the omnibus hearing held on July 22, 2025. During that hearing, my counsel—as well as several other creditor participants—directly raised concerns with the Trust regarding the lack of clarity around the standards used to distinguish jurisdictions. Unfortunately, no specific answers were provided by the Trust. This lack of clarity has serious implications: it directly affects when, or even whether, certain creditors will receive any distribution at all. While some creditors in "unrestricted" jurisdictions have already received payouts, those of us in "potentially restricted" jurisdictions have received nothing to date. The situation is further exacerbated by the fact that the Trust's original motion contemplated the possibility of forfeiture of assets

belonging to creditors from restricted jurisdictions. If the classification system is flawed or unfair, the consequences would be devastating for affected creditors who have already suffered significant losses.

4.  Accordingly, Movant respectfully requests that the Court enter an order directing the Debtors or the Trust to publicly disclose, in writing and with specificity, the legal, regulatory, and factual basis used to distinguish between "Potentially Restricted Jurisdictions" and "Unrestricted Jurisdictions." Such disclosure is necessary to preserve the integrity of the bankruptcy process and to ensure that similarly situated creditors are treated fairly and equitably under the confirmed plan.

## II. ARGUMENT

## A. A Process Lacking Clear Standards Cannot Be Deemed Fair or Legitimate

5.  While the Debtors have repeatedly emphasized that the "Restricted Jurisdiction Procedure" is merely a procedural tool intended to address jurisdiction-specific issues, they have failed to provide any substantive explanation as to why certain countries are subject to the procedure while others are not. There is no clear disclosure of the standards or rationale used to make these distinctions. This lack of transparency creates a significant risk of arbitrary or unfair treatment.

6.  As a potentially affected creditor, I am compelled to question: Why am I required to participate in a burdensome and uncertain process, while creditors from other jurisdictions are entirely exempt from it? The Debtors have not provided any explanation

that would justify this disparate treatment, nor have they disclosed the criteria that would allow creditors to understand or challenge their designation.

## B. Introducing a Classification Procedure at the Distribution Stage Without Prior Disclosure Undermines the Integrity of the Process

7. The Debtors introduced the "Restricted Jurisdiction Procedure" during the distribution stage, rather than during the claims reconciliation or voting phase. This timing alone has raised serious concerns about the fairness and legitimacy of the process. If such a procedure had been proposed during the voting stage of the confirmed Plan, the appropriate and transparent process would have required the Debtors to first disclose their research, analytical framework, and classification criteria for all jurisdictions subject to distribution, publish those findings, and allow affected creditors to respond prior to any vote.

8. Because the Debtors failed to follow that proper and transparent course of action at the correct stage, their attempt to implement this jurisdictional framework now—during the distribution of creditor recoveries—warrants even greater scrutiny. At a minimum, the Trust should be compelled to publicly disclose not only its analysis of the "Potentially Restricted Jurisdictions," but also its findings and reasoning regarding the so-called "Unrestricted Jurisdictions." Without such balanced and complete disclosure, there is no valid explanation for why creditors in certain jurisdictions have already received distributions, while others—such as China—have not received any payment at all. The current approach lacks the procedural fairness and transparency required in a court-supervised bankruptcy proceeding.

## C. Given the Global Nature of the Creditor Base, Disclosure Is Necessary to Prevent Harm from Potential Misinterpretation of Foreign Law

9.    The Debtors and their legal advisors are professionals trained primarily in U.S. bankruptcy law. However, the FTX creditor base spans over 100 countries, and only approximately 5% of creditors are based in the United States. This raises reasonable doubts as to whether the Debtors are able to accurately interpret and apply the laws and regulations of foreign jurisdictions in a fair and consistent manner.

10.    Accordingly, the disclosure of their research team composition (particularly whether it includes legal experts from or familiar with the affected jurisdictions), legal research content, analytical methodology, and the criteria used to classify jurisdictions as "restricted" or "unrestricted" is essential. Such transparency would allow creditors from each affected country to review, assess, and, if necessary, challenge the basis on which their jurisdictions have been classified. This is especially important to ensure that creditor rights are not inadvertently harmed by misunderstandings or misapplications of foreign law.

## D. Without Disclosure, Creditors Have No Meaningful Opportunity to Object or Protect Their Rights

11.    The absence of a disclosed framework for jurisdictional classification deprives affected creditors of the ability to meaningfully assess or respond to the procedure that could substantially alter their distribution rights. A creditor cannot object to their

classification, request relief, or even evaluate their legal risks if they do not know what standards were used to classify their jurisdiction in the first place.

12.   Procedural due process requires that parties be given notice and an opportunity to be heard. Without access to the criteria, legal reasoning, or evidence used by the Trust, affected creditors are effectively barred from asserting their rights under the Bankruptcy Code—including, where appropriate, filing objections, seeking discovery, or challenging inconsistent treatment.

13.   In such a context, the lack of disclosure transforms what is described as an administrative procedure into a substantive deprivation of rights without process, which is inconsistent with both bankruptcy principles and basic fairness.

## III. CONCLUSION

14.   Although the Debtors and the Trust have repeatedly asserted that the current procedure is merely intended to address regulatory issues in specific jurisdictions, and that creditors in those jurisdictions must first enter the procedure before they can be reviewed or receive distributions, they have not disclosed any clear standards, analytical framework, or research basis for classifying jurisdictions as "Potentially Restricted" or "Unrestricted." This is not a procedure for all—it is a procedure for some; and that is not a fair process.

15.   As a result, some creditors have been forced into a burdensome and uncertain process, facing delays, additional burdens, and even the risk of forfeiture, while other creditors have received distributions with no such conditions. This disparate treatment lacks a foundation in procedural fairness and cannot be subjected to meaningful oversight.

16. Movant submits that such an opaque and standardless procedure fundamentally undermines the integrity of the bankruptcy process and should not be endorsed by the Court. The Court has a duty to ensure that all creditors in this supervised distribution process are treated fairly, transparently, and equally.

17. Accordingly, Movant respectfully requests that the Court order the Debtors or the FTX Recovery Trust to publicly disclose the full legal, factual, and procedural basis used to classify jurisdictions as "Potentially Restricted" or "Unrestricted," including but not limited to: the research content, analytical framework, legal authorities, reference materials, and background of the legal or compliance personnel involved. Only when these classification standards are made public, verifiable, and challengeable can the fairness and legitimacy of the process be preserved.

## IV. RELIEF REQUESTED

For the foregoing reasons, Movant respectfully requests that the Court enter an order:

18. Requiring the Debtors or the FTX Recovery Trust to disclose the full standards and criteria used to classify jurisdictions as "Potentially Restricted" or "Unrestricted," including but not limited to:

- Legal and regulatory authorities relied upon;
- The underlying research content and analytical framework;
- The interpretation and application of foreign legal sources;
- The background and qualifications of the legal and compliance personnel involved, including whether foreign legal experts were consulted.

19.   Requiring the Debtors to also disclose the basis upon which jurisdictions were deemed "Unrestricted," not merely the criteria for "Potentially Restricted" jurisdictions, in order to ensure the completeness and neutrality of the classification framework.

20.   Staying implementation of the Restricted Jurisdiction Procedure for all affected creditors until such disclosures are made and subject to creditor review.

21.   Providing creditors with a reasonable opportunity and procedural mechanism to review the disclosed information, raise objections, and seek appropriate relief.

Movant reserves all rights to seek additional relief or to supplement this motion as warranted based on the disclosures provided.

Dated: August 6, 2025

Respectfully submitted,

Weiwei Ji
Creditor and Pro Se Party

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Weiwei Ji, hereby certify that on August 5, 2025, I caused a copy of this Motion to be served via email upon the following parties listed below.

- Counsel for the FTX Debtors – Sullivan & Cromwell LLP

    - James L. Bromley – bromleyj@sullcrom.com
    - Alexa J. Kranzley – kranzleya@sullcrom.com
    - Andrew G. Dietderich – dietdericha@sullcrom.com
    - Brian D. Glueckstein – gluecksteinb@sullcrom.com

- Local Counsel – Landis Rath & Cobb LLP

    - Adam G. Landis – landis@lrclaw.com
    - Kimberly A. Brown – brown@lrclaw.com
    - Matthew R. Pierce – pierce@lrclaw.com

- Office of the United States Trustee

    - Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov
    - Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
    - David Gerardi – david.gerardi@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 6, 2025

Weiwei Ji