**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>Hearing Date:  August 12, 2025 at 9:30 a.m. (ET)<br>Ref. Nos. D.I. 29733, 30911, 30992, 32216 & 32264 |

**FTX RECOVERY TRUST'S RESPONSE TO**
**MOTION OF CLAIMANT TO FILE SUR-REPLY**

The FTX Recovery Trust[2] hereby submits this response to the *Motion of Claimant No. 911658 for Leave to File and Serve Sur-Reply in Support of Claimant's Response* [D.I. 32264], and respectfully states as follows:

1. Claimant has demanded that a merits hearing proceed with respect to his Claim at the August 12, 2025 omnibus hearing without putting in place an orderly litigation schedule that affords time for discovery. That was his choice. As a result, the FTX Recovery Trust submitted its Reply [D.I. 32216] in support of its objection in response to the arguments raised by Claimant in his Response [D.I. 30911] so that the Court has the full picture as it relates to this Claim.

2. Claimant, apparently unhappy with the facts relating to the Claim, now seeks to submit a Sur-Reply that adds nothing to the substantive record but instead seeks to limit

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1] (the "Plan").

it.  The FTX Recovery Trust defers to the Court as to whether the Sur-Reply itself should be permitted, but there is no basis to limit the scope of the hearing on the Objection.

3. The scope of the Sur-Reply is telling.  Claimant seeks to file a Sur-Reply but does not present any rebuttal of the arguments he believes are "new" arguments contained in sections IV and V of the Reply addressing the untimeliness of the Claim and Claimant's "unclean hands."  There can be no serious dispute that the FTX Recovery Trust could simply file an additional objection on these points, if necessary, pursuant to this Court's *Order Granting (I) Leaving from Local Rule 3007-1(F) to Permit the Filing of Substantive Omnibus Objections and (II) Granting Related Relief* [D.I. 3429] (the "<u>Omnibus Procedures Order</u>"), which governs all Claims in these proceedings.  Thus, Claimant is arguing on the one hand the Court must immediately resolve his Claim but then on the other hand wants to do so in an inefficient and piecemeal manner.

4. Claimant's attempt at gamesmanship aside, the Sur-Reply is the latest in a series of arguments that the Plan, this Court's orders, and the applicable rules do not apply to him.  As detailed in the Objection and the Reply, Claimant urges the Court to allow his Claim even though the Global Settlement approved by this Court's Confirmation Order plainly bars claims premised on alleged fraud and commingling of funds.  Claimant never responds to the substance of this dispositive language because there is none.  Claimant also argues—without any basis whatsoever—that he should receive a payment from amounts the Debtors clawed back from recipients of grants from the FTX Foundation despite there being no basis at all in the Plan or Confirmation Order allowing for such recovery.  And now Claimant would like this Court to simply ignore the undisputed fact that his baseless claim was filed a year after the Claims Bar

Date set by this Court passed without seeking leave to file a late claim or even attempting to satisfy with admissible evidence the high standard of excusable neglect that would be required.

5. Claimant will need to face the untimeliness of his Claim and his misconduct, either now or later. The Omnibus Procedures Order was duly entered by this Court to facilitate the claims administration process in these chapter 11 cases and is binding on all parties-in-interest. There is no exception for this one of hundreds of thousands of Claims being administered; it governs every Claim. The Omnibus Procedures Order clearly provides that "[s]ubstantive [omnibus] objections are not required to raise all substantive objections to each claim in the initial substantive claim objection." The Omnibus Procedures Order modified certain procedures applicable to how the Debtors would proceed with the filing of omnibus objections in these chapter 11 cases, not the substantive rights of any claimant. Local Rule 3007-1 details procedures which may be, as they were in this case, modified by the Court at its discretion, pursuant to Local Rule 1001-1(d). (*See* Local Rule 1001-1(d) ("The Court may modify application of these Local Rules in any case or proceeding in the interest of justice.").) The Omnibus Procedures Order has been publicly available on the docket since it was entered on October 31, 2023. If Claimant was unaware of the Omnibus Procedures Order, that is on the Claimant but the likely reason is that he filed his Claim *almost a year* after it was entered.

6. Claimant's Sur-Reply fails to defend the untimeliness of his Claim. Nor does it offer any explanation for the discrepancies in the name and residency information Claimant provided when opening his Account and submitting the Claim. Instead, Claimant argues that these issues should not be considered at the August 12 hearing. Yet it is Claimant—not the FTX Recovery Trust—that has pressed for resolution of the Claim on an expedited basis without a comprehensive litigation schedule, which the FTX Recovery Trust has negotiated with

respect to numerous other contested Disputed Claims. In any event, the FTX Recovery Trust's invocation of the "unclean hands" doctrine was not a "new objection" (Sur-Reply at ¶ 1) but rather a rebuttal to Claimant's attempt in his Response to invoke the Court's equitable powers to allow the Claim despite the lack of any provision in the Plan for doing so. Claimant's attempts to raise meritless complaints about process in the Sur-Reply should not distract from the fact that the Claim is clearly barred on several independent grounds.

7. Although Claimant states that he "abstained from preparing for trial" until the FTX Recovery Trust responded to his settlement proposal (Sur-Reply at ¶ 7), the FTX Recovery Trust never suggested that he do so. Any complaints concerning discovery ring hollow and should be disregarded. Claimant could have pursued discovery at any point or negotiated an orderly litigation schedule to provide for the completion of any necessary and appropriate discovery. Instead, Claimant insisted on a merits hearing proceeding and in fact now admits that the documents FTX Recovery Trust served with its Reply are "sufficient to allow Claimant to proceed on August 12." (Sur-Reply at ¶ 9.)

8. Finally, Claimant's complaints about the extent of the FTX Recovery Trust's redactions are similarly baseless. There is nothing about this Court's orders authorizing the redaction of customer information that ensures complete anonymity when a creditor chooses to step forward to litigate with the FTX Recovery Trust. Here, Claimant is asserting a *non-customer* claim based on facts and circumstances that undoubtedly will be discussed in open court. The information which Claimant asserts must remain sealed is primarily derived from the Debtors' own books and records and the FTX Recovery Trust's investigation regarding the Claim, which is now a contested matter under the applicable rules. Nonetheless, once the FTX

Recovery Trust was made aware of Claimant's concerns, as Claimant acknowledges, it "agreed to make the additional revisions requested by Claimant." (Sur-Reply at ¶ 6-7.)

9. Irrespective of whether the Court decides to permit the filing of the Sur-Reply, nothing contained in it should alter the scope of the hearing on the Objection.

Dated: August 10, 2025
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
　　　　brown@lrclaw.com
　　　　pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
　　　　bromleyj@sullcrom.com
　　　　gluecksteinb@sullcrom.com
　　　　kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*