**Honorable Judge Karen B. Owens**
United States Bankruptcy Court for the District of Delaware

As a creditor in the FTX China region, I have some personal perspectives after attending the last motion hearing.

## I. Systemic Deficiencies in Creditor Communication

### 1. Failure to Fulfill Fiduciary Obligations
Throughout the bankruptcy process, the majority of Chinese creditors, including myself, have not received any official correspondence (whether via email or court filings) concerning:

Notice of failure to perform as agreed that creditors will file a motion for restricted area proposal
This critical information has been accessible solely through media channels, constituting a clear violation of creditor rights under 11 U.S.C. § 1109(b).

### 2. Misrepresentation of Facts
During the July 22, 2025 hearing, legal counsel for FTX Trust inaccurately claimed that comprehensive notifications had been issued to all creditors. In truth, no prior notice was given regarding the motion to exclude Chinese creditors, representing a deliberate omission as defined by 18 U.S.C. § 152(3).

## II. Violations of Due Process

### Breach of Voting Agreement
Creditors approved the current restructuring plan based on assurances of "full recovery" for all parties. The proposed jurisdictional restrictions directly contravene this agreement under Bankruptcy Rule 3018(a).

### Unsubstantiated Jurisdictional Classification
The assets held by FTX Recovery Trust in U.S. dollars bear no meaningful relationship to China's cryptocurrency regulations. This arbitrary designation:

Disregards established precedent, such as the Celsius Network case where Chinese creditors received dollar settlements

## III. Remedial Measures Requested

### 1. Rescission of Restricted Jurisdiction Designation
Demand the immediate revocation of China's classification, which lacks any valid legal foundation.

**2.Compensation for Payment Delays**
Request the accrual of interest at the federal judgment rate from the date of claim approval (11 U.S.C. § 726(a)(5)).

**3.Implementation of Improved Communication Procedures**
Require FTX to establish:

A bilingual (Chinese/English) claims portal

Detailed, step-by-step distribution instructions

Alternative remittance options (SWIFT/checks)

**4.Risk-Mitigated Disbursement Mechanism**
Propose U.S. dollar transfers to:

Offshore accounts (Hong Kong/Singapore)
This approach aligns with Article 18 of China's 《Cross-border RMB Settlement Rules》.

**Conclusion**
We respectfully urge the Court to uphold the "fair and equitable" principle enshrined in 11 U.S.C. § 1123(a)(4). Chinese creditors are prepared to provide:

Documentation for offshore banking arrangements

Foreign exchange compliance affidavits
to facilitate a prompt resolution.

Respectfully submitted,

Creditor name: Yang Haoliang

Claim ID: 221106804191852

Adress: Wuhan city, China

hereby certify that on August 5, 2025, I caused a copy of this Motion (Letter to the court) via email upon the following parties listed below. In addition, I sent a cover letter and copy of this objection to the Office of the United States Trustee.

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

Office of the United States Trustee

- Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov

- Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov

- David Gerardi – david.gerardi@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct.

Signature: *[signed]*

August 5, 2025