JIANHUA JIN
Pudong New Area, Shanghai, China
FTX Unique Customer Code:02160828

August 4, 2025

Honorable Judge Karen B.Owens
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 3rd Floor
Wilmington, DE 19801
USA

Re: In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)
 (Letter from a Chinese Creditor Regarding a Proposed Solution to the Restricted Jurisdictions Issue in Docket No. 31148)

Dear Judge Owens,

I am a creditor in the FTX bankruptcy proceedings, with ftx unique code 02160828. I am a Chinese national residing in Shanghai. I attended the hearing on July 22 and listened carefully, but many of my key concerns remain unanswered. I still believe there are unresolved issues and unfair elements in the current treatment of Chinese creditors. I respectfully ask the Court to take a closer look at these matters.

## I. Inconsistent Application of "Regulatory Compliance" as a Standard

1. The rationale of the Debtors (FTX Recovery Trust) for restricting certain regions often implies regulatory risk.. However, this standard has been applied with significant inconsistency. Prior to its collapse, FTX Global operated in numerous jurisdictions without possessing the specific, requisite licenses, yet many of these regions, such as South Korea and the Philippines, are now slated to receive distributions.

2. Furthermore, this inconsistency extends to the post-petition distribution plan

itself. The Debtors' reliance on third-party distributors like Kraken and BitGo for claim payouts introduces another layer of contradictory standards. My research shows that these platforms also lack comprehensive licensing in many of the non-restricted jurisdictions they will be servicing. For instance, let's consider two jurisdictions currently designated as non-restricted: the Philippines and South Korea.

3. My research indicates that Kraken, a key distribution platform, does not appear on the official list of registered Virtual Asset Service Providers (VASPs) maintained by the Bangko Sentral ng Pilipinas (the central bank of the Philippines). Similarly, in South Korea, which has a strict registration mandate under its Financial Intelligence Unit (FIU), Kraken does not hold the primary license required for local exchange operations. BitGo, serving as a distribution platform, likewise operates in these regions without possessing these specific, country-level VASP licenses.

4. This situation seems to indicate that the Debtors' actual standard for choosing a distribution partner is based on the partner's overall functionality and risk profile, rather than its holding of specific local licenses in every service area. Based on this, I find it difficult to understand why a much stricter, hypothetical "perfect compliance" standard is being applied to Chinese creditors. This difference in the application of standards results in an unfair outcome. I implore the Court to consider this situation and allow the same pragmatic distribution standard that is applied to other regions to be applied to me.

**II. The Nature of the Claim and a Proven, Low-Risk Solution**

5. **It is crucial to clarify that the distribution of my claim is not a cryptocurrency transaction. It is the repayment of a debt, denominated and settled in United States Dollars (USD).** The nature of my claim should not be conflated with the complex regulatory landscape of digital assets within China.

6. Therefore, I personally propose a simple, secure, and pragmatic solution that has a proven track record in a similar, large-scale case and would fully mitigate the Debtors' stated concerns: Allow Chinese creditors, such as myself, to complete the required KYC/AML (Know Your Customer/Anti-Money Laundering) process and provide a bank account in a non-restricted jurisdiction to receive their distribution via a standard USD wire transfer.

7. This exact approach has been successfully implemented in the bankruptcy proceedings of Celsius Network LLC. In that case, international creditors, including those from China, were able to receive their distributions in fiat currency (USD) via direct wire transfers from banks to their designated international bank accounts. This precedent demonstrates that such a method is not only feasible, but also carries virtually no regulatory risk and is widely recognized as a secure, practical solution for handling distributions in 'unsupported' jurisdictions.. **Therefore, the Debtors (FTX Recovery Trust) can follow the exact, proven approach from the Celsius Network case: paying Chinese creditors via direct USD wire transfers to their designated international bank accounts.**

8. I personally hold a USD bank account in Hong Kong SAR, and for a Chinese resident, receiving an international USD wire transfer into such an account is a perfectly

legal and compliant transaction.

9. Your Honor, I am not asking for special treatment; I am asking for equal treatment. To be excluded from recovery based on a flawed and inconsistently applied regional classification is a profound injustice, especially when a simple and secure alternative already exists. Therefore, In light of the facts and precedents presented, I respectfully urge the Court to direct the Debtors to adopt this already-tested, low-risk method, and allow Chinese creditors to receive their rightful share via verified bank accounts in non-restricted jurisdictions.

**Privacy Request Regarding Public Filing:**

**For privacy reasons, I respectfully request that my personal information (such as address and email) be redacted or withheld from public court records or websites.**

Thank you for your time and consideration.

Respectfully submitted,

JIANHUA JIN
FTX Unique Customer Code:02160828
Email: hunterjin@gmail.com
Date: August 4, 2025

*JIANHUA JIN*

**CERTIFICATE OF SERVICE**

I ,JIANHUA JIN,hereby certify that on August 4, 2025, I caused a copy of this Letter (Letter to the court) via email upon the following parties listed below.

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

Office of the United States Trustee

- Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov

- Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov

- David Gerardi – david.gerardi@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct.

JIANHUA JIN          *JIANHUA JIN*
Email: hunterjin@gmail.com
Date: August 4, 2025