## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: September 11, 2025 at 9:30 a.m. (ET)** |
| | **Obj. Deadline: August 25, 2025 at 4:00 p.m. (ET)** |

## MOTION OF THE FTX RECOVERY TRUST FOR AN ORDER AUTHORIZING THE CONTINUED REDACTION OR WITHHOLDING OF CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS

The FTX Recovery Trust[2] hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the FTX Recovery Trust to continue to redact the names, addresses and e-mail addresses of all the Debtors' (as defined below) customers from any filings with the Court or made publicly available in these Chapter 11 Cases (as defined below) for an additional 141 days through and including December 31, 2025. In support of the Motion, the FTX Recovery Trust respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established through the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404], which became effective on January 3, 2025 [D.I. 29127].

**Preliminary Statement**

1.      As this Court has determined eight times prior, the customer lists associated with the FTX exchanges are valuable assets that are entitled to continued protection pursuant to section 107(b) of the Bankruptcy Code.  As Kevin Cofsky, the Debtors' investment banker at Perella Weinberg Partners, has previously testified—and would testify at any hearing on this Motion, if necessary—the value of the customer lists is derived from the confidential nature of the customer names and addresses.

2.      The customer lists remain a source of potential value to the FTX Recovery Trust as it continues to monetize its remaining assets and make distributions to creditors.  Nothing has changed since the FTX Recovery Trust's prior request three months ago regarding the need to preserve the confidential nature of the customer lists, and the immediate release of customer names and addresses would be value-destructive to the FTX Recovery Trust's efforts to monetize their value.

3.      To avoid the need to file a repetitive motion every 90 days, and given the lack of objection by the U.S. Trustee and the Media Intervenors to the FTX Recovery Trust's prior motion three months ago, the FTX Recovery Trust submits that an additional extension of 141 days through and including December 31, 2025 to redact the customer lists is warranted as the FTX Recovery Trust continues to seek to monetize its remaining assets.  The FTX Recovery Trust respectfully requests that the Court enter the Order and maintain the status quo.

**Background**

4.      On November 11 and November 14, 2022, FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

5.     On October 7, 2024, the Court confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan"), and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404].

6.     On January 3, 2025, the Effective Date (as defined in the Plan) occurred, which, among other things, established the FTX Recovery Trust and transferred, assigned and vested all of the Debtors' assets in the FTX Recovery Trust.  *See Notice of Effective Date of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 29127].

**<u>Facts Specific to the Relief Requested</u>**

7.     On November 19, 2022, the Debtors filed the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals and (III) Granting Certain Related Relief* [D.I. 45] (the "Original Motion").

8.     On November 23, 2022, the Court granted the Original Motion on an interim basis and entered the *Interim Order (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals on an Interim Basis and (III) Granting Certain Related Relief* [D.I. 157].

9.       Objections to the Original Motion being granted on a final basis were interposed by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") [D.I. 200, 362] and a group of media outlets [D.I. 195] (the "Media Intervenors").

10.       The Official Committee of Unsecured Creditors (the "Committee", and together with the Debtors, the "Movants") filed a joinder in support of the Debtors' Original Motion being granted on a final basis [D.I. 408].

11.       The Court held a hearing on the Original Motion on January 11, 2023 (the "January 11 Hearing").  At the January 11 Hearing, the Court granted the Original Motion on a final basis and, on January 20, 2023, entered the *Final Order (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals on a Final Basis and (III) Granting Certain Related Relief* [D.I. 545] (the "Original Order").

12.       The Original Order authorized the Debtors, among other things, to redact from all public filings:  (a) addresses and e-mail addresses of their creditors and equity holders who are natural persons on a permanent basis; and (b) names, addresses and e-mail addresses of their customers, including those customers who are not natural persons, until the "Redaction Deadline," which, as defined therein, was April 20, 2023.  (Original Order ¶¶ 4-6.)

13.       The Original Order was entered with an express reservation of rights of the Debtors, the Committee and all other parties-in-interest to seek an extension of the Redaction Deadline, or to request authorization to redact any personal information of customers, creditors or equity holders on any other grounds.  (*Id.* ¶ 7.)

-4-

14.     On April 20, 2023, the Debtors filed the *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals* [D.I. 1324] (the "First Extension Motion").

15.     On May 2, 2023, the Media Intervenors filed an objection to the First Extension Motion [D.I. 1406].  On May 9, 2023, the U.S. Trustee also filed an objection to the First Extension Motion [D.I. 1467].

16.     The Court held an evidentiary hearing on the First Extension Motion on June 8, 2023 and June 9, 2023 (collectively, the "June Hearing").  At the June Hearing, Mr. Cofsky testified before the Court that the Debtors' customer lists are valuable to the Debtors and that disclosure of the names and addresses on those lists would jeopardize the Debtors' ability to maximize value for stakeholders.  (June 8, 2023 Hr'g Tr. 143:7-8; 152:1-17.)  The Court credited Mr. Cofsky's testimony and granted the First Extension Motion with respect to the Movants' request to redact customer names pursuant to 107(b) of the Bankruptcy Code for an additional 90 days.  Among other things, the Court further granted the First Extension Motion with respect to the Movants' request to redact the customer names of individuals under 107(c) of the Bankruptcy Code on a permanent basis.  (June 9, 2023 Hr'g Tr. 156:14 – 158:21.)

17.     On June 15, 2023, the Court entered the *Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals* [D.I. 1643] (the "First Extension Order").  The First Extension Order authorized the Movants, pursuant to section 107(c)(1) of the Bankruptcy Code, to permanently redact the names of all customers who are natural persons from all filings with the Court or made publicly available in these Chapter 11 Cases in which disclosure would indicate such person's status as a customer.

(First Extension Order ¶ 4.)  The First Extension Order also authorized the Movants to, pursuant to 107(b)(1) of the Bankruptcy Code, redact the names, addresses and e-mail addresses of all of the Debtors' customers from all filings with the Court or made publicly available in these Chapter 11 Cases; *provided*, *however*, that the authorization to redact the names of all customers, and to redact the names, addresses and e-mail addresses of customers who are not natural persons, was only granted until the date that was 90 days from the date of the entry of the First Extension Order (such date, the "Extended Redaction Deadline").  The Extended Redaction Deadline was set to expire on September 13, 2023.  (*Id.* ¶ 2.)  On July 6, 2023, the Media Intervenors and the U.S. Trustee appealed the First Extension Order to the United States District Court for the District of Delaware (the "District Court").  *See Notice of Appeal of Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals* [D.I. 1846].

18.     On September 13, 2023, the Debtors filed the *Second Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 2508] (the "Second Extension Motion").

19.     On September 26, 2023, the Media Intervenors filed an objection to the Second Extension Motion [D.I. 2712] and on September 27, 2023, the U.S. Trustee filed an objection to the Second Extension Motion [D.I. 2725].  Both objections merely incorporated the previously filed objections by these parties.

20.     The Court held an evidentiary hearing on the Second Extension Motion on October 24, 2023 (the "October Hearing").  At the October Hearing, Mr. Cofsky again testified to the fact that the value of customers to the Debtors' estate is "high and very important."  (October

24, 2023 Hr'g Tr. 24:5-7.)  Mr. Cofsky testified that the customer lists are a source of value (i) if the Debtors were to sell the exchange assets, (ii) if the Debtors were to reorganize the exchanges or (iii) on a standalone basis, if the lists were to be monetized simply as information.  (*Id*. at 24:8-16.)  At the October Hearing, the Court granted the Second Extension Motion, stating that the "uncontroverted evidence presented today is that it does have some value."  (*Id*. at 58:9-11.)

21.    Accordingly, on October 24, 2023, the Court entered the *Second Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 3353] (the "<u>Second Extension Order</u>").  The Second Extension Order authorized the Debtors and the Committee, pursuant to Section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses and e-mail addresses of all of the Debtors' customers from all filings with the Court or made publicly available in these Chapter 11 Cases; *provided*, *however*, that the authorization to redact the names, addresses and e-mail addresses of customers who are not natural persons was only until the date that was 90 days from the date of the entry of the Second Extension Order (such date, the "<u>Second Extended Redaction Deadline</u>") and *provided*, *further*, that the authorization to redact the names of customers, whether they are natural persons or entities, and the addresses of customers who are not natural persons, was limited to those documents in which disclosure would indicate the status of such person or entity as a customer.  (Second Extension Order ¶ 2.)

22.    Following the request of the Court at the October Hearing to "find some way to avoid another one of these hearings in 90 days where we don't have to go through and hear the same testimony again" (October 24, 2023 Hr'g Tr. 59:16-18), the Debtors contacted the U.S. Trustee and the Media Intervenors, requesting that such parties not object to a further extension of the Second Extended Redaction Deadline for an additional 90 days, with all parties' rights reserved.  The U.S. Trustee and the Media Intervenors declined to permit entry of an order on a

consensual basis at that time, but the parties continued to discuss a resolution that would avoid the need for another evidentiary hearing in connection with a further extension.

23.    On January 22, 2024, the Movants filed the *Third Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 6153] (the "<u>Third Extension Motion</u>"), requesting that the Court approve a 90-day extension of the Second Extended Redaction Deadline to preserve the confidentiality and potential value of the Debtors' customer lists.

24.    After the filing of the Third Extension Motion, following further discussions with the U.S. Trustee and the Media Intervenors, on February 12, 2024, the Debtors filed the *Stipulation Regarding the Third Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 7305] (the "<u>First Stipulation</u>"), pursuant to which, among other things, the U.S. Trustee and the Media Intervenors agreed that the Court could rule on the Third Extension Motion based on the existing record of the prior hearings and the filed pleadings.

25.    On February 13, 2024, the Court entered the *Third Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 7315] (the "<u>Third Extension Order</u>").  The Third Extension Order, consistent with the Second Extension Order, authorized the Debtors and the Committee, pursuant to Section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses and e-mail addresses of all of the Debtors' customers from all filings with the Court or made publicly available in these Chapter 11 Cases; *provided*, *however*, that the authorization to redact the names, addresses and e-mail addresses of customers who are

not natural persons was only until the date that was 90 days from the date of the entry of the Third Extension Order (such date, the "Third Extended Redaction Deadline") and *provided, further*, that the authorization to redact the names of customers, whether they are natural persons or entities, and the addresses of customers who are not natural persons, was limited to those documents in which disclosure would indicate the status of such person or entity as a customer. (Third Extension Order ¶ 2.)

26.     On May 13, 2024, the Movants filed the *Fourth Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 14727] (the "Fourth Extension Motion"), requesting that the Court approve a 90-day extension of the Third Extended Redaction Deadline to preserve the confidentiality and potential value of the Debtors' customer lists.

27.     After the filing of the Fourth Extension Motion, following further discussions with the U.S. Trustee and the Media Intervenors, on May 29, 2024, the Debtors filed the *Stipulation Regarding the Fourth Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 16164] (the "Second Stipulation"), pursuant to which, among other things, the U.S. Trustee and the Media Intervenors agreed that the Court could rule on the Fourth Extension Motion based on the existing record of the prior hearings and the filed pleadings.

28.     On May 30, 2024, the Court entered the *Fourth Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 16165] (the "Fourth Extension Order").  The Fourth Extension Order, consistent with the Third Extension

Order and the Second Extension Order, authorized the Debtors and the Committee, pursuant to section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses and e-mail addresses of all of the Debtors' customers from all filings with the Court or made publicly available in these Chapter 11 Cases; *provided*, *however*, that the authorization to redact the names, addresses and e-mail addresses of customers who are not natural persons was only until the date that was 90 days from the date of the entry of the Fourth Extension Order (such date, the "Fourth Extended Redaction Deadline") and *provided*, *further*, that the authorization to redact the names of customers, whether they are natural persons or entities, and the addresses of customers who are not natural persons, was limited to those documents in which disclosure would indicate the status of such person or entity as a customer.  (Fourth Extension Order ¶ 2.)

29.    On August 28, 2024, the Movants filed the *Fifth Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 23986] (the "Fifth Extension Motion"), requesting that the Court approve an extension of the Fourth Extended Redaction Deadline through and including the later of (x) 90 days from the date an order with respect to the Fifth Extension Motion is entered and (y) the effective date of the Plan.

30.    After the filing of the Fifth Extension Motion, following further discussions with the U.S. Trustee and the Media Intervenors, on September 11, 2024, the Debtors filed the *Stipulation Regarding the Fifth Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 24574] (the "Third Stipulation"), pursuant to which, among other things, the U.S. Trustee and the Media Intervenors agreed that the Court could rule

on the Fifth Extension Motion based on the existing record of the prior hearings and the filed pleadings.

31.     On September 12, 2024, the Court entered the *Fifth Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 24588] (the "Fifth Extension Order").  The Fifth Extension Order, consistent with the Fourth Extension Order, the Third Extension Order and the Second Extension Order, authorized the Debtors and the Committee, pursuant to section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses and e-mail addresses of all of the Debtors' customers from all filings with the Court or made publicly available in these Chapter 11 Cases; *provided*, *however*, that the authorization to redact the names, addresses and e-mail addresses of customers who are not natural persons was only until the later of (x) 90 days from the entry of the Fifth Extension Order and (y) the effective date of the Plan (such date, the "Fifth Extended Redaction Deadline") and *provided*, *further*, that the authorization to redact the names of customers, whether they are natural persons or entities, and the addresses of customers who are not natural persons, was limited to those documents in which disclosure would indicate the status of such person or entity as a customer.  (Fifth Extension Order ¶ 2.)

32.     On December 3, 2024, the District Court issued a decision and order affirming the Court's entry of the First Extension Order in all respects, further bolstering the Debtors' position.  *Bloomberg L.P.* v. *FTX Trading Ltd.* (*In re FTX Trading Ltd.*), 2024 WL 4948827 (D. Del. Dec. 3, 2024).  The District Court's order was not further appealed.

33.     On January 3, 2025, the Debtors filed the *Motion of the Debtors for an Order Authorizing the Continued Redaction or Withholding of Certain Confidential Information of Customers* [D.I. 29125] (the "Sixth Extension Motion"), requesting that the Court approve a 90-

day extension of the Fifth Extended Redaction Deadline to preserve the potential value of the customer lists.

34.     After the filing of the Sixth Extension Motion, following further discussions with the U.S. Trustee and the Media Intervenors, on January 17, 2025, the FTX Recovery Trust filed the *Stipulation Regarding the Motion of the Debtors for an Order Authorizing the Continued Redaction or Withholding of Confidential Information of Customers* [D.I. 29238] (the "Fourth Stipulation"), pursuant to which, among other things, the U.S. Trustee and the Media Intervenors agreed that the Court could rule on the Sixth Extension Motion based on the existing record of the prior hearings and the filed pleadings.

35.     On January 27, 2025, the Court entered the *Order Authorizing the Continued Redaction or Withholding of Certain Confidential Information of Customers* [D.I. 29396] (the "Sixth Extension Order").  The Sixth Extension Order, consistent with the Fifth Extension Order, the Fourth Extension Order, the Third Extension Order and the Second Extension Order, authorized the FTX Recovery Trust, pursuant to section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses and e-mail addresses of all of the Debtors' customers from all filings with the Court or made publicly available in these Chapter 11 Cases; *provided*, *however*, that the authorization to redact the names, addresses and e-mail addresses of customers who are not natural persons, is only until the date that is 90 days from the date of the entry of the Sixth Extension Order (such date, the "Sixth Extended Redaction Deadline") and *provided*, *further*, that the authorization to redact the names of customers, whether they are natural persons or entities, and the addresses of customers who are not natural persons, is limited to those documents in which disclosure would indicate the status of such person or entity as a customer.  (Sixth Extension Order ¶ 2.)

36.    On April 28, 2025, the FTX Recovery Trust filed the *Motion of the FTX Recovery Trust for an Order Authorizing the Continued Redaction or Withholding of Certain Confidential Information of Customers* [D.I. 30340] (the "Seventh Extension Motion"), requesting that the Court approve a 90-day extension of the Sixth Extended Redaction Deadline to preserve the potential value of the customer lists.

37.    The FTX Recovery Trust did not receive any objections to the Seventh Extension Motion, and accordingly filed a *Certificate of No Objection* [D.I. 30383] on May 8, 2025.

38.    On May 12, 2025, the Court entered the *Seventh Order Authorizing the Continued Redaction or Withholding of Certain Confidential Information of Customers* [D.I. 30408] (the "Seventh Extension Order").  The Seventh Extension Order, consistent with the Sixth Extension Order, the Fifth Extension Order, the Fourth Extension Order, the Third Extension Order and the Second Extension Order, authorized the FTX Recovery Trust, pursuant to section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses and e-mail addresses of all of the Debtors' customers from all filings with the Court or made publicly available in these Chapter 11 Cases; *provided*, *however*, that the authorization to redact the names, addresses and e-mail addresses of customers who are not natural persons, is only until the date that is 90 days from the date of the entry of the Seventh Extension Order (such date, the "Seventh Extended Redaction Deadline") and *provided*, *further*, that the authorization to redact the names of customers, whether they are natural persons or entities, and the addresses of customers who are not natural persons, is limited to those documents in which disclosure would indicate the status of such person or entity

as a customer. (Seventh Extension Order ¶ 2.) The Seventh Extended Redaction Deadline is set to expire on August 11, 2025.[3]

## **Jurisdiction**

39.    The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105 and 107 of the Bankruptcy Code and Bankruptcy Rule 9018. Pursuant to Local Rule 9013-1(f), the FTX Recovery Trust consents to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## **Relief Requested**

40.    By this Motion, the FTX Recovery Trust requests entry of the Order, substantially in the form attached hereto as Exhibit A, authorizing the FTX Recovery Trust to redact the names, addresses and e-mail addresses of all of the Debtors' customers from any filings with the Court or made publicly available in these Chapter 11 Cases for an additional 141 days through and including December 31, 2025; *provided that* the FTX Recovery Trust will provide the U.S. Trustee, as well as certain other governmental parties, copies of unredacted filings upon request and any other party copies of unredacted filings upon order of the Court.

---

[3]    Pursuant to rule 9006-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the filing of this Motion prior to the expiration of the Seventh Extended Redaction Deadline automatically extends the Seventh Extended Redaction Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

**Basis for Relief**

I.     **Cause Exists to Further Extend the Seventh Extended Redaction Deadline Through December 31, 2025 Pursuant to Section 107(b)(1) of the Bankruptcy Code.**

41.     Section 107(b)(1) of the Bankruptcy Code requires bankruptcy courts, at the request of a party-in-interest, to "protect an entity with respect to a trade secret or confidential research, development, or commercial information."   11 U.S.C. § 107(b)(1).   Pursuant to Bankruptcy Rule 9018, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018.

42.     The Debtors have maintained, beginning in connection with the Original Motion, that their customer lists are a potentially significant source of value for their estates. (Original Mot. ¶ 12.)  At the January 11 Hearing, Mr. Cofsky testified that as part of the Debtors' ongoing strategic review, his view is that there is value in the Debtors' customer lists, and that whether the exchanges are sold or reorganized, value is maximized by ensuring that competitors are not able to solicit customers and prematurely move them to other platforms.  (Jan. 11, 2023 Hr'g Tr. 25:4-26:15.)  Mr. Cofsky went on to testify that his view is that third parties will place significant value on the Debtors' customer lists in a sale process, and that maintaining the identity of the customers without disclosure will give buyers confidence that what they are buying is actually of value.  (*Id*. at 30:21-31:5.)

43.     The Court agreed.  In granting the Original Motion on a final basis, the Court stated that "I think it goes without saying that a customer list in any bankruptcy case is something that is protected by 107(b) as a trade secret.  Companies hold those things very closely and don't want them disclosed."  (*Id.* at 103:1-5.)

44.    The Debtors then argued in connection with the First Extension Motion that the customer lists remain an important asset of the Debtors' estate and a potential source of value. At the June Hearing, Mr. Cofsky again testified that the lists of customer names are "extraordinarily valuable," both in the context of a reorganization and of a sale. (June 8, 2023 Hr'g Tr. 142:13-19.) Mr. Cofsky further testified that, even if the Debtors are unable to reorganize or sell their businesses, the customer lists themselves are likely to be of value to third parties—and therefore a critical source of potential recovery for the Debtors' customers and other creditors. (*Id.* at 143:7-144:15.) If disclosure of the Debtors' customer lists were to occur at this stage, Mr. Cofsky testified that disclosure of names and addresses would negatively impact any effort to monetize those assets. (*Id.* at 147:8-9.)

45.    The Court again agreed. In granting the First Extension Motion with respect to the Movants' redaction request pursuant to section 107(b), the Court stated:

> I think the evidence presented was uncontroverted that customer identification has value. It has value to the Debtors' estates. And under 107(b), the customer names constitute a trade secret… And as a result, those names can continue to be redacted for an additional 90 days while the Debtors continue to seek how they're going to come out of these bankruptcies; if they're going to sell the assets, including the customer lists, or if they're going to reorganize, in which case, they're going to want the customer lists.

(June 9, 2023 Hr'g Tr. 156:16-25.)

46.    In October 2023, the Debtors again met their evidentiary burden. The Debtors argued in connection with Second Extension Motion that the customer lists remain an important asset of the Debtors' estate and a potential source of value. At the October Hearing, Mr. Cofsky once again testified before the Court that the customer lists are a source of value to the Debtors, regardless of whether the Debtors decide to sell the exchange assets, reorganize their estates or monetize the lists on a standalone basis. (October 24, 2023 Hr'g Tr. 24:8-21). Mr.

Cofsky noted that "the exclusive access to those customer lists is a very important and has been a critical element of… conversations" with certain counterparties.  (*Id*. at 25:7-16.)

47.    In granting the Second Extension Motion, the Court stated that:

> [O]nce again, the uncontroverted evidence presented today is that it does have some value.  The evidence today was even stronger than it's been in the past two hearings… Just as a matter of common sense, a platform without customers is nothing.  So, it has to have value.  The customer list has to have value… The objecting parties have still not brought forward any witness who can dispute what Mr. Cofsky has testified to.

(October 24, 2023 Hr'g Tr. 58:8-24.)

48.    The Debtors explained in connection with the Third Extension Motion that Mr. Cofsky was prepared to again testify as to the value of the Debtors' customer lists and the need to keep them confidential.  But the Debtors further asserted the Third Extension Motion could be granted without a further evidentiary hearing.  On February 12, 2024, the Movants, the U.S. Trustee and the Media Intervenors entered into the First Stipulation pursuant to which, among other things, the parties agreed that the Court could rule on the Third Extension Motion based on the existing record of prior hearings and the filed pleadings.  The Court entered the Third Extension Order without a hearing the very next day.

49.    The Debtors again explained in connection with the Fourth Extension Motion that Mr. Cofsky was prepared to testify as to the value of the Debtors' customer lists and the continuing need to keep them confidential.  As with the Third Extension Motion, the Debtors asserted that the Fourth Extension Motion could be granted without a further evidentiary hearing.  On May 29, 2024, the Movants, the U.S. Trustee and the Media Intervenors entered into the Second Stipulation, which, consistent with the First Stipulation, among other things, provided that the Court could, if it determined appropriate, rule on the Fourth Extension Motion based on the

existing record of prior hearings and the filed pleadings.  Once again, the Court entered the Fourth Extension Order without a hearing the very next day.

50.     The Debtors once again explained in connection with the Fifth Extension Motion that Mr. Cofsky was prepared to testify as to the value of the Debtors' customer lists and the continuing need to keep them confidential.  As with the Fourth Extension Motion, the Debtors asserted that the Fifth Extension Motion could be granted without a further evidentiary hearing. On September 11, 2024, the Movants, the U.S. Trustee and the Media Intervenors entered into the Third Stipulation, which, consistent with the prior stipulations, among other things, provided that the Court could, if it determined appropriate, rule on the Fifth Extension Motion based on the existing record of prior hearings and the filed pleadings.  Once again, the Court entered the Fifth Extension Order without a hearing the very next day.

51.     The Debtors again explained in connection with the Sixth Extension Motion that Mr. Cofsky was prepared to testify as to the value of the Debtors' customer lists and the continuing need to keep them confidential.  As with the Fifth Extension Motion, the Debtors asserted that the Sixth Extension Motion could be granted without a further evidentiary hearing. On January 17, 2025, the FTX Recovery Trust, the U.S. Trustee, and the Media Intervenors entered into the Fourth Stipulation, which, consistent with the prior stipulations, among other things, provided that the Court could, if it determined appropriate, rule on the Sixth Extension Motion based on the existing record of prior hearings and the filed pleadings.  The Court entered the Sixth Extension Order without a hearing.

52.     In connection with the Seventh Extension Motion, the FTX Recovery Trust explained that Mr. Cofsky was again prepared to testify that the need to redact all customer names and addresses from the public record in order to preserve value remained ongoing.  As with the

Sixth Extension Motion, the FTX Recovery Trust asserted that the Seventh Extension Motion could be granted without a further evidentiary hearing. The FTX Recovery Trust further explained that following the Effective Date, all of the Debtors' assets, including the customer lists, vested automatically in the FTX Recovery Trust, and that the value of these customer lists was no less an asset of the FTX Recovery Trust than it was of the Debtors at the time the Court entered any of its prior orders authorizing the redaction of customer information. No objections were filed in response to the Seventh Extension Motion, and the Court entered the Seventh Extension Order without a hearing.

53.     Since entry of the Seventh Extension Order, the facts and, accordingly, the FTX Recovery Trust's position with respect to the potential value of the customer lists, have not changed. If necessary, the FTX Recovery Trust will once again present evidence at any hearing on the Motion that the need to redact all customer names and addresses from the public record in order to preserve value remains ongoing, consistent with the evidence provided in October 2023. In addition, the FTX Recovery Trust's evidence would show that it continues to explore options to maximize value for stakeholders, and has not yet decided with respect to the best path to realize value from the customer lists. Given that this remains an unresolved issue, it is important to maintain the status quo.

54.     The FTX Recovery Trust submits that the comprehensive record established over the entirety of these Chapter 11 Cases, without any evidence to the contrary ever being offered by any objector, is sufficient for the Court to enter the Order and further extend the Seventh Extended Redaction Deadline through and including December 31, 2025 to permit the monetization efforts with respect to the customer lists to continue unimpeded. The individual customer names are permanently redacted, and it is appropriate to continue to permit the FTX

Recovery Trust to redact institutional names to protect the complete customer lists to allow the FTX Recovery Trust time to complete the process of determining the future of that asset. Accordingly, the FTX Recovery Trust requests entry of the Order.

### Notice

55.    Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) the Media Intervenors; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; and (g) those parties requesting notice pursuant to Bankruptcy Rule 2002.  The FTX Recovery Trust submits that, in light of the nature of the relief requested, no other or further notice need be provided.

### Conclusion

WHEREFORE, for the reasons set forth herein, the FTX Recovery Trust respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated:  August 11, 2025
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:  landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*