# **EXHIBIT 41**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:

FTX TRADING LTD., *et al.*,[1]

Debtors.

Chapter 11

Case No. 22-11068 (JTD)

(Jointly Administered)

## JOINT STIPULATION BETWEEN THE FTX DEBTORS
## AND THE GOOD FOOD INSTITUTE, INC.

This *Stipulation* ("Stipulation") is being entered into between FTX Trading Ltd. d/b/a

FTX.com, West Realm Shires Services, Inc. d/b/a FTX US, Alameda Research LLC, and the other

debtors and debtors in possession in the chapter 11 bankruptcy cases pending in the United States

Bankruptcy Court for the District of Delaware jointly administered under Case No. 22-11068

(collectively, the "FTX Debtors") and (ii) The Good Food Institute, Inc.  The FTX Debtors and

The Good Food Institute, Inc. are each a "Party" and collectively, the "Parties."

**WHEREAS**, on July 21, 2021, Alameda Research LLC transferred a donation of

$250,000.00 to The Good Food Institute, Inc. and on February 16, 2022, the New Venture Fund

transferred a grant of $1,500,000.00 to The Good Food Institute, Inc., which was funded by a

contribution received from FTX Trading Ltd. (the "Funds");

**WHEREAS**, the Parties agree that the Funds constituted funds of the FTX Debtors;

---

[1]     Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the
last four digits of their federal tax identification numbers is not provided herein.  A complete list of such
information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX.

**WHEREAS**, on November 11, 2022, and November 14, 2022, each FTX Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, The Good Food Institute, Inc. no longer retains possession of the Funds but has an amount of funds sufficient to return an equivalent sum;

**WHEREAS**, the FTX Debtors and The Good Food Institute, Inc. have engaged in arm's length negotiations concerning the return of the Funds.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and among the undersigned counsel for the Parties as follows:

1.    **Return of Funds**.  The Good Food Institute, Inc. will pay to the FTX Debtors the sum of $1,750,000.00 constituting the Funds or an equivalent amount (the "Settlement Amount") within thirty (30) days after the later of (i) the receipt by each Party of a countersigned copy of the Stipulation and (ii) The Good Food Institute Inc.'s receipt of payment instructions and such additional information as is necessary for The Good Food Institute, Inc. to properly disburse, record and account for the payment, all to be provided by the FTX Debtors.

2.    **Release of Claims**.  Upon receipt by the FTX Debtors of the Settlement Amount, each of the Parties unconditionally and irrevocably releases, acquits and forever discharges the other Parties and their officers, members, directors, employees, agents, attorneys and stockholders from any and all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, including, but not limited to, claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs, arising out of the Funds or the return thereof in the form of the Settlement Amount.

-2-

3. **Reservation of Rights**. Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against any other Party.

4. **No Admission of Wrongdoing**. This Stipulation does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth statutory or common law rights, or any other possible or claimed violation of law or rights. The Stipulation shall not be construed as an admission of liability.

5. **Good Faith and Understanding**. The Parties expressly represent and warrant that this Stipulation is given in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise. The Parties represent and warrant that they have read and understand the terms of this Stipulation. The Parties further represent and warrant that each individual signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party.

6. **Cooperation**. Each Party shall cooperate with each other Party and take such actions as are reasonably necessary to obtain approval of this Stipulation by the Bankruptcy Court and entry of approval orders, and to effectuate their terms.

7. **Counterparts**. The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

8. **Effectiveness.** This Stipulation shall become effective upon the execution of the same by all Parties and delivery of counterparts of such signatures to the other Party. The Parties irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waive any right to commence any such action in any other forum.

**AGREED BY**:

October 12, 2023

**SULLIVAN & CROMWELL LLP**
Stephanie G. Wheeler
Christopher J. Dunne
Bradley A. Harsch
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: wheelers@sullcrom.com
        dunnec@sullcrom.com
        harschb@sullcrom.com

*Counsel for the FTX Debtors*

**THE GOOD FOOD INSTITUTE, INC.**
Sarah A. David
PO Box 96503 PMB 42019
Washington, DC 20090-6503
Telephone: 1 (561) 365-5686
Email:  sarahdavid@gfi.org

*The Good Food Institute, Inc. General Counsel, Secretary, and Treasurer*

# **EXHIBIT 42**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## STIPULATION BETWEEN THE FTX DEBTORS
## AND GIVEWELL

This stipulation and settlement agreement ("Stipulation") is being entered into between

FTX Trading Ltd. d/b/a FTX.com, West Realm Shires Services, Inc. d/b/a FTX US, Alameda

Research LLC, and each of the other debtors and debtors in possession in the chapter 11

bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware

jointly administered under Case No. 22-11068 (collectively, the "FTX Debtors") and The Clear

Fund dba GiveWell, a not for profit corporation ("GiveWell"). The FTX Debtors and GiveWell

are each a "Party" and collectively, the "Parties."

**WHEREAS**, on November 11, 2022, and November 14, 2022, the FTX Debtors filed

voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the

"Bankruptcy Court").

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list
of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is
Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**WHEREAS**, FTX Trading Ltd. transferred $8,000,000 to New Venture Fund ("NVF") on or about October 8, 2021; NVF transferred $1,500,000 to GiveWell on or about February 1, 2022 (the "NVF Funds"), and GiveWell re-granted the NVF Funds to third-party grantees Against Malaria Foundation, Helen Keller International, and New Incentives (together, the "GiveWell Re-Grantees").

**WHEREAS**, Alameda Research LLC made the following transfers to GiveWell: $265,000 on or about December 31, 2019; $145,645 on or about November 6, 2018; $238,000 and $7000 on or about October 31, 2018; and $163,333 on or about July 13, 2018; and Samuel Bankman-Fried dba Alameda Research LLC transferred $55,000 to GiveWell on or about January 23, 2018. (collectively, the "Alameda Transfers" and together with the NVF Funds", the "Transfers"). GiveWell re-granted the Alameda Transfers.

**WHEREAS**, the FTX Debtors allege that the Transfers constituted funds of the FTX Debtors and the Transfers are potentially avoidable transfers under the Bankruptcy Code.

**WHEREAS**, the Bankruptcy Court entered an order approving procedures authorizing, *inter alia*, the FTX Debtors to settle so-called "Small Estate Claims" and release settling parties without further Bankruptcy Court approval orders. Pursuant to that authority the FTX Debtors are entering into this Stipulation. The FTX Debtors and GiveWell have engaged in arm's length negotiations.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and among the undersigned counsel for the Parties as follows:

1.    **Settlement Payment.** GiveWell will pay to the estate of the FTX Debtors the sum of $625,000 (the "Settlement Amount") within thirty (30) days after the later of (i) the receipt by each Party of a countersigned copy of the Stipulation, (ii) GiveWell's receipt of confirmation

from counsel to the FTX Debtors that the Stipulation has been approved and authorized in accordance with applicable  Bankruptcy Court orders and (iii) GiveWell's receipt of payment instructions and such additional information as is necessary for GiveWell to properly disburse, record and account for the payment, all to be provided by counsel to the FTX Debtors.

2.    **Release of Claims**.  Upon receipt by the FTX Debtors of the Settlement Amount, the FTX Debtors, on behalf of themselves and their respective bankruptcy estates, creditors, committees, predecessors, successors (including any subsequently appointed trustee, administrator or post-confirmation fiduciary), and assigns (the "Estate Parties"), unconditionally and irrevocably release, acquit and forever discharge GiveWell and the GiveWell Re-Grantees, and their officers, members, directors, trustees, employees, managers, agents, attorneys, stockholders, insurers and underwriters from any and all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, related to or arising out of the Transfers or the return thereof in accordance with the terms of this Stipulation, including, but not limited to, claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs.

3.    **Subsequently Transferred Funds.**  FTX Debtors acknowledge that they are entitled to only a single satisfaction under 11 U.S.C. § 550(d), and that in addition to the Settlement Amount, the FTX Debtors and their estates have recovered $640,000 of the NVF Funds from NVF and are precluded from seeking further recovery from subsequent recipients.  The FTX Debtors, on behalf of themselves and the Estate Parties, covenant not to seek to recover the NVF Funds from GiveWell or the GiveWell Re-Grantees.

4.    **Covenant Not to Sue.**  To the fullest extent permitted by law, upon receipt by the FTX Debtors of the Settlement Amount, the FTX Debtors, on behalf of themselves and the Estate

-3-

Parties, agree not to permit, authorize, initiate, encourage, support, join or continue any lawsuit or other proceeding, including discovery, against any person or entity released pursuant to Paragraphs 2 and 3 of this Stipulation on account of claims released in such Paragraphs.

5. **Waiver.** GiveWell waives any and all rights it may have to a claim under Section 502(d) of the Bankruptcy Code on account of its payment of the Settlement Amount. GiveWell avers that it has not filed a proof of claim against the FTX Debtors.

6. **Reservation of Rights**. Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against any other Party.

7. **No Admission of Wrongdoing**. This Stipulation does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth statutory or common law rights, or any other possible or claimed violation of law or rights. The Stipulation shall not be construed as an admission of liability.

8. **Good Faith and Understanding**. The Parties expressly represent and warrant that this Stipulation is given in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise. The Parties represent and warrant that they have read and understand the terms of this Stipulation and have had the advice of counsel. The Parties further represent and warrant that each counsel and individual signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party.

9. **Counterparts**. The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

10. **Effectiveness.** This Stipulation shall become effective upon the execution of the same by all Parties and delivery of counterparts of such signatures to the other Party and

-4-

confirmation by counsel to the FTX Debtors that the Stipulation has been authorized by all necessary parties.  The Parties irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waive any right to commence any such action in any other forum.

AFDOCS:199701977.3

**AGREED BY**:

April 17, 2024

*Stephanie G. Wheeler*

**SULLIVAN & CROMWELL LLP**
Stephanie G. Wheeler
Christopher J. Dunne
Bradley A. Harsch
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: wheelers@sullcrom.com
       dunnec@sullcrom.com
       harschb@sullcrom.com

*Counsel for the FTX Debtors*

April 16, 2024

*Mary J. Dowd*

**ARENTFOX SCHIFF**
Mary Joanne Dowd
1717 K Street NW
Washington, DC 20006
Telephone: (202) 857-6059
Email: mary.dowd@afslaw.com
NOT ADMITTED IN DELAWARE

*Counsel for The Clear Fund dba GiveWell*

-6-

# EXHIBIT 43

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**JOINT STIPULATION OF SETTLEMENT AMONG THE**
**FTX DEBTORS AND CLEAN AIR TASK FORCE**

This *Stipulation* ("Stipulation") is being entered into between FTX Trading Ltd. d/b/a FTX.com, West Realm Shires Services, Inc. d/b/a FTX US, Alameda Research LLC, and the other debtors and debtors in possession in the chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware jointly administered under Case No. 22-11068 (collectively, the "FTX Debtors") and Clean Air Task Force, a Massachusetts not-for-profit corporation ("CATF"). The FTX Debtors and CATF are each a "Party" and collectively are the "Parties."

**WHEREAS**, on or before October 9, 2021, New Venture Fund, a District of Columbia not-for-profit corporation ("NVF"), received $8,000,000 from one of the FTX Debtors as a grant to be used by NVF for certain charitable purposes;

**WHEREAS**, NVF transferred $1,000,000 on February 1, 2022 and $100,000 on March 22, 2022 (the "Funds") to CATF for CATF's use as specified in its written agreement with NVF;

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**WHEREAS**, the FTX Debtors assert that the Funds constituted funds of the FTX Debtors; and CATF asserts that, even if FTX's assertion was true, CATF was not an "initial transferee" of the Funds and was a "subsequent transferee" of funds from NVF (as such terms are used in Section 550 of the Bankruptcy Code);

**WHEREAS**, on November 11, 2022, and November 14, 2022 (the "Petition Date"), the FTX Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, the FTX Debtors have requested that CATF return the Funds to the relevant FTX Debtor, and CATF has asserted a defense that it is a subsequent transferee;

**WHEREAS**, the FTX Debtors and CATF have engaged in arm's length negotiations concerning the FTX Debtors' request for the return of the Funds to the relevant FTX Debtor;

**WHEREAS**, as a result of their negotiations, and to resolve the disputes without further legal proceedings and expense, the Parties negotiated and wish to enter into this Stipulation;

**WHEREAS**, the economic terms of this Stipulation have been provided to and approved by the "Noticed Parties", as such term is defined in, and pursuit to the procedure established by, the *Order Authorizing and Approving Procedures for Settling Certain Existing and Future Litigation Claims and Causes Of Action* entered by the above Bankruptcy Court on September 11, 2023 [ECF No. 2487] ("Settlement Procedures Order"); and

**WHEREAS,** pursuant to the Settlement Procedures Order, no further notice, proceeding or court order is required for the Parties to execute and perform this Stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel for the Parties as follows:

1.      **Payment by CATF**.  CATF will pay to the FTX Debtors the sum of $500,000 (the "Settlement Amount") not later than thirty (30) calendar days after the later of: (i) the receipt by the Parties of the fully signed Stipulation; and (ii) CATF's receipt of payment instructions and such additional information as is necessary for CATF to properly disburse, record and account for the payment, all to be provided by the FTX Debtors.

2.      **Release of Claims**.  Upon receipt by the FTX Debtors of the Settlement Amount, each Party unconditionally and irrevocably releases, acquits and forever discharges the other Party and such Party's officers, members, directors, employees, consultants, agents, attorneys and affiliates from any and all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, whether know or unknown, including, but not limited to, claims for interest, compensatory, exemplary, statutory, punitive or restitution damages, and expert or attorneys' fees and costs, arising out of or related to the Funds, or the return thereof in the form of the Settlement Amount.

3.      **Reservation of Rights**.  Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against any other person or entity arising from the terms and performance of this Stipulation.

4.      **No Admission of Wrongdoing**.  This Stipulation does not constitute an admission by either Party of any wrongful act or omission, violation of any federal, state, or commonwealth statutory or common law rights, or other possible or claimed violation of law or rights.  The Stipulation shall not be construed as an admission of liability by CATF.

5.      **Good Faith and Understanding**.  The Parties expressly represent and warrant that this Stipulation is given in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise.  Each Party represents and warrants that it

has read and understands the terms of this Stipulation, and has had an opportunity to confer with counsel of its own choosing prior to executing this Stipulation.  Each Party further represents and warrants that the respective attorney signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party and to bind such Party to the terms of this Stipulation.

6.    **Counterparts**.  The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

7.    **Effectiveness.**  This Stipulation shall become effective upon the execution of the same by all Parties and delivery of counterparts of such signatures to the other Party.  The Parties irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to any action or proceeding to enforce the terms and provisions of this Stipulation and expressly waive any right to commence any such action or proceeding in any other forum.

**AGREED BY**:

June 21, 2024

**SULLIVAN & CROMWELL LLP**
Stephanie G. Wheeler
Christopher J. Dunne
Bradley A. Harsch
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email:wheelers@sullcrom.com
        dunnec@sullcrom.com
        harschb@sullcrom.com
*Counsel for the FTX Debtors*


June 25, 2024

**PRYOR CASHMAN LLP**
Richard Levy, Jr.
Shveta Kakar
7 Times Square, 40th Floor
New York, NY 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
Email:  rlevy@pryorcashman.com
        skakar@pryorcashman.com

*Counsel for Clean Air Task Force*

# **<u>EXHIBIT 44</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

### JOINT STIPULATION
### BETWEEN THE FTX DEBTORS AND CARBONPLAN

This *Stipulation* ("Stipulation") is being entered into between (i) FTX Trading Ltd. d/b/a FTX.com, West Realm Shires Services, Inc. d/b/a FTX US, Alameda Research LLC, and the other debtors and debtors in possession in the chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware jointly administered under Case No. 22-11068 (collectively, the "FTX Debtors") and (ii) CarbonPlan. The FTX Debtors and CarbonPlan are each a "Party" and collectively, the "Parties."

**WHEREAS**, Alameda Research LLC transferred $200,000.00 to CarbonPlan on July 21, 2021 ( the "Funds");

**WHEREAS**, the Parties agree that the Funds constituted funds of the FTX Debtors;

**WHEREAS**, on November 11, 2022, and November 14, 2022, each FTX Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

---

[1] Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

WHEREAS, CarbonPlan retains possession of the Funds or has an amount of funds otherwise sufficient to return an equivalent sum and desires to return the Funds to the FTX Debtors; and

WHEREAS, the FTX Debtors and CarbonPlan have engaged in arm's length negotiations concerning the return of the Funds.

NOW, THEREFORE, IT IS HEREBY STIPULATED by and among the undersigned counsel for the Parties as follows:

1.    **Return of Funds**. CarbonPlan will pay to the FTX Debtors the sum of $200,000.00 constituting the Funds or an equivalent amount (the "Settlement Amount") within thirty (30) days after the later of (i) the receipt by each Party of a countersigned copy of the Stipulation and (ii) CarbonPlan's receipt of payment instructions and such additional information as is necessary for CarbonPlan to properly disburse, record and account for the payment, all to be provided by the FTX Debtors.

2.    **Release of Claims**. Upon receipt by the FTX Debtors of the Settlement Amount, each of the Parties unconditionally and irrevocably releases, acquits and forever discharges the other Parties and their officers, members, directors, employees, agents, attorneys and stockholders from any and all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, including, but not limited to, claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs, arising out of the Funds or the return thereof in the form of the Settlement Amount.

3.    **Reservation of Rights**. Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against any other Party.

4.    **No Admission of Wrongdoing**. This Stipulation does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth statutory or common law rights, or any other possible or claimed violation of law or rights. The Stipulation shall not be construed as an admission of liability.

5.    **Good Faith and Understanding**. The Parties expressly represent and warrant that this Stipulation is given in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise. The Parties represent and warrant that they have read and understand the terms of this Stipulation. The Parties further represent and warrant that each individual signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party.

6.    **Counterparts**. The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

7.    **Effectiveness**. This Stipulation shall become effective upon the execution of the same by all Parties and delivery of counterparts of such signatures to the other Party. The Parties irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waive any right to commence any such action in any other forum.

**AGREED BY**:

January 19, 2024

*Stephanie G. Wheeler*

**SULLIVAN & CROMWELL LLP**
Stephanie G. Wheeler
Christopher J. Dunne
Bradley A. Harsch
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: wheelers@sullcrom.com
          dunnec@sullcrom.com
          harschb@sullcrom.com

*Counsel for the FTX Debtors*

**CARBONPLAN**
Jeremy Freeman
2443 Fillmore St 380-6048
San Francisco, CA 94115
Telephone: (716) 465-5303
Email: jeremy@carbonplan.org

*CarbonPlan*

# EXHIBIT 45
# <u>FILED UNDER SEAL</u>

# EXHIBIT 46
# <u>FILED UNDER SEAL</u>

# EXHIBIT 47
## <u>FILED UNDER SEAL</u>

# EXHIBIT 48
# <u>FILED UNDER SEAL</u>

# EXHIBIT 49
## <u>FILED UNDER SEAL</u>

# EXHIBIT 50
## <u>FILED UNDER SEAL</u>

# EXHIBIT 51
# <u>FILED UNDER SEAL</u>