Claim ID: 34477

Email: 7875181@qq.com

Address: On file with Kroll / Debtors

August 2, 2025

Clerk of the Court

United States Bankruptcy Court

District of Delaware

824 N. Market Street, 3rd Floor

Wilmington, DE 19801

Re: Case No. 22-11068 (JTD)

In re: FTX Trading Ltd., et al.

Dear Clerk of the Court,

I am submitting the attached written statement as a Pro Se Creditor in the FTX bankruptcy proceeding, with Claim ID 34477.

This statement respectfully requests that the Court consider allowing claim distributions to creditors from jurisdictions currently labeled as "restricted," particularly Chinese passport holders such as myself. The statement addresses legal and practical issues surrounding this classification and proposes an alternative solution that complies with U.S. law, Chinese law, and international regulations.

I kindly request that this statement be docketed and presented to the Honorable Judge Dorsey for review. Please do not hesitate to contact me by email if any additional information or clarification is required.

Thank you for your time and attention.

Sincerely,
Lu Qi
Pro Se Creditor
Claim ID: 34477

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

In re:

FTX TRADING LTD., et al.,

Debtors.

Chapter 11

Case No. 22-11068 (JTD)

---

**STATEMENT** IN SUPPORT OF EQUAL TREATMENT FOR CREDITORS
Filed by: **Lu Qi, Pro Se Creditor**
Claim ID: **34477**
Address: **On file with Kroll / Debtors**
Passport: **People's Republic of China**

---

I, **Lu Qi**, a pro se creditor and Chinese passport holder, respectfully submit this statement to urge the Court to ensure equal treatment for all creditors regardless of national origin, and to allow claim distributions without discrimination or delay based on unsupported legal concerns.

**1. Current FTX Recovery Trust Is Not Engaged in Cryptocurrency Activities**

The entity currently responsible for distribution is not the original FTX Trading Ltd. that operated cryptocurrency exchanges. Rather, it is a newly created post-bankruptcy entity—**FTX Recovery Trust**.

FTX has argued that activities conducted by its predecessor, FTX Trading Ltd., were illegal and that prior FTX entities engaged in unlicensed financial services. However, those are matters of the past. The present trust is merely administering **USD-denominated claims**, not handling cryptocurrency or providing financial services to the public.

If, however, we were to accept the Debtors' legal theory that past FTX operations taint present distributions, then all creditors globally—regardless of nationality—should be treated as residing in "restricted jurisdictions" due to FTX's universally illegal conduct. Such an argument would lead to absurd results and deny justice to all creditors. Therefore, this logic cannot reasonably justify the selective exclusion of creditors based on nationality or perceived local regulation.

Thus, any distribution to creditors today is purely a **legal disbursement of USD-denominated bankruptcy claims**, and this has nothing to do with cryptocurrency services or cross-border digital asset regulations.

Under Chinese law, there is **no restriction on receiving foreign USD legal compensation** through legal channels, especially via traditional banking mechanisms. The current claim distributions are legal and should not be blocked based on speculation or past affiliations.

**2. FTX Recovery Trust's Discriminatory Application of "Restricted Jurisdictions"**

FTX has created a list of 49 "Restricted Jurisdictions" where it claims legal risk in making distributions. However, the application of this rule appears to be **inconsistent and discriminatory**.

For example, **South Korea** is not on the restricted list, and FTX is actively planning to distribute claims to Korean creditors. However, the designated distribution agents—**BitGo and Kraken**—do not hold valid **VASP (Virtual Asset Service Provider)** licenses in South Korea. In fact, under South Korean regulations, only five platforms (**Upbit, Bithumb, Coinone, Korbit, and Gopax**) are licensed to operate virtual asset services locally. By FTX's own stated regulatory logic, using unlicensed custodians such as BitGo and Kraken to service Korean distributions would

2 / 4

constitute unlicensed financial activity within South Korea. If regulatory uncertainty is the true concern, then why is South Korea considered eligible, while China is not?

According to the regulatory logic adopted by the Debtors, which ties eligibility for distribution to the existence of local crypto licensing (VASP registration), entities such as BitGo and Kraken—which have no local VASP license in South Korea—should disqualify South Korean creditors from receiving distributions. However, **FTX Recovery Trust** continues to treat South Korea as an unrestricted jurisdiction and permits distributions there. This inconsistency reveals that the criteria for inclusion in the so-called "Restricted Jurisdictions" list are **not applied uniformly** and may be arbitrarily enforced against Chinese creditors.

### 3. Bankruptcy Code § 105(a) Grants Authority to Prevent Unfair Discrimination

Section 105(a) of the Bankruptcy Code empowers the Court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Code. Denying distributions solely based on nationality rather than actual legal risk or OFAC restriction constitutes **discriminatory treatment** and violates principles of fairness and due process.

While national security and regulatory compliance are valid considerations, it is important to distinguish between countries that are actually subject to U.S. sanctions or OFAC restrictions—such as North Korea, Iran, and Russia—and those that are not—such as China. China is not under OFAC sanctions, and thus should not be grouped with or treated similarly to jurisdictions that are legally barred from receiving U.S.-sourced payments.

### 4. No Chinese Law Prevents USD Debt Recovery via Legal Means

There is **no Chinese law** prohibiting the receipt of U.S. bankruptcy settlement payments in foreign currency. If necessary, I am willing to provide a statement of non-violation from a local legal expert.

### 5. Proposed Practical Distribution Alternative

As a proposed solution, I respectfully request that the Court consider allowing distributions to be made via **international wire transfers (telegraphic transfers)** to bank accounts held by creditors in third-party jurisdictions such as **Singapore or Hong Kong**. These jurisdictions have **modern banking systems**, are **not on any U.S. sanctions list**, and have historically served as international financial centers. Transferring USD-denominated bankruptcy payments through this method poses **no violation of U.S. law, Chinese law, or international sanctions**.

This approach would enable full compliance with international legal standards and greatly reduce the risk of unjust exclusion of Chinese creditors.

## DECLARATION OF LU QI

I, **Lu Qi**, declare under penalty of perjury under the laws of the United States that:

1. I am the holder of a claim filed in the FTX bankruptcy case.

2. I possess a bank account in [China/Hong Kong/Other] under my name.

3. I am not a resident of any OFAC-sanctioned country.

4. I am not under investigation for any financial crime, nor has my identity or claim been disputed by the Debtors.

5. All of the foregoing facts are true and correct to the best of my knowledge.

Executed on this 2nd day of August, 2025.

Signature: _____
Lu Qi

---

**Respectfully submitted,**
Lu Qi
Address: On file with Kroll / Debtors
Email: 7875181@qq.com
Claim ID: 34477

---

Note: The undersigned respectfully requests the Court accept this written statement into the record for consideration, and allow remote participation if necessary due to international residence.

**UNITED STATES POSTAL SERVICE®**  USPS APIs

G   usps.com
US POSTAGE

U.S. POSTAGE PAID

Mailed from 11434

**USPS GROUND ADVANTAGE™**

JERRY(001) YASFBARA
9208 CHARLES SMITH AVE
RANCHO CUCAMONGA CA 91730

RDC 01



CLERK OF THE COURT
U.S. BANKRUPTCY COURT, 824 N MARKET
ST, 3RD FLOOR
WILMINGTON DE 19801

USPS TRACKING # USPS Ship



9200 1902 7033 4805 3366 96

USPS-N-GA1-JFK

