**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

In re:

FTX TRADING LTD., et al., Debtors.

Chapter 11

Case No. 22-11068 (KBO)

**MOTION FOR ORDER DIRECTING DISCLOSURE OF JURISDICTIONAL CLASSIFICATION STANDARDS, ESTABLISHMENT OF PROCEDURAL FAIRNESS FOR INTERNATIONAL CREDITORS, AND IMPLEMENTATION OF TRANSPARENT PORTAL INFORMATION SYSTEM**

## I. PRELIMINARY STATEMENT

**1.** Movant HENG LU is a creditor in the above-captioned case who holds Chinese nationality and currently resides in Singapore under a valid Employment Pass. Movant has not received any distribution to date despite completing all required steps as directed by the FTX Recovery Trust (the "Trust") and receiving confirmations from both support@ftx.com and support@bitgo.com.

**2.** Through extensive communication with numerous other international creditors, particularly those from jurisdictions classified as "potentially restricted," Movant has identified systemic issues with the Trust's jurisdictional classification system that violate fundamental principles of procedural due process, equal treatment, and transparency required in court-supervised bankruptcy proceedings.

**3.** The Trust has implemented a "Restricted Jurisdiction Procedure" that affects creditors based on opaque and undisclosed classification standards, creating substantial disparate treatment where some creditors receive distributions while others—despite identical circumstances—face indefinite delays, additional burdens, and even potential forfeiture risks.

**4.** Movant respectfully requests that the Court enter an order requiring comprehensive disclosure of classification standards, establishment of procedural safeguards for international creditors, and implementation of transparent information systems to ensure equal treatment and due process protections.

## II. FACTUAL BACKGROUND

**5.** Movant is a Chinese citizen who has been legally residing and working in Singapore under an Employment Pass. Due to work requirements, Movant frequently travels between China and Singapore, facing the jurisdictional problem introduced by the Trust.

**6.** Following instructions received from support@ftx.com, Movant completed all required steps: (a) updated KYC information in Step 3 with Singapore residence documentation; (b) resubmitted tax forms in Step 7; (c) selected BitGo as distribution method in Step 8 and received confirmation from support@bitgo.com; and (d) received final confirmation from support@ftx.com that all information updates were processed.

**7.** Despite these confirmations, Step 9 continues to display "Disputed" status without explanation, and Movant cannot access critical information about jurisdictional classification or claim status through the FTX portal.

**8.** The Trust introduced the jurisdictional classification system during the distribution phase rather than during claims reconciliation or plan voting, depriving creditors of notice and opportunity to be heard on issues that substantially affect their distribution rights.

## III. ARGUMENT

### A. The Current Classification System Violates Due Process Requirements

**9.** Procedural due process requires notice and an opportunity to be heard before governmental action affects protected interests. The Trust's implementation of jurisdictional classifications that determine distribution eligibility without disclosing standards or providing meaningful hearing opportunities violates these fundamental requirements.

**10.** The timing of the classification system's introduction—after plan confirmation and during distribution—compounds these due process violations by depriving creditors of the opportunity to consider and object to these procedures when voting on the reorganization plan.

**11.** Without access to classification criteria, affected creditors cannot meaningfully challenge their designations, seek reclassification, or protect their distribution rights, rendering the procedure fundamentally unfair.

### B. The Lack of Disclosed Standards Creates Arbitrary and Discriminatory Treatment

**12.** The Trust has failed to provide objective, verifiable criteria for distinguishing between "Potentially Restricted" and "Unrestricted" jurisdictions, creating substantial risk of arbitrary decision-making and discriminatory treatment based on national origin or residence.

**13.** The absence of clear standards particularly affects creditors with multiple jurisdictional connections—such as overseas nationals, work visa holders, and dual citizens—who cannot determine their classification status or take appropriate action to protect their rights.

**14.** Similarly situated creditors receive fundamentally different treatment based on undisclosed and unverifiable standards, violating principles of equal treatment under bankruptcy law.

### C. The Portal System's Opacity Prevents Creditor Self-Help and Verification

**15.** The current FTX portal system prevents creditors from accessing basic information about their own cases, including: (a) their jurisdictional classification status; (b) current claim status and any dispute reasons; (c) verification that submitted information has been properly processed; and (d) expected timelines for resolution.

**16.** This information opacity prevents creditors from identifying and correcting processing errors, understanding their status, or taking appropriate protective measures, effectively denying them meaningful participation in their own cases.

**17.** The failure to provide real-time status updates creates additional confusion and prevents creditors from determining whether system confirmations reflect actual processing completion.

### D. The Trust's Interpretation of Foreign Law Lacks Adequate Foundation and Oversight

**18.** The Trust's legal team, primarily trained in U.S. bankruptcy law, has made determinations affecting creditors from over 100 countries without disclosing whether appropriate foreign law expertise was consulted or what standards were applied.

**19.** The global nature of the creditor base demands either: (a) demonstrated expertise in the relevant foreign legal systems; or (b) transparent disclosure of research methods and sources that allow affected creditors and their counsel to verify accuracy and challenge errors.

20. The absence of such disclosure or verification mechanisms creates substantial risk that distribution decisions are based on misunderstanding or misapplication of foreign law, potentially causing irreparable harm to affected creditors.

## IV. RELIEF REQUESTED

**WHEREFORE,** Movant respectfully requests that the Court enter an order:

**21. Requiring Comprehensive Disclosure of Classification Standards,** including:

- Complete legal and regulatory authorities relied upon for all jurisdictional classifications
- Detailed research methodology and analytical frameworks employed
- Qualifications and composition of research personnel, including foreign law expertise
- Specific criteria used to designate jurisdictions as "Restricted" or "Unrestricted"
- Documentation of all sources consulted and legal opinions obtained

**22. Mandating Clarification of Multi-Jurisdictional Standards,** including:

- Clear criteria for determining classification when nationality and residence differ
- Specific standards for work visa holders, permanent residents, and dual citizens
- Procedures for creditors with legitimate connections to multiple jurisdictions
- Guidelines for corporate entities with multiple jurisdictional presence

**23. Requiring Portal Transparency and Information Access,** including:

- Mandatory display of each creditor's jurisdictional classification status after KYC completion
- Real-time claim status information with specific explanations for any disputes
- Historical record of status changes and the reasons therefore
- Estimated timelines for resolution of pending issues

**24. Establishing Standardized Address and Jurisdictional Change Procedures,** including:

- Published step-by-step procedures for updating residence and jurisdictional information
- Specific timelines for acknowledgment (7 business days) and processing (15 business days)
- Tracking and confirmation mechanisms for all change requests
- Immediate portal updates following approved changes

**25. Implementing Procedural Safeguards for International Creditors,** including:

- Standardized objection and appeal procedures for classification disputes
- Access to qualified foreign law experts for complex jurisdictional issues
- Protection against forfeiture based solely on jurisdictional classification
- Equal burden of proof standards regardless of creditor location

**26. Requiring Immediate Resolution of Processing Confirmations,** directing the Trust to:

- Immediately update Step 9 status for all creditors who have received processing confirmations
- Include all creditors with confirmed updates in the next distribution cycle
- Provide specific explanations for any continuing "Disputed" designations
- Establish expedited review procedures for creditors with confirmed updates

**27. Establishing Ongoing Monitoring and Reporting Requirements,** including:

- Monthly reports to the Court on jurisdictional classification statistics and processing times
- Quarterly reviews of foreign law determinations with opportunity for creditor input
- Annual assessment of classification fairness and accuracy with third-party oversight
- Publication of anonymized case studies showing consistent application of standards

**28. Providing Appropriate Remedial Relief,** including:

- Compensation for delays caused by procedural failures or incorrect classifications
- Priority treatment in subsequent distributions for previously excluded creditors
- Reimbursement of additional compliance costs imposed on international creditors
- Extension of deadlines where processing delays prevented timely compliance

## V. CONCLUSION

**29.** The current jurisdictional classification system operates without transparency, accountability, or adequate procedural protections, creating substantial unfairness for international creditors who comprise the vast majority of the creditor base.

**30.** The Court's intervention is necessary to ensure that this court-supervised distribution process operates with the fairness, transparency, and equal treatment required by bankruptcy law and constitutional due process.

**31.** Movant respectfully submits that the requested relief is necessary to preserve the integrity of the bankruptcy process and protect the rights of all creditors regardless of their national origin or residence.

**WHEREFORE,** Movant respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: Aug 9, 2025

Respectfully submitted,

*/s/ Heng Lu*

HENG LU

**Creditor and Pro Se Party**

## UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, HENG LU, hereby certify that on Aug 9, 2025, I caused a copy of this Motion to be served via email upon the following parties:

### Counsel for the FTX Debtors - Sullivan & Cromwell LLP

- James L. Bromley - bromleyj@sullcrom.com
- Alexa J. Kranzley - kranzleya@sullcrom.com
- Andrew G. Dietderich - dietdericha@sullcrom.com
- Brian D. Glueckstein - gluecksteinb@sullcrom.com

### Local Counsel - Landis Rath & Cobb LLP

- Adam G. Landis - landis@lrclaw.com
- Kimberly A. Brown - brown@lrclaw.com
- Matthew R. Pierce - pierce@lrclaw.com

### Office of the United States Trustee

- Juliet M. Sarkessian - juliet.m.sarkessian@usdoj.gov
- Benjamin A. Hackman - benjamin.a.hackman@usdoj.gov
- David Gerardi - david.gerardi@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct.

Dated: Aug 9, 2025

*HENG LU* (signature)

HENG LU

