Yong Li
Futian District, Shenzhen, China, 518000
liyongxty@163.com
Creditor Claim No.: 78049
Date: Aug 3 2025

United States Bankruptcy Court
District of Delaware
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801
USA
Re: In re FTX Trading Ltd., et al., Debtors
Case No. 22-11068 (KBO)

The Honorable Judge Owens:
United States Bankruptcy Judge

Your Honor,

I am a creditor in the above-captioned bankruptcy case and attended the hearing in this matter via video conference on July 22, 2025. I respectfully submit this letter to bring two critical issues regarding the claims distribution plan to the Court's attention for its consideration.

### I. Request Regarding Wire Transfer Payment Channel

I note that the FTX Recovery Trust (the "Trust") stated during the hearing that due to FTX's business structure being "more complex" than those in the Celsius Network LLC and BlockFi bankruptcy cases, it cannot provide wire transfer payments to creditors in China, following the approach used in the Celsius and BlockFi cases. I respectfully disagree with the Trust's position for the following reasons:

1. Fundamental Change in the Nature of the Distribution:
     The assets currently being administered by the Trust constitute bankruptcy estate property. The distributions being made to creditors are for court-approved USD Denominated Claims. This is fundamentally distinct from the operational complexity of the Debtors' pre-bankruptcy business. If the Trust insists that pre-bankruptcy business complexity dictates permissible payment methods, then logically, creditors should be repaid in their original cryptocurrencies, not USD. This position is clearly inconsistent with the current distribution plan based on USD claims.

2. Industry Precedent Demonstrates Feasibility:
     Peer cryptocurrency bankruptcy cases, including Celsius and BlockFi, have successfully utilized wire transfers for efficient payments to creditors in China. The Trust has failed to provide any supporting documentation or technical report

demonstrating why the wire transfer method, proven viable by Celsius and BlockFi, cannot be implemented in this case. Its unilateral exclusion of international wire transfers lacks a reasonable basis.

Pursuant to 11 U.S.C. § 1123(a)(5), a bankruptcy plan must provide adequate means for its implementation, including efficient payment channels to ensure equitable treatment of creditors. Therefore, I respectfully request that the Court Order the Trust to:

①Adopt the precedent set by Celsius and BlockFi and implement a wire transfer payment channel for creditors in China;

② Submit a detailed implementation plan and a clear timeline for such implementation.

### II. Request for Interest Compensation on Delayed Payment of Class 7A Claim

My claim is classified as a Class 7A Customer Claim. According to the distribution plan announced in 2025, creditors within this same class began receiving distributions starting February 18, 2025. However, my claim remains unpaid. This delay, without apparent justification, has caused me actual economic loss.

Pursuant to 11 U.S.C. § 726(a)(5), once the bankruptcy estate is sufficient to pay all claims of higher priority, creditors are entitled to post-petition interest at the legal rate to compensate for the delay in payment. Therefore, I respectfully request that the Court Order the Trust to:

① Immediately pay the principal amount of my delayed Class 7A claim;

②Pay interest on the delayed amount at the rate of 9% per annum, calculated from February 18, 2025, until the actual payment date.

### Conclusion

I deeply appreciate the efforts made by the Trust to maximize creditor recoveries. Nevertheless, the issues raised herein concern the fundamental fairness and transparency of the bankruptcy process. I respectfully urge Your Honor to exercise the Court's supervisory authority to ensure that all creditors receive equitable and efficient distributions.

Thank you for your time and consideration of this matter. I am available to provide any further information the Court may require.

Respectfully submitted,

Yong Li

*Yong Li* (signature)

Dated: Aug 3, 2025

CERTIFICATE OF SERVICE

I, Yong Li, hereby certify that on Aug 3, 2025, I caused a copy of the foregoing Objection to the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com


Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com


I certify under penalty of perjury that the foregoing is true and correct.

Dated: Aug 3, 2025

Shenzhen, China

*Yong Li*

_____

