UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE



RECEIVED

2025 AUG 11 PM 2:59

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

**FTX TRADING LTD., et al.,**

Debtors.

Chapter 11

Case No. 22-11068 (KBO)

(Jointly Administered)


**Motion to (I) Enforce Equal Distributions, (II) Pay Chinese-Passport Claims in September 2025 Round, and (III) Establish Transparent Residency/Dispute Process**


Hejia Zhao ("Movant"), FTX creditor with customer code 2696746, respectfully states as follows:


## I. RELIEF REQUESTED

Movant seeks entry of an order, substantially in the form attached as Exhibit A (the "Proposed Order"), that:

1. Enforces 11 U.S.C. § 1123(a)(4) by prohibiting the FTX Recovery Trust (the "Trust") from withholding Plan distributions solely because a holder possesses a Chinese passport, including holders who reside and pay tax outside the People's Republic of China ("PRC");

2. Directs the Trust to include— in the next distribution scheduled to commence on or about September 30, 2025 (with the Trust's currently announced record date of August 15, 2025)— every Allowed Customer Claim whose holder has completed KYC, regardless of nationality;

3. Authorises—and directs—the Trust to offer outbound U.S.-dollar wire transfers to any non-PRC bank designated by a creditor, consistent with procedures approved in other chapter 11 crypto cases (e.g., In re Celsius Network LLC, Case No. 22-10964 (Bankr. S.D.N.Y.)); and

4. Requires the Trust, within fourteen (14) days, to file (a) a detailed Residency-Change Protocol (identifying Portal fields to amend, acceptable documentary proofs, and a response-time commitment) and (b) a public Claim-Dispute Dashboard showing the status of each claim tagged "Disputed," its cure requirements, and any scheduled hearing date.

## II. JURISDICTION AND VENUE

The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## III. FACTUAL BACKGROUND

1. On July 2, 2025, the Trust filed its Motion for Entry of an Order in Support of the Confirmed Plan Implementing Restricted-Jurisdiction Procedures (Dkt 31148) (the "RJ Motion"), noticed for hearing on July 22, 2025. The RJ Motion proposes to suspend distributions to residents of forty-nine jurisdictions, including China.

2. All customer claims—including those held by Chinese citizens—were Allowed for voting purposes under the Court's Solicitation Procedures and were counted toward confirmation.

3. The Trust made a cash distribution round on May 30, 2025, and publicly stated that more than US $5 billion would be distributed via BitGo, Kraken, and (later) Payoneer as distribution service providers.

4. In June 2025, numerous previously Allowed claims were re-tagged "Disputed" without individualized deficiency notices or a published review timeline; the Customer Portal provides no clear adjudication timetable.

5. On July 23, 2025, the Trust announced that the next distribution is expected to commence on or about September 30, 2025, and public coverage identifies August 15, 2025 as the record date for eligibility. The Trust also disclosed a reduction of the disputed-claims reserve by approximately US $1.9 billion, enabling that round.

## IV. BASIS FOR RELIEF

A. Equal Treatment. Section 1123(a)(4) requires the same treatment for each claim within a class. Withholding distributions from Chinese-passport holders— including those with non-PRC tax residency—while paying identical dollar claims to other class members violates § 1123(a)(4).

B. Re-Solicitation for Adverse Changes. Federal Rule of Bankruptcy Procedure 3019 provides that adverse post-acceptance modifications require re-solicitation. The RJ Motion's nationality-based suspension, after votes were solicited and counted, is an adverse change.

C. Feasible Distribution Mechanics. International USD wire transfers have been employed in comparable chapter 11 crypto cases to reach foreign creditors when other channels presented obstacles. The Trust can implement the same option here.

D. Transparency. The Court-approved solicitation and voting framework contemplated a clear reconciliation workflow; a public protocol and dashboard will ensure due-process fairness and reduce unnecessary motion practice.

## V. NOTICE

Movant will serve this Motion and the Proposed Order on the Debtors, the Trust, the Official Committee of Unsecured Creditors, the Office of the United States Trustee, and all parties requesting notice under Fed. R. Bankr. P. 2002.

## VI. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court enter the Proposed Order and grant such other and further relief as is just and proper.

Respectfully submitted,

Hejia Zhao

Hejia Zhao

EXHIBIT A — PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

In re:  FTX TRADING LTD., et al. — Case No. 22-11068 (KBO) — Chapter 11 (Jointly Administered)

**Motion to (I) Enforce Equal Distributions, (II) Pay Chinese-Passport Claims in September 2025 Round, and (III) Establish Transparent Residency/Dispute Process**

Upon the motion (the "Motion") of Hejia Zhao (the "Movant"); the Court having jurisdiction; due notice having been given; and after due deliberation, IT IS HEREBY ORDERED THAT:

1. The Trust shall not withhold Plan distributions from any Allowed Customer Claim solely because the holder possesses a Chinese passport, including holders with non-PRC tax residency.

2. The Trust shall include, in the distribution scheduled to commence on or about September 30, 2025 (with a record date presently announced as August 15, 2025), every Allowed Customer Claim whose holder has completed KYC, irrespective of nationality.

3. The Trust is authorised and directed to offer outbound U.S.-dollar wire transfers to any non-PRC bank designated by a creditor.

4. Within fourteen (14) days of entry of this Order, the Trust shall file a Residency-Change Protocol and a public Claim-Dispute Dashboard as described in the Motion.

5. The Court retains jurisdiction to enforce and interpret this Order.

Dated: _____, 2025 — Wilmington, Delaware

_____

The Honorable Karen B. Owens

United States Bankruptcy Judge

APPENDIX — SOURCES (for counsel's convenience; not part of the Order)

• RJ Motion (Dkt 31148): https://prod-i.a.dj.com/public/resources/documents/FTX_1-22-bk-11068_31148.pdf

• PR (May 15, 2025): Second distribution on May 30, 2025 — https://www.prnewswire.com/news-releases/ftx-recovery-trust-to-distribute-more-than-5-billion-to-creditors-in-second-distribution-on-may-30-2025-302456976.html

• PR (July 23, 2025): Next distribution on/about Sept. 30, 2025; reserve reduction — https://www.prnewswire.com/news-releases/ftx-sets-next-distribution-date-following-disputed-claims-reserve-reduction-302512444.html

• Record date coverage (Aug. 15, 2025): CryptoBriefing — https://cryptobriefing.com/ftx-next-distribution-record-date-september-2025/ ; Bitbank JP — https://bitbank.cc/knowledge/breaking/article/28oyco04dg5 ; CoinCentral — https://coincentral.com/ftx-sets-august-15-record-date-for-next-1-9b-creditor-distribution/

• FTX Support (Portal Step 8 — Distributions: Select Provider) — https://support.ftx.com/hc/en-us/articles/33190623459092-General-Information-on-Distribution-Service-Providers

• FTX Support (Using the Customer Claims Portal; KYC and steps) — https://support.ftx.com/hc/en-us/articles/19519576531476-Using-the-Customer-Claims-Portal

• PR (June 10, 2025): Payoneer added as DSP; KYC + tax forms + select DSP — https://www.prnewswire.com/news-releases/ftx-and-ftx-dm-announce-addition-of-payoneer-as-distribution-service-provider-302478182.html

• 11 U.S.C. § 1123(a)(4) text — https://www.law.cornell.edu/uscode/text/11/1123

• Fed. R. Bankr. P. 3019 — https://www.law.cornell.edu/rules/frbp/rule_3019

• Local Bankr. Rule 9013-1 (letters not considered) — https://www.deb.uscourts.gov/sites/deb/files/local_rules/9013.pdf

• Celsius distributions: USD wire options (support) — https://celsiusdistribution.stretto.com/support/solutions/articles/153000144873-receiving-your-usd-via-wire-transfer ; Notice referencing distribution methods incl. wire — https://cases.stretto.com/public/x191/11749/PLEADINGS/1174909272480000000064.pdf

CERTIFICATE OF SERVICE

I, Hejia Zhao, hereby certify that on August 7, 2025, I caused a copy of the foregoing Motion to be served via e-mail upon each of the parties listed below.  In addition, I sent a cover letter and copy of this Motion to the Office of the United States Trustee.

SULLIVAN & CROMWELL LLP

• James L. Bromley – bromleyj@sullcrom.com

• Alexa J. Kranzley – kranzleya@sullcrom.com

• Andrew G. Dietderich – dietdericha@sullcrom.com

• Brian D. Glueckstein – gluecksteinb@sullcrom.com

LANDIS RATH & COBB LLP

• Adam G. Landis – landis@lrclaw.com

• Kimberly A. Brown – brown@lrclaw.com

• Matthew R. Pierce – pierce@lrclaw.com

OFFICE OF THE UNITED STATES TRUSTEE

• Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov

• Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov

• David Gerardi – david.gerardi@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct.

HejiaZhao

_____

Hejia Zhao