**Motion for Clarification Regarding Currency Denomination of Creditor Distributions by FTX Recovery Trust and Removal of Unjustified Restrictions**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:
FTX TRADING LTD., et al.,
Debtors.
Chapter 11
Case No. 22-11068 (KBO)



## MOTION FOR CLARIFICATION AND DECLARATORY RELIEF REGARDING THE CURRENCY NATURE OF CREDITOR DISTRIBUTIONS UNDER THE CONFIRMED PLAN AND FOR REMOVAL OF UNJUSTIFIED PAYMENT RESTRICTIONS

Movant, a creditor in the above-captioned Chapter 11 cases, respectfully moves this Court for an order directing the FTX Recovery Trust to provide clear, unambiguous clarification regarding the currency denomination of creditor distributions under the confirmed reorganization plan, and to remove legally unsupported restrictions and delays on payments to creditors located in the People's Republic of China ("PRC Creditors"). In support of this Motion, Movant states as follows:

**I. RELIEF REQUESTED**
Movant respectfully requests that the Court order and declare as follows:

Clarification of Currency Denomination
Direct the FTX Recovery Trust to clearly and publicly state whether all distributions under the confirmed plan are denominated and executed in United States dollars (USD) or in cryptocurrency.

Declaratory Judgment on Legal Nature of Claims
Declare that all creditor claims under the confirmed plan constitute USD-denominated debt obligations in legal nature and valuation, and are not cryptocurrency-denominated or cryptocurrency-linked obligations.

Clarification of Past and Future Distributions
Clarify whether all past and future distributions are fundamentally USD-based or cryptocurrency-based, irrespective of the technical method of payment (e.g., bank transfer, stablecoin, or otherwise).

Removal of Unlawful Restrictions and Delays
Order the FTX Recovery Trust to:
(a) Remove PRC-specific payment restrictions that lack clear statutory or regulatory authority;

(b) Immediately release delayed payments to eligible PRC Creditors; and

(c) Provide fair compensation or interest to affected creditors for the period of delay.

## II. FACTUAL AND LEGAL BASIS

### A. U.S. Bankruptcy Law Requires USD Valuation

Pursuant to 11 U.S.C. § 502(b), claims in bankruptcy must be determined "as of the date of the filing of the petition" and converted into United States dollar amounts, regardless of the original denomination or form of the underlying asset.

### B. The Confirmed Plan Excludes "Coin-Denominated" Recoveries

During plan negotiations, certain creditors proposed recovery in the same type and quantity of cryptocurrency originally held. These proposals were expressly rejected. The confirmed plan adopts a USD-based valuation and distribution mechanism.

### C. Payment Method Does Not Alter Debt Nature

Whether payment is executed via wire transfer, stablecoin, or other digital means, such methods of performance do not alter the legal nature of the obligation as a USD debt. Consequently, purported restrictions based on "cryptocurrency regulation" are irrelevant if the obligation is USD-denominated.

### D. Precedent Confirms Feasibility of Compliance

Comparable cases demonstrate the availability of lawful and practical payment mechanisms to creditors in China:

**Celsius Network Bankruptcy – PRC creditors received USD distributions via wire transfer.**
**Mt. Gox Rehabilitation – PRC creditors received BTC and BCH via Kraken.**

Additionally, exchanges such as Binance, OKX, and HTX—currently accessible to PRC users—could serve as distribution partners, undermining any claim of "no feasible channels."

## III. NECESSITY AND URGENCY OF RELIEF

Legal Certainty – The currency denomination of claims is a threshold issue necessary to evaluate the legitimacy of any jurisdictional payment restrictions.

Equal Treatment – Delaying or denying payments to PRC creditors without clear legal basis violates the equal treatment principles of U.S. bankruptcy law.

Economic Harm – Prolonged payment delays have caused actual financial damage to affected creditors, warranting interest or compensatory relief.

## IV. CONCLUSION (FTX Recovery Trust: USD or Crypto? Clarify Now)

For the foregoing reasons, Movant respectfully requests that the Court:

Order the FTX Recovery Trust to clarify the currency denomination of all distributions;

Declare that all creditor claims under the confirmed plan are USD-denominated obligations;

Clarify that all past and future distributions are USD-based in legal nature; and

Remove unjustified restrictions and delays on PRC creditor payments and award appropriate compensation.

Respectfully submitted,

Sincerely,
Xuzhou Yin
FTX Creditor ID: 00154182
Email: 13126585051@163.com
Date: August 9, 2025



FedEx Express shipping label

ORIGIN ID:KOWA 8615000105413
Ding Hao
Suzhou Mianqun Trading Co., Ltd
E-105,Building E,No.60
Chuangye Street
SUZHOU, 202150
CN

SHIP DATE: 13AUG25
ACTWGT: 0.50 KG
CAD: 256944445/FAPI2208

BILL SENDER
EIN/VAT: 13022522900

TO Clerk of the Court
U.S.Bankruptcy Court
District of Delaware--824 N
Market Street, 3rd Floor
WILMINGTON, DE 19801
US

TRK# 8835 2708 8990    Form 0430

5:00P
IP EOD
REF: JS005
DESC1:DOC.

XA ZWIA
ETD
PKG:ENV

(US)    AWB

SIGN: Ding Hao
T/C: S
D/T: R

CTRY/TERR MFR: CN
CARRIAGE VALUE:
CUSTOMS VALUE: 1.00 USD

FEDEX AWB COPY - PLEASE PLACE IN POUCH

---

ORIGIN ID:KOWA 8615000105413
DING HAO
SUZHOU MIANQUN TRADING CO., LTD
E-105,BUILDING E,NO.60
CHUANGYE STREET
SUZHOU, 202150
CN

SHIP DATE: 13AUG25
ACTWGT: 0.50 KG
CAD: 256944445/FAPI2208

BILL SENDER

TO CLERK OF THE COURT
U.S.BANKRUPTCY COURT
DISTRICT OF DELAWARE--824 N
MARKET STREET, 3RD FLOOR
WILMINGTON DE 19801
REF: JS005
DEPT: PT 8779
INV:
PO:
13022522900

TRK# 8835 2708 8990    0430

5:00P
IP EOD    ETD
19801
DE-US    PHL

XA ZWIA