UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
In re:
FTX Trading Ltd., et al.,
Debtors.
Chapter 11.
Case No. 22-11068 (KBO)
(Jointly Administered)



RECEIVED
2025 AUG 18  AM 11: 13
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

## OBJECTION TO MOTION OF FTX RECOVERY TRUST TO IMPLEMENT RESTRICTED JURISDICTION PROCEDURES (D.1.31148), MOTION FOR AN ORDER DIRECTING THE DEBTORS TO DISCLOSE THE STANDARDS AND CRITERIA USED TO DISTINGUISH BETWEEN "POTENTIALLY RESTRICTED JURISDICTIONS" AND "UNRESTRICTED JURISDICTIONS", AND TO COMPEL THE FTX RECOVERY TRUST AND KROLL TO PROVIDE SUBSTANTIVE RESPONSES TO CREDITOR INQUIRIES

TO THE HONORABLE KAREN B. OWENS, UNITED STATES BANKRUPTCY JUDGE:

INTRODUCTION

1. I, Volodymyr Tsymbaliuk, a creditor of FTX Trading Ltd. and its affiliated debtors (collectively, the "Debtors"), respectfully submit this objection to the motion of FTX Recovery Trust to implement restricted jurisdiction procedures. I have fully complied with all Know Your Customer (KYC) and AML procedures required by the Debtors in a timely manner and possess supporting documentation. The Proof of Claim number is 50598 and Unique Customer Code is 00349480. I request that this Court deny the Debtors' motion to suspend payments to me and other Ukrainian creditors, as such suspension lacks legal and factual basis for the reasons set forth below.

2. I am an individual creditor residing in Ukraine, with a valid claim against the Debtors' estate arising from Transfer Agreement (Doc 27472). My claim is recognized under the Debtors' Plan of Reorganization (the "Plan"), confirmed by this Court on October 7, 2024.

3. On July 2, 2025, the FTX Recovery Trust filed a motion seeking to halt distributions to creditors in 49 jurisdictions, including Ukraine, citing potential legal and compliance risks due to alleged restrictive cryptocurrency policies in those regions.

4. As a Ukrainian creditor who has fully complied with all KYC procedures and holds supporting documentation, I submit that the proposed suspension of payments to me and other Ukrainian creditors is unwarranted and unjust. Cryptocurrencies and their circulation are not prohibited in Ukraine, and the Debtors' repayments are calculated and

planned to be distributed in U.S. dollars - a standard and legal form of repayment universally recognized, including Ukraine. Suspending payments would unfairly prejudice my rights and those of other Ukrainian creditors, violating the equitable principles of the Debtors' confirmed Plan. Based on this and Ukrainian Law declared below I respectfully request that the Court enter an order directing the Debtors to disclose, in writing and with specificity, the legal, regulatory, and factual basis used to distinguish between "Potentially restricted jurisdictions" and "Unrestricted jurisdictions".

5. As a creditor in the above-captioned case, I haven't received any distribution to date and there have been no communications from the Debtors for at least 4 months, nor any responses to my email inquiries to their official email addresses: institutionalsupport@ftx.com, institutionalsupport2@ftx.com . I therefore respectfully request the Court to compel the FTX Recovery Trust and KROLL to provide substantive responses to Creditor inquiries.

LEGAL AND FACTUAL BASIS

A. Successful Completion of the Procedures

I have completed all KYC/AML procedures required by the FTX Recovery Trust in a timely manner, as stipulated by the Debtors' claims administration process. I possess supporting documentation which confirms my compliance with all applicable requirements for receiving distributions under the Plan. My full compliance with KYC procedures demonstrates my eligibility to receive distributions and eliminates any compliance-related concerns the Debtors may raise regarding payments to Ukrainian creditors.

B. Cryptocurrencies Are Not Prohibited in Ukraine

While the Debtors have emphasized that the "Restricted Jurisdiction Procedure" is merely a procedural tool intended to address jurisdiction-specific issues, they have failed to provide any substantive explanation as to why certain countries are subject to the procedure while others are not. There is no clear disclosure of the standards or rationale used to make these distinctions. This lack of transparency creates a significant risk of arbitrary or unfair treatment. The FTX Recovery Trust's motion suggests that restrictive cryptocurrency policies in Ukraine justify suspending payments. This assertion is factually incorrect. Ukraine has a progressive legal framework for cryptocurrencies. On September 8, 2021, the Verkhovna Rada of Ukraine passed the Law of Ukraine "On Virtual Assets" (No. 2074-IX), signed into law on February 17, 2022, and effective as of March 16, 2022. This law recognizes virtual assets, including cryptocurrencies, as legal intangible assets and permits their use, circulation, and exchange.

The Law of Ukraine "On Virtual Assets" regulates legal relations arising in connection with the circulation of virtual assets in Ukraine, defines the rights and obligations of participants in the virtual asset market, the principles of state policy in the sphere of circulation of virtual assets,

both for individuals and legal entities, allowing to store, trade and exchange cryptocurrencies without any prohibitions and restrictions, including in matters of taxation.
The Law of Ukraine "On Virtual Assets" establishes that state regulation of the virtual assets market is carried out by the state represented by the National Commission on Securities and the Stock Market (Article 16) and the National Bank of Ukraine (Article 17).

C. Introducing a Classification Procedure at the Distribution Stage Without Prior Disclosure Undermines the Integrity of the Process

The Debtors introduced the "Restricted Jurisdiction Procedure" during the distribution stage, rather than during the claims reconciliation or voting phase. This timing alone has raised serious concerns about the fairness and legitimacy of the process. If such a procedure had been proposed during the voting stage of the confirmed Plan, the appropriate and transparent process would have required the Debtors to first disclose their research, analytical framework, and classification criteria for all jurisdictions subject to distribution, publish those findings, and allow affected creditors to respond prior to any vote. Because the Debtors failed to follow that proper and transparent course of action at the correct stage, their attempt to implement this jurisdictional framework now - during the distribution of creditor recoveries - warrants even greater scrutiny. At a minimum, the Trust should be compelled to publicly disclose not only its analysis of the "Potentially Restricted Jurisdictions," but also its findings and reasoning regarding the so-called "Unrestricted Jurisdictions." Without such balanced and complete disclosure, there is no valid explanation for why creditors in certain jurisdictions have already received distributions, while others have not received any payment at all. The current approach lacks the procedural fairness and transparency required in a court-supervised bankruptcy proceeding.

D. Repayments are in the U.S. Dollars, a Legal and Standard Form of Repayment

The Debtors' Plan provides for distributions in U.S. dollars, based on the dollarized value of claims as of November 11, 2022, with additional interest. This "dollarization" approach is standard in U.S. bankruptcy proceedings and ensures equitable treatment of creditors.

The US dollar is a legal and recognized means of payment in Ukraine, which is enshrined in the Law of Ukraine "On Currency and Currency Transactions" dated June 21, 2018 No. 2473-VIII. The National Bank of Ukraine permits transactions in foreign currencies, including U.S. dollars, subject to standard banking regulations and KYC requirements. There are no restrictions under Ukrainian law preventing me from receiving U.S. dollar payments from the FTX Recovery Trust for bankruptcy distributions.

The Debtors' motion does not claim that U.S. dollar distributions violate Ukrainian law. Instead, it references "restrictive crypto policies" without addressing the fact that distributions are in U.S. dollars and not cryptocurrencies. As such, concerns about cryptocurrency regulations are irrelevant to the repayment process.

E. Suspension of Payments Lacks Justification and Causes Undue Hardship in Realizing My Right of Ownership of the Assets that Belong to Me

Suspending payments to Ukrainian creditors, including myself, would cause significant financial hardship, particularly given the economic challenges in Ukraine due to the ongoing military conflict. I have relied on the Debtors' commitment to repay creditors promptly, as outlined in the confirmed Plan, to recover losses incurred from the FTX collapse.

The Debtors' motion affects only 5% of total claims by value but impacts a significant number of individual creditors like me who depend on these distributions. Denying payments to Ukrainian creditors without evidence of legal prohibitions violates the equitable principles of the U.S. Bankruptcy Code and the Plan's goal.

RELIEF REQUESTED

For the foregoing reasons, I, Volodymyr Tsymbaliuk, respectfully request that this Honorable Court to:

1. Reinstate the missed deadline for filing these Objection and Motion, due to the fact that I am an active military serviceman located in the combat zone in Ukraine.
2. Deny the Motion of the FTX Recovery Trust to Implement Restricted Jurisdiction Procedures: Reject the Debtors' request to halt distributions to creditors in Ukraine, as there is no legal prohibition on cryptocurrencies or U.S. dollar transactions in Ukraine.
3. Enter an order directing the Debtors to disclose, in writing and with specificity, the legal, regulatory, and factual basis used to distinguish between "Potentially restricted jurisdictions" and "Unrestricted jurisdictions".
4. Enter an order directing the FTX Recovery Trust to submit specific evidence of any legal or compliance risks in Ukraine, including findings from local legal counsel, before any further consideration of the motion.
5. Compel the FTX Recovery Trust and KROLL to provide substantive responses to Creditor inquiries.
6. Order prompt distribution to Ukrainian Creditors. Direct the Debtors to proceed with distributions to me and other Ukrainian creditors in accordance with the confirmed Plan.
7. Grant Further Relief: Provide such other and further relief as the Court deems just and proper.

CERTIFICATION

I, Volodymyr Tsymbaliuk, certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. I reserve all rights to seek additional relief or to supplement this motion as warranted based on the disclosures provided.

Dated: August 11, 2025
Ukraine

Respectfully submitted,

/_____ / Volodymyr Tsymbaliuk

UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

RECEIVED 2025 AUG 18 AM 11: 13
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

I, Volodymyr Tsymbaliuk, hereby certify that on August 11, 2025, I caused a copy of the above Objection and Motion to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley — bromleyj@sullcrom.com
- Alexa J. Kranzley — kranzleya@sullcrom.com
- Andrew G. Dietderich — dietdericha@sullcrom.com
- Brian D. Glueckstein — gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis — landis@lrclaw.com
- Kimberly A. Brown — brown@lrclaw.com
- Matthew R. Pierce — pierce@lrclaw.com

Office of the United States Trustee

- Juliet M. Sarkessian — juliet.m.sarkessian@usdoj.gov
- Benjamin A. Hackman — benjamin.a.hackman@usdoj.gov
- David Gerardi — david.gerardi@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 11, 2025
Ukraine

/_____/ Volodymyr Tsymbaliuk

Name: Volodymyr Tsymbaliuk
Address: 98 Natalii Uzhvii str., apt 76,
Kharkiv, Ukraine, 61195
Email: volodymyr6691@gmail.com
August 11, 2025

RECEIVED
2025 AUG 18 AM 11: 13
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Honorable Judge Karen B. Owens
United States Bankruptcy Court
District of Delaware
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801
USA

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)
RE: Objection to Motion of FTX Recovery Trust to Implement Restricted Jurisdiction Procedures (D.I. 31148)

Volodymyr Tsymbaliuk
98 Natalii Uzhvii str., apt 76
Kharkiv, Ukraine 61195

DV DANIELS NJ 070
12 AUG 2025 PM 5 L

19801-302499

Honorable Judge Karen B. Owens
United States Bankruptcy Court
District of Delaware
824 North Market Street, 3rd Floor
Wilmington, DE 19801
USA

