FTX Creditor [Lin Kaikai] *Lin, kaikai*

July 7, 2025

RECEIVED
2025 AUG 19 A 9: 59
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

In re:
FTX Trading Ltd., et al.
Case No. 22-11068

## Motion to Lift Payment Restrictions on Chinese Creditors and Ensure Equal Distribution Rights Under the FTX Reorganization Plan

<u>Dear Judge / Relevant Parties,</u>

### 1. Creditor's Identity

My family holds one KYC-verified FTX account with aggregate claims USD 16,181.87 (Unique Customer Code: <u>4297923</u>). We have fully complied with all Plan requirements. The Trust's motion now arbitrarily jeopardizes our distribution rights.

I am a creditor whose claims have been confirmed in the claims register of this case. In light of serious objections to the "regional payment restrictions" imposed by the FTX Recovery Trust in implementing the

1

I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 14, 2025

Lin Kaikai          *L-m. Karpai*

## CERTIFICATE OF SERVICE

I, [Lin Kaikai], hereby certify that on July 5, 2025, I sent a copy of the foregoing "Motion to Lift Payment Restrictions on Chinese Creditors and Ensure Equal Distribution Rights Under the FTX Reorganization Plan" via email to the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

Office of the United States Trustee (UST)

-Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov

-Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov

-David Gerardi – david.gerardi@usdoj.gov

### Clarify Creditor Relocation Procedures

In response to the issue already noted by the Court at the July 22, 2025 hearing, require the FTX Recovery Trust to immediately publish detailed procedures and standards for changing a creditor's residence, to ensure lawful relocation and payment eligibility.

Point of View: The absence of clear procedures prevents creditors from lawfully removing regional restrictions, and this procedural defect impairs their right to recovery. If a creditor has provided sufficient address proof, such proof should be deemed adequate to establish the change of jurisdiction. Requiring an additional government-issued ID is unnecessary—particularly where the creditor has already completed FTX's KYC verification and the address proof is valid—which may amount to duplicative verification, create unnecessary procedural burdens, and pose potential privacy risks.

### 3. Conclusion and Request

For the reasons stated above, the Movant respectfully requests that the Court:

1. Lift the regional payment restrictions;
2. Ensure priority payment for confirmed claims;
3. Prohibit the imposition of new restrictions without a clear legal basis;
4. Require transparency and disclosure;
5. Clarify creditor relocation procedures and avoid unnecessary additional document requirements.

I respectfully request that the court promptly issue a clear ruling to clarify the currency denomination and legal nature of the debt distribution, and to revoke the payment restrictions and delays imposed on Chinese creditors without legal basis, so as to ensure that the creditors in this case receive equal, timely, and fair repayment.

Respectfully submitted,
FTX Creditor  [Lin Kaikai]       *Lin. Kaikai* (signature)

confirmed reorganization plan (hereinafter the "Restriction Measures"), I respectfully submit this motion to the Court.

## 2. Relief Requested and Grounds

### Lift Regional Payment Restrictions

Request immediate removal of payment restrictions based on creditors' place of residence, ensuring that all KYC-verified and eligible creditors receive proportional distributions.
Point of View: The regional restriction was not part of the confirmed plan, was unilaterally added by the FTX Recovery Trust, violates the principle of equal treatment, and effectively deprives certain creditors of their lawful rights to distribution.

### Ensure Priority Payment for Confirmed Claims

For claims that have been confirmed and are undisputed, payment should be made without delay, and not indefinitely postponed due to regional restrictions.
Point of View: Once a claim is confirmed, the obligation to pay arises. Delaying payment constitutes an infringement of creditor rights.

### Prohibit Additional Restrictions Without Legal Basis

Require that any new payment restrictions or conditions must be supported by legal authority and approved by the Court before implementation.
Point of View: Once the reorganization plan is confirmed by the Court, it is binding, and any unilateral modifications without Court approval are unlawful.

### Transparency and Disclosure

Require the FTX Recovery Trust to disclose the scope of regional restrictions, the list of affected creditors, and the conditions for removal.
Point of View: Transparency is essential for protecting creditor rights. Concealing information prevents creditors from exercising their rights to appeal and seek remedies.

USPS Priority Mail envelope.

FROM:
L.m. karkani
1175 Branham Ln
San Jose, CA. 95118

TO:
Clerk of the Court
U.S Bankruptcy Court
824 N Market St, 3nd floor
Wilmington, DE 19801

U.S. POSTAGE PAID
PM SAN JOSE, CA 95118
AUG 15, 2025
$11.00
S2324E501981-10
0 Lb 2.20 Oz
RDC 03
19801

EXPECTED DELIVERY DAY: 08/18/25
USPS TRACKING #
9505 5114 6294 5227 1470 56