## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |

### SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Paul Pullo, depose and say that I am employed by Kroll Restructuring Administration LLC ("***Kroll***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On May 19, 2025, at my direction and under my supervision, employees of Kroll caused the following documents to be served via First Class Mail on 2 Customers whose information remains redacted per Court order. The Customer Service List will be made available to the Court, the U.S. Trustee, and any Official Committee upon request:

- Notice of Objection to Unverified Claims customized to include customer code and claim number or schedule number of the party, a blank copy of which is attached hereto as **Exhibit A**

- Declaration of Kumanan Ramanathan in Support of Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims [Docket No. 28227]

On May 30, 2025, at my direction and under my supervision, employees of Kroll caused the following document to be served via First Class Mail on 1 Customer whose information remains redacted per Court order. The Customer Service List will be made available to the Court, the U.S. Trustee, and any Official Committee upon request:

- FTX Trading Ltd - Second and Final Pre-Distribution Requirement Request, attached hereto as **Exhibit B**

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

On May 30, 2025, at my direction and under my supervision, employees of Kroll caused the following document to be served via first class mail on 1 customer whose information remains redacted per Court order. The Customer Service List will be made available to the Court, the U.S. Trustee, and any Official Committee upon request:

- Notice of Effective Date of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates [Docket No. 29127]

On June 3, 2025, at my direction and under my supervision, employees of Kroll caused the following documents to be served via First Class Mail on Keller Benvenutti Kim LLP, (ADRID: 22209104), Attn: Jane Kim, Esq., 425 Market Street, Ste 2500, San Francisco, CA, 94105-2478:

- Order Scheduling Omnibus Hearing Dates [Docket No. 29954]

- Order Sustaining Debtors' One Hundred Forty-Second (Substantive) Omnibus Objection to Certain Duplicate Proofs of Claims (Customer Claims) [Docket No. 29957]

- Order Sustaining Debtors' One Hundred Forty-Third (Non-substantive) Omnibus Objection to Certain Claims Filed Against the Incorrect Debtor [Docket No. 29958]

- Order Sustaining Debtors' One Hundred Forty-Fourth (Substantive) Omnibus Objection to Certain Overstated Proofs of Claim (Customer Claims) [Docket No. 29959]

- Order Sustaining Debtors' One Hundred Forty-Fifth (Substantive) Omnibus Objection to Certain Fully or Partially Unliquidated Proofs of Claim (Customer Claims) [Docket No. 29960]

- Order Sustaining Debtors' One Hundred Forty-Sixth (Substantive) Omnibus Objection to Certain Fully or Partially Unliquidated Proofs of Claim (Customer Claims) [Docket No. 29961]

- Order Sustaining Debtors' One Hundred Forty-Seventh (Substantive) Omnibus Objection to Certain Fully Unliquidated Proofs of Claim (Customer Claims) [Docket No. 29962]

[*Remainder of page intentionally left blank*]

Dated: July 3, 2025

*/s/ Paul Pullo*
Paul Pullo

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on July 3, 2025, by Paul Pullo, proved to me on the basis of satisfactory evidence to be the person who executed this affidavit.

*/s/ OLEG BITMAN*
Notary Public, State of New York
No. 01BI6339574
Qualified in Queens County
Commission Expires April 4, 2028

**Exhibit A**

**NOTICE TO ALL HOLDERS OF UNVERIFIED CLAIMS: THE DEBTORS HAVE FILED AN OBJECTION SEEKING TO DISALLOW AND EXPUNGE YOUR CLAIM. IF THE COURT SUSTAINS THE DEBTORS' OBJECTION, MARCH 1, 2025 WILL BE THE DEADLINE TO COMMENCE THE KYC SUBMISSION PROCESS AND JUNE 1, 2025 WILL BE THE DEADLINE TO SUBMIT ALL REQUESTED KYC INFORMATION THROUGH THE FTX CUSTOMER CLAIMS PORTAL.**

**LOG IN TO THE FTX CUSTOMER CLAIMS PORTAL USING YOUR FTX LOG-IN INFORMATION BY CLICKING HERE: HTTPS://CLAIMS.FTX.COM.  COMMENCE OR CONTINUE THE KYC SUBMISSION PROCESS BY MOVING TO STEP 3 OF THE FTX CUSTOMER CLAIMS PORTAL.**

**ONLY SUBMIT SENSITIVE INFORMATION VIA THE CUSTOMER CLAIMS PORTAL.**

**This notice contains important instructions for submitting KYC information and we encourage you to read it in its entirety.**

On November 21, 2024, FTX Trading Ltd. and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed an **Omnibus Objection to Unverified Customer Entitlement Claims** with the United States Bankruptcy Court for the District of Delaware (the "Court") [D.I. 28225] (the "KYC Objection") in the Debtors' chapter 11 cases (the "Chapter 11 Cases").  Please find below a link to the KYC Objection and the notice attached thereto.

**https://restructuring.ra.kroll.com//FTX/Home-DownloadPDF?id1=MzIyNzQ1NA==&id2=0 [D.I. 28225]**

You are receiving this notice because you have not completed the KYC submission process with respect to the following Customer Entitlement Claim(s) (as defined below) associated with your unique customer ID and such claims remain "unverified" ("Unverified Claims"):

| Unique Customer Code | Claim No(s). |
|---|---|
|  |  |

Below are important things to highlight about this notice you are receiving:

The FTX Customer Claims Portal is available here:  **https://claims.ftx.com**

Subject to the Court entering an order sustaining the KYC Objection:

- You must commence the KYC submission process by **March 1, 2025** with respect to your Unverified Claim(s) listed above.  "Commencing" the KYC submission process means logging into the FTX Customer Claims Portal and beginning "Step 3 – Provide Know Your Customer (KYC) Information" for the Original Holder.

4882-2789-8878 v.4

- In the event that you do not commence the KYC submission process with respect to your Unverified Claim(s) listed above on or prior to **March 1, 2025 at 4:00 p.m. (ET)** such Unverified Claim(s) **shall be disallowed and expunged in its entirety**.

- If you have commenced, but not yet completed, the KYC submission process, you must complete the submission of all KYC information requested by the Debtors or their KYC vendors by **June 1, 2025** with respect to your Unverified Claim(s) listed above.

- In the event that you do not submit all KYC information requested by the Debtors or their KYC vendors with respect to your Unverified Claim(s) listed above on or prior to **June 1, 2025 at 4:00 p.m. (ET)**, such Unverified Claim(s) **shall be disallowed and expunged in its entirety**.

This notice is being sent to all Original Holders of Unverified Claims *and* subsequent transferees of such claims.

*For the avoidance of doubt, the Debtors at this time are **not** seeking to disallow Customer Entitlement Claims of any holders who have submitted all requested KYC information to the Debtors, Sumsub and BitGo, as applicable, even if such information is unable to be validated and therefore rejected by Sumsub or BitGo, as applicable, or otherwise rejected by the Debtors. The Debtors reserve all rights with respect to such Customer Entitlement Claims, including the right to object to such claims at a later date on the basis of the KYC information provided.  For the further avoidance of doubt, nothing contained in this notice or the Objection is intended to amend, supersede, or otherwise modify any of the requirements or deadlines with respect to any aspect of section 7.14 of the Plan, including the Pre-Distribution Requirements (as defined in the Plan).*

The Debtors retain their rights to later object on any basis to any Unverified Claim, including on the basis of KYC information provided.

"Customer Entitlement Claim" means any claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law or otherwise) held by any person or entity against any of the Debtors that compensates the holder of such claim for the value as of the Petition Date of cash or digital assets held by such person or entity in an account on any FTX exchange.

Nothing contained in this notice:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; (d) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the

Debtors; or (e) is intended to deem any claim as an Allowed (as such term is defined in the Plan) claim against the Debtors.  Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

If you are unable to login to the Customer Claims Portal, please contact support (support@ftx.com) and include your Unique Customer Code (listed above) in your email in order to recover your account access.  Otherwise, please visit https://claims.ftx.com to submit KYC information.

For additional information, and to download all documents filed in the Debtors' chapter 11 cases free of charge, please visit https://restructuring.ra.kroll.com/FTX/

**Exhibit B**



**Subject:  FTX Trading Ltd - Second and Final Pre-Distribution Requirement Request**

Dear Customer,

You are receiving this email in connection with the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates [D.I. 26029] (the "Plan"), and Distributions you may be entitled to receive under the Plan.

Our records indicate that you have not provided certain tax information that is required in order for Distributions to be made. Tax information is part of the Pre-Distribution Requirements per the Plan. Please use Step 7 on the FTX Customer Portal to provide the requisite tax information on a completed, applicable IRS Form W-9 or IRS Form W-8.  No distribution will be made to you unless and until this information is provided.

**This message will serve as the <u>Second Request</u> for Pre-Distribution Requirements.** If the request for Pre-Distribution Requirement has not been satisfied within 60 days, you **<u>shall be deemed to have forfeited your right to receive this Distribution.</u>**

For more information, see below for Section 7.14 of the Plan and please visit the [FTX FAQs on Tax Requirements.](#)

Please disregard this request if you have already completed Step 7 in the FTX Customer Portal.

<u>Section 7.14 of the Plan - Tax Identification, KYC and OFAC Certifications</u>

Any Holder entitled to receive any Distribution under the Plan shall, upon request, deliver to the Distribution Agent or such other Entity designated by the Plan Administrator: (a) a completed IRS Form W-9 or appropriate IRS Form W-8, as applicable; (b) a true and accurate certification that the Holder is not a Person or Entity with whom it is illegal for a U.S. person to do business under Office of Foreign Assets Control sanctions regulations and/or the list of Specially Designated Nationals and Blocked Persons; and (c) know your customer information of the Holder of such Claim, which (i) for individuals, may include, among other things, full name including any alias, date of birth, address and proof of address, identification and identification-related documents, nationality, phone number, email address, occupation, bank account information or wallet address, social security number (for U.S. citizens) and facial liveness and (ii) for institutional Holders, may include, among other things, company name, registration information, tax identification number, principal business address and phone number, business email address, information on the nature of the business and principal business activity, entity size, source of wealth/source of funds, annual revenue/profit, authorized signer, identity of ultimate beneficial owners, identity of directors and/or members of management, bank account information or wallet address and, for any ultimate beneficial owners, directors or members of management, similar identification information and records as are collected for individual Holders who are natural Persons (collectively, the "Pre-Distribution Requirements"). If a request for Pre-Distribution Requirements has not been satisfied within 30 days thereafter, a second request shall be sent to such Holder. If the Holder

fails to comply with the Pre-Distribution Requirements before the date that is 60 days after a second request is made, such Holder shall be deemed to have forfeited its right to receive Distributions, and shall be forever barred and enjoined from asserting any right to Distributions made prior to the Plan Administrator receiving its executed Pre-Distribution Requirements. Any Distributions that are forfeited pursuant to this provision shall revest in the Wind Down Entities as Plan Assets. For all purposes related to this Section 7.14, the Plan Administrator and the Distribution Agent are entitled to conclusively rely on the delivery of the notice to the last known address and last known email address on file with the Claims Agent without obligation to verify such address and any such requests delivered to such address shall be deemed to be received.