IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF MICHAEL S. LETO IN SUPPORT OF THE FTX RECOVERY TRUST'S (A) AMENDED OBJECTION TO NON-CUSTOMER PROOF OF CLAIM NO. 100112 FILED BY LAWRENCE D. VAN DYN HOVEN AND (B) OBJECTION TO MOTION BY CLAIMANT LAWRENCE D. VAN DYN HOVEN TO RECONSIDER CUSTOMER CLAIM NO. 98560, EXTEND THE APPLICABLE BAR DATE AND ALLOW THAT CLAIM, OR, IN THE ALTERNATIVE, TO EXTEND THE APPLICABLE BAR DATE FOR NON-CUSTOMER CLAIM NO. 100112**

I, Michael S. Leto, hereby declare under penalty of perjury:

1. I am a Managing Director at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operation restructuring.

2. I have over 15 years of distressed company advisory experience. Through roles in both senior management and as a restructuring advisor, I have substantial experience helping financially distressed companies stabilize their financial condition, analyze their operations, and develop business plans to accomplish the necessary restructuring of their operations and finances. I have advised clients in numerous major bankruptcy cases, including

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Lehman Brothers Holdings Inc., where I spent three years as the Chief Financial Officer, Genesis Global Holding and subsidiaries, a lending and borrowing, spot trading, derivatives and custody service for digital assets and fiat currency and Terraform Labs PTE, a Singapore blockchain firm focused on decentralized financial infrastructure and applications in the digital asset space and I have also served as the interim Chief Financial Officer of other private companies. I received my bachelor's degree in Accounting and Business Administration from Hofstra University and an MBA from Fordham University in Management Systems and International Business.

3. I have been involved in the FTX case since October 2024 and have been leading the A&M Know-Your-Customer team, as well as playing an instrumental role in distributions to creditors of the Debtors.

4. I submit this declaration (the "Declaration") in support of (A) the *FTX Recovery Trust's Amended Objection to Non-Customer Proof of Claim No. 100112 Filed by Lawerence D. Van Dyn Hoven* (the "Amended Objection") and (B) the *FTX Recovery Trust's Objection to Motion by Claimant Lawrence D. Van Dyn Hoven to Reconsider Customer Claim No. 98560, Extend the Applicable Bar Date and Allow that Claim, or, in the Alternative, to Extend the Applicable Bar Date for Non-Customer Claim No. 100112* (the "Objection").[2] I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by the FTX Recovery Trust.[3]

5. Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents,

---

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Amended Objection and Objection, as applicable.

[3] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1] (the "Plan").

information provided to me by A&M professionals involved in advising the FTX Recovery Trust in the above-captioned cases (the "Chapter 11 Cases") or information provided to me by the FTX Recovery Trust. If called upon to testify, I could and would testify to the facts set forth herein on that basis. I am authorized to submit this Declaration on behalf of the FTX Recovery Trust.

### A. The FTX.com Exchange's Wallet System and the Recipient Account

6. The FTX.com exchange controlled a limited number of unique deposit addresses on the blockchain associated with individual customer accounts. When digital assets were sent to a deposit address, the FTX.com exchange would credit the associated customer's account on the FTX.com exchange platform accordingly, but the digital assets themselves were sent to separate wallets controlled by FTX (the "FTX Wallets"). These FTX Wallets were used in connection with millions of customer transactions and contained commingled digital assets representing the holdings of multiple customer accounts.

7. Based on a review of the FTX Recovery Trust's books and records, between May 10 and May 11, 2022, 1,396,470 USDT was sent to an FTX Wallet with a deposit address of 0xbc044B893AE5d473781106d2124976E56766a948 (the "Transferred Amount").

8. The Transferred Amount was then credited to an account (the "Recipient Account") held by a customer of the FTX.com exchange (the "Recipient Account Customer"). Within hours of receiving the aforementioned deposits, the Recipient Account Customer withdrew nearly all of the USDT in nine different withdrawals to six external non-FTX wallet addresses. Between May 11, 2022 and the Petition Date, the Recipient Account Customer withdrew nearly all of the digital assets in the Recipient Account.

9. As of the Petition Date, the Recipient Account contained less than $0.09 of USDT and under $1,000 in total digital asset value.

B.  **Lawrence D. Van Dyn Hoven's Claim**

10.  Based on a review of the Debtors' books and records, Lawrence D. Van Dyn Hoven ("Van Dyn Hoven") did not hold a customer account on any of the FTX exchanges. Further, there is no indication that Van Dyn Hoven had any other contractual relationship with the Debtors.

11.  The Debtors were first contacted by Van Dyn Hoven on June 29, 2023, when the Debtors received an email from vandynhovenl@gmail.com with the subject line "Fraud Department – ADR Letter." The email was sent to "support@ftx.com," "contact@ftx.com," "hello@ftx.com," and "info@ftx.com." Despite the body of the email referencing a "Fraud Demand Letter," there was no attachment to the June 29, 2023 email.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 29, 2025

/s/ *Michael S. Leto*
Michael S. Leto
Alvarez & Marsal North America, LLC
Managing Director