# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: October 23, 2025 at 9:30 a.m. (ET)**<br>**Objection Deadline: October 16, 2025 at 4:00 p.m. (ET)** |

### FTX RECOVERY TRUST'S ONE HUNDRED NINETY-SIXTH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN LATE FILED PROOFS OF CLAIMS (CUSTOMER CLAIMS)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 OF EXHIBIT A ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN.**

The FTX Recovery Trust[2] hereby submits this one hundred ninety-sixth omnibus claims objection (this "Objection") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), disallowing and expunging in its entirety each Late Filed Claim (as defined below) set forth in Schedule 1

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' (as defined below) confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1].

attached to the Order.  In support of this Objection, the FTX Recovery Trust submits the *Declaration of Rob Esposito in Support of the FTX Recovery Trust's One Hundred Ninety-Sixth (Non-Substantive) Omnibus Objection to Certain Late Filed Proofs of Claims (Customer Claims)* (the "Esposito Declaration"), attached hereto as Exhibit B.  In further support of this Objection, the FTX Recovery Trust respectfully states as follows:

## Background

1.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed with the Court voluntary petitions for relief under the Bankruptcy Code.  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3.      On October 7, 2024, the Court confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan"), and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404].

4.      On January 3, 2025, the effective date of the Plan occurred, which, among other things, established the FTX Recovery Trust and transferred, assigned, and vested all of the Debtors' assets in the FTX Recovery Trust.  *See Notice of Effective Date of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 29127].

## Facts Specific to the Relief Requested

5.      On June 28, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1793] (the "Customer Bar Date Order").  The Customer Bar Date Order established, among other things, the deadline of September 29, 2023 (the "Customer Bar Date") to file Customer Claims[3] against the Debtors.

6.      To date, approximately 97,700 customer proofs of claim have been filed against the Debtors and the FTX Recovery Trust, asserting more than $54,619,000,000.[4]

## Late Filed Claims

7.      The FTX Recovery Trust and its advisors are reviewing and reconciling all proofs of claim and any related supporting documentation filed against the FTX Recovery Trust.  The FTX Recovery Trust has determined, based on its books and records, that each proof of claim listed on Schedule 1 to Exhibit A under the heading "Late Filed Claims" (the "Late

---

[3]     "Customer Claims" means a claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, or federal or state law, rule or regulation, common law or otherwise) held by any person (as defined in section 101(41) of the Bankruptcy Code) or entity (as defined in section 101(15) of the Bankruptcy Code) against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX exchange as of the Petition Date or (b) any other investment or trading activities on any FTX exchange.

[4]     Excludes 519 frivolous customer claims filed in aggregate for more than $1.246 sextillion.

Filed Claims") was filed after the applicable Customer Bar Date and should therefore be disallowed and expunged.

8.      The Customer Bar Date Order established the deadline of September 29, 2023 to file Customer Claims against the Debtors.  Accordingly, pursuant to the terms of the Customer Bar Date Order, each of the holders of the Late Filed Claims are barred from filing a claim against the Debtors, and the Debtors and the FTX Recovery Trust are discharged from any and all liabilities to such claims.  Failure to disallow the Late Filed Claims would prejudice the holders of claims who complied with the Customer Bar Date Order and timely filed their claims by potentially reducing the ultimate distribution to the holders of such claims.  Accordingly, the FTX Recovery Trust requests that the Late Filed Claims be disallowed in their entirety.

## Jurisdiction and Venue

9.      The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.  Pursuant to Local Rule 9013-1(f), the FTX Recovery Trust consents to the entry of a final order or judgment by the Court in connection with this Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Basis for Relief

10.      Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed,

unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Once an objection to a claim is filed,

the Court, after notice and hearing, shall determine the allowed amount of the claim.  11 U.S.C.

§ 502(b).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may

not be allowed to the extent that it "is unenforceable against the debtor and property of the

debtor, under any agreement or applicable law."  11 U.S.C. § 502(b).

    11.    An objection to a proof of claim must be made in writing, and the claimant

must be provided with not less than thirty days' notice of the hearing to be held in respect of

such objection.  *See*. Fed. R. Bankr. P. 3007(a).  Objections may be joined in an omnibus

objection if such objections are based on the grounds that the claims should be disallowed, in

whole or in part, for any of eight enumerated reasons.  *See* Fed. R. Bankr. P. 3007(d).  Pursuant

to Local Rule 3007-1(c), an omnibus objection to claims based solely on the grounds that such

claims are a late filed claim are considered to be a "non-substantive" objection.

    12.    Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for

cause shown may extend the time within which proofs of claim or interest may be filed."  Fed. R.

Bankr. P. 3003(c)(3).  Section 502(b)(9) of the Bankruptcy Code mandates that "if [an] objection

to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim

. . . and shall allow such claim in such amount, except to the extent that . . . . proof of such claim

is not timely filed," with certain limited exceptions that are not applicable here.  11 U.S.C. §

502(b)(9).  Bar dates serve the important purposes of "finality and debtor rehabilitation."  *In re

PT-1 Commcns., Inc.*, 386 B.R. 402, 409 (Bankr. E.D.N.Y. 2007) (quotation and marks omitted);

*see Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 96 F.3d 687, 690 (3d

Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that bars all prepetition

claimants who received the required notice."); *In re Grand Union Co.*, 204 B.R. 864, 871

(Bankr. D. Del. 1997) ("[T]he claims bar date operates as a federally created statute of

limitations, after which the claimant loses all of her right to bring an action against the 'debtor.'").

13.    As set forth in the Esposito Declaration, based upon a review of the Late Filed Claims, the FTX Recovery Trust has determined that each of the Late Filed Claims listed on <u>Schedule 1</u> to <u>Exhibit A</u> was not timely filed on or before the applicable Customer Bar Date established pursuant to the Customer Bar Date Order.  Because the Late Filed Claims were not filed in compliance with their applicable Customer Bar Date, the FTX Recovery Trust requests that, consistent with the express terms of the Customer Bar Date Order, the Court disallow and expunge the Late Filed Claims in their entirety.

14.    The Customer Bar Date Order specifically requires proofs of claim to be actually received on or before the applicable Customer Bar Date.  The holders of the Late Filed Claims received notice of the Customer Bar Date Order, the Customer Bar Date, and an express warning that any claimant who failed to timely file a proof of claim would not be eligible to receive a distribution on account of their asserted claim(s).  As set forth in the Esposito Declaration, all of the Late Filed Claims listed on <u>Schedule 1</u> to <u>Exhibit A</u> were received after the Court-ordered applicable Customer Bar Date.  Accordingly, to avoid the possibility of improper or excessive recovery against the FTX Recovery Trust, and to ensure the accuracy of the claims register, the FTX Recovery Trust requests that the Court disallow and expunge in their entirety the Late Filed Claims from the claims register.

## <u>Responses to This Objection</u>

15.    To contest the FTX Recovery Trust's determinations of the Late Filed Claims included in this Objection, a claimant must file and serve a written response to this Objection (a "<u>Response</u>") so that it is received no later than October 16, 2025 at 4:00 p.m. (ET) (the "<u>Response Deadline</u>").  Each Response to this Objection must be filed with the Office of the

Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd

Floor, Wilmington, Delaware 19801, and served upon counsel to the FTX Recovery Trust, (a)

Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Christian P.

Jensen (jensenc@sullcrom.com) and Alexa J. Kranzley (kranzelya@sullcrom.com) and (b)

Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn:

Kimberly A. Brown (brown@lrclaw.com) and Matthew R. Pierce (pierce@lrclaw.com), so as to

be actually received by no later than the Response Deadline.

16.     Each Response to this Objection must, at a minimum, contain the

following information:

    a.  a caption setting forth the name of the Court, the name of the Debtors, the lead case number and the title of the Objection to which the Response is directed;

    b.  the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

    c.  the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

    d.  all documentation and other evidence, to the extent it was not included with the proof of claim previously filed, upon which the claimant will rely to support the basis for and amounts asserted in the proof of claim and in opposing this Objection; and

    e.  the name, address, telephone number, fax number or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the FTX Recovery Trust should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Late Filed Claim on behalf of the claimant.

17.     If a claimant fails to timely file and serve a Response by the

Response Deadline, the FTX Recovery Trust will present to the Court the Order disallowing and

expunging in their entirety the Late Filed Claims without further notice to the claimant or a

hearing.

18.     The FTX Recovery Trust may file and serve a reply to any Response in accordance with the Local Rules.  The FTX Recovery Trust reserves the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

## **Reservation of Rights**

19.     Nothing in this Objection: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or the FTX Recovery Trust; (b) shall impair, prejudice, waive, or otherwise affect the rights of the FTX Recovery Trust to contest the validity, priority, or amount of any claim against the Debtors or the FTX Recovery Trust; (c) shall impair, prejudice, waive, or otherwise affect the rights of the FTX Recovery Trust with respect to any and all claims or causes of action against any third party; or (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the FTX Recovery Trust.  Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the FTX Recovery Trust's rights to subsequently dispute such claim.

## **Separate Contested Matters**

20.     To the extent a Response is filed regarding any claim listed in this Objection and the FTX Recovery Trust is unable to resolve the Response, the objection by the FTX Recovery Trust to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

**Compliance with Local Rule 3007-1**

21.     To the best of the FTX Recovery Trust's knowledge and belief, this Objection and the related exhibits comply with Local Rule 3007-1.  To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

**Notice**

22.     Notice of this Objection has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) each claimant whose claim is subject to this Objection; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The FTX Recovery Trust submits that, in light of the nature of the relief requested, no other or further notice need be provided.

**No Prior Request**

23.     No prior request for the relief sought herein has been made by the FTX Recovery Trust to this or any other court.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the FTX Recovery Trust respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: September 2, 2025
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*