UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re:

    FTX TRADING LTD., et al.,

        Debtors.               :  Chapter 11

                                :  Case No. 22-11068 (JTD)

                                :  (Jointly Administered)

-------------------------------------------------------------x

## OBJECTION TO DEBTORS' DISTRIBUTION PROCEDURES

(Improper Exclusion of Creditor Due to KYC Deadline, Lack of Notice, Technical Failures, and Unequal Treatment)

Creditor [Your Full Name] ("Objector"), by and through this pro se filing, respectfully submits this Objection to the Debtors' proposed distribution procedures on the grounds that the enforcement of an alleged KYC completion deadline (July 2, 2025) constitutes a violation of Due Process, Equal Treatment of Creditors under the Bankruptcy Code, and is further tainted by technical failures beyond the creditor's control.

### FACTUAL BACKGROUND

1. Objector is a verified account holder and creditor of FTX Trading Ltd. and its affiliated debtors.

2. On June 25, 2025, at 8:32 PM, Objector received correspondence from FTX Support which made no mention of any KYC deadline, despite being issued only days before the alleged July

2, 2025 exclusion date.

3. When Objector attempted to complete the renewed KYC request, the platform froze at the verification stage and never finalized. This technical malfunction was not attributable to Objector.

4. As a result, Objector has been arbitrarily excluded from the distribution process.

## LEGAL ARGUMENT

I. Lack of Due Process – Absence of Proper Notice

The U.S. Supreme Court has long held that reasonable notice and opportunity to be heard are fundamental requirements of due process (Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Jones v. Flowers, 547 U.S. 220 (2006)).

II. Violation of the Bankruptcy Code – Unequal Treatment of Creditors

Pursuant to 11 U.S.C. § 1123(a)(4), a plan must provide the same treatment for each claim within a class. Selectively excluding creditors based on an undisclosed and technologically flawed KYC process results in unfair discrimination, contrary to 11 U.S.C. § 1129(b)(1).

III. Technical Failures Beyond Creditor's Control Cannot Extinguish Rights

In Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982), the Supreme Court held that a claimant's rights cannot be extinguished due to procedural deficiencies caused by the state. By analogy, the Debtors' system malfunction cannot justifiably result in forfeiture of Objector's rights.

IV. Redundancy and Lack of Legal Basis for Repeated KYC

Objector had already completed the KYC process at account creation. Imposing a second, poorly executed KYC requirement without statutory basis is unreasonable and duplicative.

**RELIEF REQUESTED**

Objector respectfully requests that this Court:

1. Declare the July 2, 2025 KYC deadline unenforceable as to Objector.

2. Direct the Debtors to provide an alternative KYC method.

3. Order reinstatement of Objector's eligibility to participate in creditor distributions.

4. Ensure compliance with 11 U.S.C. §§ 1123(a)(4), 1125(b), and 1129(b)(1).

5. Grant such other and further relief as the Court deems just and proper.

**RESERVATION OF RIGHTS**

Objector expressly reserves all rights to amend this Objection, present further evidence, and appeal any adverse rulings to the United States District Court or higher courts, pursuant to Bankruptcy Rule 8002.

Respectfully submitted,

[Your Full Name] Ulrich Lindemann

[Your Address]  Hundekehlestr. 11

[City, State, ZIP]  Berlin,Germany, 14199

[Email / Phone]  u.lindemann@snafu.de/+49-30-8267310 /+49-176-4855 2203

Pro Se Creditor

Dated: [Insert Filing Date]   8/21/25

Friedbert Ulrich Lindemann, Hundekehlestr. 12, D-14199 Berlin

RG 13 854 050 7DE **PRIORITY** P.P. **Recommandé**

**R**  A0 05FF 558E 00 0000 0019
IM 21.08.25 4,95 **Deutsche Post** 

Clerk of Court
United States Bankruptcy Court
District of Delaware
824 NORTH MARKET STREET, 3RD FLOOR
WILMINGTON, DE 19801

USA