IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | Ref No. 32632 |

**FTX RECOVERY TRUST'S OBJECTION TO MOTION BY KIHYUK NAM TO SHORTEN NOTICE WITH RESPECT TO MOTION FOR (I) STATUS CONFERENCE AND LIMITED ADMINISTRATIVE RELIEF REGARDING DISPOSITION OF FTT; AND (II) IN THE ALTERNATIVE, ORDER UNDER 11 U.S.C. § 554(B)**

The FTX Recovery Trust[2] hereby submits this objection (the "Objection"), pursuant to section 502(j) of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and rules 3008, 9006(b) and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to Kihyuk Nam's *Motion to Shorten Notice with Respect to Motion for (I) Status Conference and Limited Administrative Relief Regarding Disposition of FTT; and (II) in the Alternative, Order Under 11 U.S.C. § 554(b)* [D.I. 32632] (the "Motion to Shorten") which he submitted in connection with his *Motion for (I) Status Conference and Limited Administrative Relief Regarding Disposition of FTT; and (II) in the Alternative, Order Under 11 U.S.C. § 554(b)* [D.I. 32606] (the "Motion"). In support of the Objection, the FTX Recovery Trust respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan").

## PRELIMINARY STATEMENT

1. Mr. Nam's Motion is an impermissible, frivolous effort to collaterally attack the Plan and the Confirmation Order.[3] Shortly after the United States District Court for the District of Delaware affirmed this Court's Confirmation Order that, among other things, overruled his objection,[4] Mr. Nam seeks to initiate new litigation in this Court to obtain the same relief that has already been rejected by both this Court and the District Court: different treatment than the Plan provides for FTT Claims. That is not permitted. But as to the issue now before the Court, Mr. Nam also provides no basis whatsoever to shorten notice with respect to his Motion, and therefore the Motion to Shorten should be denied.

2. Mr. Nam objected to Plan confirmation because he was dissatisfied with the Plan's implementation of this Court's prior determination that claims on account of FTT, FTX Trading's utility token, have no value [D.I. 7090] (the "Estimation Order"). The confirmed and effective Plan specifies that:

> All Allowed FTT Claims and Interests shall be cancelled or released, and the Holders of Allowed FTT Claims and Interests shall not be entitled to, and shall not receive or retain, any Distributions, property, or interest in property on account of such Interests under the Plan.

(Plan § 4.3.27.) Mr. Nam's objection was overruled, and the Court entered the Confirmation Order confirming the Plan. Mr. Nam appealed that decision, and on August 22, 2025, the District Court affirmed the Confirmation Order. Mr. Nam has since filed a further notice of appeal to the United

---

[3] *Finding of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order").

[4] *In re FTX Trading Ltd.*, No. 1:24-cv-01175-TLA (D. Del. Aug. 22, 2025), Dkt. No. 124 (the "Appeal Order" of the "Plan Appeal").

States Court of Appeals for the Third Circuit and sought rehearing before the District Court. (Plan Appeal Dkt. Nos. 125-26.)

3.  Ignoring the procedural posture of his appeal, and apparently unwilling to abide by the decisions of the multiple courts that have determined his arguments meritless, Mr. Nam's new Motion seeks anew to have this Court impose different treatment for FTT Claims than provided for in the Plan. Specifically, Mr. Nam's Motion demands that parties with FTT Claims be eligible to receive in-kind distributions of FTT tokens, which are unambiguously property of the FTX Recovery Trust by operation of the Confirmation Order. (Confirmation Order ¶ 20.) Mr. Nam has no basis to demand such relief before this Court because any such collateral attack on the Plan is squarely foreclosed by the *res judicata* effect of the Confirmation Order. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 154 (2009).

4.  The FTX Recovery Trust will further address the fatally flawed Motion if and when necessary. But Mr. Nam provides no cause or other legitimate exigency that requires his latest effort to challenge the Plan be heard on shortened notice. Accordingly, Mr. Nam's Motion to Shorten should be denied because there is no factual or legal justification to require the Court or the FTX Recovery Trust to address Mr. Nam's Motion on an expedited basis.

## BACKGROUND

5.  On February 7, 2024, the Bankruptcy Court entered its *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] (the "Estimation Order"), which approved a Digital Assert Conversion Table establishing, among other things, that the value of FTT was "$0.0000000" for purposes of any "distribution" made by the Debtors and "for any plan proposed or confirmed in these Chapter 11 Cases." (*Id.* ¶ 2, Ex. 1 at 12.) The Plan then incorporated this finding. (*See* Plan §§ 2.1.54 (defining the "Digital Assets Conversion

Table" as Exhibit 1 to the Estimation Order); 4.4 (valuing claims based on the Digital Assets Conversion Table).)

6. The Plan broadly defines a "FTT Customer Entitlement Claim" to mean any customer claim "in respect of an FTT" (*id.* § 2.1.96) and a "FTT Claim or Interest" to include "any FTT Customer Entitlement Claim, Claim or Interest, if any, of any kind or nature (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law or otherwise) in respect of an FTT, including any Section 510(b) FTT Claims" (*id.* § 2.1.97). The Plan classifies all FTT Claims and Interests in Class 17 and provides that "[a]ll Allowed FTT Claims and Interests shall be cancelled or released, and the Holders of Allowed FTT Claims and Interests shall not be entitled to, and shall not receive or retain, any Distributions, property or interest in property on account of such Interests under the Plan." (*Id.* § 4.3.27.)

7. Nam objected to the Plan in a series of pro se filings docketed on August 8, 2024 [D.I. 22573, 22574, 22576] (collectively, the "<u>Nam Objection</u>") which argued that the Estimation Order did not conclusively establish the value of FTT, and thus the Bankruptcy Court should revalue FTT and reclassify FTT claims. (*Id.* ¶¶ 2-3.)

8. At the October 7, 2024 Plan confirmation hearing, Judge Dorsey overruled the Nam Objection, emphasizing in relevant part that, based on the admitted evidence, "FTT tokens were inextricably intertwined with the Debtors . . . and since the Debtor is not reestablishing an exchange, there simply is no basis upon which the FTT tokens could increase in value or create some value now or in the future." [D.I. 26412 at 70:6-18].

9. Nam appealed this Court's Confirmation Order. On appeal, Nam argued for the first time that the Plan should provide for the in-kind distribution of FTT. (Plan Appeal

-4-

Dkt. No. 17 at 10-11, 16-18, 35.)  In response, the FTX Recovery Trust addressed the merits of Mr. Nam's appeal and also briefed why Mr. Nam forfeited any right to request an in-kind return of FTT by failing to object to the Plan on that basis, and that Mr. Nam's arguments in favor of an in-kind return of FTT were meritless in any event.  (Plan Appeal Dkt. No. 43 at 63-66.)

    10. On August 22, 2025, the Honorable Thomas L. Ambro of the United States Court of Appeals for the Third Circuit, sitting by designation on the United States District Court for the District of Delaware, summarily affirmed the Confirmation Order and rejected Mr. Nam's appeal in all respects.  (Appeal Order at 2.)  Simply put, Judge Ambro found "no need to disturb the Bankruptcy Court's findings of fact and conclusions of law" and affirmed "for the reasons stated in the comprehensive, careful, and well-reasoned opinion of the Bankruptcy Court."  (*Id.* at 1-2.)

    11. On August 31, 2025, Mr. Nam alerted the FTX Recovery Trust that he intended to move the District Court for reconsideration of the Appeal Order and, simultaneously, pursue his appeal to the Third Circuit, both of which were docketed with the District Court on September 2, 2025.  (Plan Appeal Dkt. Nos. 125-26.)  That same day, the Sunday of Labor Day weekend, Mr. Nam notified the FTX Recovery Trust that he intended to file the Motion and the Motion to Shorten and proceeded to file them without meeting and conferring with the FTX Recovery Trust as to scheduling matters.  (*See* Motion to Shorten at 2.)

### OBJECTION

    12. Rule 9006-1(e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") provides that "[n]o motion will be scheduled on less notice than required by these Local Rules . . . except by order of the Court, on written motion [ ] specifying the exigencies justifying shortened notice."  A party's own delay is not an exigency that warrants shortening notice.  *See In re Villareal*, 160 B.R. 786, 787 (Bankr. W.D. Tex. 1993)

(holding that "cause" under Bankruptcy Rule 9006 is not shown when the cause for an expedited hearing is one of the movant's own making).

13. Mr. Nam provided notice of the Motion to the FTX Recovery Trust only ten days ahead of the September 11, 2025 Omnibus Hearing, and it was not docketed until September 3—eight days before the hearing date—so it may not proceed at that hearing under Rule 9006(c)(i). The only bases articulated by Nam in support of his Motion to Shorten are generic, conclusory statements that shortening notice will somehow "conserve judicial and party resources" and is "necessary to avoid" some unspecified "prejudice."  (Motion to Shorten ¶¶ 2, 4.)  But these conclusory statements do not identify any "exigencies" sufficient to justify shortening the FTX Recovery Trust's time to respond to Mr. Nam's frivolous collateral attack on the plain language of the Plan—and there are none.

14. There simply is no urgency to the Motion, which is a barred and procedurally improper attempt to relitigate his long-running and ongoing appeal of the Plan and Confirmation Order.  Accordingly, the FTX Recovery Trust requests the Court deny the Motion to Shorten and set a deadline for the FTX Recovery Trusts to oppose the Motion on October 16, 2025, 7 days in advance of the October Omnibus Hearing scheduled for October 23, 2025.

## RESERVATION OF RIGHTS

15. In filing this Objection, the FTX Recovery Trust has not waived any rights, and the FTX Recovery Trust expressly reserves all of its rights, powers, privileges and remedies under applicable law or otherwise with regards to Mr. Nam.  The FTX Recovery Trust may elect to exercise any or all of its rights, at its sole option without the necessity of any further notice, demand or other action on the part of Mr. Nam.  Nothing contained in this Objection or any delay by the FTX Recovery Trust in exercising any rights, powers, privileges and remedies under

applicable law against Mr. Nam now existing or hereafter arising shall be construed as a waiver or modification of such rights, powers, privileges or remedies.

## **CONCLUSION**

16. For the foregoing reasons, the FTX Recovery Trust respectfully requests that the Court deny the Motion to Shorten.

| | |
|---|---|
| Dated: September 4, 2025<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail:  landis@lrclaw.com<br>          mcguire@lrclaw.com<br>          brown@lrclaw.com<br>          pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, New York 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail:  dietdericha@sullcrom.com<br>          bromleyj@sullcrom.com<br>          gluecksteinb@sullcrom.com<br>          kranzleya@sullcrom.com<br><br>*Counsel for the FTX Recovery Trust* |