Clerk of the Court

United States Bankruptcy Court for the District of Delaware

824 North Market Street

Wilmington, DE 19801

RECEIVED

2025 SEP 10  A 10: 45

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**Re: In re FTX Trading Ltd., et al., Case No. 22-11068 (KBO)**

Dear Clerk of the Court:

I am a creditor in the above-captioned case (Claim No. 33657; Unique Customer Number 210771).

Enclosed for filing please find my "Creditor Letter to the Court," dated September 8, 2025, together with supporting exhibits and a Certificate of Service.

Kindly file the enclosed materials on the docket. Please let me know if anything further is required.

Thank you for your assistance.

Respectfully submitted,

*Pu Ke*

Pu Ke

Pro se creditor

Dated: September 8, 2025

Enclosures:

· Creditor Letter to the Court (dated Sept. 8, 2025)

· Exhibits A–C

· Certificate of Service

The Honorable Karen B. Owens
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware

## Re: In re FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

Dear Judge Owens:

I, Pu Ke, write as a mainland China resident customer, pro se, to (1) thank the Court for its careful, balanced consideration of both creditor and debtor interests and (2) respectfully request clarification that absent a signed Restricted Jurisdiction order in effect on the applicable record date, my claim will not remain "Disputed" and be excluded from the upcoming September 30, 2025 distribution solely because of my residency or for any other reason not grounded in a specific, stated provision of the confirmed Plan's pre-distribution requirements.

### Gratitude and context

At the July 22, 2025 hearing, the Court highlighted fairness and process concerns in the Trust's proposed "Restricted Jurisdiction Procedures," including timing/forfeiture issues and the need for a clearer path forward. The Court also recognized that creditors may propose reasonable alternative delivery methods and that individualized changed circumstances could matter in future distributions. These remarks give creditors like me confidence that practical, lawful routes should not be foreclosed merely by my residency.

The Court further directed that (i) any residency-based provisions be removed "for today's purposes" and that the revised procedures include a mechanism for creditors to contest residency determinations, and (ii) forfeiture issues, including timing, be deferred and addressed later via jurisdiction-specific scheduling orders and hearings.

For context, another pro se creditor filed a motion (D.I. 32434, Aug 19, 2025) requesting that the Trust provide claim-specific reasons for disputed designations and ensure that compliant claims are included in the September 30 distribution. I do not join that motion, but I cite it to note that my situation is similar: my claim completed all pre-distribution steps before the record date, and any deferral would be inconsistent with the Plan.

### No clear confirmation for the September 30 distribution

As of today, many similarly situated creditors (Chinese creditors who completed all pre-distribution steps before the record date August 15, 2025) still have no clear confirmation about inclusion in the September 30, 2025 distribution(see **Exhibit A-5**). That uncertainty appears to stem from residency alone, not from any deficiency in the confirmed Plan dictated steps.

### *My information and status*

**Unique Customer code:** 210771
**Claim No.:** 33657 (Class **5A,** see **Exhibit C**)

**Plan pre-distribution steps: completed** (see **Ex. A**). Before July 28, 2025 (well ahead of the August 15 record date for the September 30 distribution), I completed KYC, submitted a valid tax form, and successfully onboarded a Distribution Service Provider (DSP).

**Alternative lawful pathway (non-crypto USD route):** Consistent with the Court's acknowledgement that creditors may "devise another alternative method that they believe is reasonable," I lawfully onboarded **Payoneer** and directed **USD** to my **Hong Kong bank account** (fiat remittance; no cryptocurrency). Eligibility to onboard was decided by the DSP under its own compliance rules(see **Exhibit B**); the FTX portal reflects **"Onboarding Complete."** (see **Ex. A-4**)

**Record-date posture:** No order designated my jurisdiction as "restricted" as of the Aug 15, 2025 record date for the September 30 distribution (see D.I. 31559, D.I. 31764), thus residency-based restriction did not apply. Therefore, residency isn't a basis for deferral/forfeiture for this round.

### *Respectful request*

In light of the foregoing, I respectfully request the Court's confirmation (or direction to the Trust) that absent a signed Restricted-Jurisdiction order in effect as of the applicable record date (August 15, 2025):
- my claim should not remain "Disputed", or to be deferred due to residency; and
- my claim will be included in the September 30, 2025 distribution.

I appreciate the Court's empathy for the many families affected and its insistence on fairness and clarity before any forfeiture or categorical residency exclusions. As a mainland-China resident creditor, I have faced nearly three years of financial hardship, and the absence of clear, objective standards has left similarly situated creditors uncertain about their rights. Even where a lawful payment pathway exists, exclusion based on residence, rather than any failure to meet Plan requirement, risks unequal treatment.

I can promptly provide any additional documentation the Court or the Trust may require. I respectfully ask that the distribution procedures be applied transparently and consistently for the September 30, 2025 round so that similarly situated creditors are not disadvantaged, avoiding the difficulties experienced in earlier rounds.

Respectfully submitted,

*Pu ke*

Pu Ke
Pro Se Customer-Creditor (Unique Customer code: 210771)
September 8, 2025

*Exhibits Index*

**Exhibit A.** FTX Customer Portal screenshots showing: **Step 3** ("KYC") **Complete**; **Step 4** ("Total Customer Entitlement Claim") page; **Step 7** ("Tax Form") **Submitted/Valid**; and **Step 8** ("Distribution Service Provider (DSP)") **Onboarding Complete.**

**Exhibit B.** Payoneer onboarding-approval email (July 28, 2025) confirming DSP onboarding and, per the portal workflow, completion of all pre-distribution steps (Steps 1–8) before the August 15, 2025 record date.

**Exhibit C.** Claim detail page for **Claim No. 33657** showing **no "Disputed" flag**.

**Exhibit A cover sheet**

A-1: Step 3 - KYC



A-2: Step 4 – Total Customer Entitlement Claim



A-3: Step 7 - Tax Requirements



A-4: Step 8 – Distributions: Select Provider



A-5: Step 9 – Distribution Amounts Summary



Redactions applied to personal identifiers

*Exhibit B cover sheet*



Redactions applied to personal identifiers

*Exhibit C cover sheet*

PRIME CLERK IS NOW KROLL RESTRUCTURING ADMINISTRATION. ALL PRIME CLERK URLS AND EMAIL ADDRESSES ARE AUTOMATICALLY REDIRECTED.

# KROLL

## Creditor Data Details - Claim # 33657

**Creditor**
Name on file
Address on file

**Debtor Name**
FTX Trading Ltd.

**Date Filed**
08/02/2023

**Claim Number**
33657

**Schedule Number**
n/a

**Confirmation ID**
3265-70-UKJLX-533723774

## Claim Amounts

| Claim Nature | Schedule Amount | C*U*D* | Asserted Claim Amount | C*U*F* | Current Claim Value | Claim Status |
|---|---|---|---|---|---|---|
| General Unsecured | | | | | | |
| Priority | | | | | | |
| Secured | | | | | | |
| 503(b)(9) Admin Priority | | | | | | |
| Admin Priority | | | | | | |
| Total | | | | | | |

*C=Contingent, U=Unliquidated, D=Disputed, F=Foreign

## Claim Additional Info

| Type | Name | Group | Original Quantity | Current Quantity |
|---|---|---|---|---|
| CRYPTO | Kin (KIN) | ASSERTED | 240195065.96490133 | 240195065.96490133 |
| FIAT | US Dollar(USD) USD/USD = 1.00000 | ASSERTED | 2014319.21179231 | 2014319.21179231 |

Kroll Restructuring Administration (formerly known as Prime Clerk) maintains the website for the public's convenience and for general informational purposes only. Anyone using this website is cautioned NOT to rely on any information contained on this Website, and any user of this website should not take or refrain from taking any action based upon anything included or not included on this website. We are not a law firm or a substitute for an attorney or law firm. Users of this website may want to seek legal counsel on the particular facts and circumstances at issue. All search results provided through this website are qualified in their entirety by the official register of claims and the Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements") filed in the bankruptcy case/s of the Debtor/s. Nothing contained on this Site or in the Debtors' Schedules and Statements shall constitute an admission or a waiver of any of the Debtors' rights to assert claims or defenses. Any failure by a Debtor to designate a claim listed on the Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission that such amounts are not "disputed", "contingent", or "unliquidated." For the avoidance of doubt, listing a claim on Schedule D as "secured", on Schedule E as "priority," on Schedule F as "non-priority," or listing a contract or lease on Schedule G as "executory" or "unexpired", does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract. Each Debtor reserves the right to amend their Schedules and Statements as necessary or appropriate. Debtors further reserve the right to dispute, on any grounds, or to assert offsets or defenses to, any claim reflected on their Schedules or filed against a Debtor, including objecting to the amount, liability, classification or priority of such claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

## *Certificate of Service*

I, Pu Ke, hereby certify that on September 8, 2025, I caused a copy of this letter to be transmitted via email upon the following parties. In addition, I sent a cover letter and copy of this letter to the Office of the United States Trustee.

**Sullivan & Cromwell LLP**
James L. Bromley — bromleyj@sullcrom.com
Alexa J. Kranzley — kranzleya@sullcrom.com
Andrew G. Dietderich — dietdericha@sullcrom.com
Brian D. Glueckstein — gluecksteinb@sullcrom.com

**Landis Rath & Cobb LLP**
Adam G. Landis — landis@lrclaw.com
Kimberly A. Brown — brown@lrclaw.com
Matthew R. Pierce — pierce@lrclaw.com

**Office of the United States Trustee**
Juliet M. Sarkessian — juliet.m.sarkessian@usdoj.gov
Benjamin A. Hackman — benjamin.a.hackman@usdoj.gov
David Gerardi — david.gerardi@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 8, 2025

*Pu Ke*

Pu Ke

FedEx International Air Waybill

FedEx Tracking Number: 8137 5795 4873 0448

PRIORITY OVERNIGHT
773-11 30SO

1 From
Sender's Name: [illegible]
Address: [illegible] Market St
City: Los Angeles
Postal Code: 90028

2 To
Recipient's Name: Clerk of the Court
Company: United States Bankruptcy Court
Address: 824 North Market Street 3rd Floor
City: Wilmington
State: Delaware
ZIP: 19801
Country: USA

28 Residential Delivery

Commodity Description: Documents

Barcodes: 813757954873