# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> FTX TRADING LTD., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-11068 (KBO) <br><br> (Jointly Administered) <br><br> Related to: D.I. 26404-1, D.I. 31148, D.I. 31764, D.I. 32687 |

RECEIVED
2025 SEP 15 A 11:50
CLERK
US BANKRUPTCY COURT

# MOTION OF PU KE FOR STATUS CONFERENCE AND LIMITED ADMINISTRATIVE RELIEF REGARDING CLAIM NO. 33657

Pu Ke ("Movant"), a creditor holding Claim No. 33657 (Class 5A), respectfully moves for a limited, administrative relief on an expedited, no-hearing basis if unopposed, and states:

## I. Jurisdiction and Venue

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Movant consents to entry of a final order by the Bankruptcy Court to the extent it is later determined that such consent is required.

2. Venue is proper under 28 U.S.C. §§ 1408, 1409.

## II. Background

3. On October 7, 2024, the Court confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. And Its Debtor Affiliates* [D.I. 26404-1](the "Plan"). Under the confirmed Plan, the FTX Recovery Trust (the "Trust") administers distributions. Only holders of Allowed claims that have satisfied all pre-distribution requirements as of the applicable Record Date are eligible to receive a Distribution. Those requirements include: (i) completion of KYC/AML; (ii) submission of a valid U.S. tax form (W-8/W-9) in the Customer Claims Portal; and (iii) onboarding with a Distribution Service Provider (DSP) (e.g., BitGo, Kraken, Payoneer).

4. At the July 22 hearing on the FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures [D.I. 31148], the Court did not enter the requested order (See, *e.g.*, D.I. 31764). As of September 15, 2025, Movant is not aware of any revised motion having been filed or any order entering those procedures.

5. After the July 22, 2025 omnibus hearing, FTX announced the next Record Date would be August 15, 2025 and that distributions would commence on or about September 30, 2025. As of

the August 15, 2025 record date, no Court order designated Movant's jurisdiction as a restricted jurisdiction for purposes of the September 30 distribution.

6. On September 8, 2025, Movant mailed to the Clerk a pro se letter, docketed as D.I. 32687 (the "Letter"), and served copies on the Office of the United States Trustee and counsel for the Trust, which documents the foregoing.

7. As set forth in the Letter and its exhibits, Movant completed all Plan-dictated pre-distribution requirements before the August 15, 2025 record date for the September 30, 2025 distribution, including KYC, tax form, and Distribution Service Provider onboarding with Payoneer (portal status: "Onboarding Complete") (See the Letter).

8. Notwithstanding the foregoing, as of September 15, 2025, the Customer Claims Portal reflects Movant's Claim No. 33657 as "Disputed" (See the Letter). Movant has not been served with any written objection stating the grounds for dispute, and repeated inquiries to Kroll/FTX Support have yielded no stated basis beyond that the account is "under review."

9. On September 11, 2025 (ET), Movant sent a written meet-and-confer email to the Trust titled "Re: Courtesy notice — D.I. 32687 — Sept 30 distribution status — Claim 33657 (5A) — FTX 22-11068 (KBO)", requesting by September 12, 2025 at 5:00 p.m. (ET) an administrative, non-dispositive confirmation that Claim 33657 (a) is not "Disputed" and will not be deferred based on residency or nationality and (b) will be included in the September 30 distribution; alternatively, Movant asked the Trust to identify the specific Plan or order provisions, the facts, and any cure that permits inclusion in that distribution. (See Exhibit B)

10. On September 12, 2025, Movant sent a follow-up email on the same thread reiterating the deadline and the limited, administrative nature of the request.

11. As of filing this Motion, Movant has not received a timely, formal written confirmation responsive to the meet-and-confer emails.

## III. Relief Requested

12. Movant seeks an order providing, for the September 30, 2025 distribution:

(A) Primary (if unopposed):
Confirm that Claim No. 33657 (Class 5A) will be included in the September 30, 2025 distribution and will not be deferred or kept "Disputed" based solely on residency or nationality.

(B) Forward-looking guardrails (Plan-compliant):
I. No residency/national only deferral going forward: absent a further court order or a material change in facts, residency or nationality alone shall not be a basis to defer or mark Claim 33657 "Disputed" in subsequent distributions; and
II. Advance notice: if the Trust intends to defer or re-dispute Claim 33657 in any subsequent distributions, it shall provide written notice to Movant and file a short statement no later than 45 days before the applicable record date identifying the Plan/court authority, claim-specific facts, and any cure that permits inclusion in that distribution available.

(C) Alternative (if contested or if the Court prefers argument): set a short status conference/special hearing before September 26, 2025.

> 13. Movant requests entry on shortened notice under FRBP 9006(c)(1) and that, if no timely objection is filed, the Court decide on the papers and enter the Order without a hearing.

## IV. Basis for Relief

> 14. Motion vs. letter. Local Rule 9013-1(b) requires requests for relief to be made by motion, not by letter; Movant therefore seeks relief by motion even though the ask is administrative.

> 15. Negative-notice framework. Local Rule 9013-1(e) permits the Court to grant a motion and enter an order without a hearing if no timely objection is filed, provided that the notice so states. Movant's Notice of Motion includes the required language.

> 16. Shortened notice. FRBP 9006(c)(1) authorizes the Court, for cause, to reduce time periods. Local Rule 9006-1(e) provides the mechanism for a motion to shorten notice, decided promptly without a hearing. Movant concurrently files such a motion and asks the Court to excuse the Delaware-counsel averment requirement given Movant's pro se status and the imminent September 30 distribution (the rule allows exceptions "unless otherwise ordered").

> 17. Special/emergency hearing. If needed, the Court may schedule a special or emergency hearing for a specific motion or issue in a chapter 11 case under Local Rule 2002-1(a)(ii).

## V. Narrow Purpose

> 18. Movant does not seek a merits determination, claim reconciliation, or change to Plan treatment. Movant seeks only an administrative confirmation for this distribution based on record-date compliance and absence of any operative restricted-jurisdiction order so the issue can be resolved without litigation before September 30, 2025.

## VI. Reservation

> 19. Movant reserves all rights, claims, and defenses, including the right to seek further relief if necessary.

WHEREFORE, Movant requests the Court grant the Motion, enter the proposed order attached hereto as **Exhibit A**, alternatively set a short status conference/special hearing before September 26, and grant related relief.

Dated: Beijing China, September 15, 2025

*Pu Ke*

Pu Ke (pro se)
Room 501, Unit 3, Building 12
No. 1 Courtyard, Gaojiayuan East Street, Mentougou district, Beijing, China
Email: kepu_ftx@superbloch.com
Tel: +86 15210847154