Room 501, Unit 3, Building 12
No. 1 Courtyard, Gaojiayuan East Street, Mentougou District, Beijing, China
Email: kepu_ftx@superbloch.com
Tel: +86 152-1084-7154
September 18, 2025



Clerk of the Court
United States Bankruptcy Court for the District of Delaware
824 N. Market Street, 3rd Floor
Wilmington, DE 19801
(302) 252-2900

Re: In re FTX Trading Ltd., et al., Case No. 22-11068 (KBO) — Pro se filings by mail:

(1) Motion to Shorten Notice; and

(2) Motion of Pu Ke for Collaborative, Claim-Specific Administrative Relief (Claim No. 33657)

Dear Clerk of the Court:

I respectfully submit the enclosed papers for filing in the above-captioned case and ask that they be docketed as two separate entries, as outlined below. I am a pro se creditor (Claim No. 33657, Class 5A) and am filing by mail.

## ENTRY 1 — Motion to Shorten Notice (standalone entry)

Please docket the following as: "MOTION OF PU KE TO SHORTEN NOTICE REGARDING THE MOTION FOR COLLABORATIVE, CLAIM-SPECIFIC ADMINISTRATIVE RELIEF":

1. Motion to Shorten Notice

2. Exhibit 1 — Proposed Order Shortening Notice and Setting Expedited Schedule (clean, stand-alone)

3. Certificate of Service (Motion to Shorten)

This motion requests an objection deadline of **Friday, September 19, 2025 at 5:00 p.m. (Eastern Time)** and states that, if no timely objection is filed, the Court may decide the related motion on the

papers and enter the proposed order without a hearing, or, if contested, set a brief hearing on or before **September 26, 2025.**

## ENTRY 2 — Main Motion (standalone entry)

Please docket the following as: "MOTION OF PU KE FOR COLLABORATIVE, CLAIM-SPECIFIC ADMINISTRATIVE RELIEF REGARDING CLAIM NO. 33657," with the **Notice of Motion** placed as the first pages of the entry:

1. Notice of Motion (includes negative-notice language per Del. Bankr. L.R. 9013-1(e) and the same objection deadline of **September 19, 2025 at 5:00 p.m. (Eastern Time)**, or as modified by any order on the Motion to Shorten)

2. Motion of Pu Ke for Collaborative, Claim-Specific Administrative Relief Regarding Claim No. 33657

3. Exhibit A — Proposed Order Granting Motion of Pu Ke for Collaborative, Claim-Specific Administrative Relief (clean, stand-alone)

4. Declaration of Pu Ke Pursuant to 28 U.S.C. § 1746

5. Exhibit Index and Exhibits **B through D:**

   · Ex. B-1 — Payoneer dashboard showing "Active" status (screenshot; redacted)

   · Ex. B-2 — Payoneer support email stating "all set" (headers visible; redacted)

   · Ex. C-1 — PR Newswire (June 10, 2025): FTX & FTX DM announce addition of **Payoneer** as DSP(contains "irrevocably forgo… pay Payoneer… credits bank account")

   · Ex. C-2 — FTX Support Article: General Information on Distribution Service Providers (states DSP decides ultimate eligibility)

   · Ex. D-1 — Courtesy notice / meet-and-confer email to Trust counsel (Sept. 17, 2025; request for confirm-or-explain by 5:00 p.m. ET); no reply as of filing

6. Certificate of Service (Main Motion Papers)

**Notes for docketing:**

   · Each proposed order is a **clean, stand-alone document** immediately following its respective motion.

   · The Notice of Motion includes the required **negative-notice** statement consistent with **L.R. 9013-1(e).**

   · The Motion to Shorten references and seeks an expedited schedule for the Main Motion.

· The declaration exhibits are filed with labeled exhibit cover pages(

**Related Dockets (for indexing/relations once docket numbers are assigned):**

· Entry 1 (Motion to Shorten Notice) **relates to** D.I. 32720 and to the concurrently filed Main Motion.

· Entry 2 (Main Motion) **relates to** D.I. 26404-1; D.I. 31148; D.I. 32687; D.I. 32712; and D.I. 32720.

· Each proposed order should be **linked to its respective motion** once the D.I. numbers are assigned.

Thank you for your assistance.

Respectfully submitted,

*Pu Ke*

Pu Ke (pro se)

Room 501, Unit 3, Building 12

No. 1 Courtyard, Gaojiayuan East Street, Mentougou District, Beijing, China

Email: kepu_ftx@superbloch.com

Tel: +86 152-1084-7154

**Enclosures (2 separate packets):**

· Packet 1: Motion to Shorten Notice; Exhibit 1 — Proposed Order Shortening Notice; Certificate of Service (Motion to Shorten).

· Packet 2: Notice of Motion; Main Motion; Exhibit A — Proposed Order; Declaration of Pu Ke; Exhibit Index & Exhibits B through D; Certificate of Service (Main Motion).

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>      Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>Related Docket No(s).: [Main Motion D.I. — to be completed by the Clerk]<br>Related Docket Nos.: 26404-1, 31148, 32687,<br>32712, 32720 |

## NOTICE OF MOTION OF PU KE FOR COLLABORATIVE, CLAIM-SPECIFIC ADMINISTRATIVE RELIEF REGARDING CLAIM NO. 33657

PLEASE TAKE NOTICE that Pu Ke has filed the Motion of Pu Ke for Collaborative, Claim-Specific Administrative Relief Regarding Claim No. 33657 (the "Motion").

PLEASE TAKE FURTHER NOTICE that any response or objection must be filed with the Court and served on the undersigned so as to be actually received by September 19, 2025 at 5:00 p.m. (Eastern Time) (or such other time set by order on the concurrently filed Motion to Shorten Notice).

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION AND ENTER AN ORDER WITHOUT FURTHER NOTICE OR HEARING.

See Del. Bankr. L.R. 9013-1(e).

If an objection is timely filed and served, a hearing will be scheduled by the Court (including, if appropriate, a special or emergency hearing under Del. Bankr. L.R. 2002-1(a)(ii)). Only those objections made in writing and timely filed will be considered by the Court.


Dated: Beijing China, September 18, 2025

Pu Ke (pro se)    *Pu Ke*

Room 501, Unit 3, Building 12
No. 1 Courtyard, Gaojiayuan East Street, Mentougou district, Beijing, China
Email: kepu_ftx@superbloch.com
Tel: +86 15210847154

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | Related Docket No(s).: 26404-1, 31148, 32687, 32712, 32720 |

## MOTION OF PU KE FOR COLLABORATIVE, CLAIM-SPECIFIC ADMINISTRATIVE RELIEF REGARDING CLAIM NO. 33657

This is a contested matter under FRBP 9014. The Court has jurisdiction under 28 U.S.C. §§ 157 & 1334; venue is proper under 28 U.S.C. §§ 1408–09; this is a core proceeding under 28 U.S.C. § 157(b).

## I. Relief Requested

Pu Ke (the "Movant"), pro se, respectfully requests a short, claim-specific administrative order directing inclusion of Claim No. 33657 (Class 5A) in the September 30, 2025 distribution and implementing payment via the estate's ordinary Distribution Service Provider ("DSP") mechanics as follows:

1. The FTX Recovery Trust (the "Trust") shall tender payment to Payoneer (Movant's selected DSP), and Payoneer shall credit Movant's designated Hong Kong bank account through its ordinary processes.

2. Tender to Payoneer satisfies the Trust's distribution obligation for this distribution as to Claim No. 33657. This satisfaction term is claim-specific and complements, without modifying, the framework described in Exhibits C-1, C-2.

3. Irrevocable DSP direction acknowledged. By selecting Payoneer, the customer irrevocably forgoes any right to receive cash distributions directly from FTX and directs FTX to pay Payoneer, which then credits the customer's bank in USD; Movant has so elected (see Exhibit C-1). As reflected in the program announcement, the estate's role is to pay Payoneer, and the DSP credits the customer's bank; the requested satisfaction term in ¶2 merely aligns this claim's mechanics with that framework for clarity on the Court's docket (Exhibits C-1, C-2).

4. Nothing herein authorizes or requires any transmission of funds into the mainland PRC banking system, or any action in a jurisdiction where such action would be unlawful.

5. Tax limited to payment mechanics. The Trust (or its agent) may withhold only to the extent required by applicable U.S. tax law with respect to the payment; any amounts so withheld shall be treated as paid to Movant and shall not reduce the Allowed amount of Claim No. 33657. The Trust shall provide customary U.S. non-resident payee reporting.

6. Status update for collaboration: After a good-faith email conferral, the Trust shall file a one-page status letter by October 17, 2025 describing whether the FTX → Payoneer → Hong Kong payout was executed and whether any guidance would aid similarly-situated creditors ahead of the October 23, 2025 status conference. If a joint letter is not feasible, each party may file up to one page by that date.

## II. Background

- Record-date prerequisites met. By August 15, 2025 (the record date for the September 30 distribution), Movant completed KYC, submitted a valid IRS Form W-8BEN, and finished DSP onboarding; the Customer Portal displayed "Onboarding Complete." See D.I. 32687, Exhibits A–C.

- Operational path in place. Movant's Payoneer account is active / "all set," configured to pay out to a Hong Kong bank account; no funds will be transmitted into the mainland PRC banking system. See Exhibits B-1 (Payoneer dashboard – Active); Exhibit B-2 (Payoneer "all set" confirmation);

- Public program framework (forgo-right + DSP control). The FTX/FTX DM announcement states that by selecting Payoneer, customers "irrevocably" forgo direct cash distributions from FTX and direct FTX to pay Payoneer, which then credits the customer's bank account (see Exhibit C-1). The estate's support page confirms the DSP decides ultimate onboarding eligibility. (see Exhibit C-2).

- Plan & procedural posture. Distribution prerequisites appear in the confirmed Plan (D.I. 26404-1). On September 16, 2025, Movant filed a Motion for Status Conference and Limited Administrative Relief (D.I. 32712) following Movant's pro se letter with exhibits (D.I. 32687). Upon consideration, the Court entered D.I. 32720, setting an October 23, 2025 status conference and listing related filings.

- Meet-and-confer after Court scheduling. After filing D.I. 32712 on September 16, 2025 and the Court's entry of D.I. 32720 setting the Oct. 23, 2025 status conference, Movant again contacted Trust counsel to meet and confer regarding inclusion of Claim No. 33657 in the September 30 distribution and requested a confirm-or-explain by September 17, 2025, 5:00 p.m. ET. As of the drafting of this Motion, no response has been received. See Exhibit D (courtesy notice email).

## III. Restricted Jurisdiction Risk Neutralization by the Ordinary DSP Framework Defined in the Confirmed Plan (D.I. 26404-1)

### A. Stated Grounds in the Restricted Jurisdiction Motion (D.I. 31148)

The Restricted Jurisdiction motion identifies two grounds: (i) exposure when paying resident creditors in jurisdictions that restricted crypto; and (ii) exposure via actions of DSPs as the Trust's agents (D.I. 31148 ¶ 3 (Prelim. Stmt.)). It reports that approximately 5% of potentially Allowed claims are implicated and that 82% (by value) relate to China (D.I. 31148, ¶¶ 2, 11; Exhibit B). It seeks Court-blessed machinery, foreign legal opinions, designation of "Restricted Foreign Jurisdictions," and

potential forfeiture (D.I. 31148, ¶¶ 4–7; Proposed Order Exhibit A), referencing Plan provisions including § 7.14 (D.I. 31148, ¶¶ 26–27).

### B. Risks Not Presented on These Facts

1. Local-law concern neutralized. The payout is fiat-only, credited in Hong Kong, with no transmission into mainland PRC banks. The DSP has already onboarded Movant and marked the account active / "all set," confirming a supported route (see Exhibits B-1 to B-2; C-2).

2. Agent-liability concern addressed by program design and the requested order. Under the Trust's own program framework, a customer who selects Payoneer irrevocably directs FTX to pay Payoneer, and Payoneer then credits the customer's bank account (Exhibit C-1); the Support page confirms the DSP decides ultimate onboarding eligibility (Exhibit C-2). To eliminate any ambiguity for this claim, the proposed order provides that tender to Payoneer satisfies the Trust's distribution obligation for this distribution. Together, these points keep the last-mile crediting within the DSP's compliance processes and avoid any "agent-action" exposure on this record.

3. No distribution issue on this record. Where the Restricted Jurisdiction motion proposes global procedures to deal with uncertainty, this claim presents no uncertainty: the Plan prerequisites are met (D.I. 32687, Exhibits A–C), and the DSP approved path is operational (Exhibits B-1 to B-2; C-1 to C-2). The Court can grant claim-specific, administrative relief without prejudice to any broader Restricted Jurisdiction issues.

## IV. Collaboration and Benefits

- For creditors: Provides a lawful, repeatable fiat route: FTX → Payoneer → Hong Kong bank that avoids restricted corridors and reduces future motion practice for similarly situated creditors.

- For the Trust: Uses the court-approved DSP workflow and the DSP's own onboarding/AML/sanctions determinations; by making tender to the DSP, it minimizes risk-management burdens and avoids repeated litigation and unnecessary disputes over precedent.

- For the Court: Promotes judicial economy and reduces repetitive motion practice through a narrow, claim-specific, non-precedential solution, with a one-page status letter due October 17, 2025 to inform the October 23, 2025 status conference.

## V. Exigency & Notice

The September 30, 2025 distribution precedes the October 23, 2025 status conference (D.I. 32720). After filing D.I. 32712 (September16, 2025) and entry of D.I. 32720, Movant again emailed Trust counsel to meet and confer and requested a confirm-or-explain by September 17, 2025, 5:00 p.m. ET; no reply was received as of filing (Ex. E-1). Inclusion of Claim No. 33657 in the September 30 distribution is therefore time-critical: it is a practical way to generate real-world, claim-specific verification of the FTX → Payoneer → Hong Kong payout route and to provide the Court with a concise implementation report by October 17, 2025. If Movant is not included in the September 30

distribution, the parties will lose that contemporaneous verification window, and the October 23 status conference will proceed without concrete, same distribution evidence of how this DSP routing functions in practice, undermining judicial economy and the collaborative goal of resolving any perceived "distribution issue" on an actual record.

A Motion to Shorten is filed concurrently requesting a papers-only schedule (objections Sept 19, 2025, 5:00 p.m. ET; decision on the papers or brief hearing by Sept 26, 2025). Movant will promptly serve Trust counsel and the U.S. Trustee by email the same day. Movant respectfully requests that any Del. Bankr. L.R. 9006-1(e) Delaware-counsel averment be excused for a pro se filer for this limited administrative request.

## VI. Reservation of Rights; No Precedent Intended

This Motion seeks administrative, claim-specific relief. Any order granting it shall be narrowly limited to payment mechanics for Claim No. 33657 and shall not be construed to (i) set precedent or determine the rights of any other creditor; (ii) designate any "Restricted Foreign Jurisdiction" or interpret/modify the Plan or Confirmation Order; or (iii) resolve the pending Restricted Jurisdiction motion (D.I. 31148). All rights, claims, and defenses of all parties are reserved, and no prior request for this relief has been made.

## VII. WHEREFORE

WHEREFORE, Movant respectfully requests that the Court: (i) grant this Motion; (ii) enter the proposed order attached hereto as Exhibit A; (iii) alternatively, if the Court prefers to hear the matter, set a short status conference or special hearing on or before September 26, 2025, or decide the Motion on the papers; and (iv) grant such other and further relief as the Court deems just and proper.

Dated: Beijing China, September 18, 2025

Pu Ke

Pu Ke (pro se)

Room 501, Unit 3, Building 12
No. 1 Courtyard, Gaojiayuan East Street, Mentougou district, Beijing, China
Email: kepu_ftx@superbloch.com
Tel: +86 15210847154

# Exhibit A

**Proposed Order Granting Motion of Pu Ke for Collaborative Claim-Specific Administrative Relief**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | Related Docket No(s).: [Main Motion D.I. — to be completed by the Clerk] |

## ORDER GRANTING MOTION OF PU KE FOR COLLABORATIVE, CLAIM-SPECIFIC ADMINISTRATIVE RELIEF REGARDING CLAIM NO. 33657

Upon the Motion of Pu Ke (the "Movant") for Collaborative, Claim-Specific Administrative Relief (Claim No. 33657) (the "Motion"); and the Court having reviewed the Motion, the Declaration of Pu Ke and exhibits, and the record of these cases, including D.I. 32687 (Exhibits A–C), D.I. 32712, and D.I. 32720; and the Court having found that (i) it has jurisdiction to consider the Motion, (ii) venue is proper, (iii) this is a core proceeding, and (iv) good cause appears; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. Record-Date Compliance. Based on the record, including D.I. 32687 (Exhibits A–C), Movant satisfied the pre-distribution requirements (KYC, valid tax form, and DSP onboarding) on or before August 15, 2025.

2. Inclusion and Mechanics. The FTX Recovery Trust (the "Trust") shall include Claim No. 33657 (Class 5A) in the September 30, 2025 distribution. Payment shall be tendered to Payoneer (Movant's selected Distribution Service Provider), which shall credit Movant's Hong Kong bank account through ordinary DSP processes. Tender to Payoneer satisfies the Trust's distribution obligation for this distribution as to Claim No. 33657.

3. Irrevocable DSP Direction Acknowledged. Consistent with the estate's program announcement, by selecting Payoneer a customer irrevocably forgoes direct cash distributions from FTX and directs FTX to pay Payoneer, which then credits the customer's designated bank (see Exhibit C-1).

4. Mainland PRC Banking System. Nothing in this Order authorizes or requires any transmission of funds into the mainland People's Republic of China banking system, or any action in a jurisdiction where such action would be unlawful.

5. Tax Limited to Payment Mechanics. The Trust (or its agent) may withhold only to the extent required by applicable U.S. tax law with respect to the payment; any amounts so withheld shall be treated as paid to Movant and shall not reduce the Allowed amount of Claim No. 33657; and the Trust shall provide customary U.S. non-resident payee reporting.

6. Status Letter. After a good-faith email conferral with Movant, the Trust shall file a one-page status letter by October 17, 2025 briefly stating whether the DSP payout (FTX → Payoneer → Hong Kong) was executed and whether further guidance would aid similarly situated creditors ahead of the October 23, 2025 status conference. If a joint letter is not feasible, each party may file up to one page by that date.

7. Non-Precedential; No Preclusion. This Order is entered on the specific evidentiary record of Claim No. 33657, adjudicates payment mechanics only for that claim, and shall not have precedential or preclusive effect as to any other creditor, claim, jurisdiction, or issue (including issues raised in D.I. 31148). Nothing herein interprets or modifies the Plan or the Confirmation Order or designates any jurisdiction as "restricted."

8. Effectiveness; Jurisdiction. This Order is effective immediately upon entry. The Court retains jurisdiction to implement and enforce this Order.

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | Related Docket No(s).: [Main Motion D.I. — to be completed by the Clerk] |

## DECLARATION OF PU KE PURSUANT TO 28 U.S.C. § 1746

I, Pu Ke, pursuant to 28 U.S.C. § 1746, declare as follows:

1. Identity and purpose. I am a creditor in these jointly administered cases (Claim No. 33657, Class 5A), appearing pro se. I submit this declaration in support of the "Motion of Pu Ke for Collaborative, Claim-Specific Administrative Relief (Claim No. 33657)" (the "Motion"). I have personal knowledge of the facts stated herein.

2. Record-date compliance (incorporated by reference to D.I. 32687). On or before August 15, 2025 (the record date for the September 30, 2025 distribution), I (a) completed all know-your-customer ("KYC") requirements; (b) submitted a valid IRS Form W-8BEN; and (c) completed distribution service provider ("DSP") onboarding. The Customer Portal reflected "Onboarding Complete" as of August 15, 2025. See D.I. 32687, Exhibits A–C (incorporated by reference; true and correct copies are on the Court's docket).

3. Payoneer status; payout route to Hong Kong. My Payoneer account is active / "all set," and my DSP payout is configured to a Hong Kong bank account. No funds will be transmitted into the mainland People's Republic of China banking system. True and correct screenshots/correspondence are attached as Exhibits B-1 through B-2 (with appropriate redactions).

4. Program framework (forgo-right; DSP control). Consistent with the estate's announcement, by selecting Payoneer a customer irrevocably forgoes any right to receive cash distributions directly from FTX and directs FTX to pay Payoneer, which then credits the customer's bank account; and the estate's support page states the DSP decides ultimate onboarding eligibility. True and correct copies are attached as Exhibits C-1 (announcement) and C-2 (support page).

5. Meet-and-confer after Court scheduling. Following my filing of D.I. 32712 (September 16, 2025) and the Court's order D.I. 32720 setting an October 23, 2025 status conference, on September 17, 2025

I emailed Trust counsel requesting confirmation by 5:00 p.m. (ET) that Claim 33657 would be included in the September 30 distribution, or identification of any specific bar so I could cure. As of filing, no reply was received. A true and correct copy of that email is attached as Exhibit D.

6. Sanctions/beneficial ownership. I am not a sanctioned person and I am the beneficial owner of the receiving Hong Kong bank account.

7. Truth of Motion facts. The factual statements in Sections II (Background), III (Restricted Jurisdiction Neutralization), IV (Collaboration and Benefits), and V (Exigency & Notice) of the Motion are true and correct to the best of my knowledge, information, and belief. Statements drawn from the Plan and docket are based on my review of those materials; statements about my account, onboarding, and communications are based on my personal knowledge and records.

8. Redactions. Exhibits containing personal or account information are redacted to show only the last four digits of any account number and to remove personal identifiers (including Chinese characters of my name).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 18, 2025, at Beijing, China.

Pu Ke

Pu Ke (pro se)
Room 501, Unit 3, Building 12
No. 1 Courtyard, Gaojiayuan East Street, Mentougou district, Beijing, China
Email: kepu_ftx@superbloch.com
Tel: +86 15210847154

# Exhibit Index

- **B-1** — Payoneer dashboard showing **Active** status (screenshot; redacted)

- **B-2** — Payoneer support email/letter: **"all set"** (PDF of email; headers visible; redacted)

- **C-1** — PR Newswire (June 10, 2025): *FTX & FTX DM announce addition of Payoneer as DSP* (contains **"irrevocably forgo direct cash... pay Payoneer... credits bank account"**)

- **C-2** — FTX Support Article: *General Information on Distribution Service Providers* (states **DSP decides ultimate eligibility**)

- **D** — Courtesy notice / meet-and-confer email to Trust counsel (September 17, 2025; request for confirmation by 5:00 p.m. ET); no reply as of filing.

## Exhibit B

B-1: Payoneer dashboard showing **Active** status (screenshot; redacted)



B-2: Payoneer support email/letter: **"all set"** (redacted)



## Exhibit C-1

PR Newswire(June 10, 2025): *FTX & FTX DM announce addition of Payoneer as DSP* (contains **"irrevocably forgo direct cash… pay Payoneer… credits bank account")**

prnewswire.com/news-releases/ftx-and-ftx-dm-announce-addition-of-payoneer-as-distribution-service-provider-302403412.html

Resources    Blog    Journalists                    Client Login    Send a Release

PR Newswire®    **News**    Products    Contact                    Search 🔍

News in Focus    Business & Money    Science & Tech    Lifestyle & Health    Policy & Public Interest    People & Culture

# FTX and FTX DM Announce Addition of Payoneer as Distribution Service Provider



NEWS PROVIDED BY
**FTX →**
Jun 10, 2025, 16:45 ET

SHARE THIS ARTICLE

*Payoneer Joins BitGo and Kraken as Third Distribution Service Provider for FTX and Serves as the Second for FTX DM*

WILMINGTON, Del., June 10, 2025 /PRNewswire/ -- The FTX Recovery Trust (collectively "FTX") and FTX Digital Markets Ltd. ("FTX DM") today announced that each has entered into an agreement with Payoneer, a publicly traded global financial technology company founded in 2005 that provides online money transfer and digital payment services in over 190 countries and territories, to assist in distributing recoveries to retail customers in supported jurisdictions and in accordance with the FTX Chapter 11 Plan of Reorganization confirmed by the United States Bankruptcy Court for the District of Delaware (the "Plan") and with the FTX DM liquidation process before the Commercial Division of The Supreme Court of The Commonwealth of The Bahamas. Payoneer will be available as a distribution service provider to customers for distributions to be processed after May 30, 2025, joining BitGo and Kraken as the FTX's third distribution service provider and serving as FTX DM's second distribution service provider.

Customers should be aware that by selecting "Payoneer" and requesting to be onboarded as a Payoneer customer, they are irrevocably electing to forego their right to receive cash distributions (i.e. distributions in the legal tender of the United States of America or the equivalents thereof, such distributions the "Cash Distributions") from FTX and are instead (a) directing FTX to pay, directly to Payoneer, any Cash Distributions to which they otherwise would be entitled to under the Plan and (b) directing Payoneer to then credit their selected bank account with cash (in any applicable currency based on their account selection) in an amount that corresponds to any Cash Distributions to which they would otherwise be entitled under the Plan. Following the distribution, if customers have any questions related to the disbursement of the funds, they should contact customer support at their distribution service provider directly.

**As a reminder, to be eligible to receive a distribution on a subsequent distribution date, customers and other creditors must complete the following prior to their distribution record date:**

- Login to the FTX Customer Portal (https://claims.ftx.com) (applicable to customers).
- Complete required Know Your Customer ("KYC") verification.
- Submit the required tax forms.
- Onboard with either BitGo, Kraken or Payoneer, FTX's distribution service providers. FTX will provide instructions for onboarding with each of the distribution service providers on the existing FTX Customer Portal.

## Exhibit C-2:

**FTX Support Article:** *General Information on Distribution Service Providers* **(states DSP decides ultimate eligibility)**

support.ftx.com/.../articles/33190625459012-General-Information-on-Distribution-Service-Providers

**⫶FTX**

FTX > Customer > Distributions                                                    🔍 Search

**Articles in this section**

General Information on Distribution Service Providers

Selecting a Distribution Service Provider

Using BitGo as a Distribution Service Provider

Using Kraken as a Distribution Service Provider

Using Payoneer as a Distribution Service Provider

Distributions Dashboard FAQs

# General Information on Distribution Service Providers

8 days ago · Updated

### How do I select a Distribution Service Provider?

Within the FTX Customer Portal, Step 8 in the process is "Distributions: Select Provider." In this section you will find a listing of the available Distribution Service Providers based on your country of residence and brief descriptions on the offerings each provides. Once a selection is made, you will be prompted to agree to a disclaimer and be routed to that Distribution Service Provider's landing page in order to complete onboarding. The disclaimer you must agree to is the following: You acknowledge and agree that, following receipt of any entitlement through the Distribution Service Provider, you shall not use or transfer any amounts received in connection with a Distribution for any purpose or transaction not permitted by applicable law or regulation, including any laws or regulations relating to or restricting the purchase of, exchange for, or other transactions involving, cryptocurrency or other digital assets or the use or transfer of proceeds therefrom.

**Note**: All Creditors must complete their KYC (Step 3) and Tax Compliance (Step 7) prior to selecting and onboarding with a Distribution Service Provider.  Once you have onboarded with a Distribution Service Provider, this selection cannot be changed.  The e-mail address used to register with the Distribution Service Provider <u>must match</u> your registered FTX Customer Portal e-mail address.



### Which options are available for selecting a Distribution Service Provider?

Currently, BitGo, Kraken and Payoneer are are available as Distribution Service Providers. There may be additional options that become available at which time this page will be updated accordingly, and an announcement will be made on the @FTX_Official X.com account.

### Which Distribution Service Providers are available based on my jurisdiction?

The Distribution Service Provider shown to you are based on the residence information you previously provided.  There is a drop-down menu of other jurisdictions if you wish to change your jurisdiction options.  The ultimate eligibility to onboard with the Distribution Service Provider will be decided by the Distribution Service Provider during the onboarding process on their website. If a Distribution Service Provider is unable to service your jurisdiction, your distribution will be deferred to a later date.

## Exhibit D

Courtesy notice / meet-and-confer email to Trust counsel (September 17, 2025; request for confirmation by 5:00 p.m. ET); no reply as of filing.



# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered)<br>Related Docket No(s).: [Main Motion D.I. — to be completed by the Clerk] |

## CERTIFICATE OF SERVICE – MAIN MOTION PACKAGE

I, Pu Ke, certify that on September 18, 2025, I caused true and correct copies of the following documents:

· NOTICE OF MOTION OF PU KE FOR COLLABORATIVE, CLAIM-SPECIFIC ADMINISTRATIVE RELIEF REGARDING CLAIM NO. 33657;

· MOTION OF PU KE FOR COLLABORATIVE, CLAIM-SPECIFIC ADMINISTRATIVE RELIEF (CLAIM NO. 33657);

· PROPOSED ORDER GRANTING MOTION OF PU KE FOR COLLABORATIVE, CLAIM-SPECIFIC ADMINISTRATIVE RELIEF; and

· DECLARATION OF PU KE PURSUANT TO 28 U.S.C. § 1746 WITH EXHIBITS (B-1 through D)

- Ex. B-1: Payoneer dashboard showing "Active" status (redacted)
- Ex. B-2: Payoneer support email stating "all set" (headers visible; redacted)
- Ex. C-1: PR Newswire (June 10, 2025) – Payoneer announced as DSP
- Ex. C-2: FTX Support article – General Information on DSPs
- Ex. D: Courtesy notice / meet-and-confer email to Trust counsel (September 17, 2025)

to be served by electronic mail only upon the recipients listed below (collectively, the "Service Parties"):

U.S. Trustee – District of Delaware

· Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov

· Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov

· David Gerardi – david.gerardi@usdoj.gov

Counsel to the FTX Recovery Trust – Sullivan & Cromwell LLP

- · Andrew G. Dietderich – dietdericha@sullcrom.com

- · James L. Bromley – bromleyj@sullcrom.com

- · Brian D. Glueckstein – gluecksteinb@sullcrom.com

- · Alexa J. Kranzley – kranzleya@sullcrom.com

Delaware Counsel to the Trust – Landis Rath & Cobb LLP

- · Adam G. Landis – landis@lrclaw.com

- · Kimberly A. Brown – brown@lrclaw.com

- · Matthew R. Pierce – pierce@lrclaw.com

- · Matthew B. McGuire – mcguire@lrclaw.com

Request for Consent / Reservation: By this certificate and the cover email, Movant requests that counsel confirm consent to service by email for the foregoing papers. If any Service Party withholds consent or the Court requires alternate service, Movant will promptly cure by effecting service consistent with FRBP 7004/9014.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Beijing, China, September 18, 2025

*Pu Ke*

Pu Ke (pro se)
Room 501, Unit 3, Building 12
No. 1 Courtyard, Gaojiayuan East Street, Mentougou district, Beijing, China
Email: kepu_ftx@superbloch.com
Tel: +86 15210847154