## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 30932 and 30934** |

### SUPPLEMENTAL DECLARATION OF STEVEN P. COVERICK IN SUPPORT OF THE FTX RECOVERY TRUST'S OBJECTION TO THE AMENDED PROOF OF CLAIM FILED BY JOINT LIQUIDATORS OF THREE ARROWS CAPITAL

I, Steven P. Coverick, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am a Managing Director at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operational restructuring.

2.      I have more than ten years of restructuring and financial advisory experience across various industries, including cryptocurrency, energy, technology, media, telecommunications, logistics, and healthcare.  I have a Bachelor's Degree from the Kelley School

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

of Business at Indiana University, am a CFA® charterholder, and am recognized as a Certified Turnaround Professional by the Turnaround Management Association.

3. Since joining A&M, I have been involved in numerous Chapter 11 restructurings, including FTX Trading Ltd., Seadrill Limited, iHeart Media Inc., White Star Petroleum Holdings, LLC, Templar Energy LLC, and Expro International Group Holdings Limited.

4. I submit this supplemental declaration (the "Supplemental Declaration") in further support of the *Objection of the FTX Recovery Trust to the Amended Proof of Claim Filed by the Joint Liquidators of Three Arrows Capital Ltd.* [D.I. 30932] (including all exhibits and schedules thereto, the "Objection") and in connection with the *Declaration of Steven P. Coverick in Support of the FTX Recovery Trust's Objection to the Amended Proof of Claim Filed by Joint Liquidators of Three Arrows Capital* [D.I. 30934] (including all exhibits thereto, the "Coverick Declaration") submitted contemporaneously with and in support of the Objection.[2] The Objection responds to the amended proof of claim ("Proof of Claim") filed by the joint liquidators (the "Joint Liquidators") of Three Arrows Capital, Ltd. ("3AC").

5. I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by the FTX Recovery Trust. A&M was retained by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") from November 11, 2022 through January 3, 2025, and A&M has been retained by the FTX Recovery Trust since January 3, 2025.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

6.      Except as otherwise indicated herein, all the facts set forth in this Supplemental Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by A&M professionals working under my supervision, or my opinion based upon my experience and knowledge related to the Debtors' operations, businesses, and financial condition.  If called upon to testify, I could and would testify to the facts set forth herein on that basis.  I am authorized to submit this Supplemental Declaration on behalf of the FTX Recovery Trust.

7.      The Coverick Declaration includes certain figures with respect to the 3AC Accounts calculated from primary source data from the Exchange.[3] **Exhibit 1** to this Supplemental Declaration provides additional detail with respect to the specific primary source data and steps used to calculate those figures in a manner consistent with the code base of the Exchange.

8.      **Schedule A** of Exhibit 1 provides the steps, and identifies the inputs, to calculate the Line of Credit balance available to 3AC Accounts as referenced in paragraphs 51 and 52 of the Coverick Declaration.

9.      **Schedule B** of Exhibit 1 provides the steps, and identifies the inputs, to calculate certain deposit activity in the 3AC Accounts described in paragraphs 55, 60, 100, 102, and 104 of the Coverick Declaration.

10.     **Schedule C** of Exhibit 1 provides the steps, and identifies the inputs, to calculate certain withdrawal activity in the 3AC Accounts described in paragraphs 55, 60, 66, 75, 100, 102, and 104, and Tables 3 and 4 of the Coverick Declaration.

---

[3]      FTX_3AC_000000001,    FTX_3AC_000000002,    FTX_3AC_000000003,    FTX_3AC_000000005, FTX_3AC_000000006,    FTX_3AC_000000008,    FTX_3AC_000000009,    FTX_3AC_000000010, FTX_3AC_000000011, FTX_3AC_000000054, FTX_3AC_000000056.

11.    **Schedule D** of Exhibit 1 provides the steps, and identifies the inputs, to calculate certain trading activity in the 3AC Accounts described in paragraphs 68, 69, 70, 71,77, 78, 100, 102, 104, 108, and 111, and Table 5 of the Coverick Declaration.

12.    **Schedule E** and **Schedule F** of Exhibit 1 provide the steps, and identify the inputs, to calculate the Account Balance for the 3AC Accounts and derive the impact of price changes on the Account Balance for the 3AC Accounts described in paragraphs 55, 56, 59, 60, 61, 62, 63, 64, 65, 72, 76, 79, 99, 100, 102, 104, 108, and 111, and Tables 1, 2, 4, and 6 of the Coverick Declaration.

13.    **Schedule G** of Exhibit 1 provides steps, and identifies the inputs, to calculate the Account Balance for the 3AC Accounts required to be maintained under the Line of Credit as described in paragraphs 53 and 74 of the Coverick Declaration.

14.    **Schedule H** of Exhibit 1 provides steps, and identifies the inputs, to calculate the Margin Trading Account Value and the Maintenance Margin Level for purposes of determining compliance with the Maintenance Margin Requirement for the applicable 3AC Account[4] as described in paragraphs 40, 41, 42, 43, 44 and 74 of the Coverick Declaration. The Margin Trading Account Value and Maintenance Margin Level and corresponding deficit to the Maintenance Margin Requirement for the applicable 3AC Account at certain specified times are listed in the table below.

*$ in millions*

| Time (UTC) | Margin Trading Account Value | Maintenance Margin Level | Deficit |
|---|---|---|---|
| 6/13/22 9:00 AM | $ 75.4 | $ 86.8 | $ (11.4) |
| 6/14/22 10:00 PM | (4.0) | 2.5 | (6.4) |
| 6/15/22 12:00 AM | (0.4) | 0.0 | (0.4) |

---

[4]    3AC Account No. 233882.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 19, 2025

/s/ Steven P. Coverick
Steven P. Coverick
Alvarez & Marsal North America, LLC
Managing Director