## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING, LTD., *et al.*,<br><br>     Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>**Re: D.I. No. _____** |
| FTX RECOVERY TRUST,<br><br>           Plaintiff,<br><br>    - against –<br><br>MANIFOLD MARKETS, INC., MANIFOLD FOR CHARITY, INC., ROSS RHEINGANS-YOO, and FTX PHILANTHROPY, INC.,<br><br>          Defendants. | Adv. Pro. No. 24-50214 (KBO) |

## ORDER GRANTING ROSS RHEINGANS-YOO'S
## MOTION FOR SANCTIONS

Upon the motion ("Motion") of Ross Rheingans-Yoo ("Ross") for entry of an order (this

"Order") granting the Motion and imposing sanctions upon the FTX Recovery Trust[1] and its

counsel pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy

Rules"), 28 U.S.C. § 1927, and 11 U.S.C. § 105; and this Court having jurisdiction to consider the

Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*

---

[1] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1].

from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of the Motion; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and that, except as otherwise ordered herein, no other or further notice is necessary; and any replies (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and upon the record of any hearing held to consider the relief requested in the Motion; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Within 14 days hereof, counsel for Ross shall file, on notice to counsel for the Trust, a declaration attesting to the fees and expenses that were reasonably incurred in connection with seeking dismissal of the Trust's *First Amended Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 105, 544, 548, and 550 and Del. Code Ann. Tit. 6, § 1304 and 1305, and for Disallowance or Subordination of Claim Pursuant to 11 U.S.C. §§ 502 and 510* [Adv. Pro. D.I. 38], and opposing its *Motion for Reconsideration or to Modify Order Allowing Rheingans-Yoo's FDU Claim* [D.I. 31846].

3.  Objections, if any to the reasonableness of Ross's fees and expenses shall be filed and served by email upon counsel for Ross within 14 days of the filing of Ross's counsel's declaration.

4.  The Court will review the submissions and enter a subsequent order directing the Trust and its counsel to pay Ross's fees and expenses in an amount the Court determines to be reasonable.

5.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6.  The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.