IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | Ref No. 32720, 32739, 32759, 32773, 32774 & 32775 |

**FTX RECOVERY TRUST'S OBJECTION TO EMERGENCY MOTIONS
OF PRO SE CLAIMANTS REGARDING SEPTEMBER 30, 2025 DISTRIBUTION**

The FTX Recovery Trust[2] hereby submits this objection (the "Objection"), pursuant to rule 9006-1(e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to various emergency motions (collectively, the "Motions")[3] filed by *pro se* claimants (collectively, the "Claimants")[4] seeking determination of their respective Claims and confirmation of their eligibility with respect to the September 30, 2025 distribution.[5] In support of the Objection, the FTX Recovery Trust respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan").

[3] These Motions, which appear to be substantially similar, include: (i) *Motion of Pu Ke for Collaborative, Claim-Specific Administrative Relief (Claim No. 33657)* and *Motion to Shorten Notice* [D.I. 32739]; (ii) *Emergency Motion of Hejia Zhao (Pro Se) to Confirm Eligibility for September 30, 2025 Distribution and Motion for Shortened Notice Under Local Rule 9006-1(e)* [D.I. 32759], (iii) *Emergency Motion of Hejia Zhao (Pro Se) to Confirm Eligibility for September 30, 2025 Distribution and Motion for Shortened Notice Under Local Rule 9006-1(e)* [D.I. 32774] and (iv) *Emergency Motion by KaiKai Lin (Appearing Pro Se) to Confirm Entitlement to September 30, 2025 Distribution and to Set Response Deadline* [D.I. 32775].

[4] These Claimants include (i) Pu Ke, (ii) Heija Zhao and (iii) KaiKai Lin.

[5] Claimant Heija Zhao submitted a certificate of no objection and proposed order on September 25, 2025 [D.I. 32773] with respect to her *Emergency Motion of Hejia Zhao (Pro Se) to Confirm Eligibility for September 30, 2025 Distribution and Motion for Shortened Notice Under Local Rule 9006-1(e)*. The FTX Recovery Trust

**OBJECTION**

1. The Claimants seek special dispensation from the Court to have their respective Claims adjudicated now at a special non-omnibus emergency hearing. *First*, the Claimants plainly ignore that the Court has already set a status conference to address the administrative questions raised by the Claimants for the October 23, 2025 omnibus hearing. *See Order Setting Status Conference on Motion of the FTX Recovery Trust for Entry of an Order in Support of the Confirmed Plan Authorizing the FTX Recovery Trust to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions* [D.I. 32720] (the "Order"). In fact, each Claimant previously filed substantially similar motions,[6] each of which was specifically referenced in the Order as one of the "Related Filings" to be discussed at the status conference. [*Id.*] Furthermore, in accordance with the Court's instructions, each Claimant was served with notice of the Order, and is, therefore, aware of the status conference. *See Affidavit of Service* [D.I. 32735, Ex. B].

2. *Second*, the Claimants argue that the Motions must be heard before the upcoming September 30 distribution so that the Claimants can receive a distribution on account of their respective Claims on September 30. However, the Claimants simply disregard that the record date for the September 30 distribution was August 15, 2025. In accordance with the Plan and Confirmation Order, the Claims are currently "Disputed" because they have not been "Allowed."

---

submits that the certificate of no objection and proposed order were improperly submitted and do no comply with the Local Rules. Accordingly, claimant Heija Zhao's proposed order should not be entered by the Court.

[6] Claimant Pu Ke filed, on September 15, 2025, the *Motion of Pu Ke for Status Conference and Limited Administrative Relief Regarding Claim No. 33657* [D.I. 32712] and *Motion to Shorten Notice Regarding Motion for Status Conference and Limited Administrative Relief* [D.I. 32713]; Claimant Heija Zhao filed, on August 11, 2025, the *Motion to (I) Enforce Equal Distributions, (II) Pay Chinese-Passport Claims in September 2025 Round, and (III) Establish Transparent Residency/Dispute Process* [D.I. 32384]; and Claimant KaiKai Lin filed, on August 19, 2025, the *Motion to Lift Payment Restrictions on Chinese Creditors and Ensure Equal Distribution Rights Under the FTX Reorganization Plan* [D.I. 32440].

(Plan § 2.1.57.)  Since the Claims were not allowed as of the August 15, 2025 record date, the Claimants are not entitled to receive a distribution on account of their respective Claims, similar to all other holders of Disputed Claims.  Completion of all pre-distribution requirements, which Claimants allege have been completed, is a prerequisite for distributions on Allowed Claims but is not related to allowance of a Claim.

3. *Third*, the Claimants have no basis to demand that the FTX Recovery Trust cast aside the carefully constructed framework that was established for claims reconciliation and distributions and immediately devote resources to the adjudication of their Claims.  In recognition of the volume and breadth of asserted claims against the Debtors, the Plan provides a number of processes to ensure the orderly administration of the estates, including that all "Claims" are "Disputed" until "Allowed" and the establishment of a Claims Objection Deadline for the FTX Recovery Trust to object to Claims by January 3, 2026 or "such later date as may be established by order of the Bankruptcy Court upon a motion by the Plan Administrator."  (Plan §§ 2.1.57, 2.1.32.)  The Motions ignore all of this and seek to compel the FTX Recovery Trust to turn its attention to the Claimants' respective Claims.  The Claimants do not—and cannot—cite a single decision or court order where a court in this district has permitted a creditor to jump the line and circumvent the plain language of a plan.  That is because there is no basis to do so.  In fact, in these Chapter 11 Cases, this Court has already explicitly denied a similar request from another claimant. *See July 22, 2025 Hr'g Tr.* 107:5-108:6 (denying motion by ELD Capital LLC seeking to set litigation schedule for adjudication of ELD Capital LLC's claim).

4. Local Rule 9006-1(e) provides that "[n]o motion will be scheduled on less notice than required by these Local Rules . . . except by order of the Court, on written motion [ ] specifying the exigencies justifying shortened notice."  The Motions were all filed after the Court

set the October 23, 2025 status conference, and all seek to set objection deadlines several days after their filings and special emergency hearings before September 30, 2025. The only basis that the Claimants allege in support of the purported need for an expedited emergency hearing is the fact that the next distribution date is September 30, 2025, and the Claimants have allegedly completed all pre-distribution requirements. These do not constitute "exigencies" sufficient to justify shortening the FTX Recovery Trust's time to respond and compelling the Court to hold a special non-omnibus hearing when a status conference has already been scheduled.

5. The FTX Recovery Trust will further address the flawed Motions at the October 23, 2025 status conference. But the Claimants provide no cause or other legitimate exigency that requires the Motions be heard on shortened notice at an emergency special hearing prior to the October 23, 2025 status conference. Accordingly, the requests to have the Motions heard on shortened notice should be denied.

## CONCLUSION

6. For the foregoing reasons, the FTX Recovery Trust respectfully requests that the Court deny the requests to have the Motions heard on shortened notice.

Dated: September 29, 2025
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Matthew R. Pierce
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:  landis@lrclaw.com
  mcguire@lrclaw.com
  brown@lrclaw.com
  pierce@lrclaw.com

-and-

        **SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:    dietdericha@sullcrom.com
          bromleyj@sullcrom.com
          gluecksteinb@sullcrom.com
          kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*