# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>      Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br>Related Docket Nos.: 26404-1, 31148, 32687,<br>32712, 32720, 32739, 32778, 32785 |

## SUPPLEMENT TO D.I. 32712 AND D.I. 32739 AND REPLY TO TRUST'S OBJECTION D.I. 32785

Pu Ke (the "Movant"), pro se, respectfully submits this Supplement in further support of D.I. 32712 and D.I. 32739. Consistent with the Court's orders [D.I. 32720, 32778], both matters are set for the hearing on October 23, 2025. This filing also serves as Movant's reply to the FTX Recovery Trust's (the "Trust") Objection [D.I. 32785]. Movant seeks claim-specific implementation of the confirmed Plan [D.I. 26404-1] (the "Plan")—including Articles 7 and 8—and equal treatment under 11 U.S.C. § 1123(a)(4), and respectfully requests entry of the comply-or-object order attached as Exhibit A.

## I. Summary of Argument

This dispute is about applying the Plan's mechanics, not creating an exception. The Trust's objection (See D.I. 32785 ¶¶2–3) reduces to: because Movant was not marked "Allowed" by the record date, he may not "jump the line." That framing is backwards. The Plan provides one line for Class 5A creditors who met the Plan's prerequisites for the September 30, 2025 distribution: creditors who satisfied § 7.14 by the August 15, 2025 record date and who were not the subject of a timely Article 8 objection or noticed intent under § 8.6 are to be paid (with § 7.2.4 catch-up as needed). By withholding "Allowed" status from Movant without any Article 8 predicate while paying otherwise-identical peers, the Trust created an extra-Plan second line that violates § 1123(a)(4)'s equal-treatment principle.

The Court has authority under Plan § 12.1(e), (h) and 11 U.S.C. § 1142(b) to enforce the Plan on a claim-specific basis. The particular implementation requested is set out in Section V (Requested Relief).

## II. Key Facts

1. **Record-date compliance.** As shown in D.I. 32687, on or before August 15, 2025 (the record date), Movant completed all "Pre-Distribution Requirements" as defined in Section 7.14 of the Plan (including KYC, a valid IRS Form, and Distribution Service Provider onboarding); the portal reflected "Onboarding complete".

2. **Operational USD path.** Movant established a viable, lawful payment path by successfully onboarding with Payoneer on July 28, 2025, and configuring a fiat USD transfer to a personal

Hong Kong bank account (See D.I. 32739). Payoneer again confirmed this specific route was fully operational in a written communication dated September 24, 2025 (Exhibit B).

3. Unequal Status Assignment. With all Section 7.14 requirements satisfied and no Article 8 objection on the docket, the Trust assigned Movant's claim a "Disputed" status while granting "Allowed" status to other similarly situated Class 5A creditors. This discriminatory status assignment was the direct cause of Movant's exclusion from the September 30 distribution (Exhibit C-1/C2).

4. Trust-side DSP Gating. Evidence shows the Trust implemented a portal gate to block PRC-resident creditors from selecting a supported Distribution Service provider (the "DSP") before it filed its motion seeking the Court's guidance on a "Restricted Jurisdiction" policy in July 2025 (See D.I. 31148 and Exhibit D). While the Trust's portal blocks access, the DSP (Payoneer) support confirmed in writing it supports the PRC-resident to Hong Kong bank route (See Exhibit E) and, critically, onboarded Movant (See D.I. 32687), proving the path is viable (See D.I. 32739). These facts demonstrate a Trust-administered, extra-Plan portal restriction that is not based on any DSP limitation or legal bar.

## III. Plan & Statutory Framework

1. The Plan's distribution mechanics operate under the baseline principle of 11 U.S.C. § 502(a), which deems a filed claim allowed unless a party objects. The confirmed Plan implements (and refines) that baseline through Articles 2, 7, and 8.

2. Disputed vs. Allowed. Under the Plan, a "Disputed Claim" is any claim that has not been Allowed. An "Allowed" claim is one that becomes allowed by the Plan's enumerated pathways or by court order.

3. Pathways to "Allowed" Status. The Plan does not require waiting for the final 2026 objection deadline. Section 2.1.8 of the Plan provides multiple paths for a claim to become "Allowed," including a claim against which "no objection...has been filed" (Section 2.1.8(d)) or, crucially, one that is "allowed or stipulated in writing...by the Plan Administrator" (Section 2.1.8(b)). The Plan Administrator has the explicit, sole authority under Section 8.8(d) to make this determination without a court order.

4. Limited bases to pause distributions pending allowance. Distributions may be paused only if there is a Plan predicate—namely, a timely Article 8 objection or a properly noticed intent to object under § 8.6—or another recognized bar (e.g., 11 U.S.C. § 502(d) disallowance, setoff under Plan § 7.10 / § 553, or an unresolved § 7.14 tax/KYC deficiency or § 7.7 undeliverability)

5. Once Allowed. A claim Allowed after the Effective Date must be paid "on the first Subsequent Distribution Date." (Plan § 7.2.4.)

6. Distributions go to Holders of Allowed Claims of record who have satisfied Pre-Distribution Requirements defined in Article 7.14 on or before the record date. Nationality/residency is not a listed gate.

## IV. Equal-Treatment under 11 U.S.C. § 1123(a)(4)

1. **Similarly situated and Plan-compliant.** By the August 15, 2025 record date, Movant had satisfied all objective criteria under Section 7.14 of the Plan to be treated as a compliant, similarly situated Class 5A creditor. With no Article 8 objection on the docket, there was no Plan-specified basis to deny Movant the "Allowed" status granted to its peers. The Trust's failure to grant this status was the direct cause of Movant's exclusion from the September 30 distribution.

2. **Plan authorization for immediate allowance.** The Plan Administrator has present authority under § 8.8(d) to determine that Movant's claim is Allowed, which, in turn, triggers a mandatory catch-up under § 7.2.4 on the next distribution date (or, as requested here, within a short operational window after entry of the Court's order).

3. **Withholding "Allowed" status without an Article 8 predicate is unequal treatment.** The equal-treatment mandate of § 1123(a)(4) requires that Class 5A creditors who met § 7.14 by the record date and who are not properly the subject of an Article 8 objection receive the same distribution opportunity and timing. By granting "Allowed" status to otherwise identical, fully compliant Class 5A peers while withholding that status from Movant without any Plan-specified basis (e.g., a docketed Article 8 objection or noticed intent under § 8.6, § 502(d) bar, setoff, or tax deficiency), the Trust created an extra-Plan distinction that resulted in Movant's exclusion from the September 30 distribution. That differential treatment is the breach; its direct consequence is denial of the distribution to which Movant was entitled alongside peers.

4. **Court authority to enforce the Plan.** The Court retains express jurisdiction under Plan § 12.1(e) and (h), and authority under 11 U.S.C. § 1142(b) (and, as necessary, § 105(a)), to compel claim-specific implementation of the confirmed Plan and to ensure that distributions are made in accordance with Articles 7 and 8. Accordingly, Movant now turns to the requested, claim-specific implementation set forth in Section V (Requested Relief).

## V. Requested Relief

1. Short comply-or-object window (three Business Days).

Within three (3) Business Days after entry of this Order, the FTX Recovery Trust, acting through the Plan Administrator, shall do one of the following:

  (a) file and serve an objection to Claim No. 33657 under Fed. R. Bankr. P. 3007; or

  (b) if the Trust contends that a current legal prohibition prevents payment as of the entry date, file and serve a sworn Prohibition Statement that: (i) identifies, by citation, the specific statute, regulation, or court order relied upon; and (ii) without waiving privilege, certifies whether Movant's § 7.14 items (KYC, tax form, DSP onboarding) are complete in the Trust's records and whether tender to the selected DSP for payout to Movant's personal Hong Kong bank in USD is supported; or

(c) file and serve a short notice of intent to object as contemplated by Plan § 8.6, stating the intended grounds and proposing a briefing/hearing schedule with dates certain.

2. Payment absent filing or absent a valid prohibition.

If no filing is made under ¶ 1 by the deadline, or if a Prohibition Statement under ¶ 1(b) does not identify a current legal prohibition by citation, then Claim No. 33657 is Allowed for Plan purposes and the Plan Administrator shall tender a catch-up USD distribution within three (3) Business Days thereafter, which distribution shall constitute the first Subsequent Distribution Date payment for purposes of Plan § 7.2.4.

3. Deliverability (Plan § 7.7).

For purposes of implementing this Order, tender to Movant's selected distribution service provider (Payoneer) for payout to Movant's personal Hong Kong bank in USD shall constitute "delivery" for Plan purposes. Accordingly, Plan § 7.7 (Undeliverable Distributions) does not bar or delay the payment required by ¶ 2 unless the distribution is actually returned or rejected.

4. Future distributions parity.

On each Subsequent Distribution Date, Claim No. 33657 shall participate pro rata with Class 5A in accordance with the Plan, absent a duly-noticed, claim-specific objection that is sustained by the Court.

5. Scope; reservations; authority.

This relief is administrative and claim-specific, non-precedential, and makes no global determinations regarding "restricted jurisdiction" or any other policy; no admissions are made, and all other rights are reserved. The Court acts pursuant to 11 U.S.C. §§ 1142(b) and 105(a), and its retained jurisdiction under Plan § 12.1, to ensure distributions are accomplished in a manner consistent with 11 U.S.C. § 1123(a)(4) and to implement the Plan's terms. "Business Day" has the meaning set forth in the Plan.


WHEREFORE, Movant requests entry of the Proposed Order (Exhibit A) and such other relief as is just.

Dated: Beijing China, October 1 , 2025

*Pu Ke*

Pu Ke (pro se)

Room 501, Unit 3, Building 12
No. 1 Courtyard, Gaojiayuan East Street, Mentougou district, Beijing, China
Email: kepu_ftx@superbloch.com
Tel: +86 15210847154

# Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>       Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br>Related Docket Nos.: 32712, 32739 |

## ORDER (CLAIM-SPECIFIC ADMINISTRATIVE RELIEF; COMPLY-OR-OBJECT — CLAIM NO. 33657)

Upon consideration of the Supplement to D.I. 32712 and D.I. 32739 and Reply to Trust's Objection [D.I. 32785] filed by Pu Ke (Claim No. 33657, Class 5A) (the "Movant"), and the record of these cases; and the Court having jurisdiction to enter this Order under the Plan and 28 U.S.C. §§ 157 and 1334; and this Order being administrative and claim-specific in nature and an implementation of the confirmed Plan; and after due deliberation:

IT IS HEREBY ORDERED THAT:

1. Short comply-or-object window (three Business Days).
   Within three (3) Business Days after entry of this Order, the FTX Recovery Trust, acting through the Plan Administrator, shall do one of the following:

   (a) file and serve an objection to Claim No. 33657 under Fed. R. Bankr. P. 3007; or

   (b) if the Trust contends that a current legal prohibition prevents payment as of the entry date, file and serve a sworn Prohibition Statement that: (i) identifies, by citation, the specific statute, regulation, or court order relied upon; and (ii) without waiving privilege, certifies whether Movant's Plan § 7.14 items (KYC, tax form, DSP onboarding) are complete in the Trust's records and whether tender to Movant's selected distribution service provider (Payoneer) for payout to Movant's personal Hong Kong bank in USD is supported; or

   (c) file and serve a short notice of intent to object as contemplated by Plan § 8.6, stating the intended grounds and proposing a briefing/hearing schedule with dates certain.

2. Payment absent filing or absent a valid prohibition.
   If no filing is made under ¶ 1 by the deadline, or if a Prohibition Statement under ¶ 1(b) does not identify a current legal prohibition by citation, then Claim No. 33657 is Allowed for Plan purposes and the Plan Administrator shall tender a catch-up USD distribution within three (3) Business Days thereafter, which distribution shall constitute the first Subsequent Distribution Date payment for purposes of Plan § 7.2.4.

3. Deliverability (Plan § 7.7).
   For purposes of implementing this Order, tender to Movant's selected distribution service

provider (Payoneer) for payout to Movant's personal Hong Kong bank in USD shall constitute "delivery" for Plan purposes. Accordingly, Plan § 7.7 (Undeliverable Distributions) does not bar or delay the payment required by ¶ 2 unless a distribution is actually returned or rejected.

4. Future distributions parity.
   On each Subsequent Distribution Date, Claim No. 33657 shall participate pro rata with Class 5A in accordance with the Plan, absent a duly-noticed, claim-specific objection that is sustained by the Court.

5. Scope; reservations; authority.
   This relief is administrative and claim-specific, non-precedential, and makes no global determinations regarding "restricted jurisdiction" or any other policy; no admissions are made, and all other rights are reserved. The Court acts pursuant to 11 U.S.C. §§ 1142(b) and 105(a) and its retained jurisdiction under Plan § 12.1 to ensure that distributions are accomplished in a manner consistent with 11 U.S.C. § 1123(a)(4) and to implement the Plan's terms. "Business Day" has the meaning set forth in the Plan.

6. Resolution.
   This Order resolves D.I. 32712 and D.I. 32739 as they relate to Claim No. 33657.

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 22-11068 (KBO) |
| FTX TRADING LTD., *et al.*, | (Jointly Administered) |
| | |
| Debtors. | Related Docket No(s).: [Supplement D.I. — to be completed by the Clerk] |

## DECLARATION OF PU KE PURSUANT TO 28 U.S.C. § 1746

**(in Support of Movant's *Supplement to D.I. 32712 and D.I. 32739 and Reply to D.I. 32785*)**

I, Pu Ke, pursuant to 28 U.S.C. § 1746, declare as follows:

1. Identity and purpose. I am a creditor in these jointly administered cases (Claim No. 33657, Class 5A), appearing pro se. I submit this declaration in support of the "Motion of Pu Ke for Collaborative, Claim-Specific Administrative Relief Regarding Claim No. 33657" (the "Motion"). I have personal knowledge of the facts stated herein.

2. Purpose. I submit this declaration in support of my *Supplement to D.I. 32712 and D.I. 32739 and Reply to the Trust's Objection (D.I. 32785)* and the proposed order(s) submitted therewith. Pre-Distribution Requirements completed by the record date. On or before August 15, 2025 (the record date for the September 30, 2025 distribution), I completed all Plan § 7.14 requirements, including KYC information, tax form, and onboarding to a Distribution Service Provider (DSP) (See D.I. 32678).

3. Deliverable payment route. My selected DSP is Payoneer, configured to send USD to my personal Hong Kong bank account. Based on my communications with Payoneer and my account settings, this route is deliverable for my account. True copies of Payoneer confirmations/communications are attached as **Exhibit** (including the communication bearing Reference No. 250611-013915).

4. Timeline (June gate → July filing → Sept 30 distribution).
   a. In June 11 2025, I received communications reflecting gating/handling related to PRC status. Screenshots/records evidencing this with timestamps are attached as Ex. __.
   b. The Trust filed its "restricted-jurisdiction" motion in July 2025.
   c. On September 30, 2025, similarly situated Class 5A creditors who had satisfied § 7.14 were paid; I was not, and my portal showed a "Disputed"/no-distribution status. True copies of relevant portal views are attached as Ex. __.

5. Accuracy of exhibits. Unless otherwise noted, each exhibit attached to the Supplement is a true and correct copy of the document it purports to be, produced from my records or from materials I received or captured.

6. Redactions. Exhibits containing personal or account information are redacted to show only the last four digits of any account number and to remove personal identifiers (including the Chinese characters of my name).

7. Truth of Supplement facts. The factual statements in Sections II (Key Facts), III (Plan & Statutory Framework), IV (Equal-Treatment under 11 U.S.C. § 1123(a)(4)) of the Supplement are true and correct to the best of my knowledge, information, and belief. Statements drawn from the Plan and docket are based on my review of those materials; statements about my account, onboarding, and communications are based on my personal knowledge and records.

8. Translations (Chinese → English).
   a. I am conversant in Chinese (Mandarin) and English. For certain exhibits originally in Chinese (including the Payoneer correspondence with Ref. No. 250611-013915), I created English translations attached alongside the originals (e.g., Ex. __-A (original Chinese) and Ex. __-B (English translation)).
   b. I used the built-in Google Translate tool in Gmail to produce an English translation, which I then reviewed myself to ensure its accuracy.
   c. To the best of my knowledge and belief, each translation I prepared and attached is true and correct to the original. If the Court or any party requests, I can promptly obtain and file a certified translation of any such exhibit.

9. Reservation regarding technical integrity. On request, I can provide native files and/or file-integrity hashes (e.g., SHA-256) for key exhibits to assist in authentication.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: Beijing China, October 1 , 2025

*Pu Ke*

Pu Ke (pro se)

Room 501, Unit 3, Building 12
No. 1 Courtyard, Gaojiayuan East Street, Mentougou district, Beijing, China
Email: kepu_ftx@superbloch.com
Tel: +86 15210847154

# Exhibit Index

- **B — Payoneer confirmation of payout rail (September 24, 2025).**
  Email screenshot confirming deliverability of Payoneer → personal Hong Kong bank (USD) (redacted).

- **C-1/C-2 — FTX portal status (October 1, 2025).**
  Portal screenshots showing Claim No. 33657 (Unique Customer Code: 210771) distribution status on September 30 Distribution(C-1) and Distribution to Date (C-2) (redacted).

- **D-1 — Telegram chat (June 11, 2025).**
  Screenshot capturing the DSP-selection screen reflecting a PRC gating (pre-dating the filing of D.I. 31148) (redacted).

- **D-2 — Zoomed view of gating message.**
  Full image of the PRC gating message shown in Exhibit D-1.

- **E-1 — Inquiry to Payoneer (June 16, 2025).**
  Screenshot of Movant's message asking whether the gating was imposed by Payoneer or FTX (original Chinese; English translation attached; redacted).

- **E-2 — Payoneer reply (July 2, 2025).**
  Email screenshot stating that Payoneer did not impose the gating (original Chinese; English translation attached; redacted).

# Exhibit B



Re: Message from Account Approval Department #401201462  » [Inbox ×]

✦ Summarize this email

Support_Center_Email
to me ▾

from:  Support_Center_Email <customercare@payoneer.com>
to:  ▮▮▮▮▮▮▮▮▮
date:  Sep 24, 2025, 5:24 PM
subject:  Re: Message from Account Approval Department #401201462
mailed-by:  eu-central-1.amazonses.com
signed-by:  payoneer.com
security:  🔒 Standard encryption (TLS) Learn more
▶:  Important mainly because it was sent directly to you.

○ Payoneer

Thank you for contacting Payoneer Customer Care. My name is Mae and I'll be happy to assist you.

Upon carefully reviewing your case, I can confirm that, as of now, there are no requested documents required to verify your Hang Seng Bank (Hong Kong) account. In some cases, the bank account verification is completed automatically after a successful withdrawal, while in other cases, banks may request additional documents such as a bank statement for further verification.

At this time, no such documents are required from you, and I can assure you that you can begin receiving payments from the FTX Recovery Trust without delay. The funds will be automatically reflected in your local bank account once the payment is processed.
Should the bank require any further information in the future, they may contact Payoneer for verification purposes.

If you have any other questions or need further assistance, please feel free to reach out.

**Exhibit C-1**



**Exhibit C-2**



**Exhibit D-1**



**Exhibit D-2**



## Exhibit E-1

### *Original:*



to Payoneer ▾                                                                                                    Jun 16, 2025, 6:11 PM    ☆    ⊗    ↩

Dear Payoneer Customer Care Team,

I am writing again to seek clarification regarding Payoneer's current policy on processing FTX bankruptcy distributions for creditors who are residents of Mainland China.

While I understand Payoneer has long facilitated payments to Mainland Chinese residents in typical e-commerce contexts, I note that Mainland China remains excluded from the jurisdictions supported for FTX distributions.

Given this context, could you kindly confirm whether Payoneer explicitly excludes Mainland China-based creditors from receiving FTX distributions, even in situations where:

- The distribution would be made directly to a Hong Kong bank account, thus outside Mainland China's SAFE regulatory oversight.
- The creditor can fully satisfy Payoneer's KYC requirements (providing PRC identification, proof of Mainland address, and a Hong Kong bank account statement)

If Mainland China-based creditors are indeed excluded at present, could you please specify whether this restriction arises from:

1. The jurisdictional restrictions set by FTX directly;
2. Payoneer's ongoing licensing processes related to capital-account transactions within Mainland China;
3. Other regulatory factors (e.g., SAFE, PBOC guidelines, U.S. sanctions)

Any information regarding anticipated timelines or conditions for potential future inclusion would be highly appreciated, particularly given the substantial number of Mainland Chinese creditors involved in the FTX case.

Thank you very much for your assistance and clarification

Best regards,

Pu

Payoneer Customer Care <CustomerCare@payoneer.com> 于2025年6月16日周一 16:12写道:
...

Payoneer Customer Care <CustomerCare@payoneer.com>                                                              Jun 17, 2025, 3:57 PM    ☆    ⊗    ↩
to me ▾

○ Payoneer    温馨的

✉ 回复 06/17/2025 03:57 AM

，您好！  Pu Ke，

我是cherry，很高兴能够您能为您提供帮助。

了解您咨询关于账户注册及FTX政策的事宜，已经把您的最新询问、反馈呈上级部门。目前正在等待进一步的确认以及反馈，涉及到新的政策事宜，需要一定的时间，一旦最新的反馈，会以邮件的形式通知您。

辛苦您等待更新，感谢您的支持与理解。

如需进一步协助，您也可以通过微信联系我们。

温馨提醒您请在5天内回复此消息以确保其状态活跃，否则此询问将暂将系统自动关闭。

致敬，
Payoneer 客户关怀

参考号：
250611-013915

*Translated:*

 **Payoneer Customer Care** <CustomerCare@payoneer.com>    Tue, Jun 17, 3:57 PM  ☆  ☺  ↩
to me ▾

 Translated from original language → 　　⚙
English
Translate can make mistakes, so verify translations
Show original

 派安盈 Payoneer

✉    **Reply 06/17/2025 03:57 AM**

Hello! Pu Ke,

I'm Cherry, and I'm happy to continue helping you.
We understand your inquiry regarding account registration and FTX policies. We have forwarded your latest inquiry to higher authorities. We are currently awaiting further confirmation and feedback, as new policy matters may take time. We will email you as soon as we have further feedback.
Thank you for your support and understanding.



If you need further assistance, you can also contact us via WeChat.

Kindly remind you to reply to this message within 5 days to ensure its status is active, otherwise this request will be automatically closed by the system.

pay tribute,
**Payoneer Customer Care**

Reference Number:
**250611-013915**

**Exhibit E-2**

*Original:*

Re: Message from Customer Care[250611-013915] #371415222    ➤    ⌈Inbox ×⌉    ✕    🖨    ⬈



On Mon, Jun 30, 2025 at 2:30 AM UTC, <kdx1999@gmail.com> wrote:

Message from Customer Care

 to Support_Center_Email ▾                           Jul 4, 2025, 9:30 PM    ☆    ☺    ↩    ⋮

Dear Payoneer Customer Care,

Thank you for your clear reply.

***Translated:***

Re: Message from Customer Care[250611-013915] #371415222 (Re: Message from
Customer Care[250611-013915] #371415222)  ➤ {inbox ×}          ✕  🖶  ☑

P    Support_Center_Email <customercare@payoneer.com>                    Jul 4, 2025, 4:09 PM    ★  ☺  ↩  ⋮
     to me ▾

      🔄  Translated: Chinese → English              ⚙
          Translate can make mistakes, so verify translations
          Show original

⃝ Payoneer

Hello!

I'm Holiday, and I'm happy to continue to help you.

I understand your question about account registration and FTX Thank you for your
patience in this regard . According to the latest response from the relevant departments, our
bank currently has no relevant restrictions. We recommend that you contact the corresponding
platform to learn about the relevant restrictions. Thank you for your understanding and support.

If you need further assistance, you can also contact us via WeChat.

Thanks!
**Payoneer Team**

Customer ID:

Reference Number:
**250611-013915**

On Mon, Jun 30, 2025 at 2:30 AM UTC, < kdx1999@gmail.com > wrote:

  Message from Customer Care

   to Support_Center_Email ▾                                    Jul 4, 2025, 9:30 PM    ★  ☺  ↩  ⋮

Dear Payoneer Customer Care,

Thank you for your clear reply.

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 22-11068 (KBO) |
| FTX TRADING LTD., *et al.*, | (Jointly Administered) |
| | |
| Debtors. | Related Docket No(s).: [Supplement D.I. — to be completed by the Clerk] |

### CERTIFICATE OF SERVICE – MAIN MOTION PACKAGE

I, Pu Ke, certify that on October 1, 2025, I caused true and correct copies of the following documents:

· SUPPLEMENT TO D.I. 32712 AND D.I. 32739 AND REPLY TO TRUST'S OBJECTION D.I. 32785;

· PROPOSED ORDER (CLAIM-SPECIFIC ADMINISTRATIVE RELIEF; COMPLY-OR-OBJECT — CLAIM NO. 33657);

· DECLARATION OF PU KE PURSUANT TO 28 U.S.C. § 1746 WITH EXHIBITS (B through E-2)

- B — Payoneer confirmation of payout rail (September 24, 2025).
- C-1/C-2 — FTX portal status (October 1, 2025).
- D-1 — Telegram chat (June 11, 2025).
- D-2 — Zoomed view of gating message.
- E-1 — Inquiry to Payoneer (June 16, 2025).
- E-2 — Payoneer reply (July 2, 2025).

to be served by electronic mail only upon the recipients listed below (collectively, the "Service Parties"):

**U.S. Trustee – District of Delaware**

· Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov

· Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov

· David Gerardi – david.gerardi@usdoj.gov


**Counsel to the FTX Recovery Trust – Sullivan & Cromwell LLP**

· Andrew G. Dietderich – dietdericha@sullcrom.com

· James L. Bromley – bromleyj@sullcrom.com

· Brian D. Glueckstein – gluecksteinb@sullcrom.com

· Alexa J. Kranzley – kranzleya@sullcrom.com

**Delaware Counsel to the Trust – Landis Rath & Cobb LLP**

· Adam G. Landis – landis@lrclaw.com

· Kimberly A. Brown – brown@lrclaw.com

· Matthew R. Pierce – pierce@lrclaw.com

· Matthew B. McGuire – mcguire@lrclaw.com

Request for Consent / Reservation: By this certificate and the cover email, Movant requests that counsel confirm consent to service by email for the foregoing papers. If any Service Party withholds consent or the Court requires alternate service, Movant will promptly cure by effecting service consistent with FRBP 7004/9014.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Beijing, China, October 1, 2025

*Pu Ke*

Pu Ke (pro se)
Room 501, Unit 3, Building 12
No. 1 Courtyard, Gaojiayuan East Street, Mentougou district, Beijing, China
Email: kepu_ftx@superbloch.com
Tel: +86 15210847154

Room 501, Unit 3, Building 12
No. 1 Courtyard, Gaojiayuan East Street, Mentougou District, Beijing, China
Email: kepu_ftx@superbloch.com
Tel: +86 152-1084-7154
October 1, 2025

Clerk of the Court
United States Bankruptcy Court for the District of Delaware
824 N. Market Street, 3rd Floor
Wilmington, DE 19801
(302) 252-2900

**Re: In re FTX Trading Ltd., et al., Case No. 22-11068 (KBO) — Pro se filings by mail:**

SUPPLEMENT TO D.I. 32712 AND D.I. 32739 AND REPLY TO TRUST'S OBJECTION D.I. 32785

Dear Clerk of the Court:

I respectfully submit the enclosed papers for filing in the above-captioned case and ask that they be docketed as two separate entries, as outlined below. I am a pro se creditor (Claim No. 33657, Class 5A) and am filing by mail.

Please docket the following as: "SUPPLEMENT TO D.I. 32712 AND D.I. 32739 AND REPLY TO TRUST'S OBJECTION D.I. 32785"

Link/relate to: D.I. 32712, 32739 and 32785, 26404-1, 31148, 32687, 32720, 32778

**Attachments in this entry (as received):**

1. Supplement & Reply

2. Exhibit A — Proposed Order (Claim-Specific Administrative Relief; Comply-or-Object — Claim No. 33657) (clean, stand-alone)

3. Declaration of Pu Ke pursuant to 28 U.S.C. § 1746 (with Exhibits B, C-1, C-2, D-1, D-2, E-1, E-2)

4. Certificate of Service

Respectfully submitted,

*Pu Ke*

Pu Ke (pro se)