IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF STEPHANIE G. WHEELER IN SUPPORT OF
### THE FTX RECOVERY TRUST'S MOTION FOR RECONSIDERATION

I, Stephanie G. Wheeler, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am a member in good standing of the Bar of the State of New York and have been admitted *pro hac vice* to practice before this Court. I am a partner of Sullivan & Cromwell LLP and am one of the attorneys representing the FTX Recovery Trust (the "Trust") in the above-captioned cases. I submit this declaration in connection with the *FTX Recovery Trust's Reply in Support of the Motion for Reconsideration*, filed concurrently herewith.

2. Following the June 25, 2025 hearing during which the Court allowed Ross Rheingans-Yoo's $650,000 FDU Claim[1] [D.I. 31312], on July 2, 2025, Scott Simon, counsel for Rheingans-Yoo, sent me an email stating that Rheingans-Yoo had designated Manifold for Charity, EIN 88-3668801, as the beneficiary of the FDU Claim. The email included a link to wire transfer instructions for a bank account in the name of Manifold for Charity. True and correct copies of the July 2, 2025 email Mr. Simon to me and the wire transfer instructions revealed by clicking on the link in the email are attached as **Exhibit 1**.

---

[1] Terms not otherwise defined herein shall have the same meaning as in the Motion.

3. During an August 8, 2025 video meeting among Mr. Simon, my colleague Daniel O'Hara, and myself, I stated that if the Trust paid Manifold for Charity the $650,000 for the FDU Claim, Manifold for Charity could then use that money to repay the $500,000 fraudulent transfer that the Debtors had made that was used to establish Manifold for Charity. Mr. Simon replied that Manifold for Charity could not use the $650,000 to pay that liability, because Manifold for Charity has a business model where its customers deposit money into segregated accounts in their names. When I asked why Manifold for Charity could not use the $650,000 in unrestricted funds to pay the $500,000 liability, Mr. Simon stated that Manifold for Charity permitted users to create customer accounts on the platform and to deposit money into their accounts, and Manifold for Charity then facilitated the charitable donations that the customers request.

4. When Mr. O'Hara asked Mr. Simon very directly: "Whose customer account is the $650,000 going into?," Mr. Simon responded that the $650,000 is going into "Ross' customer account" at Manifold for Charity. I told Mr. Simon that the Court's order did not permit Rheingans-Yoo to put the $650,000 into his account.

5. On August 14, 2025, Mr. Simon sent me an email stating that Rheingans-Yoo was "chang[ing] his designation from Manifold for Charity" and instead "hereby designates a different Effective Altruism charity: 1DaySooner, Inc." as the beneficiary of the FDU Claim. Mr. Simon's email requested that the Trust "confirm by noon on Monday, August 18, 2025, that the debtors have accepted the changed beneficiary and will withdraw the motion to reconsider and dismiss the amended adversary complaint as to Ross." A true and correct copy of Mr. Simon's August 14, 2025 email to me is included in the email chain attached hereto as **Exhibit 2**.

6. On August 15, 2025, Mr. O'Hara sent an email to Mr. Simon stating that the "Court's July 9 order does not permit Rheingans-Yoo to substitute another charity for the one he

originally designated," and stated that "[t]he Trust would not withdraw either the amended complaint or the motion for reconsideration." A true and correct copy of the August 15, 2025 email to Mr. Simon is included in the email chain attached hereto as **Exhibit 2**.

7. Attached hereto as **Exhibit 3** is a true and correct copy of a September 11, 2025 letter from my partner Brian Glueckstein of Sullivan & Cromwell, to Scott Simon, counsel for Rheingans-Yoo.

8. Attached hereto as **Exhibit 4** is a true and correct copy of a September 18, 2025 letter from Mr. Simon to Mr. Glueckstein.

9. Attached hereto as **Exhibit 5** is a true and correct copy of a September 22, 2025 letter from Mr. Glueckstein to Mr. Simon.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed in New York, New York on this 9th day of October 2025.

*Stephanie G. Wheeler*
Stephanie G. Wheeler