**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>                 Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>Ref. No. 32606 |

**FTX RECOVERY TRUST'S OBJECTION TO MOTION OF KIHYUK NAM FOR
(I) STATUS CONFERENCE AND LIMITED ADMINISTRATIVE RELIEF
REGARDING DISPOSITION OF FTT; AND (II) IN THE ALTERNATIVE,
<u>ORDER UNDER 11 U.S.C. § 554(B)</u>**

The FTX Recovery Trust[2] hereby submits this objection (the "<u>Objection</u>"), to Kihyuk Nam's *Motion for (I) Status Conference and Limited Administrative Relief Regarding Disposition of FTT; and (II) in the Alternative, Order Under 11 U.S.C. § 554(b)* [D.I. 32606] (the "<u>Motion</u>"). In support of the Objection, the FTX Recovery Trust respectfully states as follows:

**<u>PRELIMINARY STATEMENT</u>**

1.     Mr. Nam's Motion is an impermissible effort to collaterally attack the Plan and the Confirmation Order.[3] Mr. Nam objected to the Plan, his objection was overruled, and he appealed to the United States District Court for the District of Delaware (the "<u>District Court</u>"). Shortly after the District Court issued a decision rejecting Mr. Nam's appeal and affirming the

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "<u>Plan</u>").

[3]    *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "<u>Confirmation Order</u>").

{1368.003-W0083825.2}

Confirmation Order,[4] Mr. Nam moved for the District Court to reconsider its decision, appealed to the Third Circuit, and filed his Motion. Mr. Nam's latest appeal and Motion seek the same relief: an in-kind distribution of FTT, FTX Trading's now-defunct utility token, to holders of claims in respect of FTT. But this Court lacks jurisdiction to adjudicate issues that are the subject of Mr. Nam's appeal and, in any event, the relief that Mr. Nam seeks is plainly barred by the express terms of the Plan and Confirmation Order, which are *res judicata* and binding on Mr. Nam and the FTX Recovery Trust. Thus, Mr. Nam's motion is both procedurally barred and completely meritless.

2.  Mr. Nam objected to Plan confirmation contesting the Plan's implementation of this Court's prior determination that claims on account of FTT have no value. [*See* D.I. 7090 (the "<u>Estimation Order</u>").] Specifically, Mr. Nam objected to the treatment provided for Class 17 for FTT Claims and Interests. (Plan § 4.3.27.) As to Class 17, the Plan specifies:

> All Allowed FTT Claims and Interests shall be cancelled or released, and the Holders of Allowed FTT Claims and Interests shall not be entitled to, and shall not receive or retain, any Distributions, property or interest in property on account of such Interests under the Plan.

(Plan § 4.3.27.) Mr. Nam's objection was considered and overruled, and the Court entered the Confirmation Order confirming the Plan. Mr. Nam appealed that decision to the District Court, and having lost there, is continuing to pursue that appeal to the Third Circuit Court of Appeals. (Plan Appeal Dkt. Nos. 125-26.)

---

[4] *In re FTX Trading Ltd.*, No. 1:24-cv-01175-TLA (D. Del. Aug. 22, 2025), Dkt. No. 124 (the "<u>Appeal Order</u>" of the "<u>Plan Appeal</u>").

3.  Despite his pending appeal, Mr. Nam's Motion seeks anew to have this Court modify the Plan and the Confirmation Order to allow for a different treatment of FTT Claims. Specifically, Mr. Nam's Motion demands that parties with FTT Claims be eligible to receive in-kind distributions of FTT tokens. (Mot. ¶ 2.) Perhaps realizing that the relief he is seeking is improper, Mr. Nam strains to assert that he is seeking an "optional, one time, opt-in administrative return" of FTT that is somehow permissible because it "does not modify Plan economics, distributions, or class treatment." (Mot. ¶¶ 2, 18.) This is nonsense, as the distribution Mr. Nam seeks would fundamentally change the treatment of any Allowed Class 17 Claims.

4.  The plain language of the Plan and Confirmation Order is unambiguous. There is no dispute that all FTT tokens currently held by the FTX Recovery Trust are property of the FTX Recovery Trust. (*See* Confirmation Order ¶ 20.) Accordingly, the Plan bars the FTX Recovery Trust from giving FTT tokens to Mr. Nam and other purported holders of FTT Claims, because the Plan specifies "that Holders of Allowed FTT Claims and Interests . . . shall not receive . . . any Distributions, property or interest in property on account of such Interests." (Plan § 4.3.27.) Mr. Nam's Motion, therefore, runs afoul of the Plan and should be denied for at least two independent reasons.

5.  *First*, this Court lacks jurisdiction to consider the Motion. Through his appeal, Mr. Nam has placed before the District Court and the Third Circuit the question of whether he is entitled to modify the Plan and Confirmation Order and obtain an in-kind return of FTT. (Plan Appeal Dkt. No. 17 at 10-11, 16-18, 35.) Accordingly, black-letter law provides this Court lacks jurisdiction to entertain Mr. Nam's efforts to "relitigate issues while they are on appeal." *In re 710 Long Ridge Rd. Operating Co., II, LLC*, 2014 WL 1648725, at *3 (Bankr. D.N.J. Apr. 24, 2014).

6. *Second*, because the Plan expressly forbids the in-kind distribution of FTT to holders of FTT Claims and Interests—or for that matter *any* recovery on account of FTT Claims or Interests—the Motion is an impermissible collateral attack on the Plan and Confirmation Order that is squarely foreclosed by their *res judicata* effect. *See, e.g.*, *Travelers Indem. Co.* v. *Bailey*, 557 U.S. 137, 154 (2009). Indeed, Mr. Nam's efforts to contort language and pretend that the Motion is not a collateral attack on the Plan and Confirmation Order are completely irrelevant. *In re Heartland Wireless Commc'ns, Inc.*, 2002 WL 31319460, at *2 (D. Del. Sept. 23, 2002) (rejecting a collateral attack on a plan and confirmation order despite plaintiffs' "linguistic efforts" to avoid such a "characterization"). Thus, the Motion should be denied.

## BACKGROUND

7. On February 7, 2024, this Court entered its *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets*, which approved the Digital Assets Conversion Table establishing, among other things, that the value of FTT was "$0.0000000" for purposes of any "distribution" made by the Debtors and "for any plan proposed or confirmed in these Chapter 11 Cases." [Estimation Order ¶ 2, Ex. 1 at 12.] The Plan expressly incorporates this finding. (*See* Plan § 2.1.54 (defining the "Digital Assets Conversion Table" as Exhibit 1 to the Estimation Order); § 4.4 (valuing claims based on the Digital Assets Conversion Table).)

8. The Plan also provides unambiguous treatment of FTT-related Claims. Specifically, the Plan broadly defines a "FTT Customer Entitlement Claim" to capture, among other things, any claim by customers of the FTX Trading exchange "in respect of an FTT." (*Id.* § 2.1.96.) The Plan then defines "FTT Claim or Interest" to include "any FTT Customer Entitlement Claim, Claim or Interest, if any, of any kind or nature (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law or otherwise) in respect of an FTT, including any Section 510(b) FTT Claims." (*Id.* § 2.1.97).

Finally, the Plan classifies all FTT Claims and Interests in Class 17 and provides treatment that "[a]ll Allowed FTT Claims and Interests shall be cancelled or released, and the Holders of Allowed FTT Claims and Interests shall not be entitled to, and shall not receive or retain, any Distributions, property or interest in property on account of such Interests under the Plan." (*Id.* § 4.3.27.)

9. Nam objected to the Plan in a series of filings docketed on August 8, 2024 [D.I. 22573, 22574, 22576] (collectively, the "Nam Objection"), which argued that the Estimation Order did not conclusively establish the value of FTT, and thus the Bankruptcy Court should revalue FTT and reclassify FTT claims. [D.I. 22573 ¶¶ 2-3.]

10. At the October 7, 2024 Plan confirmation hearing, Judge Dorsey considered and overruled the Nam Objection, emphasizing in relevant part that, based on the admitted evidence, "FTT tokens were inextricably intertwined with the Debtors . . . and since the Debtor is not reestablishing an exchange, there simply is no basis upon which the FTT tokens could increase in value or create some value now or in the future." [D.I. 26412 at 70:6-18.] Further, in the Confirmation Order, Judge Dorsey held that "[t]he factual record establishes that all Digital Assets and Cash held by the FTX Exchanges on or after the Petition Date . . . are property of the Debtors' Estates within the meaning of section 541 of the Bankruptcy Code."[5] (Confirmation Order ¶ 20.)

11. Nam appealed this Court's Confirmation Order. On appeal, Nam argued for the first time that the Plan should provide for the in-kind distribution of FTT. (Plan Appeal Dkt. No. 17 at 10-11, 16-18, 35.) In response, the FTX Recovery Trust argued that Mr. Nam forfeited any right to request an in-kind return of FTT by failing to object to the Plan on that basis,

---

[5] For the purposes of the Plan and Confirmation Order, a "Digital Asset" includes both a DLT Digital Asset and a Pre-Launch Cryptocurrency. (Confirmation Order at 1 n.2 (incorporating definitions from the Plan); Plan ¶ 2.1.52 (defining "Digital Asset").) A "DLT Digital Asset" is "any digital representation of value or units that is issued or transferrable using distributed ledger or blockchain technology, including Stablecoins, cryptocurrency and NFTs." (Plan ¶ 2.1.63.)

and that Mr. Nam's arguments in favor of an in-kind return of FTT were in any event meritless. (Plan Appeal Dkt. No. 43 at 63-66.)

12. On August 22, 2025, the Honorable Thomas L. Ambro of the United States Court of Appeals for the Third Circuit, sitting by designation on the United States District Court for the District of Delaware, summarily affirmed the Confirmation Order and rejected Mr. Nam's appeal in all respects. (Appeal Order at 2.) Simply put, Judge Ambro found "no need to disturb the Bankruptcy Court's findings of fact and conclusions of law" and affirmed "for the reasons stated in the comprehensive, careful, and well-reasoned opinion of the Bankruptcy Court." (*Id.* at 1-2.)

13. On August 31, 2025, Mr. Nam informed the FTX Recovery Trust that he intended to move the District Court for reconsideration of the Appeal Order and, simultaneously, pursue his appeal to the Third Circuit, both of which were docketed with the District Court on September 2, 2025. (Plan Appeal Dkt. Nos. 125-26.)[6]

14. Thus, Mr. Nam's request to receive an in-kind distribution of FTT despite the Plan's language is currently before three courts: the District Court, which has yet to decide Mr. Nam's motion for reconsideration; the Third Circuit, which has stayed Mr. Nam's appeal pending the District Court's consideration of the motion for reconsideration;[7] and this Court through this new Motion.

---

[6] That same day, Mr. Nam notified the FTX Recovery Trust that he intended to file the Motion and the *Motion to Shorten Notice with Respect to Motion (I) Status Conference and Limited Administrative Relief Regarding Disposition of FTT; and (II) in the Alternative, Order Under 11 U.S.C. § 554(b)* [D.I. 32632] (the "Motion to Shorten"). On September 8, 2025, the Court denied the Motion to Shorten and set a briefing schedule for the Motion. [D.I. 32669.]

[7] *In re FTX Trading Ltd.*, No. 25-02695 (3d Cir.), Dkt. No. 3.

15. Mr. Nam now seeks an in-kind return of FTT through two different convoluted means. (Mot. ¶ 2.) *First*, without citing any legal authority, Mr. Nam demands that this Court ignore the plain language of the Plan and initiate a process that would result in the FTX Recovery Trust providing in-kind distributions of FTT tokens. (Proposed Order ¶¶ 3-4; *see also* Mot. ¶¶ 2,14.) *Second*, in the alternative, Mr. Nam requests that the Court issue an order requiring the FTX Recovery Trust to "show cause—by sworn declaration—why" all FTT currently owned by the FTX Recovery Trust "should not be abandoned pursuant to Fed. R. Bankr. 6007(a) and 11 U.S.C. § 554(b) by analogy post-Effective Date through the Plan/Trust framework." (Proposed Order ¶ 6; Mot. ¶ 17.) There is no legal basis to force the FTX Recovery Trust to abandon assets to Mr. Nam or anyone else. The Motion should be denied.

**OBJECTION**

I. **This Court Lacks Jurisdiction to Hear the Motion Because It Seeks The Same Relief as Mr. Nam's Pending Appeal.**

16. Mr. Nam moved for reconsideration of the District Court's decision affirming the Confirmation Order and also appealed to the Third Circuit contemporaneously with filing his Motion in this Court seeking the same relief. Mr. Nam cannot wage such a "two front war." *In re Halvorson*, 2019 WL 10787924, at *2 (C.D. Cal. Mar. 26, 2019) (cleaned up). An appeal "is an event of jurisdictional significance because it confers jurisdiction on the court of appeals and divests the [trial] court of its control over those aspects of the case involved in the appeal." *Mesabi Metallics Co.* v. *Cleveland-Cliffs, Inc. (In re ESML Holdings Inc)*, 135 F.4th 80, 97 (3d Cir. 2025). In short, a notice of appeal "divests" the trial court "of jurisdiction over those matters on appeal," *In re G-I Holdings, Inc.*, 568 B.R. 731, 763 (Bankr. D.N.J. May 1, 2017), and "[a]ttempts to relitigate issues while they are on appeal are not appropriate," *710 Long Ridge Rd.*, 2014 WL 1648725, at *3. "The purpose of [this] Divestiture Rule is to avoid the confusion of

placing the same matter before two courts at the same time and preserve the integrity of the appeal process." *Galope* v. *New Century Mortg. (In re New Century TRS Holdings, Inc.)*, 2013 WL 5755058, at *3 (Bankr. D. Del. Oct. 16, 2013) (cleaned up).  Thus, Mr. Nam may not seek any relief from this Court that would "interfere with or effectively circumvent the appeal process." *Halvorson*, 2019 WL 10787924, at *3.  This is, however, precisely the kind of relief the Motion seeks.

17. The Motion demands a process be established to provide for the in-kind return of FTT in violation of the Plan and Confirmation Order (Mot. ¶ 14-17), which is exactly the same relief Mr. Nam has been arguing for on appeal.  (Plan Appeal Dkt. No. 17 at 10-11, 16-18, 35).  This is fatal to the Motion because Mr. Nam cannot "relitigate issues while they are on appeal." *710 Long Ridge Rd.*, 2014 WL 1648725, at *3.  Moreover, Mr. Nam's recharacterizations of the relief sought as some "administrative return" or "administrative disposition" are irrelevant.  (Mot. ¶¶ 15, 17.)  "[A]n appeal of a bankruptcy order will not only divest the bankruptcy court of jurisdiction if the issues on appeal are identical to the issues presently before the bankruptcy court, but also if the bankruptcy court's determination of the issues before it would interfere with or undermine the appellate process." *G-I Holdings*, 568 B.R. at 764.

18. At bottom, Mr. Nam's Motion cannot move forward in this Court because there is simply no way to grant the relief Mr. Nam is requesting without modifying the Plan and the Confirmation Order, which this Court cannot do while Mr. Nam's appeal is pending with respect to the same issue. *710 Long Ridge Rd.*, 2014 WL 1648725, at *3 ("[A] court cannot take action that will alter or modify its prior order while that order is pending on appeal.")  The Plan's treatment of "FTT Claims and Interests" is clear and unambiguous.  The Plan specifies that FTT Claims and Interests are "cancelled or released" and any Holders of FTT Claims and Interests

"***shall not receive or retain, any Distributions, property, or interest in property on account of such Interests***." (Plan § 4.3.27 (emphasis added).)  Moreover, there is no basis for the Court to force the FTX Recovery Trust to distribute the FTT it owns without modifying the Plan and Confirmation Order.

## II.    The Motion Is an Impermissible Collateral Attack on the Plan and Confirmation Order.

19.    Even if the arguments in Mr. Nam's Motion were properly before this Court (they are not), Mr. Nam's suggestion that his requested relief would "not require[] any modification of the Plan" (Mot. ¶ 2) is frivolous.  Nothing in the Plan permits the FTX Recovery Trust to distribute or otherwise dispose of FTT on account of "cancelled or released" FTT Claims or Interests (Plan § 4.3.27), and the terms of the Plan are binding.  *See, e.g.*, 11 U.S.C. § 1141(a) ("the provisions of a confirmed plan bind the debtor"); 11 U.S.C. § 1142(a) ("the debtor and any entity organized or to be organized for the purpose of carrying out the plan shall carry out the plan"); *see also Nat'l Gypsum Co.* v. *Prostok*, 2000 WL 1499345, at *15 (N.D. Tex. Oct. 5, 2000) ("Unless the Confirmation Order is successfully appealed, revoked or otherwise attacked, the provisions of the plan . . . bind the debtor.").  Thus, despite Mr. Nam's efforts to mislead the Court, the Motion is nothing more and nothing less than an impermissible collateral attack on the Plan and the Confirmation Order.  *Heartland Wireless*, 2002 WL 31319460, at *2.

20.    Mr. Nam attempts to support the requested relief by asserting that "FTT holders lacked an organized representative to press" a request for an in-kind return "before confirmation" and that "[o]n appeal, in-kind concepts were not adjudicated on a developed bankruptcy-court record; issues such as record supplementation and forfeiture were raised." (Mot. ¶¶ 10-11.)  But Mr. Nam cannot undermine the *res judicata* effect of the Plan and Confirmation Order by attempting to "tunnel back" and relitigate matters. *Travelers*, 557 U.S. at 154.  "[A]

confirmation order is *res judicata* as to all issues decided or which could have been decided at the hearing on confirmation." *In re Congoleum Corp.*, 149 F.4th 318, 336 (3d Cir. 2025) (cleaned up). Thus, Mr. Nam's admitted failure to argue for an in-kind return of FTT in his Plan objection does not alter the *res judicata* effect of the Plan.[8]

21. Mr. Nam's alternative request that the FTX Recovery Trust abandon FTT (for his benefit) fares no better. (Proposed Order ¶ 6; Mot. ¶ 17.) As noted above, this alternative request is no less a collateral attack on the Plan because it seeks to effectuate a result prohibited by the Plan: payment on account of FTT Claims. Further, by their terms, both Bankruptcy Rule 6007 and 11 U.S.C § 554 only apply to "property of the estate."[9] *See* Fed. R. Bankr. P. 6007(b) ("a party in interest may file and serve a motion to require the *trustee or debtor* in possession to abandon *property of the estate*" (emphasis added)); 11 U.S.C. § 554(b) ("On request of a party in interest and after notice and a hearing, the court may order the *trustee* to abandon any *property of the estate*" (emphasis added)). Here, "[b]ecause the Bankruptcy Court confirmed the . . . Plan, the debtor's estate no longer exists." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 157 (3d Cir. 2004). Thus, Rule 6007 and Section 554(b) are inapplicable.

22. Ultimately, Mr. Nam's relief is expressly forbidden by the Plan, and he cannot point to any provisions of Plan, the FTX Recovery Trust's governing documents, or the Bankruptcy Code to support his request for relief. His Motion should, therefore, be denied.

---

[8] Mr. Nam's reference to a discussion about in-kind return of other tokens (Mot. ¶ 6) is misguided. That discussion was in the context of how to value the tokens in question for purposes of the Estimation Order and long before the Plan was confirmed. Here, the issues of both FTT valuation and treatment have been conclusively litigated and decided, and the Plan is effective. In any event, no in-kind return of any tokens was provided for in the Plan.

[9] Because Mr. Nam, a purported party in interest, is moving to force the FTX Recovery Trust to abandon FTT, the FTX Recovery Trust construes his motion as a motion under Bankruptcy Rule 6007(b) rather than Rule 6007(a), which Mr. Nam cites.

## **RESERVATION OF RIGHTS**

23. In filing this Objection, the FTX Recovery Trust has not waived any rights, and the FTX Recovery Trust expressly reserves all of its rights, powers, privileges and remedies under applicable law or otherwise with regards to Mr. Nam.  The FTX Recovery Trust may elect to exercise any or all of its rights, at its sole option without the necessity of any further notice, demand or other action on the part of Mr. Nam.  Nothing contained in this Objection or any delay by the FTX Recovery Trust in exercising any rights, powers, privileges and remedies under applicable law against Mr. Nam now existing or hereafter arising shall be construed as a waiver or modification of such rights, powers, privileges or remedies.

**CONCLUSION**

24. For the foregoing reasons, the FTX Recovery Trust respectfully requests that the Court deny the Motion with prejudice.

Dated: October 16, 2025
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Matthew R. Pierce
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:  landis@lrclaw.com
           brown@lrclaw.com
           pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  dietdericha@sullcrom.com
           bromleyj@sullcrom.com
           gluecksteinb@sullcrom.com
           kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*