# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>FTX TRADING LTD., et al.,<br>Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered) |

**MOTION OF A CREDITOR FOR ENTRY OF AN ORDER:**

**(I) DECLARING PLAN DISTRIBUTIONS ARE IN US DOLLARS;**

**(II) DIRECTING CORRECTION OF TRUST PROCEDURES; AND**

**(III) AWARDING ENHANCED DELAY INTEREST**

A creditor (the "Movant"), holding Claim No. 250707, hereby submits this motion (this "Motion") for entry of an order, in a pro se capacity, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and rule 3020(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's inherent powers, providing the relief described herein.

## I. Preliminary Statement

Movant brings this Motion to resolve two systemic issues in the implementation of the Confirmed Plan:

1. **Unreasonable Deferral of USD Payments:** The Trust's current procedures

risk unreasonable deferral of USD payments to creditors in so-called "Potentially Restricted Jurisdictions," despite the Trust's proven operational capacity to remit USD worldwide; and

2. **Uncompensated Delay Beyond Plan Interest:** These prolonged and unjustified delays have deprived creditors of timely recovery, frustrating the Plan's explicit promise of principal plus Plan interest, thereby warranting enhanced interest compensation in addition to the Plan-provided interest.

The Plan's Effective Date was January 3, 2025. Any delay beyond this date without lawful necessity requires equitable remedy: enhanced interest calculated on the sum of principal and Plan interest, accruing from the Initial Distribution Date until actual payment.

## II. USD Nature of the Distribution Obligation

### A. Plan Terms and Public Statement

1. The Confirmed Plan states that allowed customer claims are calculated and paid in United States Dollars, together with interest at the Plan rate.

2. The FTX Debtors' October 8, 2024 official press release (PR Newswire) stated: "The Plan provides for payment in full of allowed customer claims, together with interest…"

3. Nothing in the Plan authorizes mandatory crypto payment to any creditor absent affirmative consent.

### B. Selection of BitGo Trust Company, Inc. as Distribution Service Provider

4. BitGo Trust is registered with the U.S. Treasury's Financial Crimes Enforcement Network ("FinCEN") as a **Money Services Business (MSB)** and holds multiple

state money transmitter licenses.

5. Under U.S. law, MSB money-transmitter authority applies to fiat currency; cryptocurrency and stablecoins are **not** legal tender.

By selecting BitGo Trust as the Distribution Service Provider ("DSP"), the Trust operationally committed to USD transmission as the default settlement mode for Plan distributions.

### C. Demonstrated Operational Capability to Remit USD

6. In direct correspondence with Movant, BitGo confirmed it can remit USD to Movant's jurisdiction without legal or operational bar (see **Exhibit B-1**).

7. This confirmation directly refutes any generalized assertion that USD distribution to Movant's jurisdiction is legally or operational impracticable.

### III. Comparable Crypto Bankruptcy Practice

- **Mt.Gox** (Tokyo District Court & U.S. Chapter 15 proceedings): Distributed fiat-equivalent to international creditors, including those in previously restricted jurisdictions, by using compliant banking intermediaries.

- **Celsius Network** (S.D.N.Y., Case No. 22-10964): Successfully managed both fiat and cryptocurrency distributions pursuant to creditor elections, without indefinite withholding based solely on broad, unspecified "regulatory concerns."

- **Voyager Digital** (S.D.N.Y., Case No. 22-10943): Utilized U.S. banking wire transfers to remit USD-equivalent payments to creditors globally, demonstrating the viability of cross-border fiat distribution.

Should the Trust assert that material factual or legal distinctions exist that justify the current withholding of distributions, Movant respectfully requests that the Court order the Trust to file a sworn declaration within thirty (30) days specifically articulating those distinctions with supporting legal authority.

### IV. Enhanced Interest For Psot-initial Distribution Delay

Movant acknowledges that, pursuant to Article 4.2.1(d) and Article 4.2.2(c) of the Confirmed Second Amended Joint Chapter 11 Plan, Post-Petition Interest ("PPI") at the Consensus Rate will accrue on Allowed Convenience Class Claims for the period from the Petition Date (November 11, 2022) through the Initial Distribution Date. This PPI satisfies the Plan's obligation for statutory post-petition interest during that defined period.

However, the Plan's PPI provision does not address, compensate for, or contemplate further delays in distributing payments to creditors **after the Initial Distribution Date.** For creditors in "Potentially Restricted Jurisdictions," including Movant, additional delay in USD payment following the PPI coverage period results in uncompensated loss of the time-value of money and constitutes inequitable retention of creditor funds by the Trust.

Accordingly, Movant requests entry of an Order awarding Enhanced Delay Interest, **in addition to and not in lieu of PPI**, calculated as follows:

**Principal Amount:** The sum of (a) the Allowed Claim Amount, plus (b) the PPI amount accrued and payable under the Plan;

**Interest Period:** Commencing **the day immediately following the Initial Distribution Date applicable to Movant's claim** through the actual date USD

payment is received by Movant;

**Interest Rate:** An annual rate equal to the Federal Funds Rate in effect on the commencement date plus 300 basis points (3.00%), compounded monthly.

This Enhanced Delay Interest is sought as compensatory interest for the Trust's retention and use of creditor funds beyond the PPI coverage period and is necessary to restore Movant to the position Movant would have occupied had timely payment been made in accordance with the Plan. This remedy is legally and factually distinct from, and supplemental to, the Plan's PPI provision.

### V. Relief Requested

WHEREFORE, Movant respectfully requests that this Court enter an order:

1. **Declaring USD Distribution Obligation:** Confirming all Plan distributions must be made in USD unless a creditor affirmatively elects otherwise.

2. **Directing Procedural Corrections:** Directing the FTX Recovery Trust to promptly amend its distribution procedures to eliminate unjustified "Potentially Restricted Jurisdiction" withholding in circumstances where USD remittance is operationally and legally feasible;

3. **Requiring Factual Justification:** Ordering the Trust to file a sworn declaration within thirty (30) days detailing the specific factual and legal distinctions between the FTX distributions and the Mt. Gox, Celsius Network, and Voyager Digital distributions that justify any ongoing payment delays;

4. **Awarding Enhanced Delay Interest:** Awarding to Movant, in addition to the

Plan's PPI, Enhanced Delay Interest calculated on the sum of (a) the Allowed Claim Amount, plus (b) the PPI amount payable under the Plan, for the period commencing the day immediately following the Initial Distribution Date applicable to Movant's claim through the actual date USD payment is received by Movant, at an annual rate equal to the Federal Funds Rate in effect on such commencement date plus 300 basis points (3.00%), compounded monthly; and

     5.    **Additional Relief:** Granting any other and further relief as is just and proper.

Dated: August 16, 2025

Respectfully submitted,

*[signature]*

Weipeng Zhao

Creditor, Pro Se

Email: roczhao@outlook.com

Mailing Address: 469,yinxilu,jiutingzhen,songjiangqu,Shanghai,China

**EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>FTX TRADING LTD., et al.,<br>Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br>**Ref.No._** |

**ORDER GRANTING MOTION OF A CREDITOR FOR**

**(I) DECLARING PLAN DISTRIBUTIONS ARE IN US DOLLARS;**

**(II) DIRECTING CORRECTION OF TRUST PROCEDURES; AND**

**(III) AWARDING ENHANCED DELAY INTEREST**

Upon consideration of the Motion of A Creditor for Entry of an Order (I) Declaring Distributions Under the Confirmed Plan Are USD Transfers; (II) Directing Correction of Trust Distribution Procedures; and (III) Awarding Enhanced Delay Interest in addition to Plan-provided principal and interest (the "Motion") [Docket No. ___], and after due notice and opportunity for hearing, the Court finds and concludes that: (a) it has jurisdiction to grant the relief requested pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (c) the relief requested is necessary and appropriate to implement and enforce the Confirmed Plan pursuant to 11 U.S.C. §§ 105(a) and 1142(b), Bankruptcy Rule 3020(d), and this Court's retained jurisdiction; and (d) good cause exists for entry of this Order.

y

**IT IS HEREBY ORDERED THAT:**

1. **Grant of Motion** – The Motion is GRANTED as set forth herein.

2. **USD Nature of Distributions** – All creditor distributions under the Confirmed Plan shall be deemed United States Dollar (USD) wire transfers and not cryptocurrency transactions, unless an individual creditor has affirmatively elected, in writing, to receive an alternative currency.

3. **Correction of Distribution Procedures.** The FTX Recovery Trust shall promptly revise all distribution procedures to eliminate cryptocurrency-based compliance requirements and "restricted jurisdiction" barriers that are inconsistent with the USD nature of Plan distributions, except where a specific legal prohibition makes USD remittance impossible.

4. **Enhanced Delay Interest Award.** In addition to the Post-Petition Interest ("PPI") provided under Articles 4.2.1(d) and 4.2.2(c) of the Confirmed Second Amended Joint Chapter 11 Plan, the FTX Recovery Trust shall pay to Movant Enhanced Delay Interest calculated on (a) the full Allowed Amount of Movant's Convenience Class Claim, plus (b) the PPI amount payable to Movant under the Plan, for the period commencing the day immediately following the Initial Distribution Date applicable to Movant's claim through the actual date USD payment is received by Movant, at a rate per annum equal to the Federal Funds Rate in effect on the commencement date plus 300 basis points (3.00%), compounded monthly. Such Enhanced Delay Interest is

awarded as compensatory relief for post-Initial Distribution Date payment delay and is expressly not intended as, and shall not be construed as, a duplication of PPI.

5. **Monthly Progress Reports.** Until all creditor distributions under the Confirmed Plan are completed, the FTX Recovery Trust shall file with this Court, and serve on all parties on the service list, monthly status reports detailing: (a) total USD distributions made during the prior month; (b) the number and aggregate dollar amount of claims remaining unpaid; and (c) specific factual and legal reasons for any continued delays in distribution, organized by category of delay.

6. **Retention of Jurisdiction.** This Court shall retain exclusive jurisdiction to interpret, implement, and enforce this Order, including to adjudicate any disputes concerning compliance, the calculation or payment of Enhanced Delay Interest, and any further relief related to the matters addressed herein.

Dated: _____, 2025  
Wilmington, Delaware

_____  
HON. KAREN B. OWENS  
Chief United States Bankruptcy Judge

## EXHIBIT B – Supporting Evidence List

| Exhibit No. | Description | Source | Purpose |
|---|---|---|---|
| B-1 | Redacted BitGo email confirming USD remittance capability to Movant's jurisdiction | BitGo Trust Company | Show operational feasibility |
| B-2 | BitGo FinCEN MSB registration, state money transmitter licenses | FinCEN / States | Demonstrate USD legal authority |
| B-3 | Oct 8, 2024 PR Newswire announcement | FTX Debtors | Public representation |

**Exhibit No. B-1** Redacted BitGo email confirming USD remittance capability to Movant's jurisdiction

Outlook

**RE: FTX-Bitgo distribution issues [ thread::x964IxoiGzGmgiV7NyrTjCU:: ]**

发件人 BitGo Support <support@bitgo.com>
日期　周六 2025-05-10 01:23
收件人 roczhao@outlook.com <roczhao@outlook.com>

Hello,

Your account set up is complete.

So you are good to receive the distribution via your FTX BitGo account.

Best Regards,

Alocius R.
BitGo Technical Support


--------------- Original Message ---------------
**From:** zhao roc [roczhao@outlook.com]
**Sent:** 5/9/2025 9:19 AM
**To:** support@bitgo.com
**Subject:** FTX-Bitgo distribution issues

Hi Bitgo team,

I found out that FTX website is listing China ( my KYC jurisidiction) as not eligible for distribution. I asked FTX about this issue and they suggested that I turn to you to verifiy if China is eligible for FTX debt distribution.

Please also refer to the below Email with you stated that my FTX-BitGo account setup is finished and KYC verification approved.

It is very confusing to me.

Regards,

Roc

**Exhibit No. B-2** BitGo FinCEN MSB registration, state money transmitter licenses



# Financial Crimes Enforcement Network
# Department of the Treasury

MSB Registration Status Information

Date: 08/16/2025

Information contained on this transcript has been provided to FinCEN by the money services business registrant. FinCEN does not recommend, approve, or endorse any business that registers as a money services business. Any such claim and similar claims are false and may be part of a scam or attempt to deceive consumers.

The MSB Registrant Search Web page, which is updated on a weekly basis, contains entities that have registered as Money Services Businesses (MSBs) pursuant to the Bank Secrecy Act (BSA) regulations at 31 CFR 1022.380(a)-(f), administered by the Financial Crimes Enforcement Network (FinCEN).

Information contained on this site has been provided by the MSB registrant. FinCEN does not verify information submitted by the MSB. Information provided on this site reflects only what was provided directly to FinCEN. If an error or incomplete information is detected on this site, the registrant should follow the appropriate instructions for correcting a Registration of Money Services Business (RMSB) form.

MSB Registration Number: 31000292337298
Registration Type: Corrected Report, Re-registration
Legal Name: BitGo Trust Company, Inc.
DBA Name: BitGo; BitGo Financial Services, Inc.

Street Address: 6216 Pinnacle Place, Suite #101
City: Sioux Falls
State: SOUTH DAKOTA
Zip: 57108

MSB Activities:
    Money transmitter
States of MSB Activities:
    Alabama, Alaska, American Samoa, Arizona, California, Colorado, Connecticut, Delaware, District Of Columbia, Florida,
    Georgia, Guam, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana,
    Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada,
    New Hampshire, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Palau, Pennsylvania,
    Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Virgin Islands, US, Washington,
    West Virginia, Wisconsin, Wyoming
All States & Territories & Foreign Flag:

Number of Branches: 0
Authorized Signature Date: 02/07/2025
Received Date: 02/07/2025

**Exhibit No. B-3** Oct 8, 2024 PR Newswire announcement

https://www.prnewswire.com/news-releases/ftx-receives-us-bankruptcy-court-confirmation-of-its-plan-of-reorganization-302269152.html

## FTX Receives U.S. Bankruptcy Court Confirmation of its Plan of Reorganization


**FTX**

NEWS PROVIDED BY
**FTX →**
Oct 07, 2024, 15:30 ET

WILMINGTON, Del, Oct. 7, 2024 /PRNewswire/ -- FTX Trading Ltd. (d.b.a. FTX.com) and its affiliated debtors ("FTX" or the "Debtors") today announced that the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court" or the "Court") has confirmed FTX's Plan of Reorganization (the "Plan"), less than two years after its historic bankruptcy filing.

Under the terms of the Plan, 98% of the creditors of FTX by number will receive approximately 119% of the amount of their allowed claims within 60 days after the effective date of the Plan, subject to know-your-customer and other distribution requirements. FTX projects that the total value of property collected, converted to cash and available for distribution will be between $14.7 billion and $16.5 billion. This amount includes assets under the control of the chapter 11 Debtors as well as assets under the control of the Joint Official Liquidators of FTX Digital Markets, Ltd. (Bahamas), the Administrators of FTX Australia, the United States Department of Justice and dozens of private parties that have cooperated in the recovery efforts. The Debtors will separately announce in due course the Plan's effective date and estimated first distribution date.

John J. Ray III, Chief Executive Officer and Chief Restructuring Officer of FTX, said: "The Court's confirmation of our Plan is a significant milestone on our pathway to distributing cash to customers and creditors. Today's achievement is only possible because of the experience and tireless work of the team of professionals supporting this case, who have recovered billions of dollars

by rebuilding FTX's books from the ground up and from there marshaling assets from around the globe. It also reflects the strong collaboration we have had with governments and agencies from around the world that share our goal of mitigating the wrongdoings of the FTX insiders."

Mr. Ray added: "Looking ahead, we are poised to return 100% of bankruptcy claim amounts plus interest for non-governmental creditors through what will be the largest and most complex bankruptcy estate asset distribution in history. The estate is working to finalize arrangements to make distributions to creditors across more than 200 jurisdictions around the world. In preparation for this process, we are finalizing agreements to retain specialized agents to assist us in getting recoveries to customers around the world as safely and expeditiously as possible. I want to thank all customers and creditors of FTX for their patience throughout this process."

Bankruptcy Court filings, including the Plan, and other documents related to the Court proceedings are available at **https://cases.ra.kroll.com/FTX/**.

**EXHIBIT C – Comparison Table: FTX vs. Comparable Cases**

| Feature | FTX Recovery Trust | Mt.Gox | Celsius Network | Voyager Digital |
|---|---|---|---|---|
| DSP / Payment Processor | BitGo Trust – MSB (fiat-licensed) | Japanese trustee + banks | Approved U.S. fiat/crypto processors | U.S. banks / processors |
| Currency Promise | USD in Plan | Fiat Yen/USD eq. | USD eq./crypto per election | USD eq./crypto |
| Jurisdiction Holds | 49 "Potentially Restricted" indefinite list | Targeted, no indefinite holds | Targeted, no indefinite holds | No indefinite holds |
| Delay Interest | Only Plan interest | Paid per court ruling | Some interest remedies | Interest per agreements |
| Regulatory Rationale | Broad, unspecific | Specific, narrow | Specific, narrow | N/A; bank compliance |

Weipeng Zhao
469,yinxilu,jiutingzhen,songjiangqu,Shanghai,China
roczhao@outlook.com
Oct 8,2025

To:United States Bankruptcy Court

Attn: Clerk of the Court

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

Re: Objection to FTX Recovery Trust's Motion to Implement Restricted Jurisdiction Procedures — Case No. 22-11068 (KBO)

