**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FTX TRADING LTD., *et al.*,[1] | ) Case No. 22-11068 (KBO) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |
| | ) |
| | ) Re: D.I. Nos. 32606, 33135 |

**KIHYUK NAM'S REPLY IN SUPPORT OF MOTION FOR (I) STATUS
CONFERENCE AND LIMITED ADMINISTRATIVE RELIEF REGARDING
DISPOSITION OF FTT**

Movant KIHYUK NAM, respectfully submits this Reply to the FTX Recovery Trust's

objection [D.I. 33135] to Movant's Motion [D.I. 32606]. Movant further narrows and clarifies

the requested relief, responds to the Trust's arguments on res judicata/Plan compliance and

divestiture during appeal, and explains why a one-time, FTT-only, non-precedential,

information-only step falls within the Court's retained, post-confirmation oversight.

Movant seeks this narrow, non-evidentiary information solely to evaluate and, if

necessary, prepare appropriately framed relief in the appropriate court. The Court's role here is

limited to post-confirmation administrative oversight and reporting.[2] The Plan and Trust

documents likewise include post-confirmation reporting and cooperation mechanisms for plan

administration (e.g., periodic reporting; good-faith consultation with, and provision of

---

[1] Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors may be
obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] See 11 U.S.C. §§ 1142(b), 105(a); Plan (D.I. 26404-1) § 12 (Retention of Jurisdiction); Confirmation Order
(D.I. 26404) ¶¶ 88, 132.

materials/reports to, the Advisory Committee).[3]

## PRELIMINARY STATEMENT

1.      Movant does not seek to modify the Plan, to revisit valuation/classification of FTT, or to obtain any distribution or abandonment of FTT. To remove any doubt, Movant withdraws, without prejudice, the Motion's references to § 554(b)/Bankruptcy Rule 6007 and any preservation/injunctive-style relief.

2.      Under the requested procedure, no one receives property, and no property transfers occur. Distributions, the waterfall, and class treatment do not change. No injunction is sought. Movant seeks only a brief, non-evidentiary administrative explanation that does not touch Plan economics or any issue on appeal.

3.      The sole relief now sought is an "information-only" step applicable only to FTT, with no precedential effect and no impact on Plan economics, distributions, reserves, or class treatment, and limited to U.S. Trust-controlled holdings. Specifically, within 30 days, the Trust would submit a short letter (5–10 pages) that:

    (i)    identifies the specific Plan/Confirmation/Trust provisions the Trust contends categorically bar any voluntary, non-distribution, administrative concept (with the text quoted and brief analysis);

    (ii)    summarizes, at a high level, the administrative considerations the Trust relies on (operational steps, whether any material costs would be incurred, and applicable compliance checkpoints); no declaration, expert report, or vendor engagement is required;

---

[3] See Plan § 3.5 (UST Form 11-PCR post-confirmation reporting); Liquidating Trust Agreement (Plan Supplement, D.I. 22163, Ex. 2) § 7.5 (periodic reporting) and § 6.2(a), (b) (good-faith consultation and provision of board materials/reports to the Advisory Committee); Plan Administration Agreement (D.I. 22163, Ex. 1) § 2. See also Plan § 5.20 and Confirmation Order ¶ 97 (Advisory Committee consultation and access).

(iii)  permit Movant to submit a short counter letter within 14 days; and the Court would hold a brief, non-evidentiary status conference for targeted questions only.

4.      The information is sought solely to allow Movant to evaluate and, if warranted, prepare any appropriately framed injunctive or other appropriate relief in the appropriate forum; no such relief is sought here.

5.      Movant stipulates that he will not cite or rely on such letter in the pending appeal.

6.      If the Court prefers an even lighter approach, Movant alternatively requests: a brief, non-evidentiary status conference at which Trust counsel would make an on-the-record proffer of the Trust's present administrative position (with no paper required).

7.      Movant has also taken concrete steps to resolve this administratively. On October 17, 2025, Movant sent a non-Rule 408 administrative information request email to counsel for the Trust requesting precisely the short 5–10-page letter described herein and offering to meet and confer. Later that day, Movant attempted to confer by phone with counsel for the Trust, but the call ended before any discussion could occur. Movant remains available to confer at counsel's convenience. As of filing, no substantive response has been received.

## ARGUMENT

## I. TRANSPARENCY AND BASIC FAIRNESS — A NARROW, NON-EVIDENTIARY STEP IS WARRANTED

8.      For Class 17 (FTT Claims and Interests), the Plan provides a zero recovery. Many FTT holders are overseas, non-English-speaking, and ordinary individuals who faced high practical barriers to notice, understanding, and participation. Movant does not ask the Court to modify the Plan or direct any distribution. But where an entire class is left with a

"zero-outcome," basic transparency is appropriate: a single, short, non-evidentiary explanation of why the Trust contends that even a voluntary, non-distribution administrative concept cannot be considered.

9.      What Movant seeks is modest and tightly cabined. Within 30 days, the Trust would submit a brief letter that identifies the specific provisions the Trust contends categorically foreclose any voluntary, non-distribution administrative concept, and summarizes, at a high level, the administrative considerations on which it relies (what steps would be involved, whether any material costs would be incurred, and what compliance checkpoints, if any, would be implicated). No declaration, expert report, or vendor engagement is required. Movant stipulates he will not cite or rely on any such letter in the pending appeal. After that, the Court would hold a brief status conference for targeted questions only.

10.      This minimal step imposes little burden and does not entangle the appeal. Perspective on "burden" also matters: preparing a 5–10-page letter and appearing for a short conference is plainly less costly than litigating the Objection itself. A concise administrative explanation is therefore the more economical path.

11.      Crucially, this request is expressly limited: FTT-only; non-precedential; confined to U.S. Trust-controlled holdings; no property transfers; no injunction; no change to distributions, the waterfall, or class treatment. Within those guardrails, a one-time, non-evidentiary explanation advances basic fairness to a zero-recovery class and serves judicial economy by reducing misunderstandings and needless satellite disputes, while remaining well within this Court's post-confirmation oversight to carry out the plan. Movant is not seeking a discovery-style exercise; he is asking the Court to require only the post-confirmation reporting that Plan § 12 and the Trust Agreement already contemplate, after the Trust did not substantively respond to Movant's multiple good-faith outreach efforts, including his most recent non-Rule 408 administrative request.

## II. RES JUDICATA / PLAN COMPLIANCE — THE INFORMATION-ONLY REQUEST DOES NOT CHANGE CLASS 17 TREATMENT AND FITS WITHIN POST-CONFIRMATION OVERSIGHT

12.     The Trust argues that the Plan already definitively governs the treatment of Class 17 and that any request to "touch" it is a collateral attack. But the provisions it cites— Plan (D.I. 26404-1) §§ 4.3.27(b), 5.2(f)—govern the treatment of "FTT Claims and Interests," i.e., cancellation and no distribution "on account of" such interests. They do not prescribe how the Trust must administratively handle Trust-held FTT (e.g., hold, retire, consider administrative alternatives), nor do they forbid the Court from asking the Trust to identify the exact Plan/Confirmation/Trust text it believes categorically forecloses any voluntary, non-distribution administrative concept, or to summarize—at a high level—the administrative considerations the Trust invokes.[4]

13.     Movant is not seeking to change treatment. Before the Trust continues to rely on conclusory refrains ("impossible/burdensome/compliance"), Movant asks only that the Trust set out those assertions once in concrete terms. That is the modest transparency step Movant requests—a short letter followed by a brief status conference for targeted questions. No property is transferred; no distribution/abandonment is ordered; no Plan term is modified.

14.     The Trust also asserts that even requesting a short administrative explanation "would fundamentally change the treatment of any Allowed Class 17 Claims." How? A short letter and a brief status conference do not transfer property, do not alter the waterfall or class treatment, and do not modify the Plan. The Trust identifies no Plan provision that prohibits such a basic explanation.

15.     Notably, the Trust now describes FTT as "FTX Trading's now-defunct utility

---

[4]  See Confirmation Order ¶ 20 (D.I. 26404).

token." (Obj. ¶1). Movant does not re-litigate labels, valuation, or classification. The point is narrower: in the Estimation record, Dr. Howell grouped FTT with the "FTX Equity and FTT Discounts" and applied a 100% discount to arrive at $0, based on assumptions that there would be no operating exchange post-effective date and that equity would not recover.[5] That 100% "FTX Equity and FTT Discounts" bucket was unique to the FTX equity/FTT grouping; all other digital assets were evaluated under the same liquidation/DLOM frameworks, not that special 100% bucket. It was also an economic conclusion, not an administrative-impossibility finding. If the Trust now prefers to describe FTT simply as a utility token, it is all the more reasonable to ask—once—what specific Plan/Order text allegedly forecloses any voluntary,

non-distribution administrative concept and to summarize, at a high level, the administrative considerations it invokes. Nothing in Plan §§ 4.3.27(b), 5.2(f), the Confirmation Order, or the Trust Agreement's reporting/cooperation provisions forbids the Court from requiring a short administrative explanation.

      16.    Further, the Estimation Order's $0 for FTT (¶ 2) was a distribution-purpose valuation based on economic premises (no operating exchange; equity-like), with express reservations regarding FTT classification/valuation (¶¶ 6–7) and securities matters (¶ 10). It was not a finding that any voluntary, non-distribution administrative concept is operationally or regulatory-wise infeasible at any cost. The Trust's rationale is a different layer; asking the Trust to identify the exact provisions it relies on and to summarize administrative considerations at a high level is fair and reasonable.

### III. DIVESTITURE (APPEAL PENDING) — A NARROW, NON-EVIDENTIARY,

---

[5] See Howell Report [D.I. 5203-1] ¶¶ 85–87 & Ex. 5; id. ¶¶ 42–44 (describing FTT as an exchange utility token).

**INFORMATION-ONLY STEP DOES NOT INTRUDE ON THE APPEAL**

17.     The Trust argues that the pending appeal divests this Court of jurisdiction. The appeal, however, places the merits of FTT treatment/valuation (and, in the alternative, whether any in-kind concept could ever be permitted) before the appellate courts. This Motion does not ask this Court to decide those merits, to modify or enforce the Plan or Confirmation Order in a way that affects the appeal, or to create an evidentiary record for use on appeal. Movant seeks only a post-confirmation administrative step. This minimal step is sought only to prepare, if warranted, appropriately framed relief in the appropriate forum; it is not to affect the appeal or to create an appellate record. Movant stipulates he will not cite or rely on any such letter in the pending appeal.

18.     This limited, non-evidentiary step does not alter "those aspects of the case involved in the appeal." No property changes hands; no Plan term is modified or enforced in a manner that would affect appellate issues; no evidentiary record is created for use on appeal. It is simply a basic, administrative explanation within the Court's retained, post-confirmation oversight, bounded by express guardrails set out supra ¶3.

19.     There is also a practical fairness concern. In the appellate court, the Trust urges that certain concepts were "not preserved below"; here, the Trust urges that, because an appeal is pending, even a short administrative explanation cannot be requested. That procedural whipsaw leaves no forum in which the Trust's "impossible/burdensome" position is ever set out with precise Plan/Order citations and basic administrative terms. The narrow, non-evidentiary step requested here fills that gap without touching the merits. And if the Court views even a short letter as too close to the appeal, Movant's fallback is narrower still: a brief status conference at which Trust counsel makes an on-the-record proffer of its present administrative position, with no paper required.

## IV. SELECTED POINT-BY-POINT RESPONSES TO THE TRUST'S OBJECTION

20.        Collateral attack / res judicata (Obj. ¶¶ 1–6, 19–22). As narrowed, the Motion does not seek any distribution, abandonment, injunction, or Plan modification. It does not ask the Court to revisit Class 17 treatment. Plan (D.I. 26404-1) §§ 4.3.27(b), 5.2(f) govern cancellation and no distribution "on account of" FTT claims and interests; they do not bar the Court from requesting a short administrative explanation identifying the precise Plan/Confirmation/Trust text the Trust relies upon and summarizing, at a high level, the administrative considerations it invokes. Treatment and basic administrative transparency are distinct. Given Movant's narrowing and the Trust's non-responsiveness to multiple information requests, compelling a short administrative explanation falls comfortably within post-confirmation oversight and any reporting/cooperation duties under the Trust Agreement.

21.        The Objection asserts that even asking for a short administrative explanation "would fundamentally change the treatment of any Allowed Class 17 Claims." (Obj. ¶3). A short letter and a brief status conference do not transfer property, do not alter the waterfall or class treatment, and do not modify the Plan. The Trust identifies no Plan provision that forbids such a basic explanation.

22.        Estimation Order / definitions (Obj. ¶¶ 7–9). The Estimation Order's $0 for FTT (¶ 2) is a distribution-purpose valuation based on economic premises (with express reservations at ¶¶ 6–7 and 10). It is not an administrative-impossibility finding. The Plan's definitional provisions likewise do not convert an information-only request into a de facto distribution.

23.        The Trust itself now describes FTT as "FTX Trading's now-defunct utility token," not "equity-like." (Obj. ¶1). Movant does not re-litigate labels, but that self-description underscores that the administrative considerations (if any) at issue are distinct from equity

distribution questions—and can be addressed in a short, non-evidentiary way without touching treatment.

24.     Administrative burden / cost. Perspective on "burden" matters: preparing a five-to-ten-page letter and attending a short conference is plainly less costly than litigating this Objection—yet the Trust chose the latter. A minimal, non-evidentiary explanation is therefore the more economical path, and squarely consistent with post-confirmation oversight.

25.     Divestiture during appeal (Obj. ¶¶ 16–18). The narrowed relief is non-evidentiary and administrative. It neither decides nor alters any issue on appeal; no property changes hands; no Plan term is modified or enforced in a way that touches appellate issues. If the Court prefers, Movant is willing to proceed by an on-the-record proffer in lieu of a letter.

26.     Abandonment / § 554(b) (Obj. ¶¶ 21–22). Movant has withdrawn any references to § 554(b) and Rule 6007. To the extent the Trust invokes "burdensome" or "little value" language to justify inaction, that framing, if anything, reinforces why a minimal explanation is appropriate; it does not bar the Court from asking what specific provision or administrative factor supposedly forecloses even a voluntary, non-distribution concept.

27.     Rhetoric ("mislead the Court"). The Objection's rhetoric is unwarranted given Movant's narrowing: no distribution, no abandonment, no injunction, no Plan modification— only a short, administrative explanation within the Court's retained post-confirmation oversight.

28.     Certification of Conference. On Oct. 17, 2025, Movant emailed counsel for the Trust a non-Rule 408 administrative information request and offered to meet and confer; later that day he attempted to confer by phone with counsel for the Trust, but the call ended before any discussion could occur. Movant remains available to confer; no substantive response has been received as of filing.

**WHEREFORE,** for the reasons set forth herein, Movant KIHYUK NAM respectfully requests that the Court:

(i)     overrule the Objection to the extent it asserts that res judicata/Plan compliance or divestiture bars a one-time, FTT-only, non-precedential, non-evidentiary information step;

(ii)    direct the Trust, within 30 days, to submit a short letter identifying the specific Plan/Confirmation/Trust provisions it contends categorically foreclose any voluntary, non-distribution administrative concept and summarizing, at a high level, the administrative considerations it invokes (operational steps, whether any material costs would be incurred, and applicable compliance checkpoints);

(iii)   permit Movant to submit a short counter letter within 14 days; and the Court would hold a brief, non-evidentiary status conference for targeted questions only. In the alternative, if the Court prefers, Movant requests only a brief status conference at which Trust counsel may make an on-the-record proffer of the Trust's present administrative position (with no paper required).

If the Court is nonetheless inclined to deny, Movant respectfully requests a denial without prejudice on divestiture grounds only.

Dated:   October 20, 2025
         Incheon, South Korea

Respectfully submitted,

**KIHYUK NAM**

/s/ *Kihyuk Nam*
Kihyuk Nam
107 Haedoji-ro, Building 2, 2404
Yeonsu-gu, Incheon 21997
South Korea
Telephone: (+82) 10-2914-4866
Facsimile: (+82) 508-911-8431
E-mail: kihyuknam@hanyang.ac.kr

10

## CERTIFICATE OF SERVICE

I certify that on October 20, 2025, I caused a true and correct copy of the foregoing Reply to be served by email on counsel for the FTX Recovery Trust and on the Office of the United States Trustee.

Dated:   October 20, 2025
         Incheon, South Korea

Respectfully submitted,

**KIHYUK NAM**

/s/ *Kihyuk Nam*
Kihyuk Nam
107 Haedoji-ro, Building 2, 2404
Yeonsu-gu, Incheon
21997 South Korea
Telephone: (+82) 10-2914-4866
Facsimile: (+82) 508-911-8431
E-mail: kihyuknam@hanyang.ac.kr

1