**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 31148, 31559 & 32720 |

**FTX RECOVERY TRUST'S STATUS UPDATE ON
MOTION TO IMPLEMENT THE RESTRICTED JURISDICTION PROCEDURES IN
POTENTIALLY RESTRICTED FOREIGN JURISDICTIONS AND
OMNIBUS RESPONSE TO RELATED MOTIONS AND FILINGS**

The FTX Recovery Trust[2] hereby submits this status update on the *Motion of the FTX Recovery Trust to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions* [D.I. 31148] (the "Motion")[3] and omnibus reply (the "Reply") in response to the related objections, motions and other pleadings filed after the July 22, 2025 hearing on the Motion (collectively, the "Responses").[4]

**PRELIMINARY STATEMENT**

1. As the Court recognized at the July 22, 2025 hearing (the "Hearing"), there is a need for the Restricted Jurisdiction Procedures and the FTX Recovery Trust seeks to establish a transparent process designed to provide due process to the affected creditors with Court

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1] (the "Plan").

[3] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

[4] In addition to the docketed Objections, counsel to the FTX Recovery Trust also received additional unfiled Objections that overlap with the filed Objections and are thus addressed through the responses set forth in the Reply.

oversight. (July 22, 2025 Hr'g Tr. 85:10-13.) The FTX Recovery Trust has spent significant time since the Hearing considering how best to enhance its initial proposal in order to further those objectives to ensure a process that is fair and efficient for the Court and all interested parties, and will provide clarity to any impacted Claim Holders. Attached as <u>Exhibit A</u> is an updated proposed order containing revised Restricted Jurisdiction Procedures (the "<u>Revised Restricted Jurisdiction Procedures</u>") approving the procedural relief requested in the Motion. The Revised Restricted Jurisdiction Procedures address this Court's comments expressed at the Hearing, and make other changes to streamline and ensure both fairness and efficiency in the event the FTX Recovery Trust seeks to designate any jurisdiction as a Restricted Foreign Jurisdiction. Attached as <u>Exhibit B</u> is a visual flow chart and Q&A to aid both the Court and stakeholders in considering the Revised Restricted Jurisdiction Procedures.

    2.  Among other revisions, the Revised Restricted Jurisdiction Procedures (i) clarify the contents of the Restricted Jurisdiction Notice and process to determine if a jurisdiction will be designated a Restricted Foreign Jurisdiction; (ii) make clear that a Holder of a Claim confirmed to be a resident of a Restricted Foreign Jurisdiction may in good faith seek to re-submit its KYC and other Pre-Distribution Information for recertification of Section 7.14 of the Plan due to a change in circumstances such as a change in residency; (iii) ensure that any affected Distribution shall be held and reserved for a period of 180 days prior to being forfeit and revested in the FTX Recovery Trust; (iv) provide the Court the option to elect to refer to a Special Master for resolution and recommendation whether a jurisdiction should be designated a Restricted Foreign Jurisdiction or in the event an individual creditor challenges the FTX Recovery Trust's conclusion that a Holder resides in a Restricted Foreign Jurisdiction based on the Holder's KYC

Information or other information submitted in satisfaction of the Pre-Distribution Requirements under the Plan; and (v) clarify the effect of selling a Claim.

3. The FTX Recovery Trust respectfully submits that the Revised Restricted Jurisdiction Procedures are responsive to the Court's comments at the Hearing and strike the appropriate balance between ensuring that creditors receive Distributions under the Plan where possible, while minimizing the risk that the FTX Recovery Trust and its agents violate applicable law.

4. The FTX Recovery Trust has received numerous Responses submitted since the Hearing relating in various ways to the Motion. Most of the Responses are repetitive of earlier objections addressed at the Hearing or in the *FTX Recovery Trust's Omnibus Reply in Support of Motion to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions* (the "Original Reply") [D.I. 31559], go beyond the scope of Motion, and argue against the designation of China as a Restricted Foreign Jurisdiction—which has not at this time been proposed and is not a ripe issue before the Court. The remaining Responses raise and seek relief concerning claims administration or distribution issues that are inconsistent with the confirmed Plan and the Court's Confirmation Order.

5. As discussed at length at the Hearing, the Motion only requests to establish procedures of how to handle situations where the FTX Recovery Trust has bona fide concerns about being able to make Distributions to Holders of Claims resident in Potentially Restricted Foreign Jurisdictions. The proposed procedures do not seek at this time to designate any jurisdiction as a Restricted Foreign Jurisdiction or to alter any Distribution. The Revised Restricted Jurisdiction Procedures operate within the framework and confines of the confirmed

-3-

Plan's comprehensive process for collecting KYC Information and reconciling, objecting to, and adjudicating Claims.

6. Moreover, a number of the Responses are seeking to compel the FTX Recovery Trust to provide specific feedback on a claim-by-claim basis and, absent such feedback, to allow such holders' claims. These claimants plainly ignore the carefully constructed framework that was established in the Plan for claims reconciliation and distributions. The Claimants do not—and cannot—cite a single decision or court order where a court in this district has permitted a creditor to jump the line and circumvent the plain language of a plan. Moreover, a number of claimants seek clarification or request relief that is directly contrary to the Plan and this Court's prior orders. The FTX Recovery Trust submits that all of these requests are inconsistent with the confirmed Plan and should be denied. The Responses should be overruled and the Revised Restricted Jurisdiction Procedures should be approved.

**REPLY**

**I.   Mr. Ji and Other Claimants Lack Standing to Pursue Any of His Responses.**

7. Contrary to the various objecting claimants' assertions, the FTX Recovery Trust is actively administering, reconciling, and where applicable, allowing claims. In fact, the FTX Recovery Trust has allowed, and made distributions on account of, the claims of a number of the objecting claimants. These include, but are not limited to, Weiwei Ji (claim number 37373, D.I. 31287, 31344, 31446, 31447, 31466, 32230, 32269, 32271 and 32434), Shirong Wang (claim number 38517, D.I. 32231, 32449 and 32945), Yufu Ma (customer ID number 06718517, D.I. 32290), Lin Kaikai (customer ID number 4297923, D.I. 32440) and Lap Sun Lam (customer ID number 00749579, D.I. 32672).

8. With respect to Mr. Ji, the Court should not permit a single creditor, especially one whose claim has been Allowed and has received a distribution on account of such

claim, to hijack these proceedings and drain the resources of this Court and the FTX Recovery Trust by filing motions *in seriatim* repeating arguments that have already been addressed at length. He has filed no fewer than nine pleadings with this Court, was heard twice at the Hearing and was represented by counsel who filed a separate objection to the Motion and argued that objection at the Hearing.[5] Additionally, it seems as though Mr. Ji has been campaigning other similarly-situated creditors to follow suit—many of these Responses are in the form of "joinders" to Mr. Ji's *Motion for Clarification Regarding the Currency Nature of Creditor Distributions under the Confirmed Plan* [D.I. 32230].

9. Mr. Ji also alleges in various pleadings that he represents a number of creditors and, at different times, that he holds three or four claims. *See* D.I. 32434 ¶ 1 (noting that Mr. Ji is the holder of three claims) and D.I. 31287 at 2. However, none of this is true. None of these creditors are represented by Mr. Ji and there is only one claim in Mr. Ji's name—Allowed Claim number 37373. Any other claims that he alleges he holds are not held directly by Mr. Ji. *See* D.I. 31446 ¶ 2 (noting that Mr. Ji's family members and/or their affiliated entities hold the other claims); D.I. 31287 at 2 (noting that Mr. Ji's family collectively holds 4 claims).

10. Accordingly, Mr. Ji lacks standing to pursue relief in connection with the Motion. His sole claim has been Allowed, and he has received a Distribution on account of such Claim. Therefore, the Revised Restricted Jurisdiction Procedures do not apply, or otherwise impact, him.[6] Bankruptcy standing is "its own particular breed of standing" and requires a

---

[5] Mr. Ji's counsel purport to represent him, but Mr. Ji continues to file pleadings and to reach out to counsel to the FTX Recovery Trust *pro se*. Mr. Ji should not be permitted to have two bites at the apple by representing himself while also having counsel represent him.

[6] Additionally, Mr. Ji resides in Singapore, which is not listed as a "Potentially Restricted Foreign Jurisdiction," and, as the FTX Recovery Trust previously explained in the Original Reply, because "Singapore (Mr. Ji's residence) is not currently a Potentially Restricted Foreign Jurisdiction, nothing in the Motion directly or adversely implicates Mr. Ji's rights or interests." (Original Reply ¶ 32.) Mr. Ji also attempts to manufacture

"statement of or identification of a pecuniary or an economic or property interest before [the] court that is susceptible to redress and as to which parties should be able and afforded an opportunity to address the Bankruptcy Court." *See In re Vantage Drilling Int'l*, 603 B.R. 538, 545 (D. Del. 2019). Courts have long held that "[t]he test to determine whether an entity is a party in interest is 'whether the prospective party in interest has a sufficient stake in the outcome of the proceeding so as to require representation.'" *In re Stone & Webster, Inc.*, 373 B.R. 353 (Bankr. D. Del. 2007) at 361 (quoting *In re Torrez,* 132 B.R. 924, 934 (Bankr. D. Cal. 1991)). Having received a distribution on account of his sole Allowed claim, Mr. Ji lacks such a "sufficient stake" with respect to the Motion. The same is true for all the other claimants who have had their claims Allowed and have received a distribution on account of such claims. Accordingly, Mr. Ji and these other claimants have no standing, and should not be heard, with respect to the Motion and their related Responses.

11.    Moreover, Mr. Ji cannot assert standing on behalf of others—his family, an associated entity or other claimants who are impacted by the Revised Restricted Jurisdiction Procedures. *First*, he fails the test for third-party standing with respect to his family members which requires the satisfaction of three preconditions: (i) the movant must suffer injury; (ii) the movant and the third party must have a "close relationship"; and (iii) the third party must face some obstacles that prevent it from pursuing its own claims. *Campbell* v. *Louisiana,* 523 U.S. 392, 397 (1998); *Powers* v. *Ohio,* 499 U.S. 400, 411 (1991); *The Pitt News* v. *Fisher,* 215 F.3d 354, 362 (3d Cir. 2000). *Second*, with respect to the associated entity, Mr. Ji cannot represent the entity *pro se*. Regardless of Mr. Ji's relationship with the entity, the entity may only appear

---

standing by arguing that he may be subject to the Restricted Jurisdiction Procedures because he possesses a Chinese passport. (D.I. 31446 ¶ 3.) But, the Motion is clear that the procedures only apply to creditors residing in Potentially Restricted Foreign Jurisdictions as confirmed through the Plan's pre-distribution requirements. (Mot. ¶ 13(c)(ii).)

"through licensed counsel." *Rowland* v. *California Men's Colony*, 506 U.S. 194, 201-02 (1993). *Third*, Mr. Ji is not counsel to the other claimants who he purports to represent and, therefore, cannot assert their rights. *See In re AIO US, Inc.* 2025 WL 1617477 at 9 (Bankr. D. Del. June 6, 2025) ("the case law on party-in-interest standing under § 1109(b) limits an objector to asserting its own rights—it may not assert the rights of others."). Therefore, Mr. Ji has no standing to appear on behalf of any of these parties either and should not be heard with respect to the Motion or his related Responses in hinderance of proceedings before the Court.

**II.    The Revised Restricted Jurisdiction Procedures Address All Administrative Issues.**

12.    A number of the Responses raise issues regarding the form and type of distributions claimants will receive on account of their Allowed claims. Nothing in the Revised Restricted Jurisdiction Procedures purport to alter any of the allowance or distribution mechanics set forth in the confirmed Plan. As set forth in section 4.3.6 of the Plan, all holders of Allowed Dotcom Customer Entitlement Claims shall "receive a payment *in Cash* . . . ." Plan § 4.3.6 (emphasis added). Payment in-kind on such Claims is not provided for in the confirmed Plan.

13.    Additionally, contrary to Mr. Ji and other claimants' assertions, payment in cash does not address the concerns the FTX Recovery Trust has regarding potential liability with making distributions in the Potentially Restricted Foreign Jurisdictions. The concerns arise out of the fact that the distributions are made *on account* of claims based on cryptocurrency, not that the distributions themselves are in cryptocurrency. In any event, to the extent that these claimants disagree, in accordance with the Revised Restricted Jurisdiction Procedures, they will all have the opportunity to respond to any proposed designation of a Potentially Restricted Foreign Jurisdiction by the FTX Recovery Trust at the appropriate time following the filing and service of a Restricted Jurisdiction Notice. (Revised Restricted Jurisdiction Procedures ¶ 2(d)(ii).)

14. Furthermore, contrary to claimant Shirong Wang's assertions [D.I. 32945], allowance of, and distribution on account of, Class 5A Dotcom Customer Entitlement Claims does not immediately entitle the holder to receive payment in full plus postpetition interest. All Distributions on account of Allowed claims, including Allowed Class 5A Dotcom Customer Entitlement Claims, are made in accordance with the waterfall priorities set forth in section 4.2 of the Plan. As detailed in the FTX Recovery Trust's press release relating to the September 30, 2025 distribution, in accordance with the Plan waterfalls, the cumulative distribution to date for Allowed Class 5A Dotcom Customer Entitlement Claims is 78%.[7] There is simply no basis for Shirong Wang or any other claimant to receive payment in full plus postpetition interest immediately in contravention to the Plan.

### III. The Motion is Procedural and Does Not Disallow Claims.

15. A large number of Responses repeatedly and mistakenly argue that the Motion itself designates China as a Restricted Foreign Jurisdiction and disallows claims or forfeits distributions. These arguments continue to misstate the relief sought in the Motion. The FTX Recovery Trust has made no such determinations, taken any position or expressed any substantive views on the permissibility of distributions in any jurisdiction. The Revised Restricted Jurisdiction Procedures do not seek to designate China, or any other jurisdiction, as a Restricted Foreign Jurisdiction, nor does it affect the allowance of any claim or any individual creditor's distributions. These issues were not before the Court at the Hearing and are not before the Court now.

---

[7] *See FTX Recovery Trust to Distribute Approximately $1.6 Billion to Creditors in Third Distribution on September 30, 2025*, (FTX Recovery Trust press release, Sept. 19, 2025), available at https://www.prnewswire.com/news-releases/ftx-recovery-trust-to-distribute-approximately-1-6-billion-to-creditors-in-third-distribution-on-september-30--2025--302561856.htmlX Recovery Trust to Distribute Approximately $1.6 Billion to Creditors in Third Distribution on September 30, 2025.

16. The Revised Restricted Jurisdiction Procedures are designed to create a transparent, Court-supervised process to ensure that the FTX Recovery Trust lawfully makes distributions pursuant to the Plan.  If the FTX Recovery Trust cannot obtain an Acceptable Opinion confirming that distributions into a given jurisdiction may be made without violating local law, then the FTX Recovery Trust will (i) provide notice to affected creditors, (ii) give affected creditors at least 45 days to object, (iii) in the event of any objection, file a proposed scheduling order including a hearing date, to govern the litigation, and (iv) at its own cost, ensure that a court certified interpreter is available at any hearing scheduled to consider the issue of whether a jurisdiction should be designated a Restricted Foreign Jurisdiction.  (Revised Restricted Jurisdiction Procedures ¶ 2(d)(ii)-(iv).)  Only at that point could a jurisdiction be designated as restricted.

17. In addition, the Motion does not prejudge Chinese law.  The FTX Recovery Trust has taken no position to date on Chinese law.  Far from foreclosing creditor rights, the Revised Restricted Jurisdiction Procedures ensure that affected creditors will have a full opportunity to be heard before any jurisdiction is designated as restricted.

**IV.   Creditors May Update Their Information and Receive Distributions, if Appropriate.**

18. The KYC and Pre-Distribution Requirements process established in the Plan have been clear and accessible, as evidenced by the number of creditors who have satisfied these requirements and received Distributions.  For customers, all requested KYC and pre-distribution requirements can be completed via the FTX claims portal (https://claims.ftx.com).  Since the claims portal was opened to claimants over two years ago, FTX customer support has been actively assisting any claimants who have had any access issues.  To further facilitate compliance with these requirements, the Debtors published specific frequently asked questions regarding each of these requirements: KYC (https://support.ftx.com/hc/en-

us/sections/15917963702676-Verification), pre-distribution tax requirements (https://support.ftx.com/hc/en-us/sections/30028754243604-Tax-Requirements) and on-boarding with a distribution service provider (https://support.ftx.com/hc/en-us/sections/33189504164628-Distributions).  These frequently asked questions are updated from time to time to reflect any common and/or new issues.

19. Certain Responses argue that the procedures for updating a creditor's residence or jurisdiction remain vague and undocumented.  [D.I. 32269, 32266, and 32440]  These arguments minimize the FTX Recovery Trust's efforts ongoing efforts in this regard, and reflect a misunderstanding of the Plan and the proposed Restricted Jurisdiction Procedures.  To provide further clarity with respect to the Revised Restricted Jurisdiction Procedures, the FTX Recovery Trust prepared the Q&A and other information set forth in Exhibit B, which will also be posted to the case website.

20. In response to comments made at the Hearing, the Revised Restricted Jurisdiction Procedures provide after a jurisdiction has been designated restricted and a claimant is confirmed to be a resident of such restricted jurisdiction, any distributions are held and reserved for 180 days (a "Restricted Period").  During the Restricted Period, a claimant may, in good faith, resubmit documentation within the existing KYC and other Pre-Distribution Information framework to demonstrate that residency circumstances have changed.  The FTX Recovery Trust will review such submissions, and if recertification is successful, any distribution still being held and reserved will be released to the claimant on the next applicable distribution date, and future distributions will be made pursuant to the Plan in the ordinary course.

21. This process fits squarely within the Plan's existing framework.  Section 7.14 of the Plan already authorizes the Plan Administrator to request KYC information, OFAC

certifications and tax documentation, and provides that distributions may be withheld until such requirements are completed. In accordance with section 7.14 of the Plan, the FTX Recovery Trust has the ability to request additional information to verify a claimant's changed circumstances prior to making any Distributions, thus ensuring that such distribution is made in accordance with applicable law.

22. In fact, the existing KYC and Pre-Distribution Requirements process currently permits claimants to update their information, including jurisdiction, where appropriate. For example, Mr. Ji (and several of the other claimants who filed Responses) were able to re-submit KYC and other pre-distribution information after the Hearing to confirm that they are not resident of China or another Potentially Restricted Foreign Jurisdiction and, as a result, had their claims Allowed and received a distribution on September 30, 2025 on account of such claims.

23. To assist all claimants and to facilitate the Revised Restricted Jurisdiction Procedures, the FTX Recovery Trust has published additional frequently asked questions detailing the steps for updating KYC and the other pre-distribution requirements. Customers may contact the KYC Support Team at *KYC-Support@ftx.com* using the same email address associated with their FTX account to request a jurisdiction or other update. The KYC team will provide detailed instructions on how to submit updated information and may request additional documentation to verify the change. Once the documentation is reviewed and approved, the FTX Recovery Trust will update the customer's jurisdiction records accordingly. If the claimant wishes to update their tax information in connection with a jurisdiction change, they can submit the appropriate IRS Form W-8 or W-9 through the FTX Customer Portal. Additionally, claimants using a distribution agent may contact their designated agent's support team, with the same email address associated with their FTX account, to request to re-onboard with updated jurisdiction or other information.

24. The FTX Recovery Trust has structured the Revised Restricted Jurisdiction Procedures to maximize lawful distributions while protecting all stakeholders from the risk of fines, penalties, or liability that could arise if distributions were made unlawfully. Accordingly, these Responses should be overruled.

## V. The Plan Provides an Orderly Claims Process, and the FTX Recovery Trust Has Until the Claims Objection Deadline to Reconcile Claims.

25. The claims reconciliation process is the largest component of the FTX Recovery Trust's current work, and is proceeding apace in accordance with the Plan and Confirmation Order. In recognition of the volume and breadth of asserted claims, the Plan provides a number of processes to ensure the orderly administration of the estates, including the establishment of a Claims Objection Deadline for the FTX Recovery Trust to object to Claims by January 3, 2026 or "such later date as may be established by order of the Bankruptcy Court upon a motion by the Plan Administrator" and that "any Claim that has not been Allowed" is a "Disputed Claim." (*See* Plan §§ 2.1.57, 2.1.32.)

26. A number of Responses conflate the Restricted Jurisdiction Procedures with the claims allowance process, and seek relief contrary to the claims reconciliation process set forth in the confirmed Plan. Nothing in the proposed Revised Restricted Jurisdiction Procedures alter the orderly claims process established in the Plan. Rather, the proposed procedures are only to address specified concerns regarding distributions on account of claims otherwise allowable through this orderly process.

27. *First*, there is *no* requirement, in the Plan, Confirmation Order or statute, that requires the FTX Recovery Trust to provide individualized explanations or detailed responses regarding specific claims prior to objecting to them. [D.I. 32672, 32712, 32775, 32774, 32841, 32839, and 32945.] Prior to and since the Plan Effective Date, the Debtors and the FTX Recovery

Trust have been working through the herculean task to reconcile the more than 97,500 claims that were filed in amounts in excess of $1.187 sextillion in these Chapter 11 Proceedings. [D.I. 28103 ¶ 6.] The claims process provides that the FTX Recovery Trust will review, reconcile and allow or object to claims, as applicable. Given the number and amount of claims, it is simply impracticable to compel the FTX Recovery Trust to respond and provide in depth details to each and every claimant regarding the status of its respective claim. The realities are that in any chapter 11 case, but especially one of the size and complexity as this one, time and a process are needed to orderly reconcile, resolve, and if necessary, object to filed claims.

28. *Second*, contrary to the claimants' arguments, completion of all Pre-Distribution Requirements pursuant to section 7.14 of the Plan does not entitle claimants to distributions. Each distribution round has a corresponding record date, and only claims that are Allowed as of that record date are eligible to receive distributions in that round. The Pre-Distribution Requirements must be satisfied by holders of Allowed claims as of the relevant record date in order to receive a distribution. That is a necessary, but not sufficient, prerequisite to receiving a distribution. Claims that remain Disputed as of the record date—regardless of whether the claimants have satisfied pre-distribution requirements—are not entitled to receive distributions.

29. *Third*, certain Responses argue that the Court should order their inclusion in a particular distribution date. Any attempts by individual creditors to "jump the line" are inconsistent with the claims reconciliation framework. Until the expiration of the Claims Objection Deadline, all claims that have not been Allowed are Disputed Claims under the Plan, with those claims protected by the Disputed Claims Reserve that has been established. (*See* Plan § 8.5.) As set forth in the Plan, the FTX Recovery Trust has until at least January 3, 2026 to object

to any claim, and until then, creditors who reside in Potentially Restricted Foreign Jurisdictions will remain "Disputed" under the Plan and ineligible for distribution. Additionally, given the volume and complexity of claims filed in these Chapter 11 Proceedings, the FTX Recovery Trust will be seeking an extension of the January 3, 2026 Claims Objection Deadline.

30. Despite the claimants' baseless assertions to the contrary, the relief they seek is unprecedented. They cannot cite a single decision or court order where a court in this district has permitted a creditor to circumvent the plain language of a plan and force a debtor to immediately reconcile and allow its respective claim. That is because there is no basis to do so. Every creditor would undoubtedly prefer to usurp the process set forth in the Plan and approved in the Confirmation Order to administer claims and obtain immediate resolution of its claim in isolation. But that is not possible, and is why the Bankruptcy Code provides for a claims resolution process and—given the size and scope of these Chapter 11 Proceedings—the Plan ensures that the myriad of Claims asserted against the Debtors can be administered in an orderly manner. Granting these various requests would open the floodgates to innumerable copycat motions that would quickly render these Chapter 11 Proceedings impossible to administer. In fact, this Court has already rejected a creditor's effort to compel the FTX Recovery Trust to litigate its claim on an accelerated schedule, holding that such relief would disrupt the Plan's orderly claims reconciliation process. (*See* July 22, 2025 Hr'g Tr. 107:5-108:6 (denying motion by ELD Capital LLC seeking to set litigation schedule for adjudication of ELD Capital LLC's claim).)

31. Accordingly, these Responses should be denied, and the FTX Recovery Trust permitted to continue until completion the orderly reconciliation of Claims for the benefit of all stakeholders.

**CONCLUSION**

For the reasons stated above, the Court should overrule the Responses, grant the Motion, and enter the Order and Revised Restricted Jurisdiction Procedures.

Dated: October 20, 2025
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Matthew R. Pierce
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*