**Exhibit A**

**Updated Revised Order with Revised Restricted Jurisdiction Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>Ref. No. 31148 |

**ORDER AUTHORIZING THE FTX RECOVERY TRUST TO**
**IMPLEMENT THE RESTRICTED JURISDICTON PROCEDURES**
**IN POTENTIALLY RESTRICTED FOREIGN JURISDICTIONS**

Upon the motion (the "Motion")[2] of the FTX Recovery Trust[3] for entry of an order (this "Order") authorizing the FTX Recovery Trust to implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

[3] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404].

the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that no other or further notice is necessary; and objections (if any) to relief on the Motion having been withdrawn, resolved or overruled on the merits; and upon the record of the Motion; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The FTX Recovery Trust is authorized to implement the following supplemental distribution procedures in support of the Plan (the "<u>Restricted Jurisdiction Procedures</u>"):

   a. If at any time a regulator or policing authority in a jurisdiction notifies the FTX Recovery Trust of a potential violation of applicable law (a "<u>Violation Notice</u>"), such notification shall be conclusive evidence that a jurisdiction is a Restricted Foreign Jurisdiction.

   b. The FTX Recovery Trust shall retain a qualified attorney in any relevant Potentially Restricted Foreign Jurisdiction to opine on whether distributions pursuant to the Plan on account of Allowed Claims violate applicable local law.

   c. In the event a qualified attorney retained by the FTX Recovery Trust delivers written advice in form and substance reasonably acceptable to the FTX Recovery Trust stating that distributions to residents of the Potentially Restricted Foreign Jurisdiction as contemplated by the Plan and the DSP arrangements are permitted without exception or qualification and fully comply with applicable laws related to the payment by the FTX Recovery Trust or the DSAs, and receipt by the creditor or its agents (such opinion, an "<u>Acceptable Opinion</u>"), the FTX Recovery Trust shall proceed to make a Distributions to Holders of Allowed Claims (or Disputed Claims that later become Allowed) resident in such jurisdiction in accordance with the Plan.

   d. In the event a qualified attorney retained by the FTX Recovery Trust delivers written advice concerning Distributions to residents in the Potentially Restricted Foreign Jurisdiction other than an Acceptable

Opinion (an "<u>Unacceptable Opinion</u>"), the following procedures shall apply:

  i. The FTX Recovery Trust shall be authorized and will consider all Claims in Potentially Restricted Foreign Jurisdictions as Disputed Claims and treat those Claims as Disputed Claims (including for purposes of the Disputed Claims Reserve) until such time as the status of the Potentially Restricted Foreign Jurisdiction is resolved and the Claim is otherwise Allowed or disallowed.

  ii. The FTX Recovery Trust shall file on the docket of the Chapter 11 Cases and use commercially reasonable efforts to send a notice to the Holders of Claims who reside in the applicable Potentially Restricted Foreign Jurisdiction (the "<u>Restricted Jurisdiction Notice</u>") containing, at a minimum: (i) the applicable Potentially Restricted Foreign Jurisdiction; (ii) the Unacceptable Opinion or a summary thereof; (iii) the deadline (the "<u>Objection Deadline</u>") by which creditors who have completed the Pre-Distribution Requirements set forth in section 7.14 of the Plan may object to the FTX Recovery Trust's determination reflected in the Restricted Jurisdiction Notice (an "<u>Objection</u>"), which Objection Deadline shall be not less than 45 days following the FTX Recovery Trust serving the Restricted Jurisdiction Notice; and (iv) a proposed scheduling order including a hearing date (a "<u>Hearing</u>"), in the event any Objection is filed by the applicable Objection Deadline, to govern the litigation to determine whether the jurisdiction that is the subject of the Restricted Jurisdiction Notice should be designated a Restricted Foreign Jurisdiction.

  iii. The Court may in its sole discretion, either *sua sponte* or at the request of the FTX Recovery Trust, elect to refer to a Special Master for resolution whether a jurisdiction that is the subject of a Restricted Jurisdiction Notice should be designated a Restricted Foreign Jurisdiction. If the Court so elects, the Special Master shall consider the record, including any Objections, and submit a recommendation to the Court for review and entry. The Court may at any time choose to conduct a Hearing to resolve any Objections and decide the question of a whether any jurisdiction should be designated as a Restricted Foreign Jurisdiction. The Special Master, if so appointed, will be paid at the expense of the FTX Recovery Trust and shall have the power to conduct formal hearings, or communicate with parties individually without a hearing and have such other powers as established by the Court in the order appointing the Special Master.

-3-

    iv. Any Objection shall be limited to the relief requested in the Restricted Jurisdiction Notice, and must include a sworn statement waiving service of process related to any related discovery and subjecting the creditor and its qualified legal representatives (if any) to the jurisdiction of the Court for purposes of the Objection and related matters. For the avoidance of doubt, the FTX Recovery Trust shall be deemed to have satisfied their use of commercially reasonable efforts by mailing the Restricted Jurisdiction Notice to the last known address of record known to the FTX Recovery Trust's claims agent, Kroll Restructuring Administration LLC (the "Claims Agent"), and/or emailing such notice to the last known email address of record known to the Claims Agent.

    v. The FTX Recovery Trust shall, at the FTX Recovery Trust's cost, ensure that a court certified interpreter is available at any Hearing or proceeding before the Special Master scheduled to consider Objections and determine whether to designate a jurisdiction as a Restricted Foreign Jurisdiction in which English is not the primary spoken language.

    vi. Following receipt of a Violation Notice, expiration of the Objection Deadline with no objections received, or upon resolution of any timely filed objection to the Restricted Jurisdiction Notice with respect to a Potentially Restricted Foreign Jurisdiction by the Court at a Hearing or otherwise, the FTX Recovery Trust will present to the Court an order designating the jurisdiction a Restricted Foreign Jurisdiction.

e. Upon entry of a Court order designating a jurisdiction a Restricted Foreign Jurisdiction, the following shall apply:

    i. The FTX Recovery Trust will review the know your customer information and other information submitted in connection with the claimant's satisfaction of the Pre-Distribution Requirements set forth in Section 7.14 of the Plan and establishment of any account with any applicable DSP, to confirm whether, as of the next Distribution Record Date, the Holder of a Claim is a resident of a Restricted Foreign Jurisdiction. For the avoidance of doubt, there will be no new process to determine residency associated with these Restricted Jurisdiction Procedures, and nothing in this order shall modify or affect the FTX Recovery Trust's KYC Information processes established by other orders of this Court, including but not limited to (x) the Court's *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading and its Debtor Affiliates* [D.I. 26404], (y) *Order (I)(A) Establishing Deadlines for Filing*

*Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* (D.I. 1793), and (z) *Order Sustaining Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims* [D.I. 29464].

ii. No Distribution shall be made to the Holder of a Claim confirmed to be a resident of a Restricted Foreign Jurisdiction. Any such Distributions shall be held and reserved for a period of 180 days from the applicable Distribution Date (a "Restricted Period"), after which each such Distribution and associated interest shall be forfeit and revert to and revest in the FTX Recovery Trust as Plan Assets.

iii. At any point during the Restricted Period a Holder of a Claim confirmed to be a resident of a Restricted Foreign Jurisdiction may in good faith seek to re-submit its KYC Information or other information submitted in satisfaction of the Pre-Distribution Requirements for recertification pursuant to Section 7.14 of the Plan due to a change in circumstances such as change of residency, or complete a valid transfer of its Claim to a party not residing in a Restricted Foreign Jurisdiction.

iv. The FTX Recovery Trust may at any time seek to remove a jurisdiction as a Restricted Foreign Jurisdiction due to developments in the laws of that jurisdiction, subject to further order of the Court, applicable only to any future Distributions occurring after the next Distribution Record Date.

v. In the event that a Holder of a Claim attempts during a Restricted Period in a properly filed and served pleading to dispute the FTX Recovery Trust's conclusion that a Holder resides in a Restricted Foreign Jurisdiction based on the Holder's KYC Information or other information submitted in satisfaction of the Pre-Distribution Requirements, the FTX Recovery Trust shall notify the Court and the matter shall be referred for resolution to the Special Master appointed by the Court, or if not so appointed, appointed at the request of the FTX Recovery Trust. The Special Master shall submit a recommendation to the Court for review and entry resolving such dispute.

vi. If the FTX Recovery Trust or any Court order confirms any change to Claim status pursuant to sub-sections (iii), (iv), or (v) immediately above, any Distribution still being held and reserved within the Restricted Period and any future Distributions declared following the establishment of a subsequent Distribution Record Date shall be

       made to the Holder of an otherwise Allowed Claim in accordance with the terms of the Plan. For the avoidance of doubt, any Distribution forfeit in accordance with sub-section (ii) above is final and unaffected by this sub-section (vi).

    vii. Future Distributions declared and occurring after any subsequent Distribution Record Date shall likewise not be made to the Holder of a Claim confirmed to be a resident of a Restricted Foreign Jurisdiction and a Restricted Period apply to such Distributions.

  f. All time periods set forth in these Restricted Jurisdiction Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

3. The FTX Recovery Trust shall retain the right to object in the future to any Claim on any grounds.

4. The FTX Recovery Trust shall retain and shall have the right to seek to amend, modify, and/or supplement this Order or the Restricted Jurisdiction Procedures as may be necessary to implement the Plan.

5. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

6. The FTX Recovery Trust is authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

7. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the interpretation or implementation of this Order.

Dated: _____, 2025  
      Wilmington, Delaware

                                            The Honorable Karen B. Owens  
                                            Chief United States Bankruptcy Judge

# EXHIBIT B

**Potentially Restricted Foreign Jurisdictions**

Case 22-11068-KBO    Doc 33193-1    Filed 10/20/25    Page 8 of 10

**Potentially Restricted Foreign Jurisdictions**

Afghanistan

Algeria

Bangladesh

Belarus

Burundi

Cambodia

Cameroon

Chad

China

Colombia

Democratic Republic of the Congo

Republic of the Congo

Cuba

Egypt

Ethiopia

Fiji

Gabon

Guernsey

Honduras

Iran

Iraq

Kuwait

Lebanon

Lesotho

Libya

Macau

Malawi

Maldives

Moldova

Morocco

-2-

Myanmar (Burma)

Nepal

North Korea

Pakistan

Qatar

Russia

Rwanda

Saudi Arabia

Somalia

Sudan

Syria

Tunisia

Ukraine

Zimbabwe