**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------- x
                                                        :   Chapter 11
In re:                                                  :
                                                        :   Case No. 22-11068 (KBO)
FTX TRADING LTD., et al.,¹                              :
                                                        :   Jointly Administered
                    Debtors.                            :
------------------------------------------------------- x   Related to Docket No. 33193
```

**OBJECTION OF SCI VENTURES CO., LIMITED, SHENGKUN JI, AND
LIU JING, REQUESTING ADJOURNMENT OF HEARING ON REVISED
RESTRICTED JURISDICTION PROCEDURES FILED ON OCTOBER 20, 2025**

SCI Ventures Co., Limited ("SCI Ventures"), Shengkun Ji ("S. Ji"), and Liu Jing ("Ms. Jing") (collectively, the "Creditors"), through their undersigned counsel, hereby respectfully file this objection (the "Adjournment Objection") requesting that any hearing on entry of the Revised Restricted Jurisdiction Procedures² annexed to the New Motion be adjourned until a later date, after the Creditors have had adequate time to assess the newly proposed procedures. In support of the Adjournment Objection, the Creditors respectfully represent as follows:

**PRELIMINARY STATEMENT³**

At the July 22, 2025 hearing on the FTX Recovery Trust's original motion seeking "Restricted Foreign Jurisdiction Procedures" (the "Hearing"), this Court made clear (among

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in the above-captioned chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the *FTX Recovery Trust's Status Update on Motion to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions and Omnibus Response to Related Motions and Filings*, dated October 20, 2025 [Docket No. 33193] (the "New Motion").

[3] Capitalized terms used in this Preliminary Statement and not otherwise defined have the meaning ascribed to them in the Adjournment Objection.

other things) that (a) the proposed procedures required revisions ; and (b) the FTX Recovery Trust should devise and propose more appropriate protocols on several key issues, for which both the FTX Recovery Trust and all creditors would have a full and fair opportunity to be heard. The importance of these matters cannot be overstated, as they directly impact the right of certain foreign creditors, including the Creditors, to obtain distributions they are entitled to under the Plan.

Notwithstanding, nearly *two months* after the Hearing, just *two days* before the Court's Status Conference, and in the middle of the night, the FTX Recovery Trust filed brand new, "Revised" Restricted Jurisdiction Procedures and a proposed order authorizing them, styled as a so-called "status update" ***without any discussion or advance notice to counsel about these new procedures***. The New Motion is anything but a mere status update. Rather, without consulting the parties who appeared at the contested Hearing on the original motion, including the undersigned, the FTX Recovery Trust now apparently seeks entry of revised procedures on just two business days' notice to creditors, and without so much as filing a certification of counsel, as explicitly ordered by the Court at the Hearing.

This is not an oversight or an accident – this is precisely how the FTX Recovery Trust has acted in connection with this motion, which if approved, threatens to eliminate any recovery for legitimate creditors. Indeed, as the Court may recall, the FTX Recovery Trust initially filed its motion seeking "Restricted Foreign Jurisdiction Procedures" on July 2, 2025, which (among other things) proposed the potential *forfeiture* of millions of dollars in creditors' claims yet gave less than two weeks from the filing of the motion for creditors affected by such "procedures,"(all of which are internationally based, to file objections to the them. At the Hearing, this Court expressed hesitancy towards several procedural and substantive portions of the proposed

procedures, and, accordingly, directed that counsel for the FTX Recovery Trust file new procedures, *under certification of counsel,* which would necessitate conferring with counsel for the affected parties about the proposed revisions. But that has not occurred. Instead, the FTX Recovery Trust continues to flagrantly flout basic concepts of due process, Local Rules, this Court's orders and now, apparently seeks, *on two days' notice*, entry of an order approving "Revised" Restricted Jurisdiction Procedures. Respectfully, this Court should not bless such conduct.

Rather, the Court should treat the October 23, 2025 Status Conference as just that – a status conference the Court had previously scheduled *over a month ago* – and should adjourn any hearing on entry of the Revised Restricted Jurisdiction Procedures filed late in the evening of October 20, 2025 until after the Creditors (and other interested parties) have had a full and fair opportunity to review, assess, and object to the Revised Restricted Jurisdiction Procedures to the extent they deviate from the Court's instructions at the Hearing – which, based on the Creditors' preliminary review, they do.

**RELEVANT BACKGROUND**

1. On July 15, 2025, Weiwei Ji ("Mr. Ji") filed *Weiwei Ji's Objection to Motion of the FTX Recovery Trust for Entry of an Order in Support of the Confirmed Plan Authorizing the FTX Recovery Trust to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions* [Docket No. 314446] (the "Objection") and an accompanying declaration in support thereof [Docket No. 31447].

2. All three Creditors are Mr. Ji's affiliates and/or family members, as follows: (a) SCI Ventures is Mr. Ji's wholly owned Hong Kong company; (b) S. Ji is Mr. Ji's brother; and (c) Ms. Jing is Mr. Ji's wife. The Creditors hold proof of claim numbers 45581, 51901, and 60161 in the Chapter 11 Proceedings, totaling over $14 million (collectively, the "Claims").

3

3. On July 22, 2025, the Court held the Hearing, at which the Court stated, *inter alia*:

> The last issue that has been an issue for me but is really crystalized today in the conversation is the forfeiture….
>
> …I feel as if that needs to be removed from this procedure and there needs to be given more thought on the timing of when you would ask for the forfeiture. *I don't think it[']s appropriate now*. I don't have enough clarity of how this case is going to proceed, the length of time, how many distributions there will be, who is going to be designated in those distributions and how they would be effected by an unknown changed circumstance such as a change in the law…perhaps a jurisdiction that was a restricted jurisdiction will come off that list. Is that fair to then allow the creditors in that restricted jurisdiction to receive a distribution while other creditors similarly situated did not receive the distribution based solely on the timing and their designation within the record date. I don't think it is….
>
> …I think the residency portion should come out for today's purposes. I think you should build in the proposed scheduling order timeframe, and *you need to build in language regarding disputes over residency*. With that, *I would consider the order under certification of counsel*.

(Hr'g Tr. Jul. 22, 2025, at 86:16-18, 87:2-16, 88:20-25 (emphasis added).)

4. Since the Hearing, Mr. Ji and the Creditors (and, upon information and belief, other similarly situated creditors) have revised their pre-distribution information, or are in the process of doing so, to reflect residencies in foreign jurisdictions that are *not* potentially restricted.

5. On September 16, 2025, the Court entered the *Order Setting Status Conference on Motion of the FTX Recovery Trust for Entry of an Order in Support of the Confirmed Plan Authorizing the FTX Recovery Trust to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions* [Docket No. 32720] (the "Status Conference Order"). Therein, the Court stated that it would "conduct a status conference on the" Motion "at

the omnibus hearing scheduled for October 23, 2025 at 9:30 a.m. (prevailing Eastern time)" (the "Status Conference"). (Status Conference Order, ¶ 2 (emphasis in original).) The Court further directed the FTX Recovery Trust to "serve a copy of this Order on all affected parties and file an affidavit of service reflecting such service within 2 business days." (*Id.*, ¶ 3.)

6. *The FTX Recovery Trust did not serve the undersigned counsel with the Status Conference Order*, despite it being counsel of record, having filed the Objection and having argued against the Motion at the July 22, 2025 Hearing. (*See Affidavit of Service*, dated September 18, 2025 [Docket No. 32735].)

7. On September 30, 2025, Mr. Ji received a distribution on his proof of claim, but the Creditors did not receive a distribution on any of their Claims.

8. On or around October 6, 2025, the undersigned counsel came across the Status Conference Order on the Court's docket. Thereafter, the undersigned inquired of the FTX Recovery Trust's counsel as to, *inter alia*, the status of the Creditors' Claims and included an example of a communication from the FTX Recovery Trust's counsel to another foreign creditor, assuring that creditor of a forthcoming distribution, and requested similar information and transparency for the Creditors.

9. On October 10, 2025, the FTX Recovery Trust's counsel responded that the Creditors' Claims remain under review and reconciliation and are thus "Disputed" within the meaning of the Plan.

10. On October 10 and 14, 2025, the undersigned again followed up, confirming that the undersigned represents all three Creditors, and asking the FTX Recovery Trust's counsel whether the Creditors' residency was still an issue with respect to their Claims – given that all Creditors have either updated their residencies or are in the process of doing so – and/or whether

the FTX Recovery Trust believes any necessary documentation was missing for any Claims. The FTX Recovery Trust never responded.

11. As a result, the undersigned does not know whether the Creditors' Claims are "Disputed" and not "Allowed" due to the Creditors' perceived residency, or for another reason.

12. In the middle of the night on October 20, 2025, well after the 4:00 p.m. reply deadline under Local Rule 9006-1 had already passed, the FTX Recovery Trust filed the New Motion and a proposed order entering the Revised Restricted Jurisdiction Procedures (the "Proposed Order"), *without certification of counsel*, styled as a purported "status update."

13. On October 21, 2025, the undersigned filed a formal notice of appearance for the Creditors in these Chapter 11 Proceedings [Docket No. 33195].

**OBJECTION**

14. As noted above, the Creditors do not know why their Claims remain "Disputed," *because the FTX Recovery Trust will not tell them, despite repeated requests for clarity on this issue*. The Creditors have no knowledge of whether the FTX Recovery Trust believes all or any of them are residents of China, or if the Claims are not "Allowed" for some other reason entirely.[4] Nor do the Creditors know whether the FTX Recovery Trust will even seek entry of the Revised Restricted Jurisdiction Procedures at the Status Conference.[5] Thus, the Creditors are forced to file this Adjournment Objection in an abundance of caution.

15. The Creditors respectfully request an adjournment of any contemplated hearing on the Revised Restricted Jurisdiction Procedures from October 23, 2025, and that the Status Conference be treated strictly as what, respectfully, it was intended to be – a status conference on

---

[4] The Creditors do not believe there is any valid basis to object to any of their Claims and reserve all rights.

[5] The agenda for the October 23, 2025 hearing indicates only that the Motion is going forward as a status conference. (*See* [Docket No. 33194], at 8.)

a motion made by the FTX Recovery Trust over two months ago, on which the FTX Recovery Trust has had no communication with counsel for affected creditors, despite the Court's order to do so. Two business days – especially after waiting two months since the Hearing – are simply not enough time to fairly review, assess, propose comments to, and draft and file an objection to the Revised Restricted Jurisdiction Procedures, let alone time to to conduct a good faith meet and confer on these issues.

16. If the FTX Recovery Trust's intention is to seek approval of the new procedures at the September 23rd Hearing (and while the Revised Restricted Jurisdiction Procedures are attached to a pleading that includes "Status Update" in the title, nothing in the pleading indicates the FTX Recovery Trust will propose a schedule for comment on or approval of the new procedures), the Revised Restricted Jurisdiction Procedures were not submitted in accordance with the Local Rules or in accordance with Your Honor's direction expressed during the Hearing. As stated, there was no effort to meet and confer with the undersigned in connection with the purported Revised Restricted Jurisdiction Procedures. Indeed, the first time counsel knew such revised procedures existed, or, for that matter, were being drafted, was close to midnight on October 20, 2025 when they were filed as a purported "reply", after the deadline to submit any such reply to be heard at the Status Conference. *See* Local Rule 9006-1(d).

17. Upon an initial review, it appears that the Revised Restricted Jurisdiction Procedures do *not* accord with the Court's instructions, as they ***still contain a forfeiture provision.*** The precise provision with which the Court expressed hesitancy months ago remains included in the Revised Restricted Jurisdiction Procedures – without ever consulting with counsel, or even providing a meaningful time for counsel or other creditors to object.

18. Moreover, despite the Court's instruction, the FTX Recovery Trust *does not even attempt to provide a workable mechanism to dispute residency*. Indeed, the Creditors cannot even discern what the FTX Recovery Trust perceives as their residencies. Accordingly, the Creditors believe the Revised Restricted Jurisdiction Procedures do not conform to the Court's guidance at the Hearing and should not be entered at the Status Conference without adequate time for creditors to review, assess, propose revisions, and/or object, as warranted.

## CONCLUSION

For the reasons set forth herein, the Creditors respectfully request that the Court deny entry of the Revised Restricted Jurisdiction Procedures at the Status Conference, allow the Creditors adequate time to respond to the same, and grant such other and further relief as it deems just and proper.

Date: October 22, 2025
     Wilmington, Delaware

**SULLIVAN HAZELTINE ALLINSON LLC**

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
bsullivan@sha-llc.com

   -and-

**WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP**
Michele L. Angell, Esq.
1201 RXR Plaza
Uniondale, New York 11556
Tel: (516) 622-9200
tdraghi@westermanllp.com
mangell@westermanllp.com

*Counsel for SCI Ventures Co., Limited, Shengkun Ji, and Liu Jing*