**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING, LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: November 20, 2025 at 9:30 a.m. (ET)** |
| | **Objection Deadline: November 13, 2025 at 4:00 p.m. (ET)** |

**DECLARATION OF SETH MELAMED IN SUPPORT OF MOTION
SEEKING ENTRY OF AN ORDER: (I) COMPELLING THE PERFORMANCE
OF BITFLYER UNDER THE FTX JAPAN SALE ORDER [D.I. 20560], OR
ALTERNATIVELY, (II) COMPELLING THE FTX RECOVERY TRUST
TO PAY AMOUNTS OWED UNDER THE KEIP ORDER [D.I. 1589]**

I, Seth Melamed, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I was the Chief Operating Officer of Liquid Group, Inc., a cryptocurrency exchange with its primary business located in Japan.  FTX acquired LGI on or about April 4, 2022.

2.      I submit this declaration (this "**Declaration**") in support of the *Motion Seeking Entry of an Order: (i) Compelling the Performance of Bitflyer under the FTX Japan Sale Order [D.I. 20560], or alternatively, (ii) Compelling the FTX Recovery Trust to Pay Amounts Owed under the KEIP Order [D.I. 1589]* (the "**Motion**"). Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge and my review of relevant documents. If called upon to testify, I could and would testify to the facts set forth

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  A complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX

herein on that basis.

3.      On April 26, 2023, the Debtors filed the Motion of Debtors for Entry of an Order

Authorizing Implementation of a Key Employee Incentive Plan [D.I. 1359] (the "**KEIP**

**Motion**").

4.      The KEIP Motion identified me as one of seven persons to be a KEIP Participant

(referencing me as the Chief Operating Officer of FTX Japan).  To support the approval of the

KEIP Motion, the Debtors submitted the *Declaration of Edgar W. Mosley II in Support of Motion*

*of Debtors for Entry of an Order Authorizing and Approving the Debtors' Key Employee*

*Incentive Plan* [D.I. 1359-3] (the "**Mosley Declaration**") which sets forth the factual basis upon

which the Debtors' sought to obtain Court approval of the KEIP.   The Mosley Declaration

describes why the Court should approve the KEIP:

> The KEIP Participants have stepped up in their roles and have engaged effectively with
> regulators, endeavored to stabilize the Company's workforce and operate the Company
> efficiently and have made significant progress towards the Company's goal of either
> pursuing a Transaction or resuming exchange operations. As a result of the KEIP
> Participants' diligence, the Company was able to resume withdrawals from users'
> accounts on February 21, 2023, **which was a critical achievement**, because these
> capabilities are necessary for the Company to be able to operate and to maintain and
> maximize its going concern value.  Because of the KEIP Participants' tremendous efforts,
> was able to resume withdrawals from users' accounts on February 21, 2023—a critical
> feat, given that these capabilities are essential to [Holdings'] ability to operate and to
> maintain and maximize its going concern value.
>
> The seven KEIP Participants' institutional knowledge, industry experience and
> specialized skills are essential to maximize the Company's value through the
> administration of these Chapter 11 Cases and during a Transaction or Reorganization.
> **The KEIP Participants perform integral functions for the Company, including**
> **serving as the leaders of the Company's compliance efforts, liaising with regulators**
> **and serving as the technical leads of the Company, and in such positions, they serve**
> **in various critical roles, including performing functions related to the Debtors'**
> **ability to ensure the return of users' assets, resume operations as an exchange,**
> **effectively respond to regulatory inquiries and effectuate a successful**
> **Reorganization or Transaction.**

Mosley Declaration, ¶¶ 8, 14 (emphasis supplied).

5.      On June 8, 2023, this Court entered the *Order Authorizing Implementation of a Key Employee Incentive Plan* [D.I. 1589] (the "**KEIP Order**").

6.      Exhibit "A" to the KEIP Order (entitled KEIP Terms) provides that a Transaction Award (as defined in the KEIP Order) is earned when a sale is consummated and is payable within sixty days following the closing.  *See* KEIP Order, Exhibit A, ¶5.

7.      The KEIP Order placed *no* conditions on the earning of the KEIP award other than the KEIP Participant's continued employment through the "applicable Transaction or Reorganization that triggers the payment" Paragraph 5 of the KEIP Order specifies, among other things, when a Transaction Award is earned:

> Each KEIP Participant will earn the second KEIP payment (the "Transaction or Reorganization Award") upon the earlier of: (i) the consummation of a Transaction (the "Transaction Award") or (ii) the Reorganization (the "Reorganization Award"), *in each case subject to the continued employment of the KEIP Participant through the applicable Transaction or Reorganization that triggers the payment*…. If earned, the Transaction Awards will be payable to each applicable KEIP Participant within 60 days of the closing of the Transaction.

Furthermore, Paragraph 5 of the KEIP Order provides that:

> Once earned, the Debtors' obligations to pay amounts that become due and owing under the KEIP will constitute administrative expenses pursuant to section 503(b) of the Bankruptcy Code, thereby entitled to priority payment pursuant to section 507(a)(2) of the Bankruptcy Code.

*Id.*

8.      Following the entry of the KEIP Order, I continued to work closely with the FTX Japan management team and engineers and engage with the regulator, the Japan Financial Services Agency (JFSA).  Our focus was to restart the exchange operations of FTX Japan.  To achieve this, various initiatives were undertaken to significantly improve the exchange. These included implementing a new wallet system, conducting a third party cybersecurity audit with subsequent remediation of all identified issues, and upgrading the exchange's back-end

infrastructure.  Despite these significant efforts, the FTX Debtors ultimately decided against allowing a restart of the FTX Japan exchange business and instead opted to sell the business which, at that time, had been dormant for over sixteen months to bitFlyer.

9.          In late 2023, the Debtors circulated a document entitled "General Release and Waiver of Claims" (the "**General Release**") in order to participate in the KEIP.  Among other things, the General Release would have released any claims against the Debtors other than the KEIP, a form of a customary release.  My prior counsel engaged in discussions with the Debtors' counsel and a number of changes were made to the document.  *See* **Exhibit "A"**.  On December 22, 2023, my counsel emailed the Debtors' counsel to circulate a final copy of the release for execution. *See* **Exhibit "B"**.  The Debtors never circulated an execution version of the General Release.

10.          On June 20, 2024, the Debtors filed the *Motion of Debtors for Entry of an Order (i) Authorizing and Approving Sale of Debtors' Interests in FTX Japan K.K. Free and Clear Of All Liens, Claims, Interests and Encumbrances; (ii) Authorizing and Approving FTX Japan Holding K.K.'S Entry Into, and Performance under, the Purchase and Sale Agreement; (iii) Dismissing the Chapter 11 Case of FTX Japan K.K. Effective as of Closing; and (iv) Granting Related Relief* (D.I. 17923; the "**FTX Japan Sale Motion**").  Attached as *Exhibit B* to the Sale Motion is the proposed Purchase and Sale Agreement between the parties (the "**FTX Japan PSA**").  Among other things, the Sale Motion sought approval to sell the estate's interests in FTX Japan to bitFlyer.

11.          Section 4.5 of the Purchase and Sale Agreement between FTX Japan PSA provides that:

4.5 Post-Closing KEIP Obligations. Following the Closing, Purchaser shall, or shall procure that the Subject Company shall, pay any applicable Transaction Awards to any

> applicable KEIP Participants within sixty (60) calendar days of the Closing and otherwise in accordance with the terms and conditions set forth in the KEIP Order. *Neither Seller nor any of its Affiliates shall have any obligations for any payments contemplated by the KEIP Order in connection with the Transactions.*

*See* D.I. 17923, Exhibit B.

12.　　　On July 16, 2024, the Court entered the FTX Japan Sale Order. Pursuant to paragraph 30 of the Sale Order, this Court retained jurisdiction over disputes concerning the implementation, interpretation and enforcement of the Sale Order and the FTX Japan PSA.

> This Court shall retain jurisdiction to, among other things, interpret, implement and enforce the terms and provisions of this Sale Order and the Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors to Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale Transaction.

*Id.*

13.　　　The Transaction closed on or about July 26, 2024. I resigned as Representative Director of FTX Japan on that date. On July 30, 2024, I was terminated, without cause, by the Debtor as Representative Director of FTX Japan Holdings.

14.　　　On Friday, August 16, 2024, I filed the *Joinder in Objection of Retail Creditors and Reservation of Rights* (the "**Joinder**") [D.I. 23167]. The Joinder adopted various arguments of certain retail creditors to the First Amended Plan. On Tuesday, August 20, 2024 – more than three weeks after the sale of FTX Japan and my resignation and termination by K.K.– and in clear retaliation to the Joinder - the Debtors advised me that his termination was now being redesignated as termination for cause. In a letter dated August 20, 2024, from Kurt Knipp, a director at FTX Japan Holdings, I was advised that:

> Notice of Breach. It has come to our attention that the Joinder of Seth Melamed to the Objections to the Plan Raised by the Retail Customers and Reservation of Rights (D.I.23167) was filed by you in the United States Bankruptcy Court for the District of Delaware on August 16, 2024. Accordingly, this letter (this "Letter") is to provide you with notice of a material breach by you of Section 3.1(e) of the FTX Japan Management

Agreement.

Termination for Cause. In accordance with the terms of the FTX Management Agreement, such material breach must be cured within 30 days of receipt of this Letter, failing which you will be deemed to have been terminated with Cause (as defined in the FTX Japan Management Agreement) pursuant to Section 11.2(a) of the FTX Japan Management Agreement effective as of the date of this Letter.

*See* **Exhibit "C"**. The August 20th Letter improperly asserts that my joinder to the plan objections of the retail customers justified characterizing my conduct as a breach of the Management Agreement. My Japanese counsel has previously submitted a declaration to the Court that Knipp's argument is without legal merit. *See Declaration of Takane Hori in support of Payment of Post Petition Director's Fees* filed on April 7, 2025 at ¶¶ 26-30 [D.I. 30080].

15.    Pursuant to the KEIP Order, I was entitled to be paid the KEIP award on or before September 24, 2024. Based on the FTX Japan Sale price of 4.5 billion JPY to bitFlyer and the JPY/USD exchange rate as of that date. the KEIP award payable to me is approximately USD $112,116 (the "**KEIP Award**").

16.    In September of 2024, the Debtors circulated a final form of the "customary release" to the six other KEIP Participants. At that time, I did not receive an execution version of the document that had previously been negotiated.

17.    In the *Debtors' Amended Objection to Proofs of Claims Filed by Seth Melamed* [D.I. 28643], the Debtors raised three arguments as to why the Transaction Award was not paid. First, the Debtors asserted that the KEIP Award was duplicative of my prepetition salary and bonus Claim. Amended Claims Order at ¶ 52. Second, the Debtors asserted twice in the Amended Claims Objection that I "refused" to sign an award agreement. Amended Claims Objection at ¶¶ 52, 54. Third, the Debtors asserted that they were relieved of any liability for the Transaction Award following the sale of FTX Japan. Amended Claims Objection at ¶ 54.

18.     On September 5, 2024, bitFlyer inquired whether I would be able to accept the KEIP Payment in Euros or Yen.  *See* **Exhibit "D"**.  After that bitFlyer did not respond to follow up emails from me on September 5th, 23rd and 26th of 2024. In response to a further email from me on January 14, 2025, bitFlyer responded on January 17, 2025 stating that "[a]t this time, bitFlyer is not obligated to make KEIP payments to Mr. Melamed in connection with the sale of FTX Japan."

19.     On November 7, 2024, I filed an administrative expense claim (the "Administrative Claim").  The Administrative Claim asserted two claims that were entitled to administrative status: i) unpaid amounts due under the KEIP Order; and ii) amounts owed on account of Monthly Director Fees (for which I have never received a single payment presumably justified by the Debtors on account of the August 20th Letter).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 31, 2025

/s/ *Seth Melamed*
Seth Melamed

**Exhibit "A"**

S&C Fox Draft of December 1820, 2023
PRIVILEGED AND CONFIDENTIAL

### GENERAL RELEASE AND WAIVER OF CLAIMS

**GENERAL RELEASE AND WAIVER OF CLAIMS** (this "*Release*"), by Seth Melamed [("*Employee*" / "*Officer*")] in favor of FTX Japan Holdings K.K. and its affiliates and subsidiaries or any other entities affiliated with and including FTX Trading Ltd. (collectively, the "*Company*"), and their respective stockholders, beneficial owners, current or former officers, directors, employees, members, attorneys, representatives and agents, and their predecessors, successors and assigns, individually and in their official capacities (together, the "*Released Parties*").

WHEREAS, [Employee / Officer] has been employed or engaged as [*title*];

WHEREAS, [Employee / Officer] is eligible for certain award payments under the Key Employee Incentive Plan Award Agreement dated [*date*] (the "*Award Agreement*") if the relevant conditions specified in the Award Agreement are met and if, pursuant to Section 4 of the Award Agreement, [Employee / Officer] executes (and does not revoke) this Release.

NOW, THEREFORE, in consideration of the covenants and agreements hereinafter set forth, the parties agree as follows:

1.      <u>General Release</u>.    [Employee / Officer] knowingly and voluntarily, irrevocably and forever, waives, terminates, cancels, releases and discharges forever the Released Parties from any and all suits, actions, causes of action, claims, allegations, rights, obligations, liabilities, demands, entitlements, costs, debts, accounts, or charges (collectively, "*Claims*") that [Employee / Officer] (or [Employee's / Officer's] heirs, executors, administrators, successors and assigns) has now or may have, whether known, unknown or unforeseen, vested or contingent, by reason of any matter, cause or thing occurring at any time before and including as at the date of this Release against the Released Parties (and agrees not to assert any civil, criminal and administrative Claims against the Released Parties (or any of them) for any reason whatsoever with respect to any matter; *provided*, *however*, that this Release shall not include and will not require a release of (1) vested rights under employee compensation (including, vacation, leave or other paid time off) or benefit arrangements, (2) any indemnification, advance of expenses or similar rights provided by the Company (3) any rights as a creditor of, or holder of equity in, the Company, including as provided in the proofs of claim filed by Seth Melamed in the chapter 11 cases of the Company and its affiliates pending in the United States Bankruptcy Court for the District of Delaware [Jointly Administered Case No. 22-11068] as set forth on **Exhibit A** hereto (the "*Proofs of Claim*") or (4) any and all rights and claims afforded to Employee / Officer pursuant to the terms of this Release and the Award Agreement (together, such unreleased rights and claims in (1)-(4) of this paragraph, the "*Excluded Claims*"); *provided*, *further*, that (i) notwithstanding

anything in this Release or otherwise, the Company reserves any and all defenses, rights, remedies, interests, privileges, claims and causes of actions relating to any Excluded Claims and (ii) nothing in this Release limits the Company's right or ability to object to or seek to disallow or subordinate on any basis any claims set forth in the Proofs of Claim.

2.      Additional Representations.   [Employee / Officer] further represents and warrants that [Employee / Officer] has not filed any civil action, suit, arbitration, administrative charge, or legal proceeding against any Released Party nor, has [Employee / Officer] assigned, pledged, or hypothecated as of the date hereof any Claim to any person and no other person has an interest in the Claims that he is releasing.

3.      Acknowledgements by [Employee / Officer].   [Employee / Officer] acknowledges and agrees that [Employee / Officer] has read this Release in its entirety and that this Release is a general release of all known and unknown Claims, except as set forth in Section 1 of this Release.

4.      Cooperation with Investigations and Litigation.   [Employee / Officer] agrees, upon the Company's request, to reasonably cooperate with the Company in any investigation, litigation, arbitration or regulatory proceeding regarding events that occurred during [Employee's / Officer's] tenure with the Company, including making himself or herself reasonably available to consult with Company's counsel, to provide information and to give testimony.

5.      Governing Law.   This Release and any disputes arising in connection herewith shall be governed by in all respects, including as to validity, interpretation, and effect, and construed in accordance with, the laws of Japan, without giving effect to the conflict of laws rules thereof to the extent that any such rules would require or permit the application of the laws of any other jurisdiction. The parties agree that any suit, action or proceeding arising out of or relating to this Release shall be instituted in the Delaware Bankruptcy Court, which shall have the exclusive jurisdiction in the first instance over all disputes arising in connection herewith, and the parties hereby irrevocably submit to the exclusive jurisdiction of any such court.

6.      Severability.   If any provision of this Release should be declared to be unenforceable by any administrative agency or court of law, then remainder of the Release shall remain in full force and effect.

7.      Captions; Section Headings.   Captions and section headings used herein are for convenience only and are not a part of this Release and shall not be used in construing it.

152874577.1

4885-5802-2034 v.5

8. <u>Counterparts; Facsimile Signatures</u>.  This Release may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original instrument without the production of any other counterpart.  Any signature on this Release, delivered by either party by photographic, facsimile or PDF shall be deemed to be an original signature thereto.

*[Signature page follows]*

IN WITNESS WHEREOF, [Employee / Officer] has signed this Release on _____ ____, 2023.


_____

Seth Melamed

**Exhibit "B"**

From: Slater Ward, Stephanie SWard@foxrothschild.com
Subject: RE: [EXTERNAL] FTX Japan/Seth Malamed
Date: Dec 22, 2023 at 5:03:10 AM
To: Paranyuk, Julia E. paranyukj@sullcrom.com, Sweet, Michael A.
MSweet@foxrothschild.com
Cc: Bander, Jeannette E. banderj@sullcrom.com, Dietderich, Andrew G.
dietdericha@sullcrom.com, Kathryn Schultea kschultea@rlks.net,
Kranzley, Alexa J. kranzleya@sullcrom.com, Weinberg Crocco, Fabio
weinbergf@sullcrom.com, Stassen, William H.
WStassen@foxrothschild.com

Thanks, Julia. Would you like to send around a final copy for execution?



**Stephanie Slater Ward**
Associate
919 N. Market Street
Suite 300
Wilmington, DE 19801
📞 (302) 622-4261
🖨 (302) 656-8920
✉ sward@foxrothschild.com

**Learn about our new brand.**

**From:** Paranyuk, Julia E.
**Sent:** December 20, 2023 8:07 PM
**To:** Slater Ward, Stephanie ; Sweet, Michael A.
**Cc:** Bander, Jeannette E. ; Dietderich, Andrew G. ; Kathryn Schultea ;
Kranzley, Alexa J. ; Weinberg Crocco, Fabio ; Stassen, William H.
**Subject:** [EXT] RE: [EXTERNAL] FTX Japan/Seth Malamed
Thanks, Stephanie. We're fine with those final comments.
**Julia E. Paranyuk**
+1 212 558 3505 (T) | +1 914 207 9779 (M)

**From:** Slater Ward, Stephanie <SWard@foxrothschild.com>
**Date:** Wednesday, Dec 20, 2023 at 6:36 PM
**To:** Paranyuk, Julia E. <paranyukj@sullcrom.com>, Sweet, Michael A.
<MSweet@foxrothschild.com>
**Cc:** Bander, Jeannette E. <banderj@sullcrom.com>, Dietderich, Andrew G.
<dietdericha@sullcrom.com>, Kathryn Schultea <kschultea@rlks.net>,
Kranzley, Alexa J. <kranzleya@sullcrom.com>, Weinberg Crocco, Fabio
<weinbergf@sullcrom.com>, Stassen, William H.
<WStassen@foxrothschild.com>

**Subject:** RE: [EXTERNAL] FTX Japan/Seth Malamed

Julia,

Thank you. My only last minor change is to update the exhibit based on the omnibus objection and I made a minor revision in the definition of Company.

Clean/redline against the version you sent around on Monday. Hopefully this finalizes the release and we can move forward.

Thanks!

Best,

Stephanie



[foxrothschild.com]



**Stephanie Slater Ward**
Associate
919 N. Market Street
Suite 300
Wilmington, DE 19801



(302) 622-4261



Tap to Download
**~WRD1887.jpg**
1 KB

[                                                    ]

(302) 656-8920

Tap to Download
**~WRD1887.jpg**
1 KB

[                                                    ]

sward@foxrothschild.com

Tap to Download
**~WRD1887.jpg**
1 KB

[                                                    ]

**Learn about our new brand [vimeo.com].**

**From:** Paranyuk, Julia E.
**Sent:** December 18, 2023 12:02 PM
**To:** Slater Ward, Stephanie ; Sweet, Michael A.
**Cc:** Bander, Jeannette E. ; Dietderich, Andrew G. ; Kathryn Schultea ;
Kranzley, Alexa J. ; Weinberg Crocco, Fabio ; Stassen, William H.
**Subject:** [EXT] RE: [EXTERNAL] FTX Japan/Seth Malamed

Stephanie,
That is helpful to understand, thank you – we're okay with your comment
adding in the "including". Please see attached for our one comment
reflected in the enclosed revised draft, clean and marked against the
prior version that you shared with us.
Please let us know of any questions. Thank you.
Best,

Julia

**Julia E. Paranyuk**
+1 212 558 3505 (T) | +1 914 207 9779 (M)

**From:** Slater Ward, Stephanie
**Sent:** Friday, December 15, 2023 2:59 PM
**To:** Paranyuk, Julia E. ; Sweet, Michael A.
**Cc:** Bander, Jeannette E. ; Dietderich, Andrew G. ; Kathryn Schultea ;
Kranzley, Alexa J. ; Weinberg Crocco, Fabio ; Stassen, William H.
**Subject:** RE: [EXTERNAL] FTX Japan/Seth Malamed

Julia and Fabio,
Following up on our call earlier this week.
To answer your question about whether there are any other known
claims, the answer is that we are not aware of any at this time. The
addition of the word "including" in my markup is to avoid inadvertently
releasing any other claims that Seth may have in the future as well as to
be consistent with the original form that you sent over.
If you have any other questions, happy to discuss.
Thanks,
Stephanie


**Tap to Download**
**~WRD1887.jpg**
1 KB

[foxrothschild.com]


**Tap to Download**
**~WRD1887.jpg**
1 KB

**Stephanie Slater Ward**

Associate

919 N. Market Street
Suite 300
Wilmington, DE 19801



Tap to Download
**~WRD1887.jpg**
1 KB

[                                                    ]

(302) 622-4261

Tap to Download
**~WRD1887.jpg**
1 KB

[                                                    ]

(302) 656-8920

Tap to Download
**~WRD1887.jpg**
1 KB

[                                                    ]

sward@foxrothschild.com

Tap to Download
**~WRD1887.jpg**
1 KB

[                                                    ]

**Learn about our new brand [vimeo.com].**

**From:** Paranyuk, Julia E. <paranyukj@sullcrom.com>
**Sent:** November 30, 2023 1:45 PM
**To:** Slater Ward, Stephanie <SWard@foxrothschild.com>; Sweet,
Michael A. <MSweet@foxrothschild.com>

**Cc:** Bander, Jeannette E. <[banderj@sullcrom.com](mailto:banderj@sullcrom.com)>; Dietderich, Andrew G. <[dietdericha@sullcrom.com](mailto:dietdericha@sullcrom.com)>; Kathryn Schultea <[kschultea@rlks.net](mailto:kschultea@rlks.net)>; Kranzley, Alexa J. <[kranzleya@sullcrom.com](mailto:kranzleya@sullcrom.com)>; Weinberg Crocco, Fabio <[weinbergf@sullcrom.com](mailto:weinbergf@sullcrom.com)>; Stassen, William H. <[WStassen@foxrothschild.com](mailto:WStassen@foxrothschild.com)>

**Subject:** [EXT] RE: [EXTERNAL] FTX Japan/Seth Malamed

Stephanie,

We reverted on that point because we understand that all KEIP participants are in Japan, but please let us know if you have any particular concern. Thank you.

Best,

Julia

**Julia E. Paranyuk**
[+1 212 558 3505](tel:+12125583505) (T) | [+1 914 207 9779](tel:+19142079779) (M)

**From:** Slater Ward, Stephanie <[SWard@foxrothschild.com](mailto:SWard@foxrothschild.com)>
**Sent:** Thursday, November 30, 2023 1:06 PM
**To:** Paranyuk, Julia E. <[paranyukj@sullcrom.com](mailto:paranyukj@sullcrom.com)>; Sweet, Michael A. <[MSweet@foxrothschild.com](mailto:MSweet@foxrothschild.com)>
**Cc:** Bander, Jeannette E. <[banderj@sullcrom.com](mailto:banderj@sullcrom.com)>; Dietderich, Andrew G. <[dietdericha@sullcrom.com](mailto:dietdericha@sullcrom.com)>; Kathryn Schultea <[kschultea@rlks.net](mailto:kschultea@rlks.net)>; Kranzley, Alexa J. <[kranzleya@sullcrom.com](mailto:kranzleya@sullcrom.com)>; Weinberg Crocco, Fabio <[weinbergf@sullcrom.com](mailto:weinbergf@sullcrom.com)>; Stassen, William H. <[WStassen@foxrothschild.com](mailto:WStassen@foxrothschild.com)>
**Subject:** RE: [EXTERNAL] FTX Japan/Seth Malamed

Hi Julia,

Thanks for sending this along. We are reviewing with our client and will be in touch.

Can you please let us know why you changed the Governing Law in paragraph 5 back to Japan / the Tokyo District Court? Are there employment law considerations that require Japan?

Best,

Stephanie



**Tap to Download**
**image001.jpg**
583 bytes

[ ]

[foxrothschild.com]



**Tap to Download**
**image002.jpg**
478 bytes

[ ]

**Stephanie Slater Ward**
Associate
919 N. Market Street
Suite 300
Wilmington, DE 19801



**Tap to Download**
**image003.jpg**
453 bytes

[ ]

(302) 622-4261



**Tap to Download**
**image003.jpg**
453 bytes

[ ]

(302) 656-8920



[                                                    ]

[sward@foxrothschild.com](mailto:sward@foxrothschild.com)



[                                                    ]

**Learn about our new brand [vimeo.com].**

**From:** Paranyuk, Julia E. <[paranyukj@sullcrom.com](mailto:paranyukj@sullcrom.com)>
**Sent:** November 29, 2023 11:55 AM
**To:** Slater Ward, Stephanie <[SWard@foxrothschild.com](mailto:SWard@foxrothschild.com)>; Sweet, Michael A. <[MSweet@foxrothschild.com](mailto:MSweet@foxrothschild.com)>
**Cc:** Bander, Jeannette E. <[banderj@sullcrom.com](mailto:banderj@sullcrom.com)>; Dietderich, Andrew G. <[dietdericha@sullcrom.com](mailto:dietdericha@sullcrom.com)>; Kathryn Schultea <[kschultea@rlks.net](mailto:kschultea@rlks.net)>; Kranzley, Alexa J. <[kranzleya@sullcrom.com](mailto:kranzleya@sullcrom.com)>; Weinberg Crocco, Fabio <[weinbergf@sullcrom.com](mailto:weinbergf@sullcrom.com)>; Stassen, William H. <[WStassen@foxrothschild.com](mailto:WStassen@foxrothschild.com)>
**Subject:** [EXT] RE: [EXTERNAL] FTX Japan/Seth Malamed

Stephanie,

Please see attached for our comments to Seth's release, clean and marked against the draft that you shared with us. Let us know of any questions. Thank you.

Best,
Julia

**Julia E. Paranyuk**
[+1 212 558 3505](tel:+12125583505) (T) | [+1 914 207 9779](tel:+19142079779) (M)

**From:** Slater Ward, Stephanie <[SWard@foxrothschild.com](mailto:SWard@foxrothschild.com)>
**Sent:** Tuesday, November 28, 2023 10:22 AM

**To:** Weinberg Crocco, Fabio <weinbergf@sullcrom.com>; Sweet, Michael A. <MSweet@foxrothschild.com>; Paranyuk, Julia E. <paranyukj@sullcrom.com>
**Cc:** Bander, Jeannette E. <banderj@sullcrom.com>; Dietderich, Andrew G. <dietdericha@sullcrom.com>; Kathryn Schultea <kschultea@rlks.net>; Kranzley, Alexa J. <kranzleya@sullcrom.com>; Stassen, William H. <WStassen@foxrothschild.com>
**Subject:** RE: [EXTERNAL] FTX Japan/Seth Malamed
**Importance:** High

Fabio,
Following up on my email below. Just want to be sure we are on the same page before the objection deadline **this afternoon at 4:00 p.m. (et).**
Thanks!
Stephanie



[                                                                    ]

[foxrothschild.com]



[                                                                    ]

**Stephanie Slater Ward**
Associate
919 N. Market Street
Suite 300
Wilmington, DE 19801

**Tap to Download**
**image003.jpg**
453 bytes

[(302) 622-4261](#)

**Tap to Download**
**image003.jpg**
453 bytes

[(302) 656-8920](#)

**Tap to Download**
**image004.jpg**
453 bytes

[sward@foxrothschild.com](mailto:sward@foxrothschild.com)

**Tap to Download**
**image002.jpg**
478 bytes



**Learn about our new brand [vimeo.com].**

**From:** Slater Ward, Stephanie
**Sent:** November 27, 2023 1:13 PM
**To:** Weinberg Crocco, Fabio <[weinbergf@sullcrom.com](mailto:weinbergf@sullcrom.com)>; Sweet, Michael A. <[MSweet@foxrothschild.com](mailto:MSweet@foxrothschild.com)>; Paranyuk, Julia E. <[paranyukj@sullcrom.com](mailto:paranyukj@sullcrom.com)>
**Cc:** Bander, Jeannette E. <[banderj@sullcrom.com](mailto:banderj@sullcrom.com)>; Dietderich, Andrew G. <[dietdericha@sullcrom.com](mailto:dietdericha@sullcrom.com)>; Kathryn Schultea <[kschultea@rlks.net](mailto:kschultea@rlks.net)>; Kranzley, Alexa J. <[kranzleya@sullcrom.com](mailto:kranzleya@sullcrom.com)>

**Exhibit "C"**

August 20, 2024

Mr. Seth Melamed
2-3-7 Shimomeguro #510
Meguro-ku, Tokyo, Japan
153-0064

and

JL Bumbak
Gang p. Saubi Villa Palms
Kabupaten Badung Kuta Utara
Bali 80361
Indonesia

Email: seth@liquid.com; check_raize@yahoo.com; and sethm19@mac.com

Re: Notice of Breach and Termination for Cause

Mr. Melamed:

Reference is made to (i) that certain Management Agreement, by and between FTX Japan Holdings K.K. (formerly known as Liquid Group Inc.) ("FTX Japan") and you, dated March 31, 2022, as amended on June 30, 2022, and as further amended and restated by that certain Amended and Restated Management Agreement, by and between you and FTX Japan, dated October 19, 2022 (collectively, the "FTX Japan Management Agreement"), and (b) that certain termination letter, dated July 30, 2024 (the "Termination Letter").

1.  Notice of Breach. It has come to our attention that the *Joinder of Seth Melamed to the Objections to the Plan Raised by the Retail Customers and Reservation of Rights* (D.I. 23167) was filed by you in the United States Bankruptcy Court for the District of Delaware on August 16, 2024.  Accordingly, this letter (this "Letter") is to provide you with notice of a material breach by you of Section 3.1(e) of the FTX Japan Management Agreement.

2.  Withholding of Payments. As a result of the breach described in Section 1 above, you will not be entitled to any other compensation or benefits pursuant to the FTX Japan Management Agreement or otherwise.

3.  Termination for Cause. In accordance with the terms of the FTX Management Agreement, such material breach must be cured within 30 days of receipt of this Letter, failing which you will be deemed to have been terminated with Cause (as defined in the FTX Japan Management Agreement) pursuant to Section 11.2(a) of the FTX Japan Management Agreement effective as of the date of this Letter.

FTX Japan, on behalf of itself and its affiliates, expressly reserves all rights and remedies to be asserted against you in relation to the foregoing matters or any other matters under the FTX Japan Management Agreement, the Termination Letter, applicable law (including corporate law and bankruptcy law) and otherwise.

*[Signature Page Follows]*

Very truly yours.

FTX JAPAN HOLDINGS K.K.

By: *Kurt S. Knipp*

Name: Kurt Knipp
Title: Director

**Exhibit "D"**



**From:** Koya Takahashi <koya.takahashi@custodiem.com>
**Date:** January 17, 2025 at 10:13:54 PM GMT+13
**To:** Seth Melamed <sethm19@mac.com>
**Cc:** Ben Spitz <ben.spitz@liquid.com>
**Subject: Re: KEIP**


Dear Seth-san,

At this time, bitFlyer is not obligated to make any KEIP payments to Mr. Melamed in connection with the sale of FTX Japan.

Best regards,
Koya

2025年1月14日(火) 10:52 Seth Melamed <sethm19@mac.com>:
  Hello Ben, Takahashi-San,
  I have not received the payment for the KEIP
  Is BitFlyer intending to pay the KEIP?

  As mentioned previously, the KEIP can be paid in JPY to the previous banking
  instructions shared with Kagimoto-San and which were used for payment of the
  Directors fees previously.

  Thank you for the response.

  Seth


      On Sep 26, 2024, at 10:32 AM, Seth Melamed
      <sethm19@mac.com> wrote:


      Good morning,
      Is there any news on the KEIP you can share?
      Or alternatively can you let me know if BitFlyer is planning to pay
      the KEIP?

Thank you

> On Sep 23, 2024, at 10:14 AM, Seth Melamed <[sethm19@mac.com](mailto:sethm19@mac.com)> wrote:

Hello Ben, Koya-San,
Can you share the calculation method that is being used for the KEIP payment?

Thank you

> On Sep 5, 2024, at 12:08 PM, Seth Melamed <[sethm19@mac.com](mailto:sethm19@mac.com)> wrote:

JPY
Madoka san has my banking details.

>> On Sep 5, 2024, at 12:32 PM, Ben Spitz <[ben.spitz@liquid.com](mailto:ben.spitz@liquid.com)> wrote:

Hi Seth,

bitFlyer would like to know if you are able to accept the KEIP payment in EUR or JPY.  I understand they are not able to pay in USD. Could you please let us know?

Best,
Ben

>>> On Thu, Sep 5, 2024 at 11:26 AM Seth Melamed <[sethm19@mac.com](mailto:sethm19@mac.com)> wrote:
>>> Hello Ben,

Can you let me know if
BitFlyer intends to pay me
the KEIP or not?
I would like to know soon.

Thank you,
Seth