November 12, 2025

RECEIVED

2025 NOV 12 AM 8:32

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Clerk of the Court
United States Bankruptcy Court
District of Delaware

Re: In re FTX Trading Ltd., et al., Case No. 22-11068 (KBO)

**Filing of: LIMITED OBJECTION OF DELI GONG TO THE MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER EXTENDING (I) THE CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE (D.I. 33444)**

Dear Clerk:

Please accept for filing the enclosed Limited Objection of Deli Gong to the Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline (D.I. 33444).

Thanks,
Deli Gong

10 Beatty Road
Singapore 209955

RECEIVED

2025 NOV 12 AM 8: 32

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 33444** |

**LIMITED OBJECTION OF DELI GONG TO THE MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER EXTENDING (I) THE CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE (D.I. 33444)**

Deli Gong, holder of Claim No. 55040 (the "Creditor"), respectfully submits this limited objection (the "Objection") to the FTX Recovery Trust's Motion for Entry of an Order Extending the Claims Objection Deadline and Administrative Claims Objection Deadline (Docket No. 33444) filed on November 3, 2025 (the "Extension Motion"). This objection addresses the Trust's request for an unconditional one-year extension and proposes alternative relief that better serves the interests of creditors and the estate.

I.     **CREDITOR'S STANDING AND CURRENT STATUS**

1.     Creditor filed a claim against FTX Trading Ltd. on September 18, 2023 based on account holdings as of the petition date. This claim reflects digital assets as well as US dollars held on the FTX platform with complete transaction history and account documentation.

2.     Despite having straightforward documentation and no complex valuation issues, Creditor's claim has been designated as "disputed" without explanation. This designation has persisted through two distribution cycles—the May 30, 2025 distribution and the September 30, 2025 distribution—preventing Creditor from receiving any recovery while other similarly situated creditors have been paid.

1

3.     In an effort to resolve any potential issues, Creditor proactively completed all pre-distribution requirements established by the Trust. After extensive correspondence with FTX support, Creditor received written confirmation on October 21, 2025, that the account jurisdiction has been verified as Singapore. Despite this confirmation and full compliance with all Trust requirements, the claim remains inexplicably disputed.

4.     Creditor has received no substantive communication explaining the basis for the disputed designation, what documentation might be missing, or what steps could be taken to resolve the dispute. This information vacuum prevents Creditor from addressing any concerns the Trust might have.

## II.     THE TRUST'S LACK OF TRANSPARENCY

5.     The FTX Recovery Trust has filed regular reports with this Court, including Financial Reports for Q1 2025 (Docket No. 30424) and Q2 2025 (Docket No. 32371), as well as Post-Confirmation Reports for quarters ending March 31, 2025 (Docket No. 30186), June 30, 2025 (Docket No. 31627), and September 30, 2025 (Docket No. 33205). While these reports provide general updates on estate administration, they contain no meaningful information about disputed claims.

6.     The reports fail to disclose basic information that would help creditors understand the claims process, such as: how many claims are disputed by category, what issues are causing disputes, estimated timeframes for resolution, or procedures for creditors to obtain information about their specific situations. This opacity leaves thousands of creditors unable to understand or address their disputed status.

7.     The Extension Motion continues this pattern by providing only aggregate numbers—approximately 25,400 claims remaining under review—without context or

explanation. The Trust states it has filed 198 omnibus objections but does not explain why straightforward customer claims remain unresolved or disputed after nearly a year of review.

### III.   THE TRUST HAS NOT ESTABLISHED SUFFICIENT CAUSE

8.      Bankruptcy Rule 9006(b) permits deadline extensions only "for cause shown." The moving party bears the burden of demonstrating that cause exists. Here, the Trust's generic assertions about case complexity do not constitute cause for an unconditional one-year extension, particularly when the Trust has not explained why simple claims remain unresolved.

9.      The Trust attempts to support its request by citing other cases where extensions were granted, particularly In re Cred Inc., Case No. 20-12836 (KBO), which involved five one-year extensions. However, those extensions were unopposed. When creditors object and demonstrate prejudice, as here, the Court must conduct a more searching inquiry into whether cause truly exists.

10.     Moreover, the timing of this request undermines the Trust's position. Filing the Extension Motion on November 3, 2025, just 61 days before the January 3, 2026 deadline, suggests poor planning rather than unexpected circumstances. The Trust has known for months that thousands of claims remained unresolved, yet waited until the filing date to seek relief.

### IV.   AN UNCONDITIONAL EXTENSION WOULD COMPOUND EXISTING PREJUDICE

11.     Creditors with disputed claims face ongoing financial uncertainty and cannot access funds that may be rightfully theirs. Each day of delay represents real economic harm, particularly for individual creditors who may need these funds for personal or business purposes.

12.     Most importantly, the complete absence of information about disputed claims denies creditors basic procedural fairness. Without knowing why their claims are disputed,

creditors cannot provide missing information, correct errors, or address concerns. This informational asymmetry effectively prevents creditors from protecting their interests.

### V.  PROPOSED CONDITIONS FOR ANY EXTENSION

13.  If the Court finds that some extension is warranted, Creditor respectfully requests that it be limited in duration and subject to specific conditions designed to protect creditor interests and promote transparency:

(a) First, the Trust should be required to provide, within 90 days, a detailed report categorizing all disputed claims, explaining the general bases for disputes, and establishing timelines for resolution. This report should be filed publicly so all creditors can understand the process.

(b) Second, the Trust should implement a system allowing creditors to obtain specific information about their individual claims through a defined process, rather than the current black box approach.

(c) Third, pursuant to the Court's authority under Bankruptcy Rule 9006(d), any future extension requests should be filed at least 90 days before the deadline to allow meaningful creditor participation and Court review. The current 61-day notice period is insufficient for complex matters affecting thousands of creditors.

(d) Fourth, the extension should be limited to 90 days initially, with the possibility of additional extension only upon a showing of substantial progress and continued need.

(e) Fifth, the Trust should be required to prioritize resolution of straightforward claims like Creditor's that involve complete documentation and no complex legal or valuation issues.

## VI.    CONCLUSION AND REQUESTED RELIEF

14.    The Trust's request for an unconditional one-year extension lacks adequate justification and would perpetuate a system that denies creditors basic information about their claims. After nearly a year since the effective date, creditors deserve transparency about why their claims remain disputed and when they might be resolved.

15.    Creditor therefore respectfully requests that this Court deny the Extension Motion as filed, or alternatively, grant a limited extension subject to the conditions outlined above. These conditions would balance the Trust's administrative needs with creditors' rights to information and timely resolution of their claims.

16.    Creditor further requests such other and further relief as the Court deems just and appropriate under the circumstances.

Dated: November 12, 2025
Respectfully submitted,

_____
Deli Gong
10 Beatty Road
Singapore 209955

Claim No. 55040
Email: python.machine_2o@icloud.com

## CERTIFICATE OF SERVICE

I, Deli Gong, hereby certify that on the 12th day of November 2025, I caused a true and correct copy of the foregoing *Limited Objection of Deli Gong to the Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline (D.I. 33444)* to be submitted to the Court in paper form, in accordance with the procedures applicable to pro se fillings in the United States Bankruptcy Court for the District of Delaware.

I further certify that on the same date, November 12, 2025, I caused a courtesy copy of the foregoing filing to be served via Electronic Email upon the following parties:

*Counsel for the FTX Recovery Trust*

| | |
|---|---|
| Adam G. Landis, Esq. | Andrew G. Dietderich, Esq. |
| Kimberly A. Brown, Esq. | James L. Bromley, Esq. |
| Matthew R. Pierce, Esq. | Brian D. Glueckstein, Esq. |
| **LANDIS RATH & COBB LLP** | Alexa J. Kranzley, Esq. |
| 919 Market Street, Suite 1800 | **SULLIVAN & CROMWELL LLP** |
| Wilmington, Delaware 19801 | 125 Broad Street |
| landis@lrclaw.com | New York, NY 10004 |
| brown@lrclaw.com | dietdericha@sullcrom.com |
| pierce@lrclaw.com | bromleyj@sullcrom.com |
| | gluecksteinb@sullcrom.com |
| | kranzleya@sullcrom.com |

November 12, 2025

Deli Gong

SIDNEY TONG
(669) 214-1958
648 ACACIA LN
REDWOOD CITY  CA 94062

0.2 LBS LTR
SHP WT: LTR
DATE: 11 NOV 2025

SHIP U.S STATE BANKRUPTCY COURT DELEWARE
TO:  3RD FLOOR CLERK OF THE COURT
     824 N MARKET ST

WILMINGTON  DE 19801-3024

DE 197 9-25



UPS EARLY

1+

TRACKING #: 1Z J73 51K 15 0933 2123

BILLING: P/P

MMR7BBBUGGD9E ISH 13.00C ZZP 450 42.5U 10/2025

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.
RRD K 0625