**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br>FTX TRADING LTD., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br><br>**Hearing Date: November 24, 2025 at 9:30 a.m. (ET)** |
|---|---|

2025 NOV 13 A 11:55

**LIMITED OBJECTION OF HEJIE CHEN TO FTX RECOVERY TRUST'S MOTION TO EXTEND CLAIMS OBJECTION DEADLINES (D.I. 33444)**

Hejie Chen ("Objector"), an individual creditor, respectfully submits this limited objection to the FTX Recovery Trust's Motion to Extend Deadlines to Object to Claims and Administrative Claims (D.I. 33444) (the "Extension Motion"). Objector requests that the Court deny the one-year, unconditional extension, or, in the alternative, limit any extension to a narrowly defined and time-limited period with mandatory transparency and reporting safeguards described below.

**Introduction**

My name is Hejie Chen, and I am an individual creditor of FTX, filing this motion on my own, without a lawyer (pro se).

I submit this limited objection because the requested one-year extension would cause further unfair delay for creditors like myself, and any extension should be strictly conditioned and time-limited.

I respectfully oppose the Debtor's "Extension Motion", or, alternatively, limit any extension to a narrowly defined and time-limited period, with mandatory transparency and reporting safeguards.

This request is not based on fair and reasonable grounds and would lead to further unfair delays for creditors like myself, who are already suffering significant hardship due to the lack of transparency and accountability in the ongoing bankruptcy process.

## **Background**

FTX has asked the Court to extend its authority to keep claims in "disputed" status for an indefinite period, citing case backlog and administrative complexity. However, this request lacks sufficient legal grounds and does not meet the standards of Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, which requires the Debtor to demonstrate "cause" for any delay. General references to case backlog, administrative difficulty, or volume of work are not sufficient "cause" under Rule 9006(b), especially where the burden of delay falls entirely on unpaid creditors rather than on the party seeking the extension. In practical effect, this allows the Trust to keep many claims in "disputed" status for a much longer period, approaching an indefinite timeline for affected creditors.

This extension request appears to be an attempt to continue freezing creditors' claims without providing a clear path to resolution. Additionally, it risks delaying necessary decisions on disputed claims, which has already resulted in unfair treatment of creditors.

## REASONS FOR OPPOSITION

### I. The "Disputed" Label Was Not Meant to Be Indefinite

The original time limit for the "disputed" status was meant to force timely resolution of all claims. The extension requested by the Debtor would allow FTX to keep claims in "disputed" status indefinitely, with no clear timeline for resolution. This is not only unfair, but it also undermines creditors' expectations of fair treatment.

### II. The Extension of the Administrative Objection Period Serves Only the Trust's Interests.

By requesting an extension, FTX seeks to delay the review of administrative claims, which directly benefits the Trust's own financial interests. This delay maintains the lack of transparency and continues to obscure the true cost of administering this case, ultimately diluting the funds available for distribution to creditors.

### III. Continuous Delays Undermine Transparency, Fairness, and Efficiency

The continual extension of the claims process creates a vicious cycle of delay, where creditors are left without a clear path to receive their rightful distributions. These repeated extensions will significantly:

1. Prolong the freeze on creditors' funds;

2. Prevent creditors from receiving their fair share of the estate in a timely manner.

### IV. Time-Value Inequality

Many disputed claims are straightforward and well-supported, yet they remain frozen without explanation. I am a 5A creditor, and I completed the KYC update with both FTX and the Distribution Service Provider on July 18, 2025, based on my U.S. residency status. However, my account still appears as "disputed," and I have

received nothing. Meanwhile, similarly situated Class 5A creditors have already received distributions and regained the time-value of their assets. This creates an unjust time-value inequality between disputed and undisputed creditor. In the current high-interest-rate environment, this disparity compounds monthly, resulting in real economic harm to disputed creditors.

This is factually incorrect and procedurally unjustified. If this extension is granted, it will seriously undermine the efficiency of the bankruptcy process and unfairly disadvantage creditors like myself who have complied with all requirements. It will also undermine the transparency of the process, making it harder for creditors to understand why their claims are delayed or disputed.

**V. Personal Impact**

My claim exceeds one million U.S. dollars, representing many years of hard work and savings. The delay in resolving my claim has caused severe financial hardship and emotional distress for my family. The extension of the "disputed" status would further prolong our suffering and delay our right to receive payment.

**Requested Relief**

For all the reasons stated above, I respectfully request that the Court:

1. Deny the Trust's request for a one-year, unconditional extension of the Claims Objection Deadline through January 3, 2027;
2. If an extension is granted, require FTX to meet strict conditions, including:
   a) A 3-month maximum extension period;
   b) Detailed public disclosure of all disputed claims and their classification;
   c) Full transparency on the affected creditors and progress made;

3. Ensure Favorable Conditions to prevent further delay and address time-value compensation for unpaid creditors.

**Conclusion**

I respectfully ask that the Court deny or condition the Debtor's request for an extension and that this case proceed in a manner that honors fairness, transparency, and efficiency.

Dated: November 10, 2025

Respectfully submitted,

Hejie Chen (pro se creditor) Hejie Chen
Claim ID 3369965

Address: 2812 Sterne Pl, Fremont CA 94555, U.S.
Email: 59914107@qq.com | Phone: (949)792-9024

**CERTIFICATE OF SERVICE**

I hereby certify that as of November 10, 2025, I caused a true and correct copy of the foregoing Objection of Hejie Chen to the FTX Recovery Trust's Motion to Extend Deadlines to Object to Claims and Administrative Claims (D.I. 33444) to be served via electronic mail upon the following recipients:

**Counsel for the FTX Recovery Trust – Sullivan & Cromwell LLP**

Andrew G. Dietderich – dietdericha@sullcrom.com

James L. Bromley – bromleyj@sullcrom.com

Brian D. Glueckstein – gluecksteinb@sullcrom.com

Alexa J. Kranzley – kranzleya@sullcrom.com

**Delaware Counsel for the Trust – Landis Rath & Cobb LLP**

Adam G. Landis – landis@lrclaw.com

Kimberly A. Brown – brown@lrclaw.com

Matthew R. Pierce – pierce@lrclaw.com

Matthew B. McGuire – mcguire@lrclaw.com

**Office of the United States Trustee – District of Delaware**

Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov

Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov

David Gerardi – david.gerardi@usdoj.gov

Hejie Chen (pro se) Hejie Chen
Address: 2812 Sterne Pl, Fremont CA 94555, U.S.
Email: 59914107@qq.com