# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>FTX TRADING LTD., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br><br>Hearing Date: November 24, 2025 at 9:30 a.m. (ET) |

### LIMITED OBJECTION OF HUIMIN ZHONG TO THE FTX RECOVERY TRUST'S MOTION FOR ENTRY OF AN ORDER EXTENDING (I) THE CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE (D.I. 33444)

Huimin Zhong ("Objector"), a creditor in the above-captioned chapter 11 cases, respectfully submits this limited objection (the "Limited Objection") to the Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline (D.I. 33444) (the "Motion"). In support of this Limited Objection, the Objector states as follows:

**PRELIMINARY STATEMENT**

1. Creditor does not oppose, in principle, a reasonable extension. These Chapter 11 cases remain unprecedented in global scale and complexity, and the Recovery Trust continues to shoulder substantial administrative and litigation burdens.
2. However, the Extension Motion— as currently presented —seeks a substantial, unconditional one-year extension without offering any corresponding transparency, oversight, or procedural safeguards for creditors whose claims have been unilaterally designated as "disputed" without explanation. For these creditors, the lack of information regarding the basis for the disputed designation, the categorization of disputes, the status of review, or any projected resolution timeline has resulted in a prolonged and opaque administrative freeze.
3. The Motion also overlooks a profound human dimension to this administrative delay. The Trust's early progress was built upon the timely cooperation of a global community of creditors. Now, many of these same individuals—including those with limited financial knowledge, language barriers, or an inability to afford legal counsel—find their claims indefinitely frozen. They fulfilled their obligations to the process in good faith, yet they are now structurally excluded from understanding or challenging their "disputed" status. This leaves them facing significant financial uncertainty and life pressures without any recourse or explanation. The requested blanket extension would perpetuate this unfairness, punishing the very creditors whose cooperation made the initial phases of this case possible.
4. These concerns are heightened by the fact that these cases have now been pending for more than two years. During this time, disputed creditors' ability to obtain meaningful communication from

<ol start="4">
<li>the Trust has steadily diminished. Communications submitted through the Kroll portal or other designated channels frequently receive no substantive response.</li>
<li>Compounding these issues, the incentives within the administration of these cases are fundamentally misaligned. Disputed creditors must continue spending time, money, and legal resources simply to seek clarity on their claim status—often without receiving any meaningful response. International creditors in particular bear significant costs: professional fees, translation fees, and repeated inquiries. By contrast, the Trust bears no economic cost for delay, and its professionals may even benefit from prolonged administration.</li>
<li>Accordingly, if the Court determines an extension is warranted, Creditor respectfully submits that it should not grant a full unconditional year. A shorter, conditional extension—such as ninety days—paired with basic transparency, categorization, and reporting requirements, is a more balanced and equitable approach that protects the estate while addressing the severe prejudice faced by disputed creditors.</li>
</ol>

**FACTUAL BACKGROUND**

**I. Creditor's Background and Source of Information**

<ol start="7">
<li>Creditor Huimin Zhong ("Creditor") is a Chinese creditor in these chapter 11 cases and is the holder of Claim No. 37373. The FTX Unique Customer Code is 5994556. In addition to his personal claim, Creditor has communicated with other international creditors regarding their claim status and difficulties in communicating with the Trust.</li>
</ol>

**II. The Case Has Entered a Different Procedural Stage**

<ol start="8">
<li>In multiple filings and hearings, the Debtors and the Trust have represented that the claims reconciliation process has advanced significantly. Specifically, they have stated that the majority of global asset recovery and reconciliation has been completed, most straightforward customer claims have been resolved, and the case has transitioned into a later procedural stage. These statements demonstrate that the current posture of the case is materially different from earlier phases.</li>
</ol>

**III. Systemic Failure of Communication Channels**

<ol start="9">
<li>Creditor's experience, as well as reports from many similarly situated creditors, shows that numerous simple, fully documented claims remain marked as "disputed" without explanation. Every inquiry to official channels—without exception—has resulted in automated or template responses providing no explanation, no dispute category, and no indication that any knowledgeable person had reviewed the inquiry.</li>
<li>This communication failure is not limited to individual creditors. Creditor's counsel has, on multiple occasions, attempted to communicate directly with the Trust's counsel regarding disputed designations. These efforts have likewise yielded little to no substantive information, demonstrating that the communication gap is structural rather than individual.</li>
</ol>

**IV. The Shifting Meaning of "Disputed" Status**

<ol start="11">
<li>Throughout 2025, the basis for disputed designations changed repeatedly: initially believed by creditors to be related to DSP availability; later described in a court filing as jurisdictional risk for 49 countries; and then reframed as concern based on digital-asset-derived claims. None of these</li>
</ol>

shifting explanations were ever communicated directly to affected creditors, leaving them without a stable or consistent understanding of their disputed status.
12. Consequently, many creditors remain indefinitely frozen in disputed status without any guidance, transparency, or path toward resolution.

**LEGAL ARGUMENT**

**I. The Court Has Broad Discretion to Grant a Tailored, Conditional Extension**

13. The Trust seeks a one-year, unconditional extension of the Claims Objection Deadline. While the Plan authorizes the Trust to request an extension, it does not mandate that the Court approve one. Under 11 U.S.C. §105(a), bankruptcy courts possess broad equitable authority to craft relief that ensures fairness and prevents procedural imbalance.
14. Accordingly, the Court is fully empowered to grant a shorter, conditional extension, impose transparency and reporting requirements, and maintain ongoing supervisory oversight.

**II. A One-Year Unconditional Extension Would Materially Prejudice Disputed Creditors**

15. The Trust's motion describes administrative workload but does not address the reality that thousands of creditors operate in a complete information vacuum, unable to determine the reason for their dispute, a timeline for review, or how to cure their status.
16. Delaware bankruptcy courts have repeatedly recognized that a lack of transparency in administrative processes creates unfairness and harms creditor interests. Granting the requested year-long extension without safeguards would entrench this lack of transparency.
17. Delay itself constitutes prejudice, particularly in light of the vulnerable position of many individual creditors who lack the resources to navigate this opaque process. The Court must consider the real-world and pressing impact of further delay on these creditors' lives and finances.

**III. A Short, Conditional Extension Best Balances Administrative Needs with Creditor Protections**

18. Delaware courts have endorsed phased extensions with ongoing judicial oversight where necessary to ensure progress. A short, conditional extension—such as 90 days—paired with transparency, categorization, progress reporting, and narrowly tailored creditor remedies would prevent undue prejudice, ensure accountability, and preserve the integrity of the claims resolution process.
19. In contrast, the one-year unconditional extension requested by the Trust is unnecessary, procedurally inappropriate, and incompatible with the fairness principles embedded in the Bankruptcy Code.

**REQUESTED RELIEF**

20. WHEREFORE, for the reasons set forth herein, the Creditor respectfully requests that the Court enter an order granting the following relief:

(a) Denying the Trust's request for a one-year, unconditional extension of the Claims Objection Deadline through January 3, 2027;

(b) Granting only a short, conditional extension of the Claims Objection Deadline— such as ninety (90) days—subject to the supervisory conditions set forth below;

(c) Requiring the Trust to provide basic, non-privileged transparency regarding disputed claims, including a public dispute-category framework (e.g., missing documentation, address verification, jurisdictional review, etc.), notice to each affected creditor identifying their category, projected review timelines, and cure or clarification instructions where applicable;

(d) Requiring the Trust to file periodic status reports summarizing progress made in resolving disputed claims;

(e) Authorizing a limited "compel action" mechanism, permitting any disputed creditor to seek procedural relief upon a showing of prolonged inaction without good cause;

(f) Directing the Trust to implement differentiated, category-based processing for disputed claims, prioritizing the timely resolution of "Administratively Simple Disputes";

(g) Granting such other and further relief as the Court deems just, proper, and equitable.

**RESERVATION OF RIGHTS**

21. The Creditor expressly reserves all rights, claims, arguments, and remedies, whether legal or equitable, including, without limitation, the right to (i) supplement or amend this Limited Objection; (ii) raise additional or independent objections to any future request for extension of the Claims Objection Deadline; and (iii) pursue any further relief available under the Bankruptcy Code, the Bankruptcy Rules, or applicable law.

**CONCLUSION**

22. For the foregoing reasons, and in the interest of fairness, transparency, and orderly case administration, the Creditor respectfully submits that the Trust's request for a one-year, unconditional extension of the Claims Objection Deadline should be denied. A short, conditional extension—paired with reasonable transparency measures and creditor protections—is sufficient to protect the estate while preventing further unnecessary prejudice to creditors who are both unable to exercise their rights and whose lives remain in limbo.

Date: November 12, 2025

Respectfully submitted,

/钟惠敏/

钟惠敏 (Huimin Zhong)

Claim No. 37373

0x8794@gmail.com

(0086) 15812434194

## CERTIFICATE OF SERVICE

I, Huimin Zhong, hereby certify that on the 12th day of November 2025, I caused a true and correct copy of the foregoing *Limited Objection of Huimin Zhong to the FTX Recovery Trust's Motion for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline (D.I. 33444)* to be submitted to the Court in paper form, in accordance with the procedures applicable to pro se filings in the United States Bankruptcy Court for the District of Delaware.

I further certify that on the same date, November 12, 2025, I caused a courtesy copy of the foregoing filing to be served via Electronic Mail upon the following parties:

**U.S. Trustee – District of Delaware**

- Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov
- Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
- David Gerardi – david.gerardi@usdoj.gov

**Counsel to the FTX Recovery Trust – Sullivan & Cromwell LLP**

- Andrew G. Dietderich – dietdericha@sullcrom.com
- James L. Bromley – bromleyj@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com

**Delaware Counsel to the Trust – Landis Rath & Cobb LLP**

- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com
- Matthew B. McGuire – mcguire@lrclaw.com

November 12, 2025

钟惠敏

Huimin Zhong