IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re: )
FTX TRADING LTD., et al., )
) Chapter 11
Debtors. ) Case No. 22-11068 (KBO)
) (Jointly Administered)
) Ref. Docket No. 33444

## LIMITED OBJECTION OF XINLING XIONG TO MOTION TO EXTEND CLAIMS OBJECTION DEADLINE

Xinling Xiong ("Objector"), a creditor in the above-captioned chapter 11 cases, respectfully submits this Limited Objection to the Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline [D.I. 33444] (the "Motion"). In support of this Limited Objection, the Objector states as follows:

PRELIMINARY STATEMENT

1. Objector does not oppose a reasonable extension in principle, given the complexity of these Chapter 11 cases. However, Objector must oppose the requested one-year unconditional extension as it pertains to Objector's claim, which consists solely of U.S. Dollar deposits that present none of the complexities justifying such prolonged delay.

I. OBJECTOR'S CLAIM CONSISTS SOLELY OF U.S. DOLLAR DEPOSITS

2. Objector's funds have always been held exclusively in U.S. Dollars (USD) within the FTX platform. At no point did Objector hold, trade, or maintain any cryptocurrency balances. Objector's account represented a straightforward cash deposit account denominated in U.S. currency.

3. These USD funds are readily identifiable within the estate's records and are easily separable from the complex cryptocurrency assets that may require extended reconciliation, valuation disputes, or regulatory analysis.

## II. NO LEGITIMATE BASIS EXISTS FOR DELAYING DISTRIBUTION OF USD DEPOSITS

4. Simple cash deposits denominated in U.S. Dollars present none of the complexities that justify extended claims objection deadlines, including:

a. **No Valuation Disputes:** USD deposits have a fixed, unambiguous value that does not require the complex valuation analysis needed for volatile cryptocurrency assets;

b. **No Regulatory Uncertainty:** Distribution of U.S. Dollar funds does not raise the regulatory concerns associated with cryptocurrency distributions to various jurisdictions;

c. **No Technological Complexity:** USD distributions can be processed through conventional banking channels without the technical challenges of digital asset transfers;

d. **No Legal Ambiguity:** The legal treatment of cash deposits is well-established, unlike the evolving legal framework for digital assets.

5. The Trust has provided no explanation for why simple USD deposits should be subject to the same extended timeline as complex cryptocurrency claims. The blanket extension request fails to distinguish between fundamentally different types of assets.

## III. THE TRUST'S FAILURE TO DIFFERENTIATE CLAIM TYPES IS UNREASONABLE

6. A reasonable claims administration process would distinguish between straightforward USD deposits and complex digital asset claims. The Trust's approach of treating all claims uniformly regardless of their fundamental nature imposes unnecessary delay on creditors whose claims present no legitimate complications.

7. Objector's USD claim could and should be processed and distributed without waiting for the resolution of complex cryptocurrency valuation disputes, regulatory determinations, or technological challenges that do not affect simple cash deposits.

## IV. LACK OF TRANSPARENCY REGARDING DISPUTED STATUS

      8. Despite the straightforward nature of Objector's USD deposit claim, it has been designated as "disputed" without explanation. Objector has received no substantive response through official support channels regarding the basis for this designation.

      9. The absence of any communication explaining why a simple USD deposit requires extended review suggests either administrative oversight or an unreasonable blanket approach to claims administration.

REQUESTED RELIEF

      10. Objector respectfully requests that the Court deny the unconditional extension as it applies to Objector's USD deposit claim, and instead require the Trust to:

a. Provide a specific explanation for why Objector's USD deposit claim has been designated as disputed;

b. Establish a separate, expedited timeline for processing and distributing USD-denominated claims that present none of the complexities of digital assets;

c. Demonstrate why simple cash deposits cannot be distributed through conventional banking channels without awaiting resolution of cryptocurrency-related issues.

CONCLUSION

      11. For the reasons stated above, Objector respectfully requests that the Court deny the Trust's Motion for an unconditional extension as it pertains to straightforward USD deposit claims, and require the Trust to provide substantive justification for any continued delay in distributing these simple cash deposits.

      12. Objector further requests any other relief the Court deems just and proper.

Dated: November 11, 2025

Respectfully submitted,

NAME:XINLING XIONG 熊心伶
*Xinlin xiong*

Claim No.24421

Chengdu,china

xiongxinling1214@gmail.com

ts any other relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I, XinlingXIONG, certify that on November 11, 2025, I caused a true and correct copy of the foregoing Motion and proposed order to be served by electronic mail and by U.S. Mail on the following:

**U.S. Trustee – District of Delaware**

- Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov
- Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
- David Gerardi – david.gerardi@usdoj.gov

**Counsel to the FTX Recovery Trust – Sullivan & Cromwell LLP**

- Andrew G. Dietderich – dietdericha@sullcrom.com
- James L. Bromley – bromleyj@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com

**Delaware Counsel to the Trust – Landis Rath & Cobb LLP**

- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com
- Matthew B. McGuire – mcguire@lrclaw.com

If any party does not consent to email service, I will promptly effect service by mail consistent with the Federal Rules of Bankruptcy Procedure and the Local Rules.

Dated: November 11, 2025
XinlingXiong (pro se)   熊芯凌  *XinLing Xiong*
[Apt redacted]

Email: xiongxinling1214@gmail.com