## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 33444**<br><br>**Hearing Date:  November 20, 2025 at 9:30 a.m. (ET)**<br>**Objection Deadline:  November 13, 2025 at 4:00 p.m. (ET)** |

### LIMITED OBJECTION OF FOLKVANG LTD. TO MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER EXTENDING (I) THE CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE

Folkvang Ltd. ("Folkvang"), by and through undersigned counsel, hereby submits this limited objection (the "Objection") to the *Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline* (the "Motion to Extend") [ECF No. 33444] filed by the FTX Recovery Trust (the "Trust") as it applies to Folkvang.  In support of the Objection, Folkvang states as follows:

### BACKGROUND

1.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed voluntary petitions for relief under the Bankruptcy Code with this Court.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

2.      Joint administration of FTX Trading, Ltd.'s ("FTX"), and its affiliated debtors' (collectively, the "Debtors" and each a "Debtor") cases (the "Chapter 11 Cases") was authorized by the Court's order on November 22, 2022. [ECF No. 128.]

3.      On October 8, 2024, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [ECF No. 26404] (the "Confirmation Order").  The Confirmation Order, among other things, confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [ECF No. 26404-1] (the "Plan").[2] The Plan's effective date occurred on January 3, 2025. (*See* ECF No. 29127.]

4.      Folkvang timely filed a proof of claim demonstrating a Class 5A Dotcom Customer Entitlement Claim (the "Folkvang Claim").  At this time, the Debtors have made no distribution on the Folkvang Claim.

5.      Pursuant to the Plan, any objection to Claims must be filed on or before the Claims Objection Deadline, which is January 3, 2026.

6.      The Trust now seeks to extend the Claims Objection Deadline to January 4, 2027. The Trust asserts that it has been "reviewing, reconciling, and resolving" Claims prior to and since the Effective Date but that the process "plainly cannot be completed by the [Claims Objection Deadline], as currently applicable, and more time will be required."  (Motion to Extend at ¶¶ 6-7.)

7.      After the Effective Date, the Trust reclassified the Folkvang Claim as "Disputed" within the Debtors' claims portal without explanation or notice to Folkvang.  The classification did not provide any reasoning or insight into why the Folkvang Claim was classified as Disputed.

---

[2] Capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Plan.

Folkvang has not been able, following inquiries to the Trust, to learn what, if any, specific disputes the Trust has respecting the Folkvang Claim.

8.      Folkvang and the Trust have engaged in numerous conferral calls and emails since the Effective Date.  In the course of these conversations, Folkvang has requested that the Trust explain why the Folkvang Claim is Disputed.  The Trust has not articulated any specific disputes that it has respecting the Folkvang Claim.

## BASIS FOR THE OBJECTION

9.      Folkvang objects to the Motion to Extend as it applies to the Folkvang Claim.  The Trust has identified no specific issues that it has with the Folkvang Claim or any basis on which it is refusing to make distributions thereon, let alone justification for a continued refusal to do so for up to another 12 months.  The Court has no cause to grant the Motion to Extend as applied to the Folkvang Claim in the absence of such basis.

## ARGUMENT

10.      The Trust seeks an extension of the Claims Objection Deadline pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b) claiming that the proposed extension "will not prejudice any stakeholder" (Motion to Extend at ¶ 14) and that the proposed extension is necessary to, among other things, review and analysis asserted claims, complete required due diligence, and negotiate resolutions to the Claims.  *See id.* at ¶ 13.

11.      Bankruptcy Rule 9006(b) provides, in relevant part, that "the court may – at any time and for cause – extend the time to act if: (A) with or without a motion or notice, a request to extend is made before the period…expires."  Fed. R. Bankr. P. 9006(b).

12.      The Trust has not demonstrated cause for the extension as to Folkvang.  In the Motion to Extend, the Trust relies on a string cite of cases within this jurisdiction that "routinely

extend claims objection deadlines." Motion to Extend at ¶ 8. In those cases, however, the extension was granted with no objection from any claimant and therefore the extension was granted without any specific determination that "cause" was adequate pursuant to Fed. R. Bankr. P. 9006(b). Moreover, in one instance the reorganized debtor carved out a creditor from the order extending the claims objection deadline. *See In re Accuride Corp.*, Case No. 24-12289 (JKS) [ECF No. 1014].

13.     All parties recognize that the Trust has a considerable task in reconciling claims against the Debtors' estates, even three years into these chapter 11 cases and a year after the Effective Date. Where the Trust has made no specific objection to a claim in those three years, however, an additional 12-month extension (with the possibility of future extensions) of the objection deadline, during which the Trust would presumably continue to make no distributions on that claim, is not justified and prejudicial.

14.     Folkvang continues to be engaged with the Trust in efforts to resolve the Folkvang Claim and other outstanding issues between the parties. Folkvang hopes those efforts will be successful. Those efforts, however, cannot be subject to the Trust's refusal to articulate what, if any, objections it has to the Folkvang Claim and the ability to withhold distributions thereon for another year. The Motion to Extend should be denied as to the Folkvang Claim.

WHEREFORE, Folkvang respectfully requests that the Court enter an order (a) denying the Motion to Extend as to Folkvang and the Folkvang Claim and (b) granting such other and further relief as is just.

Dated:  November 13, 2025
       Wilmington, Delaware

BARNES & THORNBURG LLP

*/s/ Amy E. Tryon*
Mark R. Owens (DE No. 4364)
Amy E. Tryon (DE No. 6945)
222 Delaware Ave., Suite 1200
Wilmington, DE 19801
(302) 300-3434
Email:  mark.owens@btlaw.com
Email:  amy.tryon@btlaw.com

and

Kenneth P. Kansa (*pro hac vice*)
Paige Lohse (*pro hac pending*)
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, IL 60606-2833
Telephone: (312) 214-4583
Email:  kkansa@btlaw.com

and

Leah Anne O'Farrell (*pro hac vice*)
Barnes & Thornburg LLP
One Marina Park Drive, Suite 1530
Boston, MA 02210
Telephone: (781) 888-1516
Email:  LOFarrell@btlaw.com