**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| | (Jointly Administered) |
| | **Ref. No. 33349** |

**OBJECTION OF THE FTX RECOVERY TRUST TO MOTION FOR ENTRY OF AN
ORDER AUTHORIZING LATE COMPLETION OF CUSTOMER KYC**

The FTX Recovery Trust[2] hereby submits this objection (this "Objection") to the

*Motion for Entry of an Order Authorizing Late Completion of Customer KYC* [D.I. 33349] (the

"Motion"), filed by Daizhuo Chen (the "Claimant").  The FTX Recovery Trust respectfully

requests that the Motion be denied and in support of this Objection, the FTX Recovery Trust

respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      The Claimant seeks extraordinary relief mandating the FTX Recovery Trust

reopen Know Your Customer ("KYC") for him, well after the June 1, 2025 deadline established

in the *Order Sustaining Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to

Unverified Customer Entitlement Claims* [D.I. 29464] (the "KYC Objection Order").  The Motion,

while framed as a limited request to enable his completion of KYC, in substance asks the Court to

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063, respectively. Due to the large number of post-effective date debtor entities in these chapter 11 cases, a
complete list of the post-effective date debtor entities and the last four digits of their federal tax identification
numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX
Recovery Trust's claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]     The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established through the Debtors'
confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor
Affiliates* [D.I. 26404] (the "Plan"), which became effective on January 3, 2025 [D.I. 29127]. Capitalized terms
not defined herein shall have the same meaning set forth in the Plan.

accord him special treatment by revisiting and disregarding the final KYC Objection Order, and thus treat Claimant more favorably than the significant number of creditors impacted by the KYC Objection Order.  The Claimant has provided no legal or factual basis to support such special treatment, and none exists.

2.      The Motion must be denied.  *First*, the Motion does not meet the strict standard for reconsideration of a final order under rule 60(b) of the Federal Rules of Civil Procedure (the "Federal Rules"), which would be required for any relief to be granted.  *Second*, it fails the "excusable neglect" standard of rule 9006(b)(1) of Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  What the Claimant presents instead is a self-created predicament and a belated effort to avoid the necessary consequences of inaction.

3.      The Claimant's own conduct refutes any claimed fear of a phishing attack.  Contrary to his own statements, according to the FTX books and records, on September 23, 2023, the Claimant accessed FTX's vendor portal at "in.sumsub.com" and proceeded through most of the required KYC steps, stopping short of completion. He then did nothing further until he attempted to log in again in over two years later, in October 2025.  The Claimant had nearly two years, received multiple reminders, and had access to a customer support team through which he could have verified the authenticity of the KYC process and completed his submission.  Instead, he acknowledges that he received official FTX communications and consciously chose not to act because he suspected that the legitimate verification link to FTX's vendor domain, "in.sumsub.com," might be fraudulent.  It seems unlikely that this purported confusion is genuine given Claimant's attempt to complete the requested KYC information in September 2023.  Regardless, Claimant made no attempt to resolve his confusion until October 2025, long after all of the applicable deadlines have long passed.  His conduct cannot be recast as "excusable neglect."

4.     The KYC collection process was ordered by the Court in connection with the Customer Bar Date Motion nearly two years ago.  Claimant had close to two years to submit and complete the KYC requirements.  Pursuant to this Court's KYC Objection Order, the deadlines set forth therein are final and non-appealable, and thus not dates that can simply be extended by a motion.  Further, the Claimant did not—and cannot—satisfy the requirements for relief from or to reconsider, respectively, the KYC Objection Order expunging his claim.  The Claimant improperly asks the Court to extend its previously ordered deadline granted in the context of a final and non-appealable order sustaining claims objections.  That is not permissible, and the Motion should be denied on that basis alone.

5.     The Plan has been confirmed and is effective, and multiple distributions have been made in accordance with the terms of the Plan.  There must be resolution of the KYC collection process with respect to the allowance of customer claims.  The June 1, 2025 deadline to submit all necessary KYC information was established by a duly issued Court order to facilitate the resolution of all legitimate claims and the prompt distribution of value on account of Allowed Claims.  The KYC Objection Order was precisely intended to bring finality to claims held by absentee and non-responsive claimants so that the FTX Recovery Trust can progress with claims reconciliation and returning value to Holders of Allowed Claims.  Allowing one claimant to re-enter the process would undermine finality, delay further distributions, and invite similar motions from others who likewise failed to comply with clear Court ordered deadlines.  Accordingly, the FTX Recovery Trust respectfully requests that the Court deny the Motion.

## **RELEVANT BACKGROUND**

6.     On June 28, 2023, this Court entered the *Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related*

*Relief* [D.I. 1793] (the "Customer Bar Date Order"). The Customer Bar Date Order established September 29, 2023 as the deadline to file proofs of claim on account of Customer Claims[3] and ordered, among other things, that as part of the proof of claim submission process, the original holder of the Customer Claim shall submit KYC information as a prerequisite to the allowance of any such Claim. (Customer Bar Date Order ¶¶ 3, 7.)

7.    On September 23, 2023, the Claimant accepted his scheduled customer claim (the "Scheduled Customer Claim"). (Mot. at ¶ 6.) That same day, he accessed FTX's vendor portal at "in.sumsub.com" and, in order to complete KYC, uploaded a proof of address and a selfie, and filled out his applicant information and a questionnaire. The Claimant, however, failed to provide a valid identification document.

8.    On November 11, 2024, the Debtors filed the *Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims* [D.I. 28225] (the "Omnibus Claims Objection") seeking to establish deadlines for customers to commence the KYC process and to submit all requested KYC information.

9.    The Court granted the Omnibus Claims Objection and, on February 3, 2025, entered the KYC Objection Order establishing (i) a March 1, 2025 deadline to commence[4] the KYC submission process and (ii) a June 1, 2025 deadline to "submit all KYC information requested by the Debtors or their KYC vendors." (KYC Objection Order ¶¶ 2-3.)

---

[3]    "Customer Claims" means a claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, or federal or state law, rule or regulation, common law or otherwise) held by any person (as defined in section 101(41) of the Bankruptcy Code) or entity (as defined in section 101(15) of the Bankruptcy Code) against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX exchange as of the Petition Date or (b) any other investment or trading activities on any FTX exchange.

[4]    The KYC Objection Order defined "commencing" the KYC submission process as logging into the Customer Claims Portal and beginning "Step 3 – Provide Know Your Customer (KYC) Information."

10.     On April 2, 2025, the FTX Recovery Trust filed the *Notice of Expungement of Unverified Customer Entitlement Claims* [D.I. 30042] confirming over 390,000 claims that were expunged pursuant to the KYC Objection Order for failure to commence KYC by March 1, 2025. On July 2, 2025, the FTX Recovery Trust filed the *Notice of Expungement of Unverified Customer Entitlement Claims* [D.I. 31139] confirming over 47,600 claims that were expunged pursuant to the KYC Objection Order for failure to complete KYC by June 1, 2025.  According to the FTX Recovery Trust's records, the Claimant did not attempt to log back into FTX's vendor portal to complete the KYC submission process until October 20, 2025, more than five months after the June 1, 2025 deadline.  Thus, the Claimant's Scheduled Customer Claim was expunged by the KYC Objection Order.  [D.I. 31139-1.]  To the extent a customer experienced technical difficulties logging on to the customer portal or submitting the required KYC documents and contacted the FTX Recovery Trust prior to the deadline, the FTX Recovery Trust has reasonably worked with such customers to resolve those issues.

## OBJECTION

### I.     The Motion Improperly Seeks Reconsideration of a Final Order and Does Not Satisfy the Reconsideration Standard.

11.     The KYC Objection Order expunging the Claimant's claim long ago became final and unappealable so the Claimant's only pathway to revive his claim is a narrow one. But the Claimant comes nowhere close to showing that extraordinary circumstances warrant a grant of relief from the KYC Objection Order pursuant to Federal Rule 60(b).  Accordingly, the Motion must be denied.

12.     The Court entered the KYC Objection Order on February 3, 2025 [D.I. 29464], which means that it became final and unappealable pursuant to Bankruptcy Rule 8002(a) on February 17, 2025—254 days before the Claimant filed his Motion.  Because the Claimant's

Motion asks the Court to reconsider its KYC Objection Order, it can only be "reconsidered for cause." 11 U.S.C. § 502(j). "While the term 'cause' is not defined in Section 502(j), . . . to establish cause justifying reconsideration the movant must demonstrate at least one of the grounds set forth in Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure." *In re Nortel Networks Inc.*, 2017 WL 3141906, at *1 (Bankr. D. Del. July 24, 2017) (cleaned up). Thus, "[a] party seeking reconsideration in bankruptcy court must file a motion to alter or amend judgment under Fed. R. Bankr. P. 9023 or a motion for relief from judgment under Fed. R. Bankr. P. 9024." *In re Energy Future Holdings Corp.*, 575 B.R. 616, 627 (Bankr. D. Del. 2017). But any motion pursuant to Bankruptcy Rule 9023(b) would be untimely. *See* Fed. R. Bankr. P. 9023(b) ("A motion . . . to alter or amend a judgment must be filed within 14 days after the judgment is entered."). Thus, the Claimant may only seek relief under the grounds listed in Federal Rule 60(b). *In re Nortel Networks Inc.*, 2017 WL 3141906, at *1.

13.    Federal Rule 60(b), made applicable by Bankruptcy Rule 9024, provides limited bases to seek relief from a final order of this Court, none of which are applicable: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (iii) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (iv) the judgment is void; (v) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (vi) any other reason that justifies relief. Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024. "[W]hen a court is considering its own judgment, extraordinary circumstances must be present to justify the use of Rule 60(b) to vacate the judgment." *In re Energy Future Holdings Corp.*, 575 B.R. at  630 (internal quotation marks

omitted); *Boughner* v. *Secretary of Health, Ed. and Welfare, U.S.*, 572 F.2d 976, 977 (3d Cir.

1978); *see also In re Vision Metals, Inc.*, 311 B.R. 692, 698 (Bankr. D. Del. 2004) ("[r]elief is

appropriate under Rule 60(b) only upon a showing of exceptional circumstances and where, absent

such relief, an extreme and unexpected hardship will result."). Thus, relief pursuant to Federal

Rule 60(b) "should be granted sparingly." *Jester* v. *State Dep't of Safety*, 2016 WL 4497055, at

*1 (D. Del. Aug. 26, 2016) (cleaned up).

14.     The Claimant does not and cannot demonstrate mistake, newly discovered

evidence or any other reason that would justify reconsideration of the KYC Objection Order under

Federal Rule 60(b), let alone establish the "exceptional circumstances" required for its application.

He completely ignores the applicable legal standards for relief from a final and non-appealable

order, and instead simply requests the Court reopen KYC for him alone, months after the June 1,

2025 deadline under the KYC Objection Order, "based on mistake/excusable neglect." (Mot. ¶

16.)

15.     But Claimant's bare recitation of a single ground for relief under Federal

Rule 60(b) cannot carry his "heavy burden" to establish that reconsideration of the KYC Objection

Order is warranted. *In re Energy Future Holdings Corp.*, 575 B.R. at 630. Indeed, the only

"mistake" the Claimant alleges was entirely self-created and within his control. The Claimant fails

to mention that he did, in fact, log in and complete most of the requested KYC information in

September 2023. Moreover, he does not dispute that he received multiple official FTX

communications prior to the KYC deadline instructing him to complete the KYC process, each

containing an authorized verification link to the Sumsub domain. (Mot. at ¶ 8.) Rather than

confirming the link's authenticity through the official support channels provided, he simply

declined to proceed.

16.     As justification for his neglectfulness, the Claimant offers only examples of phishing e-mails and authentic FTX e-mails, along with a webpage listing the official FTX-affiliated e-mail addresses.  There is no evidence that this was a widespread problem among FTX customers (since thousands of other customers did comply and completed their requested KYC information), nor any valid reason for the Claimant to have missed the June 1, 2025 KYC verification deadline.  He reported no system malfunction, portal outage, or other technical impediment that prevented him from timely completing his KYC obligations.  He provides no justification for why he started and completed most of the requested KYC information in September 2023 but then failed to complete the remaining KYC information.  Nor did he recount any futile efforts to contact the FTX customer support team until October 2025.  His only "evidence" is of a mistaken belief that easily could have been remedied if he had taken any basic initiative.

17.     As a matter of law, "[n]either ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)."  *Scott* v. *Children's Hospital of Philadelphia*, 2024 WL 453610, at *5 (E.D. Pa. Feb. 6, 2024) (cleaned up).  Further, "[i]gnorance of the rules, mistakes construing rules, and mere ignorance or carelessness on the part of the complaining party do not constitute bases for relief under Rule 60(b)(1)."  *In re Marinari*, 596 B.R. 809, 822 n.19 (Bankr. E.D. Pa. 2019) (citing *Williams* v. *New York City Dep't of Corrections*, 219 F.R.D. 78, 85 (S.D.N.Y. 2003)).  Thus, the Claimant's conscious choice to not log in and complete KYC cannot constitute "cause" to revisit a final order or sufficient basis for relief under Federal Rule 60(b)(1).  The Motion therefore fails as a matter of law and must be denied.

## II.     The Claimant's Circumstances Do Not Constitute "Excusable Neglect" Under

**Bankruptcy Rule 9006(b)(1).**

18.     Bankruptcy Rule 9006(b)(1) permits enlargement of a deadline where "the failure to act . . . resulted from excusable neglect."  "The burden of proving excusable neglect lies with the late-claimant."  *Jones* v. *Chemetron Corp.*, 212 F.3d 199, 205 (3d Cir. 2000).   Courts consider four factors in determining excusable neglect: (i) the danger of prejudice to the estate; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith.  *See Pioneer Inv. Servs. Co.* v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993); *In re Mallinckrodt Plc*, 2022 WL 3545583, at *3 (D. Del. Aug. 18, 2022).  Courts take a "hard line" when applying these and place great emphasis on the "reason" for the delay.  *In re Energy Future Holdings Corp.*, 619 B.R. at 99, 110 (Bankr. D. Del. 2020) (quoting *In re Nortel Networks Inc.*, 573 B.R. 522, 527 (Bankr. D. Del. 2017)).  Here, each of the *Pioneer* factors weighs against a finding of excusable neglect.

19.     The prejudice to the FTX Recovery Trust and the estate is clear and significant.   Contrary to the Claimant's assertions, reopening the KYC process for a single claimant would not be "operational and narrow."  (*See* Mot. ¶ 12.)  In fact, it would undermine the finality of the Court's KYC Objection Order, delay ongoing distributions, and "open a floodgate" to similar requests from other claimants who likewise failed to complete their KYC obligations despite ample notice.  *See In re New Century TRS Holdings, Inc.*, 465 B.R. 38, 51 (Bankr. D. Del. 2012).  Over seven months after entry of the KYC Objection Order in February 2025, the Claimant seeks to subvert the long-passed objection deadline of the Omnibus Claims Objection and substantively asks the Court to reconsider its KYC Objection Order—specifically the approved June 1, 2025 deadline to submit all KYC information.  The purpose of the KYC process was to bring resolution and uniformity to customer claim allowance.  Granting exceptions would unravel

that process, compromise administrative efficiency, and disadvantage the thousands of compliant creditors who completed the required procedures on time.

20.     In addition, the delay at issue—approximately five months after the KYC deadline—is both substantial and disruptive.  The KYC process to verify claimants is closed following the June 1, 2025 deadline, and distributions are well underway pursuant to the confirmed Plan.  The Court and the FTX Recovery Trust have devoted significant resources to claims reconciliation and ensuring equitable treatment across hundreds of thousands of customers.  At this stage, revisiting an individual claimant's KYC status would create unnecessary administrative burden and uncertainty.  As a result, the Claimant's lengthy delay weighs against a finding of excusable neglect.  *See In re Cable & Wireless USA, Inc*., 338 B.R. 609, 616 (Bankr. D. Del. 2006); *see also In re Enron Corp*., 298 B.R. 513, 526 (Bankr. S.D.N.Y. 2003) ("the length of delay in filing the Proof of Claim here is substantial, that is, it was filed more than six months after Bar Date."); *In re XO Communications Inc.*, 301 B.R. 782, 797 (Bankr. S.D.N.Y. 2003) (finding that a delay of nearly four months weighed against permitting a late proof of claim).

21.     Furthermore, the reason for the Claimant's delay likewise fails to justify relief.  The Claimant admits that he received multiple official FTX KYC e-mails between 2023 and 2025.  Despite this, he claims that he elected not to complete the verification process because the embedded link directed him to "in.sumsub.com," which he states that he suspected could be a phishing site.  But the Claimant's professed ignorance of these bankruptcy proceedings does not constitute excusable neglect.  *See In re W.R. Grace & Co.*, 563 B.R. 150, 159 (Bankr. D. Del. 2016) ("[I]gnorance of one's own claim does not constitute excusable neglect."); *see also In re National Steel Corp.*, 316 B.R. 510, 518 (Bankr. N.D. Ill. 2004) ("It is not the duty of the Debtors to make . . . any of its creditors aware of every potential claim they may have against the Debtors.

To the contrary, it was [claimant's] responsibility to explore, investigate and file a proof of claim against the Debtors, not the other way around . . . [claimant's] problem here is a 'self-inflicted' wound, and it has no one to blame but itself for this predicament.").

22.     Moreover, based on FTX's records, in September 2023, the Claimant used that very Sumsub portal to begin KYC and completed most of the required steps.  By his own account, he clicked on a verification link in a subsequent FTX email, confirmed it led to a Sumsub domain, and nevertheless "aborted the process."  (*See Declaration of Daizhuo Chen in Support of Motion to Authorize Late Completion of Customer KYC* [D.I. 33349] ¶ 7.)  The Claimant was aware that he had not completed the required step before the deadline passed in June.  His failure to verify the authenticity of the communication or contact official support was entirely within his control.  The FTX Debtors and Kroll repeatedly warned customers about phishing scams and published official contact information to confirm authenticity.[5]  The Claimant ignored those resources for nearly two years.  "Simply put, a litigant's protracted and unjustified carelessness alone does not constitute excusable neglect."  *In re Insys Therapeutics, Inc.*, 2022 WL 5265033, at *3 (Bankr. D. Del. Oct. 6, 2022) (internal quotation marks omitted).  "A finding to the contrary would, in effect, allow any creditor who has neglected to comply with a bar date to seek an extension on the grounds of excusable neglect because it did not read the notice."  *In re Best Products Co., Inc.*, 140 B.R. 353, 359 (Bankr. S.D.N.Y. 1992).

23.     Finally, the Claimant's conduct does not reflect good faith diligence.  Contrary to his statements, the Claimant did, in fact, login and complete most of the requested KYC information in September 2023.  Additionally, assuming that his initial caution about

---

[5]     *See* Official Email Addresses, FTX (Dec. 27, 2024), https://support.ftx.com/hc/en-us/articles/19223337707412 (This webpage, which lists no-reply@sumsub.com as a legitimate e-mail address, was posted at least as of December 2024, over five months before the KYC deadline).

phishing was valid, his prolonged inaction and failure to make any inquiry or seek clarification demonstrate neglect, not prudence.  Good faith demands reasonable efforts to comply with Court-ordered procedures.  Tens of thousands of other customers who received similar outreach and reminders did comply.  The Claimant's passive approach, after years of notice and opportunity, falls well short of that standard.  Accordingly, the Claimant does not demonstrate excusable neglect, and the Motion should be denied.

## **CONCLUSION**

24.    For the foregoing reasons, the FTX Recovery Trust respectfully requests that the Court deny the Motion.

Dated: November 13, 2025
     Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      mcguire@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*