IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
FTX TRADING LTD., et al.,

Debtors.

Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)
Ref. No. 33444

LIMITED OBJECTION OF CHEN SHEN TO THE FTX RECOVERY
TRUST'S MOTION FOR ENTRY OF AN ORDER EXTENDING (I) THE
CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE
CLAIMS OBJECTION DEADLINE (D.I. 33444)

Chen Shen ("Objector"), a creditor in the above-captioned chapter 11 cases, respectfully submits this limited objection (the "Limited Objection") to the Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline [D.I. 33444] (the "Motion"). In support of this Limited Objection, the Objector states as follows:

PRELIMINARY STATEMENT

1. I do not oppose a short, justified extension for truly complex claims. These cases are unusually large and difficult, and the Trust still has real work to do.

2. But the Motion asks for a full extra year with no conditions, no explanations for individual "disputed" marks, and no plan to fix the information blackout that has left thousands of us in the dark for over two years.

3. After three years of waiting, generic emails, and zero progress on my own account, another blank-check extension is not reasonable—it is unfair.

I. No Real Communication Channel

4. Every time I write to support@ftx.com or use the Kroll portal, I receive the same automated reply: "We are reviewing your case." No category, no timeline, no next step.

5. The Trust must know why my claim is flagged, yet even its own staff cannot tell me. This is not a technical glitch; it is a broken system.

## II. Creditors Pay the Price—Professionals Do Not

6. While my family struggles, the estate has already paid nearly $1 billion in fees ([D.I. 33250], Oct. 21, 2025). Every month of delay adds millions to those bills and subtracts from what creditors will eventually see.

7. The Trust has no financial reason to hurry; creditors have every reason to demand speed.

## III. Simple Claims Should Not Wait for Complex Ones

8. My claim is not a multi-jurisdiction litigation puzzle. It is a straightforward balance plus one outgoing transfer that never arrived. After three years, the Trust has had ample time to separate easy cases from hard ones. A blanket extension ignores that reality.

## IV. Personal Hardship

9. I am Chen Shen, mother of a now 5-year-old boy. The money frozen on FTX was set aside for his preschool and daily needs. When FTX stopped withdrawals in November 2022, he had just turned 2. Three years later, we are still waiting.

10. On November 10, 2022—after the platform froze—I requested a $17,127.48 transfer. The amount was deducted from my FTX balance but never reached my bank. I have written repeatedly; each time I am told only "please wait." I have waited long enough.

**REQUESTED RELIEF**

I respectfully ask the Court to:

A. Deny the Motion; or

B. In the alternative, grant a conditional extension limited to:

1. No more than **six (6) months**;

2. Immediate processing priority for all claims that meet Plan § 2.1.8 (except (b)) and have finished Pre-Distribution Requirements, with payment by **March 3, 2026**;

3. Public posting of dispute categories (e.g., "KYC issue," "pending transfer review") and a short explanation for every creditor in each category;

4. A written status update to every disputed creditor within 30 days, including the exact reason for the flag and the next concrete action;

5. Bi-monthly reports to the Court showing claims resolved, paid, and still disputed, broken down by category;

6. An order to show cause why late-paid creditors should not receive interest or compensation for lost time-value.

C. Any other relief the Court finds fair.

Respectfully submitted,

Dated: November 10, 2025

Chen Shen (pro se)   *ChenShen*
Unique Customer Code: 268210
Email: nikaihao@qq.com
Mailing: 2406 Pudong Ave, No.1, Room 1102, Shanghai, China 200136

**CERTIFICATE OF SERVICE**

I, Chen Shen, certify that on November 10, 2025, I sent a true copy of this Limited Objection by email to:

U.S. Trustee  –  District of Delaware
- Juliet M. Sarkessian  –  juliet.m.sarkessian@usdoj.gov
- Benjamin A. Hackman  –  benjamin.a.hackman@usdoj.gov
- David Gerardi  –  david.gerardi@usdoj.gov

Counsel to the FTX Recovery Trust  –  Sullivan & Cromwell LLP
- Andrew G. Dietderich  –  dietdericha@sullcrom.com
- James L. Bromley  –  bromleyj@sullcrom.com
- Brian D. Glueckstein  –  gluecksteinb@sullcrom.com
- Alexa J. Kranzley  –  kranzleya@sullcrom.com

Delaware Counsel to the Trust  –  Landis Rath & Cobb LLP
- Adam G. Landis  –  landis@lrclaw.com
- Kimberly A. Brown  –  brown@lrclaw.com
- Matthew R. Pierce  –  pierce@lrclaw.com
- Matthew B. McGuire  –  mcguire@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: November 10, 2025

Chen Shen (pro se)   *ChenShen*
Unique Customer Code: 268210
Email: nikaihao@qq.com
Mailing: 2406 Pudong Ave, No.1, Room 1102, Shanghai, China 200136