**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

In re:

FTX TRADING LTD., et al.,

Debtors.

Chapter 11

Case No. 22-11068 (KBO)

(Jointly Administered)

Ref. No. 33444

**LIMITED OBJECTION OF HONG WANG TO THE FTX RECOVERY TRUST'S MOTION FOR ENTRY OF AN ORDER EXTENDING (I) THE CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE (D.I. 33444)**

Hong Wang ("Objector"), a creditor in the above-captioned chapter 11 cases, respectfully submits this limited objection (the "Limited Objection") to the Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline [D.I. 33444] (the "Motion"). In support of this Limited Objection, the Objector states as follows:

OVERVIEW

As a pro se creditor, I, Hong Wang, file this objection to the Trust's push for an unlimited one-year extension. It lacks merit and would only extend the suffering of creditors like me. If any extension is allowed, it must be brief and tied to clear rules for openness and equity.

CASE CONTEXT

The Trust cites overload and intricacy to justify more time for disputing claims. Yet after three years, this falls short of Bankruptcy Rule 9006(b)'s "cause" requirement. Blanket delays disproportionately burden creditors, while the Trust incurs no personal cost.

GROUNDS FOR OBJECTION

A. Insufficient Basis for Blanket Delay

Deadlines exist to promote prompt resolutions. This Motion would permit indefinite holds on routine claims without tailored justifications, contradicting bankruptcy principles of fairness and efficiency. My claim, a simple retirement deposit, should not be caught in this dragnet.

B. Delays Favor the Trust Over Creditors

Estate documents reveal almost $1 billion in fees already disbursed [D.I. 33250, Oct. 21, 2025], with delays inflating these at creditors' expense. The Trust has zero incentive to resolve quickly, as all costs come from our recoveries.

C. Transparency Is Severely Lacking

Inquiries to support@ftx.com or Kroll yield only form letters—no specifics on disputes or timelines. This opacity turns the process into an inaccessible maze for ordinary creditors.

D. Disparities in Treatment Are Unjust

Undisputed creditors collect and invest their funds amid rising rates, while we lose out monthly. This violates equal protection and inflicts tangible economic damage on the delayed.

E. My Situation

I am Hong Wang, a 65-year-old woman filing pro se. The funds in FTX were my retirement pension, placed there to generate interest for my post-work years. For over three years since the bankruptcy, I have been deprived of this essential income. I cannot tolerate the Trust's ongoing postponements, which deny me the security I earned.


RELIEF SOUGHT

Accordingly, I urge the Court to:

A. Reject the Motion completely; or

B. Alternatively, approve a capped extension with safeguards:

1. Cap at four (4) months maximum;

2. Compel fast-tracking of claims under Plan  §  2.1.8 (excluding (b)) with completed Pre-Distribution steps, distributing by April 1, 2026;

3. Demand categorized public listings of disputes (e.g., "documentation needed," "legal review")

with estimated resolution dates;

4. Provide personalized notices to creditors within 60 days, specifying dispute reasons and actions;

5. Submit quarterly updates to the Court on claim statuses and breakdowns;

6. Require justification for not compensating delayed creditors for time-value losses.

C. Award any additional appropriate relief.

Respectfully submitted,

Dated: November 12, 2025

*Hong Wang*

Hong Wang (pro se)
Unique Customer Code: 1661243
Email: b2nico@163.com
Mailing: 1051 Xinzha Road, Room 3D, Shanghai, China, 200041

CERTIFICATE OF SERVICE

I, Hong Wang, certify that on November 12, 2025, I emailed a true copy of this Limited Objection to:

U.S. Trustee  –  District of Delaware
• Juliet M. Sarkessian  –  juliet.m.sarkessian@usdoj.gov
• Benjamin A. Hackman  –  benjamin.a.hackman@usdoj.gov
• David Gerardi  –  david.gerardi@usdoj.gov

Counsel to the FTX Recovery Trust  –  Sullivan & Cromwell LLP
• Andrew G. Dietderich  –  dietdericha@sullcrom.com
• James L. Bromley  –  bromleyj@sullcrom.com
• Brian D. Glueckstein  –  gluecksteinb@sullcrom.com
• Alexa J. Kranzley  –  kranzleya@sullcrom.com

Delaware Counsel to the Trust  –  Landis Rath & Cobb LLP
• Adam G. Landis  –  landis@lrclaw.com
• Kimberly A. Brown  –  brown@lrclaw.com
• Matthew R. Pierce  –  pierce@lrclaw.com
• Matthew B. McGuire  –  mcguire@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: November 12, 2025

Hong Wang

Hong Wang (pro se)
Unique Customer Code: 1661243
Email: b2nico@163.com
Mailing: 1051 Xinzha Road, Room 3D, Shanghai, China, 200041