IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., et al., | Case No. 22-11068 (KBO) |
| | (Jointly Administered) |
| Debtors. | Ref.No.33444 |

**LIMITED OBJECTION OF JIANHUA JIN TO THE FTX RECOVERY TRUST'S MOTION FOR ENTRY OF AN ORDER EXTENDING (I) THE CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE (D.I. 33444)**

Jianhua Jin ("Objector"), a creditor in the above-captioned chapter 11 cases, respectfully submits this limited objection (the "Limited Objection") to the Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline [D.I. 33444] (the "Motion"). In support of this Limited Objection, the Objector states as follows:

### I. INTRODUCTION

1. The Objector opposes the Trust's request to extend the deadlines for filing objections to claims by more than one year. This lengthy extension is unjustified, particularly because it contributes to a lack of clarity and transparency in the claims reconciliation process.

2. Granting this excessive extension will unnecessarily delay distributions and is not in the best interest of the creditor body.

## II. BASIS FOR OBJECTION

### A. LACK OF TRANSPARENCY REGARDING CLAIM DISPUTE REASONS

3. The Objector's claim is marked as "Disputed." The Objector was previously informed that this status was related to the R-J Motion (Doc. 31148).

4. Upon learning the R-J Motion had been withdrawn, I contacted FTX Customer Support via email on Nov 10, 2025, seeking clarification on why the claim status remains "Disputed."

5. FTX Customer Support provided a generic and evasive response, stating they "cannot access specific claim details" and that all claims remain "Disputed" unless formally "Allowed." The support team failed to provide any specific reason for the continued dispute of the Objector's claim.

6. The Trust's inability to provide a direct and specific reason for a disputed claim—even when the initial basis (the R-J Motion) is removed—demonstrates a failure in transparency and efficiency.

7. It is unreasonable to require creditors to endure an extended period of uncertainty (now requested to be over a year longer) when the Trust cannot even communicate the fundamental reason for a claim's disputed status. This lack of communication severely undermines the argument that "cause exists" for the requested extension.

8. The inability of customer support personnel to access or disclose specific details or classification grounds regarding the Objector's disputed claim evidences a

material deficiency in the Trust's administrative processes. This administrative gridlock prevents any meaningful communication, effectively placing all disputed claims into an unsupervised, undisclosed process. We assert that this fundamental lack of transparency severely impacts creditor confidence and compromises the ability of creditors to meaningfully participate in the claims reconciliation process.

### B. PERSONAL PREJUDICE AND ECONOMIC DAMAGE TO CLASS 7A CREDITOR

9. The Objector is a Class 7A creditor whose claim is derived from a straightforward digital asset balance. Other similarly situated Class 7A creditors have already received their distributions, regaining control over the time-value of their assets.

10. In contrast, the Objector's claim remains inexplicably marked as "Disputed." While the Objector would accept a delayed process for genuinely complex issues, the underlying facts of the Objector's claim are simple, fully documented, and all required information has been provided to the Trust.

11. This administrative freezing of a simple claim imposes undue and severe personal prejudice. The funds, which could have been utilized for new investment opportunities, have been locked up indefinitely due to the Trust's lack of action.

12. The Objector is forced to dedicate significant, continuous time and effort to handling a matter that should have been resolved administratively, while simultaneously incurring substantial loss in the utilization rate and investment potential of the disputed funds.

13. Consequently, the requested year-long extension effectively penalizes the Objector—a simple 7A creditor—with no corresponding justification, thereby compounding the economic loss and disparity already created by the Trust's administrative failures.

### C. REQUESTED RELIEF

14. For the reasons set forth herein, the Objector respectfully requests that the Court:

    a. DENY the Motion to the extent it seeks to extend the deadlines through January 4, 2027.

    b. Alternatively, SUBSTANTIALLY REDUCE the requested extension period (e.g., to ninety (90) days) and CONDITION any extension granted on the Trust implementing the following basic procedural safeguards:

        i. Individual notice to the Objector disclosing the specific category and factual basis for the disputed designation;

        ii. A projected status roadmap or timeline for the review and resolution of that dispute category; and

        iii. Granting the Objector a limited right to request a status update from the Court if no substantive communication is provided within a set period.

    c. Grant the Objector such other and further relief as is just and proper.

JIANHUA JIN (pro se)

Unique Customer Code: 02160828

Email: hunterjin@gmail.com

*JIANHUA JIN*

November 11, 2025

Mailing: Alley 555, CHENGNAN Road, PUDONG NEW DISTRICT, SHANGHAI

CHINA

### CERTIFICATE OF SERVICE

I, JIANHUA JIN, hereby certify that on November 11, 2025, I caused a true and correct copy of the foregoing *LIMITED OBJECTION OF JIANHUA JIN* to be submitted to the Court, in accordance with the procedures applicable to pro se filings in the United States Bankruptcy Court for the District of Delaware.

I further certify that on the same date, November 11, 2025, I caused a courtesy copy of the foregoing filing to be served via Electronic Mail upon the following parties:

U.S. Trustee – District of Delaware

- Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov
- Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
- David Gerardi – david.gerardi@usdoj.gov

Counsel to the FTX Recovery Trust – Sullivan & Cromwell LLP

- Andrew G. Dietderich – dietdericha@sullcrom.com

- James L. Bromley – bromleyj@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

Delaware Counsel to the Trust – Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

- Matthew B. McGuire – mcguire@lrclaw.com

JIANHUA JIN (pro se)

Unique Customer Code: 02160828

Email: hunterjin@gmail.com      *JIANHUA JIN* (signature)

November 11, 2025

Mailing: Alley 555, CHENGNAN Road, PUDONG NEW DISTRICT, SHANGHAI

CHINA