IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE



In re:
FTX TRADING LTD., et al.,
Debtors.
Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)
Ref. No. 33444

**LIMITED OBJECTION OF JUN NI TO THE FTX RECOVERY TRUST'S MOTION FOR ENTRY OF AN ORDER EXTENDING (I) THE CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE (D.I. 33444)**

Jun Ni ("Objector"), a creditor in the above-captioned chapter 11 cases, respectfully submits this limited objection (the "Limited Objection") to the Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline [D.I. 33444] (the "Motion"). In support of this Limited Objection, the Objector states as follows:

**PRELIMINARY STATEMENT**

1. Creditor does not oppose, in principle, a reasonable extension. These Chapter 11 cases remain unprecedented in global scale and complexity, and the Recovery Trust continues to shoulder substantial administrative and litigation burdens.

2. However, the Extension Motion—as currently presented—seeks a substantial, unconditional one-year extension without offering any corresponding transparency, oversight, or procedural safeguards for creditors whose claims have been unilaterally designated as "disputed" without explanation. For these creditors, the lack of information regarding the basis for the disputed designation, the categorization of disputes, the status of review, or any projected resolution timeline has resulted in a prolonged and opaque administrative freeze.

3. These concerns are heightened by the fact that these cases have now been pending for more than two years. During this time, disputed creditors' ability to obtain meaningful communication from the Trust has steadily diminished. Communications submitted through the Kroll portal or other designated channels frequently receive no substantive response. As a result, disputed creditors have no functional means to determine:

(a) why their claims were marked as disputed;

(b) whether the designation reflects a substantive issue or merely an internal

administrative flag;

(c) whether additional documentation is required; or

(d) whether the claims are under review.

I. Systemic Failure of the Support Channel

4. Creditor's experience with the Debtors' official support channel reflects the same structural communication failures. Over the past two years, Creditor has contacted support@ftx.com multiple times regarding disputed accounts. Every inquiry— without exception—resulted in automated or template responses providing no explanation, no dispute category, and no indication that any knowledgeable person had reviewed the inquiry.

5. If the Trust has formally designated a claim as "disputed," it necessarily holds internal information regarding the basis for that designation. The fact that this information is not shared even with the Trust's own support personnel, who serve as the primary communication channel for most creditors, demonstrates a deeper structural issue—namely, that key information is not disseminated within the Trust's administrative processes. This contributes to the perception of a black-box system in which creditors have no visibility into the status of their claims.

II. Creditors Bear Real Costs; the Trust Bears None and May Even Benefit from Delay

6. The burdens in these cases fall overwhelmingly on creditors, particularly those whose claims remain in disputed status. These creditors must continue expending time and administrative costs simply to seek basic information regarding their own claims, often without receiving any substantive response. International creditors face even greater burdens, including translation expenses and cross-border procedural obstacles. By contrast, the Trust bears no economic consequence for delay. All professional fees and administrative costs are paid exclusively from estate assets, meaning prolonged administration imposes real financial harm only on creditors.

7. The estate's own filings confirm the magnitude of this imbalance. According to the FTX Recovery Trust's Post-Confirmation Report [D.I. 33250] filed on October 21, 2025, bankruptcy-related professional fees and expenses have already reached approximately $968.8 million, nearly one billion dollars paid from the estate prior to full creditor recovery. The Fee Examiner's June 17, 2025 report [D.I. 30870] further documents repeated multi-million-dollar fee applications—including Ernst & Young LLP's $31.47 million final request and more than $24 million across six interim applications, along with billing irregularities and reductions applied to investment banker expenses.

8. These facts demonstrate a structural misalignment: delay increases professional

compensation while diminishing creditor recoveries, leaving the Trust with little economic incentive to advance disputed claims within a reasonable timeframe.

III. Information Asymmetry and Time-Value Inequality

9. This severe information asymmetry creates significant substantive inequities. Many disputed claims are straightforward and well-supported, yet they remain frozen without explanation. Meanwhile, similarly situated Class 5A creditors have already received distributions and regained the time-value of their assets. In the current high-interest-rate environment, this disparity compounds monthly, resulting in real economic harm to disputed creditors.

IV. Case Is No Longer in an Early Stage — Tailored Treatment Required

10. Although the Trust emphasizes the complexity of many disputed claims, this case is no longer in its early or formative stages. More than two years have passed, and the Trust has completed the majority of global asset recovery and reconciliation work. Disputed claims vary significantly: many are simple and readily resolvable, while others may require further investigation. A blanket extension fails to account for this variation and perpetuates unfair delays.

V. Personal Impact

11. I am Jun Ni, a 66-year-old creditor, filing this objection pro se. I deposited a portion of my retirement savings in USD on FTX to earn interest, intending to support my retirement plans. The collapse of FTX has severely disrupted my retirement life, causing significant financial hardship and emotional distress. I have been unable to access these funds, which has upended my plans and created ongoing worries about my future security. I hope to recover my retirement deposit as soon as possible to alleviate this burden.

**REQUESTED RELIEF**

For the foregoing reasons, the undersigned creditor respectfully requests that the Court:

A. Deny the Motion in its entirety; or, in the alternative,

B. Grant a significantly shorter and conditioned extension as follows:

1. Limit the Extension: Grant an extension of no more than six (6) months.

2. Mandate Prioritization and Transparency: Order the Trust to prioritize and complete the processing and distribution for all creditors whose claims meet the criteria of Plan § 2.1.8 (excluding (b)) and who have completed all Pre-Distribution Requirements, on or before March 3, 2026 (90 days from the current deadline).

3. Require Public Categorization and Disclosure of Disputed Claims: Order the Trust to establish and publicly display a clear categorization system for all claims marked as "disputed," using categories such as: "Incomplete KYC Verification," "Involved in Complex Legal Disputes," etc. The Trust must, based on this categorization, disclose the corresponding processing plan, estimated timeline, or acknowledged difficulty level. Furthermore, the Trust must empower its FTX Customer Support team with the authority and information to provide any creditor within a specific category with a detailed, individualized explanation for the delay in processing their claim upon inquiry.

4. Establish a Framework for Disputed Claims: For claims that are legitimately disputed, the Court should order the Trust to provide creditors with:

a. A status update.

b. The specific grounds for the dispute.

c. A proposed deadline for the next action.

d. An outline of potential next steps.

5. Address Time-Value Compensation: Order the Trust to show cause why creditors who experience a delay in distribution due to the Trust's administrative sequencing should not be compensated for the loss of the time value of their money, to ensure equality of treatment with creditors who were paid earlier.

6. Require Reporting: Require the Trust to provide bi-monthly reports to the Court detailing the number and value of claims processed, allowed, and disputed, broken down by the reason for dispute using the aforementioned categorization system.

C. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: November 10, 2025

*Jun Ni*

Jun Ni (pro se)
Unique Customer Code: 1956585
Email: nicolas1718@163.com
Mailing: 1051 Xinzha Road, Room 3D, Shanghai, China, 200041

**CERTIFICATE OF SERVICE**

I, Jun Ni, hereby certify that on November 10, 2025, I caused a true and correct copy of the foregoing LIMITED OBJECTION OF JUN NI TO THE FTX RECOVERY TRUST'S MOTION FOR ENTRY OF AN ORDER EXTENDING (I) THE CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE (D.I. 33444) to be served via electronic mail (email) upon the following counsel of record:

U.S. Trustee – District of Delaware
- Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov
- Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
- David Gerardi – david.gerardi@usdoj.gov

Counsel to the FTX Recovery Trust – Sullivan & Cromwell LLP
- Andrew G. Dietderich – dietdericha@sullcrom.com
- James L. Bromley – bromleyj@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com

Delaware Counsel to the Trust – Landis Rath & Cobb LLP
- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com
- Matthew B. McGuire – mcguire@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: November 10, 2025

Jun Ni (pro se)    *Jun Ni*
Unique Customer Code: 1956585
Email: nicolas1718@163.com
Mailing: 1051 Xinzha Road, Room 3D, Shanghai, China, 200041