IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
FTX TRADING LTD., et al.,
Debtors.

Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)
Ref. No. 33444



LIMITED OBJECTION OF KAIHAO NI TO THE FTX RECOVERY
TRUST'S MOTION FOR ENTRY OF AN ORDER EXTENDING (I) THE
CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE
CLAIMS OBJECTION DEADLINE (D.I. 33444)

Kaihao Ni ("Objector"), a creditor in the above-captioned chapter 11 cases, respectfully submits this limited objection (the "Limited Objection") to the Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline [D.I. 33444] (the "Motion"). In support of this Limited Objection, the Objector states as follows:

## INTRODUCTION

I am Kaihao Ni, an individual creditor filing this pro se. I object to the Trust's request for a one-year unconditional extension because it would cause further unjust delays for creditors like me. Any extension must be limited and come with strict requirements for transparency and fair treatment.

## BACKGROUND

The Trust wants to extend its power to hold claims as "disputed" for another full year, blaming backlog and complexity. But this ignores the real harm to creditors after three years of waiting. Under Bankruptcy Rule 9006(b), extensions need good "cause," and vague claims of difficulty do not qualify when delays hurt unpaid creditors far more than the Trust.

## REASONS FOR OBJECTION

I. The Extension Lacks Justification and Would Freeze Claims Indefinitely

The original deadlines were set to ensure timely resolutions. This new request would let the Trust keep simple claims in limbo without end, undermining fairness. My own claim is not complex—it involves a straightforward deposit—yet it remains stalled with no explanation.

II. Ongoing Delays Hurt Creditors While Benefiting Professionals

Creditors bear all the costs: time, stress, and lost opportunities. The Trust's reports show nearly $1 billion already spent on fees [D.I. 33250, Oct. 21, 2025], with more piling up monthly. Delays only increase those expenses from the estate, reducing what we recover. The Trust faces no penalty for dragging its feet.

III. Communication Breakdowns Make the Process Opaque

I have reached out multiple times via support@ftx.com and the Kroll portal, only to get template replies with no details on my dispute. This black-box approach leaves us guessing why claims are flagged and when they might resolve.

IV. Unequal Treatment Creates Real Inequities

Many similar creditors have received payments, regaining their funds' value in a high-interest environment. Disputed ones like mine stay frozen, compounding losses every month. This is unfair and violates equal treatment principles.

V. Personal Hardship

As a father in a family of three with a 5-year-old son, I deposited our home-buying funds in USD on FTX for fixed interest, planning to purchase property. Over three years since 2022, we have recovered nothing due to the Trust's repeated excuses and delays. We remain stuck renting, unable to build stability for our child. This extension would prolong our hardship unnecessarily.

**REQUESTED RELIEF**

For these reasons, I ask the Court to:

A. Deny the Motion outright; or

B. If granting any extension, limit it to no more than three (3) months and impose conditions:

1. Require priority resolution for claims meeting Plan § 2.1.8 (excluding (b)) with all Pre-Distribution Requirements done, by February 1, 2026;

2. Order public disclosure of dispute reasons by category (e.g., "transfer issue," "KYC pending") and timelines for each;

3. Mandate individual updates to creditors within 45 days, detailing the dispute basis and resolution steps;

4. Require monthly progress reports to the Court on resolved vs. pending claims;

5. Direct the Trust to explain why delayed creditors should not get compensation for lost time-value to match early payers.

C. Provide any other just relief.

Respectfully submitted,

Dated: November 12, 2025

*Kaihao Ni*

Kaihao Ni (pro se)
Unique Customer Code: 00169722
Email: nikaihao@126.com
Mailing: 2406 Pudong Ave, No.1, Room 1102, Shanghai, China 200136

CERTIFICATE OF SERVICE

I, Kaihao Ni, certify that on November 12, 2025, I sent a true copy of this Limited Objection by email to:

U.S. Trustee – District of Delaware
- Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov
- Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
- David Gerardi – david.gerardi@usdoj.gov

Counsel to the FTX Recovery Trust – Sullivan & Cromwell LLP
- Andrew G. Dietderich – dietdericha@sullcrom.com
- James L. Bromley – bromleyj@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com

Delaware Counsel to the Trust – Landis Rath & Cobb LLP
- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce  –  pierce@lrclaw.com
- Matthew B. McGuire  –  mcguire@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: November 12, 2025

Kaihao Ni (pro se)    *Kaihao Ni*
Unique Customer Code: 00169722
Email: nikaihao@126.com
Mailing: 2406 Pudong Ave, No.1, Room 1102, Shanghai, China 200136