IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
FTX TRADING LTD., et al.,

Debtors.

Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)
Ref. No. 33444



### LIMITED OBJECTION OF LIJIE YU TO THE FTX RECOVERY TRUST'S MOTION FOR ENTRY OF AN ORDER EXTENDING (I) THE CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE (D.I. 33444)

Lijie Yu, a retired woman and individual creditor, files this short objection on her own (pro se). I ask the Court to deny the Trust's request for another full-year delay or, at minimum, to cut it down and force real openness.

MY STORY IN BRIEF

I am 62, retired, and living on a fixed pension. Part of my savings went to FTX in 2022 to buy U.S. stocks and earn safe interest for old age. Three years later, every dollar is still locked. The Trust keeps pushing deadlines while my bills keep coming.

WHY THE MOTION IS WRONG

1. **Three Years Is Long Enough** – The Trust has had since November 2022 to sort simple accounts. My claim is just cash and stock holdings; nothing fancy. A blanket one-year extension is not "cause" under Rule 9006(b)—it is an excuse.

2. **We Pay, They Don't** – Nearly $1 billion in fees already gone (D.I. 33250). Every extra month adds more fees taken from our money. The Trust loses nothing by waiting; I lose sleep and security.

3. **No Answers, No Progress** – Emails to support@ftx.com and Kroll get auto-replies only. I still do not know why my claim is "disputed" or what document is missing.

4. **Unfair Timing** – Friends with the same type of account got paid in early 2025.

In today's high rates, every month I wait costs me real interest I can never get back.

WHAT I ASK THE COURT TO DO

A. **Deny the Motion completely**; or

B. **If any extension is granted**, make it short and strict:

   1. **Maximum 90 days** (until March 3, 2026);
   2. **Finish all claims** that meet Plan § 2.1.8 (except (b)) and have finished KYC and Pre-Distribution steps—pay them by the new deadline;
   3. **Post online** a simple list of dispute types (e.g., "KYC issue," "stock transfer") and a target finish date for each type;
   4. **Send every creditor** a one-page letter within 30 days saying exactly why their claim is blocked and what they must do next;
   5. **File monthly reports** showing how many claims are fixed and paid.

C. Any other fair relief.

Respectfully submitted,

Dated: November 12, 2025

Lijie Yu (pro se)    *LiJie Yu*
Unique Customer Code: 1410083
Email: a16jin@126.com
Mailing: 862 YueMing Road, No.10, Unit2, Room301, Hangzhou, Zhejiang, China, 311225

CERTIFICATE OF SERVICE

I, Lijie Yu, certify that on November 12, 2025, I emailed a true copy of this objection to:

U.S. Trustee – District of Delaware
- Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov
- Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
- David Gerardi – david.gerardi@usdoj.gov

Counsel to the FTX Recovery Trust – Sullivan & Cromwell LLP
- Andrew G. Dietderich – dietdericha@sullcrom.com
- James L. Bromley – bromleyj@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com

Delaware Counsel to the Trust  –  Landis Rath & Cobb LLP
- Adam G. Landis  –  landis@lrclaw.com
- Kimberly A. Brown  –  brown@lrclaw.com
- Matthew R. Pierce  –  pierce@lrclaw.com
- Matthew B. McGuire  –  mcguire@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: November 12, 2025

Lijie Yu (pro se)    *LiJie Yu* (signature)
Unique Customer Code: 1410083
Email: a16jin@126.com
Mailing: 862 YueMing Road, No.10, Unit2, Room301, Hangzhou, Zhejiang, China, 311225