IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>FTX TRADING LTD., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>Related to Docket No. 33444 |

### LIMITED OBJECTION OF [YI QIN] TO FTX RECOVERY TRUST'S MOTION TO EXTEND CLAIMS OBJECTION DEADLINES (D.I. 33444)

Creditor **YI QIN** respectfully objects to the FTX Recovery Trust's Motion to Extend Deadlines to Object to Claims and Administrative Claims (D.I. 33444) (the "Extension Motion"), or, alternatively, limit any extension to a narrowly defined and time-limited period, with mandatory transparency and reporting safeguards described below.

**Preliminary Statement**

The FTX Recovery Trust seeks a one-year, unconditional extension of the claims objection deadlines. While some extension may be reasonable given the complexity of these proceedings, the requested blanket extension is excessive, lacks necessary oversight, and would further prejudice creditors whose claims remain unresolved without explanation. The Court should require the Trust to implement targeted, transparent, and accountable procedures to ensure fair and efficient resolution of all remaining disputed claims.

## Background

1. I am the holder of FTX Account ID **[Unique Customer Code: 721930]** and have timely filed a claim in these proceedings. My claim, like those of many other creditors, remains marked as "disputed" without any clear explanation or guidance from the Trust.

2. Over the past two years, I have made multiple attempts to obtain information regarding the status of my claim through the Kroll portal and official support channels. All responses have been automated or generic, providing no substantive detail about the reason for the dispute, the category of the issue, or the steps required for resolution.

3. The Trust has publicly acknowledged that the majority of claims have already been reconciled, and that only a small fraction remains unresolved. Many of these unresolved claims, including mine, are straightforward and fully documented, with no indication of legal or factual complexity.

## Argument

**A. Lack of Transparency and Due Process**

The Trust's current process fails to provide basic transparency. Creditors are not informed of the specific grounds for their disputed status, nor are they given any timeline or guidance for resolution. This information asymmetry leaves creditors in a

prolonged state of uncertainty and prevents them from taking meaningful action to cure or clarify their claims.

**B. Unjustified and Prejudicial Delay**

A one-year unconditional extension would further entrench this lack of transparency and procedural fairness. Many creditors have already endured years of delay without explanation. Extending the deadline without any conditions or oversight would impose additional financial and emotional burdens on creditors, while the Trust faces no similar consequences.

**C. Need for Targeted, Accountable Administration**

The case has progressed beyond its initial stages. The remaining pool of disputed claims is small and diverse, and many are administratively simple. A blanket extension is neither necessary nor appropriate. Instead, the Court should require the Trust to adopt a more targeted approach, prioritizing the resolution of simple claims and providing clear information to all affected creditors.

**D. Legal Authority for Tailored Relief**

Bankruptcy courts have broad equitable powers under 11 U.S.C. § 105(a) to ensure fairness and prevent procedural imbalance. Courts in this District have repeatedly emphasized the importance of transparency and timely administration in protecting creditor interests (see, e.g., In re Washington Mutual, Inc., 442 B.R. 314, 361 (Bankr. D. Del. 2011); In re Nortel Networks Inc., 532 B.R. 494, 554 (Bankr. D. Del. 2015)).

## Conclusion and Requested Relief

For the reasons stated above, I respectfully request that the Court:

**1. Deny** the Trust's request for a one-year unconditional extension of the claims objection deadlines;

**2. Grant only a short, conditional extension** (such as 90 days), subject to the following safeguards:

- The Trust must disclose the specific reason or category for each disputed claim;
- The Trust must provide estimated timelines for review and resolution of each category;
- The Trust must file periodic status reports with the Court and creditors;
- The Trust must prioritize the prompt resolution of administratively simple claims;
- Creditors must be allowed to seek Court intervention if no substantive update is provided within a reasonable period.

**3. Grant such other and further relief** as the Court deems just and proper.

Dated: **November 10, 2025**

Respectfully submitted,

YI QIN (pro se)

Unique Customer Code: **721930**

Mailing: **Huilongguan East Street, Changping District, Beijing, China**

Email: **steven.qinyi@gmail.com**

*QZN YI* [signature]

## CERTIFICATE OF SERVICE

I hereby certify that as of November 10, 2025, I caused a true and correct copy of the foregoing Objection of **YI QIN** to the FTX Recovery Trust's Motion to Extend Deadlines to Object to Claims and Administrative Claims (D.I. 33444) to be served via electronic mail upon the following recipients:

### Counsel for the FTX Recovery Trust – Sullivan & Cromwell LLP

Andrew G. Dietderich – dietdericha@sullcrom.com

James L. Bromley – bromleyj@sullcrom.com

Brian D. Glueckstein – gluecksteinb@sullcrom.com

Alexa J. Kranzley – kranzleya@sullcrom.com

### Delaware Counsel for the Trust – Landis Rath & Cobb LLP

Adam G. Landis – landis@lrclaw.com

Kimberly A. Brown – brown@lrclaw.com

Matthew R. Pierce – pierce@lrclaw.com

Matthew B. McGuire – mcguire@lrclaw.com

### Office of the United States Trustee – District of Delaware

Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov

Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov

David Gerardi – david.gerardi@usdoj.gov

Dated: **November 10, 2025**

**YI QIN** (pro se)

Unique Customer Code: **721930**

Email: **steven.qinyi@gmail.com**

Mailing: **Huilongguan East Street, Changping District, Beijing, China**

*/s/ QIN YI*