LIMITED OBJECTION OF YONG LI TO MOTION OF THE FTX RECOVERY TRUST TO EXTEND CLAIMS OBJECTION DEADLINES [D.I. 33444]

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

In re:
FTX TRADING LTD., et al.,
Debtors.
Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)

LIMITED OBJECTION

The undersigned creditor, Yong Li, holder of Unique Customer Code: 153181 , hereby files this Limited Objection (the "Objection") to the Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline [D.I. 33444] (the "Motion"). In support of this Objection, I respectfully state:

I. PRELIMINARY STATEMENT

I do not object to the FTX Recovery Trust ("Trust") having reasonable time to resolve legitimately disputed claims. However, I strongly object to an open-ended, 12-month extension that (i) lacks specificity and transparency, (ii) perpetuates existing inequities among creditors, (iii) inflicts severe and ongoing financial harm on creditors like myself, and (iv) despite the Trust's recent withdrawal of the Restricted Jurisdiction Motion [D.I. 33439], raises concerns that this extension will function as a backdoor mechanism to continue withholding distributions from Chinese creditors.

II. FACTUAL AND LEGAL GROUNDS FOR OBJECTION

A. The Motion Fails to Show "Cause" for a Blanket Extension Under Rule 9006(b).

(a).The Trust's justification of "complexity" is a blanket assertion that fails to distinguish between different categories of claims. Crucially, the Trust has just withdrawn its Motion to Implement Restricted Jurisdiction Procedures. This act concedes that there is no currently recognized legal barrier to distributing funds to creditors in China. Therefore, the continued designation of my claim, and those of other Chinese creditors who have completed all Pre-Distribution Requirements, as "disputed" for the purpose of withholding distribution is baseless and prejudicial.

(b).The Motion fails the "cause shown" standard of Bankruptcy Rule 9006(b) because it does not demonstrate why claims that are prima facie allowable—such as those falling under Plan § 2.1.8 (other than subsection (b)) and for which all Pre-Distribution Requirements are complete—require an additional year to process. The burden is on the Trust to provide a more granular justification,

which it has not done.

B. The Trust's Opaque and Inequitable Claims Processing Has Caused and Will Worsen Unfairness.

(a).The Trust's processing of claims has been arbitrarily sequential and non-transparent. For creditors in the same class (e.g., Class 7A) who have all agreed to the schedules and completed all Pre-Distribution Requirements, some received their first distribution in February 2025, others in May, others in September, and many, including myself, have received nothing.

(b).This creates two layers of injustice:
    a).For those paid late or not at all: The Trust is holding our funds without compensation. If interest on the distributions is calculated only up to a fixed date (e.g., February 28, 2025), then creditors paid later are deprived of the time value of their money for months. We are not seeking a high post-default interest rate, but we assert that the economic benefit of holding our funds for an extended period should be accounted for to ensure equal treatment.
    b).If the Extension is Granted: The disparity will become grotesque. Two identical creditors could see their first distribution dates separated by nearly two years (February 2025 vs. January 2027). The Motion proposes no solution to this fundamental inequity.

C. The Extension Would Exacerbate Severe and Ongoing Personal Hardship.

This is not an abstract dispute. The Trust's delay has caused me concrete and devastating financial harm. Due to the inability to recover my assets, my loans have been in default since April 2025. This has severely damaged my personal credit, and I am now unable to secure any bank financing. The Trust's unspecified and prolonged delay is actively destroying my financial health and severely impacting my ability to support myself and my family. This is the human cost of an unconstrained extension.

III. REQUESTED RELIEF

For the foregoing reasons, the undersigned creditor respectfully requests that the Court:

A. Deny the Motion in its entirety; or, in the alternative,

B. Grant a significantly shorter and conditioned extension as follows:

1. Limit the Extension: Grant an extension of no more than six (6) months.
2. Mandate Prioritization and Transparency: Order the Trust to prioritize and complete the processing and distribution for all creditors whose claims meet the criteria of Plan § 2.1.8 (excluding (b)) and who have completed all Pre-Distribution Requirements, on or before March 3, 2026 (90 days from the current deadline).
3. Require Public Categorization and Disclosure of Disputed Claims: Order the Trust to establish and publicly display a clear categorization system for all claims marked as "disputed," using

categories such as: "Incomplete KYC Verification," "Involved in Complex Legal Disputes," etc. The Trust must, based on this categorization, disclose the corresponding processing plan, estimated timeline, or acknowledged difficulty level. Furthermore, the Trust must empower its FTX Customer Support team with the authority and information to provide any creditor within a specific category with a detailed, individualized explanation for the delay in processing their claim upon inquiry.

4. Establish a Framework for Disputed Claims: For claims that are legitimately disputed, the Court should order the Trust to provide creditors with:

   a. A status update.
   b. The specific grounds for the dispute.
   c. A proposed deadline for the next action.
   d. An outline of potential next steps.

5. Address Time-Value Compensation: Order the Trust to show cause why creditors who experience a delay in distribution due to the Trust's administrative sequencing should not be compensated for the loss of the time value of their money, to ensure equality of treatment with creditors who were paid earlier.

6. Require Reporting: Require the Trust to provide bi-monthly reports to the Court detailing the number and value of claims processed, allowed, and disputed, broken down by the reason for dispute using the aforementioned categorization system.

C. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: November 9, 2025

*Yong Li*

Yong Li (pro se)
Unique Customer Code:153181
Email: liyongxty@163.com
Mailing:Shenzhen,518000,China

Case 22-11068-KBO    Doc 33594    Filed 11/13/25    Page 4 of 4

## CERTIFICATE OF SERVICE

I, Yong Li, hereby certify that on November 9, 2025, I caused a true and correct copy of the foregoing **LIMITED OBJECTION OF YONG LI TO MOTION OF THE FTX RECOVERY TRUST TO EXTEND CLAIMS OBJECTION DEADLINES [D.I. 33444]** to be served via electronic mail (email) upon the following counsel of record:

**U.S. Trustee – District of Delaware**
- Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov
- Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
- David Gerardi – david.gerardi@usdoj.gov

**Counsel to the FTX Recovery Trust – Sullivan & Cromwell LLP**
- Andrew G. Dietderich – dietdericha@sullcrom.com
- James L. Bromley – bromleyj@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com

**Delaware Counsel to the Trust – Landis Rath & Cobb LLP**
- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com
- Matthew B. McGuire – mcguire@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: November 9, 2025

*Yong Li*

Yong Li (pro se)
Unique Customer Code:153181
Email: liyongxty@163.com
Mailing:Shenzhen,518000,China