## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

FTX TRADING LTD., et al.,

Debtors.

Chapter 11

Case No. 22-11068 (KBO)

(Jointly Administered)

## LIMITED OBJECTION OF ZHU MING TO THE MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER EXTENDING (I) THE CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE (D.I. 33444)

### PRELIMINARY STATEMENT

1. This Limited Objection addresses the Motion of the FTX Recovery Trust (the "Trust") seeking a one-year blanket extension of the deadlines to object to claims. While administrative flexibility may be warranted for genuinely unresolved or complex matters, applying the same extension to claims whose scheduled amounts have been accepted by creditors but that have nevertheless been designated as "disputed" by the Trust produces inequitable results and undermines procedural efficiency.

2. The Trust has not disclosed any factual basis for designating any claims as "disputed." Among those claims, a portion clearly involves scheduled amounts that have been accepted by the respective creditors in accordance with the Trust's own published schedules. It is therefore a reasonable and fact-based inference that at least some of these claims were classified as "disputed" for non-substantive reasons unrelated to the underlying amounts or validity of the claims.

3. Accordingly, the undersigned does not oppose a limited extension where genuine claim reconciliation remains pending, but respectfully requests that any approval exclude

1

claims whose scheduled amounts have been accepted by creditors yet are marked as "disputed."

4. By way of example, the undersigned creditor's account illustrates this point. My Schedule No. is 6721901, and my Customer ID is 01411994. I have accepted my scheduled claim through the Kroll portal, which generated the following notice:

> "When you press 'Accept Schedule' you will receive an email from noreply.efiling@ra.kroll.com. Please add this email to your allowed senders list. This email will contain an identification number confirming receipt of your schedule acceptance ('Confirmation ID'). Please note that your email confirmation document will confirm that you have accepted your scheduled claim and is not a proof of claim form."

This exact language appeared in the confirmation email I received, which included Confirmation ID 3265-70-ONVKH-180925609. Based on this record, I have clearly accepted the amount scheduled by the Trust, and no disagreement exists on the claim's value. Nevertheless, my claim has been classified as "disputed," and I have not received payment. Therefore, there is no reasonable basis for my claim or for other similarly situated claims whose scheduled amounts were accepted by creditors but are still labeled "disputed" by the Trust, to fall within the scope of any extended objection deadline.

5. This objection does not seek any preferential treatment of my own claim. Rather, it requests that all creditors whose scheduled claim amounts are undisputed receive equal and fair treatment consistent with the principles of transparency and due process.

**ARGUMENT**

**I. The Trust's Motion Misrepresents the Lack of Prejudice to Creditors.**

6. The Trust argues that the requested extension "is not sought for the purpose of delay

and will not prejudice any stakeholder." This assertion does not reflect the reality faced by creditors who have accepted the scheduled amounts of their claims but whose claims are still marked as "disputed." For these creditors, the one-year extension prolongs an unnecessary suspension and denies timely resolution.

7. Creditors who accepted their scheduled claim amounts reasonably expect those claims to move toward payment. Extending the objection deadline without explanation harms those creditors by delaying distributions and eroding fairness within the liquidation process.

## II. Extending Deadlines for Amount-Accepted but "Disputed" Claims Creates Procedural Inefficiency.

8. Applying the same extension to claims whose scheduled amounts have been accepted by creditors but are held open for non-substantive reasons effectively freezes their resolution and slows the overall progress of the case.

9. Such delays inevitably reduce procedural efficiency and may provoke unnecessary disputes or filings from creditors whose legitimate expectations are frustrated. This outcome undermines both fairness and the orderly administration of the estate.

## III. The Trust's Extended Administration Increases Costs and Time Burdens on Creditors.

10. The Trust's administrative and professional expenses continue to be paid from estate assets during the extended wind-down period. Each delay therefore increases costs while creditors continue to bear the loss of time value on their claims. Given this inherent imbalance, the Trust's request should not be granted without meaningful limits and disclosures to preserve fairness and procedural integrity.

**IV. A Blanket Extension Would Undermine Efficiency and Increase Administrative Burdens.**

11. The Trust's claim that a blanket extension would streamline administration is unpersuasive. Unnecessary extensions tend to increase administrative work and complicate oversight.

12. Rather than improving efficiency, extending deadlines for claims that have already been accepted by creditors but are still labeled "disputed" would create additional confusion, extra correspondence, and avoidable administrative burdens. It would also delay closure for creditors who have already fulfilled their procedural obligations.

**V. Targeted and Transparent Conditions Serve Both Efficiency and Fairness.**

13. To reconcile administrative needs with fairness, the Court may wish to condition any approval on the following:
(a) Within 10 days, the Trust shall publicly disclose the basis for designating each claim as "disputed," including any factual or administrative grounds for such classification;
(b) The Trust shall exclude from the extended deadlines all claims whose scheduled amounts are undisputed; and
(c) The Trust shall publicly report on the resolution or payment progress of undisputed claims to ensure transparency and accountability.

14. These limited conditions would promote transparency, prevent unnecessary individual filings, and ensure that undisputed claims are not left unresolved without explanation.

**VI. The Requested One-Year Extension Should Be Limited to 180 Days for Claims Still in Genuine Dispute.**

4

15. Where genuine disputes remain, limiting any extension to a 180-day period would better serve both fairness to creditors and the efficient progress of the case.

**CONCLUSION**

For the foregoing reasons, the undersigned respectfully requests that the Court:

1. Condition any approval of the Motion on the Trust's public disclosure, within 10 days, of the basis for designating each claim as "disputed";

2. Require the Trust to exclude from any extended objection deadlines all claims whose scheduled amounts are undisputed, and to file a short public status report summarizing progress on the resolution or payment of those claims;

3. Limit any approved extension to 180 days from the current deadlines for claims that remain in genuine dispute; and

4. Grant such other and further relief as the Court deems just and proper.


Dated: November 11, 2025

Respectfully submitted,

Zhu Ming    *Zhu Ming*

Creditor and Party in Interest

**CERTIFICATE OF SERVICE**

I, Ming Zhu, hereby certify that on November 11, 2025, I caused a true and correct copy of the foregoing Limited Objection of Ming Zhu to be served by electronic mail upon the following:

Landis Rath & Cobb LLP

Attn: Adam G. Landis, Kimberly A. Brown, and Matthew R. Pierce

919 Market Street, Suite 1800

Wilmington, DE 19801

Email: landis@lrclaw.com; brown@lrclaw.com; pierce@lrclaw.com

Sullivan & Cromwell LLP

Attn: Andrew G. Dietderich, James L. Bromley, Brian D. Glueckstein, and Alexa J. Kranzley

125 Broad Street

New York, NY 10004

Email: dietdericha@sullcrom.com; bromleyj@sullcrom.com; gluecksteinb@sullcrom.com; kranzleya@sullcrom.com

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 11, 2025

Zhu Ming    *Zhu Ming*

Creditor and Party in Interest