| | |
|---|---|
| In re:<br>FTX TRADING LTD., et al.,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br><br>Hearing Date: November 24, 2025 at 9:30 a.m. (ET) |

# LIMITED OBJECTION OF ZHAO YUQI TO FTX RECOVERY TRUST'S MOTION FOR ENTRY OF AN ORDER EXTENDING (I) THE CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE (D.I. 33444)

## I. INTRODUCTION

Creditor ZHAO YUQI ("Creditor") respectfully submits this limited objection (the "Limited Objection") to the FTX Recovery Trust's Motion for Entry of an Order Extending the Claims Objection Deadline and the Administrative Claims Objection Deadline (the "Motion").

While Creditor does not oppose a reasonable extension supported by valid cause, the Motion requests a one-year unconditional extension without providing any factual basis, progress metrics, or transparency regarding the treatment of thousands of disputed claims.

The Motion offers only generic statements about "complexity" and "administrative burdens." It fails to identify how additional time would be used, what progress has been made, or how creditors in disputed status are expected to obtain resolution.

This lack of explanation and categorization has left affected creditors in an indefinite freeze, with no information, no classification, and no timeline. Such opacity cannot justify further delay.

Creditor therefore objects to the Motion as presently filed and respectfully requests that any extension be conditional upon transparency, disclosure, and reporting obligations, ensuring accountability and fairness under §§ 105(a), 1123(a)(4), and 1142(b) of the Bankruptcy Code.

## II. FACTUAL BACKGROUND

Within Class 5A, a large number of creditors remain marked as disputed without explanation. The Trust has provided no categorization or reason—neither through the Kroll portal nor through counsel communications.

The Trust's own filings confirm that claims reconciliation is substantially complete, yet no structure or visibility exists for those left in disputed status.

Despite numerous creditor inquiries, there is still no way to determine why a claim is disputed, whether the issue is substantive or administrative, whether additional documents are needed, or when review will occur.

Creditors thus remain indefinitely frozen while other similarly situated Class 5A creditors receive distributions and regain the time value of their assets.

### III. LEGAL FRAMEWORK

Section 1123(a)(4) – Creditors in the same class are entitled to substantially equal treatment, including equitable access to information affecting recovery.

Section 1142(b) – The Court maintains oversight to ensure fair implementation of the confirmed Plan and prevent administrative opacity.

Section 105(a) – The Court may condition relief to protect creditor rights and correct procedural imbalance.

Rule 9006(b) – An extension requires "cause shown"; absent transparency and explanation, the Trust has failed to meet this burden.

### IV. OBJECTION TO THE REQUESTED UNCONDITIONAL EXTENSION

The Trust seeks to extend the claims objection deadline by an entire year without disclosing any plan or justification for how the time will be used. This is effectively an open-ended administrative freeze on disputed creditors.

The lack of transparency is particularly concerning: there is no public classification of disputed claims, no disclosure of the grounds for dispute, and no timetable for resolution.

The Trust's silence deprives affected creditors of meaningful participation and violates the equal-treatment principles of Section 1123(a)(4). A blanket, unexplained extension rewards administrative inaction and undermines confidence in the fairness of the process.

### V. REQUESTED CONDITIONAL RELIEF

Creditor respectfully requests that the Court deny the requested unconditional one-year extension and, instead, grant a short, conditional extension (for example, 90 days) subject to the following reasonable safeguards:

1. Categorical Disclosure – Provide a general, non-privileged summary of disputed-claim categories (e.g., documentation, KYC, jurisdictional, or litigation-related).

2. Explanation Requirement – Notify each disputed creditor of the reason their claim was designated as disputed, at least in summary form.

3. Status Reports – File brief progress reports (every 45 days) describing reconciliation progress, outstanding categories, and projected timelines.

4. Prioritization of Simple Claims – Resolve administratively clear claims first to avoid undue harm to compliant creditors.

5. Court Review at Expiration – Upon expiration of the conditional period, the Court may reevaluate progress and determine whether further extension is warranted.

## VI. CONCLUSION

Creditor supports the Trust's ongoing recovery efforts but cannot accept a further unconditional delay absent transparency and explanation. Creditors cannot remain indefinitely frozen in disputed status without knowing why or for how long.

Accordingly, Creditor respectfully requests that the Court deny the requested one-year unconditional extension and grant a shorter, conditional extension—such as 90 days—subject to the disclosure and reporting obligations set forth above.

Such relief balances administrative flexibility with fairness, preserves the integrity of this Court's oversight, and restores procedural justice to the creditors who remain in disputed status.

Respectfully submitted,

*ZHAO Yuqi*

ZHAO YUQI

Claim No. 1995757

Shanghai, China

Email: yzhaobk@gmail.com | Tel: +86 152 9311 9256

November 2025

## CERTIFICATE OF SERVICE

I, ZHAO YUQI, certify that on November 7, 2025, I caused a true and correct copy of the foregoing Limited Objection and proposed order to be served by electronic mail and by U.S. Mail on the following:

U.S. Trustee – District of Delaware
• Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov
• Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
• David Gerardi – david.gerardi@usdoj.gov

Counsel to the FTX Recovery Trust – Sullivan & Cromwell LLP
• Andrew G. Dietderich – dietdericha@sullcrom.com
• James L. Bromley – bromleyj@sullcrom.com
• Brian D. Glueckstein – gluecksteinb@sullcrom.com
• Alexa J. Kranzley – kranzleya@sullcrom.com

Delaware Counsel to the Trust – Landis Rath & Cobb LLP
• Adam G. Landis – landis@lrclaw.com
• Kimberly A. Brown – brown@lrclaw.com
• Matthew R. Pierce – pierce@lrclaw.com
• Matthew B. McGuire – mcguire@lrclaw.com

If any party does not consent to email service, I will promptly effect service by mail consistent with the Federal Rules of Bankruptcy Procedure and the Local Rules.

Dated: November 7, 2025

*ZHAO YUQI* (signature)

ZHAO YUQI (pro se)

Shanghai, China

Email: yzhaobk@gmail.com | Tel: +86 152 9311 9256