IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
FTX TRADING LTD., et al.,
Debtors.

Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)

Re: D.I. 33444

## LIMITED OBJECTION AND CONDITIONAL APPROVAL REQUEST OF 7A CLASS CREDITOR

Peiyi Li (the "Objector"), a pro se creditor and resident of China, respectfully submits this Limited Objection ("Limited Objection") to the Recovery Trust's Motion to Extend the Claims Objection Deadline [D.I. 33444] (the "Extension Motion").

In support, the Objector states as follows:

I. Introduction

I submit this limited objection to the motion filed by the FTX Recovery Trust (the "Trust") seeking to extend the deadlines for objections to claims and administrative claims. As a 7A class creditor, I do not oppose a reasonable extension in principle, but I strongly object to unconditional or opaque extensions that leave my claim in indefinite suspense.

The current situation regarding disputed claims provides no clarity on the grounds, process, or timeline, effectively placing creditors like me in an uncertain and potentially endless waiting state. I request that the Court adopt a limited objection with conditional approval approach, ensuring procedural safeguards without altering the priority of distributions or jump-the-line rights.

II. Factual Background

I am a 7A class creditor with a claim of $10,979.76 in the FTX Recovery Trust. I worked hard for several years to save this money and invested it in cryptocurrencies, intending to hold through market fluctuations.

When the FTX bankruptcy occurred, my entire investment was frozen. I initially believed that once a distribution channel was found, I could recover my funds. However, the Trust filed a motion restricting certain regions, placing my assets at risk. I submitted an objection to that motion, which was later withdrawn. Since then, the Trust has never explained why my claim remains disputed. Initially, it appeared the reason was the lack of distribution vendors; then it seemed to be due to regional restrictions; now, with the withdrawal of the motion, I still have no clarity regarding the dispute.

Meanwhile, other creditors who received distributions in March have been able to reinvest their recovered funds, whereas my claim ceased to accrue interest after March. I am forced to spend personal time reviewing case documents and preparing this limited objection, resulting in lost opportunity and practical burdens.

III. Legal Framework

11 U.S.C. § 1123(a)(4): All claims within the same class must be treated equally, including economic equality.

11 U.S.C. § 1142(b): The Court supervises plan execution and may act to prevent abuse of delay powers.

11 U.S.C. § 105(a): The Court may issue orders to correct procedural inequities and implement equitable measures.

Fed. R. Bankr. P. 9006(b): Extensions require "cause shown," which cannot be determined without transparency.

IV. Transparency as a Prerequisite

Any extension of the objection deadlines must be conditioned on full transparency. The Trust should be required to provide:

a) Categorization of disputed claims – including my claim.
b) Disclosure of grounds for dispute – why my claim is disputed.
c) Process path – how the claim will be resolved.
d) Estimated timeline – expected date of resolution.
e) Regular status reports – ongoing updates to the Court and creditors.

Without this disclosure, I cannot assess whether cause exists for the requested extension. Transparency is essential to prevent indefinite deferral and to ensure fairness.

V. Structural Misalignment of Incentives

The Trust incurs no cost from delaying disputed claims, while I, as an individual creditor, bear economic harm due to frozen funds and lost time-value. Professional fees continue to accrue, further increasing the disparity in incentives. The Court must ensure the Trust cannot indefinitely defer claims without accountability.

VI. Time-Value Neutrality

Because my claim has remained frozen while others received distributions, I have suffered time-value loss. Allowing indefinite delays creates de facto economic discrimination against creditors like me.

I respectfully request that any eventual allowance of my disputed claim include an adjustment for lost time-value, ensuring equality with other creditors who have already received distributions.

VII. Procedural Safeguards

To prevent my claim from being indefinitely suspended, I request that the Court require the Trust to:

a) Provide regular status updates.
b) Disclose grounds for dispute.
c) Establish clear action deadlines.
d) Outline next steps for resolution.

This will allow creditors like me to monitor progress and enforce timely resolution, consistent with precedent in Lehman, Tribune, ResCap, and other similar cases.

VIII. Proposed Conditional Approval

If the Court grants the extension of objection deadlines, it should do so on a conditional basis, requiring the Trust to:

a) Provide a Transparency Package for all disputed claims, including mine.
b) Categorize disputed claims and disclose dispute grounds.
c) Establish a clear timeline for resolution.
d) Implement a fast-track process for certain claims where possible.
e) Allow partial allowance and reserve where applicable.
f) Submit periodic status reports to the Court and creditors.
g) Ensure time-value neutrality for claims ultimately allowed.
h) Preserve creditor rights to file a motion to compel action if the Trust fails to comply.

IX. Conclusion

I support a reasonable extension of objection deadlines only if accompanied by the transparency and safeguards described above. Without these measures, creditors like me remain unable to access or plan around their own assets, while other creditors benefit from recovered funds.

Accordingly, I respectfully request that the Court conditionally approve any extension of objection deadlines, ensuring that my claim is treated fairly and transparently, and that time-value and economic parity are preserved.

*Peiyi Li*

abc1550030776@gmail.com

Nanshan Road, Dongguan, Guangdong Province, China, 523000

Dated: November 9, 2025

FTX.com Unique Customer Code: 1224366

# CERTIFICATE OF SERVICE

I, Peiyi Li, hereby certify that on November 9, 2025, I caused a copy of the foregoing objection to the FTX Recovery Trust's Motion to Extend Deadlines to Object to Claims (D.I. 33444) to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

*Peiyi Li*

abc1550030776@gmail.com

Nanshan Road, Dongguan, Guangdong Province, China, 523000

Dated: November 9, 2025

FTX.com Unique Customer Code: 1224366