Honorable Judge Karen B. Owens

United States Bankruptcy Court

District of Delaware

824 North Market Street, 3rd Floor

Wilmington, Delaware 19801

In re: FTX Trading Ltd., et al., Case No. 22-11068 (KBO)



## OBJECTION TO MOTION OF FTX RECOVERY TRUST TO EXTEND DEADLINES TO OBJECT TO CLAIMS (D.I.33444)

Haoliang Yang (the "Objector"), a pro se creditor (Claim ID: 03017327) and resident of China, respectfully submits this ("Objection") to the Recovery Trust's Motion to Extend the Claims Objection Deadline and the Administrative Claims Objection Deadline [D.I.33444] (the "Extension Motion")

**Preliminary Statement**

In 2021, I transferred all my USDT assets from other platforms to FTX, only for the platform to collapse and my assets to be frozen. The subsequently established FTX Recovery Trust notified me via email and plan materials that if I complied with their requirements and voted in favor of their resolution, my claim would be processed and repaid. Relying on these explicit representations from the Trust, I undertook significant personal burdens and expenses—including returning to China from abroad specifically to facilitate this claims process. I meticulously followed every instruction from the Trust, from KYC identity verification to establishing proof of ownership. The validity of my claim was formally confirmed, and the Trust raised no objections. However, the Trust's protracted delays in disbursement directly led to the expiration of my long-term overseas identification documents. Now, the Trust is indefinitely withholding my distribution, citing vague and unsubstantiated "disputed." Even more unacceptable is a motion filed in late July 2025, demanding that I update my address to an overseas one to receive compensation—a contradictory requirement that, given my current circumstances, is nearly impossible to fulfill in the near term.

Since the region where my creditor's rights were initially disputed has been revoked, and the payment path no longer involves the legal risks identified by the liquidation team, the compensation should be made within the normal timeframe.

### 1. Lack of Transparent and Effective Feedback Mechanisms

Now, the only way for us creditors to contact the FTX Recovery Trust is via email to inquire about our claims. The responses are usually the same templated reply, telling us to be patient, which in reality is just an infinite delay in the payment of our claims. The content is mostly repetitive, failing to provide us with a clear explanation of the specific reasons or any practical advice on how to expedite the compensation process. In this regard, their delay in payment undoubtedly increases the losses and risks to the legitimate rights and interests of creditors.

### 2. Unspecified "Legal Risks" and Erosion of Creditor Rights

The FTX Recovery Trust has repeatedly delayed my payment on the grounds of unspecified "legal risks," yet it has consistently failed to define these risks or provide substantive responses to my inquiries. My claims process remains stalled, with the current message on the claims form stating only: "Please patiently wait for our new distributor!"

The motion has now abandoned its previous groundless arguments regarding distributors and shifted to the extreme delay in the payment of claims to ordinary creditors. In my view, this appears more like a pretextual strategy aimed at indefinitely deferring payments and coercing creditors into sacrificing their rights, such as forcing them to sell their claims at a significant discount in the secondary market.

I understand the practical difficulties FTX faces in addressing payouts to certain non-compliant creditors. However, it is essential to clearly communicate the issues to creditors who cannot be paid on time. For complaint creditors, normal payouts must be made during the next settlement period, rather than subjecting them to indefinite delays alongside non-compliant creditors.

### Conclusion

I object to the motion that arbitrarily groups all creditors into a single category of creditors to delay their payouts. This motion is arbitrary and lacks legal basis. For creditors who have already complied with the actual requirements in a reasonable and lawful manner, the liquidation team must fulfill their payment obligations in a timely manner.

Name: Haoliang Yang

Signature: *[signature]*

Address: Wuhan City, China

Email: sunnybert2020@gmail.com

Dated: November 6, 2025

## Certificate of Service

Haoliang Yang, hereby certify that on November 5, 2025, I caused a copy of this Objection via email upon the following parties listed below. In addition, I sent a cover letter and copy of this objection to the Office of the United States Trustee.

Sullivan & Cromwell LLP

- James L. Bromley – bromleyj@sullcrom.com

- Alexa J. Kranzley – kranzleya@sullcrom.com

- Andrew G. Dietderich – dietdericha@sullcrom.com

- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com

- Kimberly A. Brown – brown@lrclaw.com

- Matthew R. Pierce – pierce@lrclaw.com

Office of the United States Trustee

- Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov

- Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov

- David Gerardi – david.gerardi@usdoj.gov

I certify under penalty of perjury that the foregoing is true and correct.

Name: Haoliang Yang

Signature:

Address: Wuhan City, China

Email: sunnybert2020@gmail.com

Dated: November 6, 2025