**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: FTX TRADING LTD., et al., Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br>**Hearing Date: November 24, 2025 at 9:30 a.m. (ET)** |
|---|---|

FILED
2025 NOV 13 A 11: 56
US BANKRUPTCY COURT DISTRICT OF DELAWARE

**LIMITED OBJECTION TO FTX RECOVERY TRUST'S MOTION TO EXTEND CLAIMS OBJECTION DEADLINES (D.I. 33444)**

Creditor WAN Fangda respectfully objects to the FTX Recovery Trust's Motion to Extend Deadlines to Object to Claims and Administrative Claims (D.I. 33444) (the "Extension Motion"), or, alternatively, limit any extension to a narrowly defined and time-limited period, with mandatory transparency and reporting safeguards described below.

**Preliminary Statement**

1. Creditor WAN Fangda ("Objector"), appearing pro se, respectfully submits this Limited Objection and Conditional Motion (the "Objection") to the FTX Recovery Trust's Motion for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline [D.I. 33444] (the "Extension Motion").

2. Objector does not oppose, in **principle, a reasonable and supervised extension** of the Claims Objection Deadline, recognizing the unprecedented scale and complexity of these Chapter 11 proceedings.

3. However, the Trust's **current request for an unconditional one-year extension lacks transparency, oversight, and procedural safeguards** for creditors whose claims have been unilaterally marked as "disputed" without explanation. A blanket extension of this magnitude, without corresponding disclosure or accountability, risks deepening the current information asymmetry and materially prejudicing creditors who have already waited over two years for basic clarity.

**Background**

4. Objector is the holder of a duly filed FTX customer claim and has repeatedly sought clarification from the Trust regarding the "disputed" designation. Despite multiple attempts through the Kroll portal and support channels, objector has received only automated or template responses—none of which provide a claim-specific explanation, category, or review timeline.

5. The Trust's own filings confirm that the case has entered an advanced procedural stage: out of over **682,000 claims totaling $447 billion**, only **approximately 25,400** remain unresolved, and only a small fraction involve complex litigation. This progress renders a one-year unconditional extension both unnecessary and inequitable.

**Legal Basis**

6. Under **11 U.S.C. §105(a)**, this Court has broad equitable discretion to balance administrative needs against potential prejudice to creditors.

7. Courts in this District—*Washington Mutual, Nortel Networks, and New Century*—have consistently held that transparency, disclosure, and procedural fairness are essential to maintaining creditor confidence and ensuring equitable outcomes.

**Grounds for Conditional Relief**

8. The process by which claims are labeled "disputed" is **opaque and deprives creditors of fundamental due process**. The Trust has not disclosed the categories, criteria, or internal decision-making structure governing such designations. This lack of transparency prevents creditors from knowing the factual or procedural basis of their dispute and obstructs their ability to cure or appeal.

9. The Trust's communication systems are **functionally inoperative**. Thousands of inquiries have been met only with automated replies, with no escalation path or human review. This structural breakdown has effectively denied creditors any meaningful right to be heard.

10. Every additional month of delay **imposes real economic costs on creditors**, who lose the time value of their frozen assets in a high interest rate environment. Meanwhile, professional fees for the Trust's legal and advisory teams are paid from estate assets, **meaning that each extension financially benefits the professionals while harming creditors**.

11. This structural imbalance—where the party in control of timing benefits from delay while the claimants bear all losses—represents **a profound inequality of power, incentive, and obligation**. Objector respectfully requests that the Court remain vigilant against any procedural design that rewards inefficiency or prolongs creditor prejudice under the guise of administrative necessity.

**REQUESTED RELIEF**

WHEREFORE, Objector respectfully requests that the Court enter an order granting the following:

12. **Establishing a Dedicated and Responsive Communication Team**

The Court should direct the Trust to establish a separate and functional communication channel—staffed by qualified personnel—dedicated to disputed claims, capable of providing individualized responses and explanations regarding the basis of each "disputed" designation.

**13. Granting Only a Two-Month Conditional Extension**

Any extension of the Claims Objection Deadline should be limited to 60 days, after which the Trust must file a new motion and demonstrate measurable progress before any further extension is granted. Each future extension must receive separate judicial approval.

14. **Recognizing and Remedying Time-Value Harm to Creditors**

The Court should expressly acknowledge that prolonged administrative delay constitutes a progressive erosion of creditor value. The Trust should be required to propose reasonable mechanisms—such as time-value adjustments, interest accrual, or priority catch-up distributions—to ensure that creditors whose

payments are delayed for purely administrative reasons do not suffer uncompensated loss.

15. **Requiring Transparency and Oversight Mechanisms**

Consistent with Objector's earlier submissions, any granted extension should include:

(1) Non-privileged disclosure of dispute categories and review timelines;

(2) Periodic status reports every 30–45 days;

(3) A "compel action" procedure allowing creditors to seek judicial clarification when prolonged silence persists; and

(4) Prioritization of simple administrative disputes (e.g., KYC, address verification, DSP eligibility) before complex litigation matters.

**Conclusion**

16. For the foregoing reasons, Objector respectfully urges the Court to deny the Trust's request for an unconditional one-year extension and **instead adopt a short, conditional, and transparent framework** that restores procedural balance and ensures creditor fairness.

Dated: November 13, 2025

Respectfully submitted,

WAN Fangda

WAN Fangda (pro se creditor)
Unique Customer Code: 29147576
Address: 3 Nassim Road, Nassim Jade, #04-02, Singapore 258371
Email:adastrafang@gmail.com | Phone:+6581962055

**CERTIFICATE OF SERVICE**

I hereby certify that as of November 13, 2025, I caused a true and correct copy of the foregoing Objection of WAN Fangda to the FTX Recovery Trust's Motion to Extend Deadlines to Object to Claims and Administrative Claims (D.I. 33444) to be served via electronic mail upon the following recipients:

**Counsel for the FTX Recovery Trust – Sullivan & Cromwell LLP**

Andrew G. Dietderich – dietdericha@sullcrom.com

James L. Bromley – bromleyj@sullcrom.com

Brian D. Glueckstein – gluecksteinb@sullcrom.com

Alexa J. Kranzley – kranzleya@sullcrom.com

**Delaware Counsel for the Trust – Landis Rath & Cobb LLP**

Adam G. Landis – landis@lrclaw.com

Kimberly A. Brown – brown@lrclaw.com

Matthew R. Pierce – pierce@lrclaw.com

Matthew B. McGuire – mcguire@lrclaw.com

**Office of the United States Trustee – District of Delaware**

Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov

Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov

David Gerardi – david.gerardi@usdoj.gov

WAN Fangda

WAN Fangda (pro se)
Unique Customer Code: 29147576
Address: 3 Nassim Road, Nassim Jade, #04-02, Singapore 258371
Email: adastrafang@gmail.com