# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>FTX TRADING LTD., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br><br>Hearing Date: November 24, 2025 at 9:30 a.m. (ET) |

## LIMITED OBJECTION OF XUZHOU YIN TO FTX RECOVERY TRUST'S MOTION TO EXTEND CLAIMS OBJECTION DEADLINES (D.I. 33444)

Creditor **Xuzhou Yin** respectfully objects to the FTX Recovery Trust's Motion to Extend Deadlines to Object to Claims and Administrative Claims (D.I. 33444) (the "Extension Motion"), or, alternatively, limit any extension to a narrowly defined and time-limited period, with mandatory transparency and reporting safeguards described below.

### Preliminary Statement

FTX seeks a blanket extension on the grounds of "claims backlog." creditor respectfully oppose any across-the-board delay and instead advocate for a framework centered on transparency, categorization, and expedited processing. Our position prioritizes clearing the longstanding backlog of "disputed" claims and establishing executable distribution pathways for claimants with Mainland China identification. Currently, numerous accounts remain classified as "disputed" with no disclosure as to whether they involve so-called "potentially restricted jurisdictions" or other limitations, no means to verify applicable standards, and no avenue for obtaining responses.

## Background

The current claims administration process lacks transparent progress tracking and clear requirement guidelines. Communication channels are inadequate, resulting in inequitable waiting periods. Certain claims have been categorically placed in long-term "disputed" status due to undefined distribution channels, leaving claimants unable to ascertain the reason for dispute, obtain a resolution pathway, or receive any timeline expectation.

## Argument

I. Transparency and Visibility

The Debtors should be required to promptly launch and continuously update a comprehensive claims registry and progress dashboard. "Disputed" claims must be subcategorized (e.g., non-compliance with Section 2.18(c), incomplete KYC/sanctions materials, involvement of certain jurisdictional elements, complex legal disputes), with simultaneous public disclosure of required documentation, processing procedures, responsible teams, and standard operating procedures (SOPs), subject to ongoing optimization. For each account, the Debtors must clearly specify "why it was designated as disputed" and "what steps are required to remove the disputed designation."

II. Differentiated Resolution (Including Mainland China Identification Holders)

Processing timelines should not be predetermined by geographic labels. KYC compliance and sanctions screening should serve as the sole criteria. The Debtors should promptly propose and implement executable distribution pathways and batch processing arrangements (such as compliant distribution agents/paying agents, neutral escrow with secondary KYC verification, or compliant third-party settlement mechanisms), with full disclosure of operational details and risk management protocols. For accounts in long-term "disputed" status, the Debtors must clarify whether any actual restrictions exist, provide supporting evidence, and outline a path for removal of such restrictions.

III. Direct Communication Channels and Flexible Service Level Agreements

The Debtors should immediately establish a direct ticketing system and documentation upload portal. They should provide timely initial responses and ongoing guidance using commercially reasonable best efforts. The process should include target milestones, periodic reporting, and corrective mechanisms, with provision for meet-and-confer sessions or status hearings when necessary. For cases

involving non-response or prolonged unresolved status, a supervisory escalation process should be implemented.

### Conclusion and Requested Relief

WHEREFORE, the undersigned claimant respectfully requests that this Court:

I. Deny the Blanket Extension and Order Immediate Corrective Action

Direct the Debtors to promptly launch and continuously update a comprehensive claims registry and progress dashboard; complete subcategorization of all "disputed" claims and publish corresponding SOPs, documentation requirements, processing procedures, and responsible teams; and provide explicit statements for each "disputed" account identifying the reason for designation and the pathway to resolution.

II. Mandate Differentiated Expedited Implementation

Require the Debtors to promptly propose and implement executable distribution pathways and batch processing arrangements for Mainland China identification holders and other claimants in long-term "disputed" status (which may include established mechanisms such as distribution agents/paying agents), with public disclosure of risk management and operational details; simultaneously clarify whether any actual restrictions exist and provide solutions for their removal.

III. Establish Communication and Oversight Mechanisms

Order the Debtors to immediately activate a direct ticketing system and documentation upload portal, with reasonable SLAs ensuring timely responses; establish target milestones, periodic reporting, and corrective action protocols; and, where necessary, schedule status hearings to ensure continuous improvement and accountability.

Dated: November 11, 2025

Respectfully submitted,

**Xuzhou Yin** (pro se)

Claim ID: **1323523**

Email: **13126585051@163.com**

Mailing: Building 14, Jintaili, Hujialou Subdistrict, Chaoyang District, Beijing

## CERTIFICATE OF SERVICE

I hereby certify that as of November 11, 2025, I caused a true and correct copy of the foregoing Objection of Xuzhou Yin to the FTX Recovery Trust's Motion to Extend Deadlines to Object to Claims and Administrative Claims (D.I. 33444) to be served via electronic mail upon the following recipients:

### Counsel for the FTX Recovery Trust – Sullivan & Cromwell LLP

Andrew G. Dietderich – dietdericha@sullcrom.com

James L. Bromley – bromleyj@sullcrom.com

Brian D. Glueckstein – gluecksteinb@sullcrom.com

Alexa J. Kranzley – kranzleya@sullcrom.com

### Delaware Counsel for the Trust – Landis Rath & Cobb LLP

Adam G. Landis – landis@lrclaw.com

Kimberly A. Brown – brown@lrclaw.com

Matthew R. Pierce – pierce@lrclaw.com

Matthew B. McGuire – mcguire@lrclaw.com

### Office of the United States Trustee – District of Delaware

Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov

Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov

David Gerardi – david.gerardi@usdoj.gov

**Xuzhou Yin** (pro se)

Claim ID: **1323523**

Email: **13126585051@163.com**

Mailing: Building 14, Jintaili, Hujialou Subdistrict, Chaoyang District, Beijing

*[signature]*