# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref Nos. 32712, 32739, 32840 & 33446** |

## <u>FTX RECOVERY TRUST'S OBJECTION TO MOTIONS OF CLAIMANT PU KE</u>

The FTX Recovery Trust[2] hereby submits this objection (the "<u>Objection</u>") to the (i) *Motion of Pu Ke for Status Conference and Limited Administrative Relief Regarding Claim No. 33657* [D.I. 32712], (ii) *Motion of Pu Ke for Collaborative, Claim-Specific Administrative Relief Regarding Claim No. 33657* [D.I. 32739], (iii) *Supplement to D.I. 32712 and D.I. 32739 and Reply to Trust's Objection D.I. 32785* [D.I. 32840] and (iv) *Motion of Pu Ke for Leave to File Sur-Reply in Further Support of Motions D.I. 32712 and D.I. 32739* [D.I. 33446] (collectively, the "<u>Motions</u>"), each filed by claimant Pu Ke (the "<u>Claimant</u>"). In support of the Objection, the FTX Recovery Trust respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1].

## RELEVANT BACKGROUND

**I.    The Plan and the Claims Reconciliation Process**

1.    On October 7, 2024, the Court confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan"), and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order").

2.    Prior to and since the effective date of the Plan, the Debtors and the FTX Recovery Trust have been hard at work reconciling more than 682,000 claims that were filed and scheduled in amounts in excess of $447 billion.  [D.I. 33444 ¶ 6.]  In recognition of the volume and breadth of asserted claims, the Plan provides a number of processes to ensure the orderly administration of the estates, including the establishment of a Claims Objection Deadline for the FTX Recovery Trust to object to Claims by January 3, 2026 or "such later date as may be established by order of the Bankruptcy Court upon a motion by the Plan Administrator" and that "any Claim that has not been Allowed" is a "Disputed Claim."  (*See* Plan §§ 2.1.57, 2.1.32.)  The FTX Recovery Trust has a motion pending seeking to extend the Claims Objection Deadline for another year.[3]  The FTX Recovery Trust cannot and will not make a distribution on account of a Disputed Claim until such claim becomes an Allowed Claim, in accordance with the Plan and Confirmation Order.  (*See* Plan § 8.6.)  This framework provides the FTX Recovery Trust with adequate time to investigate and reconcile claims, and Disputed Claims are not prejudiced since they are administered in accordance with the provisions of the Plan and the Court's order

---

[3]    On November 3, 2025, the FTX Recovery Trust filed the *Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline* [D.I. 33444], seeking, among other things, to extend the Claims Objection Deadline by one year to January 4, 2027.

establishing the Disputed Claims Reserve.  (*See* Plan § 8.5; *Order Establishing the Amount of the Disputed Claims Reserve* [D.I. 28689].)

3.       In addition, pursuant to section 7.14 of the Plan, all claimants must complete certain pre-distribution requirements in order to be entitled to receive distributions on account of their Allowed Claims.   (*See* Plan § 7.14.)   These requirements include, among other things, submission of certain tax and "know your customer" information.  (*Id.*)  Claimants who do not complete the pre-distribution requirements may not receive a distribution under the Plan, and distributions on account of such claims may be forfeited pursuant to the Plan after notice and the expiration of certain notice periods.  (*Id.*)   Completion of pre-distribution requirements is a prerequisite for distributions on Allowed Claims but is not related to allowance of a Claim.

## II.     The Restricted Jurisdiction Procedures

4.       On July 2, 2025, the FTX Recovery Trust sought approval of procedures to address legal risks associated with making distributions to claimants residing in certain foreign jurisdictions.  *See Motion of the FTX Recovery Trust for Entry of an Order in Support of the Confirmed Plan Authorizing the FTX Recovery Trust to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions* [D.I. 31148] (the "Restricted Jurisdiction Procedures Motion").   At a status conference on October 23, 2025 relating to the Restricted Jurisdiction Procedures Motion, the Court acknowledged the need for "a process" and that the underlying foreign law issues remained unresolved.  (Oct. 23, 2025 Hr'g Tr. 28:4-5; 26:1-9.)  The Court also noted that given the foreign law issues identified by the FTX Recovery Trust, "there will be a delay in distributions to the claimants of these problematic jurisdictions, [and] that's unavoidable given the issues that have been identified . . . ."  (*Id.* at 30:6-9.)  However, the Court requested that the FTX Recovery Trust temporarily withdraw the Restricted Jurisdiction Procedures Motion and stated it "would rely on the [FTX Recovery Trust] to identify the

appropriate timing for this motion in light of the fact that this should be the last resort for these claimants . . . ." (*Id.* at 30:14-20.)  Consistent with the Court's instruction, on November 3, 2025, the FTX Recovery Trust filed a *Notice of Withdrawal of Motion to Implement the Restricted Jurisdiction Procedures in Potentially Restricted Foreign Jurisdictions* [D.I. 33439] without prejudice to file another motion if and when the FTX Recovery Trust seeks to renew the relief requested in the Restricted Jurisdiction Procedures Motion.

5.      Accordingly, consistent with the colloquy between the Court and the FTX Recovery Trust's counsel at the status conference, claims held by residents of potentially restricted foreign jurisdictions—including China—will remain Disputed Claims subject to objection until such time as the Court resolves a renewed motion filed by the FTX Recovery Trust seeking resolution of such claims or the FTX Recovery Trust otherwise determines that a particular potentially restricted foreign jurisdiction is eligible to receive distributions.  Any such creditors will not receive distributions on any Claims until this and any other issues with their Claims are resolved.  Rather, those Claims will continue to be reserved for through the Disputed Claims Reserve.

## III.    Pu Ke's Motions and Claims

6.      On September 15, 2025, the Claimant, a "Chinese resident creditor," filed the *Motion of Pu Ke for Status Conference and Limited Administrative Relief Regarding Claim No. 33657* [D.I. 32712], asserting an entitlement to distributions under the Plan on account of claim no. 33657 (the "Claim") for alleged digital assets held on the FTX.com exchange.

7.      On September 18, 2025, the Claimant filed the *Motion of Claimant Pu Ke for Collaborative, Claim-Specific Administrative Relief Regarding Claim No. 33657* [D.I. 32739], asserting that having completed all pre-distribution requirements and onboarding with a

distribution services provider, the Claim should be treated as eligible for immediate inclusion in the September 30, 2025 distribution.

8.      On October 1, 2025, the Claimant filed a *Supplement to D.I. 32712 and D.I. 32739 and Reply to the Trust's Objection D.I. 32785* [D.I. 32840], asserting among other things, that because he was able to successfully onboard with a distribution service provider in Hong Kong, the FTX Recovery Trust should be required to make a distribution to him.

9.      On November 4, 2025, the Claimant filed the *Motion of Pu Ke for Leave to File Sur-Reply in Further Support of D.I. 32712 and 32739* [D.I. 33446], asserting that the FTX Recovery Trust improperly designated his claim as "Disputed" despite his full compliance with the Plan's pre-distribution requirements, and arguing that the FTX Recovery Trust's withholding of his distribution violates the confirmed Plan, the Confirmation Order and the Bankruptcy Code by denying equal treatment to similarly situated Class 5A claimants.

10.     The information provided by the Claimant in connection with the pre-distribution requirements and the admissions in his own various pleadings expressly and repeatedly note he is a resident of China—a jurisdiction identified at the outset by the FTX Recovery Trust as a potentially restricted foreign jurisdiction.  The FTX Recovery continues to assess whether distributions may be lawfully made to creditors who are residents of China.  But, in accordance with the Plan, and as discussed at the October 23 status conference, the Claim remains a Disputed Claim and is currently ineligible for distribution pending further determination by the FTX Recovery Trust and/or the Court.

## ARGUMENT

### I.      The Claim Remains Disputed and Ineligible for Distribution

11.     Under section 8.6 of the Plan, no distribution may be made on account of a Disputed Claim until it is Allowed.  Based on the Claimant's residency in China—a potentially

restricted foreign jurisdiction—the Claim is a Disputed Claim that remains subject to objection and no distributions can be made on account of the Claim.  To receive a distribution, the Plan requires both (1) an Allowed Claim and (2) completion of pre-distribution requirements pursuant to section 7.14 of the Plan.  The Claimant cannot show both are satisfied because he does not have an Allowed Claim, even if that Claim is not currently subject to a pending objection.  All claims are Disputed Claims until they become Allowed or are otherwise resolved.

12.     The Claimant contends that he has completed all of the pre-distribution requirements and has onboarded with a distribution service provider, and should therefore be deemed eligible for distribution.  *See, e.g.* D.I. 33446 at 11.  But, as the Court and the FTX Recovery Trust have both explained, completion of these steps is only a *prerequisite* to receiving a distribution—it does not determine whether a claim is Allowed pursuant to the express terms of the Plan.  (Oct. 23, 2025 Hr'g Tr. 16:4-10.)

13.     The FTX Recovery Trust will continue to determine whether distributions may be made to creditors who are residents of China—and all potentially restricted foreign jurisdictions—but as acknowledged and discussed at length at the October 23 status conference, claimants who reside in such jurisdictions will not receive a distribution until the FTX Recovery Trust determines it may lawfully make a distribution or renews its request for relief that is decided by this Court.  That is unavoidable, and neither this Claimant or any other resident of China will be permitted to usurp the claims allowance process through serial filings with this Court.  There is no basis for the Claimant to circumvent the claims allowance process and, accordingly, the Motions must be denied.

## II.    A Distribution Service Provider's Ability to Make Distributions into Certain Jurisdictions Has No Impact on The FTX Recovery Trust's Legal Conclusions

14.    Payoneer serves as one of several distribution service providers designated by the FTX Recovery Trust to facilitate approved distributions to eligible creditors.  Distribution service providers are third-party payment agents that operate as administrative intermediaries to facilitate distributions to holders of Allowed Claims pursuant to the Plan.

15.    Distribution service providers are not legal advisors, fiduciaries, or decision-makers under the Plan.  Their operational capabilities do not substitute for the FTX Recovery Trust's independent legal analysis or relieve the FTX Recovery Trust of its obligation to ensure that any distribution complies with applicable foreign law.  Additionally, even though the distributions are made by the distribution service provider, they are done so at the direction, and on behalf, of the FTX Recovery Trust in accordance with the Plan.  In doing so, the FTX Recovery Trust must comply with all applicable laws.  Accordingly, the Claimant's repeated arguments (*see*, *e.g.*, D.I. 32840 at 2) that Payoneer's systems permit payouts to Hong Kong accounts are irrelevant to whether the Claimant has an Allowed Claim on which he is entitled to distributions under the Plan, and the Motions should be denied.

## RESERVATION OF RIGHTS

16.    In filing this Objection, the FTX Recovery Trust has not waived any rights, and the FTX Recovery Trust expressly reserves all of its rights, powers, privileges and remedies under applicable law or otherwise with regards to the Claimant and the Claim.  The FTX Recovery Trust may elect to exercise any or all of its rights, at its sole option without the necessity of any further notice, demand or other action.  Nothing contained in this Objection or any delay by the FTX Recovery Trust in exercising any rights, powers, privileges and remedies under applicable

law against the Claimant or the Claim now existing or hereafter arising shall be construed as a waiver or modification of such rights, powers, privileges or remedies.

## **CONCLUSION**

17.    For the foregoing reasons, the Motions should be denied.

Dated:    November 17, 2025
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:    landis@lrclaw.com
mcguire@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:    dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*