**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

RECEIVED

2025 NOV 14 P 4:04

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

———————————————————————

In re:

FTX TRADING LTD., et al.,

Debtors.

———————————————————————

Chapter 11

Case No. 22-11068 (KBO)

(Jointly Administered)

**Ref No. 33444**

### CONDITIONAL LIMITED OBJECTION TO MOTION TO EXTEND THE CLAIMS OBJECTION DEADLINE (CUSTOMER CLAIMS ONLY)

Creditor Haichuan Shang, holder of a scheduled claim associated with schedule number [5579425], respectfully submits this Conditional Limited Objection to the MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER EXTENDING (I) THE CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE (D.I. 33444), limited solely to the portion of the Motion concerning customer claims. The undersigned creditor requests that any extension applicable to customer claims be limited to no more than 90 days, and that certain additional conditions—as described in Section III below—be incorporated.

This objection does not oppose the concept of an extension itself, but seeks a shorter and conditional extension that would enhance communication between the FTX Recovery Trust (the "Trust") and creditors, reduce uncertainty among creditors regarding the Trust's review process, and mitigate potential risks caused by an excessively prolonged deadline. This objection does not concern Administrative Claims or non-customer claims. All of the following arguments apply only to customer claims that did not elect the Bahamas Opt-In Election. For purposes of this filing, the term "claim" refers solely to that category of customer claims.

### I. Background

1. Under the Plan, section 2.1.8 defines "Allowed Claim." Among its subsections, paragraphs (e) and (f) generally do not apply to customer claims. Accordingly, a claim may become "Allowed" only if it satisfies two categories of requirements:

- Requirement (2.1.8 a, b): subject to approval by the Trust.

- Requirement (2.1.8 c, d): within the scope defined by the Plan, the claim is not disputed. (This includes claims listed in the Schedules as not disputed, not contingent, and not unliquidated; claims without objection; and claims not otherwise subject to disallowance under §502(d) or bifurcation under §506(a) of the Bankruptcy Code; not an Unverified Customer Entitlement Claim, etc.)

2. When creditors voted on the Plan, they reasonably and in good faith understood that if a claim met the (2.1.8 c, d) requirements, it would automatically be registered as "Allowed" at the next Distribution Date. Once the creditor completed the Pre-Distribution Requirements, the corresponding distribution would be made. However, the Trust's actual implementation of the Plan has been inconsistent with that understanding. For claims that satisfy (2.1.8 c, d), the Trust has applied a non-transparent process—at each Distribution Date it selectively approves some such claims as "Allowed" and marks others as "Disputed," even when those claims are listed in the Schedules as not disputed, not contingent, and not unliquidated. Under this practice, and before the Claims Objection Deadline, the Trust may arbitrarily decide which claims to approve at any Distribution Date without providing any reason to the holders of those still marked as "Disputed." At present, the deadline is January 3, 2026, and this Motion seeks to extend that situation through January 4, 2027.

3. As a creditor, I would like to describe my own experience as an example to illustrate the situation. However, I emphasize that this objection to the requested extension is not limited to my personal claims or related claims, but is intended to promote the establishment of a transparent and orderly process for claim allowance and to improve communication between the Trust and creditors.

- My personal scheduled claim (Schedule No. [5579425]), classified under Class 5A, is listed in the Schedules as not disputed, not contingent, and not unliquidated. I fully accepted the scheduled amount and completed all KYC and Pre-Distribution Requirements on time. Nevertheless, I did not receive any distribution on May 30, but did receive one on September 30.
- Two additional customer claims held by companies for which I serve as director (omitted here for privacy reasons; I can provide the Schedule or Claim numbers to the Court if requested) are also classified under Class 5A and are likewise listed in the Schedules as not disputed, not contingent, and not unliquidated. Both claims fully accepted the scheduled amounts and timely completed all KYB verification (note: for corporate accounts, KYB verification is managed by BitGo) and Pre-Distribution Requirements. However, no distribution has been received to date.

4. I have been unable to obtain any information from either FTX Support or BitGo regarding the reason these claims were marked as disputed. FTX Support explicitly informed me that the Trust has not shared the specific dispute reasons with FTX Support.

FTX Support refers to the customer service staff, which serves as the communication channel by email support@ftx.com.

## II. Substantive Harm and Inequality

5. As a customer claim creditor, I fully understand the complexity and workload involved in reviewing a large number of claims. However, this continued practice has already caused inequality and substantial harm to certain customer claimants.

### A. Financial hardship due to delay in distribution among similarly situated claims

6. Throughout the Plan process, customer claimants are the victims most deserving of prompt relief in this fraud case. Many have suffered serious financial losses, and it is reasonable that they expect to receive compensation in a timely manner under the Plan. Yet even among customer claims that equally satisfy (2.1.8 c, d), some customers have not been "Allowed" together with others, without any explanation. During this prolonged period, they continue to suffer financial distress and emotional stress.

### B. Inequality in the time cost of withheld funds

7. Section 7.1 of the Plan provides: "provided that, to the extent that a Disputed Claim becomes an Allowed Claim on which postpetition interest accrues pursuant to Article 4, postpetition interest shall accrue on such Allowed Claim as if such Allowed Claim had been an Allowed Claim that received a Distribution on each date Distributions were previously made to Holders of the Allowed Claims classified in the applicable Class." Therefore, for customer claims in identical situations that satisfy (2.1.8 c, d), if the Trust chooses to approve them on different Distribution Dates, those claims will receive the same postpetition interest but on different Distribution Dates. This is inequitable to creditors whose claims are approved later, because their funds remain withheld for a longer period. The Trust's motion does not mention any method to resolve or compensate for this disparity. If the extension is granted without any required process improvements, these harms and inequalities will be further exacerbated.

## III. Recommendations for Improvement

8. As a creditor, I have attended prior hearings and understand that the Court expects the Trust to improve its current procedures. Based on my experience during this case, I respectfully propose that the Court conditionally approve an extension of no more than 90 days, limited solely to customer claims, and contingent upon meaningful process improvements by the Trust. If the Trust seeks any further extensions, the progress of such improvements should be publicly discussed at each subsequent hearing.

### A. Transparency of Dispute Reasons and Regular Disclosure of Claim Classification

9. At present, FTX Support has no authority to obtain the specific reasons why each claim is marked as "Disputed." These reasons should be shared by the Trust with FTX Support, allowing creditors to obtain the dispute reason for their claim through direct email inquiry to FTX Support. If a customer's claim is disputed for a reason that can be resolved by the customer (e.g., documentation issues, jurisdiction updates, etc.), FTX Support should inform the creditor of the possible resolution steps—consistent with the principles in Item B below. If the dispute cannot be resolved by the customer side, the Trust should follow the reporting and update mechanism outlined in Item C below.

10. Furthermore, for all customer claims that remain in dispute, the Trust should categorize and publicly disclose the number and aggregate amount of affected claims in each category before any extension is approved, and should thereafter publish monthly reports detailing the handling progress, plan, and expected timeline for resolution in each category. Claims that fail to satisfy any of the nine specific conditions under (2.1.8 c)(i–v) and (2.1.8 d)(i–iv), divided into nine sub-categories corresponding to each condition. Claims that satisfy (2.1.8 c, d) but remain disputed, further divided into additional categories based on the specific reasons for delay or dispute.

### B. Establishing a Fast Confirmation Mechanism for Jurisdiction Changes and Supplementary Documentation.

11. In accordance with the Court's comments at the previous hearing, the FTX Recovery Trust has explained in its most recent FAQ — General Information on Distribution Service Providers — under the section titled "My jurisdiction has changed. How do I update my jurisdiction information?" that a jurisdiction change requires multiple coordinated steps, including updating both the FTX Recovery Trust Jurisdiction Information and the DSP Jurisdiction Information. However, the overall completion of such a jurisdiction change can only be verified about one week before the next Distribution Date through the FTX Portal. This process results in an inefficient cycle: if any documentation is incomplete, the creditor only learns of the issue before the next Distribution Date, must resubmit the missing materials, and then wait until the following Distribution Date to confirm whether the update was accepted — potentially repeating this process multiple times. For disputes that can be resolved through customer-side documentation, a more efficient mechanism should be established to confirm whether all jurisdiction and documentation updates have been fully satisfied. The Trust should provide prompt feedback after submission, allowing creditors to correct deficiencies or submit missing documents quickly. Once documentation is complete, creditors should also receive timely confirmation that their update has been fully accepted.

### C. Updates for Disputes That Cannot Be Resolved by the Customer

12. For disputes where creditors cannot take any corrective action, the Trust should notify the affected creditors of the current progress, plan, and expected resolution timeline for such disputes. These updates should be issued monthly via email to the addresses recorded in the creditor's registration information.

### D. Compensation Mechanism for Delayed Approval of Eligible Claims

13. The Trust should establish a fair compensation mechanism for claims that have satisfied (2.1.8 c, d) but were not approved as "Allowed" at the next Distribution Date following satisfaction, and instead were only approved at a later Distribution Date. Such compensation is justified because creditors, when voting on the Plan, had no reason to anticipate that the Trust would treat certain satisfied (2.1.8 c, d) claims as disputed for an extended period. This mechanism would help offset the financial losses caused by the prolonged withholding of funds and would also incentivize the Trust to complete reviews promptly. Currently, extending the dispute status imposes no consequence on the Trust but continues to cause economic and psychological harm to creditors. Therefore, the compensation mechanism should be designed such that if the Trust resolves a disputed claim later than the distribution date when it should reasonably have been paid, the creditor receives additional compensation based on the difference between the actual payment date and the expected payment date, proportionate to the claim amount.

## IV. Conclusion

14. I respectfully ask the Court to recognize the desire of customer creditors to receive timely distributions under the Plan, to encourage the Trust to improve its claims-review process, to strengthen communication between creditors and the Trust, and to alleviate the continuing financial and emotional hardship of legitimate customer claimants who have not yet received payment.


Dated: Nov 10, 2025
Respectfully submitted,


Haichuan Shang


Creditor and Customer Claim Holder
Address and email same as those registered in the creditor information.
(Pro Se Creditor)

CERTIFICATE OF SERVICE

I, Haichuan Shang, hereby certify that on Nov 10, 2025, I caused a copy of the foregoing Conditional Limited Objection to the Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline And (II) the Administrative Claims Objection Deadline (D.I. 33444) to be served via electronic mail upon the following parties:

Sullivan & Cromwell LLP
- James L. Bromley – bromleyj@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com
- Andrew G. Dietderich – dietdericha@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com

Landis Rath & Cobb LLP
- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: Nov 10, 2025

Haichuan Shang



EXPRESS ENVELOPE

XPD

DHL

From :
Haichuan Shang
Funabi 3-6-81

2025.11.10 DHL 3.0.10 '*DLG contined dont*'

JAPAN
277-0802 KASHIWA CHIBA

Origin:
NRT

To :
Bankruptcy Court District of Delaware
Clerk of the Court
824 North Market Street, 3rd Floor
United States Bankruptcy Court
District of Delaware
**19801 WILMINGTON Delaware**
**UNITED STATES OF AMERICA**

Contact:
Clerk of the Court

TCVG **US-PHL-NJS** DENJ

| Day | Time |
|---|---|

Ref:

Pce/Shpt Weight
**0.30 KG**

Piece
**1/1**

DHL Express Terms and Conditions of Carriage apply (www.dhl.com/en/express/shipping/shipping_advice.html).

Contents: Letter
correspondence

WAYBILL 92 4472 3526

(2L)JUS19801-52000000

(J)JD01 4600 0123 4204 9980