## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref No. 33444** |

### FTX RECOVERY TRUST'S OMNIBUS REPLY IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER EXTENDING (I) THE CLAIMS OBJECTION DEADLINE AND (II) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE

The FTX Recovery Trust[2] hereby submits this reply (the "Reply") in support of the

*Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection*

*Deadline And (II) the Administrative Claims Objection Deadline* (the "Motion") and in response

to the objections to the Motion (each an "Objection" and collectively the "Objections").[3]

### PRELIMINARY STATEMENT

1.      The Motion seeks routine procedural relief expressly contemplated by the

confirmed Plan and consistent with cases of this size and complexity:  additional time for the FTX

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1] (the "Plan").  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[3]    In addition to the docketed Objections, counsel to the FTX Recovery Trust also received additional unfiled Objections that overlap with the filed Objections and are thus addressed through the responses set forth in the Reply.  Additionally, one of the objecting parties, Hejia Zhao, filed *Hejia Zhao's Motion for a Brief Extension of Time to File Objection to the FTX Recovery Trust's Motion* [D.I. 33551].  In response, the FTX Recovery Trust granted Ms. Zhao an extension to Monday, November 17, 2025, at 4:00 p.m.  As a procedural matter, however, Ms. Zhao lacks standing to seek an extension on behalf of other parties-in-interest in these Chapter 11 Cases.

Recovery Trust to reconcile Claims and, as necessary, file objections to Disputed Claims. It does not seek to alter the treatment of any Claim, change the timing or method of distributions on account of Allowed Claims, or otherwise modify any creditor's substantive rights. Rather, the requested one-year extension allows the FTX Recovery Trust to continue its Court-supervised administration and reconciliation of the approximately 25,000 remaining Claims—many of which involve complex litigations and objections involving billions of dollars—in an equitable and orderly manner. While the FTX Recovery Trust is sympathetic to individual creditors' plights regarding their Claims and potential recoveries, in order to ensure a fair and orderly process for all creditors, the FTX Recovery Trust must be allowed to continue its process.

2. Any suggestions that the FTX Recovery Trust is winding down the claims reconciliation process, and therefore an extension is unnecessary, are wholly inaccurate. The FTX Recovery Trust has been moving quickly, as it has already resolved approximately 657,000 Claims, filed 198 omnibus objections, and filed 13 other claim objections to date. Yet even with that progress, more than 25,000 Claims totaling nearly $29 billion remain under active review and reconciliation. [D.I. 33444 ¶¶ 4, 6–7.] This Court recognized just last month the substantial work still to be done in observing that "[t]he trust['s] reconciliation of claims . . . is at its infancy." *In re FTX Trading Ltd.*, *et al*, No. 22-11068 (Bankr. D. Del. Oct. 23, 2025), Hr'g Tr. at 23:8–9. The requested one-year extension—consistent with this Court's past practice and Delaware precedent—strikes the proper balance among diligence, transparency, and administrative efficiency. Proposals for shorter or phased extensions would only impose repetitive motion practice and unnecessary cost, and proposals for a conditioned extension are inconsistent with the claims process set forth and approved by the Confirmation Order and Plan.

3. In addition, the requested extension does not "discriminate" against

claimants in a particular jurisdiction, nor does it implicate or violate section 1123(a)(4) of the Bankruptcy Code.  Section 1123(a)(4) governs equal treatment and unfair discrimination at the plan confirmation stage and is not applicable here.  Similarly, contrary to the objectors' assertions, the extension will not prejudice any creditor or delay distributions on account of Allowed Claims. Rather, the relief requested prevents dilution of legitimate recoveries by ensuring that only valid, Allowed Claims are ultimately paid.  Nor is there any basis for the suggestion that the FTX Recovery Trust should pay "compensation" for the time required to complete the reconciliation process.  The Plan provides no such entitlement, and there is no legal basis either.

4.    The remaining Objections raise issues regarding claims allowance that are not related to the Motion or are currently not before the Court.  Most of the objectors are claimants located in China raising the same issues regarding claims allowance and reconciliation that they raised in connection with the now withdrawn and deferred Restricted Jurisdiction Procedures Motion.  The Claims of these objectors remain properly classified as Disputed because they remain subject to objection by the FTX Recovery Trust, and are currently ineligible for distribution under the Plan.  These claimants cannot continue to hijack these chapter 11 proceedings and raise the same issues in connection with every motion in an attempt to force the FTX Recovery Trust to make distributions on Claims that have not been Allowed and that may violate applicable local law.

5.    Other Objections argue that the claims process is opaque and seek individualized explanations regarding specific Claims.  The FTX Recovery Trust's claims allowance process is consistent with the process previously approved by the Court and is no different than that of any other in large, complex chapter 11 proceedings.  In fact, the Debtors and the FTX Recovery Trust implemented additional measures to ensure transparency and access.

Creditors have long had access to the FTX claims portal, published FAQs that are continually updated, and multiple dedicated support teams.  There is no basis in the Confirmation Order, Plan or the Bankruptcy Code for any creditor to demand any special individual treatment.

6.    Accordingly, the FTX Recovery Trust respectfully requests that the Court overrule the Objections and grant the Motion.

## REPLY

### I.    Claimants Who Have Received a Distribution Lack Standing.

7.    As a threshold matter, the FTX Recovery Trust has allowed, and made distributions on account of, the Claims of a number of the objectors.  These include Mr. Weiwei Ji (claim number 37373, [D.I. 33537, 33672]) and Haichuan Shang (schedule number 5579425, [D.I. 33680]).  This is not Mr. Ji's first time raising complaints and issues with respect to the FTX Recovery Trust's claims administration process notwithstanding his lack of standing.  The Court should not permit Mr. Ji, a single *pro se* creditor, especially one whose Claim has been Allowed and who has received a distribution on account of such Claim, to continue to drain the resources of this Court and the FTX Recovery Trust.  He filed not one but two Objections to the Motion. [D.I. 33537, 33672].  By his own account, Mr. Ji's sole Claim has been Allowed, and he has received a distribution on account of such Claim.  [D.I. 33537 ¶ 22].  Additionally, Mr. Ji has been campaigning other creditors to follow suit—many of these Objections are in the form of joinders to Mr. Ji's limited objection and his supplemental limited objection.

8.    Bankruptcy standing is "its own particular breed of standing" and requires a "statement of or identification of a pecuniary or an economic or property interest before [the] court that is susceptible to redress and as to which parties should be able and afforded an opportunity to address the Bankruptcy Court."  *See In re Vantage Drilling Int'l*, 603 B.R. 538, 545 (D. Del. 2019).  Courts have long held that "[t]he test to determine whether an entity is a party in

-4-

interest is 'whether the prospective party in interest has a sufficient stake in the outcome of the proceeding so as to require representation.'" *In re Stone & Webster, Inc.*, 373 B.R. 353, 361 (Bankr. D. Del. 2007) (quoting *In re Torrez,* 132 B.R. 924, 934 (Bankr. D. Cal. 1991)).  Having received a distribution on account of his sole Allowed Claim, Mr. Ji, and all other claimants who have received a distribution, lack such a "sufficient stake" with respect to the Motion. Accordingly, Mr. Ji and these other claimants have no standing, and should not be heard, with respect to the Motion.[4]

9.     Moreover, Mr. Ji cannot assert standing on behalf of his family or other claimants who are impacted by the Motion.[5]  He fails the test for third-party standing with respect to his family members which requires the satisfaction of three preconditions: (i) the movant must suffer injury; (ii) the movant and the third party must have a "close relationship"; and (iii) the third party must face some obstacles that prevent it from pursuing its own claims.  *Campbell* v. *Louisiana,* 523 U.S. 392, 397 (1998); *Powers* v. *Ohio,* 499 U.S. 400, 411 (1991); *The Pitt News* v. *Fisher,* 215 F.3d 354, 362 (3d Cir. 2000).

10.     Mr. Ji and Mr. Shang also have no standing on behalf of the businesses with which they are affiliated.  Regardless of their relationships to those businesses, a corporation may only appear "through licensed counsel." *Rowland* v. *California Men's Colony*, 506 U.S. 194, 201-02 (1993).  Mr. Shang and Mr. Ji are not counsel to the businesses they purport to represent and, therefore, cannot assert their rights. *See In re AIO US, Inc.*, 2025 WL 1617477, at *9 (Bankr. D.

---

[4]   Objector Jianhua Jin (schedule number 6997683, [D.I. 33583, 33656]) also lacks standing, as his Claim was expunged for failure to timely complete KYC. *See Debtors' One Hundred Thirtieth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims* [D.I. 28225].  Because Mr. Jin's Claim has been expunged, he has no "sufficient stake" in the outcome of the Motion.

[5]   According to Mr. Ji, he "created an informal Telegram discussion group (with no legal authority) and posts updates on X (Twitter) regarding developments in these Chapter 11 cases." [D.I. 33537 ¶ 16.] Notwithstanding his regular communications with other creditors (which is not sanctioned by the FTX Recovery Trust), he has no standing to appear on their behalf.

Del. June 6, 2025) ("the case law on party-in-interest standing under § 1109(b) limits an objector to asserting its own rights—it may not assert the rights of others.").  Therefore, Mr. Ji and Mr. Shang have no standing to appear on behalf of any other party or business and should not be heard with respect to the Motion.[6]

## II.    The Claims Reconciliation Process Remains Active and Both Phased and "Targeted" Extensions Are Impractical.

11.    Several objectors contend that the claims reconciliation process is nearly complete, and therefore the requested one-year extension is not warranted.  *See, e.g.*, [D.I. 33596], [D.I. 33586], and [D.I. 33589].  While significant progress has been made, as this Court recently noted, "the Trust's reconciliation of claims . . . is at its infancy."  (Oct. 23, 2025 Hr'g Tr. 23:8–9.) Most of the Objections and joinders are from creditors in China who raise the same arguments raised in opposition to the Restricted Jurisdiction Procedures.  But those Claims are not going to be resolved until the issue of the legality of making distributions to residents of China is resolved later in the case and, as the Court observed with respect to those creditors with Claims in potentially restricted foreign jurisdictions, "there will be a delay in distributions . . . [that] is unavoidable given the issues that have been identified."  (*Id.* at 30:6–9.)  The FTX Recovery Trust has acted with exceptional speed, resolving approximately 657,000 Claims, filing 198 omnibus objections and 13 additional claim objections.  However, the claims reconciliation process is far from complete, with approximately 25,000 Claims totaling nearly $29 billion under active review and subject to complex litigations and claims objections.  [D.I. 33444 ¶¶ 6-7].  The process continues to require careful diligence, reconciliation, and, where necessary, litigation of contested claims objections.

12.    Other objectors argue that "phased" extensions are preferable or that courts

---

[6]    Mr. Ji's relatives and his affiliated entity, Sci Ventures Co., Ltd, Shengkun Ji, and Jing Liu, are represented by counsel.

favor additional oversight.  For example, Mr. Ji and Mr. Huang cite to *In re Energy Future Holdings Corp.*, 561 B.R. 630 (Bankr. D. Del. 2016), in support.  *See* [D.I. 33537 ¶ 52] and [D.I. 33603 ¶ 31].  However, *In re Energy Future Holdings Corp.* involved a motion to dismiss for alleged bad faith more than thirty months after the bankruptcy filings—an entirely different procedural and substantive context.  *See* 561 B.R. 630.  The decision did not address claims objection deadlines or any concept of "phased" extensions.  *Id.*  More egregious, Mr. Ji's alleged quote is entirely fabricated and cannot be found in the Court's opinion.[7]  Accordingly, there is no factual or legal basis to support "phased" extensions.

13.    Similarly, certain Claimants argue that "blanket" extensions are improper and that Delaware courts favor a more segmented approach under which remaining claims are categorized.  *See* [D.I. 33592]; [D.I. 33594]; [D.I. 33537 ¶¶ 46–47].  The FTX Recovery Trust is not seeking any sort of "blanket" extension but an initial one-year extension—the first requested extension—consistent with cases of this size and complexity.  There is also no basis for a segmented approach.  Mr. Ji, for example, cites *In re Tribune Co.*, 2015 WL 730730 (Bankr. D. Del. Feb. 19, 2015), in support, but this citation does not exist.  In the same vein, Folkvang Ltd.'s ("Folkvang") reliance on *In re Accuride Corp.*, Case No. 24-12289 (JKS) (Bankr. D. Del.) [D.I. 1014], is misplaced.  The *Accuride* order did not "carve out" any creditor from the extension of the claims objection or administrative claims objection deadlines.  Rather, it granted the extension in full and simply noted that one creditor had a separate pending motion concerning payment of its administrative expense claim.[8]

---

[7]    While perhaps potentially excusable since Mr. Ji and Mr. Huang are appearing *pro se*, the same cannot be said for counsel to Mr. Ji's relatives and affiliated entity who joined in Mr. Ji's Objection.  *See* [D.I. 33679].  As officers of the Court, counsel have an obligation to confirm the accuracy—and existence—of cited authorities.

[8]    *See Order Extending the Administrative Claims Objection Deadline Under Confirmed Chapter 11 Plan*, *In re Accuride Corp.* [D.I. 1014].  The proviso in that order merely set a briefing and hearing schedule for TrailerMaster CVS Inc.'s administrative expense claims motion; it did not exclude the creditor from the extended deadline.

14.     Weiwei Ji and other objectors further argue that any extension should be conditioned on additional oversight or "transparency" requirements, such as monthly public reporting, disclosure of dispute categories, or Court-imposed benchmarks.  *See* [D.I. 33537 ¶ 13]; [D.I. 33672  ¶¶ 22-23 ]; [D.I. 33610]; [D.I. 33592].  These proposals are impractical, inconsistent with the Plan, and contrary to the orderly administration of the FTX Recovery Trust.  The Plan already provides mechanisms that ensure fairness and transparency, including the publicly accessible claims register, the Disputed Claims Reserve, and continued Court oversight.  Imposing additional conditional-reporting or Court-imposed requirements not contemplated by the Plan or the Court's Confirmation Order would divert substantial resources from the substantive reconciliation process, delay progress for all creditors, and create the very inefficiencies that Bankruptcy Rule 9006(b) is designed to avoid by permitting reasonable extensions for cause.

15.     These arguments provide no basis to deviate from established practice in this District.  Courts in this jurisdiction regularly grant one-year extensions of claims objection deadlines.  *See, e.g., In re Cred Inc., et al.,* Case No. 20-12836 (KBO) (Apr. 16, 2025) (extending the deadline by 365 days, for the fifth time) [D.I. 1291]; *In re Vyera Pharmaceuticals, LLC, et al.*, Case No. 23-10605 (JKS) (May 22, 2025) (same, for the third time) [D.I. 433]; *In re Insys Therapeutics, Inc., et al.*, Case No. 19-11292 (JTD) (December 6, 2024) (same, for the sixth time) [D.I. 2011]; *In re Boxed, Inc., et al.*, Case No. 23-10397 (BLS) (September 11, 2024) (same, for the first time) [D.I. 570]; *In re Legacy Ejy Inc., et al.*, Case No. 22-10580 (JKS) (May 26, 2023) (same, for the first time) [D.I. 827].

---

Indeed, the *Order Approving Stipulation Regarding TrailerMaster CVS, Inc.'s Motion for an Order (I) Allowing and Compelling Immediate Payment of Its Administrative Expense Claims; and (II) for Other Requested Relief* [D.I. 1042] confirms that TrailerMaster's issue was resolved consensually by stipulation—not by exclusion from the generally applicable extension.

16.     Despite this established practice, Folkvang contends that the precedents cited in the Motion were uncontested and therefore not persuasive.  *See* [D.I. 33574 ¶ 12].  This is so because these procedural motions are routine and typically not objected to by disgruntled claimants trying to hinder the administration of the estate in an attempt to jump the line with respect to administration of their individual Claims.  In fact, courts in this jurisdiction do grant extensions over creditor objections where cause is shown under Bankruptcy Rule 9006(b).  *See, e.g.*, *In re Peer Street, Inc.*, Case No. 23-10815 (JKS) (Bankr. D. Del. Sept. 5, 2024) (overruling pro se objection and granting extension) (Hr'g Tr. 34:2–20); *In re SuperMedia Inc.*, Case No. 13-10546 (KG) (Bankr. D. Del. Nov. 20, 2013) (overruling objection and finding that "potential procedural issues and problems for the debtor" meet the "cause" standard under Rule 9006) (Hr'g Tr. 56:8–13); *In re Taronis Fuels, Inc.*, Case No. 22-11121 (BLS) (Bankr. D. Del. June 22, 2023) (granting motion to extend over objection based on trustee's progress and need for additional time to reconcile claims) (Hr'g Tr. 9:5–11:10).

17.     The complexity and scale of the remaining work in this case—one of the largest and most complex chapter 11 cases ever filed—is consistent with or exceeds those where extensions have been granted and demonstrate why phased extensions and exceptions to Claims Objection Deadline are neither practical nor appropriate.  A single comprehensive extension avoids procedural redundancy, preserves estate resources, and ensures that reconciliation continues in an orderly, equitable manner for all stakeholders.

## III.    The Motion Is in Furtherance of the Plan and Does Not Implicate Section 1123(a)(4) of the Bankruptcy Code.

18.     Contrary to the arguments raised in several Objections, a one-year extension of the Claims Objection Deadline does not "discriminate" against any residents in a particular jurisdiction, nor does it modify the Plan's proposed treatment of any Claim.  *See, e.g.,* [D.I. 33537];

[D.I. 33594]; [D.I. 33587]; [D.I. 33581]. Section 1123(a)(4) of the Bankruptcy Code governs equal treatment and unfair discrimination at the plan confirmation stage and is not applicable here. *See In re Energy Future Holdings Corp.*, 527 B.R. 157, 167 (D. Del. 2015). In connection with the confirmation of the Plan, the Court held that "[t]he requirements of section 1123(a)(4) of the Bankruptcy Code [were] satisfied." (Confirmation Order ¶ 30.) Article 4 of the Plan, in compliance with section 1123(a)(4), provides that each claimant in any particular class will receive the same treatment on account of its Claim and will receive the same distribution on account of such Claim under the Plan, and nothing in the Motion purports to change any treatment set forth in Article 4 of the Plan.

19. As determined at the October 23, 2025 hearing, the FTX Recovery Trust will address claimants in potentially restricted foreign jurisdictions later in the process. (Oct. 23, 2025 Hr'g Tr. at 30:9–11, 31:5–7.) The FTX Recovery Trust's goal to facilitate lawful distributions to creditors is in furtherance of the Plan. *See* 11 U.S.C. § 1142(b) ("[t]he court may direct the debtor and any other necessary party . . . to perform any other act . . . that is necessary for the consummation of the plan.").

20. In his Objection, Mr. Ji relies on *In re Washington Mutual, Inc.*, 442 B.R. 314 (Bankr. D. Del. 2011), *In re New Century TRS Holdings, Inc.*, 390 B.R. 140 (Bankr. D. Del. 2008), and *In re Nortel Networks* Inc., 532 B.R. 494 (Bankr. D. Del. 2015) to argue that lack of transparency can affect creditor recoveries and that delay itself prejudices creditors. *See* [D.I. 33537 ¶¶ 37-39, 43]. Again, none of these citations are relevant or even accurate. *Washington Mutual* and *New Century* addressed disclosure obligations and fairness considerations at the plan confirmation stage, not post-confirmation administrative extensions. Similarly, *Nortel* did not address post confirmation administrative matters. Rather, it dealt with the equitable allocation of

multi-billion-dollar sale proceeds among affiliated debtors in a cross-border insolvency and addressed the courts' use of equitable powers to divide assets. *See* 532 B.R. at 553–61. None of these cases even contain the quoted language that Mr. Ji included in his Objection. These cases do not in any way limit this Court's discretion to extend deadlines for cause under Plan section 2.1.32. Accordingly, these Objections should be overruled.

**IV.     The Plan Does Not Provide for Payment of Delayed Distributions.**

21.     Certain objectors request that creditors be compensated for the delay while their Claims remain unresolved, either through interest or other additional payments. *See, e.g.*, [D.I. 33591]; [D.I. 33600]; [D.I. 33577]. The Plan and the Bankruptcy Code provide no authority for such relief. Section 8.6 of the Plan authorizes distributions only on account of Allowed Claims, and section 4.3.6 of the Plan governs postpetition interest solely for those Allowed Claims as expressly provided therein. All Distributions on account of Allowed Claims are made in accordance with the waterfall priorities set forth in section 4.2 of the Plan. Until a Claim is Allowed, no distribution is permitted. The timing of Claim allowance and distributions do not and could not create new rights that do not exist under the Plan.

22.     Creating a "delay premium" or separate compensation mechanism would also undermine the uniform-treatment principle codified in the Plan and confirmed by this Court. It would grant some creditors an unintended additional recovery at the expense of others and inject inequities the Plan was designed to prevent. Delays inherent in the reconciliation process are not unfair treatment; they are part of the administrative structure expressly approved by the Court to ensure orderly and lawful distributions, and occur in virtually every large bankruptcy case. Accordingly, requests for new compensation to be awarded based on alleged delay lack merit and must be denied.

## V.   Claims Allowance Issues Are Not Before the Court.

23.     The FTX Recovery Trust seeks limited and straightforward relief through this Motion:  additional time to reconcile the enormous number of filed Claims and, as necessary, to file objections to Disputed Claims.  Nothing in the Motion alters any creditor's substantive rights, nor does it present or implicate any claims allowance issues.  Nonetheless, a number of the objectors improperly attempt to argue in favor of allowance of their individual Claims in this context.  While no Claims allowance issue is presented by the Motion, the FTX Recovery Trust will briefly address some of the recurring arguments in an attempt to clear up any confusion among creditors.

a.   *All Claims Are Disputed Until Allowed.*

24.     Pursuant to section 2.1.57 of the Plan, "Disputed" Claims are any and all Claims that have not been Allowed.  Plan § 2.1.57.  Contrary to baseless assertions, the FTX Recovery Trust is not singling out Claims of residents in particular jurisdictions.  Rather, all outstanding Claims are Disputed and remain subject to objection by the FTX Recovery Trust until such time as they are either objected to in filings with the Court, Allowed pursuant to the terms of the Plan and Confirmation Order, or otherwise consensually resolved.

25.     Several objectors nonetheless argue that the FTX Recovery Trust has it "backwards" and that Claims should be considered Allowed and eligible for distributions simply because the FTX Recovery Trust has not yet filed formal objections.  For example, Liu Zhenxu argues that Bankruptcy Rules 3003(b) and 3001(f) grant prima facie validity to scheduled or properly filed Claims.  *See* [D.I. 33598].  Likewise, Hejia Zhao and Pu Ke assert that the FTX Recovery Trust is improperly circumventing section 502(a) of the Bankruptcy Code by treating certain Claims as "Disputed" rather than as "deemed allowed."  *See* [D.I. 33675 ¶¶ 36-38]; [D.I. 33678].

-12-

26.     These citations are misplaced.  The confirmed and effective Plan and this Court's Confirmation Order govern the allowance of Claims in these Chapter 11 Cases.  While Bankruptcy Rules 3003(b) and 3001(f) affords a properly filed proof of claim prima facie validity, that presumption is procedural and rebuttable in the context of a Claim objection.  Nothing in the Bankruptcy Code or Rules precludes the FTX Recovery Trust from carrying out its duties to investigate, object to, or otherwise dispute the validity or amount of any Claim.  Nor does it convert a "Disputed" Claim under the Plan into an "Allowed" Claim absent formal allowance of the Claim by the FTX Recovery Trust or the Court.  *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (explaining that section 502(a) merely shifts the burden of production and that once the "objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.").

27.     Therefore, section 8.6 of the Plan protects the Trust and all stakeholders by ensuring that no distribution may be made on account of a Disputed Claim until it is Allowed.  Based on the objectors' residency in China—a potentially restricted foreign jurisdiction—the Claims are Disputed Claims that remain subject to objection and no distributions can be made on account of those Claims at this time.  To receive a distribution, the Plan requires both an Allowed Claim and completion of pre-distribution requirements pursuant to section 7.14 of the Plan.  The objectors cannot satisfy the first condition because the Claims are Disputed Claims even if they are not currently subject to pending objections.

28.     Yan Junyi, for example, contends that his Claim is "clear and simple and [is] undisputed."  *See* [D.I. 33612 at 2].  Similarly, Mr. Shang points to his prompt completion of KYC and other pre-distribution requirements.  [D.I 33680 ¶ 3].  But completion of these steps is

only a *prerequisite* to receiving a distribution—it does not determine whether a Claim is Allowed. (Oct. 23, 2025 Hr'g Tr. 15:4–10.)  Accordingly, the FTX Recovery Trust must formally allow a Claim as part of the reconciliation process in order for the claimant to receive a distribution on account of the Claim.  (*Id.* at 16:4–10.)

29.    Numerous objectors confuse the temporary withdrawal of the Restricted Jurisdiction Procedures Motion with the allowance of their Claims.  The withdrawal of the Restricted Jurisdiction Procedures Motion at the direction of the Court in no way determined that the Claims of claimants resident in potentially restricted foreign jurisdictions are now Allowed and eligible for distribution.  The question of whether the FTX Recovery Trust can lawfully make distributions to claimants located in potentially restricted foreign jurisdictions remains outstanding.  The FTX Recovery Trust is still evaluating whether distributions may be made to creditors who are residents of potentially restricted foreign jurisdictions.  Consistent with the Court's comments at the October 23, 2025 status conference, claimants who reside in such jurisdictions will not receive a distribution until the FTX Recovery Trust determines it may lawfully make a distribution or a renewed request later in the case for the Court to address the issue is interposed and resolved.  (Oct. 23, 2025 Hr'g Tr. at 30:7-9, 16-19; 57:13-16.)

30.    The relief requested in the Motion does not seek to alter any Claim statuses or the substantive rights of any claimant.  Claimants, including those in potentially restricted foreign jurisdictions, must not be allowed to hold the FTX Recovery Trust's procedural relief hostage to leverage allowance of their own individual Claims.  Accordingly, the FTX Recovery Trust submits that any Objections to the Motion based on Claim status or allowance issues should be overruled.

b. *The FTX Recovery Trust Has Effectively Communicated with All Creditors.*

31.    Certain Objections argue that the FTX Recovery Trust has not provided sufficient communication explaining why their Claims remain disputed and accordingly, the one-year extension of time to object to Disputed Claims should be denied.  (*See, e.g.*, D.I. 33612, D.I. 33537, D.I. 33603, D.I. 33571.)  As discussed above, all Claims are "Disputed" unless and until the FTX Recovery Trust or the Court affirmatively allows the Claim.  A Claim's Disputed status does not necessarily reflect that any final decision as to the FTX Recovery Trust's position has been made.  The need for more time to complete the evaluation and reconciliation of each individual Claim is precisely why the Debtors seek the pending relief.  It is neither practical nor appropriate for the FTX Recovery Trust to provide interim updates as to each individual Claim.

32.    Some of the objectors seek to use the Court to compel the FTX Recovery Trust to provide individualized explanations about why Claims have not been Allowed, in addition to providing status updates and a projected timeline for review.  *See, e.g.,* [D.I. 33537 ¶¶ 49-51]; [D.I. 33594 ¶¶ 2-6].  Mr. Ji relies on a purported decision to argue that creditors may seek judicial intervention to remedy "administrative inaction", but the citation he provides does not exist.  [D.I. 33537 ¶ 49].  The cited docket entry is a one paragraph order granting counsel's motion to withdraw and completely irrelevant to the argument.  *See In re GT Advanced Technologies Inc.*, 2019 WL 13203171.  In any event, there is *no* requirement, in the Plan, Confirmation Order or statute, that requires the FTX Recovery Trust to provide individualized explanations or detailed responses regarding specific Claims prior to formally objecting to them.  Given the number of outstanding Claims, it is simply impracticable to compel the FTX Recovery Trust to respond and provide in-depth details to specific claimants regarding the reconciliation status of each individual Claim upon request.  The realities are that in any chapter 11 case, but especially one of the size

and complexity as this one, time and a process are needed to orderly reconcile, resolve, and if necessary, object to filed Claims.

33.     Certain objectors further argue that the procedures for updating a creditor's residence or jurisdiction remain vague and undocumented.  *See* [D.I. 33613]; [D.I. 33680]. However, the KYC and Pre-Distribution Requirements process established in the Plan continues to be clear and accessible, as evidenced by the number of creditors who have satisfied these requirements and received Distributions.  As previously explained to creditors in communications and in prior court filings, all requested KYC and pre-distribution requirements of customers can be completed via the FTX claims portal (https://claims.ftx.com).  Since the claims portal was opened to claimants over two years ago, FTX customer support has been actively assisting any claimants who have had any access issues.  To further facilitate compliance with these requirements, the Debtors published specific frequently asked questions regarding each of these requirements:  KYC (https://support.ftx.com/hc/en-us/sections/_15917963702676-Verification), pre-distribution tax requirements (https://support.ftx.com/hc/en-us/sections/30028754243604-Tax-Requirements) and onboarding with a distribution service provider (https://support.ftx.com/hc/en-us/sections/331895_04164628-Distributions).  These frequently asked questions are continually updated from time to time to reflect any common and/or new issues that are identified.

34.     Moreover, to assist all claimants, the FTX Recovery Trust has published additional frequently asked questions detailing the steps for updating KYC and the other pre-distribution requirements.  Customers may contact the KYC Support Team at KYC-Support@ftx.com using the same email address associated with their FTX account to request a jurisdiction or other update.  The KYC team will provide detailed instructions on how to submit

updated information and may request additional documentation to verify the change.  Once the documentation is reviewed and approved, the FTX Recovery Trust will update the customer's jurisdiction records accordingly.  If the claimant wishes to update their tax information in connection with a jurisdiction change, they can submit the appropriate IRS Form W-8 or W-9 through the FTX Customer Portal.  Additionally, claimants using a distribution agent may contact their designated agent's support team, with the same email address associated with their FTX account, to request to re-onboard with updated jurisdiction or other information.[9]

35.     None of these Objections are valid arguments against the requested one-year extension of the Claims Objection Deadlines.  These are claim reconciliation issues that are not currently before the Court.  In any event, the FTX Recovery Trust submits that all claims reconciliation efforts to date have been and will continue to be carried out in compliance with the Plan and Confirmation Order.  Accordingly, the FTX Recovery Trust submits that the Objections on these bases should be overruled.

## VI.     Folkvang Ltd.'s Objection Misrepresents the Record and Should Be Overruled.

36.     Folkvang's Objection is without merit and bordering on disingenuous.  *See* [D.I. 33574].  The FTX Recovery Trust has been engaged in extensive discussions with Folkvang for *months* regarding numerous unresolved issues between the parties, including Folkvang's asserted Claim.  As Folkvang is well aware, the FTX Recovery Trust has significant concerns regarding Folkvang's actions and the validity of its Claim, and has been diligently pursuing Bankruptcy Rule 2004 discovery from Folkvang.  Although Folkvang has produced some limited

---

[9]     In fact, Mr. Ji was able to re-submit KYC and other pre-distribution information after the July 22, 2025 hearing on the Restricted Jurisdiction Procedures Motion to confirm that they are not residents of China or another potentially restricted foreign jurisdiction.  As a result, his Claim was Allowed, and he received a distribution on September 30, 2025 on account of such Claim.

information, it has continued to delay and raise meritless objections to the FTX Recovery Trust's requests.  The FTX Recovery Trust's ongoing investigation is part of its good-faith reconciliation process, and based on that investigation, the FTX Recovery Trust expects that it may, among other things, object to Folkvang's Claim in due course.

37.     The relief sought in the Motion is routine, well-supported by cause under Bankruptcy Rule 9006(b), and necessary to allow the FTX Recovery Trust to complete its investigation and reconcile remaining Claims, including Folkvang's Claim, in an orderly and equitable manner.  Accordingly, the Court should overrule Folkvang Ltd.'s Objection.

**VII.    Other Objections Fail**

38.     All of the other arguments in the remaining Objections fail and should be overruled for the following additional reasons:

- Certain objectors, including Mr. Ji, note that there have been a number of claims-trading firms targeting Chinese creditors.  *See, e.g.*, [D.I. 33537 ¶ 38].  The FTX Recovery Trust does not, and has never, sanctioned any statements from any claims-trading firms.  None of these parties are affiliated with the FTX Recovery Trust.  Accordingly, the FTX Recovery Trust cautions all creditors to be vigilant in any statements or offers from any unaffiliated third parties.

- Xinling Xiong advances the position that because the Plan contemplates distributions in U.S. dollars, foreign laws regarding digital assets do not apply to dollar-denominated proceeds of digital assets.  *See* [D.I. 33571].  He also argues that because his "funds have always been held exclusively in U.S. Dollars (USD) within the FTX platform[,]" there is no legitimate reason that the FTX Recovery Trust has not yet distributed his Claim.  (*Id.* ¶ 2.)  This is a refrain of objections interposed to the FTX Recovery Trust's Restricted Foreign Jurisdiction Procedures and not relevant here.  It is worth noting, however, that Mr. Xiong cites no authority supporting this assertion and the FTX Recovery Trust has previously stated its position that the legal implications are with making distributions into potentially restricted foreign jurisdictions on account of cryptocurrency related Claims (not distributions in cryptocurrency).

- Some objectors assert that the FTX Recovery Trust violates section 1142(b) of the Bankruptcy Code.  *See, e.g.*, [D.I. 33600], [D.I. 33596].  To the

contrary, the FTX Recovery Trust is diligently reconciling Claims, including those of the objectors. The FTX Recovery Trust's treatment of creditors in potentially restricted foreign jurisdictions is part of the general authority under section 1142(b) and the Confirmation Order. *See Binder* v. *Price Waterhouse & Co., LLP,* 372 F.3d 154, 165 (3d Cir. 2004) (noting that section 1142(b) "assumes that post-confirmation jurisdiction exists for disputes concerning the consummation of a confirmed plan" and that 28 U.S.C. § 1334 "remains the source of this jurisdiction").

- Sen Wang and Yong Ping Hu allege that the extension of the Claims Objection Deadline constitutes a "due process harm" from an "indefinite freeze on creditor rights." *See* [D.I. 33564 ¶ 6]. The Motion, however, merely seeks procedural relief expressly authorized by Bankruptcy Rule 9006(b) and the Plan and it does not deprive any creditor of property or eliminate any substantive right. Creditors received notice of the Motion and the opportunity to be heard. *See In re Boy Scouts of America,* 642 B.R. 504, 677 (Bankr. D. Del. 2022) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950) ("The due process clause requires at a minimum that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."). Moreover, holders of Disputed Claims have no right to distributions until their Claims are formally Allowed under section 8.6 of the Plan.

- Sen Wang and Yong Ping Hu contend that the deadline for Administrative Claims should not be extended, since those are only the FTX Recovery Trust's professional and operational expenses. *See* [D.I. 33564 ¶¶ 13-16]. Their assertion is incorrect. Administrative Claims in these Chapter 11 Cases encompass a broad range of post-petition obligations, including taxes, contract payments, settlements, and other costs incurred in preserving and administering the Debtors' estates—not merely the FTX Recovery Trust's professional fees or ordinary operating expenses. As stated in the Motion, the FTX Recovery Trust must still reconcile over one hundred remaining Administrative Claims. [D.I. 33444 ¶ 6]. Each of these requires individual reconciliation, and some will require substantive objections to be filed. (*Id.*) Accordingly, the requested extension for Administrative Claims benefits all creditors by ensuring the orderly resolution of all outstanding administrative liabilities in accordance with the Plan.

- Certain Objections allege that the FTX Recovery Trust must bear its "compliance burdens" without shifting costs to "innocent creditors." (*See, e.g.,* D.I. 33537, D.I. 33601.) These are baseless assertions unrelated to the relief requested in the Motion, but in any event, the FTX Recovery Trust is bearing the costs of compliance with applicable foreign law by attempting to resolve questions attached to making distributions in potentially restricted foreign jurisdictions.

-19-

- Hejia Zhao's argument that the FTX Recovery Trust's "administrative burn" is excessive and will only continue to grow with an extension, at the expense of creditors, is misplaced. [D.I. 33675 ¶ 20-24]. The FTX Recovery Trust's costs and expenses are necessary for the administration and reconciliation of all Claims, and are overseen by the Plan Administrator and FTX Recovery Trust's Board of Directors.

- Hejia Zhao accuses the FTX Recovery Trust of engaging in "motion-driven selectivity," alleging that the FTX Recovery Trust only resolves Claims for creditors who file motions with the Court. [D.I. 33675 ¶ 41]. This accusation is not true. The FTX Recovery Trust's reconciliation and allowance determinations are based solely on Claim-specific facts, supporting documentation, and the procedures established by the Plan—not on whether a claimant has filed a motion.

- Pu Ke's assertion that the Administrative Claims Objection Deadline cannot be combined with the Claims Objection Deadline is plainly incorrect. [D.I. 33676]. Article 3 of the Plan establishes the procedure for asserting and paying Administrative Claims, but it does not freeze the objection deadline or prohibit the Court from extending it for cause under Bankruptcy Rule 9006(b). Aligning the Administrative Claims Objection Deadline with the general Claims Objection Deadline is a procedural adjustment that is practical but does not alter any claimant's substantive rights. Administrative Claims must still be filed, Allowed, and then paid as the Plan provides, and no distribution may occur on any Disputed Claim until it becomes Allowed. Furthermore, this Court has extended both administrative claims and general claims objection deadlines together, exactly as the Motion requests. *See, e.g., In re Vitamin OldCo Holdings, Inc. (f/k/a GNC Holdings, Inc.), et al.,* Case No. 20-11662 (KBO) (November 6, 2025) (extended the objection deadlines for both filed proofs of claim and administrative claims, for the tenth time, by 180 days) [D.I. 2312]; *In re Gulf Coast Health Care, LLC, et al.,* Case No. 21-11336 (KBO) (April 15, 2025) (same, for the eighth time, by 120 days) [D.I. 2317].

- Pu Ke's argument that the Record Date is the "applicable deadline" for determining whether a Claim is Allowed, misconstrues both Article 7 of the Plan and the purpose of the Distribution Record Date. [D.I. 33676 at 4-5]. The Record Date simply fixes the population of creditors entitled to receive distributions as of a particular distribution date for administrative purposes. The Record Date does not convert unallowed Claims into Allowed ones or require the Trust to treat them as such. Sections 7.2 and 7.4 of the Plan expressly condition all distributions on the prior allowance of a Claim under section 8.6. (*See* Plan §§ 7.2, 7.4, 8.6.) Reading the Record Date as a substitute for formal allowance would override that structure, contradict the Court-approved claims reconciliation process, and nullify the Plan's definition of "Disputed."

## CONCLUSION

For the reasons stated above, the Court should overrule the Objections and grant

the Motion.

Dated:  November 19, 2025
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:   landis@lrclaw.com
          mcguire@lrclaw.com
          brown@lrclaw.com
          pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:   dietdericha@sullcrom.com
          bromleyj@sullcrom.com
          gluecksteinb@sullcrom.com
          kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*