Room 501, Unit 3, Building 12
No. 1 Courtyard, Gaojiayuan East Street, Mentougou District, Beijing, China
Email: kepu_ftx@superbloch.com
Tel: +86 152-1084-7154
November 20, 2025

Clerk of the Court
United States Bankruptcy Court for the District of Delaware
824 N. Market Street, 3rd Floor
Wilmington, DE 19801
(302) 252-2900

**Re: In re FTX Trading Ltd., et al., Case No. 22-11068 (KBO) — Pro se filings by mail:**

Dear Clerk of the Court:

I respectfully submit the enclosed papers for filing in the above-captioned case and ask that they be docketed **as two entries** outlined below. I am a pro se creditor (Claim No. 33657, Class 5A) and am filing by mail.

## ENTRY 1 — RESPONSE TO TRUST'S OBJECTION (D.I. 33678) (standalone entry)

Please docket the following as: "REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE (D.I. 33446) AND RESPONSE TO TRUST'S OBJECTION (D.I. 33678)"

Please link/relate this entry to: D.I. 33678, 33676, 33446

**Attachments in this entry (as received):**

1. Reply In Further Support of Motion For Leave (D.I. 33446) And Response To Trust's Objection (D.I. 33678)
2. Certificate of Service

## ENTRY 2 — NOTICE OF ERRATA (standalone entry)

Please docket the following as: "NOTICE OF ERRATA REGARDING EXHIBIT C-3 TO LIMITED OBJECTION OF PU KE TO FTX RECOVERY TRUST'S MOTION TO EXTEND"

Please link/relate this entry to: D.I. 33676

**Attachments in this entry (as received):**

1. Notice of Errata Regarding Exhibit C-3 To Limited Objection of Pu Ke To FTX Recovery Trust's Motion To Extend
2. Certificate of Service

Thank you for your assistance.

Pu Ke (pro se)   *Pu Ke*

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br><br>Related Docket No(s).: 33678, 33676, 33446 |

### REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE (D.I. 33446) AND RESPONSE TO TRUST'S OBJECTION (D.I. 33678)

Movant Pu Ke ("Movant"), proceeding pro se, respectfully submits this Reply in further support of his Motion for Leave to File Sur-Reply (D.I. 33446) and in response to the "Objection" filed by the FTX Recovery Trust (the "Trust") at D.I. 33678.

## I. PRELIMINARY STATEMENT

1. The Trust's Objection (D.I. 33678) is procedurally defective and substantively unresponsive. Procedurally, it is an unauthorized sur-sur-reply filed without leave of Court in violation of Del. Bankr. L.R. 9006-1 and 9013-1. It improperly attempts to re-litigate the merits of motions (D.I. 32712, 32739) for which the objection deadline expired in October 2025, while failing to challenge the only issue properly before the Court: Movant's "good cause" for filing the sur-reply (D.I. 33446).

2. Substantively, the Trust's filing ignores Movant's central legal argument. The Trust constructs a "straw man" argument about pre-distribution requirements (Plan § 7.14) while remaining completely silent on Movant's actual claim: that under the Plan's allowance mechanics (§ 2.1.8(d), §§ 7.4.1-7.4.2) and the Bankruptcy Code (§ 502(a)), his claim was "deemed allowed" by operation of law when the Distribution Record Date passed without an Article 8 objection on file.

3. Movant respectfully requests that the Court (i) grant the Motion for Leave so the Sur-Reply is part of the record, and (ii) to the extent the Court reaches substance at the upcoming hearing, reject the Trust's extra-Plan "Disputed-until-Allowed" theory and apply the Plan's record-date allowance mechanics to Claim No. 33657.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX/.

## II. D.I. 33678 IS A PROCEDURALLY IMPROPER AND UNTIMELY SUR-SUR-REPLY

4. **Waiver of Procedural Objection ("Good Cause"):** The Trust's Objection [D.I. 33678] fails to address the only issue properly before the Court on a Motion for Leave: whether Movant has shown "good cause" to file a sur-reply (D.I. 33446).

    - Courts in this District grant leave to file a sur-reply upon a showing of "good cause," such as the need to address new arguments or intervening developments (like the October 23 hearing).
    - The Trust does not challenge Movant's "good cause." It does not argue the sur-reply is untimely, prejudicial, or unnecessary to correct the record.
    - By failing to object to the procedural grounds for leave, the Trust has conceded that the Motion for Leave should be granted.

5. **Improper "Futility" Argument:** Instead of addressing "good cause," the Trust uses D.I. 33678 to argue the merits of the proposed sur-reply.

    - This conflates the standard for *briefing* with the standard for *pleading*. The Trust is effectively arguing "futility"—a standard used to deny amendments to complaints under Fed. R. Civ. P. 15—to block a legal brief.
    - The question before the Court is not whether the sur-reply definitively *wins* the argument (the merits), but whether Movant has a right to be *heard* on new issues. By arguing the merits now, the Trust is asking the Court to pre-judge the weight of Movant's arguments before they are even admitted to the record.

6. **Untimely Objection to Underlying Motions (Violation of L.R. 9006-1):** The Trust devotes the majority of D.I. 33678 to re-arguing the merits of Movant's original motions (D.I. 32712 and D.I. 32739).

    - **This is procedurally barred.** The objection deadline for those motions was seven days before the October 23, 2025 hearing. The Trust has already filed its one permitted objection [D.I. 32785] on September 29.
    - **Del. Bankr. L.R. 9006-1(c)(ii)** is absolute: "In all instances, any objection must be filed on or before the applicable objection deadline." The adjournment of the Motions to the November 24 hearing preserved the status quo; it did not reset the objection clock or grant the Trust a "second bite at the apple."

7. **Unauthorized Additional Brief (Violation of L.R. 9013-1):**

    - Briefing on the underlying motions was closed upon the filing of Movant's Reply (D.I. 32840) on October 1, 2025.
    - Del. Bankr. L.R. 9013-1 explicitly states: "No additional briefs... in opposition to the motion may be filed without prior approval of the Court."

- The Trust did not seek or receive leave to file D.I. 33678. It is an unauthorized "additional brief" filed in violation of the Local Rules. The Trust knows leave is required, having previously sought it in D.I. 31559, but failed to do so here.

8. **Alternative Response:** Accordingly, D.I. 33678 is procedurally improper and should be disregarded. However, because the Trust has improperly placed these merits arguments on the record just days before the hearing, Movant is compelled to address them below to ensure the record is accurate and to correct the Trust's misstatements of the Plan.

## III . ALTERNATIVE RESPONSE: THE TRUST'S MERITS ARGUMENTS ARE NON-RESPONSIVE AND LEGALLY FLAWED

To the extent the Court considers the Trust's substantive arguments, they fail to rebut Movant's legal theory.

The Trust's position relies on a self-reinforcing logical loop designed to deny due process:

a. **The Label:** The Trust unilaterally leaves the Claim as "Disputed Claim" (legal status of a Claim) based on the creditor's residency (logistical status of the Holder) in a "Potentially Restricted Foreign Jurisdiction" — a category derived from a motion the Trust itself withdrew and never had been approved by the Court. The very existence of the derived category (e.g. Class 5A-"Potentially Restricted") contradicts with Article 4 of the Plan.

b. **The Restriction:** Because the Claim is labeled "Disputed Claim" the Plan prohibits distribution.

c. **The Delay:** Because the "Restricted Jurisdiction" issue is "complex," the Trust argues it needs an extension of the applicable deadline**s** in Plan § 2.1.8, which the Trust asserts to be exclusively the Claims Objection Deadline (potentially to 2027), to address it (See D.I. 33193, 33444 and 33691).

d. **The Evasion:** Because the deadline is extended, the Trust argues it has no obligation to resolve the "Disputed Claim" status or file a substantive objection now.

e. **The Result:** The creditor is trapped in indefinite limbo, stripped of the "deemed allowed" status granted by the Plan and the Code, yet denied the formal objection required to challenge the Trust's decision (See D.I. 32687 Ex.C and D.I. 33676 Section III.H).

f. **Conclusion:** This circular logic allows the Trust to manufacture a dispute to justify a delay, and then use the delay to avoid resolving the dispute.

### A. The Trust Evades the "Applicable Deadline" and Rebuts a Straw Man

9. **Straw Man Argument:** In ¶ 12 of D.I. 33678, the Trust argues that "Completion of pre-distribution requirements... does not determine whether a claim is Allowed." Movant has never contended that completion of § 7.14 determines allowance. The point is distinct: the Distribution Record Date is the operative applicable deadline for each interim distribution; if no Article 8 objection is on file by that date, the claim is Allowed for that distribution, and § 7.14 logistics follow.  By contrast, the Trust's "Disputed-until-Allowed" construction renders the

    Record Date meaningless and collapses Articles 2, 7, and 8 into an unbounded administrative discretion the Plan does not grant.

10. **The Real Argument:** Movant's argument (See D.I. 33676 Section II.D, as the Court has not granted D.I. 33446 yet) is that the "Applicable Deadline" for an Article 8 objection regarding an interim distribution is the Distribution Record Date (Plan § 7.4.1). Because the Trust filed no objection by that date, the claim was "deemed allowed" under Plan's mechanics.

11. **Trust's Silence:** The Trust's filing is entirely silent on this central statutory interpretation based on the logical deduction. By failing to address the "Distribution Record Date" mechanic, the Trust effectively concedes it has no textual rebuttal. Its theory that a claim is "Disputed until Allowed" renders multiple provisions in Article 7 of the Plan meaningless surplusage.

12. **No Effect from a Pending, Unimplemented Motion; RJ Withdrawal.** As of the August 15, 2025 Record Date, no order implemented the R-J proposal and no Article 8 objection to Claim No. 33657 was on file. A pending motion is not an order. With R-J now withdrawn, only the Plan's text governs interim eligibility; residency-based holds absent an objection are extra-Plan.

**B. The Trust misreads the Court's "Last Resort" Guidance to Justify Plan Violations**

The Trust attempts to justify its indefinite administrative hold by citing the Court's comment that the Restricted Jurisdiction Motion "should be the last resort for these claimants" (D.I. 33678, ¶ 4). The Trust misrepresents this judicial warning as a license for indefinite delay.

13. **Context Matters:** The Court's "last resort" comment was directed at the Restricted Jurisdiction Motion itself—specifically, the Trust's request for authority to forfeit or permanently restrict claims. The Court was warning the Trust not to seek such drastic relief unless all other avenues for payment had failed (October 23, 2025 Hr'g Audio at 01:08:11–01:08:53)[2].

14. **The Trust's distortion:** The Trust now uses this warning to justify the exact opposite outcome. Instead of treating restriction as a "last resort," the Trust has made restriction its first and only resort for Chinese creditors. By placing Movant's claim in indefinite "Disputed Claim" status without filing an objection, the Trust is effectively implementing the very restrictions the Court warned against, but doing so administratively to evade judicial review.

15. **The "Last Resort" Has Not Arrived:** Movant has provided a lawful, Trust-approved payout route to a Hong Kong bank account. This proves that payment is legally and logistically possible. Therefore, the "last resort" scenario (where payment is impossible) does not exist. The Trust's refusal to utilize this available route is an arbitrary choice to delay, directly contradicting the Court's instruction to exhaust all options before restricting rights and its very fiduciary objective defined in Plan § 5.8.

**C. The Trust is Implementing a "Shadow" Restricted Jurisdiction Procedure**

16. **Unauthorized "Shadow" Procedure:** The Trust withdrew its Restricted Jurisdiction Motion (D.I. 33439). Yet, by indefinitely withholding "Allowed" status without an Article 8 objection,

---

2    Citations to the October 23, 2025 hearing refer to the official audio recording docketed at D.I. 33309, as an official transcript was not yet available at the time of filing. Timestamps are provided in HH:MM:SS format.

    the Trust is implementing a "Shadow R-J" procedure that the Court declined to approve. By enforcing a restriction the Court refused to authorize, the Trust is acting ultra vires. The Plan authorizes the Trust to administer Claims, not to invent new classes of creditors (e.g., "Potentially Restricted") that do not exist in Article 4 of the Plan.

17. **The Remedy is Article 8:** If the Trust has a "legal concern" about Movant's claim, the Plan provides the only remedy: file a specific Article 8 Objection. Indefinite administrative delay is not a Plan-authorized alternative to the objection process.

### D. The Payoneer Argument is Irrelevant to Allowance

18. **Operational vs. Legal:** The Trust argues that Payoneer's operational capability does not substitute for "independent legal analysis" (D.I. 33678 ¶ 15). This is a distraction. Movant cites the Payoneer path only to prove that no factual impediment to payment exists. it eliminates any logistical pretext for withholding distribution once status is established.

19. **Safe Harbor Neutralizes Risk:** The Trust claims it must delay to avoid liability. However, Plan § 7.4.2 explicitly creates a safe harbor, stating the Trust "shall not incur any liability whatsoever on account of the withholding or delivery of any Distributions." The Plan commands payment ("shall make") and protects the Trust when it complies. The Trust is solving for a liability risk the Plan has already eliminated.

## CONCLUSION

For the reasons above, the Court should grant the Motion for Leave (D.I. 33446) so that the Sur-Reply is part of the record. To the extent the Court considers D.I. 33678, it should treat it as an unauthorized supplemental brief and disregard it; alternatively, the Court may consider it and still reject the Trust's extra-Plan "Disputed-until-Allowed" theory in favor of the Plan's record-date allowance rule and set Claim No. 33657 for claim-specific, comply-or-object relief at the hearing.

Dated: Beijing, China November 20, 2025

*Pu Ke*

Pu Ke (pro se)
Room 501, Unit 3, Building 12
No. 1 Courtyard, Gaojiayuan East Street
Mentougou District, Beijing, China
Email: kepu_ftx@superbloch.com
Tel: +86 15210847154

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 22-11068 (KBO) |
| FTX TRADING LTD., *et al.*,[3] | (Jointly Administered) |
| Debtors. | Related Docket No(s).: 33678, 33676, 33446 |

### CERTIFICATE OF SERVICE – LIMITED OBJECTION

I, Pu Ke, certify that on November 20, 2025, I caused true and correct copies of the following documents:

- REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE (D.I. 33446) AND RESPONSE TO TRUST'S OBJECTION (D.I. 33678)

to be served by electronic mail only upon the recipients listed below (collectively, the "Service Parties"):

**Office of the United States Trustee for the District of Delaware**

- Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
- David Gerardi – david.gerardi@usdoj.gov

**Counsel to the FTX Recovery Trust – Sullivan & Cromwell LLP**

- Andrew G. Dietderich – dietdericha@sullcrom.com
- James L. Bromley – bromleyj@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com

**Delaware Counsel to the FTX Recovery Trust – Landis Rath & Cobb LLP**

- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com
- Matthew B. McGuire – mcguire@lrclaw.com

---

3   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX/.

**Request for Consent / Reservation:** By this certificate and the accompanying cover email, Movant respectfully requests that counsel confirm consent to service by email for the foregoing papers. If any Service Party withholds consent, or if the Court requires an alternative form of service, Movant will promptly cure by effecting service in a manner consistent with Rules 7004 and 9014 of the Federal Rules of Bankruptcy Procedure.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Beijing, China November 20, 2025

*Pu Ke*

Pu Ke (pro se)
Room 501, Unit 3, Building 12
No. 1 Courtyard, Gaojiayuan East Street
Mentougou District, Beijing, China
Email: kepu_ftx@superbloch.com
Tel: +86 15210847154