United States Bankruptcy Court for the District of Delaware

824 North Market Street, 3rd Floor

Wilmington, DE 19801

Re: *In re FTX Trading Ltd., et al.*, Case No. 22-11068 (KBO)

Dear Clerk of Court:

Enclosed please find the following document for filing in the above-referenced case:

HEJIA ZHAO'S REPLY IN SUPPORT OF MOTION FOR A BRIEF EXTENSION OF TIME TO FILE OBJECTION TO THE FTX RECOVERY TRUST'S MOTION [D.I. 33444]

I respectfully request that this filing be docketed under the above caption and case number, and noted as related to D.I. 33444, 33551, and 33733.

Thank you for your assistance.

Respectfully submitted,

*Hejia Zhao*

Hejia Zhao (pro se)

Central, Hong Kong

Email: hz263@cornell.edu

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>FTX TRADING LTD., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br><br>**Ref No. 33444, 33551, 33733** |

# HEJIA ZHAO'S REPLY IN SUPPORT OF MOTION FOR A BRIEF EXTENSION OF TIME TO FILE OBJECTION TO THE FTX RECOVERY TRUST'S MOTION
[D.I. 33444]

Hejia Zhao (the "Movant"), a pro se creditor (Claim ID: 6718003) and party in interest, respectfully submits this Reply in support of the Movant's Motion for a Brief Extension of Time to File Objection to the FTX Recovery Trust's Motion to Extend (the "Motion to Extend") [D.I. 33551] and to address the ambiguity regarding the applicable Objection Deadline for all parties in interest.

## I. INTRODUCTION

The Movant filed the Motion to Extend time on November 7, 2025, requesting that the objection deadline be extended to November 17, 2025, for all parties in interest due to the rescheduling of the Omnibus Hearing from November 20 to November 24, 2025.

However, subsequent communications from the Trust's counsel and the Trust's public filings have asserted that this extension applies *only* to certain inquiring parties, and not universally. The Trust's Notice of Agenda for November 24 [D.I. 33733] reflects this position by listing the deadline for D.I. 33444 as: "Response Deadline: November 13, 2025... extended to November 17, 2025 at 4:00 p.m. (ET) for Sherry Zhao, Sci Ventures Co., Ltd, Shengkun Ji, and Jing Liu" (See D.I 33733, Item 24).

The Movant files this Reply to confirm that the objection deadline for D.I. 33444 is November 17, 2025, for all parties in interest, by mandatory operation of the Delaware Local Bankruptcy Rules, and not merely by concession to a few creditors.

## II. ARGUMENT

**A. The Rescheduled Hearing Mandates an Objection Deadline of November 17, 2025, for All Parties Under Local Rule 9006-1(c)(ii).**

The Trust's contention that the objection deadline remained November 13, 2025, for all but a few parties is based on a mistaken application of the Local Rules following the rescheduling of the hearing.

1. **Original Motion was 17-Day Notice:** The Trust's Motion to Extend [D.I. 33444] was filed on November 3, 2025, for a hearing on November 20, 2025 (a 17-day notice period). This period fell under the "less than 21 days" provision of Del. Bankr. L.R. 9006-1(c)(ii), which sets the deadline at exactly 7 days before the hearing (November 13). This initial deadline was procedurally correct.
2. **Rescheduling to November 24 Triggers the 21-Day Rule:** The Trust subsequently noticed the rescheduling of the hearing to November 24, 2025 [D.I. 33469]. By moving the hearing four days, the notice period for the motion increased to 21 days (November 3 to November 24).
3. **The 21-Day Rule Mandates a 14-Day Minimum Objection Window:** Under Del. Bankr. L.R. 9006-1(c)(ii): "To the extent a motion is filed and served... at least 21 days prior to the hearing date, however, the movant may establish any objection deadline that is no earlier than 14 days after the date of service..."
4. **Legal Conclusion:** Since the motion was served on November 3, the earliest legal objection deadline permitted for a November 24 hearing is November 17, 2025. The Trust's attempt to retain the November 13 deadline violates the minimum notice period protection afforded to all parties under the Local Rules.

**B. The Trust's Position on Scope is Procedurally Unsound**

The Trust's refusal to acknowledge the universal extension, as evidenced by counsel's email correspondence to the Movant stating "the extension is only granted to you and not for all interested parties" (Exhibit B), incorrectly conflates the Movant's request for relief with the automatic operation of the Local Rules.

The Movant's Motion sought an extension based on cause, citing Del. Bankr. L.R. 9006-1(c)(ii) as the basis for fairness and consistency. Regardless of the Movant's standing to formally compel a universal deadline, the calculation mandated by the Local Rules must be consistently applied to all parties once the hearing date was moved. The correct deadline is a function of the hearing date, not a selective privilege granted by the Trust.

### III. CONCLUSION

The Movant respectfully requests that the Court enter the proposed order granting the Motion to confirm that the operative objection deadline for the FTX Recovery Trust's Motion to Extend [D.I. 33444] is November 17, 2025 at 4:00 p.m. (ET), for all parties in interest, in accordance with the mandatory requirements of Delaware Local Bankruptcy Rule 9006-1(c)(ii).

Dated: November 21, 2025

Respectfully Submitted,

*Hejia Zhao*

Hejia Zhao (pro se)

Central, Hong Kong

Email: hz263@cornell.edu

**Exhibit A: November 12, 2025 Email from Hejia Zhao Requesting Universal November 17 Objection Deadline and Docket Notice**

Sherry Zhao <hz263@cornell.edu>        Nov 12, 2025, 9:01 PM (9 days ago)
to Jordan, Julie, Alexa, david.gerardi@usdoj.gov, benjamin.a.hackman@usdoj.gov, Brian, zzext-l...

Counsel:

Thanks for confirming by email that the FTX Recovery Trust consents to extend the objection deadline to November 17. Because this extension is intended to apply to all interested parties, could you please file a short notice on the docket reflecting the new, universal objection deadline? That will ensure everyone has clear notice and the case website reflects the correct date.

Please let me know once the notice is filed, or if you prefer a different vehicle.

Best,

Hejia Zhao

**Exhibit B: November 14, 2025 Email from FTX Recovery Trust Stating Extension Is Granted Only to Hejia Zhao**

Kranzley, Alexa J.        Nov 14, 2025, 4:21 AM (7 days ago)
to me, david.gerardi@usdoj.gov, benjamin.a.hackman@usdoj.gov, Brian, zzext-landis, zzExt-bro...

Dear Sherry,

As indicated in my prior email, the extension is only granted to you and not for all interested parties. From a procedural perspective, you do not have standing to seek an extension on behalf of all interested parties.

Best,
Alexa

**Alexa J. Kranzley**
Sullivan & Cromwell LLP
125 Broad Street | New York, NY 10004-2498
kranzleya@sullcrom.com | www.sullcrom.com

## CERTIFICATE OF SERVICE

I, Hejia Zhao, hereby certify that on November 21, 2025, I caused a true and correct copy of the foregoing Reply in Support of Motion for a Brief Extension of Time to File Objection to be served via electronic mail upon:

U.S. Trustee – District of Delaware

- Joseph James McMahon, Jr. – joseph.mcmahon@usdoj.gov
- Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
- David Gerardi – david.gerardi@usdoj.gov

Counsel to the FTX Recovery Trust – Sullivan & Cromwell LLP

- Andrew G. Dietderich – dietdericha@sullcrom.com
- James L. Bromley – bromleyj@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com

Delaware Counsel to the Trust – Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com
- Matthew B. McGuire – mcguire@lrclaw.com

Dated: November 21, 2025

*Hejia Zhao*

Hejia Zhao (pro se)