IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>FTX TRADING LTD., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br><br>**Ref No. 33444, 33537, 33672, 33675, 33676** |

**JOINDER AND STATEMENT IN SUPPORT OF (I) LIMITED OBJECTION AND SUPPLEMENTAL LIMITED OBJECTION OF WEIWEI JI, (II) LIMITED OBJECTION OF PU KE, AND (III) LIMITED OBJECTION OF HEJIA ZHAO TO FTX RECOVERY TRUST'S MOTION TO EXTEND CLAIMS OBJECTION DEADLINES [D.I. 33444]**

Creditor Zhang Shuyan (the "Joinder Party"), appearing pro se, respectfully states as follows:

1. **Joinder**. The Joinder Party joins in and supports (a) the Limited Objection of Weiwei Ji [D.I. 33537], (b) the Supplemental Limited Objection of Weiwei Ji [D.I. 33672] (together, the "Ji Objections"), (c) the Limited Objection of Pu Ke [D.I. 33676] (the "Ke Objection"), and (d) the Limited Objection of Hejia Zhao [D.I. 33675] (the "Zhao Objection," and together with the Ji Objections and the Ke Objection, the "Supported Objections"), each filed in response to the FTX Recovery Trust's Motion for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline [D.I. 33444] (the "Motion"). The Joinder Party incorporates the Supported Objections by reference as if set forth fully herein, including their arguments, authorities, and requested relief.

2. **Statement in Support**. Consistent with the Supported Objections, the Joinder Party does not oppose a reasonable extension of the Claims Objection Deadline in principle. The Joinder Party opposes the Trust's request for an unconditional one-year extension

and supports a shorter, conditional extension that (i) preserves the Plan's record-date allowance mechanics, (ii) requires non-privileged transparency and creditor-level notice regarding claim status and reconciliation progress, (iii) mandates periodic status reporting, (iv) includes a narrow, creditor-accessible mechanism to seek targeted relief or to compel action if the Trust fails to timely administer claims, (v) incorporates an interest-parity framework, (vi) recognizes that the remaining reconciliation work is technically modest and does not justify a blanket "herculean" extension, and (vii) mitigates the structural misalignment identified in the Supported Objections by limiting further fee burn at the expense of unpaid creditors, all as described in the Supported Objections.

3. **No Additional Relief; Reservation.** The Joinder Party seeks no separate or additional relief beyond that requested in the Supported Objections and reserves all rights, claims, defenses, and remedies, including the right to be heard at the November 24, 2025 omnibus hearing and at any adjournments or further hearings on the Motion.

**WHEREFORE**, the Joinder Party respectfully requests that the Court (i) recognize and grant this Joinder, (ii) grant the relief requested in the Supported Objections, and (iii) grant such other and further relief as the Court deems just and proper.

Dated: November 19, 2025

Respectfully submitted,

Zhang Shuyan (pro se)

FTX Claim ID: 7185922

Email: vickyddl204@outlook.com

Address: Guangzhou, China

## CERTIFICATE OF SERVICE

I, Zhang Shuyan, hereby certify that on November 19, 2025, I caused a true and correct copy of the foregoing Joinder and Statement in Support to be served via electronic mail upon:

U.S. Trustee – District of Delaware

- Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov
- Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov
- David Gerardi – david.gerardi@usdoj.gov

Counsel to the FTX Recovery Trust – Sullivan & Cromwell LLP

- Andrew G. Dietderich – dietdericha@sullcrom.com
- James L. Bromley – bromleyj@sullcrom.com
- Brian D. Glueckstein – gluecksteinb@sullcrom.com
- Alexa J. Kranzley – kranzleya@sullcrom.com

Delaware Counsel to the Trust – Landis Rath & Cobb LLP

- Adam G. Landis – landis@lrclaw.com
- Kimberly A. Brown – brown@lrclaw.com
- Matthew R. Pierce – pierce@lrclaw.com
- Matthew B. McGuire – mcguire@lrclaw.com

Dated: November 19, 2025

*Zhang Shuyan*

Zhang Shuyan (pro se)