**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FTX TRADING LTD., *et al.*, | § | Case No. 22-11068 (KBO) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | Re: Docket Nos. 33444 & 33537 |

**STEAKER'S JOINDER TO LIMITED OBJECTION OF WEIWEI JI TO
THE FTX RECOVERY TRUST'S MOTION FOR ENTRY OF AN ORDER
EXTENDING (I) THE CLAIMS OBJECTION DEADLINE AND (II) THE
ADMINISTRATIVE CLAIMS OBJECTION DEADLINE (D.I. 33444)**

Steaker Inc. ("**Steaker**"), by and through its undersigned counsel, hereby submits this joinder (the "**Joinder**") to the *Limited Objection of Weiwei Ji to the FTX Recovery Trust's Motion for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline (D.I. 33444)* [D.I. 33537] (the "**Objection**") in opposition to the *Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline* [D.I. 33444] (the "**Motion**"), filed by the FTX Recovery Trust.[2] In support of this Joinder, Steaker respectfully states as follows:

**JOINDER**

1.      Pre-petition, Steaker was a customer of FTX Trading Ltd. ("**FTX**").

2.      On July 14, 2023, Steaker submitted its KYC documentation to BitGo, the FTX

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]     The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established through the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404], which became effective on January 3, 2025 [D.I. 29127].

Recovery Trust's KYC vendor, in accordance with the instructions laid out by BitGo on the KYC platform. Shortly thereafter, Steaker sought assistance making a change to its KYC documentation and contacted BitGo and the FTX Customer Support team on July 25, 2023, and August 1, 2023, respectively. Steaker did not receive responsive answers from either team. Subsequently, Steaker filed its proofs of claim on September 6, 2023.

3.      For reasons that were not explained to Steaker, BitGo later determined that Steaker's KYC was "unverified." As a result, Steaker has been unable to clear KYC and, despite multiple attempts, has since been unable to make any progress with BitGo or any of the FTX Recovery Trust's advisors to clear any alleged issues with its KYC documentation.

4.      Specifically, Steaker and its counsel made numerous attempts to get clarifying information from FTX and its advisors –

a. In November and December 2024, Steaker reached out to the FTX Customer Support team to seek clarification the status of its KYC submission to identify what they asserted was missing from the documentation it had submitted. The FTX Customer Support only provided boilerplate answers or redirected Steaker to form instructions.

b. On January 21, 2025, counsel to Steaker emailed counsel to the FTX Recovery Trust to seek further clarification on the KYC process in an attempt to understand the FTX Recovery Trusts' claim objections and address any alleged deficiency in its KYC submission. FTX Recovery Trust refused to clarify what it contended Steaker's alleged deficiency was.  As a result, Steaker cannot remedy any such alleged deficiency nor progress its KYC process.

c. On April 8, 2025 and April 22, 2025, counsel for Steaker again reached out to the FTX Recovery Trust. Following a telephone conference with the FTX Recovery Trust's counsel during which counsel explained what they thought was the *likely* reason for Steaker's "unverified" KYC status, on May 28, 2025, counsel to Steaker provided a comprehensive set of documents that Steaker was lead to believe on that call would address the FTX Recovery Trust's issues with Steaker's KYC. Since that time, Steaker has not received any substantive response back, nor has it received any indication that its submission had made any difference for the purpose of clearing KYC or when it would receive any response.

5.      Six months following that submission, Steaker's KYC remains "unverified" and, because of the lack of transparency and communication from the FTX Recovery Trust and its advisors, Steaker remains unable to remedy that status and receive a long awaited distribution on its claims.

6.      As such, Steaker finds it necessary to file this Joinder in support of the Objection and hereby adopts and incorporates all of the arguments made in the Objection. Steaker reserves all rights to be heard before the Court with respect to the Motion and Joinder.

[*Remainder of Page Intentionally Left Blank*]

For the foregoing reasons, and for the reasons set forth in the Objection, Steaker respectfully requests that the Court deny the Motion, and grant such other and further relief as the Court deems just and proper.

Dated:  November 24, 2025
        Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Gregory Taylor*
Gregory Taylor (DE Bar No. 4008)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel: (302) 654-1888
Email: GTaylor@ashbygeddes.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Jeffrey C. Krause (*pro hac vice* pending)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7995
Email:   jkrause@gibsondunn.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Simon Briefel (*pro hac vice* pending)
200 Park Avenue
New York, New York 10153
Telephone: (212) 351-4003
Email:   sbriefel@gibsondunn.com

*Attorneys for Steaker Inc.*