UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

In re:

FTX TRADING LTD., et al., Debtors.

Chapter 11

Case No. 22-11068 (KBO)

(Jointly Administered)

EMERGENCY MOTION OF RIKESH RAJPUT

FOR EXTENSION OF TIME TO RESPOND TO THE

193rd OMNIBUS CLAIM OBJECTION

Honorable Chief Judge Karen B. Owens:

I, Rikesh Rajput, respectfully submit this Emergency Motion seeking additional time to file my response to the One Hundred Ninety-Third (Substantive) Omnibus Claim Objection (D.I. 31949) in connection with my Proof of Claim No. 95553.

INTRODUCTION

1. This Emergency Motion is necessary because the FTX Recovery Trust has communicated, by email dated November 8, 2025, that it does not consent to any further extension and intends to proceed at the rescheduled hearing on November 24, 2025. The Trust's refusal, however, does not foreclose the Court's discretion, nor does it diminish my right to seek relief where circumstances objectively justify it.

2. I am acting diligently, in good faith, and within the procedural rights afforded to pro se claimants under federal bankruptcy law.

BACKGROUND

3. The 193rd Omnibus Objection was filed on July 25, 2025. My claim was labeled with allegations that I strongly deny and intend to rebut fully with appropriate documentation and sworn declarations.

4. I previously served my extension request on the Trust and simultaneously dispatched a signed hard copy to the Clerk of the Court via international courier. Delivery is dependent on courier standards and

international processing, which are beyond my control. Electronic copies were served to ensure transparency and timely notice.

5. The Trust's email denial asserts that my prior motion was "improperly submitted" and therefore not docketed. This Emergency Motion is being submitted to ensure compliance with Court procedures and to guarantee that my request is formally before the Court.

GROUNDS FOR EXTENSION

6. Additional time is required for reasons that are legitimate, documented, and unavoidable, including:

a. Verification of historical account statements and reconciliation of older transaction data involving multiple platforms and service providers.

b. Ongoing communication with financial institutions outside the United States whose record-release timelines are inherently longer due to identity verification and compliance protocols.

c. Review of technical data and metadata associated with my digital transaction history—work currently being undertaken with the assistance of a professional advisor.

d. Preparation of a detailed response that addresses each allegation in the Objection in a manner that is accurate, complete, and fully compliant with this Court's evidentiary expectations.

7. These tasks involve multiple independent third parties, translation requirements, and processing delays. None of these delays are voluntary, intentional, or avoidable.

8. Proceeding without a brief extension would cause irreparable prejudice to my ability to present my defenses and evidence.

LEGAL BASIS

9. Bankruptcy Rule 9006(b)(1) grants the Court broad authority to extend deadlines "for cause shown."

10. The United States Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), held that extensions are appropriate where circumstances outside a party's control create delay, particularly for pro se individuals navigating complex bankruptcy processes.

11. Under 11 U.S.C. § 502(b), the Court is required to adjudicate claims fairly and must provide claimants a meaningful opportunity to present supporting evidence.

12. Failure to grant additional time—given the nature of the allegations against my claim—would compromise my procedural due process rights under the Fifth Amendment.

13. The Trust's refusal to consent does not diminish the Court's independent authority to ensure fairness and prevent prejudice.

REQUESTED RELIEF

14. For the reasons set forth above, I respectfully request that the Court extend my current deadline of October 19, 2025 by an additional thirty (30) to forty-five (45) days, or such other period as the Court deems fair and appropriate.

15. This request is made in good faith and not for purposes of delay. The requested extension is necessary to ensure that my response is complete, substantiated, and consistent with due process.

WHEREFORE, I, Rikesh Rajput, respectfully request that this Honorable Court grant this Emergency Motion and extend the time for filing my response to the 193rd Omnibus Claim Objection by not less than thirty (30) to forty-five (45) days.

Dated: November 19, 2025

Respectfully submitted,

/s/ Rikesh Rajput

Claimant, Pro Se

Proof of Claim No. 95553