IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>Re. D.I. 33961, 33900, 33904, 33905, 33906 & 33907<br><br>Hearing Date:  December 18, 2025 at 9:30 a.m. ET<br>Objection Date:  December 11, 2025 at 4:00 p.m. ET |

**OBJECTION OF THE FTX RECOVERY TRUST TO THE SEALING MOTION OF
THE JOINT LIQUIDATORS OF THREE ARROWS CAPITAL, LTD.**

The FTX Recovery Trust (the "Trust") hereby submits this objection (the "Objection") to the *Sealing Motion of the Joint Liquidators of Three Arrows Capital, Ltd.* [D.I. 33961] (the "Sealing Motion") filed by the joint liquidators (the "Joint Liquidators") of Three Arrows Capital, Ltd. ("3AC "). In support of this Objection, the Trust respectfully states as follows:

**OBJECTION**

1. The Trust objects to the Sealing Motion and respectfully requests the Court deny the Sealing Motion.

2. On November 25, 2025, the Joint Liquidators filed under seal *The Joint Liquidators of Three Arrows Capital Ltd.'s Response to the FTX Recovery Trust's Objection to the Amended Proof of Claim* [D.I. 33900] (the "Response"). In support of the Response, the Joint Liquidators concurrently filed the following supporting declarations under seal:  (i) the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

*Declaration of Tiffany Ikeda Austin in Support of the Joint Liquidators of Three Arrows Capital, Ltd.'s Response to the FTX Recovery Trust's Objection to the Amended Proof of Claim* [D.I. 33907] (the "Austin Declaration"), with 75 exhibits attached thereto; (ii) the *Declaration of Gregory E. Scheig in Support of the Joint Liquidators of Three Arrows Capital Ltd.'s Response to the FTX Recovery Trust's Objection to the Amended Proof of Claim* [D.I. 33906] (the "Scheig Declaration"); (iii) the *Declaration of Fotis Konstantinidis in Support of the Joint Liquidators of Three Arrows Capital Ltd.'s Response to the FTX Recovery Trust's Objection to the Amended Proof of Claim* [D.I. 33905] (the "Konstantinidis Declaration"); and (iv) the *First Supplemental Declaration of Matthew W. Lisle in Support of the Amended Proof of Claim Filed by the Joint Liquidators of Three Arrows Capital Ltd. (In Liquidation)* [D.I. 33904] (the "Lisle Supplemental Declaration").

3. On December 1, 2025, counsel for the Trust and the Joint Liquidators met and conferred (the "Sealing Motion Meet and Confer") to discuss the Joint Liquidators' intent to file a motion to seal and the confidentiality of certain documents produced by both parties. *First*, the Trust agreed to de-designate seven documents that were produced and designated "Confidential" by the FTX Debtors and/or the Trust so that they could be included in the public record. These documents are not at issue in the Sealing Motion. *Second*, the Trust objected to the Joint Liquidators' request to seal a separate set of seven documents—including the declarations and exhibits mentioned above—because the Joint Liquidators had not articulated any basis under applicable rules for designating those materials as "Confidential."

4. Later that night, after the Sealing Motion Meet and Confer, the Joint Liquidators filed the Sealing Motion, which seeks to redact or seal various documents (the "Proposed Redacted and Sealed Documents") as follows:

5. *Redact Certain Portions of the Response*. (*See* Sealing Motion ¶ 4.) The Joint Liquidators seek to redact certain portions of the Response discussing 3AC's assets, borrowing activities, exposures, and solvency status prior to its liquidation in June 2022. This information includes citations to certain exhibits of the Austin Declaration sought to be sealed by the Joint Liquidators, as described below.

6. *Seal Exhibits 18–20 and 54 of the Austin Declaration*. (*See* Sealing Motion ¶ 4.) Exhibits 18 and 20 consist of Canaccord Genuity Corp. bank statements reflecting 3AC's trading activity in early to mid-2022. Exhibit 19 is a "Securities Account Control Agreement" by and among 3AC, Blockfi Lending, LLC, and Canaccord Genuity Corp. Exhibit 54 is a July 6, 2020 email between certain employees at 3AC and the Ascent Group.

7. *Seal Exhibit 1 of the Scheig Declaration*. (*See* Sealing Motion ¶ 4.) This Exhibit consists of the entire *Expert Report of Gregory E. Scheig, CFA, CPA/ABV/CFF* (the "Scheig Report"), which was originally filed on October 21, 2025. The Scheig Report is an expert report on the solvency of 3AC as of June 12, 2022, which contains various calculations of historical trading and financial data.

8. *Seal Exhibit 1 of the Konstantinidis Declaration*. (*See* Sealing Motion ¶ 4.) This Exhibit consists of the entire *Expert Report of Fotis Konstantinidis* (the "Konstantinidis Report"), which was originally filed on October 21, 2025. The Konstantinidis Report purports to examine whether 3AC's trading activity on June 13–14, 2022 was within the ordinary course of business and contains analyses of historical trading data.

9. *Seal the Entire Lisle Supplemental Declaration*. (*See* Sealing Motion ¶ 4.) This declaration cites to various FTX documents and concerns several topics, including the declarant's views on: (1) whether 3AC's trading activity in June 12–14, 2022 was within the

ordinary course of business; (2) whether FTX would have incurred financial exposure in the event of defaults by borrowers under the Margin Program and whether FTX benefitted from 3AC's trading activity in June 12–14, 2022; (3) whether FTX customers would have expected to have interests in the digital assets or fiat currency associated with their customer accounts on the FTX exchange; and (4) whether a reasonable lender would have called the loans made to 3AC upon learning of 3AC's true financial condition.

10. The Joint Liquidators have chosen to put these facts and opinions at issue in contested litigation, and cannot shield them from the public record unless permitted to do so under 11 U.S.C. § 107(b). As the basis for its requested relief, the Joint Liquidators allege only that the Proposed Redacted and Sealed Documents are "trade secret[s] or confidential research, development, or commercial information" (collectively, the "Protected Categories") under 11 U.S.C. § 107(b)(1). (*See* Sealing Motion ¶¶ 5–6, 8.) However, the Joint Liquidators make no arguments and provide no evidence showing which Proposed Redacted and Sealed Documents fall under which Protected Categories or the harms 3AC may suffer from their disclosure.

11. Separately, the Joint Liquidators also argue that "several of the Proposed Redacted and Sealed Documents analyze or discuss materials that, pursuant to agreements with third parties, the Joint Liquidators are required to keep confidential." (Sealing Motion ¶ 8.) Yet the Sealing Motion fails to identify which agreements or documents purportedly belong to this category and the level of confidentiality to which they are subject. To the extent this duty of confidentiality concerns documents designated as "Confidential" by the Trust, that issue has been resolved by the Trust's de-designation during the Sealing Motion Meet and Confer, as discussed above.

12. Section 107, like the common law right of access that it codifies, "triggers a presumption that records filed in judicial proceedings are subject to public review and inspection." *In re ESML Holdings Inc.*, 135 F.4th 80, 95 (3d Cir. 2025). It imposes "a heavy . . . burden for a party to keep docketed records from the public eye." *Id.* at 88. That is because "Section 107(b) is not intended to save the debtor or creditors from embarrassment*.*" *In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007).

13. Section 107(b) exempts certain information from this established presumption of public access to judicial records, including "a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). A "trade secret" is a "formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors." *In re ESML Holdings*, 135 F.4th at 97 (citation omitted). "Commercial information" is "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)). As the Third Circuit recently held, these categories of information indicate that Section 107(b) is concerned with "disclosure [that] would cause competitive injury." *In re ESML Holdings*, 135 F.4th at 97.

14. In seeking to seal judicial records under Section 107(b), the Joint Liquidators bear the burden of proving that the information is confidential and must demonstrate that the risk of competitive injury is "actual and objective, not speculative or subjective." *Id*. Only upon finding that the information at issue falls within these categories shall the court grant a motion to seal. *In re Orion Pictures*, 21 F.3d at 27.

15. The Joint Liquidators make no effort to show that the Proposed Redacted and Sealed Documents are protected by Section 107(b) and categorically fail to meet the "heavy . . . burden for a party to keep docketed records from the public eye." *In re ESML Holdings*, 135 F.4th at 88.

16. *First*, as a threshold matter, the Joint Liquidators cite generally to Section 107(b)(1) but fail to identify under which Protected Category each of the Proposed Redacted and Sealed Documents is purported to fall. (*See* Sealing Motion ¶¶ 5–8.) They likewise show no evidence or make any argument as to why each of these documents would fall under the Protected Categories or the "actual and objective" risk of injury that the Joint Liquidators may face if the documents were disclosed. *See In re ESML Holdings*, 135 F.4th at 97.

17. *Second*, the Lisle Supplemental Declaration addresses underlying facts provided by the Trust, none of which the Trust seeks to maintain confidential. There is no basis to seal a witness declaration purporting to analyze those facts. Furthermore, much of the remaining information identified in the Proposed Redacted and Sealed Documents—3AC's financial statements, trading data, and other business records—reflects years-old information from 2020 to 2022. While years-old information may still warrant protection if it relates to active business practices or strategies that could be exploited by competitors, the documents at issues lack any connection to either ongoing commercial activities or present competitive risks. *See In re Mata*, 2019 WL 10377718, at *3 (Bankr. C.D. Cal. Dec. 20, 2019) (finding years-old contracts not exempt from public disclosure because of the movant's "conclusory allegations"); *see also id*. (citing *Koch v. Greenberg*, 2012 WL 1449186, at *4 (S.D.N.Y. 2012) ("[W]here commercially sensitive information is stale, this can undermine the party's (or non-party's) claim that disclosure will create a competitive disadvantage.")). The Joint Liquidators do not explain how disclosure of

the Proposed Redacted and Sealed Documents would result in an "actual and objective" risk of competitive injury. *In re ESML Holdings*, 135 F.4th at 97. While Section 107(b) seeks to guard against disclosure that "would detrimentally affect the producing party's competitive standing," *id*., the disclosure of the Proposed Redacted and Sealed Documents would not affect 3AC's competitive standing because 3AC has no ongoing business operations, trading strategies, or competitive presence. The Joint Liquidators' mere citations to Section 107(b) fall short of their substantial burden of proof to redact or seal the documents at issue.

18. *Finally*, the Joint Liquidators' passing reliance on their purported confidentiality duty to third parties does not pass muster. The Joint Liquidators fail to describe what duty of confidentiality they are subject to and whether there are any exceptions to such duty. (*See* Sealing Motion ¶ 8.) More fundamentally, the Joint Liquidators fail to explain why references to these documents cannot simply be redacted, if necessary, as opposed to the requested sealing of the entirety of the Proposed Redacted and Sealed Documents.

19. For the foregoing reasons, the Trust respectfully submits that the Court deny the Sealing Motion.

|  |  |
|---|---|
| Dated: December 11, 2025<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>         mcguire@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Benjamin S. Beller (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>         bromleyj@sullcrom.com<br>         gluecksteinb@sullcrom.com<br>         bellerb@sullcrom.com<br><br>*Counsel for the FTX Recovery Trust* |