**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>Hearing Date: December 18, 2025 at 9:30 a.m. (ET)<br>Objection Deadline: December 4, 2025 at 4:00 p.m. (ET)<br><br>Related Pleadings: 33910, 34092 |

**REPLY IN SUPPORT OF MOTION OF FOLKVANG LTD. TO COMPEL ARBITRATION WITH RESPECT TO MASTER LOAN AGREEMENT**

Folkvang Ltd. ("Folkvang"), by and through undersigned counsel, hereby submits this reply in support of Folkvang's *Motion to Compel Arbitration with Respect to Master Loan Agreement* [Doc. No. 33910] (the "Motion").[2] In support of this Reply, Folkvang states as follows:

1. On December 10, 2025, the Trust filed its opposition to the Motion (the "Opposition"). In the Opposition, the Trust does not contest that any dispute "arising out of or in connection with" the MLA must be arbitrated in Singapore. It does not contest that it assumed the MLA and became bound to the Arbitration Agreement. Nor does it contest that the Bankruptcy Court does not have subject matter jurisdiction over the MLA Dispute.

2. Instead, the majority of the Opposition consists of false, misrepresentative, and unsubstantiated allegations regarding Folkvang that are irrelevant to the Motion. In fact, the Trust

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used herein but not defined shall have the meaning ascribed in either the Motion or the MLA, as applicable.

1

does not seem to be particularly clear on what issues it is raising, as the Opposition contends the Court has jurisdiction over the Motion (*See* Opposition at ¶ 18) and then spends two pages arguing that the Court does not have jurisdiction. (*See* Opposition at ¶¶ 19 – 24).

### I.   A Dispute Exists over the MLA

3.   The Trust's primary allegation is that there is no dispute under the MLA. (*See*, e.g., Opposition at ¶ 3) (referring to the "imagined 'MLA Dispute'"), ¶ 19 ("Folkvang invents its own 'MLA Dispute'…" and "no such dispute currently exists"). The Motion, however, says plainly that Folkvang has advised the Trust that trading losses have resulted in depletion of the Commitment Amount under the MLA and that, as a result, the Trust is not entitled to repayment of that amount. (*See* Motion at ¶ 14, Kansa Decl. at ¶ 4.) The Trust does not agree, and asserts that it is entitled to repayment of the full Commitment Amount. (*See* Motion at ¶ 14, Kansa Decl. at ¶ 5.) The parties' disagreement as to how much, if any, of the Commitment Amount must be repaid *is* the MLA Dispute.

4.   While the declaratory judgment that Folkvang seeks is under Singapore law, the federal Declaratory Judgment Act in the United States, 28 U.S.C. § 2201, provides insight to demonstrate that an actual controversy exists. "[J]urisdiction over a declaratory judgment requires that 'the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests and that it be real and substantial and admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*, 541 F.Supp.2d 645, 649 (D. Del. 2008) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Explicitly threatening a lawsuit is not required (though the Trust has raised such a threat here). In *Samsung*, an actual controversy existed establishing Article III jurisdiction, because

the parties disputed whether or not Samsung infringed patents and Samsung disagreed with the infringement accusations. 541 F.Supp. 2d at 649.

5. Courts repeatedly find that a concrete dispute exists where the parties disagree whether a contract has been breached. *See, e.g., Kiekert de Mexico S.A. de CV v. Brose Jefferson, Inc.*, 787 F.Supp. 3d 818, 826 (E.D. Mich. 2025) (finding standing to seek a declaration on a contract); *Southwestern Bell Telephone Co. v. Fitch*, 643 F.Supp. 2d 902, 907 (S.D. Tex. 2009) (finding a substantial controversy over whether Affordable Telecoms is a telecommunications provider affecting its rights and obligations provided in the parties' contract); *In re Adobe Systems, Inc. Privacy Litigation*, 66 F.Supp. 3d 1197, 1221 (N.D. Cal. 2014) (finding standing exists to pursue declaratory relief on contractual obligations); *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 261 F.Supp. 2d 293, 295 (S.D.N.Y. 2003) (finding actual controversy exists on declaration that business was entitled to ongoing damages for business interruption arising out of an insurance contract).

6. The Trust reaches its conclusion that there is no dispute under the MLA by ignoring the facts and law. In reality, the MLA Dispute is neither abstract nor hypothetical. If the Trust agrees with Folkvang's position that nothing is owed under the MLA, then Folkvang will consider the issue resolved. Absent such agreement, it is apparent that the parties have a concrete dispute as to whether any amounts are owed by Folkvang under the MLA. The MLA directs that such a dispute should be arbitrated in Singapore.

7. First, the Trust contends that the MLA Dispute must not exist because Folkvang "must not be permitted to limit how the Trust may ultimately formulate any cause of action or claim objection with respect to the MLA." (Opposition at ¶ 21.) The MLA itself provides how causes of action or claims respecting the MLA are to be addressed, however, by providing for

3

arbitration. The Trust is bound by that provision. It cannot evade compliance with that provision by arguing that it cannot be limited in where it wants to assert any claims it may have, which is no different than saying it wants to ignore the arbitration clause altogether.

8. Second, the Trust alleges that the Motion would "upend the orderly claims resolution process" (Opposition at ¶ 3), but never explains how or why. The Trust adds that the "MLA Agreement could (and likely will) implicate issues under the Bankruptcy Code," (Opposition at ¶ 22), but again fails to explain how or why. The question of whether, and in what amount, money may be owed by Folkvang to the Trust under the MLA is an actual, concrete dispute that the MLA provides must be arbitrated. The Trust cannot evade its contractual obligations by offering this Court a parade of potential future events that boil down to its preference to proceed in a forum other than its contract provides.

9. Third, the Trust also argues that the MLA is somehow linked to a claim objection or objections that it may file in the future, and those hypothetical future objections may be affected by arbitration of the MLA Dispute. (Opposition at ¶¶ 25-26.) The Trust does not, however, show – let alone demonstrate – how this will occur. The Trust instead asks the Court to take it on faith that the MLA – a pre-bankruptcy agreement the Trust assumed at emergence from bankruptcy – gives rise to issues under the Bankruptcy Code. The Opposition provides no basis on which to conclude this is true. The MLA Dispute is an issue over whether monies are owed under the MLA by Folkvang to the Trust. If those monies are owed, then they will go to the Trust, but the mere fact that money *may* go to a post-emergence Debtor cannot defeat a valid arbitration provision applicable to disputes over such amounts.

10. Folkvang has an understandable interest in resolving the MLA Dispute to clarify its balance sheet and the value of its overall business. The Trust, in contrast, views the MLA Dispute

solely in terms of how it may affect the Trust's litigation posture and discovery efforts vis-à-vis Folkvang. The Trust provides no compelling argument as to why its litigation self-interest must predominate over the plain language of the MLA, particularly given the absence of any demonstrated overlap between the MLA Dispute and the Trust's hypothetical and speculative future actions.

**II.      This is Not a Discovery Motion**

11.     The Trust spends much of the Opposition insinuating that Folkvang is using the Motion as a broad attempt to shield itself from discovery. (*See, e.g.,* Opposition, at ¶¶ 2, 4, 14.) The Motion does not do this. The Motion seeks an order requesting that discovery "relating to the MLA Dispute be addressed in arbitration in Singapore rather than in this Court given the Court's lack of subject matter jurisdiction" over the MLA Dispute. (Motion at ¶ 21.) The reason for that relief is self-evident: the parties should not be pursuing and addressing discovery in one forum relating to a dispute being addressed in another.[3] *See, e.g., In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd.*, 258 B.R. 580 (Bankr. S.D.N.Y. 2001) (representatives of debtor in foreign proceeding not entitled to production of documents and witnesses pursuant to Bankruptcy Rule 2004 when disclosure was sought in connection with separate arbitration proceeding); *see also 2435 Plainfield Ave. v. Township of Scotch Plains (In re 2435 Plainfield Ave.)*, 223 B.R. 440 (Bankr. D.N.J. 1998) (examination into issue that is subject to pending proceeding cannot be conducted pursuant to Bankruptcy Rule 2004).

---

[3] The Trust has given Folkvang reason to be concerned about excessive and/or abusive discovery. The Trust's initial discovery requests to Folkvang were served with a purported three-day response deadline *after* Folkvang's earlier motion had been withdrawn. (*See* Opposition at ¶ 15.) That deadline served no legitimate purpose, did not comply with the rules governing discovery, and was specifically intended by the Trust to impose unreasonable burdens on Folkvang. Moreover, the Trust has in its Opposition cited with approval the notion of using the discovery process in this matter as a "fishing expedition." (*See* Opposition at ¶ 28) (*citing In re Wash. Mut., Inc.*, 408 B.R. 45, 49-50 (Bankr. D. Del. 2009)). These facts and more provide Folkvang with a legitimate need to guard against the Trust's discovery abuses.

5

12. To the extent the Trust seeks discovery on matters unrelated to the MLA Dispute, the Motion does not (and plausibly could not) affect that. The Trust may seek discovery within the bounds of the applicable discovery rules, and Folkvang will be free to object to that discovery within those same rules.

13. The Trust also attempts to argue that the MLA Dispute is a core matter because "the Trust's discovery of Folkvang pursuant to Rule 2004 is manifestly a 'core' Bankruptcy matter." (*See* Opposition at ¶ 27.) It is unclear what the Trust means by this or why it is relevant to the Motion. To the extent the Trust is attempting to argue, however, that it can transform any matter into a core matter, and thereby manufacture subject matter jurisdiction over such matter in the Bankruptcy Court, by taking discovery thereon, Folkvang is unaware of any support in case law (or in logic) for such a breathtaking proposition.

14. The Trust also selectively omits relevant facts relating to the parties' discovery efforts to date. Folkvang has produced over 4,000 pages of discovery to the Trust to date. Moreover, as noted by the Trust in the Opposition (¶ 15), Folkvang has agreed to provide further documentation. Folkvang intends to continue to work with the Trust on other discovery requests. These facts demonstrate that Folkvang has substantively responded to and engaged with the Trust's legitimate discovery requests and, subject to raising appropriate objections, will continue to do so.

15. It is clear that the Opposition does not contest that any dispute "arising out of or in connection with" the MLA must be arbitrated in Singapore. It does not contest that it assumed the MLA and became bound to the Arbitration Agreement. Nor does it appear to contest that the Bankruptcy Court does not have subject matter jurisdiction over the MLA Dispute. As laid out above, the MLA Dispute is not an abstract disagreement as argued by the Trust and the Motion

was not brought to thwart the Trust's discovery. Therefore, Folkvang is entitled to the relief requested in the Motion.

### III. This Court Lacks Subject Matter Jurisdiction Over the MLA Dispute

16. The MLA Dispute is a commercial contract dispute that depends on no provision of U.S. bankruptcy law (or any other U.S. law) for its resolution. Furthermore, the MLA Dispute has no bearing on any aspect of the bankruptcy process let alone an integral aspect. *See In re Resorts Int'l, Inc.*, 372 F.3d 154, 163 (3d Cir. 2004); *see also In re Seven Fields Dev. Corp.*, 505 F.3d 237, 256 (3d Cir. 2007). Even if the Court were to determine that it was able to exercise jurisdiction, it should decline to do so. Courts should "rigorously enforce agreements to arbitrate" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The Trust, as the party opposing arbitration, must demonstrate that Congress intended to limit or prohibit the waiver of a judicial forum for a particular claim. *See Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987). The Trust's attempt to argue that the MLA Dispute is a core matter because it may relate to the Trust's potential rights under Rule 2004 is nonsensical and incorrect. The MLA Dispute is clearly not a core matter and therefore the Court should decline to hear the MLA Dispute and grant the Motion.

### CONCLUSION

WHEREFORE, Folkvang respectfully requests that the Court enter an order (a) overruling the Opposition; (b) granting the Motion; (c) compelling the Trust to arbitrate the MLA Dispute in accordance with the terms of the MLA; and (d) providing such other relief as is just and proper.

| | |
|---|---|
| Dated: December 15, 2025<br>Wilmington, Delaware | **BARNES & THORNBURG LLP**<br><br>*/s/  Amy E. Tryon*<br>Mark R. Owens (DE No. 4364)<br>Amy E. Tryon (DE No. 6945)<br>222 Delaware Avenue, Suite 1200<br>Wilmington, DE  19801<br>Tel: (302) 300-3434<br>Email:  Mark.Owens@btlaw.com<br>Email:  Amy.Tryon@btlaw.com<br><br>Kenneth P. Kansa (*pro hac vice*)<br>Paige Lohse (*pro hac vice*)<br>One N. Wacker Drive, Suite 4400<br>Chicago, IL 60606-2833<br>Telephone: (312) 214-4583<br>Email: KKansa@btlaw.com<br><br>Leah Anne O'Farrell (*pro hac vice*)<br>One Marina Park Drive, Suite 1530<br>Boston, MA 02210<br>Telephone: (781) 888-1516<br>Email:  LOFarrell@btlaw.com<br><br>*Counsel for Folkvang Ltd.* |