**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>Hearing Date:  January 20, 2026 at 9:30 a.m. (ET)<br>Obj. Deadline:  January 13, 2026 at 4:00 p.m. (ET)<br><br>Ref. Nos. 34240, 34241, 34242, 34243, & 34244 |

**MOTION FOR AN ORDER EXTENDING THE DEADLINE TO FILE (I) THE MOTION TO SEAL, (II) THE PROPOSED REDACTED VERSION OF THE REPLY IN FURTHER SUPPORT OF THE OBJECTION OF THE FTX RECOVERY TRUST TO THE AMENDED PROOF OF CLAIM FILED BY THE JOINT LIQUIDATORS OF THREE ARROWS CAPITAL LTD., AND (III) THE PROPOSED REDACTED VERSIONS OF THE DECLARATIONS THERETO**

The FTX Recovery Trust (the "Trust") hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), extending the deadline to file (i) the motion to seal (the "Motion to Seal"), (ii) the proposed redacted versions of the *Reply in Further Support of the Objection of The FTX Recovery Trust to the Amended Proof of Claim Filed by the Joint Liquidators of Three Arrows Capital Ltd.,* [D.I. 34240] (the "Reply"), and (iii) the proposed redacted versions of the *Rebuttal Declaration of Stephen Nicholas Atherton K.C.* [D.I. 34241] (the "Atherton Rebuttal Declaration"), the *Rebuttal Declaration of the Rt. Hon. Lord Neuberger of Abbotsbury* [D.I. 34242] (the "Neuberger Rebuttal Declaration"), the *Rebuttal Declaration of Stephen Houseman K.C.* [D.I. 34243] (the "Houseman Declaration"), and the *Reply Declaration of*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of post-effective date debtor entities in these chapter 11 cases, a complete list of the post-effective date debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Recovery Trust's claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.003-W0084672.}

*Benjamin S. Beller* and the exhibits thereto [D.I. 34244] (the "Beller Reply Declaration", and collectively, the "Reply Materials"). In support of this Motion, the Trust respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trust consents to the entry of a final judgment or order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief sought herein are Local Rules 9018-1(d)(i) and 1001-1(c) and section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

## BACKGROUND

4. On December 29, 2025, the Trust filed the Reply Materials under seal. The Trust filed the Reply Materials under seal because they included or referenced materials that the Joint Liquidators designated as "Confidential" or "Highly Confidential" pursuant to the *Order Approving Confidentiality Agreement and Stipulated Protective Order* [D.I. 832] (the "Protective Order"). The Trust did not and does not seek to redact or seal any documents or information that were produced by the Trust.

{1368.003-W0084672.}                                       2

5. On December 31, 2025, pursuant to Local Rule 9018-1(d) and Section 8 of the Protective Order, counsel to the Trust and the Joint Liquidators[2] met and conferred to discuss certain portions of the Reply Materials that the Joint Liquidators proposed should remain sealed or redacted in the publicly filed versions. Because the Trust does not seek to seal or redact any portion of the Reply Materials, the Trust requested that the Joint Liquidators provide proposed redactions to these materials.

6. The Joint Liquidators identified certain proposed redactions and sealing on January 2, 2025. Counsel for the Trust and the Joint Liquidators conferred throughout the day and continue to engage in discussions to resolve outstanding issues. Counsel for the Joint Liquidators has agreed to the relief the Trust seeks in this Motion.

## RELIEF REQUESTED

7. The Trust respectfully requests entry of the Proposed Order extending the deadline for the Trust to file the Motion to Seal and proposed redacted versions of the Reply Materials by one business day to January 5, 2026.

## BASIS FOR RELIEF REQUESTED

8. Local Rule 9018-1(d)(i) provides that "*[e]xcept as otherwise ordered by the Court*, any entity seeking to file a document (a '<u>Proposed Sealed Document</u>') under seal must file a motion requesting such relief (a '<u>Sealing Motion</u>') no later than three (3) business days after the filing of the Proposed Sealed Document." Del. Bankr. L.R. 9018-1(d)(i) (emphasis added). A Sealing Motion "shall be accompanied by a separately filed proposed redacted version of the Proposed Sealed Document in a form suitable to appear on the Court's public docket." Del. Bankr.

---

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Objection filed by the FTX Recovery Trust on June 20, 2025 [D.I. 30932].

L.R. 9018-1(d)(ii).

9.  Pursuant to Local Rule 9018-1(d)(i) and (ii), the deadline to file the Motion to Seal and the proposed redacted versions of the Reply Materials is January 2, 2026.  However, Local Rule 9018-1(d)(i) expressly provides the Court with authority to extend that deadline.  Further, Local Rule 1001-1(c) provides that "the application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice." Del. Bankr. L.R. 9018-1(d)(ii).  Likewise, Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10.  The Trust submits that extending the deadline to file the Motion to Seal and the proposed redacted versions of the Reply Materials is warranted.  Since the filing of the sealed versions of the Reply Materials, counsel for the Trust has been working with counsel for the Joint Liquidators in good faith to narrow the scope of the proposed redacted or sealed information.  This Motion reflects that additional time is necessary to resolve outstanding issues and reach an agreement regarding whether the Joint Liquidators' proposed redactions and/or sealing of certain portions of the Reply Materials are consistent with the applicable rules.  For these reasons, granting the request to extend the filing deadline by one business day to January 5, 2026 is warranted under the circumstances.

**NOTICE**

11.  Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) to the extent not listed herein, those parties requesting notice pursuant to rule 2002 of the Federal Rules of

Bankruptcy Procedure; and (g) counsel to the Joint Liquidators.  The Trust submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## **CONCLUSION**

12. For the foregoing reasons, the Trust respectfully requests that the Court grant the Motion and enter the Proposed Order granting the relief requested herein and any such other and further relief as the Court deems just and proper.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated:  January 2, 2026<br>          Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew B. McGuire*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone:  (302) 467-4400<br>Facsimile:  (302) 467-4450<br>E-mail:  landis@lrclaw.com<br>           mcguire@lrclaw.com<br>           brown@lrclaw.com<br>           pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br><br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Benjamin S. Beller (admitted *pro hac vice*)<br>125 Broad Street<br>New York, New York 10004<br>Telephone:  (212) 558-4000<br>Facsimile:  (212) 558-3588<br>E-mail:  dietdericha@sullcrom.com<br>           bromleyj@sullcrom.com<br>           gluecksteinb@sullcrom.com<br>           bellerb@sullcrom.com<br><br>*Counsel for the FTX Recovery Trust* |