# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>Re. D.I. 34240, 34244<br><br>Objection Date: January 13, 2026 at 4:00 p.m. ET<br>Hearing Date: January 20, 2026 at 9:30 a.m. ET |

## SEALING MOTION OF THE FTX RECOVERY TRUST

The FTX Recovery Trust (the "Trust") hereby submits this motion (the "Sealing Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to § 107 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Trust to (i) redact certain portions of the *Reply in Further Support of the Objection of the FTX Recovery Trust to the Amended Proof of Claim Filed by the Joint Liquidators of Three Arrows Capital Ltd.* [D.I. 34240] (the "Reply") and (ii) redact or file completely under seal certain exhibits to the *Declaration of Benjamin S. Beller in Support of the Reply in Further Support of the Objection of the FTX Recovery Trust to the Amended Proof of Claim Filed by the Joint Liquidators of Three Arrows Capital Ltd.* [D.I. 34244] (the "Beller Reply Declaration"). In support of the Sealing Motion, the Trust respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

**Background**

1. On December 29, 2025, the Trust filed under seal the Reply and the Beller Reply Declaration (and the 67 exhibits attached thereto) (together, the "Reply Materials"). The Trust filed the Reply Materials under seal because they included or referenced materials that the Joint Liquidators[2] designated as "Confidential" or "Highly Confidential" pursuant to the *Order Approving Confidentiality Agreement and Stipulated Protective Order* [D.I. 832] (the "Protective Order"). The Trust did not and does not seek to seal any documents or information that were produced by the Trust.

2. On December 31, 2025, pursuant to Local Rule 9018-1(d) and Section 8 of the Protective Order, counsel for the Trust and the Joint Liquidators met and conferred to discuss the portions of the Reply Materials that the Joint Liquidators proposed should remain sealed or redacted in the publicly filed versions. Because the Trust does not seek to seal or redact any portion of the Reply Materials, the Trust requested that the Joint Liquidators provide proposed redactions to these materials.

3. The Joint Liquidators identified certain proposed redactions and sealing on January 2, 2026. Counsel for the Trust and the Joint Liquidators conferred throughout the day and continued to engage in discussions to resolve outstanding issues.

4. On January 2, 2026, the Trust filed the *Motion for an Order Extending the Deadline to File (I) the Motion to Seal, (II) the Proposed Redacted Version of the Reply in Further Support of the Objection of the FTX Recovery Trust to the Amended Proof of Claim Filed by the Joint Liquidators of Three Arrows Capital Ltd., and (III) the Proposed Redacted Versions of the*

---

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Objection filed by the FTX Recovery Trust on June 20, 2025 [D.I. 30932].

*Declarations hereto* [D.I. 34253] (the "Extension Motion"). The Extension Motion seeks to extend the filing deadline by one business day to January 5, 2026. (Extension Motion ¶ 7.) This request reflects that additional time was needed to resolve outstanding issues and reach an agreement regarding whether the Joint Liquidators' proposed redactions and/or sealing of certain portions of the Reply Materials are consistent with the applicable rules. (*Id.* ¶ 10.) Counsel for the Joint Liquidators agreed to the relief the Trust seeks in the Extension Motion. (*Id.* ¶ 6.)

5. Since the filing of the Extension Motion, the Trust and the Joint Liquidators continued to engage in good-faith discussions and agreed on a limited set of proposed redactions to the Reply Materials. The Trust therefore files this Sealing Motion regarding certain portions of the Reply Materials that the Joint Liquidators identified as subject to sealing or redaction. The Trust takes no position on the confidential treatment proposed by the Joint Liquidators.

## Jurisdiction and Venue

6. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1. Pursuant to Local Rule 9013-1(f), the Trust consents to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

7.   The Trust submits this Sealing Motion only because it is the party that filed the Reply Materials.  By this Sealing Motion, the Trust requests entry of the Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Trust to (1) make redactions to paragraphs 68 and 204 and note 46 of the Reply, (2) redact certain portions of Exhibits 2, 11, 23, and 50 to the Beller Reply Declaration, and (3) file completely under seal Exhibits 18, 19, and 52 to the Beller Reply Declaration (collectively, the "Confidential Reply Materials").

### Basis for Relief

8.   Section 107(b) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."  11 U.S.C. § 107(b)(1).

9.   Section 107(c) of the Bankruptcy Code authorizes the issuance of orders that protect parties from the potential harm resulting from the disclosure of confidential information.  Specifically, section 107(c) states that "[t]he bankruptcy court, for cause, may protect an individual, with respect to . . . information to the extent the court finds that disclosure of such information would create undue risk of . . . unlawful injury to the individual or the individual's property."  Similarly, Bankruptcy Rule 9018 and Local Rule 9018-1 authorize the filing under seal of documents containing confidential information.

10.   The Court has authority under Bankruptcy Rule 9018 to "issue any order that justice requires to . . . protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018.

11.   Local Rule 9018-1(d) further provides that "any filer seeking to file a document . . . under seal must file a motion requesting such relief," including where, as here, the

filed document "is known by the filer to contain another entity's confidential information." Del. Bankr. L.R. 9018-1(d)(i), (ii).

12. The Joint Liquidators requested that the Confidential Reply Materials be redacted or sealed. The Confidential Reply Materials either were produced by the Joint Liquidators in discovery and designated "Confidential" or "Highly Confidential" under the Protective Order, or are references to or derivative analyses of such materials. The Joint Liquidators represented to the Trust that the each Confidential Reply Material constitutes "a trade secret or confidential research, development, or commercial information" within the meaning of section 107(b)(1) of the Bankruptcy Code.

13. The Trust takes no position on the proposed confidentiality treatment of the Confidential Reply Materials.

### Certification Pursuant to Local Rule 9018-1(d)(iv)

14. The undersigned counsel hereby certifies that counsel to the Trust have conferred in good faith with the Joint Liquidators' counsel regarding the information that the Joint Liquidators seek to protect from public view in the Confidential Reply Materials.

### Notice

15. Notice of this Sealing Motion has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002; and (g) counsel to the Joint Liquidators. The Trust submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## **Conclusion**

16. For the foregoing reasons, the Trust respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Trust to (i) redact certain portions of the Reply, (ii) redact certain portions of Exhibits 2, 11, 23, and 50 to the Beller Reply Declaration, and (iii) file completely under seal Exhibits 18, 19, and 52 to the Beller Reply Declaration.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: January 5, 2026<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew B. McGuire*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>         mcguire@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Benjamin S. Beller (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>         bromleyj@sullcrom.com<br>         gluecksteinb@sullcrom.com<br>         bellerb@sullcrom.com<br><br>*Counsel for the FTX Recovery Trust* |