# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., *et al.*, | ) | Case No. 22-11068 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to D.I. 31846 & 32780** |
| _____ | ) | |
| | ) | |
| FTX RECOVERY TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 24-50214 (KBO) |
| | ) | |
| MANIFOLD MARKETS, INC., | ) | |
| MANIFOLD FOR CHARITY, INC., | ) | **Related to D.I. 60 & 61** |
| ROSS RHEINGANS-YOO, and FTX | ) | |
| PHILANTRHROPY, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### ORDER (I) DENYING FTX RECOVERY TRUST'S MOTION FOR RECONSIDERATION OR TO MODIFY ORDER ALLOWING FDU CLAIM AND (II) GRANTING ROSS RHEINGANS-YOO'S MOTION TO DISMISS AND MOTION FOR SANCTIONS UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011, 28 U.S.C. § 1927, AND 11 U.S.C. § 105

For the reasons set forth on the record at the January 20, 2026 hearing held in the above-captioned proceedings, **IT IS HEREBY ORDERED THAT:**

1. The *FTX Recovery Trust's Motion for Reconsideration or to Modify Order Allowing FDU Claim* [D.I. 31846] (the "Reconsideration Motion") is **DENIED**.

2. *Ross Rheingans-Yoo's Motion to Dismiss* [Adv. D.I. 61] is **GRANTED**. Counts One through Six of the *First Amended Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 105, 544, 548, and 550 and Del. Code Ann. Tit. 6, § 1304 and 1305, and*

*for Disallowance or Subordination of Claim Pursuant to 11 U.S.C. §§ 502 and 510* [Adv. D.I. 38] (the "First Amended Complaint") are hereby dismissed with prejudice as to Ross Rheingans-Yoo ("Ross").

3.      *Ross Rheingans-Yoo's Motion for Sanctions Under Federal Rule of Bankruptcy Procedure 9011, 28 U.S.C. § 1927, and 11 U.S.C. § 105* [D.I. 32780, Adv. D.I. 60] is **GRANTED**. Within 14 days hereof, counsel for Ross shall file, on notice to counsel for the FTX Recovery Trust (the "Trust"), a declaration attesting to the fees and expenses that were reasonably incurred in connection with seeking dismissal of the First Amended Complaint and opposing the Trust's Reconsideration Motion.  Objections, if any to the reasonableness of Ross's fees and expenses shall be filed and served by email upon counsel for Ross within 14 days of the filing of Ross's counsel's declaration.  The Court will review the submissions and enter a subsequent order directing the Trust and its counsel to pay Ross's fees and expenses in an amount the Court determines to be reasonable.

4.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: January 21st, 2026
Wilmington, Delaware

KAREN B. OWENS
CHIEF JUDGE

2