Honorable Judge John Dorsey
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor, Courtroom No. 5
Wilmington, Delaware 19801

CC:

Sullivan & Cromwell LLP
Attention: James Bromley or Andrew Dietderich
125 Broad Street
New York, New York 10004-2498

Kroll Restructuring Administration LLC
Attention: FTX Trading Ltd. Claims Administration Team
FTX Trading Ltd.
c/o Kroll Restructuring Administration LLC
FDR Station, P.O. Box 5293
New York, New York 10150-5293

Honorable Judge Dorsey,

I respectfully write regarding my FTX claim in the amount of $2,000.

Over the past two years, I have sent multiple letters and inquiries seeking confirmation or a status update on this claim.

I have contacted Kroll Restructuring Administration on four separate occasions by both mail and email and have not received any response.

I would be grateful for any assistance or guidance regarding the status of this claim or the appropriate next steps.

Relevant documentation is attached for reference.

Thank you for your time and consideration.

Respectfully,

Mike Wilen
3033 Excelsior Blvd, Suite 100
Minneapolis, Minnesota 55416

10.23.25

FTX,

I am writing to request an update regarding our refund. We have submitted prior requests but have not yet received confirmation of when this will be processed.

Several people we know have already received their refunds, and we would like clarification on the status of ours. Please advise on the timeline and whether any additional information is required from us to complete the process.

Thank you for your prompt attention.

Best regards,

Mike Wilen

Mike Wilen
3033 Excelsior Blvd #100
Minneapolis MN 55416

Date: 10/23/2025

Christian P. Jensen
Robert H. Mandel
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004

Kimberly A. Brown
Matthew R. Pierce
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, Delaware 19801

FTX Trading Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, P.O. Box 4850
New York, NY 10163-4850

Re: In re: FTX Trading Ltd., et al. – Case No. 22-11068 (KBO)

FTX Recovery Trust's One Hundred Seventy-Third (Non-Substantive) Omnibus Objection to Certain Late Filed Proofs of Claim (Customer Claims) [Docket No. 30313]

Greetings,

How are you?

Hope you are having a nice day.

This correspondence is submitted in connection with the above-captioned matter and specifically the FTX Recovery Trust's Omnibus

Objection filed on April 28, 2025.

We respectfully note that correspondence and documentation concerning our claim was submitted to the FTX Recovery Trust and/or its designated representatives prior to the date identified in the Objection.

Accordingly, our claim should not be characterized as "Late Filed" or subject to disallowance under this omnibus objection.

We request confirmation that our timely communications and submissions are properly reflected in the record, and that our claim will not be expunged on the basis of the "late filed" designation. To the extent necessary, we reserve all rights to supplement this response with additional documentation previously provided.

Please confirm receipt of this letter and advise how you intend to address this matter.

Thank you for your attention to this matter, and most importantly, thank you for your time.

Respectfully,

*[signature]*

Mike Wilen
3033 Excelsior Blvd #100
Minneapolis MN 55416



MENU

# FTX RECOVERY TRUST

## FTX Trading Ltd.
Case No. 22-11068

case info    claims

+ Case Navigation

+ Quick Links

wilen                                              advanced

« ‹ Page 1 of 1 » ›

| 99344 | 01/23/2025 | Wilen, Mike |

« ‹ Page 1 of 1 » ›

# KROLL

Creditor Data Details - Claim # 99344

**Creditor**
Wilen, Mike
Address on file

**Debtor Name**
FTX Trading Ltd.

**Date Filed**
01/23/2025

**Claim Number**
99344

**Schedule Number**
n/a

**Confirmation ID**
n/a

## Claim Amounts

| Claim Nature | Schedule Amount | C*U*D* | Asserted Claim Amount | C*U*F* | Current Claim Value | Claim Status |
|---|---|---|---|---|---|---|
| General Unsecured | | | $2,000.00 | | $2,000.00 | Asserted |
| Priority | | | | | | |
| Secured | | | | | | |
| 503(b)(9) Admin Priority | | | | | | |
| Admin Priority | | | | | | |
| Total | | | $2,000.00 | | $2,000.00 | |

*C=Contingent, U=Unliquidated, D=Disputed, F=Foreign

## Objection History

| Date Filed | Objection Motion | Date Filed | Objection Order | Basis | Status |
|---|---|---|---|---|---|
| 04/28/2025 | (REDACTED) FTX Recovery Trusts One Hundred Seven... | 06/30/2025 | Order Sustaining FTX Recovery Trusts One Hundred... | Late Filed Claims | Continued |

Kroll Restructuring Administration (formerly known as Prime Clerk) maintains this website for the public's convenience and for general informational purposes only. Anyone using this website is cautioned NOT to rely on any information contained on this Website, and any user of this website should not take or refrain from taking any action based upon anything included or not included on this website. We are not a law firm or a substitute for an attorney or law firm. Users of this website may want to seek legal counsel on the particular facts and circumstances at issue. All search results provided through this website are qualified in their entirety by the official register of claims and the Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements") filed in the bankruptcy case/s of the Debtor/s.

Nothing contained on this Site or in the Debtors' Schedules and Statements shall constitute an admission or a waiver of any of the Debtors' rights to

such objection. *See* Fed. R. Bankr. P. 3007(a). Objections may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons. *See* Fed. R. Bankr. P. 3007(d). Pursuant to Local Rule 3007-1(d), an omnibus objection to claims based solely on the grounds that such claims are a late filed claim are considered to be a "non-substantive" objection.

12. Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Section 502(b)(9) of the Bankruptcy Code mandates that "if [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . and shall allow such claim in such amount, except to the extent that . . . proof of such claim is not timely filed," with certain limited exceptions that are not applicable here. 11 U.S.C. § 502(b)(9). Bar dates serve the important purposes of "finality and debtor rehabilitation." *In re PT-1 Communs., Inc.*, 386 B.R. 402, 409 (Bankr. E.D.N.Y. 2007) (quotation and marks omitted); *see Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that: it is a 'drop-dead date' that bars all prepetition claimants who received the required notice."); *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) ("[T]he claims bar date operates as a federally created statute of limitations, after which the claimant loses all of her right to bring an action against the debtor.'").

13.     As set forth in the Esposito Declaration, based upon a review of the Late Filed Claims, the FTX Recovery Trust has determined that each of the Late Filed Claims listed on Schedule 1 to Exhibit A was not timely filed on or before the applicable Customer Bar Date established pursuant to the Customer Bar Date Order. Because the Late Filed Claims were not filed in compliance with their applicable Customer Bar Date, the FTX Recovery Trust requests that, consistent with the express terms of the Customer Bar Date Order, the Court disallow and expunge the Late Filed Claims in their entirety.

14.     The Customer Bar Date Order specifically requires proofs of claim to be actually received on or before the applicable Customer Bar Date. The holders of the Late Filed Claims received notice of the Customer Bar Date Order, the Customer Bar Date, and an express warning that any claimant who failed to timely file a proof of claim would not be eligible to receive a distribution on account of their asserted claim(s). As set forth in the Esposito Declaration, all of the Late Filed Claims listed on Schedule 1 to Exhibit A were received after the Court-ordered applicable Customer Bar Date. Accordingly, to avoid the possibility of improper or excessive recovery against the FTX Recovery Trust, and to ensure the accuracy of the claims register, the FTX Recovery Trust requests that the Court disallow and expunge in their entirety the Late Filed Claims from the claims register.

### Responses to This Objection

15.     To contest the FTX Recovery Trust's determinations of the Late Filed Claims included in this Objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than June 11, 2025 at 4:00 p.m. (ET) (the

-7-

"Response Deadline"). Each Response to this Objection must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon counsel to the FTX Recovery Trust, (a) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Christian P. Jensen (jensenc@sullcrom.com) and Robert H. Mandel (mandelr@sullcrom.com) and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Kimberly A. Brown (brown@lrclaw.com) and Matthew R. Pierce (pierce@lrclaw.com), so as to be actually received by no later than the Response Deadline.

16. Each Response to this Objection must, at a minimum, contain the following information:

   a. a caption setting forth the name of the Court, the name of the Debtors, the lead case number and the title of the Objection to which the Response is directed;

   b. the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

   c. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

   d. all documentation and other evidence, to the extent it was not included with the proof of claim previously filed, upon which the claimant will rely to support the basis for and amounts asserted in the proof of claim and in opposing this Objection; and

   e. the name, address, telephone number, fax number or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the FTX Recovery Trust should communicate with respect to the claim or the Objection and who

SRF: 88883
PackID: 1
ADRID: 27684731

To: Wilen, Mike

In re: FTX Trading, Ltd., et al.
Case No. 22-11068 (JTD)
United States Bankruptcy Court for the District of Delaware

## KROLL RECEIVED YOUR PROOF OF CLAIM

This serves as confirmation that the proof of claim form you submitted in connection with the FTX Trading, Ltd. jointly administered chapter 11 bankruptcy cases has been received by Kroll Restructuring Administration LLC ("**Kroll**") on Thursday, January 23, 2025.

Your claim has been assigned claim number ___99346___.

Please **do not** discard this letter as you may need to refer to it in the future.

**The processing of your claim by Kroll and your receipt of this letter is not an acknowledgement of the validity, nature or amount of your claim.**

MIKE WILEN
3033 EXCELSIOR BLVD #100
MINNEAPOLIS MN 55416

COURT ADMINISTRATOR
US BANKRUPTCY COURT, DELAWAR
FTX SETTLEMENT
HONORABLE JOHN DORSEY
824 N. MARKET ST 5TH FLR
COURTROOM 5
WILMINGTON, DE 19801


