**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| FTX TRADING LTD. *et al.*[1], | ) | Case No. 22-11068 (KBO) |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | Objections due by: February 12, 2026 at 4:00 p.m. |
| | ) | Hearing Date: February 19, 2026 at 9:30 a.m. |
| Debtors. | ) | |
| | ) | |

**MOTION OF LOIZIDES, P.A. AND CHRISTOPHER D. LOIZIDES**
**TO WITHDRAW AS COUNSEL TO CHISATO MUROMOTO**

Loizides, P.A. and Christopher D. Loizides ("Loizides") moves for an order under Del. Bankr. L. R. 9010-2(b) for leave to withdraw as counsel to Chisato Muromoto (the "Motion"), and in support thereof, states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the standing order of reference to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Pursuant to 28 U.S.C. § 1409, venue of this Motion is proper in this Court.

4. Pursuant to Del. Bankr. L.R. 9013-1(f), Movant does consent to the entry of final orders or judgments by the Court with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## FACTUAL BACKGROUND

1. On November 11 and November 14, 2022, the Debtors filed their Chapter 11 petitions with this Court.

2. Mr. Chisato Muromoto ("Mr. Muromoto") retained Loizides to represent him in the FTX bankruptcy case on or about September 3, 2025.

3. On October 9, 2025, Loizides filed the *Motion of Chisato Muromoto to Permit Filing of a Proof of Claim after the Bar Date and/or For Related Relief* (the "Motion to Permit", D.I. 32956).

4. The hearing on the Motion to Permit has been adjourned from time to time and is now scheduled for February 19, 2026 at 9:30 a.m. Debtors have indicated they will not agree to any further adjournments.

5. The last time that Loizides received any communications from Mr. Muromoto was in late December, 2025. Prior to that time, Loizides and Mr. Muromoto had no trouble communicating with each other.

6. Throughout the month of January, Loizides sent Mr. Muromoto numerous emails emphasizing the importance of communicating with him about the upcoming hearing on the Motion. Loizides received no response. Loizides does not know why Mr. Muromoto has not responded.

7. On January 21, 2026, Loizides sent Mr. Muromoto an email stating that unless Loizides received a response from Mr. Muromoto by February 1, 2026, Loizides would have to seek leave to withdraw as his counsel.

8. No response has been received.

**RELIEF REQUESTED AND REASONS THEREFOR**

9. The decision whether to grant an attorney's motion to withdraw from representation rests with the discretion of the Court. <u>Ohntrup v. Firearms Center, Inc.</u>, 802 F.2d 676, 679 (3d Cir. 1986); <u>Bayges v. SEPTA</u>, 887 F. Supp. 108, 110 (E.D. Pa. 1995). Loizides submits that sufficient cause exists to permit Loizides to withdraw from further representation of Muromoto in this case.

10. The Model Rules of Professional Conduct ("MRPC") of the American Bar Association govern attorneys in this Court pursuant to Del. Bankr. L. R. 9010-1(f). Rule 1.16 of the MRPC[2] allows counsel to withdraw "if the representation . . .has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists." MRPC 1.16(b)(6), (7).

11. Mr. Muromoto is not responding to any inquiries about this case rendering further representation unreasonably difficult. Loizides has not received any communications from Mr. Muromoto since late 2025. While Loizides is sympathetic with Mr. Muromoto's circumstances, Loizides cannot continue to represent his client where his client has been unresponsive for over a month.

---

[2] Rule 1.16(b) of the MRPC provides:

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

    (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
    (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
    (3) the client has used the lawyer's services to perpetrate a crime or fraud;
    (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
    (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
    (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
    (7) other good cause for withdrawal exists.

*10 ABA Model Rules of Professional Conduct and Code of Judicial Conduct 1.16.*

12. Under Del. Bankr. L.R. 9010-2, counsel is required to give 14 days' prior notice of a request to withdraw to its client by certified mail.[3] Notice of this Motion has been provided to Muromoto, Debtors' counsel, the Office of the United States Trustee and all parties appearing on the Court's CM/ECF service list. Loizides submits that no further notice is required.

13. MRPC 1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property Client-Lawyer Relationship to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

14. Although Debtors have stated they oppose any adjournments, under these circumstances, Loizides requests that the Court adjourn the hearing to afford Mr. Muromoto with the opportunity to find replacement counsel or prosecute the Motion himself should he desire to do so.

WHEREFORE, Loizides respectfully requests this Court to issue an order substantially in the form attached hereto permitting Loizides to withdraw as counsel for Muromoto in these cases.

DATED: February 3, 2026

*/s/ Christopher D. Loizides*
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Email: loizides@loizides.com

---

[3] Because Mr. Muromoto lives overseas, Loizides is transmitting this Motion to Mr. Muromoto via international Federal Express and via email.