IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | CHAPTER 11 |
|---|---|
| IN RE: | |
| FTX TRADING LTD., et al., | |
| Debtors. | |
| | Case No. 22-11068 (KBO) |
| | (Jointly Administered) |

NOTICE OF MOTION

PLEASE TAKE NOTICE that the undersigned, Richard B. Rattey / TRYK 86 LLC, will present the attached Motion to Compel (I) Clarification of Disputed Claim Status, (II) Reclassification of Claim to Class 7A Dotcom Convenience, and (III) Inclusion of Claim in Next Distribution at the next available hearing date or as otherwise directed by the Court.

Any objections must be filed in accordance with the Local Rules of the United States Bankruptcy Court for the District of Delaware.

Dated: January 21, 2026

Respectfully submitted,

Richard B. Rattey / TRYK 86 LLC
121 Westmoreland Ave, Apt 601
White Plains, NY 10606
929-277-8795
RB.TRYK@gmail.com

1

```
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
```

|                              | CHAPTER 11                    |
|                              |                               |
IN RE:                         |
                               |
FTX TRADING LTD., et al.,      |
                               |
Debtors.                       |
                               | Case No. 22-11068 (KBO        )
                               | (Jointly Administered)

RECEIVED
2026 JAN 28 A 11: 58
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

MOTION TO COMPEL (I) CLARIFICATION OF DISPUTED CLAIM STATUS,
(II) RECLASSIFICATION OF CLAIM TO CLASS 7A DOTCOM CONVENIENCE, AND
(III) INCLUSION OF CLAIM IN NEXT DISTRIBUTION

Claimant: Richard B. Rattey / TRYK 86 LLC
Claim Nos.: 94653 and 98399

INTRODUCTION

Claimant, appearing pro se, respectfully moves this Court for an order compelling the FTX Recovery Trust and Debtors' counsel to:

1. Provide a written explanation of the basis for the continued "disputed" status of Claim Nos. 94653 and 98399;
2. Reclassify the claim to Class 7A Dotcom Convenience, consistent with Claimant's election and the confirmed Plan; and
3. Include the claim in the next scheduled distribution, as Claimant was improperly excluded from the first distribution despite full compliance with all requirements.

Debtors have failed to respond to Claimant's repeated inquiries, despite complete documentation, KYC verification, and a timely-filed objection to the Debtors' One Hundred Sixty-Second Omnibus Objection (Ref. No. 30300). This silence has materially prejudiced Claimant's rights and obstructed the claims reconciliation process.

2

FACTUAL BACKGROUND

1. Claimant filed two distinct, non-duplicative claims
- Claim No. 94653 (FTX Trading Ltd.)
- Claim No. 98399 (Alameda Research Bahamas Ltd.)

These claims represent separate entitlements:
- $12,500 USD cash collateral
- $12,500 USD in SOL, which appreciated to $29,400.33 at the time of FTX/Alameda default.

2. Claimant elected Class 7A Dotcom Convenience
Claimant submitted the Class 7A ballot and elected the up to $50,000 convenience class treatment.

3. Claimant completed KYC and provided full supporting documentation
KYC was completed through the FTX Claims Portal and BitGo on or about December 12, 2024.

Claimant submitted:
- Transaction records
- Blockchain evidence
- Historical account data
- Correspondence
- Identity verification

4. Debtors reclassified the claim to Class 7B without notice
Claimant was never notified of the reclassification and only discovered it after being excluded from the first distribution.

5. Debtors have refused to communicate
Despite multiple written attempts, Debtors' counsel has provided no explanation, no reconciliation, and no justification for the dispute.

6. Claimant filed a formal objection (Ref. No. 30300)
The objection was timely filed and served, yet Debtors have still not responded.

3

**LEGAL BASIS**

A. 11 U.S.C. § 502 – Prima Facie Validity of Claims

A claim may not be disallowed unless it is unenforceable under applicable law. Claimant's claims are:

- Supported by documentation
- Distinct
- Enforceable
- Not duplicative

Debtors have provided no evidence to rebut prima facie validity.

B. Bankruptcy Rule 3007 – Improper Classification and Mislabeling

Debtors misclassified the claim as "superseded" and later as Class 7B without notice.

Courts hold that:

- Claims with different amounts are not automatically duplicative
- Amendments cannot strip substantive rights
- Misclassification cannot result in expungement

C. Debtors' failure to respond violates due process

A disputed claim cannot remain unresolved indefinitely.

Debtors' silence:

- Prevents reconciliation
- Blocks distribution
- Prejudices Claimant
- Violates the Plan's claims-resolution procedures

D. Claimant is entitled to Class 7A treatment

The Plan provides:

- Priority payout for Dotcom Convenience Claims
- Eligibility for up to $50,000
- 9% interest for certain classes

Claimant elected this treatment and meets all criteria.

**ARGUMENT**

4

1. The Court should compel Debtors to state the basis of the dispute
Debtors have refused to communicate for over a year.
A motion to compel is necessary to break the administrative deadlock.

2. The Court should compel reclassification to Class 7A
Claimant:
- Elected Class 7A
- Qualifies for Class 7A
- Was never notified of reclassification
- Was prejudiced by the change

3. The Court should compel inclusion in the next distribution
Claimant was improperly excluded from the first distribution despite:
- Full KYC
- Complete documentation
- Valid election
- Prima facie valid claims

There is no legal basis for continued exclusion.

REQUEST FOR RELIEF

Claimant respectfully requests that the Court enter an order:

1. Compelling Debtors to provide a written explanation of the basis for the disputed status of Claim Nos. 94653 and 98399 within 14 days;
2. Compelling reclassification of Claimant's claim to Class 7A Dotcom Convenience;
3. Compelling inclusion of Claimant's claim in the next distribution;
4. Directing Debtors' counsel to meet and confer with Claimant within 7 days of the Court's order;
5. Granting such other and further relief as the Court deems just and proper.

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  | CHAPTER 11 |
|---|---|
| IN RE: | |
| FTX TRADING LTD., et al., | |
| Debtors. | |
| | Case No. 22-11068 (KBO) |
| | (Jointly Administered) |

RECEIVED 2026 JAN 28 A 11: 58 CLERK US BANKRUPTCY COURT DISTRICT OF DELAWARE

DECLARATION OF RICHARD B. RATTEY IN SUPPORT OF MOTION

I, Richard B. Rattey, declare under penalty of perjury:

1. I am the claimant in Claim Nos. 94653 and 98399.
2. I completed KYC and submitted all supporting documentation.
3. I elected Class 7A Dotcom Convenience treatment.
4. I was excluded from the first distribution without explanation.
5. Debtors' counsel has not responded to my inquiries.
6. The facts stated in the Motion are true and correct to the best of my knowledge.

Executed on January 21, 2026

Richard B. Rattey / TRYK 86 LLC
121 Westmoreland Ave, Apt 601
White Plains, NY 10606
929-277-8795
RB.TRYK@gmail.com

6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  | CHAPTER 11 |
|---|---|
| IN RE: | |
| FTX TRADING LTD., et al., | |
| Debtors. | |
|  | Case No. 22-11068 (KBO) |
|  | (Jointly Administered) |

PROPOSED ORDER

ORDER GRANTING MOTION TO COMPEL

Upon consideration of the Motion to Compel (I) Clarification of Disputed Claim Status, (II) Reclassification of Claim to Class 7A Dotcom Convenience, and (III) Inclusion of Claim in Next Distribution filed by Richard B. Rattey / TRYK 86 LLC, it is hereby:

ORDERED that:

1. Debtors shall provide a written explanation of the basis for the disputed status of Claim Nos. 94653 and 98399 within 14 days;
2. Debtors shall reclassify the claim to Class 7A Dotcom Convenience;
3. Debtors shall include the claim in the next scheduled distribution;
4. Debtors' counsel shall meet and confer with Claimant within 7 days;
5. The Court retains jurisdiction to enforce this Order.

Dated: _____
Wilmington, Delaware

_____
HON. KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | CHAPTER 11 |
|---|---|
| IN RE: | |
| | |
| FTX TRADING LTD., et al., | |
| | |
| Debtors. | |
| | Case No. 22-11068 (KBO) |
| | (Jointly Administered) |

RECEIVED 2026 JAN 28 A 11: 58 CLERK US BANKRUPTCY COURT DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I certify that on January 21, 2026, I served the foregoing Motion and all supporting documents via U.S. First Class Mail and email upon:

Landis Rath & Cobb LLP
Adam G. Landis
Kimberly A. Brown
Matthew R. Pierce
919 Market Street, Suite 1800
Wilmington, DE 19801
Emails: landis@lrclaw.com, brown@lrclaw.com, pierce@lrclaw.com

Sullivan & Cromwell LLP
Andrew G. Dietderich
James L. Bromley
Brian D. Glueckstein
Christian P. Jensen
125 Broad Street
New York, NY 10004
Emails: dietdericha@sullcrom.com, bromleyj@sullcrom.com, gluecksteinb@sullcrom.com, jensenc@sullcrom.com

8

United States Bankruptcy Court
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

Dated: Jan. 21. 2026

Richard B. Rattey / TRYK 86 LLC
121 Westmoreland Ave, Apt 601
White Plains, NY 10606
929-277-8795
RB.TRYK@gmail.com



[illegible].
121. WESTMORELAND. AVE.
601.
WHITE. PLAINS. NY.
10606.

FSC MIX Envelope FSC® C137131

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2022

