IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | § Chapter 11 |
| FTX TRADING LTD., *et al.*, | § Case No. 22-11068 (KBO) |
| Debtors.[1] | § (Jointly Administered) |
| | § Hearing Date: February 19, 2026 at 9:30 a.m. (ET) |
| | § Obj. Deadline: February 12, 2026 at 4:00 p.m. (ET) |

**MOTION OF RUSKIN MOSCOU FALTISCHEK P.C. FOR LEAVE TO WITHDRAW AS COUNSEL TO ALEXANDER MASHINSKY, KOALA1, LLC, AND AM VENTURES HOLDINGS, INC.**

Ruskin Moscou Faltischek P.C. ("RMF"), by and through its counsel Ashby & Geddes, P.A. ("Ashby & Geddes"), hereby submits this motion ("Motion") seeking the entry of an order ("Order"), substantially in the form annexed hereto as **Exhibit A**, authorizing RMF to withdraw as counsel to Alexander Mashinsky ("Mashinsky"), and Koala1, LLC, and AM Ventures Holdings, Inc. (collectively, "Mashinsky Entities") pursuant to Rule 9010-2(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Del. Bankr. L.R."). In support of this Motion, RMF respectfully states as follows:

**JURISDICTION, VENUE AND PREDICATE**

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Venue is proper under 28 U.S.C. §§1408 and 1409. The predicates for the relief requested

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{02203756;v1 }

herein are 11 U.S.C. § 105(a) ("Bankruptcy Code"), Del. Bankr. L.R. 9010-2(b), and Rule 1.16 of the Delaware Lawyers' Rules of Professional Conduct.

2. As required by Del. Bankr. L.R. 9013-1(f), RMF confirms its consent to the entry of a final order by the Court solely in connection with this Motion to the extent it is later determined that the Court, absent consent of the relevant parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## RELEVANT BACKGROUND

3. Mashinsky and the Mashinsky Entities filed certain proofs of claim in certain FTX Debtors' cases ("Proofs of Claim").

4. On July 11, 2023, the United States of America brought a criminal action against Mashinsky and other defendants in the action captioned: United States of America v. Alexander Mashinsky and Roni Cohen-Pavon, 23 Cr. 347, pending in the United States District Court for the Southern District of New York ("Mashinsky Criminal Trial").

5. On or about July 10, 2024, the FTX Debtors filed an objection to the Mashinsky and the Mashinsky Entities' Proofs of Claim ("Claims Objection"). See ECF No. 20044.

6. During the Mashinsky Criminal Trial, the FTX Debtors, through counsel, and Mashinksy and Mashinsky Entities, through RMF, entered into a stipulation whereby, among other things, the parties agreed to stay all discovery and litigation over the pending Claims Objection until after the Mashinsky Criminal Trial concluded ("Stay Stipulation"). See ECF No. 25684, Exhibit A.

7. The Court approved the Stay Stipulation in an Order entered on September 25, 2024. See ECF No. 25684.

8. After Court approval of the Stay Stipulation, the Mashinsky Criminal Trial concluded and Mashinsky was sentenced to the United States Penitentiary in Fort Dix, New Jersey, where he is currently serving his sentence.

9. As set forth in greater detail in the declaration of Thomas A. Telesca, Esq. from RMF ("Telesca Declaration"), Mashinsky has terminated RMF's engagement on behalf of himself and the Mashinsky Entities in the FTX Debtors' cases and other matters. Annexed hereto as **Exhibit B** is the Telesca Declaration.

10. Following termination of RMF's engagement, Mashinsky and the Mashinksy Entities have not responded to RMF's further efforts to communicate with them concerning RMF's withdrawal of its appearance as counsel to Mashinky and the Mashinky Entities in the FTX Debtors' cases.

11. In fact, RMF provided Mashinsky with a stipulation providing for the consensual withdrawal of RMF as counsel multiple times ("Consensual Withdrawal Stipulation") prior to submitting this Motion to no avail.

12. Specifically, on December 1, 2025, a copy of the Consensual Withdrawal Stipulation was emailed to Mashinsky through Corrlinks, the prison "email" system. Thereafter, on about December 8, 2025, and December 16, 2025, RMF sent two additional copies of the Consensual Withdrawal Stipulation to Mashinsky via first-class mail. Lastly, on December 16, 2025, and December 29, 2025, RMF sent follow-up messages to Mashinsky via Corrlinks regarding the status of the Consensual Withdrawal Stipulation.

13. As of the date of this Motion, Mashinsky never responded to RMF's request and/or returned an executed copy of the proposed Consensual Withdrawal Stipulation.

14. Recently, FTX Debtors, through counsel, inquired about the status RMF's representation of Mashinsky and Mashinsky Entities and advised of their intention to proceed with the Claims Objection and related discovery.

15. As a result of Mashinky's and the Mashinky Entities' termination of their engagement of RMF as their counsel, RMF is unable to respond to the FTX Debtors' efforts to proceed with the Claims Objection and related discovery.

16. Accordingly, RMF now seeks entry of an Order authorizing RMF to withdraw as counsel to Mashinsky and Mashinsky Entities pursuant to Del. Bankr. L.R. 9010-2(b).

## BASIS FOR RELIEF

17. Specifically, Del. Bankr. L.R. 9010-2(b) states an attorney's appearance may not be withdrawn except by leave of the Court, unless another attorney who is a member of the bar of the United States District Court for the District of Delaware will remain as attorney of record for the withdrawing attorney's client. At the time of filing this Motion, no replacement attorney entered an appearance on behalf of Mashinsky and/or the Mashinsky Entities and, thus, RMF requires the Court's leave to withdraw.

18. Under the present facts, ample cause exists for this Court to grant leave for RMF to withdraw as counsel to Mashinsky and the Mashinsky Entities.

19. Specifically, under Rule 1.16(b) of the Delaware Lawyers' Rules of Professional Conduct, a lawyer may withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled . . . ." Del. Lawyers' Rules of Prof'l Conduct R. 1.16(b)(5).

20. Mashinsky and the Mashinsky Entities have failed to substantially fulfill an obligation regarding RMF's services, namely the termination of their engagement of RMF without any further communication in response to RMF's request to withdraw its appearance.

21. Finally, given the present status of the Debtors' bankruptcy cases and the current stay of the Claim Objections, at this time RMF's withdrawal "can be accomplished without material adverse effect on the interests of [Mashinsky and the Mashinsky Entities]." Model Rules of Prof'l Conduct R. 1.16(b)(1). Thus, notwithstanding that Mashinsky and the Mashinsky Entities have not yet engaged replacement counsel, this Court should grant RMF leave to withdraw from its representation of Mashinsky and the Mashinsky Entities.

22. Based on the foregoing, RMF respectfully requests the Court enter an Order, substantially in the form annexed hereto, authorizing RMF to withdraw as counsel to Mashinsky and Mashisky Entities.

## NOTICE

23. RMF has provided notice of this Motion by serving a copy of the Motion upon: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors, (c) Mashinsky, on behalf of himself and the Mashinsky Entities, by certified mail and through a process server at FCI Fort Dix; and (d) all parties that have requested service pursuant to Fed.R.Bankr.P. 2002 via CM/ECF.

24. RMF respectfully submits that no further notice is required.

**WHEREFORE**, RMF respectfully requests that the Court (i) enter an Order, substantially in the form attached hereto as **Exhibit A**, granting RMF leave to withdraw as counsel to Mashinsky and the Mashinsky Entities in the Debtors' bankruptcy cases and (ii) grant such other and further relief as the Court deems just and appropriate.

Dated: February 5, 2025

                                         **ASHBY & GEDDES, P.A.**

                                         */s/ Gregory A. Taylor*
Gregory A. Taylor (No. 4008)
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
Phone: (302) 654-1888
Facsimile: (302) 654-2067
Email: gtaylor@ashbygeddes.com

*Counsel to Ruskin Moscou Faltischek P.C.*