# EXHIBIT B

**(Telesca Declaration)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al,*[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 20044 & 25666** |

## DECLARATION IN SUPPORT OF THE MOTION OF ASHBY & GEDDES, P.A. FOR LEAVE ON BEHALF OF RUSKIN MOSCOU FALTISCHEK P.C. TO WITHDRAW AS COUNSEL TO ALEXANDER MASHINSKY, KOALA1, LLC, AM VENTURES HOLDINGS, INC.

I, Thomas A. Telesca, Esq., declare as follows:

1.      I am a partner of Ruskin Moscou Faltischek, P.C. ("RMF") and submit this Declaration in support of the Motion[2] of Ashby & Geddes, P.A. ("Ashby & Geddes"), as local counsel to RMF in the above-captioned bankruptcy cases, seeking entry of an Order authorizing RMF to withdraw as counsel to Alexander Mashinsky ("Mashinsky"), Koala1, LLC, and AM Ventures Holdings, Inc. (collectively "Mashinsky Entities") pursuant to Del. Bankr. L.R. 9010-2(b).

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd. is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms not otherwise defined herein shall have the definition ascribed to them in the Motion.

2.      This Firm represented Mashinsky and the Mashinsky Entities through Sheryl P. Giugliano, Esq., a prior partner at RMF, before her appointment to the bench on or aboaut September 5, 2025.

**<u>Relevant Background</u>**

3.      In July 2023, a Grand Jury in the Southern District of New York voted to indict Mashinsky, which indictment was unsealed and filed on July 13, 2023, and the case was docketed as 23-CR-347 (the "Criminal Case").

4.      On or about August 24, 2023, Mashinsky engaged RMF as legal counsel in connection with the jointly administered Chapter 11 bankruptcy cases commenced by Celsius Network and its debtor affiliates.   Related thereto, on or about September 20, 2024, Judge Giugliano appeared on behalf of Mashinsky and the Mashinsky Entities in these cases as a party to the Stipulation Staying Claims, Litigation and Related Discovery with Respect to Proofs of Claims filed by Mashinsky and Mashinsky Entities, which this Court approved in an Order entered on September 25, 2024. <u>See</u> ECF No. 25684. This was the only appearance by RMF on behalf of Mashinsky and the Mashinsky Entities in these Chapter 11 cases.

5.      Mashinsky pleaded guilty on December 3, 2024.

6.      On May 8, 2025, the court in the Criminal Case sentenced Mashinsky to 12 years in prison.

7.      On or about September 11, 2025, after several attempts, RMF's CFO spoke to Mashinsky concerning his outstanding legal fee balance. Mashinsky refused to pay his outstanding balance per the terms of the Engagement Letter, the details of which we can provide *in camera*.

8.      On or about September 12, 2025, Mashinsky surrendered to federal authorities, and is currently serving his sentence in FCI Fort Dix.

### Termination of RMF as Counsel

9.      During his incarceration at FCI Fort Dix, communications with Mashinsky are limited to: (a) phone calls that must be arranged in advance with the prison and which can only be made attorney-client privileged with prison permission and on specific request; (b) online communication through Corrlinks, the prison "email" system, which is not attorney-client privileged, can only transmit plain HTML text, and which cannot transmit attachments of any kind; (c) the U.S. Postal Service or other carriers; and (d) in-person visits on Saturday and Sunday during regular visiting hours.

10.      RMF communicated with FCI Fort Dix on September 30, 2025, to contact Mashinsky by phone or in person (the only two privileged options). RMF could not speak with Mashinsky until October 10, 2025.

11.      During RMF's October 10, 2025 telephone call with Mashinsky, RMF reviewed the status of each matter RMF was handling for Mashinsky, including the FTX Debtors' cases, and further discussed Mashinsky's payment obligation to RMF.

12.      RMF and Mashinsky discussed ongoing and unresolvable issues with respect to each matter.

13.      RMF attempted to resolve these matters before and after Mashinsky surrendered into federal custody but was unable to do so.

14.      RMF can provide additional details of the circumstances of the requested withdrawal *in camera* at the Court's request.

15.      On October 16, 2025, RMF informed Mashinsky by correspondence sent by Corrlinks and Express U.S. Mail of its inability to continue as counsel considering the above-described circumstances and that it would be seeking to withdraw as counsel in all matters where

RMF represented Mashinsky and/or Mashinsky Entities, including, but not limited to, their involvement of in the FTX Debtors' cases.

16.     On October 19, 2025, Mashinsky responded to RMF's aforesaid October 16, 2025 correspondence. Mashinsky effectively discharged RMF. He directed RMF to substitute himself as *pro se* in all the matters in which RMF represents Mashinsky.

17.     There is nothing to suggest that Mashinsky will not be able to obtain new counsel should he desire to do so.  Between October 30, 2025, and November 17, 2025, RMF was granted leave to withdraw as counsel to Mashinsky by Court Order in the Celsius-related matter.

18.     Thus, RMF's withdrawal will not prejudice Mashinsky or negatively impact this proceeding.

19.     Prior to the submission of this Motion seeking relief from the Court, RMF provided Mashinsky with a stipulation providing for the consensual withdrawal of RMF as counsel multiple time ("Consensual Withdrawal Stipulation").

20.     Specifically, on December 1, 2025, a copy of the Consensual Withdrawal Stipulation was emailed to Mashinsky through Corrlinks, the prison "email" system. Thereafter, on about December 8, 2025, and December 16, 2025, RMF sent two additional copies of the Consensual Withdrawal Stipulation to Mashinsky via first-class mail. Lastly, on December 16, 2025, and December 29, 2025, RMF sent follow-up messages to Mashinsky via Corrlinks regarding the status of the Consensual Withdrawal Stipulation.

21.     As of the date of this Motion, Mashinsky never responded to RMF's request and/or returned an executed copy of the proposed Consensual Withdrawal Stipulation.

22.     RMF is not seeking a retaining lien or charging lien.

23.     RMF has been relieved from representation in all other related matters.

24.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 4, 2026

s/ *Thomas A. Telesca*
Thomas A. Telesca, Esq