**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>**Ref. Nos. 26404, 28689, 30300, 30631, 30981, 31491, 33444, 33890 & 34611**<br><br>**Hearing Date: March 26, 2026 at 9:30 a.m. ET** |

**FTX RECOVERY TRUST'S REPLY IN SUPPORT OF ITS CLAIMS OBJECTIONS AND IN OPPOSITION TO FILINGS OF CLAIMANT RICHARD BELL RATTEY**

The FTX Recovery Trust[2] hereby submits this reply (the "Reply") in further support of the (i) *FTX Recovery Trust's One Hundred Sixty-Second (Non-Substantive) Omnibus Objection To Certain Superseded Claims (Customer Claims)* [D.I. 30300] (the "One Hundred Sixty-Second Omnibus Objection") and (ii) *FTX Recovery Trust's One Hundred Eighty-First (Substantive) Omnibus Objection To Certain Overstated Proofs Of Claim (Customer Claims)* [D.I. 30631] (the "One Hundred Eighty-First Omnibus Objection" and together with the One Hundred Sixty-Second Omnibus Objection, the "Claims Objections") and in response to the (i) *Objection to Claim Disallowance* [D.I. 30981], (ii) *Response of Richard B. Rattey and TRYK 86 LLC to FTX Recovery Trust's One Hundred Eighty-First (Substantive) Omnibus Objection To Certain*

---

1 The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

2 The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

*Overstated Proofs Of Claim (Customer Claims)* [D.I. 31491], and (iii) *Motion to Compel (I) Clarification of Disputed Claim Status, (II) Reclassification of Claim to Class 7A Dotcom Convenience, and (III) Inclusion of Claim in Next Distribution* [D.I. 34611] (collectively (i)-(iii), the "Filings"), each filed by claimant Richard B. Rattey (the "Claimant"). In support of the Reply, the FTX Recovery Trust submits the *Declaration of Steven P. Coverick in Support of the FTX Recovery Trust's Objections and Reply in Opposition to Filings of Claimant Richard Bell Rattey* (the "Coverick Declaration"), attached hereto as Exhibit A, and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  The Claimant seeks extraordinary relief by asking the Court to compel individualized adjudication and payment of his Disputed claims based on alleged losses that the Claimant incurred on an unrelated third-party platform. Counsel to the FTX Recovery Trust have attempted to explain the FTX Recovery Trust's position to the Claimant on numerous occasions. Notwithstanding these attempts, the Claimant has ignored the merits of the Claims Objections, and instead, attempted to coerce payment by threatening litigation against counsel if his Claims are not allowed and paid. (*See* Ex. B.)

2.  Contrary to his conjecture, the Claimant maintained one FTX customer account through which only two prepetition transactions occurred: one deposit of Solana ("SOL") and one corresponding withdrawal of substantially all of the deposited SOL, leaving a *de minimis* balance. Notwithstanding that limited account history, the Claimant filed two proofs of claim seeking recovery of substantially more SOL than was ever deposited into, or held, in his FTX account premised on alleged losses that occurred on the Oxygen Protocol ("Oxygen"), a third-party decentralized finance ("DeFi") protocol that was never owned, operated, or controlled by any Debtor. The Claimant does not, and cannot, identify *any* FTX account that ever held the SOL

he alleges was deposited or staked through Oxygen, and likewise does not, and cannot, provide any evidence to support any relationship between the Debtors or the FTX Recovery Trust and Oxygen that could give rise to a claim.

3. Consistent with Bankruptcy Rule 3007 and the Debtors' books and records, the FTX Recovery Trust objected to one of the Claimant's proofs of claim as duplicative and sought to modify the remaining surviving claim to reflect the scheduled balance.  The Claimant responded by filing multiple documents advancing shifting factual theories and ever-changing claim amounts, all without any supporting evidence.  He also falsely contends that the FTX Recovery Trust misclassified his Claims that were classified in accordance with the Plan terms.  The Claimant did not contest confirmation of the Plan and it is too late to do so now.

4. In addition to these fluctuating positions, the Claimant also seeks to bypass the claims reconciliation and distribution framework approved by this Court by compelling allowance and inclusion of his Disputed claims in the next distribution.  These Filings plainly ignore the carefully constructed framework established in the Plan for claims reconciliation and distributions.  Until the expiration of the current Claims Objection Deadline in January 2027, all claims that have not been Allowed are Disputed claims under the Plan and are administered through the Disputed Claims Reserve.  (*See* Plan § 8.5.)  The Claimant does not—and cannot—cite a single decision or court order from this district permitting a creditor to jump the line and circumvent the plain language of a confirmed plan by demanding individualized adjudication or inclusion in a distribution before allowance.  In any event, since the attempts to resolve the Claims consensually have failed, the FTX Recovery Trust will proceed with the Claims Objections as to the Claims and requests that these objections be sustained and that the Claimant's Filings, as appropriate, be denied and overruled.

## RELEVANT BACKGROUND

### I. The Claimant's FTX Account and the Claims

5. According to the Debtors' books and records, the Claimant opened an account on the FTX.com Exchange on July 13, 2021, and only transacted twice: on July 15, 2021, the Claimant deposited 1.57068063 SOL and on August 19, 2021, he withdrew 1.57068062 SOL. (*See* Coverick Decl. ¶ 7.) The Debtors' books and records reflect that this activity constitutes the entirety of the Claimant's FTX account transaction history. *Id.* Based on this, the Debtors scheduled the Claimant with a claim against Debtor FTX Trading Ltd. ("FTX Trading") with a balance of 0.00000001 SOL. (*Id.* at ¶ 8.)

6. On May 8, 2024, the Claimant filed proof of claim 94653 ("Claim 94653") in his individual capacity against FTX Trading seeking recovery of 50 SOL, valued at $12,500. Claim 94653 does not identify any basis for the claim other than attaching an email exchange between the Claimant and the customer support team of Oxygen. On December 3, 2024, the Claimant filed proof of claim 98399 ("Claim 98399", and together with Claim 94653, the "Claims") in his individual capacity and also on behalf of TRYK 86 LLC ("TRYK") against Alameda Research (Bahamas) LLC ("Alameda"). The Claimant specifically checked the box in Claim 98399 that it amends previously filed Claim 94653. Claim 98399 seeks recovery of 45 SOL, valued at $11,250, and is premised on the Claimant's contention that SOL held with Oxygen was held by FTX Trading and/or Alameda, that Oxygen failed when FTX Trading and Alameda failed, and that the SOL was consequently lost. The Claimant attached a screenshot of an alleged transaction to Claim 98399.


## II. The Claims Objections and the Filings

7. On April 28, 2025, the FTX Recovery Trust filed the One Hundred Sixty-Second Omnibus Objection, objecting to, among others, Claim 94653 as duplicative of Claim 98399. In response, between May 6–9, 2025, the Claimant contacted the FTX Recovery Trust (i) asserting that his Claims are not duplicative; (ii) demanding immediate payment, (iii) proposing settlement amounts tied to SOL appreciation, and (iv) referencing alleged Oxygen-related SOL exposure. The Claimant alleged that he had deposited or staked approximately 45 SOL through Oxygen and argued that assets associated with Oxygen were later moved to, or controlled by, Alameda. Consistent with the terms of the Plan, counsel for the FTX Recovery Trust explained the Trust's position and informed the Claimant that the FTX Recovery Trust was not going to accept the amounts included in his Claims, that the Claims remain Disputed, and that his Claims were subject to the Plan's claims reconciliation process. The Claimant then sent the FTX Recovery Trust drafts of his first Filing, and counsel for the FTX Recovery Trust agreed to adjourn the objection to Claim 94653, but informed the Claimant that both of his Claims remained Disputed.

8. On June 4, 2025, the FTX Recovery Trust filed the One Hundred Eighty-First Omnibus Objection, objecting to, among others, Claim 98399 and seeking to reduce it to the scheduled balance of 0.00000001 SOL.

9. On June 23, 2025, the Claimant filed the *Objection to Claim Disallowance* [D.I. 30981], disputing the duplicative nature of Claim 94653, claiming that Claim 98399 was reclassified as a Disputed Class 7B Claim without notice, and protesting his omission from the January 2025 distribution. [D.I. 30981 at 2.] Without specifying which of the Claims he was referring to or providing any basis for such claim, the Claimant asserts that his "claim" consists of $12,500 in USD cash collateral and $12,500 in SOL, which he contends appreciated to $29,400.33 as of the Petition Date. In the conclusion of that Filing, the Claimant demands distributions in the

amount of $33,811.57. *Id.* at 5. The amounts asserted in this Filing differ from the amounts included in the filed Claims, and the Claimant advances different amounts in each subsequent Filing.

10. In response to his Filing, counsel to the FTX Recovery Trust reiterated the Trust's position and informed the Claimant that the FTX Recovery Trust would adjourn the hearings with respect to the Claims Objections as to the Claimant. The Claimant responded that he would file an amended objection and also offered to settle for $33,811.57.

11. On July 16, 2025, the Claimant filed the *Response of Richard B. Rattey and TRYK 86 LLC to FTX Recovery Trust's One Hundred Eighty-First (Substantive) Omnibus Objection To Certain Overstated Proofs Of Claim (Customer Claims)* [D.I. 31491], which reiterates his arguments and additionally adds that FTX was at fault for Oxygen's unraveling and, by extension, his losses. The Claimant contends that he deposited or staked SOL through Oxygen and, without any admissible evidence of any kind, that Oxygen's purported independence from FTX Trading and Alameda was illusory. According to the Claimant, because Oxygen was built on the Solana blockchain, an ecosystem in which FTX allegedly played a significant role, Oxygen functioned as a *de facto* FTX subsidiary. *See* [D.I. 31491 at 4]. On this basis, the Claimant asserts that assets associated with Oxygen should be treated as assets of Alameda and/or FTX, notwithstanding that such assets were not held in an FTX account. *Id.* at 4. Additionally, he asserts that he is now owed 90 SOL and provided a third number, $33,867.89, that he declared accounts for the total claim value, including purported interest.

12. On July 21, 2025, counsel for the FTX Recovery Trust informed the Claimant, once again, that the Claims remained under review.

13. On September 24, 2025, the Claimant reached out to the FTX Recovery Trust for a status update on his Claims. After being informed that the Claims remain Disputed, and he would thus not be receiving a distribution on September 30, 2025, he indicated that he intended to file a motion to compel if the FTX Recovery Trust would not settle the Claims.

14. On January 28, 2026, the Claimant filed the *Motion to Compel (I) Clarification of Disputed Claim Status, (II) Reclassification of Claim to Class 7A Dotcom Convenience, and (III) Inclusion of Claim in Next Distribution* [D.I. 34611]. In the motion, the Claimant repeats his arguments and requests the Court compel the FTX Recovery Trust to provide an explanation of the Claims' Disputed status, reclassify the Claims to Class 7A Dotcom Convenience Claims, and include the Claims in the next distribution.

15. On February 9, 2026, the Claimant sent a vulgar email to counsel for the FTX Recovery Trust threatening litigation against counsel to the FTX Recovery Trust if his Claims were not included in the next distribution. (*See* Ex. B.)

## REPLY

### I. The Claimant Lacks Standing to Assert a Claim on Behalf of TRYK.

16. The Claimant lacks standing to appear on behalf of TRYK, the entity on whose behalf he filed Claim 98399. Regardless of the Claimant's relationship to the business, a limited liability company may only appear in federal court "through licensed counsel," both for purposes of prosecuting a proof of claim and in any litigation arising from that claim. *See Rowland* v. *California Men's Colony*, 506 U.S. 194, 201-02 (1993). The Claimant has never represented that he is or is an attorney who could be counsel to TRYK, and his identification of himself as the owner of TRYK in his filed proofs of claims does not confer standing. Even managing members may not represent limited liability companies before federal courts. *See In re 69 North Franklin Turnpike, LLC*, 693 F. App'x. 141, 144 (3d Cir. 2017). Accordingly, the Claimant has no standing

to appear on behalf of TRYK and his second Filing on behalf of TRYK [D.I. 31491] is improper.

## II. The Claims Objections Should Be Sustained.

17. The FTX Recovery Trust submits that the Claims Objections should be sustained—Claim 94653 should be dismissed as duplicative and Claim 98399 should be reduced to the scheduled amount of 0.00000001 SOL. *First,* both Claims arise from the same underlying customer account and the Claimant has not provided any evidence to the contrary. *Second*, there are no other transactions in the Claimant's FTX customer account other than the single SOL deposit and subsequent withdrawal. Any allegations that the Debtors and the FTX Recovery Trust are responsible for any losses relating to Oxygen are unfounded and pure conjecture. *Third*, even if the Claimant is somehow successful in overcoming these deficiencies, any claim on account of SOL must be valued in accordance with the Plan and not pursuant to the Claimant's alleged calculations.

### a. The Claims are Duplicative.

18. In all three Filings, the Claimant insists that his Claims are not duplicative. [D.I. 30981 at 2; 31491 at 4; and 34611 at 3–4.] As support, the Claimant cites to Bankruptcy Rule 3007—four times across all three of the Filings, twice to assert that his Claims are not duplicative, once in the context of amending claims, and once related to misclassification of claims. [D.I. 30981 at 3–4; 31491 at 4; and 34611 at 4.] Bankruptcy Rule 3007(d)(1) expressly permits a debtor to join objections to multiple claims in a single omnibus objection where, as here, the Claims were filed by the same entity. Similarly, Bankruptcy Rule 3007(d)(2)(A)—incorrectly cited by the Claimant as Bankruptcy Rule 3007(d)(3)—specifically authorizes omnibus objections on the ground that claims are duplicative. *See* [D.I. 30981 at 4]. The case law the Claimant cites likewise does not support the Claimant's position. *Id.* In *In re CPESAZ Liquidating, Inc.*, the court made clear that while claims asserting different amounts are not automatically duplicative, multiple

claims seeking recovery for the same underlying entitlement are improper.  BAP No. CC-22-1156-FSG, 2023 WL 3773642, at *8 (B.A.P. 9th Cir. June 2, 2023).  Similarly, *In re Handy Andy Home Improvement Centers, Inc.* reaffirms the settled principle that a claimant may not recover multiple times for the same injury, regardless of how the claims are labeled.  222 B.R. 571, 575 (Bankr. N.D. Ill. 1998).

19. Here, the Debtors' books and records reflect that the Claimant maintained a single FTX customer account and that the account reflects only two prepetition transactions:  a single deposit of approximately 1.57 SOL and a single withdrawal of approximately 1.57 SOL approximately one month later, leaving a scheduled balance of 0.00000001 SOL.  There are no other transactions, assets, or balances associated with the Claimant's account.  (*See* Coverick Decl. ¶ 7–8.)  Because both Claim 94653 and Claim 98399 seek recovery arising from this same account activity, the Claims are duplicative as a matter of law, and Claim 94653 must be expunged.

**b. The Oxygen Protocol is Unrelated to the Debtors and the FTX Recovery Trust.**

20. The Claimant's Oxygen-based theory fails as a matter of fact.  Oxygen is a third-party DeFi protocol that is not owned, operated, or controlled by FTX Trading, Alameda, nor any other Debtor.  Oxygen was not a debtor in these Chapter 11 Cases, and Oxygen-related assets were not property of the FTX estates.  The mere fact that Oxygen operates on the Solana blockchain does not transform it into an FTX affiliate or render its assets estate property.  The Claimant's arguments are baseless and unfounded, and he has not provided any evidence in support of these allegations.

21. Moreover, the Claimant cannot identify any FTX account that ever held the alleged 45 or 90 SOL he has alternatively asserted as part of his Claims, nor can he point to any contractual relationship or custodial obligation under which FTX agreed to hold, safeguard, or

return assets staked through Oxygen. *See* [D.I. 31491 at 1]. In the absence of any evidence that the assets at issue were held by the Debtors or subject to any obligation from the Debtors to the Claimant, there is no basis to impose liability on the Debtors or the FTX Recovery Trust for any alleged losses arising from activity on an unrelated third-party DeFi protocol. Accordingly, the FTX Recovery Trust submits that Claim 98399 must be reduced to its scheduled balance of 0.00000001 SOL.

**c. Customer Claims Are Subject to the Digital Asset Estimation Order.**

22. Even if the Claimant is somehow successful on his Claims—which he is not—in accordance with section 4.4 of the Plan, any claim on account of SOL, a digital asset, would be valued in accordance with the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] ("Estimation Order"). As set forth in the Estimation Order, SOL is valued at $16.2471144 as of the Petition Date. Accordingly, contrary to the Claimant's ever-changing valuations and calculations, even using his highest alleged amount of 90 SOL, the Claimant's claim would be $1,462.24.

23. Valuation of digital assets was litigated extensively in connection with entry of the Estimation Order, which is explicitly included in the Plan. The Claimant has not provided any argument or evidence as to why the Plan and Confirmation Order do not apply to him (they of course do), or why his alternative valuations could be appropriate. Therefore, even if the Claimant is successful in demonstrating the validity of the Claims, the Claims must be valued in accordance with the Estimation Order.

**III. The FTX Recovery Trust Did Not Alter the Claimant's Substantive Rights or Expunge his Claims.**

24. The Claimant argues that the FTX Recovery Trust has improperly classified his Claims, violating his rights as a Claimant and inappropriately resulting in expungement. *See, e.g.*, [D.I. 30981 at 4–5 and 34611 at 4]. While the Claimant has repeatedly asserted that he voted to classify the Claims as Class 7A Dotcom Convenience Claims, claim classification is in accordance with the terms of the Plan, and the FTX Recovery Trust has no record of the Claimant making any convenience claim elections. During his communications with the FTX Recovery Trust and in one Filing, he has alternatively requested that his Claims be "reclassified" as a Class 5A Dotcom Customer Entitlement Claim. *See* [D.I. 30981 at 5].

25. The Claimant has also falsely alleged that the FTX Recovery Trust reclassified the Claims as Class 7B Claims without first providing him with notice. *See*, *e.g.*, [D.I. 30981 at 2 and 34611 at 4]. To be clear, there was no reclassification of the Claimant's Claims. The Claims' classification is dictated by the terms of the Plan, to which the Claimant did not object. The Claimant's mistaken belief appears to be based on the fact that he did not receive any distributions on his Claims in the January 2025 distribution. *See* [D.I. 34611 at 3] ("Claimant was never notified of the reclassification and only discovered it after being excluded from the first distribution."). The lack of distributions, however, is not a result of the Claims' classification. Rather, the Claimant did not receive distributions because, as the Claimant has been informed multiple times, his Claims remain Disputed, and only Allowed claims are entitled to receive distributions.

26. Furthermore, treating the Claims as Disputed pending reconciliation did not expunge the Claims or deprive the Claimant of any substantive right. The Plan and Confirmation Order clearly provide for the classification of claims, and nothing in the Plan supports customer-

class treatment for these Disputed Claims, and the Claimant's ability to adjudicate his Claims was never compromised.

27. The Claimant's reliance on *In re Vertis Holdings* and *In re Sportsman's Warehouse* is misplaced, and the citations provided are incorrect or unclear as to which decisions he intends to invoke. *See* [D.I. 30981 at 4–5]. *Vertis* is a procedural order authorizing the rejection of executory contracts and unexpired leases under section 365 of the Bankruptcy Code and establishing deadlines for rejection-damages claims and is unrelated to the claims reconciliation process in a chapter 11 case. No. 12-12821 (CSS), 2013 WL 1182881 (Bankr. D. Del. Mar. 20, 2013). Likewise, *In re Sportsman's Warehouse, Inc.* is inapplicable, as it concerns a post-confirmation adversary proceeding regarding the interpretation and effect of a lease assumption order. 457 B.R. 372 (Bankr. D. Del. 2011). The case does not support the Claimant's baseless contention that "improper categorization should not result in expungement." [D.I. 30981 at 4–5.] The FTX Recovery Trust retains the authority under the Plan, orders of this Court, and the Bankruptcy Rules to file omnibus objections or to defer individualized adjudication of claims in furtherance of orderly estate administration.

### IV. Burden-Shifting Under Section 502 and *Allegheny Int'l* Supports the FTX Recovery Trust's Position.

28. The Claimant's citation to section 502 of the Bankruptcy Code does not support his position that his Claims are valid and should be Allowed. While section 502 of the Bankruptcy Code states that claims are deemed allowed absent an objection, the statute does not preclude the FTX Recovery Trust from objecting to any claim. 11 U.S.C. § 502. Nothing in the Bankruptcy Code or Bankruptcy Rules precludes the FTX Recovery Trust from carrying out its duties to investigate, object to, or otherwise dispute the validity or amount of any Claim.

29. Likewise, the Claimant's citation to *In re Allegheny Int'l* to support his argument that the Claims are valid and thus should receive distributions is wholly misplaced. *See* [D.I. 30981 at 5 and 31491 at 4]. The case merely shifts the burden of production and does not support the conversion of a Disputed claim under the Plan into an Allowed claim absent formal allowance of the claim by the FTX Recovery Trust or the Court. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (explaining that section 502(a) merely shifts the burden of production and that once the "objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.").

30. The FTX Recovery Trust has satisfied its burden under section 502, and the burden now lies with the Claimant to prove the validity of the Claims. The Debtors' books and records reflect that the Claimant maintained a single FTX account with only a deposit and a corresponding withdrawal of approximately 1.57 SOL, leaving a *de minimis* scheduled balance. The Claimant has not identified any evidence to the contrary and has also failed to identify any other FTX account that ever held the additional digital assets he alleges or any contractual or custodial obligation owed by the Debtors in connection with Oxygen-related activity. The FTX Recovery Trust's evidence regarding the Claimant's single FTX account is more than sufficient to shift the burden back to the Claimant, who has not—and cannot—carry his burden to demonstrate the validity of the Claims. Accordingly, the FTX Recovery Trust submits that the Claims Objections should be sustained.

## V. Due Process Has Been Satisfied.

31. The Claimant also alleges that the FTX Recovery Trust has violated due process in its "failure to notify Claimants of reclassification." [D.I. 31491 at 4]. Neither the Plan nor the FTX Recovery Trust's actions, however, have deprived the Claimant of property or

eliminated any substantive right. Due process in bankruptcy requires notice and an opportunity to be heard, not immediate adjudication or individualized explanations on demand. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

32. To date, the Claimant received: notice of the Claims Objections; notice of adjournment of hearings relating to the Claims Objections; multiple written communications confirming that his Claims remain Disputed and under review; and the opportunity to file written objections and responses, which he has exercised repeatedly. The Claimant mistakenly believes that he did not receive notice of a reclassification that did not occur. The Claimant has been afforded ample notice and the opportunity to be heard, and thus due process has been satisfied.

## **RESERVATION OF RIGHTS**

33. In filing this Reply, the FTX Recovery Trust has not waived any rights, and the FTX Recovery Trust expressly reserves all of its rights, powers, privileges and remedies under applicable law or otherwise with regards to the Claimant and the Claims. The FTX Recovery Trust may elect to exercise any or all of its rights, at its sole option without the necessity of any further notice, demand or other action. Nothing contained in this Reply or any delay by the FTX Recovery Trust in exercising any rights, powers, privileges and remedies under applicable law against the Claimant or the Claims now existing or hereafter arising shall be construed as a waiver or modification of such rights, powers, privileges or remedies.

## **CONCLUSION**

For the reasons stated above, the FTX Recovery Trust respectfully requests that the Court sustain the FTX Recovery Trust's Claims Objections as to the Claims and deny and overrule, as appropriate, the Claimant's Filings.

Dated: February 12, 2026
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
mcguire@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*