# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 22-11068 (KBO) |
| FTX TRADING LTD., *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

## DECLARATION OF ALEC J. BERIN IN SUPPORT OF ELD CAPITAL LLC'S OBJECTION TO THE FTX RECOVERY TRUST'S OBJECTION TO PROOFS OF CLAIM FILED BY ELD CAPITAL LLC

I, Alec J. Berin, hereby declare under penalty of perjury as follows:

1.  I am an attorney with Miller Shah LLP, and I represent ELD Capital LLC ("ELD Capital"). I am above the age of 18 and have personal knowledge of the facts set forth below. If called to testify, I would and could testify competently to the facts set forth in this Declaration.

2.  On November 3, 2025, the FTX Recovery Trust ("Trust"), filed a motion ("Motion") seeking to extend the claims objection deadline through and including January 4, 2027, and without prejudice to seeking further extensions. [D.I. 33444].

3.  On November 10, 2025, I contacted counsel for the Trust by email to inform the Trust that ELD Capital would object to the Motion unless the Trust provided a concrete timeline for the Trust to file any objection to ELD Capital's claims.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

4.     On November 12, 2025, I followed up by email seeking clarity regarding the Trust's position so that ELD Capital could timely file an objection to the Motion, if necessary.

5.     On November 12, 2025, counsel for the Trust wrote, "The FTX Recovery Trust *will object* to ELD Capital's claims *by end of this month*. Based on your email below, we assume this will address your client's timing concerns and obviate any perceived need for motion practice regarding the claims objection deadline or its application to ELD Capital's claim." (Emphasis added).

6.     The Trust did not file an objection by the end of November 2025, despite the Trust's specific representations, through counsel, on November 12, 2025, that it would object to ELD Capital's claims "by the end of this month" in exchange for ELD Capital's agreement not to object to the Motion.

7.     On December 8, 2025, I wrote to the Trust's counsel indicating that our review of the docket reflected that the Trust had not objected to ELD Capital's claim. Since ELD Capital informed the Trust that it was considering an objection to the Motion and other actions to protect its rights and relied on the Trust's agreement to object to ELD Capital's claims by the end of November 2025, ELD Capital asked for the Trust's confirmation that it would allow ELD Capital's claims.

8.     On December 10, 2025, the Trust's counsel indicated that ELD Capital's claims remain disputed and the Trust "will be objecting to them in the coming days." Further, the Trust's counsel incorrectly asserted that "ELD has not been prejudiced in any way and any argument that ELD's claims should be automatically allowed is frivolous."

9.     A true and correct copy of the email exchange described above is attached as **Exhibit A**.

10. More than three weeks later, on January 2, 2026, the Trust objected to ELD Capital's claims. [D.I. 34251].

11. Not only is the Trust's objection untimely considering its agreement to object to ELD Capital's claims (if at all) by the end of November 2025, but the Trust's untimely objection also has caused ELD Capital to miss another of the Trust's scheduled distributions to holders of allowed claims and interests.

12. This is not the first commitment by the Trust (and former Debtors) to ELD Capital that it has subsequently disregarded. When the former Debtors sought confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Affiliated Debtors ("Reorganization Plan"), ELD Capital was concerned that the release and settlement provisions of the Reorganization Plan would extinguish ELD Capital's fraud claim. Accordingly, on August 16, 2024, ELD Capital objected to the Reorganization Plan. [D.I. 23140].

13. To resolve ELD Capital's objection to the Reorganization Plan, the former Debtors reached an agreement with ELD Capital that its claims are not extinguished by the Reorganization Plan and would be resolved through the claims allowance process [D.I. 26039]. This agreement was memorialized in the Confirmation Order. [D.I. 26404]. In addition, the former Debtors agreed and promised in writing as part of the resolution of ELD's objection to the Reorganization Plan to "make general efforts to reconcile ELD's claims promptly."

14. Rather than make any efforts to "reconcile ELD's claims promptly," the Trust ignored numerous requests by ELD Capital for clarity regarding the Trust's timeline for any objection it wished to make to ELD Capital's claims. This forced ELD Capital to file a motion seeking the entry of a schedule for the Trust to file any objection to its claims. [D.I. 31298].

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 13, 2026

                                                                              /s/ *Alec J. Berin*
                                                                              Alec J. Berin