IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>FTX TRADING, LTD., *et al*.,<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>**Re: D.I. Nos. 34487, 34613** |
| FTX RECOVERY TRUST,<br><br>　　　　　　　　　Plaintiff,<br><br>　- against –<br><br>MANIFOLD MARKETS, INC., MANIFOLD FOR CHARITY, INC., ROSS RHEINGANS-YOO, and FTX PHILANTHROPY, INC.,<br><br>　　　　　　　　　Defendants. | Adv. Pro. No. 24-50214 (KBO)<br><br>**Re: Adv. D.I. Nos. 88, 94** |

**ORDER DIRECTING FTX RECOVERY TRUST AND ITS COUNSEL
TO PAY SANCTIONS AWARD TO ROSS RHEINGANS-YOO**

WHEREAS on January 21, 2026, the Court entered the *Order (I) Denying FTX Recovery Trust's Motion for Reconsideration or to Modify Order Allowing FDU Claim and (II) Granting Ross Rheingans-Yoo's Motion to Dismiss and Motion for Sanctions Under Federal Rule of Bankruptcy Procedure 9011, 28 U.S.C. § 1927, and 11 U.S.C. § 105* [D.I. 34487, Adv. D.I. No. 88] (the "Sanctions Order"); and

WHEREAS pursuant to the Sanctions Order, on January 30, 2026, counsel for Ross Rheingans Yoo ("Ross") timely filed and served a declaration [D.I. 34613; Adv. D.I. 94] (the "Fee Declaration") attesting to the fees and expenses that Ross reasonably incurred in opposing the FTX

1

Recovery Trust's *Motion for Reconsideration or to Modify Order Allowing FDU Claim* [D.I. 31846] (the "Reconsideration Motion") and seeking dismissal of the FTX Recovery Trust's *First Amended Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 105, 544, 548, and 550 and Del. Code Ann. Tit. 6, § 1304 and 1305, and for Disallowance or Subordination of Claim Pursuant to 11 U.S.C. §§ 502 and 510* [Adv. D.I. 38] (the "First Amended Complaint"); and

WHEREAS the FTX Recovery Trust (the "Trust") and its counsel did not object to the reasonableness of Ross's fees and expenses set forth in the Fee Declaration; and

WHEREAS the Court has reviewed the Fee Declaration and, after due deliberation, determined that the fees and expenses Ross incurred in opposing the Reconsideration Motion and seeking dismissal of the First Amended Complaint are reasonable.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Trust and its counsel are directed to pay Ross the sum of $111,868.07 within 14 days of entry of this Order.

2. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

3. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: February 24th, 2026  
Wilmington, Delaware

KAREN B. OWENS  
CHIEF JUDGE