**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |

**FTX RECOVERY TRUST'S OBJECTION TO ALEXANDER MASHINSKY'S
LETTER REQUESTS FOR A FURTHER EXTENSION OF DEADLINE TO RESPOND
TO THE CLAIM OBJECTION**

The FTX Recovery Trust (the "Trust") respectfully submits this objection (the "Objection") to the serial requests by Alexander Mashinsky ("Mashinsky") for either a 90-day extension of his deadline to respond to the *FTX Recovery Trust's First Amended Objection to Proofs of Claim Filed by Alex Mashinsky* [D.I. 34704] (the "Claim Objection")[2] or an indefinite stay of the Claim Objection litigation.[3]  For the reasons set forth below, the Court should deny Mashinsky's extension requests.

Mashinsky's extension requests have been appropriately addressed by the Trust already agreeing to provide a 45-day extension in recognition of his incarceration.  Pursuant to the extension granted, Mashinsky will have 76 days to file a response before the deadline on April 30, 2026.  The Mashinsky Letters do not provide any valid explanation as to why Mashinsky cannot file a response within that extended objection period.

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Claim Objection.

[3]   Mashinsky's request has been made through a series of letters over the last several weeks, addressed to the Court and to a partner at Landis Rath & Cobb LLP, dated February 25, 2026 [D.I. 34798] (the "February 25 Letter"), March 5, 2026 [D.I. 34861] (the "March 5 Letter") and March 9, 2026 [D.I. 34888] (the "March 9 Letter", together with the March 5 Letter, the "March Letters") (collectively, the "Mashinsky Letters").

**Background**

1.      As detailed in the Claim Objection,[4] Mashinsky is the disgraced former chief executive officer of bankrupt cryptocurrency company Celsius.  In July 2023, Mashinsky was indicted by the U.S. Attorney's Office for the Southern District of New York for his role in defrauding Celsius's customers and other victims out of billions of dollars, which led to Celsius's collapse.  On December 3, 2024, Mashinsky pled guilty in federal court to commodities and securities fraud related to Celsius's downfall, for which he is currently serving a 144-month prison sentence.

2.      Amid his criminal proceedings, from June to December 2023, Mashinsky filed a total of fourteen duplicative, unsupported, and exorbitant proofs of claim against the FTX Debtors (the "Mashinsky Claims"), asserting claims in the amount of $2.15 billion.[5]

3.      On July 10, 2024, the Debtors filed an objection at D.I. 20044 (the "Original Objection") seeking to disallow these frivolous claims attempting to hold the Debtors responsible for Mashinsky's own fraud and mismanagement.

4.      Over the course of the ensuing eighteen months, at Mashinsky's request, the Debtors and Trust, as applicable, consensually deferred litigation of the Original Objection until the conclusion of Mashinsky's criminal proceedings.  In September 2024, the parties entered into a stipulation approved by this Court formally staying the litigation until the resolution of

---

4    *See* Claim Objection ¶¶ 1-2, 13.

5    Claim Nos. 2314, 3195, and 3233 were filed in Mashinsky's own name against each of Alameda Research Ltd., Alameda Research LLC, and FTX Trading Ltd.  Claim Nos. 85255 and 85256 were filed on behalf of Koala1 LLC, and Claim Nos. 85257 and 85258 were filed on behalf of AM Ventures Holdings Inc., against each of Alameda Research LLC and FTX Trading Ltd.  Claim Nos. 88339, 88338, and 88341 purport to amend the claims filed in Mashinsky's own name and were filed against FTX Trading Ltd. and Alameda Research LLC (but not Alameda Research Ltd.).  Lastly, Claim Nos. 89689, 89699, 89697, and 89698 purport to amend the claims filed on behalf of Koala1 LLC and AM Ventures Holdings Inc.

Mashinsky's criminal case.[6]  Following Mashinsky's guilty plea in December 2024, the Debtors agreed to further delay litigation until after Mashinsky's sentencing, and then again to delay litigation until after Mashinsky had reported to prison.  After Mashinsky began serving his sentence in September 2025, the Trust attempted to confer with his counsel regarding the withdrawal of the Mashinsky Claims or, if necessary, the establishment of a litigation schedule.[7]

5.      On February 13, 2026, after months of unsuccessful efforts to confer with Mashinsky through his counsel, and after delaying litigation of the Mashinsky Claims by nearly two years as an accommodation to Mashinsky, the Trust filed the operative Claim Objection requesting disallowance of Mashinsky's claims, which renews the objections made in the Original Objection and adds additional evidence relating to Mashinsky's criminal conviction.  (*See, e.g.*, Claim Objection ¶ 24.)  The Claim Objection established a response deadline of March 16, 2026—31 days from the date of filing of the Claim Objection—and scheduled a hearing for March 26, 2026.  The Trust effected personal service of the Claim Objection on Mashinsky at FCI Otisville on February 24, 2026 [D.I. 34809] after having served his counsel of record contemporaneously with the filing of the Claim Objection.

6.      On March 3, 2026, a letter from Mashinsky, dated February 25, 2026, was filed on the docket, requesting that the Trust extend the deadline for Mashinsky to respond to the Claim Objection by 90 days and provide materials relevant to the Claim Objection to Mashinsky in prison [D.I. 34798].

---

[6]     *See generally Order Approving Stipulation* [D.I. 25684].

[7]     On February 5, 2026, Mashinsky's counsel filed a motion to withdraw from the case.  (*See Motion of Ruskin Moscou Faltischek P.C. for Leave to Withdraw as Counsel to Alexander Mashinsky, Koala1, LLC, and AM Ventures Holdings, Inc.* [D.I. 34651].)  This motion has not yet been decided, and Ruskin Moscou Faltischek P.C. remains Mashinsky's counsel of record.

7.      On March 5, 2026, the Trust sent Mashinsky a response letter via first-class mail [D.I. 34849] agreeing to extend the deadline to respond to the Claim Objection by 45 days as a one-time courtesy and enclosing copies of the voluminous Mashinsky Claims [D.I. 34813-1]. As a result of that extension, Mashinsky's response deadline to the Claim Objection is April 30, 2026—76 days from the date of filing of the Claim Objection.

8.      On March 9, 2026, the Trust received the March 5 Letter, which was filed to the docket in these chapter 11 proceedings on March 10, 2026 [D.I. 34861].  On March 16, 2026, the Trust received the March 9 Letter, which was filed to the docket in these chapter 11 proceedings on March 17, 2026 [D.I. 34888].

9.      The March Letters are substantially identical.  However, the March 9 Letter appears to request not only a 90-day extension of Mashinsky's objection deadline, but also an indefinite stay of litigation of the Claim Objection unless Mashinsky is given access to his laptop. The Trust construes the Mashinsky Letters as a motion for an extension of time and, at the same time, a qualified request for an indefinite stay of the litigation.[8]

### Objection

10.      Mashinsky's requests should be denied.  The Trust has already granted Mashinsky a significant extension of an additional 45 days—for a total of 76 days—to respond to the updated Claim Objection beyond the eighteen months of stays and extensions of this claims litigation previously provided.  The March Letters set forth certain substantive arguments that presumably reflect the theories Mashinsky intends to advance in support of his meritless claims.

---

[8]    To the extent the Court determines that the March Letters are a substantive response to the Claim Objection, the Trust reserves all rights to respond.

Nothing in the Mashinsky Letters provides any basis to conclude there is cause to provide him even more time to file any response to the Claim Objection.

11.     Moreover, Mashinsky's request to indefinitely stay this claims litigation is untenable.  The Trust continues to diligently investigate, resolve, and, where necessary, object to and litigate claims.  Ultimately, the administration of all pending claims is required for the Trust to complete its work and make final distributions to holders of Allowed Claims.  Mashinsky has filed numerous claims with a headline asserted value of over $2 billion.  The Trust believes these claims to have no merit, and it is in the interests of the Trust and its stakeholders to have these substantial claims resolved.  The Trust previously agreed to defer this litigation for an extended period to permit Mashinsky to both resolve his criminal proceedings and report to prison.  Mashinsky has also now apparently separated from his counsel.  Having voluntarily made these choices, Mashinsky cannot now rely on the same facts—that he is in prison and representing himself—as reasons to permanently dodge this claim litigation.

12.     The Trust has a duty to prosecute its objection to Mashinsky's invalid claims.  The 45-day extension already provided by the Trust strikes an appropriate balance between affording Mashinsky a fair opportunity to respond to the Claim Objection and ensuring the timely resolution of his claims.  As evidenced by the Mashinsky Letters, Mashinsky received actual notice of the Claim Objection and is able to file a response by the April 30, 2026 extended response deadline.  The requests contained in the Mashinsky Letters should be denied.

## Conclusion

13.     For the foregoing reasons, the Trust respectfully requests that the Court enter the proposed order (the "Order"), substantially in the form attached hereto as **Exhibit A**, denying Mashinsky's requests.

Dated:  March 18, 2026
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      mcguire@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Benjamin S. Beller (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      bellerb@sullcrom.com

*Counsel for the FTX Recovery Trust*