

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:

FTX TRADING LTD., et al.,
    Debtors.

Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)

---

### MOTION OF DAIZHUO CHEN FOR RECONSIDERATION
### PURSUANT TO FED. R. CIV. P. 59(e) AND 60(b)(2)
### BASED ON NEWLY DISCOVERED EVIDENCE
[Related: D.I. 33349, 33575, 33740]

Daizhuo Chen ("Movant"), pro se, moves under Rule 59(e) (Bankruptcy Rule 9023) and Rule 60(b)(2) (Bankruptcy Rule 9024) for reconsideration of this Court's oral ruling on November 24, 2025 denying Movant's Motion for Late KYC Completion [D.I. 33349]. This Motion is based on newly discovered evidence that directly addresses each ground on which the Court denied relief.

## I. INTRODUCTION

1.  On November 24, 2025, this Court denied Movant's Motion from the bench, identifying three concerns: (a) Movant's argument was "generalized" and "applicable to almost every creditor"; (b) Movant "had the ability to authenticate the veracity of the process by calling customer service, but none of that was done"; and (c) Movant's argument that he may have uploaded his ID was "not for today" — "raised too late" with "no discovery on that." (Hr'g Tr. at 29:17–30:5, D.I. 33909.)

2.  Since that ruling, Movant has obtained evidence addressing each concern:

    a.  The FTX Privacy Team confirmed in writing that the Trust holds Movant's government-issued identification, images including selfie and facial image from identification document, and proof of address. This is specific, documented evidence unique to Movant — not a generalized argument. (Decl. Ex. I.)

    b.  Movant did contact customer service — repeatedly, January through March 2026 — and was met with circular referrals and silence. (Decl. Exs. L, M, N, O.) The Trust's own Privacy Team confirmed the documents exist but no department would correct the status. (Decl. Exs. I, J, K.)

    c.  There is now "discovery on that." The Privacy Team provided the evidence the Court noted was lacking. (Decl. Exs. I, J, K.)

3.  This is not a request to relitigate excusable neglect. This Motion is based on newly discovered evidence that Movant's KYC documents are in the Trust's possession and the "KYC incomplete" designation contradicts the Trust's own records.

## II. JURISDICTION AND VENUE

4.  The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## III. PROCEDURAL HISTORY

5.  October 27, 2025 — Movant filed Motion [D.I. 33349] with Declaration and Exhibits A–F.

6.  November 13, 2025 — Trust filed Objection [D.I. 33575].

7.  November 18, 2025 — Movant filed Reply [D.I. 33740].

8.  November 24, 2025 — Court heard argument and denied the Motion from the bench. (D.I. 33909.) No separate standalone written order has been entered on the docket.

## IV. LEGAL STANDARD

9. Under Rule 59(e), a court may alter or amend a judgment based on "the availability of new evidence not previously available." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Under Rule 60(b)(2), relief is available based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time."

10. The Privacy Team's confirmation was obtained January–February 2026 and could not have been discovered earlier. (Decl. ¶¶ 3–9.) The Court denied the motion from the bench on November 24, 2025 and stated it would so-order the record. (Hr'g Tr. at 30:5–6.) Movant has not located a separate written order entered on the docket memorializing that ruling. To the extent no separately entered order exists, the Court retains authority under Fed. R. Civ. P. 54(b) to revise its decision at any time before entry of final judgment.

## V. NEW EVIDENCE

### A. The Trust Confirms It Holds the Core KYC Artifacts Corresponding to FTX's Published Workflow

11. November 27, 2025 — FTX Privacy acknowledged receipt of Movant's request submitted via Sumsub. January 13, 2026 — Sumsub separately confirmed it had forwarded the request to FTX as data controller. (Decl. Ex. P.)

12. January 19, 2026 — FTX Privacy Team confirmed the Trust holds government-issued identification, images including selfie and facial image from identification document, and proof of address for Movant. (Decl. Ex. I.)

13. February 2–4, 2026 — Privacy Team provided actual materials via secure link. Movant confirmed: driver's license, selfie, proof of address — the core KYC artifacts. (Decl. Exs. J, K.)

### B. Movant Contacted Customer Service — Met With Circular Referrals

14. January 13, 2026 — FTX Support (Ticket #340766): Stated portal access disabled for customers who did not complete KYC by deadline. Directed to dataprivacy@ftx.com. (Decl. Ex. M.)

15. February 4, 2026 — FTX Support (Ticket #342205): "Customer Support does not have access to KYC information." Asked what was missing. Response: "Unfortunately, this is not something we can provide." Referred to Kroll. (Decl. Ex. L.)

16. February 4, 2026 — Emailed Kroll. Auto-acknowledgment only. (Decl. Ex. N.)

17. March 2, 2026 — Formal demand to Kroll with 10-day deadline. No substantive response. Over 46 days of silence since Movant's initial February 4, 2026 inquiry to Kroll. (Decl. Ex. O.)

### C. No Specific KYC Deficiency Was Ever Identified

18. Comprehensive email search: no email from FTX, Kroll, Sumsub, or any agent of the Trust ever identified a specific failed step, rejected document, or concrete KYC deficiency. 37-day silence after September 23, 2023 verification event. The first clear indication that the Trust was treating Movant's account as irreversibly KYC-incomplete for claims purposes was the portal lockout in October 2025. The Trust's failure to notify, combined with confirmed possession of required documents, demonstrates an administrative error, not a substantive deficiency. (Over two years later). (Decl. ¶¶ 16–20; Decl. Ex. Q.)

## VI. NEW EVIDENCE RESOLVES THE COURT'S FACTUAL CONCERNS

19. The November 24 ruling addressed the record as it existed at that time. This Motion does not relitigate excusable neglect. Rather, newly discovered evidence resolves the factual questions the Court identified — specifically, whether Movant's identification documents were uploaded and whether the "KYC incomplete" designation reflects a substantive deficiency or an administrative error.

## VII. ADDRESSING THE COURT'S SPECIFIC CONCERNS

### A. "Generalized Argument"

20. The prior argument centered on confusing Sumsub emails — a shared concern. The new argument is that the Trust's own records show Movant's documents exist. This is provable only through Movant's specific evidence and is not generalizable.

### B. "Could Have Called Customer Service"

21. Movant's post-ruling efforts demonstrate diligent engagement; the obstacle was the Trust's inability or unwillingness to reconcile its own records. Moreover, these channels are structurally incapable of resolving KYC issues — Tier 1 support stated it does not have access to KYC information, and Kroll has ignored two written requests.

### C. "Uploaded the Picture — No Discovery on That"

22. There is now evidence. The Privacy Team confirmed government-issued ID is on file. Regardless of which submission is the source, the Trust confirms possession of the required documents, and the incomplete designation is contradicted by the Trust's own records.

## VIII. PREJUDICE AND URGENCY

23. Absent relief, Movant will be permanently excluded from distributions on a valid claim solely because of an administrative designation that contradicts the Trust's own confirmed records. Each additional distribution causes further irreparable harm. Granting relief imposes no burden on the estate — Movant's claim is already scheduled and reserved.

## IX. RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that the Court:

1. Grant reconsideration of the November 24, 2025 oral ruling;

2. Direct the Trust to identify, within five (5) days, the specific deficiency in Movant's KYC — if any — and provide a means to cure within fourteen (14) days;

3. If no specific deficiency is identified, direct correction of the KYC status based on documents confirmed in the Trust's possession;

4. Direct that Movant's claim participate in prospective distributions upon correction or cure;

5. Reserve Movant's rights with respect to distributions that occurred during the period of erroneous KYC classification; and

6. Grant such other relief as the Court deems just.

Dated: March 22, 2026 | Redwood City, California

/s/ Daizhuo Chen
Daizhuo Chen (pro se)
Phone: 646-286-8876 | Email: chendaizhuo@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:

FTX TRADING LTD., et al.,
Debtors.

Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)

## DECLARATION OF DAIZHUO CHEN
## IN SUPPORT OF MOTION FOR RECONSIDERATION

I, Daizhuo Chen, declare under penalty of perjury as follows:

1.  I am the movant. I have personal knowledge of the facts stated herein. My prior motion [D.I. 33349] and reply [D.I. 33740] were filed on the record then available and accepted the Trust's incomplete designation for purposes of seeking a late cure. The Privacy disclosures obtained in January–February 2026 materially changed the factual picture.

### PRIVACY REQUEST AND KYC CONFIRMATION

2.  On or about November 24, 2025, I submitted a data subject access request to Sumsub. On November 27, 2025, FTX Privacy acknowledged receipt. On January 13, 2026, Sumsub confirmed it had forwarded the request to FTX as data controller on November 27, 2025. (Exhibit P.)

3.  On January 13, 2026, I contacted FTX Support (Ticket #340766) and the Privacy Team. Support representative "Samantha" stated that portal access was disabled for customers who did not submit all KYC information by the deadline. "Philip" directed me to dataprivacy@ftx.com. (Exhibit M.)

4.  On January 19, 2026, the FTX Privacy Team confirmed the Trust holds: government-issued identification, images including selfie and facial image from identification document, and proof of address. (Exhibit I.)

5.  On February 2, 2026, the Privacy Team provided a secure download link. I downloaded and reviewed the materials on February 4, 2026. They include my driver's license, selfie, and proof of address — the core KYC artifacts. (Exhibits J, K.)

### EFFORTS TO CORRECT KYC STATUS

6.  February 4, 2026 — FTX Support (Ticket #342205): "Rae" said Support lacks KYC access. I pressed for specifics. "Philip" responded: "Unfortunately, this is not something we can provide." Referred me to Kroll. (Exhibit L.)

7.  February 4, 2026 — Emailed Kroll. Auto-acknowledgment only. No response. (Exhibit N.)

8.  March 2, 2026 — Formal demand letter sent to Kroll at ftxinfo@ra.kroll.com, copied to FTX Support, Privacy Team, Debtors' counsel, and U.S. Trustee. 10-day deadline (March 13). No response. (Exhibit O.)

9.  As of March 22, 2026 — over 46 days since the initial February 4 request — no substantive response from any party.

### NO KYC FAILURE NOTIFICATION

10. I searched my email comprehensively. No email from FTX, Kroll, Sumsub, or any agent of the Trust ever identified a specific failed step, rejected document, or concrete KYC deficiency in my submission.

11. On September 23, 2023: (a) Kroll bar-date reminder at 04:00 UTC; (b) two FTX email verifications at 22:46 UTC; (c) "Acceptance of Scheduled Claim" at 22:58 UTC — no mention of incomplete KYC.

12. September 24 – October 31, 2023: zero emails from FTX/Kroll/Sumsub. No KYC notification for 37 days.

13. No email ever identified a specific failed step, rejected document, or concrete KYC deficiency. The first clear indication that the Trust was treating my account as irreversibly KYC-incomplete for claims purposes was the portal lockout in October 2025 — over two years after the verification event. I reasonably believed KYC was complete.

**URGENCY**

14. The Trust is scheduled to distribute approximately $2.2 billion to creditors on March 31, 2026 (4th round), with a 5th distribution scheduled for May 29, 2026. My claim has been excluded from all distributions to date solely due to the KYC incomplete designation.

I declare under penalty of perjury that the foregoing is true and correct. Executed March 22, 2026, Redwood City, California.

/s/ Daizhuo Chen
Daizhuo Chen (pro se)
Phone: 646-286-8876 | Email: chendaizhuo@gmail.com

**EXHIBIT I**

FTX Privacy Team Confirmation — January 19, 2026

**From:** dataprivacy@ftx.com
**To:** chendaizhuo@gmail.com
**Date:** Monday, January 19, 2026
**Subject:** Re: Privacy Request

Hello,

We write in response to your data subject access request regarding your personal data held by FTX Recovery Trust ("FTX").

We have carefully reviewed your request in line with applicable laws, regulations, and our policies. We have completed a search of our systems and records and have identified the following categories of personal data relating to you which FTX holds:

• Identification information and contact information, including first and last name,
date of birth, gender, government-issued identification, images including selfie and facial image from identification document,
and proof of address

[Email continues with delivery instructions]

**EXHIBIT J**

FTX Privacy Team — Secure Download Provided, February 2, 2026

**From:** dataprivacy@ftx.com
**To:** chendaizhuo@gmail.com
**Date:** Monday, February 2, 2026
**Subject:** Re: Privacy Request
Hello,

We write in response to your data subject access request regarding your personal data held by FTX Recovery Trust ('FTX').

We have carefully reviewed your request in line with applicable laws, regulations, and our policies. We have completed a search of our systems and records and have identified the following categories of personal data relating to you which FTX holds:

[Categories listed — same as January 19 response]

[Secure download link provided for Movant to access KYC materials]

**From:** chendaizhuo@gmail.com
**To:** dataprivacy@ftx.com
**Date:** Wednesday, February 4, 2026
**Subject:** Re: Privacy Request
Dear FTX Privacy,

I have accessed / downloaded the files. The folder can be deleted now.

Thank you!

Best,
Daizhuo

**EXHIBIT K**

Movant Confirms KYC Documents — February 4, 2026

**From:** chendaizhuo@gmail.com
**To:** dataprivacy@ftx.com
**Date:** Wednesday, February 4, 2026, 9:11 AM PST
**Subject:** Re: Privacy Request

Hi FTX Privacy,

Thank you for providing my KYC materials. I reviewed what was submitted under my account, including:

1. Government ID (photo/scan)
2. Selfie image
3. Proof of address

Based on the workflow described in FTX's public "KYC Guidelines for Individual Customers" (government-issued ID + selfie/liveness where applicable + proof of address), these are the core items required to complete individual KYC.

Given that these materials exist in your records, can you confirm whether my KYC should be considered complete?

[Email continues]

**EXHIBIT L**

FTX Support Ticket #342205 — Circular Referral, February 4, 2026

**From:** chendaizhuo@gmail.com
**To:** KYC-Support@ftx.com, FTX Support <support@ftx.com>
**Date:** Wednesday, February 4, 2026, 12:39 AM PST
**Subject:** Request: correct Step 3 KYC status / administrative misclassification

[Movant requested correction of KYC status based on Privacy Team confirmation]

**From:** FTX Support (Rae)
**To:** chendaizhuo@gmail.com
**Date:** February 4, 2026, 2:51 AM PST
**Subject:** Re: Request: correct Step 3 KYC status

Hello,

Thanks for reaching out.

Customer Support does not have access to KYC information. Please reach out to our KYC team to see if they are able to provide you with the information you are requesting.

[Directed Movant elsewhere]

**From:** FTX Support (Rae)
**To:** chendaizhuo@gmail.com
**Date:** February 4, 2026, 4:20 AM PST
**Subject:** Re: Request: correct Step 3 KYC status

If you submitted your KYC information, but not all of the required information was submitted to the KYC team by the June 2025 deadline, then you have not completed KYC verification.

[No specifics provided on what was allegedly missing]

**From:** FTX Support (Philip)
**To:** chendaizhuo@gmail.com
**Date:** February 4, 2026, 9:31 AM PST
**Subject:** Re: Request: correct Step 3 KYC status

Hello,

Unfortunately, this is not something we can provide.

Should you need to reach out to Kroll, you can email them at ftxinfo@ra.kroll.com. Kroll is the appointed claims administrator.

Thank you,
FTX Customer Support

**EXHIBIT M**

FTX Support Ticket #340766 — January 13–16, 2026

**From:** FTX Support (Samantha)
**To:** chendaizhuo@gmail.com
**Date:** January 13, 2026, 9:50 AM PST
**Subject:** Re: Follow-up: Personal Data + KYC Session Logs Request
Hello,

Thanks for reaching out. Please be advised that access to the FTX Customer Portal has been disabled for customers that did not submit all KYC information requested by the FTX Recovery Trust or its KYC vendors by June 2, 2025, at 4:00 p.m. (ET).

[Standard denial response — no specifics on what was missing]

**From:** FTX Support (Philip)
**To:** chendaizhuo@gmail.com
**Date:** January 15, 2026, 11:42 AM PST
**Subject:** Re: Follow-up: Personal Data + KYC Session Logs Request
Please reach out to dataprivacy@ftx.com with regards to your request.

Thank you,
FTX Customer Support

**EXHIBIT N**

Email to Kroll — February 4, 2026 (No Substantive Response)

**From:** chendaizhuo@gmail.com
**To:** ftxinfo@ra.kroll.com
**Date:** Wednesday, February 4, 2026, 9:42 AM PST
**Subject:** Request to correct KYC status / identify specific deficiency (Confirmation ID 3265-70-CXNIQ-166661285; Ticket 337047)

[Movant emailed Kroll requesting correction of KYC status, enclosing Privacy Team confirmation and requesting identification of any specific deficiency.]

Kroll Response: Automatic acknowledgment only. No substantive response received as of March 22, 2026 (over 46 days since initial February 4 request).

**EXHIBIT O**

Formal Demand Letter to Kroll — March 2, 2026

**From:** chendaizhuo@gmail.com
**To:** ftxinfo@ra.kroll.com
**Date:** Sunday, March 2, 2026
**Subject:** URGENT: Request to Correct KYC Status – Chen (Conf. ID 3265-70-CXNIQ-166661285)
CC: support@ftx.com, dataprivacy@ftx.com, pierce@lrclaw.com, David.Gerardi@usdoj.gov

Dear Kroll Team,

I am writing regarding my FTX US customer claim (Confirmation ID 3265-70-CXNIQ-166661285, accepted September 23, 2023).

Issue: My account is incorrectly marked as "KYC incomplete," despite the fact that all required KYC documents have been submitted and are confirmed to exist in FTX's own records.

Evidence:
1. On February 4, 2026, the FTX Privacy Team confirmed that FTX holds: government-issued identification, images including selfie and facial image from identification document, and proof of address.
2. My original FTX US account completed KYC verification on September 12, 2021.
3. My claim was accepted by Kroll on September 23, 2023.

I have attempted to resolve this through FTX Support (Tickets #337047, #342205, #342286) but received no substantive response.

Request: Please correct my KYC status. If no response within 10 business days (by March 13, 2026), I will file a motion with the Bankruptcy Court.

[No substantive response received as of March 22, 2026]

**EXHIBIT P**

Sumsub Correspondence — November–January 2026

**From:** dataprivacy@ftx.com
**To:** chendaizhuo@gmail.com
**Date:** Thursday, November 27, 2025
**Subject:** Privacy Request

Hello,

We acknowledge receipt of your privacy request via Sumsub in relation to the FTX Customer Claims Portal.

We are currently reviewing your request in accordance with relevant regulations and our policies.

We aim to respond to all valid requests within 30 calendar days.

**From:** Elza from Sumsub <privacy@sumsub.com>
**To:** chendaizhuo@gmail.com
**Date:** Tuesday, January 13, 2026
**Subject:** Re: Follow-up: Personal Data + KYC Session Logs Request

We (Sumsub) are the Data processor, acting on behalf and for the purposes of the Data Controllers (FTX platform in your case). Therefore, we can only perform the actions that the Data Controllers instruct us about.

We contacted the Data Controller and passed on your request on November 27, 2025.

You can contact Data Controller directly via support@ftx.com.

## EXHIBIT Q

Email Search Results — No Specific KYC Deficiency Ever Identified

Movant conducted a comprehensive search of the email account chendaizhuo@gmail.com for any communication from FTX, Kroll, Sumsub, or any related entity containing keywords including "KYC rejected," "verification failed," "KYC incomplete," "identity not verified," "KYC expired," or "not passed."

Results: No such communication exists. The search confirms:

### September 23, 2023 (Verification Event Day):

04:00 UTC — Kroll: "Customer Claims Bar Date Reminder" (ftx@noticing.ra.kroll.com)
22:46 UTC — FTX: "Email verification required" x2 (support@ftx.com)
22:58 UTC — Kroll: "Acceptance of Scheduled Claim" (noreply.efiling@ra.kroll.com)
          !' No mention of incomplete KYC

### September 24 – October 31, 2023 (37-Day Gap):

Zero emails from FTX, Kroll, or Sumsub during this period.
No KYC status notification of any kind.

### November 1, 2023 – October 2025:

Five "Complete your verification" emails from no-reply@sumsub.com
(Nov 1, 2023; Mar 1, 2024; Apr 9, 2024; May 7, 2024; Aug 19, 2024)
None stated KYC had "failed" or identified a specific deficiency.
All arrived from a non-FTX, non-Kroll domain without vendor explanation.

### Conclusion:

No email from the Trust ever identified a specific failed step, rejected document, or concrete KYC deficiency in Movant's submission. The first clear indication that the Trust was treating Movant's account as irreversibly KYC-incomplete for claims purposes was the portal lockout in approximately October 2025 — more than two years after the verification event.

**EXHIBIT R**

FTX KYC Guidelines for Individual Customers — Published Workflow

Source: FTX Support, "KYC Guidelines for Individual Customers"

URL: https://support.ftx.com/hc/en-us/articles/17964384447124-KYC-Guidelines-for-Individual-Customers

Accessed: March 22, 2026

FTX's own "KYC Guidelines for Individual Customers" depict the customer-facing KYC workflow as:

1. Begin KYC
2. Questionnaire
3. ID Upload
4. Liveness Check
5. Proof of Address Upload

After completion of these customer-facing steps, the process proceeds to "System Checks," which are handled internally by FTX, Sumsub, or their vendors. The same page further states that a customer "may proceed to file a claim under any of these KYC status."

The Trust later confirmed that it holds the core KYC artifacts associated with Movant's account, including government-issued identification information, image/selfie-related materials, and proof-of-address information. (Exhibit I.) Accordingly, the record supports Movant's position that he completed the customer-facing submission process reflected in FTX's published workflow, and that any remaining issue was internal to FTX's system checks or vendor-side review.

**Screenshot of FTX KYC Guidelines Webpage:**
*Captured March 22, 2026. Full page available at URL above.*

 **FTX**

FTX > Customer > Verification

Articles in this section

KYC Guidelines for Individual Customers

KYC Statuses Explained

FTX Claims KYC

KYC Guidelines for Institutional Customers

KYC Service Providers and Information Security

Claims Filed Directly at Kroll

Expired KYC Verification Link for Account Information Changes

# KYC Guidelines for Individual Customers

2 years ago · Updated

## General KYC process for individual customers



**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

In re:

FTX TRADING LTD., et al.,
Debtors.

Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)

## [PROPOSED] ORDER GRANTING MOTION FOR RECONSIDERATION AND DIRECTING CORRECTION OF KYC STATUS

Upon the Motion of Daizhuo Chen for Reconsideration; the Court having considered the Motion, Declaration with Exhibits, Movant's prior filings at D.I. 33349 and 33740, the Trust's Objection at D.I. 33575, and the November 24, 2025 hearing record; and the Court having determined that newly discovered evidence warrants reconsideration;

**IT IS HEREBY ORDERED THAT:**

1. The Motion for Reconsideration is GRANTED.

2. The Court's oral ruling of November 24, 2025 denying D.I. 33349 is VACATED.

3. The Trust and Kroll shall, within five (5) days, correct the KYC status of Movant's claim (Confirmation ID 3265-70-CXNIQ-166661285) to reflect completion.

4. Alternatively, the Trust shall identify in writing any specific deficiency within five (5) days and provide Movant a means to cure.

5. Movant shall complete any cure within fourteen (14) days.

6. Upon correction or cure, Movant's claim shall participate in all future distributions.

7. This Order is non-precedential, does not alter any claim amount or priority, and is without prejudice.

9. This Court retains jurisdiction to enforce and interpret this Order.

Dated: _____, 2026
Wilmington, Delaware

_____
The Honorable Karen B. Owens
Chief United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

In re:

FTX TRADING LTD., et al.,
Debtors.

Chapter 11
Case No. 22-11068 (KBO)
(Jointly Administered)

### CERTIFICATE OF SERVICE

I, Daizhuo Chen, certify that on March 22, 2026, I served the Motion for Reconsideration, Declaration with Exhibits I–Q, and [Proposed] Order upon the following parties by email:

**Sullivan & Cromwell LLP (Debtors/Trust)**
• A. Dietderich — dietdericha@sullcrom.com
• J. Bromley — bromleyj@sullcrom.com
• B. Glueckstein — gluecksteinb@sullcrom.com
• A. Kranzley — kranzleya@sullcrom.com

**Landis Rath & Cobb LLP (Del. Counsel)**
• A. Landis — landis@lrclaw.com
• K. Brown — brown@lrclaw.com
• M. Pierce — pierce@lrclaw.com

**Paul Hastings LLP (UCC)**
• K. Hansen — krishansen@paulhastings.com
• K. Pasquale — kenpasquale@paulhastings.com
• E. Gilad — erezgilad@paulhastings.com
• G. Sasson — gabesasson@paulhastings.com
• L. Despins — lucdespins@paulhastings.com

**Young Conaway (UCC Del.)**
• M. Lunn — mlunn@ycst.com
• R. Poppiti — rpoppiti@ycst.com
• J. Kochenash — jkochenash@ycst.com

**U.S. Trustee, Region 3**
• D. Gerardi — David.Gerardi@usdoj.gov
• B. Hackman — Benjamin.A.Hackman@usdoj.gov
• J. Lipshie — Jon.Lipshie@usdoj.gov

**Kroll (Claims Agent)**
• FTXInfo@ra.kroll.com
• ftxnoticing@ra.kroll.com
• FTXquestions@kroll.com

All CM/ECF registrants will receive notice via NEF upon docketing.

Under penalty of perjury, the foregoing is true and correct.

Date: March 22, 2026

/s/ Daizhuo Chen
Daizhuo Chen (pro se)
Phone: 646-286-8876 | Email: chendaizhuo@gmail.com



PAPER POUCH

ow2recycle.info

**PRESS FIRMLY TO SEAL**

**FLAT RATE ENVELOPE**
POSTAGE REQUIRED

**PRIORITY MAIL®**

stic use.

ance (restrictions apply).*

estic and many international destination:

laration form is required.

jarding claims exclusions see the

or availability and limitations of coverage.

PE

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

rember 2025
x 9 1/2

---

**UNITED STATES POSTAL SERVICE®**

**Click-N-Ship®**



P

usps.com
$8.85
US POSTAGE

9405 5301 0935 5329 4971 20 0088 5000 0801 9801

U.S. POSTAGE PAID
Click-N-Ship®

03/23/2026
0 lb 8 oz

Mailed from 94061   426748225685901

**PRIORITY MAIL®**

DAIZHUO CHEN
1726 MADDUX DR
REDWOOD CITY CA 94061-2423

Created 2026-03-22
Flat Rate Envelope
RDC 03

C012

DISTRICT OF DELAWARE
CLERK OF COURT U.S. BANKRUPTCY COURT
824 N MARKET ST # 3
WILMINGTON DE 19801-3024

**USPS TRACKING #**



9405 5301 0935 5329 4971 20



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; November 2025; All rights reserved.

SKNA