**Exhibit A**
**(Document Requests)**

**INSTRUCTIONS**

1.      In responding to the following requests (the "Requests" and each a "Request"), you are required to furnish all documents, including electronically stored information, available to you, including documents in the possession, custody or control of your attorneys, agents, employees, representatives, or any other persons or entities directly or indirectly employed by or connected with you or subject to your control.

2.      All documents are to be produced as they are kept in the ordinary and usual course of business, including with all staples and clips attached and with all associated file folders, dividers and labels.  Any electronically stored information shall, to the extent possible without materially altering the information, be produced in a form that is readily usable with all metadata intact.

3.      For each document produced, indicate the corresponding number of the Request set forth below.  If no documents are responsive to any specific Request, indicate the number of each such Request.

4.      If you refuse to produce any document requested herein, specify the author(s), date, recipient(s), general subject matter of the materials, and the grounds upon which such refusal is based with sufficient particularity to permit a determination of the propriety of such refusal.

5.      If any document requested herein has been destroyed, discarded or otherwise disposed of, identify the document by providing the following information: the type of document; the date of the document; the name of each person who prepared it; each person who signed it; and each person to whom it was directed, circulated or distributed.  Also, identify each person who authorized the destruction or other disposition of the document, each person who destroyed or

otherwise disposed of the document, and provide the date of and reason for the destruction or other disposition of the document.

6. These requests are continuing in nature. If, after producing materials, you obtain or become aware of any other materials responsive to these requests, you are required to produce such additional materials.

7. No Request or subpart hereof shall be construed as a limitation on any other Request hereof.

8. Each document furnished in response to these Requests shall be identified by the name of the person from whose files that document was taken and the file from which the document was taken.

9. Each document is to be produced in its entirety, even if only a portion of the document relates to the identified subject matter. Where copies of otherwise identical documents bear additional notations, produce all non-identical copies in their entirety.

10. Except where otherwise stated, the relevant time period for the production of documents is from September 1, 2021 to the present.

## DEFINITIONS

1. "FTX Recovery Trust" or "you" refers to the FTX Recovery Trust.

2. "Debtors" refers to the above-captioned jointly administered debtors.

3. "Bankruptcy Code" refers to title 11 of the United States Code.

4. "Chapter 11 Proceeding" refers to the jointly administered cases identified as In re FTX Trading Ltd., *et al.*, Case No. 22-11068 (KBO) in the United States Bankruptcy Court for the District of Delaware.

5. "Petition Date" refers to November 11, 2022, the date the first Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6.      "Aria DMCC" refers to Aria Commodities DMCC.

7.      "Brittain" refers to Matthew William Britain, the principal of Aria DMCC.

8.      "Transfer" refers to transfers, made prior to and including the Petition Date by Aria DMCC or Brittain, including but not limited to deposits into and withdrawals from accounts held with Debtors North Dimension Inc. and Alameda Research Ltd.

9.      "Relevant Accounts" refer to the accounts held by Aria DMCC and/or Brittain with Debtors North Dimension Inc. and Alameda Research Ltd.

10.     "Claims" refers to proofs of claim filed by Aria DMCC and/or Brittain to recover from Debtors and FTX Recovery Trust.

11.     The term "including" means including, but not limited to.

12.     "Document" includes writings of any description or nature, including communications, correspondence, letters, articles, books, memoranda (including pencil jottings, diary entries, desk calendar entries, reported recollections and any other form of notation of events or intentions) concerning oral communications, email, other electronically stored information ("ESI"), telegrams, records, reports, computer printouts, photographs, calculations, worksheets, written agreements, or diaries, regardless of origin or location in the possession, custody or control of you.  The term "document" includes any draft or version of a document, and all copies that are not identical with the original.

13.     "Concerning" means to be relevant in any way to the subject matter in question, including all information that directly or indirectly contains, includes, concerns, constitutes, encompasses, incorporates, relates to, refers to, records, describes, reflects, summarizes, evaluates, refers to, is pertinent to, indicates, comments upon, regards, or discusses the subject matter, or that states the background of, was the basis for, records, evaluates, was referred to, relied upon, utilized,

generated, transmitted, or received in arriving at any conclusion, opinion, estimate, position, decision, belief, or assertion concerning the subject matter.

14.     The terms "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

15.     The past tense shall include the present tense, and vice versa.

16.     The use of the singular form of any word includes the plural, and vice versa, so as to bring within the scope of these Requests any matter that might otherwise be considered to be outside their scope.

17.     Each of the foregoing definitions is hereby incorporated by reference into, and shall be deemed a part of, each and every other definition and instruction contained herein as well as each specific Request set forth below.

18.     Each person or entity, including all parties and non-parties, referred to herein includes each of its predecessors, successors, or assigns and their past or present parent companies, subsidiaries, affiliates, officers, directors, employees and agents and anyone acting or purporting to act on behalf of any of them.

## DOCUMENT REQUESTS

1.     All documents and communications, including but not limited to all account ledgers, account statements, account opening forms, mandates, signature cards or authorizations, and client due diligence documents concerning the Relevant Accounts.

2.     All documents and communications evidencing the opening, maintenance, operation, or closure of the Relevant Accounts.

3.      All documents and communications concerning the receipt of any Transfers of funds into the Relevant Accounts.

4.      All documents and communications concerning any and all onward dealings or transactions on and from such Relevant Accounts, including any transfers, withdrawals, distributions, or other dispositions of funds or assets.

5.      All documents and communications reflecting or recording the current value, location, and details of any traceable proceeds, profits, substitutes, assets, interest, or other income received or derived from the Transfers, including documents showing the current ultimate beneficiary of such assets.

6.      All documents and communications concerning the calculation, allocation, or distribution of any Amounts received into or transferred from the Relevant Accounts.

7.      All documents and communications concerning the Claims filed by Brittain and Aria in the Chapter 11 Proceeding.

8.      All documents and communications, including records, transfer statements, bank statements, and balance sheets concerning the distribution of estate funds to Brittan and Aria from the FTX Recovery Trust as relating to their Claims.

9.      All documents and communications evidencing, referring to, or relating to any instructions, authorizations, or mandates for the operation or disposition of the Relevant Accounts or any funds or assets therein.

10.      All documents and communications that support the calculation of Brittain and Aria's individual Claim amounts, including any distributions made on account of the Claims.