**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING, LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
|  | **Hearing Date: April 16, 2026 at 1:00 p.m. (ET)**<br>**Objection Deadline: April 9, 2026 at 4:00 p.m. (ET)** |

**MOTION OF GRIGORII LEVCHENKO TO COMPEL FTX RECOVERY
TRUST TO (I) DISCLOSE BASIS FOR EXCLUDED PARTY DESIGNATION AND
(II) ADMINISTER CLASS 5A DOTCOM CUSTOMER ENTITLEMENT CLAIM**

Grigorii Levchenko ("Mr. Levchenko" or "Movant"), by and through his undersigned counsel, respectfully moves this Court, pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rules 9013 and 9014, for an order compelling the FTX Recovery Trust[2] and the Plan Administrator to: (a) disclose the specific basis for Mr. Levchenko's designation as an "Excluded Party" under the Amended Global Settlement Agreement ("GSA"); (b) administer, reconcile, and adjudicate Mr. Levchenko's Class 5A Dotcom Customer Entitlement Claim in the Chapter 11 Cases; and (c) provide Mr. Levchenko with a timeline for the resolution of his claim and any distributions to which he may be entitled (including catch-up distributions); and granting such other and further relief as the Court deems just and proper.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. A complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (D.I. 26404-1) (the "Plan"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

## PRELIMINARY STATEMENT

1.     This Motion concerns the FTX Recovery Trust's failure to provide basic transparency to a creditor whose claim it has an obligation to administer.  Mr. Levchenko timely filed a proof of claim for approximately $7.4 million in September 2023.  Following entry of the Court-approved Global Settlement Agreement in August 2024, Mr. Levchenko made a Bahamas Opt-In Election, believing – as any reasonable claimant would – that his election was valid.  For over 17 months, agents of FTX Digital Markets Ltd. ("FTX DM") processed his claim in the Bahamas without any indication that his election was defective.  Then, without warning, he received a letter informing him that he was designated an "Excluded Party" under the GSA, rendering his Opt-In Election void and leaving his claim in limbo.  No explanation was provided.

2.     Despite repeated attempts to obtain basic information – through direct correspondence with the Official Liquidators (the "JOLs") of FTX DM, outreach to the FTX Recovery Trust, and multiple communications to its counsel, Sullivan & Cromwell LLP – Mr. Levchenko has received no substantive response.  He does not know why he was designated an Excluded Party.  He does not know whether his claim is being administered.  And, he has been given no indication that anyone intends to address these questions.  Movant now respectfully seeks this Court's intervention to compel the disclosure of information necessary for him to understand his status in these proceedings and to ensure that the FTX Recovery Trust fulfills its obligations under the Plan and GSA.

## RELEVANT BACKGROUND

**A.     The Amended Global Settlement Agreement**

3.     By order dated August 14, 2024, this Court approved the GSA, entered into between FTX Trading Ltd. and certain of its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") and FTX DM. *See* D.I. 6365, 22946. Under the GSA, each "Dotcom Customer," other than "Excluded Parties," could irrevocably elect to have all FTX.com Customer Entitlement Claims withdrawn from the Chapter 11 Cases and administered in the FTX DM Liquidation in the Bahamas (the "Bahamas Opt-In Election"). GSA §§ 5.02(a)-(c). The GSA defines "Excluded Party" as any (a) Control Person, Insider, or Affiliate thereof; (b) holder of a Claim other than an FTX.com Customer Entitlement Claim; or (c) Person against whom the Debtors determine they have a Cause of Action. *Id.*, Art. I (definition of Excluded Parties). Mr. Levchenko does not fall within any of these categories.

**B.      Mr. Levchenko's Timely Proof of Claim and the Bahamas Opt-In Election**

4.      On September 12, 2023, Mr. Levchenko timely filed his Customer Claim Form in this U.S. Chapter 11 proceeding, using the Kroll portal, asserting a claim in the amount of USD $7,418,709.69. *See* Cioffi Decl.,[3] Ex. A (Ltr. from Mr. Levchenko's Bahamas counsel to FTX DM, Dec. 12, 2025; redacted and enclosures omitted) at 1-2.

5.      On August 15, 2024, Mr. Levchenko submitted his Class 5A Ballot and made the Bahamas Opt-In Election, and at the direction of FTX DM's agents, PricewaterhouseCoopers ("PwC"), timely submitted a manual Proof of Debt on August 29, 2024. *See id.*

6.      Between December 2024 and June 2025, FTX DM's agents purported to process Mr. Levchenko's claim in the Bahamas proceeding – instructing him to create a portal account, confirming that his claim was "being processed for formal adjudication," and requesting that he confirm his balance – all of which Movant complied with. *See id.* at 2. Despite sending multiple follow-up messages and a detailed email to PwC, Mr. Levchenko received no substantive response regarding the status of his claim. *See id.* at 3.

---

[3] References to the "Cioffi Decl." are to the Declaration of Joseph Cioffi submitted herewith.

**C.    Correspondence with FTX DM and the FTX Recovery Trust and the Purported Excluded Party Designation**

7.      On January 20, 2026 – more than 17 months after he made the Bahamas Opt-In Election – Mr. Levchenko received a letter from FTX DM informing him, for the first time, that he had been identified as an "Excluded Party" under the GSA and that his Bahamas Opt-In Election was invalid.  *See* Cioffi. Decl., Ex. B (Ltr. from FTX DM to Mr. Levchenko's Bahamas Counsel, Jan. 20, 2026; redacted).   The letter did not identify which part of the Excluded Party definition applied or provide ***any*** factual grounds for the classification.  *See id.*

8.      On February 3, 2026, Mr. Levchenko's Bahamas counsel wrote to the JOLs, requesting clarification of the "Excluded Party" designation.  *See* Cioffi Decl., Ex. C (Ltr. from Mr. Levchenko's Bahamas counsel to FTX DM, Feb. 3, 2026).

9.      On February 9, 2026, the JOLs, on behalf of FTX DM, wrote to Mr. Levchenko, (i) stating that his name appeared on the "initial list of Excluded Parties provided by the Debtors to FTX DM," which FTX DM received "by the 30th day following [August 16, 2024]," but the JOLs could not confirm when that determination was made and that "the JOLs have limited information" about Mr. Levchenko's placement on the list; (ii) confirming that ***"[n]o communication was issued by FTX DM to Mr. Levchenko regarding his status as an Excluded Party prior to the correspondence dated 20th January 2026***"; and (iii) confirming that Mr. Levchenko's claim "***is to be dealt with in the US process***" because Mr. Levchenko's Bahamas Opt-In Election was invalid and that Mr. Levchenko should accordingly direct his questions to counsel for the FTX Recovery Trust, Sullivan & Cromwell LLP.  *See* Cioffi Decl., Ex. D (Ltr. from FTX DM to Mr. Levchenko's Bahamas counsel, Feb. 9, 2026) (the "February 9 Letter").

10.     Promptly following the receipt of the February 9 Letter, undersigned counsel attempted to contact the FTX Recovery Trust and Sullivan & Cromwell LLP through multiple

emails and telephone calls requesting information regarding the basis for Mr. Levchenko's Excluded Party designation and the status of his claim. *See, e.g.*, Cioffi Decl., Ex. E (Email from Davis+Gilbert LLP to Sullivan & Cromwell LLP, Mar. 5, 2026; attachments omitted). Despite multiple follow-up attempts by telephone and email, neither the FTX Recovery Trust nor Sullivan & Cromwell LLP has substantively responded to any of these communications. *See* Cioffi Decl., ¶ 7.[4]

11.   Mr. Levchenko has therefore exhausted all available informal channels and, absent intervention by this Court, has no means of determining the basis on which his claim is being administered, or whether it is being administered at all.

## ARGUMENT

### A.   This Court has Broad Authority to Grant the Relief Requested

12.   Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The relief requested here – compelling the FTX Recovery Trust and Plan Administrator to disclose the basis for an Excluded Party designation and to administer a claim that the GSA expressly directs be administered in the Chapter 11 Cases – falls squarely within this Court's authority. The Plan and the GSA, both approved by this Court, create an integrated framework for the administration of claims. When the entity charged with administering that framework fails to respond to a creditor's inquiries or to take any action with respect to such creditor's claim, this Court has the authority and the obligation to ensure compliance with its own orders.

### B.   The FTX Recovery Trust and Plan Administrator Have an Obligation to Administer Movant's Claim in the U.S. Proceeding

---

[4] The FTX Recovery Trust email address (support@FTX.com) provided only two generic, potentially automated responses that, in any event, did not address Mr. Levchenko's specific questions and concerns.

13. Mr. Levchenko timely submitted his proof of claim in the Chapter 11 proceeding. His subsequent Bahamas Opt-In Election on August 15, 2024 was *void ab initio* and could not have effected a valid withdrawal of his claim from the Chapter 11 cases, as the JOLs expressly confirmed. *See* Exs. B & D; GSA § 5.02(b) (providing that "Excluded Parties shall not be eligible to exercise the Opt-In Election"); *id*. § 5.02(c) (providing that if holder does not "validly exercise[] the Opt-In Election," claim must be "administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the Chapter 11 Cases."). Because Mr. Levchenko was not eligible to make the Opt-In Election, Mr. Levchenko's September 2023 proof of claim therefore remains active on the claims register and must be adjudicated by the Plan Administrator in the United States.

14. Moreover, the Plan has granted certain powers to the Plan Administrator that necessarily carry with them a corresponding obligation to take affirmative steps with respect to Mr. Levchenko's claim. Specifically, Section 8.8 of the Plan vests in the Plan Administrator the authority and responsibility to administer claims in the Chapter 11 Cases, including the authority to "file, withdraw or litigate to judgment objections to Claims," to "settle or compromise any Disputed Claim," and to "determine . . . that a Claim subject to any Proof of Claim that is filed is Allowed." Further Section 8.5 of the Plan provides that the Plan Administrator shall establish a Disputed Claims Reserve "on account of Disputed Claims that may be subsequently Allowed after the Effective Date." The Plan Administrator's complete failure to communicate with or take any action with respect to Mr. Levchenko's claim is inconsistent with these obligations.

C.     **The Debtor's Own Conduct Created the Current Impasse**

15. After Mr. Levchenko made the Bahamas Opt-In Election, FTX DM's agents purported to process his claim in the Bahamas for over a year. At no point during this extended

period did any party – not the Debtors, not FTX DM, not PwC, not the Plan Administrator, and not Sullivan & Cromwell LLP – notify Mr. Levchenko that the Bahamas Opt-In Election was invalid, that he was an Excluded Party, or that he needed to take any steps to preserve his claim in the Chapter 11 cases.  Mr. Levchenko was not informed of his Excluded Party status until January 20, 2026, more than two years after his original proof of claim was filed.  This delay, caused by the conduct of the estate's own agents and fiduciaries, cannot be held against Mr. Levchenko.  Moreover, when the JOLs asked Mr. Levchenko to direct his inquiries to Sullivan & Cromwell LLP and FTX Recovery Trust, which Mr. Levchenko did, his inquiries were ignored.

**D.      Mr. Levchenko is Entitled to Disclosure of the Basis for His Designation**

16.      Mr. Levchenko is entitled to know the basis upon which he has been designated an Excluded Party under the GSA.  The Excluded Party definition contains three distinct parts, each with different factual predicates.  Mr. Levchenko is not aware of any basis on which he could properly fall within any of the three categories.  He is not a control person, affiliate, or insider, and he does not hold any Claim against the Debtors other than a FTX.com Customer Entitlement Claim.  And, he is not aware of any Cause of Action that the Debtors have asserted or could assert against him.  Without disclosure of the specific basis for the designation, Mr. Levchenko cannot meaningfully challenge the designation or protect his rights.  Fundamental principles of due process require that a party whose rights are being adversely affected by a determination of a court-supervised fiduciary be informed of the basis for that determination and afforded a meaningful opportunity to respond.

**WHEREFORE**, Movant respectfully requests that this Court enter an order (i) directing the FTX Recovery Trust and Plan Administrator to take the below actions, and (ii) granting such other and further relief as the Court deems just and proper.

(a) Disclose to Movant, within fourteen (14) days of the entry of such order, the specific part of the Excluded Party definition under the GSA upon which Movant's designation is based, together with the factual grounds supporting such designation;

(b) Administer, reconcile, and adjudicate Movant's Class 5A Dotcom Customer Entitlement Claim in the Chapter 11 Cases in accordance with the confirmed Plan; and

(c) Provide Movant with a timeline for the resolution of his claim and any distributions to which he may be entitled (including catch-up distributions).

Dated: April 1, 2026
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Ricardo Palacio*
Ricardo Palacio (DE Bar No. 3765)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Email: RPalacio@ashbygeddes.com

-and-

**DAVIS+GILBERT LLP**
Joseph Cioffi
H. Seiji Newman
Adam M. Levy
1675 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Email: jcioffi@dglaw.com
Email: hsnewman@dglaw.com
Email: alevy@dglaw.com

*Counsel to Grigorii Levchenko*