**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING, LTD., *et al.*,[1] | Case No. 22-11068(KBO) |
| | (Jointly Administered) |
| Debtors. | |

**DECLARATION OF JOSEPH CIOFFI IN SUPPORT OF**
**MOTION OF GRIGORII LEVCHENKO TO COMPEL FTX RECOVERY TRUST TO**
**(I) DISCLOSE BASIS FOR EXCLUDED PARTY DESIGNATION AND**
**(II) ADMINISTER CLASS 5A DOTCOM CUSTOMER ENTITLEMENT CLAIM**

I, Joseph Cioffi, hereby declare under penalty of perjury as follows:

1.      I am a partner of the law firm Davis+Gilbert LLP, counsel for Grigorii Levchenko ("Mr. Levchenko" or "Movant").  I submit this declaration in support of Mr. Levchenko's motion for an order compelling the FTX Recovery Trust[2] and the Plan Administrator to:  (a) disclose the specific basis for Mr. Levchenko's designation as an "Excluded Party" under the Amended Global Settlement Agreement ("GSA"); (b) administer, reconcile, and adjudicate Mr. Levchenko's Class 5A Dotcom Customer Entitlement Claim in the Chapter 11 Cases; and (c) provide Mr. Levchenko with a timeline for the resolution of his claim and any distributions to which he may be entitled (including catch-up distributions); and granting such other and further relief as the Court deems just and proper.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  A complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (D.I. 26404-1) (the "Plan").  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

{02218188;v1 }

2.      Attached hereto as **Exhibit A** is a true and correct copy of the redacted letter from Mr. Levchenko's Bahamas counsel to FTX Digital Markets Ltd. ("FTX DM"), dated December 12, 2025 (enclosures omitted).

3.      Attached hereto as **Exhibit B** is a true and correct copy of the redacted letter from FTX DM to Mr. Levchenko's Bahamas counsel, dated January 20, 2026.

4.      Attached as **Exhibit C** is a true and correct copy of the letter from Mr. Levchenko's Bahamas counsel to FTX DM, dated February 3, 2026.

5.      Attached hereto as **Exhibit D** is a true and correct copy of the letter from FTX DM to Mr. Levchenko's Bahamas counsel, dated February 9, 2026.

6.      Attached hereto as **Exhibit E** is a true and correct copy of the email from Davis+Gilbert LLP to Sullivan & Cromwell LLP, dated March 5, 2026, and follow up email, dated March 11, 2026.

7.      Sullivan & Cromwell LLP did not respond to either email, or to multiple subsequent follow up calls by my colleague Adam Levy, an associate at Davis+Gilbert LLP, made on March 13 and 16, 2026.  As of the date of this declaration, no substantive response from Sullivan & Cromwell LLP has been received.  The FTX Recovery Trust email address (support@FTX.com) provided only two generic, potentially automated responses that, in any event, did not address Mr. Levchenko's specific questions and concerns.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 1, 2026
New York, New York

/s/ Joseph Cioffi
Joseph Cioffi

# Exhibit A

# HIGGS & JOHNSON

Honor et Integritas
Counsel & Attorneys-at-Law

TAG/NRP/36119.101

OUR REF:

YOUR REF:

12th December, 2025

**BY HAND**

Brian C. Simms KC
Kevin G. Cambridge
Peter J. Greaves
**Joint Official Liquidators**
**FTX DIGITAL MARKETS LTD.**
co/ Sophia Rolle-Kapousouzoglou
Lennox Paton
3 Bayside Executive Park
West Bay Street & Blake Road
Nassau, The Bahamas

Dear Sirs,

**Re:    Grigorii Levchenko (customer/creditor of FTX Digital Markets Ltd)**

We advise that we act on behalf of Mr. Grigorii Levchenko, an individual customer/creditor of FTX Digital Markets Ltd ("FTX"). As Mr. Levchenko is resident outside of the jurisdiction, he has retained Higgs & Jonson to represent his interest in the FTX liquidation in The Bahamas.

On or about 29 August 2024, Mr. Levchenko submitted a Manual Proof of Debt in respect of his FTX account held in his name, "Grigorii Levchenko" corresponding to FTX Account ID ▮▮▮▮ and Claim No. ▮▮▮▮. Mr. Levchenko seeks to recover the sum of USD **$7,418,709.69**, being the balance standing to his credit with FTX as at the date of the Winding Up Petition.

With respect to our client's substantive claim, we invite you to take special note of the following sequence of events:-

1.  On 30th March 2023 Mr. Levchenko received an email from FTX containing his unique customer code ▮▮▮▮ and claim information.

NASSAU OFFICE
Ocean Centre, Montagu Foreshore, East Bay St.
P.O. Box N-3247 • Nassau, Bahamas
Tel: +1(242) 502-5200  • Fax: +1(242) 502-5250
nassau@higgsjohnson.com • higgsjohnson.com



**Joint Official Liquidators**
**FTX DIGITAL MARKETS LTD**
12th December, 2025
Page 2

**HIGGS & JOHNSON**

2. On 12th September 2023 Mr. Levchenko submitted his Customer Claim Form in the U.S. FTX (Chapter 11) proceedings on the Kroll portal.

3. On 15th August 2024 Mr. Levchenko submitted his Class 5ADotcom Customer Entitlement Claim Ballot (E-Ballot Confirmation ID: ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ )

4. On 27th August 2024, Mr. Levchenko received confirmation from FTX confirming receipt of his Ballot; however, FTX's records indicate that he had not submitted a Proof of Debt via the FTX Digital Markets Claim Portal, which is a requirement for participating in the Bahamas Process. The email further explained that he must submit his Proof of Debt before 4:00 PM prevailing Eastern Time on 30th August 2024, or FTX will not be able to further administer his claim in the Bahamas Process.

5. On 29th August 2024, in compliance with this requirement, Mr. Levchenko submitted his manual Proof of Debt disclosing *inter alia* his personal details, basis for his claim and amount of his claim.

6. On 10th December 2024, Mr Levchenko received a further email from FTX confirming receipt of his manual Proof of Debt Form and instructing him to create a portal account to progress through the next stages of the process, which he complied with.

7. On 17th December 2024 Mr. Levchenko received a message from the FTX Digital Claim Portal confirming that he successfully created an electronic account, and his claim is being processed for formal adjudication. The message further asked for Mr. Levchenko to confirm or dispute his latest balance summary. He replied on 12th December 2024, confirming that his latest account balance is correct. Mr. Levchenko has not received a response via the Digital Claim Portal to date despite following up on February 13th 2025, 25 March 2025 and 23rd April 2025.

8. In a further effort to receive an update about his claim, Mr. Levchenko sent an email to PriceWaterHouseCoopers ("PwC") (gbl_fdm_creditors@pwc.com) on 20th June 2025 advising his name, claim ID and that he has duly complied with all procedural requirements

**Joint Official Liquidators**
**FTX DIGITAL MARKETS LTD**
12ᵗʰ December, 2025
Page 3

**HIGGS & JOHNSON**

For the Bahamas Process and thus would like confirmation on the following inquiries:

> "*Specific Inquiries:*
>
> 1. *Submission of All Documents Required: Could you please formally confirm whether all submitted documents, including the Manual Proof of Debt Form and the extensive supporting evidence, have been received in full and are deemed sufficient and acceptable for the adjudication process? If any documentation is missing or requires correction, kindly provide a detailed list.*
>
> 2. *Adjudication Status and Timeline: We would appreciate more specific information on the current stage of the adjudication for this claim. Furthermore, could you provide an estimated timeframe for the completion of the review in our client's case, or advise on the typical processing time for claims at this stage?*
>
> 3. *Expediting the Review: Please advise whether there are any steps our client can undertake to assist or expedite the review of his claim. This could include, inter alia, clarifying previously submitted information or providing further documentation if needed.*"

9. On 28ᵗʰ June 2025 Mr. Levchenko received a generic automated response from the PwC joint Official Liquidators email. To date, he has not received a response to his questions.

You will find enclosed copies of the various emails and documents aforementioned in paragraphs 1 through 9 above.

In the circumstances, Mr. Levchenko has not received any updates regarding the status of his claim and has exhausted all reasonable avenues to obtain a response through the designated channels. Since the submission of his Manual Proof of Debt, there has been no substantive communication or progress from the platform, JOLS, or PwC. For ease of reference, we also enclose a screenshot of the claims portal confirming that no advancement has been made since the Manual Proof of Debt was filed.

3

**Joint Official Liquidators**
**FTX DIGITAL MARKETS LTD**
12th December, 2025
Page 4

**HIGGS & JOHNSON**

We should be grateful if you could provide an update on the current status of our client's claim. Should you require any further information, please do not hesitate to advise. Otherwise, we look forward to your favourable consideration of our client's position.

Yours faithfully,
**HIGGS & JOHNSON**

**Tara A. Archer-Glasgow (Mrs.)**

Enc

4

# **Exhibit B**

**FTX Digital Markets Ltd. (In Official Liquidation)**
Building 27, Veridian Corporate Centre
Western Road
Nassau, N.P., The Bahamas

BY EMAIL (█████████████████████)

20 January 2026

Grigorii Levchenko
Villa Keona, Tegal Cupek Gg. P. Ambon, Kerobokan
Kec. Kuta Utara, Kabupten Badung, Denpasar, Bali

Dear Mr Levchenko:

**FTX Digital Markets Ltd (in Official Liquidation) ("FTX DM")**

We refer to the official liquidation of FTX DM in the Supreme Court of the Commonwealth of The Bahamas (the "Bahamas Court"). Our records indicate that you have made the election to have your Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation in accordance with the Opt-In Election provided for in Article V of the Global Settlement Agreement dated 19 December 2023 by and among FTX DM and the Debtors (now the FTX Recovery Trust), as approved by the Bahamas Court by order dated 22 January 2024 (as amended by order of the Bahamas Court on 16 August 2024) and the United States Bankruptcy Court for the District of Delaware (the "U.S. Court") by order dated 26 June 2024 (as amended by order of the U.S. Court dated 14 August 2024) (D.I. 6365, 22946) (the "GSA"). All capitalized terms used but not defined herein have the meanings given to them in the GSA. A copy of the GSA can be accessed free of charge by visiting https://www.pwc.com/bs/en/services/business-restructuring-ftx-digital-markets/documents.html.

Under Section 5.02(b) of the GSA, "Excluded Parties" are not eligible to exercise the Opt-In Election. An Excluded Party means, in pertinent part, any (a) Control Person, Insider or Affiliate of a Control Person or Insider; (b) holder or subsequent transferee of such holder of a Claim against any Debtor other than a FTX.com Customer Entitlement Claim; or (c) Person or any initial or subsequent transferee of such Person against whom the Debtors determine they have any Cause of Action (other than for withdrawals of cash or Digital Assets from the FTX.com Exchange).

The Debtors have identified you as an Excluded Party. Accordingly, your Opt-In Election in connection with the Claim as set out in your Proof of Debt submitted on 29 August 2024 for FTX account #███████ is invalid. Therefore, in accordance with Section 5.02(c) of the GSA, your Claim will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied under the terms of the Chapter 11 Cases and will not be admitted in the FTX DM Liquidation.

In summary, this letter provides formal notification of the reasons why your claim cannot be dealt with in the FTX DM Liquidation proceedings under the Bahamas Court and confirms that your claim will be dealt with by the FTX Recovery Trust under the Restructuring Plan approved by the U.S. Court.

Yours sincerely
For and on behalf of
FTX Digital Markets Limited (In Official Liquidation)

Joint Official Liquidator

*This correspondence is being sent by the Joint Official Liquidators ("JOLs") of FTX Digital Markets, Ltd. (In Official Liquidation) ("FTX DM" or the "Company") who are officers of The Supreme Court of the Commonwealth of The Bahamas (the "Bahamas Court"). The JOLs act as agents of the Company, without personal liability, and any request contained within this correspondence is being made solely as it pertains to the Company and in enabling furtherance of the duties conferred on the JOLs by the Bahamas Court.*

**Exhibit C**



**HIGGS & JOHNSON**

Honor et Integritas
Counsel & Attorneys-at-Law

OUR REF:        TAG/NRP/36119.101

YOUR REF:

3rd February 2026

**BY HAND**

Brian C. Simms KC
Kevin G. Cambridge
Peter J. Greaves
**Joint Official Liquidators**
**FTX DIGITAL MARKETS LTD.**
co/ Sophia Rolle-Kapousouzoglou
Lennox Paton
3 Bayside Executive Park
West Bay Street & Blake Road
Nassau, The Bahamas

Dear Sirs,

**Re:        Grigorii Levchenko (customer/creditor of FTX Digital Markets Ltd)**

We write further to your letter dated 20th January 2026 advising that our client has been identified as an "Excluded Party" for the purposes of section 5.02(b) of the Global Settlement Agreement dated 19 December 2023 (the "GSA"), and that his Opt-In Election has accordingly been treated as invalid.

In order to allow our client to properly understand his position and consider his rights, we should be grateful if you would kindly clarify the specific basis upon which this designation has been made. In particular, please confirm:

1.        which limb of the definition of "Excluded Party" under Article 1 of the GSA is said to apply to our client;

2.        the factual grounds relied upon in support of that classification; and

3.        whether our client appears on the schedule or list of Excluded Parties provided by the Debtors pursuant to section 5.02(b) of the GSA, and if so, the date on which he was added to that list.

We also note that our client did not previously receive notice that he was considered an Excluded Party or that his Opt-In Election might be treated as



TerraLex

**Joint Official Liquidators**
**FTX DIGITAL MARKETS LTD**
3rd February, 2026
Page 2 of 2

**HIGGS & JOHNSON**

ineffective. We would therefore be grateful if you could also confirm when this determination was made and whether any prior notification was issued.

For completeness, our client reserves all rights in respect of the classification and the treatment of his claim pending receipt of the above clarification.

We look forward to hearing from you.

Yours faithfully,
**HIGGS & JOHNSON**

(For)   **Tara A. Archer-Glasgow (Mrs.)**

**Exhibit D**



**LXP** LennoxPaton

**9th February 2026**

**BY HAND & BY EMAIL: tarcher@higgsjohnson.com**

**Mrs. Tara Archer-Glasgow**
Higgs & Johnson
Lyford Crescent
Western Road, Lyford Cay
Nassau, New Providence
The Bahamas

Dear Mrs. Archer-Glasgow,

**Re: Grigorii Levchenko (customer/creditor of FTX Digital Markets Ltd.)**

We refer to the captioned matter in which we act on behalf of the Joint Official Liquidators ("**JOLs**") of FTX Digital Markets Ltd. (In Official Liquidation) ("**Company**" or "**FTX DM**") and write further to your letter dated 3rd February 2026.

*Which limb of the definition of "Excluded Party" under Article 1 of the GSA is said to apply to your client*

As stated in the JOLs' communication to Mr. Levchenko on 20th January 2026, in accordance with Section 5.02(c) of the GSA, Mr. Levchenko's claim will be administered, reconciled, valued, settled, adjudicated, resolved, and satisfied by the FTX Recovery Trust and not admitted in the FTX DM liquidation. We suggest that you contact Counsel for the FTX Recovery Trust, Sullivan & Cromwell, to find out this information as Mr. Levchenko is to be dealt with in the US process.

*Whether your client appears on the schedule list of Excluded Parties provided by the Debtors pursuant to Section 5.02(b) of the GSA, and if so the date on which he was added to the list*

Section 5.02(b) of the GSA provides:

> "*(b) Excluded Parties. Excluded Parties shall not be eligible to exercise the Opt-In Election. **The Debtors shall provide FTX DM with an initial list of Excluded Parties by no later than the mailing of ballots for the Chapter 11 Plan**. The Debtors may supplement or modify such list from time to time up to the thirtieth (30th) day following the Bahamas Bar Date, at which time the list of Excluded Parties shall be final and binding on both Parties.*"

We can confirm that Mr. Levchenko was listed on the initial list of Excluded Parties provided by the Debtors to FTX DM. We can confirm that FTX DM received the Excluded Parties List identifying Mr. Levchenko as an Excluded Party by the 30th day following the Bahamas Bar Date which was 16th August 2024.

../2

Telephone:  +1 (242) 502 5000
(010487221)
Email:      lxp@lennoxpaton.com
Web:        lennoxpaton.com

3 Bayside Executive Park,
West Bay Street & Blake Road,
P.O. Box N-4875,
Nassau, The Bahamas

Mrs. Tara Archer-Glasgow                    -2-                    9th February 2026
Higgs & Johnson

### *Confirmation of when your client was determined to be an Excluded Party or that his Opt-in Election might be treated as ineffective*

We cannot confirm when the Debtors determined Mr. Levchenko would be classified as an Excluded Party.  Pursuant to Section 5.02(b) of the GSA (as set out above) which was sanctioned (as amended) by order of the Supreme Court of The Bahamas dated 16th August 2024, Excluded Parties are not eligible to exercise the Opt-in Election.  Accordingly, Mr. Levchenko's Opt-in Election in connection with his Proof of Debt submitted on the 29th August 2024 is invalid.

### *Whether any prior notification was issued*

No communication was issued by FTX DM to Mr. Levchenko regarding his status as an Excluded Party prior to the correspondence dated 20th January 2026 sent by the JOLs' team to Mr. Levchenko via e-mail.

In the circumstances, given that your client is classified as an Excluded Party and the JOLs have limited information as to your client's placement on the Excluded Parties list or update regarding his claim, we would suggest that you direct your questions to the FTX Recovery Trust, at support@ftx.com.

Yours sincerely,
**LENNOX PATON**

**Sophia Rolle-Kapousouzoglou**

{01048722-1 }



# Exhibit E

## Levy, Adam

| | |
|---|---|
| **From:** | Levy, Adam |
| **Sent:** | Wednesday, March 11, 2026 8:58 PM |
| **To:** | Newman, Seiji; dietdericha@sullcrom.com; bromleyj@sullcrom.com; gluecksteinb@sullcrom.com; kranzleya@sullcrom.com; rosenthald@sullcrom.com; ensenc@sullcrom.com |
| **Cc:** | Cioffi, Joseph |
| **Subject:** | RE: FTX Digital Markets – Claim of Grigorii Levchenko (FTX Account No. ) |

Alexa and Brian – We write to follow up on our below email.  We've only received automated responses from support@ftx.com.  Please advise.

Thank you.

**Adam M. Levy**

alevy@dglaw.com
d   646 673 8305
m  908 489 3468

vCard | Bio | LinkedIn | Twitter

**Davis+Gilbert LLP**
1675 Broadway, New York, NY 10019
dglaw.com

Visit **CreditChronometer.com** for commentary on events and
legal developments shaping the credit markets

**From:** Newman, Seiji <hsnewman@dglaw.com>
**Sent:** Thursday, March 5, 2026 3:04 PM
**To:** dietdericha@sullcrom.com; bromleyj@sullcrom.com; gluecksteinb@sullcrom.com; kranzleya@sullcrom.com; rosenthald@sullcrom.com; ensenc@sullcrom.com
**Cc:** support@ftx.com; Cioffi, Joseph <JCioffi@dglaw.com>; Levy, Adam <alevy@dglaw.com>
**Subject:** FTX Digital Markets – Claim of Grigorii Levchenko (FTX Account No. )

Dear Counsel:

We write on behalf of Grigorii Levchenko, a former FTX.com customer, regarding his claim in the FTX Chapter 11 proceedings.  As set forth below, the Joint Official Liquidators of FTX Digital Markets Ltd. ("Bahamas Liquidators") recently sent correspondence to Mr. Levchenko stating that he is an "Excluded Party" under the Amended and Restated Global Settlement Agreement (the "GSA"), although it does not appear that he falls under any category for such a designation.  We seek information regarding the administration of his claim and any steps required to receive distributions.

**<u>Background</u>**

On September 12, 2023, Mr. Levchenko submitted his claim in the Chapter 11 proceedings, valued at approximately USD $7,418,709.69 (Confirmation ID: ███████████████████; FTX Account Number: ██████).  In August 2024, he elected to have his claim administered in the Bahamas liquidation proceeding (the "Bahamas Opt-In Election") and submitted a Proof of Debt.

1

In January 2026, the Bahamas Liquidators notified Mr. Levchenko – for the first time – that he had been identified as an Excluded Party under the GSA, rendering his Bahamas Opt-In Election invalid.  The Bahamas Liquidators advised that his claim "will be dealt with by the FTX Recovery Trust under the Restructuring Plan approved by the U.S. Court."  In subsequent correspondence with the Bahamas Liquidators, Mr. Levchenko requested additional information concerning his supposed status as an Excluded Party.  The Bahamas Liquidators directed Mr. Levchenko to contact Sullivan & Cromwell for additional information.

Please see the attachments for further detail.

**Information Requested**

We request information regarding the following:

- **Basis for Excluded Party Designation**:  Please identify the specific basis for Mr. Levchenko's designation as an Excluded Party under the GSA.  As noted, Mr. Levchenko does not appear to fall under any category for an Excluded Party under the GSA, and Mr. Levchenko was never provided any explanation for the designation.

In addition, to resolve this matter promptly, please provide the following information:

- **Claim Status**: Please advise as to the current status of Mr. Levchenko's claim and whether any action is required by him at this time.  Based on our review of the GSA and the Chapter 11 Plan, we understand that Mr. Levchenko's claim automatically reverts to the U.S. Chapter 11 proceeding, and his original Customer Claim Form filed on September 12, 2023 remains valid.  *See* GSA, §§ 5.02(b)-(c).

- **KYC Status**: We understand that Mr. Levchenko completed the Know Your Customer (KYC) verification process in connection with his U.S. Chapter 11 claim; however, the status in the Kroll portal states "on hold" / "under review."  Please confirm that the KYC verification process has been completed.  If he has not, please advise as to the steps required to complete this process.

- **Tax Forms // Other Pre-Distribution Requirements**:  Please advise whether Mr. Levchenko has submitted the required tax forms and any other pre-distribution requirements that Mr. Levchenko must satisfy to receive distributions under the Plan, and the deadlines for completing such requirements.

- **Distribution Timeline**:  Please advise as to the anticipated timing of distributions to holders of Class 5A Dotcom Customer Entitlement Claims in the U.S. Chapter 11 proceeding.

Given that Mr. Levchenko filed his claim in September 2023, and he did not receive notice until January 2026 of the Excluded Party designation, we respectfully request a prompt response to avoid potentially having to seek court intervention for this matter.  Please let us know if you require any additional information.

Thank you,

Seiji

**H. Seiji Newman**

hsnewman@dglaw.com
d   212 468 4904

vCard | Bio | LinkedIn | Twitter

**Davis+Gilbert LLP**

1675 Broadway, New York, NY 10019
dglaw.com

Visit **CreditChronometer.com** for commentary on events and
legal developments shaping the credit markets