**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF MICHAEL S. LETO IN SUPPORT OF
FTX RECOVERY TRUST'S TWO HUNDREDTH (NON-SUBSTANTIVE) OMNIBUS
OBJECTION TO UNVERIFIED CUSTOMER ENTITLEMENT CLAIMS**

I, Michael S. Leto, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director and Co-Head of Crypto at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operation restructuring.

2. I have over fifteen years of distressed company advisory experience. Through roles both in senior management and as a restructuring advisor, I have substantial experience helping financially distressed companies stabilize their financial condition, analyze their operations, and develop business plans to accomplish the necessary restructuring of their operations and finances. I have advised clients in numerous major bankruptcy cases, including Lehman Brothers Holdings Inc., where I spent three years as the Chief Financial Officer; Genesis Global Holding and subsidiaries, a lending and borrowing, spot trading, derivatives, and custody service for digital assets and fiat currency; and Terraform Labs PTE, a Singapore blockchain firm

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

focused on decentralized financial infrastructure and applications in the digital asset space. I have also served as the interim Chief Financial Officer of other private companies. I received my bachelor's degree in accounting and business administration from Hofstra University and an MBA from Fordham University in management systems and international business.

3. I have been involved in the FTX case since October 2024 and have been leading the A&M Know-Your-Customer team, as well as playing an instrumental role in distributions to creditors of the Debtors.

4. I submit this declaration (this "Declaration") regarding the *FTX Recovery Trust's Two Hundredth (Non-Substantive) Omnibus Objection to Unverified Customer Entitlement Claims* (the "Objection").[2] I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by the FTX Recovery Trust.

5. Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by A&M professionals involved in advising the FTX Recovery Trust, or information provided to me by the FTX Recovery Trust. If called upon to testify, I could and would testify to the facts set forth herein on that basis. I am authorized to submit this Declaration on behalf of the FTX Recovery Trust.

## I. The KYC Submission Process

6. In the seventeen months following entry of the Customer Bar Date Order, approximately 160,000 Original Holders successfully completed the KYC submission process. However, approximately 482,000 Original Holders still had not done so (excluding scheduled *De Minimis* Claims) in the months leading up to the Effective Date of the Plan.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Objection.

7. Between the entry of the KYC Objection Order and the KYC Completion Deadline, approximately 16,700 Original Holders commenced or completed the KYC submission process. Nearly 440,000 Customer Entitlement Claims were permanently expunged under the KYC Objection Order.

8. Although the KYC Objection Order addressed the vast majority of Unverified Claims, it did not address them all. Approximately 7,110 Unverified Claims, representing roughly $60 million in scheduled claim value, remained. Those claims fall into five categories:

- *Original Holders with Multiple Accounts.* Approximately 5,629 claims were associated with Original Holders who held multiple FTX accounts and had completed KYC for some, but not all, of those accounts. Although these claims were included in the KYC Objection Order, the FTX Recovery Trust excluded them from the subsequent notices of expungement to provide the Original Holders additional time to complete KYC for their remaining accounts.

- *Customer Service Outreach.* Approximately 819 claims were associated with Original Holders who had communications with the FTX customer support team ("FTX Customer Support") between the KYC Commencement Deadline and the KYC Completion Deadline. These claims were excluded from the notices of expungement to provide the Original Holders additional time to resolve any technical issues preventing the completion of KYC.

- *Pending Document Request.* Approximately 387 claims were associated with Original Holders who had pending document requests or were actively engaged in the KYC submission process as of the KYC Completion Deadline. Out of an abundance of caution, the FTX Recovery Trust removed these claims from the notices of expungement. These claimants are no longer engaged in the KYC process.

- *Traded, Non-Customer, and On Hold Claims.* Approximately 38 claims were excluded from the notices of expungement because they had been traded by their Original Holders, were identified as associated with non-customer claims, or were on hold for payment or litigation. Each of these issues has since been resolved or is no longer a basis to defer KYC compliance.

- *Previously Rejected KYC Claims.* Approximately 232 claims were excluded from the KYC Objection, and an additional 5 claims were excluded from the notices of expungement, because the KYC information that had been provided was rejected due to a curable defect. These claims were excluded from the KYC Objection and notices of expungement to provide the Original Holders additional time to cure the identified deficiencies in their KYC submissions.

These issues have since been addressed or no longer justify deferring KYC compliance.

## II.     KYC Notices

9.     In the fourteen months since the Court entered the KYC Objection Order, Original Holders have received numerous notices to complete the KYC process.

10.     Institutional Original Holders received the following notices:

- FTX Customer Support sent a total of 6 KYC reminder emails to institutional Original Holders on April 3, 2025, May 8, 2025, October 21, 2025, December 8, 2025, January 28, 2026, and March 5, 2026.

- FTX Customer Support sent a total of 7 KYC reminder emails to institutional Original Holders with multiple accounts on April 3, 2025, May 8, 2025, August 5, 2025, October 21, 2025, December 8, 2025, January 28, 2026, and March 5, 2026.

11.     Retail Original Holders received the following notices:

- FTX Customer Support sent a total of 7 KYC reminder emails to retail Original Holders on April 3, 2025, May 8, 2025, October 21, 2025, December 8, 2025, January 28, 2026, March 5, 2026, and March 27, 2026.

- FTX Customer Support sent a total of 7 KYC reminder emails to retail Original Holders with multiple accounts on April 3, 2025, May 8, 2025, August 5, 2025, October 21, 2025, December 8, 2025, January 28, 2026, and March 5, 2026.

- The FTX Recovery Trust's KYC document review team also sends periodic targeted reminders to Original Holders who have not submitted sufficient KYC information or documentation such as source of funds documents. These reminders are sent on a rolling basis based on the last time that a KYC application was reviewed.

12.     Transferees of Customer Entitlement Claims received the following notices:

- On April 3, 2025, May 8, 2025, and March 27, 2026, FTX Customer Support sent emails to transferees of Customer Entitlement Claims reminding them to direct the Original Holder of such Customer Entitlement Claims to commence and/or complete KYC.

## III.    Unverified Claims Review Process

13.    Based upon a review of the Unverified Claims and the FTX Recovery Trust's books and records, as well as the FTX Recovery Trust's and its advisors' ongoing analysis and review, it is my opinion that the Unverified Claims listed on Schedule 1 to Exhibit A continue to lack the requisite KYC documentation at this time to properly verify the validity of a claim against the FTX Recovery Trust.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:  April 1, 2026

/s/ Michael S. Leto
Michael S. Leto
Alvarez & Marsal North America, LLC
Managing Director