# **EXHIBIT A**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

for the   District of   Delaware

In re   FTX TRADING LTD., et. al.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No.   22-11068 (KBO)

Chapter   11

Adv. Proc. No.   _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Nomura Securities International, Inc., c/o Corporate Services Company, 80 State St., Albany, NY  12207
*(Name of person to whom the subpoena is directed)*

[X]  *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit A

| PLACE   Landis Rath & Cobb LLP, 919 N. Market Street, Suite 1800 Wilmington, DE 19899 | DATE AND TIME May 4, 2026 |
|---|---|

[ ]  *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   April 3, 2026

CLERK OF COURT

OR

_____          *Elizabeth A. Rogers*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
FTX Recovery Trust_____  ,  who issues or requests this subpoena, are: Matthew B. McGuire & Elizabeth A. Rogers, Landis, Rath & Cobb LLP

919 N. Market Street, Suite 1800, Wilmington, DE 19801, Tel. 302-467-4400, Email: mcguire@lrclaw.com & erogers@lrclaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## EXHIBIT A

## DEFINITIONS

For purposes of the Document Requests below (the "**Requests**," and each a "**Request**"), the following terms shall apply:

1. The terms "**and**" and "**or**" in Definitions and Requests shall be construed conjunctively or disjunctively as necessary to bring within the scope of the Requests all Documents that might otherwise be construed as outside their scope.

2. The term "**any**" means "each and every," "any and all," and "any one."

3. The term "**April 3 Email**" refers to the April 3, 2021 email from carlos.cheng@nomura.com to mike.kayamori@liquid.com with the subject line "RE: Nomura Liquid Meeting."

4. The term "**August 2021 Security Breach**" refers to the security breach at Liquid on or around August 19, 2021, pursuant to which approximately USD $95 million was stolen.

5. The term "**Claimant**" refers to Seth Melamed, as well as any agents, assigns, attorneys, representatives, or any other Persons acting or purporting to act on Seth Melamed's behalf.

6. The term "**Communication**," or any variant thereof, means any contact between two or more Persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, and shall include, without limitation, written contact by means such as letters, memoranda, telecopies, text messages, instant messages, Slack messages, Signal messages, Telegram messages, e-mails, social media, or any other Document, and oral contact, such as face-to-face meetings, videoconference or telephone conversations, or social media. The term "Communication" is not limited to internal Communications but includes

Communications between You and third parties and Communications between or among third parties.

7.     The term "**Concerning**" is to be understood in its broadest sense and means concerning, constituting, Identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, recording, Including, negating, manifesting, containing, or comprising the subject matter Identified.

8.     The term "**Document**" shall have the broadest meaning permitted by Rule 34 of the Federal Rules of Civil Procedure, applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, Including, but not limited to, any tangible thing upon which any expression, Communication or representation has been recorded by any means Including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, computer disks, computer storage drives, computer tapes, or mechanical, electronic, or digital recording or information storage of any kind, and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), Including working papers, preliminary, intermediate, or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, and all other writings and recordings of every kind that are in Your actual or constructive possession, custody, or control.

9.     The term "**Identify**," or any variant thereof, means: (i) in relation to a natural Person, to establish a Person's identity such that the identity of the Person will be ascertainable

distinctly from all other like Persons, and to provide the Person's current or last known employer, current or last known mailing address, and current or last known telephone number; or (ii) in relation to a Document or item, to establish the Document's or item's identity such that the identity of the Document or item will be ascertainable distinctly from all other like Documents or items, and to state the name and address of the custodian of the Document or item, the location of the Document or item, and a general description of the Document or item.

10. The term "**Including**" means "Including, but not limited to" and "Including, without limitation." It shall not be construed to limit the scope of any definition or Request herein.

11. The term "**Liquid**" refers to, Liquid Group, Inc. and its subsidiaries, Including Quoine Pte. Ltd. and FTX Japan (f/k/a Quoine Corporation).

12. The term "**March 2021 Deck**" refers to the Nomura slide presentation entitled "To Liquid.com - Discussion Materials" dated "March 2021."

13. The term "**Person**" includes both the singular and the plural, and means any natural person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, firm, trust, estate, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof, or any other organization or entity.

14. The term "**You**" or "**Your**," or any variant thereof, shall refer to the Nomura Group companies, as well as any affiliates, agents, assigns, attorneys, representatives, or any other Persons acting or purporting to act on the Nomura Group's behalf.

**INSTRUCTIONS**

1.      Unless otherwise specified, the responsive period for each Request is from January 1, 2021 through the present (the "**Relevant Period**").

2.      All discovery in connection with these Requests shall be subject to and conducted in accordance with the terms of the Stipulation and Protective Order in *In re FTX Trading Ltd., et al.*, No. 22-11068, D.I. 832 (Bankr. D. Del. 2022).

3.      You are instructed to respond separately to each Request and to produce all Documents responsive to the Requests that are within Your possession, custody, or control, or in the possession, custody, or control of any other Person or entity acting or purporting to act on Your behalf.

4.      If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the Documents requested thereby, so state, and specify (a) the portion of each Request that cannot be responded to fully and completely, (b) what efforts were made to obtain the requested Documents, (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely, and (d) any knowledge, information or belief You have Concerning the unanswered portion of any such Request(s).

5.      If there are no Documents responsive to any particular Request, Your response shall state so in writing.

6.      Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion.

7.      You must answer each Request separately and fully, unless it is objected to, in which event the objection(s) should be specifically stated.

8.      If any information requested in a Request is claimed to be privileged or otherwise immune from discovery, or if any Document is withheld from production based on a claim of privilege, immunity, or other ground, furnish a list specifying:  (a) the nature of the privilege, immunity, or other ground claimed; (b) the authors of the Document; (c) all Persons who received copies of the Document, Including the Document's indicated and blind copy recipients; (d) the date of the Document; (e) the type of Document (*e.g.,* memorandum, letter, report, email); and (f) the general subject matter of the Document sufficient to enable the Trust to assess the applicability of the claimed privilege, immunity, or other ground for refusal to produce the Document.  For each item of information or Document You withhold based on a claim of privilege, immunity, or other ground, Identify such information or Document with sufficient particularity for purposes of a motion to compel.

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions in the preceding paragraph and the rest shall be produced.

10.     You shall produce Documents in the following manner and form:

*E-mails*.   E-mails  shall  be  produced  as  single-page  TIFF  images  with accompanying full text and load file (.DAT).  E-mail attachments shall be handled according to the provisions below applicable to loose electronic Documents and shall not be separated from the e-mails to which they are attached.  Native files for e-mails shall be maintained, and such files shall be produced upon request.

*Electronic Documents*.  Word and other electronic Documents shall be produced as single-page TIFF images with accompanying full text and load file (.DAT).  The processed native

for all spreadsheets, except for those requiring redactions, shall be produced as native.  Audio, video, and other files that cannot be converted to image shall also be produced as native.  Native files shall be linked to the database by the metadata field "NativeLink."  Native files for all other electronic Documents shall be maintained, and such files shall be produced upon request.

*Hard-Copy Documents.*  Hard-copy Documents shall be produced as single-page TIFF images with accompanying full OCR text and load file (.DAT).  All hard copy Documents should be unitized to the smallest physical boundary.

*TIFF Images Generally*.  Documents should be produced as single-page, black and white, group IV TIFFs imaged at 300 dpi.  The Document's original orientation should be maintained (*i.e.*, portrait-to-portrait and landscape-to-landscape).  Bates numbers, confidentiality designations (in accordance with the terms of the Protective Order), and redactions (to the extent they are necessary) should be burned into the image.  TIFF image files should be provided in an "Images" folder.  All speaker notes, comments, track changes, and hidden text should be expanded, extracted, and rendered in the TIFF file.

*TIFF Images for Electronic Messaging Applications and Services.* Documents collected from electronic messaging applications and services, including but not limited to Signal, Telegram, SMS, WhatsApp, Facebook Messenger, and iMessage, should be produced as TIFF images as specified in the foregoing, but should be produced in color.  Slack messages and e-mails, however, should be produced in black and white.

*Extracted Text Files.*  The full text of native files should be extracted directly from the native file (not OCR) and should be delivered in an appropriately formatted text file (.txt) that is named to match the first Bates number of the Document.  Text files should be provided in a "Text" folder.  To the extent that a Document is redacted, the Document should undergo OCR

after the text has been redacted in order to remove the redacted text.

*Data Load Files.* Database load files should consist of: (1) a comma-delimited value ("**.DAT**") file containing the metadata fields Identified in the following paragraph; and (2) an Opticon ("**.OPT**") file to facilitate the loading of TIFF images. The first line of the .DAT file shall be the header with field names, and each subsequent line shall contain the fielded data for each Document. All load files should be named to match the production volume name. Bates numbers and production volume names must not be duplicated and should run consecutively throughout the entirety of the production(s).

The following metadata should be supplied, where available:

| Field | Description | E-mail | Files and E-mail Attachments | Hard Copy |
|---|---|---|---|---|
| Bates Number Begin | Beginning page Bates number | x | x | x |
| Bates Number End | Ending page Bates number | x | x | x |
| Attachment Begin | Beginning page of attachment range | x | x | x |
| Attachment End | Ending page of attachment range | x | x | x |
| Custodian | Names of custodian who possessed the Document. For Documents from centralized repositories where custodian name(s) are unavailable, identifying source information should be provided. | x | x | x |
| All Custodians | Names of all individuals or repositories who possessed the Document. | x | x | x |
| File Name | File name of Document | | x | |
| File Extension | File extension of Document | | x | |

| Field | Description | E-mail | Files and E-mail Attachments | Hard Copy |
|---|---|---|---|---|
| E-mail Outlook Type | Type of Outlook item, *e.g.*, e-mail, calendar item, note, task | x | | |
| Page Count | For Documents produced in TIFF form, number of pages in the Document.  For Documents produced in native, page count will be 1 (for placeholder). | x | x | x |
| E-mail Subject | Subject of e-mail | x | x | |
| Author | Document author | | x | |
| From | E-mail author | x | x | |
| To | E-mail recipients | x | x | |
| CC | E-mail copyees | x | x | |
| BCC | E-mail blind copyees | x | x | |
| Date Sent | Date sent (mm/dd/yyyy hh:mm:ss format) | x | x | |
| Time Sent | Time sent (mm/dd/yyyy hh:mm:ss format) | x | x | |
| Date Received | Date received (mm/dd/yyyy hh:mm:ss format) | x | x | |
| Time Received | Time received (mm/dd/yyyy hh:mm:ss format) | x | x | |
| Date Created | Date created | | x | |
| DateLastModified | Last modification date (mm/dd/yyyy hh:mm:ss format) | | x | |
| Hash Value (MD5 or SHA-1) | Unique electronic signature of e-mail or electronic file | x | x | |
| Production Volume | Production volume name | x | x | x |
| Confidentiality | Confidentiality designation pursuant to the Protective Order | x | x | x |

| Field | Description | E-mail | Files and E-mail Attachments | Hard Copy |
|---|---|---|---|---|
| Redacted | Descriptor for documents that have been redacted (<yes> or <no>) | x | x | x |
| NativeLink | Logical path to native file | | x | x |
| Text Path | Logical path to text file | x | x | x |

11. You shall produce all Documents in the manner in which they are maintained in the usual course of Your business.

12. A Request shall be deemed to include a request for the entire Document requested, Including any and all file folders within which the Document was contained, transmittal sheets or memoranda, cover letters, exhibits, enclosures, comments or attachments to the Document in addition to the Document itself. In the case of e-mail attachments, if either the e-mail or any of its attachments is responsive, produce the e-mail and all of the corresponding attachments.

13. All Documents shall be produced in such fashion as to Identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

14. The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

15. If You claim any ambiguity in interpreting either a Request or a definition or instruction, You should not use that claim as a basis for refusing to respond, but shall set forth as part of Your response the language deemed to be ambiguous.

16. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7026, each Request shall be deemed to be continuing in

nature.  If at any time additional Documents come into Your possession, custody or control or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

**DOCUMENT REQUESTS**

1.      All Documents Concerning any actual or potential engagement, retention, or business relationship between You and any Liquid entity during the Relevant Period, Including in connection with any convertible bond, SPAC, or deSPAC transaction.

2.      All Documents Concerning Liquid's financial condition during the Relevant Period, Including valuations and financial analyses, whether formal, informal, preliminary, or final, and all assumptions and limitations underlying those valuations and analyses, Including:

      a.      The March 2021 Deck, Including the "Preliminary Thoughts on Valuation" contained therein; and

      b.      The statement by Carlos Cheng in the April 3 Email that "Currently we are planning to propose a US$600-1000mn range for Liquid."

3.      All Documents Concerning any potential investors in, or potential acquirers of, any Liquid entity, Including the reasons why any such potential investment or acquisition did not proceed.

4.      All Documents Concerning the August 2021 Security Breach, Including any impact on Liquid's valuation, operations, financial performance, or any actual or potential investment or acquisition opportunities.

-11-