**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: Apr. 16, 2026 at 1:00 p.m. (ET)** |
| | **Ref No. 35226** |

**OBJECTION OF THE FTX RECOVERY TRUST TO MOTION OF GRIGORII
LEVCHENKO TO COMPEL FTX RECOVERY TRUST TO (I) DISCLOSE BASIS FOR
EXCLUDED PARTY DESIGNATION AND (II) ADMINISTER CLASS 5A DOTCOM
CUSTOMER ENTITLEMENT CLAIM**

The FTX Recovery Trust,[2] by and through its undersigned counsel, respectfully

submits this objection (the "Objection") to the *Motion of Grigorii Levchenko to Compel FTX*

*Recovery Trust to (I) Disclose Basis for Excluded Party Designation and (II) Administer Class 5A*

*Dotcom Customer Entitlement Claim* [D.I. 35226] (the "Motion" or "Mot.") filed by Grigorii

Levchenko.  For the reasons set forth below, the Motion should be denied.  In support of the

Objection, the FTX Recovery Trust respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      The Motion is an unsupported attempt to compel the FTX Recovery Trust

to address Mr. Levchenko's claim on an accelerated, creditor-imposed schedule before the current

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Proceedings, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established through the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (the "Plan") [D.I. 26404-1], which became effective on January 3, 2025 [D.I. 29127].  All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

January 4, 2027 claims objection deadline established by the Plan as extended by this Court (the "Claims Objection Deadline").  Nothing in the Plan or applicable law permits that result, and the Motion should be denied.

2.       The FTX Recovery Trust is administering a claims-reconciliation process of extraordinary size and complexity.  More than 97,500 Claims in amounts exceeding $1.187 sextillion were filed in these Chapter 11 proceedings.  (*Declaration of Steven P. Coverick in Support of the Motion of Debtors for Entry for an Order Establishing the Amount of the Disputed Claims Reserve*, ¶ 6 [D.I. 28103].)  The Plan addresses that reality by establishing the claims-reconciliation framework and the Claims Objection Deadline, as it has been extended by order of the Court and may be further extended.  (*See* Plan §§ 8.1, 2.1.32; *Order Granting the Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline* [D.I. 33890].)  Until then, the FTX Recovery Trust may object to or otherwise resolve claims in the ordinary course.

3.       Through the Motion, Mr. Levchenko asks the Court to require the FTX Recovery Trust to take three actions long before the Claims Objection Deadline:  (1) "disclose the specific basis for Mr. Levchenko's designation as an 'Excluded Party' under the Amended Global Settlement Agreement"; (2) "administer, reconcile, and adjudicate Mr. Levchenko's Class 5A Dotcom Customer Entitlement Claim in the Chapter 11 Cases"; and (3) "provide Mr. Levchenko with a timeline for the resolution of his claim and any distributions to which he may be entitled (including catch-up distributions)." (Mot. 1.)  The Motion does *not* seek to have Mr. Levchenko's claim adjudicated in the ongoing FTX Digital Markets Ltd. liquidation proceedings in the Bahamas (the "Bahamas Proceedings").  To the contrary, Mr. Levchenko concedes that his election to opt

in to the Bahamas Proceedings was ineffective and that his claim remains to be adjudicated in these Chapter 11 proceedings. (Mot. ¶ 13.)

4.    The Plan does not authorize any of the relief sought by Mr. Levchenko, and he cites no authority that would justify requiring the FTX Recovery Trust to depart from the Court-approved claims process. This Court has already rejected a similar effort by another creditor to circumvent the process applicable to all creditors and impose an accelerated timeline for claim resolution. (*Transcript of July 22, 2025 Omnibus Hearing* 107:24-25; 108:1-6 [D.I. 31934].)

5.    Beyond this complete lack of support, the Motion suffers from numerous other defects. First, Mr. Levchenko was properly designated an Excluded Party pursuant to the Global Settlement Agreement ("GSA") between the FTX Debtors and FTX Digital Markets Ltd. ("FTX DM"). Second, before submitting his invalid election to have his claim resolved in the Bahamas Proceedings, Mr. Levchenko was informed on August 5, 2024 that the Debtors had placed him on a list of excluded customers—a designation that rendered him ineligible to opt in under the GSA. And third, the disclosure Mr. Levchenko seeks regarding the basis for his designation is immaterial because it has no impact on the adjudication of his claim in these Chapter 11 proceedings. The Motion should be denied because Mr. Levchenko fails to establish any entitlement to any of the relief requested.

## RELEVANT BACKGROUND

### A.    The Debtors and Their Chapter 11 Proceedings

6.    On November 11 and November 14, 2022, FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

7. On June 28, 2023, the Court entered an order [D.I. 1793] establishing, among other things, a deadline of September 29, 2023 to file proofs of claim on account of Customer Entitlement Claims against the Debtors and certain related procedures.

8. On October 7, 2024, the Court confirmed the Plan [D.I. 26404-1], and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order").

9. On January 3, 2025, the Plan Effective Date occurred, which, among other things, established the FTX Recovery Trust and transferred, assigned and vested all of the Debtors' assets in the FTX Recovery Trust. (*See Notice of Effective Date of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 29127].)

**B.      The Claims Objection Deadline Established By the Plan**

10. The Plan established the Claims Objection Deadline by which the FTX Recovery Trust must object to a Claim. Section 8.1 of the Plan provides that "[a]ny objections to Claims . . . shall be filed on or before the Claims Objection Deadline." In turn, Section 2.1.32 of the Plan defines the Claims Objection Deadline as:

> (a) the date that is the later of (i) one year after the Effective Date or (ii) as to Proofs of Claim filed after the applicable Claims Bar Date, the 60th day after a Final Order is entered by the Bankruptcy Court deeming the late-filed Proof of Claim to be treated as timely filed or (b) such later date as may be established by order of the Bankruptcy Court upon a motion by the Plan Administrator, with notice only to those parties entitled to receive notice pursuant to Bankruptcy Rule 2002.

(Plan § 2.1.32.)

11. The Plan established January 3, 2026 as the initial Claims Objection Deadline, subject to extension upon approval by this Court.

12.     On November 24, 2025, the Court granted the *Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline* [D.I. 33890], extending the Claims Objection Deadline by one year to January 4, 2027.

13.     Pursuant to the terms of the Plan, "any Claim that has not been Allowed" is a "Disputed Claim." (*See* Plan § 2.1.57.) Thus, Mr. Levchenko's claim is one of many Disputed Claims still being evaluated and reconciled by the FTX Recovery Trust. All Disputed Claims are subject to Section 8.6 of the Plan, which provides that:

> If an objection to the amount, validity, priority or classification of a Claim or a portion thereof is filed or is intended to be filed as set forth in this Article 8 . . . no payment or Distribution provided under the Plan shall be made on account of such Claim or portion thereof, as applicable, unless and until such Disputed Claim becomes an Allowed Claim or is otherwise settled or resolved.

(Plan § 8.6.)

14.     Holders of Disputed Claims have the opportunity to contest any objection filed by the FTX Recovery Trust, and are also protected by Section 8.5 of the Plan, which provides for the creation of a reserve on "account of Disputed Claims that may be subsequently Allowed after the Effective Date." (Plan § 8.5.) On December 11, 2024, the Court entered an order approving the establishment of an initial Disputed Claims Reserve of $6.533 billion [D.I. 28689], which has subsequently been reduced to $2.38 billion by order of this Court [D.I. 34610] as claims continue to be resolved.

### C.     Bahamas Opt-In Elections

15.     FTX DM was a Bahamian affiliate of FTX through which certain customer-facing activity was conducted, and is the subject of a separate liquidation proceeding in the Bahamas. In December 2023, the Debtors in these Chapter 11 proceedings and FTX DM in the

Bahamas Proceedings entered into the GSA. (*December 19, 2023 GSA* [D.I. 6365-1].) The GSA established a framework for, among other things, the allocation of responsibility to address certain claims between the two proceedings. (*Id.*)

16.     The GSA created a procedure under which certain eligible former FTX customers could elect to have their claims administered by FTX DM in the Bahamas Proceedings rather than by the Debtors (and, subsequently, the FTX Recovery Trust) in these Chapter 11 proceedings. (*Id.* § 5.02.) Customers who *validly* exercised that election (the "Bahamas Opt-In Election") would have their claims addressed in the Bahamas Proceedings, while all other customers' claims would continue to be administered in these Chapter 11 proceedings.

17.     The GSA establishes limits on which customers could validly elect the Bahamas Opt-In Election. Specifically, it provides that "Excluded Parties shall not be eligible to exercise the Opt-In Election." (*Id.* § 5.02(b).) Accordingly, where a customer was designated an Excluded Party by the Debtors, any attempted Bahamas Opt-In Election is ineffective and the customer's claim remains in the Chapter 11 claims process. (*Id.* § 5.02(b).)

### D.     Mr. Levchenko's Claim

18.     On September 12, 2023, Mr. Levchenko filed a Customer Claim in these Chapter 11 proceedings against FTX Trading Ltd. (Mot. ¶ 4), which was modified to $7,418,709.69 pursuant to this Court's April 29, 2024 order [D.I. 13144] sustaining the *Debtors' Twentieth (Substantive) Omnibus Objection To Certain Overstated Proofs Of Claim (Customer Claims)* [D.I. 10344].

19.     On August 2, 2024, Mr. Levchenko was included on the list of Excluded Customer Preference Actions that was filed with the Plan Supplement [D.I. 22163]. Mr.

Levchenko was notified of his status on this list on August 5, 2024 via the e-mail associated with his FTX account.  (*August 20, 2024 Affidavit of Service* [D.I. 23369].)[3]

20.    On August 15, 2024, after receiving this notice, Mr. Levchenko submitted his Class 5A Ballot which included the Bahamas Opt-In Election.  (Mot. ¶ 5.)  However, because Mr. Levchenko was designated an Excluded Party, his Bahamas Opt-In Election is invalid and his claim remains in these Chapter 11 proceedings.

21.    Mr. Levchenko did not object to the Plan or raise any concerns regarding his Bahamas Opt-In Election prior to the confirmation hearing on the Plan.

**E.    The Motion**

22.    On April 1, 2026, Mr. Levchenko filed his Motion requesting that the Court enter an order compelling the FTX Recovery Trust to (1) "disclose the specific basis for Mr. Levchenko's designation as an 'Excluded Party' under the Amended Global Settlement Agreement," (2) "administer, reconcile, and adjudicate Mr. Levchenko's Class 5A Dotcom Customer Entitlement Claim in the Chapter 11 Cases"; and (3) "provide Mr. Levchenko with a timeline for the resolution of his claim and any distributions to which he may be entitled (including catch-up distributions)."  (Mot. 7-8.)

23.    Through the Motion, Mr. Levchenko does not seek to have his claim adjudicated in the Bahamas Proceedings.  He concedes that his Bahamas Opt-In Election was ineffective and that therefore his claim remains within these Chapter 11 proceedings.  (Mot. ¶ 13.) Accordingly, the Motion is limited to a request for disclosures and an expedited resolution of his claim, notwithstanding that the Claims Objection Deadline has not yet passed.

---

[3]    The Affidavit of Service references an "Excluded Customer Preference Actions" list, as defined in the Plan, but the list was provided by the Debtors to the Joint Official Liquidators of FTX DM (the "Joint Liquidators") and applied as the list of Excluded Parties pursuant to Section 5.02(b) of the GSA.

**ARGUMENT**

24.     The Motion seeks claim-specific relief outside the Court-approved claims-reconciliation process: compelled disclosure regarding Mr. Levchenko's Excluded Party designation, immediate adjudication of his claim, and a creditor-specific timeline for claim resolution and distributions.  Mr. Levchenko identifies no basis for requiring the FTX Recovery Trust to provide such relief before the Claims Objection Deadline.  The disclosure request also fails independently because Mr. Levchenko was informed in August 2024 that the Debtors had placed him on an excluded-customer list, his claim remains active in these Chapter 11 proceedings, and the additional detail he seeks would not affect the adjudication of that claim.

**I.     The Motion Should Be Denied to the Extent That It Seeks to Compel the FTX Recovery Trust to Address Mr. Levchenko's Claim on an Individualized and/or Expedited Basis.**

25.     Mr. Levchenko's second and third requests for relief both seek the same result:  compelling the FTX Recovery Trust to take claim-specific action before the Claims Objection Deadline.  Through the second request, he seeks to compel the FTX Recovery Trust to "administer, reconcile, and adjudicate" his claim now.  Through the third, he seeks to compel the FTX Recovery Trust to provide a claim-specific timeline for the resolution of his claim and any related distributions. (Mot. 1.)  Neither request is authorized by the Plan or the Bankruptcy Code— and no such authority is cited in the Motion.  The Plan establishes the governing claims-reconciliation process and provides the FTX Recovery Trust until January 4, 2027 to object to or otherwise resolve claims, subject to further extensions by order of the Court.  Nothing in the Plan or applicable law permits a creditor to compel the FTX Recovery Trust to depart from that framework and provide individualized treatment on the creditor's preferred schedule.

26.     The Plan establishes the timetable and process for the reconciliation of claims in these Chapter 11 proceedings.  Section 8.1 provides that "[a]ny objections to Claims … shall be filed on or before the Claims Objection Deadline."  (Plan § 8.1.)  The Claims Objection Deadline, in turn, is defined in Section 2.1.32 of the Plan as the later of one year after the Plan's Effective Date or "such later date as may be established by order of the Bankruptcy Court on motion of the Plan Administrator."  (*Id.* § 2.1.32.)  That deadline has already been extended by this Court to January 4, 2027 [D.I. 33890], and may be further extended.

27.     The Plan further provides that, until the expiration of the Claims Objection Deadline, all Claims that have not been "Allowed" are "Disputed Claims."  (Plan § 2.1.57.) Section 8.6 then provides that no distribution shall be made on account of a Disputed Claim unless and until that claim becomes an Allowed Claim or is otherwise resolved.  (*Id.* § 8.6.)  At the same time, Section 8.5 protects holders of Disputed Claims through the Disputed Claims Reserve established for claims that may later be allowed.  (*Id.* § 8.5.)  Those provisions work together to create a straightforward framework:  (1) unless and until a claim is Allowed or otherwise resolved, it remains Disputed; (2) the FTX Recovery Trust has until the Claims Objection Deadline to object to or otherwise resolve such claims; and (3) no creditor is entitled to any distributions on account of a Disputed Claim.

28.     That is the process the Court approved in confirming the Plan, and it applies equally to Mr. Levchenko's claim.  The FTX Recovery Trust is not required to object to or otherwise resolve Mr. Levchenko's claim before January 4, 2027, or to commit to any earlier timeline for resolving his claim.  Mr. Levchenko identifies no basis for compelling the FTX Recovery Trust to depart from the Plan-approved claims process and mandate a creditor-imposed

schedule.  The only authorities referenced anywhere in the Motion are section 105(a) of the Bankruptcy Code and Sections 8.5 and 8.8 of the Plan.  None authorizes the relief he seeks.

29.      *First*, section 105(a) of the Bankruptcy Code provides this Court with authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  But section 105(a) does not create any substantive rights for creditors, nor does it require a liquidating trust to take claim-specific action on demand.  There is no dispute regarding this Court's authority to grant relief in these Chapter 11 proceedings.  The problem for Mr. Levchenko is that section 105(a) does not provide a basis for special treatment as compared to other creditors, or require the FTX Recovery Trust to commit to a bespoke timeline for contesting his claim.

30.      *Second*, Section 8.8 of the Plan confirms that the Motion must be denied.  That provision states that "the Plan Administrator shall have the sole authority … to [] file, withdraw or litigate to judgment objections to Claims, other than Claims that are subject to a valid and timely Bahamas Opt-In Election."  (Plan § 8.8.)  Section 8.8 thus vests authority in the FTX Recovery Trust to administer claims in accordance with the Plan.  It does not give an individual creditor the right to compel the FTX Recovery Trust to exercise that authority immediately on a separate track or according to a schedule chosen by the creditor.

31.      *Third*, Section 8.5 of the Plan is likewise unhelpful to Mr. Levchenko.  As explained above, Section 8.5 requires the establishment of a Disputed Claims Reserve, and the Plan Administrator has done so.  (Plan § 8.5.)  That provision protects holders of Disputed Claims while the claims-reconciliation process proceeds; it does not entitle any creditor to force the FTX Recovery Trust to resolve its claim ahead of the Claims Objection Deadline or to provide a claim-specific timeline for doing so.

32.     This Court has already rejected materially similar efforts by other creditors to obtain individualized claims-resolution treatment outside the Plan-approved process.  In July 2025, the Court denied ELD Capital LLC's motion seeking a claims determination schedule that would require the FTX Recovery Trust to object to ELD's claim before the Claims Objection Deadline, confirming that a creditor is not entitled to carve itself out of the process applicable to all customers and obtain claim-specific resolution on a separate timetable.  (*See Transcript of July 22, 2025 Omnibus Hearing* 107:13-25, 108:1-6 [D.I. 31934].)

33.     In addition, granting Mr. Levchenko's request for an immediate resolution or an expedited schedule would undermine the orderly administration of these Chapter 11 proceedings.  Such relief would create a precedent encouraging other creditors to seek preferential treatment.  *Cf. In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616, 623 (Bankr. S.D.N.Y.), *aff'd,* 411 B.R. 142 (S.D.N.Y. 2009) (denying motion to lift automatic stay because "granting relief could open the floodgates to a multitude of similar motions causing further interference with the bankruptcy case"); *In re Nw. Airlines Corp.*, 2006 WL 687163, at *2 (Bankr. S.D.N.Y. Mar. 10, 2006) ("lifting the automatic stay with respect to cases such as the Antitrust Action would open the floodgates for similar motions and cause the Debtors to refocus their energies").  If one creditor is permitted to force an individualized, expedited adjudication schedule by motion, other creditors with Disputed Claims would likely seek the same preferential treatment.  The Court should not override the Plan-approved claims process in that manner.

34.     The Motion should therefore be denied to the extent it seeks to compel the FTX Recovery Trust to adjudicate Mr. Levchenko's claim now or to provide him with a claim-specific resolution or distribution timeline.

**II.     The Motion Should Be Denied to the Extent that It Seeks to Compel Disclosure of the "Specific Basis" for the "Excluded Party" Designation.**

35.      Mr. Levchenko's remaining request for relief fails for a myriad of reasons. First, as with his other requests for relief, Mr. Levchenko identifies no provision of the Plan, the GSA, or any other authority that entitles him to compel the FTX Recovery Trust to provide claim-specific disclosures on demand and on his preferred timetable.  In any event, this request fails on its own terms.  Mr. Levchenko was properly designated as an Excluded Party under the terms of the GSA.  The factual premise for the Motion is incorrect because, before he attempted to make the Bahamas Opt-In Election, Mr. Levchenko received notice on August 5, 2024 that the Debtors had placed him on an excluded-customer list, which conveyed the operative designation that rendered him ineligible to opt in under the GSA.  Moreover, the additional detail he seeks would not alter the status of his claim or his opportunity to be heard in connection with any objection to that claim.  The Motion should be denied as to his request to compel the disclosure of detail regarding the basis for his designation as an "Excluded Party," which is an attempt to prematurely obtain the FTX Recovery Trust's potential bases for objection to his claim.

**A.     The FTX Recovery Trust Is Not Required to Disclose the Basis for the Designation of Mr. Levchenko as an "Excluded Party."**

36.      As explained above, the Plan establishes the framework for the reconciliation of claims and gives the FTX Recovery Trust until the Claims Objection Deadline to object to claims.  Nothing in that framework entitles an individual creditor to compel the FTX Recovery Trust to provide claim-specific disclosures outside the ordinary claims process, whether about the basis for a designation or otherwise.  Nor is Mr. Levchenko contesting his designation as an Excluded Party through this Motion or otherwise, thus rendering the specifics concerning that designation irrelevant.

37.    Mr. Levchenko cites only section 105(a) of the Bankruptcy Code and Sections 8.5 and 8.8 of the Plan, and as explained above, none of these authorities creates any substantive creditor right to compel the disclosure of detail regarding the ongoing assessment of claims.  None requires the FTX Recovery Trust to provide the "specific basis" for an Excluded Party designation on demand, and the Motion makes no real attempt to argue otherwise.

38.    Because Mr. Levchenko identifies no source of entitlement to the relief he seeks, the Motion should be denied as to the first request for relief.

**B.    Mr. Levchenko's Designation as an Excluded Party Had a Proper Basis.**

39.    Furthermore, the Motion manufactures uncertainty where none exists. Mr. Levchenko was properly designated an "Excluded Party."  The GSA defines Excluded Party to include, among other things, any "Person or any initial or subsequent transferee of such Person against whom the Debtors determine they have any Cause of Action (other than for withdrawals of cash or Digital Assets from the FTX.com Exchange) that are identified on a schedule to be provided by the Debtors to FTX DM in accordance with Section 5.02(b)." (GSA at 8.)  It defines "Cause of Action" broadly to include "any action, Claim, cause of action, controversy, demand, right, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, offset, power, privilege, license, right of subordination, netting, recoupment and franchise of any kind or character whatsoever, whether known, unknown, contingent or noncontingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, in contract or in tort, in law or in equity, or pursuant to any other theory of law." (*Id.* at 4.)

40.    The FTX Recovery Trust determined that it may have, among other things, a "Cause of Action" against Mr. Levchenko in connection with defenses to his claim based on certain information associated with his account.  The FTX Recovery Trust thus included

Mr. Levchenko on the schedule of Excluded Parties that was provided to FTX DM on August 2, 2024.  (Mot. Ex. B at 1; Mot. Ex. D at 2.)  As a result, Mr. Levchenko was not eligible to exercise the Bahamas Opt-In Election and his claim remains to be administered in these Chapter 11 proceedings.  The FTX Recovery Trust's investigation remains ongoing, and Mr. Levchenko's information request is merely an effort to obtain an early preview of the FTX Recovery Trust's substantive defenses to his claim prior to any objection being filed.  That is neither appropriate nor permitted.

> ### C.   Mr. Levchenko Was Informed in August 2024 of His Designation That Rendered Him Ineligible to Opt In.

41.     The Motion's narrative also rests on an incorrect factual premise, albeit an irrelevant one.  Despite not challenging the current procedural posture of his claim or the fact it was ineligible for election into the Bahamas Proceedings, Mr. Levchenko nonetheless asserts that he did not learn of his Excluded Party status until January 20, 2026. (Mot. ¶ 15.)  That is incorrect.

42.     On August 5, 2024, Kroll, the claims and noticing agent for the Debtors, notified the customers included on the list of Excluded Customer Preference Actions, including Mr. Levchenko.  (*August 20, 2024 Affidavit of Service* [D.I. 23369].)  The definition of an Excluded Customer Preference Action in the Plan makes clear that such designation may mean, among other things, that the Debtors may have a Cause of Action or defense against the designee aside from a preference claim.  (Plan § 5.5.)  Mr. Levchenko had notice that the Debtors had placed him on a category-specific exclusion list.

43.     That notice matters because the GSA provides that persons identified by the Debtors to the Joint Liquidators as potentially subject to litigation claims or defenses are not eligible to exercise the Bahamas Opt-In Election.  Thus, the August 5 notice conveyed to Mr. Levchenko before he submitted his Bahamas Opt-In Election on August 15, 2024 that the

-14-

Debtors had placed him in an excluded category that rendered him ineligible to opt in under the GSA.

### D. The Additional Detail Mr. Levchenko Seeks Does Not Affect the Status of His Claim or His Opportunity to Be Heard.

44.     Finally, the additional detail that Mr. Levchenko seeks would not alter the operative consequence of his designation and has no bearing on his opportunity to be heard in connection with his claim.  Through the Motion, Mr. Levchenko does not ask for his claim to be addressed in the Bahamas Proceedings.  To the contrary, Mr. Levchenko concedes that his Bahamas Opt-In Election was "void ab initio" and "ineffective," and that "Mr. Levchenko's September 2023 proof of claim therefore remains active on the claims register and must be adjudicated by the Plan Administrator in the United States."  (Mot. ¶ 13.)  The FTX Recovery Trust agrees that his claim remains active in these Chapter 11 proceedings.

45.     There is therefore no "impasse."  (Mot. ¶ 15.)  Mr. Levchenko's claim is not in procedural limbo, but rather remains subject to the same claims-reconciliation process that governs other Disputed Claims.  If the FTX Recovery Trust objects to his claim—which it has until at least January 4, 2027 to do—then Mr. Levchenko will have the opportunity to contest that objection in due course on a full record.  Any disclosure regarding this designation would not change where his claim is administered, whether it remains Disputed, or his rights and defenses.

### RESERVATION OF RIGHTS

46.     In filing this Objection, the FTX Recovery Trust has not waived any rights, and the FTX Recovery Trust expressly reserves all of its rights, objections, defenses, powers, privileges and remedies under applicable law or otherwise with regard to Mr. Levchenko and his claim.  The FTX Recovery Trust may elect to exercise any or all of its rights, at its sole option without the necessity of any further notice, demand or other action on the part of Mr. Levchenko.

Nothing contained in this Objection or any delay by the FTX Recovery Trust in exercising any rights, objections, defenses, powers, privileges and remedies under applicable law or otherwise with regard to Mr. Levchenko and his claim now existing or hereafter arising shall be construed as a waiver or modification of such rights, objections, defenses, powers, privileges or remedies.

## CONCLUSION

47.     For the foregoing reasons, the Motion should be denied.

Dated: April 9, 2026
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*