**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Objection Date: April 30, 2026 at 4:00 p.m. (ET)**<br>**Hearing Date: May 14, 2026 at 9:30 a.m. (ET)** |
| | **Ref. No. 35329** |

## SEALING MOTION OF THE FTX RECOVERY TRUST

The FTX Recovery Trust[2] (the "Trust") hereby submits this motion (the "Sealing Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to § 107 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Trust to redact certain portions of Exhibit 5 to the *Declaration of Kimberly A. Brown in Support of the FTX Recovery Trust's Objection to Proofs of Claim Filed by ELD Capital LLC* [D.I. 35329] (together with the five exhibits attached thereto as the "Brown Declaration"). In support of the Sealing Motion, the Trust respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1].

{1368.003-W0085602.2}

**Background**

1.      On April 13, 2026, the Trust filed the *FTX Recovery Trust's Reply in Support of Its Objection to the Proofs of Claim Filed by ELD Capital LLC* [D.I. 35327] and the Brown Declaration in support thereof. The Trust filed the Brown Declaration under seal because it included or referenced materials that ELD Capital LLC ("ELD Capital") designated or reserved the right to designate as "Confidential" pursuant to the *Order Approving Confidentiality Agreement and Stipulated Protective Order* [D.I. 832] (the "Protective Order").  The Trust did not and does not seek to seal any documents or information included in the Brown Declaration.

2.      On April 14, 2026, pursuant to Local Rule 9018-1(d) and Section 8 of the Protective Order, counsel for the Trust and ELD Capital met and conferred regarding the portions of the Brown Declaration that ELD Capital proposed should remain sealed or redacted in the publicly filed versions.  Because the Trust does not seek to seal or redact any portion of the Brown Declaration, the Trust requested that ELD Capital provide proposed redactions to those materials.

3.      Thereafter, ELD Capital identified certain proposed redactions to Exhibit 5 of the Brown Declaration, which is the transcript of the deposition of Mr. Dominic J. Cubitt dated April 8, 2026 (the "Cubitt Deposition Transcript").  The Trust therefore files this Sealing Motion regarding certain portions of the Cubitt Deposition Transcript that ELD Capital identified as subject to sealing or redaction.  The Trust takes no position on the confidential treatment proposed by ELD Capital.

**Jurisdiction and Venue**

4.      The Court has jurisdiction over this Sealing Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  This matter is a core proceeding

within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.  Pursuant to Local Rule 9013-1(f), the Trust consents to the entry of a final order or judgment by the Court in connection with this Sealing Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

5.      The Trust submits this Sealing Motion only because it is the party that filed the Brown Declaration.  By this Sealing Motion, the Trust requests entry of the Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Trust to redact certain portions of the Cubitt Deposition Transcript, which is Exhibit 5 to the Brown Declaration (the "Confidential Information").

### Basis for Relief

6.      Section 107(b) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."  11 U.S.C. § 107(b)(1).

7.      Section 107(c) of the Bankruptcy Code authorizes the issuance of orders that protect parties from the potential harm resulting from the disclosure of confidential information.  Specifically, section 107(c) states that "[t]he bankruptcy court, for cause, may protect an individual, with respect to . . . information to the extent the court finds that disclosure of such information would create undue risk of . . . unlawful injury to the individual or the individual's property."  Similarly, Bankruptcy Rule 9018 and Local Rule 9018-1 authorize the filing under seal of documents containing confidential information.

8.      The Court has authority under Bankruptcy Rule 9018 to "issue any order that justice requires to . . . protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

9.      Local Rule 9018-1(d) further provides that "any filer seeking to file a document . . . under seal must file a motion requesting such relief," including where, as here, the filed document "is known by the filer to contain another entity's confidential information." Del. Bankr. L.R. 9018-1(d)(i), (ii).

10.      As described above, ELD Capital has requested that the Confidential Information be redacted.  The Confidential Information was either produced by ELD Capital in discovery or at the deposition of Mr. Cubitt and designated "Confidential Material" under the Protective Order.  ELD Capital represented to the Trust that the Confidential Information constitutes information that is confidential and subject to protection pursuant to the Protective Order.

### Certification Pursuant to Local Rule 9018-1(d)(iv)

11.      The undersigned counsel hereby certifies that counsel to the Trust has conferred in good faith with ELD Capital's counsel regarding the Confidential Information contained in the Brown Declaration that ELD Capital seeks to protect from public view.

### Notice

12.      Notice of this Sealing Motion has been provided to:  (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002; and

(g) counsel to ELD Capital.  The Trust submits that, in light of the nature of the relief requested, no other or further notice need be provided.

### Conclusion

13.    For the foregoing reasons, the Trust respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Trust to redact certain portions of Exhibit 5 to the Brown Declaration.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated:  April 16, 2026
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       mcguire@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*