## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11      2026 APR 17  A 10: 33 |
| | ) |
| FTX TRADING LTD., *et al.*,[1] | ) Case No. 22-11068 (KBO) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

## MOTION OF KIHYUK NAM, TO PROHIBIT REVERSAL OF

## ESTABLISHED DISTRIBUTION TREATMENT OF SCHEDULE NO. 5694766

## ABSENT A FORMAL CLAIM-SPECIFIC FILING, AND FOR RELATED RELIEF

Kihyuk Nam, pro se ("Movant"), the holder reflected on the official claims register for Schedule No. 5694766 (the "Claim"), respectfully moves this Court for entry of an order providing that the FTX Recovery Trust (the "Trust") may not continue withholding the March 31, 2026 distribution on account of the Claim based solely on informal notice and without a formal claim-specific filing, and in support thereof states as follows:

### PRELIMINARY STATEMENT

1.      This Motion concerns a narrow procedural issue. The issue is not whether the Trust may ever seek to challenge the Claim. The issue is whether the Trust may stop an already-scheduled distribution on account of the Claim—after previously treating the Claim as

---

[1] Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

distribution-eligible and making prior distributions—through informal notice alone and without initiating any formal claim-specific process.

2.        The Trust previously treated the Claim as eligible for distributions. It requested pre-distribution information and compliance from Movant, confirmed the Claim's distribution eligibility through later communications, and made prior distributions on account of the Claim.

3.        On March 30, 2026, only after Movant inquired regarding the expected March 31, 2026 distribution, the Trust responded by email stating that the distribution would not be made because of a "newly identified issue." No formal objection to the Claim, and no other formal claim- specific filing directed to Schedule No. 5694766 seeking to continue withholding that distribution, had been filed before the scheduled distribution date.

4.        Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Bankruptcy Rule 3007 likewise contemplates a formal written process for objections to claims. And the confirmed Plan here likewise provides a formal framework for claim objections, distributions on disputed claims, and claim-status determinations in the claims-administration process. See Plan §§ 8.1, 8.6, 8.8. Whatever latitude the Plan gives the Trust in administering claims, it does not authorize a withhold-first, formalize- later approach to an already-scheduled distribution after the Trust has already treated the Claim as distribution-eligible and made prior distributions.

5.        Movant does not ask the Court to adjudicate the ultimate merits of any future substantive challenge the Trust may seek to raise. Nor does Movant ask the Court to compel the public disclosure of sensitive information in inappropriate detail. At minimum, Movant asks that if the Trust seeks to continue withholding the March 31, 2026 distribution or otherwise depart from the Claim's established distribution treatment, it be required to do so through a formal objection or other formal claim-specific filing directed to Schedule No. 5694766, rather

than through informal notice alone.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      This is a core proceeding pursuant to 28 U.S.C. § 157(b). Under Article XII of the confirmed Plan, this Court also retained jurisdiction to hear and determine matters concerning claims and distributions.

## FACTUAL BACKGROUND

9.      Movant is reflected on the official claims register as the holder of Schedule No. 5694766. A copy of the relevant register entry is attached as Exhibit A.

10.      In connection with distributions, the Trust and/or its claims administrator required Movant to provide information and complete pre-distribution steps with respect to the Claim. A copy of that communication is attached as Exhibit B.

11.      Movant complied with the requested pre-distribution requirements.

12.      After that compliance, the Trust and/or its claims administrator communicated that the Claim was eligible for distributions. For example, on or about May 24, 2025, Alvarez & Marsal sent a communication stating in substance that Movant was the owner of claims eligible for distributions. A copy of that communication is attached as Exhibit C.

13.      The Trust and/or its claims administrator later again communicated that the Claim was eligible for distribution. A copy of that communication, dated on or about September 24, 2025, is attached as Exhibit D.

14.      The Trust then made prior distributions on account of the Claim, including a distribution associated with the May 30, 2025 distribution cycle following the May 24, 2025

3

eligibility communication, and another distribution associated with the September 30, 2025 distribution cycle following the September 24, 2025 eligibility communication. Records reflecting those prior distributions are attached as Exhibit E.

15.    Thus, before March 30, 2026, the Claim had already been treated not merely as a filed claim existing on the register, but as a claim that had cleared the Trust's own distribution-related processing, had repeatedly been recognized as distribution-eligible, and had actually received prior distributions on more than one occasion.

16.    Movant did not receive any advance claim-specific notice before March 30, 2026 that the March 31, 2026 distribution on account of the Claim would be withheld. Instead, after Movant inquired on March 30, 2026 regarding the expected distribution, the Trust and/or its claims administrator responded by email stating that the March 31, 2026 distribution would not be made because of a "newly identified issue." A copy of that communication chain is attached as Exhibit F.

17.    As of the filing of this Motion, Movant is not aware of any formal objection to the Claim, or any other formal claim-specific filing directed to Schedule No. 5694766 and seeking to continue withholding the March 31, 2026 distribution, having been filed on the docket.

18.    The March 30, 2026 holdback was therefore not an initial eligibility determination. It was a reversal of an already-established course of treatment: the Trust had requested compliance, recognized the Claim as eligible for distributions, made prior distributions, and then abruptly withheld the next scheduled distribution through informal notice alone.

## RELIEF REQUESTED

19.     Movant respectfully requests entry of an order:

(a)  determining that the Trust may not continue withholding the March 31, 2026 distribution on account of Schedule No. 5694766 based solely on informal notice and without a formal claim-specific filing;

(b)  directing the Trust to release and pay the withheld March 31, 2026 distribution; or, in the alternative,

(c)  directing that, within thirty (30) days after entry of the Court's order, the Trust shall file on the docket and serve a formal objection or other formal claim-specific filing directed to Schedule No. 5694766 and seeking to continue withholding the March 31, 2026 distribution, which filing shall identify, at a minimum: (i) the Claim's present procedural status, (ii) the legal basis asserted for continued withholding, and (iii) the factual basis presently known to the Trust for such withholding;

(d)  providing that, if no filing satisfying subparagraph (c) is filed on the docket and served within that period, the Trust shall release and pay the withheld March 31, 2026 distribution within seven (7) business days thereafter; and

(e)  granting such other and further relief as the Court deems just and proper.

## ARGUMENT

**A. Section 502(a) and the Trust's own prior conduct confirm that the Claim could not properly be shifted into continued distribution hold status through informal notice alone.**

20.     Section 502(a) provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Bankruptcy Rule 3007, in turn, contemplates a formal written objection process. See Fed. R. Bankr. P. 3007.

21.     Movant does not argue that deemed-allowed status, standing by itself,

5

automatically resolves every distribution issue in every circumstance. But it is the starting point here. And when that starting point is combined with the Trust's own subsequent conduct—requesting pre- distribution compliance, confirming the Claim's distribution eligibility, and making prior distributions on account of the Claim—it underscores that the Trust could not properly continue withholding the March 31, 2026 distribution through informal notice alone.

22.     This matters because the March 30, 2026 email did not merely pause a claim that had never been processed for distribution. It abruptly reversed an existing course of treatment that the Trust itself had already established. That kind of reversal requires procedural regularity and fair notice, not an unexplained eve-of-distribution email.

23.     If the Trust seeks to depart from the Claim's established distribution treatment, the burden of initiating that departure rests with the Trust. It should be required to take a formal claim- specific step directed to Schedule No. 5694766, rather than continue withholding based on informal notice alone.

## B. The Plan's claims-objection and disputed-claims framework does not authorize an informal reversal of an already-administered distribution treatment.

24.     The confirmed Plan provides a formal framework for objections to claims, distributions on disputed claims, and claim-status determinations in the claims-administration process. See Plan §§ 8.1, 8.6, 8.8.

25.     Section 8.1 addresses objections to claims. Section 8.6 addresses distributions and reserves in connection with claims treated as disputed or intended to be objected to within that framework. Section 8.8 further reflects that claim status is administered within the Plan's formal claims-resolution process. Whatever those provisions allow, they do not authorize the Trust to reverse an already-administered distribution treatment through informal email notice alone.

26.    At minimum, invoking Section 8.6 with respect to this Claim requires some formal, claim-specific step directed to the Claim. Otherwise, the Trust could effectively place a claim into indefinite disputed status for distribution purposes—despite prior eligibility determinations and prior actual distributions—without ever initiating a formal objection or other formal claim- specific process.

27.    That is especially true here, where the Trust did not merely remain silent or delay acting on an unprocessed claim. It affirmatively treated the Claim as distribution-eligible, required and received pre-distribution compliance, and made prior distributions. After doing so, it could not properly reverse course and continue withholding the next scheduled distribution through informal notice alone.

28.    Nothing in the Motion asks this Court to foreclose the Trust from using the Plan's formal claims-reconciliation procedures. The point is the opposite: if the Trust seeks to continue withholding the March 31, 2026 distribution or otherwise depart from the Claim's established distribution treatment, it should be required to use those procedures.

**C. If the Trust seeks to continue withholding the March 31, 2026 distribution, it should be required to do so through a formal claim-specific filing that provides fair notice and procedural regularity.**

29.    The abrupt holdback of the March 31, 2026 distribution after prior eligibility treatment and prior distributions is arbitrary and procedurally irregular unless and until the Trust initiates a formal claim-specific process. At minimum, the Trust should be required to identify through a formal filing the Claim's present procedural status, the legal basis asserted for continued withholding, and the factual basis presently known to the Trust.

30.    Requiring that minimum showing would not improperly force premature merits litigation. It would simply require the Trust to convert an informal hold into a formal,

reviewable, claim- specific position.

31.     Nor would such a requirement improperly compel the Trust to publicly reveal sensitive details in inappropriate form. If the Trust contends that some factual material is confidential or otherwise requires protection, procedures exist to seek appropriate relief, including sealed or in camera treatment where warranted. What the Trust should not be permitted to do is continue withholding an already-scheduled distribution with no formal claim-specific filing at all.

32.     This is a basic matter of fair notice, procedural regularity, and orderly claims administration. A claimant whose claim has already been processed as distribution-eligible and paid in prior rounds should not be left to guess, based on an informal email sent only in response to Movant's inquiry on the eve of distribution, whether the claim is now being treated as disputed, on what basis, and through what formal mechanism.

33.     An opposition or response to this Motion, standing alone, should not suffice. Otherwise, the Trust could avoid ever initiating a formal claim-specific process directed to the Claim while still preserving the practical effect of continued withholding. If the Trust seeks to continue withholding this distribution, it should be required to do so through a formal objection or other formal claim-specific filing directed to Schedule No. 5694766 itself.

## D. The requested relief is narrow, practical, and appropriate.

34.     The relief requested is modest and procedural. Movant is not asking the Court at this time to resolve the full merits of any fraud, transfer, ownership, or other substantive issue the Trust may later seek to raise.

35.     Nor is Movant asking the Court to order immediate public production of every piece of evidence the Trust may possess. If the Trust believes continued withholding is warranted, it may seek appropriate protection for confidential information through the

8

procedures otherwise available under applicable law and rules.

36.    What Movant seeks here is more limited: that the Trust not continue a withhold-first, formalize-later approach with respect to an already-scheduled distribution after previously treating the Claim as distribution-eligible and making prior distributions.

37.    Requiring the Trust, within thirty (30) days, either to release the withheld distribution or to file on the docket and serve a formal objection or other formal claim-specific filing directed to Schedule No. 5694766 is reasonable. If the Trust does not do so, then the withheld distribution should be released within seven (7) business days thereafter.

38.    That relief does not require the Court now to decide the merits of any future challenge. It simply requires that continued withholding, if pursued, proceed through formal, claim-specific, reviewable process rather than informal notice alone.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, Movant respectfully requests that the Court enter an order providing that the Trust may not continue withholding the March 31, 2026 distribution on account of Schedule No. 5694766 based solely on informal notice; directing the Trust to release and pay that withheld distribution; or, alternatively, requiring the Trust, within thirty (30) days, to file on the docket and serve a formal objection or other formal claim-specific filing directed to Schedule No. 5694766 and seeking to continue withholding the distribution, and providing that if no such filing is made within that period, the Trust shall release and pay the withheld distribution within seven (7) business days thereafter, together with such other and further relief as the Court deems just and proper.

Dated:   April 17, 2026
      Sejong City, South Korea

Respectfully submitted,

**KIHYUK NAM**

/s/ *Kihyuk Nam*
Kihyuk Nam
84 Jiphyeonse 2-ro
Building 1103, 1204
Sejong City
South Korea
Telephone: (+82) 10-2914-4866
Facsimile: (+82) 0504-197-4866
E-mail: kihyuknam@hanyang.ac.kr

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FTX TRADING LTD., *et al.*,[1] | ) Case No. 22-11068 (KBO) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |
| | ) Schedule No. 5694766 |
| | ) |
| | ) |
| | ) |
| | ) |

**[PROPOSED] ORDER GRANTING MOTION OF KIHYUK NAM, TO PROHIBIT
REVERSAL OF ESTABLISHED DISTRIBUTION TREATMENT OF SCHEDULE
NO. 5694766 ABSENT A FORMAL CLAIM-SPECIFIC FILING, AND FOR
RELATED RELIEF**

Upon the motion (the "Motion") of Kihyuk Nam, pro se ("Movant"), for entry of an order prohibiting reversal of the established distribution treatment of Schedule No. 5694766 absent a formal claim-specific filing, and for related relief; and the Court having reviewed the Motion and any responses thereto; and the Court having determined that it has jurisdiction to consider the Motion and that the relief granted herein is appropriate; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED to the extent set forth herein.

2.      The FTX Recovery Trust (the "Trust") may not continue withholding the

---

[1] Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

March 31, 2026 distribution on account of Schedule No. 5694766 based solely on informal notice and without a formal claim-specific filing.

3.    Within thirty (30) days after entry of this Order, the Trust shall either:

(a)  release and pay the withheld March 31, 2026 distribution; or

(b)  file on the docket and serve a formal objection or other formal claim-specific filing directed to Schedule No. 5694766 and seeking to continue withholding the March 31, 2026 distribution, which filing shall identify, at a minimum:

    i.    the present procedural status of Schedule No. 5694766;

    ii.    the legal basis asserted for continued withholding; and

    iii.    the factual basis presently known to the Trust for continued withholding.

4.    For the avoidance of doubt, an opposition or response to the Motion alone shall not satisfy paragraph 3(b) unless it is expressly filed on the docket and served as a formal objection or other formal claim-specific filing directed to Schedule No. 5694766 and seeking to continue withholding the March 31, 2026 distribution.

5.    If the Trust contends that any portion of the factual basis described in paragraph 3(b)(iii) is confidential or otherwise entitled to protection, nothing in this Order precludes the Trust from seeking appropriate relief under applicable law, rules, or procedures, including filing under seal or requesting in camera treatment. But absent a filing satisfying paragraph 3(b), the Trust may not continue withholding the March 31, 2026 distribution.

6.    If no filing satisfying paragraph 3(b) is filed on the docket and served within the period set forth above, the Trust shall release and pay the withheld March 31, 2026 distribution within seven (7) business days thereafter.

7.    Nothing in this Order adjudicates the ultimate merits of any future objection or other substantive challenge the Trust may seek to assert with respect to Schedule No. 5694766, and nothing in this Order waives any rights of Movant to contest any such future

2

filing.

8.      This Court shall retain jurisdiction to interpret, implement, and enforce this Order.

Dated: _____, 2026
Wilmington, Delaware

                                    THE HONORABLE

                                    KAREN B. OWENS

                                    CHIEF JUDGE

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 22-11068 (KBO)<br>)<br>) (Jointly Administered)<br>)<br>)<br>)<br>)<br>) |

RECEIVED

2026 APR 17 A 10: 21

US BANKRUPTCY
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Kihyuk Nam, hereby certify that on April 17, 2026, I served true and correct copies of the following documents by electronic mail upon counsel to the FTX Recovery Trust and the Office of the United States Trustee:

(i)     the Motion of Kihyuk Nam, to Prohibit Reversal of Established Distribution Treatment of Schedule No. 5694766 Absent a Formal Claim-Specific Filing, and for Related Relief, together with all exhibits thereto; and

(ii)    the [Proposed] Order related thereto.

The foregoing documents were served by electronic mail on the following parties:

---

[1] Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1

## SERVICE LIST

Adam G. Landis
Kimberly A. Brown
Matthew R. Pierce
**LANDIS RATH & COBB LLP**
919 Market Street, Suite 1800
Wilmington, DE 19801
E-mail: landis@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

Counsel
**Electronic Mail**

United States Trustee for Region 3
Office of the United States Trustee
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
E-mail:
USTPRegion03.WL.ECF@usdoj.gov

United States Trustee
**Electronic Mail**

Andrew G. Dietderich
James L. Bromley
Brian D. Glueckstein
Alexa J. Kranzley
Michael O'Connor
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com
oconnorm@sullcrom.com

Counsel
**Electronic Mail**

Dated: April 17, 2026
      Sejong City, South Korea

Respectfully submitted,

**KIHYUK NAM**

/s/ *Kihyuk Nam*
Kihyuk Nam
84 Jiphyeonse 2-ro
Building 1103, 1204
Sejong City, South Korea
Telephone: (+82) 10-2914-4866
Facsimile: (+82) 0504-197-4866
E-mail: kihyuknam@hanyang.ac.kr

2