**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FTX Trading Ltd., *et al.,* | Case No. 22-11068 (KBO) |
| Debtor(s). | (Jointly Administered) |

**CLAIMANT'S MOTION FOR AN ORDER COMPELLING FTX
RECOVERY TRUST AND KROLL RESTRUCTURING ADMINISTRATION
LLC TO PROVIDE PORTAL ACCESS AND DISTRIBUTION
PROCESSING FOR TRANSFERRED CLAIM NO. 5985928**

Fuanglada Sae-Lor (hereinafter **"Claimant"**), the current transferee and holder of FTX Claim No. 5985928 (the **"Claim"**), by and through undersigned counsel, hereby submits this motion (the **"Motion"**) for entry of an Order compelling the FTX Recovery Trust (**"FTX"**) and Kroll Restructuring Administration LLC (**"Kroll"**), in its capacity as court-approved claims and noticing agent, to take all steps necessary to enable Claimant to complete the pre-distribution requirements, specifically, submission of required tax forms and distribution wire transfer instructions in advance of the June 16, 2026 distribution record date, so that Claimant may be included in the July 31, 2026 distribution. In support of this Motion, Claimant respectfully avers as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1409.

3.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory and procedural predicates for the relief requested herein are sections 105(a) and 1142(b) of Title 11 of the United States Code (the **"Bankruptcy Code"**), and rules 3001(e) and 9014 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rule(s)"**).

## BACKGROUND

5. Claimant is the current transferee and holder of FTX Claim No. 5985928 (the **"Claim"**).

6. The Claim was originally held by Shabbir Ahmad and was first transferred to Siriluck Pongjintana (Claimant's niece) via a Notice of Transfer filed on July 12, 2025, at D.I. 31398.

7. Thereafter, Ms. Pongjintana transferred the Claim to Claimant.

8. On February 11, 2026, a redacted Notice of Transfer (transferor: Siriluck Pongjintana; transferee: Fuanglada Sae-Lor) was filed on the docket at D.I. 34700.

9. And thereafter, the claims register was updated accordingly.

10. On May 1, 2026, Claimant received an email from FTX containing a Box.com Data Room link for purposes of submitting my required tax documentation and wire transfer information.

11. That link has never functioned.

12. Claimant has emailed institutionalsupport2@ftx.com on multiple occasions over many months requesting a corrected link.  No substantive response has ever been received.

13. In multiple email exchanges, including messages from the general support@ftx.com address, FTX repeatedly informed Claimant that, because her Claim had been transferred, her KYC, tax compliance, and distribution setup would be handled by FTX's

institutional support team and not through the ordinary Steps 7 and 8 of the FTX Customer Claims Portal.    Those emails instructed Claimant to send all related correspondence to institutionalsupport2@ftx.com and to use the Box.com data room link provided by that team to upload my signed tax form and to complete a distribution wire instruction form housed in that data room.  But, again, the Box.com Data Room Link has never functioned.

14.    On May 18, 2026, after a brief exchange with the FTX KYC support team and submission of requested documentation, FTX confirmed it did not require any further documentation for KYC, though it declined to confirm KYC completion in writing.

15.    The outstanding pre-distribution steps, tax form submission of required tax forms and distribution wire transfer instructions remain incomplete solely because FTX has failed to provide Claimant with a functional mechanism through which she can complete them.

16.    FTX announced on May 26, 2026, that the record date for the next distribution is June 16, 2026, with distributions expected to commence on July 31, 2026.  Claimant must complete Steps 7 and 8 before that record date to be included in the distribution.

17.    If Claimant is unable to complete Steps 7 and 8 before the June 16, 2026 record date due to FTX's non-responsiveness and broken portal infrastructure, she will be excluded from the July 31, 2026 distribution.

18.    Claimant has done everything within her power to complete the required steps.  The sole impediment is FTX's failure to provide Claimant with a functional mechanism to do so.

**RELIEF REQUESTED AND BASIS THEREFOR**

19.    By this Motion, Claimant seeks entry of an Order compelling FTX and Kroll to take all steps necessary within five (5) business days of the entry of such Order to enable Claimant to complete the pre-distribution requirements through the FTX Customer Claims Portal, including:

(a) ensuring Claimant has full, functional access to submit required tax forms and distribution wire transfer instructions, and (b) providing a confirmed, working method for Claimant to submit all required documentation.

20.     Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 1142(b) further provides that the Court "may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan."  11 U.S.C. § 1142(b).

21.     The confirmed Plan expressly contemplates distributions to all holders of Allowed Claims who complete the required pre-distribution steps.  Claimant holds an unobjected-to, Allowed Claim that has been twice properly transferred in full compliance with Kroll's published Transfer Guidelines and Federal Rule of Bankruptcy Procedure 3001(e).  Both transfers have been processed and reflected on the official Claims Register without objection.

22.     Claimant has done everything within her power to complete the required steps.  She has completed KYC verification.  The sole impediment to completing Steps 7 and 8 is FTX's failure to provide a functional portal mechanism for doing so, whether through the standard portal workflow or through the substitute process FTX itself mandated via institutionalsupport2@ftx.com—specifically, the non-functional Box.com Data Room link supplied by FTX's institutionalsupport2@ftx.com mailbox, and that mailbox's persistent failure to respond to requests for a corrected link.  This is a failure of FTX's own administrative systems, not of Claimant.

23. Claimant will suffer concrete, irreparable harm if she is excluded from the July 31, 2026 distribution due to FTX's administrative failures. FTX and Kroll, by contrast, will suffer no prejudice from being directed to provide functional portal access, a ministerial act well within their existing administrative capabilities.

24. Claimant is the unobjected-to holder of an Allowed Claim. She has complied with every published requirement and made diligent efforts over many months to complete the pre-distribution process. She should not be penalized for FTX's non-responsiveness and broken administrative infrastructure.

## **CONCLUSION**

25. In accordance with the foregoing, Claimant respectfully requests entry of an Order: (a) compelling FTX and Kroll to provide Claimant with full, functional access to submit required tax forms and distribution wire transfer instructions within five (5) business days of entry of the Order; (b) directing that Claimant be included in the July 31, 2026 distribution; and (c) granting such other and further relief as this Court deems just and proper.

Dated: June 1, 2026

KASEN LAW GROUP, P.C.

*/s/ Jenny R. Kasen*
Jenny R. Kasen, Esquire (DE Bar No. 5849)
1213 N. King Street, Suite 2
Wilmington, DE 19801
Telephone: (302) 652-3300
E-Mail: jkasen@kasenlawgroup.com

*Counsel to Claimant*