# Exhibit A

Date Filed: 10/31/2024
Claim No: 137

**Fill in this information to identify the case:**

Debtor        Silvergate Capital Corporation

United States Bankruptcy Court for the District of        District of Delaware

Case number        24-12158

---

Official Form 410

# Proof of Claim                                                        04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:   Identify the Claim

| | | |
|---|---|---|
| 1. | **Who is the current creditor?** | FTX Trading Ltd. et al. |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor |

2. **Has this claim been acquired from someone else?**

☑ No

☐ Yes.   From whom? _____

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

FTX Trading Ltd. et al.
c/o Quinn Emanuel
51 Madison Ave.
22nd Floor
New York, NY 10010
United States
**P:** 212-849-7000
**E:** sascharand@quinnemanuel.com

Where should payments to the creditor be sent? (if different)

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

4. **Does this claim amend one already filed?**

☑ No

☐ Yes.  Claim number on court claims registry (if known) _____   Filed on _____
                                                                                                          MM/DD/YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

☑ No

☐ Yes.  Who made the earlier filing? _____

---

13020103124363692500001

6. **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.  Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

7. **How much is a claim?** _____

Does this amount include interest or other charges?

☐ No

☑ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

See Addendum

9. **Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property

**Nature of property**

☐ Real estate.   If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim.

☐ Motor vehicle.

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** _____

**Amount of the claim that is secured:** _____

**Amount of the claim that is unsecured:** _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** _____

**Annual Interest Rate (when case was filed)** _____ %

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes.   Amount necessary to cure any default as of the date of the petition.   $ _____

11. **Is this claim subject to a right of setoff?**

☐ No

☑ Yes.   Identify the property:   See Addendum

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A Claim may be partly priority and partly nonpriority.For example, law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes.   Check one:<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4)<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)() that applies.<br><br><br>*Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | Amount entitled to priority<br><br>_____<br><br>_____<br><br>_____<br><br>_____<br><br>_____<br><br>_____ |
| 13. | **Is all or part of the claim pursuant to 11 U.S.C § 503(b)(9)?** | ☐ No<br><br>☐ Yes.  Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date & time      10/31/2024 at 01:17 pm PT
                             MM  /  DD  /  YYYY  HH  :  MM

/s/Sascha Rand
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Sascha | Rand |
|------|--------|------|
| | First Name    Middle Name | Last Name |

Title      Counsel for FTX Trading Ltd. and its debtor affiliates

Company      Quinn Emanuel Urquhart & Sullivan, LLP
Identify the corporate servicer as the company if the authorized agent is a servicer

| Address | 51 Madison Ave. | 22nd Floor | |
|---------|-----------------|------------|---|
| | Number | Street | |
| | New York | NY | 10010 |
| | City | State | ZIP Code |

Contact phone      _____

Email      sascharand@quinnemanuel.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **SILVERGATE CAPITAL CORPORATION,** *et al.* | Case No. 24-12158 (KBO) |
| | (Jointly Administered) |
| Debtors.[1] | |

**ADDENDUM TO PROOF OF CLAIM FILED BY THE FTX GROUP**

1.      On November 17, 2024 (the "Petition Date"), Silvergate Capital Corporation and its debtor-affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.      FTX Trading Ltd. and its affiliated debtors-in-possession, as set forth in the attached Exhibit A (collectively, the "FTX Group"), submit this proof of claim, including this Addendum (together, the "Proof of Claim"), against the Debtors.

3.      On November 9 and November 11, 2022, as applicable,[2] each of FTX Trading Ltd. and its affiliated debtors-in-possession filed voluntary petitions for relief under title 11 of the United States Bankruptcy Code.  Those chapter 11 cases are being jointly administered in the case of *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD), pending in the United States Bankruptcy Court for the District of Delaware (the "FTX Chapter 11 Cases").  On October 8, 2024, the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

[2]   November 9 is the petition date for each of the debtors in the FTX Group, except for West Realm Shires, Inc.

1

Bankruptcy Court confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (Case No. 22-11068, D.I. 26129).

4.      On the basis of the facts and claims set forth below, the FTX Group asserts (i) an unfixed, unliquidated claim against the Debtors and (ii) a claim for additional amounts that may be owing in connection with the foregoing, including interest and fees relating thereto.

5.      In filing this Proof of Claim, the FTX Group reserves all its rights, claims, privileges, and defenses against the Debtors, including all its rights to assert setoff, counterclaims, recoupment, or defenses arising from any and all or its transactions or dealings with the Debtors.

**CLAIM**

6.      From 2018 until the FTX Group collapsed in November 2022, the Debtors served as one of the FTX Group's banks.  During that time, the Debtors opened accounts for various FTX Group entities, accepted deposits from FTX Group entities, and provided other banking services to the FTX Group.  As the FTX Group's bank, the Debtors, through due diligence and other anti-money laundering and regulatory protocols, became familiar with the FTX Group's business, banking activities, management, and corporate structure and governance.

7.      At all relevant times during the Debtors' relationship with the FTX Group, the FTX Group entities were managed or controlled by Sam Bankman-Fried ("SBF"), Gary Wang, Caroline Ellison, and Nishad Singh (collectively with SBF, the "FTX Insiders").  While the FTX Group banked with the Debtors, the FTX Insiders were perpetrating a sprawling fraudulent scheme.  *See generally* Superseding Indictment, *United States of America v. Samuel Bankman-Fried*, S5 22 Cr. 673 (LAK) (S.D.N.Y. Mar. 28, 2023), ECF No. 115 (the "Superseding Indictment").  As part of this scheme, the FTX Insiders misused and misappropriated the corporate funds and resources of the FTX Group.  *See generally id.*; Notice of Filing Second Interim Report of John J. Ray III to

2

the Independent Directors: The Commingling and Misuses of Customer Deposits at FTX.Com, *In re FTX Trading Ltd. et al.*, 22-11068 (JTD) (Banker. D. Del. June 26, 2023), D.I. 1704 (the "Second Interim Report").

8.    The FTX Insiders' scheme was possible, in part, due to their failure to implement appropriate corporate controls at the FTX Group. *See generally* Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings, *In re FTX Trading Ltd., et al.*, Case No. 22-11068 (JTD) (Bankr. D. Del. Nov. 17, 2022), D.I. 24 (the "Ray Declaration"); Notice of Filing First Interim Report of John J. Ray III to the Independent Directors on Control Failures at the FTX Exchanges, *In re FTX Trading Ltd. et al.*, 22-11068 (JTD) (Banker. D. Del. Apr. 9, 2023), D.I. 1242 (the "First Interim Report"). The FTX Insiders also carried out their scheme by commingling the corporate funds and assets of FTX Group entities. *See generally* Ray Declaration; First Interim Report; Second Interim Report; Superseding Indictment.

9.    The Debtors, through their familiarity with the FTX Group's business and banking activities, were aware of the FTX Insiders' scheme. The Debtors substantially assisted the FTX Insiders by facilitating the FTX Insiders' scheme and helping the FTX Insiders conceal the FTX Insiders' wrongful conduct at the expense of the FTX Group. Furthermore, the Debtors failed to prevent the FTX Insiders' from continuing their scheme.

10.   Accordingly, the FTX Group files this Proof of Claim for any and all claims, rights, and causes of action that it has or may have against the Debtors. Based on the foregoing conduct, and the conduct described in the Ray Declaration, the First Interim Report, and the Second Interim Report, each of which is incorporated here by reference, the FTX Group asserts that it has legal claims against the Debtors, including, but not limited to, claims for aiding and abetting breach of fiduciary duty, aiding and abetting conversion, and unjust enrichment.

3

11.     This Proof of Claim is filed under compulsion of the *Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code), (II) Approving the Form and Manner of the Notice Thereof, and (III) Granting Related Relief* (Case No. 24-12158 (KBO)) (D.I. 97), and the filing of this Proof of Claim is not, nor shall it be deemed: a waiver, release, or limitation of any of the FTX Group's rights, remedies, claims or interests, in law and in equity, that the FTX Group may have against any Debtor, third party, or property of the foregoing. The FTX Group reserves the right to supplement the legal claims and the allegations set forth above to the extent additional information becomes available relating to the harm caused to the FTX Group by the Debtors.

## DAMAGES

12.     Based on the foregoing, the FTX Group assert all claims for damages arising from any and all losses that it has suffered as a result of the harmful conduct perpetrated by the Debtors on the FTX Group, including an unfixed and unliquidated claim for damages based on the claims identified in this Proof of Claim and any other claims not identified in this Proof of Claim.

## SUPPORTING DOCUMENTS

13.     The supporting documentation for the claims are voluminous, and many of them contain confidential or private information of the FTX Group or the Debtors. For that reason, the FTX Group has not attached the supporting documentation. Subject to entry of an appropriate protective order with respect to documents containing confidential or private information of the FTX Group or the Debtors, supporting documentation may be obtained by written request to counsel for the FTX Group: Sascha Rand, Matthew Scheck, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010, Phone: 212-849-7000, Email: sascharand@quinnemanuel.com, matthewscheck@quinnemanuel.com.

**RESERVATION OF RIGHTS**

14.     This Proof of Claim is filed to protect the FTX Group from any asserted forfeiture of claims.  The FTX Group reserves its right to amend and/or supplement this Proof of Claim for any purposes and to the extent permitted by applicable law.

15.     The Proof of Claim does not encompass claims or rights that the FTX Group may have that arise after the Petition Date that are entitled to an administrative priority.  The FTX Group expressly reserves its right to file and assert, at the appropriate time, any claims and rights that are entitled to an administrative priority.

16.     The FTX Group, on its own behalf and on behalf of its officers, directors, members, and managers, reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims or defenses that may be asserted by the Debtors or a chapter 11 trustee, including, without limitation, any rights of setoff and/or recoupment.  The FTX Group, on its own behalf and on behalf of its officers, directors, members, and managers, further reserves all of its rights as against the Debtors and/or a chapter 11 trustee in this chapter 11 proceeding.  The FTX Group, on its own behalf and on behalf of its officers, directors, members, and managers, does not waive, and expressly reserves, any right of action that it has or may have against the Debtors and/or a chapter 11 trustee, or any other person or persons, including the Debtors' officers, directors, members, managers, and non-debtor affiliates.

17.     The FTX Group, on its own behalf and on behalf of its officers, directors, members, and managers, further reserves all rights accruing to it, and the filing of this Proof of Claim is not and shall not be deemed or construed as: (i) a waiver, release, or limitation of its rights against any person, entity, or property (including, without limitation, the Debtors, the Debtors' officers, directors, members, or managers, the Debtors' non-debtor affiliates, any chapter 11 trustee, or any

5

other person or entity that is or may become a debtor in a case pending in this Court); (ii) a consent by the FTX Group or any of its officers, directors, members, and managers to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the FTX Group or its officers, directors, members, and managers; (iii) a waiver, release, or limitation of the right of the FTX Group and/or its officers, directors, members, and managers to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether or not such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by the FTX Group or any of its officers, directors, members, and managers to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of the right of the FTX Group or any of its officers, directors, members, and managers to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a U.S. District Court Judge; (vi) consent to this Court hearing or deciding any matter or proceeding, to the extent this Court lacks the constitutional authority to do so, under *Stern v. Marshall* or otherwise; (vii) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving the FTX Group; (viii) an election of remedies; or (ix) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

18.     All matters concerning this Proof of Claim, including any request for information concerning this Proof of Claim, should be addressed as follows:

> FTX Trading Ltd. and its affiliated Debtors
> c/o Sascha Rand, Matthew Scheck
> Quinn Emanuel Urquhart & Sullivan, LLP
> 51 Madison Avenue, 22nd Floor,
> New York, New York 10010
> Phone:  212-849-7000
> Email: sascharand@quinnemanuel.com
>         matthewscheck@quinnemanuel.com

19.     To the extent that the FTX Group has or may have a right to subrogation, indemnification, reimbursement, or other similar claim, whether arising under 11 U.S.C. § 509, common law, equity,  any written or oral agreement, or otherwise, the FTX Group expressly preserves such rights.

**Exhibit A**

**FTX Debtors**

1.    Alameda Global Services Ltd., a company organized under the laws of the British Virgin Islands.

2.    Alameda Research (Bahamas) Ltd., a company organized under the laws of the Bahamas.

3.    Alameda Research Holdings Inc., a corporation organized under the laws of the state of Delaware.

4.    Alameda Research KK, a company organized under the laws of Japan.

5.    Alameda Research LLC, a limited liability company organized under the laws of the state of Delaware.

6.    Alameda Research Ltd., a company organized under the laws of the British Virgin Islands.

7.    Alameda Research Yankari Ltd., a company organized under the laws of Nigeria.

8.    Alameda TR Ltd., a company organized under the laws of Antigua and Barbuda.

9.    Alameda TR Systems S. de R. L., a company organized under the laws of Panama.

10.    Allston Way Ltd., a company organized under the laws of Antigua and Barbuda.

11.    Atlantis Technology Ltd., a company organized under the laws of Antigua and Barbuda.

12.    Bancroft Way Ltd., a company organized under the laws of Antigua and Barbuda.

13.    Blockfolio, Inc., a corporation organized under the laws of the state of Delaware.

14.    Blue Ridge Ltd., a company organized under the laws of Antigua and Barbuda.

15.    Cardinal Ventures Ltd., a company organized under the laws of Antigua and Barbuda.

16.    Cedar Bay Ltd., a company organized under the laws of Antigua and Barbuda.

17.    Cedar Grove Technology Services, Ltd., a company organized under the laws of Antigua and Barbuda.

18.    Clifton Bay Investments LLC, a limited liability company organized under the laws of the state of Delaware.

19.    Clifton Bay Investments Ltd., a company organized under the laws of the British Virgin Islands.

20.    Cottonwood Grove Ltd., a company organized under the laws of Hong Kong.

8

21. Cottonwood Technologies Ltd., a company organized under the laws of Antigua and Barbuda.

22. Crypto Bahamas LLC, a limited liability company organized under the laws of the state of Delaware.

23. Deck Technologies Holdings LLC, a limited liability company organized under the laws of the state of Delaware.

24. Deck Technologies Inc., a corporation organized under the laws of the state of Delaware.

25. Deep Creek Ltd., a company organized under the laws of Antigua and Barbuda.

26. Digital Custody Inc., a corporation organized under the laws of the state of Delaware.

27. Euclid Way Ltd., a company organized under the laws of Antigua and Barbuda.

28. FTX (Gibraltar) Ltd., a company organized under the laws of Gibraltar.

29. FTX Canada Inc., a company organized under the laws of Canada.

30. FTX Digital Assets LLC, a limited liability company organized under the laws of the state of Delaware.

31. FTX Digital Holdings (Singapore) Pte Ltd., a company organized under the laws of Singapore.

32. FTX EMEA Ltd., a company organized under the laws of Cyprus.

33. FTX Equity Record Holdings Ltd., a company organized under the laws of Seychelles.

34. FTX EU Ltd., a company organized under the laws of Cyprus.

35. FTX Europe AG, a company organized under the laws of Switzerland.

36. FTX Hong Kong Ltd., a company organized under the laws of Hong Kong.

37. FTX Japan Holdings K.K., a company organized under the laws of Japan.

38. FTX Lend Inc., a corporation organized under the laws of the state of Delaware.

39. FTX Marketplace, Inc., a corporation organized under the laws of the state of Delaware.

40. FTX Property Holdings Ltd., a company organized under the laws of the Bahamas.

41. FTX Services Solutions Ltd., a company organized under the laws of the British Virgin Islands.

42. FTX Trading Ltd., a company organized under the laws of Antigua and Barbuda.

9

43.    FTX US Services, Inc., a corporation organized under the laws of the state of Delaware.

44.    FTX US Trading, Inc., a corporation organized under the laws of the state of Delaware.

45.    FTX Ventures Ltd., a company organized under the laws of the British Virgin Islands.

46.    FTX Zuma Ltd., a company organized under the laws of Nigeria.

47.    GG Trading Terminal Ltd., a company organized under the laws of Ireland.

48.    Global Compass Dynamics Ltd., a company organized under the laws of Antigua and Barbuda.

49.    Good Luck Games, LLC, a limited liability company organized under the laws of the state of Washington.

50.    Goodman Investments Ltd., a company organized under the laws of the British Virgin Islands.

51.    Hannam Group Inc., a company organized under the laws of Korea.

52.    Hawaii Digital Assets Inc., a corporation organized under the laws of the state of Delaware.

53.    Hilltop Technology Services LLC, a limited liability company organized under the laws of the state of Delaware.

54.    Hive Empire Trading Pty Ltd., a company organized under the laws of Australia.

55.    Island Bay Ventures Inc., a corporation organized under the laws of the state of Delaware.

56.    Killarney Lake Investments Ltd., a company organized under the laws of the British Virgin Islands.

57.    LHI Successor Inc. (f/k/a Ledger Holdings Inc.), a corporation organized under the laws of the state of Delaware.

58.    LedgerPrime Bitcoin Yield Enhancement Fund, LLC, a limited liability company organized under the laws of the state of Delaware.

59.    LedgerPrime Bitcoin Yield Enhancement Master Fund LP, a company organized under the laws of the Cayman Islands.

60.    LedgerPrime Digital Asset Opportunities Fund, LLC, a limited liability company organized under the laws of the state of Delaware.

61.    LedgerPrime Ventures, LP, a company organized under the laws of the Cayman Islands.

62.    LedgerPrime LLC, a limited liability company organized under the laws of the state of Delaware.

63. LedgerPrime Digital Asset Opportunities Master Fund LP, a company organized under the laws of the Cayman Islands.

64. LT Baskets Ltd., a company organized under the laws of Antigua and Barbuda.

65. Maclaurin Investments Ltd., a company organized under the laws of Seychelles.

66. Mangrove Cay Ltd., a company organized under the laws of Antigua and Barbuda.

67. North Dimension Inc., a corporation organized under the laws of the state of Delaware.

68. North Dimension Ltd., a company organized under the laws of the British Virgin Islands.

69. North Wireless Dimension Inc., a corporation organized under the laws of the state of Delaware.

70. Paper Bird Inc., a corporation organized under the laws of the state of Delaware.

71. Pioneer Street Inc., a corporation organized under the laws of the state of Delaware.

72. Quoine Pte Ltd., a company organized under the laws of Singapore.

73. Strategy Ark Collective Ltd., a company organized under the laws of Antigua and Barbuda.

74. Technology Services Bahamas Limited, a company organized under the laws of the Bahamas.

75. Verdant Canyon Capital LLC, a limited liability company organized under the laws of the state of Delaware.

76. West Innovative Barista Ltd., a company organized under the laws of Antigua and Barbuda.

77. West Realm Shires Financial Services Inc., a corporation organized under the laws of the state of Delaware.

78. West Realm Shires Inc., a corporation organized under the laws of the state of Delaware.

79. West Realm Shires Services Inc., a corporation organized under the laws of the state of Delaware.

80. Western Concord Enterprises Ltd., a company organized under the laws of Antigua and Barbuda.