# Exhibit B

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE


IN RE:                              .  Chapter 11
                                    .  Case No. 22-11068 (KBO)
FTX TRADING LTD., *et al.,*         .
                                    .  (Jointly Administered)
                                    .
          Debtors.                  .
                                    .
. . . . . . . . . . . . . . . . .   .
                                    .
FTX RECOVERY TRUST,                 .  Adversary Proceeding
                                    .  No. 24-50184 (KBO)
          Plaintiff,                .
                                    .
    -against-                       .
                                    .
GATE TECHNOLOGY INCORPORATED,       .
GATE GLOBAL, CORP., GATE            .
INFORMATION PTE. LTD., and          .
SUN YUNZHI,                         .
                                    .
          Defendants.               .
                                    .
. . . . . . . . . . . . . . . . .   .
                                    .
FTX RECOVERY TRUST,                 .  Adversary Proceeding
                                    .  No. 24-50188 (KBO)
          Plaintiff,                .
                                    .
    -against-                       .
                                    .
FORIS DAX MT LTD., FORIS DAX        .
ASIA PTE. LTD., FORIS DAX,          .  Courtroom No. 3
INC., and IRON BLOCK CAPITAL,       .  824 Market Street
                                    .  Wilmington, Delaware 19801
          Defendants.               .
                                    .  Tuesday, August 12, 2025
. . . . . . . . . . . . . . . . .   .  9:30 a.m.

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE KAREN B. OWENS
CHIEF UNITED STATES BANKRUPTCY JUDGE


                    - Cont'd -

to do it.  They wanted a hearing.  We're here having a hearing.  The evidentiary record is what it is before the Court.  This claim is barred on multiple grounds, as I discussed, and the Court should sustain the objection.

Thank you, Your Honor.

THE COURT:  Okay.  Thank you very much.

There was quite a bit in the pleadings and there's quite a bit today, but I think I can answer the question before me fairly, succinctly and I will attempt to do so today, which is that I will sustain the trust's claims objection with respect to the claimant's claim.  In doing so, I am not addressing the timeliness arguments, because putting aside them, even if I allowed the late-filed claim, I don't believe the claimant has sufficiently approved that he has a valid and allowable claim.

He admits that the funds were, in fact, donated, per his consistent to a charity.  In my mind, we're done.  That destroys the claim.  There is no claim because the funds went out, per his directions and consent, to a charity.  That was his intent and his request and it was, in fact, fulfilled.

While there were funds that were given to the charity -- while some of the funds that were given to a charity were clawed back by the trust, there is -- I think we have a tracing problem.  There's insufficient proof that the

funds, in fact, went to the clawed-back charity, the target charity, and I think there's insufficient funds that the -- insufficient evidence that the fund that were, in fact, clawed back were the claimant's.

So we have two problems:  one, there's no tracing of where the funds actually went, which charity, and which charity returned the funds and if they, in fact, were the client's funds.  So, at that point, we're finished.

Even if funds came back, there's no mechanism in the plan or a viable legal theory for the return of the funds to the account so that the claim can be allowed and then credited and treated as a customer entitlement claim for purposes of distributions under the plan.  A constructive trust theory is a remedy on account of a valid claim; again, there is no valid claim.  If there was a valid claim under some sort of fraud, mismanagement, commingling claim, it has been compromised through the global settlement under the plan for the good of all creditors and customers of FTX so that the litigation, with respect to these issues, wouldn't just consume the rest, you know, the funds in the trust and destroy all potential recoveries.

So, either way you proceed down the issue tree of this claim, if allowed -- excuse me -- if considered timely, it is not a valid claim and I agree it should not be allowed in its full total.  I understand that the claim objection

wishes to reduce it and allow it at 56 cents, I believe, and I will sustain that claims objection and enter the order, as has been submitted by the trust.

And I appreciate the time and effort that the parties have given to this matter in an attempt to resolve it.  I understand why we're here today and it is what it is, but I agree with the trust, there is no valid claim here, but for the 56 cents that remained in the account as of the petition date as reflected in Mr. Leto's declaration.

So, what do I need from the trust to memorialize this or I'll look for it under certification of counsel.

MR. GLUECKSTEIN:  Thank you very much, Your Honor. That's very clear.  The trust will submit a form of order under certification of counsel.  The remainder of the Omni objections we dealt with separately, so we'll submit an order just with respect to this claim.

THE COURT:  Let me ask you -- this is not related to this issue -- when I was preparing for this hearing, I was working from home and I had to rely on the Kroll website.  I noticed in trying to access documents that Mr. Leto's declaration was not available on that Kroll website in the redacted form.  It was only on the Kroll website in the sealed form, which isn't accessible, right, because it's completely inaccessible if it's sealed.  So I didn't spend the time to go through the Kroll's website.