**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br>**Re D.I. 35722 & 35808** |

**JOINDER OF XIAO HAIDONG TO ARGENT LIQUIDATION
TRUST'S LIMITED OBJECTION TO THIRD NOTICE OF
PROPOSED REDUCTION OF DISPUTED CLAIMS RESERVE AMOUNT**

Xiao Haidong ("Haidong"), through his undersigned counsel, DLA Piper LLP (US), hereby submits this joinder (the "Joinder") in the limited objection of Argent Liquidation Trust[1] (the "Argent Limited Objection") [D.I. 35808] to the Third Notice of Proposed Reduction of Disputed Claims Reserve Amount [D.I. 35722] (the "Reduction Notice") filed by the FTX Recovery Trust, and respectfully states as follows:

**JOINDER**

1. Haidong files this Joinder because, while his claim is materially smaller than that of the Argent Liquidation Trust ("Argent"), he shares Argent's two primary concerns—(i) the Disputed Claims Reserve must remain at a level necessary to satisfy Disputed Claims that ultimately become Allowed; and (ii) a procedure and timeline must be put in place to efficiently and transparently address what appears to be not less than 27,000 unresolved claims, including the many claims that remain subject to the FTX Recovery Trust's KYC process.

2. Haidong's claims (the "Haidong Claims"), like Argent's claims, have "gone unaddressed" for more than three years. His claims are both "compelling" (based entirely on his

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Argent Limited Objection.

1633460249.2

status as an FTX customer) and "sizeable" (in excess of $20 million).  However, notwithstanding sporadic discussions with the FTX Recovery Trust's professionals, he has been unable to obtain any clarity as to the status of his claims—no objection has been filed to the claims, but the KYC process remains ongoing and unresolved—all while the Debtors and/or the FTX Recovery Trust have distributed more than $10 billion to other creditors and sought repeatedly, as they do again in the Reduction Notice, to reduce the size of the Disputed Claims Reserve.[2]  Without a more transparent claims allowance process and a Disputed Claims Reserve that is more realistically linked to the actual amount of unresolved claims, Haidong runs the risk of recovering nothing on his otherwise meritorious claims when they are ultimately Allowed.

3.    Haidong opened an account at FTX in 2021, and, at that time, he deposited cryptocurrency (substantially all BTC) then valued at approximately $45 million.  The amount and value of the cryptocurrency in his account varied over time, but, on the Petition Date, that cryptocurrency was valued at in excess of $20 million.  Haidong first received confirmation of his Scheduled Claim and Unique Customer Number on March 23, 2023, and he has been engaged with the Debtors' and the FTX Recovery Trust's agents in clearing the KYC process ever since. He was initially told that the process could take "several weeks," but more than three years elapsed before the FTX Recovery Trust engaged substantively with Haidong, only for a brief period, in February 2026.  Detailed responses were provided to questions posed by the FTX Recovery Trust at that time, but more than four months have now passed without further engagement or reply. And there is no light at the end of the tunnel—the FTX Recovery Trust has said that it need not

---

[2]    The FTX Recovery Trust now proposes to reduce the Disputed Claims Reserve for a third time since that reserve was initially funded with $6.533 billion. (Dkt. No. 28689.) The Disputed Claims Reserve was first reduced by $1.93 billion to $4.599 billion on July 23, 2025 (Dkt. No. 31822), and then by $2.22 billion to $2.38 billion on January 29, 2026 (Dkt. No. 34610). The FTX Recovery Trust now seeks to reduce the Disputed Claims Reserve again, by $600 million, to $1.78 billion. (*See* Reduction Notice.) The cumulative reduction proposed to date exceeds $4.75 billion—a reduction of nearly 73% from the original reserve.

1633460249.2

resolve all open claims (on KYC or merits grounds) until the Claims Objection Deadline, which is now set for January 4, 2027, a date that the FTX Recovery Trust could seek—as it did in January 2026—to extend without a clear end date in mind.

4.      In light of the finite amount of funds remaining to be distributed and the substantial number of the claims that remain unresolved, greater and more frequent scrutiny by the Court is required.  Such is the case more on the KYC side of the process than on the claim objection side—claims objections will either be filed or not, and the Court will necessarily be involved if they are filed.  The KYC process is a different story—it is a black box entirely under the control of the FTX Recovery Trust's resource-constrained advisors that has left what are believed to be many hundreds of creditors with meritorious claims lost in a limbo with no real recourse or remedy. The FTX Recovery Trust should be held to account for this state of affairs, with periodic reporting required as to the number and size of claims held by customers that remain actively engaged in the KYC process with the FTX Recovery Trust's advisors.

5.      Without information as to all unresolved claims—including as to claims still subject to the KYC process—it is impossible to say whether the Disputed Claims Reserve, in its current or any reduced form, will be sufficient to satisfy all unresolved claims.  Argent contends that its claims alone "should be valued well over a billion dollars."  (Argent Limited Obj. ¶ 33.) Many other claims with substantial face value exist, including, for example, the claims relating to certain Maps and OXY tokens that, if their holders prevail in a pending Third Circuit appeal, could add another $500 million in potentially allowable claims to the claims pool.[3]  Those two claims together come close to consuming the full $1.78 billion that will remain in the Disputed Claim Reserve if the currently requested reduction is authorized.  So radical a dilution of the FTX

---

[3]     *In re FTX Trading Ltd.*, Case No. 26-1003 (3d Cir. Jan. 2, 2026).

1633460249.2

Recovery Trust's ability to satisfy ultimately meritorious claims should not be permitted without more searching and ongoing scrutiny.

## CONCLUSION

For the foregoing reasons, Haidong respectfully requests that the Court: (a) deny, modify, or delay the proposed reduction of the Disputed Claims Reserve to the extent necessary to ensure the Third Revised Reserve Amount adequately accounts for the Haidong Claims and preserves sufficient value pending resolution of the Haidong Claims; (b) direct the FTX Recovery Trust to provide transparency regarding how the Haidong Claims, and all other claims subject to ongoing KYC review, have been accounted for in determining the proposed Third Revised Reserve Amount; and (c) grant such other and further relief as the Court deems just and proper.

Dated: June 17, 2026
   Wilmington, Delaware

**DLA PIPER LLP (US)**

/s/ *Aaron S. Applebaum*
Aaron S. Applebaum, Esq. (DE #5587)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2462
Email:  aaron.applebaum@us.dlapiper.com

- *and* -

Dennis C. O'Donnell (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY  10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email:  dennis.odonnell@us.dlapiper.com

*Counsel for Xiao Haidong*

4

1633460249.2