**CULLEN AND DYKMAN LLP**
Michelle McMahon, DE Bar No. 3900
One Battery Park Plaza, 34th Fl.
New York, New York 10004
(212) 510-2296
Email: mmcmahon@cullenllp.com

*Attorneys for Qingdao BitJungle Technology Co., Ltd,*
*acting as a representative of Mr. Qiu Weidong.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX Trading Ltd., et al.,<br><br>            Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br>(Jointly Administered) |

### AFFIRMATION OF WEIDONG QIU IN SUPPORT OF MOTION FOR AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING THE PRODUCTION OF DOCUMENTS AND INFORMATION AND, IN THE ALTERNATIVE, FOR AN ORDER PURSUANT TO 28 U.S.C. §1782 AUTHORIZING DISCOVERY FOR USE IN A FOREIGN PROCEEDING

I, Weidong Qiu, declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am the rightful owner of certain cryptocurrency assets that were stolen through unauthorized transactions, a portion of which was subsequently transferred into a user account associated with FTX Trading Ltd. ("**FTX**").  I have retained and authorized Qingdao BitJungle Technology Co., Ltd. ("**BitJungle**") to investigate, trace, and pursue recovery of the stolen assets, including by seeking discovery from FTX concerning the identity and activities of the relevant FTX account holder through the above-referenced action.

2.      I submit this affirmation in support of the motion seeking relief pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure 2004 and 28 U.S.C. § 1782, for the

1

disclosure of certain information and records by FTX Trading Ltd. and its affiliated entities (the "**Motion**").

3.    I am a citizen and resident of the People's Republic of China. I have personal knowledge of the matters set forth in this declaration and, if called as a witness, could and would testify competently to the facts stated herein, except where indicated upon information and belief. As to those matters, I believe them to be true, and the source of my belief is set forth as indicated.

4.    In October 2021, a project development team developed a virtual currency project named "**Douluo Hero**." Douluo Hero was officially launched and put into operation in December 2021 in the People's Republic of China (the "**PRC**").

5.    In or around January and February, 2022, I invested approximately RMB300,000 to purchase various digital assets issued by Douluo Hero, including S-POSCHE-TRX, TRX, POSCHE, (herein after collectively referred to as "**Qiu Tokens**"). Following these purchases, I obtained exclusive ownership and control of the Qiu Tokens through my personal cryptocurrency wallet. I have the private key to the personal wallet, and have the exclusive right and access to transfer, transact, or invest the Qiu Tokens.

6.    The developers of Douluo Hero subsequently launched an affiliated investment program utilizing a smart contract protocol. Specifically, the developers used a designated administrator wallet address (the "**Administrator Address**") to deploy and manage two smart contracts. This Administrator Address wallet also functions as a digital wallet that can hold and transfer digital assets.

7.    Each smart contract has its own unique blockchain address (the "**Smart Contract Address**"). The smart contracts were programmed to have three primary functions: (i) receive and store tokens transferred by investors into the Smart Contract Address, (ii) calculate and

distribute interest returns on such tokens to investors, and (iii) grant the Administrator Address unilateral authority and total control over all tokens held within the Smart Contract Address. This allowed the developers (or any party that controls the Administrator Address) to transfer tokens out of the Smart Contract Address at any time.

8.     In 2022, I participated in the investment program by transferring the Qiu Tokens from my personal wallets to the Smart Contract Address. In return, I was promised a yield or interest on my deposited tokens.

9.     Even after transferring my Qiu Tokens to the Smart Contract Address, I still retained ownership and control of my tokens. I could withdraw the tokens from the Smart Contract Address on my own at any time.

10.     Notably, the tokens were also subject to the control mechanisms embedded in the smart contracts, which allow the controller of the Administrator Address to transfer tokens in and out of the Smart Contract Address at any time without further authorization from the token's owners.

11.     On or about February 11, 2022, unknown persons hacked Douluo Hero and transferred out all of the digital currencies held in the Smart Contract Address.

12.     In February 2026, I engaged Bitjungle to help me investigate and to also represent me to litigation or to work with law enforcement to retrieve my stolen Qiu Tokens.

13.     BitJungle conducted forensic blockchain tracing and analysis and traced that all the cryptocurrencies held under by Douluo Hero in the Smart Contract Address, worth around $30 million, that were transferred out and dissipated to over 15,000 addresses.

14. One of the recipient addresses has been identified as an FTX user, which subsequently received 1000 USDT into an FTX hot wallet associated with the user's exchange account.

15. My Qiu Tokens have been transferred without my authorization. As a result, I suffered damage in the amount of RMB 300,000 (USD 43,478).

16. Following this incident, I have to date been unable to recover my Qiu Tokens or regain control over them.

17. I seek to identify the individuals or entities responsible for the unauthorized transfers and to recover my stolen assets. As soon as the hackers are identified, I will immediately bring legal actions against them to recover the Qiu Tokens and my damages.

18. I intend to use the information sought in the Motion for the contemplated legal proceedings to recover traceable assets, including:

- civil proceedings in the People's Republic of China; and/or
- civil proceedings in Hong Kong.

19. The information requested in the Motion is important to identify the perpetrators and support my claims for recovery in those proceedings.

20. I submit this affirmation in support of an application for discovery pursuant to 28 U.S.C. § 1782.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 2026/6/5

Wei dong Qu

By: Weidong Qiu

4