**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: July 23, 2026 at 9:30 a.m. (ET)**<br>**Obj. Deadline: July 20, 2026 at 4:00 p.m. (ET)** |
| | **Ref. No. 34994** |

**FTX RECOVERY TRUST'S MOTION FOR ENTRY OF AN ORDER (I) EXTENDING
TIME TO FILE REPLY IN SUPPORT OF THE FTX RECOVERY TRUST'S FIRST
AMENDED OBJECTION TO PROOFS OF CLAIM FILED BY ALEX MASHINSKY,
AND (II)  GRANTING RELATED RELIEF**

The FTX Recovery Trust (the "Trust"), by and through its undersigned counsel, hereby submits this motion (the "Motion") pursuant to section 105(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9006-1 and 9006-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) extending the Trust's deadline to file a reply in support of the *FTX Recovery Trust's First Amended Objection to Proofs of Claim Filed by Alex Mashinsky* [D.I. 34704] (the "Claim Objection"),[2] and (ii) granting related relief.  In support of the Motion, the Trust respectfully represents as follows:

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Claim Objection.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core proceeding within the meaning of  28 U.S.C. § 157(b).

2.      Pursuant to Local Rule 9013-1(f), the Trust consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief sought herein are Local Rules 9006-1 and 9006-2, Bankruptcy Rule 9006, and Bankruptcy Code section 105(a).

## BACKGROUND

5.      On February 13, 2026, the Trust filed the Claim Objection objecting to proofs of claim filed by Alexander Mashinsky ("Mashinsky").  Pursuant to the attached notice, the deadline to respond to the Claim Objection was March 16, 2026 at 4:00 p.m. (the "Objection Deadline").

6.      On March 3, 2026, a letter from Mashinsky, dated February 25, 2026, was filed on the docket [D.I. 34798] (the "February 25 Letter"), requesting that the Trust extend the Objection Deadline by ninety days.

7.      On March 4, 2026, the Trust responded to the February 25 Letter and agreed to extend the Objection Deadline by forty-five days to April 30, 2026 [D.I. 34813-1].

8.     Subsequently, Mashinsky filed two additional letters, dated March 5, 2026 [D.I. 34861] and March 9, 2026 [D.I. 34888] (together, the "March Letters"), which were docketed on March 10 and March 17, 2026, respectively.  The March Letters requested, among other things, a ninety-day extension of the Objection Deadline.

9.     On March 18, 2026, the Trust filed the *FTX Recovery Trust's Objection to Alexander Mashinsky's Letter Requests for a Further Extension of Deadline to Respond to the Claim Objection* [D.I. 34894] objecting to the relief requested in the March Letters.

10.    On March 31, 2026, the Court entered the *Order Extending Response Deadline to FTX Recovery Trust's First Amended Objection to Proofs of Claim Filed by Alex Mashinsky* [D.I. 34994] (the "Scheduling Order"), extending the Objection Deadline to June 15, 2026 (the "Extended Objection Deadline") and establishing July 15, 2026 (the "Reply Deadline") as the deadline for the Trust to file a reply.

11.    On June 22, 2026, one week after the Extended Objection Deadline, the *Response of Alex Mashinsky, Pro Se, in Opposition to the FTX Recovery Trust's First Amended Objection to Proofs of Claim Filed By Alex Mashinsky* [D.I. 35863] (the "Response") was docketed.  As a result, the time allotted for the Trust to consider the Response and prepare a reply was shortened by seven days.

**RELIEF REQUESTED**

12.    The Trust respectfully requests that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, (i) extending the Trust's Reply Deadline to July 29, 2026, and (ii) granting such other and further relief as the Court deems just and proper.

-3-

**BASIS FOR RELIEF**

13.     Bankruptcy Code section 105(a) provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

14.     Bankruptcy Rule 9006(b)(1) authorizes the Court, for cause shown and on a request made before the expiration of the period originally prescribed, to enlarge response periods for answers and to do so on an *ex parte* basis.  *See* Fed. R. Bankr. P. 9006(b)(1) ("[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . .").[3]

15.     Here, "cause" exists to extend the Reply Deadline because the Response was docketed seven days after the expiration of the Extended Response Deadline.  Absent the requested relief, the Trust will be prejudiced by the unfair reduction of its time to reply to the Response.  Moreover, given the length and substance of the Response, a short further extension of the Reply Deadline for an additional week through and including July 29, 2026 is necessary to allow the Trust to fully consider the Response and prepare its reply.  The Trust believes that its reply will materially aid the Court in its consideration of the Claim Objection and help to narrow the issues to be addressed at any hearing on the Claim Objection.  Furthermore, the proposed extension of the Reply Deadline will not prejudice Mashinsky.

---

[3]     Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Reply Deadline shall automatically extend the deadline until the Court acts on this Motion without the necessity for the entry of a bridge order.

16.     In view of these circumstances, the Trust submits that extending the Reply Deadline is reasonable and appropriate and requests that the Court grant the extension.

## NOTICE AND NO PRIOR REQUEST

17.     The Trust has provided notice of the Motion to: (a) the U.S. Trustee; (b) Mashinsky; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this Motion, the Trust respectfully submits that no further notice is necessary.

18.     No previous request for the relief sought herein has been made by the Trust to this or any other Court.

## CONCLUSION

19.     For the foregoing reasons, the Trust respectfully requests that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, (i) extending the Trust's Reply Deadline to July 29, 2026, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: July 6, 2026
     Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
     mcguire@lrclaw.com
     brown@lrclaw.com
     pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Benjamin S. Beller (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
     bromleyj@sullcrom.com
     gluecksteinb@sullcrom.com
     bellerb@sullcrom.com

*Counsel for the FTX Recovery Trust*