**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, [1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. D.I. 35678** |
| | **Hearing Date: July 23, 2026 at 9:30 a.m. (ET)**<br>**Obj. Deadline: July 16, 2026 at 4:00 p.m. (ET)** |

**MOTION OF SETH MELAMED FOR ENTRY OF AN ORDER
DETERMINING THAT THE FILING AND PROSECUTION OF
THE PROPOSED REQUEST TO AMEND DESCRIPTION
OF ARBITRATION IS NOT ENJOINED BY THE
JUNE 2nd ORDER OR THE CONFIRMATION ORDER**

Seth Melamed ("**Movant**"), by and through his undersigned counsel, respectfully submits this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), determining that the proposed Amended Notice (defined herein) is not enjoined by the *Order Granting FTX Recovery Trust's Motion to Enforce Prior Orders that Preclude Seth Melamed from Asserting New Claims in Arbitration* entered on June 2, 2026 [D.I. 35768] (the "**June 2nd Order**") or by the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "**Confirmation Order**").  In support of this Motion, Movant respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  A complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX

**PRELIMINARY STATEMENT**

1.      Based on the Court's June 2nd Order, Mr. Melamed has prepared a proposed Request to Amend Description of Arbitration (the "**Amended Notice**") which asserts the following contract claims against the Trust: (i) breach of the contractual representations and warranties made in Clause 7.2 of, and Schedule 6, Part B to, the SPA; and (ii) breach of FTX's obligation under Clauses 2.2–2.4 of the SPA, as varied by Clause 2.1(d) of the First Side Letter, to pay the Crypto Consideration portion of the purchase price at Completion — together with the associated contractual indemnification under Clause 9.3 of the SPA.  A copy of the Amended Notice is attached to the Declaration of David J. Adler ("**Adler Declaration**") at **Exhibit A**.

2.      This Motion seeks a determination that the filing and prosecution of the Amended Notice does not violate the June 2nd Order.  Movant has previously filed the *Motion of Seth Melamed for Reconsideration of the June 2, 2026 Order [D.I. 35768] Pursuant to 11 U.S.C. § 502(j) and Federal Rules of Bankruptcy Procedure 3008, 9023, and 9024* (D.I. 35827) (the "**Reconsideration Motion**").[2]  If the Court denies the Reconsideration Motion, this Motion requests a determination that the Amended Notice is not in violation of the *Order Granting FTX Recovery Trust's Motion to Enforce Prior Orders that Preclude Seth Melamed from Asserting New Claims in Arbitration* [*D.I. 35768*] entered on June 2, 2026.  This Motion does not seek reconsideration of the June 2nd Order.  Rather, this Motion requests a determination that the Amended Notice — which sounds exclusively in contract — falls outside the conduct the June 2nd Order enjoins.

---

[2] Movant has timely moved for relief under 11 U.S.C. §502(j) and Fed R. Bankr. Pro. 3008, 9023 and 9024 [D.I. 35827] and filed a notice of appeal on June 16, 2026 [D.I. 35825].  This Motion does not seek to relitigate, modify or stay the June 2nd Order, and is submitted without prejudice to, and with a full reservation of, Movant's right in those proceedings.

3.      By its terms, the June 2nd Order enjoins the prosecution of claims described in the November 12, 2025 Notice of Arbitration "because they are premised on claims that have been compromised, settled, resolved, and enjoined under sections 5.2 and 10.8" of the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "**Plan**").  The Amended Notice removes the types of claims referenced in Section 5.2 and asserts only those claims asserted in Movant's June 29, 2023 proof of claim ("**Claim No. 3385**"), which were previously referred to arbitration by this Court [D.I. 32058].

4.      The claim[s] asserted in the Amended Notice are outside the scope of the June 2nd Order.  The Amended Notice contains no allegations of "actual or purported fraud, unjust enrichment, misappropriation, conversion and misconduct of former Insiders" and/or "all Causes of Action relating to any of the foregoing."  Because the claims in the Amended Notice stem exclusively from the contract, prosecuting those claims does not assert "actual" or "purported" fraud claims nor causes of action relating to the categories that the June 2nd Order construed Section 5.2 of the Plan to resolve.[3]

### JURISDICTION AND VENUE

5.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("the Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders").  The pendency of Movant's notice of

---

[3] For the avoidance of doubt, Movant does not by this Motion or by the Amended Notice seek to amend, modify, or expand his timely filed June 29, 2023 proof of claim (Claim No. 3385), which remains unamended.  The Amended Notice narrows the presentation of the dispute so that it remains within the boundaries of Claim No. 3385 as referred to arbitration by this Court [D.I. 32058], in compliance with the June 2nd Order.

appeal does not divest this Court of jurisdiction: under Federal Rule of Bankruptcy Procedure 8002(b)(2), a notice of appeal filed before the Court disposes of a timely motion under Rule 9023 does not become effective until the order disposing of that motion is entered, and this Court in any event retains jurisdiction to construe its own injunction, as the June 2nd Order itself provides. *See June 2nd Order* ¶ 4 (retaining jurisdiction over "any matters, claims, rights, or disputes arising from or related to the Motion or the implementation of this Order"); *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945) (persons subject to an injunction may petition the issuing court for a construction of the order in light of a concrete situation). *See also In re AIO US, Inc.*, 2025 WL 2426380 (Bankr. D. Del. Aug. 21, 2025) (bankruptcy court retains authority to interpret and enforce its own orders and will entertain a declaratory judgment concerning the scope of a plan injunction, relying on *In re Gulf Coast Health Care, LLC* (Owens, J.)). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Movant consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9014 of the Federal Rules of Bankruptcy Procedure, and this Court's inherent authority to interpret its own orders.

**BACKGROUND**

7.      On October 8, 2024, the Court entered the Confirmation Order.   The Plan became effective on January 3, 2025 [D.I. 29127], and the FTX Recovery Trust was established as of that date.

8.      Before the June 30, 2023 non-customer bar date, Movant timely filed proof of claim no. 3385 (the "**SPA Claim**").   The annex to the SPA Claim enumerated Movant's theories, including "(b) multiple breaches of warranties and representations contained in the SPA and elsewhere; (c) failure to pay retained consideration as defined and promised in the SPA; [and] (d) failure to indemnify Claimant for damages from breaches of contract and breaches of warranties and representations as provided in the SPA."  [SPA Claim, Annex 4.]

9.      On July 31, 2025, the Court entered its order on the Debtors' amended claims objection [D.I. 32057], which subordinated the portion of the SPA Claim relating to the FTX Consideration Shares, directed that the Crypto Consideration claim be valued at petition-date values under the Estimation Order, and "reserve[d] judgment regarding the allowance, classification, and subordination of any indemnification claim arising from the Crypto Consideration." [D.I. 32057  2-3.][4]  The same day, the Court granted Movant's cross-motion to compel arbitration of the SPA Claim.  [D.I. 32058.]

10.      In the June 2nd Order, the Court enjoined Movant from pursuing the claims asserted in the November 12, 2025 Notice of Arbitration (the "**Notice of Arbitration**") based on sections 5.2 and 10.8 of the Plan and the Confirmation Order.

11.      Movant has prepared the Amended Notice which asserts only contract claims resulting from: (i) breach of the contractual representations and warranties in Clause 7.2 of, and

---

[4] The Trust has acknowledged that reservation.  *See Reply in Further Support of Motion to Enforce*, D.I. 35558  3 n.3.

Schedule 6, Part B to, the SPA; and (ii) breach of FTX's obligation, under Clauses 2.2-2.4 of the SPA as varied by Clause 2.1(d) of the First Side Letter, to pay the Crypto Consideration portion of the purchase price at Completion - together with the associated contractual indemnification under Clause 9.3 of the SPA. The Amended Notice does not plead fraud, misrepresentation, deceit, or any scienter-based theory; does not allege that any person knew any statement was false or intended to deceive; does not allege reliance; and does not seek fraud-based remedies such as rescission, punitive damages, or tort damages. The Amended Notice seeks only the contractual remedies the SPA provides: damages for breach of contract and indemnification on account of Losses (as defined in the SPA).

## RELIEF REQUESTED

12.    Movant respectfully requests entry of the Proposed Order (attached hereto in the form attached as **Exhibit A**) confirming that (a) the Amended Notice is not enjoined by the June 2nd Order; and (b) the filing and prosecution of the Amended Notice against the Trust does not violate the June 2nd Order, the Plan or the Confirmation Order in each case without prejudice to (i) any party's rights and defenses on the merits of the Amended Notice, (ii) the Trust's right to contest the admissibility of the Amended Notice before the SIAC tribunal under the SIAC Rules, and (iii) this Court's exclusive authority over allowance, classification, subordination, and distribution in respect of any resulting award.

## BASIS FOR RELIEF

**I.     The Amended Notice Does Not Violate the Plan, the Confirmation Order or June 2nd Order**

13.    Paragraph two of the June 2nd Order provides:

Pursuant to the Court's prior findings of fact and conclusions of law set forth in the Confirmation Order, including those set forth in paragraphs 38-41, 49-50, 93, 119, and 143-144, Seth Melamed is enjoined from pursuing the claims described in his November

12, 2025 Notice of Arbitration (SIAC Case No. ARB602/25/VKH) because they are premised on claims that have been compromised, settled, resolved, and enjoined under sections 5.2 and 10.8 of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates.

14.    Paragraph 2 does not enjoin *all* claims; it enjoins the claims described in the Notice of Arbitration *because* those claims "are premised on claims that have been compromised, settled, resolved, and enjoined under sections 5.2 and 10.8" of the Plan.  An injunction entered for that stated reason does not, by its terms, enjoin a claim that is not premised on any compromised, settled, or resolved matter.

15.    This analysis is also the only one that harmonizes the Court's orders.  A claim as to which the Court "reserve[d] judgment" on July 31, 2025 [D.I. 32057-3] cannot be a claim that had already been "compromised, settled, [and] resolved" upon entry of the Confirmation Order - and the Trust itself concedes the reservation [D.I. 35558-3 n.3].   Likewise, the Crypto Consideration claim that the Court valued under the Estimation Order and referred to arbitration [D.I. 32057; D.I. 32058] cannot be a claim that the Plan had already extinguished.  The June 2nd Order could not enjoin claims this Court itself preserved, valued, and referred to arbitration.

16.    Section 5.2 of the Plan provides in relevant part:

5.2. *Global Settlement of Claims and Interests*

In consideration of the classification, treatment, Distributions, releases and other benefits provided by the Debtors to their stakeholders under the Plan, on the Effective Date, the provisions of the Plan shall constitute a good-faith compromise, settlement and resolution (the "Global Settlement") of all Claims, Interests and Causes of Action against, by or among the Debtors, including without limitation: (a) *the actual or purported fraud*, unjust enrichment, misappropriation, conversion and misconduct of former Insiders; (b) any basis for the contractual, structural and legal subordination rights of any Claim or Interest or any Distribution to be made on account of any Claim or Interest; (c) the purported commingling and misuse of customer deposits and corporate funds; (d) the tracing of assets of individual Debtors to particular sources of funding; (e) transactions among the Debtors prior to and on the Effective Date; (f) the allocation of corporate and administrative expenses across each of the Debtors; (g) the effects and consequences of the Debtors' Terms of Service and whether the assets held by the FTX.com Exchange

and the FTX.US Exchange are property of the Debtors' Estates; (h) the Debtors' disregard for corporate separateness before the Petition Date; (i) any causes of action by a Debtor against other Debtors; (j) the purported absence of adequate corporate governance, cash management, accounting and cybersecurity controls by the Debtors and their Affiliates prior to the commencement of the Chapter 11 Cases; and (k) *all Causes of Action relating to any of the foregoing*.

(emphasis supplied).

17.    Section 10.8 - the second provision on which the June 2nd Order rests - operates, by its terms, as an injunction only against claims "released, settled or exculpated under the Plan or the Confirmation Order," and only "to the fullest extent authorized or provided by the Bankruptcy Code." Section 10.9 in turn provides that none of the Plan's releases or exculpations "shall operate to waive or release any obligation or Causes of Action, arising under any contract." A contract claim that was timely filed before the bar date, referred to arbitration by this Court, and in relevant part expressly reserved is not a claim "released, settled or exculpated under the Plan," and Section 10.8 therefore has no application to it.

18.    Nor does subsection (k) of Section 5.2 - "all Causes of Action relating to any of the foregoing" - sweep Movant's contract claims into the Global Settlement. A creditor's direct claim against the Debtors for the breach of the Debtors' own contractual promises to him is not "of a kind" with the categories enumerated in subsections (a) through (j) of section 5.2.

19.    In the Third Circuit, a confirmed chapter 11 plan is interpreted according to ordinary principles of contract interpretation, beginning with the plain meaning of its terms. *See In re Shenango Grp. Inc.*, 501 F.3d 338, 344 (3d Cir. 2007). "Fraud" is not a loose synonym for error. At common law and as incorporated throughout federal law, fraud requires (i) a false representation, (ii) knowledge of falsity or reckless disregard of truth (scienter), (iii) intent to induce reliance, (iv) justifiable reliance, and (v) resulting injury. *See Field v. Mans*, 516 U.S. 59, 68–75 (1995) ("actual fraud" carries "the general common law of torts" meaning, including

justifiable reliance); *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 360 (2016) ("actual fraud" requires intentional wrongdoing, although it may be effected without a false representation). The modifier "purported" extends Section 5.2(a) to fraud that is *alleged* rather than proven — it does not transform non-fraud claims into fraud. A pleading that alleges no deception, no knowledge of falsity, no intent, and no reliance neither asserts actual fraud nor purports fraud; there is simply no fraud, actual or purported, in it.

20. Federal bankruptcy law characterizes a claim by the source of the right to payment, not by the factual backdrop against which the right arises. A contractual indemnification claim's source is the contract; an incorrect statement/warranty is merely the bargained-for trigger. The Third Circuit has held that for contract claims, "the tort analogy is inapt" because "[a] contract embodies the parties' consent"; "most contract claims arise when the parties sign the contract," and "[o]nce the parties agree to a contingent right to payment, the claim exists." *In re Mallinckrodt PLC*, 99 F.4th 617, 621 (3d Cir. 2024); *Avellino & Bienes v. M. Frenville Co. (In re M. Frenville Co.)*, 744 F.2d 332, 336–37 & n.10 (3d Cir. 1984) (distinguishing claims arising under express indemnity or surety agreements — which exist as contingent rights to payment from the moment the agreement is executed — from claims that accrue with later events). Although *Jeld-Wen, Inc. v. Van Brunt (In re Grossman's Inc.)*, 607 F.3d 114, 125 (3d Cir. 2010) (en banc), overruled *Frenville*'s state-law accrual test for tort claims, *Mallinckrodt* expressly reaffirmed that *Frenville*'s "discussion of contract claims is correct" notwithstanding *Grossman's*. 99 F.4th at 621. Under both *Frenville* and *Mallinckrodt*, the claim's legal identity is fixed by the agreement — wholly independent of the conduct that later satisfies the contractual trigger.

21. The Fifth Circuit applied precisely this characterization to an indemnity triggered by misstatements. In *Raymond James & Assocs., Inc. v. Jalbert (In re German Pellets La., L.L.C.)*,

91 F.4th 802 (5th Cir. 2024), the debtor had agreed to indemnify its underwriter for losses resulting from "any untrue statement or misleading statement of material fact" in bond-offering memoranda — an indemnity premised entirely on incorrect statements — and the same misstatements separately spawned securities-fraud claims. The court of appeals analyzed the indemnity rights exclusively as contingent *contractual* claims, *id.* at 807–808, 809–10, while the fraud claims premised on the very same statements were treated as entirely distinct causes of action with different owners and different fates, *id.* at 806–07. *See In re Touch Am. Holdings, Inc.*, 381 B.R. 95, 103–06 (Bankr. D. Del. 2008) (indemnification claims arising from suits alleging fraud and misrepresentation analyzed solely under the contingency, reimbursement, and co-liability elements); *In re Caribbean Petroleum Corp.*, 2012 WL 1899322, at *2–3 (Bankr. D. Del. May 24, 2012).

22.    The elements confirm the categorical difference. The Amended Notice alleges the existence of the Agreement, the incorrectness of the specified statements/warranties, and covered Losses — nothing more. Movant need not prove, and does not allege, that anyone knew a statement was false, intended to deceive, or induced reliance. Each claim asserted in the Amended Notice was, moreover, asserted in the SPA Claim itself — Annex ¶ 4(b) (breaches of warranties and representations), ¶ 4(c) (failure to pay retained consideration), and ¶ 4(d) (failure to indemnify) — was referred to arbitration by this Court [D.I. 32058], and, as to the Crypto Consideration indemnification, was expressly reserved [D.I. 32057 ¶ 3].

## **RESERVATION OF RIGHTS**

23.     Nothing in this Motion is or shall be construed as a waiver of any argument raised in Movant's Reconsideration Motion or notice of appeal, or as a waiver of any right, claim, or defense of Movant, all of which are expressly reserved.

## **NOTICE**

24.     Notice of this Motion has been provided to: (a) counsel to the FTX Recovery Trust; (b) the U.S. Trustee for the District of Delaware; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002.  Movant submits that, in light of the nature of the relief requested, no other or further notice is necessary.

## **NO PRIOR REQUEST**

25.     No prior request for the relief sought in this Motion has been made to this or any other court.  For the avoidance of doubt, Movant's Reconsideration Motion seeks reconsideration of the June 2nd Order --not a determination that the Amended Notice falls outside the scope of the June 2nd Order.

## CONCLUSION

WHEREFORE, Movant respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief as the Court deems just and proper.

Dated: July 9, 2026
      Wilmington, Delaware

                    **McCARTER & ENGLISH, LLP**

                    /s/ *Kate R. Buck*
                    Kate R. Buck (No. 5140)
                    Larry O'Brien (No. 7000)
                    Renaissance Centre
                    405 North King Street, 8th Floor
                    Wilmington, DE 19801
                    Telephone: (302) 984-6300
                    Facsimile (302) 984-6399
                    kbuck@mccarter.com
                    lobrien@mccarter.com

                    - and –

                    David J. Adler (admitted *pro hac vice*)
                    250 W. 55th Street, 13th Floor
                    New York, NY 10019
                    Telephone: (212) 609-6847
                    Facsimile: (212) 609-6921
                    dadler@mccarter.com

                    *Counsel to Seth Melamed*