# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: | . Chapter 11<br>.<br>. Case No. 22-11068 (KBO) |
| FTX TRADING LTD, et al, | .<br>. 824 Market Street<br>. Wilmington, Delaware 19801 |
| Debtors. | . |
| . . . . . . . . . . . . . . . . | . Thursday, May 14, 2026 |
| FTX RECOVERY TRUST, | .<br>. |
| Plaintiff, | . |
| vs. | . Adv. Proc. No. 24-50188(KBO) |
| | . |
| FORIS DAX MT LTD., FORIS DAX<br>ASIA PTE. LTD., FORIS DAX,<br>INC., and IRON BLOCK CAPITAL, | .<br>.<br>. |
| | . |
| Defendants. | . |
| . . . . . . . . . . . . . . . . | . |
| | |
| FTX RECOVERY TRUST, | . |
| Plaintiff, | . |
| vs. | . Adv. Proc. No. 24-50214(KBO) |
| | . |
| MANIFOLD MARKETS, INC.,<br>MANIFOLD FOR CHARITY, INC.,<br>ROSS RHEINGANS-YOO, and FTX<br>PHILANTHROPY, INC., | .<br>.<br>.<br>. |
| | . |
| Defendants. | . |
| . . . . . . . . . . . . . . . . | . |

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE KAREN B. OWENS
CHIEF UNITED STATES BANKRUPTCY JUDGE

Audio Operator:          Electronically Recorded
                         by Kim Ross, ECRO

Transcription Company:   Reliable
                         1007 N. Orange Street
                         Wilmington, Delaware 19801
                         (302)654-8080
                         Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

APPEARANCES:

For the FTX Recovery
Trust:                          Matthew R. Pierce, Esq.
                                George A. Williams, Esq.
                                LANDIS, RATH & COBB, LLP
                                919 Market Street, Suite 1800
                                Wilmington, Delaware 19899

                                Brian D. Glueckstein, Esq.
                                Jessica H. Goldman, Esq.
                                SULLIVAN & CROMWELL, LLP
                                125 Broad Street
                                New York, New York 10004

For Seth Melamed:               Lawrence J. O'Brien, Esq.
                                MCCARTER & ENGLISH, LLP
                                Renaissance Centre
                                405 North King St., 8th Floor
                                Wilmington, Delaware 19801

                                David J. Adler, Esq.
                                MCCARTER & ENGLISH, LLP
                                250 West 55th Street, 13th Floor
                                New York, New York 10019

3

INDEX

PAGE

FTX Recovery Trust's Objection to Proofs of Claim
Filed by ELD Capital LLC
[D.I. 34251, filed on January 2, 2026]

    Court's Ruling                                    4

FTX Recovery Trust's Motion to Enforce Prior Orders    12
that Preclude Seth Melamed from Asserting New Claims
in Arbitration [D.I. 35243, filed on April 2, 2026]

    Court's Ruling                    (Under Advisement)

(Proceedings commence at 9:35 a.m.)

(Call to order of the Court)

THE COURT:  Good morning, everyone.  Nice to see you all.  Please be seated.

Good morning.  How are you?

MR. PIERCE:  Good morning, Your Honor.  Matthew Pierce with Landis, Rath & Cobb, on behalf of the FTX Recovery Trust.

Your Honor, as noted on the amended agenda that was filed at Docket 35168, there's two matters going forward this morning:

The first is Agenda Item Number 7, which is the Court's ruling with respect to the objection to the proofs of claim filed by ELD Capital.

Agenda Item 2 -- or the second matter going forward is the FTX Recovery Trust's motion to enforce the prior orders with respect to the new claims in arbitration with respect to Seth Melamed.

THE COURT:  Yes, I will do the oral ruling first, so that counsel or ELD can depart, to the extent that they wish, and then we'll move into argument on the Melamed motion.

I wanted to do an oral ruling because I know that the issue with ELD has been hanging -- has extant for a long time.  Well, I shouldn't say "a long time," that implies it's

they're relying on are completely different; and so, therefore, this is a new claim.

Lastly, Your Honor, I will just comment on this question that Your Honor is talking about, which we certainly agree with, on 5.2 of the plan and the global settlement.  We talked about it earlier.  Again, this idea that we didn't raise it earlier, the claims that were asserted, the fraud theory that's asserted in the proof of claim is extremely different than what is asserted now.

And the reason why we -- as I alluded to earlier, the reason why we believe this is now plainly barred by Section 5.2, in the form that is enumerated in the notice of arbitration, is that the facts that they are relying on are facts that exist broadly.  They're trying to say that -- Mr. Adler is saying we're trying to rely on contractual misrepresentations, but they're not.

They're arguing the facts that are supporting these arguments now have morphed from bilateral negotiations to do things like you did not protect cryptocurrency in customer wallets as was expected, and, therefore, we had -- we now learned that our cryptocurrency that was allocated to us was not properly protected.  These are the very sort of global arguments that are not limited simply to customers, that are discussed and that were the impetus for Section 5.2, to say any sort of generalized harm where creditors-at0large could

assert that Mr. Bankman-Fried and his associates defrauded people, those claims were not going to be litigated.

So, whether you had a customer claim, whether you have a breach of contract claim and you want to tack on arguments to say I should have additional damages on account of the FTX fraud, "The" FTX fraud -- capital T -- those claims were being compromised for the terms of the plan, so that the estate was not litigating on a creditor-by-creditor basis the fact that everybody was harmed by Mr. Bankman-Fried's actions.  That's easy.  At this point, that is a -- everybody can stipulate to that fact, but it's not going to be a basis for additional recoveries in this case.

I do agree, Your Honor, that the language in Section 5.2 covers any such claims relied -- of that nature, as well as any cause of action related to the foregoing.  So, again, this comes back, it becomes this circular discussion that we continue to have around this indemnity claim and whether this indemnity claim is some savior to Mr. Melamed; that, notwithstanding the fact that he's asserting claims that we now -- in the form he's asserting in the arbitration, are barred by Section 5.2, the fact that he's asserting claims that all arise under the SPA that Your Honor has previously ruled are subordinated, that we can just repackage them under new theories, call them indemnity, and somehow, on account of the crypto consideration and, therefore, ask the

68

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of my knowledge and ability.

_____   May 15, 2026

Coleen Rand, AAERT Cert. No. 341

Certified Court Transcriptionist

For Reliable