# Exhibit B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | . | Chapter 11 |
|  | . |  |
|  | . | Case No. 22-11068 (KBO) |
| FTX TRADING LTD, et al, | . |  |
|  | . | 824 Market Street |
|  | . | Wilmington, Delaware 19801 |
| Debtors. | . |  |
| . . . . . . . . . . . . . . . . | . | Thursday, June 18, 2026 |
| FTX RECOVERY TRUST, | . |  |
|  | . |  |
| Plaintiff, | . |  |
| vs. | . | Adv. Proc. No. 24-50188(KBO) |
|  | . |  |
| FORIS DAX MT LTD., FORIS DAX | . |  |
| ASIA PTE. LTD., FORIS DAX, | . |  |
| INC., and IRON BLOCK CAPITAL, | . |  |
|  | . |  |
| Defendants. | . |  |
| . . . . . . . . . . . . . . . . | . |  |
| FTX RECOVERY TRUST, | . |  |
|  | . |  |
| Plaintiff, | . |  |
| vs. | . | Adv. Proc. No. 24-50214(KBO) |
|  | . |  |
| MANIFOLD MARKETS, INC., | . |  |
| MANIFOLD FOR CHARITY, INC., | . |  |
| ROSS RHEINGANS-YOO, and FTX | . |  |
| PHILANTHROPY, INC., | . |  |
|  | . |  |
| Defendants. | . |  |
| . . . . . . . . . . . . . . . . | . |  |

(Continued)

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE KAREN B. OWENS
CHIEF UNITED STATES BANKRUPTCY JUDGE

Audio Operator:          Electronically Recorded
                         by Brandon McCarthy, ECRO

Transcription Company:   Reliable
                         1007 N. Orange Street
                         Wilmington, Delaware 19801
                         (302)654-8080
                         Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
FTX RECOVERY TRUST,                .
                                   .
                    Plaintiff,     .
          vs.                      .  Adv. Proc. No. 26-50256(KBO)
                                   .
CRYPTO LOTUS FUND B                .
INTERNATIONAL, LTD,                .
                                   .
                    Defendant.     .
. . . . . . . . . . . . . . . . . .
```

APPEARANCES:

For the FTX Recovery
Trust:                              Matthew B. McGuire, Esq.
                                    Matthew R. Pierce, Esq.
                                    George A. Williams, Esq.
                                    LANDIS, RATH & COBB, LLP
                                    919 Market Street, Suite 1800
                                    Wilmington, Delaware 19899


                                    Brian D. Glueckstein, Esq.
                                    Stephen H. Clarke, Esq.
                                    SULLIVAN & CROMWELL, LLP
                                    125 Broad Street
                                    New York, New York 10004

For the Argent Liquidation
Trust:                              L. Katherine Good, Esq.
                                    Gregory J. Flasser, Esq.
                                    POTTER, ANDERSON & CORROON, LLP
                                    1313 North Market Street
                                    6th Floor
                                    Wilmington, Delaware 19801

                                    Daniel M. Perry, Esq.
                                    Lauren C. Doyle, Esq.
                                    MILBANK, LLP
                                    55 Hudson Yards
                                    New York, New York 10001

                                    Hannah Blazek, Esq.
                                    Zois Manaris, Esq.
                                    MILBANK, LLP
                                    1101 New York Avenue NW
                                    Washington, D.C. 20005

(Appearances Continued)

APPEARANCES:   (Continued)

For Xiao Haidong:            Stuart Brown, Esq.
                             DLA PIPER, LLP (US)
                             1201 North Market Street
                             Suite 2100
                             Wilmington, Delaware 19801

                             Dennis O'Donnell, Esq.
                             DLA PIPER, LLP (US)
                             1251 Avenue of the Americas
                             New York, New York 10020

Also Appearing:             Steven P. Coverick, Declarant
                            ALVAREZ & MARSAL NORTH
                             AMERICA, LLC

APPEARANCES VIA ZOOM:   (On the Record)

For the Argent Liquidation
Trust:                      Andrew M. Leblanc, Esq.
                            MILBANK, LLP
                            1101 New York Avenue NW
                            Washington, D.C. 20005

4

INDEX

PAGE


Third Notice of Proposed Reduction of Disputed Claims     5
Reserve Amount [D.I. 35722, filed on May 26, 2026]

    Court's Ruling                                    40




EXHIBIT                                                  EVID.

Coverick Declaration at D.I. 35723                         6

(Proceedings commence at 10:36 a.m.)

(Call to order of the Court)

THE COURT:  Good morning, everyone.  Good to see you.  Please be seated.

Mr. Glueckstein.

MR. GLUECKSTEIN:  Good morning, Your Honor.

THE COURT:  Good morning.

MR. GLUECKSTEIN:  Brian Glueckstein, Sullivan & Cromwell, on behalf of the FTX Recovery Trust.

Your Honor, we only have one matter going forward this morning on our omnibus hearing agenda, that is the trust's third notice for proposed reduction of disputed claims reserve amount.  We are here to address our request to reduce the disputed claims reserve by $600 million, down to $1.78 billion of continuing disputed claims reserve.

This was noticed today, Your Honor, for hearing in accordance with the Court's December 2024 order that established the disputed claims reserve, which provides that, once an objection to the request is filed -- and one was filed here by Argent Liquidation Trust -- the matter would be noticed for hearing.

In support of the request, the trust submitted the declaration of Steven P. Coverick, filed at Docket Number 35723.  We respectfully request that Mr. Coverick's declaration be admitted to evidence at this time.  Mr.

give them to Your Honor if you're curious.  We did some looking over the last day, and I identified six more cases that used substantively similar boilerplate language.

And the language is important for -- from the perspective of a claimant that has submitted a proof of claim.  It's in consideration of the classification treatment distributions, releases, and other benefits provided by the debtors.  And it goes on and calls for a release of all claims, interests, and causes of action.

And if you follow the definition of "causes of action" through, that literally captures everything, not just fraud claims, contract claims.  So I'd recommend that definition to Your Honor.  Read with the injunction, at most --

THE COURT:  But it's limited by subject matter qualifiers.

MR. PERRY:  I don't --

THE COURT:  It's not any and all causes of action; it's limited by subject matter qualifiers.

MR. PERRY:  I read the subject matter qualifiers as illustrative and not limitations.  So my read of 5.2 is -- and I think it says this -- is, in consideration, and then it says:

"All claims, interests, and causes of action" --

Which includes almost everything.

"-- against, by, or among the debtors, including without limitation" --

So it's an illustrative list.

And they're -- if what they were intending to do was, effectively, carve out fraud claims, there are ways to do that that would have been clear and unambiguous. They chose not to do that. They could have created a class for fraud claimants that received an allocation of zero. They didn't do any of that. There was nothing in the plan that suggested they intended to call out fraud claimants and release their claims, expunge them, effectively, for no value. Again, that would have been possible to do under the plan. They chose not to do it. These are boilerplate provisions.

I'm not aware -- and we've only had the argument for a day. But I'm not aware of any other case where a court interpreting provisions like 5.2 and 10.8, the injunctive provision, has said, you know, effectively, that expunges all fraud claims or any other type of claim.

THE COURT:  Unfortunately --

MR. PERRY:  So --

THE COURT:  -- I've held twice in this case that it did.  And you'll have the opportunity to argue again, it seems.

MR. PERRY:  Yeah, I did --

MR. PERRY:  Thank you.

THE COURT:  Thank you.

MR. O'DONNELL:  And Your Honor, very briefly, as well.

I hear what Mr. Glueckstein says.  I understand the burden on him, as well.

But one further suggestion is that there could be more triaging that appears to be going on here.  Twenty million is a relatively large claim.  Somehow, I don't believe there are many claims in that -- at that level.  And to the extent that there was a way of prioritizing to what can turn their attention, it would be helpful.

Hopefully, we can continue to talk and get to some kind of resolution, at least as to the KYC stage.  If there's an objection to come, there's an objection to come.  But being stuck in KYC is the problem.  We don't know where we are.  And I'll leave it there.

THE COURT:  Okay.  Thank you.

Okay.  Well, thank you all very much for the arguments today and the submissions.

I, however, believe, based on the evidence that has been submitted, that the reduction is appropriate.

I understand and appreciate Silvergate's argument on this; and, perhaps with further reductions, I might to start -- I might start to feel uncomfortable.  However, as we

44

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of my knowledge and ability.

_____          June 19, 2026

Coleen Rand, AAERT Cert. No. 341

Certified Court Transcriptionist

For Reliable