**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  July 23, 2026 at 9:30 a.m. (ET)**<br>**Obj. Deadline: July 16, 2026 at 4:00 p.m. (ET)** |
| | **Ref. No. 35932** |

**THE FTX RECOVERY TRUST'S OBJECTION TO
QINGDAO BITJUNGLE TECHNOLOGY CO., LTD'S MOTION FOR AN ORDER
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004
AUTHORIZING THE PRODUCTION OF DOCUMENTS AND INFORMATION
AND, IN THE ALTERNATIVE, FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
AUTHORIZING DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

The FTX Recovery Trust (the "Trust")[2] respectfully submits this objection (the "Objection") to the *Motion of Quindao BitJungle Technology Co., Ltd. for an Order Pursuant to Federal Rule of Bankruptcy Procedure 2004 Authorizing the Production of Documents and Information and, in the Alternative, for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in a Foreign Proceeding* [D.I. 35932] (the "Motion") filed by Qingdao BitJungle Technology Co., Ltd. ("BitJungle").  For the reasons set forth below, the Court should deny the Motion.

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan").

**Preliminary Statement**

1.     The Motion seeks to compel the Trust to spend its limited resources to assist a non-creditor in investigating claims against unknown third parties that in no way implicate the Trust, its creditors, or the FTX bankruptcy estate.  There is no basis to impose this burden on the Trust.  Moreover, the manner in which BitJungle seeks to impose this obligation on the Trust is procedurally and substantially flawed.  The Motion should be denied.

**Background**

2.     Movant BitJungle is a self-described forensic investigator retained by Weidong Qiu to assist in tracing certain allegedly misappropriated digital assets.  (Mot. ¶ 3.) BitJungle purports to bring the Motion on behalf of Qiu.  (Mot. ¶ 3.)

3.     Weidong Qiu is a stranger to FTX and the above-captioned Chapter 11 cases (the "Chapter 11 Cases").  Qiu is not a creditor of the Trust and does not claim to have had any prior dealings with the Trust or the Debtors.  (Mot. ¶ 22.)  Neither Qiu nor BitJungle has any interest in the outcome of these Chapter 11 Cases.

4.     According to the Motion, Qiu purchased certain digital assets in early 2022, which he held on blockchain addresses that were completely separate from the FTX Exchange. (Mot. ¶¶ 5, 8.)  Qiu asserts that hackers misappropriated these digital assets in February 2022, (Mot. ¶ 9), prior to the collapse of the FTX group and commencement of these Chapter 11 Cases.

5.     In 2026, BitJungle purports to have performed a forensic tracing analysis to locate the misappropriated digital assets. (Mot. ¶ 12.)  BitJungle's tracing analysis allegedly shows that a portion of the misappropriated digital assets were, after a series of intermediate transactions, swapped for 1,000 tokens of Tether (also known as USDT), a stablecoin whose value is pegged to the United States Dollar.  According to BitJungle, the 1,000 USDT were then deposited into a

wallet associated with an FTX account.  (Mot. ¶ 14.)  Aside from the final deposit, the Motion does not claim that any transaction involved an FTX user or wallet.

6.      BitJungle asserts that Qiu is "consulting with counsel" regarding potential claims related to the misappropriated digital assets (Mot. ¶ 3) and contemplates initiating "legal proceedings in [the People's Republic of China] or Hong Kong courts," (Mot. ¶ 26), but has not done so.

7.      BitJungle's Motion seeks to compel the Trust to produce certain customer and other information relating to an FTX wallet that allegedly received the 1,000 USDT to assist BitJungle in its investigation of Qiu's claims.  (Mot. ¶ 15.)

**Objection**

8.      BitJungle has no right to discovery from the Trust under either Rule 2004 of the Federal Rules of Bankruptcy Procedure or Section 1782 of Title 28 of the United States Code—the only two bases upon which they demand this information.  For the reasons that follow, BitJungle's Motion should be denied.

**I.      BitJungle Is Not Entitled to Utilize Bankruptcy Rule 2004 to Issue a Subpoena.**

9.      BitJungle is a third-party investigator seeking discovery on behalf of a non-creditor to support potential claims against a non-Debtor.  Nothing in the Motion implicates the interests or administration of the FTX bankruptcy estate or the Trust.  Accordingly, BitJungle falls far short of the requirements to invoke Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") to issue a subpoena.[3]

---

[3]    Even if BitJungle could invoke Rule 2004, that would only permit it to issue a subpoena to the Trust in accordance with Rule 2004(c), not immediately compel production of the wide-ranging information being sought.

10.     Rule 2004 discovery is, by its own terms, available only to "a party in interest." (Fed. R. Bankr. P. 2004(a).)  Generally, a party in interest is one "whose pecuniary interest is directly affected by the bankruptcy proceeding." *In re Aronson*, 1994 WL 497541, at *6-7 (E.D. Pa. Sept. 12, 1994) (internal citation omitted) (ruling that the holder of a disallowed claim is not a party in interest).  Here, BitJungle—which is no more than a consultant hired to investigate Qiu's claim—is not a party in interest under even the most capacious reading of the Rule.

11.     Even if the Court ignores the fact that Qiu—the actual party that stands to benefit from the requested discovery—did not file the Motion (it should not), Qiu himself is not a party in interest.  By Qiu's own admission, he is "not a creditor of the Debtors in the traditional sense." (Mot. ¶ 22.)  Nor does Qiu claim to have ever been a customer of the Debtors or to have had any pre-petition contact with them.  His sole argument as to why his interests are implicated at all is that BitJungle's motion would assist him in "identifying and recovering assets, identifying wrongdoing, and ensuring the integrity of [the Debtors'] platform records." (Mot. ¶ 22.)  Merely paying lip service to the requirement that the Motion benefit the Trust does not change the fact that BitJungle is seeking discovery for litigation that is completely extraneous to the proceedings before this Court and does nothing for the Trust at all.

12.     Furthermore, the Court has confirmed a Plan that has been effective for eighteen months.  Once a plan is confirmed, the use of Rule 2004 discovery "is restricted to the administration of the case post-confirmation." *In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373, 377 (Bankr. E.D. Pa. 1988).  The Trust can continue to utilize Rule 2004 to "carry out [its] duties under the Plan," including to "investigate and sue upon causes of action transferred from [a debtor], pursue avoidance actions, and object to claims." *In re Daisytek, Inc.*, 323 B.R. 180, 185-86 (N.D.

Tex. 2005).  But that availability does not make Rule 2004 subpoenas available as a tool for investigation of claims against third parties that have no connection to the administration of the estate or the Trust.

13.     Finally, BitJungle's requested discovery falls far outside the allowed scope of Rule 2004.  BitJungle is seeking information to help it identify potential targets for Qiu's litigation to recover assets that do not belong to the Trust.  But Rule 2004 is not a mechanism for individuals "to deal with their special problems." *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 627 (Bankr. D. Del. 2016).  In particular, a non-debtor's "desire to identify third parties . . . who may also be liable to them . . . is neither [the bankruptcy] court's concern nor the purpose of Rule 2004." *Id.* at 628 (internal citation omitted).  Yet that is precisely what BitJungle seeks to achieve with its Motion.  Accordingly, the Court should deny BitJungle's attempt to invoke Rule 2004 in these circumstances.

## II.     BitJungle Has No Right to Discovery Under 28 U.S.C. § 1782.

14.     BitJungle has also cited 28 U.S.C. § 1782 as a basis for its Motion.  The Court should deny that flawed request as well.

15.     Under 28 U.S.C. § 1782, a party can, in certain circumstances, seek the assistance of a district court to obtain discovery in connection with foreign litigation.  In particular, Section 1782 provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .  The order may be made . . . upon the application of any interested person."  (28 U.S.C. § 1782(a).)

16. Section 1782 allows, but does not require, a "district court"—not a bankruptcy court—to authorize discovery. (28 U.S.C. § 1782(a).) In determining whether the requested discovery is appropriate, the district court's analysis proceeds in two steps.

17. *First*, the district court must determine whether the applicant has satisfied the statutory prerequisites, *i.e.*, that "(1) the person from whom discovery is sought 'resides or is found' within the district; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by an 'interested person.'" *SPS Corp I, Fundo de Investimento em Direitos Creditorios Nao Padronizados* v. *Gen. Motors Co.*, 110 F.4th 586, 590-91 (3d Cir. 2024) (quoting 28 U.S.C. § 1782(a)).

18. *Second*, if—and only if—the applicant satisfies the three statutory requirements, the district court considers the four *Intel* factors to guide its discretion. *Id.* at 591-92. The factors are: "1. Whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent § 1782 aid. 2. '[T]he nature of the foreign tribunal, the character of the foreign proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance.' 3. '[W]hether the . . . request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.' [And] 4. [w]hether the request is 'unduly intrusive or burdensome.'" *Id.* at 592 (internal citations omitted) (quoting *Intel Corp.* v. *Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)). BitJungle fails to satisfy the necessary requirements.

### A. The Motion's Request for Discovery Under 28 U.S.C. § 1782 Is Procedurally Improper.

19. The Court need not reach the merits of BitJungle's request for Section 1782 discovery because the request is procedurally improper. An application for discovery under Section 1782 must be brought before a district court—not a bankruptcy court. Moreover, it must

be brought as an independent application rather than as a motion in a pending case.  BitJungle has done neither of these.

20.   The statutory language is explicit that the proper forum for a Section 1782 application is a "district court."  (28 U.S.C. § 1782(a).)  Tellingly, the Trust has not identified a single instance in which a bankruptcy court granted Section 1782 discovery.  Rather, the few bankruptcy courts that have been confronted with a Section 1782 request have questioned their authority under the statute before disposing of the request on other grounds.  *See In re Soundview Elite, Ltd.*, 503 B.R. 571, 592 n.56 (Bankr. S.D.N.Y. 2014) (noting that Section 1782 "**authorizes the district court to order discovery** in connection with foreign proceedings" and "question[ing] [a bankruptcy court's] authority" to do so (emphasis added)); *In re Glitnir Banki hf.*, 2011 WL 3652764, at *4 n.10 (Bankr. S.D.N.Y. Aug. 19, 2011) (same).

21.   Moreover, at least one court has held that it is not appropriate to bring a Section 1782 request as a motion in a pending case.  Rather, it must be brought as an independent application.  *Republic Techs. (NA), LLC* v. *BBK Tobacco & Foods, LLP*, 2020 WL 208825 (N.D. Ill. Jan. 14, 2020) ("In this Court's view, [the] application for foreign discovery should have been filed as a separate action, and not as a discovery motion in the present litigation.").  Thus, BitJungle is not entitled to bring a Section 1782 request as a motion in the pending Chapter 11 Cases.

**B.   The Motion Has Failed to Establish the Existence of a Qualifying Foreign Proceeding.**

22.   Beyond its procedural defects, the Motion does not establish a right to discovery under Section 1782.  BitJungle has failed to show that the requested discovery is "for use in a proceeding in a foreign or international tribunal."  (28 U.S.C. § 1782(a).)  Courts in the Third Circuit require that the requisite foreign proceedings be "within reasonable contemplation." *Matter of Wei for Ord. Seeking Discovery Under 28 U.S.C. § 1782*, 2018 WL 5268125, at *2

(D. Del. Oct. 23, 2018). This requires that an applicant provide "reliable indications of the likelihood that proceedings will be instituted within a reasonable time." *Id.* (quoting *In re Intel*, 2008 WL 4861544, at *11). Merely "[r]etaining counsel and discussing the possibility of initiating litigation is not enough to make an objective showing that the planned proceedings were within reasonable contemplation." *Id.* (internal quotations omitted). In *Matter of Wei*, the court held that a foreign proceeding was not within reasonable contemplation where the applicant (1) had not yet retained counsel in the relevant foreign jurisdiction, (2) did not articulate "specific causes of action" under relevant foreign law, and (3) had not "taken any other affirmative step towards initiating litigation beyond the § 1782 applications." 2018 WL 5268125, at *2-3 (D. Del. Oct. 23, 2018).

23.     BitJungle does even less to establish an action is within reasonable contemplation than the facts held insufficient in *Matter of Wei*. Here, the Motion's assertions regarding the potential foreign litigation are threadbare. The Motion does not discuss the potential causes of action in any degree of detail, let alone name specific causes of action as the court required in *Matter of Wei*. Moreover, Qiu appears to not even know in which jurisdiction he will bring his claims, as he speaks of "anticipated legal proceedings in [the People's Republic of China] or Hong Kong courts." (Mot. ¶ 26.) Even worse, BitJungle does not claim to have identified a potential defendant for the foreign litigation. Indeed, even if the Trust were compelled to participate in discovery, there is no guarantee that the individuals or entities implicated by its production would be subject to Chinese or Hong Kong jurisdiction. Such a result could render BitJungle's foreign litigation all but impossible.

24.     Although BitJungle claims that Qiu has retained "counsel" (Mot. ¶ 3), there is no indication that such counsel is authorized to practice in China or Hong Kong. Moreover,

even if Qiu's counsel is located in a relevant foreign jurisdiction, this alone is not an indication that litigation is within reasonable contemplation. *Certain Funds, Accts. &/or Inv. Vehicles* v. *KPMG, L.L.P.*, 798 F.3d 113, 124 (2d Cir. 2015) (noting that merely "retain[ing] counsel and . . . discussing the *possibility* of initiating litigation" does not support an "objective showing that the planned proceedings were within reasonable contemplation"). Taken together, these facts indicate that the foreign proceeding is too speculative for discovery under Section 1782 to be available. Accordingly, the Court should deny BitJungle's request.

### C.    The *Intel* Factors Weigh Against Granting Discovery.

25.    Because BitJungle fails to satisfy the statutory requirements of Section 1782, the Court does not need to reach the application of the *Intel* factors. *See Matter of Wei*, 2018 WL 5268125, at *3 ("As Applicant has not met the statutory requirements, there is no need to analyze the *Intel* factors."). Nevertheless, even if the Court were to undertake an *Intel* analysis, the Court should conclude that the requested discovery is inappropriate.

26.    The first *Intel* factor is whether "the evidence sought is within the foreign tribunal's jurisdictional reach." *SPS Corp*, 110 F.4th at 592. But the Motion does not at all address whether the evidence sought from the Trust is within the reach of either a Chinese or Hong Kong court. Thus, BitJungle has not provided the Court any information to evaluate this factor. Accordingly, the Court should find that this factor weighs against BitJungle.

27.    The second *Intel* factor asks the Court to consider the "nature of the foreign tribunal, the character of the foreign proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Id.* As with the first factor, BitJungle has made virtually no assertions about the nature of either of the two potentially relevant foreign courts. Where the applicant is silent with respect to the nature of

the foreign tribunal, courts treat this factor as neutral at best. *In re Yilport Holding A.S.*, 2023 WL 2140111, at *7 (D.N.J. Feb. 21, 2023) (holding that since "the Court has little to no information concerning the nature of the foreign tribunal or the character of the [foreign] Proceedings. . . . the second Intel factor is, on balance, neutral").

28.     The third *Intel* factor is whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *SPS Corp*, 110 F.4th at 592.  BitJungle has not claimed to have sought discovery under Chinese or Hong Kong procedures nor has it explained its failure to do so.  Courts in similar situations typically weigh this factor against an applicant. *In re Application of Actian Corp.*, 2025 WL 2338068, at *3 (D. Del. Aug. 13, 2025) (finding that the third *Intel* factor "weighs slightly" against applicant where applicant did not "attempt discovery in [the foreign jurisdiction]"); *In re Yilport Holding*, 2023 WL 2140111, at *8 ("[S]ilence strongly suggests [applicant] has not tried to obtain discovery [in the foreign jurisdiction] . . . and this omission weighs against authorizing discovery here.").

29.     The fourth and final *Intel* factor is whether "the request is unduly intrusive or burdensome." *SPS Corp*, 110 F.4th at 590-91.  The Trust's books and records are voluminous. Responding to this request will impose a burden on the Trust due to the time spent identifying and producing responsive data.  The Court should find that this factor weighs against BitJungle.

30.     If the Court were to reach the merits of the request (and it should not), this Court should deny BitJungle's request for discovery under 28 U.S.C. § 1782 because all the Intel factors either weigh against BitJungle or are neutral.

**Conclusion**

31.     For the foregoing reasons, the Trust respectfully requests that the Court

deny BitJungle's Motion in its entirety.

Dated:  July 16, 2026          **LANDIS RATH & COBB LLP**
        Wilmington, Delaware

                               */s/ Matthew R. Pierce*
                               Adam G. Landis (No. 3407)
                               Matthew B. McGuire (No. 4366)
                               Kimberly A. Brown (No. 5138)
                               Matthew R. Pierce (No. 5946)
                               919 Market Street, Suite 1800
                               Wilmington, Delaware 19801
                               Telephone: (302) 467-4400
                               Facsimile: (302) 467-4450
                               E-mail: landis@lrclaw.com
                                       mcguire@lrclaw.com
                                       brown@lrclaw.com
                                       pierce@lrclaw.com


                               -and-


                               **SULLIVAN & CROMWELL LLP**
                               Andrew G. Dietderich (admitted *pro hac vice*)
                               Brian D. Glueckstein (admitted *pro hac vice*)
                               Stephen Ehrenberg (admitted *pro hac vice*)
                               Alexa J. Kranzley (admitted *pro hac vice*)
                               125 Broad Street
                               New York, NY 10004
                               Telephone: (212) 558-4000
                               Facsimile: (212) 558-3588
                               E-mail: dietdericha@sullcrom.com
                                       gluecksteinb@sullcrom.com
                                       ehrenbergs@sullcrom.com
                                       kranzleya@sullcrom.com

                               *Counsel for the FTX Recovery Trust*