# Exhibit 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                              .  Chapter 11
                                    .  Case No. 22-11068 (KBO)
FTX TRADING LTD., *et al.,*         .
                                    .  (Jointly Administered)
                                    .
        Debtors.                    .
                                    .
. . . . . . . . . . . . . . . . .   .
                                    .
FTX RECOVERY TRUST,                 .  Adversary Proceeding
                                    .  No. 24-50184 (KBO)
        Plaintiff,                  .
                                    .
    -against-                       .
                                    .
GATE TECHNOLOGY INCORPORATED,       .
GATE GLOBAL, CORP., GATE            .
INFORMATION PTE. LTD., and          .
SUN YUNZHI,                         .
                                    .
        Defendants.                 .
                                    .
. . . . . . . . . . . . . . . . .   .
                                    .
FTX RECOVERY TRUST,                 .  Adversary Proceeding
                                    .  No. 24-50188 (KBO)
        Plaintiff,                  .
                                    .
    -against-                       .
                                    .
FORIS DAX MT LTD., FORIS DAX        .
ASIA PTE. LTD., FORIS DAX,          .  Courtroom No. 3
INC., and IRON BLOCK CAPITAL,       .  824 Market Street
                                    .  Wilmington, Delaware 19801
        Defendants.                 .
                                    .  Tuesday, July 22, 2025
. . . . . . . . . . . . . . . . .   .  9:00 a.m.

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE KAREN B. OWENS
CHIEF UNITED STATES BANKRUPTCY JUDGE


- Cont'd -

FTX RECOVERY TRUST,          .   Adversary Proceeding
                             .   No. 24-50189 (KBO)
            Plaintiff,       .
                             .
      -against-              .
                             .
AMERICAN ACTION              .
NETWORK, INC.,               .
                             .
            Defendant.       .
                             .
. . . . . . . . . . . . . . . .
                             .
FTX RECOVERY TRUST,          .   Adversary Proceeding
                             .   No. 24-50190 (KBO)
            Plaintiff,       .
                             .
      -against-              .
                             .
AMERICAN PROSPERITY ALLAINCE, .
                             .
            Defendant.       .
                             .
. . . . . . . . . . . . . . . .
                             .
FTX RECOVERY TRUST,          .   Adversary Proceeding
                             .   No. 24-50191 (KBO)
            Plaintiff,       .
                             .
      -against-              .
                             .
AMERICAN VALUES              .
COALITION, INC.,             .
                             .
            Defendant.       .
                             .
. . . . . . . . . . . . . . . .

                        - Cont'd -

```
FTX RECOVERY TRUST,            .  Adversary Proceeding
                               .  No. 24-50193 (KBO)
          Plaintiff,           .
                               .
     -against-                 .
                               .
CONGRESSIONAL LEADERSHIP       .
FUND,                          .
                               .
          Defendant.           .
                               .
. . . . . . . . . . . . . . . .
                               .
FTX RECOVERY TRUST,            .  Adversary Proceeding
                               .  No. 24-50197 (KBO)
          Plaintiff,           .
                               .
     -against-                 .
                               .
FARMINGTON STATE CORPORATION   .
(f/k/a FARMINGTON STATE BANK,  .
d/b/a GENIOME BANK, d/b/a      .
MOONSTONE BANK), FBH           .
CORPORATION, and JEAN          .
CHALOPIN,                      .
                               .
          Defendants.          .
                               .
. . . . . . . . . . . . . . . .
```

- Cont'd -

FTX RECOVERY TRUST,                    .   Adversary Proceeding
                                       .   No. 24-50199 (KBO)
          Plaintiff,                   .
                                       .
     -against-                         .
                                       .
NEW YORK SOLIDARITY NETWORK,           .
                                       .
          Defendant.                   .
                                       .
. . . . . . . . . . . . . . . . .
                                       .
FTX RECOVERY TRUST,                    .   Adversary Proceeding
                                       .   No. 24-50200 (KBO)
          Plaintiff,                   .
                                       .
     -against-                         .
                                       .
ONE NATION, INC.,                      .
                                       .
          Defendant.                   .
                                       .
. . . . . . . . . . . . . . . . .
                                       .
FTX RECOVERY TRUST,                    .   Adversary Proceeding
                                       .   No. 24-50201 (KBO)
          Plaintiff,                   .
                                       .
     -against-                         .
                                       .
PROSPERITY ALLIANCE, INC.,             .
                                       .
          Defendant.                   .
                                       .
. . . . . . . . . . . . . . . . .
                                       .
FTX RECOVERY TRUST,                    .   Adversary Proceeding
                                       .   No. 24-50202 (KBO)
          Plaintiff,                   .
                                       .
     -against-                         .
                                       .
SENATE LEADERSHIP FUND,                .
                                       .
          Defendant.                   .
                                       .
. . . . . . . . . . . . . . . . .

                              - Cont'd -

FTX RECOVERY TRUST,                  .   Adversary Proceeding
                                     .   No. 24-50203 (KBO)
          Plaintiff,                 .
                                     .
     -against-                       .
                                     .
VOTO LATINO, INC.,                   .
                                     .
          Defendant.                 .
                                     .
. . . . . . . . . . . . . . . . .    .
                                     .
FTX RECOVERY TRUST,                  .   Adversary Proceeding
                                     .   No. 24-50204 (KBO)
          Plaintiff,                 .
                                     .
     -against-                       .
                                     .
WORKING AMERICA,                     .
                                     .
          Defendant.                 .
                                     .
. . . . . . . . . . . . . . . . .    .
                                     .
FTX RECOVERY TRUST,                  .   Adversary Proceeding
                                     .   No. 24-50211 (KBO)
          Plaintiff,                 .
                                     .
     -against-                       .
                                     .
SECUREBIO, INC. dba                  .
SECUREBIO,                           .
                                     .
          Defendant.                 .
                                     .
. . . . . . . . . . . . . . . . .    .

                         - Cont'd -

FTX RECOVERY TRUST,                      .   Adversary Proceeding
                                         .   No. 24-50212 (KBO)
                                         .
          Plaintiff,                     .
                                         .
     -against-                           .
                                         .
THE GOODLY INSTITUTE dba                 .
GOODLY LABS,                             .
                                         .
          Defendant.                     .
                                         .
. . . . . . . . . . . . . . . .
FTX RECOVERY TRUST,                      .   Adversary Proceeding
                                         .   No. 24-50213 (KBO)
                                         .
          Plaintiff,                     .
                                         .
     -against-                           .
                                         .
SPARTZ PHILANTHROPIES, dba               .
RETHINK CHARITY and                      .
NONLINEAR,                               .
                                         .
          Defendant.                     .
                                         .
. . . . . . . . . . . . . . . .
FTX RECOVERY TRUST,                      .   Adversary Proceeding
                                         .   No. 24-50214 (KBO)
                                         .
          Plaintiff,                     .
                                         .
     -against-                           .
                                         .
MANIFOLD MARKETS, INC.,                  .
                                         .
          Defendant.                     .
                                         .
. . . . . . . . . . . . . . . .

- Cont'd -

FTX RECOVERY TRUST,                    .    Adversary Proceeding
                                       .    No. 24-50222 (KBO)
                                       .
           Plaintiff,                  .
                                       .
      -against-                        .
                                       .
BINANCE HOLDINGS LIMITED,              .
BINANCE CAPITAL MANAGEMENT             .
CO. LTD., BINANCE HOLDINGS             .
(IE) LIMITED, BINANCE                  .
(SERVICES) HOLDINGS LIMITED,           .
CHANGPENG ZHAO, DINGHUA                .
XIAO, SAMUEL WENJUN LIM, and           .
DOES 1-1000,                           .
                                       .
           Defendants.                 .
                                       .
. . . . . . . . . . . . . . . . .
FTX RECOVERY TRUST,                    .    Adversary Proceeding
                                       .    No. 25-50635 (KBO)
                                       .
           Plaintiff,                  .
                                       .
      -against-                        .
                                       .
KUROSEMI, INC.,                        .
                                       .
           Defendant.                  .
                                       .
. . . . . . . . . . . . . . . . .

APPEARANCES:

For the FTX
Recovery Trust:              Adam Landis, Esquire
                             LANDIS RATH & COBB LLP
                             919 Market Street
                             Suite 1800
                             Wilmington, Delaware 19801


                        - Cont'd -

```
For the FTX
Recovery Trust:              Brian D. Glueckstein, Esquire
                             Christopher J. Dunne, Esquire
                             SULLIVAN & CROMWELL, LLP
                             125 Broad Street
                             New York, New York 10004

For Weiwe Ji,
et al.:                      William Sullivan, Esquire
                             SULLIVAN HAZELTINE ALLINSON LLC
                             919 North Market Street
                             Suite 420
                             Wilmington, Delaware 19801

For the Foreign
Representatives of
FTX Digital:                 Colin West, Esquire
                             WHITE & CASE LLP
                             1221 Avenue of the Americas
                             New York, New York 10020

For Seth Melamed:            David Adler, Esquire
                             MCCARTER & ENGLISH, LLP
                             Worldwide Plaza
                             825 Eighth Avenue
                             31st Floor
                             New York, New York 10019
```

(APPEARANCES CONTINUED)

```
Audio Operator:              Kim Ross, ECRO

Transcription Company:       Reliable
                             The Nemours Building
                             1007 N. Orange Street, Suite 110
                             Wilmington, Delaware 19801
                             Telephone: (302)654-8080
                             Email:  gmatthews@reliable-co.com
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

APPEARANCES (CONTINUED):

For ELD Capital:          Peter Hughes, Esquire
                          DILWORTH PAXSON LLP
                          1650 Market Street
                          Suite 1200
                          Philadelphia, Pennsylvania 19103

                          Alec Berin, Esquire
                          MILLER SHAH LLP
                          1845 Walnut Street
                          Suite 806
                          Philadelphia, Pennsylvania 19103

For Binance Holdings      Gregory Strong, Esquire
Ltd:                      CAHILL GORDON & REINDEL LLP
                          221 West 10th Street
                          3rd Floor
                          Wilmington, Delaware 19801

                          Michele Angell, Esquire
                          WESTERMAN BALL EDERER MILLER
                            ZUCKER & SHARFSTEIN, LLP
                          1201 RXR Plaza
                          Uniondale, NY 11556

Pro Se Litigants:         Sen Wang
                          Kaihao Ni
                          Xiaodong Wang
                          Ming Zhu
                          Manqiu Cai
                          Vladimir Jelisavcic
                          Shirong Wang
                          Yongqiang Xu
                          Ihor Menshykvo
                          Qin Yi
                          Yuan Wang
                          Hejia Zhao

10

INDEX

MOTIONS:                                                             PAGE

Agenda
Item 34: Notice of Proposed Reduction of Disputed          13
         Claims Reserve Amount
         [D.I. 31085; Filed on June 27, 2025]

         Court's Ruling:                                    18

Agenda
Item 35: Motion of the FTX Recovery Trust for Entry        19
         of an Order in Support of the Confirmed
         Plan Authorizing the FTX Recovery Trust to
         Implement the Restricted Jurisdiction
         Procedures in Potentially Restricted
         Foreign Jurisdictions
         [D.I. 31148; Filed on July 2, 2025]

         Court's Ruling:                                    83

Agenda
Item 36: Motion of ELD Capital LLC for Entry of Order      95
         Establishing Claims Determination Schedule
         for its Claims
         [D.I. 31298; Filed on July 8, 2025]

         Court's Ruling:                                    107

Agenda
Item 38: Notice of Scheduling Conference Scheduled         109
         for July 22, 2025 at 9:30 a.m. (ET) –
         [FTX Recovery Trust, et al. v. Binance
         Holdings Limited et al., Adv. No. 24-50222
         – Adv. D.I. 83, filed on June 26, 2025]

         Court's Ruling:                                    116

INDEX

MOTIONS:                                                              PAGE

Agenda
Item 37: Motion of the FTX Recovery Trust for Leave      117
         to File Omnibus Reply to the Objections to
         FTX Recovery Trust's Motion to Implement
         the Restricted Jurisdictions Procedures in
         Potentially Restricted Foreign
         Jurisdictions
         [D.I. 31559, filed on July 20, 2025]

         Court's Ruling:                                 117

Agenda
Item 32: Debtors' Amended Objection to Proofs of         117
         Claim Filed by Seth Melamed and Motion for
         Subordination Pursuant to 11 U.S.C. §§
         510(B) and 510(C)(1) [D.I. 28643, filed on
         December 9, 2024]

Agenda
Item 33: Opposition to Debtors Amended Objection to
         Proofs of Claim and Motion for Subordination
         Pursuant to 11 U.S.C. §§ 510(B) and 510(C)(1)
         and Cross-Motion to Compel Arbitration
         [D.I. 30077; Filed on April 7, 2025]

         Court's Ruling:                                 117


DECLARATIONS:                                            PAGE

1 - Declaration of Steven Coverick                       14


EXHIBITS:                                                PAGE

FTX Exhibit 1 - Emails                                   99


Transcriptionists' Certificate                           133

something under certification of counsel when the parties are ready to present the form of scheduling order to me.  Okay?

MR. STRONG:  Thank you, Your Honor.

THE COURT:  Thank you very much, appreciate your time.

MR. WEST:  Thank you, Your Honor.

THE COURT:  Okay.  Looking at the agenda, there is a housekeeping item, which is the motion of the trust for leave to file an omnibus reply to support the restricted jurisdiction procedures.  You note on the agenda that you received an informal response.  I think the time has come and gone.  I've already heard argument on it and I've read the reply.

So, thank you for putting it on the agenda, but I see no need for my argument.  I'm going to grant the order and I will enter it promptly after the conclusion of today's hearing.

MR. LANDIS:  Thank you, Your Honor.

THE COURT:  Okay.  So am I right that leaves us with Mr. Melamed claims?

MR. LANDIS:  That is correct.

THE COURT:  Okay, all right.  Okay.

Well, I am prepared to rule, and thank you all very much for your time and patience on this matter.

Before the Court is the defendants' amended

objection to proofs of claim filed by Mr. Melamed and the motion for subordination pursuant to Sections 510(b) and 510(c)(1), and then Mr. Melamed's cross-motion to compel arbitration.  Mr. Melamed opposes the claims objection and the trust opposes the cross-motion for arbitration.

Again, I'd like to thank the parties for their time and attention to this matter.  The briefing and oral argument was very helpful in rendering my decision.  And I'd also like to thank the parties for their patience as this dispute has been pending for about a year, which is why I'm ruling orally because I think we need to -- you deserve an answer to this and writing would really just prolong the time that it would take to resolve this issue.

Pursuant to the schedule set forth at the hearing on May 14th, there are three preliminary issues for me to decide today:  One, whether all or some of the disputes in this matter should be submitted to arbitration before the Singapore International Arbitration Center; two, whether the portion of the SPA claim based on the crypto consideration should be valued pursuant to the estimation order; and, three, whether the remainder of the SPA claims should be subordinated under Section 510(b).

Mr. Melamed argues that the Court should not address the second and third questions because the Court would be issuing an advisory opinion, but addressing -- as I

already have ruled, addressing these two issues may streamline trial and increase the possibility of a settlement, and therefore I do find it's appropriate to rule on them.

Turning to the first question of whether the parties' claim disputes must be arbitrated. During briefing, Mr. Melamed conceded that his claim based on the KEIP is not subject to arbitration. Therefore, the arbitrability question before the Court focuses only on the claim disputes related to the SPA and management agreement.

Under the Third Circuit's decision in Century Indemnity and its subsequent cases such as Remicade, the first issue for the Court to decide when evaluating the question of arbitration is whether there's a valid agreement to arbitrate.

The Supreme Court in First Options of Chicago, and subsequent Third Circuit cases such as Nortel Networks, instructs courts to apply state law to determine whether there is a valid agreement to arbitrate.

There is an arbitration provision in the SPA, but there is not an arbitration provision in the management agreement. Mr. Melamed argues, and the trust disputes, that the arbitration provision in the SPA extends to the management agreement. Mr. Melamed characterizes this dispute as a scope question and argues that, under the law, I should

not decide the question, but rather should defer to the arbitrators on it.  I disagree, and in doing so find Mr. Melamed's characterization to be an incorrect one.

The disagreement before the Court is not one regarding the scope of the SPA's arbitration provision, but rather a threshold question of whether the parties agreed to arbitrate disputes arising under the management agreement, which is a question squarely within my authority to decide. Based on applicable Japanese law, I find that the parties did not agree to arbitrate disputes arising under the management agreement.

Except for the arbitration provision in the SPA, which is governed by Singaporean law, both the management agreement and the SPA are governed by Japanese law.  Both parties submitted declarations by experts pursuant to Federal Rule 44.1, which I have considered.

The trust's expert, Taro Tanaka, in paragraphs 12 through 15 of the declaration, found at Docket Item 30367, provides persuasive testimony that when two separate agreements contain different dispute resolution provisions, such as the arbitration provision of the SPA and the forum selection clause resolution -- excuse me, the forum selection clause of the management agreement, Japanese courts will respect the parties' contractual choices.  This testimony is unrebutted and, therefore, I conclude that the parties did

not agree to arbitrate management agreement disputes; rather, they agreed to resolve them in the Tokyo district court.

Because the parties did not agree to arbitrate disputes under the management agreement, I must only decide whether the arbitration agreement in the SPA should be enforced.

There is no dispute among the parties that Federal Arbitration Act applies to the SPA.  The FAA establishes a federal policy favoring arbitration.  Under Third Circuit precedent, including Mintz and Hayes, courts are instructed to honor valid arbitration agreements unless the party opposing arbitration can adequately show a congressional intent to create an exception to the FAA's mandate with respect to the parties' statutory claims at issue.  Under Mintz, if there is no intent to create an exception, the Court has no discretion to deny arbitration.

In Mintz, the Court determined that the plaintiff/debtor asserted no statutory claims created by the Bankruptcy Code in its adversary proceeding against a creditor, and therefore the court found no inherent conflict between the FAA and the Bankruptcy Code.  Accordingly, the Circuit held that the lower court had no authority to deny arbitration.

In Judge Goldblatt's recent Yellow decision, His Honor was faced with a claims dispute subject to arbitration

under the Multiemployer Pension Plan Amendments Act, and very thoughtfully and persuasively found a conflict between Section 502 of the Bankruptcy Code and the MPPAA.  Judge Goldblatt then applied discretion and determined that the arbitration provision should not be enforced.

I take no position on which analysis should apply to this proceeding because both paths lead me to the same result.  If Mintz applies and I examine the types of claims at issue before me, the SPA claim dispute must go to arbitration.  There are no statutory claims created by the Bankruptcy Code at play that create a conflict between the Code and the FAA.  Therefore, I have no discretion under Mintz and must defer to arbitration.

If I were to accept Judge Goldblatt's analysis in Yellow and consider the SPA claims dispute in the context in which it arises, the answer would be the same.  Under that framework, the FAA's arbitration mandate conflicts with Section 502's claim allowance process established by the Bankruptcy Code.  I then have the discretion to decide whether to send the claims dispute before me to arbitration and, given the facts and circumstances, I would exercise that discretion.

In Yellow, Judge Goldblatt treated the motion to compel arbitration as a motion for relief from the stay.  His Honor found unusual circumstances present that weighed in

favor of denying stay relief, including that the $7.8 billion pension plan withdrawal liability dispute was among the most important matters to be resolved in the case, and that it needed to be resolved promptly so that hundreds of millions of dollars of sale proceeds could be allocated.  Moreover, the dispute was not a two-party dispute because another party also objected to the claims at issue, and under the applicable MPPAA arbitration framework it was unclear whether the arbitration participants could include parties in interest beyond the debtors and the relevant multiemployer pension plans.

Judge Goldblatt also noted that unlike an arbitration conducted under the FAA, the MPPAA arbitration process before His Honor ultimately required a judicial process regardless of whether the matter proceeded to arbitration, and that there was a chance that a complete adjudication of the claims dispute could not occur within the arbitration, necessitating a parallel proceeding before the district court.

The matter before me is different.  A decision on the SPA claim will not impact the bankruptcy cases in a manner like Yellow, as they are post-confirmation and the allocation of value has already been determined.  While a decision on the validity and amount of Mr. Melamed's claim could affect the timing and amount of distributions to

similarly situated creditors under the plan, Section 8.5 of the plan accounted for this scenario by establishing a disputed claim reserve.  Moreover, unlike Yellow, the disputes under the SPA implicate Japanese law, necessitating the need for foreign experts, and while deciding the SPA claim using foreign experts is not an impossible task for this Court, the Singapore arbitrators are equally, if not better positioned to handle the dispute.

Finally, unlike Yellow, the adjudication of the SPA claim can be entirely disposed of in arbitration without any need of piecemeal litigation or significant subsequent proceedings before this Court; therefore, I will not exercise my discretion to keep the SPA claim here.

Because the SPA claim disputes should be arbitrated, I must decide whether to stay Mr. Melamed's remaining management agreement and KEIP claims.  This issue was raised briefly in Mr. Melamed's reply and, therefore, it is not an issue appropriately before me, but nonetheless, after considering the facts presented, it is not appropriate to issue a stay.

Mr. Melamed must demonstrate a clear interest in staying the remaining claim disputes, but he has not.  He asserts that a stay will avoid multiplication of proceedings; however, there is no meaningful overlap between the factual circumstances of the SPA claim and his other claims to

justify a stay, and Mr. Melamed has failed to articulate any prejudice to himself if his claims proceed in tandem.

Mr. Melamed argues that Section 3 of the FAA requires a stay of the non-arbitrable claims. However, Section 3 requires a stay of a proceeding if an issue involved in that proceeding is referred to arbitration. Because the FAA does not govern disputes arising under the management agreement and this Court's KEIP order, Section 3 cannot mandate a stay of those claim disputes, which are separate proceedings from the SPA claim disputes.

In sum, the cross-motion to compel arbitration is granted as to the SPA claim, but denied as to Mr. Melamed's other claims. Mr. Melamed's request to stay further adjudication of the management agreement and KEIP claims is denied.

The second question before me today is whether the portion of Mr. Melamed's SPA claim related to unpaid crypto consideration should be valued pursuant to the confirmed plan and estimation order. I conclude that the answer is yes, it should be.

Section 4.4 of the plan provides that, unless otherwise expressly provided in the digital assets estimation order, the value of a claim in respect of a digital asset shall be calculated by converting the value of such digital asset into cash as of the petition date, utilizing the

conversion rate set forth in the digital assets conversion table.

The SPA provides Mr. Melamed three types of consideration for his liquid shares:  cash, shares in FTX, and cryptocurrency.  With respect to cryptocurrency consideration, Section 2.2 of the SPA provides that Mr. Melamed will receive a set dollar amount, approximately 18 million, satisfied by the payment of the types and amounts of digital assets deemed the crypto consideration, as set forth or set out in Schedule 2.

Schedule 2 of the SPA and side letter go on to specify the types and amounts of crypto consideration that Mr. Melamed was to receive, BTC 39.132, ETH 560.48, SOL 11,887.98, and FTT 47,532.

Mr. Melamed argues that his SPA claim falls outside the scope of the estimation order because he's entitled to monetary damages due to FTX's failure to deliver his cryptocurrency.  However, the plan is broadly worded to capture all claims, quote, "in respect of a digital asset," end quote.  Mr. Melamed's claim is in respect of a digital asset, which are the cryptocurrencies Mr. Melamed was entitled to and did not receive from FTX.

The estimation order and relevant plan provisions, therefore, must be used to value any arbitration award Mr. Melamed obtains related to the unpaid crypto consideration.

Not only is this the correct result based on the plain language of the plan, but also the fair result because it treats Mr. Melamed and his crypto-related claim no better than any other similarly situated party whose claim in these cases relates to crypto withheld from them by the debtors.

Lastly, I have been asked to decide whether the non-crypto consideration portion of Mr. Melamed's SPA claim should be subordinated under Section 510(b); I agree with the trust that it should be subordinated.

Section 510(b) of the Bankruptcy Code mandates subordination for purposes of distribution of a claim for damages arising from the purchase or sale of a security of the debtor or an affiliate of the debtor.  Section 510(b) should be broadly applied to prevent shareholders from using breach of contract or tort claims to recover their lost equity value at the same priority as general unsecured creditors.

In keeping with this broad application, the Third Circuit teaches in Telegroup that a claim must be subordinated if there is a nexus or casual connection between the claim and the security issuance.  Following the Telegroup decision, courts, including the Third Circuit in International Wireless, have used a but-for analysis to apply this test.  If a casual nexus is present, the claims should be subordinated, so long as subordination furthers the policy

goals of Section 510(b).

Here, the Liquid transaction that serves as the foundation of Mr. Melamed's SPA claim involved the purchase and sale of FTX stock through allocated consideration Mr. Melamed received from the sale of his stock and options in Liquid.  It is from this stock purchase and sale that Mr. Melamed claims for breach of warranty, misrepresentation, fraud, and indemnification arise.  In other words, but for Mr. Melamed's purchase of FTX stock, the claims would not exist.

Mr. Melamed claims that FTX's material misrepresentations as to its financial health caused him to suffer damages because his shares in FTX turned out to be worth less than what he was led to believe it to be.  He measures his damages because of this fraudulent and wrongful sale as the value difference between what he sold and what he failed to receive.  At bottom, this is an attempt to recover the losses he sustained as an FTX shareholder due to FTX's improper behavior.

When Mr. Melamed accepted the FTX shares as a form of consideration, he took on the risk-and-return expectations of shareholders.  His type of loss is shared amongst all FTX shareholders whose equity was devalued by the fraudulent conduct of the FTX insiders, and who could potentially receive nothing.  Accordingly, in keeping with the policy

considerations of Section 510(b), and pursuant to the Third Circuit's framework in Telegroup, and persuasive case law from courts within this circuit, including Kaiser, Peregrine, and U.S. Wireless, the non-crypto portion of Mr. Melamed's claim must be subordinated, which includes any related indemnification claim.

To the extent that Mr. Melamed asserts an indemnification claim on account of the SPA claim arising from the unpaid crypto consideration, I will reserve judgment as to whether that claim is subordinated until such claim is clearly defined.

That covers, I believe, all the questions that were put before the Court. Again, I appreciate your patience. I would ask the parties confer on a form of order, and submit it under certification of counsel within a week's time memorializing this ruling.

I think that is everything --

MR. ADLER: Thank you, Your Honor.

THE COURT: Thank you very much.

Okay, I will look to receive that certification of counsel, and I will enter it promptly once the parties agree. That covers all the items on the agenda.

Mr. Glueckstein, let me ask you a question. I have two adversaries in which motions to compel arbitration are fully briefed, one is SkyBridge and one is Mirana. I

would ask that you meet and confer with defendants' counsel and schedule oral argument on the motions to compel arbitration.

MR. GLUECKSTEIN:  We will do that, Your Honor.

THE COURT:  It would be nice if you could do it on the same day --

MR. GLUECKSTEIN:  We will --

THE COURT:  -- just have an arbitration day.

MR. GLUECKSTEIN:  I'm happy to do that.

THE COURT:  But I defer to the parties' schedules and you have omnibus hearing dates, so I would suggest you put those on the already-scheduled omni dates.

MR. GLUECKSTEIN:  We will do that, and having the omni dates makes that easier.  So, we will attempt to do that certainly.  There's no reason why they can't be on the same day.

THE COURT:  Okay.  And then I believe my staff was going to reach out regarding one other adversary proceeding, which is the Ivanov adversary, because I have a fully-briefed motion to dismiss sitting before me, but on the docket it indicates you're engaging in personal jurisdiction discovery. I just need to know whether that is not -- is that no longer ripe for me?

And I ask that because I have to report different things and if things sit under my advisement too long, you

know, I could get a nasty-gram from the higher ups.  And I try to attend to matters promptly, but I don't see a need to have to address that at the moment.  And maybe you're not handling it --

MR. GLUECKSTEIN:  Understood --

THE COURT:  -- but I guess I would ask that you respond to chambers' emails promptly on that if -- you know, just let me know whether I should hold that in abeyance.

MR. GLUECKSTEIN:  Understood, Your Honor.  Let me check with my team on that.  I do think an email was sent while we've been here and we will --

THE COURT:  Oh, great.

MR. GLUECKSTEIN:  I'm sorry, from your chambers to us.  So I will confer with my team and we'll get back to chambers promptly today.

THE COURT:  Wonderful.  Thank you.  If I can set it aside, I will; if I can't, then I'll get on it.

MR. GLUECKSTEIN:  Understood.

THE COURT:  So, thank you all very much.

MR. GLUECKSTEIN:  Thank you, Your Honor.

THE COURT:  All right.  Is that everything?

MR. GLUECKSTEIN:  Yes, from our perspective. Thank you very much --

THE COURT:  Great.

MR. GLUECKSTEIN:  -- for the Court's time today.

THE COURT:  We'll stand adjourned.  Have a great rest of your week.  Take care.

COUNSEL:  Thank you, Your Honor.

(Proceedings concluded at 12:45 p.m.)

CERTIFICATION

We certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of our knowledge and ability.


/s/ William J. Garling                    July 23, 2025

William J. Garling, CET-543

Certified Court Transcriptionist

For Reliable


/s/ Tracey J. Williams                    July 23, 2025

Tracey J. Williams, CET-914

Certified Court Transcriptionist

For Reliable


/s/ Dipti Patel                           July 23, 2025

Dipti Patel, CET-997

Certified Court Transcriptionist

For Reliable