# Exhibit 7

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

June 12, 2026

<u>Via E-mail</u>

Mr. Pierre Bienvenu,
    IMK s.e.n.c.r.l./LLP,
        Place Alexis Nihon | Tower 2,
            3500 De Maisonneuwe Boulevard West,
                Suite 1400, Montréal (Québec) H3Z 3C1.

Ms. Chiann Bao,
    1 Wallich Street,
        #14-01 Guoco Tower,
            Singapore, Singapore 078881.

Mr. Daniel Schimmel,
    Foley Hoag LLP,
        1301 Avenue of the Americas,
            New York, NY 10019.

> Re:   SIAC Case No. ARB602/25/VKH –
>       <u>*Seth Melamed* v. *The FTX Recovery Trust*</u>

Dear Members of the Tribunal:

As directed by the Tribunal, I write on behalf of Respondent the FTX Recovery Trust (the "Trust") concerning the June 2, 2026 order (the "Order") from the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and its consequences for this arbitration. (Exhibit A, Order.) The Order prohibits Claimant from pursuing this arbitration, and the arbitration should therefore be terminated with all costs awarded to the Trust.

In the Order, the Bankruptcy Court held that Claimant "Seth Melamed is enjoined from pursuing the claims described in his November 12, 2025 Notice of Arbitration . . . because they are premised on claims that have been compromised, settled, resolved, and enjoined." (Order at 2.) The Bankruptcy Court's Order expressly provides that it is "immediately effective and enforceable." (*Id*.) There is no dispute that the

Bankruptcy Court had the competence and authority to issue such a ruling, and the Order has not been stayed or otherwise modified.  Nor has Claimant sought to stay or otherwise modify the Order to date.  Thus, the "immediate[]" effect of the Order is to bar Claimant from taking any steps to continue to pursue claims described in his Notice of Arbitration, and Claimant should immediately withdraw his claims.

If Claimant fails to withdraw his claims, the Tribunal should dismiss them after awarding the Trust its costs.  As the Tribunal recognized in Procedural Order No. 2, "the Parties are agreed . . . that it is pursuant to orders of the Bankruptcy Court that the Claimant purports validly to advance its claims in this arbitration."  (PO2 at ¶ 37.)  The Bankruptcy Court has now clarified that the claims described in the Notice of Arbitration were not validly advanced.  SIAC Arbitration Rule 43.3 provides that a Tribunal "shall" terminate an arbitration where "the Tribunal finds that the continuation of the arbitration has become unnecessary or impossible."  Singapore law, the *lex arbitri*, likewise provides, through its express incorporation of the UNCITRAL Model Law on International Commercial Arbitration, that "[t]he arbitral tribunal *shall* issue an order for the termination of the arbitral proceedings when . . . the arbitral tribunal finds that the continuation of the proceedings has for any other reason become unnecessary or impossible."  (**RLA-19,** UNCITRAL Model Law Art. 32(2)(c) (emphasis added); *see* Singapore International Arbitration Act 1994 § 3(1) (incorporating the Model Law).)  Here, other than awarding costs to the Trust pursuant to SIAC Arbitration Rule 58, a continuation of the arbitration has become impossible because Claimant has been enjoined from taking *any* step in pursuit of his claims.  Moreover, proceeding with Claimant's claims would be "unnecessary," as the Bankruptcy Court has now confirmed that Claimant cannot recover from the Trust on any noticed claims.  As a result, any further proceedings would serve no legitimate purpose and would instead cause needless additional costs and delay while dissipating the bankruptcy estate's assets to the detriment of FTX's legitimate creditors.

In addition, the Tribunal should decline to grant Claimant's request to hold "in abeyance" the deadline to submit a Statement of Claim for some indeterminate amount of time, while he seeks reconsideration or an appeal of the Order in U.S. court.  By seeking an indefinite stay of the proceedings, Claimant is in effect *continuing to pursue his claims* described in the Notice of Arbitration.  The Bankruptcy Court's Order precludes Claimant from doing so, and the Tribunal should not entertain Claimant's invitation to stay that Order's effectiveness here.

To the extent that the Tribunal is inclined to continue this arbitration for some period of time, it should do so only with strict time limits and only if Claimant provides adequate security for all "legal costs and expenses and the costs of the arbitration" incurred by Respondent to date, as authorized by SIAC Arbitration Rule 48.1.  Should the

Members of the Tribunal                                                                -3-

Tribunal grant any further stay of proceedings, the Trust requests leave to submit an application for security of the Trust's costs incurred as a result of this arbitration to date.

Respectfully,

Andrew J. Finn

cc:      Counsel for Claimant
         Tribunal Secretary
         SIAC Secretariat

# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Related to D.I. 35243** |

### ORDER GRANTING FTX RECOVERY TRUST'S MOTION
### TO ENFORCE PRIOR ORDERS THAT PRECLUDE SETH MELAMED
### FROM ASSERTING NEW CLAIMS IN ARBITRATION

Upon consideration of the *FTX Recovery Trust's Motion to Enforce Prior Orders That Preclude Seth Melamed From Asserting New Claims in Arbitration* [D.I. 35243] (the "Motion") and all briefing, argument, and evidence provided in support of and in opposition to the Motion; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having previously entered the *Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order"), the *Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest and (B) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1519], and the *Order Granting in Part and Denying in Part Cross-Motion of*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

*Seth Melamed Seeking to Compel Arbitration of the Claims* [D.I. 32058]; **IT IS HEREBY FOUND AND ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      Pursuant to the Court's prior findings of fact and conclusions of law set forth in the Confirmation Order, including those set forth in paragraphs 38-41, 49-50, 93, 119, and 143-144, Seth Melamed is enjoined from pursuing the claims described in his November 12, 2025 Notice of Arbitration (SIAC Case No. ARB602/25/VKH) because they are premised on claims that have been compromised, settled, resolved, and enjoined under sections 5.2 and 10.8 of the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates.*[2]

3.      This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

4.      Except as stated herein, this Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion or the implementation of this Order.

Dated:  June 2, 2026
Wilmington, Delaware

Karen B. Owens
Chief Judge

---

[2] Given this determination, it is unnecessary for the Court to determine whether the claims set forth in the Notice of Arbitration are impermissible claim amendments.