**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., [1] *et al.,* | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Related to D.I. 35827, 35980, 36002 & 36004** |
| | **Hearing Date: July 23, 2026 at 9:30 a.m. (ET)** |

**<u>DECLARATION OF DANIEL ALLEN IN SUPPORT OF SETH MELAMED'S REPLIES IN SUPPORT OF HIS MOTION FOR RECONSIDERATION [D.I. 35827] AND MOTION TO CLARIFY [D.I. 35980]</u>**

I, Daniel Allen, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1.       I am a Partner at Mori Hamada & Matsumoto ("MH"), an international law firm with its principal Japanese office at Marunouchi Park Building, 2-6-1 Marunouchi, Chiyoda-ku, Tokyo 100-8222, Japan. I am admitted to practice law in New York and am a registered foreign lawyer in Japan. I serve as lead counsel for Seth Melamed ("Mr. Melamed") in Singapore International Arbitration Centre arbitration ARB602/25/VKH (the "SIAC Arbitration"). I make this declaration based on my personal knowledge.

2.       I submit this declaration in response to certain assertions by the Trust concerning Mr. Melamed's conduct in the SIAC Arbitration after entry of this Court's June 2, 2026 Order [D.I.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. A complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX

35768]. See D.I. 36002 ¶¶ 5, 32; D.I. 36004 ¶ 2 & n.3. To address those assertions, it is necessary to understand the procedural context of the SIAC Arbitration.

3.       On 4 June 2026 (U.S. Eastern time; 5 June 2026 in Japan), I wrote to the Tribunal as follows: "We write regarding the status of the bankruptcy proceedings, in light of the 2 June 2026 court order (of which the Respondent has submitted a copy). The Claimant intends to seek reconsideration of the order and/or to appeal the order, and will take corresponding steps shortly. The Claimant therefore respectfully requests that the deadline for the Statement of Claim continue to be held in abeyance (in the manner set out in Procedural Order No 2) until those processes have completed." I did not ask the Tribunal to stay or disregard the June 2 Order. A copy of that email is already before the Court as Exhibit 6 to the Declaration of Brian D. Glueckstein [D.I. 36003-6].

4.       On June 6, 2026, the Tribunal invited the parties to comment on the effect of the June 2 Order. In response, on June 8, 2026, I submitted comments on Mr. Melamed's behalf. That submission stated explicitly: "For the avoidance of doubt, nothing in this message is intended to constitute pursuit of the Claimant's claims as they were described in the Notice of Arbitration dated 12 November 2025, and this submission is made strictly on a procedural basis in response to the Tribunal's directions." A true and correct copy of that email is attached as Exhibit A.

5.       On June 12, 2026, the Trust asked the Tribunal to terminate the arbitration and award it costs. The Trust stated that continuation of the arbitration had become "impossible" and that the Bankruptcy Court had confirmed that Mr. Melamed could not recover on "any noticed claims." The Trust's letter is already before the Court as Exhibit 7 to the Glueckstein Declaration [D.I. 36003-7].

6.      At that time, a challenge to Mr. Daniel Schimmel, one of the arbitrators on the Tribunal, remained pending. That challenge had been submitted on 12 May 2026.[2]

7.      On June 15, 2026, after the Trust had requested termination of the arbitration while the challenge to Mr. Schimmel remained pending, I wrote separately to SIAC and to the Tribunal on Mr. Melamed's behalf.

8.      In the June 15, 2026 communication to SIAC, I requested that the proceedings be suspended pursuant to Rule 27.4 of the SIAC Rules until the SIAC Court determined the challenge. I explained that the Trust's termination request was disputed, significant, and potentially case-dispositive, and that it would be inappropriate for that request to be acted upon or considered by the Tribunal while a challenge to a member of the Tribunal remained pending. That communication is already before the Court as part of Exhibit 8 to the Glueckstein Declaration [D.I. 36003-8].

9.      In the June 15, 2026 communication to the Tribunal, I advised that Mr. Melamed had requested suspension because the Trust was seeking a determination on a dispositive substantive issue while the challenge remained pending. I also stated that Mr. Melamed was prepared to respond fully to the Trust's termination request by the Tribunal's existing deadline if SIAC did not suspend the proceedings, and otherwise would respond when the proceedings resumed. That communication did not advance the merits of the claims described in the Notice of Arbitration; it addressed only the procedure for responding to the Trust's termination request while the challenge remained unresolved. A true and correct copy of that communication is attached as Exhibit B.

---

2The challenge arose from Mr. Schimmel's supplemental disclosure of April 28, 2026. Mr. Melamed filed the challenge on May 12, 2026 and supplemented it on May 13, 2026. The Trust opposed the challenge, Mr. Schimmel submitted comments, and Mr. Melamed filed his reply by May 29, 2026, all before entry of the June 2 Order.

10. On June 15, 2026, the President of the Tribunal informed the parties that the Tribunal did not intend to decide the Trust's termination request before the SIAC Court decided the challenge. The Trust opposed suspension on June 17, 2026.

11. On June 18, 2026, the SIAC Registrar ordered: "Pursuant to Rule 27.4 of the SIAC Rules, the Registrar hereby suspends this arbitration until the challenge to Mr Daniel Schimmel is resolved." The relevant correspondence and the Registrar's decision are already before the Court as Exhibit 8 to the Glueckstein Declaration [D.I. 36003-8].

12. Since June 2, 2026, Mr. Melamed has not filed any Statement of Claim, evidence, or other submission advancing the claims described in the Notice of Arbitration. The post-Order steps taken on his behalf have been limited to: (i) correspondence with the Tribunal concerning the status and procedural effect of the June 2 Order (paragraphs 3-4 above); (ii) responding to the Trust's request for termination and costs; and (iii) requesting suspension under Rule 27.4 while the challenge remained pending. As of the date of this declaration, the challenge remains pending and the arbitration remains suspended.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20th day of July, 2026 at Tokyo, Japan.

Daniel Allen
Partner
Mori Hamada & Matsumoto
Marunouchi Park Building, 2-6-1 Marunouchi
Chiyoda-ku, Tokyo 100-8222, Japan