**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 36017** |

**FTX RECOVERY TRUST'S MOTION TO SHORTEN NOTICE AND OBJECTION PERIODS FOR FTX RECOVERY TRUST'S MOTION TO STRIKE ARGENT'S JOINDER AND STATEMENT IN SUPPORT OF MOTION OF SETH MELAMED FOR RECONSIDERATION OF THE JUNE 2, 2026 ORDER**

The FTX Recovery Trust (the "Trust") hereby files this motion (the "Motion to Shorten"), pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9006-1(c) and 9006-1(e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), shortening the notice and objection periods with respect to *FTX Recovery Trust's Motion to Strike Argent's Joinder and Statement in Support of Motion of Seth Melamed for Reconsideration of the June 2, 2026 Order* (the "Motion to Strike"),[2] filed contemporaneously herewith. The Trust is seeking shortened notice to enable the Court to hear the Motion to Strike at the omnibus hearing scheduled

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   Capitalized terms used but not defined herein shall have the meanings given to them in the Motion to Strike.

for July 23, 2026 at 9:30 a.m. (ET).  In support of this Motion to Shorten, the Trust respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Chapter 11 cases and this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

2.      The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c), and Local Rules 9006-1(c) and 9006-1(e).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.      On April 2, 2026, the Trust filed the *FTX Recovery Trust's Motion to Enforce Prior Orders that Preclude Seth Melamed from Asserting New Claims in Arbitration* [D.I. 35243] (the "Motion to Enforce").

5.      On June 2, 2026, the Court entered an order granting the Motion to Enforce [D.I. 35768].

6.      On June 16, 2026, Seth Melamed filed the *Motion of Seth Melamed for Reconsideration of the June 2, 2026 Order* [D.I. 35827] (the "Motion for Reconsideration").

7.      On July 13, 2026, the Argent Liquidation Trust ("Argent") filed *Argent's Joinder*

---

[3]    Pursuant to Local Rule 9013-1(f), the Trust hereby confirms its consent to the entry of a final order by this Court in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

*and Statement in Support of Motion of Seth Melamed for Reconsideration of the June 2, 2026 Order* [D.I. 35985] (the "Joinder").

8.      A hearing on the Motion for Reconsideration is scheduled to be held on July 23, 2026 at 9:30 a.m. (ET) (the "Hearing").  Accordingly, the relief requested in the Motion to Strike must be heard at or prior to the Hearing or else it will be mooted.

9.      Additional facts specific to the relief requested in the Motion to Strike are set forth therein and are incorporated here by reference.

### RELIEF REQUESTED

10.      By this Motion to Shorten, the Trust requests entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice and objection periods to enable the Motion to Strike to be heard at the Hearing and requiring that objections (if any) to entry of the proposed order approving the Motion to Strike be due prior to or at the time of the Hearing.

### BASIS FOR RELIEF

11.      Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Moreover, when " an act [is required] to be done within a specified time, the court may-for cause and with or without a motion-reduce the time."  Bankruptcy Rule 9006(c)(1).

12.      Local Rule 9006-1(c) ordinarily requires that "all motion papers [] be filed and served in accordance with Local Rule 2002-1(b) at least 14 days prior to the hearing date."  Del. Bankr. L.R. 9006-1(c)(i).  However,  pursuant to Local Rule 9006-1(e), this period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice.  Del. Bankr. L.R. 9006-1(e).  Further, the Court may rule on a motion to shorten notice "promptly without need for a hearing."  Del. Bankr. L.R. 9006-1(e).

13.     The Trust submits that there is sufficient cause justifying shortened notice so that the Motion to Strike may be heard on an expedited basis.  The Motion to Strike seeks to strike Argent's Joinder on the basis that, *inter alia*, that Argent lacks standing and the Joinder improperly seeks relief and presents arguments beyond the scope of the Motion for Reconsideration and should not be considered at the Hearing.  Absent shortened notice, the Motion to Strike would not be heard until after the Hearing, which would render the relief requested therein moot.  Thus, for the Motion to Strike to have any practical effect, it must be heard at the Hearing.

14.     Together, Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1(e) provide ample authority for the Court to afford the relief requested in the Motion to Shorten.  Therefore, the Trust respectfully requests that the Motion to Shorten be granted at the Court's earliest convenience.

## COMPLIANCE WITH LOCAL RULE 9006-1(e)

15.     The Trust contacted counsel to the U.S. Trustee and counsel to Argent regarding the relief requested in this Motion to Shorten pursuant to Local Rule 9006-1(e).  As of filing the Motion to Shorten, the Trust has not received responses from the U.S. Trustee or Argent regarding their positions with respect to the requested relief.

## NOTICE

16.     Notice of this Motion to Shorten has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) counsel to Seth Melamed; (g) counsel to Argent; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trust respectfully submits that no other or further notice is necessary.

-5-

17.    No previous request for the relief requested herein has been made in this or any other court.

## CONCLUSION

For the foregoing reasons, the Trust respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the Motion to Shorten and such other and further relief as the Court may deem proper.

Dated: July 20, 2026
         Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
         mcguire@lrclaw.com
         brown@lrclaw.com
         pierce@lrclaw.com

- and -

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted pro hac vice)
Brian D. Glueckstein (admitted pro hac vice)
Christopher J. Dunne (admitted pro hac vice)
Alexa J. Kranzley (admitted pro hac vice)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
         gluecksteinb@sullcrom.com
         dunnec@sullcrom.com
         kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*