## EXHIBIT A

**Side-by-Side Comparison: Proof of Claim No. 3385 (June 29, 2023) and the Proposed Amended Notice of Arbitration (July 9, 2026)**

Left column: Claim No. 3385, Annex (as filed June 29, 2023; copy from the Trust's own exhibit, D.I. 35244-1, Ex. 1). Right column: Proposed Amended Notice of Arbitration (D.I. 35981, Ex. A). All quotations verbatim.

| | CLAIM NO. 3385 — ANNEX (JUNE 2023) | PROPOSED AMENDED NOTICE (JULY 2026) |
|---|---|---|
| 1 | **Annex ¶ 4(b):**<br><br>"Claimant was damaged as a proximate result of the following breaches and torts by FTX Trading Ltd. . . . (b) multiple breaches of warranties and representations contained in the SPA and elsewhere . . . ." | **Amended Notice ¶ 17:**<br><br>"The information and assurances that FTX and its management communicated directly and confidentially to the Claimant breached the specific contractual representations and warranties that FTX made to the Claimant in the SPA." (Followed by itemized breaches ①–⑦, each tied to a specific SPA provision, e.g., Paragraph 7 of Part B to Schedule 6.)<br><br>*Same breaches of SPA representations and warranties — now itemized provision by provision.* |
| 2 | **Annex ¶ 4(c) and ¶ 9:**<br><br>"(c) failure to pay retained consideration as defined and promised in the SPA . . . ." — "The Debtor retained the cryptocurrency component of the Purchase Consideration as security against certain indemnification obligations that might arise under the SPA (the 'Retained Consideration') . . . ." | **Amended Notice ¶ 25:**<br><br>"FTX's breaches of its contractual representations and warranties caused the Claimant to suffer losses corresponding to the value of the 20 percent portion of the purchase price to which these breached representations and warranties related. The Claimant will establish the correct quantification of those damages under the principles of Japanese law and the terms of the contractual indemnity during the course of the arbitration."<br><br>*Same unpaid consideration tranche — the crypto component retained as security for SPA indemnification obligations.* |
| 3 | **Annex ¶ 4(d):**<br><br>"(d) failure to indemnify Claimant for damages from breaches of contract and breaches of warranties and representations as provided in the SPA . . . ." | **Amended Notice ¶ 22:**<br><br>"Clause 9.3 of the SPA contractually obligates FTX to indemnify the Claimant for any 'Losses' caused to the Claimant by FTX breaching its contractual obligations to the Claimant. [Quoting Clause 9.3:] 'If Completion takes place, the Purchaser shall indemnify and hold harmless the Sellers and their Affiliates . . . from, against and in respect of any and all Losses . . . resulting from, relating to or arising out of any breach of the representations and warranties made by the Purchaser under Clause 7.2 or covenants of the Purchaser under the Agreement.'"<br><br>*Same Clause 9.3 contractual indemnity.* |

| 4 | **Annex ¶ 4 (conclusion):** "Claimant asserts a general, unsecured, non-subordinated claim against the Debtor . . ." — asserted in, and subject to, this Court's claims-allowance process since June 2023. | **Amended Notice ¶ 26:** "For the avoidance of doubt, the Claimant acknowledges that the Bankruptcy Court has the power to determine the bankruptcy consequences of any award in respect of this indemnification claim, including any dispute as to allowance, bankruptcy valuation, classification, subordination, distribution, or the effect, if any, of Plan § 4.4 or the Estimation Order." *Every bankruptcy consequence expressly reserved to this Court.* |

*Same representations. Same breaches. Same Clause 9.3 indemnity chain. Itemized in the timely proof of claim three years before the June 2, 2026 Order.*