**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al*. | Case No. 22-11068 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket Nos. 35985 & 36017** |

**ARGENT'S OBJECTION TO FTX RECOVERY TRUST'S MOTION TO STRIKE**
**ARGENT'S JOINDER AND STATEMENT IN SUPPORT OF MOTION OF SETH**
**MELAMED FOR RECONSIDERATION OF THE JUNE 2, 2026 ORDER**

The Argent Liquidation Trust ("Argent"), as successor to the estates of debtors Silvergate

Capital Corporation, Silvergate Liquidation Corporation (f/k/a Silvergate Bank), and Spring

Valley Lots, LLC (collectively, "Silvergate"), hereby submits this objection to *FTX Recovery*

*Trust's Motion to Strike Argent's Joinder and Statement in Support of Motion of Seth Melamed*

*for Reconsideration of the June 2, 2026 Order* [Dkt. No. 36017] (the "Motion to Strike"), and

respectfully states as follows:[2]

**PRELIMINARY STATEMENT**

1.      The FTX Trust cannot seek to strike Argent's Joinder by claiming that the Section

5.2 dispute "has nothing to do with" Argent,[3] after repeatedly telling this Court that the

interpretation of Section 5.2 set forth in the June 2, 2026 Order that is the subject of the Motion

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in *Argent's Joinder and Statement in Support of Motion of Seth Melamed for Reconsideration of the June 2, 2026 Order* [Dkt. No. 35985] (the "Joinder").

[3]     Motion to Strike ¶ 5.

for Reconsideration bars Argent's claims.  If anything, the FTX Trust's own words have made plain that Argent has a legal stake in the reconsideration of an order that the FTX Trust argues releases Argent's claims against the FTX Trust.  Argent is entitled to be heard.

2.      Argent has a legal stake in the Motion for Reconsideration because the FTX Trust gave Argent one.  On June 16, 2026, the FTX Trust filed its brief in response to Argent's limited objection to a reduction in the Disputed Claims Reserve, arguing—for the first time, nearly three years after Silvergate filed its proofs of claim and nearly two years after Plan confirmation—that Argent's claims "are barred by the terms of the Global Settlement."[4]  In support of the argument, the FTX Trust cited the June 2, 2026 Order that is the subject of the Motion for Reconsideration.[5] Then, at the June 18, 2026 hearing,[6] the FTX Trust's counsel doubled down, arguing that this Court has "opined on" "what the [Global Settlement] is and what that provision does."[7]  Even in the Motion to Strike, the FTX Trust again argues that the Court "has . . . enforced" Section 5.2 "on numerous occasions" in a way that the FTX Trust thinks is detrimental to Argent.[8]  Now, having made the assertions about the impact of the June 2, 2026 Order on Argent, in particular, the Court should reject the FTX Trust's effort to prevent Argent from being heard on that order's reconsideration.  The FTX Trust's purported surprise that Argent has joined in the Motion for Reconsideration is wholly disingenuous.

3.      Indeed, the Motion to Strike is not a serious procedural objection; it is a transparent attempt to avoid engaging on the merits of an issue that the FTX Trust itself put in play.  Argent

---

[4]   *FTX Recovery Trust's Response to Argent Liquidation Trust's Limited Objection to Third Notice of Proposed Reduction of Disputed Claims Reserve Amount* ¶ 30 [Dkt. No. 35828] (the "Reserve Reduction Response").

[5]   *See id.* ¶ 33.

[6]   Cited excerpts of the June 18, 2026 hearing are attached hereto as **Exhibit A**.

[7]   Ex. A at 35:12–14.

[8]   Motion to Strike ¶ 17.

is not seeking any independent affirmative relief and thus need not jump through the procedural hurdles that the FTX Trust claims are in its way.  Argent, like Melamed, is asking only that this Court reconsider its June 2, 2026 Order.  Accordingly, this Court need not even conduct an Article III analysis, and Argent need not have complied with motion notice procedures.  Regardless, Argent has a legal stake in the outcome of the Motion for Reconsideration and, under Article III and Bankruptcy Code section 1109, can participate in the Motion for Reconsideration.  The Motion to Strike should be denied.

**ARGUMENT**

**I.      The Joinder Is Proper and Is Not a Request for Independent, Affirmative Relief.**

4.      The FTX Trust's lead argument is that the Joinder is really a "55-page merits brief" seeking "affirmative relief."[9]  That characterization is wrong.  Argent's Joinder expressly provides that "Argent joins the Motion for Reconsideration for the purpose of seeking correction of the interpretation of Section 5.2 reflected in the June 2, 2026 Order."[10]  Argent seeks no independent affirmative relief.  Nowhere in the Joinder does Argent delve into the merits of its own claims or ask the Court to allow them.  Argent only requests that the Court reconsider the June 2, 2026 Order—nothing more.

5.      The relief Argent supports—correction of a clear error of law in the Court's interpretation of the Plan to prevent manifest injustice—is the same relief Melamed seeks.[11]  The FTX Trust's characterization of this dispute as "bilateral" also rings hollow.[12]  The FTX Trust

---

[9]     Motion to Strike ¶ 6.

[10]    Joinder ¶ 8.

[11]    Motion for Reconsideration ¶ 2.  Indeed, Melamed has incorporated Argent's Joinder into his argument.  *See Reply of Seth Melamed in Further Support of Motion for Reconsideration of the June 2, 2026 Order [D.I. 35768] Pursuant to 11 U.S.C. § 502(j) and Federal Rules of Bankruptcy Procedure 3008, 9023, and 9024*, at 2 n.2 [Dkt. No. 36015] (the "Melamed Reply").

[12]    *See* Motion to Strike ¶ 9.

3

itself triangulated the Section 5.2 issue by invoking the Court's construction of that provision—including in the June 2, 2026 Order—against Argent.[13]

6. That Argent's filing takes the space to explain why the Court's interpretation is erroneous does not transform it into a motion for independent relief. The length and depth of Argent's analysis reflect the importance of the proper interpretation of the Global Settlement provision. The gravity of the issue—an erroneous plan interpretation that threatens to extinguish billions of dollars in filed proofs of claim without notice, without consent, and without consideration—justifies thorough presentation. If the FTX Trust believes those arguments are wrong, it should say so. What it should not be permitted to do is prevent them from being heard.

7. Joinders are commonplace in multi-creditor bankruptcy disputes, where multiple parties may share a stake in the resolution of a common legal question—indeed, it has *already happened* in the claims reserve reduction dispute. *See Joinder of Xiao Haidong to Argent Liquidation Trust's Limited Objection to Third Notice of Proposed Reduction of Disputed Claims Reserve Amount* [Dkt. No. 35830];[14] *see also In re Yellow Corp.*, 670 B.R. 397, 406 (Bankr. D. Del. 2025) (creditor/equity holder filed a joinder to claims objection); *In re PTGi Int'l Carrier Servs., Inc.*, 668 B.R. 517, 521 (Bankr. D. Del. 2025) (permitting a non-petitioning creditor to file a joinder to the alleged debtor's motion to dismiss). There is simply nothing unusual about a creditor telling the Court why it agrees that reconsideration is warranted.

8. The FTX Trust is correct that Argent does not ask the Court to reverse the June 2, 2026 Order as applied to Melamed. Reconsideration is not necessarily the same as reversal. Courts routinely grant reconsideration to correct legal reasoning while reaching the same result. *See, e.g.*,

---

[13] *See* Reserve Reduction Response ¶ 3, 33.

[14] The FTX Trust did not object to this joinder as improper, even though it was filed the day before the June 18 hearing.

*W.P. v. Comm'r of Soc. Sec.*, 2022 WL 2341561, at \*2 (D.N.J. June 29, 2022) ("The grant of a motion for reconsideration does not prevent a court from reaching an outcome identical to its prior decision." (citing *Pena-Ruiz v. Solorzano*, 281 F. App'x 110, 111 n.1 (3d Cir. 2008))).

**II.     Argent Has Standing.**

9.      The FTX Trust argues that the Court should strike Argent's Joinder because Argent lacks (A) Article III and (B) statutory standing.[15]  The FTX Trust's standing arguments, however, are to no avail here because, even setting aside the fact that Argent does not seek independent affirmative relief, it cannot be seriously questioned that Argent has a concrete stake in the outcome of the Motion for Reconsideration.

**A.  Argent Need Not Establish Article III Standing But Has It Anyway.**

10.      Argent does not need Article III standing because it is not "the party invoking the jurisdiction of a federal court," or "the one that is seeking relief."  *In re AIO US, Inc.*, 672 B.R. 261, 268–69 & n.26 (Bankr. D. Del. 2025).  That is Melamed.  As explained, Argent has not moved the Court for any unique relief.  An intervenor or other party "that seeks the *same* relief as an existing party need not establish its separate constitutional standing." *Id.* at 270.

11.      Even if Argent needed to show it has Article III standing, the FTX Trust's own arguments reveal why Argent has it.  As explained above, the FTX Trust has argued that Argent's claims "can never become Allowed Claims as a matter of law because they are barred by the terms of the Global Settlement."[16]  In doing so, the FTX Trust attached a transcript from the Melamed proceeding.[17]  At the June 18 hearing, the FTX Trust's counsel repeated the argument, noting that "[t]here is law of the case here as to what this [Global Settlement] is, what it did, what it was

---

[15]    Motion to Strike ¶¶ 10–14.

[16]    Reserve Reduction Response ¶ 30.

[17]    *Id.*, Ex. C.

intended to do . . . ."[18]  The FTX Trust cannot argue that this Court's interpretation of Section 5.2 controls Argent's claims while simultaneously arguing that Argent has no "concrete stake" in how this Court interprets and applies Section 5.2.[19]

12.     Argent has a concrete, particularized interest in ensuring the reconsideration of the June 2, 2026 Order as it relates to the interpretation of Section 5.2.  *See New Jersey Dep't of Env't Prot. v. Am. Thermoplastics Corp.*, 974 F.3d 486, 492–94 (3d Cir. 2020) (holding appellant had Article III standing to appeal denial of different party's motion to reconsider because that "ruling st[ood] as a barrier to the [appellant] recovering" on a consent judgment).  The cases cited by the FTX Trust do not say otherwise.  For example, the court in *Conference Group, LLC v. F.C.C.* found no standing where the party "d[id] not identify any imminent . . . enforcement action against it."  720 F.3d 957, 964 (D.C. Cir. 2013) (agency adjudication).  Similarly, the court in *Allied World Insurance Co. v. Kenney & McCafferty, P.C.* explained that the party "ha[d] not demonstrated that the Court's ruling in this matter will impact his ability to prosecute his claim in the underlying litigation," before a different judge in a different court.  No. 20-CV-00469-JMY, 2020 WL 2839098, at *3 (E.D. Pa. June 1, 2020).  Here, by contrast, the FTX Trust has repeatedly argued to apply the holding of the June 2, 2026 Order against Argent, and this Court noted its Section 5.2 rulings during the discussion of Argent's claims at the June 18 hearing.[20]

---

[18]     Ex. A at 35:15–17.

[19]     *See* Motion to Strike ¶ 10.

[20]     At the June 18 hearing, the Court specifically mentioned the Section 5.2 dispute and, as Argent understood, signaled to Argent that its involvement on the Section 5.2 issue may be appropriate.  *See* Ex. A at 19:22–20:3 ("I've held twice in this case that it did.  And you'll have the opportunity to argue again, it seems. . . . And apparently, it's being taken up on appeal, so we'll -- you know, the matter will be fleshed out, it sounds like, again.").

**B.    Argent Has Standing Under Bankruptcy Code Section 1109(b).**

13.    Section 1109(b) of the Bankruptcy Code provides that a "party in interest" may "appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). The Supreme Court recently reaffirmed that section 1109(b)'s text "is capacious" and that Congress uses the phrase "party in interest" when it intends a provision to apply "broadly," reaching entities "potentially concerned with, or affected by, a proceeding." *Truck Ins. Exch. v. Kaiser Gypsum Co.*, 602 U.S. 268, 276–79 (2024). Similarly, this Court and the Third Circuit have consistently construed section 1109(b) broadly. *See In re Weinstein Company Holdings, LLC*, 595 B.R. 455, 463 (Bankr. D. Del. 2018) (§ 1109(b) means that "anyone who has a legally protected interest that could be affected by the bankruptcy proceeding is entitled to assert that interest"); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 214 n.21 (3d Cir. 2004) ("[S]ection 1109 has been construed to create a broad right of participation in Chapter 11 cases"); *In re Glob. Indus. Techs., Inc.*, 645 F.3d 201, 210 (3d Cir. 2011) (§ 1109(b) was "intended to confer broad standing at the trial level" (internal quotation marks omitted)).

14.    The FTX Trust's cases stand for the unremarkable proposition that party-in-interest status is not unlimited. But none involved a creditor whose own claims were expressly being targeted through the very interpretation of an order subject to a reconsideration motion.[21] Argent is not a peripheral bystander; it holds more than a billion dollars in disputed claims that the FTX

---

[21]    *See, e.g., In re Pulp Finish 1 Co.*, No. 12-13774, 2014 WL 201482, at *5–6 (Bankr. S.D.N.Y. Jan. 16, 2014) (movant's claim had been expunged, so he "no longer ha[d] a financial or legal stake in the chapter 11 case"); *In re Morris Pub. Grp., LLC*, No. 10-10134, 2010 WL 599393, at *3-4 (Bankr. S.D. Ga. Feb. 10, 2010) (newspaper readers asserting "any pecuniary interest at all" were "strangers to the bankruptcy case"); *In re Terry*, 521 B.R. 90, 95, n.7 (Bankr. E.D. Pa. 2014) (creditor's tax claim was "wholly unrelated to the matters addressed by" the disputed stipulation); *In re Tonopah Solar Energy, LLC*, 657 B.R. 393, 402 (D. Del. 2022) (unimpaired creditors "lacked Article III standing to object to portions of the Plan that did not affect their direct interest"); *In re Stone & Webster, Inc.*, 373 B.R. 353, 361–62 (Bankr. D. Del. 2007) (asset purchaser failed to establish that it had "sufficient interest" in the proceeds at issue); *In re Grp. Mgmt. Corp.*, No. 03-93031, 2022 WL 14929963, at *6 (Bankr. N.D. Ga. Oct. 24, 2022) (non-creditor principal's desire "to 'undo' his personal liability" did "not give him 'party in interest'" standing in the corporation's case).

Trust contends are extinguished under its reading of Section 5.2, and this Court's interpretation thereof as set forth in the June 2, 2026 Order.[22] That is a "financial or legal stake in the outcome of the particular matter" under any formulation. *In re Old Carco LLC*, 500 B.R. 683, 691 (Bankr. S.D.N.Y. 2013).

### III.   Argent Complied with All Procedural Requirements.

15.   The FTX Trust's remaining procedural objection fails because Argent filed a "Joinder and Statement in Support," not a "Motion." A joinder does not independently trigger the motion-filing and notice requirements of Bankruptcy Rule 9014(a) and Local Rule 9006-1(c)(i), because it does not initiate a new contested matter. Indeed, Judge Goldblatt recently explained the benefits of treating joinders as different than independent motions or objections, highlighting that joinders "preserve the right to litigate the underlying objection in which the party is joining." *See Yellow Corp.*, 670 B.R. at 399, 405–06.

16.   Argent filed its Joinder on July 13, 2026, several days before responsive pleadings to the Motion for Reconsideration were due and a full ten days before the July 23 hearing. That gave the FTX Trust ample time to respond substantively. Instead, the FTX Trust made only a passing reference to the Joinder in its objection to the Motion for Reconsideration, without disclosing its intent to file a motion to strike.[23] And the FTX Trust then waited until the evening of July 20—roughly two days before the hearing on the Motion for Reconsideration—to file its Motion to Strike.[24]

---

[22]   *See* Reserve Reduction Response ¶¶ 3, 33.

[23]   *See Objection of FTX Recovery Trust to Motion of Seth Melamed for Entry of an Order Determining that the Filing and Prosecution of the Proposed Request to Amend Description of Arbitration is Not Enjoined by the June 2nd Order or the Confirmation Order* at 19 n.8 [Dkt. No. 36004].

[24]   Argent is not engaging in "gamesmanship." *Contra* Motion to Strike ¶ 2. Argent filed its Joinder *before* the parties agreed to a litigation schedule. So the FTX Trust should not have had any confusion about Argent's position.

17.      It is correct, but entirely irrelevant, that the parties are negotiating a schedule to resolve the Argent claims, a schedule which will include briefing on dispositive motions that could include an argument about Section 5.2, if made by the FTX Trust.  But the FTX Trust has already made clear by its actions that it intends to urge the Court to ignore Argent's arguments under "law of the case" theories.[25]  The FTX Trust cannot have it both ways: it cannot argue that Argent should not be heard on the Section 5.2 issue when it is considered by the Court, while simultaneously arguing that Argent is bound by this Court's decisions on that issue decided in other matters.

**IV.      The FTX Trust Should Not Need Additional Time to Brief the Section 5.2 Issue.**

18.      The FTX Trust should not need another "at least fourteen [ ] additional days" to respond to Argent's Section 5.2 arguments.[26]  None of this should be a surprise to the FTX Trust. The FTX Trust invoked the June 2, 2026 Order against Argent knowing that Melamed had filed the Motion for Reconsideration, and Argent responded, challenging the FTX Trust's interpretation of Section 5.2 at the June 18 hearing.[27]  The FTX Trust should have anticipated that Argent would further flesh out its argument in support of the Motion for Reconsideration.  The FTX Trust should be fully prepared to address the Section 5.2 interpretation issues at the July 23 hearing.  But Argent will, of course, be ready to argue this issue at any time of the Court's choosing.

**CONCLUSION**

For the foregoing reasons, the Court should deny the Motion to Strike in its entirety.

---

[25]    *See supra* n.18 and accompanying text.

[26]    Motion to Strike ¶ 5.

[27]    *See* Reserve Reduction Response ¶¶ 3, 30, 33; Ex. A at 18:22–19:19.

9

Dated: July 22, 2026
      Wilmington, Delaware

Respectfully submitted,

*/s/ Sameen Rizvi*

L. Katherine Good (No. 5101)
Gregory J. Flasser (No. 6154)
Sameen Rizvi (No. 6902)
Ethan H. Sulik (No. 7270)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email:   kgood@potteranderson.com
        gflasser@potteranderson.com
        srizvi@potteranderson.com
        esulik@potteranderson.com

-and-

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Lauren C. Doyle, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5770
Facsimile:  (212) 822-5770
Email:   ddunne@milbank.com
        ldoyle@milbank.com

-and-

Andrew M. Leblanc, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
1101 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 835-7574
Facsimile: (202) 263-7574
Email:   aleblanc@milbank.com

*Counsel to the Argent Liquidation Trust*