# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: | . Chapter 11 |
| | . |
| | . Case No. 22-11068 (KBO) |
| FTX TRADING LTD, et al, | . |
| | . 824 Market Street |
| | . Wilmington, Delaware 19801 |
| Debtors. | . |
| . . . . . . . . . . . . . . . . | . Thursday, June 18, 2026 |
| FTX RECOVERY TRUST, | . |
| | . |
| Plaintiff, | . |
| vs. | . Adv. Proc. No. 24-50188(KBO) |
| | . |
| FORIS DAX MT LTD., FORIS DAX | . |
| ASIA PTE. LTD., FORIS DAX, | . |
| INC., and IRON BLOCK CAPITAL, | . |
| | . |
| Defendants. | . |
| . . . . . . . . . . . . . . . . | . |
| FTX RECOVERY TRUST, | . |
| | . |
| Plaintiff, | . |
| vs. | . Adv. Proc. No. 24-50214(KBO) |
| | . |
| MANIFOLD MARKETS, INC., | . |
| MANIFOLD FOR CHARITY, INC., | . |
| ROSS RHEINGANS-YOO, and FTX | . |
| PHILANTHROPY, INC., | . |
| | . |
| Defendants. | . |
| . . . . . . . . . . . . . . . . | |

(Continued)

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE KAREN B. OWENS
CHIEF UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| Audio Operator: | Electronically Recorded by Brandon McCarthy, ECRO |
| Transcription Company: | Reliable 1007 N. Orange Street Wilmington, Delaware 19801 (302)654-8080 Email:  gmatthews@reliable-co.com |

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
FTX RECOVERY TRUST,            .
                               .
                 Plaintiff,  .
           vs.                 .  Adv. Proc. No. 26-50256(KBO)
                               .
CRYPTO LOTUS FUND B            .
INTERNATIONAL, LTD,            .
                               .
                 Defendant.  .
. . . . . . . . . . . . . . . . .
```

APPEARANCES:

For the FTX Recovery
Trust:                         Matthew B. McGuire, Esq.
                               Matthew R. Pierce, Esq.
                               George A. Williams, Esq.
                               LANDIS, RATH & COBB, LLP
                               919 Market Street, Suite 1800
                               Wilmington, Delaware 19899


                               Brian D. Glueckstein, Esq.
                               Stephen H. Clarke, Esq.
                               SULLIVAN & CROMWELL, LLP
                               125 Broad Street
                               New York, New York 10004

For the Argent Liquidation
Trust:                         L. Katherine Good, Esq.
                               Gregory J. Flasser, Esq.
                               POTTER, ANDERSON & CORROON, LLP
                               1313 North Market Street
                               6th Floor
                               Wilmington, Delaware 19801

                               Daniel M. Perry, Esq.
                               Lauren C. Doyle, Esq.
                               MILBANK, LLP
                               55 Hudson Yards
                               New York, New York 10001

                               Hannah Blazek, Esq.
                               Zois Manaris, Esq.
                               MILBANK, LLP
                               1101 New York Avenue NW
                               Washington, D.C. 20005

(Appearances Continued)

```
APPEARANCES:   (Continued)

For Xiao Haidong:          Stuart Brown, Esq.
                           DLA PIPER, LLP (US)
                           1201 North Market Street
                           Suite 2100
                           Wilmington, Delaware 19801

                           Dennis O'Donnell, Esq.
                           DLA PIPER, LLP (US)
                           1251 Avenue of the Americas
                           New York, New York 10020

Also Appearing:            Steven P. Coverick, Declarant
                           ALVAREZ & MARSAL NORTH
                            AMERICA, LLC

APPEARANCES VIA ZOOM:   (On the Record)

For the Argent Liquidation
Trust:                     Andrew M. Leblanc, Esq.
                           MILBANK, LLP
                           1101 New York Avenue NW
                           Washington, D.C. 20005
```

(Proceedings commence at 10:36 a.m.)

(Call to order of the Court)

THE COURT:  Good morning, everyone.  Good to see you.  Please be seated.

Mr. Glueckstein.

MR. GLUECKSTEIN:  Good morning, Your Honor.

THE COURT:  Good morning.

MR. GLUECKSTEIN:  Brian Glueckstein, Sullivan & Cromwell, on behalf of the FTX Recovery Trust.

Your Honor, we only have one matter going forward this morning on our omnibus hearing agenda, that is the trust's third notice for proposed reduction of disputed claims reserve amount.  We are here to address our request to reduce the disputed claims reserve by $600 million, down to $1.78 billion of continuing disputed claims reserve.

This was noticed today, Your Honor, for hearing in accordance with the Court's December 2024 order that established the disputed claims reserve, which provides that, once an objection to the request is filed -- and one was filed here by Argent Liquidation Trust -- the matter would be noticed for hearing.

In support of the request, the trust submitted the declaration of Steven P. Coverick, filed at Docket Number 35723.  We respectfully request that Mr. Coverick's declaration be admitted to evidence at this time.  Mr.

give them to Your Honor if you're curious.  We did some looking over the last day, and I identified six more cases that used substantively similar boilerplate language.

And the language is important for -- from the perspective of a claimant that has submitted a proof of claim.  It's in consideration of the classification treatment distributions, releases, and other benefits provided by the debtors.  And it goes on and calls for a release of all claims, interests, and causes of action.

And if you follow the definition of "causes of action" through, that literally captures everything, not just fraud claims, contract claims.  So I'd recommend that definition to Your Honor.  Read with the injunction, at most --

THE COURT:  But it's limited by subject matter qualifiers.

MR. PERRY:  I don't --

THE COURT:  It's not any and all causes of action; it's limited by subject matter qualifiers.

MR. PERRY:  I read the subject matter qualifiers as illustrative and not limitations.  So my read of 5.2 is -- and I think it says this -- is, in consideration, and then it says:

"All claims, interests, and causes of action" --

Which includes almost everything.

"-- against, by, or among the debtors, including without limitation" --

So it's an illustrative list.

And they're -- if what they were intending to do was, effectively, carve out fraud claims, there are ways to do that that would have been clear and unambiguous. They chose not to do that. They could have created a class for fraud claimants that received an allocation of zero. They didn't do any of that. There was nothing in the plan that suggested they intended to call out fraud claimants and release their claims, expunge them, effectively, for no value. Again, that would have been possible to do under the plan. They chose not to do it. These are boilerplate provisions.

I'm not aware -- and we've only had the argument for a day. But I'm not aware of any other case where a court interpreting provisions like 5.2 and 10.8, the injunctive provision, has said, you know, effectively, that expunges all fraud claims or any other type of claim.

THE COURT: Unfortunately --

MR. PERRY: So --

THE COURT: -- I've held twice in this case that it did. And you'll have the opportunity to argue again, it seems.

MR. PERRY: Yeah, I did --

THE COURT: And apparently, it's been taken up on appeal, so we'll -- you know, the matter will be fleshed out, it sounds like, again.

MR. PERRY: I did read that. I was -- it's a little bit dangerous, but I was prepared to distinguish those circumstances, which I do think are a little bit different than this. But you know, we -- it -- I do think we need an opportunity to brief it --

THE COURT: Uh-huh.

MR. PERRY: -- and consider it and make fulsome arguments to Your Honor on it.

THE COURT: Uh-huh.

MR. PERRY: And as I said, we have a -- you know, we'll work with them to come up with a schedule.

THE COURT: Has there been a back-and-forth on that schedule, or has it simply been transmitted to the trust and there's not been an opportunity for the trust to comment? Where are you on the schedule?

MR. PERRY: We've made a proposal, we haven't heard back.

THE COURT: Oh, okay. All right.

MR. PERRY: But they've indicated that they'll work with us on it, and I don't --

THE COURT: Okay.

MR. PERRY: I don't -- we're not complaining about

suggestion that Section 5.2 and the global settlement in this plan is some boilerplate provision is simply not reflective of the long and detailed history of this case.  The global settlement agreement from which Section 5.2 arises was a central component of the confirmed plan.  If Silvergate had a problem or an objection to that settlement of those claims, including fraud claims of these type, they had an obligation, not just an opportunity, but an obligation to object to that at plan confirmation.

That's not where they are.  They'll have an opportunity, I suppose, to argue that these claims somehow don't fit within its scope.  But what that settlement is and what that provision does, as this Court has interpreted and opined on, on numerous occasions already, is not happening on a blank slate.  There is law of the case here as to what this settlement is, what it did, what it was intended to do, and so we'll get to that at the appropriate time.  But it certainly is factoring into the trust's decision-making process that we don't believe these claims ultimately will be allowed.  But at the end of the day, the trust -- the undisputed -- unrefuted and undisputed evidence that's before the Court shows that the trust believes, in its reasonable business judgment, that this is an appropriate reserve.

What Argent is now asking is that we just put this all on pause, and that's not practical, Your Honor.  That's

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of my knowledge and ability.

_____          June 19, 2026

Coleen Rand, AAERT Cert. No. 341

Certified Court Transcriptionist

For Reliable