**EXHIBIT A**



# Argent's Joinder and Statement in Support of Motion of Seth Melamed For Reconsideration of the June 2, 2026 Order [Dkt. No. 35985]

July 23, 2026 Hearing Demonstrative

*In re FTX Trading, Ltd*., *et al*., Case No 22-11068 (KBO)

# FTX Plan Section 5.2

5.2.    Global Settlement of Claims and Interests

In consideration of the classification, treatment, Distributions, releases and other benefits provided by the Debtors to their stakeholders under the Plan, on the Effective Date, the provisions of the Plan shall constitute a good-faith compromise, settlement and resolution (the "Global Settlement") of all Claims, Interests and Causes of Action against, by or among the Debtors, including without limitation:  (a) the actual or purported fraud, unjust enrichment, misappropriation, conversion and misconduct of former Insiders; (b) any basis for the contractual, structural and legal subordination rights of any Claim or Interest or any Distribution to be made on account of any Claim or Interest; (c) the purported commingling and misuse of customer deposits and corporate funds; (d) the tracing of assets of individual Debtors to particular sources of funding; (e) transactions among the Debtors prior to and on the Effective Date; (f) the allocation of corporate and administrative expenses across each of the Debtors; (g) the effects and consequences of the Debtors' Terms of Service and whether the assets held by the FTX.com Exchange and the FTX.US Exchange are property of the Debtors' Estates; (h) the Debtors' disregard for corporate separateness before the Petition Date; (i) any causes of action by a Debtor against other Debtors; (j) the purported absence of adequate corporate governance, cash management, accounting and cybersecurity controls by the Debtors and their Affiliates prior to the commencement of the Chapter 11 Cases; and (k) all Causes of Action relating to any of the foregoing.

# Almost Identical Language in Other Plans

79.    The U.S. Trustee asserts that section 5.2 of the Plan impermissibly "purports to treat the Plan itself as if it were a Rule 9019 'settlement.'"  (UST Obj. ¶ 71.)  The U.S. Trustee cites no authority to support the proposition that a Plan cannot also be deemed a settlement pursuant to Bankruptcy Rule 9019, and several plans approved by this Court contain almost identical language to section 5.2 of the Plan.  *See, e.g., In re Mallinckrodt PLC*, Case No. 20-12522 (JTD) (Bankr. D. Del. Feb. 18, 2022) [D.I. 6510]; *In re SiO2 Medical Products, Inc.,* Case No. 23-10366 (JTD) (Bankr. D. Del. July 17, 2023) [D.I. 466]; *In re Global Eagle Entertainment*, Case No. 20-11835 (JTD) (Bankr. D. Del. Jan. 29, 2021) [D.I. 753].

*Debtors' Omnibus Reply to Objections to Confirmation of the Second Amended Joint Plan of Reorganization ¶  79  [Dkt. No. 26039]*

# Almost Identical Language in Other Plans – Mallinckrodt (Bankr. D. Del.)

## MEANS FOR IMPLEMENTATION OF THE PLAN

A.  *General Settlement of Claims and Interests*

In consideration for the classification, distributions, releases, and other benefits provided under the Plan, on the Effective Date, the provisions of the Plan shall constitute a set of integrated, good-faith compromises and settlements of all Claims, Interests, Causes of Action and controversies resolved pursuant to the Plan.  The Plan shall be deemed a motion by the Debtors to approve such compromises and settlements (including but not limited to the UCC Settlement and the OCC Settlement) pursuant to Bankruptcy Rule 9019 and section 1123 of the Bankruptcy Code, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of such compromises and settlements under Bankruptcy Rule 9019 and section 1123 of the Bankruptcy Code, as well as a finding by the Bankruptcy Court that such integrated compromises or settlements are in the best interests of the Debtors, their Estates and Holders of Claims and Interests, and are fair, equitable and within the range of reasonableness.  Subject to Article VI, distributions made to Holders of Allowed Claims and Allowed Interests in any Class are intended to be and shall be final and indefeasible and shall not be subject to avoidance, turnover, or recovery by any other Person.

*Fourth Amended Joint Plan of Reorganization (With Technical Modifications) of Mallinckrodt PLC and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* at 76, Dkt. No. 6660-1, *In re Mallinckrodt PLC*, No. 20-12522 (JTD) (Bankr. D. Del. Mar. 2, 2022)

# Almost Identical Language in Other Plans – SiO2 (Bankr. D. Del.)

A.        *Compromise and Settlement of Claims, Interests, and Controversies.*

To the extent provided for by the Bankruptcy Code and in consideration for the classification, distributions, releases, and other benefits provided under the Plan, on the Effective Date, the provisions of the Plan shall constitute a good-faith compromise and settlement of all Claims, Interests, Causes of Action, and controversies released, settled, compromised, discharged, or otherwise resolved pursuant to the Plan. To the extent provided for by the Bankruptcy Code, the Plan shall be deemed a motion to approve the good-faith compromise and settlement of all such Claims, Interests, Causes of Action, and controversies, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of such compromise and settlement, as well as a finding by the Bankruptcy Court that such settlement and compromise is fair, equitable, reasonable, and in the best interests of the Debtors and their Estates. Subject to Article VI hereof, all distributions made to Holders of Allowed Claims and Allowed Interests (as applicable) in any Class are intended to be and shall be final.

*Joint Chapter 11 Plan of Reorganization of SiO2 Medical Products, Inc., and Its Debtor Affiliates* at 45, Dkt. No. 478-1, *In re SiO2 Med. Prods., Inc.*, No. 23-10366 (Bankr. D. Del. July 19, 2023)

# Almost Identical Language in Other Plans – Global Eagle (Bankr. D. Del.)

Pursuant to sections 363 and 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the Distributions and other benefits provided pursuant to this Plan, the provisions of this Plan shall collectively constitute an integrated and global good faith compromise or settlement of all Claims, Interests and controversies relating to the contractual, legal and subordination rights that a Holder of a Claim or Interest may have with respect to any Allowed Claim or Allowed Interest, any Distribution to be made on account of such Allowed Claim or Allowed Interest, including, without limitation, all controversies among the Debtors, the First Lien Agent, the First Lien Lenders, the Second Lien Parties, the DIP Secured Parties, the Committee, the Convertible Notes Indenture Trustee, and all other Holders of Claims against and Interests in the Debtors, including, without limitation, (i) Claims, Interests and controversies relating to the Intercreditor Agreement and the Turnover and Subordination Provisions and the settlements embodied in the Committee Settlement, which Committee Settlement incorporates the application of the Intercreditor Agreement and which is integrated with, and non-severable from, the provisions of this Plan and the global comprise and settlement embodied herein, as well as the integrated settlement embodied in the treatment of Second Lien Note Claims set forth in Article III.B.3(c)(1) of this Plan, (ii) in connection with the Committee Settlement, the distribution to which Holders of Claims in Classes 3b and 3c are entitled, and (iii) in connection with the Committee Settlement and the distributions to Holders of Allowed Convertible Note Claims pursuant to Article III.B.4(c) of this Plan, the payment of the Convertible Notes Indenture Trustee Fees set forth in Article V.F.4 of this Plan. The P‌l‌‌‌ ‌‌‌‌a‌ll be deemed a motion to approve the

# Almost Identical Language in Other Plans – MVK FarmCo (Bankr. D. Del.)

## ARTICLE IV.
## MEANS FOR IMPLEMENTATION OF THE PLAN

*A.    General Settlement of Claims and Interests.*

Unless otherwise set forth in the Plan, pursuant to section 1123 of the Bankruptcy Code, and in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good-faith compromise and settlement of all Claims and Interests and controversies resolved pursuant to the Plan. All distributions made to Holders of Allowed Claims and Allowed Interests, as applicable, in any Class, are intended to be and shall be final.

*Notice of Filing Further Amended (I) Joint Chapter 11 Plan of Liquidation of MVK FarmCo LLC & Its Debtor Affiliates at 38, Dkt. 858-1, In re MVK FarmCo LLC, No. 23-11721 (Bankr. D. Del. Mar. 29, 2024)*

# Almost Identical Language in Other Plans – Lordstown Motors (Bankr. D. Del.)

**A.      *Compromise and Settlement of Claims, Interests, and Controversies***

Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided pursuant to the Plan, the Plan is and shall be deemed a good-faith compromise and settlement of all Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that a Holder of a Claim or Interest may have with respect to any Allowed Claim or Interest, or any distribution to be made on account of such Allowed Claim or Interest.  In addition, the Plan incorporates all settlements pursuant to Bankruptcy Rule 9019 that are otherwise approved by the Bankruptcy Court, including, but not limited, to the Ohio Securities Litigation Settlement.

The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement of all such Claims, Interests, and controversies, as well as a finding by the Bankruptcy Cor...  ...mise or ...  ...ment is in th... ...  ...  ...of the D...  ...

*Third Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors at 61, Dkt. No. 1069-1, In re Lordstown Motors Corp., No. 23-10831 (Bankr. D. Del. Mar. 6, 2024)*

# Almost Identical Language in Other Plans – WOM S.A. (Bankr. D. Del.)

A.    *Compromise and Settlement of Claims, Interests, and Controversies*

Pursuant to section 1123 of the Bankruptcy Code and in consideration for the distributions and other benefits provided pursuant to the Plan, the Plan is and shall be deemed to be a good-faith compromise and settlement of all Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that a Holder of a Claim or Interest may have with respect to any Allowed Claim or Interest, or any distribution to be made on account of such Allowed Claim.

The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement of all such Claims, Interests, and controversies, as well as a finding by the Bankruptcy Court that          ‑‑‑‑‑mise or settlement is in the best ‑‑‑‑‑‑‑‑ of ‑he Debtors.

*Third Amended Joint Chapter 11 Plan of Reorganization for WOM S.A. and Its Affiliated* Debtors at 75, Dkt. No. 1250-1, *In re WOM S.A. et al.*, No. 24-10628 (Bankr. D. Del. Mar. 7, 2025)

# Almost Identical Language in Other Plans – Clover Technologies (Bankr. D. Del.)

## ARTICLE IV.
## MEANS FOR IMPLEMENTATION OF THE PLAN

*A.    General Settlement of Claims and Interests*

Unless otherwise set forth in the Plan, pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good-faith compromise and settlement of all Claims and Interests and controversies resolved pursuant to the Plan. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement of all such Claims, Interests, and controversies, as well as a finding by the Bankruptcy Court that such compromise or settlement is in the best interests of the Debtors, their Estates, and Holders of Claims and Interests and is fair, equitable, and is within the range of reasonableness. Subject to ARTICLE VI of the Plan, all distributions made to Holders of Allowed Claims and Allowed Interests in any Class are intended to be and shall be final.

*First Amended Joint Prepackaged Chapter 11 Plan of Reorganization of Clover Technologies Group, LLC and Its Debtor Affiliates* at 17, Dkt. No. 143-1, *In re Clover Techs. Grp., LLC*, No. 19-12680 (Bankr. D. Del. Jan. 22, 2020)

# Almost Identical Language in Other Plans – Hygea Holdings (Bankr. D. Del.)

## SECTION 6.  MEANS FOR IMPLEMENTATION OF THE PLAN

### 6.1    General Settlement of Claims

To the extent provided for by the Bankruptcy Code and in consideration for the classification, distributions, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan will constitute a good faith compromise and settlement of all Claims and Equity Interests and controversies resolved pursuant to the Plan.

*Second Amended Joint Chapter 11 Plan of Reorganization of Hygea Holdings Corp. and Its Affiliated Debtors* at 19, Dkt. No. 576-1, *In re Hygea Holdings Corp.*, No. 20-10361 (Bankr. D. Del. June 15, 2020)

# Almost Identical Language in Other Plans – Quorum Health (Bankr. D. Del.)

## ARTICLE IV.
## MEANS FOR IMPLEMENTATION OF THE PLAN

### A.    *General Settlement of Claims and Interests*

Unless otherwise set forth in the Plan, pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good-faith compromise and settlement of all Claims and Interests and controversies resolved pursuant to the Plan, including with respect to issues related to the value of the Debtors' unencumbered property.

*Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization* at 49, Dkt. No. 556-1, *In re Quorum Health Corporation, et al.*, No. 20-10766 (Bankr. D. Del. June 30, 2020)

# Almost Identical Language in Other Plans – Akorn, Inc. (Bankr. D. Del.)

## ARTICLE IV
### MEANS FOR IMPLEMENTATION OF THE PLAN

**A.    General Settlement of Claims.**

Except as otherwise expressly provided herein, pursuant to section 1123 of the Bankruptcy Code, and in consideration for the classification, distributions, releases, and other benefits provided under the Plan and the Sale Transaction Documentation, upon the Effective Date, the provisions of the Plan shall constitute a good-faith compromise and settlement of all Claims, Interests, Causes of Action, and controversies released, settled, compromised, or otherwise resolved pursuant to the Plan, including those resolved by the UCC Settlement. The Plan shall be deemed a motion, proposed by the Debtors, to approve the good-faith compromise and settlement of all such Claims, Interests, Causes of Action, and controversies, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of such compromise and settlement under section 1123 of the Bankruptcy Code, as well as a finding by the Bankruptcy Court that such settlement and compromise is fair, equitable, reasonable, and in the best interests of the Debtors and their Estates. Distributions made to Holders of Allowed Claims in any Class are intended to be final.

*Modified Joint Chapter 11 Plan of Akorn, Inc. and Its Debtor Affiliates* at 20, Dkt. No. 673-1, *In re Akorn, Inc.*, No. 20-11177 (Bankr. D. Del. Sep. 4, 2020)

# Rules of Contract Construction Foreclose the FTX Trust's Interpretation

**4.     CLASSIFICATION, TREATMENT AND VOTING OF CLAIMS AND INTERESTS**

   4.1.    Classification of Claims and Interests

   All Claims and Interests except for Administrative Claims and 503(b)(9) Claims are classified in the Classes set forth in this Article 4. A Claim or Interest is classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of that Class and is classified in other Classes to the extent that any portion of the Claim or Interest qualifies within the description of such other Classes. A Claim or Interest also is classified in a particular Class for the purpose of receiving Distributions pursuant to the Plan only to the extent that such Claim or Interest is Allowed as a Claim or Interest in that Class and has not been paid, released or otherwise satisfied prior to the Effective Date.

      4.1.1   Summary of Classification and Treatment

   5.17.   Preservation of Causes of Action

   Except as otherwise provided in Article 10 or the other provisions of the Plan, each Cause of Action that is a Plan Asset shall be preserved and, along with the exclusive right to enforce such Cause of Action, shall vest exclusively in the Wind Down Entities as of the Effective Date. For avoidance of doubt, any and all DM-Controlled Recovery Actions shall vest solely in FTX DM and shall not vest in the Wind Down Entities. Any such Cause of Action against any Customer of the FTX.com Exchange or any of such Customer's successors or

**8.     CLAIMS ADMINISTRATION PROCEDURES**

   8.1.    Objections to Claims

   Any objections to Claims (other than Administrative Claims) shall be filed on or before the Claims Objection Deadline. The Claims Objection Deadline may be extended by the Plan Administrator, by filing a motion to extend on or before the Claims Objection Deadline. The Plan Administrator shall have standing to object to Claims. Except as otherwise set forth in the Plan, after the Effective Date, the Plan Administrator and each Wind Down Entity shall have and retain any and all rights and defenses the applicable Debtor had with respect to any Claim immediately before the Effective Date.

   8.2.    Estimation of Claims

**10.    SETTLEMENT, RELEASE, INJUNCTION AND RELATED PROVISIONS**

   10.4.   Voluntary Release by Holders of Claims and Interests

   **For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all** obligations, rights, suits, damages, Causes of Action, remedies **act or omission is determined by a Final Order to have** **gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this Section 10.5 shall cause the release of (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

# Rules of Contract Construction Foreclose the FTX Trust's Interpretation (Cont.)

8.3.    Expungement and Disallowance of Claims

8.3.1    Paid, Satisfied, Amended, Duplicated or Superseded Claims

Any Claim or Interest that has been paid, satisfied, amended, duplicated (by virtue of the substantive consolidation provided for under the Plan or otherwise), superseded or otherwise dealt with or treated in the Plan, may be adjusted or expunged on the Claims Register at the direction of the Plan Administrator without the Plan Administrator having to file an objection, application, motion, complaint or any other legal proceeding seeking to object to such Claim or Interest and without any further notice to or action, order or approval of the Bankruptcy Court.

8.3.2    Claims by Persons from Whom Property Is Recoverable

Unless otherwise agreed to by the Debtors, the Plan Administrator or ordered by the Bankruptcy Court, any Claims held by any Person or Entity from which property is recoverable under section 542, 543, 550 or 553 of the Bankruptcy Code, or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of the Bankruptcy Code, shall be deemed disallowed pursuant to section 502(d) of the Bankruptcy Code, and any Holder of such Claim may not receive any Distributions on account of such Claim until such time as such Cause of Action against that Person or Entity has been resolved.

6.2.    Claims Against the Debtors upon Rejection

No Executory Contract or Unexpired Lease rejected by the Debtors on or prior to the Effective Date shall create any obligation or liability of the Debtors that is not a Claim. Any Proof of Claim arising from or relating to the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan must be filed with the Notice and Claims Agent before the Rejected Contract Claims Bar Date. **Any Claim arising from or relating to the rejection of an Executory Contract or Unexpired Lease that is not filed with the Notice and Claims Agent by the Rejected Contract Claims Bar Date will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors, the Debtors' Estates, the Wind Down Entities, the Plan Administrator or any of their property.** Any Allowed Claim arising from the rejection of an Executory Contract or Unexpired Lease shall be classified as a General Unsecured Claim and shall be treated in accordance with Section 4.3.9.

10.4.    Voluntary Release by Holders of Claims and Interests

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all** claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities including any derivative claims asserted behalf of a Debtor.

# Disclosure Statement is Only a Copy-Paste of the Plan Text

orders of the Bankruptcy Court.

2.  *Global Settlement of Claims and Interests*

In consideration of the classification, treatment, Distributions, releases and other benefits provided by the Debtors to their stakeholders under the Plan, on the Effective Date, the provisions of the Plan shall constitute a good-faith compromise, settlement and resolution (the "Global Settlement") of all Claims, Interests and Causes of Action against, by or among the Debtors, including without limitation:  (a) the actual or purported fraud, unjust enrichment, misappropriation, conversion and misconduct of former Insiders; (b) any basis for the contractual, structural and legal subordination rights of any Claim or Interest or any Distribution to be made on account of any Claim or Interest; (c) the purported commingling and misuse of customer deposits and corporate funds; (d) the tracing of assets of individual Debtors to particular sources of funding; (e) transactions among the Debtors prior to and on the Effective Date; (f) the allocation of corporate and administrative expenses across each of the Debtors; (g) the effects and consequences of the Debtors' Terms of Service and whether the assets held by the FTX.com Exchange and the FTX.US Exchange are property of the Debtors' Estates; (h) the Debtors' disregard for corporate separateness before the Petition Date; (i) any causes of action by a Debtor against other Debtors or the Insiders of other Debtors; (j) the purported absence of adequate corporate governance, cash management, accounting and cybersecurity controls by Debtors and their Affiliates prior to the commencement of these Chapter 11 Cases; and (k) all Causes of Action relating to any of the foregoing.

In connection with the implementation of the Global Settlement pursuant to the Plan:  (a) the value of Claims in respect of Digital Assets shall be calculated [...] [...]

*Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-In-Possession at 91 [Dkt. No. 19143]*

orders of the Bankruptcy Court.

5.2.  Global Settlement of Claims and Interests

In consideration of the classification, treatment, Distributions, releases and other benefits provided by the Debtors to their stakeholders under the Plan, on the Effective Date, the provisions of the Plan shall constitute a good-faith compromise, settlement and resolution (the "Global Settlement") of all Claims, Interests and Causes of Action against, by or among the Debtors, including without limitation:  (a) the actual or purported fraud, unjust enrichment, misappropriation, conversion and misconduct of former Insiders; (b) any basis for the contractual, structural and legal subordination rights of any Claim or Interest or any Distribution to be made on account of any Claim or Interest; (c) the purported commingling and misuse of customer deposits and corporate funds; (d) the tracing of assets of individual Debtors to particular sources of funding; (e) transactions among the Debtors prior to and on the Effective Date; (f) the allocation of corporate and administrative expenses across each of the Debtors; (g) the effects and consequences of the Debtors' Terms of Service and whether the assets held by the FTX.com Exchange and the FTX.US Exchange are property of the Debtors' Estates; (h) the Debtors' disregard for corporate separateness before the Petition Date; (i) any causes of action by a Debtor against other Debtors; (j) the purported absence of adequate corporate governance, cash management, accounting and cybersecurity controls by the Debtors and their Affiliates prior to the commencement of the Chapter 11 Cases; and (k) all Causes of Action relating to any of the foregoing.

In connection with the implementation of the Global Settlement pursuant to the Plan:  (a) the value of Claims in respect of Digital Assets shall be calculated pursuant to Section 4.4; (b) the Dotcom Inter[...] [...] and the U.S. Intercompany Shortfall Clai[...]

*Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates [Dkt. No. 26404-1]*

# Debtors' Representations in the Confirmation Brief

settlement pursuant to Bankruptcy Rule 9019, and several plans approved by this Court contain

almost identical language to section 5.2 of the Plan. *See, e.g., In re Mallinckrodt PLC,* Case No.

20-12522 (JTD) (Bankr. D. Del. Feb. 18, 2022) [D.I. 6510]; *In re SiO2 Medical Products, Inc.,*

Case No. 23-10366 (JTD) (Bankr. D. Del. July 17, 2023) [D.I. 466]; *In re Global Eagle*

Rule 3007.  293 B.R. at 496-497.  The court sustained the objections of the claimant, noting that

the debtor needed to file a formal claims objection in respect of such claim because section

1123(b)(5) of the Bankruptcy Code does not authorize a debtor to unilaterally seek to modify

claims in a Chapter 11 plan.  *See id.*  This has nothing to do with the U.S. Trustee's objection.

The Debtors are not attempting to circumvent any requirement imposed by the Bankruptcy Code

or the Bankruptcy Rules.  As detailed in the Confirmation Brief (Argument § II), the Debtors

50.      Arceau's stated concerns notwithstanding, its due process rights are

protected by the claims objection process under the Bankruptcy Code and Bankruptcy Rules.

The Debtors may seek a Cour     addressing deficient KYC information and/or object to any

*Debtors' Omnibus Reply to Objections to Confirmation of the Second Amended Joint Plan of Reorganization ¶ ¶ 36, 79, 81 [Dkt. No. 26039]*