**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: August 19, 2026 at 9:30 a.m. (ET)**<br>**Objection Deadline: August 12, 2026 at 4:00 p.m. (ET)** |

**MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER**
**APPROVING THE STIPULATION OF SETTLEMENT WITH**
**SOOGEUN OH AND GRANTING RELATED RELIEF**

The FTX Recovery Trust[2] hereby submits this motion (the "Motion") for entry of

an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to section

105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"),

and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving

the terms of the Stipulation of Settlement, attached as **Exhibit 1** to the Order (the "Stipulation"),

between and among the FTX Recovery Trust and Soogeun Oh (the "Receiver" and together with

the FTX Recovery Trust, the "Parties").  In support of this Motion, the FTX Recovery Trust

submits contemporaneously herewith the *Declaration of Soogeun Oh* (the "Oh Decl.") and

respectfully states as follows:

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates [D.I. 26404-1] (the "Plan"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

## PRELIMINARY STATEMENT

1.      Junho Bang was a trader on the FTX.com exchange and, on the Petition Date, controlled two customer accounts with substantial balances.  When FTX collapsed and Bang lost control of his FTX.com accounts, he lied to his creditors and provided falsified reports to prevent the discovery of his losses.  Bang's fraud was eventually discovered and, in August 2024, he was sentenced to a 10-year prison sentence in the Republic of Korea.

2.      Following Bang's incarceration, multiple parties asserted that they had an interest in Bang's FTX accounts, sought control of certain customer claims that Bang filed (the "Bang Claims"), or otherwise sought to recover directly, despite being creditors of Bang and not FTX.  [D.I. 29345; D.I. 29899; D.I. 30348; D.I. 30643].  In response, the FTX Recovery Trust made clear that any distribution with respect to the Bang Claims would be contingent on resolving KYC concerns and the multiple competing interests asserted in the Bang Claims.  [D.I. 29582].

3.      On May 2, 2025, an involuntary bankruptcy petition for Bang (the "Korean Rehabilitation Proceeding") was commenced in the Seoul Bankruptcy Court (the "Korean Court") by certain of Bang's creditors.  The Korean Court accepted the petition and Professor Soogeun Oh was appointed as the receiver and authorized foreign representative of (in such capacity, the "Foreign Representative") Bang's estate.  On December 31, 2025, Professor Oh filed in this Court for Chapter 15 recognition of the Korean Rehabilitation Proceeding (the "Chapter 15 Case") and, on January 22, 2026, this Court granted recognition of the Korean Rehabilitation Proceeding as a foreign main proceeding.

4.      With the Korean Rehabilitation Proceeding offering Bang's creditors a single, unified forum to file claims, the FTX Recovery Trust and the Receiver engaged in negotiations and have reached a compromise regarding the final resolution of the Bang Claims.

The Stipulation provides for (i) allowance of the Bang Claims, (ii) recognition of the Receiver as the appropriate holder of the Bang Claims, and (iii) protections that only creditors of Bang and not Bang himself will benefit from distributions from the FTX Recovery Trust.  The Stipulation is significant to facilitating a successful resolution of the Korean Rehabilitation Proceeding and returning over $160 million to the victims of Bang's crimes.  Bang himself will not receive any proceeds from distributions made on account of the Bang Claims.

5.    While the Plan does not require the FTX Recovery Trust to obtain Court approval of resolution of a Disputed Claim (*see* D.I. 26404 ¶ 34; Plan §§ 5.8, 8.8), it does not preclude it, and the FTX Recovery Trust is seeking approval to ensure that all interested parties receive notice of the Stipulation and its terms, and have an opportunity to be heard so that resolution with the Receiver will be the final word on the Bang Claims in these Chapter 11 Cases. Notice of this Motion and the Stipulation will be provided, among others, to (i) all parties which have appeared in these Chapter 11 Cases regarding the Bang Claims and (ii) all notice parties and known creditors of Bang in the Korean Rehabilitation Proceeding.[3]

## BACKGROUND

### A.    Bang's FTX Accounts and Subsequent Fraud

6.    Bang, a citizen and resident of Korea, entered into various investment contracts with Korean individuals and companies, through which Bang managed their cryptocurrency holdings using a purported cryptocurrency trading program.  (Oh Decl. ¶ 5.) Bang deposited the majority of these assets into two FTX.com exchange accounts in his own name: Customer Account No. 82284765 (the "765 Account") and Customer Account No. 1806799 (the

---

[3]    Concurrently herewith, the Foreign Representative is filing a motion in the Chapter 15 Case with respect to the same relief sought herein.

"799 Account" and, together with the 765 Account, the "Bang Accounts"). (*Id*.)  On the Petition Date, the 765 Account had a customer entitlement of $105,677,836.22 and the 799 Account had a customer entitlement of $59,131,219.91.  Unable to access these funds after the Petition Date, Bang spent the following months falsely telling his investors that their assets were safe, that they were continuing to turn a profit, and that he backstopped losses with his personal assets.  These false statements led investors to transfer more money to Bang, which Bang then used to cover withdrawal requests from other investors.

7.      Bang's Ponzi scheme ultimately collapsed and, in February 2024, Bang was arrested on charges of fraud and breach of trust.  (Oh Decl. ¶ 8.)  On August 13, 2024, he was sentenced to 10 years in jail by the Seoul Southern District Court, 13th Criminal Division.  (*Id*.)  Bang's subsequent appeals were unsuccessful, and he remains incarcerated in Korea.  (*Id.*)

**B.      The Bang Claims**

8.      On January 18, 2023, Bang executed a contract which purported to transfer any claims in these Chapter 11 Cases related to the Bang Accounts to Lemma Technologies Inc. ("Lemma"), a Panamanian company wholly-owned and controlled by Bang.  On June 16, 2023, Lemma, under Bang's control, agreed to sell such claims to Svalbard Holdings Limited ("Svalbard"), a company organized under the laws of the Cayman Islands and affiliated with Attestor Limited, a company based in the United Kingdom.  The sale, however, never closed.

9.      On September 11, 2023, Bang filed a timely customer proof of claim against FTX.com (Claim No. 50458).  (Oh Decl. ¶ 6, Ex. A.)  Nearly a month later, Bang filed a second, untimely, customer proof of claim (Claim No. 87144).  (*Id.* ¶ 7, Ex. B.)  Both claims were filed with Bang recognized as the claimant.  (*Id.,* Exs. A-B.)

10.     On July 18, 2024, Bang amended his claims by filing Claim Nos. 96400 and 96401 (the "Amended Claims"), with Lemma identified as the claimant.  (Oh Decl. ¶ 9, Exs. C-D.)  The stated purpose of the Amended Claims was to substitute Lemma as the recognized claimant.  (*Id.*)

### C.     Competing Interests in the Bang Claims

11.     On January 29, 2024, Svalbard commenced an action against Lemma in New York Supreme Court, *Svalbard Holdings Limited* v. *Lemma Technologies Inc.*, Index No. 650457/2024, alleging that Lemma breached its contract with Svalbard and sought specific performance or, in the alternative, money damages.

12.     On January 21, 2025, Hyung Cheol Lim, Aimed, Inc., Blocore Pte. Ltd., Ji Woong Choi, and Mosaic Co. Ltd. filed the *Motion of Hyung Cheol Lim, Aimed, Inc., Blocore Pte., Ltd., Ji Woong Choi, and Mosaic Co. Ltd. for an Order, Pursuant to Rules 3001 and 3020(d) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 105(a) and 1142(b), for Leave to Amend Proof of Claim No. 87144 to Correct Claimant's Name and Address* [D.I. 29345] (the "Claim Amendment Motion"), which sought to substitute themselves as the holders of claim number 87144.

13.     Bang himself then purported to send a letter to the Court ostensibly consenting to the relief requested in the Claim Amendment Motion.  [D.I. 29592].  Svalbard [D.I. 29518], the FTX Recovery Trust [D.I. 29582], Sanghun Lee [D.I. 29758], and purported investors of Haru Invest and Haru Management Limited [D.I. 29899, 30348, 30643][4] objected to

---

[4]     Haru Invest is a now-bankrupt Korean cryptocurrency platform operated by Haru Management Limited, an investment firm incorporated in the British Virgin Islands.  Haru Management Limited gave Bang investment authority over a significant portion of the assets deposited by customers of Haru Invest.  Haru Management Limited has been in liquidation proceedings in Korea since November 20, 2024.

the Claim Amendment Motion and/or requested that the Court halt any future payments on the Bang Claims. Certain of these parties asserted their own competing interests in the Bang Claims. [*See, e.g.*, D.I. 29899 at 2 (asserting that some assets in Bang's FTX account "belong to . . . Haru Invest . . . and therefore, the FTX claims associated with these assets must be restored to their rightful owners.").] Neither the Claim Amendment Motion nor any other arguments regarding the Bang Claims were ever heard by the Court due to intervening events, principally the commencement of the Korean Rehabilitation Proceeding.

14.     The FTX Recovery Trust has reconciled the Bang Claims and agreed with the Receiver that the proper amounts of those claims are $105,677,836.22 for Claim No. 96400 and $59,131,219.91 for Claim No. 96401.

**D.     Korean Rehabilitation Proceeding and Recognition**

15.     On April 9, 2025, Lim and Choi filed an application with the Korean Court to commence rehabilitation proceedings against Bang. (Oh Decl. ¶ 10.) Shortly after, Bang consented to the commencement of rehabilitation proceedings against him and, on May 2, 2025, the Korean Court commenced the Korean Rehabilitation Proceeding and designated Professor Soogeun Oh as Bang's authorized Receiver. (*Id*.)

16.     Thereafter, the Receiver commenced an avoidance action seeking to invalidate Bang's transfer of his claims to Lemma. (*Id.* ¶ 11.) On June 10, 2025, the Korean Court issued an order invalidating Bang's assignment of rights to Lemma and restoring the Bang Claims to Bang's estate. (*Id.* ¶ 11, Ex. E.)

17.     On December 31, 2025, the Receiver filed the *Chapter 15 Petition for Recognition of a Foreign Proceeding* (*In re Junho Bang*, No. 25-12298-KBO [D.I. 1] (Bankr. D. Del. Dec. 31, 2025) (the "Petition" in the "Bang Ch. 15")) and moved for recognition of the order

avoiding Svalbard's claim entered by the Korean Court [Bang Ch. 15, D.I. 5].  On January 13, 2026, Svalbard objected to the Petition to the extent it sought recognition and enforcement of the Avoidance Order.  [Bang Ch. 15, D.I. 11 ¶¶ 9-18.]  On January 22, 2026, the Bankruptcy Court overruled Svalbard's objection, recognized the Korean Rehabilitation Proceeding as a foreign main proceeding as to Bang pursuant to Section 1517 of the Bankruptcy Code, and found that the Receiver was the duly appointed foreign representative of Bang.  [Bang Ch. 15, D.I. 34.]  On February 11, 2026, Svalbard voluntarily dismissed its action against Lemma in New York Supreme Court.

## RELIEF REQUESTED

18.    By this Motion, the FTX Recovery Trust requests entry of the Order, substantially in the form attached hereto as **Exhibit A**, approving the Stipulation.

## BASIS FOR RELIEF

19.    Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n the trustee's motion and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).  Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc.* v. *Anderson*, 390 U.S. 414, 424 (1968).  The compromise or settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is "generally favored in bankruptcy." *In re World Health Alts., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).  "[I]n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts." *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979).

20.     "[T]he decision whether to approve a compromise under [Bankruptcy] Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).  Courts should not, however, substitute their judgment for that of the debtor, but instead should canvas the issues to see whether the compromise falls below the lowest point in the range of reasonableness.  *In re Neshaminy Off. Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *see also In re World Health*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities." (cleaned up)).

21.     Additionally, section 105(a) of the Bankruptcy Code provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.   11 U.S.C. § 105(a).   Taken together, Bankruptcy Code section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the estate and its creditors.  *In re Marvel Ent. Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (discussing Bankruptcy Rule 9019); *In re Louise's, Inc.*, 211 B.R. at 801 (same).

22.     Bang was a customer of the FTX.com exchange, and held claims on the Petition Date.  However, subsequent developments raised serious questions about Bang's ability to satisfy the FTX Recovery Trust's know your customer requirements applicable to all creditors in these Chapter 11 Proceedings in order for his claim to become allowed.  In addition, the multiple parties attempting at various points to directly obtain control or the benefit of the Bang Claims

complicated the matter and forced the FTX Recovery Trust to expend significant resources responding to such efforts.

23.     However, the commencement of the Korean Rehabilitation Proceeding, the appointment of Professor Oh by the Korean Court as the Receiver, this Court's recognition of the Receiver as Bang's exclusive representative in the United States, and this Court's recognition of the Korean Court's order avoiding Bang's transfer of the Bang Claims to Lemma in the Chapter 15 Case, have materially changed and simplified the landscape.  Today, there is a Korean Court-appointed professional available to receive distributions on the Bang Claims and to ensure that only Bang's legitimate creditors (and not Bang) will benefit through the Korean Rehabilitation Proceeding from distributions made on account of the Bang Claims.  (Oh Decl. ¶¶ 10, 12.)

24.     This Motion will provide all interested parties with notice of the allowance of the Bang Claims and the intention to make the distributions on the Allowed Claims to the Receiver.  Further, the Stipulation definitively identifies the correct holder of the Bang Claims as the Receiver.   (Stipulation § 3(a).)   Given the potential burden and expense of litigating the allowance of the Bang Claims, the terms of the Stipulation plainly fall well within the range of reasonableness, represent a sound exercise of the FTX Recovery Trust's business judgment, and should be approved.

**NOTICE**

25.     Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) counsel to the Receiver; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel to Bang; (h) counsel to Svalbard; (i) Sanghun Lee; (j) counsel for the Haru Invest Victims; (k) counsel for the Haru Management Victims; and to the extent not listed herein,

(l) all creditors who are receiving notice in the Korean Rehabilitation Proceeding, (m) certain purported Haru Invest depositors with contact information listed in Dkt. No. 30643, and (n) those parties requesting notice pursuant to Bankruptcy Rule 2002.  The FTX Recovery Trust submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

26.     WHEREFORE, for the reasons set forth herein, the FTX Recovery Trust respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: July 29, 2026
    Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       mcguire@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*

-11-