**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date: September 17, 2026 at 9:30 a.m. (ET)** |
| | **Objection Deadline: September 10, 2026 at 4:00 p.m. (ET)** |

**FTX RECOVERY TRUST'S TWO HUNDRED FIRST (SUBSTANTIVE)**
**OMNIBUS OBJECTION TO CERTAIN NO LIABILITY PROOFS OF**
**CLAIM (CUSTOMER AND NON-CUSTOMER CLAIMS)**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1, SCHEDULE 2 AND SCHEDULE 3 OF EXHIBIT A ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN.**

The FTX Recovery Trust[2] hereby submits this two hundred first omnibus claims objection (this "Objection") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), disallowing and expunging in its entirety each claim set forth in Schedule 1, Schedule 2 and Schedule 3 attached to the Order.  In support of this Objection, the FTX Recovery Trust submits the *Declaration of*

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' (as defined below) confirmed Plan (as defined below).

*Jeffrey Sielinski in Support of FTX Recovery Trust's Two Hundred First (Substantive) Omnibus Objection to Certain No Liability Proofs of Claim (Customer and Non-Customer Claims)* (the "Sielinski Declaration"), attached hereto as Exhibit B.  In further support of this Objection, the FTX Recovery Trust respectfully states as follows:

**Background**

1.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed with the Court voluntary petitions for relief under the Bankruptcy Code (the "Chapter 11 Cases").  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3.      On October 7, 2024, the Court confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan"), and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404].

4.      On January 3, 2025, the effective date of the Plan occurred, which, among other things, established the FTX Recovery Trust and transferred, assigned, and vested all of the

2

Debtors' assets in the FTX Recovery Trust. *See Notice of Effective Date of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 29127].

### Facts Specific to the Relief Requested

5.    On May 19, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest and (B) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1519] (the "Non-Customer Bar Date Order").   The Non-Customer Bar Date Order established, among other things, the deadline of June 30, 2023 to file Non-Customer Claims (*i.e.*, any claim other than a Customer Claim[3]) against the Debtors.

6.    On June 28, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1793] (the "Customer Bar Date Order").   The Customer Bar Date Order established, among other things, the deadline of September 29, 2023 to file Customer Claims against the Debtors.

7.    As of the Non-Customer Bar Date Order, approximately 2,460 non-customer proofs of claim had been filed against the Debtors, asserting more than $386,900,000,000.   To date, approximately 97,700 customer proofs of claim have been filed

---

[3]    "Customer Claims" means a claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, or federal or state law, rule or regulation, common law or otherwise) held by any person (as defined in section 101(41) of the Bankruptcy Code) or entity (as defined in section 101(15) of the Bankruptcy Code) against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX exchange as of the Petition Date or (b) any other investment or trading activities on any FTX exchange.

against the Debtors and the FTX Recovery Trust, asserting more than $54,619,000,000.[4]

**No Liability Claims**

8.      The FTX Recovery Trust and its advisors are reviewing and reconciling all proofs of claim and any related supporting documentation filed against the Debtors.  The FTX Recovery Trust has determined, based on the Debtors' books and records, that the Debtors and the FTX Recovery Trust do not have any liability with respect to each proof of claim listed on Schedule 1, Schedule 2 and Schedule 3 to Exhibit A (the "No Liability Claims").  Accordingly, the FTX Recovery Trust submits that the No Liability Claims should be disallowed and expunged in their entirety.

9.      The FTX Recovery Trust has determined that the Debtors and the FTX Recovery Trust do not have any liability with respect to the No Liability Claims for three reasons. First, the No Liability Claims listed on Schedule 1 were filed by a claimant with whom there is no evidence or support of any relationship with the Debtors, contractual or otherwise.  According to the Debtors' books and records, the claimants listed on Schedule 1 who filed a Customer Claim did not have a scheduled FTX customer account with a positive balance.  Second, the No Liability Claims on Schedule 2 were filed against the Debtors despite the claimants failing to provide sufficient documentation to evidence a relationship with the Debtors to support a valid claim and failing to respond to the FTX Recovery Trust's requests for supporting documentation.  Finally, the No Liability Claims on Schedule 3 were filed against the Debtors by former employees, directors, or contractors of the Debtors or non-Debtor affiliates, claiming unpaid bonuses or other compensation.  However, based on the Debtors' books and records, these claimants have either

---

[4]      Excludes 519 frivolous customer claims filed in aggregate for more than $1.246 sextillion.

4

been paid in full, released their claims against the Debtors or were owed amounts by non-Debtor entities.

## Jurisdiction and Venue

10. The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1. Pursuant to Local Rule 9013-1(f), the FTX Recovery Trust consents to the entry of a final order or judgment by the Court in connection with this Objection to the extent it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Basis for Relief

11. Section 502(a) of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b).

12. Further, Local Rule 3007-1(c) provides that a debtor may object on a non-substantive basis to a "claim that does not have a basis in the debtor's books and records and does not include or attach sufficient information or documentation to constitute *prima facie* evidence of

the validity and amount of the claim, as contemplated by [Bankruptcy Rule] 3001(f) . . . .”  Local

Rule 3007-1(c)(vi); *see also In re FBI Wind Down, Inc.*, 2015 WL 1181890, at *1 (Bankr. D. Del.

Mar. 3, 2015) (expunging and disallowing insufficient documentation claims).

13.     While a properly filed proof of claim is *prima facie* evidence of the claim’s

allowed amount, when an objecting party presents evidence to rebut a claim’s *prima facie* validity,

the claimant bears the burden of proving the claim’s validity by a preponderance of evidence.  *See*

*In re Allegheny Int’l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) (“Initially, the claimant must allege

facts sufficient to support the claim.  If the averments in his filed claim meet this standard of

sufficiency, it is ‘*prima facie*’ valid.”).  The burden of persuasion with respect to the claim is

always on the claimant, *id.* at 174, and the failure to allege facts and to provide adequate support

for a claim eliminates the claim’s *prima facie* validity.  *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481-

82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with

respect to the allowance of claims).

14.     As set forth in the Sielinski Declaration, based upon a review of the

No Liability Claims on Schedule 1, the Debtors’ books and records, and the claims register, the

FTX Recovery Trust has identified that the No Liability Claims on Schedule 1 were filed by a

claimant with whom there is no evidence of any privity of contract or any other relationship with

the Debtors as of the Petition Date.  For the claimants listed on Schedule 1, based on the Debtors’

books and records, the FTX Recovery Trust has not been able to identify any scheduled FTX

customer account for such claimants with a positive balance.  Accordingly, there is no evidence

supporting the existence or validity of any claim against the Debtors or the FTX Recovery Trust.

15.     Similarly, the No Liability Claims on Schedule 2 likewise fail to establish

any liability against the Debtors or the FTX Recovery Trust.  The No Liability Claims on Schedule

2 are supported by either insufficient supporting documentation, or no supporting documentation at all, to establish the liability asserted in the underlying claims.  The claimants who filed such No Liability Claims have not responded to the FTX Recovery Trust's repeated requests for additional supporting documentation. Without additional supporting documentation, based on the Debtors' books and records, the FTX Recovery Trust submits that there is insufficient evidence to support the existence of any liability against the Debtors or the FTX Recovery Trust with respect to the No Liability Claims on Schedule 2.

16.    Finally, the No Liability Claims on Schedule 3 fail to establish any remaining liability against the Debtors or the FTX Recovery Trust.  The No Liability Claims on Schedule 3, all of which were filed by former employees, directors, or contractors of the Debtors or non-Debtor affiliates, claim unpaid bonuses, fees, options or other compensation.  Upon review of the Debtors' books and records, each of these claimants was either paid all amounts owed through termination or resignation, released their claims or were owed amounts from non-Debtor entities.  As such, there is no liability against the Debtors or the FTX Recovery Trust for the No Liability Claims on Schedule 3.

17.    Accordingly, the FTX Recovery Trust submits that the No Liability Claims should be disallowed and expunged in their entirety from the claims register.

**Responses to This Objection**

18.    To contest the FTX Recovery Trust's determinations of the No Liability Claims included in this Objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than September 10, 2026 at 4:00 p.m. (ET) (the "Response Deadline").  Each Response to this Objection must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon counsel to the FTX Recovery Trust, (a)

Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Kimberly A. Brown (brown@lrclaw.com) and Matthew R. Pierce (pierce@lrclaw.com), so as to be actually received by no later than the Response Deadline.

19.    Each Response to this Objection must, at a minimum, contain the following information:

1.    a caption setting forth the name of the Court, the name of the Debtors, the lead case number, and the title of the Objection to which the Response is directed;

2.    the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

3.    the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

4.    all documentation and other evidence, to the extent it was not included with the proof of claim previously filed, upon which the claimant will rely to support the basis for and amounts asserted in the proof of claim and in opposing this Objection; and

5.    the name, address, telephone number, fax number or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the FTX Recovery Trust should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the No Liability Claim on behalf of the claimant.

20.    If a claimant fails to timely file and serve a Response by the Response Deadline, the FTX Recovery Trust will present to the Court the Order disallowing and expunging in their entirety the No Liability Claims without further notice to the claimant or a hearing.

21.    The FTX Recovery Trust may file and serve a reply to any Response in accordance with the Local Rules.  The FTX Recovery Trust reserves the right to seek an

adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

### **Reservation of Rights**

22.     Nothing in this Objection:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or the FTX Recovery Trust; (b) shall impair, prejudice, waive, or otherwise affect the rights of the FTX Recovery Trust to contest the validity, priority, or amount of any claim against the Debtors or the FTX Recovery Trust; (c) shall impair, prejudice, waive, or otherwise affect the rights of the FTX Recovery Trust with respect to any and all claims or causes of action against any third party; or (d) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the FTX Recovery Trust.  Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the FTX Recovery Trust's rights to subsequently dispute such claim.

23.     The FTX Recovery Trust retains their rights to later object on any basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

### **Separate Contested Matters**

24.     To the extent a Response is filed regarding any claim listed in this Objection and the FTX Recovery Trust is unable to resolve the Response, the objection by the FTX Recovery Trust to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

**Compliance with Local Rule 3007-1**

25.     To the best of the FTX Recovery Trust's knowledge and belief, this Objection and the related exhibits comply with Local Rule 3007-1.  To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

**Notice**

26.     Notice of this Objection has been provided to:  (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) each claimant whose claim is subject to this Objection; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The FTX Recovery Trust submits that, in light of the nature of the relief requested, no other or further notice need be provided.

**No Prior Request**

27.     No prior request for the relief sought herein has been made by the FTX Recovery Trust to this or any other court.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the FTX Recovery Trust respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: August 10, 2026
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*

11