**EXHIBIT B**

**Sielinski Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JEFFREY SIELINSKI IN SUPPORT OF FTX RECOVERY TRUST'S TWO HUNDRED FIRST (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN NO LIABILITY PROOFS OF CLAIM (CUSTOMER AND NON-CUSTOMER CLAIMS)**

I, Jeffrey Sielinski, hereby declare under penalty of perjury:

1.      I am a Managing Director at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operational restructuring.

2.      I have more than 17 years of restructuring experience across various industries, including media, retail, energy, oil and gas, telecommunications and manufacturing.

3.      Since joining A&M, I have been involved in numerous Chapter 11 restructurings, including Blockbuster, Inc., First Energy Solutions, Visteon Corporation, Lear Corporation, LBI Media, Bristow Group Inc., Haggen Foods, Talen Energy, Verso Corp, First Brands Group, LLC and Envision Healthcare Corp.

4.      I submit this declaration (the "Declaration") in support of the *FTX Recovery Trust's Two Hundred First (Substantive) Omnibus Objection to Certain No Liability Proofs of*

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

*Claim (Customer and Non-Customer Claims)* (the "Objection").[2]  I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by the FTX Recovery Trust.[3]

5.    Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by the FTX Recovery Trust's management, the FTX Recovery Trust and other Debtor professionals, including the A&M team, involved in advising the Debtors and the FTX Recovery Trust in the above-captioned cases (the "Chapter 11 Cases").  If called upon to testify, I could and would testify to the facts set forth herein on that basis.  I am authorized to submit this Declaration on behalf of the FTX Recovery Trust.

6.    The No Liability Claims subject to the Objection were carefully reviewed and analyzed in good faith using due diligence by appropriate personnel of the FTX Recovery Trust, A&M, and the Claims Agent.  Indeed, the FTX Recovery Trust and its advisors have spent months reviewing and analyzing proofs of claim and any supporting documentation filed against the FTX Recovery Trust.  These efforts resulted in, among other things, identifying the No Liability Claims set forth in Schedule 1, Schedule 2 and Schedule 3 to Exhibit A of the Objection.

7.    Based on the FTX Recovery Trust's and its advisors' ongoing analysis and review, the FTX Recovery Trust and its advisors have determined that the No Liability Claims are not reflected in the Debtors' books and records. Certain of the No Liability Claims were filed by claimants with whom there is no evidence or support of any privity of contract or any other

---

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

[3]    The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' (as defined below) confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1].

relationship with the Debtors.  The claimants listed on Schedule 1 who filed a Customer Claim did not have a scheduled FTX customer account with a positive balance, and therefore there is no supporting documentation to verify the existence or validity of any claim against the Debtors.  The No Liability Claims listed on Schedule 2 were filed by claimants who have failed to provide the FTX Recovery Trust with sufficient documentation showing a relationship with the Debtors to support a valid claim.  These claimants have also failed to respond to the FTX Recovery Trust's requests for supporting documentation.  Finally, the remainder of the No Liability Claims, listed on Schedule 3, were filed by former employees, directors, or contractors of the Debtors or non-Debtor affiliates, claiming unpaid bonuses or other compensation.  However, based on the Debtors' books and records, these claimants have either been paid in full, released their claims or were owed amounts by non-Debtor entities.  Therefore, I believe that the No Liability Claims should be disallowed and expunged in their entirety.

8.      If the No Liability Claims are not disallowed, the affected claimants may receive an unwarranted recovery from the estate.  Further, I believe the administration of these claims would be more efficient and fair to all parties if the FTX Recovery Trust has the ability to expunge and disallow the No Liability Claims in their entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 10, 2026              /s/ Jeffrey Sielinski
                                    Jeffrey Sielinski
                                    Alvarez & Marsal North America, LLC
                                    Managing Director