## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| FTX TRADING LTD., et al., | ) |
| Debtors. | ) Case No. 22-11068 (JTD) |
|  | ) (Jointly Administered) |
|  | ) |

RECEIVED

2026 AUG 11   A 10: 28

U.S. BANKRUPTCY
DISTRICT OF DELAWARE

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee

Droste Limited
14/F China Hong Kong Tower,
8 Hennessy Road,
Wan Chai, Hong Kong SAR

Tel : +852 91491764
Email : m@droste.hk

Name of Transferor

The Cypherverse Ltd
Trinity Chambers, PO Box 4301
Road Town, Tortola,
British Virgin Islands

| Schedule No. | Creditor Name | % Transferred | Debtor | Case No. |
|---|---|---|---|---|
| 05743180 | The Cypherverse Ltd | 100% | FTX Trading Ltd. | 22-11068 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____
Transferee

Date:_____8 August 2026_____

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

Local Form 138

PRIME CLERK IS NOW KROLL RESTRUCTURING ADMINISTRATION. ALL PRIME CLERK URLS AND EMAIL ADDRESSES ARE AUTOMATICALLY REDIRECTED



# Creditor Information - Schedule # 5743180

### Creditor

Name on File

Address on File

### Debtor Name

FTX Trading Ltd.

### Date Filed

n/a

### Claim Number

n/a

### Schedule Number

5743180

### Confirmation ID

3265-70-PKTEQ-487145802

## Claim Amounts

| Claim Nature | Schedule Amount | C*U*D* | Asserted Claim Amount | C*U*F* | Current Claim Value | Claim Status |
|---|---|---|---|---|---|---|
| General Unsecured | | | | | | |
| Priority | | | | | | |
| Secured | | | | | | |
| 503(b)(9) Admin Priority | | | | | | |
| Admin Priority | | | | | | |
| **Total** | **$0.00** | | | | | |

*C=Contingent, U=Unliquidated, D=Disputed, F=Foreign

## Claim Additional Info

| Type | Name | Group | Original Quantity | Current Quantity |
|---|---|---|---|---|

| Type | Name | Group | Original Quantity | Current Quantity |
|------|------|-------|-------------------|------------------|
| CRYPTO | ETH | ASSERTED | 70.56777019 | 70.56777019 |
| CRYPTO | ETHW | ASSERTED | 0.00065427 | 0.00065427 |
| CRYPTO | SOL | ASSERTED | 0.0000000000785245 | 0.0000000000785245 |
| CRYPTO | USDT | ASSERTED | 0.0000000046513276 | 0.0000000046513276 |
| FIAT | USD | ASSERTED | 37245.73000300528 | 37245.73000300528 |

Kroll Restructuring Administration (formerly known as Prime Clerk) maintains the website for the public's convenience and for general informational purposes only. Anyone using this website is cautioned NOT to rely on any information contained on this Website, and any user of this website should not take or refrain from taking any action based upon anything included or not included on this website. We are not a law firm or a substitute for an attorney or law firm. Users of this website may want to seek legal counsel on the particular facts and circumstances at issue. All search results provided through this website are qualified in their entirety by the official register of claims and the Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements") filed in the bankruptcy case/s of the Debtor/s. Nothing contained on this Site or in the Debtors' Schedules and Statements shall constitute an admission or a waiver of any of the Debtors' rights to assert claims or defenses. Any failure by a Debtor to designate a claim listed on the Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission that such amounts are not "disputed", "contingent", or "unliquidated." For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "non-priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract. Each Debtor reserves the right to amend their Schedules and Statements as necessary or appropriate. Debtors further reserve the right to dispute, on any grounds, or to assert offsets or defenses to, any claim reflected on their Schedules or filed against a Debtor, including objecting to the amount, liability, classification or priority of such claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| In re:<br><br>**FTX TRADING LTD., et al.,**<br>Debtors. | Chapter 11<br>Case No. 22-11068 (JTD)<br>Jointly Administered |
|---|---|

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

PLEASE TAKE NOTICE that The Cypherverse Ltd, as transferor, has transferred and assigned to Droste Limited, as transferee, all of The Cypherverse Ltd's right, title and interest in and to the customer claim described below against FTX Trading Ltd. and its estate in the above-captioned chapter 11 cases.

### 1. Transferor

**The Cypherverse Ltd**
BVI Company Number 2065224
Trinity Chambers
PO Box 4301
Road Town, Tortola
British Virgin Islands

### 2. Transferee

**Droste Limited**
HK Company Number 2167279
14/F China Hong Kong Tower
8 Hennessy Road
Wan Chai
Hong Kong SAR

### 3. Claim Being Transferred

The claim being transferred is the accepted scheduled customer claim of The Cypherverse Ltd against **FTX Trading Ltd.**, including all right, title and interest in and to any distribution, payment, dividend, recovery, proceeds, or other amount payable or deliverable in respect of such claim.

The transfer described in this Notice was authorized before the transferor entered liquidation, as evidenced by the written resolutions attached to the Evidence of Transfer. This Notice is filed to identify the transferred claim by the applicable FTX claim identifiers and to request that the official claims register be updated accordingly.

| FTX Debtor | FTX Trading Ltd. |
|---|---|
| **Scheduled ID** | 221106805743180 |
| **Confirmation ID** | 3265-70-GKFIW-030329042 |
| **FTX Account ID** | 29895253 |
| **FTX Email** | info@voxodeus.io |

| Claim Amount | Unliquidated |
|---|---|
| Scheduled Amounts | Detailed in Schedule F. |

## 4. Entire Transfer

The previously authorized transfer was an entire transfer of the claim. The transferor transferred one hundred percent (100%) of its right, title and interest in and to the claim to the transferee. No portion of the claim was retained by the transferor.

## 5. Evidence of Transfer

The transferor and transferee are filing evidence of transfer together with this Notice of Transfer. The evidence of transfer includes a confirmatory assignment agreement between the transferor and transferee and supporting corporate approvals authorizing the transfer before the transferor entered liquidation.

## 6. Request to Update Claims Register

The transferor and transferee respectfully request that the official claims register maintained in these chapter 11 cases be updated to reflect Droste Limited as the holder of the claim identified above.

## 7. Transferor Consent

The transferor confirms its consent to the previously authorized transfer described in this Notice of Transfer and confirms that it has no objection to the claim being reflected as transferred to Droste Limited.

## 8. Transferee Acceptance

The transferee confirms its acceptance of the previously authorized transfer described in this Notice of Transfer and requests that all notices, distributions, payments, recoveries, and other communications relating to the claim be directed to Droste Limited at the address listed above, or to such other address as Droste Limited may later designate.

Dated: 8 June 2026

**Signature Page - Transferor**

**THE CYPHERVERSE LTD**

By: _____

Name: Sotiris Tsouris

Title: Director

Date: _8 JULY 2026_

By: _____

Name: Zhen Sherin Siew

Title: Director

Date: _____

By: _____

Name: Maarten Jeroen van de Ven

Title: Director

Date: _____

**Signature Page - Transferor**
**THE CYPHERVERSE LTD**

By: _____
Name: Sotiris Tsouris
Title: Director
Date: _____

By: _____
Name: Zhen Sherin Siew
Title: Director
Date: ___8 July 2026___

By: _____
Name: Maarten Jeroen van de Ven
Title: Director
Date: _____

**Signature Page - Transferor**

**THE CYPHERVERSE LTD**


By: _____
Name: Sotiris Tsouris
Title: Director
Date: _____


By: _____
Name: Zhen Sherin Siew
Title: Director
Date: _____


By: _____
Name: Maarten Jeroen van de Ven
Title: Director
Date: _____8 July 2026_____

**Signature Page - Transferee**
**DROSTE LIMITED**

By: _____
Name: Maarten Jeroen van de Ven
Title: Director
Date: _____8 July 2026_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**FTX TRADING LTD., et al.,**<br>Debtors. | Chapter 11<br>Case No. 22-11068 (JTD)<br>Jointly Administered |

## EVIDENCE OF TRANSFER

## CONFIRMATORY ASSIGNMENT AND TRANSFER OF CLAIM

This Confirmatory Assignment and Transfer of Claim is made as of **8 June 2026** by and between:

1. **The Cypherverse Ltd**, a BVI business company with BVI Company Number 2065224 and registered office at Trinity Chambers, PO Box 4301, Road Town, Tortola, British Virgin Islands, as transferor; and

2. **Droste Limited**, a company incorporated in the Hong Kong Special Administrative Region with HK Company Number 2167279 and registered office at 14/F China Hong Kong Tower, 8 Hennessy Road, Wan Chai, Hong Kong SAR, as transferee.

The transferor and transferee are each a "Party" and together the "Parties."

## 1. Background

1.1 FTX Trading Ltd. is a debtor in chapter 11 proceedings pending before the United States Bankruptcy Court for the District of Delaware under Case No. 22-11068 (JTD), jointly administered with the chapter 11 cases of certain affiliated debtors.

1.2 The transferor holds an accepted scheduled customer claim against FTX Trading Ltd. identified as follows:

| | |
|---|---|
| **FTX Debtor** | FTX Trading Ltd. |
| **Scheduled ID** | 221106805743180 |
| **Confirmation ID** | 3265-70-GKFIW-030329042 |
| **FTX Account ID** | 29895253 |
| **FTX Email** | info@voxodeus.io |
| **Claim Amount** | Unliquidated |
| **Scheduled Amounts** | Detailed in Schedule F. |

1.3 The transfer of the claim was authorized by the transferor's directors and members before the transferor entered liquidation, as evidenced by the resolutions attached as Exhibits A and B.

1.4 The Parties acknowledge that the specific FTX claim identifiers referenced in this Evidence of Transfer became available only after the transferor entered liquidation. This Evidence of Transfer is executed to confirm, identify, and evidence the previously authorized transfer for purposes of the FTX claims register and related

transfer-processing requirements.

## 2. Confirmation of Transfer and Assignment

2.1 In accordance with the pre-liquidation approvals attached as Exhibits A and B, the transferor confirms the transfer, assignment, conveyance, and setting over to the transferee of all of the transferor's right, title and interest in and to the claim.

2.2 The previously authorized transfer included, without limitation, all rights to receive any distribution, payment, dividend, recovery, proceeds, securities, cryptocurrency, property, or other consideration payable, deliverable, or otherwise arising in respect of the claim.

2.3 The previously authorized transfer was an entire transfer of the claim. The transferor confirms that one hundred percent (100%) of its right, title and interest in and to the claim was transferred to the transferee.

2.4 The transfer was not a transfer for security.

## 3. Confirmations

The Parties confirm that:

3.1 before the transfer, the transferor held the claim identified in this agreement;

3.2 the transfer of the claim was duly authorized before the transferor entered liquidation;

3.3 this agreement is executed to confirm, identify, and evidence the previously authorized transfer for FTX claims register purposes;

3.4 other than the transfer to the transferee confirmed by this agreement, the transferor had not previously transferred, assigned, sold, pledged, encumbered, withdrawn, released, or satisfied the claim; and

3.5 the Parties intend this agreement to support any filing, notice, request, or other action required to reflect the transfer on the official claims register.

## 4. Transferee Confirmation

The transferee confirms that it accepted the transfer and assignment of the claim and that it is the intended holder of the claim and the party entitled to receive all distributions, payments, recoveries, notices, and other benefits relating to the claim.

## 5. Filing and Claims Register

The Parties request the filing of a notice of transfer and this Evidence of Transfer on the docket of the chapter 11 cases and request that the official claims register be updated to reflect Droste Limited as the holder of the claim.

## 6. Further Assurances

Each Party will reasonably cooperate in connection with such further documents or actions as may be necessary or desirable to confirm, identify, evidence, or record the previously authorized transfer.

## 7. Counterparts

This agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

## 8. Governing Law

This agreement and the matters confirmed by it shall be governed by and construed in accordance with applicable law, including the law applicable in the above-captioned chapter 11 cases to the transfer of claims.

**Signature Page - Transferor**

**THE CYPHERVERSE LTD**

By: _____
Name: Sotiris Tsouris
Title: Director
Date: _____8 JULY 2026_____

By: _____
Name: Zhen Sherin Siew
Title: Director
Date: _____

By: _____
Name: Maarten Jeroen van de Ven
Title: Director
Date: _____

**Signature Page - Transferor**
**THE CYPHERVERSE LTD**

By: _____
Name: Sotiris Tsouris
Title: Director
Date: _____

By: _____
Name: Zhen Sherin Siew
Title: Director
Date: ___8 July 2026___

By: _____
Name: Maarten Jeroen van de Ven
Title: Director
Date: _____

**Signature Page - Transferor**

**THE CYPHERVERSE LTD**


By: _____
Name: Sotiris Tsouris
Title: Director
Date: _____


By: _____
Name: Zhen Sherin Siew
Title: Director
Date: _____


By: _____
Name: Maarten Jeroen van de Ven
Title: Director
Date: _8 July 2026_____

**Signature Page - Transferee**
**DROSTE LIMITED**

By: _____

Name: Maarten Jeroen van de Ven
Title: Director
Date: _____8 July 2026_____

# EXHIBIT A

Written Resolutions of the Directors of The Cypherverse Ltd dated 18 January 2023

## THE CYPHERVERSE LTD
(the "Company")

### a BVI Business Company
with BVI Company Number 2065224

---

**Written resolutions of the Directors of the Company adopted in accordance
with the Memorandum and Articles of Association of the Company
and dated 18 January 2023**

---

**1.    DIRECTOR INTERESTS**

1.1.    **IT IS NOTED** that each of the Directors has disclosed and hereby discloses any interest in the subject matter of these resolutions as a director(s) and/or officer(s) and/or member(s) and/or employee(s) of the Company (and/or its affiliates and/or subsidiaries), including that each Director is a shareholder of the Company, and this disclosure shall be treated as a general notice of such interest(s).

**2.    BACKGROUND - TRANSFER OF CLAIM**

2.1.    **IT IS NOTED** that it is proposed that the Company will be placed into voluntary liquidation (the "Liquidation").

2.2.    **IT IS NOTED** that the Company holds a claim (the "**Claim**") against FTX Trading Ltd., a company that has filed for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Proceedings**"), and that the Company is or may become entitled to a distribution or other payment in respect of such Claim (the "**Payout**").

2.3.    **IT IS NOTED** that, in advance of the Liquidation, it is proposed that the Claim (including all right, title and interest of the Company in and to the Claim and any Payout thereunder) shall be transferred, assigned and conveyed to Droste Limited (the "**Assignee**"), a company incorporated in the Hong Kong Special Administrative Region (HK Company Number 2167279) with its registered office at 14/F China Hong Kong Tower, 8 Hennessy Road, Wan Chai, Hong Kong SAR (the "**Transfer**").

2.4.    **IT IS NOTED** that the Company's members (the "**Members**" and each, a "**Member**") are Sotiris Tsouris, Zhen Sherin Siew, Benjamin Richard Hall, and Maarten Jeroen van de Ven, being the registered and beneficial shareholders of the Company holding 100% of the issued share capital of the Company, respectively (collectively, the "**Shareholders**").

15062372.1.T5477.L13407

2.5.    **IT IS NOTED** that the Transfer constitutes a disposition of substantially all of the Company's assets, and as such requires the approval of the Members in accordance with Section 175 of the BVI Business Companies Act, 2004 (as amended) (the "**BVI Companies Act**") and the Memorandum and Articles of Association of the Company (the "**Articles**").

2.6.    **IT IS NOTED** that it is proposed to obtain the approval of the Members to the Transfer by resolution of members (the "**Shareholder Approval**").

3.      **DIRECTORS' DETERMINATION**

**IT IS NOTED** that the Directors have reviewed the terms of the proposed Transfer and have determined, in their sole discretion, that:

- the Transfer is in the best interests of the Company (including its long-term commercial benefit and commercial interests) and would not unfairly prejudice the Members;
- the Assignee is a suitable and capable transferee of the Claim, and the Transfer represents fair value for the Claim;
- the Company has no significant material assets, liabilities or operations, and the Transfer will not prejudice any creditor of the Company; and
- it is in the best interests of the Company and its Members to effect the Transfer prior to the Liquidation in order to ensure the orderly and efficient realisation of the Claim.

## 4. RESOLUTIONS APPROVING PROPOSED TRANSFER

**IT IS RESOLVED** that:

- the Transfer of the Claim (including all right, title and interest of the Company in and to the Claim and any Payout thereunder) to the Assignee be and is hereby approved as being in the best interests of the Company;
- any Director be, and is hereby, authorised (i) to submit and give to each Member a copy of these resolutions, for the purposes of (among other things) providing such Member(s) with an outline and details of the Transfer, and (ii) to otherwise do and perform (or cause to be done and performed), in the name and on behalf of the Company, all such acts as any such Director may deem necessary, desirable or appropriate in order to obtain the Shareholder Approval, and

**SUBJECT TO** the Shareholder Approval being obtained:

- the Transfer be and is hereby approved and the Company effect the Transfer;
- the Company take all necessary steps and perform all necessary acts to effect the Transfer, including without limitation executing and delivering an assignment of claim and any other documents required to transfer the Claim to the Assignee;
- the Company make any filings, notifications, or submissions required or permitted under the Bankruptcy Proceedings or applicable law in connection with the Transfer;

- the Company provide any consents, waivers, or releases as may be required in connection with the Transfer;
- the Company do give, make, sign, execute and deliver all such electronic transaction authorisations and all such notes, deeds, agreements, letters, notices, certificates, acknowledgments, instructions, fee letters and other documents (whether of a like nature or not) ("**Ancillary Documents**") as may in the sole opinion and absolute discretion of any Director of the Company or any duly authorised signatory of the Company (each an "**Authorised Signatory**") be considered necessary or desirable for the purpose of compliance with any condition precedent or the coming into effect of or otherwise giving effect to, consummating or completing or procuring the performance and completion of the Transfer and the Company do all other such acts and things as might in the sole opinion and absolute discretion of any Director of the Company or Authorised Signatory be necessary or desirable for the purposes aforesaid;
- the Ancillary Documents be in such form as any Director of the Company or Authorised Signatory should in their absolute discretion and sole opinion approve - the signature of any Director of the Company or Authorised Signatory on any of the Ancillary Documents being due evidence for all purposes of their approval of the terms thereof on behalf of the Company;
- any Director of the Company or Authorised Signatory be, and is hereby, severally authorised to give, make, sign, execute and deliver on behalf of the Company any Ancillary Documents;
- the Ancillary Documents (a) where executed by the Company as an agreement or under hand be executed by the signature thereof of any Director of the Company or Authorised Signatory and (b) where executed as a deed or an instrument under seal: (i) any Director of the Company or Authorised Signatory be and is severally authorised to affix the common seal of the Company (or any one of them) pursuant to the memorandum and articles of association of the Company; or (ii) provided the Ancillary Document is expressed to be, or is expressed to be executed as, or otherwise makes clear on its face that it is intended to be, a deed, be executed by the signature thereof of any Director of the Company or Authorised Signatory and in each case, to deliver the same, for and on behalf of the Company;
- any action by any Director of the Company or Authorised Signatory in connection with the transactions or any other matter approved or contemplated by these resolutions (including, without limitation, the execution of any Ancillary Documents prior to the date of these resolutions) be, and is hereby, ratified, confirmed, authorised and approved in all respects on behalf of the Company; and
- any Director of the Company be, and is hereby, severally authorised to take such actions and do such things as such Director shall deem necessary, appropriate or otherwise desirable to further the effecting of the Transfer by the Company as noted above.

## 5. DIRECTOR AUTHORITY AND ACTIONS

**IT IS RESOLVED** that any Director (acting jointly or severally) be, and is hereby, authorised to do all acts and sign all documents, under seal or otherwise, as may be considered necessary or desirable by such a Director to give full force and effect to the matters contemplated by the foregoing resolutions.

15062372.1.T5477.L13407

## 6. GENERAL AUTHORISATION

**IT IS RESOLVED** that, in connection with the actions contemplated by the foregoing resolutions, any Director be authorised, in the name and on behalf of the Company, to do such further acts and things as such Director shall deem necessary or appropriate in connection with, or to carry out the actions contemplated by, the foregoing resolutions, including to do and perform (or cause to be done and performed), in the name and on behalf of the Company, all such acts and to make, execute, deliver, issue or file (or cause to be made, executed, delivered, issued or filed) with any person, including any governmental authority or agency, all such agreements, documents, instruments, certificates, consents and waivers, and all amendments to any such agreements, documents, instruments, certificates, consents or waivers, and to pay, or cause to be paid, all such payments, as any of them may deem necessary or advisable to carry out the intent of the foregoing resolutions, the authority for the taking of any such action and the execution and delivery of such of the foregoing to be conclusively evidenced thereby.

## 7. RATIFICATION OF PRIOR ACTIONS

**IT IS RESOLVED** that any and all actions of the Company, or of any Director, taken in connection with the actions contemplated by the foregoing resolutions prior to the execution hereof be ratified, confirmed, approved and adopted in all respects as fully as if such action(s) had been presented to for approval, and approved by, all of the Directors prior to such action being taken.

## 8. COUNTERPARTS

**IT IS RESOLVED** that these resolutions may consist of several documents in like form each signed by one or more Directors, and if so signed shall take effect on the latest date on any counterpart.

Signature Page(s) Follow

15062372.1.T5477.L13407

Signature Page(s)

Signed by all of the Directors of the Company

_____
Sotiris Tsouris
Director
Date: ___18 JANUARY 2023___

_____
Zhen Sherin Siew
Director
Date: _____

_____
Maarten Jeroen van de Ven
Director
Date: _____

15062372.1.T5477.L13407

## Signature Page(s)

### Signed by all of the Directors of the Company

_____
**Sotiris Tsouris**
Director
Date: _____

_____
**Zhen Sherin Siew**
Director
Date: _18 January 2023_

_____
**Maarten Jeroen van de Ven**
Director
Date: _____

15062372.1.T5477.L13407

**Signature Page(s)**

**Signed by <u>all</u> of the Directors of the Company**

<table>
<tr>
<td>_____<br>**Sotiris Tsouris**<br>Director<br>Date: _____</td>
<td>_____<br>**Zhen Sherin Siew**<br>Director<br>Date: _____</td>
</tr>
</table>

_____
**Maarten Jeroen van de Ven**
Director
Date: 18 JANUARY 2023

# EXHIBIT B

Written Resolutions of the Members of The Cypherverse Ltd dated 18 January 2023

### THE CYPHERVERSE LTD
(the "**Company**")

a BVI Business Company
with BVI Company Number 2065224

---

**Written resolutions of the Members of the Company adopted in accordance
with the Memorandum and Articles of Association of the Company
and dated 18 January 2023**

---

We, the undersigned, being all of the members of the Company (each a "**Member**" and together, the "**Members**") having the right to receive notice of, attend and vote at general meetings hereby resolve the following Members' resolutions.

**PROPOSED TRANSFER OF CLAIM**

**IT IS NOTED** that it is proposed that the Company will be placed into voluntary liquidation.

**IT IS NOTED** that the Company holds a claim (the "**Claim**") against FTX Trading Ltd., a company that has filed for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Proceedings**"), and that the Company is or may become entitled to a distribution or other payment in respect of such Claim (the "**Payout**").

**IT IS NOTED** that on or about the date hereof the directors of the Company (together, the "**Directors**" and each, a "**Director**") passed a set of written board resolutions (the "**Director Resolutions**"), a copy of which Director Resolutions is annexed hereto, approving the Company's entry into and performance of an assignment and transfer of the Claim (as that expression is defined in the Director Resolutions, and herein called the "**Transfer**").

**IT IS NOTED** that given the circumstances of the Transfer (including that the Transfer would result in a disposition by the Company of all or substantially all of the Company's right, title and interest in and to the Claim and any Payout thereunder), the Directors have requested the authorisation and approval of the Members of the Company, by an appropriate resolution of the Members and on a fully-informed basis, to the Company entering into the Transfer and performing its obligations thereunder.

**IT IS NOTED** that a copy of the Director Resolutions has been submitted and given to the Members for the purposes of (among other things) providing the Members with an outline and details of the Transfer.

**DEFINITIONS**

**IT IS NOTED** that for the purposes of these resolutions:

15062373.1.T5477.L13407

"**Assignor**" means The Cypherverse Ltd, a company incorporated in the British Virgin Islands (BVI Company Number 2065224) with its registered office at Trinity Chambers, PO Box 4301, Road Town, Tortola, BVI, currently proposed to be placed into voluntary liquidation;

"**Assignee**" means Droste Limited, a company incorporated in the Hong Kong Special Administrative Region (HK Company Number 2167279) with its registered office at 14/F China Hong Kong Tower, 8 Hennessy Road, Wan Chai, Hong Kong SAR;

"**Shareholders**" means Sotiris Tsouris, Zhen Sherin Siew, Benjamin Richard Hall, and Maarten Jeroen van de Ven, being the registered and beneficial shareholders of Assignor holding 100% of the issued share capital of Assignor, respectively;

"**Claim**" means all right, title and interest of the Company in and to any claim, cause of action, debt, demand, or chose in action, however arising, that the Company has or may have against FTX Trading Ltd. or its estate in the Bankruptcy Proceedings, including any right to receive a Payout thereunder;

"**Payout**" means any distribution, payment, dividend, or other amount that may become payable to the Company in respect of the Claim, whether in cash, securities, cryptocurrency, or any other form of property or consideration;

"**Transfer Documents**" means the assignment agreement and any other documents required to effect the Transfer, including any filings, notifications, or consents required in connection with the Bankruptcy Proceedings.

## DIRECTOR INTERESTS

**IT IS NOTED** that:

- each of the Directors has disclosed an interest in the Transfer, as set out in the Director Resolutions; and
- by signing these resolutions each Member hereby confirms and approves the same, that the material facts of each relevant Director's interest(s) in the agreements and transactions to be entered into by the Company under and arising from the Transfer, and each relevant Director's interest(s) in or relationship(s) to any other party to such agreements and transactions, are known to that Member.

## EXAMINATION OF INSTRUMENTS

**IT IS NOTED** that, at the request of the Directors, each Member has carefully examined the Director Resolutions and has had an opportunity to discuss the same with the Directors and raise questions and comments in relation thereto.

15062373.1.T5477.L13407

**RESOLUTIONS APPROVING PROPOSED TRANSFER**

**IT IS RESOLVED** that:

- the entry into and performance by the Company of its obligations under the Transfer would be in the Company's best interests (including its long-term commercial benefit and commercial interests) and would not unfairly prejudice the Members;
- the Transfer of the Claim (including all right, title and interest of the Company in and to the Claim and any Payout thereunder) to the Assignee, Droste Limited, be, and is hereby, consented to, ratified, confirmed, authorised, approved and adopted in all respects and for all purposes, including without limitation for the purposes of section 175 of the BVI Business Companies Act, 2004 (as amended);
- the Company be, and is hereby, authorised to enter into and perform the Transfer Documents and to take all steps necessary or desirable to effect the Transfer, including without limitation:

  - executing and delivering an assignment of claim and any other Transfer Documents;
  - making any filings, notifications, or submissions required or permitted under the Bankruptcy Proceedings or applicable law;
  - providing any consents, waivers, or releases as may be required in connection with the Transfer;
  - taking any other action necessary or desirable to give effect to the Transfer and to ensure that the Assignee receives the full benefit of the Claim and any Payout thereunder;

- the Transfer be, and is hereby, approved as a transfer of all or substantially all of the Company's assets for the purposes of the BVI Business Companies Act, 2004 (as amended) and the Memorandum and Articles of Association of the Company;
- the entry into and performance of any notes, deeds, agreements, letters, notices, certificates, acknowledgments, instructions, fee letters and other documents (whether of a like nature or not) (**"Ancillary Documents"**) as may in the sole opinion and absolute discretion of any Director of the Company be considered necessary or desirable for the purpose of compliance with any condition precedent or the coming into effect of or otherwise giving effect to, consummating or completing or procuring the performance and completion of all or any of the transactions contemplated by or referred to in all or any of the Ancillary Documents and the Transfer be, and are hereby, consented to, ratified, confirmed, authorised, approved and adopted in all respects and the Company be and is hereby authorised to perform its obligations thereunder; and
- the Director Resolutions be, and are hereby, consented to, ratified, confirmed, authorised, approved and adopted in all respects by the Members as resolutions of the Company;

15062373.1.T5477.L13407

## GENERAL AUTHORISATION

**IT IS RESOLVED** that in connection with or to carry out the actions contemplated by the foregoing resolutions, each of the Directors, officers or (if applicable) any duly authorised signatory of the Company (any such person being an **"Authorised Signatory"**) be, and such other persons as are authorised by any of them be, and each hereby is, authorised, in the name and on behalf of the Company, to do such further acts and things as any Director or officer or such duly authorised other person shall deem necessary or appropriate, including to do and perform (or cause to be done and performed), in the name and on behalf of the Company, all such acts and to sign, make, execute, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any governmental authority or agency, all such agreements, documents, instruments, certificates, consents or waivers and to pay, or cause to be paid, all such payments, as any of them may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby.

## RATIFICATION OF PRIOR ACTIONS

**IT IS RESOLVED** that any and all actions of the Company, or of any Director or officer or any Authorised Signatory, taken in connection with the actions contemplated by the foregoing resolutions prior to the execution hereof be and hereby are ratified, confirmed, approved and adopted in all respects as fully as if each such action(s) had been presented to for approval and approved by, all the Members prior to such action being taken.

## COUNTERPARTS

**IT IS RESOLVED** that these resolutions may consist of several documents in like form each signed by one or more Members, and if so signed shall take effect on the latest date on any counterpart.

Signature Page(s) Follow

15062373.1.T5477.L13407

Signature Page(s)

Signed by all of the Members of the Company

_____
Sotiris Tsouris
Member

Date: 18 JANUARY 2023

_____
Zhen Sherin Siew
Member

Date: _____

_____
Maarten Jeroen van de Ven
Member

Date: _____

_____
Benjamin Richard Hall
Member

Date: _____

15062373.1.T5477.L13407

**Signature Page(s)**

**Signed by all of the Members of the Company**

| | |
|---|---|
| | |
| _____ | _____ |
| **Sotiris Tsouris** | **Zhen Sherin Siew** |
| Member | Member |
| Date: _____ | Date: _18 January 2023_ |
| | |
| | |
| _____ | _____ |
| **Maarten Jeroen van de Ven** | **Benjamin Richard Hall** |
| Member | Member |
| Date: _____ | Date: _18 JANUARY 2013_ |

15062373.1.T5477.L13407

**Signature Page(s)**

**Signed by all of the Members of the Company**

_____
**Sotiris Tsouris**
Member

Date: _____

_____
**Zhen Sherin Siew**
Member

Date: _____

_____
**Maarten Jeroen van de Ven**
Member

Date: __18 JANUARY 2023__

_____
**Benjamin Richard Hall**
Member

Date: _____

15062373.1.T5477.L13407