80214-13

**Quoine Customers**

If your Class 7A Dotcom Convenience Claim is with respect to a Claim of creditors or customers of Quoine, please review **Item 2** in detail. As set forth in **Item 2**, if your Class 7A Dotcom Convenience Claim is with respect to a Claim of creditors or customers of Quoine, your vote to accept or reject the Plan will not be counted, and any elections made on this Ballot shall be deemed null and void, in the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date.

2. This Ballot contains voting options with respect to the Plan.

3. To vote, you MUST: (a) fully complete the Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in **Item 7** of the Ballot; (c) sign, date, and return the Ballot via the Solicitation Agent's online voting portal or by mail as described below and (d) submit the Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

   To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

   IMPORTANT NOTE: To retrieve and submit your customized electronic Ballot, you will need your Unique E-Ballot ID# as provided at page 5, above.

   To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

   FTX Trading Ltd. Ballot Processing Center
   c/o Kroll Restructuring Administration LLC
   850 Third Avenue, Suite 412
   Brooklyn, NY 11232

   The Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

   To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

   Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal, you SHOULD NOT submit the paper original of your Ballot.

4. You may still vote to opt out of the Third-Party Release in the event you vote to accept the Plan in **Item 7** of this Ballot.

80214-13

5. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

6. Any Ballot submitted that is incomplete, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned via the Solicitation Agent's online voting platform will ***not*** be counted unless the Debtors otherwise determine to accept such Ballot.

7. To vote, you **MUST** submit your completed Ballot via the online voting portal or by mail so that it is **ACTUALLY RECEIVED** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is **August 16, 2024, at 4:00 p.m.**, prevailing Eastern Time.

8. Any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted with respect to whether you made the Bahamas Opt-In Election or acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the Ballot. In all cases, you should allow sufficient time to assure timely completion and submission of the Ballot via the online voting platform or via mail.

10. If you deliver multiple Ballots for your Class 7A Dotcom Convenience Claim as set forth in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, to the Solicitation Agent, **only** the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s) for such Class 7A Dotcom Convenience Claim.

11. You must make a Bahamas Opt-In Election for all of your Class 7A Dotcom Convenience Claim as set forth in **Item 3**, and may not split your election.

12. You must vote all of your Class 7A Dotcom Convenience Claim as set forth in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, either to accept or reject the Plan and may not split your vote.

13. The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest or a proof of debt, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases or the FTX DM Liquidation Proceeding.

14. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

80214-13

15. ***You must SIGN AND DATE*** your Ballot.[1] A Ballot properly submitted via the Solicitation Agent's online voting portal shall be deemed to contain an original signature of the Holder submitting such Ballot. Please provide your name and mailing address in the space provided on this Ballot.

16. Except with respect to your Class 7A Dotcom Customer Convenience Claim as set forth in **Item 3**, if you have other Claims or Interests, you may receive more than one ballot coded for each such Claim or Interest. Each ballot votes only your Claim indicated on that ballot. Accordingly, complete and return each ballot you receive. To the extent that you receive multiple Ballots on account of different Claims, you are not required to vote to accept or reject the Plan in the same manner or make the same elections in such Ballots.

PLEASE RETURN YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: (888) 482-0049 (U.S./CANADA, TOLL-FREE) OR +1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

[1] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

| | |
|---|---|
| Eballot Confirmation: | 3265-2-EXIFP-242934328 |
| EBallot Electronically Submitted on (UTC) : | 2024-07-16T09:06:17.037Z |
| Submitted by: | iduinosantoni@gmail.com<br>iduino santoni |

80214-22

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | : | Case No. 22-11068 (JTD) |
| Debtors. | : | (Jointly Administered) |

**NOTICE OF (A) NON-VOTING STATUS TO HOLDERS OF IMPAIRED CLASSES DEEMED TO REJECT THE PLAN AND (B) ELECTION TO OPT-IN TO THIRD PARTY RELEASES**

**PLEASE TAKE NOTICE** that on June 26, 2024 the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. 19068] (the "Solicitation Procedures Order"). Among other things, the Solicitation Procedures Order approved the adequacy of the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement"), voting and solicitation procedures and established the timeline to confirm the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Plan").[2]

**UNDER THE TERMS OF THE PLAN, CLASS 13 SECTION 510(B) PREFERRED EQUITY CLAIMS, CLASS 14 SECTION 510(B) OTHER EQUITY CLAIMS, CLASS 15 EQUITABLY SUBORDINATED CLAIMS, CLASS 16 OTHER EQUITY INTERESTS, CLASS 17 FTT CLAIMS AND INTERESTS AND CLASS 18 *DE MINIMIS* CLAIMS WILL NOT RECEIVE ANY DISTRIBUTIONS. THEREFORE, IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, YOUR CLAIMS AND**

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan or the Disclosure Statement, as applicable.

80214-22

**INTERESTS IN THESE CLASSES ARE CONSIDERED IMPAIRED AND YOU WILL NOT RECEIVE ANY DISTRIBUTIONS UNDER THE PLAN. IN ACCORDANCE WITH SECTION 1126(g) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY PRESUMED TO HAVE REJECTED THE PLAN AND ARE NOT ENTITLED TO VOTE ON THE PLAN. YOU ARE BEING SENT THIS NOTICE FOR INFORMATIONAL PURPOSES AND TO ALLOW YOU TO OPT IN TO THE THIRD PARTY RELEASE (DEFINED BELOW) AS EXPLAINED HEREIN AND IN THE ATTACHED ELECTION FORM.**

**SPECIFICALLY, YOU MAY OPT IN TO THE VOLUNTARY RELEASE CONTAINED IN SECTION 10.5 OF THE PLAN (THE "THIRD-PARTY RELEASE"). ATTACHED AS ANNEX A TO THIS NOTICE IS AN ELECTION FORM TO OPT IN TO THE THIRD-PARTY RELEASE. YOU MUST CHECK THE "OPT-IN" BOX ON THE ELECTION FORM AND RETURN THE FORM IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH IN THE FORM IN ORDER TO OPT IN TO THE THIRD-PARTY RELEASE.**

**HOLDERS OF CLASS 18 *DE MINIMIS* CLAIMS MAY BE ELIGIBLE TO HAVE THEIR CLAIMS ADMINISTERED, RECONCILED, VALUED, SETTLED, ADJUDICATED, RESOLVED AND SATISFIED IN FTX DIGITAL MARKETS LTD.'S LIQUIDATION PROCEEDING IN THE BAHAMAS AND MAY FILE A PROOF OF DEBT ON OR BEFORE THE VOTING DEADLINE OF AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME, VIA THE FTX DM PORTAL AT** https://digitalmarketsclaim.pwc.com **OR BY SCANNING THIS QR CODE:**

If you hold a separate, additional Claim or Interest for which you are entitled to vote, then you will also receive a Ballot and other solicitation materials under separate cover.

**Relevant Deadlines**

The hearing at which the Court will consider the Confirmation of the Plan (the "Confirmation Hearing") will commence on **October 7, 2024 at 10:00 a.m. prevailing Eastern Time**, or such other time as the Court determines. The Confirmation Hearing will take place before the Honorable John T. Dorsey, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment

80214-22

being announced in open court or by a notice of adjournment filed with the Court and served on such parties as the Court may order. Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and other applicable law, prior to, during or as a result of the Confirmation Hearing, without further notice to parties in interest.

Any objection to the confirmation of the Plan must: (1) be in writing; (2) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (3) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors; (4) state the basis and the specific grounds therefor; and (5) be filed with the Court, together with proof of service thereof, and served upon and received by each of the following parties (collectively, the "Notice Parties") no later than **August 16, at 4:00 p.m. prevailing Eastern Time (the "Confirmation Objection Deadline"). UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

**Notice Parties**

(a) Counsel to the Debtors: (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (dietdericha@sullcrom.com), Brian D. Glueckstein (gluecksteinb@sullcrom.com) and Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com);

(b) The Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, Esq. (linda.richenderfer@usdoj.gov);

(c) Counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (krishansen@paulhastings.com) and Ken Pasquale (kenpasquale@paulhastings.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn (mlunn@ycst.com) and Robert F. Poppiti, Jr. (rpoppiti@ycst.com);

(d) Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com: (i) Eversheds Sutherland (US) LLP, 227 West Monroe Street, Suite 6000, Chicago, Illinois 60606, Attn: Erin E. Broderick (erinbroderick@eversheds-sutherland.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Matthew B. Harvey (mharvey@morrisnichols.com);

80214-22

(e) Counsel to the Joint Official Liquidators and Foreign Representatives of FTX Digital Markets Ltd.: (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brett Bakemeyer (brett.bakemeyer@whitecase.com) and Brian D. Pfeiffer (brain.pfeiffer@whitecase.com) and (ii) Richard, Layton, and Finger P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Brendan Schlauch (schlauch@rlf.com) and Paul N. Heath (heath@rlf.com); and

(f) To the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

The Debtors may file supplements to the Plan (the "Plan Supplement") with the Court no later than **August 9, 2024**.

**Obtaining Copies of Relevant Documents**

Copies of the Plan, the Plan Supplement, the Disclosure Statement and the Solicitation Procedures Order, as well as other documents filed in these Chapter 11 Cases, may be obtained (i) for a nominal fee from the Court's electronic docket for the Debtors' Chapter 11 Cases at https://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or (ii) free of charge by accessing the website of Kroll Restructuring Administration LLC (the "Solicitation Agent"), https://restructuring.ra.kroll.com/FTX. In addition, the Debtors will, at their expense, provide paper copies of the Plan, the Plan Supplement, the Disclosure Statement or the Solicitation Procedures Order to any party submitting a request for such paper copies by (a) calling the Solicitation Agent at (888) 482-0049 (toll-free) or +1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, materials filed in these Chapter 11 Cases, but may not advise you on matters relating to the Disclosure Statement or the Plan.

80214-22

Dated: June 27, 2024
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Matthew R. Pierce
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
mcguire@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

80214-22

# ANNEX A

**Election Form**

80214-22

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | : | Case No. 22-11068 (JTD) |
| Debtors. | : | (Jointly Administered) |

## ELECTION FORM FOR HOLDERS OF IMPAIRED INTERESTS AND CLAIMS

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS ELECTION FORM BEFORE COMPLETING THIS ELECTION FORM**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") are soliciting elections with respect to the release contained in Section 10.5 of the proposed *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Plan") as described in the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement").

**Please be advised, if you are a Holder of Class 18 *De Minimis* Claims, you may be eligible to have your claim(s) administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s liquidation proceeding in The Bahamas. To proceed accordingly, you must file a proof of debt in the FTX DM Liquidation Proceeding on or before the Voting Deadline of August 16, 2024, at 4:00 p.m., prevailing Eastern Time, via the FTX DM Portal at https://digitalmarketsclaim.pwc.com or by scanning this QR Code and following all instructions therein:**

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

80214-22

You are receiving this Election Form because, despite your non-voting status on the Plan, any Holder of a Claim or Interest in **CLASS 13 SECTION 510(B) PREFERRED EQUITY CLAIMS, CLASS 14 SECTION 510(B) OTHER EQUITY CLAIMS, CLASS 15 EQUITABLY SUBORDINATED CLAIMS, CLASS 16 OTHER EQUITY INTERESTS, CLASS 17 FTT CLAIMS AND INTERESTS or CLASS 18 *DE MINIMIS* CLAIMS** has the option to opt in to the release contained in Section 10.5 of the Plan, copied below (the "Third-Party Release"). Please note that any election to opt in is voluntary and at your option.

**To opt in to the Third-Party Release, you must complete, sign and return this Election Form to Kroll Restructuring Administration LLC (the "Solicitation Agent") so that it is received no later than the August 16, 2024 at 4:00 p.m. prevailing Eastern Time (the "Voting Deadline"). Election Forms must be delivered to the Solicitation Agent either (a) via the Solicitation Agent's online voting portal at https://restructuring.ra.kroll.com/FTX or (b) by mail to FTX Trading Ltd. Ballot Processing Center, C/O Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. If you choose to submit your Election Form via the Solicitation Agent's online voting portal, you SHOULD NOT mail your hard copy Election Form as well. Please choose only one form of return of your Election Form.**

**PLEASE BE ADVISED THAT YOU MUST AFFIRMATIVELY OPT IN TO THE THIRD-PARTY RELEASE AND SUBMIT THE ELECTION FORM WITH YOUR ELECTION TO THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE IF YOU WISH TO OPT IN TO THE THIRD-PARTY RELEASE.**

This Election Form may not be used for any purpose other than for electing to opt in to the Third-Party Release. **If you believe you have received this Election Form in error, please contact the Solicitation Agent immediately at:**

80214-22

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**Telephone**:

(888) 482-0049 (toll-free)
+1 (646) 440-4176 (international)

**Email**: ftxinfo@ra.kroll.com

**IMPORTANT**

You should carefully review the Disclosure Statement and the Plan before you submit the Election Form.

If your Election Form is not received by the Solicitation Agent on or before the Voting Deadline and such deadline is not extended, you will not be deemed to grant the Third-Party Release.

**VOTING DEADLINE: AUGUST 16, 2024, AT 4:00 P.M. PREVAILING EASTERN TIME.**

Election Forms will not be accepted by facsimile transmission, electronic mail or other electronic means of transmission (except via the Solicitation Agent's online voting portal).

You do not need to submit this Election Form if you do not wish to opt in to the Third-Party Release.

**PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:**

**<u>Section 10.5 of the Plan contains the following Voluntary Release by Holders of Claims and Interests.</u>**

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations**

80214-22

**of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this Section 10.5 shall cause the release of (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

Under the Plan, "Released Parties" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

Under the Plan, "Releasing Parties" means (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote to reject the Plan but do not opt out of granting the releases set forth therein; (g) the Holders of all Claims or Interests who are deemed to reject the Plan and opt in to the releases set forth therein; and (h) all other Holders of Claims or Interests to the maximum extent permitted by law. Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (h) above are not Releasing Parties.

80214-22

Under the Plan, "Excluded Party" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

Under the Plan, "Exculpated Parties" means (a) the Debtors; (b) the Official Committee and its current and former members, solely in their capacities as members of the Committee; (c) the Fee Examiner; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

Under the Plan, "Control Persons" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

**THE PLAN CONTAINS FURTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, WHICH WILL BECOME EFFECTIVE IF THE PLAN IS CONFIRMED, INCLUDING:**

**Section 10.4 Debtors' Release**

**Except as otherwise specifically provided in the Plan with respect to the Preserved Potential Claims, for good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases and the implementation of the orderly liquidation contemplated by the Plan, on and after the Effective Date, to the fullest extent permitted by applicable law, the Released Parties are hereby conclusively, absolutely, unconditionally, irrevocably and forever released, waived and discharged by the Debtors, the Plan Administrator and the Estates, including any successor to, or assignee of the Debtors or any Estate representative, from all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator or the Estates would have been legally entitled to assert in their own right**

80214-22

**(whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the businesses of the Debtors, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the release of any mortgage, lien or security interest, the distribution of proceeds, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act; *provided* that the release under this <u>Section 10.4</u> shall not apply to (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims to the extent such Preserved Potential Claims are brought by and for the benefit of the Wind Down Entities with the approval of the Plan Administrator. Nothing in the Plan or Confirmation Order shall affect any releases previously granted or approved by the Court.**

**<u>Section 10.8 Exculpation</u>**

**Notwithstanding anything herein to the contrary, as of the Effective Date, the Debtors and their directors, officers, employees, attorneys, investment bankers, financial advisors, restructuring advisors and other professional advisors, representatives and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with the solicitation.**

**As of the Effective Date, to the fullest extent permitted by applicable law, and without affecting or limiting the releases set forth in <u>Section 10.4</u> or <u>Section 10.5</u> of the Plan, the Exculpated Parties shall neither have nor incur any liability to any Entity for any act or omission in connection with, related to, or arising out of these Chapter 11 Cases, including (a) the operation of the Debtors' businesses during the pendency of these Chapter 11 Cases; (b) the administration and adjudication of Claims and Interests during these Chapter 11 Cases; (c) formulating, negotiating, preparing, disseminating, implementing, administering, confirming and/or effecting the Plan, the Disclosure Statement, the Plan Supplement or any related contract, instrument, release or other agreement or document created or entered into in connection with the Chapter 11 Cases (including the solicitation of votes for the Plan and other actions taken in furtherance of Confirmation and Consummation of the Plan, the trading or sale of cryptocurrencies and tokens in connection with the Chapter 11 Cases, the offer and issuance of any securities under or in connection with the Plan and the distribution of property, Digital Assets, or tokens under**

80214-22

**the Plan); or (d) any other transaction, agreement, event, or other occurrence related to these Chapter 11 Cases taking place on or before the Effective Date, other than liability resulting from any act or omission that is determined by Final Order to have constituted gross negligence, willful misconduct, fraud or a criminal act. Notwithstanding anything contained herein to the contrary, the foregoing exculpation does not exculpate any Excluded Party. Nothing in the Plan or Confirmation shall affect any exculpation orders previously granted or approved by the Court.**

**Section 10.9 Injunction**

**Except as otherwise expressly provided in the Plan or Confirmation Order with respect to Preserved Potential Claims, the satisfaction and release pursuant to this Article 10 shall also act as a permanent injunction against any Person who has held, holds or may hold Claims, Interests or Causes of Action from (a) commencing or continuing any action to collect, enforce, offset, recoup or recover with respect to any Claim, liability, obligation, debt, right, Interest or Cause of Action released, settled or exculpated under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code, including to the extent provided for or authorized by sections 524 or 1141 thereof, (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order on account of or in connection with or with respect to any such Claim or Interest; (c) creating, perfecting or enforcing any encumbrance of any kind on account of or in connection with or with respect to any such Claims or Interests; and (d) asserting any right of setoff, subrogation or recoupment of any kind on account of or in connection with or with respect to any such Claim or Interest, notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has or intends to preserve any right of setoff pursuant to applicable law or otherwise, against any Plan Asset, the Wind Down Entities, any Holder of a Claim or Interest or any initial or subsequent transferee. Notwithstanding anything to the contrary in the Plan, all Holders of Claims, Interests or Causes of Action are enjoined from interfering with the Distributions contemplated by the Plan and from asserting any Claim or Cause of Action expressly preserved and vested exclusively in the Wind Down Entities as of the Effective Date.**

**PLEASE NOTE THAT SECTIONS 10.4, 10.8 AND 10.9 OF THE PLAN ARE EACH SEPARATE FROM AND INDEPENDENT OF THE THIRD-PARTY RELEASE. IF YOU OBJECT TO ANY SUCH SECTION, YOU MUST FILE A SEPARATE OBJECTION WITH THE COURT IN ACCORDANCE WITH THE PROCEDURES SET FORTH IN YOUR NOTICE OF NON-VOTING STATUS.**

80214-22

**Item 1. Amount of Claims or Interests.**

The undersigned hereby certifies that, as of June 25, 2024 (the "Voting Record Date"), the undersigned was the Holder of one or more of Class 13 Section 510(b) Preferred Equity Claims, Class 14 Section 510(b) Other Equity Claims, Class 15 Equitably Subordinated Claims, Class 16 Other Equity Interests, Class 17 FTT Claims and Interests and Class 18 *De Minimis* Claims in the following aggregate amount (insert amount in box below):

| | |
|---|---|
| Class 13 Section 510(b) Preferred Equity Claims | ______________ |
| Class 14 Section 510(b) Other Equity Claims | ______________ |
| Class 15 Equitably Subordinated Claims | ______________ |
| Class 16 Other Equity Interests | ______________ |
| Class 17 FTT Claims and Interests | ______________ |
| Class 18 *De Minimis* Claims | ______________ |

**Item 2. Optional Opt-In Election.**

**Item 2** is to be completed **only** if you are **opting in** to the Third Party Release contained in Section 10.5 of the Plan, which is set forth above in this form.

☑ **OPT-IN ELECTION**: You, the undersigned, elect to opt in to the release contained in Section 10.5 of the Plan (the Third-Party Release).

**Item 3. Certifications.**

By signing this Election Form, you certify to the Court and the Debtors that:

(a) as of the Voting Record Date, you are either: (i) the Holder of Claims or Interests set forth in **Item 1**; or (ii) an authorized signatory for the Holder of Claims or Interests set forth in **Item 1**;

(b) you (or in the case of an authorized signatory, the Holder) have received a copy of the *Notice of (a) Non-Voting Status to Holders of Impaired Classes Deemed to Reject the Plan and (B) Election to Opt-In to Third Party Releases*, and this Election Form is submitted pursuant to the terms and conditions set forth therein;

(c) you have submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class set forth in **Item 1**; and

(d) no other Election Form with respect to the amount(s) of Claims or Interests identified in **Item 1** have been submitted or, if any other Election Forms have

been submitted with respect to such Claims or Interests, then any such earlier Election Forms are hereby revoked.

[SIGNATURE PAGE FOLLOWS]

80214-22

| | |
|---|---|
| Name of Holder: | iduino santoni<br>(Print or type) |
| Signature: | |
| Signatory Name: | (If other than the Holder) |
| Title: | (If other than the Holder) |
| Address: | vicenza(VI) strrada san giovanni 50 italy |
| Email Address: | iduinosantoni@gmail.com |
| Telephone Number: | +393206488889 |
| Date Completed: | 07/16/2024 |

**YOUR RECEIPT OF THIS ELECTION FORM DOES NOT SIGNIFY THAT YOUR CLAIM OR EQUITY INTEREST HAS BEEN OR WILL BE ALLOWED.**

**IF YOU WISH TO MAKE THE OPT-IN ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS ELECTION FORM AND SUBMIT IT PROMPTLY:**

If in the envelope provided, or by first-class mail, overnight courier, or hand delivery, to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Election Form, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Election Form Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery

80214-22

Voter ID: 12424544

If by electronic, online submission:

Please visit the Solicitation Agent's online voting platform at https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Election Form.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Election Form:**

**Unique Opt-In ID#:** 221106804172642

If you choose to submit your Election Form via the Solicitation Agent's online voting platform, you should not also return a hard copy of your Election Form.

The Solicitation Agent's online voting platform is the sole manner in which Opt-In Elections will be accepted via electronic or online transmission. Election Forms submitted by facsimile, email or other means of electronic transmission will not be counted.

80214-22

## INSTRUCTIONS FOR COMPLETING THIS ELECTION FORM

1. Capitalized terms used in this Election Form or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan or the Disclosure Statement, as applicable.

2. **To ensure that your Election Form is acknowledged, you must:** (a) complete this Election Form; (b) clearly indicate your decision to opt in to the release contained in Section 10.5 of the Plan by checking the box in **Item 2** of this Election Form; (c) make sure that the information required by **Items 1 and 3** have been correctly inserted; and (d) sign and return this Election Form to the address printed on the enclosed pre-addressed, postage pre-paid return envelope or submit the Election Form via the Solicitation Agent's online voting platform so that it is **actually received** by the Solicitation Agent on or before the Voting Deadline, which is **August 16, 2024 at 4:00 P.M. prevailing Eastern Time**.

3. If an Election Form is received after the Voting Deadline and if the Voting Deadline is not extended, it will **NOT** be acknowledged. Additionally, the following Election Forms will **NOT** be acknowledged:

   - any Election Form sent to the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors;
   - any Election Form sent by facsimile, email or any other electronic means (other than the Solicitation Agent's online voting platform);
   - any Election Form that is illegible or contains insufficient information to identify the Holder of the Claim or Interest;
   - any Election Form cast by or on behalf of an Entity that is not entitled to opt in to the Third-Party Release;
   - any unsigned Election Form; and/or
   - any Election Form not completed in accordance with the procedures approved in the Solicitation Procedures Order.

4. The method of delivery of Election Forms to the Solicitation Agent is at the election and risk of each Holder. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the original executed Election Form.

5. If multiple Election Forms are received from the same Holder with respect to the same Claim or Interest prior to the Voting Deadline, the last Election Form timely received will supersede and revoke any earlier received Election Forms.

80214-22

6. This Election Form does not constitute, and shall not be deemed to be, (a) a proof of Claim or proof of Interest (b) an assertion or admission of a Claim or Interest.

7. Please be sure to sign and date your Election Form. If you are signing in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Election Form.

8. **If you are a Holder of Class 18 *De Minimis* Claims, and wish to have your claim(s) administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s liquidation proceeding in The Bahamas, you must:** file a proof of debt in the FTX DM Liquidation Proceeding **on or before the Voting Deadline of August 16, 2024, at 4:00 p.m., prevailing Eastern Time,** via the following link at https://digitalmarketsclaim.pwc.com or by scanning this QR Code and following all instructions therein:

**IF YOU HAVE ANY QUESTIONS REGARDING THIS ELECTION FORM, PLEASE CALL THE SOLICITATION AGENT AT: (888) 482-0049 (TOLL-FREE) OR +1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS ELECTION FORM ON OR BEFORE AUGUST 16, 2024 AT 4:00 P.M. PREVAILING EASTERN TIME, YOUR OPT-IN ELECTION TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.**

Eballot Confirmation: 3265-2-FTFNI-303068524

EBallot Electronically Submitted on (UTC) :2024-07-16T09:11:00.109Z

Submitted by: iduinosantoni@gmail.com
iduino santoni

claims.ftx.com/distribution-amounts

FTX will never ask you to connect to a wallet.

PASSO 1
Initiate Account Owner Authentication

PASSO 2
Verify Identity of the Original FTX Account Owner

PASSO 3
KYC

PASSO 4
View Account Balances

PASSO 5
View Your Proof of Claim Status

PASSO 6
Votazioni

PASSO 7
Distributions - Tax Requirements

PASSO 8
Distributions: Select Provider

PASSO 9
Distribution Amounts - Summary

## Distributions Dashboard

Values in U.S. Dollars (USD)

• Active Distribution

### Mar 31, 2026 Distribution - Convenience Class Customers

| | |
|---|---|
| Distribution Method | |
| Est. Distribution Date | Not Applicable |
| Claim Classification | Class 7A |
| Claim Status | Allowed |

**Distribution Calculation**

| | |
|---|---|
| Claim Amount | $12,453.97 |
| Post-Petition Interest Distribution | $2,551.86 |
| (Tax Withholding) | ($0.00) |
| (Forfeited Distribution) | ($15,005.83) |
| **Total Distribution** | **$0.00** |
| Recovery % (Prior to Tax Withholding) | 120.5% |

Cerca    Fa molto caldo    ITA    11:18 26/06/2026

Gmail

Iduino Santoni <iduinosantoni@gmail.com>

**FTX Customer Portal Distribution Service Provider Onboarding Requirements**
1 messaggio

**FTX Support** <support@ftx.com>
A: iduinosantoni@gmail.com

7 gennaio 2025 alle or

FTX

**Please validate the sender's domain is @ftx.com before proceeding**
FTX Debtors will never ask you to connect your wallets

Dear Customer,

You are receiving this email in connection with the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates [D.I. 26029] (the "Pla and Distributions you may be entitled to receive under the Plan.

On December 16, 2024, the FTX Debtors announced BitGo and Kraken as official distribution service providers ("Distribution Service Providers") to assist in Distributions to customers in supported jurisdictions. Additional distribution service providers may be announced in the future.

On January 3, 2025, the FTX Debtors announced that the Plan has become effective, which has also been set as the initial distribution record date for holders of allowed clain the Plan's Convenience Classes (the "Initial Distribution"). The Initial Distribution is expected to occur within 60 days of the Effective Date.

**REMINDER: Selection of a Distribution Service Provider and successful onboarding (detailed below) must be completed prior to January 20, 2025 to be eligible fo the Initial Distribution. Our records show that you have not fully completed Step 8 in the FTX Customer Portal.**

Please proceed to the FTX Customer Portal (https://claims.ftx.com) and use Step 8 to select your Distribution Service Provider and follow the steps. Certain onboarding information is required to be provided in order for Distributions to be made. This information is required for all customers. Customers may not receive a Distribution unless and until this information is provided. Any delay in completing the onboarding process could jeopardize customers' ability to receive any Distribution in a timely manner, or at all. Fo more information, please visit FTX FAQs on General Information on Distribution Service Providers.

Please disregard this email if you have already completed Step 8 in the FTX Customer Portal.

Thank you,
FTX Customer Support

Gmail

Iduino Santoni <iduinosantoni@gmail.com>

**FTX Customer Portal - Distribution Dashboard (Step 9) Now Live**
1 messaggio

**FTX Support** <support@ftx.com>
A: iduinosantoni@gmail.com

9 febbraio 2025 alle or

FTX
RECOVERY TRUST

**Please validate the sender's domain is @ftx.com before proceeding**
FTX Recovery Trust will never ask you to connect your wallets

Dear Customer,

You are receiving this email in connection with the confirmed Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates [D.I. 2640 (the "Plan"), and Distributions you may be entitled to receive under the Plan.

The FTX Customer Portal has now released a Distribution Dashboard (Step 9). The Distribution Dashboard provides relevant information for your distribution including your selected Distribution Service Provider, estimated distribution date, and a breakdown of how your distribution amount was calculated.

For more information, please visit Distributions Dashboard FAQs.

Thank you,

FTX Customer Support

Note: If you suspect unauthorized access to your account, immediately lock your account, email support@ftx.com, and change your password.

Iduino Santoni <iduinosantoni@gmail.com

# Re: FTX - Iduino Santoni

messaggio

Iduino Santoni <iduinosantoni@gmail.com> 30 luglio 2026 alle ore 22:3
A: "Barrett, Seth R." <barretts@sullcrom.com>
Cc: *FTXClaims <FTXClaims@sullcrom.com>, FTX_Forfeitures
<ftx_forfeitures@alvarezandmarsal.com>, FTX Objection Response
<ftxobjectionresponse@alvarezandmarsal.com>, LRC FTX Claims
<lrcftxclaimsteam@lrclaw.onmicrosoft.com>

Claim Forfeiture Dispute - Final Notice Prior to Pro Se Court Docketing & UCC Complaint (Account: Iduino Santoni)

Dear Seth,

I acknowledge receipt of your response. However, the Trust's position relies on a fundamental factual and logical contradiction regarding the operation of your system.

Please note the following key facts for the record:

1. **No System Action Post-Deadline:** Between the November 30, 2025 deadline and March 2026, I submitted **zero** new documents, logins, or onboarding updates to the portal.
2. **Logical Inconsistency:** If, as you claim, the onboarding was incomplete prior to November 30, 2025, it is technically impossible for the status to have turned green in March 2026 without any new data input from my end. This proves beyond doubt that all required information was already provided prior to the deadline, and the delay in status conversion was strictly a backend/DSP processing lag on the Trust's side.
3. **Reliance on Official Instructions:** The Trust's automated communications explicitly stated that claimants with green checkmarks should disregard reminder notices. My portal interface displayed green status indicators, leading me to reasonably rely on your instructions.
4. **Lack of Due Process Notice:** At no point prior to or at the forfeiture deadline was I issued an explicit notification stating that my claim was frozen, flagged, or at risk of forfeiture. I remained patiently awaiting distribution under the legitimate belief that processing was occurring in standard tranches.

Dismissing a valid $15,000 USD claim based on a documented UI/processing lag constitutes an arbitrary forfeiture.

This serves as formal notice that I am proceeding with the filing of a **Pro Se Objection** directly with the United States Bankruptcy Court for the District of Delaware (Case No. 22-11068), alongside a formal complaint to the Official Committee of Unsecured Creditors (UCC) and the Claims Ombudsman, attaching all portal screenshots and this email exchange as evidence of system error and lack of notice.

Sincerely,

Il gio 30 lug 2026, 17:58 Barrett, Seth R. <barretts@sullcrom.com> ha scritto:

***Subject to FRE 408 and Foreign and State Law Equivalents***

***CONFIDENTIAL***

Dear Iduino:

As the FTX Recovery Trust has previously explained, your Customer Portal did not show a green checkmark for Step 8 at any point until March 2026, several months after the November 30, 2025 forfeiture date. At all points before and including the forfeiture deadline, if you had visited the Portal, you would have seen that the DSP Onboarding Process remained incomplete, putting you on notice that further action was required. Accordingly, the "Please disregard" clause in the DSP reminder emails did not apply to you.

The FTX Recovery Trust's determination that you have forfeited your right to receive a distribution on account of your claim remains unchanged. You may consult with your own counsel regarding next steps, but we are counsel to the FTX Recovery Trust and cannot advise you on how to proceed.

Best,

Seth

**Seth R. Barrett**

---

**From:** Iduino Santoni <iduinosantoni@gmail.com>
**Sent:** Tuesday, July 28, 2026 5:53 PM
**To:** Barrett, Seth R. <barretts@sullcrom.com>; krishansen@paulhastings.com; gabesasson@paulhastings.com; zzext-kenpasquale <kenpasquale@paulhastings.com>; *FTXClaims <FTXClaims@sullcrom.com>; FTX_Forfeitures <ftx_forfeitures@alvarezandmarsal.com>; FTX Objection Response <ftxobjectionresponse@alvarezandmarsal.com>; ftxquestions@kroll.com; LRC FTX Claims <lrcftxclaimsteam@lrclaw.onmicrosoft.com>
**Subject:** Re: [EXTERNAL] Re: FTX - Iduino Santoni

Dear Mr. Barrett, I acknowledge receipt of your response dated July 28, 2026. While I appreciate your prompt reply, I must respectfully point out the fundamental flaw in the Trust's reasoning regarding customer support contact: A retail creditor acting in good faith has no

presented positive/completed status indicators. Expecting an individual user to retroactively anticipate administrative or third-party onboarding issues—and contact support before even being made aware of a defect—creates an impossible "Catch-22" designed to shift the burden of system ambiguities onto retail claimants. Furthermore, average retail customers do not capture preventative screenshots of standard portal checkmarks when all indications suggest their account is in order. My reliance on the portal's display and the Trust's written instructions was entirely reasonable under the circumstances. While my preference remains a cordial administrative resolution without burdening the Bankruptcy Court, the Trust's refusal to accommodate good-faith international retail creditors leaves me with no alternative. If the FTX Recovery Trust maintains its position and denies administrative reinstatement of Claim No. 45115183 within five (5) business days, I will proceed with: 1. Filing a formal Pro Se Motion for Relief / Reinstatement of Claim directly with the U.S. Bankruptcy Court for the District of Delaware (before Hon. Judge John T. Dorsey); and 2. Formalizing a complaint regarding the Debtor's notification and forfeiture practices with the Office of the United States Trustee and the Official Committee of Unsecured Creditors (UCC). I remain available for a prompt administrative resolution to finalize my DSP onboarding. Sincerely, Iduino Santoni FTX Claim Number: 45115183 Registered Account Email: iduinosantoni@gmail.com

Il giorno mar 28 lug 2026 alle ore 20:50 Barrett, Seth R. <barretts@sullcrom.com> ha scritto:

> ***Subject to FRE 408 and Foreign and State Law Equivalents***
>
> ***CONFIDENTIAL***
>
> Dear Iduino:
>
> The FTX Recovery Trust respectfully disagrees with your position.
>
> As the FTX Recovery Trust has explained, you received email notices reminding you to complete the Distribution Service Provider ("DSP") onboarding process and explaining that failure to timely complete the process could result in forfeiture. Although these emails contained a "Please disregard" clause, your Customer Portal clearly showed that the DSP onboarding process had not been completed at all times prior to and including the forfeiture deadline. Thus, you could not have reasonably relied on the "Please disregard" clause in failing to complete the DSP onboarding process.
>
> To the extent that you found the batch emails, the portal display, or other FTX communications ambiguous, you had ample opportunity to reach out to FTX Customer Support to clarify your outstanding pre-distribution requirements. Yet according to the FTX Recovery Trust's records, you did not reach out to customer support until June 26, 2026, nearly seven months after the forfeiture deadline. The FTX Debtors and the FTX Recovery Trust have worked to accommodate customers who have attempted to complete their pre-distribution requirements and reached out in good faith prior to the Court-approved forfeiture deadlines with technical or other issues. However, at this time the FTX Recovery

The FTX Recovery Trust's determination that you have forfeited your right to receive a distribution on account of your claim remains unchanged. You may consult with your own counsel regarding next steps, but we are counsel to the FTX Recovery Trust and cannot advise you on how to proceed.

Best,

Seth

**Seth R. Barrett**

---

**From:** Iduino Santoni <iduinosantoni@gmail.com>
**Sent:** Sunday, July 26, 2026 4:27 AM
**To:** Barrett, Seth R. <barretts@sullcrom.com>; krishansen@paulhastings.com; zzext-kenpasquale <kenpasquale@paulhastings.com>; gabesasson@paulhastings.com
**Cc:** *FTXClaims <FTXClaims@sullcrom.com>; FTX Objection Response <ftxobjectionresponse@alvarezandmarsal.com>; FTX_Forfeitures <ftx_forfeitures@alvarezandmarsal.com>; LRC FTX Claims <lrcftxclaimsteam@lrclaw.onmicrosoft.com>; ftxquestions@kroll.com
**Subject:** [EXTERNAL] Re: FTX - Iduino Santoni

FORMAL NOTICE OF DISPUTE & REQUEST FOR RECONSIDERATION – Claim No. 45115183 (Class 7A)

Dear Mr. Barrett and the FTX Recovery Trust Team, I am writing in formal response to your email dated July 24, 2026, regarding Claim No. 45115183 (Class 7A, Dotcom Customer). I respectfully reject the FTX Recovery Trust's position that my distribution rights have been validly forfeited pursuant to Section 7.8 of the Plan. The Trust's rigid reliance on the November 30, 2025 deadline fails to account for the doctrine of Equitable Estoppel / Detrimental Reliance and the standard for Excusable Neglect under Federal Rule of Bankruptcy Procedure 9006(b)(1). Please accept this email as a Formal Notice of Dispute on the following grounds: 1. Detrimental Reliance on Official Written Instructions: The official email notices dispatched by the Trust specifically instructed claimants to "Please disregard" the reminder if their portal reflected completed steps or green checkmarks. Relying in good faith on the portal's display and these explicit official instructions, I understood that no further action was required. Under established principles of equity, the Trust cannot induce a creditor into inaction via ambiguous standardized instructions and subsequently penalize that creditor with total forfeiture of their property. 2. Defective Notice and Systemic Portal Ambiguities: While the Trust asserts that the Step 8 error occurred in March 2026, the customer portal consistently presented ambiguous and contradictory

Contradictory messaging between batch emails and portal indicators fails to meet the standard of clear and unambiguous notice required by fundamental Due Process under U.S. bankruptcy law. 3. Excusable Neglect (Fed. R. Bankr. P. 9006(b)(1)): As an individual retail customer based in Europe, I have acted in complete good faith throughout this Chapter 11 process. Any technical delay in finalizing distribution provider onboarding was directly caused by portal inconsistencies, batch email processing delays (acknowledged in your correspondence), and misleading instructions. Such administrative confusion warrants equitable relief and reinstatement of the allowed claim. FORMAL REQUEST FOR RELIEF: In light of these facts, I formally request that the FTX Recovery Trust reconsider its determination, override the administrative forfeiture for Claim No. 45115183, and provide a functional mechanism to finalize my distribution onboarding. Please be advised that if this matter cannot be resolved administratively, I reserve all rights to: a) Submit a formal Pro Se Petition for Relief / Reinstatement directly to the U.S. Bankruptcy Court for the District of Delaware (Hon. Judge John T. Dorsey); b) Lodge a formal complaint regarding Kroll's notification practices with the U.S. Trustee and the Official Committee of Unsecured Creditors (UCC). I kindly request a formal written response to this dispute within ten (10) business days. Sincerely, [IDUINO SANTONI] FTX Claim Number: 45115183 Registered Account Email: [iduinosantoni@gmail.com] Country: Italy

Il giorno ven 24 lug 2026 alle ore 16:29 Barrett, Seth R. <barretts@sullcrom.com> ha scritto:

***Subject to FRE 408 and Foreign and State Law Equivalents***

***CONFIDENTIAL***

Dear Iduino:

The FTX Recovery Trust respectfully disagrees with your position.

The FTX Recovery Trust's records reflect that the forfeited distribution became allowed for the May 30, 2025 distribution date and, pursuant to section 7.8 of the Plan, was forfeited six months later, on November 30, 2025. The FTX Recovery Trust sent reminder emails on January 6, 2025, February 7, 2025, April 3, 2025, and August 5, 2025, explaining that failure to onboard with a distribution service provider could ultimately result in forfeiture. These emails complied with the notice provisions in section 7.8 of the Plan, which require notice by email to the last known email address of record.

Please see responses to your specific arguments below.

**Distribution Date Displayed in Customer Portal**

determine the applicable six-month forfeiture period under section 7.8 of the Plan. Rather, the portal displays the date of the most recent completed distribution. The relevant date for purposes of section 7.8 is the first distribution date for which your claim was Allowed. Because your claim was first Allowed for the May 30, 2025 distribution, the applicable six-month deadline was November 30, 2025.

**Green Checkmark for Steps 8 and 9**

With respect to the green checkmarks displayed for Steps 8 and 9, the FTX Recovery Trust acknowledges that a technical error caused Step 8 erroneously to display a green checkmark. This error, however, did not occur until March 2026, well after the November 30, 2025 forfeiture deadline, and was recently corrected. The FTX Recovery Trust's records reflect that your portal did not display a Step 8 green checkmark before the deadline, and therefore it could not have affected your completion of the required onboarding process. The display of a green checkmark in March 2026, while erroneous, did not revive any rights that had already been forfeited under the Plan. As to Step 9, the distribution dashboard does not confirm that you completed the onboarding process. In any event, the March 31, 2026 distribution dashboard was launched only about 10 to 15 days before the distribution date, meaning that it was not activated until well after the November 30, 2025 forfeiture deadline. The activation of the distribution dashboard did not revive rights that had already been forfeited.

**"Please Disregard" Clause in Email Notices**

With respect to the "Please disregard" language contained in certain email notices, as explained above, your customer portal did not display a green checkmark at Step 8 at any point before the November 30, 2025 deadline. Instead, the portal clearly reflected that you had not completed the required onboarding process. Accordingly, the "Please disregard" clause did not apply to you.

**Email Receipt Dates**

With respect to the dates on which certain notice emails were received, minor differences between the dates reflected in your inbox and those reflected in the FTX Recovery Trust's records may be attributable to time zone differences. In addition, these notice emails are sent out in batches to hundreds of thousands of creditors. The FTX Recovery Trust's computer systems cannot dispatch so many emails instantaneously; large email batches may take a couple of days to process. To the extent you received notice emails slightly later than the dates reflected in the FTX Recovery Trust's records, the delay is attributable to the processing time required to send mass email notices.

**August 15, 2025 Record Date for Class 5 and Class 6 Claims**

With respect to the August 15, 2025 record date referenced in the August 5, 2025 notice, that notice was distributed to all claimants who had not yet completed the Distribution Service Provider onboarding process and was not tailored to any particular claim class

inform claim holders to whom the record date applied. Because you were a holder of a Class 7A claim, the deadline did not apply to you. Your right to receive a distribution was not forfeited on the basis of the August 15, 2025 deadline; it was instead forfeited on the basis of the six-month deadline specified in Section 7.8 of the Plan.

Accordingly, the FTX Recovery Trust maintains its position that your distribution has been forfeited under Section 7.8 of the Plan.

Best,

Seth

**Seth R. Barrett**

---

**From:** Iduino Santoni <iduinosantoni@gmail.com>
**Sent:** Monday, July 20, 2026 5:39 AM
**To:** Barrett, Seth R. <barretts@sullcrom.com>
**Subject:** [EXTERNAL] Fwd: FTX - Iduino Santoni

Dear Mr. Barrett,

I hope this email finds you well.

I am writing to respectfully follow up on our formal inquiry submitted on July 8, 2026, regarding the review of the distribution status for the account referenced above. For your convenience, I have re-attached our previous communication along with the relevant portal screenshot below.

While I fully appreciate the high volume of claims and inquiries your office is currently managing, I would be very grateful if you could provide a brief update on the status of this review.

As demonstrated by the visual records on my dashboard (which show Steps 8 and 9 fully completed and the claim classified under the "March 31, 2026 Distribution"), I am confident that this is simply a minor technical glitch that can be easily resolved.

In light of this, I kindly request that your office proceed with:

1. **The formal unfreezing and reinstatement of my refund (distribution status)**, resolving the "forfeited" flag caused by this system database misalignment;
2. **The manual override to unlock Step 8 on my portal**, enabling me to successfully link my verified Kraken API and finalize the administrative steps.

matter adm

Thank you very much for your time, assistance, and professional cooperation.

Sincerely,

*Iduino Santoni*

---------- Forwarded message ---------
Da: **Iduino Santoni** <iduinosantoni@gmail.com>
Date: mer 8 lug 2026 alle ore 13:19
Subject: Re: FTX - Iduino Santoni
To: Barrett, Seth R. <barretts@sullcrom.com>

**Subject: FORMAL REBUTTAL AND PETITION FOR IMMEDIATE RECONSIDERATION OF FORFEITED DISTRIBUTION – CLASS 7A FTX Account Number:** 45115183 **Confirmation ID:** 3265-70-ZYCTY-814460018 **Claim Classification:** Class 7A (Convenience Class) **Allowed Claim Amount:** $15,005.83 ($12,453.97 Claim Amount + $2,551.86 Post-Petition Interest)

*CONFIDENTIAL – Prepared Subject to Federal Rule of Evidence 408 and State, Federal, and International Equivalents.*

To the Attention of Mr. Seth R. Barrett, FTX Recovery Trust / Kroll Claims Agent

I am writing in response to your correspondence regarding the allowed claim referenced above. I hereby submit a formal rebuttal against the FTX Recovery Trust's determination that my right to receive a distribution has been forfeited pursuant to Section 7.8 of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates (*"the Plan"*).

The Trust's assertion that my distribution rights expired on November 30, 2025, is factually and legally flawed. It directly contradicts the explicit visual representations provided by Kroll's official Customer Portal and the written directives issued by FTX Customer Support. The systemic misdirection, administrative inconsistencies, and lack of due process are detailed below:

## 1. Direct Contradiction Regarding Tranche Assignment and Forfeiture Deadlines

Your correspondence states that my claim was assigned to the May 30, 2025 distribution tranche, triggering a November 30, 2025 forfeiture deadline. However, the official Debtors' Customer Portal flatly refutes this claim. As proven by the attached screenshot of my live dashboard, my account is officially and explicitly categorized under the heading: **"Mar 31, 2026 Distribution - Convenience Class Customers"**. Pursuant to Section 7.8 of the Plan, the strict 6-month window to claim a distribution originating on March 31, 2026, does not expire until **September 30, 2026**. Therefore, the negative adjustment of $15,005.83 entered into your system as a *(Forfeited Distribution)*

own published schedule.

## 2. Systemic UI/UX Misdirection: Confirmed "GREEN" Compliance Status for Steps 8 and 9

The Trust alleges a failure to complete the onboarding process under Step 8. This claim is entirely irreconcilable with the actual data display on the portal. Both **Step 8** (*Distribution Providers - Select Provider*) and **Step 9** (*Distribution Accounts - Summary*) are currently, permanently, and visibly marked with a **GREEN CHECKMARK** and designated as **"COMPLETED"**. Under standard software architecture and basic principles of commercial good faith, the activation of a finalized "Summary Dashboard" (Step 9) legally conveys to the creditor that all preliminary conditions precedent have been fully satisfied to the platform's specifications. The portal created an official visual attestation of compliance. If your backend databases failed to register the technical API handshake with Kraken, this constitutes an internal software glitch attributable solely to Kroll, the consequences of which cannot be equitably shifted onto a compliant creditor.

## 3. Strict Operative Effect of the "Please Disregard" Exemption Clause

The Trust cites four informational emails sent during 2025 as proof of adequate notice under Section 7.8. However, the actual official emails received by my inbox on **January 7, 2025**, and **August 6, 2025**, contain an explicit, unambiguous carve-out clause: *"Please disregard this email if you have already completed Step 8 in the FTX Customer Portal."* Because my portal actively and consistently displayed a green "Completed" status for both Steps 8 and 9, I was explicitly and legally instructed by your own formal communications to **disregard** those very warnings. The Trust cannot equitably assert a forfeiture based on notices that its own administrative agent ordered the user to ignore.

## 4. Material Factual Inaccuracies in the Trust's Internal Audit Logs

In your denial email, you state that critical notices were transmitted on January 6, 2025, February 7, 2025, and August 5, 2025. The attached email evidence demonstrates that the actual communications were delivered on different dates (January 7, February 9, and August 6, 2025). While these chronological discrepancies may appear minor, they establish a clear pattern of unreliability in the internal auditing and tracking records utilized by the Trust to summarily extinguish creditor property rights.

## 5. Erroneous Application of Class-Specific Deadlines to Class 7A Holders

The August 6, 2025 email cited by the Trust mandated a strict deadline of August 15, 2025, specifically tailored for *Class 5 (Customer Entitlement Claims)* and *Class 6 (General Unsecured Claims)*. As explicitly stated on my live Distributions Dashboard, my claim is classified under **Class 7A**. Imposing a deadline meant for Class 5/6 upon a Class 7A holder represents a glaring administrative oversight and a material error of fact.

## Demands and Legal Remediation

Under the doctrine of *Detrimental Reliance* and the principles of *Equitable Estoppel*—which operate under U.S. law to preclude a party from asserting a right when its own

their detriment. I hereby **DEMAND**:

1. The immediate reversal and cancellation of the *Forfeited* status wrongfully applied to account 45115183.
2. A manual override to **unlock Step 8** on my customer portal dashboard, allowing me to safely link the API coordinates of my verified Kraken Account (Public ID: **AA64 N84G WBYZ DLVY**).
3. The prompt release and distribution of my full allowed amount of **$15,005,83**, including all recognized post-petition interest accrued under the Plan.

Please be advised that if this administrative platform glitch is not resolved and Step 8 is not unlocked within seven (7) business days, I will file a formal complaint regarding systemic software deception and notice failures with the Office of the **U.S. Trustee** (U.S. Department of Justice) and subsequently file a formal **Objection** before the **U.S. Bankruptcy Court for the District of Delaware** to seek judicial intervention, interest, and reimbursement of all associated legal costs.

Sincerely, *Iduino Santoni*

Il giorno gio 2 lug 2026 alle ore 17:08 Barrett, Seth R. <barretts@sullcrom.com> ha scritto:

> ***Subject to FRE 408 and Foreign and State Law Equivalents***
>
> ***CONFIDENTIAL***
>
> Dear Iduino,
>
> The FTX Recovery Trust is in receipt of your correspondence. The FTX Recovery Trust has determined that your right to receive a distribution on account of your claim, associated with account number 45115183, has been forfeited pursuant to section 7.8 of the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26029]. Section 7.8 of the Plan provides that distributions on account of allowed claims that are not claimed within six months are revested in the FTX Recovery Trust, and that the right to such distributions is thereafter forfeited. Your claim was allowed as of the April 11, 2025 record date for the May 30, 2025 distribution. Thus, the deadline for you to complete the distribution agent onboarding process, one of the pre-distribution requirements, was November 30, 2025. However, you failed to complete the distribution agent onboarding process by that deadline. Thus, the distribution on account of the claim was not claimed within the six-month period, and your right to receive the distribution has been forfeited accordingly.
>
> The FTX Recovery Trust's records reflect that notice relating to your pre-distribution requirements was sent to the email address on file (iduinosantoni@gmail.com) on

back, delivery failure, or other undeliverable notice was received. These emails comply with the notice provisions specified in section 7.8 of the Plan, which require emailing notice to the last known email of record.

With respect to your assertion that Step 8 was prematurely marked as "Completed" and permanently locked, it is standard for a customer's portal to be locked following a full forfeiture. The FTX Recovery Trust's records also show that you did not reach out to customer service until June 26, 2026, nearly seven months after the forfeiture deadline. Because you failed to reach out to the FTX Recovery Trust until well after the forfeiture deadline, the Trust cannot verify whether Step 8 was marked as "Completed" prior to the forfeiture deadline. In addition, the Kraken account referenced in your correspondence is a non-FTX Kraken account. The notices sent to you directed you to complete the required Distribution Service Provider onboarding process through the FTX Customer Portal, rather than by creating a Kraken account directly.

Best,

Seth

**Seth R. Barrett**

---

**From:** Iduino Santoni [iduinosantoni@gmail.com]
**Sent:** 6/27/2026, 4:58 AM
**To:** ftxinfo@ra.kroll.com
**Subject:** [EXTERNAL] Re: URGENT: Claim Status and Forfeited Distribution Inquiry - Class 7A

Thank you for pointing me to Section 7.14 of the Confirmation Order regarding Pre-Distribution Requirements.

Please note that I am NOT attempting to file a new claim via email; my claim is already a verified and Allowed Claim under Confirmation ID: 3265-70-ZYCTY-814460018.

My inquiry concerns a severe administrative and technical execution failure regarding Section 7.14 itself. Under Section 7.14, a holder must satisfy pre-distribution requirements (such as selecting an approved distribution provider in Step 8).

However, your platform has completely failed to provide adequate notice or proper functionality:

1. I only discovered today that my distribution was frozen, and your portal provides absolutely no clear or explicit explanation for this status.

2. Because Step 8 was prematurely marked as "Completed" in GREEN and permanently locked, I am physically unable to access it. I have no record or confirmation of what was originally requested (whether an IBAN, a Binance ID, or other data) or what was actually entered at the time.

3. I can only infer that there is an issue with Step 8 because your support team now claims that only three specific platforms (Kraken, Payoneer, BitGo) are eligible. I was never officially notified by Kroll or FTX regarding this strict restriction; in fact, I am only discovering this policy now through online user blogs and public community forums. Had your portal explicitly mandated a Kraken account back then instead of misleading me with a green "success" checkmark, I would have opened and linked one immediately.

Furthermore, I have never received the formal first and second notices/requests for Pre-Distribution Requirements explicitly mandated by Section 7.14 before any forfeiture can legally be enforced. Your ambiguous user interface directly misled me into believing my file was fully compliant.

Since Kroll is the court-appointed claims and administrative agent, you have the operational duty and authority to correct these system errors. I request that this matter be immediately escalated to a supervisor for a manual override to either unlock Step 8 on my dashboard or manually link my verified Kraken Account (Public ID: AA64 N84G WBYZ DLVY) so that I can satisfy the Section 7.14 requirements.

Best regards,

Iduino Santoni

Il ven 26 giu 2026, 21:26 FTX Trading Ltd. <ftxinfo@ra.kroll.com> ha scritto:

> Iduino,
>
> Thank you for your inquiry.
>
> You can review details about the Pre-Distribution Requirements on section 7.14 of the Order Confirming the Plan. You can download and review the Order and other related documents filed in the Debtors' chapter 11 cases free of charge in this link: https://restructuring.ra.kroll.com/ftx/Home-DownloadPDF?id1=MzIxNjczNg==&id2=-1 [restructuring.ra.kroll.com] [url.us.m.mimecastprotect.com]
> .
>
> Please review the Order carefully and seek legal advice as necessary.
>
> You may also monitor the case website for updates. Information, including access to court documents and important dates and deadlines will be available throughout the case at https://restructuring.ra.kroll.com/FTX [restructuring.ra.kroll.com] [url.us.m.mimecastprotect.com]

PLEASE NOTE: Kroll is the appointed claims and noticing agent for FTX Trading Ltd. and its affiliated debtors' chapter 11 cases. As such, we are not permitted to provide legal or financial advice. Further, Kroll is not permitted to accept claims via email or fax, and any such information provided via either of these methods will not constitute a claim in these proceedings.

Regards,

**Kroll Inquiries**

www.kroll.com [kroll.com] [url.us.m.mimecastprotect.com]

*Effective March 29, 2022, Prime Clerk has rebranded as Kroll. All emails sent by us will now have the domain @Kroll.com. Emails sent to the domain @primeclerk.com [primeclerk.com] [url.us.m.mimecastprotect.com] will continue to be received. Please be assured that your information remains secure and is only being used by us in connection with the purpose for which it is held

This email is confidential and subject to important disclaimers and conditions, including those regarding confidentiality, legal privilege and certain legal entity disclaimers, available at https://www.kroll.com/disclosure [kroll.com] [url.us.m.mimecastprotect.com]. Our Privacy Policy is available at https://www.kroll.com/en/privacy-policy [kroll.com] [url.us.m.mimecastprotect.com].

--------------- Original Message ---------------
**From:** Iduino Santoni [iduinosantoni@gmail.com]
**Sent:** 6/26/2026, 7:25 PM
**To:** ftxinfo@ra.kroll.com; claims@ftx.com; ftxquestions@kroll.com
**Subject:** [EXTERNAL] Fwd: [Please use support.ftx.com [support.ftx.com] [url.us.m.mimecastprotect.com]] Re: URGENT: Claim Status and Forfeited Distribution Inquiry - Class 7A

Dear Kroll / Legal Team,

For your immediate review, please find below the complete and updated email exchange regarding my Class 7A claim (FTX Ticket 348607).

As you can see below, FTX Support (Shandle) incorrectly attempted to apply the Article 7.8 forfeiture rule based on an erroneous timeline. However, as mathematically demonstrated in my rebuttal below, my funds are blocked under the "March 31, 2026 Distribution", meaning the 6-month legal window does not expire until September 30, 2026.

Please review this full thread and the attached screenshot of my green dashboard. I demand an immediate manual override and escalation to link my verified Kraken Account (Public ID: AA64 N84G WBYZ DLVY) to resolve this platform glitch.

Best regards,
Iduino Santoni

regarding confidentiality, legal privilege and certain legal entity disclaimers, available at https://www.kroll.com/disclosure [kroll.com] [url.us.m.mimecastprotect.com]. Our Privacy Policy is available at https://www.kroll.com/en/privacy-policy [kroll.com] [url.us.m.mimecastprotect.com].

This email is confidential and subject to important disclaimers and conditions, including those regarding confidentiality, legal privilege and certain legal entity disclaimers, available at https://www.kroll.com/disclosure [kroll.com] [url.us.m.mimecastprotect.com]. Our Privacy Policy is available at https://www.kroll.com/en/privacy-policy [kroll.com] [url.us.m.mimecastprotect.com].

---

****This is an external message from:** mcanturk@primeclerk.com **

---

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

**FROM:**

Iduino Santoni

c/o Golden Insurance sas

Via Nino Bixio 19

36100 Vicenza (VI) – ITALY

Tel: +39 3206488889

---

**TO: Clerk of the Court,**

US Bankruptcy Court,

District of Delaware,

824 Market Street, 3rd Floor,

Wilmington, DE 19801, USA

RE: In re FTX Trading Ltd. (Case No. 22-11068) – Moti

... (Creditor Iduino Santoni)

**FROM:**

Iduino Santoni

c/o Golden Insurance sas

Via Nino Bixio 19

36100 Vicenza (VI) – ITALY

Tel: +39 3206488889

---

**TO: Clerk of the Court,**

US Bankruptcy Court,

District of Delaware,

824 Market Street, 3rd Floor,

Wilmington, DE 19801, USA

RE: In re FTX Trading Ltd. (Case No. 22-11068) – Mot

(Creditor Iduino Santoni)