Docusign Envelope ID: 5A49C8E5-02FC-82F0-82B9-B3CB4A1FA078

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

2026 OCT -6 A 8:57

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., et al., | Case No. 22-11068 (KBO) |
| Debtors | (Jointly Administered) |
| | Re: Docket No. 36197 |

**RESPONSE OF KANG SHUTING TO *FTX RECOVERY TRUST'S TWO HUNDRED THIRD (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM WITH REJECTED KYC (CUSTOMER CLAIMS)* [DOCKET NO. 36197]**

I, Kang Shuting, respectfully submit this response to the *FTX Recovery Trust's Two Hundred Third (Substantive) Omnibus Objection to Certain Proofs of Claim with Rejected KYC (Customer Claims)* [Docket No. 36197] filed on September 1, 2026. I appear *pro se* in this matter and ask the Court to deny the Trust's objection to my claim and allow me a fair opportunity to correct the mistake in my KYC submission.

## I. INTRODUCTION

1. I am the rightful owner of the FTX.com customer account associated with customer code 00183582. My claim number 7419992 has been included in Schedule 1 of the Trust's objection as a Verification Failure Claim. The Trust seeks to disallow and expunge my claim entirely because of a mismatch between the information I originally submitted and the prepetition records.

2. I do not dispute that there was a mismatch. When I first submitted my KYC information, I mistakenly provided my husband's name and information because I believed, at that time, that the account had been opened in his name. My native language is Chinese, not

Docusign Envelope ID: 5A49C8E5-02FC-82F0-82B9-B3CB4A1FA078

English, and I found the entire claims process extremely confusing and difficult to navigate. When I realized my error and attempted to resubmit the correct information showing that I am the true account holder, the FTX system would not allow me to make the correction.

3. The Trust now asks this Court to permanently bar my claim based on this honest mistake—a mistake I tried to fix but was prevented from fixing by the Trust's own procedures. I respectfully submit that this result would be unjust and inconsistent with the flexibility and fairness that bankruptcy law requires, especially where a claimant has made good-faith efforts to comply and the defect is curable.

## II. STATEMENT OF FACTS

4. I am the owner of a customer account on the FTX.com exchange. My account is identified by customer codes 00183582 and claim number 7419992.

5. I am a native speaker of Chinese. English is not my first language, and I have limited familiarity with complex legal and financial processes in the United States.

6. After FTX filed for bankruptcy, I received notices about the claims process and the requirement to submit KYC information. It is nearly impossible for me to distinguish the legitimate notices and communication from the voluminous spam and phishing email I receive that claims to be from FTX.

7. When I first prepared my claim submission, I sincerely but mistakenly believed that the FTX account had been opened in my husband's name. I therefore submitted KYC information using his name and personal details.

8. The information I submitted did not match the prepetition KYC information that FTX had on file for my account.

9. After I realized my mistake, I attempted to resubmit the correct KYC information—my own name, identification, and other required documents—to show that I am the true owner of the account. However, the FTX Customer Claims Portal and the Trust's procedures did not allow me to make this correction or resubmit my information. The Trust has categorized my claim as a Verification Failure Claim and rejected my KYC application.

Docusign Envelope ID: 5A49C8E5-02FC-82F0-82B9-B3CB4A1FA078

10. The Trust states in its objection that it reached out to claimants with mismatches "to resolve the mismatch," but that claimants have consistently failed to respond. I did not receive clear communication that I understood, and when I tried to fix the problem on my own, the system prevented me from doing so. The Trust now seeks to disallow and expunge my claim entirely, arguing that I failed to establish ownership of the account and failed to respond adequately to requests for clarification.

## III. LEGAL STANDARD

11. A proof of claim is deemed allowed unless a party in interest objects. 11 USCS § 502 (2021). Once an objection is made, the Court determines the amount and validity of the claim after notice and a hearing. 11 USCS § 502 (2021). A claim may be disallowed under section 502(b)(1) of the Bankruptcy Code to the extent it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 USCS § 502 (2021).

12. The claimant bears the ultimate burden of proving the validity of the claim by a preponderance of the evidence when the objecting party presents evidence to rebut the claim's prima facie validity. However, the standard of proof is not an insurmountable barrier, and courts recognize that pro se litigants' filings should not be held to the same stringent technical standards expected of attorneys. Vick v. Haller, 522 A.2d 865 (1987). A pro se complaint or filing, however inartfully pleaded, should be dismissed only if it appears that the claimant can prove no set of facts in support of the claim that would entitle her to relief. Vick v. Haller, 522 A.2d 865 (1987).

## IV. ARGUMENT

**A.** The Trust's Objection Should Be Denied Because I Have Made Good-Faith Efforts to Correct a Curable Mistake and the Trust Has Not Provided Me a Meaningful Opportunity to Do So.

13. The Trust argues that my claim should be disallowed because the KYC information I submitted does not match the prepetition records and because I allegedly failed to

Docusign Envelope ID: 5A49C8E5-02FC-82F0-82B9-B3CB4A1FA078

respond to follow-up requests. I respectfully submit that this objection is premature and unjust under the circumstances.

14. First, I acknowledge that I made a mistake when I first submitted my husband's information instead of my own. This was an honest error. I believed at the time that the account was in his name. When I discovered my mistake, I tried to correct it by resubmitting the proper information—my own identification documents, my own name, and all other required materials. However, the Trust's own system did not allow me to make this correction.

15. Second, the Trust states that it contacted claimants with mismatches to give them an opportunity to resolve discrepancies. If such outreach was made to me, I did not understand it. My native language is Chinese, and the complexity of the bankruptcy process, the legal notices, and the KYC requirements were overwhelming for me. I did not willfully ignore any request—I simply did not understand what I needed to do or how to do it in a system that would not accept my corrected submission.

16. Third, this situation is exactly the kind of curable documentation defect that courts have recognized should not result in the automatic and permanent disallowance of a claim, especially where the claimant has made reasonable efforts to comply and the mistake does not involve fraud or bad faith.

17. The Trust relies heavily on *In re O'Brien*, 440 B.R. 654, 662, 667-68 (Bankr. E.D. Pa. 2010), for the proposition that a claimant must prove ownership of the claim and that insufficient documentation is a valid basis for disallowance. *O'Brien* is distinguishable. In that case, the purported assignee of a claim failed entirely to establish that an assignment had occurred—there was no documentation of any transfer, and the claimant could not prove a right to the claim at all. 11 USCS § 502 (2021). The court there was not confronted with a situation where the true owner made an initial mistake in paperwork but then attempted to correct it and was prevented from doing so by the claims process itself.

18. Here, I am not claiming to be an assignee or transferee. I am the original account holder. The account is mine. The only problem is that I mistakenly submitted my husband's name on the first attempt, and the Trust's system did not give me a way to fix that mistake when I realized it.

Docusign Envelope ID: 5A49C8E5-02FC-82F0-82B9-B3CB4A1FA078

19. Moreover, bankruptcy law does not require perfection in documentation on the first submission, particularly from pro se claimants facing language barriers and complex procedures. Courts have recognized that claimants should be given a reasonable opportunity to cure defects in their proofs of claim, especially when the defect is technical or administrative rather than substantive. While the Trust had the right to request additional information and clarification, it also had an obligation to work with claimants in good faith to resolve curable issues before seeking outright disallowance.

20. The Trust argues that my "failure to respond" justifies disallowance. But I did try to respond—by attempting to resubmit the correct information. The fact that the Trust's own procedures prevented me from doing so should not be held against me. A claimant cannot be faulted for failing to comply with a process that does not allow compliance.

21. Delaware law recognizes that procedural fairness requires that parties be given a meaningful opportunity to be heard and to correct errors. Bryant v. Bayhealth Med. Ctr., 937 A.2d 118, 123 (2007). In *Bryant v. Bayhealth Medical Center*, the Delaware Supreme Court held that a litigant should not be penalized for a technical filing deficiency when the rejection of the filing by court personnel was neither legally mandated nor necessary, and when the litigant acted with due diligence. Bryant v. Bayhealth Med. Ctr., 937 A.2d 118, 123 (2007). The Court permitted retroactive tolling because the litigant was prevented from exercising his legal remedy by actions of court-related personnel. Bryant v. Bayhealth Med. Ctr., 937 A.2d 118, 123 (2007). Similarly here, I was prevented from correcting my claim submission by the Trust's own system, and I should not lose my claim as a result.

22. Furthermore, the Trust's own objection acknowledges that it has accepted KYC Information for approximately 99% of claims for which all required KYC Information was submitted, and that the Trust was typically able to work productively with Original Holders to resolve its concerns. This shows that the Trust has the ability and the practice of working with claimants to resolve issues. I ask only for the same opportunity that was apparently given to thousands of other claimants—a chance to submit the correct information and prove that I am the true owner of my account.

23. The preponderance-of-the-evidence standard does not mean that a single mistake in paperwork, made in good faith and attempted to be corrected, must result in total forfeiture of

a claim. *Shipman v. Division of Social Services*, 454 A.2d 767, 768 (1982). I am ready and willing to provide any additional documentation the Court or the Trust requires to verify my identity and my ownership of the account. I simply ask for a fair chance to do so.

**B.** The Equities Favor Allowing Me an Opportunity to Cure the Defect in My Claim Rather Than Imposing Permanent Disallowance.

24. The Trust's objection, if granted, would result in the complete and permanent loss of my claim—money that belongs to me and that I deposited into my FTX account in good faith. I made an honest mistake in the paperwork due to confusion and language barriers, and I tried to fix it but was blocked by the Trust's procedures. Disallowing my claim entirely under these circumstances would be a harsh and disproportionate result.

25. Bankruptcy courts have discretion to allow claimants reasonable opportunities to cure defects in their proofs of claim, particularly where the defect is not substantive and where the claimant has acted in good faith. The Trust has not alleged that I engaged in fraud, that my account was used for illegal activity, or that I am subject to sanctions. The only issue is a mismatch in names on the initial KYC submission—a mismatch I tried to correct.

26. I respectfully submit that the Court should either deny the Trust's objection outright or, in the alternative, grant me leave to submit corrected KYC information within a reasonable time period set by the Court. I am prepared to provide my identification documents, proof of address, and any other information the Trust or the Court deems necessary to verify that I am the true and rightful owner of customer account 00183582 / claim 7419992.

27. The Trust's objection states that allowing claims like mine would "pose material risks" and delay distributions to legitimate creditors. I respectfully disagree. I *am* a legitimate creditor. Allowing me a brief opportunity to submit the correct paperwork will not materially delay the case or harm other creditors. It will simply ensure that I am treated fairly and that my property is not forfeited due to a technical error that I tried in good faith to correct.

## V. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, I respectfully request that the Court:

1. Deny the FTX Recovery Trust's objection to my claim (customer codes 00183582 and claim number 7419992);
2. In the alternative, grant me leave to submit corrected KYC information within 30 days of the Court's order, or such other time period as the Court deems appropriate; and
3. Grant such other and further relief as the Court deems just and proper.

I am the rightful owner of this account. I made an honest mistake, and I tried to fix it. I ask the Court for fairness and for a chance to prove my claim.

Respectfully submitted,

Signed by:
Shuting kang
E7A016373E07818...

Kang Shuting
Email: 1764927176@qq.com
*Pro Se* Claimant

Dated: October 1, 2026

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2

E

US POSTAGE IMI 967061001111941 2000391749
$35.90
SSK
PME

10/01/26 Mailed from 10007 028W2310264

**PRIORITY MAIL EXPRESS®**

KANG SHUTING
NA NA
NEW YORK NY 10001

1.30 oz
RDC 07

WAIVER OF SIGNATURE REQUESTED

SCHEDULED DELIVERY DAY: 10/02/26 06:00 PM

SHIP TO:

US BANKRUPTCY COURT
824 NORTH MARKET ST, 3RD FLOOR
US BANKRUPTCY COURT
WILMINGTON DE 19801

**USPS TRACKING® NUMBER**

9570 1066 9561 6274 5358 96

IONAL USE
IERE

domestic

nsurance

and

ls.
jarding

MAY BE REQUIRED.

PAPER POUCH
recycle.info

UNITED STATES POSTAL SERVICE

UNITED ST
POSTAL SE

JPE
ED