Nicholas Shook (California Bar No. 337252)
Neon Law
5150 Mae Anne Ave Ste 405-9002, Reno, NV 89523
Telephone: (510) 800-2080
Email: nick@neonlaw.com
Counsel for the Holder of Claim No. 70813

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br>Related Docket No. 36197 |

**MOTION OF THE HOLDER OF CLAIM NO. 70813 FOR LEAVE TO RESPOND AFTER THE DEADLINE, A LIMITED OPPORTUNITY TO CURE, AND PARTICIPATION AT THE OCTOBER 20 HEARING**

Requested hearing: October 20, 2026, at 9:30 a.m. Eastern
Subject to Court approval

The holder of Claim No. 70813, through undersigned counsel, requests leave to respond to the Trust's 203rd Omnibus Objection after the October 2, 2026, 4 p.m. Eastern deadline. The Claimant requests at least 14 days after entry of an order to provide the information required to address the ownership and KYC deficiency, and requests that the claim not be expunged before this request is adjudicated. The client contends that FTX defrauded the client and caused a loss of approximately $80,000. The portal materials in counsel's file show a customer entitlement claim of $87,686.14; the approximate loss allegation is not a proposed amendment to that amount. The client denies engaging in fraud in connection with the claim. The Claimant seeks an opportunity to establish entitlement through the required verification process before expungement; the alleged misconduct by FTX does not eliminate the need to prove ownership or

complete KYC. The Claimant requests consideration at the October 20, 2026, 9:30 a.m. Eastern hearing if the Court permits, or on another date directed by the Court.

1. The Trust filed its objection on September 1, 2026. D.I. 36197 at 1. Claim No. 70813 is among the Verification Failure Claims. This motion identifies the customer by claim number. The account contact email is kirkland-mp1@protonmail.com. The Claimant requests permission to use this identification in the public filing and to provide any required identifying information through a Court-authorized confidential procedure.

2. Undersigned counsel was contacted to assist with the claim. The client reports residing in Ireland, being unfamiliar with the American judicial process, and being confused about how to address the claim objection. The client does not presently have the information needed to resolve the identified deficiency and intends to complete the required KYC personally through the Trust's authorized process. These circumstances are offered in support of a limited opportunity to respond and cure. No supporting factual declaration accompanies this request; the Claimant requests an opportunity to provide any evidence the Court requires.

3. The Claimant respectfully requests that the Court permit a late response and a limited opportunity to address the identified deficiency. The Claimant recognizes that relief under Rule 9006(b)(1)(B) is discretionary and must be supported by a showing of excusable neglect.

4. Rule 9006(b)(1)(B) permits an extension on a motion made after expiration when the failure to act resulted from excusable neglect. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 388, 395–97 (1993), permits consideration of inadvertence, mistake, and carelessness and directs consideration of prejudice, length and impact of delay, the reason and reasonable control, and good faith. The Claimant acknowledges that clients are accountable for counsel's omissions. Id. at 396–97. Ignorance of the rules or mistakes construing them do not usually constitute excusable neglect. Id. at 392. The Claimant asks the Court to evaluate the stated circumstances with the short delay, limited relief requested,

and willingness to cooperate; overseas residence alone is not asserted to excuse the deadline. The unusual ambiguity of notice in Pioneer is not asserted to exist here. Id. at 398.

5. A submission on October 6 would be four calendar days after October 2 and fourteen days before the noticed October 20 hearing. The Claimant requests that the Trust receive an adequate opportunity to respond and that the Court set or adjust the hearing as necessary. The Claimant submits that considering a limited cure request need not materially disrupt the proceedings. The Claimant requests consideration of actual prejudice and the impact of this limited request under Pioneer, 507 U.S. at 395.

6. The Trust's objection identifies discrepancies between submitted KYC and the original holder's prepetition information, lack of transfer evidence, and failure to answer vendor requests. D.I. 36197 ¶¶ 44, 57, 61. The Claimant seeks a claim-specific deficiency checklist, any required forms, and an authorized secure link to reopen or supplement verification. The client will personally upload the requested documentation. Counsel will forward the instructions and coordinate the response. On October 6, Trust counsel stated that it would review the claim and requested the intended cure steps; that correspondence does not grant an extension or establish agreement to relief. The client will cooperate with the Trust to complete the required KYC, provide requested information, and assist with any verification the Trust requires from the account holder. This undertaking does not substitute the client's identity for that of any other person whose identity must be verified. The requested cure opportunity is limited and does not assert that ownership has been verified or that KYC is complete. The Claimant seeks instructions identifying the information needed to resolve the discrepancy and an opportunity to supply it securely. The Claimant does not ask the Court to treat an email or crypto address as proof of ownership.

7. A filed notice in these cases reports that two claims were no longer subject to the 130th KYC objection after counsel confirmed that status with Debtors' counsel; the response was then withdrawn. D.I. 29222 at 1 (Jan. 16, 2025). That filing illustrates resolution by agreement. It

does not establish acceptance of a late response, disclose the specific cure steps, or confer a right to the same outcome here.

8. The Claimant consents to entry of final orders or judgments by the Bankruptcy Court on this request if it is later determined that the Court otherwise lacks constitutional authority to enter them without consent.

9. The Claimant requests permission for undersigned counsel to participate at the October 20 hearing, remotely if authorized by the Court. Counsel will comply with the Court's appearance-registration requirements and any direction concerning attendance. This request does not represent that a remote appearance has been registered or approved.

The Claimant requests leave to respond after the deadline; at least 14 days after entry of an order to submit the required cure information; preservation of the claim pending adjudication of this request; permission for counsel to participate at the October 20 hearing, remotely if authorized; and such scheduling and other relief as the Court finds appropriate. This motion does not request immediate distribution or a payment method outside the confirmed plan.

Dated: October 6, 2026 — Reno, Nevada

/s/ Nicholas shook
Nicholas Shook (California Bar No. 337252)
Neon Law
5150 Mae Anne Ave Ste 405-9002
Reno, NV 89523
Telephone: (510) 800-2080
Email: nick@neonlaw.com
Counsel for the Holder of Claim No. 70813

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br>Related Docket No. 36197 |

**PROPOSED ORDER GRANTING LEAVE TO RESPOND AFTER THE DEADLINE AND A LIMITED OPPORTUNITY TO CURE AS TO CLAIM NO. 70813**

Upon consideration of the motion of the holder of Claim No. 70813 for leave to respond after the deadline and related relief; and after notice and an opportunity to be heard; and the Court having determined that relief is warranted under Federal Rule of Bankruptcy Procedure 9006(b)(1)(B); IT IS ORDERED:

1. The Claimant is granted leave to file and serve a response to D.I. 36197 within fourteen days after entry of this Order. A response filed and served within that period shall be treated as timely.

2. The Claimant shall have fourteen days after entry of this Order to provide information required by the Trust or its KYC vendors to address the identified ownership and KYC deficiency. This Order does not require approval of KYC, determine ownership, allow the claim, or waive applicable verification requirements.

3. Claim No. 70813 shall not be expunged pursuant to D.I. 36197 pending further order of the Court.

4. Any hearing and participation shall be as directed by the Court. Remote attendance remains subject to the Court's authorization and applicable registration requirements.

5. The Court retains jurisdiction to implement and enforce this Order.

Dated: ____________________ Wilmington, Delaware

______________________________________________

KAREN B. OWENS
CHIEF UNITED STATES BANKRUPTCY JUDGE

**NOTICE OF MOTION AND REQUEST FOR HEARING**

| In re: | Chapter 11 |
| --- | --- |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (KBO)<br>(Jointly Administered)<br>Related Docket No. 36197 |
| Debtors. | |

PLEASE TAKE NOTICE that the holder of Claim No. 70813 seeks leave to respond after the deadline to D.I. 36197, fourteen days to address the identified ownership and KYC deficiency, and preservation of the claim pending further order.

The requested hearing is October 20, 2026, at 9:30 a.m. Eastern, before Chief Judge Karen B. Owens, at the United States Bankruptcy Court, 824 N. Market Street, 6th Floor, Courtroom No. 3, Wilmington, Delaware 19801. Consideration of this motion at that hearing is requested, subject to Court approval. Counsel will provide supplemental notice if the Court directs a different hearing date or procedure.

Objection deadline for the requested October 20 hearing: October 13, 2026, at 4:00 p.m. Eastern, unless the Court directs otherwise. The requested dates rely on filing and service on October 6, 2026, under Local Rule 9006-1(c)(i)–(ii). Objections must be filed with the Court and served on Nicholas Shook, Neon Law, 5150 Mae Anne Ave Ste 405-9002, Reno, NV 89523; nick@neonlaw.com.

If a timely objection is not made, the Court may grant the motion and enter an order without a hearing.

Dated: October 6, 2026

/s/ Nicholas shook

Nicholas Shook, Counsel for the Holder of Claim No. 70813