**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.* | Case No. 22-11068 (KBO) |
| Debtors.[1] | (Jointly Administered) |

**ARGENT LIQUIDATION TRUST'S REPLY TO FTX RECOVERY TRUST'S RESPONSE TO ARGENT LIQUIDATION TRUST'S CORRECTED JOINDER AND STATEMENT IN SUPPORT OF MOTION OF SETH MELAMED FOR RECONSIDERATION OF THE JUNE 2, 2026 ORDER**

The Argent Liquidation Trust ("Argent"), as successor to the estates of debtors Silvergate Capital Corporation, Silvergate Liquidation Corporation (f/k/a Silvergate Bank), and Spring Valley Lots, LLC (these debtors, collectively, "Silvergate"), makes this submission in reply (the "Reply") to the *FTX Recovery Trust's Response to Argent Liquidation Trust's Corrected Joinder and Statement in Support of Motion of Seth Melamed for Reconsideration of the June 2, 2026 Order* [Docket No. 36245] (the "FTX Response") filed by the FTX Recovery Trust (the "FTX Trust") and in further support of *Argent's Joinder and Statement in Support of Motion of Seth Melamed for Reconsideration of the June 2, 2026 Order* [Docket No. 36059-1] (the "Joinder").[2] Argent respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not defined in this Reply have the meanings given to them in the Joinder or, if not defined in the Joinder, in the Plan.

**REPLY**

1. Through the FTX Response, the FTX Trust has now withdrawn its argument that Section 5.2 of the FTX Plan bars any of the Silvergate Claims. The FTX Trust now represents that it "will not request that the Court apply the Global Settlement or section 5.2 to the Silvergate Claims as a threshold legal matter," and that "the question of whether the language of the Plan bars the assertion of the Silvergate Claims at all is moot." FTX Response ¶ 14; *see also id*. ¶¶ 138–39. The FTX Trust further acknowledges that claims such as the Silvergate Claims "arguably are not precluded by section 5.2," and that, as to Class 6A General Unsecured Claims, "the plain language of the Plan does not operate in the same manner." *Id*. ¶¶ 13, 100. Argent takes the FTX Trust at its word.

2. That concession speaks for itself. The FTX Trust first invoked Section 5.2 of the Plan against the Silvergate Claims in June 2026. *See* Joinder ¶¶ 48–49. Once that position was tested against the text and structure of the Plan in the Joinder, the FTX Trust withdrew it. Argent respectfully submits that the FTX Trust's retreat confirms what Argent articulated in its Joinder: Section 5.2 is a standard plan provision that channels Claims into the Plan's claim allowance and distribution framework; it does not extinguish Claims, and it never supported the use to which the FTX Trust sought to put it against the Silvergate Claims. *See* Joinder ¶ 6.

3. Notwithstanding the FTX Trust's representation that it will not seek to bar the Silvergate Claims through any argument premised on Section 5.2 or the Global Settlement, the FTX Response continues in several places to argue that Section 5.2 of the Plan should reach the Silvergate Claims. Among other things, the FTX Trust states that it "maintains that it is appropriate for the Court to decline to consider the Silvergate Claims on this basis" (FTX Response ¶ 14); contends that the Plan's history supports applying the Section 5.2 to such claims "either as a

threshold matter or as a matter of equitable subordination" (*id.* ¶ 100); and devotes a section of its argument to the proposition that the Global Settlement "Should, as an Equitable Matter, Apply to the Silvergate Claims" (*id.* ¶¶ 135–38). Argent disagrees with each of those statements, and with the FTX Trust's interpretation of Section 5.2 more broadly, for the reasons set forth in the Joinder.

4. Argent will not, however, burden the Court or the parties with a point-by-point rebuttal of arguments that the FTX Trust has expressly stated it will not ask the Court to decide as to the Silvergate Claims. Doing so would serve no purpose other than to consume judicial and estate resources on a question the FTX Trust itself has declared moot. Argent's decision not to respond further at this time should not be construed as acquiescence in, or agreement with, any characterization, interpretation, or argument in the FTX Response.

5. Argent expressly reserves all of its rights, claims, defenses, and arguments, including, without limitation, all arguments set forth in the Joinder, to respond fully should the FTX Trust or any other party hereafter seek to invoke the Global Settlement or Section 5.2 of the Plan in any way against the Silvergate Claims, whether directly or indirectly, as a threshold matter, on equitable grounds, in connection with any request for equitable subordination, or otherwise. In light of the FTX Trust's representation, any ruling on the Motion for Reconsideration—or any other ruling concerning the scope, meaning, or effect of the Global Settlement or Section 5.2 as applied to Melamed or any other party—should not be applied to the Silvergate Claims, and should not be given preclusive effect against Argent or the Silvergate Claims, whether through the doctrines of *res judicata*, collateral estoppel, law of the case, or otherwise. Argent expressly reserves all rights to oppose any such application. Nothing herein constitutes a waiver or admission of any kind.

**CONCLUSION**

In light of the FTX Trust's representation that it will not seek to apply the Global Settlement or Section 5.2 of the Plan to bar the Silvergate Claims, Argent does not press those issues further at this time and respectfully submits that the Court need not reach them as to the Silvergate Claims. Argent expressly reserves all rights, claims, defenses, and arguments, including those set forth in the Joinder, should the FTX Trust or any other party hereafter seek to invoke the Global Settlement or Section 5.2 against the Silvergate Claims, directly or indirectly, including through the application of *res judicata*, collateral estoppel, or law of the case arising from any ruling on the Motion for Reconsideration or otherwise, and requests such other and further relief as the Court deems just and proper.

Dated: October 9, 2026
Wilmington, Delaware

Respectfully submitted,

*/s/ L. Katherine Good*

L. Katherine Good (No. 5101)
Gregory J. Flasser (No. 6154)
Sameen Rizvi (No. 6902)
Ethan H. Sulik (No. 7270)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: kgood@potteranderson.com
gflasser@potteranderson.com
srizvi@potteranderson.com
esulik@potteranderson.com

-and-

Dennis F. Dunne (admitted *pro hac vice*)
Daniel Perry (admitted *pro hac vice*)
Lauren C. Doyle (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5770
Facsimile: (212) 822-5770

Email: ddunne@milbank.com
dperry@milbank.com
ldoyle@milbank.com

-and-

Andrew M. Leblanc (admitted *pro hac vice*)
Melanie Westover Yanez (admitted *pro hac vice*)
Hannah Blazek (admitted *pro hac vice*)
Riah Kim (admitted *pro hac vice*)
**MILBANK LLP**
1101 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 835-7574
Facsimile: (202) 263-7574
Email: aleblanc@milbank.com
mwyanez@milbank.com
hblazek@milbank.com
rkim2@milbank.com

*Counsel to the Argent Liquidation Trust*