**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 36197, 36198, 36299, 36357, 36443, 36489 & 36490** |

**FTX RECOVERY TRUST'S REPLY IN SUPPORT OF THE TWO HUNDRED THIRD (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM WITH REJECTED KYC (CUSTOMER CLAIMS)**

The FTX Recovery Trust[2] (the "Trust") hereby submits this reply (the "Reply") in further support of the *FTX Recovery Trust's Two Hundred Third (Substantive) Omnibus Objection to Certain Proofs of Claim with Rejected KYC (Customer Claims)* [D.I. 36197] (the "Objection").[3] The Trust respectfully states as follows:

**Reply**

1. As detailed in the Objection, it is well-documented that the prepetition Debtors failed to maintain basic anti-money laundering, counter-terrorist financing, and know-your-customer ("KYC") procedures when operating the FTX.com exchange. (Obj. ¶¶ 25-26.) These deficiencies exposed the Exchange to heightened risks of fraud, sanctions violations, and criminal misuse of customer accounts and funds. (*Id.* ¶ 26.)

---

1 The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

2 The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan").

3 Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

2. To address these risks, the Debtors sought to implement KYC procedures designed to prevent the claims distribution process from being used to facilitate money laundering, terrorist financing, or violations of sanctions laws and related regulations. (Obj. ¶ 27.) The Court expressly authorized those efforts in the Customer Bar Date Order, which, among other things, authorized the Debtors to collect Original Holder KYC Information for every Customer Entitlement Claim and to object to Customer Entitlement Claims where the Original Holders did not submit the requested KYC Information by the Customer Bar Date (such claims, "Unverified Claims"). (Customer Bar Date Order ¶¶ 16, 18.)

3. The Debtors', and now the Trust's, authority to object to claims with insufficient KYC Information was expressly preserved by the Plan. In particular, the Plan defines an "Unverified Customer Entitlement Claim" as a Customer Entitlement Claim where the claimant fails to submit the Original Holder's KYC Information by the Court-approved deadline, or where the Debtors' objection to that KYC Information is sustained. (Plan § 2.1.197.) The Plan, in turn, expressly defines an "Allowed Claim" as one that is "not an Unverified Customer Entitlement Claim." (*Id.* § 2.1.8(c)(iv).) The Plan also contemplates that, where applicable, the Trust will "object[] . . . to the KYC Information of the Original Holder" submitted by a claimant. (*Id.* § 2.1.197.)

4. On September 1, 2026, the Trust filed the Objection seeking to disallow and expunge 616 claims (the "Objection Claims," and the holders of such claims, the "Objection Claimants") for which KYC Information was rejected during the Trust's KYC collection and review process.

5. The Trust received eight informal and five formal responses to the Objection (collectively, the "Responses").[4] The Trust has engaged with the Objection Claimant or the Objection Claimant's counsel for each Response and has been able to remove, and in certain cases moot, eleven of the thirteen Responses from the Objection.[5]

6. For nine of the Responses,[6] the Objection Claimants provided additional documentation establishing their identities and ownership of the relevant customer accounts that resolved the Trust's concerns described in the Objection. These Objection Claims have subsequently been Allowed and are no longer subject to the Objection. The Trust has advised the Objection Claimants of this, and these Objection Claims have now been removed from the schedules of Objection Claims attached to the Objection (each an "Initial Schedule").

7. Of the four outstanding Responses, two have been adjourned as the Trust is actively investigating the Objection Claims and working with the Objection Claimants or their counsel in good faith to determine whether their KYC deficiencies may be resolved. With respect to the other two Responses, the Objection Claimants have not responded to the Trust's requests for additional information and, accordingly, the Trust maintains its Objection with respect to those Objection Claims. The status of each is as follows:

---

[4] The formal Responses consist of the following: *Response of Jeremy Lebair to the FTX Recovery Trust's Two Hundred Third (Substantive) Omnibus Objection to Certain Proofs of Claim with Rejected KYC (Customer Claims)* [D.I. 36299]; *Claimant's Response to the FTX Recovery Trust's Two Hundred Third (Substantive) Omnibus Objection to Certain Proofs of Claim with Rejected KYC (Customer Claims)* [D.I. 36443]; *Response of Kang Shuting to FTX Recovery Trust's Two Hundred Third (Substantive) Omnibus Objection to Certain Proofs of Claim with Rejected KYC (Customer Claims) [Docket No. 36197]* [D.I. 36489]; the *Response to the FTX Recovery Trust's Two Hundred Third (Substantive) Omnibus Objection to Certain Proofs of Claim with Rejected KYC (Customer Claims) [D.I. 36197] and Request for Continued KYC Review / Ownership Linkage* [D.I. 36357]; and *Motion of the Holder of Claim No. 70813 for Leave to Respond After the Deadline, a Limited Opportunity to Cure, and Participation at the October 20 Hearing* [D.I. 36490].

[5] Additionally, in connection with the Trust's further review of the Debtors' legacy KYC records, the Trust removed two Objection Claims from the Objection.

[6] Claim or Schedule Nos. 79445, 14650, 52885, 7327678, 7339090, 72524, 6726901, 7208882, and 7206298.

8. ***Nick Yakutilov (Claim No. 15629)***. On September 28, 2026, Nick Yakutilov filed the *Response to the FTX Recovery Trust's Two Hundred Third (Substantive) Omnibus Objection to Certain Proofs of Claim with Rejected KYC (Customer Claims) [D.I. 36197] and Request for Continued KYC Review / Ownership Linkage* [D.I. 36357] (the "Yakutilov Response"). Mr. Yakutilov's Objection Claim was listed as a Verification Failure Claim as the prepetition details on the relevant customer account do not match the details provided by Mr. Yakutilov postpetition. Following the filing of the Yakutilov Response, the Trust contacted Mr. Yakutilov multiple times with requests to provide additional details regarding the prepetition and postpetition discrepancies. Despite this repeated outreach, Mr. Yakutilov has not responded. The Trust therefore maintains its Objection as to Mr. Yakutilov's Objection Claim.

9. ***Kang Shuting (Schedule No. 7419992)***. On October 6, 2026, four days after the deadline to respond, Kang Shuting filed the *Response of Kang Shuting to FTX Recovery Trust's Two Hundred Third (Substantive) Omnibus Objection to Certain Proofs of Claim with Rejected KYC (Customer Claims) [Docket No. 36197]* [D.I. 36489] (the "Kang Response"). Ms. Kang's Claim was listed as a Verification Failure Claim as the prepetition details on the relevant customer account do not match the details provided by Ms. Kang postpetition. Following the filing of the Kang Response, the Trust contacted Ms. Kang multiple times with requests to provide additional details regarding the prepetition and postpetition discrepancies. Ms. Kang did not respond to such outreach until October 15, 2026. As of the filing of this Response, Ms. Kang has only acknowledged—but has not yet completed—the requests by the Trust. As a result, the Trust maintains its Objection as to Ms. Kang's Claim.

10. ***Claim No. 70813***. On October 6, 2026, four days after the deadline to respond, counsel for the holder of Claim No. 70813 filed the *Motion of the Holder of Claim No.*

*70813 for Leave to Respond After the Deadline, a Limited Opportunity to Cure, and Participation at the October 20 Hearing* [D.I. 36490] (the "Motion"). Claim No. 70813 was listed as a Verification Failure Claim. Through the Motion, the Objection Claimant requests leave to file a late response, at least fourteen days to address the outstanding ownership and KYC deficiencies, preservation of Claim No. 70813 while those issues are investigated, and permission for counsel to participate in the October 20 hearing. (*Id.* ¶ 9.) To allow the parties time to consensually resolve the KYC issues, the parties have agreed to adjourn the adjudication of Claim No. 70813 until November 19, 2026, and to extend the Trust's deadline to reply to the Motion until Friday, October 30, 2026, subject to further extensions as necessary. Accordingly, Claim No. 70813 has been removed from the Objection. The Trust reserves all rights as to Claim No. 70813 and the Motion.

11. ***Claim No. 74417***. On October 12, 2026, ten days after the deadline to respond to the Objection, the holder of Claim No. 74417 reached out to counsel to the Trust with a *Response of Claimant To FTX Recovery Trust's Two Hundred Third (Substantive) Omnibus Objection to Certain Proofs of Claim with Rejected KYC (Customer Claims)* and a *Claimant's Request for Leave to File Response Out of Time* (together, the "74417 Responses"). Claim No. 74417 was listed as a Verification Failure Claim. Despite the lateness of the 74117 Responses, the Trust has reached out to the holder of Claim No. 74117 to provide them an opportunity to cure the KYC deficiencies. As a result, Claim No. 74117 has been removed from the Objection. The Trust reserves all rights as to Claim No. 74117 and the 74117 Responses.

12. The revised schedules (the "Revised Schedules") are attached hereto as **Exhibit A**. The list of Claims that have been removed from the Initial Schedules is attached hereto as **Exhibit B**.

**Conclusion**

13. For the reasons stated above and as set forth in the Objection, the Trust respectfully requests that the Court sustain the Objection in its entirety.

Dated: October 15, 2026
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
mcguire@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*