**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

2026 OCT 15 A 9:08

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FTX TRADING LTD., *et al.*, | ) | Case No. 22-11068 (KBO) |
| Debtors. | ) | (Jointly Administered) |
| | ) | Ref. D.I. 36197 |
| | ) | **Requested Hearing Date: October 20, 2026 at 9:30 a.m. (ET), or as the Court directs** |
| | | **Objection Deadline: as the Court directs** |

**RESPONSE OF ROBERT DICKEY TO THE FTX RECOVERY TRUST'S TWO HUNDRED THIRD (SUBSTANTIVE) OMNIBUS OBJECTION [D.I. 36197] AS TO SCHEDULE NO. 7206298, AND MOTION OF ROBERT DICKEY FOR LEAVE TO FILE AND SERVE A LATE RESPONSE, A CLAIM-SPECIFIC ADJOURNMENT, AND RELATED NOTICE RELIEF**

1. Robert Dickey, proceeding without counsel, asserts the customer claim identified as Schedule No. 7206298 on Schedule 1 (Verification Failure Claims) to the FTX Recovery Trust's Two Hundred Third (Substantive) Omnibus Objection [D.I. 36197] (the "Objection"). He opposes disallowance and expungement of that claim. His declaration is attached as Exhibit A, and a proposed order is attached as Exhibit B.

2. **Leave to file and serve this response after the deadline.** Mr. Dickey moves under Federal Rule of Bankruptcy Procedure 9006(b)(1)(B) for leave to file and serve this response after the October 2, 2026 deadline and for the Court to consider it. Excusable neglect is an equitable determination considering the danger of prejudice, the length of the delay and its potential impact on the proceedings, the reason for the delay, including whether it was within the movant's reasonable control, and good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). His declaration states that he sought counsel but did not

obtain representation before the response deadline, and describes the birth of his child, several days supporting his partner and newborn at the hospital, and continuing newborn-care demands and disrupted sleep through the deadline that contributed to his delay in completing the response. On October 3, 2026, he asked the Court's help desk how to submit a response; on October 3 and October 7, 2026, he wrote to the Trust's counsel seeking review and an adjournment. The requested leave concerns a response to an already identified claim, not the assertion of a new claim. He seeks no immediate distribution. He requests consideration at the existing October 20 hearing if the Court permits, and only a short, Court-set adjournment as to his claim; the Objection may proceed as to all other claims. Those limitations reduce the risk of prejudice and disruption, and his prompt outreach supports good faith and an effort to resolve the dispute. He is submitting this request before the October 20 hearing on the Objection. He asks the Court to weigh the circumstances described in his declaration together with the limited relief requested, its limited potential impact on the proceedings, and his postdeadline efforts under *Pioneer*. If the Trust agrees to adjourn the Objection as to his claim, he will so advise the Court and withdraw or narrow this request as appropriate.

3. **Notice and timing.** The ordinary fourteen-day motion-notice period for the October 20, 2026 hearing has passed. Mr. Dickey asks the Court to consider his request for leave in connection with the hearing on the Objection, or to direct the notice, response opportunity, and hearing procedure required before ruling. To the extent shortened notice is necessary, he requests it under Rule 9006(c)(1) because his claim is scheduled to be addressed at that hearing and could otherwise be disallowed before the Court considers his request for leave. The exigency is that his claim is scheduled to be addressed at the October 20 hearing. On October 3, 2026, he advised the Trust's counsel that he was preparing a request for leave to respond late and asked whether the Trust would consent to a late response and an adjournment as to his claim. On October 7, 2026, he advised them that he would file this request unless the Trust agreed to an adjournment. As of the date of this Motion he has not received their position. He

is serving this Motion on the Trust's counsel and the Office of the United States Trustee by email and mail. Mr. Dickey proceeds pro se and, as stated in his declaration, has not retained Delaware counsel because the cost would be disproportionate to his claim. He asks the Court to otherwise order under Local Rule 9006-1(e) that his written request may be considered without a Delaware-counsel averment, upon the notice and response opportunity the Court finds appropriate. For the requested procedural relief (leave to file and serve a late response, a claim-specific adjournment, and notice directions), Mr. Dickey asks the Court to authorize notice limited to the Trust through its counsel and the Office of the United States Trustee, or to such additional recipients as the Court directs. That procedural relief would not allow the claim or authorize a distribution. He will provide any additional notice required before a merits determination. Pending the Court's scheduling directions, he requests permission to submit this combined response and motion without a separate notice stating a fixed hearing date and objection deadline for the Motion. He will serve any further notice the Court directs. He does not request entry of relief by default before the required opportunity to respond has been provided. If the Court requires further notice before deciding leave or an adjournment, he asks that Schedule No. 7206298 be excluded from disposition at the October 20 hearing pending that determination.

4. **Claim-specific basis for opposition.** The account corresponding to Schedule No. 7206298 was Mr. Dickey's, and its assets were entirely his. The name associated with the account differs from his legal name. FTX KYC Support raised that name discrepancy, and he responded to its questions in October 2024 and January 2025, including its account-control questions. He continues to control the email address registered to the account. He is willing to provide identity and account-ownership information through a secure verification process consistent with applicable Court orders, or under seal if the Court prefers, and he requests a short adjournment to determine whether the discrepancy can be resolved before his claim is disallowed.

5. **Relief requested.** Mr. Dickey respectfully requests that the Court: (a) if further notice is required before leave or an adjournment can be decided, defer disposition of Schedule No. 7206298 pending that decision, without delaying disposition of other claims; (b) authorize consideration of this Motion in connection with the October 20 hearing on the Objection, or direct the shortened notice, limited notice, response opportunity, and procedure necessary to decide it; (c) find excusable neglect under Rule 9006(b)(1)(B), grant leave to file and serve this response after the October 2, 2026 deadline, and consider the response; (d) adjourn the Objection solely as to Schedule No. 7206298 to a date set by the Court and exclude that claim from any order sustaining the Objection pending further order; and (e) direct the Trust and Mr. Dickey to confer during that adjournment about whether further secure verification is available consistent with applicable Court orders. If the dispute remains unresolved, he requests a further hearing as directed by the Court. If, after granting leave and providing the required opportunity to be heard, the Court reaches the merits without an adjournment, he requests that the Court decline to sustain the Objection as to Schedule No. 7206298 on the present record, without prejudice to further proceedings.

6. **Consent.** Mr. Dickey consents to the entry of final orders or judgments by this Court with respect to this response and motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

Dated: October 7, 2026

Robert Dickey, *pro se*
500 Westover Dr. #39093
Sanford, NC 27330
Telephone: (301) 529-3243
Email: ftx-claim@rfd.email

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., *et al.*, | ) | Case No. 22-11068 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Ref. D.I. 36197 |
| | ) | |
| | ) | |

**DECLARATION OF ROBERT DICKEY**

I, Robert Dickey, declare from my personal knowledge as follows:

1. I am the individual who opened and used the FTX.com account corresponding to Schedule No. 7206298. The assets in that account were entirely mine. I did not hold them for any company or other person. I have not sold or transferred my claim.

2. The name associated with the account differs from my legal name. I continue to control the email address registered to the account.

3. In October 2024 and January 2025, I responded to FTX KYC Support's questions about the name discrepancy on the account, including its account-control questions.

4. I sought to retain counsel to respond to the Objection but did not obtain representation before the October 2, 2026 response deadline. The scheduled amount of my claim is approximately $2,800, and I have not retained Delaware counsel because the cost would be disproportionate to the claim.

5. In the weeks before that deadline, our child was born. I spent several days at the hospital supporting my partner and our newborn. After we came home and through the October 2 deadline, the demands of caring for our newborn, disrupted sleep, and the adjustment to infant care contributed to my delay in completing my response.

6. On October 3, 2026, I asked the Court's help desk how to submit a response. On October 3 and October 7, 2026, I wrote to the Trust's counsel asking for review of my claim and an adjournment to determine whether the name discrepancy could be resolved. In those emails I told them I was preparing this request and, on October 7, that I would file it unless the Trust agreed to an adjournment. As of the date of this declaration, I have not received their position. I am willing to provide identity and account-ownership information through a secure verification process consistent with applicable Court orders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 7, 2026

Robert Dickey, *pro se*
500 Westover Dr. #39093
Sanford, NC 27330
Telephone: (301) 529-3243
Email: ftx-claim@rfd.email

**EXHIBIT B**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., *et al.*, | ) | Case No. 22-11068 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Ref. D.I. 36197 |
| | ) | |
| | ) | |

**ORDER GRANTING MOTION OF ROBERT DICKEY FOR LEAVE TO FILE AND SERVE A LATE RESPONSE TO THE TWO HUNDRED THIRD (SUBSTANTIVE) OMNIBUS OBJECTION [D.I. 36197], ADJOURNING THE OBJECTION AS TO SCHEDULE NO. 7206298, AND GRANTING RELATED NOTICE RELIEF**

Upon consideration of the response and motion of Robert Dickey concerning Schedule No. 7206298 (the "Motion"), and the Court having determined that notice and an opportunity to be heard are sufficient for the relief granted below and that Mr. Dickey's failure to file and serve his response by October 2, 2026 resulted from excusable neglect under Rule 9006(b)(1)(B), IT IS HEREBY ORDERED THAT:

1. For the procedural relief granted by this Order, the Court shortens the otherwise applicable notice period and authorizes notice to the FTX Recovery Trust through its counsel and the Office of the United States Trustee. Under Local Rule 9006-1(e), the Court permits consideration of the request for shortened notice without a Delaware-counsel averment. No separate notice stating fixed hearing and objection dates for the Motion is required for the procedural relief granted by this Order. This paragraph does not dispense with further notice or an opportunity to be heard required for a merits determination.

2. Mr. Dickey is granted leave under Rule 9006(b)(1)(B) to file and serve the response submitted with the Motion after the October 2, 2026 deadline. The response shall be treated as filed and served within the deadline as extended by this Order, subject to any further service

directed by the Court, and the Court will consider it.

3. The Objection [D.I. 36197] is adjourned solely as to Schedule No. 7206298 to a date to be set by the Court. The parties shall request a further hearing or other procedural directions if they have not resolved the dispute within fourteen days after entry of this Order. Until further order, Schedule No. 7206298 shall not be disallowed or expunged by an order sustaining the Objection. The Objection may proceed as to all other claims.

4. Within fourteen days after entry of this Order, the Trust and Mr. Dickey shall confer regarding whether further secure verification is available consistent with applicable orders of this Court. This Order does not require the Trust to approve verification or reopen a process prohibited by an existing order.

5. This Order does not determine the allowance or disallowance of the claim, satisfaction of any identity-verification requirement, or entitlement to a distribution. Except for the procedural relief expressly granted, the parties' rights concerning the claim are reserved.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., *et al.*, | ) | Case No. 22-11068 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Ref. D.I. 36197 |
| | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I certify that on October 7, 2026, I caused a copy of the foregoing Response and Motion, with Exhibits A and B, to be served on the following parties by the methods indicated:

**By first-class U.S. mail and email:** Landis Rath & Cobb LLP, Attn: Adam G. Landis, Matthew B. McGuire, Kimberly A. Brown, Matthew R. Pierce, 919 Market Street, Suite 1800, Wilmington, DE 19801 (landis@lrclaw.com; mcguire@lrclaw.com; brown@lrclaw.com; pierce@lrclaw.com), counsel for the FTX Recovery Trust

**By first-class U.S. mail and email:** Sullivan & Cromwell LLP, Attn: Andrew G. Dietderich, James L. Bromley, Brian D. Glueckstein, Alexa J. Kranzley, 125 Broad Street, New York, NY 10004 (dietdericha@sullcrom.com; bromleyj@sullcrom.com; gluecksteinb@sullcrom.com; kranzleya@sullcrom.com), counsel for the FTX Recovery Trust

**By first-class U.S. mail and email:** Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (linda.richenderfer@usdoj.gov)

Robert Dickey, *pro se*
500 Westover Dr. #39093
Sanford, NC 27330
Telephone: (301) 529-3243
Email: ftx-claim@rfd.email

1048765X1X1XPRI

P

PRIORITY MAIL
U.S. POSTAGE PAID
C2M
eVS

**USPS PRIORITY MAIL®**

Robert Dickey
500 Westover Dr
#39093
Sanford, NC 27330

U.S. Bankruptcy Court D. Del.
Attn Clerk 824 N Market St
Third Floor
Wilmington, DE 19801

**USPS TRACKING # eVS**

**9205 5901 5266 1900 2438 0130 01**