# EXHIBIT A

# EXHIBIT A

## The Trust's Evolving Arguments Regarding Section 5.2 of the Plan

*"Mot." = Motion to Enforce [D.I. 35243]; "Reply" = MTE Reply [D.I. 35558]; "Obj." = Reconsideration Objection [D.I. 36002]; "Resp." = Argent Response [D.I. 36245]. Emphasis omitted.*

| Issue | Motion to Enforce (D.I. 35243, Apr. 2, 2026) and Reply (D.I. 35558, May 11, 2026) | Objection to Motion for Reconsideration (D.I. 36002, July 16, 2026) | Response to Argent (D.I. 36245, Sept. 11, 2026) |
|---|---|---|---|
| **What § 5.2 does to fraud-premised claims** | The claims "have been conclusively settled and released under the Global Settlement provision of the Plan, which generally releases all claims premised on 'the actual or purported fraud, unjust enrichment, misappropriation, conversion and misconduct of' FTX." (Mot. ¶ 14.)<br><br>The allegations concern "the very same alleged misconduct that was conclusively settled and released through the Plan's Global Settlement." (Mot. ¶ 44.)<br><br>Relief sought: enjoin Melamed's "unpreserved, conclusively settled and released, claims." (Reply, Conclusion.) | Section 5.2 "conclusively resolves and releases claims against the estate premised on the larger FTX group fraud." (Obj. ¶ 2.)<br><br>The claims are barred by the Global Settlement provision, "and therefore permanently enjoined"; "[t]hat ruling was dispositive." (Obj. ¶ 4.) | "The Global Settlement does not independently disallow any Claims that attempt an end-run around the Plan's classification and treatment provisions, but rather releases and settles such Claims so that they are unenforceable and subject to disallowance under section 502(b)(1) of the Bankruptcy Code." (Resp. ¶ 125.)<br><br>Settled claims "cannot be pursued to obtain an additional recovery outside the Plan's classification and treatment framework. It does not, as Argent contends, extinguish every filed proof of claim or render articles 4 and 8 meaningless." (Resp. ¶ 84.) |
| **Which claims § 5.2 reaches** | "[C]laims based on this same misconduct," by which "virtually any purported creditor of FTX could attempt to obtain a disproportionate recovery at the expense of others." (Mot. ¶ 44.)<br><br>Claims "that could be asserted by nearly all creditors and which the Global Settlement provision was designed to resolve." (Reply ¶ 45.)<br><br>"[T]he quoted language" Melamed cited "is expansive, not limiting," and cannot confine the provision to customer claims. (Reply ¶ 46.) | "The Plan's Global Settlement provision applies to 'all Claims, Interests and Causes of Action against, by or among the Debtors' arising from the FTX fraud (§ 5.2)." (Obj. ¶ 11.)<br><br>The claims "fall squarely within the Global Settlement provision because they are premised on generalized allegations concerning the broader FTX Group fraud." (Obj. ¶ 27.) | "The focus of the Plan, including section 5.2, was on Claims for losses tethered in some way to accounts on the FTX exchanges or Digital Assets." (Resp. ¶ 13.)<br><br>Untethered Class 6A claims based on "generalized allegations of prepetition misconduct" "arguably are not precluded by section 5.2." (Id.)<br><br>For such claims, "the plain language of the Plan does not operate in the same manner." (Resp. ¶ 100.)<br><br>As to Melamed, *arguendo*, even claims "not premised on the generalized fraud," because "the Global Settlement's reach is not so limited." (Resp. ¶ 134.) |

| **Issue** | **Motion to Enforce (D.I. 35243, Apr. 2, 2026) and Reply (D.I. 35558, May 11, 2026)** | **Objection to Motion for Reconsideration (D.I. 36002, July 16, 2026)** | **Response to Argent (D.I. 36245, Sept. 11, 2026)** |
|---|---|---|---|
| **Claimants who assert generalized fraud** | "Because virtually any purported creditor of FTX could attempt to obtain a disproportionate recovery at the expense of others by asserting claims based on this same misconduct, these are precisely the type of claims that have been released and enjoined under the Plan's Global Settlement provision." (Mot. ¶ 44.)<br>Mashinsky: the Global Settlement bars the Mashinsky Claims. (D.I. 34704 ¶¶ 39–43 (Feb. 13, 2026); see D.I. 36459 at 7 n.10.) | Not addressed; Argent's joinder called "improper." (Obj. n.8.) | Trust will not ask the Court to apply § 5.2 to the Silvergate Claims "as a threshold matter to bar any litigation"; whether § 5.2 bars "even the assertion" of those claims is "moot." (Resp. ¶¶ 138–139; see ¶ 14.) Settlement "should be applicable on an equitable basis." (Resp. ¶ 138.)<br>Mashinsky: "The Trust previously argued that the Global Settlement operates to bar the Mashinsky Claims. The Trust is no longer asserting that argument against Mashinsky and expressly reserves all rights, arguments, and defenses concerning the Global Settlement and any other grounds for objection." (D.I. 36459 at 7 n.10 (Oct. 2, 2026).)<br>Asks instead that the Court "equitably apply" the Global Settlement to such claims. (Resp. ¶ 74.) |
| | | | |
| **Role of § 4.4 and the Estimation Order** | Not invoked in the § 5.2 argument (Mot. ¶¶ 39–45). The July 2025 valuation ruling is relied on to argue futility and burden. (Mot. ¶ 38.)<br>Quoting the Court: the Estimation Order "must be used to value any arbitration award Mr. Melamed obtains related to the unpaid crypto consideration." (Mot. ¶ 38, at 19–20.) | The Crypto Consideration "must be valued under the Plan and Estimation Order." (Obj. ¶ 1.) | Section 4.4 "dictates how such claims are valued." (Resp. ¶ 130.)<br>"[W]hatever theory of liability Melamed invokes," his claims fall within "the Plan's prescribed treatment for claims 'in respect of Digital Assets.'" (Resp. ¶ 130.) |
| **Textual basis cited** | Clause (a): "fraud . . . and misconduct" of FTX. (Mot. ¶ 40.) | Clause (k): claims that "relat[e] to" the generalized fraud. (Obj. ¶ 27.) | Section 5.2's second paragraph and § 4.4 (Resp. ¶¶ 89, 129–131), and "all Claims" held by a creditor "whose claim is governed by specific Plan treatment." (Resp. ¶ 134.) |
| **Section 10.8** | Section 10.8 is "an independent injunction provision" and "is not limited to claims released under Article 10." (Reply ¶ 47.) | Same. (Obj. ¶¶ 12, 30.) | Section 10.8 "incorporates the Global Settlement." (Resp. ¶ 107.) |