**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>**Ref. No. 36197** |

**ORDER SUSTAINING FTX RECOVERY TRUST'S TWO HUNDRED THIRD (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM WITH REJECTED KYC (CUSTOMER CLAIMS)**

Upon the objection (the "Objection")[2] of the FTX Recovery Trust,[3] for entry of an order (this "Order") sustaining the Objection and disallowing and expunging in their entirety from the claims register the Objection Claims set forth in Schedules 1, 2, 3, and 4 (the "Schedules") attached hereto, and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Objection in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

[3] The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1].

found that proper and adequate notice of the Objection and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and responses (if any) to the Objection having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Objection and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the FTX Recovery Trust; and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Objection is SUSTAINED as set forth herein.

2. The Objection Claims listed on the Schedules are disallowed and expunged in their entirety, with prejudice.

3. Kroll Restructuring Administration LLC, as the FTX Recovery Trust's claims and administrative agent, is authorized and directed to update the claims register maintained in these Chapter 11 Cases to reflect the relief granted in this Order.

4. The FTX Recovery Trust has provided a notice to Claimants bringing the Objection Claims listed on the Schedules that complies with the notice and service procedures set forth in the Bankruptcy Rules and the Local Rules.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity of any claim against the FTX Recovery Trust; (ii) a waiver of the FTX Recovery Trust's rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an

implication or admission that any particular claim is of a type specified or defined in the Objection or any order granting the relief requested by the Objection; (v) an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code; or (vi) a waiver of the FTX Recovery Trust's rights under the Bankruptcy Code or any other applicable law.

6. Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the FTX Recovery Trust's right to object on any other grounds that the FTX Recovery Trust discovers is preserved.

7. To the extent a response is filed regarding any Objection Claim, each such Objection Claim, and the Objection as it pertains to such Objection Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed a separate order with respect to each Objection Claim. Any stay of this Order pending appeal by any Claimants whose Objection Claims are subject to this Order shall only apply to the contested matter that involves such Claimants and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The FTX Recovery Trust is authorized to take all actions necessary to effectuate the relief granted in this Order.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: October 21st, 2026**
**Wilmington, Delaware**

Ka B. Ow

**KAREN B. OWENS**
**CHIEF JUDGE**