**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: November 19, 2026 at 1:00 p.m. (ET)**<br>**Obj. Deadline: November 12, 2026 at 4:00 p.m. (ET)** |
| | **Ref. Nos. 30991, 33444 & 33890** |

**MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER FURTHER EXTENDING THE CLAIMS OBJECTION DEADLINE AND THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE**

The FTX Recovery Trust[2] hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending the Claims Objection Deadline (as defined below) and the Administrative Claims Objection Deadline (as defined below), in each case by 12 months through and including January 4, 2028 and without prejudice to seek further extensions. In support of the Motion, the FTX Recovery Trust respectfully states as follows:

1 The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

2 The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established through the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404], which became effective on January 3, 2025 [D.I. 29127].

## Background

1. On November 11 and November 14, 2022, FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

2. On October 7, 2024, the Court confirmed the *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan"), and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order").

3. On January 3, 2025, the Effective Date (as defined in the Plan) occurred, which, among other things, established the FTX Recovery Trust and transferred, assigned, and vested all of the Debtors' assets in the FTX Recovery Trust. *See Notice of Effective Date of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 29127].

## Facts Specific to the Relief Requested

### I. The Claims Objection Deadline and the Administrative Claims Objection Deadline

4. The Plan provides that with respect to all Claims,[3] "[a]ny objections to Claims (other than Administrative Claims) shall be filed on or before the Claims Objection Deadline." Plan § 8.1. The initial deadline to file objections to Claims was no later than one year following the Effective Date of the Plan, or January 3, 2026. Plan § 2.1.32. The Court may grant further extensions of the deadline to file objections to Claims "upon a motion by the Plan

[3] As defined in the Plan, "Claim" means "any claim against a Debtor as defined in section 101(5) of the Bankruptcy Code." Plan § 2.1.30.

Administrator, with notice only to those parties entitled to receive notice pursuant to Bankruptcy Rule 2002." *Id.*

5. Likewise under the Plan, "[a]ny request for payment of an Administrative Claim[4] must be filed and served . . . on or prior to the Administrative Claim Bar Date." Plan § 3.1. The Plan requires that any objection to a request for payment of an Administrative Claim "must be filed . . . no later than 90 days after the Administrative Claim Bar Date or by such later date as may be established by order of the Bankruptcy Court upon a motion by the Plan Administrator." Plan § 3.1. The initial deadline to object to a request for payment of an Administrative Claim was May 5, 2025, which was extended by the Court for 180 days, through and including November 3, 2025. *See Order Granting the Motion of the FTX Recovery Trust for Entry of an Order Extending the Deadline to Object to Requests for Payment of Administrative Claims* [D.I. 30991].

6. On November 3, 2025, the FTX Recovery Trust filed its *Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline* [D.I. 33444] (the "Extension Motion"), seeking to extend both the deadline to file objections to Claims (the "Claims Objection Deadline") and the deadline to object to a request for payment of an Administrative Claim (the "Administrative Claims Objection Deadline" and, together with the Claims Objection Deadline, the "Objection Deadlines") through and including January 4, 2027, without prejudice to the right of the FTX Recovery Trust to seek further extensions.

[4] As defined in the Plan, "Administrative Claim" means "any Claim for costs and expenses of administration of the Chapter 11 Cases of a kind specified under section 503(b) of the Bankruptcy Code arising on or prior to the Effective Date and entitled to priority pursuant to sections 507(a)(2), 507(b) or 1114(e)(2) of the Bankruptcy Code, including Professional Claims; *provided* that Administrative Claims shall not include 503(b)(9) Claims." Plan § 2.1.3.

7. On November 24, 2025, after a hearing, the Court granted the Extension Motion and entered the *Order Granting the Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline* [D.I. 33890] (the "Extension Order"). In granting the Extension Motion, the Court observed that while the FTX Recovery Trust had "made progress in the claims reconciliation process, the work is far from complete." *In re FTX Trading Ltd.*, *et al.*, No. 22-11068 (Bankr. D. Del. Nov. 24, 2025), Hr'g Tr. at 9:12-14. Pursuant to the Extension Order, the Court extended both the Claims Objection Deadline and the Administrative Claims Objection Deadline through and including January 4, 2027, without prejudice to the right of the FTX Recovery Trust to seek further extensions.

**II. The Claims Reconciliation Process**

8. The process of reviewing, reconciling, and resolving the Claims and Administrative Claims has been—and continues to be—an extraordinarily intricate, time-consuming, and resource-intensive undertaking. Prior to and since the Effective Date, the FTX Recovery Trust has been conducting this process with respect to all filed and scheduled Claims, including Administrative Claims, addressing an immense volume of Claims with varying legal and factual foundations. At the outset, the claims pool comprised more than 682,000 Claims and Administrative Claims, asserting an aggregate amount in excess of $447 billion. While significant progress has been made, approximately 13,800 Claims—including nearly 12,800 Customer Claims, over 950 Non-Customer Claims and 110 Administrative Claims—remain under active review and reconciliation, some portion of which will require substantive objections to be filed. The FTX Recovery Trust continues to devote substantial time and resources to the intricate process of resolving these matters—reconciling claims, collecting information, pursuing objections, engaging in contested proceedings, negotiating settlements, and effectuating

distributions as appropriate—all in furtherance of an equitable and orderly recovery process in accordance with the Plan and Confirmation Order.

9. Notwithstanding these herculean efforts, as of the date hereof, the filed and scheduled outstanding Claims, including Administrative Claims, total almost $25 billion. At the June 18, 2026 omnibus hearing, the Court recognized that the claims reconciliation process and the related adversary proceedings represent "a tremendous amount of work" and noted that the FTX Recovery Trust appeared to be "trying to move forward as expeditiously as possible" to return value to creditors. *In re FTX Trading Ltd.*, *et al.*, No. 22-11068 (Bankr. D. Del. June 18, 2026), Hr'g Tr. at 41:24-42:5. This process plainly cannot be completed by the current Objection Deadlines and more time will be required. This is unsurprising given the scope and breadth of these Chapter 11 Cases.

10. To date, the FTX Recovery Trust has filed 204 omnibus claims objections and numerous individual claims objections and complaints. Moreover, since entry of the Extension Order, the FTX Recovery Trust has resolved approximately 11,500 Claims and Administrative Claims, filed six additional omnibus claims objections and effectuated two distributions totaling approximately $3.1 billion to tens of thousands of holders of Allowed Claims. However, much remains to be done. Among many other things, the FTX Recovery Trust is currently in the process of reconciling the remaining thousands of Claims, making distributions to holders of Allowed Claims, and prosecuting and defending dozens of litigations. These matters are complex and high stakes, and involve legal and factual issues and negotiations that must be carefully managed to ensure that the final outcomes maximize value for all stakeholders.

11. Accordingly, to permit the FTX Recovery Trust to continue its ongoing review and reconciliation of all Claims, including Administrative Claims, the FTX Recovery Trust requests an extension of the Objection Deadlines through and including January 4, 2028, in each case without prejudice to seek further extensions.

## Jurisdiction

12. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 9006. Pursuant to Local Rule 9013-1(f), the FTX Recovery Trust consents to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

13. By this Motion, the FTX Recovery Trust requests entry of an Order, substantially in the form attached hereto as **Exhibit A**, extending the Claims Objection Deadline and the Administrative Claims Objection Deadline, in each case by 12 months through and including January 4, 2028, without prejudice to the right of the FTX Recovery Trust to seek further extensions.

## Basis for Relief

### I. Cause Exists to Extend the Objection Deadlines to and Including January 4, 2028.

14. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Additionally, Bankruptcy Rule 9006(b)(1) permits the Court, for cause, to extend a court-ordered deadline if the request is made before the applicable period, including a previously extended period, expires. Fed. R. Bankr. P. 9006(b)(1)(A).

15. The proposed 12-month extension of the Objection Deadlines is necessary for the efficient administration of all Claims, including Administrative Claims, and is in the best interests of all stakeholders. Granting the requested extension will provide the FTX Recovery Trust with additional time to (i) complete its review and analysis of all asserted and scheduled Claims and Administrative Claims, (ii) complete the required diligence to determine whether to object to any Claims or Administrative Claims, (iii) negotiate resolutions to Claims and Administrative Claims, if possible, and (iv) litigate, if necessary, Claim and Administrative Claim disputes that cannot be consensually resolved. Additionally, extending both Objection Deadlines to the same date will promote efficiency and streamline the administration of these related processes.

16. The proposed extension is not sought for the purpose of delay and will not prejudice any stakeholder. On the contrary, if the Objection Deadlines are not extended, invalid or unsupported Claims or Administrative Claims may be paid, which will unfairly prejudice *all* stakeholders. Alternatively, a massive number of premature objections would need to be filed that would unnecessarily burden the Court, the FTX Recovery Trust and Claimants. In granting the Extension Order, the Court found both that "the extension is necessary to maximize value by ensuring that creditor recoveries are not unnecessarily diluted with illegitimate claims" and that "[n]othing in the record indicates that the Trust has been dilatory with its duty to reconcile claims or has otherwise acted in bad faith." *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.

Nov. 24, 2025), Hr'g Tr. at 9:14-19. That remains the case today given the remarkable progress that has been and continues to be made to resolve each and every Claim and Administrative Claim.

17. Since entry of the Extension Order, the FTX Recovery Trust has reconciled approximately 11,500 additional Claims, filed six additional omnibus claims objections involving thousands of Claims, resolved over one hundred contested claims matters and effectuated two distributions totaling approximately $3.1 billion to tens of thousands of holders of Allowed Claims. Notwithstanding that continued progress, approximately 13,800 filed and scheduled Claims totaling almost $25 billion still must be resolved. Additionally, approximately 110 requests for payment of Administrative Claims asserting over $14 million remain outstanding. The FTX Recovery Trust continues to work to consensually resolve and, where appropriate, file objections to the Claims and Administrative Claims as quickly as possible to provide clarity to claimants. The FTX Recovery Trust's review and reconciliation efforts remain ongoing. But the size and the scope of the Claims pool necessitate more time. The remaining Claims and Administrative Claims include dozens of complex claims requiring factual development and involve billions of dollars. In addition, certain remaining Claims and Administrative Claims involve intricate reconciliation issues and intercreditor disputes that require further analysis and discussion. Accordingly, it is not feasible for the FTX Recovery Trust to complete this process before the current Objection Deadlines.

18. Courts in this jurisdiction routinely extend claims objection deadlines and routinely grant multiple successive extensions of such deadlines in large and complex chapter 11 cases. In fact, in granting the Extension Order, the Court observed that an extension of the Objection Deadlines is "customary and appropriate for complex commercial cases of this size."

*In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del. Nov. 24, 2025), Hr'g Tr. at 9:10-12. For example, in *In re: Cred Inc., et al.,* Case No. 20-12836 (KBO) (Apr. 28, 2026) [D.I. 1425]—a case involving digital assets with a much smaller claims pool and far fewer omnibus claim objections than these Chapter 11 Cases—the Court has granted six one-year extensions for the reorganized debtors to object to proofs of claim. *See also In re: Newage, Inc., et al.*, Case No. 22-10819 (LSS) (Oct. 22, 2026) (extending the claims objection deadline seven times for a total of four years and 131 days, with another motion to extend pending) [D.I. 869]; *In re: Mallinckrodt plc, et al.*, Case No. 20-12522 (BLS) (June 15, 2026) (extending the claims objection deadline eight times for a total of four years and 88 days) [D.I. 9375]; *In re: Port Neches Fuels, LLC*, Case No. 22-10500 (CTG) (Mar. 27, 2026) (extending the claims objection deadline seven times for a total of three years and 271 days) [D.I. 321]; *In re: Redwood Liquidating Co.*, Case No. 22-10621 (BLS) (July 14, 2026) (extending the claims objection deadline ten times for a total of three years and 108 days, with another motion to extend pending) [D.I. 857].

19. Courts in this jurisdiction also regularly extend deadlines to object to administrative claims, including on multiple successive occasions. *See, e.g.*, *In re: Vitamin OldCo Holdings, Inc. (f/k/a GNC Holdings, Inc.), et al.,* Case No. 20-11662 (KBO) (May 6, 2026) (extended the objection deadlines for both filed proofs of claim and administrative claims, eleven times for a total of five years and 174 days) [D.I. 2338]; *In re: GAL Liquidating Corp., et al.,* Case No. 17-12100 (LSS) (June 3, 2020) (extending the administrative claims objection deadline five times for a total of two years and 111 days) [D.I. 1029]; *In re: Legacy EJY Inc., et al.,* Case No. 22-10580 (JKS) (Nov. 3, 2023) (extending the administrative claims objection deadline three times for a total of one year and 149 days) [D.I. 944].

20. Accordingly, the FTX Recovery Trust respectfully submits that cause exists to extend the Claims Objection Deadline and the Administrative Claims Objection Deadline, in each case by 12 months through and including January 4, 2028, without prejudice to the right of the FTX Recovery Trust to seek further extensions.

## Notice

21. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware and (f) those parties requesting notice pursuant to Bankruptcy Rule 2002. The FTX Recovery Trust submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the FTX Recovery Trust respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: November 5, 2026
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*