# <u>EXHIBIT A</u>

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. __** |

**ORDER GRANTING MOTION OF SHRAMAN VUPPU AND PROTOCOL LABS PTE LTD. TO REINSTATE AND COMPEL DISTRIBUTION OF ALLOWED CUSTOMER CLAIM**

Upon consideration of the *Motion of Shraman Vuppu and Protocol Labs Pte Ltd. to Reinstate and Compel Distribution of Allowed Customer Claim* (the "Motion"),[2] filed by Shraman Vuppu ("Mr. Vuppu") and Protocol Labs Pte Ltd. ("Protocol Labs" and collectively with Mr. Vuppu, the "Movants"); and this Court having jurisdiction over the Motion; and a hearing having been held on the Motion before this Court on November 19, 2026; and notice of the Motion having been adequate and appropriate under the circumstances; and this Court having considered the Motion and the evidence and arguments presented in support thereof; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**, as set forth herein.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in the FTX Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. The forfeiture designations applied to the $992,607.54 distribution associated with the May 30, 2025 Distribution Date and the $77,807.52 distribution associated with the September 30, 2025 Distribution Date (together, the "Disputed Distributions"), totaling $1,070,415.06, are vacated. The Disputed Distributions are reinstated as payable on account of the Claim.

3. The Plan Administrator and FTX Recovery Trust shall remove the forfeiture designations from the applicable records and direct the Distribution Agent to pay the Disputed Distributions to the Holder of the Claim through the designated distribution service provider as soon as reasonably practicable. The Disputed Distributions shall not be withheld or denied based on the forfeiture designations vacated by this Order.

4. The Plan Administrator, FTX Recovery Trust, and Distribution Agent are authorized and directed to take all actions necessary to implement this Order.

5. The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to this Order.