**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>FTX TRADING LTD., et al.,<br>Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br>**Hearing: November 19, 2026 at 1:00 p.m. (ET)**<br>**Objection Deadline: November 12, 2026 at 4:00 p.m. (ET)**<br>**Re: D.I. 36919** |

2026 NOV 10 A 9:46
US BANKRUPTCY COURT DISTRICT OF DELAWARE

# LIMITED OBJECTION OF YONG CAO TO THE FTX RECOVERY TRUST'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE CLAIMS OBJECTION DEADLINE AND THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE (D.I. 36919)

## I. Preliminary Statement

1. Yong Cao, appearing pro se as a customer creditor in these Chapter 11 cases, respectfully submits this Limited Objection to the FTX Recovery Trust's motion at D.I. 36919 (the "Motion"). I oppose an unconditional twelve-month extension as to Customer Claims. I request a shorter extension with periodic reporting and a way for affected creditors to learn what action, if any, they need to take.

## II. Background

2. The November 24, 2025 order (D.I. 33890) extended both deadlines through January 4, 2027. The Trust now seeks to extend both through January 4, 2028, with the right to seek further extensions. Motion ¶¶ 7, 13, 20.

3. I hold a Customer Claim (FTX Claim ID 964304).

## III. Basis for the Limited Objection

4. Fed. R. Bankr. P. 9006(b)(1)(A) permits an extension for cause on a request made before expiration. The Trust reports approximately 13,800 claims under active review, including nearly 12,800 Customer Claims, and approximately 11,500 claims resolved since the prior order (Motion ¶¶ 8, 10, 17). The workload supports additional time. Periodic reporting would let the Court assess progress during the extension.

5. The Trust contends that the extension will not prejudice stakeholders. Motion ¶ 16. A customer creditor who receives only a status label may be unable to determine whether the Trust is still reviewing the claim, needs information, or has filed a formal objection. A brief update on the status and next step would help affected creditors respond promptly.

**IV. Requested Relief**

6. I ask the Court to extend the Claims Objection Deadline as to Customer Claims through June 30, 2027, subject to the safeguards below. If the Court grants the full period requested, I ask the Court to include the same safeguards in its order.

7. Within 60 days of entry of the order, the Trust should identify an existing channel or designate one through which customer creditors, including those whose recorded residence is mainland China, can privately obtain an update after verification. Subject to applicable confidentiality protections, the update should identify the status, the general reason for any hold, any action the creditor needs to take, and the next review step, to the extent reasonably available. If a formal objection has been filed, the update should give its docket reference.

8. Within 90 days of entry of the order, and every 90 days thereafter during the extension, the Trust should file an aggregate progress report. To the extent reasonably available, the report should identify the number of Customer Claims under review and resolved during the reporting period, the principal outstanding issues, and anticipated review milestones. It should separately summarize progress on Customer Claims of creditors whose recorded residence is mainland China, without disclosing individual creditor information. Any further extension request should update the Court on these matters.

9. I ask the Court to clarify that the extended deadline does not itself defer any distribution otherwise payable under the confirmed Plan. A Customer Claim that becomes Allowed during the extension and meets the applicable distribution requirements should proceed under the Plan's distribution procedures without waiting solely for the extended deadline to expire. My requested relief concerns administration of Customer Claims during the extension.

10. Pursuant to Del. Bankr. L.R. 9013-1(h), if the Court determines that it cannot enter final orders or judgments consistent with Article III of the United States Constitution absent the parties' consent, I consent to entry of a final order or judgment by this Court solely in connection with D.I. 36919.

Dated: November 9, 2026

Respectfully submitted,

Yong Cao

Yong Cao, pro se
Xitaohutong Building 13, Xicheng District, Beijing, China
Telephone: +86 17600398512
cywhfe@hotmail.com

## CERTIFICATE OF EMAIL TRANSMISSION

In re FTX Trading Ltd., et al. | Case No. 22-11068 (KBO)
Related Docket No. 36919

*UNEXECUTED DRAFT: Before signing, verify the actual sending date, the attachment, and each recipient against the sent email. Correct this certificate as needed and remove this note before signing.*

I, Yong Cao, certify that on November 9, 2026 (China Standard Time), I sent or caused to be sent by electronic mail a true and correct copy of the foregoing Limited Objection concerning D.I. 36919 to the following recipients:

**Sullivan & Cromwell LLP - Counsel for the FTX Recovery Trust**
Andrew G. Dietderich - dietdericha@sullcrom.com
James L. Bromley - bromleyj@sullcrom.com
Brian D. Glueckstein - gluecksteinb@sullcrom.com
Alexa J. Kranzley - kranzleya@sullcrom.com

**Landis Rath & Cobb LLP - Counsel for the FTX Recovery Trust**
Adam G. Landis - landis@lrclaw.com
Kimberly A. Brown - brown@lrclaw.com
Matthew R. Pierce - pierce@lrclaw.com
Matthew B. McGuire - mcguire@lrclaw.com

**Office of the United States Trustee**
Benjamin A. Hackman - benjamin.a.hackman@usdoj.gov
David Gerardi - david.gerardi@usdoj.gov

I certify that the foregoing accurately records the email transmission actually completed. This certificate does not represent that any recipient has acknowledged receipt or consented to email service, or that the Objection has already been filed with the Court.

Dated: November 9, 2026
Signature: Yong Cao
Yong Cao, pro se
Xitaohutong Building 13, Xicheng District, Beijing, China
Email: cywhfe@hotmail.com