**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>FTX TRADING LTD., et al.,<br>Debtors. | Chapter 11<br>**Case No. 22-11068 (KBO)**<br>(Jointly Administered)<br>**Related Docket No.: 36919**<br>**Hearing: November 19, 2026, 1:00 p.m. (ET)**<br>**Objection: Nov. 12, 2026, 4:00 p.m. (ET)** |

2026 NOV 10 A 9:45

**LIMITED OBJECTION TO THE DEADLINE-EXTENSION MOTION [D.I. 36919] - CUSTOMER CREDITOR, UCC 2748826**

## I. SCOPE AND GROUNDS

1. The undersigned customer creditor residing in China (the "Objector"), identified by FTX.com Unique Customer Code 2748826, objects individually to the customer-claim deadline extension in D.I. 36919 (the "Motion"), but not separately to the administrative-claims deadline.

2. The Motion seeks another year, from January 4, 2027 to January 4, 2028, while preserving further extensions. Motion paragraphs 7, 13. Reasonable time for genuine disputes is not opposed; the requested uniform duration requires a more specific explanation.

3. The Trust reports substantial progress and remaining matters of differing complexity. Motion paragraphs 8-10, 17. Aggregate figures do not explain why all remaining customer claims need the same additional period. Administrative reconciliation and country-level review should, where practicable, proceed alongside unrelated complex litigation.

4. The Motion should distinguish time to investigate and file new objections from time to litigate pending disputes. Paragraph 4, quoting Plan section 8.1, concerns filing objections; paragraph 15 also invokes litigation time. These activities may share resources, but pending litigation does not, without further explanation, establish why objections to other customer claims require another twelve months to be filed.

5. The assertion that no stakeholder will be prejudiced warrants scrutiny. Motion paragraph 16. Prolonged nonpayment and uncertainty can restrict access to funds and pressure creditors toward discounted transfers. These burdens warrant consideration without presuming bad faith or an entitlement to immediate payment.

## II. CASH DISTRIBUTIONS AND ADEQUATE NOTICE

6. The requested recovery is a U.S.-dollar bankruptcy distribution, not cryptocurrency trading. Trust counsel acknowledged cash distributions but cited concerns arising from the claims' cryptocurrency origins. Hearing Transcript, Oct. 23, 2025 ("Tr."), 19:13-20:7. The Trust should identify specific legal or operational obstacles and evaluate lawful bank-payment alternatives. An unavailable provider is not itself a legal prohibition; cash payment alone does not resolve every compliance issue.

7. Creditors questioned whether later jurisdictional procedures matched the treatment disclosed when they voted. Tr. 32:13-33:24. Those statements are creditor concerns, not judicial findings or a substitute for reviewing disclosures. The Objector requests the Plan provisions and disclosures supporting residence-based holds. Voting should not be treated as consent to a new, undisclosed restriction; an extension should not determine that restriction's procedural legality.

8. Judge Owens described eliminating recovery on a valid claim as a last resort, while acknowledging jurisdictional delays. Tr. 28:4-14; 30:6-20. Deferring an ultimate decision does not remove the need for reasonable interim information and review.

UNSIGNED REVIEW DRAFT - IDENTITY AND SERVICE TO BE CONFIRMED

## III. REQUESTED RELIEF

9. The Objector requests denial of the uniform year-long extension as presently supported, or a shorter period selected by the Court. Any additional time should carry proportionate safeguards: concise, nonprivileged updates on major categories, remaining tasks and next review points; an existing channel explaining any action required from creditors; and confirmation that the order does not approve jurisdictional restrictions, cancel distributions or alter substantive Plan rights. Timing and reporting frequency should remain with the Court, using existing procedures where possible.

10. An extension should not itself postpone a distribution otherwise payable under the Plan. The Trust describes distributions continuing during reconciliation. Motion paragraph 10. Claims resolved during the extension should follow applicable Plan distribution procedures, without waiting solely for the extended objection deadline to expire. This clarification would neither deem any claim Allowed nor dispense with distribution requirements.

11. No automatic allowance, immediate payment or final ruling on foreign law is requested. Otherwise available rights remain subject to applicable rules and deadlines. Solely for D.I. 36919, the Objector consents under Local Rule 9013-1(h) to entry of a final order if consent is necessary under Article III; this is not consent to the extension or denial of the claim.

Respectfully submitted,
Dated: November 8, 2026
Signature: ______________ Kangliang Li ______
Customer creditor, pro se
Email: 604327401@qq.com
FTX.com Unique Customer Code: 2748826

## CERTIFICATE OF EMAIL TRANSMISSION

In re FTX Trading Ltd., et al. | Case No. 22-11068 (KBO)
Related Docket No. 36919 | UCC 2748826

*UNEXECUTED DRAFT: Sign only after confirming that the email transmission below actually occurred on November 8, 2026. Otherwise correct the date and recipients before signing.*

I certify that on November 8, 2026, I sent or caused to be sent by electronic mail a true and correct copy of the foregoing Limited Objection concerning D.I. 36919 to the following recipients:

**Sullivan & Cromwell LLP - Counsel for the FTX Recovery Trust**

Andrew G. Dietderich - dietdericha@sullcrom.com
James L. Bromley - bromleyj@sullcrom.com
Brian D. Glueckstein - gluecksteinb@sullcrom.com
Alexa J. Kranzley - kranzleya@sullcrom.com

**Landis Rath & Cobb LLP - Counsel for the FTX Recovery Trust**

Adam G. Landis - landis@lrclaw.com
Kimberly A. Brown - brown@lrclaw.com
Matthew R. Pierce - pierce@lrclaw.com
Matthew B. McGuire - mcguire@lrclaw.com

**Office of the United States Trustee**

Benjamin A. Hackman - benjamin.a.hackman@usdoj.gov
David Gerardi - david.gerardi@usdoj.gov

I certify that the foregoing accurately records the email transmission actually completed. This certificate does not represent that any recipient has acknowledged receipt or consented to email service, or that the Objection has already been filed with the Court.

Dated: November 8, 2026
Signature: ____________________
Customer creditor, pro se
Email: 604327401@qq.com
FTX.com Unique Customer Code: 2748826