IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

2026 NOV 10 A 9:45

| | |
|---|---|
| In re:<br>FTX TRADING LTD., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 22-11068 (KBO)<br>(Jointly Administered)<br><br>**Hearing Date: November 19, 2026 at 1:00 p.m. (ET)** |

**LIMITED OBJECTION TO FTX RECOVERY TRUST'S MOTION TO EXTEND CLAIMS OBJECTION DEADLINES (D.I. 36919)**

Creditor Qi Chen respectfully objects to the FTX Recovery Trust's Motion to Extend Deadlines to Object to Claims and Administrative Claims (D.I. 36919) (the "Extension Motion"), or, alternatively, limit any extension to a narrowly defined and time-limited period, with mandatory transparency and reporting safeguards described below.

**Preliminary Statement**

I am a creditor of FTX residing in China. I respectfully object to the FTX Recovery Trust's request in D.I. 36919 to extend the Claims Objection Deadline and Administrative Claims Objection Deadline for another full year. While I recognize that the Trust still has unfinished work, the Trust has not shown why it needs an entire additional year to complete that work. As a creditor residing in China whose claim remains in "Disputed" status and who has received no distribution to date, I still have no clear timeline for when either my claim status or the DSP ineligibility affecting Chinese creditors will be resolved. I therefore respectfully ask the Court to deny a full one-year extension, or alternatively, to shorten the extension and impose clear reporting obligations on the Trust.

**Background**

In November 2025, the Trust requested its first one-year extension of the Claims Objection Deadline and the Administrative Claims Objection Deadline (D.I. 33444), which the Court approved, extending both deadlines through January 4, 2027 (D.I.

33890). According to the Trust's current motion (D.I. 36919), approximately 98% of all initial claims have been resolved. The Trust further reports that approximately 11,500 claims were resolved during the past year, while approximately 13,800 claims, including nearly 12,800 customer claims, remain unresolved.

With respect to Chinese creditors, the Trust previously filed its Restricted Jurisdiction Motion (D.I. 31148), submitted a status update (D.I. 33193), and withdrew the motion without prejudice on November 3, 2025 (D.I. 33439). In subsequent proceedings, the Trust maintained that it was continuing to evaluate the legality of distributions to Chinese creditors (D.I. 33678). As of October 30, 2026, however, China remains listed on the FTX Recovery Trust's official Distribution Service Provider page as a jurisdiction ineligible to select any available DSP.

With respect to my individual claim, I have completed the required KYC process, yet my claim status on the FTX Customer Portal remains marked as "Disputed" and I have not received any distribution to date. Chinese creditors currently have no available Distribution Service Provider (DSP) to select through the FTX Customer Portal,

**Argument**

First, the Trust has not explained why another full year is needed. According to its current motion, approximately 98% of all initial claims have been resolved, and approximately 11,500 additional claims were resolved during the past year, leaving about 13,800 claims unresolved. In D.I. 36919, the Trust relies only on general descriptions of remaining claims and complex disputes, without providing any concrete breakdown of claim categories, a completion plan, or a schedule showing why all remaining work requires another full year. Furthermore, the Plan already provides for the reservation of amounts attributable to Disputed Claims. The Trust should therefore explain why the existing reserve mechanism, together with targeted objections to genuinely disputed claims, is insufficient to address the risk of improper distributions without imposing another blanket one-year extension.

Second, there has been no clearly demonstrated progress in resolving the distribution issues affecting Chinese creditors. In its prior proceedings, the Trust stated that it had not yet taken a position on Chinese law (D.I. 33193) and later maintained that it was continuing to evaluate the legality of distributions to Chinese creditors (D.I. 33678). Nearly one year later, China remains ineligible for DSP selection on the Trust's official distribution page, and my own claim remains in "Disputed" status. Although the extension of the Claims Objection Deadline is separate from the Trust's review of distribution eligibility in restricted jurisdictions, my claim remains in

"Disputed" status. In seeking another year of claims-administration time, the Trust does not explain what progress has been made in resolving these issues, what specific steps remain, whether the additional period will contribute to resolving claims like mine, or when affected creditors can reasonably expect a resolution.

Third, if the Court grants a further extension, creditors need concrete procedural safeguards. Because my claim remains unresolved and no timetable has been provided, any extension should be accompanied by clear processing targets, quarterly reports filed with the Court detailing the number and status of remaining claims, a specific status update on the review of China-related claims, and a requirement that any future extension request be supported by specific new facts and reasons.

**Conclusion and Requested Relief**

For the foregoing reasons, I respectfully request that the Court:

(1) Deny the Trust's request to extend the Claims Objection Deadline and Administrative Claims Objection Deadline for another full year;

(2) If the Court determines that an extension is necessary, limit the extension to no more than 180 days;

(3) Require the Trust to submit, within 90 days, a concrete claims-processing plan together with a specific progress report addressing the review of claims and distribution eligibility for Chinese creditors;

(4) Require the Trust to file quarterly claims-processing progress reports with the Court;

(5) Require the Trust to provide new facts and specific justifications if it seeks any further extension in the future.

Dated: November 9, 2026

Respectfully submitted,

Qi Chen (pro se creditor) Qi Chen

Unique Customer Code: 4048579

Email: chneqi1@gmail.com

Address: Shanghai, China

## CERTIFICATE OF SERVICE

I hereby certify that as of November 9, 2026, I caused a true and correct copy of the foregoing Objection of Qi Chen to the FTX Recovery Trust's Motion to Extend Deadlines to Object to Claims and Administrative Claims (D.I. 36919) to be served via electronic mail upon the following recipients:

**Counsel for the FTX Recovery Trust – Sullivan & Cromwell LLP**

Andrew G. Dietderich – dietdericha@sullcrom.com

James L. Bromley – bromleyj@sullcrom.com

Brian D. Glueckstein – gluecksteinb@sullcrom.com

Alexa J. Kranzley – kranzleya@sullcrom.com

**Delaware Counsel for the Trust – Landis Rath & Cobb LLP**

Adam G. Landis – landis@lrclaw.com

Kimberly A. Brown – brown@lrclaw.com

Matthew R. Pierce – pierce@lrclaw.com

Matthew B. McGuire – mcguire@lrclaw.com

**Office of the United States Trustee – District of Delaware**

Juliet M. Sarkessian – juliet.m.sarkessian@usdoj.gov

Benjamin A. Hackman – benjamin.a.hackman@usdoj.gov

David Gerardi – david.gerardi@usdoj.gov

Qi Chen (pro se) Qi Chen
Address: Shanghai, China
Email:chneqi1@gmail.com