**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

# LIMITED OBJECTION OF XIAO HAIDONG TO FTX RECOVERY TRUST'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE CLAIMS OBJECTION DEADLINE AND THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE (D.I. 36919)

Xiao Haidong ("Haidong"), through his undersigned counsel, DLA Piper LLP (US), hereby submits this limited objection (the "Limited Objection") to the FTX Recovery Trust's Motion for Entry of an Order Further Extending the Claims Objection Deadline and the Administrative Claims Objection Deadline ("Claims Objection Deadline Extension Motion") [D.I. 36919], and respectfully states as follows:

1. Haidong files this Limited Objection to the Claims Objection Deadline Extension Motion for all the same reasons it objected (by way of Joinder) to the FTX Recovery Trust's Third Notice of Proposed Reduction of Disputed Claims Reserve Amount.[1] If the trust's time to object to claims is to be extended by yet another year, a more detailed set of procedures and a timeline must be put in place to efficiently and transparently address what appears to be not less than 13,800 unresolved claims, including the many claims that remain subject to the ongoing KYC process.

[1] Joinder of Xiao Haidong to Argent Liquidation Trust's Limited Objection to Third Notice Of Proposed Reduction of Disputed Claims Reserve Amount [D.I. 35830].

2. Haidong's claims have gone unaddressed for more than three years. His claims are both compelling (based entirely on his status as an FTX customer) and sizeable (in excess of $20 million). However, notwithstanding sporadic discussions with Alvarez & Marsal and Sullivan & Cromwell, he has been unable to obtain any clarity as to the status of his claims. No objection has been filed to the claims, but the KYC process remains ongoing and unresolved, all while the Debtors and/or the trust have distributed more than $10 billion to other creditors and sought repeatedly, as they did in the Reduction Notice, to reduce the size of the Disputed Claims Reserve.[2]

3. Xiao opened an account at FTX in 2021, and, at that time, he deposited cryptocurrency (substantially all BTC) then valued at approximately $45 million. The amount and value of the cryptocurrency in his account varied over time, but, on the Petition Date, that cryptocurrency was valued in excess of $20 million. Xiao first received confirmation of his Scheduled Claim and Unique Customer Number on March 23, 2023, and he has been engaged with the Debtors' and the trust's agents in clearing the KYC process ever since. He was initially told that the process could take "several weeks," but more than three years elapsed before the trust engaged substantively with Haidong, and then only for a brief period, in February 2026. Detailed responses were provided to questions posed by the trust in May 2026 and, again, in October 2026, but the weeks continue to pass without definitive engagement or substantive reply. And there is no light at the end of the tunnel—the Debtors and the trust had previously said that they intended to resolve all open claims (on KYC or merits grounds) by the Claims Objection Deadline, which is now set for January 4, 2027, but the trust now seeks to extend that date, by a full year, until January 4, 2028.

2 *See*, *e.g.*, Notice of Proposed Reduction of Disputed Claims Reserve Amount [D.I. 35722].

4. In light of the finite amount of funds remaining to be distributed and the substantial number of the claims that remain unresolved, greater and more frequent scrutiny by the Court—as Haidong has previously argued—is required. Such is the case more on the KYC side of the process than on the claim objection side—claims objections will either be filed or not, and the Court will necessarily be involved if they are filed. The KYC process is a different story—it is a black box entirely under the control of the trust's resource-constrained advisors that has left what are believed to be many hundreds of creditors with meritorious claims lost in limbo with no real recourse or remedy. The trust should be held to account for this state of affairs, with periodic reporting required as to the number and size of claims held by customers that remain actively engaged in the KYC process with the trust's advisors.

## CONCLUSION

5. For the foregoing reasons, Haidong respectfully requests that the Court: (a) deny, modify, or delay the proposed extension of time requested in the Claim Objection Deadline Extension Motion to the extent necessary to ensure that Haidong's three-year odyssey ends sooner than later; (b) direct that—as a condition to granting the requested extension—the FTX Recovery Trust complete KYC review as to the Haidong Claims, and all other claims subject to ongoing KYC review, on or before the current Claims Objection Deadline; and (c) grant such other and further relief as the Court deems just and proper.

Dated: November 12, 2026
Wilmington, Delaware

**DLA PIPER LLP (US)**

/s/ *Aaron S. Applebaum*
Aaron S. Applebaum, Esq. (DE #5587)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2462
Email: aaron.applebaum@us.dlapiper.com

*- and -*

Dennis C. O'Donnell (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: dennis.odonnell@us.dlapiper.com

*Counsel for Xiao Haidong*