**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | ) | Case No. 22-11068 (JTD) |
| Debtors. | ) | (Jointly Administered) |
| | ) | Re: D.I. 36919 |

**LIMITED OBJECTION OF NATHANIEL PARKE TO THE FTX RECOVERY TRUST'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE CLAIMS OBJECTION DEADLINE AND THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE**

Nathaniel Parke (**"Claimant"**), by and through his undersigned counsel, respectfully submits this limited objection (the **"Limited Objection"**) to the *Motion of the FTX Recovery Trust for Entry of an Order Further Extending the Claims Objection Deadline and the Administrative Claims Objection Deadline* [D.I. 36919] (the **"Second Extension Motion"**)[2] filed by the FTX Recovery Trust (the **"Trust"**). In support of this Limited Objection, Claimant avers as follows:

## PRELIMINARY STATEMENT

1. More than two years have elapsed since this Court confirmed the Debtors' Plan. The Trust now requests to further extend the Claims Objection Deadline from January 4, 2027, to January 4, 2028, the third anniversary of the Plan's Effective Date. While Claimant recognizes and appreciates the complexities of these cases, he is concerned that the Trust lacks a

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Second Extension Motion.

sense of urgency around the claims reconciliation process. Claimant files this Limited Objection to the Second Extension Motion so that the Trust and the Court do not lose sight of the prejudicial impact that a further one-year extension would have on stakeholders like Claimant, who – despite his repeated outreach in an effort to engage the Trust in claims reconciliation discussions – has already been left patiently waiting two years for anticipated Plan distributions. Claimant respectfully requests that the Court: (i) limit the length of any proposed extension to six (6) months, with Court approval required for any further extension; and (ii) require regular, meaningful status reports concerning the progress of the claims reconciliation process during that period.

## BACKGROUND

2. Claimant formerly served as Chief Technology Officer of Alameda Research Bahamas Ltd. (**"Alameda"**) and currently holds (a) a customer claim against FTX Trading Ltd. and (b) a non-customer claim against Alameda for unpaid prepetition wages.[3] To date, neither of the claims has been objected to, nor has Claimant been the recipient of any Plan distributions.

3. The Plan was confirmed on October 7, 2024 and the Effective Date (as defined in the Plan) occurred on January 3, 2025. The Plan initially contemplated that claim objections would be filed within one year following the Effective Date. Plan § 2.1.32.

4. On November 3, 2025, the Trust filed its *Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline* [D.I. 33444] (the **"First Extension Motion"**), seeking to extend the Claims Objection Deadline through January 4, 2027. At that time, the Trust reported that

[3] Claim numbers and amounts have been omitted in the interest of Claimant's privacy but will be provided to the Trust upon request.

"[w]hile significant progress has been made, approximately 25,400 Claims—including nearly 24,200 Customer Claims, over 1,100 Non-Customer Claims and 131 Administrative Claims—remain under active review and reconciliation, some portion of which will require substantive objections to be filed." *See* First Extension Motion ¶ 6. The First Extension Motion states that the Trust had filed "198 omnibus claims objections and numerous individual claims objections and adversary proceedings." *Id.* ¶ 8.

5. The First Extension Motion was granted on November 24, 2025. *See* D.I. 33890.

6. On November 5, 2026, the Trust filed the Second Extension Motion, seeking to further extend the Claims Objection Deadline for a full year, through and including January 4, 2028. The Second Extension Motion reports that "[w]hile significant progress has been made, approximately 13,800 Claims—including nearly 12,800 Customer Claims, over 950 Non-Customer Claims and 110 Administrative Claims—remain under active review and reconciliation, some portion of which will require substantive objections to be filed." *See* Second Extension Motion ¶ 8. By the time of the Second Extension Motion, the Trust had filed "204 omnibus claims objections and numerous individual claims objections and adversary proceedings." *Id.* ¶ 10.

7. In other words, in the past year, the Trust completed its review of roughly 11,400 Customer Claims, 150 Non-Customer Claims, and 21 Administrative Claims. Just 6 omnibus claims objections were filed.

**ARGUMENT**

8. Bankruptcy Rule 9006(b)(1) authorizes the court, *for cause*, to extend a time period set by the Bankruptcy Rules, a notice under the Rules, or a court order if the request is made before the period expires.

9. Claimant acknowledges that the claims reconciliation process facing the Trust is no small task. However, contrary to the Trust's assertion that "the proposed extension … will not prejudice any stakeholder," Second Extension Motion ¶ 16, Claimant and others similarly situated are being deprived of the substantial value of their claims during a slow and opaque claims reconciliation process.

10. The relevant question for purposes of the Second Extension Motion is not simply whether work remains, but whether the Trust has justified another full-year extension, or whether the same objectives can be achieved through a shorter period with targeted, interim deadlines and enforceable reporting obligations. Extending the deadline by a full year to *merely object to claims* is not reasonable given the length of time that has already transpired. The Trust states that an additional year is needed so that it can "(i) complete its review and analysis of all asserted and scheduled Claims and Administrative Claims, (ii) complete the required diligence to determine whether to object to any Claims or Administrative Claims, (iii) negotiate resolutions to Claims and Administrative Claims, if possible, and (iv) litigate, if necessary, Claim and Administrative Claim disputes that cannot be consensually resolved." Second Extension Motion ¶ 15. This explanation raises questions as to whether the Trust is seeking to fully administer certain Claims before even triaging others, rather than attempting to get distributions into the hands of valid creditors as expeditiously as reasonably possible. The Trust conflates merely objecting to claims with the process and extended timeline of resolving such objections. *See id.* ¶ 8 ("[The Trust] continues to devote substantial time and resources to the intricate process of resolving these matters—reconciling claims, collecting information, pursuing objections, engaging in contested proceedings, negotiating settlements, and effectuating distributions as appropriate […]").

11. A deadline for filing claim objections is not the deadline for completing potential litigation of timely filed objections. The Second Extension Motion repeats the same explanation from a year ago that, absent the requested extension, either "invalid or unsupported Claims or Administrative Claims may be paid, which will unfairly prejudice all stakeholders," or "[a]lternatively, a massive number of premature objections would need to be filed that would unnecessarily burden the Court, the [Trust] and Claimants." *Id.* ¶ 16. Given the additional time that has elapsed and the lack of communication with claimants about the status of their claims, Claimant submits that a more fulsome explanation ought to be required to justify the relief sought in the Second Extension Motion. The Trust ought to explain why it cannot file any adequately supported objection within a shorter period and then litigate that objection on an appropriate schedule. This approach would preserve substantive rights while reducing the ongoing and agonizing open-ended uncertainty for Claimant and other claimants.

12. The slow pace of the claims reconciliation process has been compounded by the Trust's failure to provide claimants with greater transparency about the status of their claims. Claimant's counsel has repeatedly attempted to engage the Trust's counsel regarding Claimant's claims, but has received only perfunctory responses that they remain under review. Given the Trust's stated desire to negotiate resolutions to Claims where possible in lieu of burdening the Court with unnecessary objections, Claimant would respectfully request that the Trust prioritize Claimant (and others) who have come forward seeking to actively engage in the claims reconciliation process.

## CONCLUSION

WHEREFORE, Claimant respectfully requests that the Court: (a) sustain this Limited Objection and deny the Second Extension Motion's requested additional one-year extension; (b)

alternatively, grant a materially shorter extension of not greater than six months and require the Trust to file regular status reports concerning the progress of the claims reconciliation process; and (c) grant such other and further relief as the Court deems just and appropriate.

**STRADLEY RONON STEVENS & YOUNG, LLP**

Dated: November 12, 2026

*/s/ Daniel M. Pereira*
Daniel M. Pereira, Esq. (#6450)
Stradley Ronon Stevens & Young, LLP
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Tel: (302) 295.3805
Fax: (302) 295.4801

*Attorneys for Nathaniel Parke*