**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX Trading Ltd., *et al*.,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 36919**<br><br>**Hearing Date: November 19, 2026, at 1:00 p.m. (ET)**<br><br>**Objection Deadline: November 13, 2026, at 4:00 p.m. (ET) (By Agreement)** |

**LIMITED OBJECTION OF VITOR VIEIRA BELARMINO TO THE MOTION OF THE FTX RECOVERY TRUST FOR ENTRY OF AN ORDER FURTHER EXTENDING THE CLAIMS OBJECTION DEADLINE AND THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE [D.I. 36919]**

Vitor Vieira Belarmino ("Mr. Belarmino"), by and through undersigned counsel, submits this limited objection (the "Objection") to the Motion of the FTX Recovery Trust for Entry of an Order Further Extending the Claims Objection Deadline and the Administrative Claims Objection Deadline [D.I. 36919] (the "Motion"), filed by the FTX Recovery Trust (the "Trust"), solely as the Motion applies to Mr. Belarmino's Claim. Mr. Belarmino does not oppose the relief the Motion requests as to any other Claim. Dates stated in this Objection are prevailing Eastern time, with the Coordinated Universal Time date given in parentheses where it differs. In support of the Objection, Mr. Belarmino states as follows:

## BACKGROUND

1. On November 11 and November 14, 2022, FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in this Court.

2. On October 8, 2024, the Court entered the order confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates [D.I. 26404-1] (the "Plan"). On January 3, 2025, the Effective Date of the Plan occurred [D.I. 29127].

3. Mr. Belarmino holds a Class 5A Dotcom Customer Entitlement Claim arising from his FTX.com account, identified by unique customer code 02968219, account identification number 66619401, and schedule number 6529458 (the "Claim").

4. On March 28, 2023, the Debtors' notice and claims agent provided Mr. Belarmino with his scheduled claim information and his unique customer code. The Claim was scheduled in the amounts of 2.14087824 BTC, 101.94615731 ETH, and 101.91856111 ETHW. Belarmino Decl. ¶ 5, Ex. 1.

5. On April 8, 2023, Mr. Belarmino accepted the scheduled claim information and received confirmation number 3265-70-YOJHA-734924524. Belarmino Decl. ¶ 6, Ex. 2. The claims register for schedule number 6529458 shows that confirmation identification number, no claim number, and no entry in the column for contingent, unliquidated, or disputed. Belarmino Decl. ¶ 7, Ex. 3.

6. On August 16, 2024, Mr. Belarmino submitted a Class 5A ballot and received confirmation number 3265-2-LLEIQ-760825495. He voted to accept the Plan and consented to a Stipulated Amount of $164,877.02 for voting, allowance, and distribution. Belarmino Decl. ¶¶ 8-9, Exs. 4 and 10.

7. Section 7.14 of the Plan conditions a holder's receipt of Distributions on the holder's delivery, upon request, of tax, OFAC, and know your customer information (the "Pre-Distribution Requirements").

8. KYC Support asked Mr. Belarmino for a source of funds document on November

3, 2023, and repeated the request on December 13, 2023. On February 26, 2024, KYC Support wrote that the documents he had provided did not support his claim balance and asked for documents that did. Belarmino Decl. ¶ 10, Ex. 5.

9. Mr. Belarmino sent his income tax return on March 5, 2024 (March 6 UTC). KYC Support then asked for bank statements showing his deposits into Binance and his transfers from Binance to FTX, and on March 12, 2024, he sent screenshots of his FTX balance and of those transfers. Belarmino Decl. ¶ 10, Ex. 5.

10. On March 12, 2024, KYC Support wrote to Mr. Belarmino: "Your KYC is being processed, and no further information is needed from you." Belarmino Decl. ¶ 10, Ex. 5.

11. Mr. Belarmino selected Kraken as his distribution service provider. On April 11, 2025 (April 12 UTC), Kraken confirmed that his Kraken account had been linked to his FTX claim. On June 24, 2025, Kraken wrote that, because of the timing of that link, his account was not included in the distribution of May 30, 2025. Belarmino Decl. ¶ 11, Ex. 6.

12. On April 27, 2025 (April 28 UTC), FTX Support wrote to Mr. Belarmino that his "KYC status is marked as Failed" and that "we are not able to make changes at this time." Belarmino Decl. ¶ 12, Ex. 7.

13. The same message explains that, for a Customer Claim that fails the know your customer process, the Debtors may either "allow such claims without the requested KYC Information" or "object to the allowance of such Customer Claims' proofs of claim and scheduled claims on an omnibus basis," in which event the holders "may have the opportunity to submit the requested KYC Information to the Debtors to resolve the objection." Belarmino Decl. ¶ 12, Ex. 7.

14. On May 1, 2025, FTX Support wrote that Mr. Belarmino "w[as] not verified, as [his] submission did not meet the necessary requirements." It did not identify which requirement

was not met. On May 28, 2025, FTX Support wrote that "KYC resubmission is no longer available." Belarmino Decl. ¶ 12, Ex. 7.

15. Mr. Belarmino continued to write to FTX Support, which told him on May 5, 2025, that the matter concerned its know your customer, anti-money laundering, and sanctions screening process. Belarmino Decl. ¶ 13, Ex. 8.

16. On March 18, 2026, the notice and claims agent wrote to Mr. Belarmino that "[f]or KYC concerns, please contact FTX_KYC@alvarezandmarsal.com." Belarmino Decl. ¶ 14, Ex. 14.

17. On March 20, 2026, and again on March 25, 2026, Mr. Belarmino wrote to that address and sent a signed source of funds declaration, his passport with a photograph of himself, proof of address, his Binance account identification, screenshots of the 2022 transfers from Binance to FTX, and his 2022 income tax return. He has received no response. Belarmino Decl. ¶¶ 15-16, Exs. 9 and 11.

18. As of October 18, 2026, the customer claims portal shows the know your customer step as failed, and the control to begin the process is not available to him. The distributions dashboard lists Kraken as his distribution method and shows the status of the Claim as Disputed, with each distribution amount shown as to be determined. Belarmino Decl. ¶¶ 17-18, Exs. 12 and 13.

19. Mr. Belarmino has received no Distribution on account of the Claim, and no one has told him why the Claim is treated as disputed or what, if anything, remains outstanding from him. Belarmino Decl. ¶ 19.

20. The Trust states in the Motion that it has filed 204 omnibus claims objections. No objection to the Claim appears on the docket.

21. On November 3, 2025, the Trust moved to extend the Objection Deadlines [D.I. 33444]. On November 24, 2025, the Court granted that motion [D.I. 33890] and extended both deadlines to and including January 4, 2027.

22. On November 5, 2026, the Trust filed the Motion, which seeks a further twelve-month extension of both Objection Deadlines, to and including January 4, 2028, without prejudice to the right to seek further extensions.

**THE LIMITED NATURE OF THIS OBJECTION**

23. Mr. Belarmino does not oppose an extension of the Objection Deadlines as to Claims generally, and does not dispute that substantial work remains as to the Claims pool as a whole.

24. Mr. Belarmino does not ask the Court to allow the Claim, to estimate the Claim, to resolve any dispute concerning the Claim, or to compel the Trust to object to the Claim on any schedule. No Claims allowance issue is presented by this Objection.

25. Mr. Belarmino asks only that the extension not be granted as to the Claim unless the Trust is required to restore the means by which he may satisfy the Pre-Distribution Requirements.

26. In denying the motion of ELD Capital LLC for entry of an order establishing a claims determination schedule [D.I. 31298], the Court identified an objection to a motion to extend the Claims Objection Deadline as the proper mechanism for a creditor seeking relief as to its own Claim: "I think the time really here to raise an objection would be if the trust moves to extend the claims objection deadline . . . that would be the proper mechanism by which parties would assert objections to the request to extend the time." *In re FTX Trading Ltd.*, No. 22-11068 (Bankr. D. Del. July 22, 2025), Hr'g Tr. 107:19-108:4 [D.I. 31934]. This Objection is that mechanism, and

it is confined to it.

## BASIS FOR THE OBJECTION

27. Bankruptcy Rule 9006(b)(1) permits the Court to enlarge a period "for cause shown." Fed. R. Bankr. P. 9006(b)(1). Cause is measured against the record before the Court.

28. In granting the prior extension, the Court found that the relief was "customary and appropriate for complex commercial cases of this size," that "[i]t is the Trust's first request," and that "[n]othing in the record indicates that the Trust has been dilatory with its duty to reconcile claims or has otherwise acted in bad faith." *In re FTX Trading Ltd.*, No. 22-11068 (Bankr. D. Del. Nov. 24, 2025), Hr'g Tr. 9:10-16 [D.I. 33909].

29. The Motion is the second request, and it seeks a second full year. The findings that supported the first extension do not answer the record of this Claim.

30. As to this Claim, the record is not one of reconciliation in progress. Mr. Belarmino delivered the Pre-Distribution Requirements information when it was requested, and he was told that nothing further was needed from him. The submission was later recorded as failed, resubmission was closed to him, and the submissions he made to the address the notice and claims agent supplied have gone unanswered for nearly eight months. Mr. Belarmino has received no Distribution on the Claim, and he has never been told how to correct the know your customer submission that was recorded as failed.

31. At the November 24, 2025 hearing, counsel for the Trust told the Court that as to creditors who had raised issues with it, including "the status of KYC," "anyone who's reached out, we have been responsible and responsive." *In re FTX Trading Ltd.*, No. 22-11068 (Bankr. D. Del. Nov. 24, 2025), Hr'g Tr. 26:10-17 [D.I. 33909]. He answered KYC Support's requests beginning on March 5, 2024 (March 6 UTC), and has since written to FTX Support, to the notice and claims

agent, and to the address the notice and claims agent supplied, and he still has no means of completing the Pre-Distribution Requirements.

32. Section 7.14 of the Plan places the obligation on the holder to deliver the required information upon request. It does not contemplate that a holder will deliver that information, be told that nothing further is needed, and then be denied any means of correcting a deficiency he has never been told of. A further twelve-month extension would leave that condition in place until January 4, 2028, at the earliest.

33. Mr. Belarmino does not contend that the Trust must explain its position on every Claim, and he does not ask it to do so here. He contends only that where the Trust has told a holder that his submission did not meet its requirements, has not told him which requirement was not met, and has closed the only means by which he may satisfy a condition the Plan imposes on him, cause is not shown for an extension that preserves that result for another year as to that holder.

**<u>RELIEF REQUESTED IN THE ALTERNATIVE</u>**

34. If the Court is inclined to grant the Motion, Mr. Belarmino respectfully requests that the order granting it include a paragraph substantially in the following form:

> Within thirty (30) days of the entry of this Order, the FTX Recovery Trust shall provide to the holder of unique customer code 02968219 (schedule number 6529458) a functioning means to complete or correct the Pre-Distribution Requirements under section 7.14 of the Plan, together with a written statement identifying what, if anything, remains outstanding. If the FTX Recovery Trust does not do so, the extensions granted by this Order shall not apply to that Claim.

35. The requested paragraph decides nothing about the Claim. It requires a ministerial act and a short written statement, each of which is within the Trust's control, and it leaves every substantive right of the Trust intact.

36. Pursuant to Local Rule 9013-1(h), Mr. Belarmino consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties,

cannot enter final orders or judgments consistent with Article III of the United States Constitution.

37. Mr. Belarmino reserves all rights with respect to the Claim, including the right to respond to any objection to the Claim and the right to seek further relief should it become appropriate.

**CONCLUSION**

WHEREFORE, Mr. Belarmino respectfully requests that the Court (a) deny the Motion as to the Claim unless the order granting the Motion includes a paragraph substantially in the form set forth above, and (b) grant such other and further relief as is just and proper.

Respectfully submitted,

Dated: November 13, 2026 KASEN LAW GROUP, P.C.

*/s/ Jenny R. Kasen*

Jenny R. Kasen, Esq. (DE Bar No. 5849)
1213 N. King Street, Suite 2
Wilmington, DE 19801
Telephone: (302) 652-3300
E-Mail: jkasen@kasenlawgroup.com

*Counsel to Vitor Vieira Belarmino*