**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 33444 & 36919** |

**FTX RECOVERY TRUST'S OMNIBUS REPLY IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE CLAIMS OBJECTION DEADLINE AND THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE**

The FTX Recovery Trust[2] hereby submits this reply (the "Reply") in support of the *Motion of the FTX Recovery Trust for Entry of an Order Further Extending the Claims Objection Deadline and the Administrative Claims Objection Deadline* (the "Motion") and in response to the objections to the Motion (each an "Objection" and collectively the "Objections").[3]

**PRELIMINARY STATEMENT**

1. The FTX Recovery Trust seeks routine and uncontroversial procedural relief expressly contemplated by the confirmed Plan and consistent with cases of this size and complexity: additional time for the FTX Recovery Trust to reconcile Claims and, as necessary,

---

1 The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

2 The FTX Recovery Trust (a/k/a the Consolidated Wind Down Trust) was established on January 3, 2025, the effective date of the Debtors' confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404-1] (the "Plan"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or the Motion, as applicable.

3 In addition to the docketed Objections, counsel to the FTX Recovery Trust also received one additional unfiled Objection from Jing Xu that overlaps with the filed Objections and is thus addressed through the responses set forth in the Reply.

file objections to Disputed Claims. In entering an order granting the Trust's prior *Motion of the FTX Recovery Trust for Entry of an Order Extending (I) the Claims Objection Deadline and (II) the Administrative Claims Objection Deadline* [D.I. 33444] (the "Initial Extension"), this Court determined that an extension of the Claims Objection Deadlines is "customary and appropriate for complex commercial cases of this size." (*In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del. Nov. 24, 2025), Hr'g Tr. at 9:10–12.) As with the Initial Extension, the Motion does not seek to alter the treatment of any Claim, change the timing or method of distributions on account of Allowed Claims, or otherwise modify any substantive rights. Rather, the requested one-year extension allows the FTX Recovery Trust to continue its Court-supervised administration and reconciliation of the approximately 13,800 remaining Claims—many of which involve complex litigations and objections involving billions of dollars—in an equitable and orderly manner. While the FTX Recovery Trust is sympathetic to individual creditors' plights regarding their Claims and potential recoveries, in order to ensure a fair and orderly process for all creditors, the FTX Recovery Trust must be allowed to continue its process.

2. Any suggestion that the FTX Recovery Trust is winding down the claims reconciliation process, and therefore an extension is unnecessary, is wholly inaccurate. The FTX Recovery Trust has been moving quickly, as it has already resolved approximately 670,500 Claims and filed 204 omnibus objections, as well as numerous individual claims objections and adversary proceeding complaints requiring fulsome litigation. Moreover, since this Court granted last year's Extension Motion, the FTX Recovery Trust has resolved approximately 11,500 Claims and Administrative Claims, filed six additional omnibus claims objections, and effectuated two distributions totaling approximately $3.1 billion to tens of thousands of Holders of Allowed Claims. Yet even with that progress, more than 13,800 Claims totaling nearly $25 billion remain

under active review and reconciliation. [D.I. 36919 ¶¶ 8–9, 17]. At the June 18, 2026 omnibus hearing, the Court recognized that the claims reconciliation process and the related adversary proceedings represent "a tremendous amount of work" and noted that the FTX Recovery Trust appeared to be "trying to move forward as expeditiously as possible" to return value to creditors. (*In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del. June 18, 2026), Hr'g Tr. at 41:24-42:5.) The requested one-year extension strikes the proper balance among diligence, transparency, and administrative efficiency. The arbitrary proposals for shorter or targeted extensions would only impose repetitive motion practice and unnecessary cost, and proposals for a conditioned extension are inconsistent with the claims process set forth and approved by the Confirmation Order and Plan. There is no basis for the Court to permit individual creditors—which seek only resolution of their particular claims—to substitute their judgment for that of the FTX Recovery Trust with duties to all.

3. In addition, as with the Initial Extension, the requested extension does not constitute "differential treatment" of claimants based on their residence in a particular jurisdiction, nor does it implicate or violate section 1123(a)(4) of the Bankruptcy Code. Section 1123(a)(4) governs equal treatment and unfair discrimination at the plan confirmation stage and is not applicable here. Contrary to the objectors' assertions, the extension will not prejudice any creditor or cause any of the objectors' Claims to be forfeited. Section 7.8 of the Plan governs Unclaimed Distributions only on account of Allowed Claims. Its six-month forfeiture period does not run while Claims remain Disputed. Rather, the requested extension prevents dilution of legitimate recoveries by ensuring that only valid, Allowed Claims are ultimately paid.

4. The remaining Objections revisit individualized issues regarding claims allowance that are not related to the Motion or are currently not before the Court. While it is

understandable that the objectors all want their individual Claims resolved, the timing for that is not a basis to deny the requested relief. Most of the objectors are claimants located in China raising the same issues regarding claims allowance and reconciliation that they raised in connection with the now withdrawn Restricted Jurisdiction Procedures Motion that was deferred at the Court's direction, and in connection with the Initial Extension. The Claims of these objectors remain properly classified as Disputed because they remain subject to objection by the FTX Recovery Trust and are currently ineligible for distribution under the Plan. This group of claimants should not be permitted to rehash these same arguments, which have previously been overruled by this Court, in an attempt to force the FTX Recovery Trust to make distributions on Claims that have not been Allowed and that may violate applicable local law.

5. Certain other Objections again argue that the claims process is opaque, seek individualized explanations regarding specific Claims, or seek to condition the extension on progress reports or other updates. These Objections should likewise be overruled. First, the additional procedures requested would not do anything to resolve the impediment to distributions for most of these objectors, whose Claims remain Disputed because of unresolved jurisdictional issues. Second, the FTX Recovery Trust's claims allowance process is consistent with the process previously approved by the Court and is very similar to those implemented in other large, complex chapter 11 proceedings. Furthermore, the measures implemented by the Debtors and the FTX Recovery Trust to ensure transparency and access remain in place. Creditors continue to have access to the FTX claims portal, published FAQs that are continually updated, and multiple dedicated support teams, including from counsel to the FTX Recovery Trust. There is no basis in the Confirmation Order, Plan or the Bankruptcy Code for any creditor to demand any special individual treatment, and all such demands must be denied.

6. Accordingly, the FTX Recovery Trust respectfully requests that the Court overrule the remaining Objections and grant the Motion.

## **REPLY**

### **I. The Claims Reconciliation Process Remains Active and Both Shorter and "Targeted" Extensions Are Impractical.**

7. Several objectors again contend that the claims reconciliation process is nearly complete, and therefore the requested one-year extension is not warranted. *See, e.g.*, [D.I. 36961, 36955, and 36967]. While the FTX Recovery Trust has acted with exceptional speed, resolving approximately 670,500 Claims, filing 204 omnibus objections as well as numerous individual claims objections and complaints, much remains to be done. As this Court observed in overruling the objections to last year's Extension Motion, although the FTX Recovery Trust had "made progress in the claims reconciliation process, the work is far from complete." (*In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del. Nov. 24, 2025), Hr'g Tr. at 9:12-14.) Since entry of the prior Extension Order, among other things, the FTX Recovery Trust has reconciled approximately 11,500 additional Claims, filed six additional omnibus claims objections involving thousands of Claims, resolved over one hundred contested claims matters and effectuated two distributions totaling approximately $3.1 billion to tens of thousands of Holders of Allowed Claims. However, as was the case when the Court granted last year's extension, the claims reconciliation process remains incomplete, with approximately 13,800 Claims totaling nearly $25 billion under active review and subject to complex litigations and claims objections. [D.I. 36919 ¶¶ 8-9, 17]. The process continues to require careful diligence, reconciliation, and, where necessary, litigation of contested claims objections.

8. Other objectors once more argue that shorter extensions are preferable or that the Court should require additional oversight. *See, e.g.*, [D.I. 36957] (proposing an extension

of ninety days); [D.I. 36953, 36961, and 36967] (proposing an extension of approximately six months); [D.I. 36955] (proposing an extension of 180 days). Shorter or qualified extensions would only impose repetitive motion practice and unnecessary costs, requiring the FTX Recovery Trust to return to the Court every few months with another motion to extend and respond to similar objections to each motion. Providing only a short extension would be an inefficient use of the Court's and the FTX Recovery Trust's time and resources.

9. Similarly, certain objectors once again challenge a case-wide extension as improper "blanket" relief. *See* [D.I. 36955 and 36961]. The FTX Recovery Trust is not seeking any sort of "blanket" extension but a one-year extension—only the second requested extension—consistent with cases of this size and complexity.

10. The objectors' recycled arguments provide no basis to deviate from established practice in this District or the approach the Court followed last year.[4] The complexity and scale of the remaining work in this case—one of the largest and most complex chapter 11 cases ever filed—is consistent with or exceeds those where extensions have been granted and demonstrate why targeted extensions and exceptions to the Claims Objection Deadline are neither practical nor appropriate. In overruling the objections to last year's Initial Extension, the Court found both that "the extension is necessary to maximize value by ensuring that creditor recoveries are not unnecessarily diluted with illegitimate claims" and that "[n]othing in the record indicates

[4] Xuzhou Yin's and other objectors' argument that the cases cited in the Motion are incomparable because they involved litigated, contested claims is misguided. *See* [D.I. 36961 ¶ 15 and 36957 ¶ 17]. Approximately 13,800 Claims totaling nearly $25 billion remain under active review and subject to complex litigations and claims objections. In addition, a significant number of these remaining Claims are held by creditors in potentially restricted foreign jurisdictions and cannot be resolved until the FTX Recovery Trust, and, as necessary the Court, can determine the legality of making distributions to those jurisdictions. Thus, the need for careful reconciliation recognized in last year's ruling remains.

that the Trust has been dilatory with its duty to reconcile claims or has otherwise acted in bad faith." (*In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del. Nov. 24, 2025), Hr'g Tr. at 9:14-19.) The same continues to be true. A single comprehensive extension avoids procedural redundancy, preserves estate resources, and ensures that reconciliation continues in an orderly, equitable manner for all stakeholders.

11. Moreover, objectors Nathaniel Parke's and Peiyi Li's suggestions that the FTX Recovery Trust should file objections sooner and litigate them later misunderstands the necessary and substantial work required *before* objections can be filed. *See* [D.I. 36967 ¶ 11 and 36959 ¶¶ 16-17]. The FTX Recovery Trust does not need to obtain additional time to fully litigate Claims and understands that litigation will take time to resolve. Rather, the FTX Recovery Trust is seeking additional time to fully review and reconcile Claims and determine whether objection and litigation are necessary. That process often requires the FTX Recovery Trust to request and obtain additional information from claimants and explore consensual resolutions before it can determine whether an objection or complaint is warranted.

**II. The Jurisdictional Objections Do Not Justify Denying or Conditioning the Extension.**

12. Most of the Objections are from creditors resident in China who raise the same arguments raised in opposition to the Restricted Jurisdiction Procedures and to the Initial Extension. But those Claims are not going to be resolved until the issue of the legality of making distributions to residents of China is resolved later in the case and, as the Court observed with respect to those creditors with Claims in potentially restricted foreign jurisdictions, "there will be a delay in distributions . . . [that is] unavoidable given the issues that have been identified." (*In re FTX Trading Ltd*., *et al*., No. 22-11068 (Bankr. D. Del. Oct. 23, 2025), Hr'g Tr. at 30:6–9.)

13. Nothing in the Motion alters any creditor's substantive rights, nor does it

present or implicate any claims allowance issues. The designation of any jurisdiction as a potentially restricted foreign jurisdiction is not being adjudicated or litigated in this Motion and is not before the Court. The FTX Recovery Trust's goal to facilitate lawful distributions to creditors is in furtherance of the Plan. *See* 11 U.S.C. § 1142(b) ("[t]he court may direct the debtor and any other necessary party . . . to perform any other act . . . that is necessary for the consummation of the plan.").

14. Nor does the requested extension expose any Disputed Claims to forfeiture under Section 7.8 of the Plan. Xuzhou Yin incorrectly asserts that Section 7.8's six-month forfeiture period applies to Claims that remain Disputed. *See* [D.I. 36961 ¶ 13]. The plain language of Section 7.8 governs Unclaimed Distributions only on account of Allowed Claims. (Plan §§ 2.1.208, 7.8.) This is a reason why the FTX Recovery Trust has continued to characterize all Claims with jurisdictional issues as "Disputed" rather than allowing any of them. Because these Claims remain Disputed, there is currently no risk of forfeiture under Section 7.8. Indeed, if these Claims were to become Allowed and the FTX Recovery Trust was unable to make a Distribution because of legal issues in a jurisdiction, those Allowed Claims *could* then become subject to forfeiture under Section 7.8.

15. Contrary to the flawed arguments raised in several Objections, a one-year extension of the Claims Objection Deadline does not constitute "differential treatment" of claimants based on their residence in a particular jurisdiction, nor does it modify the Plan's proposed treatment of any Claim. *See* [D.I. 36961 ¶¶ 17-20]. Section 1123(a)(4) of the Bankruptcy Code governs equal treatment and unfair discrimination at the plan confirmation stage and is not applicable here. *See In re Energy Future Holding Corp.*, 527 B.R. 157, 167 (D. Del. 2015). In connection with the confirmation of the Plan, the Court held that "[t]he requirements of

section 1123(a)(4) of the Bankruptcy Code [were] satisfied." (Confirmation Order ¶ 30.) Article 4 of the Plan, in compliance with section 1123(a)(4), provides that each claimant in any particular class will receive the same treatment on account of its Claim and will receive the same distribution on account of such Claim under the Plan, and nothing in the Motion purports to change any treatment set forth in Article 4 of the Plan.

16. Finally, objectors Xiaodong Wang, Daochi Cai and Jianhua Jin all make arguments offering misguided advice that creditors resident in China could receive distributions through alternative cash payment methods and work around onboarding with Distribution Service Providers. *See* [D.I. 36957, 36956, and 36958]. None of these issues are currently before the Court and go well beyond the relief requested in the Motion. In any event, the cases cited in support of their suggestions are irrelevant.[5]

## III. The Proposed Reporting Requirements and Other Conditions Would Divert Resources from Claims Reconciliation.

17. Nathaniel Parke, Xiaodong Wang, Xuzhou Yin, Kangliang Li, and other objectors argue that any extension should be conditioned on additional oversight or "transparency" requirements, such as monthly or quarterly public reporting, detailed progress updates, disclosure of dispute categories, Court-imposed benchmarks, or an explanation of the remaining work to be done. *See* [D.I. 36967, 36957, 36961, and 36954]. These proposals are impractical, inconsistent with the Plan, and contrary to the orderly administration of the FTX Recovery Trust. Given the

---

[5] Xiaodong Wang cites to *Celsius Network LLC*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y.) and to Judge Owens's discussion of *In re: Bittrex, Inc.*, Case No. 23-10598 (BLS) (Bankr. D. Del.) at the October 23, 2025 hearing. (*In re FTX Trading Ltd.*, *et al.*, No. 22-11068 (Bankr. D. Del. Oct. 23, 2025), Hr'g Tr. at 22:13–22.) The FTX Recovery Trust is not privy to any analyses done by the administrators or professionals in those cases regarding the legality of distributions into foreign jurisdictions, and the business and operating models of those exchanges were considerably less complex than the FTX Group's, which operated in several sophisticated digital asset markets, including prediction markets, tokenized stocks and swap and hedging markets. Furthermore, a determination that a distribution could lawfully be made in another case does not establish that the FTX Recovery Trust can lawfully make the Distributions at issue here.

number of outstanding Claims, it is simply impracticable to require the FTX Recovery Trust to provide in-depth details to specific claimants regarding the reconciliation status of each individual Claim upon request. Moreover, many of the outstanding Claims involve complex and fact-specific issues, and any type of reporting would require the FTX Recovery Trust to divulge potentially privileged work-product and litigation strategy.[6] The realities are that in any chapter 11 case, but especially one of this size and complexity, time and a process are needed to orderly reconcile, resolve, and if necessary, object to filed Claims.

18. Objector Peiyi Li also proposes a segmented approach under which remaining Claims are categorized based on complexity. *See* [D.I. 36959 ¶ 17]. There is no basis for such an approach, which would require extensive substantive review to identify and categorize Claims that can be resolved quickly and those that would require additional time. A segmented approach would be impractical, divert substantial resources from the reconciliation process and require the repetitive motion practice that the requested extension period would avoid.

19. Furthermore, the Plan already provides mechanisms to ensure fairness and transparency, including the publicly accessible claims register, the maintenance of the Disputed Claims Reserve,[7] and continued Court oversight. Those protections are substantial. Recognizing that this process can be confusing for pro se claimants, the FTX Recovery Trust continues to

---

6 The FTX Recovery Trust's responses to claimant inquiries reflect the ongoing claims reconciliation process and are not "perfunctory," as Mr. Parke contends. [D.I. 36967 ¶ 12]. The relevant facts and legal issues are still under active review and the FTX Recovery Trust is not yet in a position to share any information or provide a complete assessment. Prematurely sharing information with a claimant whose Claim is still under review puts the Trust at risk of providing incomplete information or disclosing privileged information.

7 Ji Shengkun asserts that the reserve arrangements for Disputed Claims are unclear. *See* [D.I. 36960 ¶ 40]. As previously stated to the Court in the *Third Notice of Proposed Reduction of Disputed Claims Reserve Amount* [D.I. 35722], the Disputed Claims Reserve is based on intentionally conservative assumptions, and includes approximately $900 million of remaining Disputed Claims over and above the amounts that the FTX Recovery Trust projects will ultimately become Allowed Claims. The Disputed Claims Reserve has been detailed in other submissions to the Court.

provide creditors with access to the FTX claims portal, continually updated FAQs, and multiple dedicated support teams. In addition, the suggestion that these materials constitute an impermissible post-confirmation modification under section 1127(b) is without merit. *See* [D.I. 36956 ¶ 14]. The FAQs and Distribution Service Provider notices explain the Plan's existing requirements and how creditors can satisfy them; they do not modify those requirements or alter creditors' substantive distribution rights.

20. Imposing additional conditional reporting or Court-imposed requirements not contemplated by the Plan or the Court's Confirmation Order would divert substantial resources from the substantive reconciliation process, delay progress for all creditors, and create the very inefficiencies that Bankruptcy Rule 9006(b) is designed to avoid by permitting reasonable extensions for cause. The FTX Recovery Trust already has an established process for reconciling Claims. As part of that process, the FTX Recovery Trust and its advisors, including counsel, review each Claim against the Debtors' books and records to determine its validity and appropriate amount, seek and analyze supporting documentation, evaluate applicable law and, where appropriate, object to the Claim or engage in negotiations with its Holder. This necessarily takes substantial time given the volume of claims and the complexity of the issues presented by this mega case. Because the requested extension is routine, supported by cause under Bankruptcy Rule 9006(b), and necessary to allow the FTX Recovery Trust to complete its investigation and reconcile the remaining Claims, the Court should overrule the Objections and grant the Motion.

**IV. Unresolved KYC Issues Require Additional Time for Review.**

21. Objector Vitor Vieira Belarmino's assertion that he has submitted the requested information does not establish that the FTX Recovery Trust's KYC review is complete. *See* [D.I. 36974]. The FTX Recovery Trust has unresolved concerns regarding his KYC and

continues to review his Claim. The KYC review process includes verifying submitted information and assessing sanctions, money laundering, and other legal risks, including through manual review where warranted. Those substantive inquiries require substantial time and are not resolved merely by submitting documents.

22. The Plan expressly contemplates that, where applicable, the FTX Recovery Trust will "object[] . . . to the KYC Information[8] of the Original Holder" submitted by a claimant. (Plan § 2.1.197.) When such an objection is sustained, the Claim becomes an Unverified Customer Entitlement Claim and cannot be Allowed. (Plan § 2.1.8(c)(iv).) Claims that ultimately fail KYC review will therefore be addressed through claims objections to which the claimant will have an opportunity to respond, but the need for sufficient time to investigate and evaluate objections remains.

23. Mr. Belarmino conflates claim allowance under the KYC procedures with the pre-distribution requirements under Section 7.14 of the Plan. Mr. Belarmino's KYC is under review, and his Claim has not been Allowed. Thus, completion of the pre-distribution requirements will not resolve those KYC concerns and will not convert his Disputed Claim into an Allowed Claim. Section 7.14's requirements apply only to Allowed Claims and do not apply here, and thus provide no basis for the claim-specific conditions Mr. Belarmino seeks to impose on the extension.

## V. Other Objections Fail.

24. All of the other arguments in the remaining Objections fail and should be overruled for the following additional reasons:

[8] "KYC Information" was defined by the Plan to be "the know-your-customer information requested by the Debtors." (Plan § 2.1.129.)

- Objector Ji Shengkun's Claim remains Disputed because of unresolved ownership concerns and pending litigation. *See* Complaint, *Svalbard Holdings Ltd.* v. *SCI Ventures Co., Ltd.*, Index No. 653670/2024 (N.Y. Sup. Ct. N.Y. Cnty. July 22, 2024), NYSCEF Doc. No. 2. Delaying or shortening the requested extension would not resolve those concerns or otherwise accelerate any Distribution to the claimant.

- Objector Jing Xu lacks standing to object to the Motion. Xu made the "Bahamas Opt-In Election" during the Plan solicitation period, electing to have his Claim administered and resolved in the Bahamas. The Court-approved solicitation and voting procedures expressly provide that, subject to the Plan's effectiveness, a Holder making that election agrees to "forever, fully and finally release and discharge the Debtors" with respect to the applicable Claims and "forever, fully and finally withdraw with prejudice" those Claims from these Chapter 11 Cases. (Solicitation Procedures Order [D.I. 19068], Ex. 1 § 4(iii)(c).) Bankruptcy standing is "its own particular breed of standing" and requires a "pecuniary or an economic or property interest before [the] court that is susceptible to redress and as to which parties should be able and afforded an opportunity to address the Bankruptcy Court." *See In re Vantage Drilling Int'l*, 603 B.R. 538, 545 (D. Del. 2019). Courts have long held that "[t]he test to determine whether an entity is a party in interest is 'whether the prospective party in interest has a sufficient stake in the outcome of the proceeding so as to require representation.'" *In re Stone & Webster, Inc.*, 373 B.R. 353, 361 (Bankr. D. Del. 2007) (quoting *In re Torrez*, 132 B.R. 924, 934 (Bankr. E.D. Cal. 1991)). Having released his Claim against the Debtors and FTX Recovery Trust, Xu has no stake in the outcome of the Motion. Accordingly, his Objection should be overruled.

## **CONCLUSION**

For the reasons stated above, the Court should overrule the Objections and grant the Motion.

Dated: November 16, 2026
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
mcguire@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Counsel for the FTX Recovery Trust*