**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

RECEIVED
2026 NOV 20 P 1:30
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: December 17, 2026 at 1:00 p.m. (ET)**<br>**Objection Deadline: December 3, 2026 at 4:00 p.m. (ET)** |

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Evgenii Kochegin, pro se (the "Movant"), has filed the **Motion of Evgenii Kochegin, Pro Se, for an Order (I) Determining that His Class 7A Distribution Was Not Forfeited under Section 7.8 of the Plan, (II) Directing the FTX Recovery Trust to Reinstate the Distribution and Reopen Onboarding, and (III) in the Alternative, Granting Relief from the Onboarding Deadline** (the "Motion") with the United States Bankruptcy Court for the District of Delaware in the above-captioned cases.

PLEASE TAKE FURTHER NOTICE that any response or objection to the Motion must be made in writing and filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before **December 3, 2026 at 4:00 p.m. (ET)** (or such other date as the Court may set under Local Rule 9006-1(c)(ii)). At the same time, you must serve a copy of the response or objection on the Movant, so as to be received by that time: Evgenii Kochegin, c/o IEDN, Zähringerstraße 11/12, 10707 Berlin, Germany; e-mail: mr.libertson@gmail.com. Because the Movant resides outside the United States, service by e-mail is requested.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be held on **December 17, 2026 at 1:00 p.m. (ET)** before the Honorable Karen B. Owens, Chief United States Bankruptcy Judge, 824 N. Market Street, 6th Floor, Courtroom No. 3, Wilmington, Delaware 19801, or remotely as the Court may direct.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: November 14, 2026, Tbilisi, Georgia

______________________________
Evgenii Kochegin, pro se
c/o IEDN, Zähringerstraße 11/12
10707 Berlin, Germany
mr.libertson@gmail.com
Tel.: +1 (302) 520-5347 (voicemail)
Preferred contact: e-mail

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

RECEIVED
2026 NOV 20 P 1:30
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: December 17, 2026 at 1:00 p.m. (ET)**<br>**Objection Deadline: December 3, 2026 at 4:00 p.m. (ET)** |

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

**MOTION OF EVGENII KOCHEGIN, PRO SE, FOR AN ORDER (I) DETERMINING THAT HIS CLASS 7A DISTRIBUTION WAS NOT FORFEITED UNDER SECTION 7.8 OF THE PLAN, (II) DIRECTING THE FTX RECOVERY TRUST TO REINSTATE THE DISTRIBUTION AND REOPEN ONBOARDING, AND (III) IN THE ALTERNATIVE, GRANTING RELIEF FROM THE ONBOARDING DEADLINE**

Evgenii Kochegin, a creditor appearing pro se, respectfully states as follows:

**Preliminary statement**

1. I hold an Allowed Class 7A Dotcom Convenience Claim of $6,590.25 (Schedule F Claim No. 04544250). The FTX Recovery Trust (the "Trust") treats my entire distribution, $7,940.61 with post-petition interest, as forfeited under Section 7.8 of the Plan [D.I. 26404-1] as of August 18, 2025. I did not abandon this distribution. The only provider the portal offered me closed my account without explanation; I reported this to FTX before the deadline; FTX told me in writing that I could wait for another provider; and I never received the notice that Section 7.8 requires. I ask the Court to direct the Trust to reinstate my distribution and let me complete onboarding now.

**Jurisdiction**

2. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. Under Section 12.1 of the Plan and paragraph 132 of the Confirmation Order [D.I. 26404], the Court retained "exclusive jurisdiction over all matters arising in or out of, or related to, these Chapter 11 Cases or the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code."

2a. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), I consent to the entry of final orders or judgments by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Background**

3. The facts are set out in my declaration filed with this motion (the "Declaration") and its exhibits. In summary:

(a) I am a Russian citizen and have lived in Tbilisi, Georgia since 2021. I completed KYC and submitted Form W-8BEN on December 2, 2024 (Decl. ¶¶ 3, 5).

(b) On December 25, 2024, I selected Kraken in Step 8 and opened an account. Kraken closed it on December 27, 2024, stating that "for security reasons" it could not give the reason (Decl. ¶¶ 7–9; Exs. E-7, E-8).

(c) On January 20, 2025, the onboarding deadline for the initial distribution, I reported this to FTX Support (ticket #276391). FTX replied: "We have reset step 8 for you. You have the option to select another distribution service provider or you can opt to wait for other provider/s to be available" (Decl. ¶ 10; Ex. E-9).

(d) On July 18, 2025, I wrote again (ticket #327307) and asked how long distributions would continue. On July 21, 2025, FTX replied that it did "not have information on how long distributions will continue," and mentioned no deadline (Decl. ¶ 11; Ex. E-10).

(e) I received no notice, by mail or email, that my distribution had become an Unclaimed Distribution or would be forfeited (Decl. ¶¶ 12–13).

(f) On August 9, 2026, FTX Support told me that the distribution had been forfeited. Step 9 of my Dashboard then showed no forfeiture for the February 18, May 30 and September 30, 2025 distributions, and a forfeiture only for the March 31, 2026 distribution (Decl. ¶¶ 14–15; Ex. E-11).

(g) I asked the Trust's counsel in writing to reinstate the distribution on October 23, 2026. On October 30, 2026, the Trust informed me that its determination remained unchanged. Step 8 of my portal remains locked (Decl. ¶ 16).

## Argument

**A.** ***The notice that Section 7.8 requires was not given.***

4. Section 7.8 conditions revesting on commercially reasonable efforts "to notify the Holder of such Unclaimed Distribution within three months of the applicable Distribution Date," and deems those efforts satisfied "by mailing a notice to the last known address of record … and emailing such notice to the last known email address of record." No such notice was mailed or emailed to me. The only communications the Trust has identified are two portal reminders e-mailed by FTX Customer Support on January 7, 2025 (received January 8 in Tbilisi), before the February 18, 2025 Distribution Date, and on April 3, 2025 (received April 4 in Tbilisi) (Ex. E-6). Each named only a date by which to complete Step 8 "to be eligible for" a particular distribution; neither mentioned Section 7.8, an Unclaimed Distribution, forfeiture, or a final date after which my distribution would be lost, and neither was mailed. The April 3, 2025 reminder, on its face, concerned the next distribution to holders of Class 5 and Class 6 claims and of Convenience Claims allowed after the initial record date; my claim was allowed before that date. The Debtors and the Trust knew how to give a forfeiture notice when they intended one: between January and August 2025 their noticing agent served "Pre-Distribution Requirement Request[s]" warning that a holder who did not comply "shall be deemed to have forfeited your right to receive Distributions," quoting Section 7.14, and filed sworn affidavits of service [D.I. 29770, 29932, 29965, 30510, 31078, 31274, 32951]. Those requests concerned only tax forms (Step 7). I had submitted my Form W-8BEN, and I received none of them. The docket contains no affidavit of service of any notice of an Unclaimed Distribution under Section 7.8. The Trust itself has described the rule to this Court in the same terms: claimants who do not complete the pre-distribution requirements "may not receive a distribution under the Plan, and distributions on account of such claims may be forfeited pursuant to the Plan after notice and the expiration of certain notice periods" [D.I. 33678 ¶ 3 (citing Plan § 7.14)]. No such notice was given to me, and no notice period began to run.

**B.** ***My distribution was not an "Unclaimed Distribution."***

5. Section 2.1.208 of the Plan defines an Unclaimed Distribution as one to a Holder who has not "(b) given written notice to the Distribution Agent of an intent to accept a particular Distribution; (c) responded in writing to the request of the Distribution Agent for information necessary to facilitate a particular Distribution; or (d) taken any other action necessary to facilitate such Distribution." I did each of these: I wrote to FTX on January 20 and July 18,

2025, I provided KYC information and Form W-8BEN, and I onboarded with Kraken until Kraken closed my account.

**C.** ***I relied on FTX's written instruction to wait.***

6. On the deadline day, FTX told me in writing that I could "opt to wait for other provider/s to be available." That instruction matched the Trust's published guidance. The Trust's support page on Distribution Service Providers tells holders that they are expected to continue with the provider they selected "unless there are unforeseen circumstances where the Distribution Service Provider is not able to successfully onboard or make distributions. If this occurs, please reach out to support@ftx.com." It also states that if a provider cannot serve a holder's jurisdiction, "your distribution will be deferred to a later date," and that "additional Distribution Service Providers will be added to ensure you are able to receive your claim" (Ex. E-12). The same statements appear in the Internet Archive copy of the page dated January 21, 2025, and my browser history shows that I opened that page on January 24, 2025, four days after FTX Support told me I could wait (Decl. ¶ 16a; Exs. E-12, E-14). That is exactly what happened and exactly what I did: Kraken could not onboard me, and I reached out to support@ftx.com. The portal itself told me the same when I selected Kraken: "If you have issues with Distribution Services Provider selection or onboarding, please contact Customer Support" (Ex. E-7). The same support page also stated: "Late completions will receive distributions in the subsequent months," and that holders "may" forfeit under Section 7.8 (Ex. E-12, including the January 21, 2025 copy). Forfeiting the distribution of a holder who followed the Trust's own published instructions is inequitable.

**D.** ***The Trust's own records do not show a forfeiture in 2025.***

7. The Trust's Annual Financial Report for 2025 [D.I. 34771] reports no forfeitures and carries Convenience Claims that had not completed Pre-Distribution Requirements as Unclaimed Distributions as of December 31, 2025. Forfeitures are first reported for the period ended March 31, 2026 [D.I. 35691]. This is consistent with my Dashboard and not with a forfeiture on August 18, 2025.

7a. The Trust's published guidance points the same way. After August 18, 2025, the Trust's "Distributions Dashboard FAQs" page stated: "if the holder of an Allowed Claim does not successfully onboard with a distribution service provider (step 8 of the FTX claims portal) within six months from the September 30th distribution date, such holder may forfeit their right to receive distributions on their Allowed Claims" (Internet Archive copy dated October 4, 2025, filed in these cases at D.I. 36946-2, Ex. 3, page 33 of 51). The current version of the same page measures that period "within six months from the July 31, 2026 distribution date"

(Ex. E-12). On the Trust's own public description, therefore, the six-month onboarding period is measured from a later distribution date, and its consequence is that a holder "may" forfeit. Neither version states that a holder who had not onboarded by August 18, 2025 had already lost the distribution. I do not say that I read this page in 2025; I rely on it as the Trust's own reading of the onboarding period.

**E.** ***Unequal treatment within Class 7A.***

8. Holders whom an available provider accepted had six months from February 18, 2025 to onboard. I learned of the only alternative provider, Payoneer, on July 21, 2025, four weeks before the date the Trust now applies. The Trust withdrew its motion to permit forfeiture of distributions in restricted jurisdictions [D.I. 31148, 33439]. Treating my distribution as forfeited while those of similarly situated holders are deferred is inconsistent with the equal treatment required by 11 U.S.C. § 1123(a)(4).

**F.** ***The Trust told the Court in October 2025 that it had taken no position on distributions in any jurisdiction.***

8a. On October 20, 2025, two months after the date on which the Trust now says my distribution was forfeited, the Trust told this Court: "The FTX Recovery Trust has made no such determinations, taken any position or expressed any substantive views on the permissibility of distributions in any jurisdiction" [D.I. 33193 ¶ 15]. The procedures it then proposed for holders in restricted jurisdictions would have held their distributions for 180 days, allowed them to re-certify KYC after a change of residence, and allowed them to challenge the Trust's residency determination before a Special Master [D.I. 33193 ¶ 2 and Ex. A]. The Trust withdrew that motion [D.I. 33439]. I received none of those protections. As the Trust later reported, the Court observed at the October 23, 2025 status conference that such procedures "should be the last resort for these claimants" [D.I. 33678 ¶ 4 (quoting Oct. 23, 2025 Hr'g Tr. 30:14-20)]. For me, forfeiture was not a last resort; it was applied without notice and without any procedure at all.

**G.** ***Alternatively, my failure to onboard was excusable neglect (Fed. R. Bankr. P. 9006(b)(1)).***

9. If the Court finds that Section 7.8 applied to my distribution, I respectfully ask for relief from the onboarding deadline under Fed. R. Bankr. P. 9006(b)(1) and 11 U.S.C. § 105(a). Under *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), each factor favors relief:

(a) *Prejudice:* none. My claim is allowed and fixed; the Trust carried such distributions as Unclaimed Distributions through December 31, 2025 [D.I. 34771].

(b) *Length of delay and impact:* distributions are continuing; a single Class 7A payment does not affect administration.

(c) *Reason for delay:* the only provider offered to me closed my account without explanation, and FTX told me in writing that I could wait for another provider, consistent with the Trust's published guidance for exactly this situation (Ex. E-12). No notice told me otherwise before the deadline the Trust now applies.

(d) *Good faith:* I accepted my claim, voted, provided KYC and Form W-8BEN, onboarded with Kraken, and wrote to FTX before the deadline on January 20 and July 18, 2025.

This is not a request to excuse a missed KYC deadline, like the motion the Court denied in [D.I. 33349; motion for reconsideration, D.I. 34975, denied on August 19, 2026]. My case differs on each ground the Trust relied on there [D.I. 33575]:

(i) *No final order.* There, the claim had been expunged by a final, non-appealable KYC Objection Order, so relief required Rule 60(b) [D.I. 33575 ¶¶ 4, 11-12]. Here no order of this Court forfeited my distribution; my claim is allowed, and I ask the Court to determine how the Plan applies to it.

(ii) *I contacted the Trust before the deadline.* The Trust told the Court that "[t]o the extent a customer experienced technical difficulties … and contacted the FTX Recovery Trust prior to the deadline, the FTX Recovery Trust has reasonably worked with such customers to resolve those issues" [D.I. 33575 ¶ 10]. I did exactly that, on January 20 and July 18, 2025, and was told in writing that I could wait for another provider. That treatment was not extended to me.

(iii) *An external impediment, not inaction.* The Trust faulted that claimant because he "reported no system malfunction, portal outage, or other technical impediment" and made no attempt to contact support [D.I. 33575 ¶ 16]. My KYC and tax steps were completed on time; the obstacle was a provider's closure of my account, which I reported, and FTX told me in writing to wait.

(iv) *No floodgate.* Relief here turns on facts specific to me — a written instruction to wait and the absence of the notice the Trust itself says forfeiture requires [D.I. 33678 ¶ 3] — and does not reopen any closed process for other claimants.

Due process also requires notice "reasonably calculated, under all the circumstances, to apprise interested parties" of the action affecting their rights. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). General onboarding reminders that never mentioned forfeiture or the date of August 18, 2025 did not meet that standard. I ask for a reasonable period to complete onboarding with an available provider.

**Relief requested**

10. I respectfully ask the Court to enter an order, substantially in the form attached:

(a) determining that my distribution on Claim No. 04544250 was not forfeited under Section 7.8 of the Plan;

(b) directing the Trust to reinstate the distribution of $7,940.61 (or such amount as the Plan provides), to record it as deferred, and to reopen Step 8 of my Customer Portal within 14 days;

(c) directing that the distribution be made within 60 days after I complete onboarding; and

(d) in the alternative, granting relief from the onboarding deadline and allowing 90 days to complete onboarding.

**Request regarding the hearing**

10a. English is not my native language, and my spoken English is limited. I respectfully ask the Court to decide this Motion on the papers if the Court considers that appropriate. If the Court requires a hearing, I ask permission to appear remotely by Zoom and to be assisted by an interpreter of my choosing at my own expense. I rely on this Motion and my Declaration.

**Notice**

11. Notice of this motion has been given to counsel for the Trust (Sullivan & Cromwell LLP and Landis Rath & Cobb LLP) and to the Office of the United States Trustee, as stated in the attached certificate of service. I submit that no further notice is required.

Dated: November 14, 2026, Tbilisi, Georgia

Evgenii Kochegin, pro se
c/o IEDN, Zähringerstraße 11/12
10707 Berlin, Germany
mr.libertson@gmail.com
Tel.: +1 (302) 520-5347 (voicemail)
Preferred contact: e-mail

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

RECEIVED
2026 NOV 20 P 1:30
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: December 17, 2026 at 1:00 p.m. (ET)** **Objection Deadline: December 3, 2026 at 4:00 p.m. (ET)** |

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Evgenii Kochegin, pro se
c/o IEDN
Zähringerstraße 11/12
10707 Berlin, Germany
mr.libertson@gmail.com
Tel.: +1 (302) 520-5347 (voicemail) · Preferred contact: e-mail

## DECLARATION OF EVGENII KOCHEGIN IN SUPPORT OF HIS MOTION REGARDING CLASS 7A DISTRIBUTION ON SCHEDULE F CLAIM NO. 04544250

I, Evgenii Kochegin, declare as follows:

1. I am over 18 years of age. I make this declaration on personal knowledge, and from documents that I received or kept myself. I am not represented by counsel. English is not my native language. I read and write English at a basic to intermediate level. I prepared this declaration with the help of a Russian translation, I reviewed each paragraph in Russian and in English before signing, and I understand its contents.

2. I am the original holder of the claim on FTX.com Account ID 100877869 (Unique Customer Code 4544250), Schedule F Claim No. 04544250, Kroll Schedule No. 221106805913667. My claim is an Allowed Class 7A Dotcom Convenience Claim of $6,590.25. My Distributions Dashboard showed post-petition interest of $1,350.36, a total of $7,940.61.

3. I am a citizen of the Russian Federation. I hold no identity documents other than my Russian passports (domestic and international). I have lived in Tbilisi, Georgia since

September 2021. I have a bank account with TBC Bank in Georgia.

4. On September 17, 2023, I accepted my scheduled claim through Kroll. On August 16, 2024, I submitted my ballot on the Plan in Class 7A (Exhibit E-3).

5. On December 2, 2024, I submitted IRS Form W-8BEN through the FTX Customer Portal, showing my permanent address in Tbilisi, Georgia. I also completed the KYC steps that the portal required, including uploading a photo of my international passport.

6. When choosing a distribution service provider, the portal asked me to select a country. As I recall, the portal referred to the country of "residence." I was not sure what "residence" meant there; I thought it might mean tax residence or an official registered address. I first selected the Russian Federation, my country of citizenship, and the portal did not offer any distribution service provider. I then selected Georgia, where I live and have a local bank account, a rental agreement and a local phone number, and the portal offered Kraken. I do not recall the exact wording shown by the portal.

7. On December 25, 2024, I selected Kraken in Step 8 of the portal and opened a Kraken account.

8. On December 26, 2024, in Kraken's live chat, I told the Kraken agent that I had been living in Georgia since 2021. The agent replied: "We usually ask for permanent residence card and once account is been verified you are good to receive distribution. But this is a particulat [sic] situation which will require further review." I told the agent that, as proof of residence, I had a local bank statement with my living address, a rental agreement and a local phone number. A true copy of my screenshot of this chat is part of Exhibit E-7.

9. On December 27, 2024, Kraken closed my account. Kraken's email (ticket #14977430) stated: "For security reasons we are unable to provide you the reason why and discuss this matter further."

10. On January 20, 2025, I reported this to FTX Customer Support (ticket #276391) and asked how I could receive my distribution. FTX Support replied the same day: "We have reset step 8 for you. You have the option to select another distribution service provider or you can opt to wait for other provider/s to be available." I understood this to mean that I could wait for another provider to become available without losing my distribution. Because Kraken had already closed my account, I chose to wait for a provider that would accept holders of Russian passports. Because I had told FTX about my problem, I expected that FTX would inform me when such a provider became available, or before any deadline. I had filed my claim and completed the required documents, and I relied on this reply and waited.

11. On July 18, 2025, I wrote to FTX Customer Support again (ticket #327307). I explained my situation and wrote: "You previously stated that you would be bringing in new distributors. When will there be a distributor through which I can receive money if I have a Russian passport? Second question (please do not ignore): How long will distribution continue?" On July 21, 2025, FTX Support replied: "We have recently added Payoneer as a distribution service provider. We do not have information on any other distribution service providers at the moment. Unfortunately, we also do not have information on how long distributions will continue." The reply did not mention any deadline and did not say whether Payoneer accepted holders of Russian passports. This reply was the first time I learned of Payoneer; I had not seen it announced anywhere else.

12. I have reviewed the email account registered with FTX and Kroll, including the spam and trash folders. Between April 5, 2025 and August 8, 2026, the only emails I received from FTX or Kroll were replies in my own support ticket #327307 and a verification code. None of them informed me that my distribution was unclaimed, would be forfeited, or had to be claimed by August 18, 2025. I have not deleted any email from FTX or Kroll concerning my claim or my distribution. From January 1, 2025 to the present, apart from an automatic reply to my own email of October 23, 2026, the only email I received from Kroll was a January 12, 2025 email linking to the Notice of Effective Date; I never received any "Pre-Distribution Requirement Request."

13. To my knowledge, I received no notice of any kind by post regarding an Unclaimed Distribution or the forfeiture of my distribution. I have never received any letter from FTX, Kroll or the FTX Recovery Trust by post.

14. I first learned that my distribution had been treated as forfeited on August 9, 2026, from FTX Customer Support (ticket #350017). Before that day, no one had told me that my distribution would be, or had been, forfeited.

15. On August 9, 2026, Step 9 of my Distributions Dashboard showed, for the February 18, 2025, May 30, 2025 and September 30, 2025 distributions, a Forfeited Distribution of $0.00 and a Total Distribution of $7,940.61 with the date "TBD". It showed a forfeiture of $7,940.61 only for the March 31, 2026 distribution. I took the screenshot myself; a true copy is Exhibit E-11. I saw the same on October 30, 2026.

16. On August 9, 2026, and again on October 30, 2026, Step 8 of my portal was locked, and I could not select any distribution service provider. I am ready to complete onboarding with any available provider as soon as Step 8 is reopened. On October 23, 2026, I asked counsel

for the FTX Recovery Trust in writing to reinstate my distribution. On October 30, 2026, counsel for the Trust informed me that its determination remained unchanged.

16a. My Firefox browser history shows that on January 20, 2025, the day I wrote to FTX Support, I opened the support.ftx.com page "Selecting a Distribution Service Provider," and that on January 24, 2025, four days after FTX Support told me I could wait for another provider, I opened the page "General Information on Distribution Service Providers" (Exhibit E-14). I do not now remember the details of what I read. The browser history matches FTX's own records of my support tickets: on January 20, 2025 I opened the page "Selecting a Distribution Service Provider" at 13:24 UTC and sent my email to support@ftx.com under that same subject at 13:29 UTC, and FTX's system acknowledged it at 13:30 UTC (ticket #276391; Exhibit E-9); on July 18, 2025 I browsed the support site at 13:42–13:44 UTC and sent my next email at 13:54 UTC (ticket #327307; Exhibit E-10). I may have deleted parts of my browsing history over the years, but I have never added or edited any entry. On November 1, 2026, in my presence, a copy of my Firefox history database was made on my computer (SHA-256: 32a5eefb429ce3322ed44876c01e11822191402f59466013210476a294c7782e), and I have preserved it. An Internet Archive copy of that page dated January 21, 2025 (part of Exhibit E-12) contains the statements that holders should "reach out to support@ftx.com" if a provider is "not able to successfully onboard," and that distributions are "deferred to a later date" where no provider can serve the holder's jurisdiction.

17. The documents attached as Exhibits E-1 to E-14 are true copies of documents that I received or sent, or that were saved on my computer in my presence. The Internet Archive copy in Exhibit E-12 was printed from web.archive.org on my computer, in my presence, on November 1, 2026. Exhibit E-12 also contains the pages "General Information on Distribution Service Providers" and "Distributions Dashboard FAQs" on support.ftx.com as they were displayed when they were saved on my computer on October 23, 2026. Exhibit E-14 is an extract of my own Firefox browsing history, made on my computer in my presence on November 1, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 14, 2026 in Tbilisi, Georgia.

Evgenii Kochegin, pro se
c/o IEDN, Zähringerstraße 11/12
10707 Berlin, Germany
mr.libertson@gmail.com
Tel.: +1 (302) 520-5347 (voicemail)
Preferred contact: e-mail

# Chronology and Exhibits

**In re FTX Trading Ltd., et al.**, Case No. 22-11068 (KBO), U.S. Bankruptcy Court, District of Delaware

| | |
|---|---|
| **Holder** | Evgenii Kochegin (original holder), Tbilisi, Georgia - mr.libertson@gmail.com |
| **FTX.com Account ID / Unique Customer Code** | 100877869 / 4544250 |
| **Schedule F Claim No. / Kroll Schedule No.** | 04544250 / 221106805913667 |
| **Class** | Class 7A Dotcom Convenience Claim |
| **Allowed claim amount (Step 9, FTX Customer Portal)** | $6,590.25 (plus post-petition interest $1,350.36; total distribution shown $7,940.61) |

## Chronology

| Date | Event | Exhibit |
|---|---|---|
| 9 Nov 2022 | Withdrawal of 0.29083798 BTC remains in "Requested" status; support ticket #1201914. | E-1 |
| 17 Sep 2023 | Acceptance of Scheduled Claim submitted to Kroll. | E-2 |
| 16 Aug 2024 | Class 7A ballot submitted; Stipulated Amount $6,590.25. | E-3, E-4 |
| 2 Dec 2024 | Form W-8BEN submitted (citizenship: Russia; permanent residence: Tbilisi, Georgia). | E-5 |
| 21 Dec 2024; 8 Jan 2025 | FTX notices: BitGo and Kraken announced; onboarding deadline 20 Jan 2025 for the Initial Distribution. | E-6 |
| 25 Dec 2024 | Holder selects Kraken in Step 8 and opens a Kraken account. | E-7 |
| 26 Dec 2024 | Kraken Live Chat: Kraken says it usually asks for a permanent residence card and that the case "will require further review"; the holder offers a local bank statement, rent agreement and local phone number. | E-7 |
| 27 Dec 2024 | Kraken closes the account: "For security reasons we are unable to provide you the reason why" (Kraken ticket #14977430). | E-8 |
| 20 Jan 2025 (deadline day) | Ticket #276391: Holder reports the closure and asks which provider can serve a Georgia resident with a Russian passport. FTX resets Step 8: "You have the option to select another distribution service provider or you can opt to wait for other provider/s to be available." | E-9 |
| 24 Jan 2025 | Holder opens the official page "General Information on Distribution Service Providers", which states that if a provider is "not able to successfully onboard", holders should "reach out to support@ftx.com", and that distributions are "deferred to a later date" where no provider can serve. | E-12, E-14 |
| 10 Feb 2025 | FTX notice: Distribution Dashboard (Step 9) live. | E-6 |
| 18 Feb 2025 | Initial Distribution to Convenience Classes. | E-6, E-11 |
| 4 Apr 2025 | FTX reminder: Step 8 to be completed before 11 Apr 2025 "to be eligible for the Next Distribution"; "Customers may not receive a Distribution unless and until this information is provided." No reference to an Unclaimed Distribution or forfeiture. | E-6 |
| 18 Jul 2025 | Ticket #327307: Holder asks when a provider accepting a Russian passport will be available and "How long will distribution continue?" | E-10 |
| 21 Jul 2025 | FTX: Payoneer recently added; "we also do not have information on how long distributions will continue." No warning of any forfeiture date. | E-10 |

| | | |
|---|---|---|
| 5 Apr 2025 - 8 Aug 2026 | No email from ftx.com or kroll.com other than ticket auto-replies and a verification code. No postal notice received. | - |
| 9 Aug 2026 | Ticket #350017: Step 8 is locked. The Step 9 dashboard shows forfeited distribution of $0.00 for the 18 Feb 2025, 30 May 2025 and 30 Sep 2025 distributions (estimated date "TBD"), and a forfeiture of $7,940.61 only for the 31 Mar 2026 distribution. FTX states the distribution was an Unclaimed Distribution for six months from 18 Feb 2025 and is forfeited under Plan section 7.8; "At this time, your Distribution remains forfeited." | E-11 |

## Index of Exhibits

| Exhibit | Description |
|---|---|
| E-1 | FTX.com account and withdrawal attempts, November 2022 |
| E-2 | Customer Claim Form - Acceptance of Scheduled Claim (17 Sep 2023) |
| E-3 | Class 7A Dotcom Convenience Claims Ballot (August 2024) — personal contact details partially redacted |
| E-4 | FTX Customer Portal, Step 6 (10 Oct 2024) |
| E-5 | Form W-8BEN (2 Dec 2024) — date of birth redacted to year (Fed. R. Bankr. P. 9037); street address partially redacted |
| E-6 | Official FTX notices on DSP onboarding (21 Dec 2024, 8 Jan 2025, 10 Feb 2025, 4 Apr 2025) |
| E-7 | Selection of Kraken in Step 8 and Kraken onboarding (25 Dec 2024) |
| E-8 | Kraken account closure (27 Dec 2024) |
| E-9 | FTX Support Ticket #276391 (20 Jan 2025) with attachments |
| E-10 | FTX Support Ticket #327307 (18-21 Jul 2025) |
| E-11 | FTX Support Ticket #350017 (9 Aug 2026) with Step 8 and Step 9 screenshots |
| E-12 | support.ftx.com: "General Information on Distribution Service Providers" (updated 2 Oct 2026; and Internet Archive capture of 21 Jan 2025 with the same passages) and "Distributions Dashboard FAQs" (updated 13 Sep 2026) |
| E-13 | FTX Customer Portal records, 9 Aug 2026: Step 4 and login history (all logins from Georgia) |
| E-14 | Holder's Firefox browsing history: visits to support.ftx.com in 2025 (extracted 1 Nov 2026) |

Emails are reproduced from the original messages in the holder's mailbox (mr.libertson@gmail.com); quoted earlier messages within a reply are omitted where they appear separately. Times are shown as in the original message headers.

# Exhibit E-1

## FTX.com account and withdrawal attempts, November 2022

Profile (Account ID 100877869), withdrawal history with BTC 0.29083798 stuck in 'Requested' status, support ticket #1201914.




FTX.com profile, 9 Nov 2022




Withdrawal history, 9 Nov 2022

FTX Рынки Ещё Помощь Поиск рынка Кошелек Ордеры Evgeniy Sergeevich Kochegin

FTT BTC ETH SOL SRM BTC/USDT ETH/USDT BTC/USD XRP/USD ETHW/USD SOL/USDT MATIC/USD BTC-PERP ETH-PERP SOL-PERP FTT-PERP BTC

## Служба поддержки

Тикеты > Вывод средств

### Вывод средств

#1201914

Crypto withdrawal

ЗАКРЫТЬ ТИКЕТ

Здравствуйте, на данный момент несколько моих запросов на вывод средств долго находятся в статусе "Requested". Я в курсе информации о кризисе ликвидности биржи FTX. SBF, CEO криптовалютной биржи FTX в своём твиттер-аккаунте пообещал, что все выплаты будут сделаны 1:1, но для этого потребуется время. В связи с этим, у меня есть несколько вопросов:

1. Какие есть гарантии исполнения биржей своих обязательств?
2. В каком порядке будут осуществляться выплаты? Очередь определяется по дате запроса или объему запрашиваемых средств?
3. Куда обращаться в случае неисполнения обязательств (какие суды, например)?
4. Можете ли вы в данный момент предоставить мне выписку с моими запрошенными на вывод средствами, которые сейчас биржа удерживает до решения кризиса? Для собственной юридической защиты я бы хотел располагать такой выпиской, чтобы иметь подтверждения задолженности мне со стороны биржи FTX.

Данные о запрошенных мной выводах средств:

09.11.2022, 20:32:03 BTC 0,29083798 BTC
bc1qlkur0ts3nnafltap7vufhg26ft0zhw5m0upkzr
requested

09.11.2022, 22:03:07 BTC 0,022175 BTC
bc1qyghpstjsu8pftusn30m7kjfps2qlxgzg25ql52
requested

09.11.2022, 22:09:04 BTC 0,00879824 BTC
bc1qtqxldxllevkqhl9vrxgx3ct3dzysnyq438ugj9
requested

Заранее благодарю вас за ответ. Прошу копию ответа направить на электронный адрес.

09.11.2022, 22:35:02

Ответить

Документ (необязательно)

Обзор... Файлы не выбраны.

Support ticket #1201914, 9 Nov 2022

## Выводы средств

Показывать время в UTC

Сделать вывод

| Время | Монета | Сумма | Место назначения | Статус |
|---|---|---|---|---|
| 09.11.2022, 20:32:03 | BTC | 0,29083798 BTC | bc1qlkur0ts3nnafltap7vufhg26ft0zhw5m0upkzr | Requested |
| 08.11.2022, 02:49:29 | SOL | 15,066986 SOL | A18jVGBpBsUSBT9xYTRZZq8EUUVGZQL2mW5GFoyYNjEA | Complete (2HNpJfYE8qEFdWRzN3HxshY3yipupjodBqqRvbj8gYACBzKuHyvs1wg9Td1QFjHsUyA19r3aRB6Yw6VoCxuCfYKz) |
| 08.11.2022, 02:45:01 | ETH | 0,7598708 ETH (Комиссия 0,001 ETH ) | 0xb273574907688c5753b3b0e2EBa7eC204b1557f7 | Complete (0xb211183220ab55c1ebaaac11678c93eefe6de000c6556134917f9bfdce0d84fd) |
| 08.11.2022, 02:36:29 | BTC | 0,8 BTC | bc1qlkur0ts3nnafltap7vufhg26ft0zhw5m0upkzr | Complete (bdba1e28124fa2ff4e656c7a094276df616b20a252b82a071916215245db0ff1) |
| 19.09.2022, 23:15:41 | USDT | 115 USDT | Internal FTX transfer to THNjLmiikjh8VaMQhEcjdKpAqwrh1AUHPw | Complete |

Строк на странице: 10 1-5 / 5

# Exhibit E-2

Customer Claim Form - Acceptance of Scheduled Claim (17 Sep 2023)

Kroll Scheduled ID 221106805913667; Confirmation ID 3265-70-LBZZX-816339891.

# Customer Claim Form

## FTX Details

| FTX Email | FTX AccountID | Scheduled ID | FTX Debtor |
|---|---|---|---|
| mr.libertson@gmail.com | 100877869 | 221106805913667 | |

## Scheduled Claim Information

**You have been redirected from FTX website. Please check your scheduled information below.**

**If you do NOT agree with any of 1) the amount or quantity of fiat, coins or NFT; 2) the FTX Exchange against whom the Customer Claim is asserted; or 3) the type or nature of the Customer Claim set forth below, assert the quantity of fiat or coins you held as of the date the case was filed in the rightmost column of the below charts.**

**You will also have an opportunity to add any NFTs not listed. Only complete this section where you DISAGREE with the component of your Scheduled Customer Claim. You will also have an opportunity to assert a Customer Claim arising out of or related to any other investment or trading activity.**

**Schedule**

F-17

Debtor FTX Trading Ltd. has listed your claim on Schedule E/F, Part 2 as a General Unsecured claim in an Undetermined amount. If you disagree with your holdings of coin, fiat, or NFTs as listed in the Schedules, you must timely file a proof of claim or be forever barred from recovery other than as listed in the Schedules.

**Provide Information About the Customer Claim as of the Date the Case was Filed (as of November 11, 2022). Please identify the FTX Exchange with respect to where the below cryptocurrency and fiat in Question 7 is held. If you have accounts at more than one FTX Exchange, please file one proof of claim per FTX Exchange. Each such Customer Entitlement Claim pursuant to Question 7 below shall be deemed to have been filed as an identical Customer Entitlement Claim in the same amount against all other Debtors. Accordingly, you do not need to file separate proofs of claim against each Debtor for your Customer Entitlement Claim (Question 7). Please see Question 8 for additional instructions for asserting claims related to Other Activity.**

- ◉ FTX Trading Ltd. (d/b/a "FTX") (Case No. 22-11068)
- ○ FTX EU Ltd. (f/k/a K-DNA Financial Services Ltd. d/b/a "FTX EU") (Case No. 22-11166)
- ○ FTX Japan K.K. (aka "FTX Japan") (Case No. 22-11102)
- ○ Quoine Pte Ltd (d/b/a Liquid Global) (Case No. 22-11161)
- ○ West Realm Shires Services Inc. (d/b/a "FTX US") (Case No. 22-11071)

**List the quantity of each type of cryptocurrency ("Crypto") or fiat currency ("Fiat") held in your account(s) as of November 11, 2022. List any Non-Fungible Tokens ("NFTs") held in your account (s) along with the unique identification code.**

- Note that the "USD Rate" is the ratio of the Local Currency to U.S. Dollars.
- If your Crypto or Fiat were part of the peer-to-peer ("P2P") margin lending program, please populate the Loaned Quantity column.

## Fiat

**ASSERTED QUANTITY FIAT**

| Fiat (Ticker / Abbreviation) | | Total Scheduled Quantity of Fiat (Local Currency) | Total Scheduled Quantity of Fiat (Converted to USD) | Do you agree with the Scheduled Quantity? | If you do not agree, Please provide the Asserted Quantity of Fiat here |
|---|---|---|---|---|---|
| USD | | 0.0453618731 | 0.05 | ○ No<br>◉ Yes | |

**Do you want to add any other fiat not previously listed?**

◉ No
○ Yes

## Loaned Fiat

**LOANED QUANTITY FIAT**

**Do you want to add any other fiat not previously listed?**

◉ No
○ Yes

## Asserted Crypto

**Asserted Quantity of Crypto Tokens**

| Crypto (Ticker / Abbreviation) | Scheduled Quantity of Crypto | Do you agree with the Scheduled Quantity? | If you do not agree, Please provide the Asserted Quantity of Crypto here. |
|---|---|---|---|
| BTC | 0.381498540 | ○ No<br>◉ Yes | |
| ETHW | 0.002796800 | ○ No<br>◉ Yes | |

| | | | |
|---|---|---|---|
| TRX | 4.000112000 | ○ No<br>◉ Yes | |
| USDT | 153.857963720 | ○ No<br>◉ Yes | |

**Do you want to add any coin not previously listed?**

◉ No
○ Yes

## Loaned Crypto

**Loaned Quantity of Crypto**

**Do you want to add any coin not previously listed?**

◉ No
○ Yes

## NFTs

**NFTs (non-fungible tokens)**

**Do you want to add any NFTs not previously listed?**

◉ No
○ Yes

## Customer Claims related to any Other Activity on the FTX Exchanges

**Do you have Customer Claims related to any Other Activity on the FTX Exchanges? Other Activity would not include quantities of crypto, fiat or NFTs listed in Box 7 above.**

◉ No
○ Yes

## Submission Information

When you press "Accept Schedule" you will receive an email from "noreply.efiling@ra.kroll.com." Please add this email to your allowed senders list. This email will contain an identification number confirming receipt of your schedule acceptance ("Confirmation ID").

## Confirmation of Submission

**Your Form has been successfully submitted...**

| DOCUMENT ID | Submitted Date Time |
|---|---|
| 7d056cd205bd1bd88ecb08e1d8d651f73f576c99 | 2023-09-17T13:43:32.017Z |
| **Status** | **CONFIRMATION ID** |
| Acceptance of Scheduled Claim | 3265-70-LBZZX-816339891 |

# Exhibit E-3

## Class 7A Dotcom Convenience Claims Ballot (August 2024)

Stipulated Amount for voting, allowance and distribution: $6,590.25. Personal telephone number and e-mail address partially redacted (cf. Final Order, D.I. 545 ¶ 5, authorizing redaction of addresses and e-mail addresses of individual creditors); unredacted copy retained by the holder and available to the Court, the U.S. Trustee and the Trust upon request.

80214-13

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES**

**Class 7A Dotcom Convenience Claims**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**PLEASE BE SURE TO LEAVE SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

80214-13

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME**

- **You are receiving this ballot (this "Ballot") because you are a Holder of a Class 7A Dotcom Convenience Claim of FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each, a "Debtor"), who filed voluntary petitions of relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and may be a potential claimant of FTX Digital Markets Ltd.'s ("FTX DM") liquidation proceeding in The Bahamas (the "FTX DM Liquidation Proceeding").**

- **The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "Plan"), attached as Exhibit A to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the "Disclosure Statement").[2]**

- **On January 24, 2024, the Bankruptcy Court entered an order approving a settlement agreement by and among the Debtors and FTX DM (the "Settlement") whereby, among other things, Holders of Class 5A Dotcom Customer Entitlement Claims may make an irrevocable election (the "Bahamas Opt-In Election"), subject to effectiveness of the Plan, to (i) forever, fully and finally release and discharge the Debtors with respect to such Class 5A Dotcom Customer Entitlement Claims from these Chapter 11 Cases and (ii) forever, fully and finally withdraw with prejudice such Claims from these Chapter 11 Cases in exchange to have their Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. Any Holder who wishes to have its Class 5A Dotcom Customer Entitlement Claims or Class 7A Dotcom Convenience Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding must (i) submit a proof of debt in the FTX DM Liquidation Proceeding via the FTX DM Portal (as defined below), (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other required steps in the FTX DM Liquidation Proceeding (collectively, (i) through (iii), the "Bahamas Requirements"). For more details about the Settlement and the Bahamas Opt-In Election, please refer to Section 7.11 in the Plan and Section 6(B) in the Disclosure**

2 Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

80214-13

**Statement and the Bahamas Opt-In Election instruction letter you received in the Solicitation Package (the "Bahamas Process Letter").**

- **Pursuant to the terms of the Settlement, making the Bahamas Opt-In Election will not impact your requirements to comply with and complete the "Know Your Customer" procedures, and subject to the effectiveness of the Plan, by making the Bahamas Opt-In Election, you agree to make your KYC Information submitted in these Chapter 11 Cases accessible to FTX DM and agents and representatives in the FTX DM Liquidation Proceeding and authorize the Debtors and their agents and representatives to make such KYC information available to FTX DM and its agents and representatives.**

- **You will first be asked to determine whether you would like to make the Bahamas Opt-In Election. If you make the Bahamas Opt-In Election in this Ballot, please do not fill out the rest of this Ballot. If you make the Bahamas Opt-In Election, subject to the effectiveness of the Plan, you cannot prosecute your Class 5A Dotcom Customer Entitlement Claim against the Debtors and you agree to fully and finally release and discharge the Debtors with respect to such Claim. Additionally, if you make the Bahamas Opt-In Election, any other elections you make on this Ballot will be null and void. If you make the Bahamas Opt-In Election in this Ballot, you are deemed to vote to accept the Plan.**

- **In order to have your Class 7A Dotcom Convenience Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must complete (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) all other Bahamas Requirements. In the event you make the Bahamas Opt-In Election in this Ballot, but fail to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement, you will, subject to effectiveness of the Plan, (i) forever, fully and finally release and discharge the Debtors with respect to such Claims, (ii) forever, fully and finally withdraw with prejudice such Claims from the Chapter 11 Cases and (iii) may not have your Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied the FTX DM Liquidation Proceeding.**

- **In the event you return the Ballot on or before the Voting Deadline and do not make the Bahamas Opt-In Election, you will have your Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the Chapter 11 Cases, your Claim will be governed by the Plan, the Chapter 11 Cases and the Bankruptcy Court, you cannot prosecute your Claim against FTX DM and any proof of debt you submit in the FTX DM Liquidation Proceeding will be invalid, unless you have also completed all other Bahamas Requirements in the FTX DM Liquidation Proceeding.**

- **In the event you (i) return the Ballot on or before the Voting Deadline and do not make the Bahamas Opt-In Election and (ii) submit a proof of debt in the FTX DM**

80214-13

**Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding, your Ballot will be deemed null and void and you are deemed to make the Bahamas Opt-In Election.**

- **If you wish to make the Bahamas Opt-In Election, please read carefully and complete Item 1 herein (Pages 7-11). If you do not wish to make the Bahamas Opt-In Election and wish to have your Claim administered in the Chapter 11 Cases, please read carefully and complete Items 2-9 herein (Pages 11-17).**

- **If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 7A Dotcom Convenience Claim if you (i) agree with the Claim Amount Stipulation for Voting, Allowance and Distribution in Item 4 of this Ballot and (ii) vote to accept the Plan in Item 7 of this Ballot.**

- **If you do not make the Bahamas Opt-In Election, there are certain releases contemplated in the Plan. Under the Plan, unless you affirmatively opt out in accordance with the instructions set forth in this Ballot, you will be deemed to grant the releases contained in Section 10.5 of the Plan (the "Third-Party Release"). You have the right to opt out of the Third-Party Release. To do so, you must check the opt-out box on page 15 of this Ballot and return this Ballot to the Solicitation Agent by the Voting Deadline. You do not need to make any election or vote on the Plan to opt out of the Third-Party Release. The definitions of Released Parties and Releasing Parties are also included in this Ballot. These defined terms control the scope of the Third-Party Release.**

- **You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in Item 7 of this Ballot.**

The Disclosure Statement provides you with information to make an informed decision on the Plan. Votes are being solicited from Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 6A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B Priority DM Claims, Class 8C PropCo General Unsecured Claims, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (each, a "Voting Class" and collectively, the "Voting Classes").

You are receiving this ballot (this "Ballot") because you are the Holder of a Class 7A Dotcom Convenience Claim as of June 25, 2024 (the "Voting Record Date"). **For a detailed discussion of the treatment of Class 7A Dotcom Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

# BALLOT

**Please review the instructions attached as Annex A (the "Ballot Instructions") regarding how to complete and submit this Ballot.** Once completed and returned in accordance with the Ballot Instructions, your vote on the Plan will be counted in **Class 7A Dotcom Convenience Claims**. If you make the Bahamas Opt-In Election in this Ballot, you should not complete the remainder of the Ballot and are deemed to vote to accept the Plan and any other election in the Ballot will be null and void. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests that submit votes in that Voting Class by the Voting Deadline vote to accept the Plan. Even if a Voting Class votes to reject the Plan, the Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. After the Bankruptcy Court confirms the Plan, the Plan will be binding on all Holders of Claims and Interests irrespective of whether the Holder or the Class voted to accept or to reject the Plan.

**TO MAKE THE BAHAMAS OPT-IN ELECTION IN THIS BALLOT OR TO HAVE YOUR VOTE COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN, YOU MUST COMPLETE AND RETURN THIS BALLOT VIA THE ONLINE VOTING PORTAL OR BY MAIL SO THAT THE SOLICITATION AGENT ACTUALLY RECEIVES IT ON OR BEFORE THE VOTING DEADLINE OF AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**To make the Bahamas Opt-In Election, you MUST either:** (a)(1) check the box in **Item 1**, and (2) return this Ballot on or before the Voting Deadline; or (b)(1) take no action with respect to this Ballot or the voting and chapter 11 elections found on your FTX.com online portal and (2)(i) file a proof of debt in the FTX DM Liquidation Proceeding via the following link at https://digitalmarketsclaim.pwc.com or by scanning the QR Code below: (the "FTX DM Portal"), (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other Bahamas Requirements:

**To vote on the Plan, you MUST:** (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in **Item 7**; (c) sign, date, and return this Ballot via EITHER (i) the Solicitation Agent's online voting portal or (ii) regular mail (in the

Voter ID: 10002188

80214-13

return envelope provided, if any, or otherwise), overnight courier, or hand delivery, as described below; and (d) submit your Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

1. To submit your electronic Ballot either to make the Bahamas Opt-In Election or to vote on the Plan via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

   **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

   **Unique E-Ballot ID#:** 221106804034329

2. To submit your Ballot either to make the Bahamas Opt-In Election or to vote on the Plan via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

The Solicitation Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal you **SHOULD NOT** submit the paper original of your Ballot.

Please note that if you submit your Ballot via mail, your Ballot must be actually received by the Solicitation Agent on or before the Voting Deadline.

You should review the Disclosure Statement, the Plan, and the Ballot Instructions before you vote to accept or reject the Plan, or make the Bahamas Opt-In Election. You may wish to seek legal advice concerning (a) whether to make the Bahamas Opt-In Election and (b) the Plan and the Plan's classification and treatment of your Class 7A Dotcom Convenience Claim. Your Claim has been classified in Class 7A under the Plan. If you hold Claims or Interests in Voting Classes other than with respect to the Class 7A Dotcom Convenience Claim as set forth in **Item 3** or multiple Claims or Interests within the same Voting Class, you will receive multiple ballots. Each ballot must be completed and returned by the Voting Deadline for any Bahamas Opt-In Election or vote on such ballot to be counted.

80214-13

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you would like paper copies of the Solicitation Package materials, or if you would like additional copies of the Solicitation Packages, you may obtain them, free of charge, by: (a) calling the Solicitation Agent at (888) 482-0049 (U.S./Canada, Toll-Free) or +1 (646) 440-4176 (International); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/FTX/Home-Index, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain elections contained herein, opting out of the Third-Party Release, and making certifications with respect to the Ballot. If you believe you have received this Ballot in error, please contact the Solicitation Agent ***immediately*** at the address, telephone number, or email address set forth above.

If the Bankruptcy Court confirms the Plan, the terms of the Plan will bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan.

To have your vote count as either an acceptance or rejection of the Plan, or to make the Bahamas Opt-In Election via this Ballot, you must complete and return this Ballot so that the Solicitation Agent ***actually receives*** it on or before the Voting Deadline.

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**Item 1. The Bahamas Opt-In Election.**

Holders of Class 7A Dotcom Convenience Claims may irrevocably elect to have their Class 7A Dotcom Convenience Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding by making the Bahamas Opt-In Election. If a Holder makes the Bahamas Opt-In Election, such Holder is, subject to the effectiveness of the Plan: (a) forever, fully and finally releasing and discharging the Debtors with respect to such Class 7A Dotcom Convenience Claims; and (b) forever, fully and finally withdrawing with prejudice such Class 7A Dotcom Convenience Claims from these Chapter 11 Cases and the Solicitation Agent will be authorized to update the Claims Register accordingly.

If a Holder does not make the Bahamas Opt-In Election, such Holder is, subject to the effectiveness of the Plan, forever, fully and finally releasing and discharging FTX DM with respect to their Class 7A Dotcom Convenience Claims and gives up all right to prove in, and be paid a distribution from, the FTX DM Liquidation Proceeding, unless such Holder submits a proof of debt in the FTX DM Liquidation Proceeding and completes all other Bahamas Requirements in the FTX DM Liquidation Proceeding.

80214-13

After making the Bahamas Opt-In Election, FTX DM and the JOLs will provide instructions with respect to all aspects of your Claim via the following link at https://digitalmarketsclaim.pwc.com

**To make the Bahamas Opt-In Election, you __MUST either__:**

(a) (1) check the box in **__Item 1__** and (2) return this Ballot on or before the Voting Deadline; or

(b) (1) take no action with respect to this Ballot or the voting and chapter 11 elections found on your FTX.com online portal and (2)(i) file a proof of debt in the FTX DM Liquidation Proceeding via the following link at https://digitalmarketsclaim.pwc.com or by scanning the QR Code below: (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other Bahamas Requirements:

Making the Bahamas Opt-In Election in this Ballot does not ensure that your Class 7A Dotcom Convenience Claim as set forth in **__Item 3__** will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. **__You must also submit a proof of debt in the FTX DM Liquidation Proceedings and complete all other Bahamas Requirements.__** In the event you make the Bahamas Opt-In Election in this Ballot, but fail to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement in the FTX DM Liquidation Proceeding, you will, subject to effectiveness of the Plan, (i) forever, fully and finally release and discharge the Debtors with respect to such Claims, (ii) forever, fully and finally withdraw with prejudice such claims from these Chapter 11 Cases and (iii) may not have your Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied in the FTX DM Liquidation Proceeding.

If you make the Bahamas Opt-In Election, subject to effectiveness of the Plan your Class 7A Dotcom Convenience Claim as set forth in **__Item 3__** will not be administered, reconciled, valued, settled, adjudicated, resolved or satisfied in these Chapter 11 Cases and you agree to: (a) forever, fully and finally release and discharge the Debtors with respect to your Class 7A Dotcom Convenience Claim as set forth in **__Item 3__**; and (b) forever, fully and finally withdraw with prejudice such Class 7A Dotcom Convenience Claim from these Chapter 11 Cases. If you make the Bahamas Opt-In Election, you will not receive any Distributions from the Debtors on account of your Class 7A Dotcom Convenience Claim in the Chapter 11 Cases. If you make the Bahamas Opt-In Election in this Ballot, you are deemed to vote to accept the Plan and you will not be entitled to complete any other part of this Ballot or make any of the elections in these Chapter 11 Cases,

80214-13

including agreeing to your Stipulated Amount, pursuant to the Plan through this Ballot. For more details about the Bahamas Opt-In Election, please refer to Section 7.11 in the Plan and Section 6(B) in the Disclosure Statement.

If you do not make the Bahamas Opt-In Election, your Class 7A Dotcom Convenience Claim as set forth in **Item 3** will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in these Chapter 11 Cases. If you do not make the Bahamas Opt-In Election, you agree to, subject to the effectiveness of the Plan, forever, fully and finally release and discharge FTX DM with respect to your Class 7A Dotcom Convenience Claim as set forth in **Item 3** and you will not receive any distributions from FTX DM on account of your Class 7A Dotcom Convenience Claim.

However, notwithstanding anything to the contrary, in the event you have submitted a proof of debt in the FTX DM Liquidation Proceeding and completed all other Bahamas Requirements in the FTX DM Liquidation, then you are deemed to make the Bahamas Opt-In Election.

**Please note that the Bahamas Opt-In Election is at your option. Holders who make the Bahamas Opt-In Election cannot, and will not, receive more than such Holders would have received under the Plan in these Chapter 11 Cases. Additionally, Holders who make the Bahamas Opt-In Election may recover less as their Claims may be diluted by certain Claims in the Bahamas which would not have been allowed as Class 7A Dotcom Convenience Claims under the Plan.**

☐ **By checking this box, you (i) are deemed to vote to accept the Plan, and (ii) subject to effectiveness of the Plan, forever, fully and finally (a) release and discharge the Debtors with respect to your Class 7A Dotcom Convenience Claim; and (b) withdraw with prejudice such Class 7A Dotcom Convenience Claim from these Chapter 11 Cases, (iii) subject to effectiveness of the Plan, elect to have your Class 7A Dotcom Convenience Claim as set forth in Item 3 administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iv) subject to the effectiveness of the Plan, agree to make the KYC Information submitted in these Chapter 11 Cases accessible to FTX DM and agents and representatives in the FTX DM Liquidation Proceeding and authorize the Debtors and their agents and representatives to make such KYC information available to FTX DM and its agents and representatives. Please note that in order to have your Class 7A Dotcom Convenience Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) complete all other Bahamas Requirements.**

**If you check this box ONLY PROCEED TO ITEM 1(a) and ITEM 1(b). DO NOT FILL OUT THE REST OF THE BALLOT AFTER ITEM 1(b). For further instructions and information, please refer to Annex A herein.**

In the event that you make the Bahamas Opt-In Election and complete any other part of this Ballot or make any other elections in the Ballot, (i) your Bahamas Opt-In Election will control, (ii) you

80214-13

are deemed to vote to accept the Plan, and (iii) such other elections made in your Ballot will be deemed null and void.

In the event you (1) return this Ballot on or before the Voting Deadline that does not make the Bahamas Opt-In Election and (2) submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding, your Ballot will be deemed null and void and you are deemed to make the Bahamas Opt-In Election.

**Item 1(a). Certifications.**

The undersigned, as of the Voting Record Date:

1. is (a) the Holder of the Class 7A Dotcom Convenience Claim as set forth in **Item 3** or the authorized signatory for an entity that is a Holder of such Claim entitled to make the Bahamas Opt-In Election as set forth in this **Item 1;**

2. irrevocably elects to, subject to the effectiveness of the Plan, have its Class 7A Dotcom Convenience Claim as set forth in **Item 3** administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding; *provided* that in order to have your Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding;

3. agrees to, subject to the effectiveness of the Plan, forever, fully and finally release and discharge the Debtors with respect to the Class 7A Dotcom Convenience Claim as set forth in **Item 3**; and

4. subject to the effectiveness of the Plan, forever, fully and finally withdraws with prejudice such Class 7A Dotcom Convenience Claim from these Chapter 11 Cases.

**Item 1(b). Bahamas Opt-In Election Information.**

| | |
|---|---|
| Name of Holder: | ____________________ |
| | ____________________ |
| Signature: | ____________________ |
| Signatory Name (if other than the Holder): | ____________________ |
| Title (if other than the Holder): | ____________________ |
| Address: | ____________________ |

80214-13

| | |
|---|---|
| | _______________ |
| Email Address: | _______________ |
| Telephone Number: | _______________ |
| Date Completed: | _______________ |

**Item 2 Quoine Customers**

If your Class 7A Dotcom Convenience Claim is with respect to a Claim of creditors or customers of Debtor Quoine Pte. Ltd. ("Quoine"), your vote on this Ballot is being solicited on a contingent basis.

The Debtors may determine, no later than 180 days after the Confirmation Date, to exclude Quoine from the Plan and treat Quoine as an Excluded Entity in the event that the Singapore International Commercial Court has not entered orders in form and substance reasonably acceptable to the Debtors (i) recognizing the Chapter 11 Case of Quoine Pte. Ltd. in Singapore and (ii) granting full force and effect in Singapore to the Confirmation Order, the Digital Assets Estimation Order and the Claims Bar Date. In the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date, your Class 7A Dotcom Convenience Claim with respect to a Claim of creditors and customers of Quoine will not be administered, reconciled, valued, settled, adjudicated, resolved or satisfied in these Chapter 11 Cases, and you will not be entitled to any Distributions under the Plan on account of such Claims and any ballots or elections made by you on account of such Claims will be deemed null and void. In the event the Debtors do not make such determination within 180 days after the Confirmation Date, your Class 7A Dotcom Convenience Claim with respect to a Claim of creditors or customers of Quoine will be treated as the other Class 7A Dotcom Convenience Claims.

**Item 3. Voting Amount of Class 7A Dotcom Convenience Claim.**

For purposes of voting to accept or reject the Plan, your Class 7A Dotcom Convenience Claim will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations set forth either in the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] (together with any further order of the Court estimating claims based on digital assets, the "Digital Assets Estimation Order") or as shall be set forth in any other order by the Court, as applicable (the "Scheduled Amount"). Your Scheduled Amount is as listed in this **Item 3**.

If you did not file a Proof of Claim, the amount of your Class 7A Dotcom Convenience Claim for purposes of voting to accept or reject the Plan (the "Voting Amount") will be the Scheduled Amount. Conversely, if you filed a timely Proof of Claim (or filed an untimely Proof of Claim that has been allowed as timely on or before the Voting Record Date), the Voting Amount will be the amount asserted in your Proof of Claim, unless your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under

80214-13

section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and the Scheduled Amount is not scheduled as contingent, unliquidated or disputed, the Voting Amount shall be your Scheduled Amount. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and (i) the Scheduled Amount is scheduled as contingent, unliquidated or disputed or (ii) if your Proof of Claim is in respect of a Claim that does not appear in the Schedules, the Voting Amount shall be $1.00. For additional details regarding the Voting Amount, please refer to Section 4(ii) of the Solicitation and Voting Procedures.

When signing your Ballot, you will be certifying that, as of the Voting Record Date, you are the Holder of a Class 7A Dotcom Convenience Claim as set forth below and understand that you are eligible to make the stipulation in **Item 4**.

| **Relevant Ballot Amounts** |
| --- |
| **Scheduled Amount: $** 6590.25 |
| **Voting Amount: $** 6590.25 |

**For additional details regarding the treatment and rights for Class 7A Dotcom Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

**Item 4. Stipulated Amount for Voting, Allowance and Distribution.**

If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 7A Dotcom Convenience Claim if you (i) vote to accept the Plan in **Item 7** of this Ballot and (ii) consent and stipulate in this **Item 4** to the Stipulated Amount below ***for voting, allowance and Distribution***. For more details, please refer to Section 5.5 of the Plan.

**Stipulated Amount of your Class 7A Dotcom Convenience Claim for Voting, Allowance and Distribution: $** 6590.25

**If you would like to agree to your Stipulated Amount identified above *for voting, allowance and Distribution* in respect of your Class 7A Dotcom Convenience Claim, you should check the box below. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 7A Dotcom Convenience Claim, you must both (i) agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 7A Dotcom Convenience Claim as set forth in this Item 4 and (ii) vote to accept the Plan in Item 7 of this Ballot. If you agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 7A Dotcom Convenience Claim, but do not vote to accept the Plan in Item 7 of this Ballot, or if you vote to accept the Plan in Item 7 of this Ballot, but do not agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7A Dotcom Convenience Claim,**

80214-13

**the Debtors and the Wind Down Entities may still prosecute Customer Preference Action with respect to your Class 7A Dotcom Convenience Claim. Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7A Dotcom Convenience Claim as set forth in this Item 4 or vote to accept the Plan in Item 7 of this Ballot. For the avoidance of doubt, any pending preference actions filed by the Debtors against any party shall be an Excluded Customer Preference Action, and the defendant of such action shall not be released from such action even if such holder properly agrees to the stipulated amount for voting, allowance and Distribution and votes in favor of the Plan. PLEASE BE ADVISED THAT IF YOU PROPERLY CONSENT AND STIPULATE TO THE STIPULATED AMOUNT, THE STIPULATED AMOUNT WILL SUPERSEDE ANY FILED OR SCHEDULED CLAIM AND SUCH STIPULATED AMOUNT SHALL CONTROL FOR VOTING, ALLOWANCE AND DISTRIBUTION IN RESPECT OF YOUR CLASS 7A DOTCOM CONVENIENCE CLAIM. FOR MORE DETAILS, PLEASE REFER TO SECTION 5.5 OF THE PLAN AND SECTION 6(E) OF THE DISCLOSURE STATEMENT.**

The undersigned, a Holder of a Class 7A Dotcom Convenience Claim against the Debtors as set forth in the chart above, elects as follows:

☐ The undersigned consents and stipulates to the Stipulated Amount as set forth in **Item 4** of this Ballot ***for voting, allowance and Distribution***.

**Item 5. Guide for Filling Out this Ballot.**

All Holders of Class 7A Dotcom Convenience Claims should review and consider whether to make the elections in this Ballot and review the Ballot Instructions in **Annex A** attached to this Ballot.

**Item 6. Treatment of Class 7A Dotcom Convenience Claims.**

A "Class 7A Dotcom Convenience Claim" is (a) any Dotcom Customer Entitlement Claim that is Allowed in an amount equal to or less than $50,000 or (b) any Dotcom Customer Entitlement Claim that is Allowed in an amount greater than $50,000 but that is reduced to an amount equal to or less than $50,000 by an irrevocable written election of the Holder of such Customer Entitlement Claim made on a properly executed and delivered Ballot; *provided* that where any portion of a Dotcom Customer Entitlement Claim has been transferred or subdivided, any transferred or subdivided portion shall continue to be treated together with the entire initial Dotcom Customer Entitlement Claim for purposes of determining whether any portion of such Dotcom Customer Entitlement Claim qualifies as a Dotcom Convenience Claim.

| Voting Class | Description | Treatment |
|---|---|---|
| Class 7A | Dotcom Convenience Claims | In full and final satisfaction, settlement, release, and discharge of and in exchange for its Allowed Dotcom Convenience Claim, each Holder of an Allowed Dotcom Convenience Claim shall receive payment in Cash in an |

80214-13

| | | |
|---|---|---|
| | | amount equal to 100% of such Allowed Dotcom Convenience Claim *plus* postpetition interest at the Consensus Rate from the Petition Date through the Initial Distribution Date in accordance with the waterfall priority set forth in Section 4.2.1 of the Plan, payable in Cash on or as reasonably practical after the latest of (i) a date determined by the Plan Administrator that shall be no later than 60 days after the Effective Date; (ii) the date of which such Dotcom Convenience Claim becomes Allowed; and (iii) such other date as may be ordered by the Bankruptcy Court. |

**For additional details regarding the treatment and rights for Class 7A Dotcom Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

**Item 7. Vote on Plan.**

You are eligible to vote to accept or reject the Plan in this **Item 7** ***unless*** you made the Bahamas Opt-In Election.

If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 7A Dotcom Convenience Claim if you (i) vote to accept the Plan in this **Item 7**, and (ii) consent and stipulate in **Item 4** to the Stipulated Amount for voting, allowance and Distribution. For more details, please refer to **Item 4** of this Ballot and Section 5.5 of the Plan.

To vote in this **Item 7**, you must check the applicable box below to "accept" or "reject" the Plan.

Please note that you are required to vote all of your Class 7A Dotcom Convenience Claims as set forth in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, either to accept or reject the Plan. You **may not** split your vote.

If you **do not** indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted in Class 7A Dotcom Convenience Claims.

As set forth in **Item 2**, if your Class 7A Dotcom Convenience Claim is a Claim of creditors and customers of Quoine, your vote to accept or reject the Plan will not be counted, and any elections made on this Ballot shall be deemed null and void, in the event the Debtors make the determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date.

***If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.***

80214-13

The undersigned, a Holder of a Class 7A Dotcom Convenience Claim against the Debtors as set forth in the chart in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, votes to (please check **one box**):

| Voting to Accept or Reject the Plan |
| --- |
| ☐ ACCEPT (VOTE FOR) THE PLAN |
| ☒ REJECT (VOTE AGAINST) THE PLAN |

**Item 8. Third-Party Release.**

THE PLAN CONTAINS A THIRD-PARTY RELEASE. IF YOU DO NOT WISH TO GRANT THE THIRD-PARTY RELEASE, YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, THIS WILL BE CONSTRUED BY THE DEBTORS AS CONSENT TO THE THIRD-PARTY RELEASE. THE DEBTORS WILL REQUEST THE BANKRUPTCY COURT TO DEEM YOUR FAILURE TO OPT OUT AS CONSENT TO THE THIRD-PARTY RELEASE, INCLUDING CONSENT TO THE BANKRUPTCY COURT'S AUTHORITY TO GRANT THE THIRD-PARTY RELEASE.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE RELEASES CONTAINED IN SECTION 10.5 OF THE PLAN. AS A HOLDER OF CLASS 7A DOTCOM CONVENIENCE CLAIMS, YOU ARE A "RELEASING PARTY" UNDER THE PLAN UNLESS YOU OPT OUT OF THE THIRD-PARTY RELEASE. YOU MAY CHECK THE BOX BELOW TO DECLINE TO GRANT THE THIRD-PARTY RELEASE.

YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE AND (II) YOU DO NOT CHECK THE BOX BELOW TO OPT OUT OF GRANTING THE RELEASES. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU VOTE TO ACCEPT THE PLAN IN **Item 7** OF THIS BALLOT, YOU MAY STILL VOTE TO OPT OUT OF THE THIRD-PARTY RELEASE.

☒ **By checking this box, you elect to OPT OUT OF the Third-Party Release.**

**Section 10.5 of the Plan contains the following Third-Party Release:**

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and**

**forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this Section 10.5 shall cause the release of (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1) Under the Plan, "***Released Parties***" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

(2) Under the Plan, "***Releasing Parties***" means (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do

not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote to reject the Plan but do not opt out of granting the releases set forth therein; (g) the Holders of all Claims or Interests who are deemed to reject the Plan and opt in to the releases set forth therein; and (h) all other Holders of Claims or Interests to the maximum extent permitted by law. Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (h) above are not Releasing Parties.

(3) Under the Plan, "***Excluded Party***" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

(4) Under the Plan, "***Exculpated Parties***" means (a) the Debtors; (b) the Official Committee and its current and former members, solely in their capacities as members of the Committee; (c) the Fee Examiner; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

(5) Under the Plan, "***Control Persons***" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

**Item 9. Certifications.**

1. The undersigned, as of the Voting Record Date, is (a) the Holder of the Class 7A Dotcom Convenience Claim being voted or (b) the authorized signatory for an entity that is a Holder of such Class 7A Dotcom Convenience Claim entitled to accept or decline the Bahamas Opt-In Election, agree to the Stipulated Amount for voting, allowance, and Distribution, and to vote to accept or reject the Plan on behalf of the Holder of such Class 7A Dotcom Convenience Claim;

2. the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein; and

3. either (a) no other ballot with respect to the same Class 7A Dotcom Convenience Claim identified in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, has

80214-13

been cast or (b) if any other ballot has been cast with respect to such Class 7A Dotcom Convenience Claim, then any such prior ballots are hereby revoked and deemed to be null and void.

**<u>Item 10</u>. Ballot Completion Information.**

Name of Holder: Evgenii Kochegin

Signature: ______________

Signatory Name (if other than the Holder): ______________

Title (if other than the Holder): ______________

Address: ______________

Email Address: e[redacted]@gmail.com [partially redacted]

Telephone Number: +995 [redacted] [redacted] 339 [partially redacted]

Date Completed: 08/16/2024

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT: HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO FTX TRADING LTD. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINSITRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232.**

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

80214-13

**Annex A**
**Class 7A Dotcom Convenience Claim**

INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Class 7A Dotcom Convenience Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meanings set forth in the Plan or Disclosure Statement, as applicable, a copy of which also accompanies the Ballot.

   **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. BEFORE COMPLETING ANY ITEMS ON THE BALLOT, PLEASE REVIEW THE DESCRIPTION OF YOUR CLAIMS, THE TREATMENT OF THOSE CLAIMS, AND ANY APPLICABLE ELECTIONS, AS WELL AS THESE BALLOT INSTRUCTIONS.**

   **PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

**Optional Bahamas Opt In Election**

You must submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding, if you wish to irrevocably elect to, subject to the effectiveness of the Plan, have your Class 7A Dotcom Convenience Claim as set forth in **Item 3** administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. If you make the Bahamas Opt-In Election:

a. you will be, subject to the effectiveness of the Plan, forever, fully and finally releasing and discharging the Debtors with respect to such Class 7A Dotcom Convenience Entitlement Claim;

b. you are, subject to the effectiveness of the Plan, forever, fully and finally withdrawing with prejudice such Class 7A Dotcom Convenience Claim from these Chapter 11 Cases, and instead, if you have also submitted a proof of debt in the FTX DM Liquidation Proceeding and completed all other Bahamas Requirements in the FTX DM Liquidation Proceeding, you will have your claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and the Solicitation Agent will be authorized to update the Claims Register accordingly;

c. you will not receive any Distributions from the Debtors on account of such Class 7A Dotcom Convenience Claim;

d. you will not be entitled to complete any other part of this Ballot or make any of the elections in these Chapter 11 Cases; and

e. you are deemed to vote to accept the Plan.

In order to have your Class 7A Dotcom Convenience Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must