KBO

# TRANSMITTAL LETTER & FILING COVER SHEET

## PRO SE CREDITOR SUBMISSION

RECEIVED

2026 NOV 23 A 8:45

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**DATE:** November 16, 2026

**TO:** **Clerk of the United States Bankruptcy Court for the District of Delaware**
824 North Market Street, 3rd Floor, Wilmington, Delaware 19801

**FROM:** **Ryoungja Lee (Pro Se Creditor)**
31-4 Sejin-ro, Suseong-gu, Daegu 42023, Republic of Korea
Email: nicekms91@naver.com | Tel: +82-10-2822-2818

**RE:** **In re FTX Trading Ltd., et al., Case No. 22-11068 (JTD)**
Claimant: Ryoungja Lee (Unique Customer Code: 6319185 / Account ID: 141578164)
Allowed Class 7A Convenience Claim ($48,237.11)

---

Dear Clerk of the Court:

Enclosed please find the following documents submitted by Claimant Ryoungja Lee, acting *pro se*, for official docketing in the above-captioned Chapter 11 proceeding:

1. **Notice of Claimant's Objection to Forfeiture of Distribution and Motion for Relief** (Hearing Date: December 17, 2026 at 10:00 a.m. ET; Objection Deadline: December 10, 2026 at 4:00 p.m. ET);
2. **Claimant's Objection to Forfeiture of Distribution and Motion for Relief Pursuant to Plan Section 7.14**, together with **Exhibit A** (FTX Customer Portal Dashboard verifying 100% full compliance);
3. **Proposed Order Granting Claimant Ryoungja Lee's Motion for Relief**; and
4. **Certificate of Service**.

**IMPORTANT REQUEST FOR DOCKETING & JUDICIAL REVIEW (RELATED D.I. 36755 & 36761):**

Claimant respectfully requests that the Clerk's Office link this Motion to, and that the Honorable Judge John T. Dorsey review this Motion in conjunction with, Claimant's previously docketed Supplemental Submissions and Exhibits (Exhibits B, C, and D), which are already officially entered on the Court's docket under Claimant's name (Ryoungja Lee) as:

- **Docket No. 36755** (Filed October 22, 2026 — *Creditor's Supplemental Submission & Exhibit*)
- **Docket No. 36761** (Filed October 23, 2026 — *Second Supplemental Submission & Additional Exhibits, related to D.I. 36755*)

Thank you very much for your time, courtesy, and assistance in docketing this submission and ensuring it is presented to the Court alongside Docket Nos. 36755 and 36761.

Dated: November 16, 2026
Daegu, Republic of Korea

Respectfully submitted,

**Ryoungja Lee, Pro Se Claimant**
31-4 Sejin-ro, Suseong-gu, Daegu 42023, Republic of Korea
Email: nicekms91@naver.com | Tel: +82-10-2822-2818

RECEIVED
2026 NOV 23 A 8:45
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**FTX TRADING LTD., et al.,**<br><br>Debtors. | **Chapter 11**<br>**Case No. 22-11068 (JTD)**<br>**(Jointly Administered)**<br><br>**Hearing Date: December 17, 2026 at 10:00 a.m. (ET)**<br>**Objection Deadline: December 10, 2026 at 4:00 p.m. (ET)**<br>**Related D.I.: 36755 & 36761** |

## NOTICE OF CLAIMANT'S OBJECTION TO FORFEITURE OF DISTRIBUTION AND MOTION FOR RELIEF PURSUANT TO PLAN SECTION 7.14

**PLEASE TAKE NOTICE** that on November 16, 2026, Claimant Ryoungja Lee, acting *pro se* (without legal counsel), filed the attached *Claimant's Objection to Forfeiture of Distribution and Motion for Relief Pursuant to Plan Section 7.14* (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing, filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before **December 10, 2026 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), and served so as to be actually received by the undersigned *pro se* Claimant at the physical address and electronic mail address set forth below on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed and served in accordance with this Notice, a hearing on the Motion will be held before the Honorable John T. Dorsey (or the presiding United States Bankruptcy Judge) at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801, on **December 17, 2026 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE THAT IF NO OBJECTIONS OR RESPONSES ARE TIMELY FILED AND RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR A HEARING.**

Dated: November 16, 2026
Daegu, Republic of Korea

Respectfully submitted,

Ryoungja Lee

RECEIVED
2026 NOV 23 A 8:45
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**Ryoungja Lee, Pro Se Claimant**
31-4 Sejin-ro, Suseong-gu, Daegu 42023, Republic of Korea
Email: nicekms91@naver.com | Tel: +82-10-2822-2818

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**FTX TRADING LTD., et al.,**<br><br>Debtors. | **Chapter 11**<br>**Case No. 22-11068 (JTD)**<br>**(Jointly Administered)**<br><br>**Hearing Date: December 17, 2026 at 10:00 a.m. (ET)**<br>**Objection Deadline: December 10, 2026 at 4:00 p.m. (ET)**<br>**Related D.I.: 36755 & 36761** |

**NOTICE OF CLAIMANT'S OBJECTION TO FORFEITURE OF DISTRIBUTION AND MOTION FOR RELIEF PURSUANT TO PLAN SECTION 7.14**

**PLEASE TAKE NOTICE** that on November 16, 2026, Claimant Ryoungja Lee, acting *pro se* (without legal counsel), filed the attached *Claimant's Objection to Forfeiture of Distribution and Motion for Relief Pursuant to Plan Section 7.14* (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing, filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before **December 10, 2026 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), and served so as to be actually received by the undersigned *pro se* Claimant at the physical address and electronic mail address set forth below on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed and served in accordance with this Notice, a hearing on the Motion will be held before the Honorable John T. Dorsey (or the presiding United States Bankruptcy Judge) at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801, on **December 17, 2026 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE THAT IF NO OBJECTIONS OR RESPONSES ARE TIMELY FILED AND RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR A HEARING.**

Dated: November 16, 2026
Daegu, Republic of Korea

Respectfully submitted,

Ryoungja Lee

RECEIVED
2026 NOV 23 A 8:45
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**Ryoungja Lee, Pro Se Claimant**
Address: 31-4 Sejin-ro, Suseong-gu
Daegu 42023, Republic of Korea
Telephone: +82-10-2822-2818
Email: nicekms91@naver.com
FTX Account ID: 141578164
Unique Customer Code (UCC): 6319185

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**FTX TRADING LTD., et al.,**<br><br>Debtors. | **Chapter 11**<br>**Case No. 22-11068 (JTD)**<br>**(Jointly Administered)**<br><br>**Hearing Date: December 17, 2026 at 10:00 a.m. (ET)**<br>**Objection Deadline: December 10, 2026 at 4:00 p.m. (ET)**<br>**Related D.I.: 36755 & 36761** |

# CLAIMANT'S OBJECTION TO FORFEITURE OF DISTRIBUTION AND MOTION FOR RELIEF PURSUANT TO PLAN SECTION 7.14

Claimant, Ryoungja Lee, acting *pro se* (without legal counsel), hereby respectfully files this objection and motion (the "Motion") to the Debtors, the Plan Administrator, and the Honorable Court regarding the administrative "Forfeited" status applied to Claimant's Allowed Claim, and respectfully states as follows:

## 1. Claimant Status and Protection as a Convenience Class Creditor (Class 7A)

Claimant is the holder of an officially "Allowed Claim" (Class 7A) under Unique Customer Code (UCC): 6319185 and Account ID: 141578164, with an allowed principal balance of $40,033.99 plus $8,203.12 in post-petition interest, totaling **$48,237.11**. Because Claimant's total claim falls squarely under the $50,000 threshold, Claimant belongs to the Convenience Class. As a vulnerable small individual creditor within this class, Claimant relies on this Honorable Court's consistent equitable protection against disproportionate and unconscionable procedural penalties.

**2. Reliance on Controlling Precedent (The "Kasen & Kasen" Case)**

The Debtors' reliance on rigid portal metrics to declare this claim "forfeited" is legally flawed and entirely inconsistent with the equitable standards enforced within this very bankruptcy proceeding. Claimant respectfully directs the Court's attention to a recent and substantially identical precedent upheld within this jurisdiction—specifically, the case litigated by *Kasen & Kasen*, where a technical lockout was fully cured and relief was granted for the July 31, 2026 distribution.

As established in that precedent, an automated "Forfeited" status on the claims portal is a mere mechanical, administrative byproduct of the system's infrastructure, NOT a final legal adjudication of a claimant's abandonment. Crucially, judicial precedent underscores that the FTX Customer Support desk is an administrative, non-legal unit possessing NO legal authority to determine or extinguish a creditor's substantive rights. Penalizing a *pro se* creditor for failing to file a ticket with an unauthorized support desk—while the Debtors' system fundamentally barred the Claimant at the login entrance—is an utterly unreasonable and contradictory demand.

**3. Incorporation of Previously Docketed Supplemental Submissions (D.I. 36755 & D.I. 36761)**

To fully understand the unavoidable technical barriers and severe personal hardships that caused the delay, Claimant respectfully requests that the Honorable Court review this Motion in conjunction with the Supplemental Submissions (including Exhibits B, C, and D) already officially entered on the Court's docket as **Docket No. 36755** (filed October 22, 2026) and **Docket No. 36761** (filed October 23, 2026).

As definitively proven by the FTX password reset email in Exhibit B and the continuous electronic logs in Exhibit C, Claimant took immediate, good-faith action to access the account on March 5, 2025—more than a month prior to the April 12, 2025 deadline. Claimant did not abandon the claim. Instead, Claimant encountered an absolute technical lockout due to an initialized 2FA/OTP application upon changing mobile devices (Galaxy S23 FE). Because the Debtors had dismantled the self-service 2FA recovery function on the claims portal, Claimant was completely trapped behind a security barrier erected by the system itself. Furthermore, as corroborated by the official medical certificate in Exhibit D, this technological isolation was compounded by a severe humanitarian crisis, as Claimant (an elderly South Korean citizen born in 1955) is the sole primary caregiver providing 24-hour support for her elder sister suffering from severe dementia.

**2. Reliance on Controlling Precedent (The "Kasen & Kasen" Case)**

The Debtors' reliance on rigid portal metrics to declare this claim "forfeited" is legally flawed and entirely inconsistent with the equitable standards enforced within this very bankruptcy proceeding. Claimant respectfully directs the Court's attention to a recent and substantially identical precedent upheld within this jurisdiction—specifically, the case litigated by *Kasen & Kasen*, where a technical lockout was fully cured and relief was granted for the July 31, 2026 distribution.

As established in that precedent, an automated "Forfeited" status on the claims portal is a mere mechanical, administrative byproduct of the system's infrastructure, NOT a final legal adjudication of a claimant's abandonment. Crucially, judicial precedent underscores that the FTX Customer Support desk is an administrative, non-legal unit possessing NO legal authority to determine or extinguish a creditor's substantive rights. Penalizing a *pro se* creditor for failing to file a ticket with an unauthorized support desk—while the Debtors' system fundamentally barred the Claimant at the login entrance—is an utterly unreasonable and contradictory demand.

**3. Incorporation of Previously Docketed Supplemental Submissions (D.I. 36755 & D.I. 36761)**

To fully understand the unavoidable technical barriers and severe personal hardships that caused the delay, Claimant respectfully requests that the Honorable Court review this Motion in conjunction with the Supplemental Submissions (including Exhibits B, C, and D) already officially entered on the Court's docket as **Docket No. 36755** (filed October 22, 2026) and **Docket No. 36761** (filed October 23, 2026).

As definitively proven by the FTX password reset email in Exhibit B and the continuous electronic logs in Exhibit C, Claimant took immediate, good-faith action to access the account on March 5, 2025—more than a month prior to the April 12, 2025 deadline. Claimant did not abandon the claim. Instead, Claimant encountered an absolute technical lockout due to an initialized 2FA/OTP application upon changing mobile devices (Galaxy S23 FE). Because the Debtors had dismantled the self-service 2FA recovery function on the claims portal, Claimant was completely trapped behind a security barrier erected by the system itself. Furthermore, as corroborated by the official medical certificate in Exhibit D, this technological isolation was compounded by a severe humanitarian crisis, as Claimant (an elderly South Korean citizen born in 1955) is the sole primary caregiver providing 24-hour support for her elder sister suffering from severe dementia.

Dated: November 16, 2026
Daegu, Republic of Korea

Respectfully submitted,

RECEIVED
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

______________________________

**Ryoungja Lee, Pro Se Claimant**
31-4 Sejin-ro, Suseong-gu, Daegu 42023, Republic of Korea
Email: nicekms91@naver.com | Tel: +82-10-2822-2818

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**FTX TRADING LTD., et al.,**<br><br>Debtors. | **Chapter 11**<br>**Case No. 22-11068 (JTD)**<br>**(Jointly Administered)**<br><br>**Hearing Date: December 17, 2026 at 10:00 a.m. (ET)**<br>**Objection Deadline: December 10, 2026 at 4:00 p.m. (ET)**<br>**Related D.I.: 36755 & 36761** |

**<u>NOTICE OF CLAIMANT'S OBJECTION TO FORFEITURE OF DISTRIBUTION AND MOTION FOR RELIEF PURSUANT TO PLAN SECTION 7.14</u>**

**PLEASE TAKE NOTICE** that on November 16, 2026, Claimant Ryoungja Lee, acting *pro se* (without legal counsel), filed the attached *Claimant's Objection to Forfeiture of Distribution and Motion for Relief Pursuant to Plan Section 7.14* (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing, filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before **December 10, 2026 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), and served so as to be actually received by the undersigned *pro se* Claimant at the physical address and electronic mail address set forth below on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed and served in accordance with this Notice, a hearing on the Motion will be held before the Honorable John T. Dorsey (or the presiding United States Bankruptcy Judge) at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801, on **December 17, 2026 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE THAT IF NO OBJECTIONS OR RESPONSES ARE TIMELY FILED AND RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR A HEARING.**

**4. Full Administrative Compliance and Exhaustion of Remedies**

As of today, the administrative omission has been fully cured, and Claimant's account is in **100% full administrative compliance**, as demonstrated in the attached **Exhibit A**. Steps 1 through 9 on the FTX Customer Portal all display verified green checkmarks, and the necessary Tax Form (IRS Form W-8BEN) and KYC/Onboarding requirements are fully approved. Claimant has repeatedly contacted FTX Customer Support to request the restoration of the distribution status; however, Support responded in writing with a purely mechanical, boilerplate citation to Plan Section 7.14 [D.I. 26404-1]—merely stating that pre-distribution requirement requests were sent on January 8, 2025 and February 11, 2025, and that the right to receive a distribution was forfeited after 60 days—without exercising any discretion to evaluate Claimant's cured compliance or system-induced 2FA lockout. This rigid response confirms that Customer Support lacks the administrative discretion to grant equitable relief, leaving judicial intervention by this Honorable Court as Claimant's sole avenue for remedy. Because the delay has been entirely cured and causes zero prejudice to the Debtors' estate, permanently forfeiting Claimant's allowed distribution would constitute an inequitable and disproportionate penalty.

**5. Legal Basis and Prayer for Relief Pursuant to Plan Section 7.14**

Pursuant to Section 7.14 (Subsequent Distributions) of the confirmed Chapter 11 Plan, holders of Allowed Claims who subsequently cure their pre-distribution requirements are eligible for the next subsequent distribution rounds. Permanently forfeiting $48,237.11 over a system-induced technical lockout and compelling family medical crisis would result in an unconscionable penalty and an unjust windfall to the estate. Claimant respectfully requests that this Honorable Court hold the Debtors to the established precedent and their own accommodation policy, order the Plan Administrator to manually update the master distribution register to remove the "Forfeited" status, and include Claimant's account in the next upcoming distribution cycle.

WHEREFORE, Claimant Ryoungja Lee respectfully prays that this Honorable Court enter the attached Proposed Order granting the relief requested herein and granting such other and further equitable relief as the Court deems just and proper.

Dated: November 16, 2026
Daegu, Republic of Korea

Respectfully submitted,

Ryoungja Lee

**Ryoungja Lee, Pro Se Claimant**
Address: 31-4 Sejin-ro, Suseong-gu
Daegu 42023, Republic of Korea
Telephone: +82-10-2822-2818
Email: nicekms91@naver.com
FTX Account ID: 141578164
Unique Customer Code (UCC): 6319185

# EXHIBIT A

**FTX Customer Portal Distributions Dashboard Verifying 100% Full Administrative Compliance (Steps 1–9 Green Checkmarks)**

Claimant: Ryoungja Lee | Account ID: 141578164 | UCC: 6319185 | Class 7A Allowed Claim ($48,237.11)



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**FTX TRADING LTD.,** ***et al.*****,**<br><br>Debtors. | **Chapter 11**<br>**Case No. 22-11068 (JTD)**<br>**(Jointly Administered)**<br><br>**Re: D.I. 36755, 36761 & ____** |

**ORDER GRANTING CLAIMANT RYOUNGJA LEE'S MOTION FOR RELIEF FROM FORFEITURE OF DISTRIBUTION PURSUANT TO PLAN SECTION 7.14**

Upon consideration of the *Claimant's Objection to Forfeiture of Distribution and Motion for Relief Pursuant to Plan Section 7.14* (the "Motion") and the supporting Supplemental Submissions (D.I. 36755 and D.I. 36761) filed by Claimant Ryoungja Lee, acting *pro se* (Account ID: 141578164; Unique Customer Code: 6319185); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and sufficient notice of the Motion having been given; and it appearing that Claimant has cured all pre-distribution requirements in full compliance with the Chapter 11 Plan; and after due deliberation thereon and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The administrative "Forfeited" status applied to Claimant Ryoungja Lee's Allowed Class 7A Convenience Claim (Account ID: 141578164; Unique Customer Code: 6319185) in the total allowed amount of $48,237.11 ($40,033.99 principal plus $8,203.12 post-petition interest) is hereby vacated, expunged, and removed.

3. The Debtors, the FTX Recovery Trust, and the Plan Administrator are directed to manually update the master distribution register and the FTX Customer Portal to reflect Claimant's full administrative compliance and to include Claimant's Allowed Claim in the next upcoming subsequent distribution cycle pursuant to Section 7.14 of the confirmed Chapter 11 Plan.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: ______________________, 2026
Wilmington, Delaware

____________________________________
**UNITED STATES BANKRUPTCY JUDGE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**FTX TRADING LTD.,** ***et al.*****,**<br><br>Debtors. | **Chapter 11**<br>**Case No. 22-11068 (JTD)**<br>**(Jointly Administered)** |

RECEIVED
2026 NOV 23 A 8:45
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Ryoungja Lee, Claimant acting *pro se*, hereby certify under penalty of perjury that on November 16, 2026, I caused a true and correct copy of the foregoing (i) *Notice of Claimant's Objection to Forfeiture of Distribution and Motion for Relief Pursuant to Plan Section 7.14*, (ii) *Claimant's Objection to Forfeiture of Distribution and Motion for Relief Pursuant to Plan Section 7.14* (including *Exhibit A* attached thereto), and (iii) *Proposed Order Granting Claimant Ryoungja Lee's Motion for Relief* to be served via electronic mail upon the following parties:

**1. Counsel to the Debtors / FTX Recovery Trust:**
Liam Gerry
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004-2498
Email: gerryl@sullcrom.com

**2. Claims and Noticing Agent:**
FTX Trading Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232
Email: ftxinfo@ra.kroll.com

Dated: November 16, 2026
Daegu, Republic of Korea

Respectfully submitted,

Ryoungja Lee

**Ryoungja Lee**, *Pro Se* Claimant
Address: 31-4 Sejin-ro, Suseong-gu
Daegu 42023, Republic of Korea
Telephone: +82-10-2822-2818
Email: nicekms91@naver.com
FTX Account ID: 141578164
Unique Customer Code (UCC): 6319185

This page is protected



우체국
(전화 1588-1300)
KOREA POST

Item No.
우편물 번호

**EA022745845KR**

**우체국 국제특송**

| | |
|---|---|
| Date & Time Posted 접수년월일시 | 2026.11.16. 14:48 |
| Post office code 우편용국기호 | 49454 |

**From 보내는 사람**

| | |
|---|---|
| Tel | -- |
| HTel | 010-2822-2818 |
| Name (영문) | **Ryoungja Lee** |
| Address | Single-family home 31-4 Sejin-ro Suseong-gu Daegu |
| e-mail | nicekms91@naver.com |

※작성된 개인정보는 사전통관정보제공 시행국가에 전자적으로 전송됩니다.

**42023** **Rep. of KOREA**

**To 받는 사람**

| | |
|---|---|
| Tel | +1-302-252-2900 |
| HTel | +1-302-252-2900 |
| Name (영문) | **Clerk of Court,FTX,Case No.22-11068** |
| Address | 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, USA (United States Bankruptcy Court for the District of Delaware, Re; FTX Trading Ltd., Case No. 22-11068 (JTD)) Wilmington Delaware |
| e-mail | de_court_clerk@deeb.uscourts.gov |
| Postal code | 19801 |
| Country | U.S.A |

**Customs Declaration** **CN22**
**세관신고서**

| | | | |
|---|---|---|---|
| Weight 중량 | 67 g | Postage 우편요금 | 25,950 원 |
| Country code 도착국명 약호 | U S | 교환국 코드 | USJFKA |

| Contents 내용 품명 (반드시 영문으로 구체적으로 기재) | Quantity (개수) | Value (가격) | Currency Code (통화코드) |
|---|---|---|---|
| Containing not more than 4 | 1 | 1 | USD |

Guarantee Service 배달보장서비스(도착국가기준)
(신청시 인터넷우체국 확인가능)

[√] 현금수납( [ ] 감액 시 표시) [ ] 요금후납

[√] Document 서류

Signature 발송인 서명(사실대로 기재하였음을 확인함)
Ryoungja Lee

보험이용여부(음식물,전자제품 불가)
(Shipping insurance)
[ ] YES [√] NO

보 험 가 액
(insurance value)
0 원

우체국(전화 1588-1300)
KOREA POST

---

**Customs Declaration(CN22) / Invoice**

| | |
|---|---|
| ① **Shipper/Exporter:** Ryoungja Lee, Single-family home 31-4 Sejin-ro Suseong-gu Daegu, 010-2822-2818 | ⑤Carrier / ⑥Sailing on or about: 2026.11.16. |
| | ⑧No date of invoice: 2026.11.16. EA022745845KR |
| ② **For account risk of Messers:** Clerk of Court,FTX,Case No.22-11068, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, USA (United States Bankruptcy Court for | ⑨No date of L/C |
| | ⑩L/C Issuing Bank |
| ③Notify party : | ⑪Remarks<br>TEL:<br>FAX :<br>Attn: |
| ④Port of Loading: KOREA | ⑤Final destination: U.S.A |

| ⑫Description of Goods | ⑬Quantity/Unit | ⑭Unit-Price | ⑮Amount | HS-code |
|---|---|---|---|---|
| Containing not more than 4 pages each (excluding covers) | 1 | 1.00 | USD 1 | 4901990091 |

Total 1.00 USD Signed by Ryoungja Lee

**Customs Declaration(CN22) / Invoice**

| | |
|---|---|
| ① **Shipper/Exporter:** Ryoungja Lee, Single-family home 31-4 Sejin-ro Suseong-gu Daegu, 010-2822-2818 | ⑤Carrier / ⑥Sailing on or about: 2026.11.16. |
| | ⑧No date of invoice: 2026.11.16. EA022745845KR |
| ② **For account risk of Messers:** Clerk of Court,FTX,Case No.22-11068, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, USA (United States Bankruptcy Court for | ⑨No date of L/C |
| | ⑩L/C Issuing Bank |
| ③Notify party : | ⑪Remarks<br>TEL:<br>FAX:<br>Attn: |
| ④Port of Loading: KOREA | ⑤Final destination: U.S.A |

| ⑫Description of Goods | ⑬Quantity/Unit | ⑭Unit-Price | ⑮Amount | HS-code |
|---|---|---|---|---|
| Containing not more than 4 pages each (excluding covers) | 1 | 1.00 | USD 1 | 4901990091 |

Total 1.00 USD Signed by Ryoungja Lee

---

보내는 사람 **Country** **Weight**